**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of New Jersey
(State)

Case number (*If known*): _____ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**

LTL Management LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

f/k/a Chenango One LLC

**3. Debtor's federal Employer Identification Number (EIN)**

8 7 – 3 0 5 6 6 2 2

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 501 George Street | |
| Number    Street | Number    Street |
| | P.O. Box |
| New Brunswick    NJ    08933 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Middlesex | |
| County | Number    Street |
| | |
| | North Carolina |
| | City    State    ZIP Code |

**5. Debtor's website (URL)**

https://dm.epiq11.com/LTL

Debtor    <u>LTL Management LLC</u>

Name

Case number *(if known)*_____

---

**6.** **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>6</u>  <u>7</u>  <u>1</u>  <u>9</u>

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check* **all** *that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor      LTL Management LLC
     Name

Case number (if known)_____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☑ Yes.  District  North Carolina / New Jersey   When  10/14/2021   Case number  21-30589 (MBK)
                                       MM / DD / YYYY

        District _____   When _____   Case number _____
                                        MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____   Relationship _____

        District _____   When _____
                                        MM / DD / YYYY

        Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                      Number      Street

                  _____

                  _____   _____
                  City                  State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

             Contact name _____

             Phone _____

---

**Statistical and administrative information**

---

Debtor    __LTL Management LLC_____    Case number (if known)_____
          Name

---

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☑ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/04/2023
              MM / DD /YYYY

✗ _[signature]_____        John K. Kim_____
   Signature of authorized representative of debtor     Printed name

Title   Chief Legal Officer_____

---

Debtor ___LTL Management LLC_____     Case number *(if known)*_____
         Name

**18. Signature of attorney**     ✘ _/s/ Paul R. DeFilippo_____     Date    ___04/04/2023___
                                    Signature of attorney for debtor            MM   / DD  / YYYY

Paul R. DeFilippo_____
Printed name

Wollmuth Maher & Deutsch LLP_____
Firm name

500       Fifth Avenue_____
Number    Street

New York_____     NY       10110_____
City                                  State    ZIP Code

(212) 382-3300_____     pdefilippo@wmd-law.com_____
Contact phone                       Email address

015721978_____     NJ_____
Bar number                         State

## SECRETARY'S CERTIFICATE

April 4, 2023

John K. Kim, in his capacity as Secretary of LTL Management LLC, a North Carolina limited liability company (the "Company"), hereby certifies that (1) the resolutions attached hereto as Exhibit A (the "Resolutions") are a complete and accurate copy of the resolutions adopted on April 2, 2023 by the board of managers of the Company related to the authorization of the Company to file a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Chapter 11 Case") and (2) all the Resolutions are in full force and effect and are all the resolutions adopted in connection with the filing of the Chapter 11 Case as of the date hereof.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the undersigned has executed and delivered this certificate as of the date first written above.

LTL MANAGEMENT LLC,
a  North Carolina limited liability company

By: _____
    Name: John K. Kim
    Title:  Secretary

## EXHIBIT A

**Resolutions**

## LTL MANAGEMENT LLC

### Resolutions

### April 2, 2023

WHEREAS, on October 12, 2021, the former Johnson & Johnson Consumer Inc. ("Old JJCI") implemented a corporate restructuring (the "2021 Corporate Restructuring") to facilitate full, permanent and equitable resolution of all current and future talc claims through a reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, (1) prior to the 2021 Corporate Restructuring, (a) effective January 1, 1979, Johnson &Johnson and Johnson & Johnson Baby Products Company ("J&J Baby Products") entered into an Agreement for Transfer of Assets and Bill of Sale (the "1979 Agreement"), pursuant to which (i) J&J transferred to J&J Baby Products all assets and liabilities then allocated on the books or records of J&J to its baby products operating division and (ii) J&J Baby Products agreed, on behalf of itself and its successors and assigns, to forever indemnify and hold harmless J&J against all such liabilities of every kind and description, and (b) through a series of subsequent corporate transactions that occurred between 1981 and 2015, Old JJCI succeeded to J&J Baby Products' rights and obligations under the 1979 Agreement, and (2) as a result thereof, from and after January 1, 1979, Old JJCI (including for such purpose its predecessors in interest) bore all financial responsibility for and paid (as reflected in Old JJCI's books and records) all talc claims related to JOHNSON'S® Baby Powder;

