## ANNEX D

**Termination and Substitution Agreement**

## TERMINATION AND SUBSTITUTION AGREEMENT

This TERMINATION AND SUBSTITUTION AGREEMENT, dated April 4, 2023 (this "Agreement"), is by and among LTL MANAGEMENT LLC, a North Carolina limited liability company ("LTL"), JOHNSON & JOHNSON HOLDCO (NA) INC., a New Jersey corporation formerly named Johnson & Johnson Consumer Inc. ("Holdco"), and JOHNSON & JOHNSON, a New Jersey corporation ("J&J" and, together with LTL and Holdco, the "Parties").

## RECITALS

A.     On October 12, 2021, the former Johnson & Johnson Consumer Inc. ("Old JJCI") implemented a corporate restructuring (the "2021 Corporate Restructuring") to facilitate a full, permanent and equitable resolution of all current and future talc claims through a reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.     Prior to the 2021 Corporate Restructuring, (1) effective January 1, 1979, J&J and Johnson & Johnson Baby Products Company ("J&J Baby Products") entered into an Agreement for Transfer of Assets and Bill of Sale (the "1979 Agreement"), pursuant to which (a) J&J transferred to J&J Baby Products all assets and liabilities then allocated on the books or records of J&J to its baby products operating division and (b) J&J Baby Products agreed, on behalf of itself and its successors and assigns, to forever indemnify and hold harmless J&J against all such liabilities of every kind and description, and (2) through a series of subsequent corporate transactions that occurred between 1981 and 2015, Old JJCI succeeded to J&J Baby Products' rights and obligations under the 1979 Agreement. As a result thereof, from and after January 1, 1979, Old JJCI (including for such purpose its predecessors in interest) bore all financial responsibility for and paid (as reflected in Old JJCI's books and records) all talc claims related to JOHNSON'S® Baby Powder.

C.     Pursuant to the 2021 Corporate Restructuring, (1) Old JJCI ceased to exist and LTL and Holdco were created and (2) LTL received Old JJCI's liability for current and future talc claims and certain assets and Holdco received all other liabilities and assets of Old JJCI.

D.     As part of the 2021 Corporate Restructuring, (1) the Parties entered into the Amended and Restated Funding Agreement, dated October 12, 2021 (the "2021 Funding Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed to provide, on a joint and several basis, funding to LTL for specified uses and (2) Holdco and J&J entered into the Amended and Restated Commitment and Loan Agreement, dated October 12, 2021 (the "2021 Commitment and Loan Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed that (a) Holdco would be the primary obligor under the 2021 Funding Agreement, (b) upon the request of Holdco, J&J would make revolving credit loans to Holdco, with the proceeds of such loans to be used by Holdco solely to satisfy its obligations under the 2021 Funding Agreement, and (c) if Holdco failed to make any payment to LTL required by the 2021 Funding Agreement and instead J&J made such payment under the 2021 Funding Agreement, Holdco would reimburse J&J for such payment and any amount not so reimbursed by Holdco would be deemed to be financed with a loan from J&J to Holdco and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan.

E.     Old JJCI implemented the 2021 Corporate Restructuring and the Parties entered into the related 2021 Funding Agreement and 2021 Commitment and Loan Agreement with the primary purpose of facilitating a full, permanent and equitable resolution of all current and future talc claims against LTL through a chapter 11 bankruptcy case filed by LTL.

F.     On October 14, 2021, LTL filed a petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 bankruptcy case (the "2021 Bankruptcy Case").

G.     On April 4, 2023, the 2021 Bankruptcy Case was dismissed at the direction of the United States Court of Appeals for the Third Circuit (the "Third Circuit"), which had determined that "[b]ecause LTL was not in financial distress" at the time of its bankruptcy filing, "it cannot show its petition served a valid bankruptcy purpose and was filed in good faith under Code § 1112(b)." *LTL Mgmt., LLC v. Those Parties Listed on App'x A to Compl. (In re LTL Mgmt., LLC)*, 58 F.4th 738, 763 (3d Cir. 2023).

H.     The Third Circuit focused in particular on LTL's financial condition just prior to the bankruptcy filing and observed that LTL's "most important" asset was its "rights as a payee under the [2021] Funding Agreement with J&J and [Holdco]," which "gave LTL direct access to J&J's exceptionally strong balance sheet." *Id.* at 749, 759.

I.     Since the Third Circuit's ruling directing dismissal of the 2021 Bankruptcy Case, attorneys for thousands of talc claimants (collectively, the "Supporting Talc Claimant Counsel") have executed and delivered plan support agreements (collectively, the "Plan Support Agreements") that support confirmation and consummation of a plan of reorganization for LTL with specified terms, which terms are acceptable to LTL, Holdco and J&J.

J.     LTL continues to believe that a resolution of its liability for current and future talc claims through a reorganization under chapter 11 of the Bankruptcy Code is in the best interests of both LTL and the talc claimants, and the Parties continue to support the fundamental goal of obtaining a full, permanent and equitable resolution of all current and future talc claims against LTL through a chapter 11 bankruptcy case.

K.     The Third Circuit's dismissal decision had the effect of defeating the primary purpose of the 2021 Funding Agreement and the 2021 Commitment and Loan Agreement.  Rather than facilitating a bankruptcy resolution of LTL's current and future talc claims, the funding arrangements set forth in these agreements were viewed by the Third Circuit as foreclosing such resolution.  As a result, there is a material risk that the 2021 Funding Agreement and 2021 Commitment and Loan Agreement were rendered void or voidable by that ruling and other developments in the 2021 Bankruptcy Case that were not reasonably foreseeable by the Parties.

