**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S MOTION FOR AN ORDER SUSPENDING**
**ENTRY AND SERVICE OF STANDARD NOTICE OF COMMENCEMENT**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order suspending the entry and service of the standard notice of commencement of this chapter 11 case. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535674732

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the S*tanding Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").

**Background**

3. On the date hereof (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Relief Requested**

6. By this Motion, the Debtor seeks the entry of an order substantially in the form submitted herewith, suspending the entry and service of the standard *Notice of Chapter 11 Bankruptcy Case and Meeting of Creditors* automatically entered in chapter 11 cases filed in this jurisdiction (the "Standard Notice"), pursuant to sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rules 2002(m) and 9007 and Local Bankruptcy Rule 9013-5. The Debtor seeks this relief in connection with, and in support of, its pending requests for (a) approval of an alternative form and manner of notice of commencement of the Chapter 11 Case and (b) appointment of Epiq Corporate Restructuring, LLC (the "Agent") as claims and noticing agent in this case, which requests will be filed contemporaneously herewith and for which the Debtor is seeking an expedited hearing. Substantially similar relief was previously granted in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case").[2]

---

[2] *Ex Parte Order Suspending Entry and Service of Standard Notice of Commencement*, In re LTL Management LLC, No. 21-30589 (JCW) (Bankr. W.D.N.C. Oct. 15, 2021), Dkt. 24 (the "2021 Notice Order").

**Basis for Relief Requested**

7. Section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 2002(m), the "court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m).

8. Concurrently herewith, the Debtor will file the *Debtor's Motion for an Order: (I) Authorizing It to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of the 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case* (the "Notice Procedures Motion").

9. As set forth in the Notice Procedures Motion, the Debtor also will file contemporaneously herewith the *Debtor's Application Pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* (the "Agent Application"), seeking authority to employ the Agent as, among other things, claims and noticing agent in the Chapter 11 Case. One of the Agent's responsibilities as claims and noticing agent, if appointed and with the Court's consent, will be to serve a notice (the "Case Commencement Notice") of the commencement of the Chapter 11 Case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, substantially in the form attached to the Notice Procedures Motion along with such changes as are agreed upon by the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), in lieu of the Standard

NAI-1535674732

Notice. If the Notice Procedures Motion is granted, there will be no need for service of the Standard Notice.

10. Suspending service of the Standard Notice at least until the Court has had the opportunity to consider the relief requested in the Notice Procedures Motion and the Agent Application also will help avoid confusion that may result from the docketing and service of multiple case commencement notices. Without such relief as requested herein, the Standard Notice may be docketed and served prior to a hearing on the Notice Procedures Motion.

11. For these reasons, the Debtor respectfully requests that an order be entered suspending entry and service of the Standard Notice pending an order of the Court with respect to the Notice Procedures Motion and the Agent Application, pursuant to which, if approved, the Debtor, through the Agent, will serve the Case Commencement Notice in the form and manner set forth therein. Similar relief was granted in the 2021 Chapter 11 Case and has been granted in other chapter 11 cases. See 2021 Notice Order (suspending entry of the standard notice of commencement and section 341 meeting pending a hearing to consider service of a custom notice); In re Aldrich Pump LLC, No. 20-30608 (JCW) (Bankr. W.D.N.C. June 18, 2020) (same); In re DBMP LLC, No. 20-30080 (JCW) (Bankr. W.D.N.C. Jan. 24, 2020) (same); In re Bestwall LLC, No. 17-31795 (LTB) (Bankr. W.D.N.C. Nov. 2, 2017) (same); In re Oldco, LLC, No. 17-30140 (Bankr. W.D.N.C. Jan. 30, 2017) (same); In re Kaiser Gypsum Co., Inc., No. 16-31602 (JCW) (Bankr. W.D.N.C. Oct. 3, 2016) (same).

## Waiver of Memorandum of Law

12. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

**Notice**

13. This Motion has been served on (a) the U.S. Trustee; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; and (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

14. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

NAI-1535674732

| | |
|---|---|
| Dated:  April 4, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP** |
| | |
| | */s/ Paul R. DeFilippo* |
| | Paul R. DeFilippo, Esq. |
| | James N. Lawlor, Esq. |
| | Joseph F. Pacelli, Esq. (*pro hac vice* pending) |
| | 500 Fifth Avenue |
| | New York, New York 10110 |
| | Telephone: (212) 382-3300 |
| | Facsimile: (212) 382-0050 |
| | pdefilippo@wmd-law.com |
| | jlawlor@wmd-law.com |
| | jpacelli@wmd-law.com |
| | |
| | **JONES DAY** |
| | Gregory M. Gordon, Esq. |
| | Brad B. Erens, Esq. |
| | Dan B. Prieto, Esq. |
| | Amanda Rush, Esq. |
| | 2727 N. Harwood Street |
| | Dallas, Texas 75201 |
| | Telephone: (214) 220-3939 |
| | Facsimile: (214) 969-5100 |
| | gmgordon@jonesday.com |
| | bberens@jonesday.com |
| | dbprieto@jonesday.com |
| | asrush@jonesday.com |
| | (Admissions *pro hac vice* pending) |
| | |
| | *PROPOSED ATTORNEYS FOR DEBTOR* |

NAI-1535674732