UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## DEBTOR'S MOTION PURSUANT
## TO 11 U.S.C. § 1505 FOR AN ORDER AUTHORIZING IT TO ACT AS
## FOREIGN REPRESENTATIVE ON BEHALF OF THE DEBTOR'S ESTATE

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order authorizing it to act as the foreign representative on behalf of the Debtor's estate in any judicial or other proceedings in Canada. In support of this Motion, the Debtor incorporates by reference the *Certification of John K. Kim in Support of Debtor's Motion Pursuant to 11 U.S.C.*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535685947

*§ 1505 for an Order Authorizing It to Act as Foreign Representative on Behalf of the Debtor's Estate* (the "Kim Certification"), and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105, 1107 and 1505 of the Bankruptcy Code and Rule 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").

**Background**

*General Background*

3. On the date hereof (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third

party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**The Canadian Actions**

6. The Debtor's predecessor, Johnson & Johnson Consumer Inc. ("Old JJCI"), and certain non-debtor affiliates and indemnified parties, including Johnson & Johnson, Johnson & Johnson Inc. ("J&J Canada") and Valeant Pharmaceuticals International, Inc., now Bausch Health Companies Inc. (together, "Bausch"), are named defendants in one certified class action, three proposed class actions and one individual action in four Canadian provinces (Alberta, British Columbia, Ontario and Quebec) (collectively, the "Canadian Actions"). See Kim Certification, ¶ 8 (describing the Canadian Actions). Old JJCI, Johnson & Johnson, J&J Canada and Bausch are also proposed "Protected Parties" in the *Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction* (the "PI Motion"), which was filed contemporaneously herewith. See id. at ¶ 5.

-3-

7. The certified class action and the proposed class actions commenced in Alberta, British Columbia, Ontario and Quebec are brought on behalf of classes (or proposed classes) of Canadian individuals who allege injury or damages arising from the use or purchase of talc-containing products manufactured, marketed and/or sold by Old JJCI, Johnson & Johnson, J&J Canada and/or Bausch (collectively with all similar claims, the "Canadian Talc Claims"). See id. at ¶ 8.

8. The individual action was commenced in British Columbia by an individual who alleges injury arising from the use of talc-containing products manufactured and/or sold by Old JJCI, Johnson & Johnson and/or J&J Canada. See id.

**Recognition in the 2021 Chapter 11 Case**

9. On November 24, 2021, the Debtor filed the *Debtor's Memorandum of Law in Support of Motion Pursuant to 11 U.S.C. § 1505 for an Order Authorizing it to Act as Foreign Representative on Behalf of the Debtor's Estate* in its prior chapter 11 case (the "2021 Chapter 11 Case"). In re LTL Management LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Dec. 16, 2021), Dkt. 546 (the "Foreign Representative Motion").

10. On December 16, 2021, this Court entered an order authorizing the Debtor to act as foreign representative in any judicial or other proceedings in Canada and to, among other things, (a) seek recognition of the 2021 Chapter 11 Case in a Canadian proceeding and (b) request that the Canadian Court (as defined in the Foreign Representative Motion) grant comity to the foreign representative and that case. In re LTL Management LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Dec. 16, 2021), Dkt. 854 (the "Foreign Representative Order").

11. Consistent with the Foreign Representative Order, the Debtor, as foreign representative, sought in a Canadian ancillary proceeding to recognize the 2021 Chapter 11 Case as a "foreign main proceeding" under the applicable provisions of the CCAA, and the Canadian

-4-

Court entered an order recognizing the 2021 Chapter 11 Case as a foreign main proceeding (the "Prior Canadian Proceeding"). See *Initial Recognition Order*, In the Matter of LTL Management LLC, Court File No. CV-21-00673856-00CL (Dec. 17, 2021).

