**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**CERTIFICATION OF JOHN K. KIM IN SUPPORT OF DEBTOR'S MOTION
PURSUANT TO 11 U.S.C. § 1505 FOR AN ORDER AUTHORIZING IT TO
ACT AS FOREIGN REPRESENTATIVE ON BEHALF OF THE DEBTOR'S ESTATE**

I, John K. Kim, pursuant to 28 U.S.C. § 1746, being of full age, certify as follows:

       1.     I am the Chief Legal Officer of LTL Management LLC, a North Carolina limited liability company (the "Debtor") and the debtor in the above-captioned chapter 11 case. I have held this position with the Debtor since its formation on October 12, 2021. I submit this

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Certification in support of the *Debtor's Motion Pursuant to 11 U.S.C. § 1505 for an Order Authorizing It to Act as Foreign Representative on Behalf of the Debtor's Estate* (the "Motion").[2] I previously submitted a certification in support of the Foreign Representative Motion in the 2021 Chapter 11 Case, which was attached to that motion.

2. I am employed by Johnson & Johnson Services, Inc., a non-debtor affiliate of the Debtor and a subsidiary of the Debtor's ultimate non-debtor parent company, Johnson & Johnson, and seconded to the Debtor. Prior to my role as Chief Legal Officer of the Debtor, I was Johnson & Johnson's Assistant General Counsel, Practice Group Lead for the Product Liability Litigation Group. In that role, I was responsible for product liability litigation globally, including in Canada. I began my employment with Johnson & Johnson and its affiliates in 2001 as a Senior Counsel in the Litigation Group.

3. Contemporaneously herewith, I submitted a declaration describing the Debtor, its history, its assets and liabilities and the events leading to the commencement of this Chapter 11 Case, which I incorporate herein by reference. See *Declaration of John K. Kim in Support of First Day Pleadings*.

4. The Debtor commenced the Chapter 11 Case to pursue confirmation of a plan of reorganization that contains the material terms agreed upon with thousands of talc claimants. The approval of and ultimate consummation of a plan of reorganization will, among other things, establish and fund a trust to resolve and pay current and future talc-related claims arising from products manufactured and/or sold by Old JJCI, or for which Old JJCI may otherwise have had legal responsibility.

---

[2] Capitalized terms used herein but not defined shall have the meaning set forth in the Motion.

5. Also filed contemporaneously herewith, in the Chapter 11 Case, the Debtor seeks a declaratory judgment that the automatic stay applies to, and/or a preliminary injunction enjoining, talc-related claims against Old JJCI, certain of the Debtor's non-debtor affiliates and certain indemnified parties (collectively, the "Protected Parties"). See *Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction* (the "PI Motion").

6. As noted above, the Protected Parties include certain of the Debtor's non-debtor affiliates, including Johnson & Johnson Inc. ("J&J Canada"). J&J Canada is a federal corporation incorporated under the laws of Canada. Its principal place of business is currently in Markham, Ontario.

7. Old JJCI, Johnson & Johnson, J&J Canada and Valeant Pharmaceuticals International, Inc., now Bausch Health Companies Inc. (together, "Bausch"), are named co-defendants in certain talc-related actions that have been commenced in Canada (the "Canadian Actions").

8. The Canadian Actions, which are described in more detail in the chart below, include (a) a certified class action, (b) three proposed class actions and (c) an individual action. The certified class action and proposed class actions were commenced in Alberta, British Columbia, Ontario and Quebec, and are collectively brought on behalf of classes (or proposed classes) of Canadian individuals who allege injury or damages arising from the use or purchase of talc-containing products manufactured, marketed and/or sold by Old JJCI, Johnson & Johnson, J&J Canada and/or Bausch (collectively with all similar claims, the "Canadian Talc

-3-

Claims"). The individual action was commenced in British Columbia by an individual who alleges injury arising from the use of talc-containing products manufactured and/or sold by Old JJCI, Johnson & Johnson and/or J&J Canada. These Canadian Actions were previously stayed pursuant to orders entered by the Canadian Court in the Prior Canadian Proceeding recognizing the 2021 Chapter 11 Case and orders entered therein.

