**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br>                    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTOR'S BANK ACCOUNT AND BUSINESS FORMS; AND (II) AUTHORIZING THE DEBTOR'S BANK TO CHARGE CERTAIN FEES AND OTHER AMOUNTS**

The relief set forth on the following pages is hereby **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535655413

(Page 2)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Approving the Continued Use of the Debtor's Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts

This matter coming before the Court on the *Debtor's Motion for an Order: (I) Approving the Continued Use of Its Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to section 363(c)(1) of the Bankruptcy Code and Local Bankruptcy Rule 9013-5; the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion, the Hearing and the relief sought therein was sufficient under the circumstances, and (e) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. The Debtor is authorized to continue to use the Bank Account under the existing account number without interruption; provided, however, that no checks issued against

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1535655413

Proposed Order    Page 3 of 6

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Approving the Continued Use of the Debtor's Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts

the Bank Account prior to the commencement of the Chapter 11 Case shall be honored, except as otherwise authorized by an order of this Court and directed by the Debtor.

3. The Debtor is authorized to open and close bank accounts; provided, however, that: (a) any new bank account opened by the Debtor is with a bank that is (i) insured with the FDIC or the FSLIC, and (ii) designated as an authorized depository by the U.S. Trustee pursuant to the Guidelines; and (b) the Debtor will notify the U.S. Trustee and any official committee or future claimants' representative appointed in the Chapter 11 Case of the opening of a new bank account or closing of an existing Bank Account within five (5) business days of opening or closing such account. The U.S. Trustee and any official committee or future claimants' representative will have fourteen (14) days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtor and the U.S. Trustee, the official committee, or future claimants' representative (if any). Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and be designated as "Debtor-in-Possession" accounts with the case number.

4. Bank of America and any other bank are authorized, but not directed, to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Approving the Continued Use of the Debtor's Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts

the Petition Date, provided that sufficient funds are available within such banks to make the payments.

5. Neither Bank of America nor any other bank shall be liable to any party on account of: (a) following the Debtor's instructions or representations as to any order of this Court; (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

6. Bank of America and any other bank are authorized to charge, and the Debtor is authorized to pay or honor, the Bank Fees related to the Bank Account or any subsequently opened bank account. Bank of America and any other bank also are authorized to charge back returned items to the Bank Account, or any subsequently opened bank account, in the ordinary course of business.

7. The Debtor is authorized to continue to use its Business Forms (including, but not limited to, checks, letterhead, purchase orders and invoices) substantially in the forms existing as of the commencement of the Chapter 11 Case though the Debtor shall modify or cause to be modified such Business Forms with a notation bearing a designation of "Debtor-In-Possession" with the case number, to the extent not otherwise designated. Any and all post-petition checks shall bear, to the extent they do not otherwise contain such designation, a "DIP" or "debtor-in-possession" designation and the case number. In the event the Debtor generates new Business Forms during the pendency of the Chapter 11 Case, such Business

NAI-1535655413

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Approving the Continued Use of the Debtor's Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts

Forms shall include a legend referring to the Debtor as "Debtor-In-Possession" with the case number. The Debtor shall further immediately advise Bank of America and any other bank, to the extent not otherwise already styled, to restyle the Bank Accounts as "Debtor-In-Possession" accounts.

8. The Debtor is authorized to deposit and hold account funds in accordance with its prepetition deposit practices.

9. Any and all accounts opened by the Debtor on or after the Petition Date at any bank shall, for the purposes of this Order, be deemed a Bank Account (as if it had been opened prior to the Petition Date and described in the Motion), and any and all banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

10. Nothing contained in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) a request to assume or reject any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (e) a limitation on the authority of the Debtor to conduct its business in the ordinary course without seeking the approval of the Court.

11. Nothing in this Order shall prejudice the Debtor's right to seek recovery of payments from any payee of a check as permitted under sections 547, 548, 549, or any other applicable provision of the Bankruptcy Code or applicable non-bankruptcy law.

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Approving the Continued Use of the Debtor's Bank Account and Business Forms; and (II) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts

12.   Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13.   The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14.   The Debtor shall serve a copy of this Order on all parties required to receive service under D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order.

15.   Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

16.   The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.   This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.