**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S MOTION FOR AN ORDER EXTENDING**
**THE TIME WITHIN WHICH IT MUST FILE ITS (I) SCHEDULES OF**
**ASSETS AND LIABILITIES AND (II) STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order extending the time within which it must file its (i) schedules of assets and liabilities and (ii) statement of financial affairs. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535680416

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").

**Background**

3. On the date hereof (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5.  The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants.  That agreement has been memorialized in a series of plan support agreements.  The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements.  A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference.

**Relief Requested**

6.  Pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b) and Local Bankruptcy Rule 9013-5, the Debtor seeks the entry of an order, substantially in the form submitted herewith, extending the time within which the Debtor must file its (a) schedules of assets and liabilities and (b) statement of financial affairs (items (a) and (b) together, the "Schedules") by an additional 30 days, through and including May 18, 2023.[2]  Substantially similar relief was previously granted in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case").[3]

**Basis for Relief Requested**

7.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), a chapter 11 debtor must file its Schedules no later than 14 days after the date on which the debtor files its voluntary petition.  The Debtor's Schedules therefore are due (absent

---

[2]  The Debtor intends to discuss this relief with the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee").

[3]  *Ex Parte Order Extending the Time Within Which the Debtor Must File Its (A) Schedules of Assets and Liabilities and (B) Statement of Financial Affairs*, In re LTL Management LLC, No. 21-30589 (JCW) (Bankr. W.D.N.C. Oct. 15, 2021), Dkt. 26 (extending time to file Schedules to 46 days after the petition date).

any extension of time granted by the Court) by April 18, 2023.  Bankruptcy Rules 1007(c) and 9006(b)(1), however, provide a bankruptcy court with the ability to extend a debtor's time to file its Schedules "for cause."  See Fed. R. Bankr. P. 1007(c), 9006(b)(1).  Further, pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

***Cause Exists to Extend the Time to File the Schedules***

8. Completing the Schedules requires the Debtor to collect, review and assemble a substantial amount of information.  In addition to the tens of thousands of talc-related claims and associated lawsuits that are pending against the Debtor as of the Petition Date, the Debtor is now aware of additional talc claimants with claims that are not subject to a pending lawsuit.  In addition, the Debtor has incurred expenses and obligations during the 2021 Chapter 11 Case that will need to be disclosed on the Schedules.  Although the Debtor previously submitted schedules in the 2021 Chapter 11 Case, the Debtor must update those schedules to reflect the most current information given the passage of time and new developments since October 14, 2021.

9. Given:  (a) the large number of claimants; (b) the size and complexity of this case; and (c) the critical matters that the Debtor and its professionals were required to address prior to the commencement of the Chapter 11 Case, the Debtor was not in a position to complete the Schedules by the Petition Date, even with the assistance of professionals.  The Debtor further estimates that, with the many critical matters to be addressed in the early days of the Chapter 11 Case, the Debtor will require more than 14 days after the Petition Date to complete this substantial and important task.

NAI-1535680416

10. The additional time requested is important to help ensure that the Schedules are as accurate as possible. Given the volume of information that is provided in the Schedules, and the fact that the information must be accurate as of the Petition Date, additional time to complete the Schedules will help ensure that the relevant information is fully collected and evaluated and can be incorporated into the relevant filings. Rushing to complete the Schedules soon after the Petition Date, on the other hand, could compromise their completeness.

11. The size and complexity of the Chapter 11 Case and the volume of materials that must be compiled and reviewed by the Debtor's limited staff to complete the Schedules during the hectic early days of this case provide ample "cause" to justify the requested extension. Accordingly, the Debtor respectfully requests that the Court extend the date by which the Schedules must be filed pursuant to Bankruptcy Rule 1007(c) by an additional 30 days, through and including May 18, 2023, without prejudice to the Debtor's right to seek further extensions of such period upon a showing of cause, pursuant to Bankruptcy Rule 1007.

12. In large chapter 11 cases such as this, courts in this District have routinely found cause to extend the deadlines imposed by Bankruptcy Rule 1007. See, e.g., In re BlockFi Inc., No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (granting an additional 30 days to file schedules and statements); In re Nat'l Realty Inv. Advisors, LLC, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (same); In re Modell's Sporting Goods, Inc., No. 20-14179 (VFP) (Bankr. D.N.J. Mar. 11, 2020) (same).

### Waiver of Memorandum of Law

13. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis

upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

## Notice

14.     This Motion has been served on: (a) the U.S. Trustee; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; and (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

## No Prior Request

15.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

NAI-1535680416

Dated: April 4, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice* pending)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

NAI-1535680416