Order Filed on April 5, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>Defendants. | Adv. No.: 23-1092 (MBK) |

**EX PARTE TEMPORARY RESTRAINING ORDER**

The relief set forth on the following pages is hereby **ORDERED**.

April 5, 2023

Michael B. Kaplan
MICHAEL B. KAPLAN, USBJ

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535638547

This matter coming before the Court on the *Debtor's Verified Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Complaint") and the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having reviewed (i) the Complaint, (ii) the Motion, (iii) the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4 in Case No. 23-12825] (the "First Day Declaration") filed in the Debtor's main chapter 11 case and (iv) the *Declaration of Daniel J. Merrett in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motion*, the Court finds and concludes as follows:

**Background, Jurisdiction and Venue**

A. For purposes of this Order, the term "Debtor Talc Claims" shall mean, collectively, any talc-related claims against the Debtor, including all claims that formerly were asserted against (or that could have been asserted against) the former Johnson & Johnson Consumer Inc. ("Old JJCI") relating in any way to talc or talc-containing materials (but not including talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws). For the avoidance of doubt, Debtor Talc Claims

2 Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

include, without limitation, all talc personal injury claims and other talc-related claims allocated to the Debtor from Old JJCI in the documents implementing the 2021 Corporate Restructuring — e.g., all talc personal injury claims and other talc-related claims arising in whole or in any part from, or otherwise in any manner relating to, any conduct, action or failure to act of Old JJCI.

B. The Plaintiff in this adversary proceeding is Debtor LTL Management LLC. The Defendants in this adversary proceeding are all named plaintiffs in the talc-related lawsuits against the Debtor (or for which the Debtor is responsible or alleged responsible) listed on Appendix A to the Complaint, as well as John and Jane Does 1-1000. The actions listed on Appendix A are all lawsuits that were either allocated to the Debtor in the 2021 Corporate Restructuring or otherwise asserted against the Debtor prior to the Petition Date. The Protected Parties are listed in Appendix B to the Complaint, which is also attached to this Order. Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the above-captioned chapter 11 case is pending seek to hold the Protected Parties liable for the Debtor Talc Claims.

C. The Debtor seeks, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Civil Rules") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a temporary restraining order prohibiting the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego, or otherwise), any Debtor Talc Claims.

D. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

**Request for Temporary Restraining Order**

E. A denial of the Debtor's request for a temporary restraining order pending a final hearing on the Debtor's request for injunctive and/or declaratory relief would cause the very harm that the Debtor seeks to prevent by the Motion and the Complaint. Without immediate injunctive relief, it is expected that: (i) many Defendants who already have asserted Debtor Talc Claims against the Protected Parties will attempt to continue prosecuting such claims outside of the Debtor's Chapter 11 Case; (ii) many Defendants who have sued only the Debtor will seek to amend their complaints to name one or more of the Protected Parties and prosecute Debtor Talc Claims against those Protected Parties outside of the Chapter 11 Case; (iii) many Defendants will seek to amend their complaints to add new causes of action against the Protected Parties in an effort to proceed with litigation against the Protected Parties outside of the Chapter 11 Case; and (iv) Defendants John and Jane Does 1-1000 will file Debtor Talc Claims against the Protected Parties but not the Debtor. The commencement or continued prosecution of the Debtor Talc Claims against Protected Parties risks significant, immediate and irreversible harm to the Debtor and its estate because: (i) the Debtor has contractual obligations to indemnify Protected Parties for any liability on account of the Debtor Talc Claims, (ii) findings and judgment in litigation of Debtor Talc Claims against the Protected Parties could bind the Debtor, (iii) litigation of the Debtor Talc Claims against the Protected Parties will

prejudice the Debtor's interests, and (iv) litigation of Debtor Talc Claims against the Protected Parties would divert key personnel from the Debtor's reorganization efforts. Accordingly, the Debtor has demonstrated that it will suffer "immediate and irreparable injury, loss, or damage" in the absence of immediate relief before any adverse party can be heard in opposition. Fed. R. Civ. P. 65(b).

F. As a result of the annulment of the stay and injunction in the 2021 Chapter 11 Case, it is anticipated that litigation will immediately recommence leading imminently to depositions occurring, court appearances being scheduled and answers coming due in cases asserting Debtor Talc Claims. If Debtor Talc Claims against the Protected Parties are permitted to proceed pending a final hearing on the Debtor's request for injunctive or declaratory relief, the Debtor will be compelled to actively monitor, participate in and defend currently pending and additional threatened Debtor Talc Claims against the Protected Parties, notwithstanding the automatic stay, to guard against, among other things, potential indemnity claims, evidentiary prejudice and the risks of collateral estoppel and res judicata. In doing so, key personnel will be diverted from assisting the Debtor in achieving its reorganization goals.

