John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

*Counsel for Various Talc Claimants*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC, | : | Case No. 23-12825 (MBK) |
| | : | |
| Debtor. | : | Judge: Michael B. Kaplan |
| | : | |

**CLAIMANTS' OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER:
(I) AUTHORIZING IT TO FILE A LIST OF THE TOP LAW FIRMS WITH TALC
CLAIMS AGAINST THE DEBTOR IN LIEU OF THE LIST OF THE 20 LARGEST
UNSECURED CREDITORS; (II) APPROVING CERTAIN NOTICE PROCEDURES
FOR TALC CLAIMANTS; AND (III) APPROVING THE FORM AND MANNER OF
<u>NOTICE OF COMMENCEMENT OF THIS CASE</u>**

The law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law

Corporation ("<u>Kazan Law</u>"), and local counsel Saiber LLC, on behalf of their various talc

claimants ("Claimants"),[1] through their undersigned counsel, hereby submit this objection to the motion of Debtor LTL Management LLC ("Debtor") for an Order Authorizing Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of the 20 Largest Unsecured Creditors (the "Motion"). [Dkt. 10.][2]

## PRELIMINARY STATEMENT

1. Debtor concedes that no authority allows it to file a "Top Talc Counsel List" instead of a list of the 20 largest unsecured creditors as Rule 1007(d) of the Federal Rules of Bankruptcy Procedure requires. Indeed, Debtor's true motive for limiting identification and notice in this bankruptcy case solely to law firms perpetuates Debtor's false construct that all claims against Debtor are illegitimate and pure fabrications of the plaintiff's bar. By denying Debtor's request, this Court sends a message that the real parties in interest here are cancer patients and their survivors. Accordingly, Claimants request that this Court deny Debtor's motion and order it to file a Rule 1007(d) list of the 20 largest unsecured creditors to help facilitate the United States Trustee's appointment of a creditors' committee.

## DISCUSSION

2. Rule 1007(d) of the Federal Rules of Bankruptcy Procedure requires a debtor to file a Top 20 List containing information on its 20 largest unsecured creditors, excluding insiders. Fed. R. Bankr. P. 1007(d). The United States Trustee uses the Top 20 List to facilitate the appointment of a creditors' committee. *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by

---

[1] Some of the talc mesothelioma claimants represented by Kazan Law includes, but is not limited to, Trevor Barkley, John Carreiro, James Daugherty, Kristie Doyle, Meredith Egli, Vincent Hill, Audra Johnson, Teresa Leavitt, Christina Prudencio, Rosalino Reyes, Patricia Schmitz, Anthony Hernandez Valadez, Nedelka Vanklive, etc.
[2] Claimants take no position on Debtor's motion for an order "(II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case."

[Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1).").

3. Here, Debtor seeks to circumvent the requirements of Rule 1007(d) by requesting authority to file a "Top Talc Counsel List in lieu of listing the Talc Claimants with the largest unsecured claims against the Debtor on a Top 20 List." [Dkt. 10 at p. 5.] In doing so, Debtor argues that a "Top Talc Counsel List" is appropriate because (i) "committees in mass tort chapter 11 cases typically consist of individual plaintiffs represented by law firms," and (ii) "Courts," including in *In re LTL Management LLC,* Case No. 21-30589 ("*LTL I*"), "have granted similar relief in cases dealing with mass-tort litigation." [*Id.* at 5.] Debtor's arguments fail.

4. First, no authority supports Debtor's request. Nothing in Rule 1007(d) allows Debtor to file a "Top Talc Counsel List." Instead, Rule 1007(d) makes plain that Debtor must accompany its petition with "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." Fed. R. Bankr. P. 1007(d). Accordingly, Debtor must follow Rule 1007(d).

5. Second, merely claiming that other courts have "granted similar relief in cases dealing with mass-tort litigation" is insufficient to excuse Debtor from Rule 1007(d). Debtor makes no effort to show whether the circumstances in those other cases in which a "Top Talc Counsel List" was submitted are similar to those here. Indeed, none of the cited cases involve a Debtor getting a second bite at Chapter 11. Debtor fails to make the requisite showing to support its requested relief.

6. Third, Debtor argues that it was given authority to present a "Top Counsel List" in *LTL I,* and this Court should follow suit. Following Debtor's logic, it would be more prudent to reinstate the same committee members previously identified in *LTL I*. For example, talc

claimant Kristie Doyle has been litigating for five years and participated in every meeting with TCC, TCC2, and back at TCC. Yet, neither Ms. Doyle nor the law firm representing her is included in the "Top Counsel List." Indeed, Debtor recognizes that any official committee of talc personal injury claimants appointed here shall be "(a) representative of the Debtor's overall pool of talc personal injury claimants." [Dkt. 10 at 4.] Hence, because it does not follow that the pool of claimants and their involvement in J&J talc litigation are represented by law firms with the most-talc related claims, Debtor's request for a "Top Counsel List" is inappropriate. The issue is, and always has been, their involvement in talc litigation rather than law firms selected by Debtor.

## CONCLUSION

7.    Claimants request that this Court deny Debtor's motion authorizing it to file a list of "Top Law Firms" and instead order Debtor to submit a list pursuant to Rule 1007(d), and for such other relief as to which Claimants may be entitled.

Respectfully submitted:

KAZAN, McCLAIN, SATTERLEY &
GREENWOOD, A Professional Law Corporation

- and -

SAIBER LLC
*Counsel for Various Talc Claimants*

By:   /s/ John M. August
        JOHN M. AUGUST

DATED: April 10, 2023