**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admission *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

# DEBTOR'S MOTION FOR AN ORDER APPOINTING
# RANDI S. ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order, pursuant to sections 524(g)(4)(B)(i) and 105(a) of the Bankruptcy Code, appointing Randi S. Ellis as the legal representative for future talc claimants (the "Future Claimants'

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535876060

Representative") in this chapter 11 case. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 524(g)(4)(B) and 105(a) of the Bankruptcy Code.

## Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. In the Debtor's prior chapter 11 case filed on October 14, 2021 (the "2021 Chapter 11 Case"), the Court entered an order establishing a selection protocol for the appointment of the Future Claimants' Representative in that case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Jan. 13, 2022), Dkt. 1135.  Pursuant to the protocol, the official talc committees, the Debtor and the Court each proposed up to three nominees for appointment as the Future Claimants' Representative.  Following the nominations, the Debtor and the talc committees consented to the appointment of Randi S. Ellis as the Future Claimants' Representative.  On March 18, 2022, the Court entered an order appointing Ms. Ellis as the Future Claimants' Representative in the 2021 Chapter 11 Case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Mar. 18, 2022), Dkt. 1786 (the "FCR Appointment Order").  Ms. Ellis was the first woman to ever be appointed a Future Claimants' Representative.[2]

6. Following her appointment, Ms. Ellis was active in the 2021 Chapter 11 Case.  She retained Walsh Pizzi O'Reilly Falanga LLP as counsel, Berkeley Research Group, LLC as economic consultant to provide expert consulting services and analysis of talc claims and Bederson LLP as financial advisor.  She participated in the Court-ordered mediation process with the other key constituencies in the 2021 Chapter 11 Case.  And, after the Court appointed an expert under Rule 706 of the Federal Rules of Evidence to prepare and file a report containing his opinions on the number and value of the current and future talc claims, she engaged in discussions with the Court-appointed expert regarding estimation issues.  Ms. Ellis served as the Future Claimants' Representative in the 2021 Chapter 11 Case until April 4, 2023,

---

[2] See Mar. 8, 2022 Hr'g Tr. 7:10-14, In re LTL Mgmt. LLC, No. 21-30589 (MBK), Dkt. 1668 (Bankr. D.N.J.) (As noted by the talc claimant committee's counsel, "Ms. Ellis, if appointed, will be the first woman Future Claims Representative in the entire history of Future Claims Representatives in the United States, and we think it appropriate that it happened in this case.").

-3-

when the Court entered an order dismissing the case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Apr. 4, 2023), Dkt. 3938 (the "Dismissal Order").

7. The Debtor commenced this chapter 11 case (the "Chapter 11 Case") after reaching agreement on the material terms of a plan of reorganization with thousands of talc claimants.  That agreement has been memorialized in a series of plan support agreements that have been executed and delivered by numerous plaintiff law firms on behalf of claimants with ovarian cancer and mesothelioma claims.  The Debtor intends to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements as soon as possible.  A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim [Dkt. 4] (the "First Day Declaration"), which was filed on the Petition Date and is incorporated herein by reference.

**Relief Requested**

8. Pursuant to sections 524(g)(4)(B)(i) and 105(a)[3] of the Bankruptcy Code, the Debtor requests that the Court appoint Randi S. Ellis as the Future Claimants' Representative, the same role she served in the 2021 Chapter 11 Case, to protect the rights of future talc claimants in this Chapter 11 Case in accordance with the terms and conditions described below.

---

[3] Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue an order to assist in carrying out the other provisions of the Bankruptcy Code, including by appointing a future claimants' representative as contemplated by section 524(g)(4)(B)(i) of the Bankruptcy Code.  See In re Forty-Eight Insulations, Inc., 58 B.R. 476, 477 (Bankr. N.D. Ill. 1986); In re Johns-Manville Corp., 36 B.R. 743, 757 (Bankr. S.D.N.Y. 1984); see also In re Garlock Sealing Techs., No. 10-31607 (GRH) (Bankr. W.D.N.C. Sept. 16, 2010).

