**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admission *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S MOTION FOR AN ORDER**
**(I) APPOINTING CO-MEDIATORS, (II) ESTABLISHING**
**MEDIATION PROCEDURES AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor (the "Debtor") moves the Court, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9019-1 and 9019-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules") for the entry of an order substantially in the form

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536500170

submitted herewith (the "Proposed Order") (i) appointing the Hon. Joel Schneider (Ret.), and Gary Russo (together, the "Co-Mediators") to mediate all issues in this chapter 11 case (the "Chapter 11 Case"),[2] (ii) establishing procedures for the mediation as set forth in the Proposed Order and (iii) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

## Preliminary Statement

The Debtor filed this Chapter 11 Case after it reached an agreement with more than 60,000 claimants on the material terms of a plan of reorganization that, if confirmed and consummated, would fully resolve all the Debtor's liability for talc-related claims. That agreement, which has been memorialized in a series of plan support agreements, was reached with the assistance of the co-mediators appointed to mediate all issues in the 2021 Chapter 11 Case. To achieve a prompt resolution, the Debtor intends immediately to engage in good faith negotiations with its key constituencies, including the legal representative for future talc claimants that is appointed in this Chapter 11 Case,[3] the Debtor's insurers and other talc claimants, to finalize the terms of a plan of reorganization consistent with the terms set forth in the plan support agreements and file a plan by May 14, 2023, or as soon thereafter as feasible, as required by the plan support agreements.

The Debtor submits that it is appropriate for this Court to appoint the Co-Mediators in this case to continue to assist the parties with negotiations regarding a plan

---

[2]   In the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Court entered an order appointing Hon. Donald Steckroth (Ret.) as a mediator to mediate a comprehensive resolution of issues in that case, including all matters related to the estimation and plan treatment of consumer protection claims held by state attorneys general [No. 21-30589, Dkt. 3720]. The Debtor reserves the right to seek to appoint Hon. Steckroth as a Co-Mediator and to have this Court refer the state attorneys general to the mediation.

[3]   Concurrently herewith, the Debtor filed a motion to appoint Ms. Randi S. Ellis as the legal representative for future talc claimants in this Chapter 11 Case.

pursuant to the same mediation protocol approved in the Debtor's prior case. The Debtor believes that mediation would facilitate a successful resolution of this Chapter 11 Case and assist with the Debtor's efforts to promptly seek additional support for its proposed plan of reorganization. Given their experience in the 2021 Chapter 11 Case, the Co-Mediators are knowledgeable about the issues in this case and should be in a position to quickly resume the mediation. Accordingly, the Debtor respectfully requests that the Court order the parties to mediation and appoint the Co-Mediators to mediate all issues in this Chapter 11 Case.

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Local Bankruptcy Rules 9019-1 and 9019-2.

## Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing

products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor commenced this Chapter 11 Case after reaching agreement on the material terms of a plan of reorganization with thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements that have been executed and delivered by numerous plaintiff law firms on behalf of claimants with ovarian cancer and mesothelioma claims. The Debtor intends to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements as soon as possible. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim [Dkt. 4] (the "First Day Declaration"), which was filed on the Petition Date and is incorporated herein by reference.

***The Mediation in the 2021 Chapter 11 Case***

6. On March 18, 2022, the Court entered an *Order Establishing Mediation Protocol* [No. 21-30589, Dkt. 1780] and on May 16, 2022, it entered an *Amended Order Establishing Mediation Protocol* [No. 21-30589, Dkt. 2300] (as amended, the "2022 Mediation Order") in the 2021 Chapter 11 Case. Pursuant to the 2022 Mediation Order, the Court appointed the Hon. Joel Schneider and Gary Russo as co-mediators.

7. Pursuant to the 2022 Mediation Order, the Debtor and J&J (as defined below) engaged in a series of negotiations with the Debtor's key constituencies, including the official committee of talc claimants, the legal representative for future talc claimants, and the Debtor's insurers. Those negotiations culminated in the plan support agreements. See First Day

-4-

Decl. ¶ 72. Following the Third Circuit's denial of the Debtor's request for rehearing en banc in connection with the 2021 Chapter 11 Case, this Court discontinued the Court-ordered mediation but "urged" the parties "to continue informal settlement discussions." *Text Order*, In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Mar. 23, 2023).

8. On April 4, 2023, the Court entered the *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief* [No. 21-30589, Dkt. 3938] (the "Dismissal Order"). Pursuant to the Dismissal Order, the co-mediators appointed in the 2021 Chapter 11 Case were discharged of their duties, as provided therein, in that case. See Dismissal Order ¶ 11.

**Relief Requested**

9. Pursuant to section 105(a) of the Bankruptcy Code and Local Bankruptcy Rules 9019-1 and 9019-2, the Debtor seeks the entry of the Proposed Order (a) appointing the Co-Mediators to mediate (the "Mediation") a comprehensive resolution of this case (the "Mediation Issues"), (b) establishing the mediation procedures set forth in the Proposed Order, and (c) granting related relief. The Court granted the Debtor this same relief in the 2021 Chapter 11 Case. See 2022 Mediation Order.

