**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER (I) APPOINTING CO-MEDIATORS, (II) ESTABLISHING
MEDIATION PROCEDURES AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages is hereby **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536500170

(Page 2)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

Upon the motion (the "<u>Motion</u>"),[2] of LTL Management LLC, the debtor in the above-captioned case (the "<u>Debtor</u>"), pursuant to section 105(a) of the Bankruptcy Code and Local Bankruptcy Rules 9019-1 and 9019-2, and this Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the Standing Order of Reference; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being good and sufficient notice thereof; and upon consideration of the Motion; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. The Hon. Joel Schneider (Ret.), whose address is Montgomery McCracken Walker & Rhoads LLP, LibertyView, 457 Haddonfield Road, Suite 600, Cherry Hill, NJ 08002, and Gary Russo, whose address is Jones Walker LLP, Suite 1600, 600 Jefferson Street, Lafayette, LA 70501, are hereby appointed as Co-Mediators in accordance with the terms of this Order.

3. The Co-Mediators are authorized to mediate (the "<u>Mediation</u>") a comprehensive resolution of issues in the Chapter 11 Case (the "<u>Mediation Issues</u>"), which includes, without

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

limitation, a chapter 11 plan, and all matters related to the estimation and plan treatment of personal injury claims against the estate related to talc or talc-containing products.

4. The following parties (collectively, the "Mediation Parties") are referred to the Mediation: (a) the Debtor; (b) Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson (together, "J&J"); (c) any official committee of talc claimants appointed in this case (a "TCC"), by their member representatives, (d) the legal representative for future talc claimants appointed in this case (the "FCR"); (e) the insurers identified on Exhibit 1 to this Order; (f) the representative plaintiff in the action styled DiSanto v. Johnson & Johnson, Alberta Court of Queen's Bench (File Number 1901-11748) (the "DiSanto Plaintiffs"), the proposed representative plaintiff in the action styled Baker v. Johnson & Johnson, Ontario Superior Court of Justice (Court File No. CV-16-533046CP) (the "Baker Plaintiffs"), the proposed representative plaintiff in the action styled Williamson v. Johnson & Johnson, British Columbia Supreme Court (Case No. 179011) (the "Williamson Plaintiffs"), and any other Canadian representative(s), including the Canadian representative of the other putative classes active in Canada, who request to participate in the Mediation and agree to be bound by the terms of this Order if the Co-Mediators determine, in their sole discretion, such additional representative(s) should participate in the Mediation or the Court orders that such representatives should participate; and (g) any other party who wishes to participate in the Mediation and agrees to be bound by the terms of this Order if the Co-Mediators determine, in their sole discretion, such party should participate in the Mediation. Any reference in this Order to a "Mediation Party"

NAI-1536500170

(Page 4)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

shall include each Mediation Party identified in this paragraph irrespective of whether such party participates in any particular Mediation session.

5. Subject to the terms of this Order and applicable law, D.N.J. LBR 9019-1 and 9019-2, including, but not limited to, all confidentiality and privilege provisions therein applicable to mediation, as well as the following terms and guidelines will govern the Mediation process between the Mediation Parties:

a. The Debtor must immediately serve the Co-Mediators with a copy of this Order.

b. The scheduling and location of all Mediation sessions will be determined by the Co-Mediators. Sessions may be held in person, telephonically or by videoconference.

c. Notwithstanding anything to the contrary in the Local Bankruptcy Rules, the Co-Mediators may conduct the Mediation as they see fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Co-Mediators deem appropriate to conduct the Mediation, subject to the terms of this Order.

d. The Mediation Parties will make a good faith attempt to settle the Mediation Issues. The Mediation Parties, either personally or through a representative with authority to negotiate and settle the Mediation Issues, will make reasonable efforts to attend all sessions scheduled by the Co-Mediators to which they are invited to attend by the Co-Mediators.

