**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*



**Order Filed on April 12, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## ORDER AUTHORIZING THE DEBTOR TO
## ACT AS FOREIGN REPRESENTATIVE ON BEHALF OF THE DEBTOR'S ESTATE

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 12, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Debtor to Act as Foreign Representative on Behalf of the
Debtor's Estate

Upon the motion (the "Motion")[2] of LTL Management LLC, the debtor in the

above-captioned case (the "Debtor") pursuant to section 1505 of the Bankruptcy Code and Local

Bankruptcy Rule 9013-5, for an order (this "Order") authorizing the Debtor to act as the Foreign

Representative on behalf of the Debtor's estate in any judicial or other proceedings in Canada;

and this Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and

the Standing Order of Reference; and venue being proper in this District pursuant to 28 U.S.C.

§§ 1408 and 1409; notice of the Motion and the hearing before the Court (the "Hearing") being

good and sufficient; the Debtor having received informal comments from the U.S. Trustee

regarding the Motion and having resolved those comments as set forth in this Order; and upon

consideration of the Motion and the Kim Certification, as well as the statements of counsel with

respect to the Motion at the Hearing; and this Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth below.

2.      The Debtor is authorized, pursuant to section 1505 of the Bankruptcy

Code, to act as the Foreign Representative on behalf of the Debtor's estate in any judicial or

other proceedings in Canada and shall be authorized and have the power to act in any way

permitted by applicable foreign law, including, but not limited to (a) seeking recognition of the

---

[2]        Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Debtor to Act as Foreign Representative on Behalf of the
Debtor's Estate

Chapter 11 Case in the Canadian Proceeding, (b) requesting that the Canadian Court grant

comity to the Foreign Representative and the Chapter 11 Case, (c) seeking any other appropriate

relief from the Canadian Court that the Debtor deems just and proper in the furtherance of the

protection of the Debtor's estate; and (d) consistent with any orders of the Canadian Court,

paying the costs of the Court-appointed information officer and its counsel, each without further

order of this Court.

       3.     The Debtor shall file retention applications in this bankruptcy case

pursuant to section 327 of the Bankruptcy Code for any professionals it seeks to represent it as

the Foreign Representative.  In addition, any professionals retained by the Debtor as the Foreign

Representative will be required to file monthly, interim and final fee requests for allowance of

compensation and reimbursement of expenses pursuant to the procedures set forth in sections

330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy

Rules and any other such procedures as may be fixed by order of this Court.  Further, any

professionals retained by the Debtor as the Foreign Representative that are law firms shall make

a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation

and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger

Chapter 11 Cases*, effective as of November 1, 2013, concerning any monthly, interim and final

fee requests for allowance of compensation and reimbursement of expenses to be filed in this

case.  All professionals retained by the Debtor as the Foreign Representative that are law firms

shall provide any and all monthly, interim and final fee applications in "LEDES" format to the

United States Trustee.

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Debtor to Act as Foreign Representative on Behalf of the
Debtor's Estate

4.      This Court requests the aid and assistance of the Canadian Court to recognize the Chapter 11 Case as a "foreign main proceeding" and the Debtor as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

5.      The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

6.      The Debtor shall serve a copy of this Order on all parties required to receive service under D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order.

7.      The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.