**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on April 13, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

LTL MANAGEMENT LLC,[1]

Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**ORDER PURSUANT TO 28 U.S.C. § 156(c)**
**AND 11 U.S.C. § 105(a) FOR ENTRY OF AN ORDER AUTHORIZING**
**THE APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC**
**AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 13, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date

This matter coming before the Court on the *Debtor's Application Pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date* (the "<u>Application</u>"),[2] filed by the debtor in the above-captioned case (the "<u>Debtor</u>") pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code and Local Bankruptcy Rule 9013-5, for an order authorizing the appointment of Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") as claims and noticing agent (the "<u>Agent</u>") in the Chapter 11 Case, pursuant to the terms of the Engagement Agreement, <u>nunc pro tunc</u> to the Petition Date, as more fully set forth in the Application; the Court having reviewed the Application and the Tran Declaration; the Debtor having received informal comments from the U.S. Trustee regarding the Motion and having resolved those comments as set forth in this Order; the Court having considered the statements of counsel with respect to the Application at a hearing before the Court (the "<u>Hearing</u>"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (d) notice of the Application, the Hearing and the relief sought therein was sufficient under the circumstances; and the Court having determined

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date

that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

    1.    The Application is GRANTED to the extent set forth below.

    2.    The Debtor is authorized to retain Epiq on the terms and conditions set forth in the Application and the Engagement Agreement, nunc pro tunc to the Petition Date.

    3.    Epiq shall serve as the custodian of Court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain an official claims register for the Debtor and to provide the Clerk with a certified duplicate of any and all proofs of claim upon the request of the Clerk.

    4.    Epiq is authorized to establish and maintain the Case Website and to take such other action to comply with all the duties set forth in the Application.

    5.    The Debtor is authorized to compensate Epiq in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

    6.    Epiq shall maintain records of all services performed, showing dates, categories of services, fees charged and expenses incurred and serve monthly invoices on (a) the

NAI-1536535255

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date

Debtor, (b) counsel for the Debtor (c) the U.S. Trustee, (d) counsel to any official committee appointed in this case and (e) counsel to any legal representative for future talc claimants appointed in this case (collectively, the "Parties").

7. Parties shall have fourteen (14) days from receipt of the invoice to review such invoice and raise any objections, either formally through the filing of an objection with the Court or informally through a writing served on Epiq, to the fees and expenses being requested by Epiq.  If an objection is interposed, the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or Epiq's monthly invoices; provided that the parties may seek resolution of the matter from the Court if such efforts prove unsuccessful.  If no objection has been raised, the Debtor is authorized to pay Epiq the full amount of the requested fees and expenses upon expiration of the fourteen (14) day review without further order of the Court.  If an objection has been raised, the Debtor may not pay the objected to amount pending agreement of the parties or entry of an order of this Court authorizing payment.

8. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtor's estate.

9. Epiq shall:  (a) complete its reconciliation of prepetition fees and expenses actually incurred for the period prior to the Petition Date no later than the deadline set for retained professionals to file their first interim fee applications in the Chapter 11 Case; (b) make any adjustment to the amount of the retainer, as described in the Application, on or about that

NAI-1536535255

(Page 5)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date

date; and (c) disclose such adjustment to the Parties.  Subject to the foregoing adjustment, Epiq is authorized to apply any amount in excess of $25,000 to its postpetition fees and expenses, consistent with any terms relating to the application of retainers in any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals; provided however, that nothing herein shall subject Epiq to any such interim compensation order.

        10.     Notwithstanding anything to the contrary herein, Epiq may continue to hold $25,000 as a retainer until the termination of the Engagement Agreement, as security for the Debtor's payment obligations under the Engagement Agreement.  Following the termination of the Engagement Agreement, Epiq shall return to the Debtor any amount of the retainer that remains following application of the retainer to the payment of unpaid invoices.

        11.     The Debtor shall indemnify Epiq under the terms of the Engagement Agreement, as modified pursuant to this Order.

        12.     Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are separately approved by the Court.

        13.     Notwithstanding anything to the contrary in the Application or the Engagement Agreement, the Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either:  (a) juridically

NAI-1536535255

(Page 6)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date

determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, self-dealing, fraud or bad faith; (b) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (c) settled without the Debtor's consent prior to a judicial determination as to Epiq's gross negligence, willful misconduct, bad faith, fraud, or uncontested self-dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

14.    If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this Chapter 11 Case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, Epiq.  All parties

NAI-1536535255

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date

in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

15. The limitation of liability section in paragraph 8 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16. If Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk's Office and counsel to the Debtor and, upon approval of the Court, cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk's Office and counsel to the Debtor.

17. Except as ordered by the Court pursuant to section 107 of the Bankruptcy Code, all papers, dockets or other material filed in this case with Epiq shall be deemed public records open to examination by any entity at reasonable times without charge. Epiq may charge a fee for copying requested material, but the fee shall exceed that charged pursuant to the Bankruptcy Court Fee Schedule issued by the Judicial Conference of the United States in accordance with section 1930(b) of the title 28 of the United States Code.

18. Epiq shall not cease providing services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

19. The Debtor may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Epiq but that is not specifically authorized by this Order.

NAI-1536535255

(Page 8)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date

20. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

21. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 3.2 thereof, Epiq shall provide sixty (60) days prior written notice to the Parties of any increases to the unit prices, charges and professional service rates reflected in the Pricing Schedule, subject to the right to object to any such increases by the Parties.

22. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 11.3 thereof, the Court shall have exclusive jurisdiction over Epiq's engagement during the pendency of this chapter 11 case and the Arbitration clause shall have no force or effect during the pendency of this chapter 11 case.

23. Notwithstanding any contrary provision of the Engagement Agreement, the Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Agreement among the parties to the Engagement Agreement during the pendency of the Chapter 11 Case.

24. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

25. The requirements of Bankruptcy Rule 6004(a) are waived.

26. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

NAI-1536535255

(Page 9)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant To 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date

27. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

28. The Debtor shall serve a copy of this Order on all parties required to receive service under D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order.

29. Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

30. The Debtor and Epiq are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

31. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

NAI-1536535255