**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on April 13, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## ORDER EXTENDING THE TIME WITHIN WHICH
## THE DEBTOR MUST FILE ITS (I) SCHEDULES OF ASSETS AND
## LIABILITIES AND (II) STATEMENT OF FINANCIAL AFFAIRS

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 13, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Extending the Time Within Which the Debtor Must File Its (I) Schedules of
Assets and Liabilities and (II) Statement of Financial Affairs

This matter coming before the Court on the *Debtor's Motion for an Order Extending the Time Within Which it Must File its (I) Schedules of Assets and Liabilities and (II) Statement of Financial Affairs* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b) and Local Bankruptcy Rule 9013-5; the Debtor having received informal comments from the U.S. Trustee regarding the Motion and having resolved those comments as set forth in this Order; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (d) notice of the Motion and Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is GRANTED as set forth below.

2.       The time within which the Debtor must file its (a) schedules of assets and liabilities and (b) statement of financial affairs is extended through 5:00 p.m. ET on

---

[2]        Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Extending the Time Within Which the Debtor Must File Its (I) Schedules of
Assets and Liabilities and (II) Statement of Financial Affairs

May 5, 2023, without prejudice to the Debtor's right to seek further extensions of such deadline

upon a showing of cause therefor.

        3.     The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

        4.     The Debtor shall serve a copy of this Order on all parties required to

receive service under D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order

        5.     The time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

        6.     The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this Order

        7.     Any party may move for modification of this Order in accordance with

D.N.J. LBR 9013-5(e).

        8.     This Court shall retain exclusive jurisdiction over any and all matters

arising from or related to the implementation, enforcement or interpretation of this Order.