**UNITED STATES BANKRUPTCY COURT**
<u>**DISTRICT OF NEW JERSEY**</u>

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**NOTICE OF COMMENCEMENT OF**
**CHAPTER 11 CASE AND MEETING OF CREDITORS**

**Commencement of Chapter 11 Case**.  On April 4, 2023 (the "<u>Petition Date</u>"), LTL Management LLC, a North Carolina limited liability company (the "<u>Debtor</u>"),[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>").  The Debtor filed this chapter 11 case following the dismissal of its prior chapter 11 case.  The last four digits of the Debtor's federal tax identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]    The Debtor was formerly named Chenango One LLC, a Texas limited liability company.

NAI-1536539103

Chapter 11 of the Bankruptcy Code allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed (i.e., approved) by the Court. Eventually, when such a plan is proposed, you may be sent a copy of the plan and a related disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing to consider approval of the plan, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtor will remain in possession of its property and may continue to operate any business and manage any properties.

**Attorneys for the Debtor**. The attorneys representing the Debtor are: (a) Gregory M. Gordon, Dan B. Prieto and Amanda Rush, Jones Day, 2727 North Harwood Street, Dallas, Texas 75201, Telephone: (214) 220-3939, Facsimile: (214) 969-5100; (b) Brad B. Erens, Jones Day, 110 North Wacker Drive, Suite 4800, Chicago, Illinois 60606, Telephone: (312) 782-3939, Facsimile: (312) 782-8585; and (c) Paul R. DeFilippo, James N. Lawlor and Joseph F. Pacelli, Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Telephone: (212) 382-3300, Facsimile: (212) 382-0050.

**Meeting of Creditors**. Pursuant to section 341 of the Bankruptcy Code, the United States Trustee for the District of New Jersey (the "U.S. Trustee") has scheduled a meeting of creditors to be held on **May 11, 2023, at 10:00 a.m., prevailing Eastern Time**. The meeting of creditors shall be conducted via Zoom at the following link:

https://us02web.zoom.us/j/89960452806?pwd=azRzd2N6Ym5GbktWRVhiN2RsYWZrUT09

Please utilize the following meeting ID and passcode for the meeting:
Meeting ID: 899 6045 2806
Passcode: 956885

Parties may also attend the meeting telephonically by using the following dial-in information:

    (301) 715-8592 US (Washington DC)
    (312) 626-6799 US (Chicago)
    (929) 205-6099 US (New York)
    (253) 215-8782 US (Tacoma)
    (346) 248-7799 US (Houston)
    (669) 900-6833 US (San Jose)

Epiq Corporate Restructuring, LLC (the "Agent") shall post a banner on the Agent's website at https://dm.epiq11.com/LTL that provides the zoom and telephonic information concerning the meeting of creditors. The Debtor's representatives must be present at the meeting to be examined under oath by the U.S. Trustee and by creditors. Creditors are welcome to attend the meeting but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the Court.

**Creditors Generally May Not Take Certain Actions**. In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property. This means that creditors generally may not take action to collect debts from

NAI-1536539103

the Debtor or the Debtor's property.  Actions against other parties may be subject to the automatic stay to the extent such actions effectively are actions against the Debtor or its property or seek to pursue causes of action owned by the bankruptcy estate.  Under certain circumstances, the Debtor may request that the Court extend or impose a stay with respect to additional entities.  Here, the Debtor has obtained a temporary restraining order and is seeking a preliminary injunction extending or applying the automatic stay to certain non-debtor affiliates and other third parties (to the extent it does not already apply).  Prohibited actions are listed in section 362(a) of the Bankruptcy Code and common examples include:  (a) contacting the Debtor by telephone, mail or otherwise to demand payment of a pre-bankruptcy obligation; (b) taking actions to collect money or obtain property from the Debtor; (c) starting or continuing lawsuits against the Debtor; and (d) repossessing or foreclosing upon the Debtor's property.  See 11 U.S.C. § 362(a).  If unauthorized actions are taken by a creditor against the Debtor or its property or against any party covered by the automatic stay, the Court may penalize that creditor.  A creditor who is considering taking action against the Debtor or its property should review, among other things, section 362(a) of the Bankruptcy Code and any applicable orders of the Court and seek legal advice.

