**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S MOTION FOR AN ORDER**
**(I) SCHEDULING HEARING ON APPROVAL OF DISCLOSURE**
**STATEMENT; (II) ESTABLISHING DISCLOSURE STATEMENT**
**OBJECTION DEADLINE; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor (the "Debtor") moves pursuant to section 105 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order:  (a) scheduling the

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

hearing (the "Disclosure Statement Hearing") to consider the adequacy of the Debtor's proposed

disclosure statement (the "Disclosure Statement") concerning the Debtor's proposed plan of

reorganization, both of which the Debtor intends to file on or around May 14, 2023, and related

relief for **June 19, 2023, at 10:00 a.m. (prevailing Eastern Time)**; (b) shortening the notice

period for objections to approval of the Disclosure Statement by seven (7) days, from a

twenty-eight day period to a twenty-one day period; (c) establishing the deadline for objections

to approval of the Disclosure Statement and any other objections to any other relief sought in the

Disclosure Statement Motion (as defined below) for **June 5, 2023, at 4:00 p.m. (prevailing**

**Eastern Time)**; (d) establishing the deadline for responses in support of approval of the

Disclosure Statement and any other relief sought in the Disclosure Statement Motion for **June**

**15, 2023**; and (e) granting such other relief as the Court determines appropriate.  In support of

this Motion, the Debtor respectfully represents as follows:

### Introduction

The Debtor seeks to proceed as expeditiously and efficiently as possible,

consistent with due process, to achieve confirmation of a plan of reorganization that contains the

terms agreed to in the plan support agreements with various plaintiff law firms (the "Plan").

Consistent with the terms of the plan support agreements, the Debtor is working diligently to

finalize and file the Plan by May 14, 2023, or as soon thereafter as is feasible, together with the

Disclosure Statement and a motion for approval of procedures for the solicitation and tabulation

of votes on the Plan (the "Solicitation Procedures").  The Debtor intends to implement a noticing

program and solicit votes on the Plan soon after obtaining approval of the Disclosure Statement.

For the convenience of the Court and parties in interest, below is a summary of the key dates and deadlines proposed in this Motion.

| | |
|---|---|
| April 25, 2023: | Deadline for objecting to the relief sought in this Motion. |
| May 3, 2023: | Hearing to consider approval of this Motion. |
| May 14, 2023: | The Debtor files the Plan, the Disclosure Statement and motion seeking, among other things, approval of the Disclosure Statement and Solicitation Procedures (the "Disclosure Statement Motion"). |
| June 5, 2023: | Deadline for filing objections to approval of the Disclosure Statement and the other relief sought in the Disclosure Statement Motion, including approval of the Solicitation Procedures. |
| June 15, 2023: | Deadline for filing of responses in support of the Disclosure Statement Motion. |
| June 19, 2023: | Hearing to consider approval of the Disclosure Statement and the other relief sought by the Disclosure Statement Motion. |

### Jurisdiction and Venue

1.    This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

NAI-1536606551

2.     The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 9006(c)(1) of the Bankruptcy Rules.

**Background**

3.     On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.     The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.  It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5.     The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants.  That agreement has been memorialized in a series of plan support agreements.  The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of the Plan.  A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim [Dkt. 4] (the "First Day Declaration"), which was filed on the Petition Date.

6.     On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of talc claimants (the "Committee"), pursuant to section 1102 of the Bankruptcy Code.

-4-

## Relief Requested

7.      By this Motion, the Debtor respectfully requests that the Court (i) schedule the Disclosure Statement Hearing for **June 19, 2023, at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as the Court has availability; (ii) shorten the notice period for objections to approval of the Disclosure Statement by seven (7) days, from a twenty-eight day period to a twenty-one day period; (iii) establish the deadline for objections to approval of the Disclosure Statement and any other objections to any other relief sought in the Disclosure Statement Motion for **June 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**; and (iv) establish the deadline for responses in support of approval of the Disclosure Statement and any other relief sought in the Disclosure Statement Motion for **June 15, 2023**.

