**In the Matter Of:**

*In Re: LTL Management, LLC*

*RICHARD DICKINSON*

*April 17, 2023*



Case 23-12825-MBK    Doc 286-5    Filed 04/24/23    Entered 04/24/23 12:06:09    Desc
In Re: LTL Management, LLC    Exhibit 3    Page 2 of 19
Confidential                                                                                      Richard Dickinson
                                                                                                  April 17, 2023

1

1

2  UNITED STATES BANKRUPTCY COURT
   DISTRICT OF NEW JERSEY
3  ---------------------------------------------X
   In Re:
4

5  LTL MANAGEMENT, LLC,

6                              Debtor.

7
   Case No. 21-30589 (MBK)
8  ---------------------------------------------X

9            ***CONFIDENTIAL***

10

11

12 VIDEOTAPED DEPOSITION OF RICHARD DICKINSON

13

14

15

16 DATE:  April 17, 2023

17 TIME:  10:02 a.m.

18 PLACE:  ***REMOTE***

19 BEFORE:  Rebecca Schaumloffel, RPR, CCR-NJ

20 JOB NO:  2023-893393

21

22

23

24

25

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 3 of 19
Confidential
Richard Dickinson
April 17, 2023

2

```
 1

 2    A P P E A R A N C E S:

 3


 4


 5    BROWN RUDNICK
           Attorneys for the Talc Claimants
 6         7 Times Square
           New York, New York 10036
 7         BY:   LYDELL BENSON, ESQ.
                 MARK S. BALDWIN, ESQ.
 8


 9


10


11
      GENOVA BURNS, LLC
12         Attorneys for Creditors' Committee
           110 Allen Road, Suite 304
13         Basking Ridge, New Jersey
           BY:   DANIEL STOLZ, ESQ.
14


15


16


17    JONES DAY
           Attorneys for the Debtor
18         250 Vesey Street
           Suite 31
19         New York, New York 10281
           BY:   JAMES JONES, ESQ.
20               MARK RASMUSSEN, ESQ.

21


22


23    LEVY KONIGSBERG
           Attorneys for Talc Claimants
24         605 Third Avenue, 33rd floor
           New York, New York 10158
25         BY:   JEROME BLOCK, ESQ.
```

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 4 of 19
Confidential

Richard Dickinson
April 17, 2023

3

```
 1

 2

 3    Appearances (continued:)

 4

 5

 6    LOWENSTEIN SANDLER
           1251 Avenue of the Americas
 7         New York, New York 10020
           BY:  JENN KIMBLE, ESQ.
 8

 9

10

11    OFFICE OF THE UNITED STATES TRUSTEE
           Attorneys for the United States
12         Department of Justice
           One Newark Center
13         Suite 2100
           Newark, New Jersey 07102
14         BY:  JEFF SPONDER, ESQ.

15

16

17
      PACHULSKI STANG ZIEHL & JONES
18         Attorneys for Arnold & Itkin
           10100 Santa Monica Boulevard
19         13th floor
           Los Angeles, California 90067
20         BY:  KAREN DINE, ESQ.

21

22

23    THE RUCKDESCHEL LAW FIRM, LLC
           Attorneys for Paul Crouch
24         8357 Main Street
           Ellicott City, Maryland 21043
25         BY:  JONATHAN RUCKDESCHEL, ESQ.
```

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 5 of 19   Richard Dickinson
Confidential   April 17, 2023

4

```
 1

 2

 3    Appearances (continued:)

 4

 5
         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
 6            Attorneys for the Debtors
              One Manhattan West
 7            New York, New York 10001
              BY:  (No appearance)
 8

 9

10

11       WHITE & CASE
              Attorneys for Johnson & Johnson
12            767 Fifth Avenue
              New York, New York 10153
13            BY:  JOSHUA WEEDMAN, ESQ.
                   KATHYRN KUETHMAN, ESQ.
14

15

16       WOMBLE BOND DICKINSON
              Attorneys for Ad Hoc Committee of
17            States Attorney Generals
              100 Light Street
18            26th floor
              Baltimore, Maryland 21202
19            BY:  LISA TANCREDI, ESQ.

20

21

22       ALSO PRESENT:

23
              Deane Carstensen, Lexitas
24            John Kim, Esq.

25
                   *          *          *
```

5

1        R. DICKINSON

2        THE VIDEOGRAPHER:  We are now on

3    the record.  Today's date is April 14,

4    2023, and the time right now is

5    10:04 a.m. Eastern Daylight Time.

