Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007,
22-2008, 22-2009, 22-2010, 22-2011

I N T HE

# United States Court of Appeals
# for the Third Circuit

---

IN RE: LTL MANAGEMENT LLC,

*Debtor*

---

*OFFICIAL COMMITTEE OF TALC CLAIMANTS,

*Appellant*

*(Amended per Court's Order dated 06/10/2022)

---

On direct appeal from the United States Bankruptcy Court
for the District of New Jersey, No. 21-30589, Adv. Proc. No. 21-3023

---

**MOTION TO STAY THE MANDATE**

---

GREGORY M. GORDON
BRAD B. ERENS
DAN B. PRIETO
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201

C. KEVIN MARSHALL
DAVID S. TORBORG
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

NEAL KUMAR KATYAL
SEAN MAROTTA
WILLIAM E. HAVEMANN
JO-ANN TAMILA SAGAR
PATRICK C. VALENCIA
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
neal.katyal@hoganlovells.com

March 22, 2023                                     *Counsel for LTL Management LLC*

13 context, noting that limiting such dismissals to "extraordinary cases is particularly appropriate" given that lack of good faith is an express statutory ground for later denying plan confirmation in Chapter 13, *see* 11 U.S.C. § 1325(a)(3), and Chapter 11, *see id.* § 1129(a)(3), both. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n.11 (2007). Bankruptcy courts "should be more reluctant to dismiss a petition for lack of good faith than to reject a plan for lack of good faith." *Id.* (citation omitted). Even if the Supreme Court does not entirely jettison the good-faith requirement, it is likely to be persuaded that this Court's standard is a bridge too far.

### B. LTL's petition for certiorari will present a substantial question regarding the standard of review that an appellate court applies to a bankruptcy court's good-faith findings.

The panel decision also creates a split regarding the standard of review that an appellate court applies in assessing good faith. The panel treated good faith as "essentially[] a conclusion of law" reviewed de novo without any deference to the Bankruptcy Court. Op. 33 (quoting *BEPCO*, 589 F.3d at 616). It "likewise" treated the Bankruptcy Court's finding of financial distress the same, giving it a "fresh look." Op. 33. The panel "[w]eigh[ed] the totality of facts and circumstances" itself, leading it to reject the Bankruptcy Court's conclusion that Old JJCI—rather than LTL—was the proper focus of the financial-distress analysis even though the funding agreement was part of the bankruptcy-driven

13

restructuring, and the restructuring was a "single integrated transaction" to resolve Old JJCI's talc liabilities.  Op. 43-44.  And the panel "evaluate[d] the financial condition of LTL" for itself, concluding it would "not accept [the bankruptcy court's] projections of future liability."  Op. 45-46.  By contrast, other courts of appeals review a bankruptcy court's good-faith finding under "the clearly erroneous standard."  *Premier Auto. Servs.*, 492 F.3d at 279; *see also In re Brazos Emergency Physicians Ass'n, P.A.*, 471 F. App'x 393, 394 (5th Cir. 2012); *In re Cedar Shore Resort, Inc.*, 235 F.3d at 379;  *In re Trident Assocs. Ltd. P'ship*, 52 F.3d 127, 132 (6th Cir. 1995); *In re Marsch*, 36 F.3d at 828.

Here, again, the Court's analysis is likely wrong and there is a reasonable possibility it will be reversed by the Supreme Court.  *See Nara*, 494 F.3d at 1133.  The instances in which the Supreme Court has "articulated a standard of deference for appellate review of district-court determinations reflect an accommodation of the respective institutional advantages of trial and appellate courts."  *Salve Regina Coll. v. Russell*, 499 U.S. 225, 233 (1991).  "[A] federal appellate court [has the] primary function as an expositor of law," *Miller v. Fenton*, 474 U.S. 104, 114 (1985), and is therefore best-suited to resolve questions that "contribute to the clarity of legal doctrine," *Salve Regina*, 499 U.S. at 233.  But a second (and in many cases, third) round of de novo consideration imposes added costs on judges and litigants alike, and it is ill-suited to occasions when an appellate court's

14