```
                    UNITED STATES COURT OF APPEALS
                       FOR THE THIRD CIRCUIT

IN RE:                            .    Case No. 22-2003/22-2004
                                  .
LTL MANAGEMENT LLC,               .    21400 U.S. Courthouse
           Debtor,                .    601 Market Street
                                  .    Philadelphia, PA 19106
OFFICIAL COMMITTEE OF TALC        .
CLAIMANTS,                        .    Monday, September 19, 2022
           Appellant.             .
. . . . . . . . . . . . . . . . . .
IN RE                             .    Case No. 22-2005
                                  .
LTL MANAGEMENT LLC,               .
           Debtor.                .
                                  .
LTL MANAGEMENT, LLC.              .
                                  .
         v.                       .
                                  .
THOSE PARTIES LISTED ON           .
APPENDIX A TO COMPLAINT AND       .
JOHN AND JANE DOES 1-1000         .
OFFICIAL COMMITTEE OF TALC        .
CLAIMANTS,                        .
           Appellant.             .
. . . . . . . . . . . . . . . . . .
IN RE:                            .    Case No. 22-2006/22-2007
                                  .
LTL MANAGEMENT LLC,               .
           Debtor.                .
                                  .
OFFICIAL COMMITTEE OF TALC        .
CLAIMANTS, ET AL.                 .
           Appellants.            .
. . . . . . . . . . . . . . . . . .
IN RE:                            .    Case No. 22-2008
                                  .
LTL MANAGEMENT LLC,               .
           Debtor.                .
                                  .
LTL MANAGEMENT LLC                .
                                  .
         v.                       .
                                  .
THIRD PARTIES LISTED ON           .
APPENDIX A TO COMPLAINT AND       .
JOHN AND JANE DOES 1-1000,        .
OFFICIAL COMMITTEE OF TALC        .
CLAIMANTS, ET AL.                 .
```

2

```
OFFICIAL COMMITTEE OF TALC       .
CLAIMANTS, ET AL.                .
              Appellants.        .
. . . . . . . . . . . . . . . . ..
IN RE:                           .  Case No. 22-2009
                                 .
LTL MANAGEMENT LLC,              .
              Debtor.            .
                                 .
ARNOLD & ITKIN LLP, ON BEHALF    .
OF CERTAIN PERSONAL INJURY       .
CLAIMANTS REPRESENTED BY         .
ARNOLD & ITKIN,                  .
              Appellant.         .
. . . . . . . . . . . . . . . . ..
IN RE:                           .  Case No. 22-2010
                                 .
LTL MANAGEMENT LLC,              .
              Debtor.            .
                                 .
AYLSTOCK WITKIN KRIES &          .
OVERHOLTZ PLLC, ON BEHALF OF     .
MORE THAN THREE THOUSAND         .
HOLDERS OF TALC CLAIMS,          .
              Appellant.         .
. . . . . . . . . . . . . . . . ..
IN RE:                           .  Case No. 22-2011
                                 .
LTL MANAGEMENT LLC,              .
              Debtor.            .
                                 .
LTL MANAGEMENT LLC               .
                                 .
         v.                      .
                                 .
THOSE PARTIES LISTED ON          .
APPENDIX A TO COMPLAINT AND      .
JOHN AND JANE DOES 1-1000        .
                                 .
AYLSTOCK WITKIN KRIES &          .
OVERHOLTZ, PLLC., ON BEHALF OF   .
MORE THAN THREE THOUSAND         .
HOLDERS OF TALC CLAIMS,          .
              Appellant          .
. . . . . . . . . . . . . . . . ..
```

TRANSCRIPT OF ORAL ARGUMENT
BEFORE
THE HONORABLE JUDGE THOMAS L. AMBRO
UNITED STATES THIRD CIRCUIT JUDGE
THE HONORABLE L. FELIPE RESTREPO
UNITED STATES THIRD CIRCUIT JUDGE
THE HONORABLE JULIO M. FUENTES
UNITED STATES THIRD CIRCUIT JUDGE

