| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br><br>*Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re: | Chapter 11 |
| **LTL MANAGEMENT, LLC,** | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

**APPLICATION IN SUPPORT OF THE MOTION TO SEAL THE REDACTED PORTIONS AND EXHIBITS OF THE MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO DISMISS SECOND BANKRUPTCY PETITION OF LTL MANAGEMENT, LLC**

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"; "**LTL 2.0**"), respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the *Motion of the Official Committee of Talc Claimants to Dismiss Second Bankruptcy Petition of LTL Management, LLC* (the "**Motion to Dismiss**"), filed substantially contemporaneously herewith,[1] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

---

[1] A redacted version of the Motion to Dismiss has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Motion to Dismiss is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

**PRELIMINARY STATEMENT**

1. The redacted portions of the Motion to Dismiss include certain information designated by the Debtor as being confidential (collectively, the "Confidential Information")in accordance with that certain proposed *Agreed Protective Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* (the "Proposed Protective Order"[2]) and, to the extent applicable, that certain *Agreed Protective Order Governing Confidential Information* entered on December 21, 2021 [Dkt. No. 948] (the "**LTL 1.0 Protective Order**") in the first LTL Chapter 11 case, Case No. 21-30589 (MBK) ("**LTL 1.0**"). So as not to delay the filing of the Committee's Motion to Dismiss, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of LTL 1.0 Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Proposed Protective Order and, to the extent applicable, the LTL 1.0 Protective Order are hereby being expressly preserved.

2. For the reasons set forth herein, the Committee respectfully requests that the Motion to Seal be granted.

**JURISDICTION**

3. This Court has jurisdiction to consider this Motion to Seal and the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal and the Motion to Dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this

---

[2] As of the submission of this Motion to Seal, the Proposed Protective Order has not been finalized for submission to the Court.

district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4. The Debtor commenced the Chapter 11 case on April 4, 2023 (the "**Petition Date**"). No trustee has been appointed in the case, and the Debtor continues to operate as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on April 14, 2023 [Docket No. 162].

6. The Committee's Motion to Dismiss sets forth relevant preliminary and background matters which are incorporated herein by reference.

## APPLICABLE LAW

7. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

8. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined

as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

9. As previously stated, the Confidential Information redacted from the Committee's Motion to Dismiss includes certain information designated by the Debtor as being confidential in accordance with the Proposed Protective Order and LTL 1.0 Protective Order. So as not to delay the filing of the Committee's Motion to Dismiss, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of LTL 1.0 Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Proposed Protective Order and, to the extent applicable, the LTL 1.0 Protective Order are hereby being expressly preserved.

10. Therefore, the Committee's Motion to Seal should be granted.

**NO PRIOR REQUEST**

11. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the Confidential Information redacted from the Motion to Dismiss.

12. On April 17, 2023, the Committee filed in the LTL adversary proceeding commenced on the Petition Date, Adv. Proc. No. 23-01092 (MBK), as Docket No. 42, a *Motion to Seal the Redacted Portions of the Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a*

*Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction*, which the minutes of the April 18, 2023 hearing in the adversary proceeding reflect, was granted.

## RESERVATION OF RIGHTS

13.     The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: April 24, 2023

**GENOVA BURNS LLC**

By: */s/ Daniel M. Stolz*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:     (973) 230-2095
Fax:    (973) 533-1112
Email: DStolz@genovaburns.com
       DClarke@genovaburns.com

*Proposed Local Counsel for the Official
Committee of Unsecured Creditors*