| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> gkinoian@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br><br> *Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Robert J. Stark, Esq. <br> Michael S. Winograd, Esq. <br> Eric R. Goodman, Esq. <br> dmolton@brownrudnick.com <br> rstark@brownrudnick.com <br> mwinograd@brownrudnick.com <br> egoodman@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Jeffrey L. Jonas, Esq. <br> Sunni P. Beville, Esq. <br> jjonas@brownrudnick.com <br> sbeville@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br><br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP** <br> Jonathan S. Massey, Esq. <br> jmassey@masseygail.com <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br><br> *Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br><br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re: | Chapter 11 |
| **LTL MANAGEMENT, LLC,** | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

**APPLICATION IN SUPPORT OF THE MOTION TO SEAL THE
REDACTED PORTIONS OF THE
OFFICIAL COMMITTEE OF TALC CLAIMANTS' OBJECTION
TO DEBTOR'S MOTION FOR AN ORDER APPOINTING RANDI S.
ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"; "**LTL 2.0**"), respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the *Official Committee of Talc Claimants' Objection to Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* (the "**Objection**"), filed substantially contemporaneously herewith,[1] in response to the *Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* (the "**FCR Appointment Motion**") [Docket No. 87], and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

---

[1] A redacted version of the Objection has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Objection is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

- 2 -

## PRELIMINARY STATEMENT

1. The redacted portions of the Objection include certain information designated by the Debtor as being confidential (collectively, the "Confidential Information") in accordance with that certain proposed *Agreed Protective Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* (the "**Proposed Protective Order**"[2]) and, to the extent applicable, that certain *Agreed Protective Order Governing Confidential Information* entered on December 21, 2021 [Dkt. No. 948] (the "**LTL 1.0 Protective Order**") in the first LTL Chapter 11 case, Case No. 21-30589 (MBK) ("**LTL 1.0**"). So as not to delay the filing of the Committee's Objection, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of LTL 1.0 Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Proposed Protective Order and, to the extent applicable, the LTL 1.0 Protective Order are hereby being expressly preserved.

2. For the reasons set forth herein, the Committee respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory

---

[2] As of the submission of this Motion to Seal, the Proposed Protective Order has not been finalized for submission to the Court.

predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4. The Debtor commenced the Chapter 11 case on April 4, 2023 (the "**Petition Date**"). No trustee has been appointed in the case, and the Debtor continues to operate as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5. The Committee was appointed on April 14, 2023 [Docket No. 162].

6. The Committee's Objection sets forth relevant preliminary and background matters which are incorporated herein by reference.

## APPLICABLE LAW

7. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

8. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted).

- 4 -

9. As previously stated, the Confidential Information redacted from the Committee's Objection includes certain information designated by the Debtor as being confidential in accordance with the Proposed Protective Order and LTL 1.0 Protective Order. So as not to delay the filing of the Committee's Objection, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of LTL 1.0 Protective Order, to the extent applicable. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Proposed Protective Order and, to the extent applicable, the LTL 1.0 Protective Order are hereby being expressly preserved.

10. Therefore, the Committee's Motion to Seal should be granted.

## PRIOR REQUESTS

11. On April 24, 2023, the Committee filed a *Motion to Seal the Redacted Portions and Exhibits of the Motion of the Official Committee of Talc Claimants to Dismiss Second Bankruptcy Petition of LTL Management, LLC* [Dkt. No. 287, with respect to Dkt. No. 286]. That motion to seal is currently scheduled to be heard on May 22, 2023 at 10:00 a.m. In that motion to seal, the Committee is seeking the same relief (subject to the same reservation of rights) as being sought in this Motion to Seal with respect to certain information designated by the Debtor as being confidential under the terms of the Proposed Protective Order and the LTL 1.0 Protective Order which designated information includes the Confidential Information that is the subject of this Motion to Seal. The objection deadline with respect to the Committee's April 24, 2023 motion to seal [Dkt. No. 287] has not yet passed and the Court has not yet ruled on that motion.

12. Also, on April 17, 2023, the Committee filed in the LTL adversary proceeding commenced on the Petition Date, Adv. Proc. No. 23-01092 (MBCK), as Docket No. 42, a *Motion*

*to Seal the Redacted Portions of the Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction*. In that motion to seal, the Committee sought the same relief (subject to the same reservation of rights) as being sought in this Motion to Seal with respect to certain information designated by the Debtor as being confidential under the terms of the Proposed Protective Order which designated information includes the Confidential Information that is the subject of this Motion to Seal. The minutes of the April 18, 2023 hearing in the adversary proceeding reflect that that motion to seal was granted.

### **RESERVATION OF RIGHTS**

13. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: April 26, 2023

**GENOVA BURNS LLC**

By: */s/ Gregory S. Kinoian*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    Gregory S. Kinoian, Esq.
    110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 467-2700
Fax:   (973) 467-8126
Email: DStolz@genovaburns.com
        DClarke@genovaburns.com
        GKinoian@genovaburns.com

*Proposed Local Counsel for the Official Committee of Talc Claimants*