Levy Konigsberg, LLP
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6200
*Counsel for Paul Crouch, Individually and as*
*Executor and as Executor Ad Prosequendum of*
*the Estate of Cynthia Lorraine Crouch*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LTL MANAGEMENT LLC, | ) |
| | ) Case No.: 23-12825 - MBK |
| Debtor. | ) |

**OBJECTION OF PAUL CROUCH TO DEBTOR'S MOTION FOR AN**
**ORDER APPOINTING RANDI S. ELLIS AS LEGAL REPRESENTATIVE**
**FOR FUTURE TALC CLAIMANTS**

Paul Crouch, individually and as executor *as prosequendum* of the Estate of Cynthia Lorraine Crouch, respectfully files the following Opposition to the Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants (Doc. No. 87).

In the interests of judicial economy, Mr. Crouch adopts the arguments advanced in the Request of the Official Committee of Talc Claimants (Doc. No. 311) and the arguments of the MRHFM law firm, regarding the Debtor's Motion and does not restate those cogent and compelling arguments here.

Mr. Crouch submits this separate Objection to highlight the particular issues before this Court regarding the *express* requirement of the debtor and its controlling corporate parent J&J that any plan in this case include a discharge of J&J's independent, non-derivative liability (as well as that of numerous retailers). Mr. Crouch has repeatedly raised this issue with the Court, both in

1

LTL1 and in this proceeding, and it has implications with respect to the proposed appointment of an FCR in this case as well.

First, given the truly breathtaking and still largely secret discussions between Ms. Ellis, J&J and the Debtor (and others) while LTL1 was pending and as described in the other Objections to the Debtor's Motion, there cannot be any realistic contention that Ms. Ellis' appointment as an FCR in LTL2 is appropriate. While it appears on the limited record already disclosed that Ms. Ellis has abandoned any objectivity regarding this matter, there can be no dispute that the *appearance* of objectivity and impartiality is irreparably lost.

Second, any appointment of an FCR at this time would have to be limited to protecting the state-law jury trial rights of future claimants against the Debtor. Absent the demonstration of an actual (as opposed to artificially manufactured) limited fund, there is no statutory or other legal basis for any FCR in this matter to advocate for any resolution of this case that does not preserve, in full, the rights of future claimants to seek unrestricted tort-system recourse against the Debtor. At this point in the case, that means dismissal. The Third Circuit's decision in LTL1 makes clear that the bankruptcy system cannot be used to avoid state law jury trial rights of claimants (present or future) absent legitimate, good-faith, financial distress.

LTL has failed to demonstrate any factual basis to support a claim of financial distress and admits, as Mr. Crouch has already demonstrated in his submissions regarding the preliminary injunction, (a) that LTL's ability to fund talc claims today is as good or better than JJCI could *before* the divisive merger that created LTL; (b) that LTL can pay its debts as they come due; and (c) that LTL has done no analysis of how much money it would take to fund talc litigation in the tort system over the next one year, three years or for any period of time. Accordingly, on that

alone, LTL has not demonstrated that there is any financial distress that would support a conclusion that there is an actual limited fund.

In addition to the $30 billion in assets that it admits currently having under Funding Agreement 2.0 ("FA2"), LTL has (1) a $61 billion dollar preference/fraudulent transfer action against J&J for the collusive cancelation of Funding Agreement 1 (FA1); (2) potential causes of action against its directors and officers for disregarding their fiduciary duty to LTL and the Estate and agreeing to the scheme that resulting in the cancelation of FA1, its replacement with FA2 and related agreements, and this second bankruptcy filing; and (3) potential actions against Jones Day and LTL's other counsel who were involved in the allegedly incompetent drafting of FA1 that resulted in it being "void or voidable" and for counseling LTL to embark on this collusive and pretextual second bankruptcy. These additional assets make proof of financial distress and a limited fund for LTL nearly impossible.[1]

Third, because this case is *expressly* seeking to discharge the independent, non-derivative liability of J&J (and many retailers), none of whom are insolvent or in financial distress, under *Combustion Engineering*, there must be a separate FCR with respect to J&J and the retailers. *In re Combustion Engineering,* 391 F.3d 190, 237-38 (3rd Cir. 2004).

While Mr. Crouch believes that this Court need not and should not appoint any futures claims representative until the foundational issue of jurisdiction of the Court is resolved, if the

---

[1] In this regard, one must keep in mind that the only liabilities that can be considered are those of LTL – and do not include J&J's independent non-derivative liabilities, or those of any retailers. LTL must demonstrate that it is in immediate and real financial distress based on its own liabilities and based on its own assets. It cannot and has not done so. While FA2 and the related contracts conditionally purport to agree to fund an $8.9 billion (present value) trust to resolve all present and future claims against LTL, the debtor has made no secret that any resolution in this case will require that J&J's liability be discharged.

Court is inclined to appoint a future claims representative anyway, it must appoint at least two – one regarding claims against LTL, and one regarding claims against J&J and the retailers. In the unlikely event that LTL could ever demonstrate good faith and survive dismissal of this action, it is nearly certain that the rights of future claimants in all circumstances are best served by preservation of full, immediate and unrestricted tort-system recourse against J&J and the retailers, who indisputably have not shown any limited fund or other financial distress and against whom victims have the right to seek "recourse against solvent entities."

**WHEREFORE**, Ms. Crouch requests that the Court enter an Order DENYING the Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants (Doc. No. 87)

Respectfully submitted:

Dated: April 26, 2023

/s/ Jerome H. Block
Jerome H. Block (I.D. 272002018)
LEVY KONIGSBERG, LLP
605 Third Avenue, 33rd FL
New York, NY 10158
Tel: (212) 605-6200
Fax: (212) 605-6290
Email: jblock@levylaw.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor
and as Executor Ad Prosequendum of the
Estate of Cynthia Lorraine Crouch
and
JONATHAN RUCKDESCHEL
The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, Maryland 21043
Email: ruck@rucklawfirm.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor
and as Executor Ad Prosequendum of the
Estate of Cynthia Lorraine Crouch
*Admitted Pro Hac Vice