UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:        jeffrey.m.sponder@usdoj.gov
               lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL Management LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Hearing Date: May 3, 2023 @ 10:00 a.m.<br><br>Honorable Michael B. Kaplan, Chief Judge |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION
FOR AN ORDER APPOINTING RANDI S. ELLIS AS LEGAL
REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"),

through his undersigned counsel, files this objection ("Objection") to the Debtor's *Motion for an*

*Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* ("Motion")[1]

(Dkt. 87), and respectfully states:

**PRELIMINARY STATEMENT**

The U.S. Trustee does not object to the Debtor's general request for the appointment of a

---

[1] Capitalized terms used herein that are not otherwise defined herein shall have the meanings
ascribed to such terms in the Motion.

legal representative for future talc claimants (the "Future Claimants' Representative"), which is

important and appropriate relief in a chapter 11 case alleging significant tort claim liabilities from

asbestos.[2] ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████[3] ███████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████.[4] ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████[5]

At the very least, more information is required to determine whether Ms. Ellis meets the

fiduciary standard—akin to a guardian ad litem—set by the Third Circuit that she is "able to act in

accordance with a duty of independence from the debtor and other parties in interest in the

bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective

advocate for the best interests of the future claimants."[6] Moreover, just as the Court determined it

would not automatically re-appoint the same mediators from the first case and asked for new

---

[2] The Debtor has not conceded that the J&J talc products at issue contained asbestos.
[3] ███████████████████████████████████████████████
███████████████████████████.
[4] ███████████████
[5] ███████████████.
[6] *See In re Imerys Talc America, Inc.*, 38 F.4th 361, 374 (3d Cir. 2022).

recommendations, so, too, should the Court take a fresh look at candidates for Future Claimants'
Representative.

## JURISDICTION

1.     This Court has jurisdiction to hear and determine this Objection.

2.     Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the
administration of chapter 11 cases filed in this judicial district.  This duty is part of the U.S.
Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and
interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d
498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.     Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.
*See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d
294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11
U.S.C. § 307, which goes beyond mere pecuniary interest).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

**General Case Background**

4.     On April 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for
relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the
"Bankruptcy Code").  *See* Dkt. 1.

5.     The Debtor continues to operate its business as a debtor in possession pursuant to
11 U.S.C. §§ 1107 and 1108.

6.     No trustee or examiner has been appointed in these chapter 11 cases.

7.     On April 14, 2023, the Office of the United States Trustee appointed an Official
Committee of Talc Claimant Creditors (the "TCC").  *See* Dkt. 162.

**The Appointment of Randi S. Ellis as Future Claimants' Representative in Debtor's First Bankruptcy Case.**

8.    On March 18, 2022, during the Debtor's first bankruptcy case, the Court entered an Order appointing Ms. Ellis as Future Claimants' Representative. *See In re LTL Mgmt. LLC*, No. 21-30589 (MBK) (Bankr. D.N.J. Mar. 18. 2022), at Dkt. 1786.

9.    Ms. Ellis's appointment was the result of a selection protocol instituted by the Court, which lead to the consensual selection of Ms. Ellis as Future Claimants' Representative. *See id.* at Dkt. 1135.

10.    Ms. Ellis served as the Future Claimants' Representative until the dismissal of the first bankruptcy case on April 4, 2023. *See id.* at Dkt. 3938.

**The Motion Seeking the Appointment of Randi S. Ellis as Future Claimants' Representative in Debtor's Second Bankruptcy Case.**

11.    On April 4, 2023, approximately two hours after its first bankruptcy case was dismissed, the Debtor again filed a voluntary chapter 11 petition with this Court. On April 10, 2023, the Debtor on its own initiative filed the Motion seeking the appointment of Ms. Ellis as Future Claimants' Representative in the second bankruptcy case.

12.    In support of the Motion, the Debtor states that "future talc claimants, a key constituency in this chapter 11 Case, [must] be adequately represented. As a result, the prompt appointment of a future claimants' representative who is in a position to immediately participate in negotiations regarding a plan of reorganization is critical." *See* Dkt. 87-1 at ¶ 9.

13.    In further support of the Motion, the Debtor filed the Declaration of Randi S. Ellis (the "Declaration"). *See* Dkt. 87-2. Pursuant to the Declaration, Ms. Ellis sets forth that she "would be able to act in accordance with a duty of independence from the Debtor and other parties in interest in the chapter 11 Case and a duty of undivided loyalty to the future talc claimants." *See id.* at ¶ 4.

14.



.[7]

.[8]

.[9] None of this information was disclosed in the Motion or in the Declaration. Such information only came to light through discovery concerning the preliminary injunction motion.

15.     For the reasons set forth below, the Court should deny the Motion and instead institute a process to appoint a Future Claimants' Representative. There are questions as to whether Ms. Ellis meets the standard required of a Future Claimants' Representative. In addition, discovery appears necessary to determine whether during the first bankruptcy case Ms. Ellis fulfilled her duties of independence and loyalty to future claimants and whether she can meet them in the second bankruptcy case.

**ARGUMENT**

**I.     The Standard for Appointment of a Future Claimants' Representative.**

16.     The standard for appointment of a Future Claimants' Representative was recently articulated by the Third Circuit in the *Imerys case*. 38 F.4th 361, 374.[10] There, the Third Circuit ruled that "the FCR standard requires more than disinterestedness. An FCR must be able to act in

---

[7]

[8]

[9]

[10] This new standard was set after the appointment of Ms. Ellis in the first bankruptcy case.

accordance with a duty of independence from the debtor and other parties in interest in the

bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective

advocate for the best interests of the future claimants." *See id.* (footnote omitted).

