

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

**Daniel M. Stolz, Esq.**
Partner
Member of the NJ Bar
dstolz@genovaburns.com
Direct: 973-230-2095

April 28, 2023

<u>By ECF and Electronic Mail</u>
Honorable Michael B. Kaplan
United States Bankruptcy Judge
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

  **Re:** **In re LTL Management LLC**
    **Case no. 23-12825 (MBK)**
    **File no. 24987.002**
    **Motion to dismiss**
    **Hearing Date: May 22, 2023 at 10:00 a.m.**

Dear Judge Kaplan:

  This firms serves as proposed local counsel to the Official Committee of Talc Claimants (the "TCC") with regard to the above referenced matter. On April 24, 2023, the TCC filed a motion to dismiss this Chapter 11 case and the motion is returnable on May 22, 2023 at 10:00 a.m. We write to the Court to request that the Court conduct a conference with regarding to the motion to dismiss at the Court's regularly scheduled Omnibus hearing on May 3, 2023 at 10:00 a.m. We respectfully raise the following three topics that we believe should be addressed at that conference.

  *First*, Section 1112(b)(3) provides that the Court "shall commence the hearing on the motion under this subsection not later than 30 days after the filing of the motion and shall decide the motion not later than 15 days after commencement of such hearing." The Court is permitted to extend these periods only if the movant expressly consents to such extension or if compelling circumstances warrant such extension. The TCC wishes to advise the Court that it will not consent to the extension of the deadlines set forth in Section 1112(b)(3) and does not believe that compelling circumstances exist to extend such deadlines.

Newark, NJ • New York, NY • Lambertville, NJ • Philadelphia, PA • Jersey City, NJ • Basking Ridge, NJ



We have engaged in meet and confer sessions with Debtor's counsel, as well as with counsel for all parties. We are awaiting information from the Debtor's counsel as to its proposed witness list and deadline for issuing document requests. We will provide that information on behalf of the TCC as well, In all events, however, the TCC does not believe that any sweeping new discovery is necessary at this point given the high degree of overlap between the issues that were litigated on the Preliminary Injunction Motion and those that are relevant to the pending Motion to Dismiss. As a result, we do not believe that compelling circumstances exist so as to justify extending the date of the hearing. The day in court to which so many victims of J&J products are entitled has been delayed long enough.

*Second,* as the Court is aware, the Debtor disclosed that, between the issuance of the Third Circuit opinion in LTL 1 and the filing of the within section Chapter 11 petition by LTL, the assets of LTL were substantially diminished through agreements between LTL and its parent company J&J. When we sought to question John Kim with regard to discussions and negotiations between LTL and J&J, the Debtor refused to allow Mr. Kim to answer, asserting that there existed a common interest privilege between J&J and LTL. J&J's counsel has asserted the same in connection with questions to its witnesses. The TCC believes that such an assertion is absurd on its face given the obvious adversity of interests between LTL and J&J as to that asset. Termination of the 2021 Funding Agreement was plainly bad for LTL and good for J&J. The TCC respectfully requests that this issue be addressed on May 3, 2023 and a briefing schedule on the issue, if necessary, be ordered.

*Third*, the Debtor has unilaterally designated large portions of board minutes, documents, and deposition testimony "confidential", requiring those materials to be sealed in pleadings filed by the TCC and the Office of the United States Trustee. The TCC intends to challenge most (if not all) of those designations. The TCC respectfully requests that the limits of confidentiality be addressed by the Court on May 3 and that the Court set a schedule to address the TCC's challenges well prior to the commencement of the May 22 hearings.

The TCC expects that counsel for other parties will share their views with the Court with regard to the matters raised herein as well, either before or at the May 3 conference, should the Court agree to schedule same.

Respectfully submitted,

**GENOVA BURNS LLC**

*/s/   DANIEL M. STOLZ*
DANIEL M. STOLZ

DMS:drm



Cc: Gregory M. Gordon, Esq. (by email gmgordon@JonesDay.com)
Allison Brown, Esq. (by email Allison.Brown@skadden.com)
M. Watt, Esq. (by email mcwatts@wattsguerra.com)
Joe Satterley, Esq. (by email jsatterley@kazanlaw.com)
Linda Richenderfer, Esq. (by email Linda.Richenderfer@usdoj.gov)
Jeffrey M. Sponder, Esq. (by email jeffrey.m.sponder@usdoj.gov)
Clay Thompson, Esq. (by email CThompson@mrhfmlaw.com)
Jerome Block, Esq. (by email Jblock@levylaw.com)
Moshe Maimon, Esq. (by email Mmaimon@levylaw.com)
Laura Davis Jones, Esq. (by email ljones@pszjlaw.com)
Andy Birchfield, Esq. (by email Andy.Birchfield@BeasleyAllen.com)
Jon Ruckdeshel, Esq. (by email ruck@rucklawfirm.com)
L. Kagan, Esq. (by email lkagan@sgptrial.com)
D. Prieto, Esq. (by email dbprieto@jonesday.com)
A. Rush, Esq. (by email asrush@jonesday.com)
Ericka Johnson, Esq. (by email ericka.johnson@wbd-us.com)
Chris Placitella, Esq. (by email cplacitella@cprlaw.com)
Melanie Cyganowski, Esq. (by email mcyganowski@otterbourg.com)
David J. Molton, Esq. (by email DMolton@brownrudnick.com)
Jeffrey L. Jonas, Esq. (by email JJonas@brownrudnick.com)
Michael S. Winograd, Esq. (by email MWinograd@brownrudnick.com)
Susan Sieger-Grimm, Esq. (by email SSieger-Grimm@brownrudnick.com)

Genova Burns LLC
Newark, NJ • New York, NY • Lambertville, NJ • Philadelphia, PA • Jersey City, NJ • Basking Ridge, NJ