| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>**May 3, 2023 at 10:00 a.m.** |

**DEBTOR'S OMNIBUS REPLY
IN SUPPORT OF ITS MOTION FOR AN ORDER APPOINTING
RANDI S. ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

        LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), submits this reply in support of its *Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 87] (the "Motion")[2] and in response to

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1536726104

objections to the Motion (collectively, the "Objections") filed by the following parties (collectively, the "Objecting Parties"): (a) the Official Committee of Talc Claimants (the "TCC") [Dkt. 311] (the "TCC Objection"); (b) Paul Crouch [Dkt. 318] (the "Crouch Objection"); (c) Maune Raichle Hartley French & Mudd, LLC [Dkt. 320] (the "Maune Raichle Objection"); and (d) the United States Trustee for the District of New Jersey (the "U.S. Trustee") [Dkt. 321] (the "UST Objection"). The Debtor also submits the *Declaration of Daniel J. Merrett in Support of the Debtor's Omnibus Reply in Support of* its *Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* (the "Counsel Declaration"), filed contemporaneously herewith. In support of this Reply, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

Notwithstanding the Objecting Parties' unsupported allegations and personal attacks, the record demonstrates that Ms. Ellis's conduct as the future claimants' representative (the "FCR") in the 2021 Chapter 11 Case was beyond reproach and that she acted at all times in accordance with the standards for an FCR. See In re Imerys Talc Am., Inc., 38 F.4th 361, 374 (3d Cir. 2022) ("An FCR must be able to act in accordance with a duty of independence from the debtor and other parties in interest in the bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective advocate for the best interests of the future claimants."). She was appointed in March 2022 after a court-ordered process resulted in the Debtor and the claimants agreeing that she should be the FCR. At the time, the talc claimants' committees and other parties publicly lauded Ms. Ellis's expertise and suitability for the role. She is even more qualified now to serve as the FCR as a result of her active and diligent participation in the 2021 Chapter 11 Case, where she developed an extensive understanding of the Debtor's current and future talc-related claims.

NAI-1536726104

The Debtor commenced this Chapter 11 Case with significant support from counsel to thousands of claimants for the material terms of a plan of reorganization set forth in plan support agreements. The Debtor expects to file a plan and related disclosure statement by May 14, 2023, and will seek to solicit votes on the plan as soon as practicable. Given the progress the Debtor has made toward a resolution of this Chapter 11 Case supported by the vast majority of the talc claimants, it is imperative that the Court appoint an FCR who has the knowledge and experience to promptly engage on the Debtor's proposed plan. Given her experience and knowledge about the Debtor, Ms. Ellis is uniquely qualified to serve as the FCR and avoid any unnecessary delay in the resolution of this Chapter 11 Case.[3]

In a transparent effort to delay further progress in this Chapter 11 Case, counsel representing a minority of talc claimants, including the TCC, make false allegations about Ms. Ellis to try to convince this Court to deny the Motion. They disingenuously argue that Ms. Ellis lacks independence primarily because she engaged in settlement discussions in the 2021 Chapter 11 Case. They incorrectly speculate that she already has agreed to the material terms of the plan support agreement, when she was not even aware of those terms. And they even claim that the inclusion of her name in the term sheet attached to the plan support agreements (the "Term Sheet") as a possible claims administrator is potentially criminal even though she knew nothing about that either. At bottom, the Objections try to weave mischaracterizations with benign facts to create a fictitious narrative that suggests that Ms. Ellis is somehow under the Debtor's influence or acted out of self-interest rather than for the benefit of the future claimants.

---

[3] The Debtor disagrees with the TCC's argument that maximizing the potential for a successful case outcome of this Chapter 11 Case is irrelevant to Ms. Ellis's suitability to serve as FCR. TCC Obj., 14-15.

NAI-1536726104

The indisputable facts demonstrate that the allegations in the Objections are flat wrong. There was nothing improper with Ms. Ellis's continued engagement in settlement efforts with the Debtor and other parties after the Third Circuit issued its dismissal opinion. In point of fact, she was required to do so by the Court's mediation order and later by the Court's explicit instructions to continue informal settlement discussions. Although Ms. Ellis was aware of the possibility of a second chapter 11 filing, she ultimately declined to submit a declaration in support of the filing of this Chapter 11 Case. Moreover, the Debtor has no reason to believe Ms. Ellis was even aware of the terms of the plan support agreements or Term Sheet prior to the commencement of this Chapter 11 Case. As a result, she has neither agreed to support nor rejected the terms of the Debtor's proposed plan set forth therein, including that future claimants would be entitled to no more than one third of the $8.9 billion net present value that will be provided to the trust.

The Debtor did not provide Ms. Ellis with any inducement to support the proposed plan. Ms. Ellis was provisionally identified—without her knowledge—as a possible claims administrator candidate in the Term Sheet solely in the interests of providing a fast and equitable recovery to claimants. The Debtor understands that Ms. Ellis was not even aware that she was proposed as the claims administrator in the Term Sheet. In any event, the Debtor has since learned that, upon information and belief, Ms. Ellis is not willing or available to act as the claims administrator, even if requested to do so.

Despite the efforts of some Objecting Parties to smear Ms. Ellis's independence and reputation, there are no grounds to disqualify her from appointment as the FCR in this Chapter 11 Case, and there is no other candidate even remotely as well qualified under the circumstances. In light of those facts, the Court should not adopt the U.S. Trustee's suggestion

-4-

of running a second, time-consuming nomination and selection process, see UST Obj., ¶ 19-22, which would only create unnecessary delay, both before and after appointment, and play into the hands of the other Objecting Parties by restricting the Debtor's ability to move this Chapter 11 Case forward promptly.

**REPLY**

**I.    Ms. Ellis's Participation in Ongoing Settlement Discussions After the Third Circuit Opinion Was in Furtherance of Her Duty to Future Claimants.**

There is no basis for the suggestion by some Objecting Parties that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ See, e.g., TCC Obj., ¶ 21; UST Obj., ¶ 14; Crouch Obj., 2; Maune Raichle Obj., 14-19.

After January 30, Ms. Ellis continued in her role as the FCR in the 2021 Chapter 11 Case until discharged on April 4, 2023. See Dkt. No. 3938 in Case No. 21-30589, ¶ 10.[4] During the intervening period, Ms. Ellis continued settlement discussions as required by the Court's mediation order and consistent with the Court's instructions. See, e.g., Text Order dated March 23, 2023 in Case No. 21-30589 ("The Parties are urged to continue informal settlement discussions"). Ms. Ellis was acting in her constituents' best interests—as well as

---

[4]    Although the filing of this Chapter 11 Case shortly after dismissal of the 2021 Chapter 11 Case is unusual, there is nothing unusual about the appointment of an FCR who was involved in prepetition negotiations. See, e.g., Oct. 16, 2018 Hr'g Tr., 16:24-17:2, In re Duro Dyne Nat. Corp., Case No. 18-27963 (MBK) (Bankr. D.N.J. Oct. 16, 2018) aff'd 2019 WL 4745879 (D.N.J. Sept. 30, 2019) (overruling objections of US Trustee and insurers to appointment of FCR based on prepetition involvement in negotiations; "[T]his Court finds that [] Mr. Fitzpatrick has during the prepetition period negotiated effectively and can effectively represent the interest of the future claimants going forward."); accord *Bench Ruling on Motion to Appoint James L. Patton, Jr. as the Legal Representative for Future Talc Personal Injury Claimants*, In re Imerys Talc Am., Inc., Case No. 19-10289 (LSS) [Dkt. 503], at 10-11 (Bankr. D. Del. May 8, 2019) aff'd 2020 WL 6888278 (D. Del. Nov. 24, 2020) aff'd 38 F.4th 361 (3d Cir. 2022) (overruling US Trustee's objection to appointment of FCR based on his prepetition involvement). Copies of these bench rulings in Duro Dyne and Imerys are attached to the Counsel Declaration as Exhibit A and Exhibit B, respectively.

-5-

following the Court's mediation order and later instructions—by continuing to explore a potential resolution of the talc claims after the Third Circuit's decision.[5]

The TCC's "surprise[] and shock[]" that Ms. Ellis continued to do her job during the period between January 30 and the date of her discharge on April 4 is feigned. TCC Obj., ¶ 2. Apparently concerned that its outrage would be revealed for the artifice it is, counsel to the TCC asserted a common-interest privilege on behalf of Mr. Molton with respect to all of Mr. Molton's own conversations with Ms. Ellis during that period. Molton Dep. Tr. 7:13-17 ("Conversations with Ms. Ellis, the FCR in this case, in the last case, prior to April 4 of this year, and that's pursuant to common interest privilege.").[6]

## II. Ms. Ellis Has Not Agreed to Any Settlement, Including to Limit the Amount of Future Claimants' Recoveries to One Third of $8.9 Billion.

The independence of Ms. Ellis, and the falsity of the suggestions of collusion by the TCC and other Objecting Parties, is underscored by the fact that she has not signed a plan support agreement or otherwise agreed to the terms of the Debtor's proposed plan. The Debtor has no reason to believe she was even aware of those terms before this Chapter 11 Case commenced. The eventual agreement by the FCR not to "assign more than 1/3 of the Trust corpus to qualifying future claims" is a condition to the effectiveness of the qualification and

---

[5] Maune Raichle devotes seven pages of its objection to arguing that Ms. Ellis breached her duties to future claimants in the 2021 Chapter 11 Case before the Third Circuit entered its opinion by making these determinations. See Maune Raichle Obj., 8-14. But this is contrary to this Court's own view that "justice will best be served" for current and future claimants "by expeditiously providing critical compensation through a court-supervised, fair, and less costly settlement trust arrangement." In re LTL Mgmt., LLC, 637 B.R. 396, 430 (Bankr. D.N.J. 2022), rev'd and remanded 64 F.4th 84 (3d Cir. 2023).

[6] An excerpted copy of Mr. Molton's deposition transcript is attached to the Counsel Declaration as Exhibit C. Mr. Molton also claimed a common interest privilege with respect to his communications with the U.S. Trustee at his deposition on April 17, 2023. Molton Dep. Tr. 47:25-58:3. The following day, at the hearing on April 18, 2023, counsel for the U.S. Trustee denied that any common interest agreement ever existed between the parties. See Apr. 18, 2023 Hr'g Tr., 14:12-13 ("Let me tell you this. I have entered into no common interest agreement with the TCC."). An excerpted copy of the April 18, 2023 hearing transcript is attached the Counsel Declaration as Exhibit D.

NAI-1536726104

payment terms of the Term Sheet. Term Sheet, 2. But the TCC Objection turns this fact on its head with the baffling argument that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TCC Obj., ¶ 25. She did not. The record clearly reflects that Ms. Ellis did not sign any agreement supporting the proposed financial terms of a resolution or the Debtor's chapter 11 plan. See Apr. 18, 2023 Hr'g Tr., 144:25-145:3 ("And the FCR, Ms. Ellis, chose not to execute that as well, correct?" "Correct . . . she did not submit any plan support agreement.") (testimony of John Kim). Nor could she have because she apparently had no knowledge of the details of those terms.

Ms. Ellis therefore did not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TCC Obj., ¶ 27. She did not yet agree to any amount at all.

**III.    The Suggestion of Ms. Ellis as a Possible Claims Administrator Candidate Was Made for the Benefit of Claimants Without Ms. Ellis's Knowledge.**

The record before the Court also could not be more clear that the provisional identification of Ms. Ellis as a possible claims administrator in the Term Sheet was made solely for the benefit of claimants. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[7]    An excerpted copy of Mr. Murdica's deposition testimony is attached to the Counsel Declaration as Exhibit E.

NAI-1536726104

██████████████████████████████████

█████████████████████████████████.[8]  The suggestion was thus purely a practical one based upon the knowledge Ms. Ellis had accumulated as the FCR in the 2021 Chapter 11 Case to promote an efficient claims process.  ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████

      Because this evidence is inconsistent with their agenda, the TCC and other Objecting Parties ignore it entirely and attempt to impugn Ms. Ellis's character with baseless allegations that ██████████████████████████████████████████████████████

███████████████████████████████ TCC Obj., ¶ 32, pursuant to which Ms. Ellis "sought and/or accepted" the role "in exchange for her support of a second bankruptcy."  Maune Raichle Obj., 2, see also TCC Obj., ¶¶ 4, 31; UST Obj. ¶¶ 14, 24; Maune Raichle Obj., 16-17.  The TCC goes so far as to once again imply ████████████████████████████████████████

████████████████████████████  See TCC Obj., ¶ 32 n.27.

      But these allegations are refuted by the record.  Upon information and belief, Ms. Ellis was not even aware, prior to the commencement of this Chapter 11 Case, that she had been identified in the Term Sheet as a possible claims administrator.  Every witness testified consistently with that fact.  ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[8] An excerpted copy of Mr. Watts's deposition testimony is attached to the Counsel Declaration as Exhibit F.

NAI-1536726104

██████████████████████████████████████████████████████████

████████████████████████████████. Mr. Kim testified that he understood "there was no offer or discussion about this," and that he does not "believe Ms. Ellis even knows that her name appears in" the Term Sheet.  Apr. 18, 2023 Hr'g Tr., 90:18-19, 91:19-20.  Mr. Kim's "understanding is that . . . Mr. Murdica never talked to Ms. Ellis about . . . this and he had put her name [as] a placeholder."  Id. at 91:22-25.  ████████████████████████████████

████████████████████████████████████████████████████████████.

The existing record in this Chapter 11 Case, therefore, clearly debunks the TCC and other Objecting Parties' unfounded suggestion that the Debtor induced Ms. Ellis's support (which, in any event, is not yet forthcoming) or that Ms. Ellis was in any way influenced by the suggestion that she might potentially make an appropriate claims administrator.

### IV.    Dismissal Arguments Should Not Delay Appointment of the FCR.

Several Objecting Parties argue that no FCR should be appointed (or to the extent an FCR is appointed, its duties should be limited to protecting future claimants' state-law jury trial rights) because they believe that the Chapter 11 Case is subject to dismissal.  See Crouch Obj., 2-3; Maune Raichle Obj., 3-5.  These Objecting Parties may pursue dismissal, but this Chapter 11 Case, and the protection of rights of future claimants, should not be put on hold pending such litigation.  Indeed, appointment of an FCR, who can promptly represent the interests of future claimants in any litigation regarding dismissal of this Chapter 11 Case, is even more urgent given their pending motions to dismiss.

---

9    An excerpted copy of Mr. Haas's deposition testimony is attached to the Counsel Declaration as Exhibit G.

## CONCLUSION

For all of the reasons set forth above, the Debtor respectfully requests that the Court enter an order (i) appointing Ms. Ellis as the FCR in the Chapter 11 Case, (ii) overruling the Objections and (iii) granting such further relief to the Debtor as the Court may deem proper.

Dated: April 28, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*