**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:<br>Pursuant to OST** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER SEALING
THE REDACTED PORTIONS OF AND EXHIBITS TO THE DEBTOR'S
OMNIBUS REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER APPOINTING
RANDI S. ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536726366

Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"), authorizing the Debtor to file under seal certain confidential information (the "Confidential Information") redacted in or attached to its *Omnibus Reply in Support of Its Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* (the "Reply"). The Confidential Information includes certain testimonial excerpts from depositions of the following deponents: Erik Hass, John Kim, Jim Murdica, David Molton, and Mikal Watts.[2] Additionally, the Confidential Information includes references to certain other sensitive documents and topics regarding the negotiation of the term sheet and plan support agreements. The parties have agreed, in the interest of time and with full reservation of rights, to treat such designations as confidential until otherwise decided by this Court. In support of this Motion to Seal, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

### Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced the above-captioned reorganization case (the "Chapter 11 Case") by filing a voluntary petition for

---

[2] Through individual correspondences to the participating parties, the Debtor designated certain portions of the relevant depositions as confidential shortly after each respective deposition.

relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162] (the "Talc Committee").

6. On April 10, 2023, the Debtor filed its *Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 87] ("FCR Motion"). The Court set the Debtor's FCR Motion for hearing on May 3, 2023 [Dkt. 136].

7. On April 26, 2023, the Talc Committee filed its objection to the FCR Motion [Dkt. 311], and contemporaneously therewith, its motion to seal the redacted confidential information referenced in its objection [Dkt. 312]. Also on April 26, 2023, U.S. Trustee filed its objection to the FCR Motion [Dkt. 321], along with a motion to seal the redacted confidential information and Confidential Documents attached as exhibits to its objection [Dkt. 322]. Mr. Crouch and Maune Raichle Hartley French & Mudd, LLC filed objections to the FCR Motion [Dkts. 318 and 320, respectively].

8. Contemporaneously herewith, the Debtor has filed its reply in support of the FCR Motion (the "Reply"). In connection with the Reply, the Debtor has redacted Confidential Information referenced therein and filed certain exhibits under seal, subject to Court order granting the relief requested herein.

9. The Confidential Information relates to deposition testimony that discloses sensitive, nonpublic information that the deponents disclosed understanding that such information would be kept confidential. Certain Confidential Information redacted in the Reply also relates to documents produced during the expedited discovery process in this case that the Debtor designated confidential and disclosed pursuant to an agreed protective order entered into by those parties engaged in discovery in this Chapter 11 Case (the "2023 Protective Order").[3]

**Relief Requested**

10. By this Motion to Seal, the Debtor seeks entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, authorizing the Debtor to file the Confidential Information under seal, and directing that the Confidential Information remain under seal, confidential, and not made available to anyone, except for: (a) the Court; (b) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"); and (c) subject to the entry of a 2023 Protective Order, (i) the Talc Committee, (ii) the proposed legal representative for future talc claimants who is the subject of the FCR Motion, (iii) any party that acknowledges and accepts the terms of the 2023 Protective Order or such other protective order as may be entered by the Court and (iv) such other parties as the Court may direct.

---

[3] See *Mot. to Seal the Redacted Portions of the Official Committee of Talc Claimants' Obj. to Debtor's Mot. for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants*, Dkt. 312 ¶ 1.

NAI-1536726366

## Basis for Relief Requested

11. Although the public has a common law "right of access to judicial proceedings and records,"[4] the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

12. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires. . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

13. Confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., Orion Pictures, 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

---

[4] In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)

-5-

NAI-1536726366

14. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

15. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The Debtor submits that good cause exists for the Court to grant the relief requested herein.

16. The parties have engaged in expedited discovery in this Chapter 11 Case, with the understanding that all documents produced and testimony provided shall be subject to a protective order in substantially the same form as the 2021 Protective Order. See Talc Committee's Mot. to Seal [Dkt. 312] ¶ 1. As stated in the Talc Committee's and United States Trustee's motions to seal, the Debtor has designated certain portions of the depositions conducted in this Chapter 11 Case as confidential pursuant to the 2023 Protective Order.[5] The Debtor has also designated certain documents confidential that contain sensitive, nonpublic information confidential. The parties have agreed to operate under that designation in the interest of time (with full reservations of rights to contest the confidential nature of the

---

[5] The Debtor will work with the relevant parties to enter into the 2023 Protective Order, which shall govern over all discovery that has occurred and will occur in this Chapter 11 Case, subject to this Court's approval.

information redacted). The Debtor believes that the Confidential Information is sensitive, non-public information that should remain confidential. Disclosure of such information risks inflicting economic harm, damage to commercial standing, and damage to negotiation positions in this Chapter 11 Case.

17. Sealing the record with respect to the Confidential Information is the least restrictive alterative at this juncture. Accordingly, the Debtor respectfully submits that the Confidential Information falls within the scope of the protections afforded by the Bankruptcy Code and that the relief requested herein should be granted.

## Notice

18. This Motion has been served on: (a) the U.S. Trustee; (b) proposed counsel to the Talc Committee; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the proposed legal representative for future talc claimants and her counsel; (d) counsel to the Ad Hoc Group of Supporting Counsel; and (e) any other party entitled to notice. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

## No Prior Request

19. No prior request for the relief sought in this Motion to Seal has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith: (a) authorizing the filing under seal of the Confidential Information in connection with the Reply; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

Dated: April 28, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*