# Exhibit 2

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                          COUNTY OF ALAMEDA

 3

 4

 5   ANTHONY HERNANDEZ VALADEZ,          )
                                         )
 6              Plaintiff,               )
                                         )
 7        vs.                            ) Case No.
                                         ) 22CV012759
 8                                       )
     JOHNSON & JOHNSON; ALBERTSONS       )
 9   COMPANIES, INC., individually       )
     and as successor-in-interest,       )
10   parent, alter ego and equitable     )
     trustee LUCKY STORES, INC.;         )
11   LUCKY STORES, INC.; SAFEWAY         )
     INC.; SAVE MART SUPERMARKETS,       )
12   Individually, and as                )
     successor-in-interest, parent,      )
13   alter ego and equitable trustee     )
     Of LUCKY STORES, INC.; TARGET       )
14   CORPORATION; WALMART INC.; and      )
     FIRST DOE through ONE-HUNDREDTH     )
15   DOE,                                )
                                         )
16              Defendants.              ) (Pages 1 - 171)
     _____)
17

18

19

20            VIDEOTAPED REMOTE DEPOSITION OF

21                   MOHANA ROY, M.D.

22               THURSDAY, APRIL 27, 2023

23

24   Reported by:
     PAIGE I. HUTCHINSON, CA CSR No. 13459,
25   TX CSR No. 11222, WA CCR No. 3336
```

**Certified Transcript**



```
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                         COUNTY OF ALAMEDA
 3
 4
 5    ANTHONY HERNANDEZ VALADEZ,          )
                                          )
 6              Plaintiff,                )
                                          )
 7         vs.                            ) Case No.
                                          ) 22CV012759
 8                                        )
      JOHNSON & JOHNSON; ALBERTSONS       )
 9    COMPANIES, INC., individually       )
      and as successor-in-interest,       )
10    parent, alter ego and equitable     )
      trustee LUCKY STORES, INC.;         )
11    LUCKY STORES, INC.; SAFEWAY         )
      INC.; SAVE MART SUPERMARKETS,       )
12    Individually, and as                )
      successor-in-interest, parent,      )
13    alter ego and equitable trustee     )
      Of LUCKY STORES, INC.; TARGET       )
14    CORPORATION; WALMART INC.; and      )
      FIRST DOE through ONE-HUNDREDTH     )
15    DOE,                                )
                                          )
16              Defendants.               )
      _____)
17
18
19         VIDEOTAPED DEPOSITION OF MOHANA ROY, M.D.,
20    taken on behalf of Defendants, remotely via
21    videoconference, commencing at 1:09 p.m. (PST),
22    Thursday, April 27, 2023, before Paige I.
23    Hutchinson, Certified Shorthand Reporter for the
24    State of California No. 13459, Texas CSR No. 11222,
25    Washington CCR No. 3336.
```



```
 1   APPEARANCES (Via Videoconference):

 2

 3   For Plaintiff:

 4       KAZAN, McCLAIN, SATTERLEY & GREENWOOD
         BY:  MICHAEL REID, ESQ.
 5       Jack London Market Building
         55 Harrison Street, Suite 400
 6       Oakland, California  94607
         (888) 887-1238
 7       mreid@kazanlaw.com

 8

 9   For the Deponent:

10       SCHUERING ZIMMERMAN & DOYLE, LLP
         BY:  THOMAS M. GRAY, ESQ.
11       400 University Avenue
         Sacramento, California  95825
12       (916) 567-0400
         tmg@szs.com
13

14

15   For Defendants ALBERTSONS COMPANIES, INC.
     (Erroneously sued as ALBERTSONS COMPANIES, INC.,
16   individually, and as successor-in-interest, parent,
     alter ego, and equitable trustee of LUCKY STORES,
17   INC.); LUCKY STORES (SAVE MART)LLC f/k/a LUCKY
     STORES, INC. (Erroneously sued as LUCKY STORES,
18   INC.); SAFEWAY INC.; SAVE MART SUPERMARKETS LLC
     (erroneously sued as SAVE MART SUPERMARKETS,
19   individually, and as successor-in-interest, parent,
     alter ego, and equitable trustee of LUCKY STORES,
20   INC.); TARGET CORPORATION; and WALMART INC:

21       BARNES & THORNBURG LLP
         BY:  MITCHELL CHARCHALIS, ESQ.
22       390 Madison Avenue, 12th Floor
         New York, New York  10017
23       (310) 284-3768
         mcharchalis@btlaw.com
24

25
```



```
 1   APPEARANCES (Via Videoconference) (continued):

 2


 3   For Defendants JOHNSON & JOHNSON and LTL
     MANAGEMENT, LLC:
 4
         NELSON MULLINS
 5       BY:   SCOTT J. RICHMAN, ESQ.
         100 South Charles Street, Suite 1600
 6       Baltimore, Maryland 21201
         (443) 392-9414
 7       scott.richman@nelsonmullins.com

 8


 9
     Also Present:
10
         Michael Saito, Videographer, Videoconference
11       Moderator, iDepo Reporters

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1                         I N D E X

 2
    DEPONENT:              EXAMINATION                 PAGE:
 3
    MOHANA ROY, M.D.
 4
                           BY MR. RICHMAN         9/160/165
 5
                           BY MR. CHARCHALIS          146
 6
                           BY MR. REID            147/164
 7

 8

 9

10

11                       E X H I B I T S

12  DEFENDANTS'                                        PAGE:

13  Exhibit 1    Curriculum Vitae, Mohana Roy, M.D.      17
                 (5 pages)
14
    Exhibit 2    Invoice (1 page)                        31
15
    Exhibit 3    Progress note, 1/28/2022                40
16               (7 pages)

17  Exhibit 4    Progress note, 2/4/2022                 50
                 (11 pages)
18
    Exhibit 5    Progress note, 3/4/2022                 56
19               (9 pages)

20  Exhibit 6    Progress note, 3/14/2022                60
                 (7 pages)
21
    Exhibit 7    Progress note, 3/14/2022                62
22               (8 pages)

23  Exhibit 8    Declaration of Mohana Roy, M.D.         71
                 5/19/2022 (64 pages)
24
    Exhibit 9    Declaration of Mohana Roy, M.D.         74
25               6/10/2022 (68 pages)
```

```
 1                          I N D E X

 2                      E X H I B I T S  (continued)

 3    DEFENDANTS'                                            PAGE:

 4    Exhibit 9A    E-mail chain ROY-000347 -                 76
                    ROY-000365 (19 pages)
 5
      Exhibit 10    E-mail chain ROY-000072 -                 98
 6                  ROY-000074 (3 pages)

 7    Exhibit 11    Medical record                           118
                    (Not provided to the reporter)
 8
      Exhibit 12    "Geographic Distribution                 137
 9                  of Incidence of Pericardial
                    and Paratesticular Mesotheliomas
10                  in the USA" (3 Pages)

11    Exhibit 13    "Epidemiology of Mesothelioma            139
                    of the Pericardium and Tunica
12                  Vaginalis Testis" (24 Pages)

13    Exhibit 14    Letter to the editor (4 pages)           161

14    Exhibit 15    Ambry Genetics Report (9 pages)          123

15    Exhibit 16    E-mail ROY-000447 (1 page)               132

16    Exhibit 17    E-mail ROY-000449 (1 page)               143

17

18                          E X H I B I T S

19    PLAINTIFF'S                                            PAGE:

20    Exhibit A     Progress Note 4/21/2023                  148
                    (14 pages)
21

22

23

24            QUESTIONS INSTRUCTED NOT TO ANSWER

25                          (None.)
```



```
 1  medication?
 2         MR. RICHMAN:  Just object.  It calls for
 3  speculation.
 4         THE DEPONENT:  Sure.  I can be quite
 5  direct.  I think that he's really towards the end
 6  of his life.  I don't think that there are any
 7  really validated treatments left.  I have consulted
 8  with physicians throughout the country about his
 9  case and different treatment options available.
10  This next chemotherapy that I'm changing to, I do
11  not have very high hopes for.  The hope is
12  essentially just to prevent additional growth.  I
13  do not anticipate significant shrinkage or benefit
14  from the next treatment.
15         MR. CHARCHALIS:  And just -- sorry,
16  Michael, just a belated join in the objections.
17         And is it fine if one objection --
18  objection by one objection is for all?
19         MR. REID:  That's fine, yes.
20  BY MR. REID:
21     Q.   Okay.  Dr. Roy, I'm actually I'm going to
22  show you and I'm going to mark -- we'll mark it as
23  Exhibit A, in as in alpha.  Let me see if I can get
24  this open here.
25         (Exhibit A marked.)
```



```
 1   BY MR. REID:
 2       Q.   And what this is is a note summary from
 3   your appointment with Mr. Valadez on 4/21.
 4            Do you recognize this as such?
 5       A.   Yes.
 6       Q.   Okay.
 7            Okay.  I'm going to scroll us down here to
 8   page 11 of this note summary.
 9            And the area I want to direct you to is
10   this area that I have highlighted.  Just for the
11   moment, follow along with me, make sure I read this
12   correctly; okay?
13            (Reading):  He preferred to not discuss
14   imaging and would like imaging to be described on a
15   scale of 1 to 5.  We informed we would rank it at
16   an approximate 4 to 4.5.
17            First, did I read that correctly?
18       A.   Yes.
19       Q.   Can you elaborate on what you meant there
20   by the approximate 4 to 4.5 on the 5-scale?
21       A.   Sure.  I apologize that that's not clear.
22            Mr. Valadez has had a really hard time
23   discussing any imaging results from the start of
24   his care.  In the middle of his treatment course,
25   he was able to discuss that a little bit more, but
```



```
 1  that had declined in the light of bad news, and so
 2  he wanted me to say 1 being good and 5 being kind
 3  of the worst possible thing, where I would rate it
 4  and not go into more details of his imaging.
 5       Q.   So that 4 to 4 1/2 is towards that worst
 6  possible scenario then; is that right?
 7       A.   Correct.
 8            MR. RICHMAN:  Objection.  Leading.
 9            MR. REID:  It's cross-examination,
10  Counsel.
11            MR. RICHMAN:  Also assumes facts.
12  BY MR. REID:
13       Q.   I believe that's it from this record here.
14            I'm going to jump a little bit more here
15  to one of the previous medical records you were
16  shown -- actually, a set of medical records that
17  you were shown that had a reference to construction
18  work from Mr. Valadez's father.
19            Do you recall that testimony, those
20  records, generally?
21       A.   Yes.
22       Q.   Okay.  As you sit here today, what is your
23  understanding of any potential exposure that
24  Mr. Valadez had from the construction work related
25  to his father?
```

iDepo
Reporters

1    MR. RICHMAN: Objection. Calls for
2  speculation.
3    THE DEPONENT: As I sit here today, I do
4  not have really a detailed understanding of that
5  exposure because he or -- and his mother were not
6  able to elaborate on that.
7  BY MR. REID:
8    Q. Okay. From the record, it looks like your
9  understanding is that any construction work that
10  his father would have done would have been from the
11  last couple years.
12    Do I have that right?
13    A. I think I had to correct that in my note.
14  Initially, I think it was noted for a longer time,
15  and then they had clarified that it might have been
16  more recently. That led me to believe that perhaps
17  it was not as relevant for his care because
18  traditionally you think about a long latency
19  between someone having an exposure, let's say, in
20  their 20s and then developing disease in their
21  '60s.
22    Q. All right. So for if -- it was a
23  construction -- well, strike that. Let me
24  rephrase.
25    Any construction work more recently would

```
 1   have been less relevant for you in terms of
 2   determining what could have increased his risk of
 3   developing this disease then.
 4            Do I have that right?
 5      A.   That's --
 6            MR. RICHMAN:  Objection.  Assumes facts.
 7   It misstates her testimony.
 8            (Reporter clarification.)
 9            THE DEPONENT:  That's right.
10   BY MR. REID:
11      Q.   And then in terms of construction work
12   generally, do you have an understanding of whether
13   or not asbestos is -- well, strike that.  Let me
14   rephrase this a little bit.
15            Do you have an understanding of whether or
16   not recent construction work would have even
17   allowed for an encountering to -- an encounter with
18   asbestos as compared to construction work that's
19   documented in the literature from, say, the '60s or
20   '70s when asbestos was an intentionally added
21   ingredient?
22            MR. RICHMAN:  I'll object that it assumes
23   facts, it's outside the scope of expertise, and
24   misstates the literature.
25            THE DEPONENT:  I think that's beyond my
```



```
 1   the transcript via Code.
 2              And with that, we are off the record.
 3              THE VIDEOGRAPHER:  Okay.  The time is
 4   4:41 p.m., Pacific Time, and the deposition is
 5   concluded.
 6              This is the end of Media 3, and we're off
 7   the record.  Thank you so much.
 8
 9              (Whereupon, at the hour of
10              4:41 p.m., the proceedings
11              were concluded.)
12                      -o0o-
13
14
15
16
17
18
19
20
21
22
23
24
25
```



```
 1         DECLARATION UNDER PENALTY OF PERJURY
 2
 3
 4         I, MOHANA ROY, M.D., do hereby certify
 5   under penalty of perjury that I have read the
 6   foregoing transcript of my deposition taken on
 7   April 27, 2023; that I have made such corrections
 8   as appear noted herein in ink, initialed by me;
 9   that my testimony as contained herein, as
10   corrected, is true and correct.
11
12         DATED this _____ day of _____, 2023,
13   at _____,_____.
14
15
16
17
18
19
20
21                      _____
                                  MOHANA ROY, M.D.
22
23
24
25
```



```
 1  STATE OF CALIFORNIA         )
                                )
 2  COUNTY OF LOS ANGELES       )

 3

 4              I, PAIGE I. HUTCHINSON, Certified

 5  Court Reporter, Certificate No. 13459, for the

 6  State of California, hereby certify:

 7              I am the deposition officer who

 8  Stenographically recorded the foregoing deposition;

 9              Written Notice Pursuant to Code of Civil

10  Procedure, Section 2025.520, having been sent to

11  the deponent, the deponent:

12              ( )   IN PERSON MADE THE CHANGES SET
                      FORTH IN THE FOREGOING TRANSCRIPT;
13
                ( )   APPROVED THE TRANSCRIPT BY SIGNING
14                    IT;

15              ( )   FAILED OR REFUSED TO SIGN THE
                      TRANSCRIPT BY NOT SIGNING IT;
16
                ( )   BY SIGNED LETTER ATTACHED HERETO,
17                    MADE THE CHANGES SET FORTH THEREIN
                      AND APPROVED, OR REFUSED TO
18                    APPROVE, THE TRANSCRIPT;

19              ( )   FAILED TO CONTACT THE DEPOSITION
                      OFFICER WITHIN THE ALLOTTED TIME
20                    PERIOD.

21

22  DATED: _____

23

24            _____

25                    (DEPOSITION OFFICER)
```



```
 1   STATE OF CALIFORNIA          )
                                  )
 2   COUNTY OF LOS ANGELES        )

 3

 4           I, Paige I. Hutchinson, Certified

 5   Shorthand Reporter, No. 13459, do hereby certify:

 6           That prior to being examined, the witness

 7   named in the foregoing deposition was by me duly

 8   sworn to testify to the truth, the whole truth, and

 9   nothing but the truth;

10           That said deposition was taken before me

11   remotely via videoconference; and thereafter

12   reduced to print by means of computer-aided

13   transcription; and the same is a true, correct, and

14   complete transcript of said proceedings taken at

15   that time, to the best of my ability.

16           I further certify that I am not interested

17   in the outcome of the action.

18           Witness my hand this Monday, May 1, 2023.

19

20

21
             _____
22           PAIGE I. HUTCHINSON,
             Certified Shorthand Reporter
23           in and for the State of California
             License No. 13459
24           Washington CCR No. 3336
             iDepo Reporters
25           323-393-3768
```



```
                       CORRECTION LIST

   Page/Line          From                        To
   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____

   _____         _____        _____
```

