| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> gkinoian@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Michael S. Winograd, Esq. <br> Susan Sieger-Grimm, Esq. <br> Kenneth J. Aulet, Esq. <br> dmolton@brownrudnick.com <br> mwinograd@brownrudnick.com <br> ssieger-grimm@brownrudnick.com <br> kaulet@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br> And- <br> Jeffrey L. Jonas, Esq. <br> Sunni P. Beville, Esq. <br> Eric R. Goodman, Esq. <br> jjonas@brownrudnick.com <br> sbeville@brownrudnick.com <br> egoodman@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Jennifer S. Feeney, Esq. <br> Michael R. Maizel, Esq. <br> mcyganowski@otterbourg.com <br> jfeeney@otterbourg.com <br> mmaizel@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP** <br> Jonathan S. Massey, Esq. <br> Rachel S. Morse, Esq. <br> jmassey@masseygail.com <br> rmorse@masseygail.com <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| In re: <br> LTL MANAGEMENT LLC,[1] <br><br>                  Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

# APPLICATION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO RETAIN AND EMPLOY BROWN RUDNICK LLP AS CO-COUNSEL EFFECTIVE AS OF APRIL 14, 2023

The Official Committee of Talc Claimants (the "Committee") of LTL Management LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned case (the "Case"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the retention and employment of Brown Rudnick LLP ("Brown Rudnick") as co-counsel to the Committee in connection with the Case, effective as of April 14, 2023, pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of the Application, the Committee submits the certification of Sunni P. Beville (the "Beville Certification"), a Partner of Brown Rudnick, attached hereto as **Exhibit B** and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

2.  On April 4, 2023, the Debtor filed, in the United States Bankruptcy Court for the District of New Jersey, a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. As of the date hereof, the Debtor continues as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed in this Case.

4. On April 14, 2023, the Office of the United States Trustee (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* ("Appointment Notice") [Dkt. No. 162].

5. Pursuant to the Appointment Notice, the Committee is comprised of the following 11 members:

(i) Rebecca Love, represented by the law firm of Ashcraft & Gerel, LLP, Attn: Michelle Parfitt, Esq.;

(ii) Alishia Landrum, represented by the Beasley Allen Law Firm, Attn: Leigh O'Dell, Esq.;

(iii) Blue Cross Blue Shield of Massachusetts, represented by the law firm of Hill Carter Franco Cole & Black, PC, Attn: Elizabeth Carter, Esq.;

(iv) Tonya Whetsel as estate representative of Brandon Whetsel, represented by the law firm of Karst Von Oiste LLP, Attn: Eric Karst, Esq.;

(v) Kristie Doyle as estate representative of Dan Doyle, represented by the law firm of Kazan, McClain, Satterley & Greenwood PLC, Attn: Steven Kazan, Esq.;

(vi) William A. Henry as estate representative of Debra Henry, represented by the law firm of Levin Papantonio Rafferty, Attn: Christopher Tisi, Esq.;

(vii) Randy Derouen, represented by the law firm of Levy Konigsberg LLP, Attn: Moshe Maimon, Esq.;

(viii) April Fair, represented by the law firm of Robinson Calcagnie, Inc., Attn: Mark Robinson, Jr., Esq.;

(ix) Patricia Cook, represented by the law firm of Weitz & Luxenberg, P.C., Attn: Perry Weitz, Esq.;

(x) Brandi Carl, represented by the law firm of Golomb Spirt Grunfeld, Attn: Richard Golomb, Esq.; and

    (xi)    Sue Sommer-Kresse, represented by the law firm of Motley Rice, LLC, Attn: Daniel Lapinski, Esq.

6.    Following the Committee's formation, the Committee chose three of its members to serve as Co-Chairs. On behalf of the Committee, the Co-Chairs notified Brown Rudnick on April 14, 2023, that the Committee had selected Brown Rudnick to serve as its co-counsel, subject to Court approval.

## SERVICES TO BE RENDERED

7.    In its role as co-counsel to the Committee, Brown Rudnick will be responsible for representing the Committee in all aspects of this bankruptcy case, including all manner of bankruptcy litigation and overall case strategy. The professional services to be provided by Brown Rudnick to the Committee, include, but are not limited to, the following:

    a.    assisting, advising, and representing the Committee in its meetings, consultations and negotiations with the Debtor and other parties in interest regarding the administration of this Case;

    b.    assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    c.    assisting with the Committee's review of the Debtor's Schedules of Assets and Liabilities, Statement of Financial Affairs and other financial reports prepared by or on behalf of the Debtor;

    d.    assisting the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and its affiliates, including certain transactions preceding the bankruptcy filing and the formation of the Debtor;

    e.    assisting and advising the Committee regarding the identification and prosecution of estate claims, including in connection with any issues regarding the filing of the Case and the propriety of the filing;

    f.    assisting and advising the Committee in its review and analysis of, and negotiations with the Debtor and non-Debtor affiliates related to, intercompany transactions and claims;

4

g. reviewing and analyzing all applications, motions, complaints, orders, and other pleadings filed with the Court by the Debtor or third parties, and advising the Committee as to their propriety and, after consultation with the Committee, taking any appropriate action;

h. preparing necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee, and pursuing or participating in contested matters and adversary proceedings as may be necessary or appropriate in furtherance of the Committee's duties, interest, and objectives;

i. representing the Committee at hearings held before the Court and communicating with the Committee regarding the issues raised, and the decisions of the Court;

j. representing the Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceedings, including estate causes of action and avoidance actions and/or issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

k. assisting, advising, and representing the Committee in connection with the review of filed proofs of claim and reconciliation of or objections to such proofs of claim and any claims estimation proceedings;

l. assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases, executory contracts and any financial accommodation agreements;

m. assisting, advising, and representing the Committee in their participation in the negotiation, formulation, and drafting of a plan of reorganization/liquidation;

n. assisting, advising, and representing the Committee with respect to its communications with the general creditor body regarding significant matters in this Case;

o. responding to inquiries from individual creditors as to the status of, and developments in, this Case; and

p. providing such other services to the Committee as may be necessary in this Case or any related proceedings.

8. In light of the size of this case and scope of related litigation, the Committee determined it was in the talc claimants' best interest to retain multiple law firms. Each of the firms the Committee has proposed to retain serves a distinct purpose from the others:

   a. Brown Rudnick serves as lead bankruptcy counsel, providing a deep bench of attorneys with core bankruptcy, bankruptcy litigation and mass tort bankruptcy experience.

   b. Otterbourg serves as lead mass tort/litigation counsel and special bankruptcy counsel, providing the unique perspective of a former bankruptcy chief judge and expertise in preliminary injunction and district court litigation.

   d. Massey & Gail serves as special counsel, providing unparalleled mass tort and other complex case experience before trial and appellate courts, including the Supreme Court.

   e. Genova Burns serves as local counsel, one of few New Jersey firms with appropriate experience that is without conflicts in this case.

   f. MoloLamken LLP serves as the Committee's special counsel for appeals. MoloLamken is a preeminent appellate firm with substantial experience before the highest courts in the country, as well as before the Third Circuit Court of Appeals in LTL I.

9. Additionally, co-counsel to the Committee has instituted the following multi-step system for efficiency purposes and in order to avoid unnecessary duplication of services:

   a. First, a small group of senior partners confer to determine strategy in consultation with Committee members and their designated representatives.

   b. Next, one firm is assigned primary responsibility for a task.

   c. Once a task has been preliminarily completed, it is reviewed by the other firms, allowing the firm to whom the task is assigned to benefit from the extensive knowledge and varying perspectives of co-counsel.

   d. Once co-counsel have signed off on a particular task, it is circulated to the Committee for review and comment.

10. Brown Rudnick and the other Committee advisors utilized this protocol in the prior LTL bankruptcy and believe that the above protocol was effective in that case. Brown Rudnick also believes the protocol is consistent with effective management of assignments in a mega

bankruptcy case as well as how such matters are handled by large law firms such as those sought to be retained by the Debtor and their affiliates in other bankruptcy cases.

## PROFESSIONAL FEES AND COMPENSATION

11. Subject to this Court's approval, and in accordance with section 330(a) of the Bankruptcy Code and any orders of the Court, Brown Rudnick will charge for its legal services as co-counsel to the Committee on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Beville Certification. The current hourly rates of Brown Rudnick professionals are in the following ranges:[2]

| Professional | Rate Per Hour |
| --- | --- |
| Partners | $750 - $2,250 |
| Counsel | $290 - $2,575 |
| Associates | $420 - $975 |
| Paralegals | $425 - $530 |

12. The Committee is advised that Brown Rudnick intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and the *General Order Adopting Guidelines Governing Procedures for Payment of Interim Compensation*

---

[2] As set forth in the Beville Certification, pursuant to its ordinary practice, Brown Rudnick generally revises its rates on an annual basis. In the event that Brown Rudnick increases its standard hourly rates in its ordinary course of business during its retention in this Case, prior to any increases to the rates set forth in this Application taking effect, Brown Rudnick shall provide ten (10) business days' notice to the Committee, the Debtor, and the U.S. Trustee, and shall file a notice of the increase of its standard hourly rates with the Court. The U.S. Trustee retains the right to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, subject to Court review.

*and Reimbursement of Expenses to Professionals* issued by the United States Bankruptcy Court for the District of New Jersey, any orders establishing procedures for monthly compensation and reimbursement of expenses of professionals, and further orders of this Court. Brown Rudnick will maintain detailed records of fees and expenses incurred in connection with the rendering of the professional services described above, in accordance with applicable rules and guidelines.

13. Consistent with Brown Rudnick's policy with respect to its other clients, Brown Rudnick will charge for all other services provided and for any other charges and disbursements incurred in the rendition of services. These charges and disbursements include, but are not limited to, business meals, photocopies, courier service, computer assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by Brown Rudnick specifically for the representation of the Committee, in a manner and at rates consistent with charges made generally to Brown Rudnick's other clients. Photocopies and similar copies will be billed at a reduced rate of $0.10 per page.

14. Brown Rudnick has further advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this application to retain Brown Rudnick and related documents, and the preparation of monthly, interim or final fee applications for Brown Rudnick. It will not bill for the defense of any fee applications. Brown Rudnick agrees to charge non-working travel time at 50% of the non-working travel time actually incurred.

15. Brown Rudnick has agreed to accept as compensation such sums as may be allowed by the Court, including on the basis of the professional time spent, the rates charged for such

8

services, the necessity of such services to the administration of the Debtor's estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this Case.

16. Brown Rudnick has no agreement with any other entity to share any compensation received, nor will any be made.

## BROWN RUDNICK'S DISINTERESTEDNESS

### A. Unpaid Fees and Expenses from LTL I

17. Brown Rudnick represented the official committee of talc claimants in the Debtor's prior chapter 11 case that was pending before this Court at Case No. 21-30589 ("LTL I"). As of the Court's entry of the Dismissal Order on April 4, 2023, Brown Rudnick was owed $1,397,349.28 for services rendered and expenses incurred in representing the TCC as its co-counsel in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, Brown Rudnick anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

### B. Other Connections

18. Brown Rudnick has completed a preliminary connections analysis and continues to conduct a full analysis against additional parties in the case and will supplement the Beville Certification as may be necessary from time to time. Except as disclosed in the Beville Certification, and based on our initial analysis, Brown Rudnick does not hold or represent any

9

interest adverse to the Debtor's estate and does not have any "connections" to the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any persons employed in the U.S. Trustee's office, or the Bankruptcy Judges for the District of New Jersey, each as set forth on the list of Potentially Interested Parties (as defined in the Beville Certification). As set forth herein and in the Beville Certification, Brown Rudnick believes it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328 of the Bankruptcy Code.

19. As set forth in the Beville Certification, as part of its customary practice Brown Rudnick has represented, currently represents, and may in the future represent certain parties-in-interest or potential parties-in-interest in this Case in matters unrelated to the Debtor, the Case, or such entities' claims against the Debtor, including as members or representatives of members of ad hoc or official committees in chapter 11 cases.

20. The Beville Certification discloses that Brown Rudnick represented the official committee of talc claimants in the Debtor's prior chapter 11 case that was pending before this Court at Case No. 21-30589 (the "Original TCC"). The Beville Certification also discloses that Brown Rudnick represented the Ad Hoc Committee of Certain Talc Claimants (the "AHC") in this chapter 11 case before the Committee was formed. The AHC consisted of nine members of the Original TCC—Alishia Landrum, Rebecca Love, Blue Cross Blue Shields of Massachusetts, Tonya Whetsel, Kristie Doyle, William A. Henry, Randy Derouen, April Fair and Patricia Cook—each of whom are also members appointed to the Committee in this case.

21. The Beville Certification discloses that Brown Rudnick represents Seeger Weiss LLP in a small matter unrelated to this case.

22. The Beville Certification discloses that Brown Rudnick represented an Ad Hoc Committee of Talc Claimants (the "Imerys Ad Hoc Committee") in the *Imerys* bankruptcy case and makes the following additional disclosures in respect of the concluded representation:

- Brown Rudnick's representation of the Imerys Ad Hoc Committee commenced in June 2020 and was terminated on May 18, 2021. *See In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) ("Imerys"), *Notice of Appearance* [Im. Docket No. 1809]; *Notice of Withdrawal of Appearance* [Im. Docket No. 3565].

- The Imerys Ad Hoc Committee was comprised of approximately 2,400 members. The list of the members is included in the *Second Amended Verified Statement of Ad Hoc Committee of Talc Litigation Claimants pursuant to Bankruptcy Rule 2019* [Im. Docket No. 3355]. Each member asserted ovarian cancer claims. Brown Rudnick is not aware of any members that asserted mesothelioma claims.

- To my knowledge, none of the members of the Imerys Ad Hoc Committee is a member of the Committee in this Case. We are not aware that any member of the Imerys Ad Hoc Committee is presently involved in this case though we anticipate that many, if not all, may have claims against Johnson & Johnson and its affiliates.

- The fees and expenses Brown Rudnick received in connection with its representation of the Imerys Ad Hoc Committee comprise less than 0.05% of the overall revenue of the firm for the respective fiscal years. The payments were made by the Morelli Law Firm and Segal Law Firm, counsel to members of the Imerys Ad Hoc Committee.

- Other than representation of the Imerys Ad Hoc Committee, Brown Rudnick had no other involvement in the *Imerys* or *Cyprus Mines* bankruptcy cases.

23. The Beville Certification also discloses that Brown Rudnick currently represents the court-appointed Plaintiffs' Executive Committee in MDL 2804 (In re Prescription Opiate Litigation) (N.D. Ohio) and that a principal of Motley Rice sits as Co-Lead counsel of the Plaintiffs' Executive Committee in MDL 2804 a matter unrelated to this Case. Additionally, Robinson Calcagnie and Hagens Berman retained Brown Rudnick as counsel for themselves and their clients in April 2014 in connection with litigation regarding the ignition switch defect in the Motors Liquidation Company (f/k/a General Motors Corporation, "GM") chapter 11 case. In September 2014, Brown Rudnick was retained, and its prior work approved, by the Lead Counsel

11

in the *In re General Motors LLC Ignition Switch Litigation* (Case Nos. 14-MD-2543 (JMF) and 14-MC-2543 (JMF)) (the "GM MDL") to oppose GM's motion to enforce the July 5, 2009 GM Bankruptcy Sale Order and Injunction. Robinson Calcagnie is not Lead Counsel to the GM MDL. Mark Robinson is, however, a member of the Plaintiffs' Executive Committee in the GM MDL. Brown Rudnick has not received any fees in the past two years on account of this engagement. To my knowledge, following Brown Rudnick's retention by the GM MDL's Lead Counsel in September 2014, Brown Rudnick no longer represented or appeared for Robinson Calcagnie in the GM matter.

24. Brown Rudnick does not believe these are conflicts and the Committee is aware of such representations prior to the formation of the Committee and selection of counsel.

25. Pursuant to section 1103(b) of the Bankruptcy Code, Brown Rudnick is not disqualified from acting as the Committee's co-counsel merely because it previously represented or currently represents the Debtor's creditors or other parties-in-interest in matters unrelated to the Debtor or this Case. Brown Rudnick does not believe any conflicts exist and the Committee was aware of any such representations prior to the formation of the Committee and selection of counsel. Brown Rudnick is also retained in cases, proceedings, and transactions unrelated to this Case, but that involve many different parties, some of whom may also be involved in this Case, including professionals employed by the Debtor, claimants, and parties-in-interest in this Case.

26. As described in the Beville Certification, if and to the extent that Brown Rudnick has a conflict with respect to a particular client or matter, the Committee will utilize, subject to the Court's approval, other counsel to represent its interest with respect to such client or matter.

27. Brown Rudnick has advised the Committee and the U.S. Trustee that it will periodically conduct additional conflicts analyses during the pendency of this Case to ensure that

no conflicts or other disqualifying circumstances exist or arise and, if any new relevant facts or relationships are discovered or arise, Brown Rudnick will use reasonable efforts to identify such further developments by filing a supplemental certification.

## RELIEF REQUESTED

28. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to retain and employ Brown Rudnick as co-counsel in this Case. The Committee seeks to retain Brown Rudnick effective as of April 14, 2023, the date the Committee hired the Firm.

## BASIS FOR RELIEF

29. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, "with the court's approval, . . . may select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

30. Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to § 1103 may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis."

31. The Committee believes that Brown Rudnick is well-qualified to represent the Committee in a cost effective and efficient manner, especially in light of its representation of the official committee of talc claimants in the prior chapter 11 case of the Debtor and resulting familiarity with the Debtor, the case parties and case issues. Among the other reasons Brown

Rudnick was selected as co-counsel was its deep bankruptcy litigation team with proven success in complicated and acrimonious committee cases, its significant experience representing tort victims in the largest and most-complex Chapter 11 cases, and its substantial knowledge of Texas divisive mergers. Brown Rudnick is a nationally recognized law firm and is well-known for its particular expertise in all facets of bankruptcy. It has vast experience and knowledge in the field of reorganizations under chapter 11 of the Bankruptcy Code, as well as notable experience in complex bankruptcies and representations of official and ad hoc committees, including committees in mass tort bankruptcy cases. In addition, Brown Rudnick can call on the resources of its litigation department, which has particular expertise in litigation relating to insolvency matters. Brown Rudnick's representation of the Committee will be led by David J. Molton, partner and Chair of Brown Rudnick's Cross-Border, Mass Tort, and Restructuring Litigation Practice Group and Sunni P. Beville, partner and Managing Director of the Dispute Resolution & Restructuring Department.

32. Consistent with the foregoing, the Committee believes that it has sufficient information to make an informed decision to retain and employ Brown Rudnick and submits that Brown Rudnick's retention and employment is necessary and in the best interests of the estate, its creditors, and all parties in interest.

33. The Committee submits that for all the reasons stated above and in the Beville Certification, the retention of Brown Rudnick as co-counsel to the Committee, on the terms set forth herein and in the Beville Certification, is warranted and should be approved effective as of April 14, 2023.

## NOTICE

34. Notice of this Application has been provided to (a) the Debtor; (b) counsel to the Debtor; (c) the U.S. Trustee; and (d) all parties requesting notices pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is necessary under the circumstances.

## CONCLUSION

WHEREFORE, for the reasons set forth in this Application and in the annexed Beville Certification, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the employment and retention of Brown Rudnick as co-counsel to the Committee effective as of April 14, 2023, and granting the Committee such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank.]*

Dated: May 3, 2023

Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

*/s/ Michelle Parfitt*
Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/ Leigh O'Dell*
Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/ Lisa Nathanson Busch*
Lisa Nathanson Busch Esq., as specifically authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

*Co-Chairs of the Official Committee of Talc Claimants*