| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>**SHOOK, HARDY & BACON L.L.P.**<br>Kathleen A. Frazier<br>600 Travis St., Suite 3400<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>kfrazier@shb.com<br>*(Admission pro hac vice pending)*<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

# APPLICATION FOR RETENTION OF
## SHOOK, HARDY & BACON, L.L.P., EFFECTIVE AS OF APRIL 4, 2023

1.   The applicant, LTL Management LLC (the "Debtor" or "LTL Management"), is the:

☐ Trustee:        ☐ Chap. 7        ☐ Chap. 11        ☐ Chap. 13.

☒ Debtor:        ☒ Chap. 11        ☐ Chap. 13

☐ Official Committee of _____

---

[1]   The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2.  LTL Management seeks to retain the following professional, Shook, Hardy & Bacon, L.L.P. ("Shook"), to serve as:

    ☐ Attorney for:     ☐ Trustee        ☐ Debtor-in-Possession

    ☐ Official Committee of _____

    ☐ Accountant for:   ☐ Trustee        ☐ Debtor-in-possession

    ☐ Official Committee of _____

    ☒ Other Professional:

    ☐ Realtor           ☐ Appraiser      ☒ Special Counsel

    ☐ Auctioneer        ☐ Other (specify): _____

3.  The employment of Shook is necessary because:

    As in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Debtor requires the services of attorneys who have knowledge of Johnson & Johnson's ("J&J"), the Debtor's and the former Johnson & Johnson Consumer Inc.'s ("Old JJCI") talc liabilities, their historical records, company witnesses, the scientific issues associated with the talc-related claims against J&J, the Debtor and Old JJCI (including, specifically, the ovarian cancer related claims), the historical talc litigation, and the management, defense and settlement of talc claims.

4.  Shook has been selected because:

    Shook is uniquely situated to serve as special counsel to the Debtor in this chapter 11 case (the "Chapter 11 Case") because of Shook's experience providing such services to the Debtor in the 2021 Chapter 11 Case as well as its prior services performed on behalf of J&J and Old JJCI.[2]

    Shook served as special counsel to the Debtor throughout the pendency of the 2021 Chapter 11 Case.[3] Additionally, Shook served as national coordinating counsel for

---

[2] Additional information regarding Shook's qualifications and experience is provided in the *Application for Retention of Shook, Hardy & Bacon, L.L.P., Effective as of October 14, 2021* [No. 21-30589, Dkt. 550] filed in the 2021 Chapter 11 Case (the "Prior Application").

[3] On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On December 16, 2021, an order was entered [No. 21-30589, Dkt. 860] authorizing the Debtor to retain and employ Shook as special counsel (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt., LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. In re LTL Mgmt. LLC, No. 21-30589

-2-

Old JJCI, which ceased to exist when the Debtor was formed on October 12, 2021, and J&J in connection with talc-related litigation for more than a decade, and specifically in connection with litigation involving ovarian cancer claims since 2017. As a result, Shook possesses extensive knowledge concerning the Debtor's talc liabilities, the historical records, company witnesses, the scientific issues associated with the talc-related claims against J&J and Old JJCI (and now, the Debtor), Old JJCI's historical talc litigation, and the management, defense and settlement of talc claims.[4]

Should the Debtor be required to retain counsel in substitution of Shook, the Debtor, its bankruptcy estate and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses to talc claims and obtain the expertise required to serve the Debtor and its estate in an effective manner.

5. Shook's services to be rendered are as follows:

The Debtor does not propose to employ Shook as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead, as in the 2021 Chapter 11 Case, as special counsel pursuant to 11 U.S.C. § 327(e) to assist on issues relating to the defense of talc-related claims and the resolution thereof. The Debtor anticipates that Shook's services in this Chapter 11 Case, which are substantially the same as those approved by the Prior Retention Order and provided in the 2021 Chapter 11 Case, will include:

(a) assisting the Debtor with discovery relating to ovarian cancer talc-related claims;

(b) assisting the Debtor in the defense of privilege and work product issues relating to the talc-related matters;

(c) assisting the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

(d) assisting the Debtor in any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

---

(Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938]. The Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

[4] Shook served as counsel to Old JJCI until it ceased to exist. Old JJCI's engagement of Shook was allocated to the Debtor in the 2021 Corporate Restructuring. The terms of Shook's representation of Old JJCI were superseded in their entirety by the engagement letter between Shook and the Debtor, effective October 12, 2021. Shook subsequently entered into an amended engagement letter with the Debtor to make clear that Shook would be providing services to the Debtor with respect to this Chapter 11 Case and related matters (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter. As set forth herein and in the Frazier Certification, Shook continues to represent J&J in certain talc-related litigation, as it did prior to the Petition Date.

   (e)  assisting the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

   (f)  providing such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

As noted above, Shook has substantial expertise in all of these areas, given its prior work for J&J, Old JJCI and the Debtor. Accordingly, the Debtor respectfully submits Shook is well-qualified to perform these services for the Debtor. The Debtor further believes that the services Shook will provide are complementary and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Shook's role as special counsel.

6.  The proposed arrangement for compensation is as follows:

Pursuant to the terms of the Engagement Letter and subject to the Court's approval of this Application, Shook intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

In addition, to the extent that Shook represents both the Debtor and J&J in a matter, Shook will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Shook represents solely the Debtor or J&J, Shook will allocate 100% of the fees and expenses to the entity represented.

Shook will be compensated at the discounted hourly rates that were negotiated with the Debtor prior to the Petition Date, which are based on the professionals' level of experience. At present, those hourly rates charged by Shook fall within the following ranges:

| **Billing Category** | **Range** |
|---|---|
| Partners | $288 - $863 |
| Counsel/Of Counsel | $270 - $582 |
| Associates | $259 - $475 |
| Paralegals | $155 - $285 |
| Other (e.g., temps, Staff Attorneys) | $50 - $290 |

Shook's hourly rates may change from time to time in accordance with Shook's established billing practices and procedures, as contemplated by the Engagement Letter.

-4-

Shook will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Fee Guidelines"), any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, an "Interim Compensation Order"), and any applicable orders of this Court. Shook agrees that it will use the billing and expense categories set forth in the Fee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

As set forth in the Certification of Kathleen A. Frazier and the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Shook received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Kathleen A. Frazier attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Shook $375,140.40 via wire transfer (the "Payment"). This amount comprises (a) $252,140.40 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[5] and (b) $123,000.00 for Shook's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[6] Accordingly, as of the Petition Date, Shook was not owed any amounts by the Debtor.

---

[5] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Shook by J&J for services provided in the talc-litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

[6] Shook did not hold a retainer (a "Retainer") as of the Petition Date. Shook expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Shook's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by

This payment to Shook was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Shook served such a statement on the Debtor.[7]

In addition, the Debtor was solvent at the time it made this payment to Shook. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7. To the best of LTL Management's knowledge, Shook's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee, is as follows:

☐ None

☒ Describe connection: In reliance on the Frazier Certification and upon Shook's reasonable inquiry, and except as set forth therein and in this Application, the Debtor believes that Shook has no connection with the Debtor, its affiliates,[8] its creditors, any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. See Cert. of Kathleen A. Frazier, attached hereto as Exhibit B; see also Disclosure of Compensation, attached hereto as Exhibit C.

8. To the best of LTL Management's knowledge, Shook:

☐ Does not hold an adverse interest to the estate.

---

Shook consistent with the terms of the Interim Compensation Order. Shook will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Shook agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

[7] On April 27, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

[8] As described in the Frazier Certification, Shook has represented, and represents, the Debtor as well as certain non-debtor affiliates of the Debtor in matters unrelated to the Chapter 11 case. See Cert. of Kathleen A. Frazier, attached hereto as Exhibit B.

NAI-1536325529

☐ Does not represent an adverse interest to the estate.

☐ Is a disinterested person under 11 U.S.C. § 101(14).

☒ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Shook will be retained under 11 U.S.C. § 327(e).

☐ Other; explain: _____

<u>See</u> <u>also</u> Cert. of Kathleen A. Frazier, attached hereto as <u>Exhibit B</u>.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, LTL Management respectfully requests authorization to employ Shook, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                    */s/ John K. Kim*
                                     John K. Kim
                                     Chief Legal Officer

NAI-1536325529