## EXHIBIT C

**Disclosure of Compensation**

NAI-1536325529

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**SHOOK, HARDY & BACON L.L.P.**
Kathleen A. Frazier
600 Travis St., Suite 3400
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
kfrazier@shb.com
*(Admission pro hac vice pending)*

*PROPOSED SPECIAL COUNSEL FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                 Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

## DISCLOSURE OF COMPENSATION OF SHOOK, HARDY & BACON L.L.P.

Pursuant to section 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules

of Bankruptcy Procedure, I, Kathleen A. Frazier, being of full age, hereby certifies as follows:

        1.      I am a partner with the law firm of Shook, Hardy & Bacon L.L.P.

("Shook") and am duly authorized to make this Disclosure of Compensation on behalf of Shook

in connection with the *Application for Retention of Shook, Hardy & Bacon, L.L.P., Effective as*

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*of April 4, 2023* (the "Application").[2]  The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2.       With regards to compensation prior to the Petition Date, the Debtor paid Shook for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

3.       On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Shook received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

4.       In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Shook $375,140.40 via wife transfer (the "Payment").  This amount comprises (a) $252,140.40 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[3] and (b) $123,000.00 for Shook's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts").  The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.  Accordingly, as of the Petition Date, Shook was not owed any amounts by the Debtor.

5.       The payment to Shook was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance

---

[2]       Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

[3]       Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Shook by J&J for services provided in the talc-litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order.  See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

NAI-1536325529

with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Shook served such a statement on the Debtor.[4]

6.      Shook did not hold a retainer (a "Retainer") as of the Petition Date.  Shook expects to:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application.  If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Shook's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Shook consistent with the terms of the Interim Compensation Order.  Shook will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order.  Shook agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

7.      Shook requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of the Interim Compensation Order.

8.      An accounting of prepetition payments made to Shook by the Debtor in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

---

[4]      On April 27, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

NAI-1536325529

9.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Shook, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code.  Shook has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure in respect of the sharing of compensation among Shook's partners.

Dated: May 4, 2023                              */s/  Kathleen A. Frazier*
      Houston, Texas                          Kathleen A. Frazier
                                    Shook, Hardy & Bacon L.L.P.

NAI-1536325529

## SCHEDULE 1

### Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| DATE | INVOICE AMOUNT | TRANSACTION | PAYMENTS RECEIVED[1] |
| June 29, 2022 | $428,507.26 | Monthly Fee Statement No. 1 | $342,973.49 |
| July 29, 2022 | $88,151.05 | Monthly Fee Statement No. 2 | $70,526.48 |
| August 12, 2022 | $123,693.93 | Monthly Fee Statement No. 3 | $98,955.14 |
| September 27, 2022 | $103,767.88 | Monthly Fee Statement No. 4 | $83,187.71 |
| October 28, 2022 | $129,891.51 | Monthly Fee Statement No. 5 | $107,942.47 |
| November 8, 2022 | $52,159.19 | Monthly Fee Statement No. 6 | $42,008.22 |
| December 8, 2022 | $152,412.99 | Monthly Fee Statement No. 7 | $143,074.04 |
| February 8, 2023 | $118,393.04 | Hold-back from first three interim fee applications | $118,393.04 |
| February 21, 2023 | $36,077.68 | Monthly Fee Statement No. 9 | $29,707.81 |
| February 28, 2023 | $20,387.50 | Monthly Fee Statement No. 8 | $16,323.04 |
| April 4, 2023 | $252,140.40 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $252,140.40 |

---

[1]    The interim payments received by Shook during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly statements. The holdbacks of fees were subsequently paid to Shook upon interim approval of the amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

| POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| April 4, 2023 | $123,000.00 | Post-dismissal estimated fees and expenses | $123,000.00 |
| **TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR:** | | | $123,000.00 |
| PREPETITION BALANCE | | | |
| **BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE:** | | | **$0.00** |

NAI-1536325529