**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT, LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**APPLICATION FOR RETENTION OF**
**KING & SPALDING LLP, EFFECTIVE AS OF APRIL 4, 2023**

1. The applicant, LTL Management LLC (the "Debtor"), is the:

    ☐ Trustee:      ☐ Chap. 7      ☐ Chap. 11      ☐ Chap. 13.

    ☒ Debtor:       ☒ Chap. 11     ☐ Chap. 13

    ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536344224

2. The Debtor seeks to retain the following professional, King & Spalding LLP ("K&S"), to serve as:

☐ Attorney for:     ☐ Trustee          ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:   ☐ Trustee          ☐ Debtor-in-possession

☐ Official Committee of _____

☒ Other Professional:

☐ Realtor           ☐ Appraiser        ☒ Special Counsel

☐ Auctioneer        ☐ Other (specify): _____

3. The employment of K&S is necessary because:

The Debtor requires the services of attorneys who have expertise and familiarity with mesothelioma talc-related litigation; the management, defense, and settlement of talc claims; the Debtor's and industry-wide history related to the use and testing of talc; scientific research relating to alleged asbestos contamination in talc; and the talc-related personal injury cases filed against Johnson & Johnson ("J&J"), Johnson & Johnson Consumer Inc. ("Old JJCI") and the Debtor.

4. K&S has been selected because:

K&S is uniquely situated to serve as the Debtor's special counsel in the above-captioned chapter 11 case (the "Chapter 11 Case") because of K&S's prior representation of the Debtor, its predecessor, Old JJCI and J&J in the underlying talc-related litigation, as well as K&S's experience serving as special counsel to the Debtor in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case").[2]

K&S served as special counsel to the Debtor throughout the pendency of the 2021 Chapter 11 Case.[3] Additionally, prior to the 2021 Chapter 11 Case, K&S served, since

---

[2] Additional information regarding K&S's qualifications and experience is provided in the *Application for Retention of King & Spalding LLP, Effective as of October 14, 2021*, [No. 21-30589, Dkt. 549] filed in the 2021 Chapter 11 Case (the "Prior Application").

[3] On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On December 16, 2021, an order was entered [No. 21-30589, Dkt. 859] authorizing the Debtor to retain and employ K&S as special counsel (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal

-2-

February 2020, as national coordinating counsel for J&J and Old JJCI[4] in mesothelioma talc-related litigation and special counsel on certain aspects of ovarian talc-related litigation and, since 2017, as local and trial counsel in the talc-related litigation. As a result, K&S possesses extensive knowledge regarding the talc litigation, including matters concerning (i) J&J's and Old JJCI's businesses; (ii) both company and broader industry wide history related to the use and testing of talc; (iii) scientific research relating to alleged asbestos contamination in talc; (iv) the talc-related personal injury cases filed against J&J and Old JJCI; (v) defenses to those claims; and (vi) J&J's, Old JJCI's and the Debtor's management of the defense and settlement of talc-related claims.

Should the Debtor be required to retain counsel in substitution of K&S, the Debtor, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses to talc claims and obtain the expertise required to serve the Debtor and its estate in an effective manner.

5.     K&S's services to be rendered are as follows:

The Debtor does not propose to employ K&S as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead, as in the 2021 Chapter 11 Case, as special counsel pursuant to 11 U.S.C. § 327(e) to represent and advise the Debtor on issues relating to the defense of talc-related claims and the resolution thereof during the course of the Chapter 11 Case, drawing on K&S's experience and expertise relating to the Debtor's talc litigation. The Debtor anticipates that K&S will perform, among others, the following legal services, which services are substantially similar to those approved in the Prior Retention Order:

(a)     assist the Debtor with discovery relating to allegations of asbestos contamination in talc, generally, or mesothelioma cases more specifically;

(b)     assist the Debtor in the defense of privilege and work product issues relating to the talc-related matters;

(c)     assist the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

(d)     assist the Debtor with any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

---

Order") dismissing the 2021 Chapter 11 Chapter 11 Case [No. 21-30589, Dkt. 3938]. Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

[4]     K&S served as counsel to Old JJCI until it ceased to exist following the corporate restructuring that was completed on October 12, 2021, (the "2021 Corporate Restructuring") which created the Debtor. Old JJCI's engagement of K&S was allocated to the Debtor in the 2021 Corporate Restructuring. As set forth herein and in the Certification of Kristen Renee Fournier, attached hereto as Exhibit B, K&S continues to represent J&J in certain talc-related litigation, as it did prior to the 2021 Chapter 11 Case and prior to the Petition Date.

-3-

  (e)  assist the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

  (f)  provide such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

As noted above, K&S has substantial expertise in all of these areas, given its prior work for J&J, Old JJCI and the Debtor. Accordingly, the Debtor respectfully submits K&S is well qualified to perform these services for the Debtor. The Debtor further believes that the services K&S will provide are complementary to and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. The Debtor is mindful of the need to avoid the duplication of legal services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of K&S's role as special counsel.

6.  The proposed arrangement for compensation is as follows:

Pursuant to the terms of the engagement letter between the Debtor and K&S (the "Engagement Letter")[5] and subject to the Court's approval of this application, K&S intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

In addition, to the extent that K&S represents both the Debtor and J&J in a matter, K&S will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which K&S represents solely the Debtor or J&J, K&S will allocate 100% of the fees and expenses to the entity represented.

The current standard hourly rates charged by K&S in the United States fall within the following ranges:

| Billing Category | Rate |
|---|---|
| Partners | $635 - $2,095 |
| Counsel/Of Counsel | $865 - $1,835 |
| Associates | $410 - $1,415 |
| Paralegals | $265 - $675 |

Further, the hourly rates for the K&S lawyers anticipated to work for the Debtor as of

---

[5] In connection with the 2021 Chapter 11 Case, K&S and the Debtor entered into an engagement letter, and that engagement letter continues to govern K&S's engagement by the Debtor. A copy of the Engagement Letter and related renewal for this matter are attached hereto as Exhibit A. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter.

NAI-1536344224

April 4, 2023, range from $890 to $1,185 for partners, $865 for counsel, $540 to $740 for associates and $290 to $385 for staff attorneys/paralegals. K&S's hourly rates may change annually in accordance with the terms of the Engagement Letter and K&S's established billing practices and procedures.

K&S will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure 2016 (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, (the "Fee Guidelines"), any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, an "Interim Compensation Order"), and any applicable orders of this Court. K&S will use the billing and expense categories set forth in the Fee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

As set forth in the Certification of Kristen Renee Fournier, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, K&S received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Kristen Renee Fournier attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid K&S $2,337,087.61 via wire transfer (the "Payment"). This amount comprises of (a) $2,137,087.61 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts")[6] and (b) $200,000.00 for K&S's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[7] Accordingly, as of the Petition Date, K&S was not owed any amounts by the Debtor.

---

[6] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to K&S by J&J for services provided in the talc litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

[7] K&S did not hold a retainer (a "Retainer") as of the Petition Date. K&S expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the

This payment to K&S was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in the 2021 Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. K&S served such a statement on the Debtor.[8]

In addition, the Debtor was solvent at the time it made this payment to K&S. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7. To the best of the Debtor's knowledge, K&S's connection with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee, is as follows:

☐ None

☒ Describe connection: See Cert. of Kristen Renee Fournier, attached hereto as Exhibit B; see also Disclosure of Compensation, attached hereto as Exhibit C.

8. To the best of the Debtor's knowledge, K&S:

☐ Does not hold an adverse interest to the estate.

☐ Does not represent an adverse interest to the estate.

☐ Is a disinterested person under 11 U.S.C. § 101(14).

☒ Does not represent or hold any interest adverse to the Debtor or the estate with respect

---

Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded K&S's unbilled actual fees and expenses incurred in the respective periods, the balance will be held by K&S as a Retainer and applied by K&S consistent with the terms of the Interim Compensation Order. K&S will not apply any portion of the Retainer (if one is created, as indicated above) to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. K&S agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

[8] On April 27, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

NAI-1536344224

    to the matter for which K&S will be retained under 11 U.S.C. § 327(e).

    ☐ Other; explain: _____

    <u>See</u> <u>also</u> Cert. of Kristen Renee Fournier, attached hereto as <u>Exhibit B</u>.

9.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

    WHEREFORE, the Debtor respectfully requests authorization to employ K&S, effective as of April 4, 2023, to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                    */s/ John K. Kim*
                                                      John K. Kim
                                                      Chief Legal Officer

NAI-1536344224