# **EXHIBIT C**

**Disclosure of Compensation**

NAI-1536344224

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT, LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DISCLOSURE OF COMPENSATION OF**
**KING & SPALDING LLP, EFFECTIVE AS OF APRIL 4, 2023**

Pursuant to section 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, I, Kristen R. Fournier hereby certify as follows:

1. I am a partner with the law firm of King & Spalding LLP ("K&S") and am duly authorized to make this Disclosure of Compensation ("Disclosure") on behalf of K&S in

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536344224

connection with the *Application for Retention of King & Spalding LLP as Special Counsel as of April 4, 2023, Effective as of April 4, 2023* (the "Application").[2] The facts set forth in this Disclosure are personally known to me and, if called as a witness, I could and would testify thereto.

2. The Debtor paid K&S for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

3. As set forth in my Certification, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, K&S received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Kristen Renee Fournier attached to Application as Exhibit B.

4. In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid K&S $2,337,087.61 via wire transfer (the "Payment"). This amount comprises of (a) $2,137,087.61 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through entry of the Dismissal Order (the "Pre-Dismissal Amounts")[3] and (b) $200,000.00 for K&S's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

[3] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to K&S by J&J for services provided in the talc litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case. Accordingly, as of the Petition Date, K&S was not owed any amounts by the Debtor.

5.      This payment to K&S was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in the 2021 Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. K&S served such a statement on the Debtor.[4]

6.      K&S did not hold a retainer (a "Retainer") as of the Petition Date. K&S expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post- Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded K&S's unbilled actual fees and expenses incurred in the respective periods, the balance will be held by K&S as a Retainer and applied by K&S consistent with the terms of the Interim Compensation Order. K&S will not apply any portion of the Retainer (if one is created, as indicated above) to fees and

---

[4]     On April 27, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. K&S agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

7. K&S requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of any Interim Compensation Order.

8. An accounting of prepetition payments made to K&S by the Debtor in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

9. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor K&S, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code. K&S has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure in respect of the sharing of compensation among K&S's partners.

Date: May 4, 2023

/s/Kristen R. Fournier
Kristen R. Fournier (NY 4439857)
King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

## SCHEDULE 1

### Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH THE 2021 CHAPTER 11 CASE ||||
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED**[5] |
| April 7, 2022 | $216,535.90 | Interim payment for second monthly statement for December 16, 2022 through January 31, 2022 | $163,891.12 |
| April 28, 2022 | $120,039.60 | Interim payment for third monthly statement for February 1, 2022 through February 28, 2022 | $95,283.95 |
| June 29, 2022 | $194,382.60 | Interim payment for fourth monthly statement for March 1, 2022 through April 30, 2022 | $146,679.00 |
| July 18, 2022 | $28,928.30 | Interim payment for fifth monthly statement for May 1, 2022 through May 31, 2022 | $22,768.09 |

---

[5] The interim payments received by K&S during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly statements. The holdbacks of fees were subsequently paid to K&S upon interim approval of the amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

NAI-1536344224

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH THE 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| DATE | INVOICE AMOUNT | TRANSACTION | PAYMENTS RECEIVED[5] |
| July 18, 2022 | - | Holdback payment for first interim fee application for October 14, 2022 through January 31, 2022 and/or other outstanding interim payments for prior monthly fee statements | $109,808.14 |
| September 2, 2022 | $91,411.60 | Interim payment for sixth monthly statement for June 1, 2022 through June 30, 2022 | $65,650.83 |
| September 22, 2022 | - | Holdback payment for second interim fee application for February 1, 2022 through May 31, 2022 and/or other outstanding interim payments for prior monthly fee statements | $37,388.56 |
| November 16, 2022 | $51,762.50 | Interim payment for seventh monthly statement for July 1, 2022 through July 31, 2022 | $41,410.00 |
| December 20, 2022 | $108,849.80 | Interim payment for eighth monthly statement for August 1, 2022 through September 30, 2022 | $76,732.02 |

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH THE 2021 CHAPTER 11 CASE ||||
|---|---|---|---|
| DATE | INVOICE AMOUNT | TRANSACTION | PAYMENTS RECEIVED[5] |
| January 20, 2023 | $91,729.60 | Interim payment for ninth monthly statement for October 1, 2022 through November 30, 2022 | $56,702.34 |
| March 6, 2023 | - | Holdback payment for third interim fee application for June 1, 2022 through September 30, 2022 and/or other outstanding interim payments for prior monthly fee statements | $41,997.08 |
| April 4, 2023 | $2,137,087.61 | Payment of actual and estimated fees and expenses incurred during the 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $2,137,087.61 |
| POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR ||||
| Date | Invoice Amount | Transaction | Payments Received |
| April 4, 2023 | $200,000.00 | Post-dismissal estimated fees and expenses | $200,000.00 |
| **TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR:** ||| $200,000.00 |
| PREPETITION BALANCE ||||
| **Balance of Fees and Expenses as of the Petition Date:** ||| **$0.00** |