**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## APPLICATION FOR RETENTION OF
## BATES WHITE, LLC, EFFECTIVE AS OF APRIL 4, 2023

1. The applicant, LTL Management LLC (the "Debtor" or "LTL Management"), is the:

   ☐ Trustee:     ☐ Chap. 7     ☐ Chap. 11     ☐ Chap. 13.

   ☒ Debtor:      ☒ Chap. 11    ☐ Chap. 13

   ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536319831

2. The Debtor seeks to retain the following professional, Bates White, LLC ("Bates White"), to serve as:

☐ Attorney for: ☐ Trustee ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for: ☐ Trustee ☐ Debtor-in-possession

☐ Official Committee of _____

☐ Other Professional:

☐ Realtor ☐ Appraiser ☐ Special Counsel

☐ Auctioneer ☒ Other (specify): Talc Consultant

3. The employment of Bates White is necessary because:

As in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Debtor requires a knowledgeable consultant to provide expert and consulting services relating to the evaluation of the Debtor's talc liability, including in connection with a plan of reorganization and, in particular, in connection with the funding of the talc trust to be created in connection with the plan of reorganization contemplated by the plan support agreements among the Debtor, various plaintiff law firms, Johnson & Johnson ("J&J") and Johnson & Johnson Holdco (NA) Inc. ("Holdco"). Bates White is an economic consulting firm that provides, among other things, services relating to the economic analysis of mass tort claims and has substantial expertise in these areas. The Debtor also seeks to continue its retention of Bates White in its role as consultant to the Debtor in connection with In re Imerys Talc America, Inc., Case No. 19-10289 (LSS) (Bankr. D. Del.) ("Imerys"), pursuant to an engagement agreement entered into by Bates White and Weil, Gotshal & Manges LLP ("Weil") on behalf of J&J.[2]

4. Bates White has been selected because:

Bates White is uniquely situated to provide expert and talc consulting services to the Debtor in this chapter 11 case (the "Chapter 11 Case") because of its experience providing services to the Debtor in the 2021 Chapter 11 Case, as well as its prior role as consultant in Imerys to the Debtor, its predecessor, Johnson & Johnson Consumer Inc. ("Old JJCI") and J&J.[3]

---

[2] Bates White's retention agreement for work on the Imerys matter was executed with Weil on behalf of their client J&J. Bates White's current understanding is that Weil represents both J&J and the Debtor in Imerys and that Bates White's work in Imerys is for the benefit of both the Debtor and J&J.

[3] Bates White's experience and qualifications are further described in Bates White's retention application filed in the 2021 Chapter 11 Case. *Application for Retention of Bates White, LLC, Effective as of*

-2-

Bates White served as talc consultant to the Debtor throughout the 2021 Chapter 11 Case, and in that regard has substantial expertise with respect to an economic analysis of the Debtor's talc-related liability.[4] Bates White's qualifications and experience with respect to mass tort claims analysis generally and with respect to the Debtor's talc-related liability specifically make Bates White uniquely qualified to provide services to the Debtor, including in support of the Debtor's expedited plan process in this Chapter 11 Case. Accordingly, the Debtor respectfully submits that Bates White is well qualified to continue to perform these services for the Debtor.

Should the Debtor be required to retain another consultant and expert in substitution of Bates White, the Debtor, its bankruptcy estate and other parties in interest would be prejudiced by the time and expense required for substitute consultants and experts to become familiar with the nature and scope of the Debtor's talc-related liability required to serve the Debtor and its estate in an effective manner.

5. Bates White's services to be rendered are as follows:

The Debtor anticipates that Bates White will render economic consulting and related services to the Debtor as needed in connection with talc personal injury claims against the Debtor and related potential costs and liabilities. Bates White will also continue to provide consulting services to J&J and the Debtor in Imerys. Bates White's services to the Debtor in the Chapter 11 Case may include, but are not limited to the following, which are substantially similar to those services provided for in the 2021 Chapter 11 Case and approved in the Prior Retention Order:

(a) performing due diligence and analysis regarding the Debtor's current, potential and overall talc liability (both defense costs and indemnity), including with respect to historical and projected trends, econometric evaluations, market analysis and evaluations using other established methodologies;

(b) assisting the Debtor in negotiations with various parties regarding the Debtor's talc liability, including by evaluating proposals or potential proposals and providing analysis, information and support in connection therewith;

(c) advising the Debtor regarding the funding of any talc trust that may be created pursuant to title 11 of the United States Code (the "Bankruptcy Code");

---

*October 14, 2021*, In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Nov. 24, 2021) [Dkt. 547] (the "2021 Bates White Application").

[4] On February 15, 2022, an order was entered [No. 21-30589, Dkt. 1483] in the 2021 Chapter 11 Case authorizing the Debtor to retain and employ Bates White as consultant in the 2021 Chapter 11 Case (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed. In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938]. Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

-3-

    (d)    advising the Debtor regarding financial issues that may impact the valuation of talc claims;

    (e)    estimating the number and value of, and producing analysis with respect to, present and future talc personal injury claims against the Debtor;

    (f)    providing expert testimony and reports related to the foregoing and assisting the Debtor in preparing and evaluating reports and testimony by other experts and consultants;

    (g)    assisting and advising the Debtor with regards to talc liability and matters in Imerys; and

    (h)    providing such other consulting services as may be requested by the Debtor.

As noted above, Bates White has substantial expertise in all of these areas, given its prior work for the Debtor, Old JJCI and J&J. Accordingly, the Debtor respectfully submits Bates White is well qualified to perform these services for the Debtor.

6.     The proposed arrangement for compensation is as follows:

The Debtor seeks to retain and employ Bates White in accordance with the terms of the engagement letter between Bates White and Jones Day (on behalf of the Debtor), dated as of April 26, 2023 (the "Engagement Letter"), attached hereto as Exhibit A.

Bates White has indicated its willingness to continue to provide talc consultant and expert services for the Debtor. The Engagement Letter specifies that the Bates White retention is through Jones Day, as proposed counsel to the Debtor; however, the Debtor is solely responsible for the payment of fees for services rendered and costs incurred by Bates White under the terms of the Engagement Letter. See Ex. A, Engagement Letter ¶ 3.

Bates White has agreed to accept as compensation sums as may be allowed by the Court. Bates White understands that interim and final fee awards are subject to approval by this Court.

As noted above, Bates White served as a consultant for the Debtor and J&J in Imerys. Bates White continues to serve in such role for J&J and the Debtor on the terms of an engagement agreement entered into by Bates White and Weil. Bates White's fees and expenses in Imerys will continue to be billed pursuant to that engagement agreement, the terms of which are substantially similar to the terms contained in the Engagement Letter, and reflected in a separate time category for record-keeping purposes. To the extent that Bates White provides services solely to either J&J or the Debtor in Imerys, Bates White will allocate 100% of such fees and expenses to the entity for whom services are provided. To the extent that Bates White provides services to both the Debtor and J&J, Bates White will allocate 50% of such fees and expenses to the Debtor and 50% of such fees and expenses to J&J. Bates White's services in the Chapter 11 Case will be provided solely to the Debtor, and accordingly, all such fees and expenses will be charged to the Debtor as set forth in the Engagement Letter and herein.

Bates White has provided its hourly rates below for work in this case, as follows:

| Billing Category | Range |
|---|---|
| *Partner* (Dr. Charles Mullin) | $1,375 |
| *Partner* | $750-$2,000 |
| *Principal* | $625-$825 |
| *Managing Economist* | $600-$725 |
| *Managing Consultant* | $550-$700 |
| *Senior Economist* | $550-$625 |
| *Senior Consultant* | $480-$550 |
| *Economist* | $500-$550 |
| *Consultant II* | $425-$465 |
| *Consultant* | $395-$410 |
| *Data Specialist* | $280 |
| *Project Coordinator* | $280 |
| *Project Assistant* | $230 |

Bates White's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions and promotions; however, such rates may be adjusted only with the consent of the Debtor. Engagement Letter ¶ 8.

Bates White's hourly billing rates are not intended to cover out-of-pocket expenses, research, and reasonable attorneys' fees (such as those that might be required related to Bates White's independent representation related to its retention and/or fee application) and certain elements of other expenses that are typically billed separately. Accordingly, Bates White regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, among other things, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and research.

Bates White has agreed to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of the Engagement Letter, sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix A to 28 C.F.R. § 58) (the "Fee Guidelines"), any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, an "Interim Compensation Order") and any applicable orders of this Court.

As set forth in the Certification of Charles Mullin, Ph.D., submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Bates White received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Bates White $1,829,466.10 via wire transfer (the "Payment"). This amount comprises of (a) $1,529,466.10 on account of actual and estimated fees and expenses incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"), and (b) $300,000.00 for Bates White's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to all of Bates White's Pre-Dismissal Amounts and Post-Dismissal Amounts. Accordingly, as of the Petition Date, Bates White was not owed any amounts by the Debtor.

This payment to Bates White was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Bates White served such a statement on the Debtor.[5]

In addition, the Debtor was solvent at the time it made this payment to Bates White. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Holdco, the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

Following the Petition Date, Bates White reconciled the Payment against actual fees and expenses incurred. Following such reconciliation, Bates White now holds $347,805.00 in retainer (the "Retainer"). Bates White shall apply this Retainer to fees and expenses incurred from and after the Petition Date consistent with the terms of any Interim Compensation Order, but Bates White will not apply any portion of the Retainer unless and until authorized to do so by a further order of this Court, including any Interim Compensation Order.

The Engagement Letter specifies that any dispute arising between Bates White and Jones Day or the Debtor will be determined by binding arbitration in Washington, DC. See Ex. A, Engagement Letter ¶ 15. Notwithstanding this provision, Bates White has agreed that the bankruptcy court shall hear and adjudicate any such dispute during the pendency of the Chapter 11 Case.

The Engagement Letter specifies that the parties thereto shall not be liable to one another for substantially all indirect, special, consequential or exemplary damages. See Ex. A,

---

[5] On April 27, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

NAI-1536319831

        Engagement Letter ¶ 16. The Engagement Letter also limits the liability of Bates White for direct damages to the amount of fees paid with respect to services performed under the Engagement Letter. <u>Id.</u> Notwithstanding such provision, Bates White's liability will not be limited or released by the Engagement Letter for any claim or expense where: (a) such claim or expense is judicially determined to have arisen from Bates White's gross negligence, willful misconduct, fraud or bad faith; (b) with respect to a contractual dispute in which the Debtor alleges the breach of Bates White's contractual obligations, the court determines that such release or limitation would not be permissible under applicable law; or (c) such claim or expense is settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Bates White should not have its liability released or limited under the terms of the Engagement Letter.

        The Engagement Letter also permits the Debtor, Jones Day or Bates White to terminate the agreement upon seven days written notice. <u>See</u> <u>Ex. A</u>, Engagement Letter ¶ 19.

7.     To the best of the Debtor's knowledge, Bates White's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

    ☐ None

    ☒ Describe connection: <u>See</u> Cert. of Charles H. Mullin, Ph.D., attached hereto as <u>Exhibit B</u>.

8.     To the best of the Debtor's knowledge, Bates White:

    ☒ Does not hold an adverse interest to the estate.

    ☒ Does not represent an adverse interest to the estate.

    ☒ Is a disinterested person under 11 U.S.C. § 101(14).

    ☐ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Bates White will be retained under 11 U.S.C. § 327(e).

    ☐ Other; explain: _____

    <u>See</u> <u>also</u> Cert. of Charles H. Mullin, Ph.D., attached hereto as <u>Exhibit B</u>.

9.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, the Debtor respectfully requests authorization to employ Bates White, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023

/s/ *John K. Kim*
John K. Kim
Chief Legal Officer