# **EXHIBIT A**

## **Engagement Letter**

NAI-1536319831

**BATES WHITE**
ECONOMIC CONSULTING   2001 K Street, NW, North Building, Suite 500, Washington, DC 20006   main 202.408.6110   fax 202.408.7838

April 26, 2023

<u>Via Electronic Mail</u>
Dan B. Prieto, Esq.
Jones Day
2727 North Harwood Street
Suite 500
Dallas, Texas 75201-1515
T: 214.969.4515
dbprieto@jonesday.com

          **Re:**    *In re: LTL Management LLC*, **No. 23-12825 (Bankr. D. N.J.)**

Dear Mr. Prieto:

1. Thank you for selecting Bates White, LLC ("Bates White") to provide expert services on behalf of your client, LTL Management LLC ("LTL"), in the above-referenced matter. This letter sets forth the terms of this engagement, which includes work performed as of and after April 4, 2023.

2. Jones Day ("Jones Day" or "you") has agreed to retain Bates White on behalf of Jones Day's client, LTL, in connection with the above-referenced matter. Bates White has agreed to provide Jones Day and LTL with expert consulting services and analysis, including, if requested, a report on same in writing or in sworn testimony. Bates White has agreed to apply independent judgment and conduct independent analysis while undertaking such inquiry and performing such tasks as Jones Day may request and Bates White and Jones Day determine are appropriate.

3. While Jones Day will review invoices provided by Bates White for appropriateness, LTL, not Jones Day, will be responsible for payment of all fees and expenses. Bates White agrees to send all invoices to Jones Day, and Jones Day will forward those invoices, after review, to LTL on a monthly basis. Bates White agrees that, if requested, invoices will also be submitted via an electronic billing system.

4. Bates White understands that its work product under this arrangement is being prepared in connection with the above matter. Bates White agrees not to disclose the fact that it is providing consulting services in this matter unless it has first obtained the written consent of LTL or Jones Day. Bates White will treat all communications with LTL and Jones Day as privileged and confidential; and all documents, data and information, provided to Bates White, in paper, electronic and any other format, by LTL or by Jones Day, shall be deemed "confidential." Unless otherwise agreed, any reports, memoranda, or other documents we prepare in connection with this

matter will be treated as confidential attorney work product. Such case-specific materials prepared by Bates White for LTL in connection with this matter (the "Deliverables") will be the property of LTL and will be segregated and maintained separate from Bates White's other work for other clients so that the confidentiality of these matters can be maintained. No disclosure of any such materials will be made to third parties unless such disclosure has been authorized in writing by LTL or Jones Day, or a court or some other lawful process has required disclosure. Information or documents provided by LTL that are or become publicly available shall not be considered confidential. Bates White agrees to comply with all applicable data privacy laws and confidentiality or protective orders.

5. Notwithstanding the foregoing, all methodologies, procedures, management tools, software, data files, concepts, ideas, inventions, know-how, reports, documents, materials, and other intellectual capital ("Bates White intellectual property") that Bates White has developed, created, or acquired prior to performing the above-described services, or such Bates White intellectual property of general purpose and utility that Bates White develops, creates, or acquires during performance of the above-described services, are and shall remain the sole and exclusive property of Bates White, and neither Jones Day nor LTL shall have or acquire any right, claim, title or interest in or to any such intellectual capital.

6. Bates White shall take direction from Jones Day regarding the scope of work and as to the manner in which its work is presented and its Deliverables are prepared and presented. LTL agrees that Bates White may take direction from Jones Day without notification to or approval or concurrence from LTL.

7. The project team at Bates White will include professional and administrative staff resources as appropriate. Our fees are based upon the time actually spent by each assigned Bates White Partner and employee at their hourly billing rate.

8. Our 2023 rates for Bates White personnel range from $230.00 to $2,000.00 per hour. Outside of promotions, Bates White agrees that rates will remain fixed through December 31, 2023. Subsequently and subject to your consent, rates may be adjusted from time to time, typically annually at the end of a calendar year and upon promotion of staff, however rate adjustments must be approved by Jones Day or LTL. Provided that the adjusted rates are market, you, on behalf of LTL, agree that consent to these adjustments will not be unreasonably withheld. Bates White has a wealth of experts, including economists and affiliated academics widely recognized in their fields, who have developed significant expertise in many different fields over many years,

Dan B. Prieto, Esq.
April 26, 2023

Page 3 of 7

and from time to time, those experts may provide strategic consulting advice on this matter. That advice will be billed on an hourly basis, except as otherwise agreed. In addition to professional fees, our bills will include out-of-pocket expenses that Bates White incurs on LTL's behalf, including, but not limited to travel, electronic invoicing charges from third party vendors, reasonable attorneys' fees (such as those related to our retention and/or fee application), and other case-specific charges. Bates White will initially bill its monthly fees and expenses against the payment of $350,000 received prior to LTL's bankruptcy petition on April 4, 2023.

9. Invoices will be presented for each month's efforts and are due upon presentation. Our invoices will contain the total hourly charges by timekeeper for the period covered by the invoice plus a summary of expenses. Professional fees shall be subject to a 5% prompt pay discount if payment is received by Bates White within sixty (60) days of the invoice date. LTL agrees to communicate disputes over amounts due on an invoice, in writing, within thirty (30) days of the invoice date; provided, however, that to the extent that information regarding an invoice was not reasonably known to LTL as of the invoice date, LTL shall communicate such disputes within thirty (30) days of becoming aware of such information. LTL shall pay the undisputed portion within sixty (60) days of the invoice date. Failure by you or LTL to communicate a disagreement regarding the amount due shall constitute a waiver of any such disagreement. For the avoidance of doubt, and consistent with prior practice amongst the parties, should Bates White's bills become subject to a fee audit as part of these bankruptcy proceedings, then Bates White's fees will be subject to adjustments as agreed upon during that fee audit process, rather than the prompt pay discount applying.[1] In the event that LTL's account becomes overdue in excess of ninety (90) days past the invoice date or LTL refuses to pay in whole or in part for work performed, Bates White reserves the right to withhold further services. Bates White requires that all invoices outstanding more than ninety (90) days past the invoice date be paid prior to any deposition, hearing appearance or courtroom testimony.

10. Bates White understands that the ongoing employment of Bates White will be subject to the approval of the bankruptcy court with jurisdiction over the petition. If necessary, Bates White will modify the terms and conditions of employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court. Should this matter become subject to bankruptcy court payment processes, subject to the approval of the bankruptcy court as described above, then payment terms would be modified as follows. The timing of payment regarding the portion of invoices not subject to any

---

[1] Due to market demand for our services and other factors, Bates White is no longer regularly providing prompt pay discounts to new clients. LTL is being offered this discount here in recognition of the fact that this new engagement agreement reflects in large part a continuation of prior work for LTL.

Dan B. Prieto, Esq.
April 26, 2023
Page 4 of 7

holdback provisions will dictate the prompt pay discount and interest accrual for the entire balance of the invoice. For example, and except as noted in paragraph 9, invoices for which LTL pays the balance not subject to a holdback provision within thirty (30) days of the payment date included in the bankruptcy court payment process would receive the 5% prompt-pay discount for the entire balance of the invoice, regardless of when the court approves payment of the funds subject to the holdback provision. Similarly, interest shall not apply to portions of invoices subject to a holdback provision until after seventy-five (75) days after the later of the date the court approves payment of the funds subject to the holdback provision and the deadline for making the holdback payment set forth in the bankruptcy court payment process.

11. Upon request, Bates White will provide Jones Day or LTL with an estimated budget for the services. Any estimate of anticipated fees and costs will be our best estimate of the effort required to complete the work based upon the information available to Bates White at the time it is made. Under no circumstances shall any such estimate be considered a maximum fee or an offer to perform the services on a fixed fee basis.

12. Except as otherwise may be required by law, it is Bates White's policy to return or destroy documents and data provided by Jones Day or LTL, or subject to protective orders, at the conclusion of the engagement. Therefore, Jones Day or LTL will notify Bates White promptly upon the closing of this matter and provide direction to Bates White with respect to disposition of such documents or data. If Jones Day or LTL requests the return or destruction of its documents or data, Bates White will return or destroy them at LTL's expense. If Jones Day or LTL does not provide such direction within the earlier of thirty (30) days of the conclusion of the engagement or fourteen (14) days prior to the deadline for compliance with the terms of an applicable protective order, Bates White may return or destroy such documents at LTL's expense without further notice or liability.

13. Bates White is not aware of anything that would impair our ability to provide independent and objective services in this matter. Jones Day and LTL acknowledge that Bates White is engaged by many different clients, ranging from corporations to other business entities, law firms, and government entities, including those with adverse, competitive or opposing interests. Jones Day and LTL further acknowledge that they are aware that Bates White was previously retained by Weil, Gotshal & Manges LLP on behalf of their client Johnson & Johnson to provide consulting and expert services in the matter of *In re: Imerys Talc America, Inc. et al., No. 19-10289 (Bankr. D. Del.)*. That matter remains active and Bates White will continue to take direction from Weil, Gotshal & Manges LLP regarding the scope of work and as to the manner in which such work is

Dan B. Prieto, Esq.
April 26, 2023

Page 5 of 7

presented and what Deliverables are prepared and presented in the Imerys litigation. To avoid potential conflicts of interest, Bates White agrees not to consult or serve as a consultant or testifying expert in the present bankruptcy matter or substantially similar matter on behalf of any party that is adverse to LTL in this matter. You and LTL agree, however, that Bates White may be engaged by parties with interests adverse to LTL in matters other than those described in the immediately preceding sentence. Jones Day and LTL acknowledge that Bates White has been, is, or may be engaged to provide consulting and/or expert services by other defendant parties involved in or with interests in lawsuits or claims alleging injury from talcum powder products. To ensure clarity, such Bates White retentions by other talc defendants is not considered adverse to LTL. You and LTL further acknowledge that Bates White remains free to perform work similar, in subject matter or otherwise, to that requested by you in other matters and for other clients. Bates White is not required to advise Jones Day or LTL of such engagements. Bates White is committed to protecting the confidential information of clients, and Bates White may establish internal walls if deemed necessary in Bates White's discretion and at such time as Bates White deems necessary and appropriate.

14. Any dispute, claim or controversy between Bates White on the one hand and Jones Day or LTL on the other hand, arising out of or relating to this agreement, whether sounding in contract, tort (including, but not, limited to malpractice) or otherwise, including the breach, termination, enforcement, interpretation or validity thereof, and including the determination of the scope or applicability of this agreement to arbitrate and all issues relating to whether a dispute, claim, controversy, or party is subject to arbitration, shall be determined in binding arbitration. The arbitration shall be before a single arbitrator and shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedure then in place and effect. Such arbitration shall take place in Washington, DC. The substantially prevailing party shall be entitled to fees and costs incurred in the arbitration. Judgment on the award may be entered in any court of competent jurisdiction.

15. This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia without respect to its conflicts of laws principles. Each of the parties hereby consents to submit itself to the personal jurisdiction of the federal and local courts located in Washington, DC in any suit, action, or proceeding arising out of or relating to this Agreement that could not be resolved by the parties in accordance with the arbitration process set out above. In any proceedings brought to enforce the terms of this Agreement, the substantially prevailing party shall be entitled to fees and costs incurred including, without limitation, reasonable attorneys' fees.

16. The parties shall not be liable to one another, whether sounding in contract, tort, (including but not limited to malpractice), or otherwise, including the breach, termination, enforcement, interpretation, or validity of this agreement, for indirect, special, consequential, or exemplary damages, nor shall Bates White be liable for direct damages in excess of fees paid with respect to services performed under this letter.

17. Unless extended in writing (or unless earlier terminated as provided below), this engagement will terminate upon the earliest of (a) the end of the matter described in this letter, (b) the conclusion of our work on the matter, or (c) written notification by Bates White, Jones Day or LTL that the agreement is terminated. In any event, unless we agree otherwise in writing, this engagement will be deemed terminated if the matter has been inactive and Bates White has had no occasion to perform any expert services in connection with it for a period of one year.

18. Jones Day, LTL or Bates White may terminate this agreement upon seven (7) days written notice. In the event of termination by Jones Day, LTL, or Bates White, LTL continues to be responsible for payment for work performed up to and including the date of termination, and such payment shall be due immediately.

19. The parties agree that paragraphs 2, 3, 4, 5, 9, 13, 14, 15, 16, and 18 survive the termination of this Agreement.

20. If this letter correctly states our arrangements, please sign below where indicated and return it to our attention.

Sincerely,

Bates White, LLC

Andrew R. Evans, CFA
Partner

Dan B. Prieto, Esq.
April 26, 2023

Page 7 of 7

Jones Day

By: /s/ Dan B. Prieto
    Dan B. Prieto

Dated: 5-4-23

LTL Management LLC

By: _____

Dated: _____

Jones Day

By: _____
      Dan B. Prieto

Dated: _____

LTL Management LLC

By: _____

Dated: 4/27/23