| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **WOLLMUTH MAHER & DEUTSCH LLP** Paul R. DeFilippo, Esq. 500 Fifth Avenue New York, New York 10110 Telephone: (212) 382-3300 Facsimile: (212) 382-0050 pdefilippo@wmd-law.com **JONES DAY** Gregory M. Gordon, Esq. Brad B. Erens, Esq. Dan B. Prieto, Esq. Amanda Rush, Esq. 2727 N. Harwood Street Dallas, Texas 75201 Telephone: (214) 220-3939 Facsimile: (214) 969-5100 gmgordon@jonesday.com bberens@jonesday.com dbprieto@jonesday.com asrush@jonesday.com (Admitted *pro hac vice*) *PROPOSED ATTORNEYS FOR DEBTOR* | **BLAKE, CASSELS & GRAYDON LLP** Linc Rogers 199 Bay Street, Suite 4000 Toronto, Ontario M5L 1A9 Telephone: 416-863-2400 Fax: 416-863-2653 Email: linc.rogers@blakes.com *PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re: LTL MANAGEMENT LLC,[1] Debtor. | Chapter 11 Case No.: 23-12825 (MBK) Judge: Michael B. Kaplan |

# APPLICATION FOR RETENTION OF
# BLAKE, CASSELS & GRAYDON LLP, EFFECTIVE AS OF APRIL 4, 2023

1. The applicant, LTL Management LLC (the "Debtor"), is the:

   ☐ Trustee:       ☐ Chap. 7       ☐ Chap. 11       ☐ Chap. 13.

   ☒ Debtor:        ☒ Chap. 11      ☐ Chap. 13

   ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. The Debtor seeks to retain the following professional, Blake, Cassels & Graydon LLP ("<u>Blakes</u>"), to serve as:

☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

☐ Official Committee of _____ _____

☒ Other Professional:

☐ Realtor    ☐ Appraiser    ☒ Special Counsel

☐ Auctioneer    ☐ Other (specify): _____

3. The employment of Blakes is necessary because:

As in the Debtor's prior chapter 11 case (the "<u>2021 Chapter 11 Case</u>"), the Debtor continues to require the services of attorneys who have expertise and familiarity with Canadian laws, as well as in restructuring matters pursuant to Part IV of the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36.

4. Blakes has been selected because:

Blakes is uniquely qualified to (a) serve as the Debtor's Canadian counsel in connection with this chapter 11 case (the "<u>Chapter 11 Case</u>") and (b) to represent the Debtor in its capacity as foreign representative (in such capacity, the "<u>Foreign Representative</u>") in the proceedings commenced on April 13, 2023 pursuant to Part IV of the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 (the "<u>CCAA Proceedings</u>") and in connection with any matters relating thereto (together with the CCAA Proceedings, the "<u>CCAA Matters</u>"),[2] as of April 4, 2023, because of Blakes' experience serving as both Canadian counsel and Foreign Representative counsel in connection with the 2021 Chapter 11 Case.[3]

---

[2] See *Initial Recognition Order (Foreign Main Proceeding)* (the "<u>Initial Recognition Order</u>") entered in the CCAA Proceedings. Ernst & Young Inc. has been appointed by the Ontario Superior Court of Justice (Commercial List) (the "<u>Canadian Court</u>") as information officer in the CCAA Proceedings (in such capacity, the "<u>Information Officer</u>") pursuant to the *2023 Supplemental Recognition Order (Foreign Main Proceeding)* (the "<u>Supplemental Recognition Order</u>") entered on April 13, 2023, the same day as the Initial Recognition Order. The Information Officer serves as an officer of the Canadian Court and will report to the Canadian Court on the status of the Chapter 11 Case, the proposed restructuring of the Debtor, the CCAA and any other information that may be material to the Canadian Court. The specific duties of the Information Officer are set forth in an order entered by the Canadian Court. The Information Officer has retained its own counsel, and Blakes will not serve as counsel to the Information Officer.

[3] Blakes served as counsel to former Johnson & Johnson Consumer Inc. ("<u>Old JJCI</u>") until it ceased to exist. Old JJCI's engagement of Blakes was allocated to the Debtor in the corporate restructuring that created the

On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On December 17, 2021, the Debtor, in its capacity as the Foreign Representative, commenced proceedings in Canada pursuant to Part IV of the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 (the "Prior Canadian Proceedings"). On January 28, 2022, an order was entered [No. 21-30589, Dkt. 1284] authorizing the Debtor to retain and employ Blakes as Canadian counsel and for Blakes to represent the Debtor as the Foreign Representative in the Prior Canadian Proceedings (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed.[4] On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case.[5] Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").[6] On April 13, 2023, the Canadian court terminated the Prior Canadian Proceedings and the Debtor initiated the CCAA Proceedings.[7]

As trial counsel to J&J, Old JJCI, the Debtor, and J&J Canada, Blakes also has gained invaluable experience and knowledge regarding the Debtor, the talc-related claims asserted against the Debtor and its non-debtor affiliates and the factual and scientific defenses to those claims under Canadian law. Should the Debtor be required to retain counsel in substitution of Blakes, the Debtor, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses to talc claims and the CCAA Matters and obtain the expertise required to serve the Debtor and its estate in an effective manner.

---

Debtor. The terms of Blakes' engagement by Old JJCI were superseded in their entirety by the December 22, 2021 engagement letter (the "Engagement Letter"), which Engagement Letter continues to govern the terms of Blakes' engagement with the Debtor. A copy of the Engagement Letter is attached hereto as Exhibit A. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter. As set forth herein and in the Certification of Linc Rogers, Blakes continues to represent Johnson & Johnson ("J&J") and Johnson & Johnson Inc. ("J&J Canada") in certain talc-related litigation, as it did prior to the Petition Date. Additional information regarding Blakes qualifications and prior experience representing the Debtor is set forth in the *Application for Retention of Blake, Cassels & Graydon LLP, Effective as of October 14, 2021* [No. 21-30589, Dkt. 966] filed in the 2021 Chapter 11 Case (the "Prior Application").

[4]  See In re LTL Mgmt., LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023).

[5]  In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938].

[6]  Blakes acted as Canadian counsel to the Debtor and represented the Debtor as the Foreign Representative throughout the 2021 Chapter 11 Case, and following the dismissal of that case, prior to the commencement of this case.

[7]  The Canadian Court entered the Initial Recognition Order recognizing the Debtor's Chapter 11 Case as a foreign main proceeding, as defined in section 45 of the CCAA, on April 13, 2023. See Initial Recognition Order ¶ 3. On that same date, the Canadian Court also entered a Supplemental Recognition Order in the CCAA Proceedings as well as an order terminating the Prior Canadian Proceedings.

5. Blakes' services to be rendered are as follows:

The Debtor wishes to retain Blakes as special counsel to advise the Debtor on issues relating to the defense of Canadian talc-related claims and the resolution thereof, including representation of the Debtor in its capacity as foreign representative in any CCAA Matters, during the course of the Chapter 11 Case. Drawing on Blakes' prior experience and expertise, the Debtor anticipates that Blakes will perform, among others, the following legal services, which services are substantially similar to those provided in the Prior Application and approved in the Prior Retention Order:

(a) assist the Debtor in connection with certain litigation filed in Canada implicating the factual and scientific basis supporting the defense of the underlying talc-related and ovarian cancer claims;

(b) appear on behalf of the Debtor in connection with any talc-related litigation pending in Canada;

(c) prepare on the Debtor's behalf any necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents related to talc-related claims to be filed in a Canadian forum or prepared under Canadian law;

(d) advise the Debtor with respect to its rights under Canadian law and issues of Canadian law arising out of talc-related litigation;

(e) represent the Debtor in its capacity as foreign representative in the CCAA Matters; and

(f) provide such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's Canadian talc-related claims in the Chapter 11 Case and any CCAA Matters.

Blakes will provide the services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor in the Chapter 11 case. The Debtor believes that the services Blakes will provide will be complementary and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. In particular, as described herein, Blakes is uniquely situated as counsel in Canadian talc-related litigation and the CCAA Matters. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Blakes' role as special counsel.

6. The proposed arrangement for compensation is as follows:

Pursuant to the terms of the Engagement Letter and subject to the Court's approval of this Application, Blakes intends to: (a) charge for its legal services on an hourly basis in

-4-

accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out of pocket expenses.

In addition, to the extent that Blakes represents the Debtor, J&J and J&J Canada in a matter, Blakes will allocate 1/3 of its fees and expenses incurred in such joint representation to the Debtor, 1/3 to J&J, and 1/3 to J&J Canada.  In matters in which Blakes represents less than all of the Debtor, J&J, and J&J Canada, Blakes will allocate a proportional percentage of its fees and expenses to the entity or entities represented.

Blakes will be compensated at its hourly rates, which are based on the professionals' level of experience.  At present, the hourly rates charged by Blakes in Canada fall within the following ranges:

| *Billing Category* | *Canada Rates (CDN$)* | *Canada Rates (USD$)* |
|---|---|---|
| Partners and Of Counsel | $1,070.00 - $580.00 | $876.00 - $475.00 |
| Associates | $678.00 - $335.00 | $555.00 - $275.00 |
| Law Clerks | $378.00 - $360.00 | $310 - $295.00 |

Blakes' hourly rates may change annually in accordance with the terms of the Engagement Letter and Blakes' established billing practices and procedures.  The hourly rates have in fact changed since the execution of the Engagement Letter in December 2021, as agreed between Blakes and the Debtor.

Blakes will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court District of New Jersey, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order") and any additional procedures that may be established by the Court in the Chapter 11 Case.

As set forth in the Certification of Linc Rogers, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Blakes received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.  See Cert. of Linc Rogers attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Blakes $383,770.78 CAD ($292,954.80 USD) via wire transfer (the "Payment").  This

amount comprises (a) $158,770.78 CAD ($121,199.07 USD) on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case prior to dismissal, consistent with the Dismissal Order (the "Pre-Dismissal Amounts")[8] and (b) $225,000.00 CAD ($171,755.73 USD) for Blakes' estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[9] Accordingly, as of the Petition Date, Blakes was not owed any amounts by the Debtor.

This payment to Blakes was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Blakes served such a statement on the Debtor.[10]

The Debtor was solvent at the time it made this payment to Blakes. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

---

[8] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Blakes by J&J for services provided in the talc litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See Declaration of John K. Kim in Support of First Day Pleadings [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

[9] Blakes did not hold a retainer (a "Retainer") as of the Petition Date. Blakes expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Blakes' unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Blakes consistent with the terms of the Interim Compensation Order. Blakes will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Blakes agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

[10] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

7. To the best of the Debtor's knowledge, Blakes' connection with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

☐ None

☒ Describe connection: See Certification of Linc Rogers, attached hereto as Exhibit B.

8. To the best of the Debtor's knowledge, Blakes:

☐ Does not hold an adverse interest to the estate.

☐ Does not represent an adverse interest to the estate.

☐ Is a disinterested person under 11 U.S.C. § 101(14).

☒ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Blakes will be retained under 11 U.S.C. § 327(e).

☒ Other; explain: See Certification of Linc Rogers, attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, the Debtor respectfully requests authorization to employ Blakes, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date:  May 4, 2023                    /s/ John K. Kim
                                       John K. Kim
                                       Chief Legal Officer