**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br>　　　　　　Debtor. | Chapter 11<br>Case No.: 23-12825 (MBK)<br>Judge: Michael B. Kaplan |

**CERTIFICATION OF PAUL R. DeFILIPPO IN SUPPORT OF**
**APPLICATION FOR RETENTION OF WOLLMUTH MAHER & DEUTSCH**
**LLP AS CO-COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO APRIL 4, 2023**

I, PAUL R. DeFILIPPO, being of full age, certify as follows:

　　　1.　　I am seeking authorization, on behalf of Wollmuth Maher & Deutsch LLP

("WMD"), to be retained as co-counsel for the above-captioned debtor (the "Debtor"), and I

make this certification in support of the *Application for Retention of Wollmuth Maher & Deutsch*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*LLP as Co-Counsel for the Debtor, Nunc Pro Tunc to April 4, 2023* filed by the Debtor (the "Application").[2]

2.  My professional credentials include: I am an attorney-at-law duly admitted to practice before this Court and a partner at WMD. WMD and I possess the requisite expertise in the handling of bankruptcy and reorganization proceedings, as well as general corporate, litigation and other areas of law applicable in this Chapter 11 proceeding. WMD is uniquely situated to serve as Debtor's counsel in this case because of its experience serving as its counsel in the Debtor's previous chapter 11 case. On October 14, 2021, the Debtor commenced a reorganization case (the "2021 Chapter 11 Case") by filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On December 16, 2021, an order [No. 21-30589, Dkt. 851] was entered approving the retention of WMD as counsel for the Debtor (the "2021 WMD Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment which provided that the 2021 Chapter 11 Case should be dismissed. On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order [No. 21-30589, Dkt. 3938] (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. WMD's bankruptcy and restructuring attorneys have played significant roles representing debtors, official committees, trustees, creditors and other parties in interest in a wide array of Chapter 11 cases, including: A.H. Robins Company; Bernard L. Madoff Investment Securities LLC; Congoleum Corporation; Fairway Group Holdings Corp.; Federal-Mogul Global, Inc.; Greate Bay Hotel & Casino, Inc.; Lehman Brothers Holdings Inc.;

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

Princeton Alternative Income Fund; United States Mineral Products Company; USG Corp.; W.R. Grace & Co.

  3.  I am a partner with the law firm of WMD and am duly authorized to make this certification on behalf of WMD..

  4.  The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

| | |
|---|---|
| Partners: | $755-975 |
| Counsel: | $765-785 |
| Associates: | $355-760 |
| Paralegals: | $235 |

  WMD reserves the right to adjust its hourly rates in the ordinary course of its business and to seek reimbursement of expenses and disbursements. The Firm will bill only 50% of time spent on non-working travel and will not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of the Firm's fee applications in this case.

  After dismissal of the 2021 Chapter 11 Case and prior to the filing of the petition in this Chapter 11 proceeding, the Firm was paid the sum of $413,758.55 by the Debtor in full satisfaction of all outstanding amounts due and owing prior to the filing of the petition, including but not limited to unpaid invoices and holdback amounts due and owing to the Firm from the 2021 Chapter 11 Case (the "<u>Pre-Petition Payment</u>"). The Debtor made the Pre-Petition Payment in full, after the dismissal of the 2021 Chapter 11 Case and before the filing of the petition initiating this proceeding.

  This payment to the Firm was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set

forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. The Firm served such a statement on the Debtor.[3]

The Firm also received $186,000.00 after dismissal of the 2021 Chapter 11 Case and before filing of this case for the Firm's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case, subject to Court approval in accordance with the requirements of the Bankruptcy Code and/or procedures of any interim fee application entered by the Court. The Debtor does not believe that the Pre-Petition Payment to the Firm, was preferential for several reasons, including that the Pre-Petition Payment was on account of a debt incurred by the Debtor in the ordinary course of its business or financial affairs and made pursuant to a Court order and therefore in the ordinary course of business or financial affairs of the Debtor and the Firm. Further, all payments made to the Firm in the year preceding the Petition Date were made pursuant to Court Orders.

In addition, the Debtor was solvent at the time it made this payment to the Firm. See LTL Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt., LLC), 64 F.4th 84, 761 (3d Cir. 2023) ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the Funding Agreement with the Debtor, is

---

[3] On April 26, 2023, the Debtor filed a *Motion for an Order Authorizing It to Satisfy Its Obligations Under this Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case*, per the terms of the Dismissal Order. Dkt. 319.

4

valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

As proposed co-counsel for the Debtor, my colleagues and I at WMD interact daily with the Debtor and Jones Day, and, when relevant, with other professionals hired by the Debtor, such that we thereby have a clear understanding of the scope of the Firm's services at any particular time. The description of services to be rendered is subject to the direction of the Debtor. The Firm is cognizant of the need for the Debtor to avoid duplication of effort by its retained professionals. I believe that the Debtor is cognizant of the same need. Based on my observations, the Debtor avoids requesting that its counsel perform duplicative work.

The Firm will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines, the Interim Compensation Order and any additional procedures that may be established by the Court in the Chapter 11 Case.

The Firm agrees to undertake reasonable efforts to comply with the United States Trustee's reasonable requests for information and additional disclosures, as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). The Firm agrees that it will use the billing and expense categories set forth in the U.S. Trustee Guidelines. The Firm will provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

5.      To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☒ Describe connection: None, except those listed in Paragraph 6 of this Certification.

6.      To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☒ Describe Connection:

In the past, WMD has represented ACE Property & Casualty Insurance Company and/or ACE Insurance Group n/k/a Chubb and/or their affiliates and WMD currently represents American International Group, AIU Insurance Company, and Resolute Management Inc., which have been identified as potential parties in interest in this proceeding. The foregoing matters are completely unrelated to any matters on which the Firm will render services concerning the Debtor or its estate. The Firm has not been retained to represent any entity other than the Debtor

6

on matters relating to, or in connection with, this chapter 11 case. Any services that the Firm may continue to provide to entities that may be creditors or parties in interest in this chapter 11 case will not relate to, or have any direct connection with, this chapter 11 case. For the last two years, the percentage of WMD's revenues from the entities or their affiliates listed on Exhibit A, annexed hereto, is approximately three percent.

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

☒ do not hold an adverse interest to the estate.

☒ do not represent an adverse interest to the estate.

☒ are disinterested under 11 U.S.C. § 101(14).

☒ do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

☐ Other. Explain: _____

8. If the professional is an auctioneer,

　　a. The following are my qualifications and experience with the liquidation or sale of similar property: N/A

　　b. The proposed method of calculation of my compensation, including rates and formulas, is: N/A

Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D. N. J. LBR 2016-1.

  c.  The following is an estimate of all costs and expenses, including labor, security, advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds: N/A

  d.  Have you, or a principal of your firm, been convicted of a criminal offense?

    ☐ No  ☐ Yes (explain below)  ☒ N/A

  e.  I certify that a surety bond as described in D. N. J. LBR 2014-2(a)(6) is in effect and will remain so through the date of turnover of the auction proceeds. N/A

9.  If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify under penalty of perjury that the above information is true.

Date: May 4, 2023          */s/ Paul R. DeFilippo*
                    Paul R. DeFilippo