**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

**AFFIDAVIT OF JAMES N. LAWLOR PURSUANT TO**
**SECTION 329 OF THE BANKRUPTCY CODE AND RULE**
**2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

STATE OF NEW YORK　　　　　　)
　　　　　　　　　　　　　　　　) ss:
COUNTY OF NEW YORK　　　　　)

　　　　JAMES N. LAWLOR, of full age, being duly sworn according to law, upon his oath,

deposes and says:

---

[1]　　The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1.      I am an attorney at law of the States of New Jersey and New York and a member

of the law firm of Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York

10110 (the "Firm"), proposed co-counsel for the above-captioned debtor (the "Debtor").

Members of the Firm are duly admitted to practice in the United States District Court for the

District of New Jersey.

2.      The Firm has been retained by the Debtor for purposes of representing the Debtor

in connection with this and any related proceedings and has agreed with the Debtor that no

compensation will be paid, except as may be allowed by the Court for services rendered by the

Firm.

3.      The Debtor paid the Firm for its services in connection with the 2021 Chapter 11

Case pursuant to the interim compensation order entered in that case throughout the pendency of

the 2021 Chapter 11 Case.

4.      On April 4, 2023, following the entry of the Dismissal Order and prior to the

commencement of this Chapter 11 Case, the Firm received payment from the Debtor of all

unpaid actual and estimated fees and expenses incurred through the commencement of this

Chapter 11 Case.

5.      In particular, following the entry of the Dismissal Order, on April 4, 2023, the

Debtor paid the Firm $599,785.55 by wire transfer (the "Payment").  This amount comprises (a)

$413,758.55 on account of actual and estimated fees and expenses incurred but not yet paid in

the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal

Amounts"), and (b) $186,000.00 for the Firm's estimated fees and expenses incurred following

dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case

(the "Post-Dismissal Amounts").

6.      The Payment was applied to the Pre-Dismissal Amounts and Post-Dismissal

Amounts prior to the commencement of this Chapter 11 Case.  Accordingly, as of the Petition

Date, the Firm was not owed any amounts by the Debtor.

7.      This payment to the Firm was made in accordance with the terms of the Dismissal

Order, which provides that a Retained Professional (as defined therein) may "seek final

allowance and payment of compensation and reimbursement of expenses" in accordance with the

procedures set forth in the Dismissal Order, which procedures included serving "a statement of

all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal

Date" on the Debtor "no later than 45 days following the Dismissal Date."  Dismissal Order, ¶ 5.

The Firm served such a statement on the Debtor.[2]

8.      In addition, the Debtor was solvent at the time it made this payment to the Firm.

See LTL Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt.,

LLC), 64 F.4th 84, 761 (3d Cir. 2023) ("LTL, at the time of its filing, was highly solvent with

access to cash to meet comfortably its liabilities as they came due for the foreseeable future.");

see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Holdco,

the party to the Funding Agreement with the Debtor, is valued at around $30 billion); id. at

207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

9.      The Firm did not hold a retainer (a "Retainer") as of the Petition Date. The Firm

expects to:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the

Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case,

and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and

---

[2]     On April 26, 2023, the Debtor filed a *Motion for an Order Authorizing It to Satisfy Its Obligations Under this
Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case*, per the terms of the Dismissal Order.
Dkt. 319.

Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on

or about that date as described below, if necessary; and (c) disclose such adjustment in its first

interim fee application.  If, following reconciliation, any estimated amounts included in either the

Pre-Dismissal Amounts or Post-Dismissal Amounts, respectively, exceeded the Firm's actual

unbilled actual fees and expenses incurred in the respective periods, the balance will be added to

Retainer and applied by the Firm consistent with the terms of the Interim Compensation Order.

The Firm will not apply any portion of the Retainer to fees and expenses incurred from and after

the Petition Date unless and until authorized to do so by a further order of this Court, including

an Interim Compensation Order.  The Firm agrees to waive all fees and expenses, if any, owed

by the Debtor that were unpaid by the Payment.

10.     The Firm requests that it be permitted to hold any amounts comprising the

Retainer (following the reconciliation described herein) as a postpetition retainer subject to the

terms of the Interim Compensation Order.

11.     An accounting of prepetition payments made to the Firm by the Debtor in the one-

year period preceding the Petition Date is attached hereto as Schedule 1.

12.     To the best of my knowledge, information and belief, insofar as I have been able

to ascertain after reasonable inquiry, neither I nor the Firm, nor any partner or associate thereof,

has received or been promised any compensation for legal services rendered or to be rendered in

any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy

Code.  The Firm has not agreed to share compensation received in connection with this case with

any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy

Rule 2016(b) in respect of the sharing of compensation among the Firm's partners.

Date: May 4, 2023

_____
James N. Lawlor

Sworn and subscribed to before me
this 4th day of May, 2023

_____



## SCHEDULE 1

Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED**[3] |
| April 7, 2022 | $350,448.15 | Interim payment for February 2022 monthly statement | $281,860.10 |
| May 10, 2022 | $303,536.92 | Interim payment for March 2022 monthly statement | $243,387.72 |
| June 22, 2022 | $197,742.47 | Interim payment for April 2022 monthly statement | $158,399.97 |
| July 19, 2022 | $197,742.47 | Interim payment for May 2022 monthly statement | $138,381.84 |
| July 19, 2022 | $130,504.20 | Holdback amount for first interim period | $130,504.20 |
| August 16, 2022 | $205,261.61 | Interim payment for June 2022 monthly statement | $165,222.16 |
| September 19, 2022 | $193,347.18 | Interim payment for July 2022 monthly statement | $155,375.33 |
| September 22, 2022 | $160,145.15 | Holdback amount for second interim period | $160,145.15 |
| October 7, 2022 | $136,596.50 | Interim payment for August 2022 monthly statement | $109,357.20 |
| November 17, 2022 | $145,069.21 | Interim payment for September 2022 monthly statement | $116,399.51 |
| January 6, 2023 | $211,843.14 | Interim payment for October and November 2022 monthly statements | $169,501.14 |

---

[3] The interim payments received by the Firm during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly statements. The holdbacks of fees were subsequently paid to the Firm upon interim approval of the amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED**[3] |
| February 21, 2023 | $126,244.98 | Interim payment for December 2022 monthly statement | $101,257.73 |
| March 7, 2023 | $101,371.90 | Holdback amount for third interim period | $101,371.90 |
| April 4, 2023 | $221,651.81 | Interim payment for January 2023 monthly statement | $178,484.21 |
| April 4, 2023 | $413,758.55 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $413,758.55 |
| **POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR** | | | |
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| April 4, 2023 | $186,000.00 | Post-dismissal estimated fees and expenses | $186,000.00 |
| **TOTAL RETAINER RECEIVED FROM THE DEBTOR:** | | | $186,000.00 |
| **PREPETITION BALANCE** | | | |
| **BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE:** | | | **$0.00** |