**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
Allison M. Brown, Esq.
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3222
Facsimile: (917) 777-3222
Email: Allison.Brown@skadden.com

*PROPOSED SPECIAL COUNSEL FOR DEBTOR*

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**APPLICATION FOR RETENTION OF SKADDEN, ARPS,**
**SLATE, MEAGHER & FLOM LLP, EFFECTIVE AS OF APRIL 4, 2023**

1.  The applicant, LTL Management LLC (the "Debtor"), is the:

    ☐ Trustee:        ☐ Chap. 7        ☐ Chap. 11        ☐ Chap. 13.

    ☒ Debtor:         ☒ Chap. 11       ☐ Chap. 13

    ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. The Debtor seeks to retain the following professional, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), to serve as:

☐ Attorney for:     ☐ Trustee         ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:   ☐ Trustee         ☐ Debtor-in-possession

☐ Official Committee of _____ _____

☒ Other Professional:

☐ Realtor           ☐ Appraiser       ☒ Special Counsel

☐ Auctioneer        ☐ Other (specify): _____

3. The employment of Skadden is necessary because:

As in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Debtor requires the services of attorneys who have expertise and familiarity with the claims and defenses asserted and national discovery in the mesothelioma and ovarian cancer talc-related litigation across the country pending against Johnson & Johnson ("J&J") and the Debtor, including claims previously against the former Johnson & Johnson Consumer Inc. ("Old JJCI"). The Debtor continues to require Skadden's unique institutional knowledge of the facts and status of pending discovery and pretrial matters to address the particularities of any individual talc-related lawsuit that has been, and may be, the subject of relief requested in this chapter 11 case (the "Chapter 11 Case").

4. Skadden has been selected because:

Skadden is uniquely situated to serve as the Debtor's special counsel in the Chapter 11 Case because of Skadden's experience serving as special counsel to the Debtor in the 2021 Chapter 11 Case as well as its prior representation of the Debtor's predecessor, Old JJCI, and J&J in the underlying talc-related litigation.[2]

In particular, Skadden served as special counsel to the Debtor throughout the pendency of the 2021 Chapter 11 Case.[3] Skadden also serves as trial counsel in mesothelioma and

---

[2] Additional information regarding Skadden's qualifications and experience is provided in the *Application for Retention of Skadden, Effective as of October 14, 2021* [No. 21-30589, Dkt. 832] filed in the 2021 Chapter 11 Case (the "Prior Application").

[3] On March 10, 2022, an order was entered [No. 21-30589, Dkt. 1687] authorizing the Debtor to retain and employ Skadden as special counsel (as amended on March 16, 2022, the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11

ovarian cancer talc-related litigation across the country, including in the federal multidistrict litigation pending in the United States District Court for the District of New Jersey against J&J, the Debtor and formerly Old JJCI.[4] Skadden also serves as national discovery counsel in all talc-related litigation for J&J and the Debtor. As a result, Skadden possesses extensive knowledge regarding the talc litigation, including matters concerning J&J and Old JJCI's businesses; both company and broader industry wide history related to the use and testing of talc, scientific research relating to alleged asbestos contamination in talc; the talc related personal injury cases filed against J&J and Old JJCI; defenses to those claims; and J&J, Old JJCI's and the Debtor's management of the defense and settlement of talc related claims.

Should the Debtor be required to retain counsel in substitution of Skadden, the Debtor, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses to talc claims and obtain the expertise required to serve the Debtor and its estate in an effective manner.

5. Skadden's services to be rendered are as follows:

The Debtor does not propose to employ Skadden as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead, as in the 2021 Chapter 11 Case, as special counsel pursuant to 11 U.S.C. § 327(e) to continue to represent and advise the Debtor on issues relating to ongoing discovery, the defense of talc-related claims and the resolution thereof during the course of the Chapter 11 Case. The Debtor anticipates that Skadden will perform, among others, the following legal services, which are substantially similar to those services approved in the Prior Retention Order:

(a) assist the Debtor in connection with any issues or proceedings implicating the factual and scientific basis supporting the defense of the underlying talc-related mesothelioma and ovarian cancer claims;

(b) assist the Debtor with discovery relating to mesothelioma and ovarian cancer claims;

(c) assist the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

---

Chapter 11 Case [No. 21-30589, Dkt. 3938]. Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

[4] Skadden served as counsel to Old JJCI until it ceased to exist following the corporate restructuring that was completed on October 12, 2021, (the "2021 Corporate Restructuring") which created the Debtor. Old JJCI's engagement of Skadden was allocated to the Debtor in the 2021 Corporate Restructuring. As set forth herein and in the Certification of Allison M. Brown attached hereto as Exhibit B, Skadden continues to represent J&J in certain talc-related litigation, as it did prior to the 2021 Chapter 11 Case and prior to the Petition Date.

  (d)  assist the Debtor with any issues or proceedings related to the stay or other matters relating to talc-related claims in non-bankruptcy forums; and

  (e)  provide such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

As noted above, Skadden has substantial expertise in all of these areas, given its prior work for J&J, Old JJCI and the Debtor. Accordingly, the Debtor respectfully submits Skadden is well qualified to perform these services for the Debtor. The Debtor believes that the services Skadden will provide will be complementary to and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Skadden's role as special counsel.

6.  The proposed arrangement for compensation is as follows:

Pursuant to the terms of the engagement letter between the Debtor and Skadden (the "<u>Engagement Letter</u>"),[5] and subject to the Court's approval of this application, Skadden intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out of pocket expenses.

In addition, to the extent that Skadden represents both the Debtor and J&J in a matter, Skadden will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Skadden represents solely the Debtor or J&J, Skadden will allocate 100% of the fees and expenses to the entity represented.

Skadden will be compensated at its hourly rates, which are based on the professionals' level of experience. At present, the hourly rates charged by Skadden in the United States fall within the following ranges:

| *Billing Category* | *U.S. Range* |
|---|---|
| Partners and Of Counsel | $1,266-$1,723 |
| Counsel/Special Counsel | $1,123-$1,292 |
| Associates | $475-$999 |

---

[5] In connection with the 2021 Chapter 11 Case, Skadden and the Debtor entered into an engagement letter, and that engagement letter continues to govern Skadden's engagement by the Debtor. A copy of the Engagement Letter is attached hereto as <u>Exhibit A</u>. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter.

| *Billing Category* | *U.S. Range* |
|---|---|
| Legal Assistants | $52-$592 |

Skadden's hourly rates may change annually in accordance with the terms of the Engagement Letter and Skadden's established billing practices and procedures.

Skadden will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rule of Bankruptcy Procedure 2016 (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Fee Guidelines"), any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, an "Interim Compensation Order"), and any applicable orders of this Court.  Skadden will use the billing and expense categories set forth in the Fee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

As set forth in the Certification of Allison M. Brown, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Skadden received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.  See Cert. of Allison M. Brown attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Skadden $2,009,225.53 via wire transfer (the "Payment").  This amount was comprised of (a) $1,529,225.53 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts")[6] and (b) $480,000.00 for Skadden's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal and Post-Dismissal Amounts prior to the commencement of this Chapter 11

---

[6] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Skadden by J&J for services provided in the talc litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order.  See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

Case.[7] Accordingly, as of the Petition Date, Skadden was not owed any amounts by the Debtor.

This payment to Skadden was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Skadden served such a statement on the Debtor.[8]

In addition, the Debtor was solvent at the time it made this payment to Skadden. See LTL, 64 F.4th at 108 (". . . LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the Funding Agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7. To the best of the Debtor's knowledge, Skadden's connection with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

☐ None

☒ Describe connection: See Cert. of Allison M. Brown, attached hereto as Exhibit B; see also Disclosure of Compensation, attached hereto as Exhibit C.

---

[7] Skadden did not hold a retainer (a "Retainer") as of the Petition Date. Skadden expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to the Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Skadden's actual fees and expenses incurred in the respective periods, the balance will be added to the Retainer and applied by Skadden consistent with the terms of the Interim Compensation Order. Skadden will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Skadden agrees to waive any actual fees and expenses incurred in the respective periods that exceed, for each period, the respective payment of the Pre-Dismissal Amounts or the Post Dismissal Amounts.

[8] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

8. To the best of the Debtor's knowledge, Skadden:

☐ Does not hold an adverse interest to the estate.

☐ Does not represent an adverse interest to the estate.

☐ Is a disinterested person under 11 U.S.C. § 101(14).

☒ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Skadden will be retained under 11 U.S.C. § 327(e).

☒ Other; explain: <u>See</u> Cert. of Allison M. Brown, attached hereto as <u>Exhibit B</u>.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, the Debtor respectfully requests authorization to employ Skadden, effective as of April 4, 2023, to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date:  May 4, 2023

*/s/ John K. Kim*
John K. Kim
Chief Legal Officer