**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**McCARTER & ENGLISH LLP**
Thomas W. Ladd, Esq. (Bar No. 022631986)
John C. Garde, Esq. (Bar No. 014171986)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
tladd@mccarter.com
jgarde@mccarter.com

*PROPOSED SPECIAL COUNSEL FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**APPLICATION FOR RETENTION OF**
**McCARTER & ENGLISH, LLP, EFFECTIVE AS OF APRIL 4, 2023**

1. The applicant, LTL Management, LLC (the "Debtor"), is the:

    ☐ Trustee:     ☐ Chap. 7     ☐ Chap. 11     ☐ Chap. 13.

    ☒ Debtor:      ☒ Chap. 11                    ☐ Chap. 13

    ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. The Debtor seeks to retain the following professional, McCarter & English, LLP ("McCarter"), to serve as:

- ☐ Attorney for: ☐ Trustee ☐ Debtor-in-Possession

- ☐ Official Committee of _____

- ☐ Accountant for: ☐ Trustee ☐ Debtor-in-possession

- ☐ Official Committee of _____

- ☒ Other Professional:

  - ☐ Realtor ☐ Appraiser ☒ Special Counsel

  - ☐ Auctioneer ☐ Other (specify): _____

3. The employment of the professional is necessary because:

As in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Debtor requires the services of attorneys who are knowledgeable in the complex area of insurance law and who will be able to render expert legal advice and counsel to assist the Debtor in its goal to reorganize under title 11 of the United States Code (the "Bankruptcy Code"). As discussed below, McCarter represented Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc. ("Old JJCI"), the Debtor's predecessor, for almost seven years in insurance coverage matters relating to talc liabilities. McCarter has similarly represented J&J and Old JJCI (and now the Debtor), in insurance related matters for over twenty years. As such, McCarter's retention as special insurance counsel is necessary to assist with the Debtor's chapter 11 case (the "Chapter 11 Case").

In addition, McCarter has served as New Jersey local counsel for the Debtor, Old JJCI and J&J in mesothelioma talc-related litigation pending in New Jersey (collectively, the "NJ Mesothelioma Cases"), including certain cases on appeal. As New Jersey counsel in the NJ Mesothelioma Cases, McCarter played a very active role in the defense of the Debtor, Old JJCI and J&J.

4. The professional has been selected because:

McCarter is uniquely situated to serve as the Debtor's special insurance counsel and New Jersey counsel in this Chapter 11 Case because of McCarter's experience serving as

-2-

special counsel to the Debtor in these same roles in the 2021 Chapter 11 Case as well as its prior representation of the Debtor, its predecessor, Old JJCI and J&J.[2]

McCarter served as special counsel to the Debtor throughout the pendency of the 2021 Chapter 11 Case.[3] Additionally, McCarter served as insurance coverage counsel for J&J,[4] Old JJCI and the Debtor, providing insurance coverage advice, counseling and representation with respect to the talc litigation for nearly seven years.  In particular, McCarter, among other things, has assisted with:  (a) the assembly and review of the company's insurance policies and related documents for the relevant time periods at issue in the talc-related litigation; (b) advice on overall strategic issues with respect to insurance coverage for Old JJCI and the Debtor in the talc-related litigation; (c) representation of Old JJCI, and now the Debtor, in the declaratory judgment action regarding insurance coverage for the talc-related claims and currently docketed in the Superior Court of New Jersey captioned *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Docket No: MID-L-3563-19, Law Division, Middlesex County (the "Talc Declaratory Judgment Action");[5] (d) various discovery issues that arose with respect to the talc-related litigation;  and (e) other insurance issues not stated above relating to the talc-related claims.

As a result, McCarter possesses extensive knowledge concerning the Debtor's insurance policies and coverage, historical records, company witnesses, the related talc litigation against the Debtor, and the management, defense and settlement of talc-related claims.

---

[2] Additional information regarding McCarter's qualifications and experience is provided in the *Application for Retention of McCarter & English LLP, Effective as of October 14, 2021* [Dkt. 555] and the *Application to Amend Retention of McCarter & English LLP, Effective as of October 14, 2021* [Dkt. 2273] (together, the "Prior Applications").

[3] On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code").  On December 16, 2021 and May 23, 2022, orders were entered [No. 21-30589, Dkts. 861, 2350] authorizing the Debtor to retain and employ McCarter as special insurance counsel and New Jersey counsel (together, the "Prior Retention Orders").  On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed.  See In re LTL Mgmt., LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023).  On March 31, 2023, the certified judgment was issued.  On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case.  In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938].  Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

[4] McCarter represented J&J in other insurance-related matters for over twenty years and also provided products liability counseling and representation to J&J and Old JJCI relating to talc liabilities for several years prior to the Petition Date.

[5] McCarter represented Old JJCI before the formation of the Debtor and represents non-debtor affiliates J&J and Middlesex Assurance Company in the Talc Declaratory Judgment Action.  As of the filing of this Application, the Talc Declaratory Judgment Action is stayed as to the Debtor, but is moving forward as to J&J and Middlesex Assurance Company.  McCarter will request compensation of fees and reimbursement of expenses from the Debtor with regards to the Talc Declaratory Judgment Action to the extent any services are provided solely to the Debtor.

As a result of the corporate restructuring that led to the formation of the Debtor, the Debtor was assigned McCarter's engagements with Old JJCI and became responsible for any liabilities thereunder.

McCarter also represents the Debtor (and formerly represented Old JJCI) and J&J in the NJ Mesothelioma Cases as well as certain cases on appeal.  As a result, McCarter possesses extensive knowledge concerning the NJ Mesothelioma Cases and the Debtor requires McCarter's continued representation.

Should the Debtor be required to retain counsel in substitution of McCarter, the Debtor, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses to talc claims and obtain the expertise required to serve the Debtor and their estates in an effective manner.

5. The professional services to be rendered are as follows:

The Debtor does not propose to employ McCarter as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead, as in the 2021 Chapter 11 Case, as special counsel pursuant to 11 U.S.C. § 327(e) to continue to represent the Debtor as insurance counsel and in the defense of the NJ Mesothelioma Cases.  The Debtor anticipates that McCarter's services in this Chapter 11 Case, which are substantially the same as those approved by the Prior Retention Orders and provided in the 2021 Chapter 11 Case, will include:

(a) counseling and representing the Debtor in connection with matters arising from or relating to the Debtor's insurance coverage, particularly with respect to talc liabilities;

(b) counseling and representing the Debtor and assisting general bankruptcy counsel in connection with issues related to insurance coverage for talc liabilities;

(c) assisting the Debtor with discovery related issues to the extent they bear upon insurance coverage for talc liabilities;

(d) assisting the Debtor in negotiations relating to the resolution of talc claims in the Chapter 11 Case to the extent such negotiations bear upon insurance coverage for talc liabilities;

(e) performing such other services as may be requested by the Debtor from time to time relating to insurance coverage for talc liabilities;

(f) representing the Debtor as necessary and appropriate in the NJ Mesothelioma Cases, including any talc-related appeals in New Jersey for which the stay is lifted as to the Debtor;[6] and

---

[6] The stay has been lifted as to Barden v. Brenntag N. Am., Case No. L-1809-17, Middlesex County Superior Court (as to Barden, Etheridge, McNeil and Ronning).  McCarter is New Jersey counsel in the NJ Mesothelioma Cases, with, respectively, King & Spalding LLP, Orrick, Herrington & Sutcliffe LLP and Sill Cummis & Gross P.C.

      (g)    assisting the Debtor with filing notices of bankruptcy and addressing any stay issues relating to the NJ Mesothelioma Cases.

As noted above, McCarter has substantial expertise in all of these areas, given its work for Old JJCI, the Debtor and J&J prior to the Petition Date. Accordingly, the Debtor respectfully submits McCarter is well-qualified to perform these services for the Debtor. The Debtor believes that the services McCarter will provide will be complementary and not duplicative of the services to be performed by the other firms retained by the Debtor in this Chapter 11 Case, including any firms serving as ordinary course professionals, to assist in talc-related matters, because McCarter represents the Debtor specifically in the NJ Mesothelioma Cases, and in those cases, it is uniquely situated as New Jersey counsel. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of McCarter's role as special counsel.

6. The proposed arrangement for compensation is as follows:

Pursuant to the terms of the engagement letter between the Debtor and McCarter (the "Engagement Letter")[7] and subject to the Court's approval of this Application, McCarter intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

In addition, to the extent that McCarter represents both the Debtor and J&J in a matter, McCarter will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which McCarter represents solely the Debtor or J&J, McCarter will allocate 100% of the fees and expenses to the entity represented.

McCarter will be compensated at its hourly rates, which are based on the professionals' level of experience. At present, the hourly rates charged by McCarter fall within the following ranges:

| *Billing Category* | *Range* |
|---|---|
| **Partners** | $520-$880 |
| **Counsel/Of Counsel** | $515-$535 |
| **Associates** | $380-$505 |
| **Paralegals/Other**[8] | $270-$345 |

---

[7]     A copy of the Engagement Letter is attached hereto as Exhibit A. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter.

[8]     "Other" includes Research Analysts.

McCarter's hourly rates may change from time to time in accordance with the terms of the Engagement Letter and McCarter's billing practices and procedures.

Notwithstanding anything to the contrary in the Engagement Letter, McCarter has agreed that the bankruptcy court will hear and adjudicate any dispute arising between McCarter and the Debtor regarding fees and expenses during the pendency of the Chapter 11 Case.

With respect to the services performed pursuant to this Application, McCarter will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court District of New Jersey, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, and any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order") and any additional procedures that may be established by the Court in the Chapter 11 Case. McCarter will use the billing and expense categories set forth in the Fee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"). In addition, McCarter contemplates using the following expense categories: (a) copies; (b) facsimile; (c) online research; (d) delivery services/couriers; (e) postage; (f) travel; (g) court fees; (h) staff overtime; and (i) other services.

As set forth in the Certification of Thomas Ladd, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, McCarter received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Thomas W. Ladd, attached hereto as Exhibit B; see also Disclosure of Compensation, attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid McCarter $597,494.29 via wire transfer (the "Payment"). This amount comprises (a) $332,494.29 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[9] and (b) $265,000.00 for McCarter's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11

---

[9]   Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to McCarter by J&J for services provided in the NJ Mesothelioma Cases during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

Case.[10]  Accordingly, as of the Petition Date, McCarter was not owed any amounts by the Debtor.

This payment to McCarter was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5.  McCarter served such a statement on the Debtor.[11]

In addition, the Debtor was solvent at the time it made this payment to McCarter.  See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7. To the best of the applicant's knowledge, the professional's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

   ☐ None

   ☒ Describe connection: See Cert. of Thomas W. Ladd, attached hereto as Exhibit B; see also Disclosure of Compensation, attached hereto as Exhibit C.

8. To the best of the applicant's knowledge, the professional (check all that apply):

---

[10] McCarter did not hold a retainer (a "Retainer") as of the Petition Date.  McCarter expects to:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application.  If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded McCarter's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by McCarter consistent with the terms of the Interim Compensation Order.  McCarter will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order.  McCarter agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

[11] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order.  See Dkt. 319.

-8-

☐ does not hold an adverse interest to the estate.

☐ does not represent an adverse interest to the estate.

☐ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☒ Other; explain:

See also Cert. of Thomas W. Ladd, attached hereto as Exhibit B.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A.

WHEREFORE, the Debtor respectfully requests authorization to employ McCarter, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                                  /s/ John K. Kim
                                                                      John K. Kim
                                                                       Chief Legal Officer