# **EXHIBIT C**

## **Disclosure of Compensation**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **McCARTER & ENGLISH LLP**<br>Thomas W. Ladd, Esq. (Bar No. 022631986)<br>John C. Garde, Esq. (Bar No. 014171986)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>tladd@mccarter.com<br>jgarde@mccarter.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

## DISCLOSURE OF COMPENSATION OF MCCARTER & ENGLISH, LLP

Pursuant to section 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, I, Thomas W. Ladd, hereby certify as follows:

1. I am a partner with the law firm of McCarter & English, LLP ("McCarter") and am duly authorized to make this Disclosure of Compensation on behalf of

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

McCarter in connection with the *Application for Retention of McCarter & English, LLP, Effective as of April 4, 2023* (the "Application").[2] The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2.  With regards to compensation prior to the Petition Date, the Debtor paid McCarter for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

3.  On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, McCarter received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

4.  In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid McCarter $597,494.29 via wire transfer (the "Payment"). This amount comprises (a) $332,494.29 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[3] and (b) $265,000.00 for McCarter's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

[3] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to McCarter by J&J for services provided in the NJ Mesothelioma Cases during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

-2-

to the commencement of this Chapter 11 Case.  Accordingly, as of the Petition Date, McCarter was not owed any amounts by the Debtor.

        5.      This payment to McCarter was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5.  McCarter served such a statement on the Debtor.[4]

        6.      McCarter did not hold a retainer (a "Retainer") as of the Petition Date. McCarter expects to:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application.  If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded McCarter's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by McCarter consistent with the terms of the Interim Compensation Order. McCarter will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including

---

[4] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order.  See Dkt. 319.

-3-

an Interim Compensation Order.  McCarter agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

7. McCarter requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of the Interim Compensation Order.

8. An accounting of prepetition payments made to McCarter by the Debtor in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

9. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor McCarter, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code.  McCarter has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure in respect of the sharing of compensation among McCarter's partners.

Date: May 4, 2023

/s/ Thomas W. Ladd
Thomas W. Ladd (Bar No. 022631986)
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Telephone:  (973) 622-4444
Facsimile:  (973) 624-7070

## SCHEDULE 1

Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT[1]** | **TRANSACTION** | **PAYMENTS RECEIVED[2]** |
| April 29, 2022 | $81,358.51 | Fifth Statement Period | $78,346.86 |
| May 31, 2022 | $58,211.06 | Sixth Statement Period | $58,211.06 |
| June 21, 2022 | $57,310.59 | Seventh Statement Period | $57,309.54 |
| July 20, 2022 | $49,491.27 | Eighth Statement Period | $48,761.22 |
| July 25, 2022 | $52,002.89 | First Supplemental Statement Period | $47,533.48 |
| August 18, 2022 | $35,115.86 | Second Supplemental Statement Period | $33,685.09 |
| August 25, 2022 | $56,599.90 | Ninth Statement Period | $55,764.94 |
| August 26, 2022 | $686.70 | Third Supplemental Statement Period | $676.57 |
| August 31, 2022 | $5,138.75 | Fourth Supplemental Statement Period | $5,062.95 |
| September 26, 2022 | $84,345.99 | Tenth Statement Period | $78,519.24 |
| October 31, 2022 | $60,254.33 | Eleventh Statement Period | $59,368.22 |
| November 17, 2022 | $23,641.14 | Twelfth Statement Period | $18,927.93 |
| December 22, 2022 | $21,394.50 | Thirteenth Statement Period | $14,368.10 |
| January 26, 2023 | $30,343.00 | Fourteenth Statement Period | $21,935.40 |
| February 27, 2023 | $56,728.52 | Fifteenth Statement Period | $38,742.34 |

---

[1] The invoice amounts listed herein represent 100% of the fees and expenses requested by McCarter in each monthly statement filed in the 2021 Chapter 11 Case, rather than the amount that was paid pursuant to the interim compensation order entered in that case.

[2] The payments received listed herein represent amounts attributable to McCarter's monthly statements filed in the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case, as adjusted by the Court's interim approval of those amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

-2-

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT[1]** | **TRANSACTION** | **PAYMENTS RECEIVED[2]** |
| April 4, 2023 | $332,494.29 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $332,494.29 |
| **POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR** | | | |
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| April 4, 2023 | $265,000.00 | Post-dismissal estimated fees and expenses | $265,000.00 |
| **TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR:** | | | **$265,000.00** |
| **PREPETITION BALANCE** | | | |
| **BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE:** | | | **$0.00** |

-2-