**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  23-12825 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |

## APPLICATION FOR RETENTION OF
## JONES DAY, EFFECTIVE AS OF APRIL 4, 2023

1.      The applicant, LTL Management LLC (the "Debtor" or "LTL Management"), is the:

☐ Trustee:              ☐ Chap. 7              ☐ Chap. 11              ☐ Chap. 13.

☒ Debtor:              ☒ Chap. 11              ☐ Chap. 13

☐ Official Committee of _____

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2.      LTL Management seeks to retain the following professional, Jones Day, to serve as:

☒ Attorney for:          ☐ Trustee              ☒ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:        ☐ Trustee              ☐ Debtor-in-possession

☐ Official Committee of _____

☐ Other Professional:

☐ Realtor              ☐ Appraiser            ☐ Special Counsel

☐ Auctioneer           ☐ Other (specify): _____

3.      The employment of Jones Day is necessary because:

The Debtor requires the services of attorneys who are knowledgeable in the complex area of bankruptcy law and who will be able to render expert legal advice and counsel to assist the Debtor in its goal to reorganize under title 11 of the United States Code (the "Bankruptcy Code").

4.      Jones Day has been selected because:

Jones Day is uniquely situated to serve as the Debtor's counsel in this chapter 11 case (the "Chapter 11 Case") because of Jones Day's experience serving as counsel to the Debtor in the Debtor's previous chapter 11 case (the "2021 Chapter 11 Case").[2]

Jones Day also is familiar with the Debtor's business due to its prior representation of the Debtor and its predecessor, the former Johnson & Johnson Consumer Inc. ("Old JJCI"). Prior to the filing of the 2021 Chapter 11 Case, Jones Day represented the Debtor, Johnson & Johnson ("J&J") and Old JJCI[3] in connection with advice regarding

---

[2]     On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under title 11 of the Bankruptcy Code. On March 25, 2022, this Court entered an order [No. 21-30589, Dkt. 1855] authorizing the Debtor to retain and employ Jones Day as its counsel (the "2022 Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment that provided that the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order [No. 21-30589, Dkt. 3938] (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date"). Jones Day acted as counsel to the Debtor throughout the entire 2021 Chapter 11 Case and prior to the filing of this Chapter 11 Case.

[3]     Old JJCI ceased to exist when the Debtor was formed on October 12, 2021 as a result of the corporate restructuring completed on the same day.

NAI-1536311013

restructuring matters related to talc liabilities and the corporate restructuring completed on October 12, 2021.[4]

In connection with this prior work and the 2021 Chapter 11 Case, Jones Day's professionals worked closely with the Debtor's management and other professionals and, as a result, became well acquainted with the Debtor's history, business, assets and liabilities, corporate structure and related matters. Accordingly, Jones Day has developed substantial knowledge regarding the Debtor that will result in effective and efficient services in the Chapter 11 Case.

5.      Jones Day's services to be rendered are as follows:

The Debtor anticipates that Jones Day will render general legal services to the Debtor as needed throughout the course of the Chapter 11 Case, substantially similar to those approved in the 2022 Retention Order, including, without limitation, providing bankruptcy, general corporate, litigation and tax advice. In particular, the Debtor anticipates that Jones Day will perform, among others, the following legal services:

(a)     advise the Debtor regarding its rights, powers and duties in continuing to operate and manage its assets and properties under chapter 11 of the Bankruptcy Code;

(b)     prepare on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and review all financial and other reports to be filed in the Chapter 11 Case;

(c)     advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in the Chapter 11 Case, and appear on behalf of the Debtor in any hearings or other proceedings relating to those matters;

(d)     advise and assist the Debtor in negotiations with the Debtor's stakeholders;

(e)     advise the Debtor concerning executory contract and unexpired lease issues;

(f)     advise the Debtor in connection with the formulation, negotiation and promulgation of any plan of reorganization, disclosure statement and related transactional documents, including in connection with a plan of reorganization incorporating the terms of the plan support agreements entered into with various plaintiff law firms on behalf of current talc claimants;

---

[4]     As described in the certification of Gregory M. Gordon in support of the application to retain Jones Day in the 2021 Chapter 11 Case, as a result of this corporate restructuring, the Debtor was assigned Jones Day's engagement with Old JJCI, but the engagement letter entered into in connection with the 2021 Chapter 11 Case superseded the terms of that engagement. See No. 21-30589, Dkt. 541-2 ¶ 6 (the "2021 Retention Application"). Jones Day's representation of J&J in respect of restructuring matters was terminated as of October 12, 2021. See id.

NAI-1536311013

(g)    assist the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate;

(h)    commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization;

(i)    provide non-bankruptcy services for the Debtor to the extent requested by the Debtor, including, among others, advice related to corporate governance;

(j)    assist the Debtor in addressing any matters remaining in connection with the 2021 Chapter 11 Case pursuant to the Dismissal Order; and

(k)    perform all other necessary and appropriate legal services in connection with the Chapter 11 Case for or on behalf of the Debtor, as requested by the Debtor.

6.    The proposed arrangement for compensation is as follows:

Jones Day's proposed arrangement for compensation is substantially the same as the arrangement approved in the 2021 Chapter 11 Case. *See* 2021 Retention Application ¶ 6; 2022 Retention Order ¶ 1. In particular, pursuant to the terms of the Engagement Letter,[5] and subject to the Court's approval of this Application, Jones Day intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out of pocket expenses.

The current standard hourly rates charged by Jones Day in the United States fall within the following ranges:

| Billing Category | U.S. Range |
|---|---|
| Partners/Of Counsel | $750–$2,000 |
| Associates | $500–$1,200 |
| Paralegals | $250–$575 |

Jones Day's hourly rates may change annually in accordance with the terms of the Engagement Letter and Jones Day's established billing practices and procedures.

Jones Day will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

---

[5]    In connection with the 2021 Chapter 11 Case, Jones Day and the Debtor entered into an engagement letter and that engagement letter continues to govern Jones Day's engagement by the Debtor (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter.

NAI-1536311013

*Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Fee Guidelines"), and any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order") and any additional procedures that may be established by the Court in the Chapter 11 Case. See also Exhibit B for additional information relating to the billing and expense categories to be utilized in the Chapter 11 Case.

As set forth in the Certification of Gregory M. Gordon and the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Jones Day received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Gregory M. Gordon attached hereto as Exhibit C; Disclosure of Compensation attached hereto as Exhibit D. In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Jones Day $5,850,787.70 by wire transfer (the "Payment"). This amount comprises (a) $5,345,787.70 on account of actual and estimated fees and expenses incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"), and (b) $505,000.00 for Jones Day's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[6] Accordingly, as of the Petition Date, Jones Day was not owed any amounts by the Debtor.

This payment to Jones Day was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Jones Day served such a statement on the Debtor.[7]

---

[6]     Jones Day did not hold a retainer (a "Retainer") as of the Petition Date. Jones Day expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Jones Day's actual unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Jones Day consistent with the terms of the Interim Compensation Order. Jones Day will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Jones Day agrees to waive all fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

[7]     On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

NAI-1536311013

In addition, the Debtor was solvent at the time it made this payment to Jones Day.  See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the Funding Agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7.    To the best of the Debtor's knowledge, Jones Day's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of New Jersey (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee, is as follows:

☐ None

☒ Describe connection: See Cert. of Gregory M. Gordon attached hereto as Exhibit C.

8.    To the best of the Debtor's knowledge, Jones Day:

☒ Does not hold an adverse interest to the estate.

☒ Does not represent an adverse interest to the estate.

☒ Is a disinterested person under 11 U.S.C. § 101(14).

☐ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Jones Day will be retained under 11 U.S.C. § 327(e).

☐ Other; explain: _____

See also Cert. of Gregory M. Gordon attached hereto as Exhibit C; Disclosure of Compensation attached hereto as Exhibit D.

9.    If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, LTL Management respectfully requests authorization to employ Jones Day, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                    */s/ John K. Kim*_____
                                     John K. Kim
                                     Chief Legal Officer

NAI-1536311013