# **EXHIBIT A**

## **Engagement Letter**

NAI-1536311013

**JONES DAY**

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3759
gmgordon@jonesday.com

October 12, 2021

Mr. John K. Kim, Esq.
Chief Legal Officer
LTL Management LLC
501 George St.
New Brunswick, New Jersey 08933

Re:     Engagement of Jones Day

Dear John:

Thank you for retaining Jones Day for this engagement. We are pleased that you have sought our counsel, and we look forward to assisting you on the matters described below. This letter sets forth the scope and terms of our engagement by LTL Management LLC, a North Carolina limited liability company (the "Company" or "you"), in connection with the following services (collectively, the "Matters"): providing advice regarding restructuring issues, as well as certain other related matters, including the Company's preparation for the possible commencement, administration and completion of a case (a "Bankruptcy Case") under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). This letter supersedes in its entirety the terms of our engagement by Johnson & Johnson Consumer, Inc. regarding restructuring advice.

1.     Scope of Engagement and Client Relationship

While Jones Day enjoys broad relationships involving multiple matters for many clients, we do not act as general counsel for clients and our work and advice is limited to the specific matters on which we are engaged. Thus our relationship may expand beyond the Matters described above, but only if you and we agree to specific new or expanded engagements.

It is important to emphasize that we are entering into an attorney-client relationship only with the Company in connection with the Matters. That is, unless you and we agree otherwise, Jones Day is not representing any owner, employee, parent, subsidiary or other direct or indirect affiliate of the Company.

If you believe that the Company's personnel or any of its affiliates are unclear regarding the scope of our representation, please advise them that Jones Day does not represent them in connection with the Matters or, if you prefer, let us know so we can explain the scope of our engagement to them.

NAI-1521358169v2

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 2

    The Company is an indirect wholly-owned subsidiary of Johnson & Johnson.  Jones Day formerly represented Johnson & Johnson and its wholly-owned subsidiary, Johnson & Johnson Consumer Inc., in connection with the restructuring of Johnson & Johnson Consumer Inc.  Jones Day currently represents Johnson & Johnson in matters unrelated to the Matters.  Jones Day has not represented, does not and will not represent Johnson & Johnson or any affiliate of the Company in any matter adverse to the Company.

    2.    <u>Staffing</u>

    The Company has designated the individual to whom this letter is addressed above as the person with responsibility for overseeing this matter and to whom we will report.  I will have primary responsibility for this engagement, and will rely on other lawyers at Jones Day to work as a team as we handle the necessary work on the Matters.  I will be the Partner generally responsible for our overall relationship with you, including matters related to billing and staffing.  Our goal is to stay in close contact with you over the course of our engagement as we seek to provide the Company with timely, high quality legal services in a cost-efficient manner.

    3.    <u>Compensation and Disbursements</u>

    Generally, our fees are determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person.  Currently, hourly rates for our lawyers who are likely to be working on this matter range from $1,125 to $1,450 for partners and $525 to $975 for associates.  Our hourly rates are revised periodically, and we may revise them from time to time during the course of our representation of the Company.

    Unless we specifically agree in writing to the contrary, any fee estimate, budget, or projection of hours is not a commitment to cap our fees or perform the services within a fixed amount of time or for a fixed fee.

    In addition to our fees, we expect the Company to defray certain costs and expenses incurred during our representation.  A description of our Disbursements and Charges Billing Policies is included with this letter.  Please note that although our charges for non-cash costs incurred by Jones Day reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs.  Normally, disbursements and charges will be subject to reimbursement from the Company pursuant to the retainer arrangement described below.  In some circumstances, however, such as in the case of particularly large items, we may ask the Company to pay these items directly or in advance.

    We will submit billing statements to you on a monthly (or, if circumstances require, a more frequent) basis.  If you have any question or concern about any billing statement, we ask

Mr. John K. Kim
October 12, 2021
Page 3

that you raise it with us promptly upon your receipt of the statement and, in any event, not more than 30 days after your receipt of the invoice. As we have discussed, we are holding a $500,000 retainer at the time of the execution of this letter (the "Retainer"). Our fees and expenses shall be deemed automatically applied against such Retainer as such fees and expenses are incurred (which for fees is as the services are performed), unless we notify you otherwise in writing. You agree to provide us with additional retainer amounts from time to time in order to maintain the Retainer at $500,000.

Under Part 137 of the Rules of the Chief Administrator of the Courts in New York, you have the right to arbitrate any fee disputes as provided in that rule, a copy of which will be provided to you at your request.

4. Potentially Adverse Representations or Conflicts of Interest; Advance Waiver

Jones Day represents many clients on a wide variety of matters in a number of different practice areas. A further description of our Firm and areas of practice is available on our website, at www.jonesday.com.

Just as you in the future may ask us to represent the Company in a matter that is directly adverse to one of our other clients, it is possible Jones Day will be asked in the future to represent another client in a matter that is directly adverse to you. We want you and our other clients to be able to choose Jones Day as their counsel on matters where it is appropriate to do so. Accordingly, you agree that Jones Day in the future may represent any existing or future client in any transaction and counseling matter (but not litigation or other dispute resolution matter) that is directly adverse to the Company. Your agreement to this waiver is based on two understandings as follows. First, Jones Day will not represent another client adverse to you in a matter that is substantially related to any of the matters that we are handling for you. Second, to the extent Jones Day does represent a client adverse to you, Jones Day lawyers or other service providers who are then working for the Company will not work on that adverse matter for that other client and we will take steps to ensure that your confidential information is not shared with our lawyers or other time keepers involved in that adverse matter.

You also confirm that your agreement to this prospective waiver is voluntary and that you intend for it to be effective and enforceable and for Jones Day to rely upon it.

5. Bankruptcy Cases

If the Company determines to file a petition under chapter 11 of the Bankruptcy Code, our ongoing employment by the Company will be subject to the approval of the bankruptcy court with jurisdiction over the petition. If necessary, we will modify the terms and conditions of our

NAI-1521358169v2

Case 23-12825-MBK    Doc 427-1    Filed 05/04/23    Entered 05/04/23 23:25:57    Desc
Exhibit A    Page 5 of 8

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 4

employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court.

In the event of a potential chapter 11 filing by the Company, we will take steps necessary to prepare the conflict of interest disclosure required in connection with our retention as bankruptcy counsel.  We will initiate the process of reviewing conflict checks on potentially interested parties in key categories, as and when provided to us by the Company, including (a) the Company's managers and officers and their respective business affiliations, (b) the Company's largest unsecured creditors, (c) the Company's other material secured and unsecured creditors, (d) counterparties to material contracts and leases with the Company, (e) parties to significant litigation with the Company, and (f) any material lenders to the Company.

A list of entities that will be checked in our conflict system (the "Interested Party List") will be created based upon information the Company provides.  We also will compile a preliminary draft of a schedule describing our relationships with certain of the entities identified on the Interested Party List in matters unrelated to the Company or its potential Bankruptcy Case (the "Disclosure Schedule").  We will provide the Company with a draft of the Disclosure Schedule after it is available.  Although we believe that these relationships likely will not constitute conflicts of interest, these relationships must be described and disclosed in the Company's application to the bankruptcy court to retain Jones Day as counsel.

If actual conflicts of interest arise with respect to any of the parties identified on the Disclosure Schedule, the following procedures will be utilized:  (a) we may determine that Jones Day is unable to represent the Company in matters adverse to those parties; and (b) if we make such a determination, the Company will be required to use separate counsel in those matters, and Jones Day will not participate in those matters.  Jones Day will not represent any party adverse to the Company, or take any position adverse to the Company, in any Bankruptcy Case.

The Disclosure Schedule will be updated as new information becomes available until any Bankruptcy Case is commenced; thereafter, the Disclosure Schedule will continue to be supplemented on a periodic basis throughout the course of the Bankruptcy Case.  We will provide the Company with updated Interested Party Lists and Disclosure Schedules after they become available.

      6.      Audit Letter Issues

Our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of responses to requests to provide information to auditors, except when such ABA Policy is clearly inapplicable.

NAI-1521358169v2

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 5

       7.      <u>Procedures upon Termination; Return of Documents; Intellectual Property</u>

      Unless earlier terminated by you or us, our attorney client relationship will end once we have completed our last assignment for you in connection with the Matters. As we complete specific projects for you, Jones Day will close its file numbers for those matters. Once we have completed our work on a particular assignment, and at your request, we will return any of your property that might be in our possession. Consistent with our professional obligations, we also may keep copies of core documents and pleadings, as well as our own property relating to the Matters, including lawyer work product, notes and administrative records, whether in an electronic or hard copy format.

      You agree that Jones Day will be free, on the later of the date set by bar requirements applicable to lawyers practicing in the State of Texas or seven years after the end of our relationship, to destroy or otherwise dispose of any documents or other materials, including electronic versions, relating to your representation and still in our possession without further notice to you.

      We may retain all intellectual property and other know-how that we develop in the course of representing you, including subject matter expertise, whether or not preserved in written or electronic form. We may use that property in the course of representing other clients, so long as none of your confidential information is disclosed.

NAI-1521358169v2

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 6

    Please sign and return to us a copy of this letter to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any provisions of this letter, please do not hesitate to call me.

                Very truly yours,

                Gregory M. Gordon

NAI-1521358169v2

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 7

    On behalf of the Company, I agree to the terms of this letter and confirm that it accurately reflects the scope and terms of this engagement and that I am authorized by the Company to sign this letter on its behalf.

    Dated: October 12, 2021

Signature: _/s/ John K. Kim_

Name: John K. Kim

Title: Chief Legal Officer

NAI-1521358169v2

JONES DAY