# **EXHIBIT D**

## **Disclosure of Compensation**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admitted *pro hac vice*) <br><br> *PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>              Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |

## DISCLOSURE OF COMPENSATION OF JONES DAY

Pursuant to section 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016(b), I, Gregory M. Gordon, hereby certify as follows:

      1.     I am a partner with the law firm of Jones Day and am duly authorized to make this Disclosure of Compensation on behalf of Jones Day in connection with the

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536311013

*Application for Retention of Jones Day, Effective as of April 4, 2023* (the "Application").[2] The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

   2.  The Debtor paid Jones Day for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

   3.  On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Jones Day received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

   4.  In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Jones Day $5,850,787.70 by wire transfer (the "Payment"). This amount comprises (a) $5,345,787.70 on account of actual and estimated fees and expenses incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"), and (b) $505,000.00 for Jones Day's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts").

   5.  The Payment was applied to the Pre-Dismissal Amounts and Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case. Accordingly, as of the Petition Date, Jones Day was not owed any amounts by the Debtor.

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

6.  This payment to Jones Day was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Jones Day served such a statement on the Debtor.[3]

7.  Jones Day did not hold a retainer (a "Retainer") as of the Petition Date. Jones Day expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Jones Day's actual unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Jones Day consistent with the terms of the Interim Compensation Order. Jones Day will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Jones Day agrees to waive all fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

---

[3] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

8. Jones Day requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of the Interim Compensation Order.

9. An accounting of prepetition payments made to Jones Day by the Debtor in the one-year period preceding the Petition Date is attached hereto as <u>Schedule 1</u>.

10. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Jones Day, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code. Jones Day has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Jones Day's partners.

Dated: May 4, 2023
     Dallas, Texas

*/s/ Gregory M. Gordon*
Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

-4-

# SCHEDULE 1

Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED**[1] |
| April 20, 2022 | $4,807,968.95 | Interim payment for November 2021 and December 2021 monthly statements | $3,566,718.45 |
| June 8, 2022 | $3,407,156.12 | Interim payment for January 2022 monthly statement | $2,726,197.62 |
| July 7, 2022 | $3,283,241.80 | Interim payment for February 2022 monthly statement | $2,657,328.00 |
| July 18, 2022 | $2,155,494.41 | Interim payment for March 2022 monthly statement | $1,729,928.16 |
| July 18, 2022 | $2,845,265.11 | Interim payment for April and May 2022 monthly statements | $2,282,450.86 |
| September 19, 2022 | $1,818,863.11 | Interim payment for June 2022 monthly statement | $1,458,856.11 |
| September 21, 2022 | $2,895,750.87 | Holdback amount for first and second interim periods | $2,895,750.87 |
| October 24, 2022 | $1,895,698.50 | Interim payment for July 2022 monthly statement | $1,517,399.75 |
| November 16, 2022 | $1,680,548.42 | Interim payment for August 2022 monthly statement | $1,345,637.92 |
| November 30, 2022 | $1,481,550.87 | Interim payment for September 2022 monthly statement | $1,186,869.87 |

---

[1] The interim payments received by Jones Day during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly statements. The holdbacks of fees were subsequently paid to Jones Day upon interim approval of the amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

NAI-1536311013

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED**[1] |
| December 23, 2022 | $957,328.73 | Interim payment for October 2022 monthly statement | $767,575.23 |
| March 6, 2023 | $1,099,703.15 | Holdback amount for third interim period | $1,099,703.15 |
| March 17, 2023 | $1,089,466.82 | Interim payment for November 2022 monthly statement | $872,912.07 |
| March 28, 2023 | $1,064,312.72 | Interim payment for December 2022 monthly statement | $858,184.47 |
| March 28, 2023 | $1,160,299.63 | Interim payment for January 2023 monthly statement | $928,655.13 |
| April 4, 2023 | $5,345,787.70 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $5,345,787.70 |
| **POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR** | | | |
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| April 4, 2023 | $505,000.00 | Post-dismissal estimated fees and expenses | $505,000.00 |
| **TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR:** | | | $505,000.00 |
| **PREPETITION BALANCE** | | | |
| **BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE:** | | | **$0.00** |

-2-