## EXHIBIT B

**Disclosure of Compensation**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)


*PROPOSED ATTORNEYS FOR DEBTOR*

</td><td>

**WEIL, GOTSHAL & MANGES LLP**
Diane Sullivan, Esq.
Ronit Berkovich, Esq.
Theodore Tsekerides. Esq.
Matthew P. Goren. Esq.
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Diane.Sullivan@weil.com
Ronit.Berkovich@weil.com
Theodore.Tsekerides@weil.com
Matthew.Goren@weil.com


*PROPOSED SPECIAL COUNSEL FOR*
*DEBTOR*

</td></tr>
<tr><td>

In re:

LTL MANAGEMENT LLC,[1]

              Debtor.

</td><td>

Chapter 11

Case No.:  23-12825 (MBK)

Judge:  Michael B. Kaplan

</td></tr>
</table>

### DISCLOSURE OF COMPENSATION OF WEIL, GOTSHAL & MANGES LLP

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Pursuant to section 329(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Ronit J. Berkovich hereby certify as follows:

1.      I am a partner with the law firm of Weil, Gotshal & Manges LLP ("Weil") and am duly authorized to make this Disclosure of Compensation on behalf of Weil in connection with the *Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel to the Debtor as of April 4, 2023* (the "Application").[1]  The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2.      The Debtor paid Weil for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

3.      On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Weil received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

4.      In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Weil $270,548.02 via wire transfer (the "Payment").  This amount comprises (a) $229,548.02 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[2] and (b) $41,000.00 for Weil's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts").  The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.  Accordingly, to the best of my knowledge and belief, as of the Petition Date, Weil was not owed any amounts by the Debtor.

5.      Weil did not hold a retainer (a "Retainer") as of the Petition Date.  Weil expects to:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c)

---

[1]   Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

[2]   This amount also included outstanding actual and estimated fees and expenses owed to Weil by J&J for services provided during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order.  Weil subsequently received payments directly from J&J for the fees and expenses attributable to J&J that were included in the Payment by LTL.  Weil applied the payments received directly from J&J to the amounts owed by J&J and added the duplicative payment from LTL to the Retainer (as defined below).

disclose such adjustment in its first interim fee application.  If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Weil's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Weil consistent with the terms of the Interim Compensation Order.  Weil will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order.  Weil agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

6.    An accounting of prepetition payments made to Weil by the Debtor in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

7.    To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Weil, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code.  Weil has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016(b) of the Bankruptcy Rules in respect of the sharing of compensation among Weil's partners.

Date:  May 4, 2023
        New York, New York

*/s/ Ronit Berkovich*
Ronit J. Berkovich
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**SCHEDULE 1**

Accounting Summary of Payments[1]

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| PAYMENT DATE | FEES REQUESTED | TRANSACTION | PAYMENTS RECEIVED[2] |
| May 9, 2022 | $103,915.25 | February 2022 monthly fee statement | $83,144.88 |
| June 28, 2022 | $188,859.57 | March 2022 monthly fee statement | $151,255.64 |
| July 18, 2022 | $51,652.13 | April 2022 monthly fee statement | $41,649.51 |
| July 18, 2022 | $92,620.24 | May 2022 monthly fee statement | $74,113.27 |
| September 22, 2022 | $86,883.89 | Holdback for second interim fee period | $58,302.08 |
| October 3, 2022 | $91,535.46 | June 2022 monthly fee statement | $73,245.81 |
| October 4, 2022 | $33,941.42 | July 2022 monthly fee statement | $27,099.07 |
| October 25, 2022 and November 16, 2022 | $33,610.89 | August 2022 monthly fee statement | $26,953.56 |
| November 21, 2022 | $25,004.80 | September 2022 monthly fee statement | $20,020.84 |
| February 10, 2023 | $26,026.80 | October 2022 monthly fee statement | $20,852.00 |
| March 13, 2023 | $36,666.79 | Holdback for third interim fee period | $21,666.79 |
| March 13, 2023 | $32,226.62 | November 2022 monthly fee statement | $25,817.82 |
| March 15, 2023 | $4,500.75 | December 2022 monthly fee statement | $3,617.60 |

[1]   This schedule reflects payments received within one year prior to April 4, 2023.

[2]   The interim payments received by Weil during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly fee statements. The holdbacks of fees were subsequently paid to Weil upon interim approval of the amounts, less any reductions taken pursuant to agreements with the Fee Examiner. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

| PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE | | | |
|---|---|---|---|
| PAYMENT DATE | FEES REQUESTED | TRANSACTION | PAYMENTS RECEIVED[2] |
| April 4, 2023 | $229,548.02 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $229,548.02 |
| POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR | | | |
| DATE | INVOICE AMOUNT | TRANSACTION | PAYMENTS RECEIVED |
| April 4, 2023 | $41,000.00 | Post-Dismissal estimated fees and expenses | $41,000.00 |
| TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR: | | | $41,000.00 |
| PREPETITION BALANCE | | | |
| BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE | | | **$0.00** |