**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

# APPLICATION FOR RETENTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL TALC LITIGATION APPELLATE COUNSEL, EFFECTIVE AS OF APRIL 4, 2023

1. The applicant, LTL Management LLC (the "Debtor"), is the:

   ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

   ☒ Debtor:     ☒ Chap. 11   ☐ Chap. 13

   ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. The Debtor seeks to retain the following professional, Orrick, Herrington & Sutcliffe LLP ("Orrick"), to serve as:

☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

☐ Official Committee of _____

☒ Other Professional:

☐ Realtor    ☐ Appraiser    ☒ Special Counsel

☐ Auctioneer    ☐ Other (specify): _____

3. The employment of Orrick is necessary because:

As in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), the Debtor requires the services of special talc-litigation appellate counsel that possesses the requisite experience and knowledge regarding the claims against the former Johnson & Johnson Consumer, Inc. ("Old JJCI"), and now the Debtor, and Johnson & Johnson ("J&J"). Through its role as appellate (and trial)[2] counsel, Orrick has gained extensive knowledge regarding the claims against J&J and the Debtor, the factual and scientific defenses to those claims and, in particular, the appellate issues that have arisen in those matters.[3]

4. Orrick has been selected because:

Orrick is uniquely situated to serve as the Debtor's special talc litigation appellate counsel in this chapter 11 case (the "Chapter 11 Case") because of Orrick's experience

---

[2] Orrick currently serves as trial counsel to the Debtor in one currently stayed talc litigation matter and provides appellate guidance as needed in talc-related litigation matters. Given that these matters are stayed, Orrick expects to provide limited or no services in them.

[3] Additional information regarding Orrick's experience and qualifications is provided in the *Application for Retention of Orrick, Herrington & Sutcliffe LLP as Special Talc Litigation Appellate Counsel, Effective as of October 14, 2021* filed in the 2021 Chapter 11 Case [No. 21-30589, Dkt. 1456] (the "Prior Application").

serving as special counsel to the Debtor in the 2021 Chapter 11 Case[4] and its prior representation of the Debtor and its predecessor, Old JJCI.[5]

As appellate counsel in the talc-related litigation, Orrick has significant knowledge and experience regarding the issues outlined in response to Question 3 above. Orrick's services continue to be necessary because certain of the appeals in which it represents the Debtor are proceeding as to the Debtor pursuant to the preliminary injunction order entered by this Court on April 25, 2023. *Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* [Dkt. 91] (the "PI Order") ¶ 12.

Should the Debtor be required to retain counsel in substitution of Orrick, the Debtor, its bankruptcy estate and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the matters in which Orrick is representing the Debtor, particularly the Debtor's appeals of talc claims, and obtain the expertise required to serve the Debtor and its estate in an effective manner.

5. Orrick's services to be rendered are as follows:

The Debtor does not propose to employ Orrick as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead as special appellate counsel pursuant to 11 U.S.C. § 327(e) to permit Orrick to continue to represent the Debtor in certain appeals of the talc litigation as to which the automatic stay has been lifted at the request of certain talc claimants.[6] See PI Order ¶ 12. The Debtor anticipates that Orrick will perform, among others, the following legal services, which services are substantially similar to those provided for the 2021 Chapter 11 Case and approved by the Court in the Prior Retention Order:

---

[4] On April 6, 2022, an order was entered [No. 21-30589, Dkt. 1993] authorizing the Debtor to retain and employ Orrick as special talc litigation appellate counsel (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing that the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case [No. 21-30589, Dkt. 3938]. Thereafter, the Debtor filed this Chapter 11 Case on April 4, 2023 (the "Petition Date").

[5] Orrick served as counsel to Old JJCI until it ceased to exist. Old JJCI's engagement of Orrick was allocated to the Debtor in the corporate restructuring that created the Debtor. The terms of Orrick's engagement by Old JJCI were superseded in their entirety by the February 2, 2022 engagement letter disclosed in the Prior Application and, more recently, the April 27, 2023 engagement letter that is attached hereto as Exhibit A (the "Engagement Letter"), except as to Orrick's representation of the Debtor in talc- related litigation that is stayed by the commencement of the Chapter 11 Case. Any services in these matters will continue on the same terms as such services were provided to Old JJCI. As set forth herein and in the Certification of Robert Loeb, Orrick continues to represent J&J in certain talc-related litigation, as it did prior to the Petition Date.

[6] As noted above, Orrick also will continue to represent the Debtor, as needed, in the stayed talc litigation in which Orrick served as trial counsel or provided appellate guidance prior to the Petition Date.

    (a)    Drafting and filing briefs as required in the appeal proceedings;

    (b)    Appearing on behalf of the Debtor at oral arguments, hearings, meetings, and other proceedings, as appropriate; and

    (c)    Assisting the Debtor in any issues or proceedings related to the stay or other matters relating to talc-related claims in non-bankruptcy forums.[7]

Orrick will provide the services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor. The Debtor believes that the services Orrick will provide will be complementary and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Orrick's role as special counsel.

6.    The proposed arrangement for compensation is as follows:

Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this Application, Orrick intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

In addition, to the extent that Orrick represents both the Debtor and J&J in a matter, Orrick will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Orrick represents solely the Debtor or J&J, Orrick will allocate 100% of the fees and expenses to the entity represented.

Orrick will be compensated at its hourly rates, which are based on the professionals' level of experience. The hourly rates charged by Orrick for this work fall within the following ranges:

| *Billing Category* | *Range* |
|---|---|
| Partners/Of Counsel | $876-$1,200 |
| Associates | $536-$844 |
| Paralegals | $375 |

Orrick's hourly rates may change annually in accordance with the terms of the Engagement Letter and Orrick's established billing practices and procedures.

---

[7] Given the stay, as set forth above, Orrick expects its services in this regard to be limited.

-4-

Orrick will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Fee Guidelines"), any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, any "Interim Compensation Order") and any applicable orders of this Court.

As set forth in the Certification of Robert Loeb, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Orrick received payment from the Debtor of all unpaid actual and estimated fees incurred through the commencement of this Chapter 11 Case. See Cert. of Robert Loeb attached hereto as Exhibit B; Disclosure of Compensation attached hereto as Exhibit C.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Orrick $586,215.87 via wire transfer (the "Payment"). This amount comprises (a) $518,215.87 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[8] and (b) $68,000.00 for Orrick's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[9] Accordingly, as of the Petition Date, Orrick was not owed any amounts by the Debtor.

---

[8] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Orrick by J&J for services provided in the talc litigation during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI).

[9] Orrick did not hold a retainer (a "Retainer") as of the Petition Date. Orrick expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Orrick's actual unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Orrick consistent with the terms of the Interim Compensation Order. Orrick will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Orrick agrees to waive all fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

    This payment to Orrick was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Orrick served such a statement on the Debtor.[10]

    In addition, the Debtor was solvent at the time it made this payment to Orrick. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the funding agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7.     To the best of the Debtor's knowledge, Orrick's connection with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

    ☐ None

    ☒ Describe connection: See Certification of Robert Loeb, attached hereto as Exhibit B.

8.     To the best of the Debtor's knowledge, Orrick:

    ☐ Does not hold an adverse interest to the estate.

    ☐ Does not represent an adverse interest to the estate.

    ☐ Is a disinterested person under 11 U.S.C. § 101(14).

    ☒ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Orrick will be retained under 11 U.S.C. § 327(e).

    ☒ Other; explain: See Certification of Robert Loeb, attached hereto as Exhibit B.

---

[10]     On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

-6-

-7-

9.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, the Debtor respectfully requests authorization to employ Orrick, effective as of April 4, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                             /s/ *John K. Kim*
                                                         John K. Kim
                                                         Chief Legal Officer