## <u>ATTACHMENTS</u>

**(Communications between Randi Ellis and Counsel for J&J
from March 8, 2023 to April 1, 20230**

| | |
|---|---|
| **Subject:** | catch up re stuff |
| **Start:** | Tuesday, March 7, 2023 3:00 PM CST |
| **End:** | Tuesday, March 7, 2023 3:30 PM CST |
| **Location:** | https://btlaw.zoom.us/j/97433083781?pwd=K2trSnorbTZ6ZUhHRVNPY0xoSjlSQT09 |
| **Show Time As:** | Tentative |
| **Organizer:** | Murdica, James |
| **Attendees:** | Randi Ellis, Lounsberry, Kendra |

Jim Murdica is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://urldefense.com/v3/__https://btlaw.zoom.us/j/97433083781?pwd=K2trSnorbTZ6ZUhHRVNPY0xoSjlSQT09__;!!Dahw-A9d0CA!xb5EXE7xjAuReePnQCz1bx2--ArAg4L7pxb7ou6vS21uMztenTmkDdKBaT1EOFl1HhXKlXut82QhcRC1Er4$

Meeting ID: 974 3308 3781
Passcode: 902569
One tap mobile
+13017158592,,97433083781#,,,,*902569# US (Washington DC)
+13126266799,,97433083781#,,,,*902569# US (Chicago)

Dial by your location
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 213 338 8477 US (Los Angeles)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
Meeting ID: 974 3308 3781
Passcode: 902569
Find your local number: https://urldefense.com/v3/__https://btlaw.zoom.us/u/axEhc41de__;!!Dahw-A9d0CA!xb5EXE7xjAuReePnQCz1bx2--ArAg4L7pxb7ou6vS21uMztenTmkDdKBaT1EOFl1HhXKlXut82Qht-NrmAQ$

Join by SIP
97433083781@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
Meeting ID: 974 3308 3781
Passcode: 902569

CONFIDENTIAL                                                                                    LTLMGMT-00004984

**CONFIDENTIAL**

**LTLMGMT-00004985**

| | |
|---|---|
| **Subject:** | more stuff |
| **Start:** | Wednesday, March 8, 2023 6:00 PM CST |
| **End:** | Wednesday, March 8, 2023 6:30 PM CST |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Randi Ellis (Randi@RandiEllis.com), Murdica, James (JMurdica@btlaw.com) |

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
Meeting ID: 359 519 2112

CONFIDENTIAL

CONFIDENTIAL

LTLMGMT-00004996

| | |
|---|---|
| **Subject:** | more stuff |
| **Start:** | Wednesday, March 8, 2023 7:00 PM CST |
| **End:** | Wednesday, March 8, 2023 7:30 PM CST |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Randi Ellis (Randi@RandiEllis.com), Murdica, James (JMurdica@btlaw.com) |

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
Meeting ID: 359 519 2112

CONFIDENTIAL

**CONFIDENTIAL**

**LTLMGMT-00004994**

| | |
|---|---|
| **Subject:** | more stuff |
| **Start:** | Thursday, March 9, 2023 5:00 PM CST |
| **End:** | Thursday, March 9, 2023 5:30 PM CST |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Randi Ellis (Randi@RandiEllis.com), Murdica, James (JMurdica@btlaw.com) |

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
Meeting ID: 359 519 2112

**CONFIDENTIAL**

**LTLMGMT-00004998**

| | |
|---|---|
| **From:** | Lounsberry, Kendra |
| **Sent:** | Wednesday, March 22, 2023 7:18 PM CDT |
| **To:** | Randi Ellis (Randi@RandiEllis.com) |
| **Subject:** | zoom link |

**https://btlaw.zoom.us/j/92590245609?pwd=ckJKelAyaFpUZml5dURVMTV4OENkQT09**

**Kendra Lounsberry** | Partner
Barnes & Thornburg LLP
2029 Century Park East Suite 300, Los Angeles, CA 90067
Direct: (310) 284-3893 | Mobile: (310) 365-3270

                    

Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

| | |
|---|---|
| **From:** | Lounsberry, Kendra |
| **Sent:** | Wednesday, March 22, 2023 8:29 PM CDT |
| **To:** | Randi Ellis (Randi@RandiEllis.com) |
| **CC:** | Murdica, James |
| **Subject:** | BK dec |
| **Attachments:** | R. Ellis Declaration iso BK.docx |

Randi, please see attached as discussed.  Let me know if you have any questions.

**Kendra Lounsberry** | Partner
Barnes & Thornburg LLP
2029 Century Park East Suite 300, Los Angeles, CA 90067
Direct: (310) 284-3893 | Mobile: (310) 365-3270

                    

Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**CONFIDENTIAL**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br>          Debtor. | Chapter 11<br><br>Case No.: 23-_____ (___)<br><br>Judge: _____ |

## DECLARATION OF RANDI S. ELLIS IN
## SUPPORT OF THE DEBTOR'S CHAPTER 11 CASE

I, Randi S. Ellis, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I submit this declaration to express my support for the filing of this second

chapter 11 case (the "Chapter 11 Case") by LTL Management LLC, the above-captioned debtor

(the "Debtor). Except as otherwise indicated, all facts and statements set forth in this

Declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents,

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

NAI-1535727760v5

CONFIDENTIAL                                                                  LTLMGMT-00004981

including primarily the record in the Debtor's prior chapter 11 case; and/or (c) my opinion based upon my experience and knowledge.  If called upon to testify, I could and would testify to the facts and opinions set forth herein.

2.      On March 18, 2022, the Court appointed me as the legal representative for future talc claimants (the "FCR") in the Debtor's prior chapter 11 case  (Case No. 21-30589 (Bankr. D. N.J.)) (the "2021 Chapter 11 Case").  I served as the FCR from that date until the 2021 Chapter 11 Case was dismissed on _____.  In my role as the FCR, I actively participated in the 2021 Chapter 11 Case, including in mediation and the court-ordered process for estimating the number and value of current and future mesothelioma and ovarian cancer claims.

3.      Because I was not appointed as the FCR until after the Court issued its decision denying motions to dismiss the 2021 Chapter 11 Case [Case No. 21-30589, Dkt. 1603], I did not participate in that litigation, including the subsequent appeals of the Court's decision.

4.      I have advised the Debtor that I am willing to serve as the FCR in this Chapter 11 Case, and the Debtor has informed me that it supports my appointment and will shortly file a motion seeking Court approval for me to perform that role again.

5.      I continue to believe, as I have said before, that a global resolution of current and future talc-related claims against the Debtor pursuant to a plan of reorganization in a chapter 11 case is in the best interest of future talc claimants.  Accordingly, I support the Debtor's filing of this second Chapter 11 Case.

6.      In my view, resolution of talc claims in the tort system is less favorable to current talc claimants and would likely harm future claimants.  As I indicated previously and continue to believe today, due to the long latency periods for mesothelioma and ovarian cancer,

-2-

CONFIDENTIAL                                                                                    LTLMGMT-00004982

renewed litigation of talc claims in the tort system would pose a serious risk that the Debtor later

would be unable to pay future claimants at the same level as current claimants.

7.    In addition, a global resolution of talc claims in bankruptcy will ensure

that current and future claimants will receive substantially similar treatment.

8.    I continue to believe that a properly funded trust with appropriate trust

distribution procedures will provide the best outcome for all claimants, including future

claimants.  Similarly situated claimants will receive equivalent treatment no matter when their

claims may arise and every valid claim can be processed and paid quickly and efficiently.  In short,

I agree with this Court's prior statement in its dismissal opinion that "justice will best be served

by expeditiously providing critical compensation through a court-supervised, fair and less costly

settlement trust arrangement" embodied in a confirmed plan under the Bankruptcy Code where

both current and future claimants will be treated in substantially the same manner.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  March ___, 2023                    _/s/ Draft_____
                                           Randi S. Ellis

-3-

CONFIDENTIAL                                           LTLMGMT-00004983

| From: | Lounsberry, Kendra |
| --- | --- |
| Sent: | Thursday, March 23, 2023 12:01 PM CDT |
| To: | 'Randi Ellis'; Murdica, James |
| Subject: | RE: [EXTERNAL]RE: BK dec |
| Attachments: | R. Ellis Declaration iso BK.docx |

Here's an updated version.  Let me know if you need it as a pdf or have any further questions/issues.

**Kendra Lounsberry** | Partner
Direct: (310) 284-3893 | Mobile: (310) 365-3270
Los Angeles, CA



**From:** Randi Ellis <randi@randiellis.com>
**Sent:** Thursday, March 23, 2023 5:58 AM
**To:** Murdica, James <JMurdica@btlaw.com>
**Cc:** Lounsberry, Kendra <Kendra.Lounsberry@btlaw.com>
**Subject:** RE: [EXTERNAL]RE: BK dec

Agree.

**From:** Murdica, James <JMurdica@btlaw.com>
**Sent:** Thursday, March 23, 2023 7:57 AM
**To:** Randi Ellis <randi@randiellis.com>
**Cc:** Lounsberry, Kendra <Kendra.Lounsberry@btlaw.com>
**Subject:** Re: [EXTERNAL]RE: BK dec

Good point. I'd just say that I serve as fcr and have since being appointed in March 2022 if that's right

On Mar 23, 2023, at 8:51 AM, Randi Ellis <randi@randiellis.com> wrote:

Jim and Kendra,

Paragraph 2:

"I served as the FCR from that date until the 2021 Chapter 11 Case was dismissed on _____.  In my role as the FCR, I actively participated in the 2021 Chapter 11 Case, including in mediation and the court-ordered process for estimating the number and value of current and future mesothelioma and ovarian cancer claims."

I am still "serving" so hard to sign as is . . . Thoughts?

CONFIDENTIAL

Randi

**From:** Murdica, James <JMurdica@btlaw.com>
**Sent:** Thursday, March 23, 2023 7:45 AM
**To:** Lounsberry, Kendra <Kendra.Lounsberry@btlaw.com>
**Cc:** Randi Ellis <randi@randiellis.com>
**Subject:** Re: BK dec

Did we get this back?

On Mar 22, 2023, at 9:29 PM, Lounsberry, Kendra <Kendra.Lounsberry@btlaw.com> wrote:

Randi, please see attached as discussed.  Let me know if you have any questions.

**Kendra Lounsberry** | Partner
Barnes & Thornburg LLP
2029 Century Park East Suite 300, Los Angeles, CA 90067
Direct: (310) 284-3893 | Mobile: (310) 365-3270

Visit our Subscription Center to sign up for legal insights and events.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br>      Debtor. | Chapter 11<br><br>Case No.: 23-_____ (___)<br><br>Judge: _____ |

**DECLARATION OF RANDI S. ELLIS IN
SUPPORT OF THE DEBTOR'S CHAPTER 11 CASE**

   I, Randi S. Ellis, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.  I submit this declaration to express my support for the filing of this second

chapter 11 case (the "Chapter 11 Case") by LTL Management LLC, the above-captioned debtor

(the "Debtor). Except as otherwise indicated, all facts and statements set forth in this

Declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents,

---

[1]   The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

NAI-1535727760v5

CONFIDENTIAL                                      LTLMGMT-00005002

including primarily the record in the Debtor's prior chapter 11 case; and/or (c) my opinion based upon my experience and knowledge.  If called upon to testify, I could and would testify to the facts and opinions set forth herein.

2.     On March 18, 2022, the Court appointed me as the legal representative for future talc claimants (the "FCR") in the Debtor's prior chapter 11 case  (Case No. 21-30589 (Bankr. D. N.J.)) (the "2021 Chapter 11 Case"), and I have served as the FCR since being appointed.  In my role as the FCR, I actively participated in the 2021 Chapter 11 Case, including in mediation and the court-ordered process for estimating the number and value of current and future mesothelioma and ovarian cancer claims.

3.     Because I was not appointed as the FCR until after the Court issued its decision denying motions to dismiss the 2021 Chapter 11 Case [Case No. 21-30589, Dkt. 1603], I did not participate in that litigation, including the subsequent appeals of the Court's decision.

4.     I have advised the Debtor that I am willing to serve as the FCR in this Chapter 11 Case, and the Debtor has informed me that it supports my appointment and will shortly file a motion seeking Court approval for me to perform that role again.

5.     I continue to believe, as I have said before, that a global resolution of current and future talc-related claims against the Debtor pursuant to a plan of reorganization in a chapter 11 case is in the best interest of future talc claimants.  Accordingly, I support the Debtor's filing of this second Chapter 11 Case.

6.     In my view, resolution of talc claims in the tort system is less favorable to current talc claimants and would likely harm future claimants.  As I indicated previously and continue to believe today, due to the long latency periods for mesothelioma and ovarian cancer,

NAI-1535727760v5

CONFIDENTIAL

LTLMGMT-00005003

renewed litigation of talc claims in the tort system would pose a serious risk that the Debtor later

would be unable to pay future claimants at the same level as current claimants.

       7.     In addition, a global resolution of talc claims in bankruptcy will ensure

that current and future claimants will receive substantially similar treatment.

       8.     I continue to believe that a properly funded trust with appropriate trust

distribution procedures will provide the best outcome for all claimants, including future

claimants.  Similarly situated claimants will receive equivalent treatment no matter when their

claims may arise and every valid claim can be processed and paid quickly and efficiently.  In short,

I agree with this Court's prior statement in its dismissal opinion that "justice will best be served

by expeditiously providing critical compensation through a court-supervised, fair and less costly

settlement trust arrangement" embodied in a confirmed plan under the Bankruptcy Code where

both current and future claimants will be treated in substantially the same manner.

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  March __, 2023            /s/ Draft_____
                                   Randi S. Ellis

NAI-1535727760v5

CONFIDENTIAL                              LTLMGMT-00005004

| | |
|---|---|
| **Subject:** | F/u discussion |
| **Start:** | Thursday, March 23, 2023 3:00 PM CDT |
| **End:** | Thursday, March 23, 2023 4:00 PM CDT |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Murdica, James (JMurdica@btlaw.com), Randi Ellis (Randi@RandiEllis.com) |

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
Meeting ID: 359 519 2112

CONFIDENTIAL

**CONFIDENTIAL**

**LTLMGMT-00004991**

| | |
|---|---|
| **Subject:** | F/u discussion |
| **Start:** | Friday, March 24, 2023 3:00 PM CDT |
| **End:** | Friday, March 24, 2023 4:00 PM CDT |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Murdica, James (JMurdica@btlaw.com), Randi Ellis (Randi@RandiEllis.com) |

Let me know if we need to do a different <u>time</u> tomorrow – I've left it the same for now.

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)

CONFIDENTIAL

Meeting ID: 359 519 2112

**CONFIDENTIAL**

**LTLMGMT-00004987**

| | |
|---|---|
| **Subject:** | F/u discussion |
| **Start:** | Sunday, March 26, 2023 9:30 AM CDT |
| **End:** | Sunday, March 26, 2023 10:30 AM CDT |
| **Location:** | https://btlaw.zoom.us/j/3595192112 |
| **Show Time As:** | Tentative |
| **Organizer:** | Lounsberry, Kendra |
| **Attendees:** | Murdica, James (JMurdica@btlaw.com), Randi Ellis (Randi@RandiEllis.com) |

Let me know if we need to do a different <u>time</u> tomorrow – I've left it the same for now.

Kendra Lounsberry is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://btlaw.zoom.us/j/3595192112

Meeting ID: 359 519 2112
One tap mobile
+16692192599,,3595192112# US (San Jose)
+16699006833,,3595192112# US (San Jose)

Dial by your location
        +1 669 219 2599 US (San Jose)
        +1 669 900 6833 US (San Jose)
        +1 213 338 8477 US (Los Angeles)
        +1 720 928 9299 US (Denver)
        +1 971 247 1195 US (Portland)
        +1 206 337 9723 US (Seattle)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 602 753 0140 US (Phoenix)
        +1 786 635 1003 US (Miami)
        +1 929 436 2866 US (New York)
        +1 267 831 0333 US (Philadelphia)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 470 250 9358 US (Atlanta)
        +1 470 381 2552 US (Atlanta)
        +1 646 518 9805 US (New York)
        +1 651 372 8299 US (Minnesota)
Meeting ID: 359 519 2112
Find your local number: https://btlaw.zoom.us/u/abaNDhVaTj

Join by SIP
3595192112@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)

CONFIDENTIAL

Meeting ID: 359 519 2112

**CONFIDENTIAL**

**LTLMGMT-00004989**

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# PRESENTATION TO BOARD OF MANAGERS OF
# LTL MANAGEMENT LLC

March 28, 2023

NAI-1536249908v7
CONFIDENTIAL

LTLMGMT-00000233

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# REVIEW OF STATUS OF LTL CHAPTER 11 CASE

- **Status of the LTL Chapter 11 Case as of January 30, 2023**
  - Preliminary injunctions protecting affiliates/third parties in effect
    - Tort claimants
    - Hall securities plaintiffs
    - State attorneys general (AGs)
  - Mediation/negotiations ongoing
  - Estimation ongoing
  - Plan exclusivity still in effect
- **Third Circuit Panel January 30, 2023 Dismissal Opinion**
  - Directed Bankruptcy Court to dismiss LTL chapter 11 case
  - Based on LTL's lack of "financial distress" at the time of filing
  - Particular focus on J&J funding agreement obligation

2

# REVIEW OF STATUS OF LTL CHAPTER 11 CASE (cont'd)

- **Post-Opinion Appellate Litigation and Milestones**

  - LTL filed petition for panel and en banc rehearing with Third Circuit; petition was denied on March 22

  - LTL filed a motion for stay of the "mandate" with the Third Circuit panel; motion is currently pending, with objections due on March 28

  - Third Circuit would issue its dismissal mandate 7 days after entry of an order denying motion for stay

  - Dismissal of chapter 11 case would occur upon entry of dismissal order by Bankruptcy Court, the exact timing of which is unclear

CONFIDENTIAL

LTLMGMT-00000235

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# UPDATE REGARDING DISCUSSIONS WITH TALC CLAIMANTS

- Law firms representing thousands of claimants have signed, or are expected to sign, Plan Support Agreements

  - These law firms act on behalf of approximately 55,000 talc claimants

  - Negotiations with other law firms are continuing

- These Plan Support agreements provide that the law firms will support confirmation of a chapter 11 plan of reorganization that contains specified terms

- These Plan Support Agreements remain subject to corporate approvals from LTL (through its Board of Managers), Holdco and J&J and execution by those entities

NAI-1536249908v6
CONFIDENTIAL
LTLMGMT-00000236

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## SUPPORTED PLAN TERMS

- **Resolution** - all current and future talc claims (personal injury and AG claims) against LTL and related parties would be resolved for a total contribution from LTL not to exceed $8.9B present value

- **Payments** - payments would be made to a talc trust at and after plan confirmation as follows:

| Payment Date | Payment Amount |
|---|---|
| Within 30 days | $3B |
| 1st anniversary | $2.9B |
| 2nd anniversary | $1B |
| 7th anniversary | $1B |
| 12th anniversary | $1B |
| 17th anniversary | $1B |
| 21st anniversary | $1B |
| 25th anniversary | $1.18B |
| **Total** | $12.08B |

5

CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## SUPPORTED PLAN TERMS (cont'd)



CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY-WORK PRODUCT

## SUPPORT OF FUTURE CLAIMANTS' REPRESENTATIVE (FCR)

- Separate discussions have occurred with FCR

- FCR is supportive of a second LTL chapter 11 case in the event the current case is dismissed

  - FCR has agreed to sign and submit a declaration in support of a new chapter 11 case

- In addition, discussions are ongoing to obtain a Plan Support Agreement from the FCR

7

LTLMGMT-00000239

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# DUTIES OF LTL MANAGERS



CONFIDENTIAL

NAI-1536240908v6

LTLMGMT-00000240

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## PROTECTIONS FOR LTL MANAGERS



9

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## LTL OPTIONS IN EVENT OF DISMISSAL OF CURRENT CHAPTER 11 CASE

- **Return to MDL/Tort System** - defend claims in the MDL/tort system with resolution of individual talc claims by dismissal, judgment or settlement

  - Pros

  - Cons

- **Recapitalization and Sale** - pursue, subject to obtaining the support of J&J and Holdco, the recapitalization of LTL and sale to third-party claims administrator with litigation/resolution of individual talc claims in the MDL/tort system by purchaser

  - Pros

  - Cons

- **New Chapter 11 Case** - file new chapter 11 case with resolution of all talc liability by creation of trust or trusts pursuant to a chapter 11 plan of reorganization containing the terms specified in the Plan Support Agreements

  - Pros

  - Cons

10

CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## CONSIDERATIONS REGARDING IMMEDIATE FILING OF NEW CHAPTER 11 CASE

- Benefits of chapter 11 include:

  - Complete, permanent and equitable resolution of all current and future claims

  - Prompt payments to all claimants; equivalent treatment of claimants

  - Elimination of uncertainty, disparate results and escalating costs in tort system; assurance that future claimants receive same treatment as current claimants

  - Stay of all talc litigation pending resolution in bankruptcy

- Filing of a new chapter 11 case supported by claimant law firms and FCR

  - Law firms for thousands of claimants have signed, or are expected to sign, Plan Support Agreements

  - FCR has agreed to sign and submit a declaration in support of filing a new chapter 11 case

- Prompt filing is:

  - Supported by the benefits of chapter 11 described above

  - Required by the Plan Support Agreements

11

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## CONSIDERATIONS REGARDING FILING IN NEW JERSEY



NAI-1536240908v6
CONFIDENTIAL

LTLMGMT-00000244

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS

- **Third Circuit Opinion**



13

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- **Potential Modifications to Existing Funding Arrangements**

  - **Current Draft of Termination and Substitution Agreement**

    - Terminates existing Funding Agreement among LTL, Holdco and J&J and related Commitment and Loan Agreement between Holdco and J&J

    - Obligates Holdco and LTL to enter into a new Funding Agreement

    - Obligates J&J, Holdco and LTL to enter into a new Support Agreement

  - **Current Draft of New Funding Agreement**

    - Eliminates J&J as a payor

    - Limits Holdco's obligation to provide funding for one or more trusts under a chapter 11 plan to such trusts created under a plan containing terms specified in the Plan Support Agreements

    - Eliminates "JJCI Value" as a cap on the funding obligation

    - Adds automatic termination once LTL's talc liability has been satisfied and no "Permitted Funded Uses" remain

14

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- **Current Draft of New Support Agreement**

  - Obligates LTL to file a new voluntary case under chapter 11

  - Obligates J&J during that new chapter 11 case (but not during any subsequent LTL chapter 11 case) to provide trust funding on Holdco's behalf if Holdco fails to do so under the terms of the new Funding Agreement

  - Obligates Holdco to:

    - reimburse J&J for any payment made by J&J (and, if reimbursement is not made within 5 business days, any amount not so reimbursed will be deemed financed by a loan); and

    - pay J&J a monthly support fee so long as J&J's support obligation exists

  - Prohibits LTL and Holdco from amending, or assigning rights or obligations under, the new Funding Agreement without J&J's consent

  - Automatically terminates upon the effective date of a plan or entry of a final order dismissing the new chapter 11 case or converting it to a chapter 7 case

  - Gives J&J a right to terminate upon a material breach by LTL or certain bankruptcy-related events, in each case subject to a 5-business day cure right

15

## SUMMARY OF KEY MODIFICATIONS OF EXISTING FUNDING ARRANGEMENTS

- J&J is not a payor under the new Funding Agreement

- J&J's obligation under the new Support Agreement is limited to making payment on Holdco's behalf, during the new chapter 11 case (but not during any subsequent chapter 11 case), if Holdco fails to make a payment for plan trust funding that is required under the new Funding Agreement

- Under the new Funding Agreement, Holdco is required to make a payment for plan trust funding only if such funding is for one or more trusts created under a plan of reorganization containing terms described in the Plan Support Agreements among LTL, Holdco, J&J and certain claimant law firms, as the same may be amended

16

LTLMGMT-00000248

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS



17

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS (cont'd)



18

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS (cont'd)



CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – LTL'S ASSETS (EXCLUDING NEW FUNDING ARRANGEMENTS)

- Cash - $30M

- Ownership in RAM - $360M+

- Insurance (disputed) - $1.95B

20

WIL-15362.0908v6

LTLMGMT-00000252

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION

- In November 2021, J&J announced its intent to spin off its consumer business, creating a newly publicly traded company; Holdco has since taken various steps to facilitate that spin-off

  - In December 2022, Holdco distributed its consumer business assets and liabilities to its parent entity Janssen Pharmaceuticals Inc. and changed its name from "Johnson & Johnson Consumer Inc." to "Johnson & Johnson Holdco (NA) Inc."

- Under the modified funding arrangements, Holdco would be obligated to provide funding to LTL both (1) when there is no LTL chapter 11 case pending and (2) during the pendency of a LTL chapter 11 case; however, Holdco's obligation to provide funding for one or more trusts created under a plan of reorganization would be limited to such trusts created under a plan containing the terms described in the Plan Support Agreements among LTL, Holdco, J&J and certain claimant law firms, as the same may be amended

- Subsequent to the distribution by Holdco of its consumer business assets and liabilities to facilitate the consumer business spin-off, Holdco continues to have ownership interests in various largely foreign-based subsidiaries (see organizational chart below); these include operating and treasury companies

21

CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION (cont'd)

- Most value held through Apsis subsidiary (France) and its 36.1% interest in GH Biotech Holdings Limited (Ireland)

  - Janssen Sciences Ireland Unlimited Company (Ireland)

  - Limited risk distributors and medical device entities

  - Various other entities

- J&J has preliminary, directional valuation information for most entities held by Holdco

22

CONFIDENTIAL

LTLMGMT-00000254

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

# FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION (cont'd)

**Johnson & Johnson Holdco (NA) Inc. (US – 6101) ("Old JJCI") Structure Chart**
**As of February 7, 2023**

Draft – For Discussion Purposes Only



PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – LTL AND HOLDCO ASSETS

| Entity | Asset | Estimated Values (without discounts) |
|---|---|---|
| **LTL** | | |
| | Cash | $30M |
| | Ownership of RAM | $367M+ |
| **Holdco** | | |
| | Cash | $400M |
| | 36.1% interest in GH Biotech Holdings | $20B |
| | 2022 GH Biotech dividend | $1.8B |
| | Other subsidiaries | $6B |
| | **Total** | **~ $29B** |

- Based on most-current valuations, some of which are preliminary

- Updated valuations for many entities in process; change to GH Biotech could be material

- Does not include discounts for minority interests or lack of liquidity

24

WKI-153624990v6

LTLMGMT-00000256

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – LTL AND HOLDCO LIABILITIES

- Minor accrued (non-talc) liabilities ($225,000) at LTL

- Multiple talc-related liabilities (personal injury claims, state AG claims, indemnification claims, other)

- No estimate or valuation of aggregate talc liability



- But costs are anticipated to increase and continue for decades; defense costs are substantial and increasing; settlement demands are increasing; thousands of additional claims are anticipated; almost all state AGs have filed, or are threatening to file, suit; and LTL is subject to a myriad of indemnification claims, including from Imerys where claimants alleged that LTL owed Imerys billions

25

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – NEAR-TERM AND LONG-TERM LIQUIDITY

- Existing cash at LTL and HoldCo:  $430M

- Annual earnings from RAM:  $75M

- Holdco would largely be dependent on dividends to fund amounts due under modified funding arrangements

  - >90% of future dividends expected to come from GH Biotech

  - After multi-year effort to allow repatriation, $1.8B dividend paid in 2022 from GH Biotech but remains at Apsis because it lacked capacity to distribute it upstream

  - LRFP projects same GH Biotech dividend amount in near term

- But dividend flow is subject to potential risks

  - Industry risks

  - Governance/treasury risks

  - Statutory and tax risks

  - Long-term risks

- Ability to borrow may also be constrained

26

LTLMGMT-00000258

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## NEXT STEPS

- Continue to monitor and react to developments with respect to motion for stay and potential dismissal of current chapter 11 case

- Continue discussions with talc claimants and FCR to obtain additional Plan Support Agreements

- Finalize modifications to existing LTL funding arrangements

- Prepare first day pleadings for filing of second LTL chapter 11 case

- Prepare for next meeting of LTL Board of Managers

27

LTLMGMT-00000259

| | |
|---|---|
| **Subject:** | LTL |
| **Start:** | Saturday, April 1, 2023 3:00 PM CDT |
| **End:** | Saturday, April 1, 2023 3:30 PM CDT |
| **Show Time As:** | Tentative |
| **Organizer:** | Rush, Amanda S. |
| **Attendees:** | Prieto, Dan B., jmurdica@btlaw.com, RANDI@RANDIELLIS.COM, SFalanga@walsh.law |

___

# Microsoft Teams meeting

**Join on your computer, mobile app or room device**
Click here to join the meeting

Meeting ID: 288 692 641 637
Passcode: 83x4t4
Download Teams | Join on the web

**Join with a video conferencing device**
jd@m.webex.com
Video Conference ID: 111 564 837 1
Alternate VTC instructions

**Or call in (audio only)**
+1 469-214-8475,,412590248#    United States, Dallas

Phone Conference ID: 412 590 248#
Find a local number | Reset PIN

Learn More | Meeting options

___

**CONFIDENTIAL**

## MINUTES OF BOARD OF MANAGERS

### LTL MANAGEMENT LLC,
**a North Carolina limited liability company**
**April 2, 2023**

The Board of Managers (the "<u>Board</u>") of LTL Management LLC, a North Carolina limited liability company (the "<u>Company</u>"), met on Sunday, April 2, 2023 by means of internet communications equipment whereby all persons participating in the meeting were able to see and hear each other. All members of the Board – Russell Deyo, Robert Wuesthoff, and Richard Dickinson – were in attendance.

At the invitation of the Board, John Kim (the Chief Legal Officer and Secretary of the Company), participated in the meeting. Mr. Kim presided at, and acted as secretary for, the meeting.

In addition, at the invitation of the Board, Dan Prieto, Brad Erens and Troy Lewis, all from LTL's Bankruptcy Firm Jones Day, participated in the meeting.

### (INTRODUCTORY REMARKS AND CALL TO ORDER)

Mr. Kim welcomed the members of the Board and other meeting participants. Mr. Kim then took a roll call, and it was confirmed that a quorum of the Board was present and the meeting could be called to order and briefly reviewed the agenda, indicating that there would be (1) an update on developments in the Company's chapter 11 bankruptcy case (the "<u>Chapter 11 Case</u>") since the meeting of the Board held on March 28, 2023 (the "<u>March 28 Board Meeting</u>"), (2) a review of proposed next steps by the Company following the anticipated dismissal of the Chapter 11 Case, and (3) a request for Board action with respect to the proposed next steps. Mr. Kim then asked Mr. Prieto to begin reviewing the presentation to the Board prepared for the meeting (the "<u>Presentation</u>").

Before beginning, Mr. Prieto further explained that, following review of the Presentation and related discussion, the Board would be asked to act on proposed resolutions (the "<u>Proposed</u>

1

CONFIDENTIAL

Resolutions") authorizing the Company, upon dismissal of the Chapter 11 Case, to promptly (1) execute the plan support agreements supporting a plan of reorganization of the Company with specified terms that have been executed and delivered to the Company by attorneys for talc claimants (the "Plan Support Agreements"), (2) execute agreements – a Termination and Substitution Agreement, a new Funding Agreement and a Support Agreement – to effectuate proposed modifications to the Company's existing funding arrangements, and (3) file a new voluntary petition for relief under chapter 11.  Mr. Prieto then confirmed that members of the Board had received and had the opportunity to review (1) the form of Plan Support Agreement, (2) the form of Termination and Substitution Agreement, (3) the form of new Funding Agreement, (4) the form of Support Agreement, (5) the Proposed Resolutions, and (6) the Presentation, each of which had been circulated to them in advance of the meeting.

At that point, at the request of Mr. Prieto, the Presentation was shared with the meeting participants by means of internet communications equipment.

### (STATUS OF CHAPTER 11 CASE AND
### POTENTIAL OPTIONS IN THE EVENT OF DISMISSAL)

At the request of Mr. Kim, a presentation (the "Presentation") was shared with the meeting participants by means of internet communications equipment.

### (UPDATE ON DEVELOPMENTS SINCE THE MARCH 28 BOARD MEETING)

Using the Presentation, Mr. Prieto first provided an update on the appellate litigation subsequent to the issuance of the opinion of the United States Court of Appeals for the Third Circuit (the "Third Circuit Opinion") directing the bankruptcy court presiding over the Chapter 11 Case (the "Bankruptcy Court") to dismiss the Chapter 11 Case, indicating that, based

2

LTLMGMT-00000007

on developments in such litigation since the March 28 Board Meeting, it was anticipated the

Bankruptcy Court would enter an order dismissing the Chapter 11 Case as early as Monday,

April 3, 2023.

Using the Presentation, Mr. Prieto next provided an update on (1) Plan Support

Agreements received by the Company from attorneys for talc claimants prior to the meeting and

ongoing discussions with additional attorneys for talc claimants, (2) ongoing discussions with the

official representative of future claimants appointed in the Chapter 11 Case (the "FCR"),

indicating that, since the March 28 Board Meeting, the FCR had determined not to submit a

declaration in support of a new chapter 11 case or agree to the terms of a plan of reorganization

for the Company described in the Plan Support Agreements, though the FCR remained

supportive of the new chapter 11 case and the resolution of future talc claims in bankruptcy, and

(3) discussions with risk management personnel of Johnson & Johnson regarding the availability

of D&O insurance coverage for members of the Board.

Throughout such updates, Mr. Prieto, with the assistance of Mr. Kim, responded to

questions from, and engaged in discussions with, members of the Board regarding these topics.

### (REVIEW OF PROPOSED NEXT STEPS)

### Plan Support Agreements

Using the Presentation, Mr. Prieto briefly reviewed the terms of the plan of

reorganization for the Company described in the Plan Support Agreements (which terms were

discussed in detail at the March 28 Board Meeting).  During such review, Mr. Prieto, with the

assistance of Mr. Lewis, responded to questions from, and engaged in discussions with, members

of the Board regarding the plan terms described in the Plan Support Agreements.

CONFIDENTIAL

LTLMGMT-00000008

### Company Options Upon Dismissal; Proposed Option

Using the Presentation, Mr. Prieto briefly reviewed options of the Company upon dismissal of the Chapter 11 Case (which options were discussed in detail at the March 28 Board Meeting), and indicated that the option being proposed to the Board for consideration was the prompt filing of a new chapter 11 bankruptcy case to facilitate resolution of all of the Company's talc liability by the creation of one or more trusts pursuant to a chapter 11 plan of reorganization containing the terms described in the Plan Support Agreements, noting that such option would require the Company to (1) execute the Plan Support Agreements, (2) execute the agreements to effectuate proposed modifications to the Company's existing funding arrangements – the Termination and Substitution Agreement, the new Funding Agreement and the Support Agreement, and (3) file another chapter 11 bankruptcy case.

Mr. Kim then provided his perspective, as LTL's Chief Legal Officer, on the options of the Company, including his view that, upon dismissal of the Chapter 11 Case, the Company should immediately file a new chapter 11 case with the Bankruptcy Court in New Jersey to facilitate resolution of all of the Company's talc liability by the creation of one or more trusts pursuant to a chapter 11 plan of reorganization containing the terms described in the Plan Support Agreements.

### Proposed Modifications to Existing Funding Arrangements

First, at the request of Mr. Lewis, Mr. Prieto briefly reviewed certain aspects of the Third Circuit Opinion related to the Company's existing funding arrangements (which aspects were discussed in detail at the March 28 Board Meeting), and described the risk that the existing funding arrangements were rendered void or voidable by the Third Circuit Opinion and other developments in the Chapter 11 Case that were not reasonably foreseeable by the Company, Holdco and J&J. Then, using the Presentation, Mr. Lewis briefly reviewed the proposed

4

CONFIDENTIAL

modifications to the Company's existing funding arrangements to be effectuated through the

Termination and Substitution Agreement, the New Funding Agreement and the Support

Agreement to address the guidance provided in the Third Circuit Opinion and facilitate

consummation of a plan of reorganization for the Company having the terms described in the

Plan Support Agreements (which modifications were discussed in detail at the March 28 Board

Meeting). Following such review, Mr. Lewis, with the assistance of Mr. Erens, Mr. Kim and Mr.

Prieto, responded to questions from, and engaged in discussions with, members of the Board

regarding the proposed modifications to the Company's funding arrangements.

### Financial Considerations Relating to Proposed Modifications to Existing Funding Arrangements

Using the Presentation, Mr. Prieto briefly reviewed financial considerations in connection

with the proposed modifications to the Company's existing funding arrangements, addressing the

assets, liabilities and liquidity of the Company and Johnson & Johnson Holdco (NA) Inc. (which

were discussed in detail at the March 28 Board Meeting). During his review, Mr. Prieto, with

the assistance of Mr. Erens and Mr. Lewis, responded to questions from, and engaged in

discussions with, members of the Board regarding these financial considerations.

### Proposed Filing of New Chapter 11 Case

Mr. Prieto then reviewed the process for filing the new chapter 11 bankruptcy case

following the execution of the Plan Support Agreements and the agreements effectuating the

modifications to the Company's existing funding arrangements -- the Termination and

Substitution Agreement, the new Funding Agreement and the Support Agreement. During his

review, Mr. Prieto, with the assistance of Mr. Erens, responded to questions from, and engaged

in discussions with, members of the Board regarding the new chapter 11 case.

CONFIDENTIAL                                                                                    LTLMGMT-00000010

### (REVIEW OF AND ACTION ON PROPOSED RESOLUTIONS)

At the request of Mr. Kim, the Proposed Resolutions were shared with meeting participants by means of internet communications equipment and Mr. Lewis, with the assistance of Mr. Prieto, reviewed the Proposed Resolutions.  During such review of the Proposed Resolutions, it was determined that certain minor changes should be made thereto.  After Mr. Lewis confirmed that there were no further questions from the members of the Board regarding the Proposed Resolutions or such minor changes, Mr. Kim asked members of the Board for a motion to adopt the Proposed Resolutions with the changes discussed.  Upon a motion, duly made and seconded, the resolutions attached as <u>Exhibit A</u> hereto, which reflect the minor changes discussed at the meeting but are otherwise identical to the form of the Proposed Resolutions circulated to members of the Board in advance of the meeting, were then adopted by the unanimous vote of the members of the Board.

### (ADJOURNMENT)

Having no other business to consider, Mr. Kim thanked the participants for their participation, and the meeting was adjourned.

John Kim,
Chief Legal Officer and Secretary

6

CONFIDENTIAL

LTLMGMT-00000011

**Resolutions**

**See attached**

CONFIDENTIAL

LTLMGMT-00000012

## LTL MANAGEMENT LLC

### <u>Resolutions</u>

### April 2, 2023

WHEREAS, on October 12, 2021, the former Johnson & Johnson Consumer Inc. ("<u>Old JJCI</u>") implemented a corporate restructuring (the "<u>2021 Corporate Restructuring</u>") to facilitate full, permanent and equitable resolution of all current and future talc claims through a reorganization under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

WHEREAS, (1) prior to the 2021 Corporate Restructuring, (a) effective January 1, 1979, Johnson &Johnson and Johnson & Johnson Baby Products Company ("<u>J&J Baby Products</u>") entered into an Agreement for Transfer of Assets and Bill of Sale (the "<u>1979 Agreement</u>"), pursuant to which (i) J&J transferred to J&J Baby Products all assets and liabilities then allocated on the books or records of J&J to its baby products operating division and (ii) J&J Baby Products agreed, on behalf of itself and its successors and assigns, to forever indemnify and hold harmless J&J against all such liabilities of every kind and description, and (b) through a series of subsequent corporate transactions that occurred between 1981 and 2015, Old JJCI succeeded to J&J Baby Products' rights and obligations under the 1979 Agreement, and (2) as a result thereof, from and after January 1, 1979, Old JJCI (including for such purpose its predecessors in interest) bore all financial responsibility for and paid (as reflected in Old JJCI's books and records) all talc claims related to JOHNSON'S® Baby Powder;

WHEREAS, pursuant to the 2021 Corporate Restructuring, (1) Old JJCI ceased to exist and LTL Management LLC, a North Carolina limited liability company (the "<u>Company</u>"), and Johnson & Johnson Holdco (NA) Inc., a New Jersey corporation formerly named Johnson & Johnson Consumer Inc. ("<u>Holdco</u>"), were created and (2) the Company received Old JJCI's liability for current and future talc claims and certain assets and Holdco received all other liabilities and assets of Old JJCI;

WHEREAS, as part of the 2021 Corporate Restructuring, (1) the Company, Holdco and J&J entered into the Amended and Restated Funding Agreement, dated October 12, 2021 (the "<u>2021 Funding Agreement</u>"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed to provide, on a joint and several basis, funding to the Company for specified uses and (2) Holdco and J&J entered into the Amended and Restated Commitment and Loan Agreement, dated October 12, 2021 (the "<u>2021 Commitment and Loan Agreement</u>"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco and J&J agreed that (a) Holdco would be the primary obligor under the 2021 Funding Agreement, (b) upon the request of Holdco, J&J would make revolving credit loans to Holdco, with the proceeds of such loans to be used by Holdco solely to satisfy its obligations under the 2021 Funding Agreement, and (c) if Holdco failed to make any payment to the Company required by the 2021 Funding Agreement and instead J&J made such payment under the 2021 Funding Agreement, Holdco would reimburse J&J for such payment and any amount not so reimbursed by Holdco would be deemed to be financed with a loan from J&J to Holdco and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan;

1

LTLMGMT-00000013

WHEREAS, Old JJCI implemented the 2021 Corporate Restructuring and the Company, Holdco and J&J entered into the related 2021 Funding Agreement and 2021 Commitment and Loan Agreement with the primary purpose of facilitating a full, permanent, efficient and equitable resolution of all current and future talc claims against the Company through a chapter 11 bankruptcy case filed by the Company;

WHEREAS, on October 14, 2021, the Company filed a petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 bankruptcy case (the "2021 Bankruptcy Case");

WHEREAS, it is anticipated that, at any time, the 2021 Bankruptcy Case will be dismissed at the direction of the United States Court of Appeals for the Third Circuit (the "Third Circuit"), which determined that "[b]ecause [the Company] was not in financial distress" at the time of its bankruptcy filing, "it cannot show its petition served a valid bankruptcy purpose and was filed in good faith under [Bankruptcy] Code § 1112(b)" (LTL Mgmt., LLC v. Those Parties Listed on App'x A to Compl. (In re LTL Mgmt., LLC), 58 F.4th 738, 763 (3d Cir. 2023));

WHEREAS, the Third Circuit focused in particular on the Company's financial condition just prior to the bankruptcy filing and observed that the Company's "most important" asset was its "rights as a payee under the [2021] Funding Agreement with J&J and [Holdco]," which "gave [the Company] direct access to J&J's exceptionally strong balance sheet" (Id. at 749, 759);

WHEREAS, since the Third Circuit's ruling directing dismissal of the 2021 Bankruptcy Case, attorneys for thousands of talc claimants (collectively, the "Supporting Talc Claimant Counsel") have executed and delivered Plan Support Agreements in the form presented to the Board that support confirmation and consummation of a plan of reorganization with specified terms (collectively, the "Plan Support Agreements");

WHEREAS, the Plan Support Agreements remain subject to the required corporate approvals of, and execution and delivery by, each of the Company, Holdco and J&J;

WHEREAS, (1) the board of managers of the Company (the "Board") has (a) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the Plan Support Agreements and (b) conferred with the Company's management and advisors regarding these matters, (2) the material facts as to relationships of officers and managers of the Company with Holdco and J&J and as to each of the Plan Support Agreements have been disclosed to or are otherwise known by the Board, and at least one member of the Board currently has no relationships with Holdco or J&J, and (3) the Board has unanimously determined that the Company's entry into each of the Plan Support Agreements promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J are willing to approve, execute and deliver each of the Plan Support Agreements;

WHEREAS, in addition, the Board has (1) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the Company's talc related liabilities and other relevant information, (2) thoroughly evaluated the Company's strategic alternatives, including the possibility of another bankruptcy filing,

CONFIDENTIAL                                                                                     LTLMGMT-00000014

(3) conferred with the Company's management and advisors regarding these matters, and (4) unanimously determined that the filing of another voluntary petition for relief under chapter 11 of the Bankruptcy Code by the Company promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J continue to support the Company's fundamental goal of obtaining a full, permanent and equitable resolution of all current and future talc claims in bankruptcy;

WHEREAS, the Third Circuit's dismissal decision had the effect of defeating the primary purpose of the 2021 Funding Agreement and the 2021 Commitment and Loan Agreement; rather than facilitating a bankruptcy resolution of the Company's current and future talc claims, the funding arrangements set forth in these agreements were viewed by the Third Circuit as foreclosing such resolution; and, as a result, there is a material risk that the 2021 Funding Agreement and 2021 Commitment and Loan Agreement were rendered void or voidable by that ruling and other developments in the 2021 Bankruptcy Case that were not reasonably foreseeable by the Company, Holdco and J&J;

WHEREAS, to eliminate that risk and secure funding consistent with the plan terms specified in the Plan Support Agreements and supported by the Supporting Talc Claimant Counsel, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to terminate the funding arrangements set forth in the 2021 Funding Agreement and 2021 Commitment and Loan Agreement and, in substitution therefor, enter into new agreements with Holdco and J&J, the terms of which will, among other things, (1) address the guidance provided by the Third Circuit in its dismissal opinion, (2) facilitate confirmation and consummation of a plan of reorganization for the Company containing the terms supported by thousands of talc claimants represented by the Supporting Talc Claimant Counsel who have executed and delivered the Plan Support Agreements, and (3) not adversely affect the interests of talc claimants, and Holdco and J&J have agreed to do so;

WHEREAS, more specifically, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a Termination and Substitution Agreement with Holdco and J&J in the form presented to the Board (the "Termination and Substitution Agreement"), pursuant to which the 2021 Funding Agreement and the 2021 Commitment and Loan Agreement will be terminated and (2) in substitution therefor, the Company, Holdco and J&J will agree to enter into new agreements, the terms of which will, among other things, (1) address the Third Circuit's guidance, (2) facilitate confirmation and consummation of a plan of reorganization with terms supported by thousands of talc claimants represented by the Supporting Talc Claimant Counsel who have executed and delivered the Plan Support Agreements, and (3) not harm talc claimants;

WHEREAS, as contemplated by the Termination and Substitution Agreement, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a new Funding Agreement with Holdco in the form attached as Exhibit A to the Termination and Substitution Agreement presented to the Board (the "New Funding Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, Holdco will provide funding to the Company both (1) when there is no proceeding under the Bankruptcy Code pending with respect to the Company and (2) during the pendency of any voluntary case under chapter 11 of the Bankruptcy Code commenced by the Company;

3

CONFIDENTIAL

LTLMGMT-00000015

WHEREAS, as contemplated by the Termination and Substitution Agreement, the Company proposes, promptly following the dismissal of the 2021 Bankruptcy Case, to enter into a Support Agreement with Holdco and J&J in the form attached as Exhibit B to the Termination and Substitution Agreement presented to the Board (the "Support Agreement"), pursuant to which, on the terms and subject to the conditions set forth therein, and further subject to approval of the Support Agreement by the applicable bankruptcy court, (1) solely in connection with a voluntary case under chapter 11 of the Bankruptcy Code to be commenced by the Company and only if Holdco fails to make any payment to provide funding for one or more trusts created pursuant to a plan of reorganization for the Company that is confirmed in such case as required by the New Funding Agreement, J&J will make such payment to the Company on Holdco's behalf, (2) Holdco will be obligated to reimburse J&J for any such payment and any amount not so reimbursed by Holdco will be deemed to be financed with a loan from J&J to Holdco thereunder, and Holdco's obligation to make such reimbursement would be discharged and replaced by such loan, and (3) the Company will have the right to enforce the obligation of J&J; and

WHEREAS, (1) the Board has (a) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the 2021 Funding Agreement, the 2021 Commitment and Loan Agreement, the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement and (b) conferred with the Company's management and advisors regarding these matters, (2) the material facts as to relationships of officers and managers of the Company with Holdco and J&J and as to each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement have been disclosed to or are otherwise known by the Board, and at least one member of the Board currently has no relationships with Holdco or J&J, and (3) the Board has unanimously determined that the Company's entry into each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement promptly following the dismissal of the 2021 Bankruptcy Case is in the best interests of the Company and its stakeholders, and Holdco and J&J are willing to enter into each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement with the Company.

## Plan Support Agreements

RESOLVED, that each of the Plan Support Agreements, and the terms and provisions thereof and transactions contemplated thereby, be, and each of them hereby is, approved by the Board in all respects; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and directed, promptly following the dismissal of the 2021 Chapter 11 Case, to execute, deliver and perform each of the Plan Support Agreements in the name and on behalf of the Company.

CONFIDENTIAL                    LTLMGMT-00000016

## Chapter 11 Filing

### Filing

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that, promptly following the dismissal of the 2021 Chapter 11 Case, the execution and delivery of each of the Plan Support Agreements and each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement by the Company and the other parties thereto, the Company seek relief under the Bankruptcy Code;

FURTHER RESOLVED, that the Company be, and it hereby is, authorized and directed, promptly following the dismissal of the 2021 Chapter 11 Case and the execution and delivery of each of the Plan Support Agreements and each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement by the Company and the other parties thereto, to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "New Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") and perform any and all such other acts as the officers of the Company (collectively, the "Authorized Persons"), or any of them, may determine to be necessary, desirable or appropriate to effect any of the foregoing, with the filing of such Petition or performance of such other act to be conclusive evidence of such determination; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (1) execute, acknowledge, deliver and verify, and cause to be filed with the Bankruptcy Court, the Petition and all other ancillary documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (2) execute, acknowledge, deliver, verify and file, or cause to be filed, all petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the foregoing; and (3) execute, acknowledge, deliver and verify any and all other documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection therewith and to administer the New Chapter 11 Case, including by executing, acknowledging, delivering, verifying and filing, or causing to be filed, such petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents as may be determined to be necessary, desirable or appropriate in connection with the New Chapter 11 Case; all with the taking of any such action, including any such execution, acknowledgment, delivery, verification or filing, to be conclusive evidence of such determination.

### Retention of Professionals

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain (1) Jones Day, (2) Wollmuth Maher & Deutsch LLP, (3) King & Spalding LLP, (4) Shook, Hardy & Bacon L.L.P., (5) McCarter & English, LLP, (6) Weil, Gotshal & Manges LLP, (7) Skadden, Arps,

5

LTLMGMT-00000017

Slate, Meagher & Flom LLP, (8) Bates White, LLC, (9) AlixPartners, LLP and (10) such additional professionals, including attorneys, accountants, financial advisors, actuaries, consultants or agents (together with the foregoing identified firms, the "Professionals"), as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the New Chapter 11 Case and other related matters, and to execute, deliver and perform retention agreements with the Professionals in such form and reflecting such terms as any Authorized Person may approve, all with the retention of any Professional to be conclusive evidence of such determination and approval; and

FURTHER RESOLVED, that the law firms of Jones Day and Wollmuth Maher & Deutsch LLP and any additional special or local counsel selected by any Authorized Persons be, and each of them hereby is, authorized, directed and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Company under the Bankruptcy Code, including the New Chapter 11 Case.

**Modification of Funding Arrangements**

RESOLVED, that the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement, and the terms and provisions thereof and transactions contemplated thereby, be, and each of them hereby is, approved by the Board in all respects; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, directed, promptly following the dismissal of the 2021 Chapter 11 Case, to execute, deliver and perform each of the Termination and Substitution Agreement, the New Funding Agreement and the Support Agreement in the name and on behalf of the Company.

**General Authority**

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and empowered to execute and deliver such additional agreements, instruments and documents, and to take such other actions (including the payment of costs and expenses), in the name and on behalf of the Company, in each case, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the execution and delivery of any such agreement, instrument or document or taking of any such action by any Authorized Person to be conclusive evidence of such determination;

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity such copies of the resolutions set forth herein, and to certify to any person or entity that the resolutions set forth herein have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination; and

FURTHER RESOLVED, that, in the event that any Authorized Person determines a specific form of resolutions is necessary or advisable in connection with the implementation of

6

the purposes and intent of the foregoing resolutions, resolutions in such form be, and they hereby are, adopted by the Board as if such resolutions were expressly set forth herein and that any Authorized Person be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity copies of such resolutions, and to certify to any person or entity that such resolutions have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination.

## Ratification

RESOLVED, that all actions taken in the name and on behalf of the Company prior to the adoption of these resolutions that would have been authorized by the foregoing resolutions had they been taken after the adoption of these resolutions be, and each of them hereby is, approved, adopted, ratified and confirmed in all respects.

CONFIDENTIAL

LTLMGMT-00000019