| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS'**
**MOTION FOR ENTRY OF PROTECTIVE ORDER**

The Official Committee of Talc Claimants (the "TCC"), by and through its proposed undersigned counsel, hereby moves (the "Motion"), on an expedited basis, for the entry of a Protective Order in the form submitted herewith, which is substantively identical to the Protective Order this Court entered in *In re LTL Management LLC*, 21-30589-MBK (Bankr. D.N.J.) ("LTL 1.0") (Dkt. 948). In support hereof, the TCC respectfully states as follows:

1. This Motion is necessitated by the Debtor's insistence on changing the form of Protective Order entered in LTL 1.0 to include a new "use restriction" in LTL 2.0 that would, according to LTL's counsel, "prevent[ ] parties from using or disclosing, for any purpose other than this bankruptcy proceeding, deposition testimony and documents produced in this bankruptcy proceeding, regardless of whether such testimony or documents are marked confidential." Specifically, Debtor insists on the addition of the following entirely new provision:

> **K. Use of Documents Produced and Deposition Testimony.**
> Notwithstanding any other provision in this Protective Order and except as agreed to by the Parties, the documents produced and deposition testimony given in the Bankruptcy Proceedings shall not be used or disclosed in any manner or for any purpose other than in connection with the Bankruptcy Proceedings.

2. In LTL 1.0, the Debtor and the TCC jointly proposed the LTL 1.0 Protective Order, which the Court entered. It did not have any such Paragraph K. Instead, it restricted use only as to Confidential Information (and estimates, analyses, notes, summaries, and extracts derived from Confidential Information). Dkt. 948 §§ A(7), A(9), G.

3. Now, the Debtor seeks to impose a use restriction as to all discovery materials, whether or not confidential. There is no reason to deviate from the Protective Order that governed LTL 1.0 — which was agreed to by the Debtor and entered by this Court. Nor is there any legal

2

basis to restrict the use of non-confidential materials here, much less in the broad, sweeping manner the Debtor proposes.

4. According to the Debtor, it seeks a blanket use restriction because of "only two things": (i) "the concerns we've had about this information being used in the tort proceedings now that are moving forward in some respects;" and (ii) "[w]e also had the problem with some leakage of documents produced in discovery to the press in the prior case." 5/3/23 H'rng Tr. 155:21-156:1. But "the mere fact that plaintiffs intend to use these materials outside of this litigation is not 'good cause' to support the protective order, unless defendants can establish that the discovery was not procured in good faith for the purposes of this litigation." *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 93 (D.N.J. 1986) (rejecting provision that restricted use of non-confidential materials).

5. Moreover, the Debtor has the burden of "'demonstrating a particular need for protection'" and "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Id.* at 89, 94 (D.N.J. 1986) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)). And "'the harm must be significant, not a mere trifle.'" *Id*. The Debtor cannot make that showing. At the hearing, counsel could not even substantiate the already facially insufficient allegations of leaks. Indeed, the allegations were false. 5/3/23 H'rng Tr. 159:17-24. Nor would concerns over such leaks in any event apply to *non-*confidential documents.

6. In addition, "[t]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). Yet the Debtor seeks to turn that separate requirement on its head.

7. There is no reason to deviate from the form of Protective Order used in LTL 1.0 nor any legal basis to restrict the use of non-confidential materials in this case, much less in the broad, sweeping manner the Debtor proposes.

8. For the reasons set forth above, the TCC asks that the Court grant the Motion and enter the Protective Order submitted herewith, which is substantively identical to the Protective Order submitted in LTL 1.0, and grant such other and further relief as is just and equitable under the circumstances.

Dated: May 5, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**

By: *Donald W. Clarke*
Donald W. Clarke, Esq.
Daniel M. Stolz, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Proposed Local Counsel to the Official Committee of Talc Claimants*