UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
　　　　lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LTL Management LLC, | : | Case No. 23-12825 (MBK) |
| | : | |
| | : | Hon. Michael B. Kaplan, Chief Judge |
| Debtor. | : | |
| | : | Hearing Date: May 16, 2023 @ 11:30 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (I) SCHEDULING HEARING ON APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHING DISCLOSURE STATEMENT OBJECTION DEADLINE; AND (III) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this Objection ("Objection") to the *Debtor's Motion for an Order (i) Scheduling Hearing on Approval of Disclosure Statement; (ii) Establishing Disclosure Statement Objection Deadline; and (iii) Granting Related Relief* (Dkt. No. 240) (the "Motion").[1] In support of the Objection, the U.S. Trustee respectfully represents as follows:

---

[1] Capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

A. **PRELIMINARY STATEMENT**

1. Through the filing of the Motion, it appears that the Debtor seeks to set a timeline it manufactured to cramdown a disclosure statement process on creditors while the question of whether it can be a chapter 11 debtor remains outstanding. A determination if the Debtor qualifies as a debtor under the Third Circuit's precedential opinion in *In re LTL Mgmt., LLC*, 64 F.4th 84 (3d Cir. 2023) (amended opinion) should be the focus of the Court at this early stage of the case. Instead, it appears that the Debtor seeks to distract the Court and parties from the issue concerning its ability to remain in chapter 11 by creating an accelerated disclosure statement process timeline without having even filed a disclosure statement. In addition, such accelerated disclosure statement process harms creditors and assists the Debtor. The accelerated disclosure statement process reduces the time for creditors to object and extends the time for the Debtor to reply to objections. Based on the contentiousness of this case and the prior case, there is no reason to believe that the disclosure statement process will fare any differently from other issues addressed in this case and in the prior case. The Court should deny the Motion at this time. However, to the extent the Court schedules an adequacy hearing on the not yet filed disclosure statement, the hearing should be scheduled after the motions to dismiss are heard and a decision is rendered.

B. **JURISDICTION, VENUE AND STANDING**

2. This Court has jurisdiction to hear and determine this Objection.

3. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

C. **FACTUAL BACKGROUND**

**General Background**

5.  On April 4, 2023 (the "Petition Date"), LTL Management LLC (the "Debtor" or "LTL") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Dkt. 1.

6.  The Debtor continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7.  No trustee or examiner has been appointed in these chapter 11 cases.

8.  On April 14, 2023, the Office of the United States Trustee appointed an Official Committee of Talc Claimant Creditors (the "TCC"). *See* Dkt. 162.

9.  On April 24, 2023, the TCC filed a Motion of the Official Committee of Talc Claimants to Dismiss the Second Bankruptcy Petition of LTL Management, LLC.[2] *See* Dkt. 286.

10. On May 1, 2023, the U.S. Trustee filed the Motion of the United States Trustee to Dismiss Case Pursuant to 11 U.S.C. 1112(b) (the "U.S. Trustee Motion to Dismiss").[3] *See* Dkt. 379.

---

[2] Other motions to dismiss or joinders have been filed including the following: (i) Ad Hoc Group of Mesothelioma Claimants (Dkt. 335); (ii) Paul Crouch (Dkt. 346); (iii) the Ad Hoc Committee of States Holding Consumer Protection Claims (Dkt. 350); (iv) Mesothelioma Claimants (Dkt. 352); (v) MRHFM's Plaintiffs (Dkt. 358); and (vi) Arnold & Itken (Dkt. 379).

[3] The U.S. Trustee incorporates all the arguments set forth in the U.S. Trustee's Motion to Dismiss as if fully set forth herein.

11. A hearing on the various motions to dismiss is scheduled to begin no earlier than June 12, 2023.

**Debtor's Motion for an Order Scheduling Hearing on Approval of Disclosure Statement**

12. On April 19, 2023, the Debtors filed the Motion seeking to schedule a date for a disclosure statement to be filed, shorten the period for objections to the adequacy of a not yet filed disclosure statement by seven (7) days and add six (6) days, for a total of ten (10) days, to file a reply to any objections filed. *See* Dkt. 240.

13. The Debtor proposes the following dates and deadlines: (i) May 14, 2023 to file a plan, disclosure statement and disclosure statement motion; (ii) June 5, 2023 for objections to the disclosure statement and the disclosure statement motion; (iii) June 15, 2023 for responses in support of the disclosure statement and disclosure statement motion; and (iv) June 19, 2023 for a hearing on the adequacy of the disclosure statement and the disclosure statement motion.

D. **OBJECTION**

  i. **The Debtor Cannot Propose a Plan in Good Faith Under Section 1129(a)(3)**

14. Section 1129(a)(3) of the Bankruptcy Code requires a finding that a "plan has been proposed in good faith and not by any means forbidden by law." *See* 11 U.S.C. § 1129(a)(3).

15. On January 30, 2023, with respect to the Debtor's first bankruptcy case, the Third Circuit found that the Debtor lacked a valid reorganization purpose and that it had sought bankruptcy protection in bad faith. *See In re LTL Mgmt. LLC*, 64 F.4th 84 (3d Cir. 2023) (amended opinion). In the weeks leading up to this bankruptcy filing, the Debtor and its ultimate parent, Johnson & Johnson, engaged in a series of transactions that the Debtor admits were designed for no purpose other than creating artificial "financial distress" to sidestep the Third Circuit's decision.

16. Although the U.S. Trustee and other interested parties have had only a brief opportunity to investigate these transactions, it appears that they involved, at a minimum, (i) significant intracompany asset transfers that materially eroded the value of Debtor's support from its affiliates and (ii) Debtor's decision to terminate, for no apparent benefit, its rights under a funding agreement that had been its principal asset from the very moment of its creation. Furthermore, these transfers were either substantially or fully consummated when the Debtor was still a debtor in possession in its first case, subject to broad fiduciary duties to its creditors and the supervision of this Court.

17. The U.S. Trustee and several other parties including the TCC have filed motions to dismiss this case for bad faith. With such questions and issues outstanding, the Court should not endeavor down the solicitation path until the issue of whether this case was filed in good faith has been fully addressed.

18. This is especially true in light of the Third Circuit's ruling in LTL's prior case that LTL was not entitled to bankruptcy protection. Given the admonishments in the Third Circuit's prior decision, this Court must allow the pending motions to dismiss to be fully resolved before the Debtor can be permitted to confirm a plan. If the Debtor is not entitled to bankruptcy protection, it is certainly not entitled to relief under a confirmation order. The Court should not allow the Debtor to race to confirmation without a final determination on whether the Debtor should have access to the Court.

   **ii. The Debtor Has Not filed a Disclosure Statement**

19. Bankruptcy Rule 3017(a) provides that "**after a disclosure statement is filed** in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to

consider the disclosure statement and any objections or modifications thereto." (emphasis added). *See* Fed. R. Bankr. P. 3017(a).

20. As the Debtor has not filed a disclosure statement together with a plan, trust agreement and trust distribution procedures, it is premature to schedule an adequacy hearing on a not yet filed disclosure statement.

### iii. Even if the Court Decides to Set a Schedule, the Court Should Not Shorten the Objection Period or Extend the Reply Period

21. The Debtor has not shown any "cause" for its requested schedule for approval of a yet to be filed disclosure statement.

22. Bankruptcy Rule 2002(b) requires that the Debtor provide to creditors "not less than 28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . . ." *See* Fed. R. Bankr. P. 2002(b).

23. Here, the Debtor seeks to provide creditors with only twenty-one (21) days instead of twenty-eight (28) days to file objections to the extent a disclosure statement and supporting pleadings are filed by May 14, 2023. While the Debtor seeks to shorten the time for creditors to file objections, the Debtor seeks an additional six (6) days for a total of ten (10) days to file a response to any objections. *See* DNJ L.B.R. 9013-2(a)(3).

24. To the extent the Court schedules an adequacy hearing on a yet to be filed disclosure statement, creditors should receive the full amount of time to file objections pursuant to the Bankruptcy Rules and the Debtor should be required to abide by the Local Rules with respect to filing a reply to any objections.

25. There is no need for an accelerated disclosure statement process for this case. In fact, the Motion appears to be premature and an unnecessary distraction to other issues in this case including the Debtor's ability to remain in Chapter 11.

26. The U.S. Trustee reserves all rights, remedies, and obligations to, among other things, complement, supplement, augment, alter or modify this Objection.

Respectfully Submitted,

**ANDREW R. VARA,
UNITED STATES TRUSTEE
REGIONS 3 & 9**

By:  */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov

Dated: May 5, 2023