**UNITED STATES BANKRUPTCY COURT**

**District of New Jersey**

| | | |
|---|---|---|
| <u>In re</u> | ) | **Chapter 11** |
| | ) | |
| | ) | |
| **LTL Management LLC, et al.,** | ) | **Case No 23-12825 (MBK)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**LTL Management LLC**

**Case No: 23-12825 (MBK)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 |
| Debtor. | Judge: Michael B. Kaplan |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES**
**AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

  The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statement of Financial Affairs (the "SOFA"), both filed by LTL Management LLC (the "Debtor"), the debtor in the above-captioned chapter 11 case, in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"): (a) were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor's management, and, subject to management's direction, with the assistance of the Debtor's professionals and personnel of the Debtor's non-debtor

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

affiliates, particularly Johnson & Johnson Services, Inc. ("J&J Services") pursuant to services agreements between the Debtor, on the one hand, and J&J Services, on the other; and (b) are unaudited.

These *Global Notes and Statement of Limitations, Methodologies and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") were prepared in conjunction with, are incorporated by reference in, and constitute an integral part of, the Debtor's Schedules and SOFA. Any party reviewing the Schedules and SOFA should refer to, consider and consult the Global Notes in connection with such review. Further, the Debtor reserves the right to amend or supplement these Global Notes as it determines is necessary or appropriate.

The Schedules and SOFA reflect the Debtor's reasonable best efforts to disclose its assets, liabilities and other required information. The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtor. Additionally, the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and SOFA, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although those members of the Debtor's management responsible for the preparation of the Schedules and SOFA have made a reasonable effort to ensure that these materials are accurate and complete based on information known to them at the time of preparation and after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and SOFA that may warrant amendment thereof in the future. Moreover, because the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment, there is no assurance that the Schedules and SOFA are complete or accurate in all respects. Accordingly, the Debtor reserves all of its rights to amend, supplement or otherwise modify the Schedules and SOFA from time to time as the Debtor deems necessary and appropriate. Notwithstanding the foregoing, the Debtor makes no affirmative representation that it will revise, amend or otherwise update the Schedules or SOFA.

The Debtor and its agents, attorneys, professionals and affiliates do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtor and its agents, attorneys, professionals and affiliates expressly do not undertake any obligation to update, modify, revise or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised or recategorized. In no event shall the Debtor or its agents, attorneys, professionals or affiliates be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused,

even if the Debtor or its agents, attorneys, professionals or affiliates are advised of the possibility of such damages.

Richard Dickinson, Chief Financial Officer of the Debtor, has signed the Schedules and SOFA. Mr. Dickinson is an authorized signatory for the Debtor. In reviewing and signing the Schedules and SOFA, Mr. Dickinson has relied upon the efforts, statements and representations of various personnel of the Debtor and its advisors and personnel of its affiliate providing services to the Debtor. Mr. Dickinson has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and SOFA, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

## Global Notes and Overview of Methodology

1.    **Global Notes Control**. In the event that information provided in the Schedules and SOFA differs from the Global Notes, the Global Notes shall control.

2.    **Reservation of Rights**. The Debtor reserves all rights to amend, supplement or otherwise modify the Schedules and SOFA from time to time, in all respects, at any time as may be necessary or appropriate as determined by the Debtor, including, without limitation, the rights to:  (a) amend the Schedules and SOFA with respect to claim descriptions or designations; (b) dispute or assert a right of setoff or other defenses to any claim reflected in the Schedules or SOFA as to amount, liability, priority, status or classification; (c) subsequently designate any claim as "disputed," "contingent" or "unliquidated;" and/or (d) object to the extent, validity, enforceability, priority or avoidability of any claim. Any failure to designate a claim in the Schedules or SOFA as "contingent," "unliquidated" or "disputed" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated" or "disputed." Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and SOFA except as may be required by applicable law or an order of the Bankruptcy Court.

Listing a claim does not constitute an admission of liability by the Debtor. Further, nothing contained in the Schedules or SOFA shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, any right involving claims (including allowance, disallowance, liquidation or estimation thereof), defenses, equitable subordination, setoff, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers or the treatment of agreements as executory, nonexecutory, valid or invalid contracts.

Any specific reservation of rights contained in the Global Notes does not limit in any respect the general reservation of rights contained in this section.

3.    **Description of the Bankruptcy Case and the "As Of" Information Date**. On April 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtor's bankruptcy case is captioned In re LTL Management LLC, No. 23-12825. The Debtor currently is operating its business and is in possession of its property as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

- 3 -

Except as otherwise noted, all asset and liability information is as of the time of filing on the Petition Date.  This information includes expenses and other obligations incurred during the pendency of the Debtor's prior chapter 11 bankruptcy case, which was dismissed on April 4, 2023 (the "2021 Chapter 11 Case").  See In re LTL Mgmt. LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023); see also In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938] (the "Dismissal Order").  The Schedules and SOFA include information from the schedules and statement of financial affairs submitted by the Debtor in the 2021 Chapter 11 Case to the extent that information remains accurate as of the Petition Date. In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Dec. 6, 2021) [Dkt. 728] (the "2021 Schedules and SOFA").  Additional information about the Debtor, its 2021 Chapter 11 Case and this chapter 11 case can be found in the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] (the "First Day Declaration") filed on the Petition Date.

**4.**    **Amendments and Recharacterization**.    Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, designate or include certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and SOFA, the Debtor nevertheless may have improperly characterized, classified, categorized, designated, included or omitted certain items.  Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and SOFA at a later time as is necessary or appropriate in its discretion as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.  Disclosure of information in one or more Schedules, in SOFA or in one or more exhibits or attachments to the Schedules or SOFA, even if incorrectly placed, shall be deemed to be disclosed in the correct portion of the Schedules, SOFA or any exhibit or attachment thereto.

**5.**    **Estimates and Assumptions**.    The preparation of the Schedules and SOFA requires the Debtor to make certain estimates and assumptions that affect the reported values of assets and liabilities, the disclosures of contingent assets and liabilities and other matters.  Actual results could differ (perhaps materially) from those estimates included in, or underlying the information in, the Schedules and SOFA.  In addition, and without limiting any other qualification or limitation herein, certain estimates of value used herein that were provided by third parties are not to be relied upon by other parties for any purpose.

**6.**    **Unknown Amounts**.    The value of certain of the scheduled assets and liabilities is unknown and unliquidated at this time.    In such cases, the amounts are listed as "Undetermined," "Unknown" or "Unliquidated."  Amounts that are Undetermined, Unknown or Unliquidated may be material.  For purposes of calculating totals for the value of categories of assets and liabilities, amounts listed as Undetermined, Unknown or Unliquidated are treated as $0.00 even though the value of such amounts, once liquidated, could be material.  Accordingly, the Schedules and SOFA may not accurately reflect the aggregate amount of the Debtor's assets and liabilities.

**7.**    **Excluded Assets and Liabilities**.    The Debtor has excluded certain assets and liabilities that appear in its books and records from the Schedules and SOFA, including, without limitation, any potential future rights of the Debtor under the Divisional Merger Support

Agreement with Johnson & Johnson Holdco (NA) Inc. (formerly Johnson & Johnson Consumer Inc.) ("Holdco").  The Debtor also has not attempted to anticipate rejection damage claims of counterparties to executory contracts that may arise out of future contract rejections, and such potential claims are not reflected in the Schedules and SOFA.  In addition, certain immaterial assets and liabilities may have been excluded.

The Debtor has or is alleged to have (a) contractual or other obligations to indemnify certain of its non-debtor affiliates, including Johnson & Johnson ("J&J") and Holdco, in the event that one of those affiliates is held liable for any of the Debtor's talc-related liabilities, and (b) contractual or other obligations to indemnify certain retailers and transaction counterparties (such parties collectively, the "Indemnified Parties") for the Debtor's talc-related liabilities.  On April 25, 2023, the Bankruptcy Court entered the *Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* (Adv. Pro. No. 23-01092, Adv. Pro. Dkt. 91) (the "PI Order"), which order provides that the automatic stay under section 362 of the Bankruptcy Code applies to prohibit and enjoins, through and including June 15, 2023 (subject to further consideration of the Court), the commencement or conducting of any trial or appeal[2] of any Debtor Talc Claim (as defined in the PI Order) against J&J, Holdco, the Indemnified Parties and other entities identified therein (collectively, the "Protected Parties").  Since the commencement of the talc litigation, the Debtor's predecessor had agreed to indemnify and assume the defense of nearly 790 talc-related claims against retailers.  The indemnification obligations were allocated to the Debtor.  The Debtor has listed potential indemnity claims of the Indemnified Parties as "undetermined" in Schedule E/F.  Additional detail regarding excluded liabilities is included in the notes to Schedule A/B and Schedule E/F.

      **8.**    **Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information available and the research conducted in conjunction with the preparation of the Schedules and SOFA.  As additional information becomes available and further research is conducted, the amounts and allocation of certain liabilities between prepetition and postpetition periods may change.  Further, the liabilities listed on the Schedules do not reflect any claims under section 503(b)(9) of the Bankruptcy Code (if applicable).  The Debtor reserves all of its rights to dispute or challenge the validity, amount or priority of any claims (including any claims under section 503(b)(9) of the Bankruptcy Code, if any are asserted) or the characterization of the structure of any transaction or any document or instrument related to any creditor's claim.

      **9.**    **Intellectual Property Rights**.  Any exclusion of intellectual property rights from the Schedules or SOFA shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

      **10.**    **Asset Values**.  It would be prohibitively expensive, unduly burdensome and time-consuming to obtain current market valuations of the Debtor's assets and interests.  Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, the Schedules and SOFA reflect approximate historic costs and net book values, rather than

---

[2]    Certain bonded appeals are expressly excluded from these limited preliminary restraints and are moving forward as to the Debtor and the Protected Parties.  See PI Order ¶ 12.

current market values.  Except as otherwise noted, all asset values and claim values provided herein reflect the Debtor's data as of the time on filing on April 4, 2023.

11.    **Currency**.  All amounts are reflected in U.S. dollars.

12.    **Causes of Action**.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim or recoupment and any claim, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law (collectively, the "Causes of Action") the Debtor may have, and neither these Global Notes nor the Schedules nor SOFA shall be deemed a waiver of any claims or Causes of Action or in any way to prejudice or impair the assertion of such claims or Causes of Action.

13.    **Insiders**.  Where the Schedules and SOFA require information regarding insiders and/or officers and directors, included therein are (a) each of the Debtor's (i) managers (or persons in similar positions) and (ii) seconded employees or other individuals that are, or were during the relevant period, officers (or persons in control) of the Debtor; and (b) certain affiliates of the Debtor.  The listing of a party as an insider is not intended to be, nor should it be construed as, a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such facts, claims, rights and defenses are hereby expressly reserved.  Persons and entities listed as "insiders" (including any affiliates of the Debtor) have been included for informational purposes only, and such individuals and entities should not be deemed to be "insiders" for other purposes.

14.    **Summary of Significant Reporting Policies and Practices**.  The following conventions were utilized by the Debtor in preparation of the Schedules and SOFA:

(a)    Undetermined Amounts.  The description of an amount as "unknown," "unliquidated" or "undetermined" is not intended to reflect upon the materiality of such amount.

(b)    Totals.  All totals that are included in the Schedules and SOFA represent totals of all known amounts only.  To the extent there are unknown or undetermined amounts (which have been treated as $0.00 for the purpose of calculating totals in the Schedules and SOFA), the actual total may be different from the listed total, and such difference could be material.

(c)    Book Value of Liabilities.  Unless otherwise noted therein, the Schedules and SOFA reflect the carrying value of the liabilities as listed in the Debtor's books and records.

(d)    Disputed, Contingent and/or Unliquidated Claims.  Failure to designate a claim on any of the Schedules or SOFA as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not

subject to objection.  The Debtor reserves the right to dispute, or assert offsets or defenses to, any claim reflected on the Schedules or SOFA on any and all available grounds, including the right to dispute the amount, liability, priority, validity, classification or status of any claim.

## Specific Disclosures with Respect to the Debtor's Schedules

**Schedules Summary**.  Given, among other things, the uncertainty surrounding the collectability and valuation of certain assets and the valuation and nature of certain liabilities, the Schedules should not be relied upon nor do they constitute an admission regarding the financial status of the Debtor.  See also Notes 6 and 14, above, regarding the treatment of unknown or undetermined amounts.

**Schedule A/B, Part 2/Question 8**.  *Prepayments, including prepayments on executory contracts, leases, insurance, taxes and rent.*  As of the Petition Date, the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq"), Ernst & Young and Cassels Brock & Blackwell LLP[3] held retainers that are reflected in Schedule A/B.  As explained in the retention applications for the Debtor's proposed professionals and the application to retain Epiq as claims and noticing agent, with the exception of Epiq (collectively, the "Debtor Retention Applications"), these professionals did not hold retainers (the "Retainers") as of the Petition Date.  On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this chapter 11 case, in accordance with the terms of the Dismissal Order, the Debtor paid its retained professionals in the 2021 Chapter 11 Case and Epiq for all unpaid actual and estimated fees and expenses incurred through the commencement of this chapter 11 case, subject to a reconciliation of estimated amounts (collectively, the "Payments").[4]  Many of the professionals are continuing to reconcile the fees and expenses actually incurred prior to the Petition Date against estimated amounts included in the Payments.  If, following reconciliation, any estimated amounts exceed the proposed professionals' actual unbilled fees and expenses incurred, the balance will be added to Retainer and applied consistent with the terms of any order establishing interim compensation procedures entered in this chapter 11 case.  The Debtor's proposed professionals have agreed to waive all fees and expenses, if any, owed by the Debtor that were unpaid by the Payments.  Because the Payments were not retainers or prepayments for future amounts to be incurred, but rather payments with respect to amounts already incurred, the Payments are not listed in Schedule A/B, Part 2/Question 8.  However, the payment of these amounts is disclosed in response to SOFA Part 2/Question 3 and SOFA Part 6/Question 11.

---

[3]  Ernst & Young and Cassels Brock & Blackwell LLP represented the information officer appointed by the Ontario Superior Court of Justice (Commercial List) (the "Information Officer") in the proceedings commenced in Canada, pursuant to Part IV of the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 in connection with the 2021 Chapter 11 Case, and continue to represent the Information Officer in connection with this chapter 11 case.  Pursuant to the orders appointing the Debtor as foreign representative in the 2021 Chapter 11 Case [No. 21-30589, Dkt. 854] and in this chapter 11 case [Dkt. 125], the Debtor was authorized, consistent with any orders of the Canadian Court, to pay the costs of the Information Officer and its counsel, without further order of the Court.  See Dkt. 125 ¶ 2; In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J.) Dkt. 854 ¶ 2.

[4]  Detail regarding these payments, including the amounts thereof and the status of any reconciliation, is included in the respective Debtor Retention Applications.

NAI-1536686638

**Schedule A/B, Part 3/Question 10.**    *Accounts Receivable.*    The reported account receivable less than 90 days old comprises amounts owed to the Debtor by its direct subsidiary, Royalty A&M LLC ("RAM"), pursuant to a services agreement between the Debtor and RAM. The account receivable greater than 90 days old is a *de minimis* receivable on account of reimbursement due from Patterson Belknap Webb & Tyler LLP as a result of certain amounts paid by the Debtor that were subsequently determined not to have been owed.

**Schedule A/B, Part 4/Question 15.**    *Non-publicly traded stock and interests in incorporated and unincorporated businesses, including a limited liability company, partnership or joint venture.*  The Debtor owns 100% of the membership interests in its direct subsidiary, RAM.  Schedule A/B, Part 4/Question 15 lists the estimated value of RAM, as of October 14, 2021, as determined by the Debtor's management, which remains the most recent valuation of RAM available as of the Petition Date.  That valuation was based on projections that RAM would generate more than $50 million in revenue per year over the following five years and additional amounts thereafter.  Based on these future projections, the Debtor estimated the fair market value of its interest in RAM to be approximately $367.1 million as of October 14, 2021. There is no assurance that the future revenue projections that underlie the estimate of value will be achieved, and any differences in future revenues could be material.  As such, the estimated fair market value of RAM may materially differ from its actual fair market values.  In addition, as stated in the First Day Declaration, in June 2022, RAM entered into a royalty purchase agreement whereby it acquired rights to certain royalty streams from a third-party.  At the time of that agreement, RAM recognized the cost of the third-party's royalty streams it was acquiring as $29.5 million, which streams included royalty revenue streams based on third-party sales of CLOROX®, ECOLAB®, ESSITY® and SPARTAN® products.  RAM reported its total current assets in the 2021 Chapter 11 Case to be $406.86 million as of April 2, 2023.  See In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J.) Dkt. 3948.

**Schedule A/B, Part 7/Question 38.**    *Office furniture, fixtures, and equipment; and collectibles*.  The Debtor does not own or lease any office furniture, fixtures, equipment, or collectibles, but, pursuant to a services agreement with J&J Services, the Debtor pays certain amounts for the use of J&J office space, including office furniture, fixtures and equipment, by employees seconded to it by J&J Services pursuant to a secondment agreement.

**Schedule A/B, Part 9/Question 54.**  *Interests in real property*.  The Debtor does not own or lease any real property, but, pursuant to a services agreement with J&J Services, the Debtor pays certain amounts for the use of J&J office space by employees seconded to it by J&J Services pursuant to a secondment agreement.

**Schedule A/B, Part 10/Question 59**.  *Interests in intangibles or intellectual property.* The Debtor does not directly own any interests in intangibles or intellectual property but, as set forth in the First Day Declaration, the Debtor's subsidiary, RAM, owns a portfolio of royalty revenue streams, including royalty revenue streams based on third-party sales of CLOROX®, ECOLAB®, ESSITY®, LACTAID®, MYLANTA® / MYLICON®, ROGAINE®, SPARTAN® and TENA® products.  RAM plans to review royalty monetization opportunities in the healthcare industry and grow its business by financing and/or reinvesting the income from these existing royalty revenue streams into both the acquisition of additional external royalty revenue streams as well as financings to third parties secured by similar royalty streams.

**Schedule A/B, Part 10/Question 67**.  *Personally identifying information of customers.* The Debtor does not operate a business that provides goods or services to customers and therefore does not collect or retain personally identifying information of customers, as defined in 11 U.S.C. § 101(41A).

**Schedule A/B, Part 11/Question 71**.  *Notes receivable.*  The Debtor is party to a funding agreement (the "Funding Agreement") with Holdco.[5]  A copy of the Funding Agreement is attached as Annex E to the First Day Declaration.  Among other things, the Funding Agreement obligates Holdco to provide funding to pay for costs and expenses of the Debtor incurred in the normal course of its business (a) at any time when there is no bankruptcy case and (b) during the pendency of any chapter 11 case, including the costs of administering the chapter 11 case, in both situations to the extent that any cash distributions received by the Debtor from RAM are insufficient to pay those costs and expenses.  The terms of the Funding Agreement are described in detail in the First Day Declaration.  The Funding Agreement imposes no repayment obligation on the Debtor.  Although the Debtor has access to funding under the Funding Agreement, it is neither a note payable nor a note receivable.  The Funding Agreement is listed as "other property of any kind not already listed" in Schedule A/B, Part 11/Question 77.

In addition, the Debtor is party to a separate support agreement with J&J and Holdco (the "J&J Support Agreement").  A copy of the J&J Support Agreement is attached as Annex F to the First Day Declaration.  The J&J Support Agreement is subject to the approval of the Court and is operative only in the chapter 11 case.  It obligates J&J to provide the trust funding Holdco is required to provide under the Funding Agreement but only if Holdco fails to provide the funding.  In return, Holdco is obligated to reimburse J&J for any amounts it pays to the trust on Holdco's behalf, and any amounts that are not reimbursed by Holdco will be deemed to be financed with a loan from J&J to Holdco.  The Debtor is obligated to use commercially reasonable efforts to obtain final Court approval of the J&J Support Agreement and to cause a plan of reorganization containing the terms reflected in plan support agreements that have been entered into by the Debtor, J&J, Holdco and certain plaintiff law firms to become effective, in both cases as soon as reasonably practicable.  The Debtor has the right to enforce J&J's obligation under the J&J Support Agreement.  Although the Debtor potentially has access to funding under the J&J Support Agreement, it is neither a note payable nor a note receivable.  The J&J Support Agreement is listed as "other property of any kind not already listed" in Schedule A/B, Part 11/Question 77.

**Schedule A/B, Part 11/Question 72**.  *Tax refunds and unused net operating losses (NOLs).*  The Debtor is treated as a disregarded entity for federal income tax purposes.  As such, the Debtor does not owe or pay federal income taxes and its federal income tax filings are part of a consolidated tax return filed by its ultimate parent company, J&J.  For the same reason, any federal tax refunds or net operating losses are not assets of the Debtor and are not listed in the answer to Schedule A/B, Part 11/Question 72.  No other refunds for the 2022 tax year or otherwise have been identified, nor are any anticipated.  As such, the Debtor has included no amounts with respect to refunds or net operating losses in the Schedules.

---

[5]     The Debtor terminated its prior funding agreement prior to the commencement of this chapter 11 case.  See First Day Declaration ¶¶ 79-85.

NAI-1536686638

**Schedule A/B, Part 11/Question 73**.  *Interests in insurance policies or annuities.*  The Debtor is an insured and/or additional insured under various insurance policies issued to its ultimate parent company, J&J (collectively, the "J&J Insurance Policies").  Insurance coverage includes coverage for, among other things, director & officer insurance and commercial general liability insurance which is provided through group coverage from various insurance companies.  Information regarding this insurance coverage has been provided to the United States Trustee for the District of New Jersey, and the J&J Insurance Policies are not separately listed on the Schedules.

In addition to insurance coverage under the J&J Insurance Policies, the Debtor has a right to coverage under numerous other insurance policies in respect of talc-related claims.  The Debtor has made a diligent attempt to ensure that all such policies in which it has an interest are listed in the Schedules.  Any failure to list an insurance policy in the Schedules, however, is not an admission by the Debtor with respect to coverage under such policy.  The Debtor reserves the right to amend these Schedules to add any such omitted insurance policies in the future.

**Schedule A/B, Part 11/Question 74**.  *Causes of action against third parties (whether or not a lawsuit has been filed).*  In certain jurisdictions, cross claims between parties to legal actions are deemed to automatically arise under applicable non-bankruptcy law even if not specifically initiated by a party.  It would be unduly burdensome for the Debtor to identify all such deemed cross claims individually.  Moreover, unless pursued, such information could be misleading.  The Debtor, therefore, has not listed such claims that automatically deemed to arise under applicable non-bankruptcy law in Schedule A/B, Part 11/Question 74, but has listed available information relating to (a) cross claims actually pursued by the Debtor in court filings as of the Petition Date and (b) additional claims of the Debtor.

**Schedule A/B, Part 11/Question 75**.  *Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to setoff.*  The Debtor believes that it has rights to indemnity under certain agreements with third parties, including under supply agreements and agreements governing transactions involving the Debtor's predecessor, Johnson & Johnson Consumer Inc. ("Old JJCI").  The Debtor has attempted to list each of these agreements on Schedule A/B, Part 11/Question 75.  Omission of an agreement from Schedule A/B, Part 11/Question 75, however, does not constitute an admission that no indemnification obligation is owed to the Debtor, and the Debtor reserves all rights with respect to such obligations.

**Schedule A/B, Part 11/Question 77**.  *Other property of any kind not already listed.*  As described above and in the First Day Declaration, the Funding Agreement provides the Debtor with access to funding to (a) pay for the costs and expenses of the Debtor incurred in the normal course of its business, (i) at any time when there is no bankruptcy case and (ii) during the pendency of any chapter 11 case filed by the Debtor, including the costs of administering the chapter 11 case and (b) fund a trust under a confirmed plan of reorganization, in both cases subject to the terms of the Funding Agreement.  These amounts are undetermined at this time.  Therefore, the value of the Funding Agreement has been listed in Schedule A/B, Part 11/Question 77 as "undetermined."

As also described above and in the First Day Declaration, the J&J Support Agreement obligates J&J to provide the trust funding Holdco is required to provide under the Funding Agreement but only if Holdco fails to provide the funding.  The Debtor has the right to enforce J&J's obligation under the J&J Support Agreement, but the J&J Support Agreement is subject to the approval of the Court and is operative only in the chapter 11 case.  Amounts under the J&J Support Agreement are undetermined at this time.  Therefore, the value of the J&J Support Agreement has been listed in Schedule A/B, Part 11/Question 77 as "undetermined."

**Schedule D.**  *Creditors who have claims secured by property.*  The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor or inchoate statutory lien rights.

**Schedule E/F.**  *Creditors who have unsecured claims.*  The Debtor has listed potential claims for various taxing authorities in the amount of $0.00 in Schedule E/F.  Additionally, certain of the claims of state and local taxing authorities set forth in Part 1 of Schedule E/F ultimately may be deemed, in whole or in part, to be secured claims pursuant to state or local laws or priority claims under the Bankruptcy Code.  The Debtor reserves its right to dispute or challenge whether claims owing to various taxing authorities are secured or entitled to priority.  The listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority pursuant to section 507 of the Bankruptcy Code.

Parties who have asserted filed talc-related claims involving the Debtor (collectively, the "Talc Claimants") and who are known to the Debtor are listed on Part 2 of Schedule E/F as holders of nonpriority unsecured claims.  The Talc Claimants have been listed on Schedule E/F with respect to any unsecured claim they may have or assert against the Debtor.  Due to their volume, the Talc Claimants' talc related claims identified on Part 2 of Schedule E/F have been listed in a separate attachment thereto.  By an order entered on April 19, 2023 [Dkt. 231], the Bankruptcy Court authorized service on the Talc Claimants in care of their counsel.  Therefore, the addresses listed for the Talc Claimants in Schedule E/F are the addresses of their identified counsel.  In addition to the Talc Claimants listed on Part 2 of Schedule E/F, there are other Talc Claimants, that have not been listed, with claims against the Debtor that have not been filed as a result of the automatic stay that became effective upon the filing of the 2021 Chapter 11 Case and this chapter 11 case, including claims of certain Talc Claimants listed in exhibits to the Plan Support Agreements. Old JJCI was named in a certified class action, certain proposed class actions and certain individual actions commenced in Canada.  The Debtor has listed the named plaintiffs in care of their counsel.  Additional information regarding the Canadian actions is set forth in the Debtor's motion for authority to serve as foreign representative [Dkt. 12].  Also included in this attachment to Part 2 of Schedule E/F are certain governmental entities who had asserted talc-related claims or formally initiated investigations in that regard against Old JJCI prior to the Petition Date.  The Debtor has not listed certain governmental entities who have been or may be involved in other informal investigative processes related to talc-related claims.  In addition, included in this attachment is an action alleging that Old JJCI failed to provide certain warnings required by California's Safe Drinking Water and Toxic Enforcement Act of 1986, commonly referred to as Proposition 65, in connection with talc-containing products sold in California. The Debtor has not listed claims, with the exception of claims against J&J, that may be pending against a party to whom the Debtor has or potentially has indemnification obligations

but did not list Old JJCI or the Debtor, including any such claims that have been or may be commenced postpetition.

In addition, certain surety companies have issued surety bonds for certain actions by Talc Claimants. These actions are as follows: (a) Christina G. Prudencio - Case Number RG20061303; (b) Dangela M. McNeill-George - Case Number MID-L-07049-16AS; (c) David Charles Etheridge and Darlene Pastore Etheridge - Case Number MID-L-00932-17AS; (d) Ronning William and Elizabeth William - Case Number MID-L-06040-17AS; (e) Donna A. Olson and Robert M. Olson - Case Number 190328/2017; (f) Ashley Leigh Schmitz, Robert Evan Schmitz, Susan Jean Bader, Estate of Patricia Schmitz - Case Number RG20048957; and (g) Barden Douglas and Roslyn - Case Number MID-L-01809-17AS. These surety bonds have not been collateralized and are unsecured. Because J&J, not the Debtor, is obligated to the sureties in respect of these surety bonds, the sureties are not listed in Schedule E/F.

Prior to the 2021 Chapter 11 Case, Old JJCI and J&J entered into certain settlement agreements in respect of talc-related claims with certain plaintiff law firms. As of the Petition Date, certain of these settlements remain unpaid, in whole or in part. A portion of certain of these unpaid settlement amounts is owed to a common benefit fund (the "Common Benefit Fund") as a result of common benefit assessments established by a case management order entered in the multidistrict litigation pending in the United States District Court for the District of New Jersey. Unpaid settlement claims have been listed on Schedule E/F and the amounts listed with respect to these claims are identified by the phrase "confidential settlement amount" because the amounts are subject to confidentiality restrictions.[6] In addition, the Debtor has listed the portion attributable to the Common Benefit Fund separately on Schedule E/F, with the amount identified by the phrase "confidential settlement amount" because the settlement amounts are subject to confidentiality restrictions. Certain settlements that were unpaid as of the filing of the 2021 Chapter 11 Case and the filing of this chapter 11 case have not been listed because all requirements for the settlement had not been satisfied as of the respective petition dates.

Co-defendants in talc-related litigation (collectively, the "Talc Co-Defendants") have been identified in Schedule H as potential co-debtors. See note to Schedule H for additional information regarding the Talc Co-Defendants. Given the volume of information on Schedule H, the Talc Co-Defendants have not been listed again in Schedule E/F, but each Talc Co-Defendant identified in Schedule H is hereby deemed to be listed in Schedule E/F, Part 2/Question 3 as having a nonpriority claim (a) in an undetermined amount, (b) that is contingent, unliquidated and disputed and not subject to offset and (c) that was incurred on an undetermined date.

An intercompany payable to J&J is listed in Schedule E/F on account of potential amounts owed to J&J on account of talc-related costs, including legal fees and expenses, as the result of the Debtor's indemnity obligations. See First Day Declaration ¶¶ 15, 20, 24; see also id. Annex A. The amount of this payable currently is unknown. As reflected in Schedule E/F, the Debtor does not dispute that it has certain indemnity obligations to J&J in respect of talc-related claims. See First Day Declaration ¶ 20. Additionally, the Debtor has listed certain intercompany payables to its affiliate J&J Services on account of accrued prepetition amounts

---

[6]     A motion to seal will be filed.

under the Debtor's secondment agreement with J&J Services and the Debtor's services agreement with J&J Services.  The Debtor also has listed certain intercompany payables to Holdco as a result of Holdco paying amounts owed by the Debtor to vendors operating under master services agreements for certain talc-litigation services provided to the Debtor but billed to and paid for by Holdco pursuant to the master services agreements.

The listing by the Debtor of any account between the Debtor and a non-debtor affiliate is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding the allowance, classification, character, validity or priority of such account.  Any intercompany accounts remain subject to further review by the Debtor.

In addition, the Debtor has listed the following parties on Schedule E/F:  (a) parties, other than non-debtor affiliates (excluding J&J), that may hold or assert indemnification claims against the Debtor; (b) the creditors listed on the Debtor's list of top 20 unsecured creditors; (c) all ordinary course professionals of the Debtor with amounts not satisfied as of the Petition Date; (d) all other professionals and entities who had an unpaid claim for services rendered, to the Debtor or in the 2021 Chapter 11 Case, prior to the Petition Date; (e) the United States Trustee for the District of New Jersey (the "U.S. Trustee") with respect to quarterly fees accrued during the 2021 Chapter 11 Case but unpaid as of the Petition Date; (f) a declaratory judgment action commenced by certain of the Debtor's insurers prior to the 2021 Chapter 11 Petition Date to determine coverage obligations; and (g) certain professionals who have asserted claims for substantial contribution in connection with the 2021 Chapter 11 Case, see In re LTL Mgmt. LLC, No. 21-30589, Dkts. 3949, 3951.  Identification of any of the foregoing parties on Schedule E/F (including the deemed inclusion of the Talc Co-Defendants) is not intended, and shall not be deemed, to constitute an admission of any claim of, or obligation of the Debtor to, such parties.

As noted above, the Debtor has included certain parties, other than non-debtor affiliates (excluding J&J), that may hold or assert indemnification claims against the Debtor.  Such parties include various retailers and other transaction counterparties.  As to these retailers and certain transaction counterparties, the Debtor has indemnification obligations to them pursuant to indemnity agreements with such parties or applicable law.  The Debtor reserves all rights to dispute or challenge any indemnification obligations to such parties on any basis.

As noted in the 2021 Schedules and SOFA, ordinary course professionals retained by the Debtor and who performed services for both the Debtor and J&J may seek compensation from J&J with respect to such unpaid fees and expenses consistent with the terms of such professionals' engagements.

With respect to claims for services rendered in the 2021 Chapter 11 Case, certain professionals and entities incurred fees and expenses for work performed during the 2021 Chapter 11 Case, including the mediators appointed by the Bankruptcy Court, the fee examiner appointed by the Bankruptcy Court and his counsel, the Rule 706 of the Federal Rules of Evidence expert appointed by the Bankruptcy Court and his professionals, the legal representative for future talc claimants and her professionals, and professionals for the official committee of talc claimants, that were not paid prior to the dismissal of the 2021 Chapter 11 Case or prior to the filing of the instant case.  In addition, quarterly fees owed to the U.S. Trustee accrued during the 2021 Chapter 11 Case (the quarterly fees, together with the fees and expenses

- 13 -

of the above professionals collectively, the "2021 Obligations").  Accordingly, these amounts are included in Schedule E/F as unsecured, nonpriority claims.  The inclusion of such fees and expenses on Schedule E/F does not constitute an admission as to the amount or validity of such claims, and the Debtor reserves the right to object to or otherwise challenge these claims pursuant to the Dismissal Order.  In addition, the Debtor has filed a motion seeking authorization from the Bankruptcy Court to satisfy its obligations under the Dismissal Order, which include the 2021 Obligations.  See Dkt. 319.  If approved, the Debtor would be authorized to satisfy the 2021 Obligations.

Prior to the commencement of the 2021 Chapter 11 Case, the Debtor did not maintain records in the ordinary course identifying the addresses many of its creditors (or their law firms, as applicable).  To the extent the Debtor did not have addresses for such claimants in the 2021 Chapter 11 Case, it made a good faith effort, with the assistance of Epiq, to identify and confirm addresses.  Many of the addresses were utilized by the Debtor in the 2021 Chapter 11 Case, and appropriate updates were made throughout that case.  In the preparation of these Schedules and SOFA, the Debtor again has made a good faith effort to identify any missing addresses of the foregoing parties.  The Debtor reserves the right to supplement the name and address information of the foregoing listed in Schedule E/F as additional names and/or addresses are identified.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals or general reserves.  Such amounts may be reflected on the Debtor's books and records as required in accordance with GAAP.  Accruals are general estimates of liability and may not represent specific claims as of the Petition Date.

**Schedule G.**  *Executory contracts and unexpired leases.*  Although the Debtor's existing books and records have been relied upon to identify and schedule executory contracts and unexpired leases, and diligent efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  Certain contracts identified on Schedule G were entered into before the formation of the Debtor on October 12, 2021 and show Old JJCI as the original counterparty.  Each of these contracts was allocated to the Debtor upon its formation.

Schedule G lists certain amended and restated agreements with affiliates of the Debtor.  These were amended and restated on October 12, 2021 to reflect certain corporate changes, notably the names of the parties to those agreements and conversion of the Debtor from a Texas limited liability company to a North Carolina limited liability company after the Debtor's formation on the same date.

The Debtor is a party to various plan support agreements with J&J, Holdco and certain law firms representing talc claimants (each, a "PSA").  As stated in the First Day Declaration, the PSAs provide, among other things, that the Debtor, J&J, Holdco and the supporting law firms representing talc claimants will work together to finalize, file and seek confirmation of a plan of reorganization that provides for the establishment of a trust funded in the amount of $8.9 billion on a net present value basis.  See First Day Declaration ¶¶ 71-74.  The PSAs further provide that a plan containing the terms to which the parties have agreed must be filed by May 14, 2023, or as soon thereafter as is feasible.  See id.  Each of the listed PSAs was entered into prepetition.  Additional PSAs have been entered into following the Petition Date and negotiations with other

firms continue and may result in execution of additional PSAs.  The Debtor reserves all rights with respect to the PSAs.

In the 2021 Chapter 11 Case, the Bankruptcy Court authorized the Debtor to enter into an expense reimbursement agreement (the "Reimbursement Agreement") with the ad hoc committee of state attorney generals in that case [No. 21-30589, Dkt. 2585].  The Bankruptcy Court authorized, but did not direct, the Debtor to pay its share of the fees and expenses of counsel to the ad hoc committee of state attorney generals pursuant to the terms and conditions of the Reimbursement Agreement and provided that the Debtor would have no obligation to pay any fees and expenses incurred after termination of the Reimbursement Agreement.  The Reimbursement Agreement is not listed in Schedule G.  The Debtor reserves all rights with respect to the Reimbursement Agreement.

The identification of a contract, agreement or lease, including the PSAs, in Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease or that such contract, agreement or lease was effective as of the Petition Date or is valid or enforceable.  The Debtor reserves all of its rights with respect to the contracts, agreements and leases identified in Schedule G, including, without limitation, the Debtor's rights to dispute the validity, status or enforceability of any contracts, agreements or leases and to amend or supplement Schedule G as necessary.

Certain of the items reflected on Schedule G may contain renewal options, purchase options, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not separately set forth on Schedule G.  The Debtor hereby expressly reserves the right to assert that, or challenge whether, any item listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code.  In addition, the Debtor reserves all of its rights, claims and causes of action with respect to claims associated with any contracts and agreements listed in the Schedules, including Schedule G, including its right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement).

The Debtor has settlement agreements with certain law firms that represent or will represent talc claimants.  These settlement agreements have not been listed in Schedule G.  The existence of these settlement agreements is confidential pursuant to their terms.  There are certain settlement agreements under which claims were resolved but were unpaid, in full or in part, as of the Petition Date.  The claims with respect to those settlement agreements are listed in Schedule E/F.  See note to Schedule E/F above.  The Debtor reserves all rights with respect to any settlement agreement.

Certain agreements, including corporate constituent documents and confidentiality agreements, have not been listed on Schedule G.  The Debtor reserves all rights with respect to such agreements.  Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

- 15 -

The Funding Agreement and the J&J Support Agreement have been listed on Schedule G. The Debtor reserves all rights with respect to the Funding Agreement and the J&J Support Agreement, including with respect to whether such agreements are or are not executory contracts.

Pursuant to various agreements with certain retailers and transaction counterparties, the Debtor has agreed to accept the tender and defense of talc-related claims based on the Debtor's talc-containing products. Because it is not clear in all instances if such agreements are executory contracts, these agreements have not been listed in Schedule G. The Debtor reserves all rights with respect to such agreements.

The Debtor has listed engagement agreements with the Debtor's professionals in this case in Schedule G. Consistent with the retention application filed by Weil, Gotshal, Manges LLP ("Weil") [Dkt. 428], Weil's engagement is performed pursuant to the Outside Counsel Management and Billing Guidelines for North America & Global IP and Litigation Guidelines (the "Outside Counsel Billing Guidelines") utilized by J&J and its affiliates. In addition, the Debtor's ordinary course professionals also operate under the Outside Counsel Billing Guidelines, which is not separately listed for every ordinary course professional.

Certain of the contracts and agreements listed on Schedule G may consist of several parts that may not be listed on Schedule G or that may be listed as a single entry. Unless otherwise specified in Schedule G, each executory contract or unexpired lease identified therein shall include all exhibits, schedules, riders, statements of work, modifications, declarations, amendments, supplements, attachments, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed therein.

**Schedule H.** *Co-debtors.* Listing a possible co-obligor on Schedule H does not, is not intended to and shall not be deemed to constitute an admission that such party is liable on any obligation of the Debtor. The Debtor and all parties listed in Schedule H each reserve all rights to challenge whether any party listed therein has any liability as a co-obligor. The rights, claims and causes of action of the Debtor, any co-obligor and all listed parties with respect to the matters referenced on Schedule H are hereby reserved and fully preserved.

Due to their volume, the parties identified on Schedule H have been listed in a separate attachment thereto.

The Debtor has listed Talc Co-Defendants on Schedule H. Whether a Talc Co-Defendant may be liable for talc-related liabilities of the Debtor as a co-debtor depends on, among other things, the specific facts of a particular potential claim and applicable non-bankruptcy law. It would be unduly burdensome to seek to identify which Talc Co-Defendants may be co-obligors on any particular liability. In any event, any such exercise would necessarily be incomplete and potentially misleading because information needed to make a complete assessment would require access to information that is not available, including information about future litigation outcomes that cannot be predicted. In addition, it would be unduly burdensome to identify the applicable

case number, plaintiff or plaintiffs, court and court address for each Talc Co-Defendant's potential claim.

Although Talc Claimants and other parties commonly name J&J as a co-defendant in talc-related actions against Old JJCI and the Debtor, the Debtor has listed J&J only once in the separate attachment hereto due to the volume of cases.

Prior to the commencement of the 2021 Chapter 11 Case, the Debtor did not maintain records in the ordinary course identifying the addresses of the thousands of Talc Co-Defendants. To the extent the Debtor did not have addresses for such Talc Co-Defendants in the 2021 Chapter 11 Case, it made a good faith effort, with the assistance of Epiq, to identify and confirm addresses. Many of the addresses were utilized by the Debtor in the 2021 Chapter 11 Case, and appropriate updates were made throughout that case. In the preparation of these Schedules and SOFA, the Debtor again has made a good faith effort to identify any missing addresses of the Talc Co-Defendants. The Debtor reserves the right to supplement the name and address information of the Talc Co-Defendants listed in Schedule H as additional names and/or addresses of potential Talc Co-Defendants are identified.

### Specific Disclosures with Respect to the Debtor's SOFA

**Part 1/Questions 1 and 2**. *Gross revenue from business. Non-business revenue.* The Debtor does not have any revenues relating to the operation of the Debtor's business. During the applicable period, the Debtor did not receive any interest income or revenue on account of its ownership of RAM.

**Part 2/Question 3.** *Certain payments or transfers to creditors within 90 days before filing this case.* The Debtor made certain payments during the pendency of the 2021 Chapter 11 Case and, as discussed above, prior to the commencement of this chapter 11 case, which were made within the 90 days prior to the filing of this chapter 11 case. See note to Schedule A/B, Part 2/Question 8 above. In addition to those payments, which were made on April 4, 2023 and are identified in the response to this question, other payments were made by the Debtor in the ordinary course of the 2021 Chapter 11 Case, and were previously disclosed in Monthly Operating Reports filed in the 2021 Chapter 11 Case. See note to Schedule A/B, Part 2/Question 8 above and note to SOFA Part 6/Question 11 below; see also In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J.) Dkts. 2144, 2325, 2543, 2763, 2904, 3056, 3172, 3341, 3526, 3658, 3781, 3886, 3948. They are again disclosed here for convenience. On March 28, 2023, the Debtor issued a payment of $178,484 to its local bankruptcy counsel, Wollmuth Maher Deutsch LLP ("WMD"), as approved by the Bankruptcy Court in the 2021 Chapter 11 Case. That payment was returned to the Debtor on April 3, 2023 as the result of an inadvertent wire error. On April 4, 2023, prior to entry of the Dismissal Order, the Debtor re-issued the payment of $178,484 to WMD.

**Part 2/Question 4**. *Payments or other transfers of property made within 1 year before filing this case that benefited any insider.* The Debtor made certain payments prior to the Petition Date. As listed in SOFA Part 2/Question 4, the Debtor made certain payments to its non-debtor affiliate J&J Services on account of amounts owed under the secondment agreement and the services agreement between the Debtor and J&J Services. In addition, the Debtor

NAI-1536686638

reimbursed Holdco as a result of Holdco paying amounts owed by the Debtor to vendors operating under master services agreements for certain talc-litigation services provided to the Debtor but billed to and paid for by Holdco pursuant to the master services agreements.  The Debtor also made quarterly payments to the Debtor's manager, Mr. Deyo, as compensation for his services as a member of the Debtor's Board of Managers.

**Part 3/Question 7**.  *Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits.*  Many of the matters listed in SOFA Part 3/Question 7 were asserted against Old JJCI.  Those matters are listed because the Debtor is responsible for them.  As a result of a corporate restructuring that concluded on October 12, 2021, the Debtor became responsible for Old JJCI's liabilities arising from talc-related claims against it (other than claims for which the exclusive remedy is provided under a workers' compensation statute or similar laws), and the defense of those claims.  In addition, the Debtor's records regarding actions and other proceedings initiated against it are organized by reference to the individual claimants involved.  Actions initiated by multiple plaintiffs or claimants therefore may appear multiple times within the Debtor's records.  The Debtor has made reasonable efforts to remove duplicate entries for each matter listed in SOFA Part 3/Question 7.  Nonetheless, certain matters may have been inadvertently listed more than once.   The matters listed in SOFA Part 3/Question 7 may not include all actions or proceedings commenced against the Debtor after the Petition Date in violation of the automatic stay, but new claims that were filed and served on the Debtor through April 25, 2023 have been included for completeness.  Due to their volume, the talc-related matters identified in SOFA Part 3/Question 7 have been listed on a separate attachment.

**Part 6/Question 11**.  *Payments related to bankruptcy made within 1 year before the filing of this case.*  The Debtor made certain payments throughout the 2021 Chapter 11 Case to its professionals, the professionals of both the official committee of talc claimants and the legal representative for future talc claimants in the 2021 Chapter 11 Case, as well as other professionals involved in the 2021 Chapter 11 Case, including the fee examiner appointed by the Bankruptcy Court and his counsel and the Rule 706 of the Federal Rules of Evidence expert appointed by the Bankruptcy Court and his professionals.  These payments were disclosed during the 2021 Chapter 11 Case in the Monthly Operating Reports filed by the Debtor.  See In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J.) Dkts. 2144, 2325, 2543, 2763, 2904, 3056, 3172, 3341, 3526, 3658, 3781, 3886, 3948. Payments to the Debtor's professionals in the 2021 Chapter 11 Case have been disclosed in the SOFA to the extent such payments occurred within one year of the Petition Date.  See also note to SOFA Part 2/Question 3.

**Part 6/Question 13**.  *Transfers not already listed on this statement made by the Debtor within 2 years before the filing of this case.*  See note to SOFA Part 6/Question 11.

**Part 9/Question 16**.  *Personally identifiable information of customers.*  See note to Schedule A/B, Part 10/Question 67.

**Part 10/Question 20**.  *Off-premises storage of property.*  The Debtor stores various records in off-premises storage through a third-party vendor, Iron Mountain, Inc. ("Iron Mountain"), as listed in SOFA Part 10/Question 20.  The Debtor understands that Iron Mountain

maintains this material at various locations.  As such, the Debtor has listed Iron Mountain at its primary corporate address.

In addition, over the course of the talc-related litigation, Old JJCI and the Debtor have retained more than 40 law firms in the ordinary course of business as defense counsel in talc-related matters and several consultants on talc-related matters (collectively, the "Talc-Related Counsel and Consultants").  The Talc-Related Counsel and Consultants have been identified on Schedule E/F and Schedule G.  Some of the Talc-Related Counsel and Consultants store physical and electronic documents and other information relating to talc-related claims on behalf of the Debtor in the ordinary course of their business.  Such storage by Talc-Related Counsel and Consultants has not been separately identified in SOFA Part 10/Question 20.

The Debtor also stores certain electronic documents and other information relating to talc-related claims with third parties (such as Amazon Web Services, Inc., Microsoft 365 and IQVIA RDS Inc.), including through the use of various third party cloud-storage platforms, in the ordinary course of its business.  Such storage of electronic data has not been separately identified in SOFA Part 10/Question 20.

**Part 13/Question 25**.  *Other businesses in which the Debtor has or has had an interest.* The Debtor owns a 100% membership interest in RAM, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

**Part 13/Question 26**.  *Books, records, and financial statements*.  In connection with the 2021 Chapter 11 Case, the Debtor filed Monthly Operating Reports as well as Periodic Reports Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest reporting on its financial condition and the financial condition of RAM.  See In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J.) Dkts. 548, 759, 935, 1237, 1556, 1806, 2144, 2325, 2444, 2543, 2763, 2904, 3056, 3172, 3341, 3453, 3526, 3658, 3781, 3886, 3948.  In addition, the Debtor, through both formal and informal discovery, provided information regarding the Debtor and RAM's financial conditions to various parties-in-interest in the 2021 Chapter 11 Case.  Such reports in the 2021 Chapter 11 Case or parties-in-interest have not been identified in SOFA Part 13/Question 26d.

**Part 13/Question 30**.  *Payments, distributions, or withdrawals credited or given to insiders.*  See the response to SOFA Part 2/Question 4 for this information.

**LTL Management LLC**                                                                    **Case Number:  23-12825 (MBK)**

| **Part 1:** | Income |
| --- | --- |

## 1. Gross Revenue from business

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
| --- | --- | --- |
| From _____ to _____<br>　　　　MM/DD/YYYY　　　　MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**LTL Management LLC**                                    **Case Number:  23-12825 (MBK)**

| Part 1: | Income |
|---------|--------|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|---|
| From _____ to _____<br>MM/DD/YYYY      MM/DD/YYYY | | _____ | _____ |

**LTL Management LLC**                                          Case Number:  23-12825 (MBK)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

## 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.1 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | 1/6/2023 | $34,878 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/23/2023 | $28,731 | |
| | | 3/6/2023 | $32,473 | |
| | | 3/13/2023 | $27,901 | |
| | | 4/4/2023 | $148,070 | |
| | **TOTAL ALIXPARTNERS, LLP** | | **$272,053** | |
| 3.2 | ALLIANCE TECHNOLOGIES LLC<br>999 EXECUTIVE PKWY DR, STE 320<br>ST LOUIS, MO 63141 | 2/10/2023 | $3,390 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL ALLIANCE TECHNOLOGIES LLC** | | **$3,390** | |
| 3.3 | ANDERSON KILL PC<br>1251 AVE OF THE AMERICAS<br>NEW YORK, NY 10020 | 2/8/2023 | $91,222 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 3/1/2023 | $195,371 | |
| | | 3/6/2023 | $151,159 | |
| | | 3/28/2023 | $94,424 | |
| | **TOTAL ANDERSON KILL PC** | | **$532,177** | |
| 3.4 | BAILEY GLASSER LLP<br>950 W BANNOCK ST  940<br>BOISE, ID 83702-5999 | 2/3/2023 | $52,904 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/23/2023 | $116,845 | |
| | | 3/6/2023 | $75,518 | |
| | | 3/28/2023 | $34,022 | |
| | **TOTAL BAILEY GLASSER LLP** | | **$279,288** | |

**LTL Management LLC**                                                          **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.5 | BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | 1/9/2023 | $745,365 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $414,472 | |
| | | 3/6/2023 | $344,190 | |
| | | 3/13/2023 | $446,755 | |
| | | 4/4/2023 | $1,829,466 | |
| | **TOTAL BATES WHITE, LLC** | | **$3,780,248** | |
| 3.6 | BEDERSON LLP<br>100 PASSAIC AVE, STE 310<br>FAIRFIELD, NJ 7004 | 3/28/2023 | $5,761 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL BEDERSON LLP** | | **$5,761** | |
| 3.7 | BERKELEY RESEARCH GROUP LLC<br>2200 POWELL ST, STE 1200<br>EMERYVILLE , CA 94608-1833 | 1/20/2023 | $70,491 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $50,186 | |
| | | 3/17/2023 | $96,185 | |
| | **TOTAL BERKELEY RESEARCH GROUP LLC** | | **$216,862** | |
| 3.8 | BERNSTEIN SHUR SAWYER & NELSON P.A.<br>100 MIDDLE ST<br>PO BOX 9729<br>PORTLAND, ME 04104-5029 | 1/13/2023 | $37,169 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $109,496 | |
| | | 3/6/2023 | $77,236 | |
| | | 3/17/2023 | $60,483 | |
| | | 3/28/2023 | $360 | |
| | **TOTAL BERNSTEIN SHUR SAWYER & NELSON P.A.** | | **$284,744** | |

**LTL Management LLC**

**Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.9 | BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 | 2/8/2023 2/21/2023 3/10/2023 3/27/2023 4/4/2023 | $4,141 $4,041 $6,435 $13,583 $292,955 | ☐ Secured debt ☐ Unsecured loan repayment ☐ Suppliers or vendors ☑ Services ☐ Other _____ |
| | **TOTAL BLAKE CASSELS GRAYDON LLP** | | **$321,155** | |
| 3.10 | BROWN RUDNICK LLP ATTN DJ MOLTON, RJ STARK SEVEN TIMES SQUARE NEW YORK, NY 10036 | 1/26/2023 3/3/2023 3/6/2023 3/28/2023 | $420,526 $686,349 $488,832 $701,678 | ☐ Secured debt ☐ Unsecured loan repayment ☐ Suppliers or vendors ☑ Services ☐ Other _____ |
| | **TOTAL BROWN RUDNICK LLP** | | **$2,297,386** | |
| 3.11 | BUTLER SNOW LLP ATTN: MEADE W. MITCHELL 1020 HIGHLAND COLONY PARKWAY RIDGELAND, MS 39158-6010 | 1/24/2023 1/26/2023 2/21/2023 | $6,296 $100,506 $2,566 | ☐ Secured debt ☐ Unsecured loan repayment ☐ Suppliers or vendors ☑ Services ☐ Other _____ |
| | **TOTAL BUTLER SNOW LLP** | | **$109,368** | |
| 3.12 | EPIQ CORPORATE RESTRUCTURING LLC 757 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | 1/13/2023 2/23/2023 3/20/2023 4/4/2023 | $67,395 $49,718 $54,427 $190,000 | ☐ Secured debt ☐ Unsecured loan repayment ☐ Suppliers or vendors ☑ Services ☐ Other _____ |
| | **TOTAL EPIQ CORPORATE RESTRUCTURING LLC** | | **$361,539** | |

**LTL Management LLC**                                                      **Case Number:  23-12825 (MBK)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.13 | ERNST YOUNG LLP<br>EY TOWER<br>100 ADELAIDE STREET WEST<br>TORONTO, ON M5H 0B3 | 1/23/2023<br>3/1/2023<br>3/30/2023 | $48,316<br>$53,114<br>$53,067 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL ERNST YOUNG LLP** | | **$154,497** | |
| 3.14 | FAEGRE DRINKER BIDDLE & REATH LLP<br>SUSAN M. SHARKO<br>JESSICA BRENNAN<br>600 CAMPUS DR.<br>FLORHAM PARK, NJ 07932-1047 | 1/26/2023<br>3/28/2023 | $746<br>$1,524 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL FAEGRE DRINKER BIDDLE & REATH LLP** | | **$2,270** | |
| 3.15 | FILLICHIO HASTINGS, INC.<br>400 CONTINENTAL BLVD, 6TH FL<br>EL SEGUNDO, CA 90245 | 1/5/2023 | $3,223 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL FILLICHIO HASTINGS, INC.** | | **$3,223** | |
| 3.16 | FTI CONSULTING, INC.<br>555 12TH ST NW, STE 700<br>WASHINGTON, DC 20004 | 1/13/2023<br>2/23/2023<br>3/17/2023 | $648,317<br>$707,566<br>$768,856 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL FTI CONSULTING, INC.** | | **$2,124,740** | |
| 3.17 | GENOVA BURNS LLP<br>ATTN: DONALD W. CLARKE, DANIEL M. STOLZ<br>110 ALLEN ROAD, STE 304<br>BASKING RIDGE, NJ 07920 | 1/26/2023<br>3/1/2023<br>3/6/2023<br>3/28/2023 | $74,880<br>$90,688<br>$85,321<br>$77,723 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL GENOVA BURNS LLP** | | **$328,612** | |

**LTL Management LLC**                                              **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.18 | GILBERT LLP<br>700 PENNSYLVANIA AVE SE, STE 400<br>WASHINGTON, DC 20003 | 3/13/2023 | $19,356 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL GILBERT LLP** | | **$19,356** | |
| 3.19 | HEPLERBROOM LLC<br>LADONNA L. BOECKMAN<br>ANNE OLDENBURG<br>30 NORTH LASALLE STREET, SUITE 2900<br>CHICAGO, IL 60602 | 1/24/2023 | $34 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL HEPLERBROOM LLC** | | **$34** | |
| 3.20 | HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH ST NW<br>WASHINGTON, DC 20004 | 3/20/2023<br>4/4/2023 | $276,534<br>$563,953 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL HOGAN LOVELLS US LLP** | | **$840,487** | |
| 3.21 | HOULIHAN LOKEY CAPITAL, INC.<br>10250 CONSTELLATION BLVD, 5TH FL<br>LOS ANGELES, CA 90067 | 1/6/2023<br>2/1/2023<br>3/13/2023<br>3/13/2023<br>3/30/2023 | $140,000<br>$140,000<br>$140,000<br>$139,694<br>$140,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL HOULIHAN LOKEY CAPITAL, INC.** | | **$699,694** | |
| 3.22 | IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC<br>JOHN W. SINNOTT<br>CLAIRE A. NOONAN<br>400 POYDRAS STREET, SUITE 2700<br>NEW ORLEANS, LA 70130 | 2/21/2023 | $16,362 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC** | | **$16,362** | |

**LTL Management LLC**  **Case Number:  23-12825 (MBK)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.23 | JOHNSON JOHNSON SERVICES INC.<br>ONE JOHNSON & JOHNSON PLZ<br>NEW BRUNSWICK, NJ 08933-001 | 1/20/2023<br><br>3/28/2023 | $182,722<br><br>$242,059 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Intercompany |
| | **TOTAL JOHNSON JOHNSON SERVICES INC.** | | **$424,781** | |
| 3.24 | JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | 3/6/2023<br>3/17/2023<br>3/28/2023<br>3/28/2023<br>4/4/2023 | $1,099,703<br>$872,912<br>$858,184<br>$928,655<br>$5,850,788 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL JONES DAY** | | **$9,610,243** | |
| 3.25 | KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | 1/20/2023<br>3/6/2023<br>4/4/2023 | $56,702<br>$41,997<br>$2,337,088 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL KING SPALDING LLP** | | **$2,435,787** | |
| 3.26 | LIGHTHOUSE TECHNOLOGIES, INC.<br>1430 OAK CT, STE 101<br>DAYTON, OH 45430 | 1/24/2023<br>3/28/2023 | $53,282<br>$25,751 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL LIGHTHOUSE TECHNOLOGIES, INC.** | | **$79,033** | |

**LTL Management LLC**                                                      **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.27 | MANNING GROSS + MASSENBURG LLP<br>125 HIGH STREET<br>OLIVER STREET TOWER, 6TH FLOOR<br>BOSTON, MA 02110 | 3/28/2023<br>3/28/2023 | $586<br>$1,919 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL MANNING GROSS + MASSENBURG LLP** | | **$2,505** | |
| 3.28 | MASSEY GAIL LLP<br>ATTN: J.S. MASSEY<br>1000 MAIN AVE SW, STE 450<br>WASHINGTON, DC 20024 | 1/23/2023<br>2/8/2023<br>3/1/2023<br>3/6/2023 | $59,465<br>$25,440<br>$35,412<br>$87,570 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL MASSEY GAIL LLP** | | **$207,887** | |
| 3.29 | MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | 1/17/2023<br>2/22/2023<br>3/6/2023<br>3/6/2023<br>3/20/2023<br>4/4/2023 | $17,116<br>$24,274<br>$13,280<br>$47,485<br>$45,383<br>$597,494 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL MCCARTER ENGLISH, LLP** | | **$745,032** | |
| 3.30 | MILLER THOMSON LLP IN TRUST<br>700 W GEORGIA ST, STE 2200<br>VANCOUVER, BC V7Y 1K8 | 1/5/2023<br>2/21/2023<br>3/7/2023<br>3/14/2023<br>3/30/2023 | $19,820<br>$33,659<br>$60,826<br>$40,632<br>$22,697 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL MILLER THOMSON LLP IN TRUST** | | **$177,634** | |

**LTL Management LLC**                                    Case Number:  23-12825 (MBK)

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.31 | MOLOLAMKEN LLP<br>600 NEW HAMPSHIRE AVE NW<br>WASHINGTON, DC 20037 | 1/13/2023<br><br>2/21/2023<br><br>3/28/2023 | $15,762<br><br>$9,400<br><br>$27,238 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL MOLOLAMKEN LLP** | | **$52,400** | |
| 3.32 | MONZACK MERSKY AND BROWDER PA<br>1201 N ORANGE ST, STE 400<br>WILMINGTON, DE 19801-1167 | 3/13/2023 | $12,001 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL MONZACK MERSKY AND BROWDER PA** | | **$12,001** | |
| 3.33 | ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>COLUMBIA CENTER<br>1152 15TH STREET, N.W.<br>WASHINGTON, DC 20005-1706 | 1/6/2023<br><br>2/23/2023<br><br>3/13/2023<br><br>4/4/2023 | $7,178<br><br>$50,969<br><br>$47,541<br><br>$586,216 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL ORRICK, HERRINGTON & SUTCLIFFE, LLP** | | **$691,905** | |
| 3.34 | OTTERBOURG PC<br>ATTN: J.S. FEENEY<br>230 PARK AVENUE<br>NEW YORK, NY 10169 | 2/3/2023<br><br>3/1/2023<br><br>3/6/2023 | $216,114<br><br>$231,944<br><br>$210,094 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL OTTERBOURG PC** | | **$658,151** | |

LTL Management LLC

Case Number:  23-12825 (MBK)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.35 | PARKINS LEE RUBIO LLP<br>700 MILAM<br>SUITE 1300<br>HOUSTON, TX 77002 | 1/11/2023<br>2/22/2023<br>3/10/2023<br>3/28/2023 | $23,185<br>$38,751<br>$58,457<br>$38,996 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL PARKINS LEE RUBIO LLP** | | **$159,389** | |
| 3.36 | PATTERSON BELKNAP WEBB & TYLER LLP<br>JOHN D. WINTER<br>THOMAS P. KURLAND<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | 1/24/2023<br>2/21/2023<br>3/1/2023 | $1,233<br>$10,325<br>$10,261 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL PATTERSON BELKNAP WEBB & TYLER LLP** | | **$21,819** | |
| 3.37 | PROFESSIONALS TO COURT-APPOINTED EXPERT IN 2021 CHAPTER 11 CASE C/O THE LAW OFFICES OF KENNETH FEINBERG<br>THE WILLARD OFFICE BLDG<br>1455 PENNSYLVANIA AVE NW, STE 390<br>WASHINGTON, DC 20004-1008 | 3/20/2023 | $2,139,382 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| | **TOTAL PROFESSIONALS TO COURT-APPOINTED EXPERT IN 2021 CHAPTER 11 CASE C/O THE LAW OFFICES OF KENNETH FEINBERG** | | **$2,139,382** | |
| 3.38 | RANDI S. ELLIS LLC<br>7515 JEFFERSON HWY, #94<br>BATON ROUGE, LA 70806-8308 | 1/6/2023<br>2/3/2023<br>3/6/2023<br>3/13/2023<br>3/13/2023 | $51,193<br>$31,644<br>$3,447<br>$63,699<br>$34,052 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL RANDI S. ELLIS LLC** | | **$184,035** | |

**LTL Management LLC**                                                    Case Number:  23-12825 (MBK)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|--------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.39 RUSSELL C DEYO<br>NOT AVAILABLE | 4/3/2023 | $37,500 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Board Member |
| **TOTAL RUSSELL C DEYO** | | **$37,500** | |
| 3.40 SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, P.A.<br>ATTN: ARTHUR J ABRAMOWITZ,<br>ROSS J. SWITKES<br>308 HARPER DR, STE 200<br>MOORESTOWN, NJ 08057 | 3/13/2023 | $1,731 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| **TOTAL SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, P.A.** | | **$1,731** | |
| 3.41 SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | 1/6/2023<br>2/21/2023<br>3/7/2023<br>3/13/2023<br>4/4/2023 | $16,324<br>$29,708<br>$125,533<br>$26,150<br>$375,140 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| **TOTAL SHOOK HARDY BACON LLP** | | **$572,855** | |
| 3.42 SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | 1/17/2023<br>2/21/2023<br>3/6/2023<br>3/28/2023<br>4/4/2023 | $24,201<br>$161,631<br>$138,356<br>$243,724<br>$2,009,226 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| **TOTAL SKADDEN ARPS SLATE MEAGHER FLOM, LLC** | | **$2,577,137** | |

**LTL Management LLC**                                         **Case Number:  23-12825 (MBK)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.43 | THE BRATTLE GROUP INC.<br>7 TIMES SQ, STE 1700<br>NEW YORK, NY 10036 | 1/6/2023 | $89,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/23/2023 | $69,708 | |
| | | 3/17/2023 | $78,451 | |
| | | 3/17/2023 | $66,958 | |
| | | 3/30/2023 | $40,356 | |
| | **TOTAL THE BRATTLE GROUP INC.** | | **$344,473** | |
| 3.44 | THE LAW OFFICES OF KENNETH FEINBERG<br>THE WILLARD OFFICE BLDG<br>1455 PENNSYLVANIA AVE NW, STE 390<br>WASHINGTON, DC 20004-1008 | 1/5/2023 | $500,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 1/26/2023 | $500,000 | |
| | | 3/1/2023 | $500,000 | |
| | | 3/28/2023 | $500,000 | |
| | **TOTAL THE LAW OFFICES OF KENNETH FEINBERG** | | **$2,000,000** | |
| 3.45 | TRAURIG LAW LLC<br>43 W 43RD ST, STE 73<br>NEW YORK, NY 10036 | 1/13/2023 | $1,972 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $612 | |
| | | 3/6/2023 | $2,134 | |
| | | 3/17/2023 | $884 | |
| | **TOTAL TRAURIG LAW LLC** | | **$5,602** | |
| 3.46 | TRIALITY LLC<br>117 ABNER AVE<br>PITTSBURGH , PA 15210 | 1/24/2023 | $402 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $1,460 | |
| | | 3/28/2023 | $5,366 | |
| | **TOTAL TRIALITY LLC** | | **$7,227** | |

**LTL Management LLC**                                                    Case Number:  23-12825 (MBK)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.47 TUCKER ELLIS & WEST LLP<br>C/O CHRISTOPHER CARYL<br>950 MAIN AVENUE, SUITE 1100<br>CLEVELAND, OH 44113 | 3/1/2023 | $893 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| **TOTAL TUCKER ELLIS & WEST LLP** | | **$893** | |
| 3.48 US TRUSTEE PROGRAM<br>C/O U.S DEPT OF JUSTICE<br>950 PENNSYLVANIA AVE NW<br>WASHINGTON, DC 20530 | 1/11/2023 | $177,210 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   US Trustee Fees |
| **TOTAL US TRUSTEE PROGRAM** | | **$177,210** | |
| 3.49 WALSH PIZZI O'REILLY FALANGA LLP<br>ATTN: MARK FALK<br>THREE GATEWAY CTR, 100 MULBERRY ST,FL 15<br>NEWARK, NJ 07102 | 1/6/2023<br>2/3/2023<br>3/6/2023<br>3/13/2023 | $121,202<br>$165,672<br>$171,579<br>$144,871 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| **TOTAL WALSH PIZZI O'REILLY FALANGA LLP** | | **$603,324** | |
| 3.50 WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | 2/10/2023<br>3/13/2023<br>3/13/2023<br>3/15/2023<br>4/4/2023 | $20,852<br>$21,667<br>$25,818<br>$3,618<br>$270,548 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| **TOTAL WEIL, GOTSHAL MANGES, LLP** | | **$342,502** | |

**LTL Management LLC**                                                                 Case Number:  23-12825 (MBK)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|---------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|------------------------------|-------|----------------------|--------------------------------|
| 3.51 | WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | 1/6/2023 | $169,501 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 2/21/2023 | $101,258 | |
| | | 3/6/2023 | $101,372 | |
| | | 4/4/2023 | $599,759 | |
| | | 4/4/2023 | $178,484 | |

|  | | |
|---|---|---|
| **TOTAL WOLLMUTH MAHER DEUTSCH LLP** | | $1,150,374 |

|  | | |
|---|---|---|
| **TOTAL** | | $38,076,054 |

**LTL Management LLC**                                                                 **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|---|
| 4.1 | JOHNSON & JOHNSON HOLDCO (NA) INC. ("HOLDCO")<br>ONE JOHNSON AND JOHNSON PLAZA<br>NEW BRUNSWICK, NJ 08933 | 4/28/2022 | $854,529 | Intercompany resulting from vendor payment |
| | | 5/9/2022 | $534,130 | Intercompany resulting from vendor payment |
| | | 7/21/2022 | $79,714 | Intercompany resulting from vendor payment |
| | | 10/21/2022 | $115,446 | Intercompany resulting from vendor payment |
| | **TOTAL JOHNSON & JOHNSON HOLDCO (NA) INC. ("HOLDCO")** | | **$1,583,818** | |
| 4.2 | JOHNSON JOHNSON SERVICES INC.<br>ONE JOHNSON AND JOHNSON PLAZA<br>NEW BRUNSWICK, NJ 08933 | 4/28/2022 | $756,203 | Intercompany |
| | | 5/9/2022 | $188,330 | Intercompany |
| | | 6/8/2022 | $191,984 | Intercompany |
| | | 7/7/2022 | $128,193 | Intercompany |
| | | 8/5/2022 | $114,385 | Intercompany |
| | | 9/2/2022 | $162,823 | Intercompany |
| | | 10/3/2022 | $247,521 | Intercompany |
| | | 11/7/2022 | $133,844 | Intercompany |
| | | 12/6/2022 | $128,775 | Intercompany |
| | | 1/20/2023 | $182,722 | Intercompany |
| | | 3/28/2023 | $242,059 | Intercompany |
| | **TOTAL JOHNSON JOHNSON SERVICES INC.** | | **$2,476,839** | |
| 4.3 | RUSSELL C DEYO<br>NOT AVAILABLE | 4/7/2022 | $75,000 | Board Member |
| | | 7/1/2022 | $37,500 | Board Member |
| | | 10/3/2022 | $37,500 | Board Member |
| | | 1/3/2023 | $37,500 | Board Member |
| | | 4/3/2023 | $37,500 | Board Member |
| | **TOTAL RUSSELL C DEYO** | | **$225,000** | |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|
| | | | |

|  | **TOTAL** | $4,285,657 | |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

## 5.  Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1   NONE | | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**LTL Management LLC**                                                      **Case Number:  23-12825 (MBK)**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

## 7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☐ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency Location | Status of Case |
|---------------------------------|----------------------|--------------------------|----------------|
| 7.1    SEE STATEMENT QUESTION 7 ATTACHMENT | | | |

**LTL Management LLC**                                                                    **Case Number:  23-12825 (MBK)**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8.  Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|----------------------|------|------------------------|-------|
| 8.1    NONE | | | | | |

**LTL Management LLC**                                                      **Case Number:  23-12825 (MBK)**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|
| 9.1    NONE | | | | |

**LTL Management LLC**                                                  **Case Number:  23-12825 (MBK)**

| **Part 5:** | Certain Losses |

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1    NONE | | | | Undetermined |

                                                                        **TOTAL**    **Undetermined**

**LTL Management LLC**                                                                        **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|---|
| 11.1 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 4/20/2022 | $295,852 |
| 11.2 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 5/20/2022 | $46,320 |
| 11.3 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 6/29/2022 | $26,456 |
| 11.4 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 7/18/2022 | $44,540 |
| 11.5 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 7/18/2022 | $181,805 |
| 11.6 | ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 8/23/2022 | $34,491 |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.7   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 9/19/2022 | $36,153 |
| 11.8   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 9/21/2022 | $86,955 |
| 11.9   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 10/18/2022 | $22,996 |
| 11.10   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 11/16/2022 | $54,083 |
| 11.11   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 12/16/2022 | $12,614 |
| 11.12   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 1/6/2023 | $34,878 |

**LTL Management LLC**                                                                      **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.13   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 2/23/2023 | $28,731 |
| 11.14   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 3/6/2023 | $32,473 |
| 11.15   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 3/13/2023 | $27,901 |
| 11.16   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 4/4/2023 | $148,070 |
| 11.17   BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 3/1/2022 | $50,502 |
| 11.18   BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 3/24/2022 | $146,845 |

**LTL Management LLC**                                                                                    **Case Number:  23-12825 (MBK)**

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.19  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 4/20/2022 | $201,766 |
| 11.20  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 6/8/2022 | $226,864 |
| 11.21  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 7/7/2022 | $114,294 |
| 11.22  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 7/18/2022 | $146,662 |
| 11.23  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 7/18/2022 | $90,657 |
| 11.24  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 8/23/2022 | $133,705 |

**LTL Management LLC**                                                              **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.25  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 9/21/2022 | $154,381 |
| 11.26  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 9/23/2022 | $141,200 |
| 11.27  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 11/4/2022 | $407,775 |
| 11.28  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 12/7/2022 | $747,599 |
| 11.29  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 1/9/2023 | $745,365 |
| 11.30  BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 2/21/2023 | $414,472 |

**LTL Management LLC**                                                                     **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.31   BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 3/6/2023 | $344,190 |
| 11.32   BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 3/13/2023 | $446,755 |
| 11.33   BATES WHITE, LLC<br>2001 K ST NW, NORTH BLDG, STE 500<br>WASHINGTON, DC 20006 | | | | 4/4/2023 | $1,829,466 |
| 11.34   BLAKE CASSELS GRAYDON LLP<br>GORDON MCKEE<br>199 BAY STREET SUITE 4000<br>COMMERCE COURT WEST<br>TORONTO, ON M5L 1A9<br>CANADA | | | | 3/24/2022 | $156,992 |
| 11.35   BLAKE CASSELS GRAYDON LLP<br>GORDON MCKEE<br>199 BAY STREET SUITE 4000<br>COMMERCE COURT WEST<br>TORONTO, ON M5L 1A9<br>CANADA | | | | 4/7/2022 | $1,069 |

**LTL Management LLC**                                                                 **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.36   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 4/7/2022 | $78,520 |
| 11.37   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 4/20/2022 | $67,334 |
| 11.38   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 5/20/2022 | $41,146 |
| 11.39   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 6/27/2022 | $18,943 |

**LTL Management LLC**                                                                 **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.40   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 7/18/2022 | $25,771 |
| 11.41   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 7/18/2022 | $30,923 |
| 11.42   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 11/18/2022 | $2,813 |
| 11.43   BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 12/19/2022 | $10,131 |

**LTL Management LLC**                                                                                  **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.44 BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 2/8/2023 | $4,141 |
| 11.45 BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 2/21/2023 | $4,041 |
| 11.46 BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 3/10/2023 | $6,435 |
| 11.47 BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 3/27/2023 | $13,583 |

**LTL Management LLC**                                                          **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.48  BLAKE CASSELS GRAYDON LLP GORDON MCKEE 199 BAY STREET SUITE 4000 COMMERCE COURT WEST TORONTO, ON M5L 1A9 CANADA | | | | 4/4/2023 | $292,955 |
| 11.49  EPIQ CORPORATE RESTRUCTURING LLC 757 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | | | | 4/20/2022 | $148,102 |
| 11.50  EPIQ CORPORATE RESTRUCTURING LLC 757 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | | | | 5/20/2022 | $103,145 |
| 11.51  EPIQ CORPORATE RESTRUCTURING LLC 757 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | | | | 6/17/2022 | $80,779 |
| 11.52  EPIQ CORPORATE RESTRUCTURING LLC 757 THIRD AVENUE 12TH FLOOR NEW YORK, NY 10017 | | | | 7/18/2022 | $126,369 |

**LTL Management LLC**                                                                                   **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
| --- | --- |

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
| --- | --- | --- | --- | --- | --- |
| 11.53    EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 8/23/2022 | $155,877 |
| 11.54    EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 9/15/2022 | $68,197 |
| 11.55    EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 10/18/2022 | $54,650 |
| 11.56    EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 11/16/2022 | $64,541 |
| 11.57    EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 12/16/2022 | $81,082 |

**LTL Management LLC**                                                          **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.58  EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 1/13/2023 | $67,395 |
| 11.59  EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 2/23/2023 | $49,718 |
| 11.60  EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 3/20/2023 | $54,427 |
| 11.61  EPIQ CORPORATE RESTRUCTURING LLC<br>757 THIRD AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10017 | | | | 4/4/2023 | $190,000 |
| 11.62  HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH ST NW<br>WASHINGTON, DC 20004 | | | | 11/16/2022 | $591,223 |

**LTL Management LLC**                                                                   **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.63 HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH ST NW<br>WASHINGTON, DC 20004 | | | | 12/23/2022 | $959,493 |
| 11.64 HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH ST NW<br>WASHINGTON, DC 20004 | | | | 3/20/2023 | $276,534 |
| 11.65 HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH ST NW<br>WASHINGTON, DC 20004 | | | | 4/4/2023 | $563,953 |
| 11.66 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 4/20/2022 | $3,566,718 |
| 11.67 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 6/8/2022 | $2,726,198 |
| 11.68 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 7/7/2022 | $2,657,328 |

**LTL Management LLC**                                                                   **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.69 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 7/18/2022 | $2,282,451 |
| 11.70 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 7/18/2022 | $1,729,928 |
| 11.71 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 9/19/2022 | $1,458,856 |
| 11.72 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 9/21/2022 | $2,895,751 |
| 11.73 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 10/24/2022 | $1,517,400 |
| 11.74 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 11/16/2022 | $1,345,638 |

**LTL Management LLC**                                                                                      **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.75 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 11/30/2022 | $1,186,870 |
| 11.76 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 12/23/2022 | $767,575 |
| 11.77 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 3/6/2023 | $1,099,703 |
| 11.78 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 3/17/2023 | $872,912 |
| 11.79 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 3/28/2023 | $928,655 |
| 11.80 JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 3/28/2023 | $858,184 |

**LTL Management LLC**                                                                 **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.81  JONES DAY<br>2727 N. HARWOOD STREET<br>DALLAS, TX 75201 | | | | 4/4/2023 | $5,850,788 |
| 11.82  KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 4/7/2022 | $163,891 |
| 11.83  KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 4/28/2022 | $95,284 |
| 11.84  KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 6/29/2022 | $146,679 |
| 11.85  KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 7/18/2022 | $109,808 |

**LTL Management LLC**                                                                                      **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.86  KING SPALDING LLP 1185 AVENUE OF THE AMERICAS 34TH FLOOR NEW YORK, NY 10036-2601 | | | | 7/18/2022 | $22,768 |
| 11.87  KING SPALDING LLP 1185 AVENUE OF THE AMERICAS 34TH FLOOR NEW YORK, NY 10036-2601 | | | | 9/2/2022 | $65,651 |
| 11.88  KING SPALDING LLP 1185 AVENUE OF THE AMERICAS 34TH FLOOR NEW YORK, NY 10036-2601 | | | | 9/22/2022 | $37,389 |
| 11.89  KING SPALDING LLP 1185 AVENUE OF THE AMERICAS 34TH FLOOR NEW YORK, NY 10036-2601 | | | | 11/16/2022 | $41,410 |
| 11.90  KING SPALDING LLP 1185 AVENUE OF THE AMERICAS 34TH FLOOR NEW YORK, NY 10036-2601 | | | | 12/20/2022 | $76,732 |

**LTL Management LLC**                                                    **Case Number: 23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.91   KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 1/20/2023 | $56,702 |
| 11.92   KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 3/6/2023 | $41,997 |
| 11.93   KING SPALDING LLP<br>1185 AVENUE OF THE AMERICAS<br>34TH FLOOR<br>NEW YORK, NY 10036-2601 | | | | 4/4/2023 | $2,337,088 |
| 11.94   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 4/20/2022 | $59,049 |
| 11.95   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 5/20/2022 | $65,089 |

**LTL Management LLC**                                                                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.96   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 6/29/2022 | $46,570 |
| 11.97   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 7/18/2022 | $36,192 |
| 11.98   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 7/18/2022 | $45,850 |
| 11.99   MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 8/12/2022 | $39,593 |
| 11.100  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 8/23/2022 | $42,329 |

**LTL Management LLC**

**Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.101   MCCARTER ENGLISH, LLP FOUR GATEWAY CENTER 100 MULBERRY SREET NEWARK, NJ 7102 | | | | 9/14/2022 | $28,105 |
| 11.102   MCCARTER ENGLISH, LLP FOUR GATEWAY CENTER 100 MULBERRY SREET NEWARK, NJ 7102 | | | | 9/15/2022 | $45,829 |
| 11.103   MCCARTER ENGLISH, LLP FOUR GATEWAY CENTER 100 MULBERRY SREET NEWARK, NJ 7102 | | | | 9/20/2022 | $4,111 |
| 11.104   MCCARTER ENGLISH, LLP FOUR GATEWAY CENTER 100 MULBERRY SREET NEWARK, NJ 7102 | | | | 9/21/2022 | $42,473 |
| 11.105   MCCARTER ENGLISH, LLP FOUR GATEWAY CENTER 100 MULBERRY SREET NEWARK, NJ 7102 | | | | 10/18/2022 | $67,477 |

**LTL Management LLC**                                                                          **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.106  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 11/18/2022 | $48,241 |
| 11.107  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 12/12/2022 | $18,928 |
| 11.108  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 1/17/2023 | $17,116 |
| 11.109  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 2/22/2023 | $24,274 |
| 11.110  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 3/6/2023 | $13,280 |

**LTL Management LLC**                                                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.111  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 3/6/2023 | $47,485 |
| 11.112  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 3/20/2023 | $45,383 |
| 11.113  MCCARTER ENGLISH, LLP<br>FOUR GATEWAY CENTER<br>100 MULBERRY SREET<br>NEWARK, NJ 7102 | | | | 4/4/2023 | $597,494 |
| 11.114  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 6/29/2022 | $342,974 |
| 11.115  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 7/7/2022 | $70,526 |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.116  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 8/12/2022 | $98,955 |
| 11.117  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 9/20/2022 | $83,188 |
| 11.118  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 10/18/2022 | $107,942 |
| 11.119  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 11/2/2022 | $42,008 |

**LTL Management LLC**                                                                                              **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.120  SHOOK HARDY BACON LLP JP MORGAN CHASE TOWER 600 TRAVIS STREET SUITE 3400 HOUSTON, TX 77002 | | | | 12/7/2022 | $143,074 |
| 11.121  SHOOK HARDY BACON LLP JP MORGAN CHASE TOWER 600 TRAVIS STREET SUITE 3400 HOUSTON, TX 77002 | | | | 1/6/2023 | $16,324 |
| 11.122  SHOOK HARDY BACON LLP JP MORGAN CHASE TOWER 600 TRAVIS STREET SUITE 3400 HOUSTON, TX 77002 | | | | 2/21/2023 | $29,708 |
| 11.123  SHOOK HARDY BACON LLP JP MORGAN CHASE TOWER 600 TRAVIS STREET SUITE 3400 HOUSTON, TX 77002 | | | | 3/7/2023 | $125,533 |

**LTL Management LLC**                                                                          **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.124  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 3/13/2023 | $26,150 |
| 11.125  SHOOK HARDY BACON LLP<br>JP MORGAN CHASE TOWER<br>600 TRAVIS STREET<br>SUITE 3400<br>HOUSTON, TX 77002 | | | | 4/4/2023 | $375,140 |
| 11.126  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 4/20/2022 | $665,289 |
| 11.127  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 5/9/2022 | $167,559 |

**LTL Management LLC**                                                                                      **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
| --- | --- |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
| --- | --- | --- | --- | --- | --- |
| 11.128  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 6/17/2022 | $25,311 |
| 11.129  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 7/7/2022 | $124,523 |
| 11.130  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 7/18/2022 | $182,114 |
| 11.131  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 8/23/2022 | $197,305 |

LTL Management LLC                                                                      Case Number:  23-12825 (MBK)

| Part 6: | Certain Payments or Transfers |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.132  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 9/15/2022 | $97,752 |
| 11.133  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 9/22/2022 | $157,237 |
| 11.134  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 10/21/2022 | $152,644 |
| 11.135  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 11/16/2022 | $221,280 |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

---

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

---

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.136  SKADDEN ARPS SLATE MEAGHER FLOM, LLC RICHARD T. BERNARDO ONE MANHATTAN WEST NEW YORK, NY 10001-8602 | | | | 12/20/2022 | $64,974 |
| 11.137  SKADDEN ARPS SLATE MEAGHER FLOM, LLC RICHARD T. BERNARDO ONE MANHATTAN WEST NEW YORK, NY 10001-8602 | | | | 1/17/2023 | $24,201 |
| 11.138  SKADDEN ARPS SLATE MEAGHER FLOM, LLC RICHARD T. BERNARDO ONE MANHATTAN WEST NEW YORK, NY 10001-8602 | | | | 2/21/2023 | $161,631 |
| 11.139  SKADDEN ARPS SLATE MEAGHER FLOM, LLC RICHARD T. BERNARDO ONE MANHATTAN WEST NEW YORK, NY 10001-8602 | | | | 3/6/2023 | $138,356 |

**LTL Management LLC**                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.140  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 3/28/2023 | $243,724 |
| 11.141  SKADDEN ARPS SLATE MEAGHER FLOM, LLC<br>RICHARD T. BERNARDO<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602 | | | | 4/4/2023 | $2,009,226 |
| 11.142  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 5/9/2022 | $83,185 |
| 11.143  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 6/28/2022 | $151,256 |
| 11.144  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 7/18/2022 | $41,650 |

**LTL Management LLC**                                                                       **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.145  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 7/18/2022 | $58,370 |
| 11.146  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 7/18/2022 | $74,113 |
| 11.147  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 9/22/2022 | $58,262 |
| 11.148  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 10/3/2022 | $100,345 |
| 11.149  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 11/16/2022 | $26,914 |

**LTL Management LLC**                                                                                   **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.150   WEIL, GOTSHAL MANGES, LLP DIANE P. SULLIVAN 767 FIFTH AVENUE NEW YORK, NY 10153 | | | | 11/21/2022 | $20,021 |
| 11.151   WEIL, GOTSHAL MANGES, LLP DIANE P. SULLIVAN 767 FIFTH AVENUE NEW YORK, NY 10153 | | | | 2/10/2023 | $20,852 |
| 11.152   WEIL, GOTSHAL MANGES, LLP DIANE P. SULLIVAN 767 FIFTH AVENUE NEW YORK, NY 10153 | | | | 3/13/2023 | $21,667 |
| 11.153   WEIL, GOTSHAL MANGES, LLP DIANE P. SULLIVAN 767 FIFTH AVENUE NEW YORK, NY 10153 | | | | 3/13/2023 | $25,818 |
| 11.154   WEIL, GOTSHAL MANGES, LLP DIANE P. SULLIVAN 767 FIFTH AVENUE NEW YORK, NY 10153 | | | | 3/15/2023 | $3,618 |

**LTL Management LLC**                                                                    **Case Number:  23-12825 (MBK)**

| **Part 6:** | **Certain Payments or Transfers** |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.155  WEIL, GOTSHAL MANGES, LLP<br>DIANE P. SULLIVAN<br>767 FIFTH AVENUE<br>NEW YORK, NY 10153 | | | | 4/4/2023 | $270,548 |
| 11.156  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 4/7/2022 | $281,860 |
| 11.157  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 5/9/2022 | $243,388 |
| 11.158  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 6/17/2022 | $158,400 |
| 11.159  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 7/18/2022 | $138,382 |

**LTL Management LLC**                                                                     **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.160  WOLLMUTH MAHER DEUTSCH LLP 500 FIFTH AVENUE 12TH FLOOR NEW YORK, NY 10110 | | | | 7/18/2022 | $130,504 |
| 11.161  WOLLMUTH MAHER DEUTSCH LLP 500 FIFTH AVENUE 12TH FLOOR NEW YORK, NY 10110 | | | | 8/12/2022 | $165,222 |
| 11.162  WOLLMUTH MAHER DEUTSCH LLP 500 FIFTH AVENUE 12TH FLOOR NEW YORK, NY 10110 | | | | 9/19/2022 | $155,375 |
| 11.163  WOLLMUTH MAHER DEUTSCH LLP 500 FIFTH AVENUE 12TH FLOOR NEW YORK, NY 10110 | | | | 9/22/2022 | $160,145 |
| 11.164  WOLLMUTH MAHER DEUTSCH LLP 500 FIFTH AVENUE 12TH FLOOR NEW YORK, NY 10110 | | | | 10/6/2022 | $109,357 |

**LTL Management LLC**

**Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.165  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 11/16/2022 | $116,400 |
| 11.166  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 1/6/2023 | $169,501 |
| 11.167  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 2/21/2023 | $101,258 |
| 11.168  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 3/6/2023 | $101,372 |
| 11.169  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 4/4/2023 | $178,484 |

**LTL Management LLC**                                                                                                          **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.170  WOLLMUTH MAHER DEUTSCH LLP<br>500 FIFTH AVENUE<br>12TH FLOOR<br>NEW YORK, NY 10110 | | | | 4/4/2023 | $599,759 |

**LTL Management LLC**                                                  **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years
before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|---|---|---|---|---|
| 12.1      NONE | | | | $0 |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  | TOTAL | $0 |
|---|---|---|---|

**LTL Management LLC**                                      **Case Number:  23-12825 (MBK)**

| **Part 7:** | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.I      NONE | From: _____  To: _____ |

**LTL Management LLC**                                    **Case Number:  23-12825 (MBK)**

| **Part 8:** | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1    NONE | | | | ☐ Electronic<br>☐ Paper |

**LTL Management LLC**                                           **Case Number:  23-12825 (MBK)**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

      ☐ No

      ☐ Yes

**LTL Management LLC**                                                      **Case Number:  23-12825 (MBK)**

| Part 9: | Personally Identifiable Information |
|---------|-----------------------------------|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes.  Fill in below:

Describe: _____     EIN: _____

Has the plan been terminated?

☐ No
☐ Yes

**LTL Management LLC**                                                          **Case Number:  23-12825 (MBK)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|------------------------------------------------------------------|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|----------------------------------------|------------------------------|-----------------|-----------------|--------------|
| 18.1   NONE | | | | |

**LTL Management LLC**                                     **Case Number:  23-12825 (MBK)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|-------------------------------------------------------------------|

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|------------------------------------------|-----------------------------------------------|-----------------------------|----------------------------|
| 19.1    NONE |  |  | ☐ No<br>☐ Yes |

**LTL Management LLC**                                      **Case Number:  23-12825 (MBK)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1    IRON MOUNTAIN<br>1 FEDERAL STREET<br>BOSTON, MA 02110 | OFFICERS OF THE DEBTOR, INCLUDING JOHN KIM AS CHIEF LEGAL OFFICER, AND ANYONE AUTHORIZED BY SUCH OFFICERS | NOT AVAILABLE | VARIOUS DOCUMENTS | ☐ No<br>☑ Yes |

**LTL Management LLC**                                                  **Case Number:  23-12825 (MBK)**

| **Part 11:** | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**LTL Management LLC**                                                     **Case Number:  23-12825 (MBK)**

| **Part 12:** | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22.1   NONE | | | |

**LTL Management LLC**                                                                                    **Case Number:  23-12825 (MBK)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23.1   NONE | | | |

**LTL Management LLC**                                                                                          **Case Number:  23-12825 (MBK)**

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1   NONE | | | |

**LTL Management LLC**                                          **Case Number:  23-12825 (MBK)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| | Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|---|
| | | | *Do not include SSN or ITIN* | |
| 25.1 | ROYALTY A&M LLC<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | OWNER OF A PORTFOLIO OF ROYALTY REVENUE STREAMS | 87-3047304 | 10/7/2021 -    4/4/2023 |

**LTL Management LLC**                                      **Case Number:  23-12825 (MBK)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | | | |
|---|---|---|---|---|---|
| 26a.1 | RICHARD DICKINSON - MANAGER AND CHIEF FINANCIAL OFFICER AND TREASURER<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | From: | 10/12/2021 | To: | 4/4/2023 |

**LTL Management LLC**                                              **Case Number:  23-12825 (MBK)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | | |
|---|---|---|---|---|
| 26b.1  RICHARD DICKINSON - MANAGER AND CHIEF FINANCIAL OFFICER AND TREASURER<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | From: | 10/12/2021 | To: | 4/4/2023 |

**LTL Management LLC**                                    **Case Number:  23-12825 (MBK)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
| --- | --- |
| 26c.1   JOHN KIM - CHIEF LEGAL OFFICER AND SECRETARY 501 GEORGE STREET NEW BRUNSWICK, NJ  08933 | |
| 26c.2   RICHARD DICKINSON - MANAGER AND CHIEF FINANCIAL OFFICER AND TREASURER 501 GEORGE STREET NEW BRUNSWICK, NJ  08933 | |

**LTL Management LLC**                                              **Case Number:  23-12825 (MBK)**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

---

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| **Name and Address** |
| --- |
| 26d.1    REFER TO GLOBAL NOTES |

**LTL Management LLC**                                      **Case Number:  23-12825 (MBK)**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1   NONE | | | | |

**LTL Management LLC**                                                                    **Case Number:  23-12825 (MBK)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1  JOHN KIM<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | CHIEF LEGAL OFFICER AND SECRETARY | 0.00% |
| 28.2  JOHNSON & JOHNSON HOLDCO (NA) INC.<br>1 JOHNSON AND JOHNSON PLZ<br>NEW BRUNSWICK, NJ 08933 | PARENT ENTITY | 100.00% |
| 28.3  RICHARD DICKINSON<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | MANAGER AND CHIEF FINANCIAL OFFICER AND TREASURER | 0.00% |
| 28.4  ROBERT WUESTHOFF<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | MANAGER AND PRESIDENT | 0.00% |
| 28.5  RUSSELL C. DEYO<br>501 GEORGE STREET<br>NEW BRUNSWICK, NJ  08933 | MANAGER | 0.00% |

**LTL Management LLC**                                          **Case Number:  23-12825 (MBK)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1   NONE | | From: _____   To: _____ |

**LTL Management LLC**                                              **Case Number:  23-12825 (MBK)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|-------------------------------------------------------------------|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    SEE STATEMENT QUESTION 4 | $0 | | |
| TOTAL | $0 | | |

| | | | |
|---|---|---|---|
| TOTAL | $0 | | |

**LTL Management LLC**                                   **Case Number:  23-12825 (MBK)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31. I   JOHNSON & JOHNSON | EIN:    22-1024240 |

**LTL Management LLC**                                                    **Case Number:  23-12825 (MBK)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. l    NONE | EIN: |

**LTL Management LLC**                                    **Case Number:  23-12825 (MBK)**

| Part 14: | Signature and Declaration |
|----------|---------------------------|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:**    May 5, 2023


**Signature:**    /s/  Richard Dickinson                         Richard Dickinson, Manager and Chief Financial Officer and Treasurer

                                                                  **Name and Title**


Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

         No

   X   Yes