MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson*
*and Certain Mesothelioma Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) |
| | ) |
| LTL MANAGEMENT LLC, | ) BK Case: 23-12825-MBK |
| | ) |
| Debtor. | ) |

**MRHFM'S[1] OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (I) SCHEDULING HEARING ON APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHING DISCLOSURE STATEMENT OBJECTION DEADLINE; AND (II) GRANTING RELATED RELIEF (DKT. 240)**

The Third Circuit held that LTL Management was a bad faith debtor (*see LTL Mgmt., LLC*, 64 F.4th 84 (3d Cir. 2023)) and bad faith debtors can't propose plans of reorganization. *See* 11 U.S.C. § 1129(a)(3). Chapter 11's "safe harbor" was closed to LTL because the Circuit—as this Court must—started and stayed with "good faith." *LTL*

---

[1] Maune Raichle Hartley French & Mudd, LLC only represents mesothelioma victims, including over seventy-nine plaintiffs with filed cases in state court. In approximately half of these cases the Firm is co-counsel with Levy Konigsberg. MRHFM plaintiffs include plaintiff Katherine Tollefson.

1

*Mgmt.*, 64 F.4th at 93. Unsupported (or even true) assertions of "claimant" support mean nothing. Bad faith and fraud don't have "unless 76% agree" exceptions.

The Office of the United States Trustee ("UST") is among those opposing LTL's second bad faith bankruptcy. In response, Johnson & Johnson has broadened its smear campaign beyond the "plaintiff's bar." The Company issued the below on Tuesday (Ex. 1):

> **Statement on United States Trustee Motion to Dismiss**
>
> May 2, 2023 - Statement from Erik Haas, Worldwide Vice President of Litigation, Johnson & Johnson:
>
> The Trustee's motion repeats the positions of the small minority of law firms that oppose the plan, whose counsel testified that they entered into a common interest fee agreement with the agency. We consider more compelling the views of the vast majority of the claimants' law firms who support the proposed reorganization plan.
>
> We are engaging in a legitimate and appropriate use of the bankruptcy process, and look forward to letting all the claimants vote on the proposed plan, which presents an equitable, efficient and complete resolution.

*What?*[2] Mr. Haas has been in court each day, he knows this—plaintiff's firms having a *fee* agreement with the UST—is untrue, and he said it anyway.[3] This can only be seen as a public attack on the UST's independence as part of Johnson & Johnson's ongoing effort to "overcome the tort system."

---

[2] Available (for now) at: *https://www.factsabouttalc.com/_document/statement-on-united-states-trustee-motion-todismiss?id=00000187-dd25-d1d3-add7-dd2596bf0000*

[3] While there was a discussion at the April 18th hearing about whether a "common interest" privilege existed between the UST and the TCC related to Mr. Molton's deposition testimony, Ms. Richendorfer, from the UST's office, said: "I don't know the basis of the common interest privilege. Let me tell you this. I have entered into no common interest agreement with the TCC." Ex. 2, Tr. 4/18/23, pg. 14. That, however, is not what Mr. Haas is saying. Mr. Haas said a *fee* agreement exists with the UST.

2

The Attorney General appoints United States Trustees to supervise the administration of cases (28 U.S.C. §§ 581-589a) and "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977). Given that J&J is pro-fraud and pro-dishonesty, this conflict was inevitable.

The Debtor's plan requires that Johnson & Johnson receive a permanent injunction. This Bankruptcy Court will *never* have power to do this, so the Court must deny LTL access to bankruptcy's "safe harbor" now.[4] This includes denying the present disclosure statement motion.

Respectfully submitted:

**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com

---

[4] MRHFM joins the objections filed by the TCC (Dkt. 413) and the United States Trustee (Dkt. 448) to the Debtor's Motion (Dkt. 240). In the interests of judicial economy MRHFM will not repeat the well asserted objections and adopts them all here.

# EXHIBIT 1

**Statement on United States Trustee Motion to Dismiss**

May 2, 2023 - Statement from Erik Haas, Worldwide Vice President of Litigation, Johnson & Johnson:

The Trustee's motion repeats the positions of the small minority of law firms that oppose the plan, whose counsel testified that they entered into a common interest fee agreement with the agency. We consider more compelling the views of the vast majority of the claimants' law firms who support the proposed reorganization plan.

We are engaging in a legitimate and appropriate use of the bankruptcy process, and look forward to letting all the claimants vote on the proposed plan, which presents an equitable, efficient and complete resolution.

# EXHIBIT 2

```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEW JERSEY

IN RE:                           .    Case No. 23-12825(MBK)
                                 .
LTL MANAGEMENT LLC,              .
                                 .    U.S. Courthouse
          Debtor.                .    402 East State Street
                                 .    Trenton, NJ 08608
. . . . . . . . . . . . . . . .  .
                                 .
LTL MANAGEMENT LLC,              .    Adv. No. 23-01092(MBK)
                                 .
          Plaintiff,             .
                                 .
     v.                          .
                                 .
THOSE PARTIES LISTED ON          .
APPENDIX A TO COMPLAINT AND      .
JOHN AND JANE DOES 1-1000,       .
                                 .
          Defendants.            .    Tuesday, April 18, 2023
. . . . . . . . . . . . . . . .       10:00 a.m.
```

TRANSCRIPT OF HEARING ON
MEMORANDUM OF LAW IN SUPPORT OF MOTION BY MOVANT ANTHONY
HERNANDEZ VALADEZ FOR AN ORDER (I) GRANTING RELIEF FROM THE
AUTOMATIC STAY, SECOND AMENDED EX PARTY TEMPORARY RESTRAINING
ORDER, AND ANTICIPATED PRELIMINARY INJUNCTION, AND (II) WAIVING
THE FOURTEEN-DAY STAY UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 4001(a)(3) [DOCKET 71]; AND DEBTOR'S MOTION FOR AN
ORDER (I) DECLARING THAT THE AUTOMATIC STAY APPLIES OR EXTENDS
TO CERTAIN ACTIONS AGAINST NON DEBTORS OR (II) PRELIMINARILY
ENJOINING SUCH ACTIONS AND (III) GRANTING A TEMPORARY
RESTRAINING ORDER EX PARTE PENDING A HEARING ON A PRELIMINARY
INJUNCTION [ADVERSARY DOCKET 2]; AND MOTION TO SEAL; AND
SERVICE PROCEDURES MOTION

**BEFORE THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE**

Audio Operator:                       Kiya Martin

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1  appropriate.  We have a concern we won't get done without the
2  time limits, but obviously we recognize that's up to Your
3  Honor.
4           THE COURT:  All right.  Thank you.
5           MR. GORDON:  Thank you.
6           THE COURT:  Ms. Richenderfer?
7           MS. RICHENDERFER:  Your Honor, I hate to arise again,
8  but I was not on for most of Mr. Molton's deposition last
9  night.  I was on for only a very small portion of it because I
10 was preparing for today's hearing.  I don't know the basis of
11 the common interest privilege.
12          Let me tell you this.  I have entered into no common
13 interest agreement with the TCC.  And the Office of the United
14 States Trustee remains open to hear from all parties, and we do
15 get calls from all parties.  I don't know again what the basis
16 was.  And if I recall correctly the little bit that's been
17 reported to me and that I heard, I don't think the questions
18 even went to the issue of the preliminary injunction and
19 questions that there may have been with the U.S. Trustee
20 conversations.
21          So I do take exception to that.  It's been a very
22 contentious week.  And they're trying to drag the U.S. Trustee
23 into it, and we object to that, Your Honor.  And I just needed
24 to address that.  Thank you, Your Honor.
25          THE COURT:  All right.  Thank you.