MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson
and Certain Mesothelioma Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LTL MANAGEMENT LLC, | ) | BK Case: 23-12825-MBK |
| | ) | |
| Debtor. | ) | |

## MRHFM'S OBJECTION TO MEDIATION AND APPOINTMENT OF GARY RUSSO

LTL Management is a bad faith debtor. *LTL Mgmt., LLC*, 64 F.4th 84, 93 (3d Cir. 2023). A fraudulent transfer and then a second petition, filed in open defiance of the Third Circuit's ruling—and premised on an "agreement" facilitated at least in part by mediator Gary Russo[1]—don't cleanse LTL of its bad faith sins. Nor does it endear Mr. Russo to MRHFM's plaintiffs, who have already been wrongly deprived of their Constitutional

---

[1] Mr. Russo and Ms. Randi Ellis are likely fact witnesses to the fraudulent transfers committed by Johnson & Johnson and LTL given their participation in the continuing negotiations between the Debtor and certain law firms. *See* Kim Decl. ¶ 72 (Adv. Pro. Dkt. 4)(referencing the continuing involvement of the "mediators").

1

rights for over 18 months. Absent Mr. Russo's "assistance" after January 30th (when the Circuit vindicated the sick people's "fundamental rights"), this second bad faith bankruptcy may not have even happened. MRHFM joins the arguments against Mr. Russo's appointment advanced by plaintiff Paul Crouch. *See* Dkt. 437.

MRHFM's plaintiffs demand the full measure of damages they are entitled to under state law and jury access guaranteed them by the United States and state constitutions. J&J will never agree to this. A necessary condition of any "plan" agreeable to the Debtor is that non-debtor Johnson & Johnson receives a permanent injunction for its independent non-derivative state tort liability that caps plaintiffs' remedies and bars jury trials. Such a plan is contrary to binding precedent (*In re Combustion Eng'g, Inc.*, 391 F.3d 190, 237-238 (3d Cir. 2004)) and the Seventh Amendment of the United States Constitution.[2]

Therefore, because this Court lacks subject matter jurisdiction and because J&J requires and will only accept what no one has power to give it, mediation is pointless.

Respectfully submitted:

**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**

---

[2] Section 524(g) "provides no specific authority to extend a channeling injunction to include third-party actions against non-debtors where the liability alleged is not derivative of the debtor," and "the general powers of § 105(a) cannot be used to achieve a result not contemplated by the more specific provisions of § 524(g)." *Combustion Eng'g,* 391 F.3d at 236-37.

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com