UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

PAUL HASTINGS LLP
Kris Hansen (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
(212) 318-6400

-and-

Matthew M. Murphy (admitted *pro hac vice*)
Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 499-6018

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881985)
Seth Van Aalten *(admitted *pro hac vice*)*
Justin Alberto (admitted *pro hac vice*)
(201) 489-3000

PARKINS & RUBIO LLP
Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, Texas 77002
(713) 715-1666

*Counsel to Ad Hoc Committee of Supporting Counsel*

In re:

LTL MANAGEMENT, LLC,[1]

                Debtor.

Case No. 23-12825 (MBK)

Chapter 11

**Hearing Date and Time:
June 1, 2023 at 10:00 AM**

Judge: Michael B. Kaplan

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

66055/0001-45294116v5

**MOTION OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL TO FILE UNDER SEAL AND REDACT CERTAIN INFORMATION IN VERIFIED STATEMENT OF PAUL HASTINGS LLP, COLE SCHOTZ P.C., AND PARKINS & RUBIO LLP PURSUANT TO BANKRUPTCY RULE 2019**

The Ad Hoc Committee of Supporting Counsel (the "**AHC of Supporting Counsel**"), by and through its counsel, Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP, hereby moves (the "**Motion**") for entry of an order, pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court, District of New Jersey (the "**Local Rules**"), substantially in the form attached hereto as Exhibit A, authorizing the AHC of Supporting Counsel to file under seal its *Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* (the "**2019 Statement**") and to file a redacted version of the 2019 Statement that will be publicly available.[2] In support of this Motion, the AHC of Supporting Counsel respectfully states as follows:

**INTRODUCTION**

1. The AHC of Supporting Counsel requests that this Court enter an order, *inter alia*, (A) authorizing the AHC of Supporting Counsel to file under seal the 2019 Statement and file a redacted version of the 2019 Statement that will be publicly available, in accordance with Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1; and (B) granting the AHC of Supporting Counsel such other and further relief as this Court deems necessary and appropriate and consistent with the terms of this Motion.

---

[2] A redacted version of the 2019 Statement has been filed immediately prior to the filing of this Motion. An unredacted version of the 2019 Statement is being filed immediately after the filing of this Motion in accordance with this Court's procedures for the filing of sealed documents.

2

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J). The AHC of Supporting Counsel confirms its consent to this Court entering a final order in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested herein are sections 105(a) and 107 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

5.  This Motion is made in connection with the AHC of Supporting Counsel's *Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019*.

## BACKGROUND

6.  On April 4, 2023, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to products containing talc.

7.  In the Debtor's prior chapter 11 case filed on October 14, 2021 (the "**2021 Chapter 11 Case**"), this Court entered the *Order Compelling Compliance with Fed. R. Bankr. P. 2019* (the "**2021 Chapter 11 Case Order**"). *See In re LTL Mgmt. LLC*, No. 21-30589 (MBK) (Bankr. D.N.J.

3

May 25, 2022), Dkt. 2352.  Under the 2021 Chapter 11 Case Order, groups and committees of personal injury claimants were permitted (1) to file under seal Bankruptcy Rule 2019 statements and (2) to file redacted versions of Bankruptcy Rule 2019 statements that only included each claimant's first name and the first letter of their last name and redacted their last names, addresses, information about the disease for which their claims were asserted or expected to be asserted, and confidential information related to the fee arrangements in the documents that empowered committees to act on their behalf.  The 2021 Chapter 11 Case Order is the culmination of heavy motion practice and deliberation by key constituents in the 2021 Chapter 11 Case.

8.  Contemporaneously with the filing of this Motion, the AHC of Supporting Counsel filed under seal in unredacted form the 2019 Statement, which includes the full names of the claimants represented by members of the AHC of Supporting Counsel (the "**Claimants**"), their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and information about the diseases from which the Claimants suffer, as well as the form of engagement letter that empowers each member of the AHC of Supporting Counsel to act on behalf of their individual clients.

**REQUEST FOR RELIEF**

9.  By this Motion, the AHC of Supporting Counsel requests entry of an order, a copy of which is attached hereto as Exhibit A, authorizing it to file under seal the unredacted 2019 Statement and to file a redacted 2019 Statement that protects from public disclosure (1) the full last names of the Claimants (other than the first initial), their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and the diseases from which the Claimants suffer; and (2) any confidential information related to the fee arrangements contained

in the form of an engagement letter that will be attached to the 2019 Statement which authorizes each member of the AHC of Supporting Counsel to act on behalf of its individual clients.

10. The AHC of Supporting Counsel will provide unredacted copies of the 2019 Statement to the United States Trustee in accordance with Section 107(c)(3)(A) of the Bankruptcy Code, and the United States Trustee shall treat the 2019 Statement in accordance with Section 107(c)(3)(B) of the Bankruptcy Code.

## BASIS FOR RELIEF

11. This presumption of open access to judicial proceedings and records is codified in section 107 of the Bankruptcy Code. *See* 11 U.S.C. § 107(a). However, in limited circumstances the Bankruptcy Code empowers bankruptcy courts to limit the public's access by sealing documents that would normally be available to the public, or otherwise prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107; *see also In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (emphasizing that the public's right of access is not absolute); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same).

12. Section 107 of the Bankruptcy Code provides, in relevant part, that:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .
>
> * * * * * * * * * *
>
> (c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107. Furthermore, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

13. The AHC of Supporting Counsel files this motion to protect the rights and identities of the individual Claimants. The public disclosure of the full last names of the Claimants, their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and the diseases from which the Claimants suffer would almost certainly result in the release of sensitive health information, harassment, identity theft exposure, and other issues. Furthermore, any financial terms in the form of engagement letter are commercial information that is protected by Section 107(b) of the Bankruptcy Code, and there is no purpose in publicly filing the fee arrangements.

14. The relief sought in this Motion is entirely consistent with the 2021 Chapter 11 Case Order entered by this Court. The 2021 Chapter 11 Case Order was put into effect at the urging of the United States Trustee and after lengthy discussions among other key constituents in the 2021 Chapter 11 Case.

15. Based on the foregoing, the AHC of Supporting Counsel respectfully submits that sufficient cause exists for this Court to permit the 2019 Statement to be filed under seal and redacted pursuant to section 107 of the Bankruptcy Code.

**NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## WAIVER OF MEMORANDUM OF LAW

17. The AHC of Supporting Counsel respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the AHC of Supporting Counsel relies is set forth herein and this Motion does not raise any novel issues of law.

## NOTICE

18. Notice of this Motion will be given to: (1) counsel to the Debtor; (2) proposed counsel to the Talc Committee; (3) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (4) the proposed legal representative for future talc claimants and her counsel; and (4) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the AHC of Supporting Counsel respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 9, 2023                                **COLE SCHOTZ P.C.**

*/s/ Michael D. Sirota*
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881995)
Seth Van Aalten (admitted *pro hac vice*)
Justin Alberto (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, NJ 07602-0800
(201) 489-3000
Email:  msirota@coleschotz.com
           wusatine@coleschotz.com
           svanaalten@coleschotz.com
           jalberto@coleschotz.com

– and –

**PAUL HASTINGS LLP**

Kris Hansen (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email: krishansen@paulhastings.com

Matthew M. Murphy (admitted *pro hac vice*)
Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Email: mattmurphy@paulhastings.com
         mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Email: lparkins@parkinsrubio.com
         crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee of
Supporting Counsel*