| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 533-1112<br>*Proposed Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>And-<br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee*<br>*of Talc Claimants* |
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

## RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF
## TALC CLAIMANTS TO THE DEBTOR'S APPLICATIONS
## FOR RETENTION OF ITS PROPOSED PROFESSIONALS

The Official Committee of Talc Claimants (the "TCC"), duly appointed by the Office of the United States Trustee, hereby submits the following reservation of rights with regard to each of the Applications for Retention of Proposed Professionals (collectively, the "Retention Applications")[2] filed by LTL Management, LLC (hereinafter, the "LTL" or the "Debtor"):

1.      The TCC consists of eleven individual talc claimants and Blue Cross Blue Shield of Massachusetts duly appointed by the Office of the United States Trustee to act as a representative of, and fiduciary for, the interests of all creditors in this Chapter 11 case.

2.      On April 4, 2023 at 1:49 p.m., this Court entered an Order, pursuant to the mandate issued by the Third Circuit Court of Appeals, dismissing LTL's first Chapter 11 case [Docket #3938 in Case No. 21-30589].

3.      On April 4, 2023, the very same day that the first LTL Chapter 11 case was dismissed by this Court, at 4:00 p.m., the Debtor filed its second Chapter 11 case [Docket #1, Case No. 23-12825].

4.      Despite the fact that LTL had been continuously in Chapter 11 since October 14, 2021, LTL requested from this Court an extension of time to file its Schedules and Statement of Affairs [Docket #14].

5.      By Order dated April 13, 2023, this Court extended the Debtor's deadline for filing its Schedules and Statement of Affairs to May 5, 2023.

---

2      The Debtor has filed Applications for Retention of (i) Shook, Hardy & Bacon, L.L.P. as Special Counsel [Dkt. 419]; (ii) King & Spalding LLP as Special Counsel [Dkt. 420]; (iii), Bates White, LLC as Talc Consultant [Dkt. 421]; (iv) Blake, Cassels & Graydon LLP as Special Counsel [Dkt 422]; (v) Wollmuth Maher & Deutsch LLP as Counsel [Dkt. 423]; (vi) Skadden, Aarps, Slate, Meagher & Flom LLP as Special Counsel [Dkt. 424]; (vii) McCarter & English LLP as Special Counsel [Dkt. 425]; (viii) Epiq Corporate Restructuring, LLC as Solicitation and Balloting Agent [Dkt. 426]; (ix) Jones Day as Counsel [Dkt. 427]; (x) Weil, Gothsal & Manges LLP as Special Counsel [Dkt. 428]; (xi) AlixPartners, LLP as Financial Advisor [Dkt. 429]; and (xii) Orrick, Herrington & Sutcliffe LLP as Special Counsel [Dkt. 430] (collectively, the ("Proposed Professionals").

6.      On May 4, 2023 at 10:14 p.m., exactly 30 days after its second Chapter 11 filing, and one day before the Debtor was required to file its Schedules and Statement of Affairs, the Debtor filed twelve separate Retention Applications for retention of its Proposed Professionals.

7.      Each of the Debtor's Retention Applications set forth payments received by the respective Proposed Professional prior to the second Chapter 11 filing.  For example, with regard to the firm of Bates White, the application for retention sets forth as follows:

> In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Bates White $1,829,466.10 via wire transfer (the "Payment").  This amount comprises of (a) $1,529,466.10 on account of actual and estimated fees and expenses incurred but not yet paid in the 2021 Chapter 11 case through the entry of the Dismissal Order (the "Pre-Dismissal Amount"), and (b) $300,000.00 for Bates White's estimated fees and expenses following dismissal of the 2021 Chapter 11 case and prior to the commencement of this Chapter 11 case (the "Post-Dismissal Amount").  The payment was applied to all of Bates White's Pre-Dismissal Amounts and Post-Dismissal Amounts.  Accordingly, as of the petition date, Bates White was not owed any amount by the Debtor.

8.      With regard to Jones Day, the application for retention sets forth:

> As set forth in the Certification of Gregory M. Gordon and the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order, and prior to the commencement of this Chapter 11 case, Jones Day received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 case.  See Cert. of Gregory M. Gordon attached hereto as Exhibit C; Disclosure of Compensation attached hereto as Exhibit D.  In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Jones Day $5,850,787.70 by wire transfer (the "Payment").  This amount comprises (a) $5,345,787.70 on account of actual and estimated fees and expenses incurred but not yet paid in the 2021 Chapter 11 case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"), and (b) $505,000.00 for Jones Day's estimated fees and expenses incurred following the dismissal of the 2021 case and prior to the commencement of this Chapter 11 case (the "Post-Dismissal Amounts").  The payment was applied to the Pre-Dismissal Amounts and Post-Dismissal Amounts prior to the commencement of this Chapter 11 case.  Accordingly, as of the petition date, Jones Day was not allowed any amounts by the Debtor.

9.      On May 5, 2023, this time at 11:04 p.m., the Debtor filed its Schedules and Statement of Affairs.  The Schedules and Statement of Affairs reflect that the only payments the Debtor made on April 4, 2023 were the payments apparently made during the 2 hour and 11 minute gap between dismissal of

3

LTLI and filing of LTLII to the Debtor's Proposed Professionals, totaling in excess of $15 million (the "Prepetition Debtor Fee Payments").

10.     No explanation is provided in the Retention Applications as to how it could be humanly possible for Bates White to generate $300,000.00 in fees for the two hour and 11 minute gap period, or for Jones Day to generate $500,000.00 in fees for that gap period.

11.     In each of the Retention Applications, the Debtor justifies these payments on April 4, 2023 to the Debtor's professionals as "pursuant to the Dismissal Order" and asserts that each professional has provided a fee statement to the Debtor.  On May 6, 2023, TCC's counsel requested unredacted copies of such fee statements.  The TCC has yet to receive a response to the request.

12.     Each of the applications for retention also contains the following language:

> In addition, the Debtor was solvent at the time it made this payment to Jones Day.  See LTL, 64 F.4th at 108. ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future".)  See also, April 18, 2023 hearing TR. 62-21-25 [the Debtor's Chief legal officer testifying that Johnson & Johnson Holdco NA, Inc. ("Holdco"), the party to the Funding Agreement with the Debtor is valued at around $30 billion]; Id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion). [See Docket #427, pages 5-6].

13.     To justify the payments the Debtor made to its professionals during the two hour and 11 minute gap between the dismissal of LTLI and the filing of LTLII, the Debtor's counsel cites with approval the finding of the Third Circuit Court of Appeals that the Debtor "was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future", yet the Debtor continues to assert that on April 4, 2023 at 4:00 p.m., the Debtor was in immediate financial distress.  Obviously, both of the foregoing statements cannot be true.

14.     After a significant amount of badgering by the TCC counsel, the Debtor finally filed a motion for the payment of fees owed to the other estate professionals fees in LTLI.  That motion is returnable on May 22, 2023.

15.     The TCC is aware that the Office of the United States Trustee has requested from the Debtor's counsel an extension of time to object to the Retention Applications of the Debtor's Proposed Professionals.

16.     The TCC is also aware that the Office of the United States Trustee is opposed to any interim retentions in Chapter 11 cases.

17.     Discovery will be ongoing in connection with the motion to dismiss trial, which will certainly shed light on the events prior to April 4, 2023 and during the 2 hour and 11 minute period between dismissal of LTLI and the filing of LTLII.

18.     Based upon the foregoing, the TCC reserves its right to seek to modify or vacate orders of retention for the Debtor's professionals once it has conducted its full discovery into the recently disclosed Prepetition Debtor Fee Payments, together with such other and further relief as is just and equitable.

Dated:  May 11, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**


By:_ /s/  Daniel M. Stolz_____
        Daniel M. Stolz, Esq.
        Donald W. Clarke, Esq.
        dstolz@genovaburns.com
        dclarke@genovaburns.com
        110 Allen Road, Suite 304
        Basking Ridge, NJ 07920

*Proposed Local Counsel to the*
*Official Committee of Talc Claimants*

65028038 v3-WorkSiteUS-039535/0001