**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[2]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>May 16, 2023 at 11:30 a.m. |

## DEBTOR'S CROSS-MOTION FOR PROTECTIVE ORDER

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), submits this cross-motion (the "Cross-Motion") in response to the *Motion for Entry of a Protective Order* [Dkt. 439] (the "TCC's Motion") filed by the Official Committee of Talc Claimants (the "TCC"). This Cross-Motion seeks entry of a protective order in the form

---

[2] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

-4-

submitted herewith (the "2023 Proposed Protective Order").  In support of this Cross-Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has subject-matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The statutory predicates for the relief requested herein are in sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rules 9018 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4. On April 4, 2023, the Debtor commenced this reorganization case (the "2023 Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162].

6. The Debtor filed a prior chapter 11 case captioned In re LTL Management LLC, No. 21-30589 (MBK) (the "2021 Chapter 11 Case") on October 14, 2021.  To facilitate the exchange of information among the Debtor and various interested parties in the 2021 Chapter 11

-5-

Case, this Court entered an agreed protective order [No. 21-30589, Dkt. 948] (the "2021 Protective Order").

7. During this 2023 Chapter 11 Case, the Debtor and various parties agreed to exchange documents and information in accordance with the provisions of the 2021 Protective Order, until they could negotiate and submit to the Court a new protective order that governs the exchange of information in this 2023 Chapter 11 Case.

8. The Debtor has proposed to the TCC and other interested parties the 2023 Proposed Protective Order. The 2023 Proposed Protective Order is substantially identical to the 2021 Protective Order but includes one important addition. The 2023 Proposed Protective Order has a general use restriction that prevents the parties from using or disclosing any information or documents produced in the 2023 Chapter 11 Case, whether or not such information or documents are marked confidential, for any purpose other than in connection with the 2023 Chapter 11 Case:

> **K.    Use of Documents and Deposition Testimony**. No document produced or deposition testimony provided by a Party ("Producing Party") in the Bankruptcy Proceedings, whether it is Covered Information or not, may be used or disclosed in any manner or for any purpose by a Party receiving it ("Receiving Party") other than in connection with the Bankruptcy Proceedings.

2023 Proposed Protective Order, Section K.

9. The 2023 Proposed Protective Order permits parties to seek relief from this general use restriction through a request to a Producing Party; should that request be denied, the Producing Party must file a motion to resolve the dispute:

> Notwithstanding the foregoing, any Receiving Party may provide written notice to the Producing Party to seek permission from the Producing Party to use or disclose documents or deposition testimony produced in the Bankruptcy Proceedings for purposes other than in connection with the Bankruptcy Proceedings. Upon receiving such notice in writing, the Producing Party shall have

-6-

> seven business days either (i) to respond with approval or (ii) to file a motion with the Court to seek relief preventing the Receiving Party from using or disclosing the documents or deposition testimony that is the subject of the written request.

2023 Proposed Protective Order, Section K.

10. On May 5, 2023, the TCC filed the TCC Motion, which objects to the proposed general use restriction and asks the Court to enter a protective order that does not contain a general use restriction for documents, except for those marked confidential.

### Relief Requested

11. By this Cross-Motion, the Debtor requests that the Court enter the 2023 Proposed Protective Order, to ensure that the parties do not use information or documents produced in the 2023 Chapter 11 Case for any other purpose or in any other proceeding.

### Basis for Relief Requested

12. This Court has broad discretion under Bankruptcy Rules 9018 and 7026 to enter orders regarding the exchange of information and documents in this 2023 Chapter 11 Case. See Rodgers v. U.S. Steel Corp., 536 F.2d 1001 n.12 (3d Cir. 1976) ("Federal Rule of Civil Procedure 26(c), which governs protective orders, reposes broad discretion in the district court to issue a variety of orders for the protection of the parties and witnesses in the discovery process."); see also Allah v. Bartkowski, 2022 WL 17730036 at *4 (D.N.J. Nov. 15, 2022) (referring to "the broad latitude of discretion under Rule 26(c) to tailor a protective order to the circumstances of a particular case"); see also A & B Ingredients, Inc. v. Hartford Fire Ins. Co., 2010 WL 335616, at *6 (D.N.J. Jan. 29, 2010) (relying on Rule 26 and the "Court's inherent power to use its broad discretion when considering whether to enter a protective order and/or grant or deny discovery").

13. The Court's broad discretion and power includes orders protecting confidential information. A & B Ingredients, Inc., 2010 WL 335616, at *6 (using the court's "inherent power to use its broad discretion" under Rule 26 to issue a confidentiality order that limited discovery to use for sole purposes of the instant litigation and restricted access by other parties in an underlying litigation).

14. Courts also have authority to enter orders with general use restrictions such as the Debtor proposes in Section K of the 2023 Proposed Protective Order. See In re Reserve Fund Sec. & Derivative Litig., 2009 WL 10465018 at *1 (S.D.N.Y. Aug. 26, 2009) (upholding a protective order that restricted the use of discovery material for any purpose other than the instant litigation "irrespective of whether the Disputed Materials are confidential"); see also FLOORgraphics, Inc. v. News Am. Mktg. In-Store Servs., Inc., 2007 WL 1613217 (D.N.J. June 1, 2007) (finding good cause to issue a protective order that effectively upheld two protective orders from other courts that restricted use of discovered materials to those cases only).

15. A general use restriction is necessary here for several reasons.

16. First, it is critical that the merits of this bankruptcy be resolved in this 2023 Chapter 11 Case and not be put on trial in other courtrooms around the country. Counsel for one talc claimant has made clear his intention to put at issue LTL's bankruptcy during the course of the Hernandez-Valadez v. Johnson & Johnson, et. al, Case No. 22CV012759 ("Valadez Case"). That talc case is scheduled to start trial on May 15, 2023 in the Superior Court of the State of California, Alameda County.

17. As noted in the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ("Kim Declaration"), a production company named Trailblazer Studios

-8-

sought permission from the trial judge in the Valadez Case to film the trial so that it could focus "on the ongoing talc bankruptcy saga." Kim Decl. ¶ 113. Counsel for Valadez urged the trial court to permit the recording, asserting that "Defendants' bad-faith bankruptcy and infliction of further harm upon mesothelioma victims … is a 'matter of public interest.'" Id. ¶ 114.

18. As this example makes clear, at least certain talc claimants are trying actively to use information and documents produced in LTL's bankruptcy cases outside this case to undermine the Debtor's reorganization efforts.[3] Good cause exists to enter the 2023 Proposed Protective Order with the general use restriction to prevent the talc claimants from using information or documents produced in this 2023 Chapter 11 Case to further their goal of putting this bankruptcy matter on trial in other venues.

19. Second, in this case and in the 2021 Chapter 11 Case, the Debtor has turned over thousands of documents and will turn over many more that it otherwise would have kept private. Many of these documents are designated confidential under the 2021 Protective Order and will be designated confidential under the 2023 Proposed Protective Order if entered. But even those that do not meet the definition of confidential information thereunder still are private documents that ordinarily would not be disclosed to the public.

20. In the 2021 Chapter 11 Case, some of the documents that the Debtor produced, including some marked confidential, were disclosed to members of the media. This

---

[3] The TCC's reliance on Cipollone v. Liggett Group, Inc. is misplaced. In Cipollone, the court denied the protective order in part because the discovery was relevant across all the tort cases and therefore it would result in cost savings and other efficiencies to allow it to be used in those cases. 113 F.R.D. 86, 91 (D.N.J. 1986). Here, in contrast, the documents produced are relevant to the Debtor's reorganization efforts, and no efficiencies will be gained by permitting them to be used in the underlying talc litigation. To the contrary, much of the discovery in the 2023 Chapter 11 Case relates to settlement communications; permitting that to be used in the underlying talc cases would be harmful to the Debtor and Johnson & Johnson.

leak of information to the media advanced a strategy to attack the 2021 Chapter 11 Case and undermine the Debtor's reorganization efforts through a public-relations assault.

21.     This concern is heightened because of the vitriolic nature of the attacks that have been made in connection with this case. As this Court has recognized, there has been "a significant amount of vitriol, ad hominem attacks, lawyer versus lawyer, lawyers versus the Court, directed at Johnson & Johnson, directed at groups." See Apr. 11, 2023 Hr'g Tr. 4:17-20. Good cause exists to enter the 2023 Proposed Protective Order with the general use restriction to avoid these inappropriate attacks.

22.     Finally, the Debtor recognizes that some parties receiving information or documents may have legitimate reasons for using the materials for purposes other than in this 2023 Chapter 11 Case. So the Debtor has included a provision that permits parties to seek permission from the producing party to use the covered materials for other purposes and requires the producing party to ask the Court to restrict it. This Court suggested such a provision during the May 3, 2023 hearing. See May 3, 2023 Hr'g Tr. 168:11-14 ("The use will be limited to this case. However, a party simply must, before seeking permission to use it, contact the debtor. And it's the debtor's burden to come before the Court to restrict it."). The general use restriction provision in the 2023 Proposed Protective Order balances the needs of the producing parties to restrict the use of their information and the needs of the receiving parties to use that information for other purposes.

**Waiver of Memorandum of Law**

23.     The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) This Court has subject-matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States

-10-

District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) because the legal basis upon which the Debtor relies on is incorporated herein and the Cross-Motion does not raise any novel issues of law.

### Notice

24.     This Cross-Motion has been served on: (a) the U.S. Trustee; (b) proposed counsel to the TCC; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the legal representative for future talc claimants and her counsel; (d) proposed counsel to the Ad Hoc Group of Supporting Counsel; and (e) any other party entitled to notice.  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

### No Prior Request

25.     No prior request for the relief sought in this Cross-Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter the 2023 Proposed Protective Order and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

NAI-1536771994v6

Dated: May 11, 2023  **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*