# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • JONESDAY.COM

DIRECT NUMBER: 2149693759
GMGORDON@JONESDAY.COM

May 12, 2023

**VIA ECF**
Honorable Michael B. Kaplan
United States Bankruptcy Court for the District of New Jersey
402 East State Street Courtroom #8
Trenton, New Jersey 08608

Re: <u>In re LTL Management LLC, Case No. 23-12825 (MBK)</u>

Dear Chief Judge Kaplan:

As proposed counsel to the Debtor, I write in response to Mr. Winograd's letter of today and to provide the Debtor's position on scheduling an evidentiary hearing on the many motions that have been filed to dismiss this case.

To begin, the Debtor, which will be filing its proposed plan Monday, believes it is important for the Court to have an understanding of the witness disclosures and discovery that has been served to date in connection with the motions.

**Witness disclosures.**  On May 5, the Debtor provided its list of expected fact witnesses, stating its present intention to call seven witnesses to provide live testimony.  The TCC has indicated an intention to depose (or in some cases re-depose) each of these witnesses.  On May 10, the Debtor identified two expert witnesses.  That same day, the TCC indicated that it would call at least one expert and reserved the right to identify additional rebuttal experts.  On May 11, the TCC provided its list of fact witnesses, identifying six additional individuals that are not included on the Debtor's list.  Only two of those witnesses have been deposed in this case. Collectively, the Debtor's and the TCC's disclosures identify a total of at least *16 witnesses*. Others who have filed motions to dismiss or seek to be heard may identify additional witnesses.

**Written discovery.**  On May 5, the TCC served document requests to the Debtor and J&J.  The requests included, among other things, extensive financial and other discovery (financial statements, valuations, projections, tax returns, corporate policies, etc.) concerning Holdco and its subsidiaries, the December 2022 separation of the Holdco consumer business, and LTL and RAM.  On May 6, the Debtor served Rule 34 requests for production and Rule 33 interrogatories upon the TCC, the Ad Hoc Committee of States Holding Consumer Protection Claims (the "<u>Ad Hoc Committee of States</u>"), the United States Trustee, and other parties who have filed motions to dismiss or who otherwise can be expected to be heard on the motions by

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Michael B. Kaplan
May 12, 2023
Page 2

participating in the hearing.[1]  Among other subjects, the Debtor's discovery seeks information
concerning the extent of the talc liability, the basis for contentions made in pleadings, and
various challenges made to the claimant support that the Debtor has garnered for its plan.[2]  On
May 8, the TCC served document subpoenas on 15 law firms that have executed Plan Support
Agreements, seeking pathology reports, medical information, and engagement letters for each of
their claimants.  On May 10, the Ad Hoc Committee of States served additional interrogatories
and document requests on the Debtor.

At present, the Debtor, J&J, and the TCC have targeted May 17 as the date to produce
documents and provide substantive responses to interrogatories; this is an aggressive date the
Debtor and J&J are working hard to achieve.  The Debtor has reached out to other interested
parties (including those to which the Debtor has served discovery) to determine if those parties
will likewise commit to that date.  Otherwise, it is prejudicial to the Debtor for it and J&J to
provide substantive responses to discovery before other interested parties do so.  In short, the
accelerated nature of discovery must be a two-way street, across the board.

**Deadlines to complete discovery and provide expert reports.**  The TCC has proposed
May 24 as the deadline to complete fact discovery and May 26 to serve expert reports.  The
Debtor views those deadlines as challenging, particularly given the number of witnesses
identified by the parties and the discovery sought by the parties.  It will be even more
challenging if the Debtor does not receive substantive responses (and instead just receives
objections) to the discovery it has served, requiring motions practice.[3]

In light of the foregoing, and for other reasons, the Debtor believes that the hearing
should be scheduled to commence no earlier than the week of June 26.

*First*, the hearing dates provided by the Court at the May 9 hearing (June 15-16 and June
21-22) create conflicts for key Debtor counsel, as well as at least some counsel for movants.  As
the Debtor previously advised the Court, its co-lead counsel, Ms. Brown, is not available until

---

[1] The latter category of discovery was served on law firms acting on behalf of talc claimants who have filed
motions to dismiss or are expected to otherwise be heard.  Given initial feedback from at least one of those law
firms, and given comments made at the last court hearing, the Debtor supplemented its discovery by issuing
document subpoenas to law firms.

[2] For example, the Debtor's discovery to the Ad Hoc Group of States asks that entity to state and provide
the basis for its assertion that the amount in the Plan Support Agreements to be provided on account of government
claims is "woefully inadequate."  Dkt. 350-1, ¶ 55.

[3] Portending motions practice, one law firm has already indicated that it views the discovery served by the
Debtor as irrelevant.

JONES DAY

Honorable Michael B. Kaplan
May 12, 2023
Page 3

completion of the *Valadez* trial.  The trial court has indicated its intention to complete the *Valadez* trial by June 22.  Moreover, Mr. Murdica is not available during June 15-16.  Mr. Gordon, the Debtor's other co-lead counsel, is scheduled to appear at a Bestwall hearing on June 22.  And, finally, we understand from correspondence this afternoon that the June 21-22 dates do not work for Arnold & Itkin, which has filed a lengthy motion to dismiss.  Dkt. 384.

*Second*, the Debtor believes it is far preferable to hold the hearing on consecutive days. Breaking up the hearing into two weeks is burdensome on the parties and their counsel and could provide strategic advantages for one side over the other.

*Third*, given the number of fact and expert witnesses identified by the parties, the scope of discovery served, and uncertainty about when and if substantive responses will be provided to the discovery it has served, the Debtor has serious concerns on whether the pretrial tasks can realistically be accomplished sufficiently in advance of a June 15 hearing date.  The Debtor believes the better course is to schedule more realistic hearing dates.

*Finally*, the TCC has not provided any compelling reason why completing the hearing a week later causes any material prejudice to the TCC or its constituents.  The Court has previously rejected the TCC's "estoppel" argument (based on the Debtor's response to the Third Circuit mandamus petition).

For the foregoing reasons, the Debtor proposes that the hearing be scheduled for the week of June 26 or a later week suitable for all parties.

Thank you for your consideration of this letter.

Respectfully submitted,

*/s/ Gregory M. Gordon*
Gregory M. Gordon

cc:  Counsel of Record (via ECF)