**DRAFT OF APRIL 1, 2023**

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

# PRESENTATION TO BOARD OF MANAGERS
# OF
# LTL MANAGEMENT LLC

April 2, 2023

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## UPDATE ON STATUS OF LTL CHAPTER 11 CASE

- **Motion for Stay Denied** - LTL's motion for stay of the "mandate" with the Third Circuit panel was denied on March 31

- **Dismissal Mandate Issued** - Third Circuit issued its dismissal mandate immediately after entry of its order denying motion for stay

- **Dismissal** - dismissal of chapter 11 case will occur upon entry of dismissal order by Bankruptcy Court, which could occur as early as Monday, April 3

NAI-1536441583v2

CONFIDENTIAL                                                                                              LTLMGMT-00000261

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## OTHER DEVELOPMENTS SINCE MARCH 28 BOARD MEETING

- **Talc Claimants** – update on discussions with law firms representing talc claimants and anticipated Plan Support Agreements

- **FCR** – update on discussions with Future Claimants' Representative (FCR)

- **D&O Insurance** – update on discussions with J&J regarding D&O insurance

3

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## REVIEW OF SUPPORTED PLAN TERMS

- **Resolution** - all current and future talc claims (personal injury and AG claims) against LTL and related parties would be resolved for a total contribution from LTL not to exceed **$8.9B present value**

- **Payments** - payments totaling $12.08B would be made to a talc trust at and over the 25 years following plan confirmation

- [redacted]
  - [redacted]
  - [redacted]
  - [redacted]
  - [redacted]
  - [redacted]
  - [redacted]
  - [redacted]

NAI-1536441583v2

CONFIDENTIAL                                                                                                                     LTLMGMT-00000263

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

## REVIEW OF LTL OPTIONS AND RECOMMENDATION

- **Options**
    - **Return to MDL/Tort System**
    - **Recapitalization and Sale**
    - **New Chapter 11 Case**
- **Recommendation** – immediately file new chapter 11 case in New Jersey to facilitate resolution of all talc liability by creation of trust or trusts pursuant to a chapter 11 plan of reorganization containing the terms specified in the Plan Support Agreements

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

## PROPOSED MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS

- **Termination and Substitution Agreement**

  - Terminates existing Funding Agreement among LTL, Holdco and J&J and related Commitment and Loan Agreement between Holdco and J&J

  - Obligates Holdco and LTL to enter into a new Funding Agreement

  - Obligates J&J, Holdco and LTL to enter into a new Support Agreement

- **New Funding Agreement**

  - Eliminates J&J as a payor

  - Limits Holdco's obligation to provide funding for one or more trusts under a chapter 11 plan to such trusts created under a plan containing terms specified in the Plan Support Agreements

  - Eliminates "JJCI Value" as a cap on the funding obligation, but Holdco is sole obligor

  - Adds automatic termination once LTL's talc liability and all bankruptcy-related costs and expenses have been satisfied

NAI-1536441583v2

CONFIDENTIAL                                                                                                    LTLMGMT-00000265

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## PROPOSED MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- **New Support Agreement**
  - Obligates LTL to file a new voluntary case under chapter 11 and cause a plan containing terms specified in the Plan Support Agreements to become effective
  - Obligates J&J to provide trust funding on Holdco's behalf in the new chapter 11 case if Holdco fails to do so under the terms of the new Funding Agreement; as described above, the new Funding Agreement only requires Holdco to provide trust funding for trusts created under a plan containing terms specified in the Plan Support Agreements, as amended
  - Obligates Holdco to:
    - reimburse J&J for any payment made by J&J (and, if reimbursement is not made within 5 business days, any amount not so reimbursed will be deemed financed by a loan); and
    - pay J&J a monthly support fee so long as J&J's support obligation exists
  - Prohibits LTL and Holdco from amending, or assigning rights or obligations under, the new Funding Agreement without J&J's consent
  - Automatically terminates (1) at such time as a plan has become effective and any and all trusts created pursuant to such plan have been funded in accordance with the terms of such plan or (2) upon entry of a final order dismissing the new chapter 11 case or converting it to a chapter 7 case; accordingly, if the new chapter 11 case is dismissed, J&J will thereafter have no obligation to provide any funding support to LTL, including in connection with any subsequent chapter 11 case

7

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## PROPOSED MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- Gives J&J a right to terminate upon a material breach by LTL or certain bankruptcy-related events, in each case subject to a 5-business day cure right

- **Summary of Key Modifications**

  - J&J is not a payor under the new Funding Agreement

  - J&J's obligation under the new Support Agreement is limited to making payment on Holdco's behalf if Holdco fails to make a payment for plan trust funding that is required under the new Funding Agreement

  - Under the new Funding Agreement, Holdco is required to make a payment for plan trust funding only if such funding is for one or more trusts created under a plan of reorganization containing terms described in the Plan Support Agreements among LTL, Holdco, J&J and certain claimant law firms, as the same may be amended

  - If the new chapter 11 case is dismissed, J&J will thereafter have no obligation to provide any funding support to LTL, including in connection with any subsequent chapter 11 case

NAI-1536441583v2

CONFIDENTIAL                                                                                                    LTLMGMT-00000267

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## REVIEW OF FINANCIAL CONSIDERATIONS

- **LTL and Holdco Assets**

| Entity | Asset | Estimated Values (without discounts) |
|---|---|---|
| **LTL** | | |
| | Cash | $30M |
| | Ownership of RAM | $367M+ |
| **Holdco** | | |
| | Cash | $400M |
| | 36.1% interest in GH Biotech Holdings | $20B |
| | 2022 GH Biotech dividend | $1.8B |
| | Other subsidiaries | $6B |
| | **Total** | **~ $29B** |

- Based on most-current valuations, some of which are preliminary

- Updated valuations for many entities in process; change to GH Biotech could be material

- Does not include discounts for minority interests or lack of liquidity

NAI-1536441583v2

CONFIDENTIAL                                                                                                               LTLMGMT-00000268

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

# REVIEW OF FINANCIAL CONSIDERATIONS (cont'd)

- **LTL and Holdco Liabilities**

  - Minor accrued (non-talc) liabilities ($225,000) at LTL

  - Multiple talc-related liabilities (personal injury claims, state attorney general (AG) claims, indemnification claims, other)

  - No estimate or valuation of aggregate talc liability

  - [redacted]

  - [redacted]

  - [redacted]

  - [redacted]

  - But costs are anticipated to increase and continue for decades; defense costs are substantial and increasing; settlement demands are increasing; thousands of additional claims are anticipated; almost all state AGs have filed, or are threatening to file, suit; and LTL is subject to a myriad of indemnification claims, including from Imerys where claimants alleged that LTL owed Imerys billions

NAI-1536441583v2

CONFIDENTIAL

LTLMGMT-00000269

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## REVIEW OF FINANCIAL CONSIDERATIONS (cont'd)

- **Near-term and long-term liquidity**

  - Existing cash at LTL and HoldCo: $430M

  - Annual earnings from RAM: $75M

  - Holdco would largely be dependent on dividends to fund amounts due under modified funding arrangements

    - >90% of future dividends expected to come from GH Biotech

    - After multi-year effort to allow repatriation, $1.8B dividend paid in 2022 from GH Biotech but remains at Apsis subsidiary (France) because it lacked capacity to distribute it upstream

    - LRFP projects same GH Biotech dividend amount in near term

  - But dividend flow is subject to potential risks

    - Industry risks

    - Governance/treasury risks

    - Statutory and tax risks

    - Long-term risks

  - Ability to borrow may also be constrained

NAI-1536441583v2

CONFIDENTIAL

LTLMGMT-00000270

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION AND REQUEST FOR BOARD ACTION

- **Discussion**

- **Request for Board Action**

    - Review of proposed resolutions
    - Request for motion to approve and second
    - Board vote

NAI-1536441583v2

CONFIDENTIAL

LTLMGMT-00000271