PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# PRESENTATION TO BOARD OF MANAGERS OF
# LTL MANAGEMENT LLC

March 28, 2023

NAI-1536249908v7
CONFIDENTIAL

LTLMGMT-00000233

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# REVIEW OF STATUS OF LTL CHAPTER 11 CASE

- **Status of the LTL Chapter 11 Case as of January 30, 2023**
  - Preliminary injunctions protecting affiliates/third parties in effect
    - Tort claimants
    - Hall securities plaintiffs
    - State attorneys general (AGs)
  - Mediation/negotiations ongoing
  - Estimation ongoing
  - Plan exclusivity still in effect
- **Third Circuit Panel January 30, 2023 Dismissal Opinion**
  - Directed Bankruptcy Court to dismiss LTL chapter 11 case
  - Based on LTL's lack of "financial distress" at the time of filing
  - Particular focus on J&J funding agreement obligation

2

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# REVIEW OF STATUS OF LTL CHAPTER 11 CASE (cont'd)

- **Post-Opinion Appellate Litigation and Milestones**

  - LTL filed petition for panel and en banc rehearing with Third Circuit; petition was denied on March 22

  - LTL filed a motion for stay of the "mandate" with the Third Circuit panel; motion is currently pending, with objections due on March 28

  - Third Circuit would issue its dismissal mandate 7 days after entry of an order denying motion for stay

  - Dismissal of chapter 11 case would occur upon entry of dismissal order by Bankruptcy Court, the exact timing of which is unclear

3

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## UPDATE REGARDING DISCUSSIONS WITH TALC CLAIMANTS

- Law firms representing thousands of claimants have signed, or are expected to sign, Plan Support Agreements

  - These law firms act on behalf of approximately 55,000 talc claimants

  - Negotiations with other law firms are continuing

- These Plan Support agreements provide that the law firms will support confirmation of a chapter 11 plan of reorganization that contains specified terms

- These Plan Support Agreements remain subject to corporate approvals from LTL (through its Board of Managers), Holdco and J&J and execution by those entities

4

LTLMGMT-00000236

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# SUPPORTED PLAN TERMS

- **Resolution** - all current and future talc claims (personal injury and AG claims) against LTL and related parties would be resolved for a total contribution from LTL not to exceed $8.9B present value

- **Payments** - payments would be made to a talc trust at and after plan confirmation as follows:

| Payment Date | Payment Amount |
|---|---|
| Within 30 days | $3B |
| 1st anniversary | $2.9B |
| 2nd anniversary | $1B |
| 7th anniversary | $1B |
| 12th anniversary | $1B |
| 17th anniversary | $1B |
| 21st anniversary | $1B |
| 25th anniversary | $1.18B |
| **Total** | $12.08B |

5

CONFIDENTIAL

LTLMGMT-00000237

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## SUPPORTED PLAN TERMS (cont'd)



CONFIDENTIAL

LTLMGMT-00000238

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## SUPPORT OF FUTURE CLAIMANTS' REPRESENTATIVE (FCR)

- Separate discussions have occurred with FCR

- FCR is supportive of a second LTL chapter 11 case in the event the current case is dismissed

  - FCR has agreed to sign and submit a declaration in support of a new chapter 11 case

- In addition, discussions are ongoing to obtain a Plan Support Agreement from the FCR

7

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DUTIES OF LTL MANAGERS



CONFIDENTIAL
NAI-1536240908v6

LTLMGMT-00000240

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# PROTECTIONS FOR LTL MANAGERS



9

LTLMGMT-00000241

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## LTL OPTIONS IN EVENT OF DISMISSAL OF CURRENT CHAPTER 11 CASE

- **Return to MDL/Tort System** - defend claims in the MDL/tort system with resolution of individual talc claims by dismissal, judgment or settlement

  - Pros

  - Cons

- **Recapitalization and Sale** - pursue, subject to obtaining the support of J&J and Holdco, the recapitalization of LTL and sale to third-party claims administrator with litigation/resolution of individual talc claims in the MDL/tort system by purchaser

  - Pros

  - Cons

- **New Chapter 11 Case** - file new chapter 11 case with resolution of all talc liability by creation of trust or trusts pursuant to a chapter 11 plan of reorganization containing the terms specified in the Plan Support Agreements

  - Pros

  - Cons

10

CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# CONSIDERATIONS REGARDING IMMEDIATE FILING OF NEW CHAPTER 11 CASE

- Benefits of chapter 11 include:
  - Complete, permanent and equitable resolution of all current and future claims
  - Prompt payments to all claimants; equivalent treatment of claimants
  - Elimination of uncertainty, disparate results and escalating costs in tort system; assurance that future claimants receive same treatment as current claimants
  - Stay of all talc litigation pending resolution in bankruptcy
- Filing of a new chapter 11 case supported by claimant law firms and FCR
  - Law firms for thousands of claimants have signed, or are expected to sign, Plan Support Agreements
  - FCR has agreed to sign and submit a declaration in support of filing a new chapter 11 case
- Prompt filing is:
  - Supported by the benefits of chapter 11 described above
  - Required by the Plan Support Agreements

CONFIDENTIAL

LTLMGMT-00000243

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# CONSIDERATIONS REGARDING FILING IN NEW JERSEY





CONFIDENTIAL

NAI-1536240908v6

LTLMGMT-00000244

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS



- **Third Circuit Opinion**



13

LTLMGMT-00000245

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- **Potential Modifications to Existing Funding Arrangements**

  - **Current Draft of Termination and Substitution Agreement**

    – Terminates existing Funding Agreement among LTL, Holdco and J&J and related Commitment and Loan Agreement between Holdco and J&J

    – Obligates Holdco and LTL to enter into a new Funding Agreement

    – Obligates J&J, Holdco and LTL to enter into a new Support Agreement

  - **Current Draft of New Funding Agreement**

    – Eliminates J&J as a payor

    – Limits Holdco's obligation to provide funding for one or more trusts under a chapter 11 plan to such trusts created under a plan containing terms specified in the Plan Support Agreements

    – Eliminates "JJCI Value" as a cap on the funding obligation

    – Adds automatic termination once LTL's talc liability has been satisfied and no "Permitted Funded Uses" remain

14

LTLMGMT-00000246

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# POTENTIAL MODIFICATIONS TO EXISTING FUNDING ARRANGEMENTS (cont'd)

- **Current Draft of New Support Agreement**

  - Obligates LTL to file a new voluntary case under chapter 11

  - Obligates J&J during that new chapter 11 case (but not during any subsequent LTL chapter 11 case) to provide trust funding on Holdco's behalf if Holdco fails to do so under the terms of the new Funding Agreement

  - Obligates Holdco to:

    - reimburse J&J for any payment made by J&J (and, if reimbursement is not made within 5 business days, any amount not so reimbursed will be deemed financed by a loan); and

    - pay J&J a monthly support fee so long as J&J's support obligation exists

  - Prohibits LTL and Holdco from amending, or assigning rights or obligations under, the new Funding Agreement without J&J's consent

  - Automatically terminates upon the effective date of a plan or entry of a final order dismissing the new chapter 11 case or converting it to a chapter 7 case

  - Gives J&J a right to terminate upon a material breach by LTL or certain bankruptcy-related events, in each case subject to a 5-business day cure right

CONFIDENTIAL

LTLMGMT-00000247

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# SUMMARY OF KEY MODIFICATIONS OF EXISTING FUNDING ARRANGEMENTS

- J&J is not a payor under the new Funding Agreement

- J&J's obligation under the new Support Agreement is limited to making payment on Holdco's behalf, during the new chapter 11 case (but not during any subsequent chapter 11 case), if Holdco fails to make a payment for plan trust funding that is required under the new Funding Agreement

- Under the new Funding Agreement, Holdco is required to make a payment for plan trust funding only if such funding is for one or more trusts created under a plan of reorganization containing terms described in the Plan Support Agreements among LTL, Holdco, J&J and certain claimant law firms, as the same may be amended

16

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS



CONFIDENTIAL

LTLMGMT-00000249

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS (cont'd)



18

LTLMGMT-00000250

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## DISCUSSION – POTENTIAL NEW CHAPTER 11 CASE FOLLOWING EXECUTION OF PLAN SUPPORT AGREEMENTS AND MODIFICATION OF FUNDING ARRANGEMENTS (cont'd)



CONFIDENTIAL

LTLMGMT-00000251

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – LTL'S ASSETS (EXCLUDING NEW FUNDING ARRANGEMENTS)

- Cash - $30M

- Ownership in RAM - $360M+

- Insurance (disputed) - $1.95B

20

LTLMGMT-00000252

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION

- In November 2021, J&J announced its intent to spin off its consumer business, creating a newly publicly traded company; Holdco has since taken various steps to facilitate that spin-off

  - In December 2022, Holdco distributed its consumer business assets and liabilities to its parent entity Janssen Pharmaceuticals Inc. and changed its name from "Johnson & Johnson Consumer Inc." to "Johnson & Johnson Holdco (NA) Inc."

- Under the modified funding arrangements, Holdco would be obligated to provide funding to LTL both (1) when there is no LTL chapter 11 case pending and (2) during the pendency of a LTL chapter 11 case; however, Holdco's obligation to provide funding for one or more trusts created under a plan of reorganization would be limited to such trusts created under a plan containing the terms described in the Plan Support Agreements among LTL, Holdco, J&J and certain claimant law firms, as the same may be amended

- Subsequent to the distribution by Holdco of its consumer business assets and liabilities to facilitate the consumer business spin-off, Holdco continues to have ownership interests in various largely foreign-based subsidiaries (see organizational chart below); these include operating and treasury companies

CONFIDENTIAL

LTLMGMT-00000253

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION (cont'd)

- Most value held through Apsis subsidiary (France) and its 36.1% interest in GH Biotech Holdings Limited (Ireland)

  - Janssen Sciences Ireland Unlimited Company (Ireland)

  - Limited risk distributors and medical device entities

  - Various other entities

- J&J has preliminary, directional valuation information for most entities held by Holdco

CONFIDENTIAL

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – HOLDCO FUNDING OBLIGATION (cont’d)

**Johnson & Johnson Holdco (NA) Inc. (US – 6101) (“Old JJCI”) Structure Chart**
**As of February 7, 2023**

Draft – For Discussion Purposes Only

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – LTL AND HOLDCO ASSETS

| Entity | Asset | Estimated Values (without discounts) |
|---|---|---|
| **LTL** | | |
| | Cash | $30M |
| | Ownership of RAM | $367M+ |
| **Holdco** | | |
| | Cash | $400M |
| | 36.1% interest in GH Biotech Holdings | $20B |
| | 2022 GH Biotech dividend | $1.8B |
| | Other subsidiaries | $6B |
| | **Total** | **~ $29B** |

- Based on most-current valuations, some of which are preliminary

- Updated valuations for many entities in process; change to GH Biotech could be material

- Does not include discounts for minority interests or lack of liquidity

24

CONFIDENTIAL

LTLMGMT-00000256

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

## FINANCIAL CONSIDERATIONS – LTL AND HOLDCO LIABILITIES

- Minor accrued (non-talc) liabilities ($225,000) at LTL

- Multiple talc-related liabilities (personal injury claims, state AG claims, indemnification claims, other)

- No estimate or valuation of aggregate talc liability



- But costs are anticipated to increase and continue for decades; defense costs are substantial and increasing; settlement demands are increasing; thousands of additional claims are anticipated; almost all state AGs have filed, or are threatening to file, suit; and LTL is subject to a myriad of indemnification claims, including from Imerys where claimants alleged that LTL owed Imerys billions

CONFIDENTIAL

LTLMGMT-00000257

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# FINANCIAL CONSIDERATIONS – NEAR-TERM AND LONG-TERM LIQUIDITY

- Existing cash at LTL and HoldCo:  $430M

- Annual earnings from RAM:  $75M

- Holdco would largely be dependent on dividends to fund amounts due under modified funding arrangements

  - \>90% of future dividends expected to come from GH Biotech

  - After multi-year effort to allow repatriation, $1.8B dividend paid in 2022 from GH Biotech but remains at Apsis because it lacked capacity to distribute it upstream

  - LRFP projects same GH Biotech dividend amount in near term

- But dividend flow is subject to potential risks

  - Industry risks

  - Governance/treasury risks

  - Statutory and tax risks

  - Long-term risks

- Ability to borrow may also be constrained

CONFIDENTIAL

LTLMGMT-00000258

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# NEXT STEPS

- Continue to monitor and react to developments with respect to motion for stay and potential dismissal of current chapter 11 case

- Continue discussions with talc claimants and FCR to obtain additional Plan Support Agreements

- Finalize modifications to existing LTL funding arrangements

- Prepare first day pleadings for filing of second LTL chapter 11 case

- Prepare for next meeting of LTL Board of Managers

CONFIDENTIAL
LTLMGMT-00000259