WHEREAS, pursuant to the 2021 Corporate Restructuring, (1) Old JJCI ceased to exist and LTL Management LLC, a North Carolina limited liability company (the "Company"), and Johnson & Johnson Holdco (NA) Inc., a New Jersey corporation formerly named Johnson & Johnson Consumer Inc. ("Holdco"), were created and (2) the Company received Old JJCI's liability for current and future talc claims and certain assets and Holdco received all other liabilities and assets of Old JJCI;

WHEREAS, as part of the 2021 Corporate Restructuring, (1) the Company, Holdco and J&J entered into the Amended and Restated Funding Agreement, dated October 12, 2021 (the "2021 Funding Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed to provide, on a joint and several basis, funding to the Company for specified uses and (2) Holdco and J&J entered into the Amended and Restated Commitment and Loan Agreement, dated October 12, 2021 (the "2021 Commitment and Loan Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed that (a) Holdco would be the primary obligor under the 2021 Funding Agreement, (b) upon the request of Holdco, J&J would make revolving credit loans to Holdco, with the proceeds of such loans to be used by Holdco solely to satisfy its obligations under the 2021 Funding Agreement, and (c) if Holdco failed to make any payment to the Company required by the 2021 Funding Agreement and instead J&J made such payment under the 2021 Funding Agreement, Holdco would reimburse J&J for such payment and any amount not so reimbursed by Holdco would be deemed to be financed with a loan from J&J to Holdco and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan;

WHEREAS, Old JJCI implemented the 2021 Corporate Restructuring and the Company, Holdco and J&J entered into the related 2021 Funding Agreement and 2021 Commitment and Loan Agreement with the primary purpose of facilitating a full, permanent, efficient and equitable resolution of all current and future talc claims against the Company through a chapter 11 bankruptcy case filed by the Company;

WHEREAS, on October 14, 2021, the Company filed a petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 bankruptcy case (the "2021 Bankruptcy Case");

WHEREAS, it is anticipated that, at any time, the 2021 Bankruptcy Case will be dismissed at the direction of the United States Court of Appeals for the Third Circuit (the "Third Circuit"), which determined that "[b]ecause [the Company] was not in financial distress" at the time of its bankruptcy filing, "it cannot show its petition served a valid bankruptcy purpose and was filed in good faith under [Bankruptcy] Code § 1112(b)" (LTL Mgmt., LLC v. Those Parties Listed on App'x A to Compl. (In re LTL Mgmt., LLC), 58 F.4th 738, 763 (3d Cir. 2023));

WHEREAS, the Third Circuit focused in particular on the Company's financial condition just prior to the bankruptcy filing and observed that the Company's "most important" asset was its "rights as a payee under the [2021] Funding Agreement with J&J and [Holdco]," which "gave [the Company] direct access to J&J's exceptionally strong balance sheet" (Id. at 749, 759);

WHEREAS, since the Third Circuit's ruling directing dismissal of the 2021 Bankruptcy Case, attorneys for thousands of talc claimants (collectively, the "Supporting Talc Claimant Counsel") have executed and delivered Plan Support Agreements in the form presented to the Board that support confirmation and consummation of a plan of reorganization with specified terms (collectively, the "Plan Support Agreements");

WHEREAS, the Plan Support Agreements remain subject to the required corporate approvals of, and execution and delivery by, each of the Company, Holdco and J&J;

WHEREAS, (1) the board of managers of the Company (the "Board") has (a) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the Plan Support Agreements and (b) conferred with the Company's management and advisors regarding these matters, (2) the material facts as to relationships of officers and managers of the Company with Holdco and J&J and as to each of the Plan Support Agreements have been disclosed to or are otherwise known by the Board, and at least one member of the Board currently has no relationships with Holdco or J&J, and (3) the Board has unanimously determined that the Company's entry into each of the Plan Support Agreements promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J are willing to approve, execute and deliver each of the Plan Support Agreements;

WHEREAS, in addition, the Board has (1) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the Company's talc related liabilities and other relevant information, (2) thoroughly evaluated the Company's strategic alternatives, including the possibility of another bankruptcy filing,

2

(3) conferred with the Company's management and advisors regarding these matters, and (4) unanimously determined that the filing of another voluntary petition for relief under chapter 11 of the Bankruptcy Code by the Company promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J continue to support the Company's fundamental goal of obtaining a full, permanent and equitable resolution of all current and future talc claims in bankruptcy;

WHEREAS, the Third Circuit's dismissal decision had the effect of defeating the primary purpose of the 2021 Funding Agreement and the 2021 Commitment and Loan Agreement; rather than facilitating a bankruptcy resolution of the Company's current and future talc claims, the funding arrangements set forth in these agreements were viewed by the Third Circuit as foreclosing such resolution; and, as a result, there is a material risk that the 2021 Funding Agreement and 2021 Commitment and Loan Agreement were rendered void or voidable by that ruling and other developments in the 2021 Bankruptcy Case that were not reasonably foreseeable by the Company, Holdco and J&J;

WHEREAS, to eliminate that risk and secure funding consistent with the plan terms specified in the Plan Support Agreements and supported by the Supporting Talc Claimant Counsel, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to terminate the funding arrangements set forth in the 2021 Funding Agreement and 2021 Commitment and Loan Agreement and, in substitution therefor, enter into new agreements with Holdco and J&J, the terms of which will, among other things, (1) address the guidance provided by the Third Circuit in its dismissal opinion, (2) facilitate confirmation and consummation of a plan of reorganization for the Company containing the terms supported by thousands of talc claimants represented by the Supporting Talc Claimant Counsel who have executed and delivered the Plan Support Agreements, and (3) not adversely affect the interests of talc claimants, and Holdco and J&J have agreed to do so;

WHEREAS, more specifically, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a Termination and Substitution Agreement with Holdco and J&J in the form presented to the Board (the "Termination and Substitution Agreement"), pursuant to which the 2021 Funding Agreement and the 2021 Commitment and Loan Agreement will be terminated and (2) in substitution therefor, the Company, Holdco and J&J will agree to enter into new agreements, the terms of which will, among other things, (1) address the Third Circuit's guidance, (2) facilitate confirmation and consummation of a plan of reorganization with terms supported by thousands of talc claimants represented by the Supporting Talc Claimant Counsel who have executed and delivered the Plan Support Agreements, and (3) not harm talc claimants;

WHEREAS, as contemplated by the Termination and Substitution Agreement, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a new Funding Agreement with Holdco in the form attached as Exhibit A to the Termination and Substitution Agreement presented to the Board (the "New Funding Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco will provide funding to the Company both (1) when there is no proceeding under the Bankruptcy Code pending with respect to the Company and (2) during the pendency of any voluntary case under chapter 11 of the Bankruptcy Code commenced by the Company;

3

WHEREAS, as contemplated by the Termination and Substitution Agreement, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a Support Agreement with Holdco and J&J in the form attached as Exhibit B to the Termination and Substitution Agreement presented to the Board (the "Support Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, and further subject to approval of the Support Agreement by the applicable bankruptcy court, (1) solely in connection with a voluntary case under chapter 11 of the Bankruptcy Code to be commenced by the Company and only if Holdco fails to make any payment to provide funding for one or more trusts created pursuant to a plan of reorganization for the Company that is confirmed in such case as required by the New Funding Agreement, J&J will make such payment to the Company on Holdco's behalf, (2) Holdco will be obligated to reimburse J&J for any such payment and any amount not so reimbursed by Holdco will be deemed to be financed with a loan from J&J to Holdco thereunder, and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan, and (3) the Company will have the right to enforce the obligation of J&J; and

WHEREAS, (1) the Board has (a) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the 2021 Funding Agreement, the 2021 Commitment and Loan Agreement, the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement and (b) conferred with the Company's management and advisors regarding these matters, (2) the material facts as to relationships of officers and managers of the Company with Holdco and J&J and as to each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement have been disclosed to or are otherwise known by the Board, and at least one member of the Board currently has no relationships with Holdco or J&J, and (3) the Board has unanimously determined that the Company's entry into each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J are willing to enter into each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement with the Company.

**Plan Support Agreements**

RESOLVED, that each of the Plan Support Agreements, and the terms and provisions thereof and transactions contemplated thereby, be, and each of them hereby is, approved by the Board in all respects; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and directed, promptly following the dismissal of the 2021 Chapter 11 Case, to execute, deliver and perform each of the Plan Support Agreements in the name and on behalf of the Company.

NAI-1536292414

**Chapter 11 Filing**

    **Filing**

    NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that, promptly following the dismissal of the 2021 Chapter 11 Case, the execution and delivery of each of the Plan Support Agreements and each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement by the Company and the other parties thereto, the Company seek relief under the Bankruptcy Code;

    FURTHER RESOLVED, that the Company be, and it hereby is, authorized and directed, promptly following the dismissal of the 2021 Chapter 11 Case and the execution and delivery of each of the Plan Support Agreements and each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement by the Company and the other parties thereto, to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "New Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") and perform any and all such other acts as the officers of the Company (collectively, the "Authorized Persons"), or any of them, may determine to be necessary, desirable or appropriate to effect any of the foregoing, with the filing of such Petition or performance of such other act to be conclusive evidence of such determination; and

    FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to:  (1) execute, acknowledge, deliver and verify, and cause to be filed with the Bankruptcy Court, the Petition and all other ancillary documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (2) execute, acknowledge, deliver, verify and file, or cause to be filed, all petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the foregoing; and (3) execute, acknowledge, deliver and verify any and all other documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection therewith and to administer the New Chapter 11 Case, including by executing, acknowledging, delivering, verifying and filing, or causing to be filed, such petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents as may be determined to be necessary, desirable or appropriate in connection with the New Chapter 11 Case; all with the taking of any such action, including any such execution, acknowledgment, delivery, verification or filing, to be conclusive evidence of such determination.

    **Retention of Professionals**

    RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain (1) Jones Day, (2) Wollmuth Maher & Deutsch LLP, (3) King & Spalding LLP, (4) Shook, Hardy & Bacon L.L.P., (5) McCarter & English, LLP, (6) Weil, Gotshal & Manges LLP, (7) Skadden, Arps,

Slate, Meagher & Flom LLP, (8) Bates White, LLC, (9) AlixPartners, LLP and (10) such additional professionals, including attorneys, accountants, financial advisors, actuaries, consultants or agents (together with the foregoing identified firms, the "Professionals"), as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the New Chapter 11 Case and other related matters, and to execute, deliver and perform retention agreements with the Professionals in such form and reflecting such terms as any Authorized Person may approve, all with the retention of any Professional to be conclusive evidence of such determination and approval; and

FURTHER RESOLVED, that the law firms of Jones Day and Wollmuth Maher & Deutsch LLP and any additional special or local counsel selected by any Authorized Persons be, and each of them hereby is, authorized, directed and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Company under the Bankruptcy Code, including the New Chapter 11 Case.

**Modification of Funding Arrangements**

RESOLVED, that the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement, and the terms and provisions thereof and transactions contemplated thereby, be, and each of them hereby is, approved by the Board in all respects; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, directed, promptly following the dismissal of the 2021 Chapter 11 Case, to execute, deliver and perform each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement in the name and on behalf of the Company.

**General Authority**

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and empowered to execute and deliver such additional agreements, instruments and documents, and to take such other actions (including the payment of costs and expenses), in the name and on behalf of the Company, in each case, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the execution and delivery of any such agreement, instrument or document or taking of any such action by any Authorized Person to be conclusive evidence of such determination;

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity such copies of the resolutions set forth herein, and to certify to any person or entity that the resolutions set forth herein have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination; and

FURTHER RESOLVED, that, in the event that any Authorized Person determines a specific form of resolutions is necessary or advisable in connection with the implementation of

6

the purposes and intent of the foregoing resolutions, resolutions in such form be, and they hereby are, adopted by the Board as if such resolutions were expressly set forth herein and that any Authorized Person be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity copies of such resolutions, and to certify to any person or entity that such resolutions have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination.

## **Ratification**

RESOLVED, that all actions taken in the name and on behalf of the Company prior to the adoption of these resolutions that would have been authorized by the foregoing resolutions had they been taken after the adoption of these resolutions be, and each of them hereby is, approved, adopted, ratified and confirmed in all respects.

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-_____ (___) |
| Debtor. | Judge: _____ |

## CORPORATE OWNERSHIP STATEMENT

## LTL MANAGEMENT LLC

Check one:  __X__ DEBTOR  ___  PLAINTIFF  ___  DEFENDANT  ___  OTHER (specify):

*Instructions: Federal Rule of Bankruptcy Procedure 7007.1 requires corporate parties to an adversary proceeding, other than the debtor or a governmental unit, to file a statement of corporate ownership with the first pleading filed. Similarly, Federal Rule of Bankruptcy Procedure 1007(a)(1) requires corporate debtors to file a corporate ownership statement with their petitions containing the information described in Rule 7007.1. Check one of the statements set forth below and provide any information as directed.*

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

☒ **1.** **The following corporations directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests:[2]**

DePuy Synthes, Inc.
700 Orthopaedic Drive
Warsaw, IN 46582

Janssen Pharmaceuticals, Inc.
1125 Trenton-Harbourton Rd.
Titusville, NJ 08560

Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

Johnson & Johnson Holdco (NA) Inc.
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

Johnson & Johnson International
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

☐ 2.   There are no entities that directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests.

Date:  April 4, 2023

/s/ John K. Kim
Signature of Authorized Individual for Corporate
Debtor/Party

John K. Kim
Printed Name of Authorized Individual for Corporate
Debtor/Party

Chief Legal Officer
Title of Authorized Individual for Corporate Debtor/Party

---

[2]      The corporations are listed in alphabetical order.

NAI-1535643618

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
</table>

Fill in this information to identify the case:

Debtor name:   LTL Management LLC

United States Bankruptcy Court for the District of New Jersey

Case Number (if known):  _____

☐ Check if this is an amended filing

# Chapter 11 Case:  List of Law Firms with Significant Talc Claims Against the Debtor

The following is an alphabetical list of the law firms with the most significant representations of parties with talc claims against LTL Management LLC, as debtor (the "**Debtor**"), based on the volume of claims or related factors (the "**Top Talc Counsel List**").  Concurrently with this petition, the Debtor has filed a motion seeking authority to file this Top Talc Counsel List in lieu of a list of the 20 largest unsecured creditors.[1]  This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code.  The Top Talc Counsel List was prepared with information existing as of the date hereof.  The Debtor reserves the right to amend the Top Talc Counsel List based on additional information it may identify.  The information contained in the Top Talc Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Arnold & Itkin LLP 1401 McKinney St., Ste. 2250 Houston, TX 77010 | Kurt Arnold, Caj Boatright, Roland Christensen, Jason Itkin (713) 222-3800 E-mail: cboatright@arnolditkin.com christensen@arnolditkin.com jitkin@arnolditkin.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 2 | Aylstock, Witkin, Kreis & Overholtz, PLLC 17 East Main St., Ste. 200 PO Box 12630 Pensacola, FL 32502 | Mary Putnick, Daniel Thornburgh (850) 916-7450 E-mail: marybeth@putnicklegal.com Dthornburgh@awkolaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 3 | Beasley Allen Law Firm 218 Commerce Street Montgomery, AL 36104 | Charlie Stern (334) 269-2343 E-mail: charlie.stern@beasleyallen.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 4 | Childers, Schlueter & Smith LLC 1932 N Druid Hills Rd., Ste. 100 Atlanta, GA 30319 | Richard Schlueter (404) 419-9500 E-mail: rschlueter@cssfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 5 | Ferrer, Poirot & Wansbrough 2603 Oak Lawn Ave. #300 Dallas, TX 75219 | Jesse Ferrer Christina Feller (214) 521-4412 E-mail: jferrer@lawyerworks.com cfeller@lawyerworks.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

---

[1]    This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors, other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name:  LTL Management LLC                                                      Case Number (if known):

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Johnson Law Group 2925 Richmond Ave., Ste. 1700 Houston, TX 77098 | Blake Tanase, Basil Adham (713) 626-9336 E-mail: BAdham@johnsonlawgroup.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 7 | McDonald Worley 1770 St. James Place, Ste. 100 Houston, TX 77056 | Don Worley (713) 523-5500 E-mail: don@mcdonaldworley.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 8 | Miller Firm, LLC 108 Railroad Ave. Orange, VA 22960 | Curtis G. Hoke (540) 672-4224 E-mail: choke@millermiller.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 9 | Nachawati Law Group 5489 Blair Road Dallas, TX 75231 | Majed Nachawati (214) 890-0711 E-mail: mn@ntrial.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 10 | Napoli Shkolnik PLLC 919 North Market St., Ste. 1801 Wilmington, DE 19801 | James Heisman, Christopher LoPalo (844) 230-7676 E-mail: clopalo@napolibern.com JHeisman@napliLaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 11 | OnderLaw, LLC 110 East Lockwood, 2nd Floor St. Louis, MO 63119 | James Onder (314) 963-9000 E-mail: onder@onderlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 12 | Pulaski Kherkher PLLC 2925 Richmond Avenue Suite 1725 Houston, Texas 77098 | Adam Pulaski (713) 664-4555 E-mail: adam@pulaskilawfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 13 | Robinson Calcagnie 19 Corporate Plaza Dr. Newport Beach, CA 92660 | Mark P. Robinson Jr. (949) 720-1288 E-mail: mrobinson@robinsonfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 14 | Rueb Stoller Daniel, LLP 1990 N. California Blvd. 8th Floor Walnut Creek, CA 94596 | Gregory D. Rueb (866) 225-5773 E-mail: greg@lawrsd.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 15 | Sanders, Phillips, Grossman, LLC 100 Garden City Plaza Garden City, NY 11530 | Marc Grossman (516) 741-5600 E-mail: mgrossman@thesandersfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 16 | Trammell PC 3262 Westheimer Rd., Ste. 423 Houston, TX 77098 | Fletcher V. Trammell (800) 405-1740 E-mail: fletch@trammellpc.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

Debtor Name:  LTL Management LLC                                   Case Number (if known): _____

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Wagstaff Law Firm 940 N. Lincoln Street Denver, CO 80203 | Aimee Wagstaff (303) 376-6360 E-mail: awagstaff@wagstafflawfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 18 | Watts Guerra LLP 4 Dominion Dr. Bld 3, Suite 100 San Antonio, TX 78257 | Mikal Watts (210) 447-0500 E-mail: mcwatts@wattsguerra.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

**Fill in this information to identify the case and this filing:**

Debtor Name ___LTL Management LLC___

United States Bankruptcy Court for the: _____ District of __New Jersey__
                                                                          (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   *Other document that requires a declaration* __List of Law Firms With Significant Talc Claims Against the Debtor__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___04/04/2023___            ✖ __/s/ John K. Kim__
              MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                        __John K. Kim__
                                        Printed name

                                        __Chief Legal Officer__
                                        Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-_____ (___) |
| Debtor. | Judge: _____ |

## MASTER CREDITORS LIST

      LTL Management LLC, as debtor in the above-captioned chapter 11 case
(the "Debtor"), filed a petition in this Court on the date hereof for relief under chapter 11 of
title 11 of the United States Code (the "Voluntary Petition"). In accordance with Rule 1007(a) of
the Federal Rules of Bankruptcy Procedure, the Debtor filed concurrently herewith a matrix of
the names and addresses of creditors, potential creditors and other parties in interest (the "Master
Creditors List"). The Master Creditors List has been prepared from the books and records of the
Debtor or its predecessor, and contains only those parties whose names and addresses were

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

maintained in the databases of the Debtor or its predecessor or were otherwise readily ascertainable by the Debtor prior to the commencement of this chapter 11 case.  The Debtor will update the Master Creditors List as more information becomes available.

Contemporaneously with the filing of the Voluntary Petition, the Debtor filed a motion (the "Motion") requesting, among other things, authority to serve all notices, mailings or other documents required to be provided to creditors who are claimants in talc-related lawsuits or other proceedings involving the Debtor, or who have similar claims asserted through counsel (collectively, the "Talc Claimants"), on the Talc Claimants in care of their counsel at such counsel's address in lieu of service on the individual Talc Claimants at their personal addresses. Accordingly, the Master Creditors List includes the addresses of counsel for each of the Talc Claimants rather than the addresses of each individual Talc Claimant.

Certain of the creditors listed on the Master Creditors List may not hold outstanding claims against the Debtor and therefore may not be creditors in the Debtor's bankruptcy case.  By filing the Master Creditors List, the Debtor is not acknowledging that any listed party is a creditor, nor is it waiving or otherwise affecting its right to object to the extent, validity or enforceability of the claims, if any, held or asserted by the parties listed on the Master Creditors List.

NAI-1535643661

**Fill in this information to identify the case and this filing:**

Debtor Name ___LTL Management LLC___

United States Bankruptcy Court for the: _____ District of ___New Jersey___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration ___Master Creditors List___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___04/04/2023___          ✖ ___/s/ John K. Kim___
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                        ___John K. Kim___
                                        Printed name

                                        ___Chief Legal Officer___
                                        Position or relationship to debtor