L.     To eliminate that risk and secure funding consistent with the plan terms specified in the Plan Support Agreements and supported by the Supporting Talc Claimant Counsel, Holdco and J&J have agreed with LTL to terminate the funding arrangements set forth in the 2021 Funding Agreement and 2021 Commitment and Loan Agreement and, in substitution therefor, enter into new agreements. These new agreements will, among other things, (i) address the guidance provided by the Third Circuit in its dismissal opinion, (ii) facilitate confirmation and

2

consummation of a plan of reorganization containing the terms supported by thousands of talc claimants represented by the Supporting Talc Claimant Counsel who have executed and delivered the Plan Support Agreements, and (c) not adversely affect the interests of talc claimants.

M.    To effectuate their agreement regarding LTL's funding arrangements, the Parties now desire to enter into this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby agree as follows:

1.    <u>Termination of Existing Financial Arrangements</u>.

(a)    <u>2021 Funding Agreement</u>.  The Parties hereby terminate the 2021 Funding Agreement, with each of the Parties being released from all of its obligations thereunder and having no further liability with respect thereto.

(b)    <u>2021 Commitment and Loan Agreement</u>.  Holdco and J&J hereby terminate the 2021 Commitment and Loan Agreement, with each of Holdco and J&J being released from all of its obligations thereunder and having no further liability with respect thereto.

2.    <u>New Financial Arrangements</u>.

(a)    <u>New Funding Agreement</u>.  Contemporaneously with the execution and delivery of this Agreement, each of LTL and Holdco will execute and deliver to the other a Funding Agreement in the form attached hereto as <u>Exhibit A</u> (the "<u>New Funding Agreement</u>"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco will provide funding to LTL both (i) when there is no proceeding under the Bankruptcy Code pending with respect to LTL and (ii) during the pendency of a voluntary case under chapter 11 of the Bankruptcy Code commenced by LTL.

(b)    <u>Support Agreement</u>.  Contemporaneously with the execution and delivery of this Agreement, each of the Parties will execute and deliver to the others a Support Agreement in the form attached hereto as <u>Exhibit B</u>, pursuant to which, on the terms and subject to the conditions set forth therein, and further subject to approval of the Support Agreement by the applicable bankruptcy court, (i) solely in connection with a voluntary case under chapter 11 of the Bankruptcy Code to be commenced by LTL and only if Holdco fails to make any payment to provide funding for one or more trusts created pursuant a plan of reorganization for LTL that is confirmed in such case as required by the New Funding Agreement, J&J will make such payment to LTL on Holdco's behalf, (ii) Holdco will be obligated to reimburse J&J for any such payment and any amount not so reimbursed by Holdco will be deemed to be financed with a loan from J&J to Holdco thereunder, and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan, and (iii) LTL will have the right to enforce the obligation of J&J thereunder.

3

3.      <u>Miscellaneous</u>.

(a)      <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey.

(b)      <u>Amendments</u>.  No amendment of this Agreement shall be effective unless the same shall be in writing, specifically refer to this Agreement, and be signed by each of the Parties.

(c)      <u>Counterparts; Entire Agreement; Electronic Execution</u>.  This Agreement may be executed in separate counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single contract.  This Agreement constitutes the entire contract among the Parties relating to the subject matter hereof and supersedes, in its entirety, any and all previous agreements and understandings, oral or written, relating to the subject matter hereof.  This Agreement shall become effective when it shall have been executed by each of the Parties and each of them shall have received counterparts hereof which, when taken together, bear the signatures of each of the Parties, and thereafter shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.  Delivery of an executed counterpart of a signature page of this Agreement by telecopy, .pdf or any other electronic means that reproduces an image of the actual executed signature page shall be effective as delivery of a manually executed counterpart of this Agreement.

(d)      <u>Construction</u>.  The descriptive headings herein are inserted for convenience of reference only and are not intended to be part of or to affect the meaning or interpretation of this Agreement.  The words "hereby," "hereof" and "hereto" and words of similar import, when used in this Agreement, refer to this Agreement as a whole and not to any particular provision of this Agreement.

[*Signature Page Follows*]

NAI-1535665306

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

**LTL MANAGEMENT LLC**,
a North Carolina limited liability company

By: _____
Name:  Robert Wuesthoff
Title:  President

**JOHNSON & JOHNSON HOLDCO (NA) INC.**,
a New Jersey corporation

By: _____
Name:  Laura McFalls
Title:  President

**JOHNSON & JOHNSON**,
a New Jersey corporation

By: _____
Name:  Duane Van Arsdale
Title:  Treasurer

*[Signature Page to Termination and Substitution Agreement]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

**LTL MANAGEMENT LLC**,
a North Carolina limited liability company

By:_____
Name:  Robert Wuesthoff
Title:  President

**JOHNSON & JOHNSON HOLDCO (NA) INC.**,
a New Jersey corporation

By:_____
Name:  Laura McFalls
Title:  President

**JOHNSON & JOHNSON**,
a New Jersey corporation

By:_____
Name:  Duane Van Arsdale
Title:  Treasurer

*[Signature Page to Termination and Substitution Agreement]*

**Exhibit A**

## NEW FUNDING AGREEMENT

See attached.

NAI-1535665306

**Exhibit B**

## SUPPORT AGREEMENT

See attached.

NAI-1535665306