12. On the same day, the Canadian Court also entered an order recognizing the initial preliminary injunction order entered in the 2021 Chapter 11 Case. See *Supp. Recognition Order*, In the Matter of LTL Management LLC, Court File No. CV-21-00673856-00CL (Dec. 17, 2021). The Canadian Court entered further orders extending the automatic stay and recognizing the preliminary injunction order entered by this Court on February 25, 2022 and March 7, 2022, respectively. See *Order (Extension of Canadian Stay)*, In the Matter of LTL Management LLC, Court File No. CV-21-00673856-00CL (Feb. 25, 2022); *Extended Injunction Recognition Order*, In the Matter of LTL Management LLC, Court File No. CV-21-00673856-00CL (Mar. 7, 2022) (the orders entered in the Prior Canadian Proceeding collectively, the "Canadian Stay Orders").[2]

13. In addition to the Canadian Stay Orders, the information officer appointed by the Canadian Court (the "Information Officer") filed various status reports throughout the duration of the 2021 Chapter 11 Case, with the most recent being filed on March 27, 2023. See, e.g., *First Report of the Information Officer* (Feb. 24, 2022); *Second Report of the Information Officer* (Mar. 3, 2022); *Third Report of the Information Officer* (May 20, 2022); *Fourth Report of the Information Officer* (Oct. 24, 2022); *Fifth Report of the Information Officer* (Feb. 16, 2023); *Sixth Report of the Information Officer* (Mar. 27, 2023).

---

[2] In addition, on November 1, 2022, the Canadian Court entered an order recognizing the appointment of an expert, pursuant to Rule 706 of the Federal Rules of Evidence, by the Court in the 2021 Chapter 11 Case. See *Expert Appointment Recognition Order*, In the Matter of LTL Management LLC, Court File No. CV-21-00673856-00CL (Nov. 1, 2022).

NAI-1535685947

*Efforts to Violate the Canadian Stay Orders and Other Recent Developments*

14. Notwithstanding the pendency of the Prior Canadian Proceeding and the Canadian Stay Orders, on March 16, 2022, Johnson & Johnson and Old JJCI were purportedly served with 12 additional Ontario-based Canadian Talc Claims by counsel representing individual claimants. The Information Officer in the Prior Canadian Proceeding advised plaintiffs' counsel that service of such claims was in violation of the Canadian Stay Orders and no further action could be taken.

15. More recently, and again notwithstanding the pendency of the Prior Canadian Proceeding and the Canadian Stay Orders, between January 26, 2023 and February 7, 2023, a single plaintiffs' counsel filed 26 British Columbia-based Canadian Talc Claims against Johnson & Johnson, Old JJCI and J&J Canada. The Information Officer advised the plaintiffs' counsel that filing such claims was in violation of the Canadian Stay Orders and no further action could be taken.

16. On January 30, 2023, the Court of Appeals for the Third Circuit issued an opinion and judgment which provided that the 2021 Chapter 11 Case should be dismissed (the "Third Circuit Panel Opinion"). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case.[3]

17. Following the issuance of the Third Circuit Panel Opinion but prior to the mandate being issued, on February 17, 2023, plaintiffs' counsel in an uncertified class action against the Protected Parties wrote to the British Columbia Supreme Court (the "BC Court")

---

[3] If the relief requested herein is granted, the Debtor shall seek to simultaneously terminate the Prior Canadian Proceeding given the dismissal of the 2021 Chapter 11 Case and open a new ancillary proceeding recognizing this Chapter 11 Case.

seeking to advance the action towards certification. The Information Officer wrote to plaintiff's counsel and the BC Court to advise that any such advancement of the action would be in violation of the Canadian Stay Orders.

18. None of the above-mentioned plaintiffs' counsel took further action after receipt of the Information Officer's letters.

## Relief Requested

19. Consistent with the Foreign Representative Order, pursuant to section 1505 of the Bankruptcy Code, the Debtor requests that it again be authorized to act as the Foreign Representative (as defined below) on behalf of the Debtor's estate in any judicial or other proceedings in Canada. The Debtor further requests that, as the Foreign Representative, it be, as it was, expressly authorized to (a) seek recognition of this Chapter 11 Case in Canada, (b) request that the Canadian Court (as defined below) grant comity to the Foreign Representative and the Chapter 11 Case, (c) seek any other appropriate relief from the Canadian Court that is just and proper in furtherance of the protection of the Debtor's estate and (d) consistent with any orders of the Canadian Court, pay the costs of the Information Officer and its counsel, each without further order of this Court.[4]

---

[4] The Debtor will file retention applications for any professionals it seeks to retain to represent it as the Foreign Representative pursuant to section 327 of the Bankruptcy Code. In addition, any professionals retained by the Debtor as the Foreign Representative will file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules and any other such procedures as may be fixed by order of this Court. Further, any professionals retained by the Debtor as the Foreign Representative that are law firms shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, concerning any monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses to be filed in this case. All professionals retained by the Debtor as the Foreign Representative that are law firms shall provide any and all monthly, interim and final fee applications in "LEDES" format to the United States Trustee.

NAI-1535685947

**Appointment as Foreign Representative and Canadian Proceeding**

20. As in the 2021 Chapter 11 Case, the Canadian Talc Claims are talc-related claims that arose from the manufacture or sale of talc-containing products by Old JJCI, Johnson & Johnson, J&J Canada and/or Bausch. As argued in the PI Motion, such claims are either claims against the Debtor or tantamount to claims against the Debtor. See, e.g., PI Motion Arg. § II.A.1. Permitting these claims to continue or be commenced against the Protected Parties, while the Debtor simultaneously works to reorganize by resolving the same claims in its Chapter 11 Case would defeat the purpose of the Chapter 11 Case, result in irreparable harm to the Debtor's estate and undermine and circumvent the purposes and spirt of the automatic stay. See, e.g., id. at Arg. §§ II.A.2, III.. Moreover, as set forth above, multiple claimants have attempted to proceed with Canadian Talc Claims against the Protected Parties, including as recently as February 17, 2023. The Debtor anticipates that, absent recognition, those claimants, the claimants in the pending Canadian Actions and many more claimants will seek to proceed with their claims.

21. To ensure that the Chapter 11 Case, the automatic stay of section 362 of the Bankruptcy Code and other orders of the Court, including any preliminary injunction issued in this case, are recognized and enforced in Canada, the Debtor seeks appointment as the "foreign representative"[5] on behalf of the Debtor's estate (the "Foreign Representative") in Canada.

---

5   A "foreign representative" is defined in section 45(1) of the CCAA to mean:
> a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company, to
>> (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or
>> (b) act as a representative in respect of the foreign proceeding.

NAI-1535685947

22. Upon appointment as the Foreign Representative, as before, the Debtor intends to seek ancillary relief in Canada on behalf of the Debtor's estate pursuant to the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"). In the ancillary proceeding (the "Canadian Proceeding"), the Debtor (as Foreign Representative) would request that the Canadian Court recognize the Chapter 11 Case as a "foreign main proceeding" under the applicable provisions of the CCAA in order to, among other things, ensure that the protections of the automatic stay are enforced with respect to the Canadian Actions and so that such ancillary relief that the Canadian Court may otherwise consider appropriate can be obtained.[6]

23. To commence the Canadian Proceeding, the Debtor requires authority to act as the Foreign Representative. Specifically, section 46 of the CCAA provides:

> **Application for recognition of a foreign proceeding**. A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> **Documents that must accompany application**. . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . . .

CCAA, R.S.C., Ch. C-36, § 46 (1985) (Can.).

---

[6] The Debtor intends to propose that Ernst & Young Inc. be appointed by the Canadian Court as Information Officer in the Canadian Proceeding. Ernst & Young Inc. was previously appointed as the Information Officer in the 2021 Canadian Proceeding. The Information Officer will thus continue to serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of the Chapter 11 Case, the proposed restructuring of the Debtor, the Canadian Proceeding and any other information that may be material to the Canadian Court. The specific duties of the Information Officer will be set out in an order of the Canadian Court. The Information Officer and its counsel will be compensated by the Debtor in accordance with the terms of an order of the Canadian Court.

24. An order of this Court authorizing the Debtor to act as the Foreign Representative with respect to the Chapter 11 Case in the Canadian Proceeding would satisfy the requirements of sections 45(1) and 46 of the CCAA and enable the Debtor to seek recognition as the Foreign Representative. The Debtor therefore requests entry of the proposed order appointing it as the Foreign Representative of the Debtor's estate in Canada.

### Basis for Relief Requested

25. Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to section 103(k)(1) of the Bankruptcy Code, section 1505 of the Bankruptcy Code applies to any case under the Bankruptcy Code. Specifically, section 103(k)(1) of the Bankruptcy Code provides that:

> Chapter 15 applies only in a case under such chapter, except that—
> (1) sections 1505, 1513, and 1514 apply in all cases under this title.

11 U.S.C. § 103(k)(1).

26. Section 1505 of the Bankruptcy Code provides that:

> A **trustee or another entity** (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505 (emphasis added).

27. Further, section 1107 of the Bankruptcy Code provides, in relevant part:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a **debtor in possession shall have all the rights**, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . **of a trustee** serving in a case under this chapter.

11 U.S.C. § 1107(a) (emphases added).

NAI-1535685947

28. Although the Debtor respectfully submits that sections 1107 and 1505 of the Bankruptcy Code confer upon the Debtor, as a debtor in possession, sufficient rights, powers and duties to act as the Foreign Representative of the Debtor's estate, to avoid any doubt regarding this authority and to comply with any applicable requirements of sections 45(1) and 46 of the CCAA, the Debtor seeks entry of an order, pursuant to section 1505 of the Bankruptcy Code, authorizing the Debtor to act as the Foreign Representative of the Debtor's estate in the Canadian Proceeding.

29. This relief will allow coordination of the Chapter 11 Case and the Canadian Proceeding, and provide an effective mechanism to protect and maximize the value of the Debtor's assets and estate. Canadian recognition of the Chapter 11 Case, the automatic stay of section 362 of the Bankruptcy Code and other orders of the Court (including any preliminary injunction order) is critical—absent recognition, the Canadian Actions and Canadian Talc Claims would continue to proceed, resulting in unequal treatment between American and Canadian plaintiffs, as plaintiffs in the United States would be stayed not only as a result of the Chapter 11 Case but also enjoined through an order granting the PI Motion. The attempts to proceed notwithstanding the pendency of the Prior Canadian Proceeding and the Canadian Stay Orders, including as recently as February 17, 2023, further demonstrate that the relief is necessary. Prompt appointment of the Debtor as Foreign Representative will permit the Debtor to open a new ancillary proceeding without delay and seek the relief described herein to protect the estate and avoid the risk of unequal treatment between American and Canadian plaintiffs.

30. The relief requested herein is consistent with the relief previously granted by the Court in the 2021 Chapter 11 Case. See Foreign Representative Order. And, courts in the Third Circuit as well as in other districts, have routinely granted similar relief. See, e.g., In re

Mallinckrodt plc, No. 20-12522 (JTD) (Bankr. D. Del. Oct. 14, 2020); In re Skillsoft Corp., No. 20-11532 (MFW) (Bankr. D. Del. Jun. 16, 2020); In re Imerys Talc America, Inc., No. 19-10289 (LSS) (Bankr. D. Del. Feb. 14, 2019); In re TK Holdings Inc., No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017); In re LATAM Airlines Group S.A., No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 28, 2020); In re Purdue Pharma L.P., No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019); In re Aeropostale, Inc., No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 6, 2016); In re Payless Holdings LLC, No. 17-42267 (KAS) (Bankr. E.D. Mo. Apr. 5, 2017); In re CJ Holding Co., No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016); In re Ultra Petroleum Corp., No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016).

31. Accordingly, the Debtor submits that the relief requested herein is necessary and appropriate and should be granted in all respects.

### Waiver of Memorandum of Law

32. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

33. This Motion has been served on: (a) the United States Trustee for the District of New Jersey; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; and (c) counsel to the Debtor's non debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

**No Prior Request**

34. No prior request for the relief sought in this Motion has been made to this or any other court in connection with the Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form submitted herewith: (a) authorizing the Debtor to act as the Foreign Representative on behalf of the Debtor's estate in Canada; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 4, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP** |
| | |
| | */s/ Paul R. DeFilippo* |
| | Paul R. DeFilippo, Esq. |
| | James N. Lawlor, Esq. |
| | Joseph F. Pacelli, Esq. (*pro hac vice* pending) |
| | 500 Fifth Avenue |
| | New York, New York 10110 |
| | Telephone: (212) 382-3300 |
| | Facsimile: (212) 382-0050 |
| | pdefilippo@wmd-law.com |
| | jlawlor@wmd-law.com |
| | jpacelli@wmd-law.com |
| | |
| | **JONES DAY** |
| | Gregory M. Gordon, Esq. |
| | Brad B. Erens, Esq. |
| | Dan B. Prieto, Esq. |
| | Amanda Rush, Esq. |
| | 2727 N. Harwood Street |
| | Dallas, Texas 75201 |
| | Telephone: (214) 220-3939 |
| | Facsimile: (214) 969-5100 |
| | gmgordon@jonesday.com |
| | bberens@jonesday.com |
| | dbprieto@jonesday.com |
| | asrush@jonesday.com |
| | (Admissions *pro hac vice* pending) |
| | |
| | *PROPOSED ATTORNEYS FOR DEBTOR* |

NAI-1535685947