| Date, Jurisdiction and Case Number | Type of Proceeding and Status | Plaintiff(s) | Defendants |
|---|---|---|---|
| **March 24, 2016**<br><br>**British Columbia (New Westminster),**<br>No. 179011 | Class certification application dismissed against Valeant and adjourned with leave to amend and file additional evidence as against J&J Group entities. | Linda Williamson | Johnson & Johnson, Johnson & Johnson Consumer Companies Inc., Johnson & Johnson, Inc. and Valeant Pharmaceuticals International |
| **April 12, 2016**<br><br>**Quebec (Montreal),**<br>No. 500-06-000787-164 | Authorized (certified) as class action. | Rosemary Kramar | Johnson & Johnson, Johnson & Johnson Consumer Inc., Johnson & Johnson Inc., and Valeant Pharmaceuticals International Inc. |
| **May 18, 2016**<br><br>**Ontario (Toronto),**<br>CV-16-553046 | Proposed class action (certification motion has not been heard or decided). | Cindy Lou Strathdee, Mario Nunziato, Matthew Strathdee, Shaeda Begum Farroqi-Willison, Gerald Douglas Willison, Theres Bernier, by her estate representative Marilyne Bernier, Marilyne Bernier, Janet Heaton and Barry Heaton | Johnson & Johnson Inc., Johnson & Johnson, and Johnson & Johnson Consumer Companies Inc. |

NAI-1535685947

| Date, Jurisdiction and Case Number | Type of Proceeding and Status | Plaintiff(s) | Defendants |
|---|---|---|---|
| **August 22, 2019**<br><br>**Alberta (Calgary), No. 1901-11748** | Proposed class action (currently inactive). | Diane DiSanto | Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Johnson & Johnson Inc. |
| **October 26, 2020**<br><br>**British Columbia (Vancouver Registry), VLC-S-S-2011369** | Individual action (at pleadings stage). | Amanda Lorraine Lee | Johnson & Johnson, Johnson & Johnson Consumer Companies Inc., Johnson & Johnson Inc. |

9. Certain additional Canadian Talc Claims, including 12 Ontario-based and 26 British Columbia-based Canadian Talc Claims, were purportedly filed and/or served on Johnson & Johnson, Old JJCI and, in the case of the British Columbia claims, J&J Canada, on March 16, 2022 and between January 26, 2023 and February 7, 2023, however, such claims were subject to a stay of proceedings pursuant to the Canadian Stay Orders. In addition, following the issuance of the Third Circuit Panel Opinion, but prior to the mandate being issued, on February 17, 2023, plaintiffs' counsel in an uncertified class action against the Protected Parties wrote to the British Columbia Supreme Court seeking to advance the action towards certification. In each of these instances, the Information Officer advised plaintiffs' counsel that service of such claims or advancement of the action would be in violation of the Canadian Stay Orders and that no further action could be taken. None of the above-mentioned plaintiffs' counsel took further action after receipt of the Information Officer's letters.

10. As set forth in the above chart, although the Debtor is not, itself, a named defendant in any of the Canadian Actions, Old JJCI is a named defendant in all of the Canadian

Actions.  In addition, the other defendants in the Canadian Actions are all proposed Protected Parties under the PI Motion.

11. The Debtor requires Canadian recognition of the Chapter 11 Case in order to enforce the automatic stay in Canada, other orders of the Court (including any preliminary injunction order) and other ancillary relief that may be available from the Canadian Court. Absent recognition, the Canadian Actions and Canadian Talc Claims would continue to proceed, resulting in unequal treatment between American and Canadian plaintiffs, as plaintiffs in the United States would be stayed not only as a result of the Chapter 11 Case but also enjoined through an order granting the PI Motion.  Prompt appointment of the Debtor as Foreign Representative will permit the Debtor to open a new ancillary proceeding without delay and seek the relief described in the Motion to protect the estate and avoid the risk of unequal treatment between American and Canadian plaintiffs.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  April 4, 2023                                                                   */s/  John K. Kim*  
                                                                                      John K. Kim

NAI-1535685947