G. Notice of the Debtor's request for a temporary restraining order is likely to precipitate the assertion of additional Debtor Talc Claims against the Protected Parties. This temporary restraining order is requested on an ex parte basis, and the Court finds that the requested relief is required to prevent that result.

H. Accordingly, this Court finds it appropriate to enter a temporary restraining order without notice to the Defendants pursuant to Civil Rule 65(b)(l) and Bankruptcy Rule 7065.

I. To allow more parties in interest, including an appointed Talc Committee, to participate in the hearing on the requested relief and to conserve time and resources, this Court finds good cause for an extension and will enter a temporary restraining order extending for the maximum period allowed under Civil Rule 65 — 28 days — and set a hearing on the Motion and the Complaint on or before that date.

J. The legal and factual bases set forth in the Motion, the Complaint, the First Day Declaration ~~and at the Hearing~~ (MBK) establish just cause for the relief granted herein.

**Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED with respect to its request for a temporary restraining order, as provided herein.

2. The Defendants are prohibited and enjoined from commencing or continuing to prosecute any Debtor Talc Claim against any of the Protected Parties on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, through and including 28 days from the date of entry of this Order, during which time the Court will hold a hearing on the Debtor's request for injunctive and/or declaratory relief on April 18 2023 at 10:00 a.m. This temporary restraining order includes, without limitation: (i) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (ii) the enforcement of any

discovery order against the Protected Parties; (iii) further motions practice related to the foregoing; and (iv) any collection activity on account of a Debtor Talc Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

3. For the avoidance of doubt, the terms ~~of~~ this temporary restraining order apply to any further proceedings in the matter styled Valadez v. Johnson & Johnson et al., which is currently pending in the Superior Court of California, Alameda County, Case No. 22CV012759.

In granting relief from the automatic stay and preliminary injunction in the previous case (see ECF No. 3771 in Case No. 21-30589), it was the Court's view at that time that there was little prospect for a reorganization, given the Third Circuit's reversal. Inasmuch as there is now a potential resolution favorable to all claimants through the newly-filed bankruptcy case, the Court wishes to examine whether this litigation (and others like it) should go forward, and regards it as prudent to do so without burdening the parties or other courts during the 13-day period between entry of this TRO and the initial hearing on the preliminary injunction. MBK

4. This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion. For the avoidance of doubt, the inclusion of a talc-related claim on Appendix A is not an admission that such Defendant holds a currently pending claim against either the Debtor or the Protected Parties.

5. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown. This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in this Order, any party asserting Debtor Talc Claims, without leave of the Court, may take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order. Notice shall be provided to the Debtor by notifying counsel for the Debtor of the perpetuation of such testimony. The Debtor shall have the right to object to the notice on any grounds it would have had if it were a party to the underlying proceeding and not subject to the terms of this preliminary injunction, and the Debtor may raise any such objection with this Court. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting Debtor Talc Claims may not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents, of the Debtor or the Protected Parties without the consent of the Debtor or an order of the Court. Notwithstanding the forgoing, parties in lawsuits pending in the MDL who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order shall comply with the process outlined in the In Extremis Deposition Protocol entered on January 23, 2017 in the MDL.

7. The automatic stay is hereby lifted to permit the applicable parties to proceed with an complete the following appeals, in each of which surety bonds have been issued in connection with the appeal: (a) Leavitt; (b) Olson; (c) Schmitz; (d) Barden (Barden, Etheridge, McNeill and Ronning); (e) Soskin; (f) Gutierrez; (g) Strobel; (h) Johnson; (i) Cadigan; (j) Kleiner; (k) Giese (Giese, Marino, and Vogeler); and (l) Prudencio.

8. All statutes of limitation related to the Debtor Talc Claims asserted by the Defendants against either the Debtor or Old JJCI are hereby immediately tolled in accordance with Section 108(c) of the Bankruptcy Code pending further Order of this Court.

9. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c).

10. This Order shall be immediately effective and enforceable upon its entry.

11. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Office of the United States Trustee within three business days of its entry on the Court's docket.

12. This Order shall be promptly filed in the Clerk of Court's office and entered into the record. This Order shall remain effective for the period through and including 28 days after the entry of this Order.

13. This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.