**The Need for a Future Claimants' Representative**

9. In view of the substantial support of more than 60,000 talc claimants for the material terms of a plan of reorganization, and taking into account the excessive cost, burden, uncertainty and anticipated decades-long duration of the cosmetic talc litigation, the Debtor determined to file this Chapter 11 Case, which offers the only means through which the Debtor and talc claimants can fully, equitably and permanently resolve all current and future talc-related claims. See First Day Decl. ¶ 77. To achieve a prompt resolution, the Debtor intends promptly to engage in good faith negotiations to finalize the terms of a plan of reorganization consistent with the terms set forth in the plan support agreements and file a plan by May 14, 2023, or as soon thereafter as feasible, as required by the plan support agreements. Such a resolution requires, however, that future talc claimants, a key constituency in this Chapter 11 Case, be adequately represented. As a result, the prompt appointment of a future claimants' representative who is in a position to immediately participate in negotiations regarding a plan of reorganization is critical.

10. The appointment of a legal representative to protect the rights of future claimants is well established in chapter 11 proceedings, and future claimants' representatives are routinely appointed in mass tort-related chapter 11 cases in this District and in others.[4] Indeed,

---

[4] See, e.g., FCR Appointment Order; In re Mallinckrodt plc, et al., No. 20-12522 (JTD) (Bankr. D. Del. Mar. 16, 2021); In re Aldrich Pump LLC, No. 20-30608 (JCW) (Bankr. W.D.N.C. Oct. 14, 2020); In re DBMP LLC, No. 20-30080 (JCW) (Bankr. W.D.N.C. June 1, 2020); In re Boy Scouts of Am. and Del. BSA, LLC, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 24, 2020); In re Imerys Talc Am., Inc., No. 19-10289 (LSS) (Bankr. D. Del. June 3, 2019); In re Duro Dyne Nat'l Corp., No. 18-27963 (MBK) (Bankr. D.N.J. Oct. 17, 2018); In re Bestwall LLC, No. 17-31795 (LTB) (Bankr. W.D.N.C. Feb. 23, 2018); In re TK Holdings Inc., No. 17-11375 (BLS) (Bankr. D. Del. Sept. 6, 2017); In re Kaiser Gypsum Co., Inc., No. 1631602 (JCW) (Bankr. W.D.N.C. Oct. 19, 2016); In re Yarway Corp., No. 13-11025 (BLS) (Bankr. D. Del. May 28, 2013); In re Metex Mfg. Corp., No. 12-14554 (BRL) (Bankr. S.D.N.Y. Jan. 16, 2013); In re Specialty Prods. Holding Corp., No. 10-11780 (JKF) (Bankr. D. Del. Oct. 18, 2010); In re Garlock Sealing Techs., No. 10-31607 (GRH) (Bankr. W.D.N.C. Sept. 16, 2010); In re Durabla Mfg. Co., No. 09-14415 (MFW) (Bankr. D. Del. May 3, 2010); In re W.R. Grace & Co., No. 01-01139 (JKF) (Bankr. D. Del. May 24, 2004).

as noted above, this Court appointed Ms. Ellis as the Future Claimants' Representative in the 2021 Chapter 11 Case. In addition, for a trust established under section 524(g) of the Bankruptcy Code, as contemplated by the plan support agreements, one of the conditions that must be met for the issuance of a channeling injunction under that section is that the Court appoint a future claimants' representative. See 11 U.S.C. § 524(g)(4)(B)(i).

11.     The Debtor submits that Ms. Ellis is the best candidate to represent the interests of the future talc claimants and, therefore, should be appointed as the Future Claimants' Representative in this Chapter 11 Case. Ms. Ellis is highly qualified to serve as Future Claimants' Representative and she has significant knowledge regarding the Debtor and the nature and extent of its talc liability as a result of her experience as the Future Claimants' Representative in the 2021 Chapter 11 Case.

## Basis for Relief Requested

***Ms. Ellis Is Uniquely Well Qualified to Serve as the Future Claimants' Representative, and No Adverse Interest Precludes Her from Serving in that Role.***

12.     Ms. Ellis is uniquely well qualified to serve as the Future Claimants' Representative in this Chapter 11 Case.[5] As an initial matter, the Court already found in the 2021 Chapter 11 Case that Ms. Ellis has the necessary qualifications to serve as the Future Claimants' Representative. See FCR Appointment Order. The Debtor and the official talc committees agreed by consenting to her appointment.

13.     In addition, Ms. Ellis is even more qualified now to serve as the Future Claimants' Representative based on her active involvement in the 2021 Chapter 11 Case.

---

[5] In support of this Motion, the Debtor further submits the *Declaration of Randi S. Ellis*, which is attached hereto as Exhibit A (the "Ellis Declaration"). A copy of Ms. Ellis' *curriculum vitae* is attached as Schedule 1 to the Ellis Declaration. The Ellis Declaration, including Ms. Ellis' *curriculum vitae*, is incorporated herein by reference.

Ms. Ellis was actively involved in, among other things, mediation and the court-ordered process for estimating the number and value of current and future mesothelioma and ovarian cancer claims. See Ellis Decl. ¶ 3. As a result, she is familiar with the Debtor, its history, including in litigation, and its talc liabilities. Id.

14. In addition, it is critical to the successful resolution of this Chapter 11 Case that the Court appoint a representative for future talc claimants promptly who can immediately participate in negotiations regarding a plan of reorganization. The Debtor intends to move quickly to obtain additional support for, and pursue confirmation of, a plan of reorganization that contains the terms set forth in the plan support agreements. In fact, under the plan support agreements, the Debtor is obligated to use commercially reasonable efforts to file a plan of reorganization by May 14, 2023, or as soon thereafter as feasible. See First Day Decl. ¶ 73. Given her experience in the 2021 Chapter 11 Case, Ms. Ellis will not have to spend time familiarizing herself with the Debtor and its assets and liabilities and should be in a position to immediately engage in negotiations with the Debtor and other key constituencies regarding a plan of reorganization. Thus, the appointment of Ms. Ellis as the Future Claimants' Representative is critical to ensure that the future talc claimants—a key constituency—are well represented during this critical time of this Chapter 11 Case.

15. Ms. Ellis has significant experience as a court-appointed fiduciary and has gained nationwide recognition for these roles. Her legal practice is devoted to helping parties navigate complex civil cases and reach just and equitable resolutions. In particular, Ms. Ellis has been appointed, by both state and federal courts, to serve as arbitrator, neutral, special master, guardian ad litem or meditator in numerous complex civil cases, multi-district litigation matters and other mass tort products liability cases.

16. For example, Ms. Ellis' experience serving as a special master includes: In re Paraquat Products Liability Litigation, MDL No. 3004 (S.D. Ill. J.P.M.L.) (appointed by court to serve as special master in multidistrict litigation case concerning injuries that were caused by exposure to the herbicide paraquat); In re Roundup Products Liability Litigation, MDL No. 2741 (N.D. Cal. J.P.M.L.) (selected by parties to serve as special master for allocation purposes in multidistrict litigation concerning products liability claims from exposure to glyphosate-based herbicides); In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation, MDL No. 2816 (S.D. Ill. J.P.M.L.) (appointed by court to serve as special master for mediation and allocation purposes in multidistrict litigation arising from anticoagulant pharmaceutical use, and allocated $650 million settlement fund to claimants).

17. Ms. Ellis also has significant experience serving as a court-appointed mediator, and has served in that capacity in several cases, including In re Coloplast Corp. Pelvic Support Systems Products Liability Litigation (Vaginal Mesh), MDL No. 2387 (S.D. W.Va. J.P.M.L.) (served as a mediator concerning products liability claims arising out of vaginal mesh use and was appointed by the court to serve as the special master in the allocation of aggregate settlement funds); In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 (E.D. La. J.P.M.L.) (appointed as mediator by the court to resolve personal injury claims and appointed to serve as the court-designated neutral to resolve various matters); In re Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 (E.D. La. J.P.M.L.) (appointed by the court to serve as mediator where she obtained the commitments of more than 600 defendants to participate in a global settlement); McClurg et al. v. Mallinckrodt, Inc. et al., 4:12-cv-00361 (E.D. Mo.) (appointed by the court to serve as mediator and special master for settlement and allocation in consolidated actions seeking

damages for injuries allegedly sustained as a result of multiple decades of exposure to hazardous, toxic, and radioactive substances).

18. In her experience as a mediator and special master, Ms. Ellis has demonstrated a dedicated focus to achieving the best result for all parties. The Debtor anticipates that Ms. Ellis' undivided focus will be on representing vigorously the interests of future talc claimants in this Chapter 11 Case.

19. Ms. Ellis' unique knowledge with respect to the Debtor's future talc claimants resulting from her prior position in the 2021 Chapter 11 Case, her many years of experience serving in a broad range of fiduciary capacities and her many years of practice make her highly qualified to represent the interests of the future talc claimants in this Chapter 11 Case.

20. Ms. Ellis has informed the Debtor that, as of the Petition Date, she was owed a total of $72,766.90 in connection with her services as the Future Claimants' Representative in the 2021 Chapter 11 Case. The Debtor intends shortly to file a motion with this Court seeking authority to pay all amounts that it owes under the Dismissal Order, including the fees and expenses that are allowed pursuant to the procedures set forth in the Dismissal Order. Those amounts will include the fees and expenses owed to Ms. Ellis. See Dismissal Order ¶ 5 (providing that fees for services rendered or expenses incurred in the 2021 Chapter 11 Case through the Dismissal Date (as defined therein) are allowed on a final basis subject to the procedures set forth therein). Accordingly, subject to authorization from this Court to permit the Debtor to pay its outstanding obligations under the Dismissal Order, Ms. Ellis's outstanding fees and expenses will be fully satisfied pursuant to the Dismissal Order.

21. The Debtor believes, in reliance on the Ellis Declaration, that Ms. Ellis is able to fulfill the duties owed by a fiduciary and has the ability to be an effective advocate for the

best interests of the future talc claimants.  See <u>In re Imerys Talc Am., Inc.</u>, 38 F.4th 361, 374, 376 (3d Cir. 2022).  The Debtor further believes that Ms. Ellis has no adverse interest that would preclude her appointment as the Future Claimants' Representative in this Chapter 11 Case.

### **Terms and Conditions of Ms. Ellis' Appointment**

22. The Debtor requests that the appointment of Ms. Ellis' be approved on the following terms and conditions:

    (a) <u>Appointment</u>.  Ms. Ellis' will be appointed as the Future Claimants' Representative to represent and protect the rights of, absent further order of the Court, natural persons or the representatives of estates of natural persons that may assert a demand for payment, present or future, that:  (i) is not a claim during the proceedings prior to the entry of an order confirming a plan of reorganization (the "<u>Plan</u>"), because such natural person was diagnosed with disease after such time; and (ii) arises out of the same or similar conduct or events that gave rise to the claims to be addressed by an injunction issued to enjoin entities from taking legal action for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any claim or demand that, under the Plan, is to be paid in whole or in part by a trust established pursuant to section 524(g)(2)(B)(i) and/or 105(a) of the Bankruptcy Code (collectively, the "<u>Future Claimants</u>").  The Future Claimants' Representative shall represent the interests of, appear and act on behalf of, and be a fiduciary to Future Claimants to protect the rights and interests of such Future Claimants and shall be entitled to compensation in connection therewith from the date of the filing of this Motion.  Ms. Ellis will have no other obligations except those that may be prescribed by orders of the Court and accepted by Ms. Ellis.

    (b) <u>Party in Interest</u>.  The Future Claimants' Representative shall be a party in interest in this case and shall have standing under section 1109(b) of the Bankruptcy Code to be heard on any issue in this case in the Bankruptcy Court, the District Court, or any other court affecting the rights of Future Claimants.  The Future Claimants' Representative shall have the powers and duties of a committee set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative.

    (c) <u>Engagement of Professionals</u>.  Ms. Ellis may employ attorneys and other professionals consistent with sections 105, 327, and 1103 of the Bankruptcy Code, subject to prior approval of this Court.  Such

    attorneys and other professionals will be subject to the terms of any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals entered by this Court (an "Interim Compensation Order").

(d) Compensation.  Compensation, including professional fees and reimbursement of expenses, will be payable to Ms. Ellis and her professionals from the Debtor's estate, subject to approval of this Court, and in accordance with the terms, conditions, and procedures set forth in the Interim Compensation Order.  Ms. Ellis will be compensated at the rate of $1,015 per hour, subject to periodic adjustment (usually on January 1 of each year) in the ordinary course of Ms. Ellis' business, plus reimbursement of actual, reasonable and documented out-of-pocket expenses.

(e) Liability Insurance.  Consistent with the FCR Appointment Order, the Debtor shall pay for the Future Claimants' Representative Liability Insurance, the cost of which is expected to be approximately $100,000 per year and which insurance the Future Claimants' Representative shall obtain once appointed.

(f) Indemnification.  The Future Claimants' Representative shall not be liable for any damages, or have any obligation other than as prescribed by order of the Court; provided, however, that the Future Claimants' Representative may be liable for damages caused by willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made in good faith.  The Debtor shall indemnify, defend, and hold harmless Ms. Ellis, her employees, and professionals (individually an "Indemnified Party") from all claims against any of them, and all losses, claims, damages or liabilities (or actions in respect thereof) to which any of them may become subject, as a result of or in connection with such party rendering services pursuant to any order approving this Motion or to the Future Claimants' Representative, unless and until it is finally judicially determined that such losses, claims, damages or liabilities were caused by willful misconduct or gross negligence on the part of such Indemnified Party.  If before the earlier of (i) the entry of an order confirming a plan of reorganization in this case, and such order having become final and no longer subject to appeal, and (ii) the entry of an order closing this Chapter 11 Case, an Indemnified Party believes that he, she or it is entitled to payment of any amount by the Debtor on account of the Debtor's obligation to indemnify, defend, and hold harmless as set forth herein, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application for such amounts with the Court, and the Debtor may not pay any such

    amounts to the Indemnified Party before the entry of an order by the Court authorizing such payments.  The preceding sentence is intended to specify the period of time during which the Court has jurisdiction over the Debtor's obligations to indemnify, defend and hold harmless as set forth herein, and is not a limitation on the duration of the Debtor's obligation to indemnify any Indemnified Party.  In the event that a cause of action is asserted against any Indemnified Party arising out of or relating to the performance of his, her or its duties pursuant to any order approving the Motion or to the Future Claimants' Representative, the Indemnified Party shall have the right to choose his, her or its own counsel.  For the avoidance of doubt, gross negligence, willful misconduct, bad faith or fraud on the part of one Indemnified Party shall not preclude indemnification for the other Indemnified Parties.  Any such indemnification shall be an allowed administrative expense under section 503(b) of the Bankruptcy Code and shall be paid upon application to and approval of this Court.

 (g) <u>Right to Receive Notices</u>.  Ms. Ellis and any Court-approved counsel retained by Ms. Ellis will be deemed members of the "Master Service List" (or equivalent thereof) in the *Guidelines Establishing Case Management and Administrative Procedures for Cases Designated as Complex Chapter 11 Cases* establishing certain notice, case management and administrative procedures (the "<u>Case Management Procedures</u>").

 (h) <u>Termination of Appointment</u>.  Unless otherwise ordered by the Court or provided for in any confirmed plan of reorganization, Ms. Ellis' appointment as the Future Claimants' Representative will terminate upon the effective date of a plan of reorganization in this Chapter 11 Case or otherwise by written resignation or incapacity to serve.

23. The Debtor believes that the proposed terms of Ms. Ellis' employment are consistent with the terms typically approved by bankruptcy courts for such appointments and are the same terms on which Ms. Ellis was retained in the 2021 Chapter 11 Case.

24. For all the foregoing reasons, the Debtor submits that the appointment of Ms. Ellis as the Future Claimants' Representative is in the best interests of the Debtor, its estate, the future talc claimants, and all other parties in interest.

**Waiver of Memorandum of Law**

25.  The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

**Notice**

26.  Notice of this Motion has been provided to (a) the Office of the United States Trustee for the District of New Jersey; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the proposed Future Claimants' Representative and her proposed counsel; and (e) all parties in interest having filed notices of appearance in this Chapter 11 Case. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

27.  No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form submitted herewith: (a) appointing Randi S. Ellis as the Future Claimants' Representative; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 10, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP** |

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice* pending)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon
Brad B. Erens
Dan B. Prieto
Amanda Rush
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admission *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*