10. The Debtor further requests that the Court refer the following parties (collectively, the "Mediation Parties") to the Mediation: (a) the Debtor; (b) Johnson & Johnson Holdco (NA) Inc.[4] and Johnson & Johnson (together, "J&J"); (c) any official committee of talc claimants appointed in this case (a "TCC"), by their member representatives, (d) the legal representative for future talc claimants appointed in this case (the "FCR"); (e) the insurers identified on Exhibit 1 to the Proposed Order; (f) the representative plaintiff in the action styled

---

[4] Holdco was formerly known as Johnson & Johnson Consumer Inc.

DiSanto v. Johnson & Johnson, Alberta Court of Queen's Bench (File Number 1901-11748) (the "DiSanto Plaintiffs"), the proposed representative plaintiff in the action styled Baker v. Johnson & Johnson, Ontario Superior Court of Justice (Court File No. CV-16-533046CP) (the "Baker Plaintiffs"), the proposed representative plaintiff in the action styled Williamson v. Johnson & Johnson, British Columbia Supreme Court (Case No. 179011) (the "Williamson Plaintiffs"), and any other Canadian representative(s), including the Canadian representative of the other putative classes active in Canada, who request to participate in the Mediation and agree to be bound by the terms of any entered mediation-related order if the Co-Mediators determine, in their sole discretion, such additional representative(s) should participate in the Mediation or the Court orders that such representatives should participate; and (g) any other party who wishes to participate in the Mediation and agrees to be bound by the terms of any entered mediation-related order if the Co-Mediators determine, in their sole discretion, such party should participate in the Mediation.

**Basis for Relief Requested**

11. Local Bankruptcy Rule 9019-2 provides for the mediation of proceedings in this Court by automatic referral, party request or by the Court's own motion.[5] See D.N.J. LBR 9019-2(a). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, this Court has authority to order the Mediation. See In re Atl. Pipe Corp., 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of

---

[5] As a technical matter, Local Bankruptcy Rule 9019-2 provides for the referral to mediation: (a) automatically, in the case of the majority of adversary proceedings; (b) by joint request of the parties or by the Court, in the case of contested matters; and (c) by request of a party on written notice to the other parties and the Court or by the Court's own motion at a status conference or hearing, in the case of adversary proceedings not automatically referred to mediation. Id. Absent referral to mediation, the Mediation Issues would likely be the subject of adversary proceedings or contested matters.

-6-

judicial authority for ordering mandatory non-binding mediation of pending cases, namely, (a) the court's local rules, (b) an applicable statute, (c) the Federal Rules of Civil Procedure, and (d) the court's inherent powers."); In re A.T. Reynolds & Sons, Inc., 424 B.R. 76, 85 (Bankr. S.D.N.Y. 2010) ("While it goes without saying that a court may not order parties to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk analysis.") rev'd on other grounds, 452 B.R. 374 (S.D.N.Y. 2011).

12. Several courts, including this Court, have ordered mediation in cases involving mass tort or similar liabilities. See, e.g., 2022 Mediation Order; *Order Establishing Mediation Protocol*, In re Aldrich Pump LLC, No. 20-30608 (JCW) (Bankr. W.D.N.C. Feb. 3, 2023), Dkt. 1608 (establishing court-ordered mediation upon the request of the Bankruptcy Administrator and over the objection of parties in interest); *Order (I) Appointing Mediators, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief*, In re Boy Scouts of Am., No. 20-10343 (LSS) (Bankr. D. Del. June 9, 2020), Dkt. 812 (ordering parties into mediation although no prior agreement on mediation had been reached between the parties); *Order Appointing Mediator*, In re PG&E Corp., No. 19-30088-DM (Bankr. N.D. Cal. Oct. 28, 2019), Dkt. 4499 at 3 (with the "expressed willingness of some of the principal parties to participate in mediation, the court will exercise its inherent authority under 11 U.S.C. § 105 and order the principal parties to make a good faith effort to mediate whatever issues can be identified with the help of the same experienced mediator. The obvious goal is to confirm a chapter 11 plan").

13. With the assistance of the Co-Mediators, the Debtor has made significant progress towards a consensual resolution of the Debtor's current and future talc claims. The Debtor intends to move quickly to obtain additional support for, and pursue confirmation of, a

plan of reorganization that contains the terms set forth in the plan support agreements. As a result, it is appropriate for the Court to order mediation now so that the parties may resume efforts to consensually resolve this case as soon as possible. Further, to facilitate a prompt resolution, the appointment of the Co-Mediators is essential given their familiarity with the Mediation Issues and the parties. Finally, the Court should approve the same mediation procedures that the parties agreed to, and the Court approved, in the 2021 Chapter 11 Case. This would avoid any delays to address disputes regarding the procedures, which were successfully utilized in the 2021 Chapter Case. Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order.

## Waiver of Memorandum of Law

14. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

## Notice

15. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of New Jersey; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; (c) counsel to J&J; (d) the proposed FCR and her proposed counsel; (e) the insurers identified on Exhibit 1 to the Proposed Order; (f) the DiSanto Plaintiffs, the Baker Plaintiffs, and the Williamson Plaintiffs; and (g) all parties in interest having filed notices of appearance in this Chapter 11 Case. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

16. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter the Proposed Order granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: April 10, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice* pending)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon
Brad B. Erens
Dan B. Prieto
Amanda Rush
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admission *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*