(Page 5)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

    e. The Co-Mediators will be compensated at the rate of no more than $850.00/hour. The Co-Mediators are authorized to use associates or paralegals from their offices for necessary and reasonable assistance, at their standard rates. The Debtor is solely responsible for the Co-Mediators' fees. The fees are due not later than 30 days after presentation of the Co-Mediators' invoices, with copies to the TCC, the FCR, and the United States Trustee for Region 3 (the "U.S. Trustee").

    f. The Co-Mediators are permitted, at their discretion, to speak ex parte with the Court and/or the individual Mediation Parties and/or their representatives about the Mediation Issues.

    g. The Co-Mediators shall provide a status report, substantially in the form of the Local Form Mediation Report, no later than _____, 2023, and periodic status reports as they deem appropriate. Reports shall be filed under seal in the event that such reports disclose confidential settlement terms or proposals. An unredacted copy of any such report shall be provided to the U.S. Trustee and the U.S. Trustee shall maintain the confidentiality of such sealed report pursuant to 11 U.S.C. § 107(c)(3). An unredacted copy of any such report, together with periodic oral updates, also shall be provided to any information officer (the "Information Officer") appointed by the Canadian court in the proceedings commenced pursuant to Part IV of the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C 36 and with respect to which the Debtor has been

(Page 6)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

> appointed as foreign representative. The Information Officer shall maintain the confidentiality of any information provided to it hereunder consistent with paragraph 5 of this Order.
>
> h. Not later than 7 days after the conclusion of the Mediation, the date of which will be determined by the Co-Mediators or the Court, the Co-Mediators must file a Local Form Mediation Report.

6. Confidentiality:

> a. Except as provided in paragraph 6.c. below, unless the Co-Mediators and the Mediation Parties agree otherwise in writing, or unless disclosure is permitted or required by this Order or applicable law, including, without limitation, any state public disclosure laws, the Co-Mediators, the Mediation Parties, and other participants in the Mediation may not disclose to any entity or person who was not a participant in the Mediation any oral or written communication concerning the Mediation, including any document, report or other writing presented or used solely in connection with the Mediation (hereinafter, the "<u>Protected Information</u>").
>
> b. A Mediation Party who receives Protected Information may not disclose such Protected Information to another Mediation Party unless the Co-Mediators and the Mediation Party who disclosed such information agree in writing, or unless

(Page 7)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

> disclosure is permitted or required by this Order or applicable law including, without limitation, any state public disclosure laws.
>
> c. A Co-Mediator must disclose to a proper authority information obtained at a Mediation session if required by law, or if a Co-Mediator or a Mediation Party has a reasonable belief that the disclosure will prevent a Mediation Party from committing a criminal or illegal act likely to result in death or serious bodily harm.
>
> d. A Co-Mediator shall not testify in any judicial proceeding as to any Protected Information, statements, matters, occurrences or observations arising out of the Mediation except by express written agreement of all Mediation Parties. This clause is not applicable to any litigation to enforce the terms of any written agreement reached by the Mediation Parties in the course of the Mediation wherein the meaning or content of such agreement is put in issue.
>
> e. No written record or transcript of any discussion had in the course of Mediation is to be kept, absent express written agreement by the Mediation Parties.
>
> f. Subject to paragraphs 6.h., 6.i., 6.j., and 7, Protected Information, whether written or verbal, is not subject to discovery or admissible in evidence in any subsequent proceeding. A Mediation Party may by independent evidence establish the substance of Protected Information in the subsequent proceeding.

(Page 8)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

    g. The disclosure by a Mediation Party of information to the Co-Mediators that would otherwise be shielded from disclosure in any other proceeding by virtue of the attorney-client, attorney work product, or other applicable privilege does not waive or otherwise adversely affect the privileged nature of that information. The Co-Mediators shall not provide privileged information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the producing party (except that the Co-Mediators may disclose privileged information to any person assisting the Co-Mediators in the performance of their mediation duties, in which event such assistant shall be subject to the same restrictions as the Co-Mediators with respect to such privileged information). For the avoidance of doubt, information that is not privileged before it is shared with the Co-Mediators does not become privileged pursuant to this subparagraph 6.g. solely because it was shared with the Co-Mediators.

    h. For the avoidance of doubt, nothing herein prohibits a Mediation Party from disclosing its own position with respect to the treatment of claims or issues in the Chapter 11 Case or disclosing its own work product or underlying documents that were not prepared by another Mediation Party or the Co-Mediators for the purposes of Mediation in any subsequent litigation (including in this Court during the pendency of the Chapter 11 Case) solely because such documents were also used in whole or in part or such issues were discussed during the Mediation.

(Page 9)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

    i. Nothing provided in this Order shall prohibit or limit the Debtor's or any Debtor affiliate's right or obligation to share information, including Protected Information, with any insurer if required under any applicable insurance contract and such insurer agrees to maintain the confidentiality of such information.

    j. The Co-Mediators shall not be required to destroy documents, electronic files or information as set forth in paragraph 18 of the *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief*, In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023), Dkt. 3938 (the "Dismissal Order").

    k. Nothing provided in this Order shall prohibit or limit any insurer's right or obligation to share information, including Protected Information, with any other insurer, any reinsurer upon request of such reinsurer, or any auditor or regulator upon request of such auditor or regulator if required under any insurance contract, reinsurance contract or applicable regulation and such insurer, reinsurer, auditor or regulator is provided a copy of this Order and agrees to maintain the confidentiality of such information in accordance with this Order. If any such insurer, reinsurer, auditor or regulator does not agree to maintain the confidentiality of such information in accordance with this Order, then prior to disclosing such Protected Information, the applicable insurer shall promptly

NAI-1536500170

(Page 10)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

provide written notice of its intended disclosure to the Mediation Parties to permit any Mediation Party, at its own expense, to seek a protective order or take other appropriate action (collectively, a "Protective Motion"). If a Protective Motion is filed within fifteen days following the receipt of such notice (the "Notice Period"), the applicable insurer shall not produce the requested information to such reinsurer, auditor or regulator pending a determination of such motion. If no Protective Motion is filed within the Notice Period or the Protective Motion is denied, the applicable insurer may produce the requested information to such reinsurer, auditor or regulator consistent with any order in respect of the Protective Motion, if applicable.

7. Notwithstanding entry of this Order, the rights and arguments of all Mediation Parties and other parties in interest with respect to the discoverability or admissibility of information and documents exchanged in connection with the Mediation are expressly preserved.

8. Nothing contained in this Order shall in any way operate to, or have the effect of, imposing, impairing, altering, supplementing, changing, expanding, decreasing or modifying any rights or obligations of any insurer or of Johnson & Johnson or any of its subsidiaries or affiliates under any insurance contract issued to, naming, or providing or purporting to provide coverage to Johnson & Johnson or any of its subsidiaries or affiliates.

9. Except as provided in paragraphs 5 and 6 of this Order, this Order shall not affect: (a) any right of any party in interest to seek information from a Mediation Party or (b) any

NAI-1536500170

(Page 11)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators, (II) Establishing Mediation Procedures and (III) Granting Related Relief

obligation of a Mediation Party to disclose information.  Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including under sections 1123 and 1125, or the Federal Rules of Bankruptcy Procedure, including Rule 9019, or any other applicable law, including, without limitation, any state public disclosure laws.

10. In the event of a conflict between the terms of this Order and those of D.N.J. LBR 9019-1 and 9019-2, the terms of this Order shall control.

11. All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation.

12. The entry of this Order and participation in the Mediation shall not be deemed consent to the jurisdiction of this Court over any Mediation Party for any matter.

13. This Order shall be effective immediately upon its entry.

14. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

## Exhibit 1

- ACE Property and Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company)
- Affiliated FM Insurance Company
- AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania)
- AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A)
- AIU Insurance Company
- Allstate Insurance Company (solely as successor in interest to Northbrook Excess & Surplus Insurance Company, f/k/a Northbrook Insurance Company)
- Allianz Global Risk US Insurance Company (f/k/a Allianz Insurance Company and Fireman's Fund Insurance Company)
- Arrowood Indemnity Company
- ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.)
- Atlanta International Insurance Company (as successor in interest to Drake Insurance Company)
- Century Indemnity Company
- Employers Insurance Company of Wausau
- Employers Mutual Casualty Company, by its managing general agent and attorney-in-fact ProSight Specialty Insurance Company
- Everest Reinsurance Company
- First State Insurance Company
- Granite State Insurance Company
- Great Northern Insurance Company
- Hartford Accident and Indemnity Company
- The Insurance Company of the State of Pennsylvania
- Lexington Insurance Company
- Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company)
- National Casualty Company
- National Union Fire Insurance Company of Pittsburgh, Pa.
- New Hampshire Insurance Company
- The North River Insurance Company
- Pacific Employers Insurance Company
- N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark)
- Republic Indemnity Company of America
- Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)
- Sentry Insurance a Mutual Company (as assumptive reinsurer of Great Southwest Fire Insurance Company)
- Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)

- TIG Insurance Company
- Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)
- Westchester Fire Insurance Company
- Westport Insurance Corporation (f/k/a Puritan Insurance Company)