**Claims**.  A Proof of Claim is a signed statement describing a creditor's claim.  A Proof of Claim form is not included with this Notice, but you can obtain one at any United States Bankruptcy Court Clerk of Court's office or online at www.njb.uscourts.gov.  You may look at the Debtor's schedules of assets and liabilities that have been, or will be, filed (a) at the Clerk of Court's office, (b) by accessing the website maintained by the Debtor's claims and noticing agent at https://dm.epiq11.com/LTL free of charge or (c) by accessing PACER on the Court's website at https://www.njb.uscourts.gov for a nominal fee.  If your claim is scheduled and is not listed as disputed, contingent or unliquidated, it will be allowed in the amount scheduled unless you have filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent or unliquidated, then you must file a Proof of Claim if a bar date is set, or you might not be paid any money on your claim and may be unable to vote on a plan.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim may submit the creditor to the jurisdiction of the Court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Do not include this notice with any filing you make with the Court.**

**Notice of Bar Dates for Proofs of Claim**.  D.N.J. LBR 3003-1(a)(1) provides that the deadline to file Proofs of Claim, for creditors other than governmental units, is seventy (70) days from the Petition Date.  The Debtor intends to seek relief from local rule 3003-1(a)(1), including seeking to modify the deadline for filing Proofs of Claim.  D.N.J. LBR 3003-1(a)(2) provides that a governmental unit must file a Proof of Claim or interest no later than 180 days after the Petition Date.  No bar date has yet been established for the filing of Proofs of Claim.  If and when a bar date is established, a separate notice of the bar date (the "Bar Date Notice") will be provided.  Any such Bar Date Notice will contain information regarding the bar dates, a Proof of Claim form and instructions for completing and filing a Proof of Claim form.

**Filing Deadline for a Creditor with a Foreign Address**.  A deadline for filing claims may be set in a later Court order as set forth above, and, if so, will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign

address, the creditor may file a motion requesting the Court to extend the deadline. There is no assurance that such a motion would be granted. Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case.

**Case Management and Administrative Procedures**. The Court issued the *Order Granting Complex Chapter 11 Case Treatment*, pursuant to which the Debtor intends to file an Order Establishing Case Management and Administrative Procedures (the "Case Management Procedures Order"). All parties who desire to participate in this case must follow the procedures set forth therein. The Case Management Procedures Order will provide, among other things, that notice of proceedings in this chapter 11 case need only be sent to the parties on the established core service list and those parties that have filed a notice of appearance and request for notices in the chapter 11 case. Any party in interest that desires to receive notice in this chapter 11 case must file with the Court a notice of appearance and request for service and shall serve such request on: (a) Gregory M. Gordon, Dan B. Prieto and Amanda Rush, Jones Day, 2727 North Harwood Street, Dallas, Texas 75201, Telephone: (214) 220-3939, Facsimile: (214) 969-5100; (b) Brad B. Erens, Jones Day, 110 North Wacker Drive, Suite 4800, Chicago, Illinois 60606, Telephone: (312) 782-3939, Facsimile: (312) 782-8585; and (c) Paul R. DeFilippo, James N. Lawlor and Joseph F. Pacelli, Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Telephone: (212) 382-3300, Facsimile: (212) 382-0050. All creditors will receive notice of certain proceedings, including, but not limited to: (a) any bar dates (unless applicable to a limited population of creditors); (b) the time fixed for filing objections to, and any hearing to consider, a disclosure statement and/or confirmation of a chapter 11 plan; and (c) dismissal or conversion of the chapter 11 case to another chapter of the Bankruptcy Code.

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts**. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that you may never try to collect the debt from the Debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under section 1141(d)(6)(A) of the Bankruptcy Code, you must start a lawsuit by filing a complaint in the Court by **July 10, 2023** (i.e., 60 days after the meeting of creditors described above). The Clerk of Court's Office must receive the complaint and any required filing fee by such deadline.

**How to Obtain Documents**. Electronic copies of all pleadings or other documents filed in this case may be obtained for $0.10 per page or up to $3.00 per document for most documents via PACER on the Court's website at http://ecf.njb.uscourts.gov. Paper copies of all pleadings or other documents filed in this case may be obtained by sending a written request to the Agent, at LTLInfo@epiqglobal.com, P.O. Box 4421, Beaverton, Oregon 97076-4421 (Attn: LTL Case Team), or by contacting the Agent by telephone at (888) 431-4056. Additionally, free electronic copies of certain pleadings or other documents filed in this case will be posted on the Agent's website at https://dm.epiq11.com/LTL as soon as possible after filing.

**Court Filings**. This case has been assigned to the electronic case filing system. Any paper that you file in this bankruptcy case should be filed through the Court's electronic case filing (ECF) system, which may be accessed at https://www.njb.uscourts.gov or http://ecf.njb.uscourts.gov. Alternatively, papers may be filed at the Clerk of Court's office at the U.S. Bankruptcy Court, District of New Jersey, Office of the Clerk of Court, Clarkson S. Fisher US Courthouse,

402 East State Street, Trenton, New Jersey 08608.  Filings in this case may be accessed via the Court's website at https://www.njb.uscourts.gov or http://ecf.njb.uscourts.gov.

**Legal Advice**.  **Neither the Debtor's counsel, the Agent nor the staff of the Clerk of Court's Office can give you legal advice.  You may wish to consult an attorney to protect your rights.**

Dated:  April 18, 2023

Clerk of the United States Bankruptcy Court
For the District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608