## Basis for Relief Requested

8.      Bankruptcy Rule 2002(b) requires that the Debtor give "not less than 28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . . ." Fed. R. Bankr. P. 2002(b).  Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a).

9.      Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

NAI-1536606551

### *The Disclosure Statement Hearing*

10.     The Debtor respectfully submits that it is reasonable and appropriate to schedule the Disclosure Statement Hearing on June 19, 2023, or as soon as practicable thereafter. The proposed Disclosure Statement Hearing date would be approximately 35 days following the filing of the Disclosure Statement, the Plan and the Disclosure Statement Motion and service of the Disclosure Statement Hearing Notice.  As such, the notice period for the Disclosure Statement Hearing complies with, and would exceed the notice required by, the Bankruptcy Rules without relief under Rule 9006(c).  See Fed. R. Bankr. P. 3017(a) (requiring 28 days' notice for hearing to approve disclosure statement).

### *The Disclosure Statement Objection and Response Deadlines*

11.     The Debtor proposes that objections, if any, to approval of the Disclosure Statement and the other relief sought in the Disclosure Statement Motion (collectively, "Disclosure Statement Objections") must be served on the Debtor, the Committee, and the U.S. Trustee so that they are received on or before **June 5, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Disclosure Statement Objection Deadline").  The Debtor also requests that the Court (a) set **June 15, 2023** (the "Response Deadline"), as the deadline for filing responses in support of approval of the Disclosure Statement and the other relief sought in the Disclosure Statement Motion and (b) permit the filing of consolidated replies to any Disclosure Statement Objections.

12.     The proposed Disclosure Statement Objection Deadline would be 21 days following the filing of the Plan, the Disclosure Statement and the Disclosure Statement Motion (assuming they are each filed on May 14, 2023) and service of the Disclosure Statement Hearing Notice, which will also be published on the Document Website (defined below).  The Debtor submits that no parties in interest will be prejudiced by the requested shortened objection period,

which is shortened only as to approval of the Disclosure Statement and not the other relief that would be sought in the Disclosure Statement Motion.  Further, shortening the deadline will benefit parties in interest by assisting with a prompt resolution of this Chapter 11 Case.  An expedited confirmation process, including prompt consideration of the Disclosure Statement, is in the best interest of the Debtor, its creditors, and other stakeholders.

13.     Given the significance of the relief sought in the Disclosure Statement Motion, the Debtor respectfully submits that a 10-day period to respond to any Disclosure Statement Objections is reasonable and necessary under the circumstances, and is consistent with the Local Rules of U.S. Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").  See D.N.J LBR 9013-2(a)(3) (providing that any reply be filed and served not later than four days before the hearing date).  Although the objection period for the relief sought in the Disclosure Statement Motion, other than approval of the Disclosure Statement itself, is only required under the Local Bankruptcy Rules to be fourteen (14) days (see D.N.J LBR 9013-2(a)(2)), the Debtor is providing parties twenty-one days to object to this relief and likewise requires adequate time to respond.

14.     For the foregoing reasons, the Debtor submits that sufficient cause exists to shorten notice of the Disclosure Statement Objection Deadline by approximately seven (7) days and respectfully requests that the Court enter an order:  (a) scheduling the Disclosure Statement Hearing for **June 19, 2023, at 10:00 a.m. (prevailing Eastern Time)**; (b) shortening, as applicable, and setting the Disclosure Statement Objection Deadline for **June 5, 2023, at 4:00 p.m. (prevailing Eastern Time);** and (c) setting the Response Deadline for **June 15, 2023**.

### Waiver of Memorandum of Law

15.     The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis

NAI-1536606551

upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

16.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the proposed legal representative for future talc claimants and her counsel; and (e) all parties in interest having filed notices of appearance in this Chapter 11 Case.  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

### No Prior Request

17.     No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court:  (a) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

NAI-1536606551

Dated: April 19, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*

Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (Admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**

Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

NAI-1536606551