6        This is the video deposition of

7    Richard Dickinson in the matter of LTL

8    Management, LLC, filed in the United

9    States Bankruptcy Court, District of

10   New Jersey, case number 23-12825

11   (MBK).

12       This deposition is taking place

13   via web video conference with all

14   participants attending remotely.

15       My name is Dean Carstensen.  I'm

16   the videographer representing Lexitas.

17       Counsel will be noted on the

18   stenographic record.

19       And our court reporter today is

20   Rebecca Schaumloffel, also

21   representing Lexitas.

22       The court reporter can now swear

23   in the witness and then we may

24   proceed.

25       THE COURT REPORTER:  And just to

6

1              R. DICKINSON

2        note:  Today's date is April 17, 2023.

3

4

5  RICHARD DICKINSON, called as a witness,

6  having been first duly sworn by a Notary

7  Public of the States of New York, New

8  Jersey, and Pennsylvania was examined and

9  testified as follows:

10            MR. JONES:  Lydell, excuse me,

11        just for a second.

12            Mr. Dickinson, excuse me, as

13        well.

14            We have a standing agreement

15        with the committee in these cases

16        about provisional confidentiality of

17        the transcript.  It should be marked

18        as confidential pursuant to that

19        agreement.

20            We will be making new

21        designations of confidentiality within

22        24 hours of receiving the final

23        transcript, but anyone on the call now

24        who will not abide by provisional

25        confidentiality should sign off.  I

7

1 R. DICKINSON

2 know Mr. Sponder is going to make a

3 statement, and that's fine.

4 But, others, please sign off if

5 you're not willing to abide by

6 provisional confidentiality.

7 Thank you very much.

8 MR. SPONDER: Hi. This is Jeff

9 Sponder from the office of the United

10 States Trustee.

11 Judge Kaplan made a ruling on

12 this past Thursday carving out the

13 United States Trustee from the

14 District of New Jersey,

15 confidentiality or protective order,

16 and the United States Trustee did not

17 sign on to the prior case, LTL I one

18 Protective Order.

19 Thank you.

20 MR. BENSON: All right. I think

21 we can get started.

22 EXAMINATION BY

23 MR. BENSON:

24 Q. Good morning, Mr. Dickinson.

25 A. Good morning.

8

1                 R. DICKINSON

2     Q.    Can you hear me okay?

3     A.    I can.

4     Q.    All right. My name is Lydell

5 Benson. I'm an attorney with Brown Rudnick.

6 Brown Rudnick, we represent the Official

7 Committee of Talc Claimants.

8         How are you doing this morning?

9     A.    I'm doing great. How are you?

10    Q.    I'm doing well.

11        Are you represented by counsel

12 this morning?

13    A.    I am.

14    Q.    Could you please state your full

15 name for the record?

16    A.    Richard Frank Dickinson.

17    Q.    Mr. Dickinson, you were deposed in

18 connection with LTL's first bankruptcy,

19 correct?

20    A.    That is correct.

21    Q.    By Jeff Jonas, right?

22    A.    And others, correct.

23    Q.    And was that your first

24 deposition?

25    A.    Yes.

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 10 of 19   Richard Dickinson
Confidential                                              April 17, 2023

9

1                R. DICKINSON

2      Q.    Was that the last time you were

3   deposed?

4      A.    That is.

5      Q.    Okay.  Well, given that, let me go

6   over a few housekeeping matters for today's

7   deposition.

8            The court reporter will take down

9   my questions and your answers, so it's

10  critical that you provide verbal responses to

11  my questions.  Sometimes deponents will nod

12  their head or respond with uh-hum or mh-hmm

13  or hm-hmmm.  I will correct you if that

14  happens, but if you can try your best to give

15  verbal responses, that would be great.

16           It's also critical that only one

17  of us are speaking at a time, including your

18  counsel when we might be engaged in the back

19  and forth.  So I will do my best to allow you

20  to finish answering your question and I would

21  ask that you allow me to finish asking my

22  question before you begin.

23           Is that clear?

24     A.    Yes.  Mr. Benson, it's a little

25  muffled at times to hear you.

Case 23-12825-MBK    Doc 286-5    Filed 04/24/23    Entered 04/24/23 12:06:09    Desc
In Re: LTL Management, LLC    Exhibit 3    Page 11 of 19    Richard Dickinson
Confidential                                                  April 17, 2023

10

1                R. DICKINSON

2    Q.    How about now?

3    A.    I think that's better, but...

4    Q.    Okay, I'll try my best.

5          THE COURT REPORTER:  I was going

6    to say the same thing.  You were going

7    in and out.

8          MR. BENSON:  Okay.  How about

9    now?

10         THE COURT REPORTER:  Now seems

11   okay.

12         MR. BENSON:  Okay, good.

13         MR. BLOCK:  If you just keep

14   your voice up, I think that will be

15   fine.

16         MR. BENSON:  Okay, I can do

17   that.

18   BY MR. BENSON:

19   Q.    Mr. Dickinson, if you do not

20   understand a question, please ask for

21   clarification.  If you cannot hear my

22   question or if I'm not speaking loud enough,

23   you know, as you just did, please let me know

24   and I will try my best to raise my voice.

25         I may ask a bad question.  If I

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 12 of 19   Richard Dickinson
Confidential   April 17, 2023

11

1                    R. DICKINSON

2    do, just let me know; I will try to rephrase

3    it, have it read back.

4             You understand that today you are

5    giving testimony under oath?

6         A.   I do.

7         Q.   You understand that means that you

8    are legally obligated to answer these

9    questions truthfully?

10        A.   I do.

11        Q.   So we are seeking complete

12   information that encompasses all of your

13   knowledge on the subjects that we will cover

14   today.  And the purpose is for you to provide

15   complete and truthful answers.

16            Is there any reason that you're

17   aware of that you cannot testify completely

18   and honestly today?

19        A.   No.

20        Q.   You are welcome to ask for a

21   break, but I do ask that if I'm in the middle

22   of a question or if I have a pending

23   question, that you just let me finish that

24   before the break.  You don't need to give me

25   a reason why, that's totally fine.

                                                              12

1                    R. DICKINSON

2              Is that understood?

3        A.    Thank you for that, Mr. Benson.

4    Yes, it's understood.

5        Q.    All right.  If during the

6    deposition, you remember something that

7    changes a previous answer, please -- so you

8    can correct your prior answer.

9              Also, you may hear objections to

10   certain questions, which is fine.  In the

11   event that that happens, you should still do

12   the best that you can to answer my question.

13   If you are instructed not to answer, it's up

14   to you to take that advice of counsel.

15             And, again, just to reorient you,

16   just because we are taking a remote

17   deposition, what we'll do is I'll call out

18   documents, for example, tab 1, and the doc

19   tech will put the document on the screen as

20   we went through earlier.

21             THE COURT REPORTER:  Excuse me,

22       whoever is not speaking, please mute

23       yourself.  Thank you.

24             I muted them.

25       Q.    Mr. Dickinson, if I say LTL I or

Case 23-12825-MBK   Doc 286-5   Filed 04/24/23   Entered 04/24/23 12:06:09   Desc
In Re: LTL Management, LLC   Exhibit 3   Page 14 of 19   Richard Dickinson
Confidential   April 17, 2023

13

1  R. DICKINSON

2  LTL's first bankruptcy, can we agree that I'm

3  referring to the bankruptcy filed on

4  October 14, 2021?

5        A.   Yes.

6        Q.   And if I say LTL II or LTL second

7  bankruptcy, can we agree that I'm referring

8  to the LTL's bankruptcy filed on April 4,

9  2023?

10       A.   Yes.

11       Q.   Great.  Mr. Dickinson, where are

12 you located right now?

13       A.   I'm in New Brunswick, New Jersey.

14       Q.   Okay.  Is there anyone else in the

15 room with you?

16       A.   No.

17       Q.   I take it you are at your office?

18       A.   I am.

19       Q.   Okay.  So I assume you have other

20 materials in the room with you, your

21 computer, the mouse, notepads or notes, and

22 things like that?

23       A.   That is correct.

24       Q.   Do you have any other documents in

25 the room with you right now or at your ready?

136

1         R. DICKINSON

2  So...

3     Q.    Sir, could you identify any

4  financial consequence to LTL from terminating

5  the 2021 Funding Agreement?

6     A.    I'm going to defer to Mr. Kim and

7  the legal team for that answer.

8     Q.    So you, personally, cannot

9  identify any financial consequence to LTL

10 from terminating the 2021 Funding Agreement,

11 true?

12         MR. JONES:  Object as asked and

13     answered.

14     A.    No.

15     Q.    No, you cannot?

16     A.    I already answered that question.

17     Q.    Sir, I just don't want to have a

18 double negative.  You said no.  And I was

19 just trying -- so we're going to have to do

20 that again.

21         Mr. Dickinson, can you,

22 personally, identify any financial

23 consequence to LTL from terminating the 2021

24 Funding Agreement, yes or no?

25     A.    No, I cannot.

151

1             R. DICKINSON

2      Mr. Prieto told you.

3            But you can answer the question

4      about other persons.

5  BY MR. BLOCK:

6      Q.   Let me rephrase the question.

7            Other than what is shown here in

8  the minutes about what Mr. Prieto said to you

9  about the risk that the 2021 Funding

10 Agreement was potentially void or voidable,

11 do you have any other information about that?

12     A.   Once again, I'm going to defer to

13 the meeting minutes.  There could have been

14 -- more than Mr. Prieto, but I'm going defer

15 to the meeting minutes, resolutions, and the

16 presentations.

17     Q.   Okay.  No businessperson at JJCI

18 or J&J ever told you as a businessperson that

19 the 2021 Funding Agreement was void or

20 voidable, correct?

21     A.   That is correct.

22     Q.   No businessperson at J&J or JJCI

23 ever told you that they thought the 2021

24 Funding Agreement was unenforceable, correct?

25            MR. JONES:  Are you defining

152

1           R. DICKINSON

2      "businesspersons" other than lawyers?

3           MR. BLOCK:  Let's have the

4      question read back.

5           Yes, of course.

6           MR. JONES:  All right.  There

7      are business lawyers who are

8      credentialed with a JD, Mr. Block.

9           MR. BLOCK:  Let's just have the

10     question read back so we can get a

11     clean answer.

12          Actually, let me it ask again.

13     I think it will be quicker.

14          Sorry, Madam reporter.

15  BY MR. BLOCK:

16     Q.    Sir, can you hear me okay?

17     A.    I can.

18     Q.    Okay.  Mr. Dickinson, no

19  businessperson at J&J or JJCI ever told you

20  that they believed that the 2021 Funding

21  Agreement was unenforceable, correct?

22     A.    Correct.

23          MR. JONES:  Object -- you may

24     share that which is not a privileged

25     communication with counsel, if there

162

1  R. DICKINSON

2  its liabilities on April 3, 2023?

3       A.    Mr. Ruckdeschel, with all due

4  respect, I already answered that question.

5       Q.    You didn't, sir.  You said --

6       A.    I did answer that question.  I

7  just -- I referred you to the document that

8  you make your own conclusion, you know, from

9  the document that was within the -- imbedded

10 in the presentation and in our MOR filings.

11      Q.    On April 3 of 2023, was LPL able

12 to meet its liabilities as they came due?

13      A.    Yes.

14      Q.    All right.  On April 4, after the

15 restructuring, was LTL able to meet its

16 liabilities as they came due?

17      A.    Yes.

18      Q.    All right.  Now, sir, with respect

19 to the restructuring -- I'm sorry, strike

20 that question.

21            With respect to the dismissal of

22 the first bankruptcy, after the dismissal

23 order was entered on January 30th, I believe,

24 of 2023, did LTL perform any evaluation as to

25 how much money it would take to fund a return

163

1       R. DICKINSON

2  to litigating talc claims in the tort system

3  over the following 12 months?

4       A.   I didn't see any written

5  estimation or nor do I know of any.

6       Q.   All right.  And would that -- that

7  would be the same with respect to if I

8  expanded that period over the next -- did

9  LTL, after the January 30 dismissal order

10 from the Third Circuit, did LTL perform any

11 evaluation of how much cash flow it would

12 require to manage its talc liabilities in the

13 tort system over the next three years?

14      A.   I didn't see anything in writing,

15 nor did I do it.

16      Q.   All right.  And you are not aware

17 of any evaluation that was performed -- you,

18 the CFO of LTL, are not aware of any

19 evaluation that was performed to ascertain

20 what the expected cash flow demands would be

21 of returning these cases to the tort system.

22           Fair?

23      A.   That is fair, Mr. Ruckdeschel.

24           MR. RUCKDESCHEL:  All right.

25      And I have no further questions.