APPEARANCES:

For the Appellants:    MoloLamken
                       By:  JEFFREY A. LAMKEN, ESQ.
                       600 New Hampshire Avenue, N.W.
                       Washington, D.C.  20037

                       Kellogg Hansen Todd Figel & Frederick
                       BY:  DAVID C. FREDERICK, ESQ.
                       1615 M Street, N.W., Suite 400
                       Washington, D.C.  20036

For U.S. Trustee:      U.S. Department of Justice
                       By:  SEAN JANDA, ESQ.
                       Appellate Section
                       Room 7260
                       950 Pennsylvania Avenue, N.W.
                       Washington, D.C.  20530

For Appellees:         Hogan Lovells US
                       By:  NEAL K. KATYAL, ESQ.
                       555 Thirteenth Street, N.W.
                       Washington, D.C.  20004

Proceedings recorded by electronic sound recording, transcript produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609)586-2311     Fax No. (609) 587-3599**

**WWW.JJCOURT.COM**

4

# **I N D E X**

ORAL ARGUMENT                                              **PAGE**

    BY MR. LAMKEN                                        6

    BY MR. JANDA                                         35

    BY MR. FREDERICK                                     46

    BY MR. KATYAL                                        58

REBUTTAL ARGUMENT

    BY MR. LAMKEN                                        101

    BY MR. JANDA                                         115

    BY MR. FREDERICK                                     117

1              MR. KATYAL:  We are very sympathetic to exactly that
2  argument, Your Honor.  So refer to three points.  One is you're
3  exactly right that the ordinary course is a subsidiary would
4  declare bankruptcy.  That's your own opinion joined by Judge
5  Fuentes in In re Owens Corning back in 2005.  That's exactly
6  what happened.  That's what this Court approved.
7              Second, we're not here defending something in the
8  absence of a funding agreement.  If there is no funding
9  agreement, that valid bankruptcy purposes that Judge Kaplan
10 isolated those four look very different.  They look like
11 litigation advantages.
12             But here, if you were to ask what is the litigation
13 advantage that is served that could somehow dwarf Judge
14 Kaplan's four different findings of valid purpose, it would be
15 -- you're hard pressed to do so because this deal gives -- this
16 restructuring and this petition gives actually more to the
17 claimants, now all the claimants including future claimants.
18             And that's what Congress is telling you've got to do.
19             THE COURT:  This funding agreement has a bifurcation.
20 It will fund in bankruptcy and out of bankruptcy.  Isn't that
21 correct?
22             MR. KATYAL:  I believe it only funds in bankruptcy.
23 I mean --
24             THE COURT:  So what's it do outside of bankruptcy?
25             MR. KATYAL:  I don't think it has any life outside of

1          THE COURT:  They're pointing out the gateway
2  provision that you have to file a bankruptcy in good faith.
3  And they're claiming that this was not done.  So that's what
4  we're talking about.  That's the primary issue today.
5          MR. KATYAL:  And if that's what they're isolating, we
6  think Judge Kaplan found four different reasons why that -- why
7  the valid purpose of bankruptcy has been served.
8          THE COURT:  One just fact question, in terms of the
9  proposal made here to deal with the liabilities of LTL and the
10 funding, were those types of proposals, any variation of that
11 made in connection with the MDL litigation?
12         MR. KATYAL:  I don't believe the funding agreement
13 had anything to do with the MDL litigation.  Rather, as the
14 Court found in --
15         THE COURT:  Yeah, I'm just saying the concept.
16         MR. KATYAL:  Yeah, I don't know about the concept.  I
17 mean I think the only thing I'm aware of is the Court's finding
18 in A15 relying on their own expert that this was a single
19 integrated transaction and so -- with the restructuring and
20 funding agreement.
21         Now you had asked before, Your Honor, I just have to
22 slightly correct something.  I understand that the funding
23 agreement does have provisions for funding outside of
24 bankruptcy.
25         THE COURT:  Yeah, that's what I thought.