17.     The Third Circuit explained that the Future Claimants' Representative "standard

does not herald a categorical approach to an FCR's appointment." *See id.* at 378.  The existence

of a conflict in connection with the appointment of a Future Claimants' Representative is less

relevant than the nature of the conflict and its importance to the interests of future claimants.  *See*

*id.*

18.     The Third Circuit further explained that it was not proscribing any process the

bankruptcy court must follow in making an appointment of a Future Claimants' Representative

but "implicit in the FCR appointment standard is one procedural requirement:  that whatever

process the bankruptcy court follows ensures that the court has the information necessary to assess

the candidate(s)'s qualifications." *See id.* at 379.  Provided the bankruptcy court has adequate

information to assess a Future Claimants' Representative's qualifications, "variations in the

appointment process are otherwise within the discretion of the bankruptcy court." *See id.*

**II.     A Future Claimants' Representative Should be Appointed Pursuant to a
Robust and Open Process.**

19.     Here, unlike the first bankruptcy case where the Court instituted a process to select

the Future Claimants' Representative, the Debtor seeks to dispense with this step by presenting

one candidate and asking the Court to again appoint Ms. Ellis.

20.     The statute plainly contemplates that the Court, not the debtor or another party,

should appoint the representative.   The statute provides that "the *court* appoints a legal

representative." 11 U.S.C. § 524(g)(4)(B)(i) (emphasis added).  Unlike other Code provisions,

section 524(g) does not provide that the Court defer to choices advocated by a particular party.

*See id.* § 702(b) (stating that creditors "may elect one person to serve as trustee" in chapter 7 case if certain conditions are met); *id.* § 327(a) ("[T]he trustee, with the court's approval, may employ" professionals.).  The Court thus should not appoint solely based on the Debtor's selection.

21.    This makes sense.  In general, parties to a bankruptcy case have no incentives to put a strong advocate in the role, and a representative who owes her selection to a party may well be reluctant to jeopardize her future relations with that party.  *Cf. In re Williams*, 277 B.R. 114, 118 (Bankr. C.D. Cal. 2002) (noting that "any creditor with a disputed claim would love to select her future opponent").  Courts have thus instead concluded that any party in interest, including the debtor, may nominate a Future Claimants' Representative.  *See, e.g., In re Duro Dyne Nat'l Corp.*, No. 18-27963 MBK, 2019 WL 4745879, at *6 (D.N.J. Sept. 30, 2019) (noting that any party in interest, including the debtor, may nominate a Future Claimants' Representative); *Federal Ins. Co. v. W.R. Grace*, No. 04-844, 2004 WL 5517843, at *8 (D. Del. Nov. 22, 2004) (same); *Fairbanks*, 601 B.R. at 838 (same).  Nomination is not the same as selection.

22.    The Court should deny the Motion and instead institute a process similar to that from the first bankruptcy case that allowed other parties-in-interest to nominate a Future Claimants' Representative.  In the first bankruptcy case, parties submitted candidates to the court and limited discovery was allowed, including but not limited to information bearing upon whether the nominee is a "disinterested person" under 11 U.S.C. § 101(14).[11]  Any process in the second bankruptcy case should also allow notice and an opportunity to be heard, declarations to be filed, and limited discovery conducted.  *See In re UNR Industries, Inc.*, 46 B.R. 671, 676 (Bankr. N.D.

---

[11] In *Imerys,* the Third Circuit ruled that "disinterestedness" is not the standard to use when selecting a Future Claimants' Representative.  38 F.4th 361, 374.  Ms. Ellis's appointment in the first bankruptcy case, which occurred prior to the issuance of the *Imerys* opinion, appears to have been under the "disinterestedness" standard.

Ill. 1985) (providing for notice and a hearing); *In re Duro Dyne Nat'l Corp.*, No. 18-27963 MBK, 2019 WL 4745879, at *6 (D.N.J. Sept. 30, 2019) (upholding process that included disclosures, notice, and a hearing).

**III.    Debtors Have not Established that Ms. Ellis Satisfies the Future Claimants' Representative Standard Given the Unanswered Questions About Her Role During Case One While Perhaps Planning for Case Two.**

23.    Additional disclosures and discovery are necessary here to determine if Ms. Ellis can fulfill the heightened duties owed by fiduciaries.

24.



[14] Why was none of this information disclosed in the Motion or the Declaration?

25.    During the three weeks since the second bankruptcy case was filed, several parties have questioned the independence and loyalty of Ms. Ellis and whether she can serve as an effective advocate for future claimants. As such, the Motion should be denied, and a Court ordered process implemented to allow for the selection of a Future Claimants' Representative that includes

---

[12] ███████

[13]

[14]

appropriate discovery.  At a minimum, the Court should defer consideration of the Motion until

the parties can conduct discovery on the many questions about what happened and when with

respect to Ms. Ellis and her negotiations with the Debtor.

26.     The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found

at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or

modify this Objection.

WHEREFORE, the U.S. Trustee respectfully submits that the Court deny the Motion and

order the implementation of a process by which a Future Claimants' Representative may be

selected, and discovery taken and grant such other relief as the Court deems just and necessary.


Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9


By: /s/ Jeffrey M. Sponder
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov