UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
-----------------------------------------------------------X
                                                           :
AMERIPRISE FINANCIAL SERVICES, INC.                        :
and SECURITIES AMERICA, INC.,                              :
                                                           :
                         Plaintiffs,                       :
                                                           :
             - against -                                   :     Civil No. 08-CV-5219 (PAM/JJK)
                                                           :
THE RESERVE FUND, RESERVE                                  :
MANAGEMENT COMPANY, INC. and                               :
BRUCE R. BENT,                                             :
                                                           :
                         Defendants.                       :
                                                           :
-----------------------------------------------------------X

### CONFIDENTIALITY STIPULATION
### AND [PROPOSED] PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED,** by and among the parties to this action, through their undersigned counsel that:

1. This Confidentiality Stipulation and Proposed Protective Order (the "Stipulation") shall govern the designation and handling of all discovery, including any documents, responses to interrogatories, responses to requests for admissions, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, and any other information (whether written or oral) produced, given, or exchanged by and among the parties (or any of their attorneys or agents) or by or among any non-parties (or any of their attorneys or agents) in connection with discovery in this action, including any such material initially produced in any other investigation, litigation, action, or proceeding of any kind (hereinafter, such information will be referred to collectively as "Discovery Materials").

2. A party or non-party (the "Producing Party") may designate Discovery Material as "Confidential" if, and only if, the Producing Party in good faith believes that such Discovery

Material contains "Confidential Information" as defined below.  In addition, a party that originally authored or prepared Discovery Materials produced by another party or non-party may also designate such Discovery Materials as Confidential with the same restriction set forth above. In such instance, such party will be treated as a Producing Party under this Stipulation.

3. For the purposes of this Stipulation, "Confidential Information" includes all confidential personal or personnel information, confidential financial information, competitively sensitive proprietary information, employee and compensation information, information reflecting the identity of actual or potential investors, customers or clients, information that any party believes in good faith reflects trade secrets or other proprietary information; or other non-public information which, if disclosed, could damage an existing or potential customer, client or investor relationship. Further, nothing in this Stipulation shall limit or restrict a Producing Party's rights to use or disseminate its own Discovery Materials however designated.

4. Discovery Material, whether or not designated as "Confidential" under the terms of this Stipulation, shall be used only in connection *with* and *for* the *purpose of* the action captioned <u>Ameriprise Financial Enterprises Inc. v. Reserve Fund et al.</u>, Civil No. 08-CV-5219 (PAM/JJK) (the "Action") and shall not be (i) used for any other purpose whatsoever, including other litigation, whether or not such other litigation involves one or more parties to this action, (ii) used for any business or commercial purpose, or (iii) communicated in any manner, directly or indirectly, to anyone other than a person or entity permitted to receive such material under the terms and conditions set forth herein, unless and until the restrictions herein are modified either by agreement of counsel for all Parties, or by order of this Court.

5. The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

(a)   At the time of production, any Discovery Material supplied in documentary or other tangible form may be designated by the Producing Party as "Confidential" by affixing the legend "Confidential" to each page containing such information, except that in case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

(b)   With respect to electronic media, where such media cannot be readily marked with the "Confidential" legend, the confidential designations shall be made in a manner reasonably calculated to inform the recipient that electronic media contains "Confidential" Discovery Material, for example by affixing a label on the media indicating such designation.

(c)   With respect to responses to interrogatories, document requests, requests for admissions and/or pleadings containing Confidential Information, the Producing Party shall place the appropriate "Confidential" legend on each page containing such answers.

(d)   Deposition testimony shall be designated "Confidential" either by: (1) a statement on the record during the course of the deposition; or (2) written notice to counsel of record for all parties (and if the deponent is a non-party, to counsel of record, if any, for the deponent) within thirty (30) business days after receiving the final certified copy of the transcript thereof identifying the specific pages designated as "Confidential." In both of these instances, counsel for the Producing Party shall direct that the legend "Confidential" be affixed to the portions of the original and all copies of the transcript containing any such information.  Between the date of the deposition and thirty days (30) days after receipt of the transcript, the entire transcript will be treated as if designated

"Confidential." If no party has designated any portion of a deposition transcript "Confidential" within thirty (30) business days after receipt of the transcript, the entire transcript will be treated as non-confidential. However, any testimony describing a document designated as "Confidential" shall also be deemed to be designated as "Confidential," whether or not the testimony is specifically designated as such. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court.

(e) If a party files with the Court any Discovery Material that has been designated "Confidential," the party shall request that the Discovery Material be held under seal until further order of the Court. At the time of filing, documents containing information designated "Confidential" shall be placed in a sealed envelope, or by any other appropriate means in the case of electronic filings, on which shall be endorsed the title of this action, the description of the contents (for example, Deposition of Jane Doe), the word "Confidential," and a statement substantially similar to the following:

**FILED UNDER SEAL**

> By order of the Court, entered on [date], this envelope is to remain sealed, and the Court, the Court's personnel and any receiving person shall not reveal the contents thereof to any person until further order of this Court.

6. Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 4. The newly designated Discovery Materials shall thereafter be treated as if they had been originally designated as "Confidential" under this Stipulation. Notwithstanding the foregoing, disclosure of said Discovery Materials to any person not entitled to receive them under this Stipulation by any party prior to any later designation shall not be deemed a violation

- 4 -

of the provisions of this Stipulation, provided, however, that the party that disclosed the subsequently designated Discovery Materials shall in good faith assist the Producing Party in retrieving such Discovery Materials from all recipients not entitled to receive such Discovery Materials under the terms of this Stipulation and shall prevent further disclosures except as authorized by this Stipulation.

7.   Any Discovery Material designated "Confidential" shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than to the following persons:

(a)   the Court, including associated personnel necessary to assist the Court in its function;

(b)   The Parties, and any employees of the Parties and inside counsel of the Parties to whom it is necessary to disclose for the purposes of the Action, or who are directly involved in the management, prosecution, defense or settlement of the Action or the supervision of outside counsel;

(c)   outside counsel for any party, including associated personnel necessary to assist counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(d)   litigation support services, including outside copying or transcription services and electronic discovery vendors, retained by a party or its counsel for the purpose of assisting that party in this action;

(e)   court reporters, stenographers or videographers transcribing or taping deposition, hearing, or trial testimony in this action;

(f) persons who are or were the authors or recipients of the Confidential Information;

(g) any outside experts who have been consulted for the purpose of being retained, or who have been retained to provide assistance, expert advice or technical consultation, provided that, prior to receiving Confidential Information, any such outside expert or consultant signs the Endorsement of Protective Order substantially in the form annexed hereto as Exhibit A;

(h) persons noticed for depositions or designated as trial witnesses and their attorneys to the extent reasonably necessary in preparing to testify, and provided that no Confidential Information is left in the possession of such person; *provided, however*, that in the case of any non-party witnesses, each non-party witness and their counsel, prior to receiving Discovery Material designated as "Confidential," shall execute a Endorsement of Protective Order substantially in the form annexed hereto as Exhibit A;

(i) any other person as to whom the parties agree in writing.

8. During a deposition, a deponent may be shown and examined about Confidential Information provided that the provisions of this Stipulation are complied with. Deponents will not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them

9. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this Paragraph

with respect to information then in the custody of another party, such other party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the party returning such material shall not use the information with respect to which a claim of inadvertent production has been made for any purpose other than in connection with a motion to compel.

    10.    If, at any time after the designation of Discovery Material as "Confidential" any receiving party (the "Receiving Party") disagrees with the designation by the Producing Party, then the Receiving Party shall so notify counsel for the Producing Party in writing. Counsel for the Producing Party and Receiving Party shall attempt to resolve the dispute on an informal basis, by meeting and conferring about the issue within fifteen (15) business days after receipt of the Receiving Party's notice. If the dispute cannot be resolved informally, the Producing Party shall have fifteen (15) business days after the meet and confer to make a motion for a protective order from the Court with respect to the Discovery Material at issue. The Producing Party bears the burden of persuading the Court that the Discovery Material is Confidential Information within the definition(s) of that term set forth above. All Discovery Materials under dispute shall continue to be treated as Confidential pending resolution of the parties' dispute.

    11.    Entering into, agreeing to, producing, or receiving Discovery Material designated as "Confidential" pursuant to, and/or otherwise complying with the terms of this Stipulation, or taking any action hereunder shall not:

    (a)    constitute or operate as an admission by any party that any particular document, material, testimony or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

(b)  prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information.

(c)  prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Stipulation, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearings;

(d)  prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Stipulation; and/or

(e)  prevent the parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

12. Any non-party to this action may designate any information produced by it pursuant to subpoena or by agreement as "Confidential" under the terms of this Stipulation so long as the non-party executes the Endorsement of the Protective Order. A non-party shall designate any Protected Information as "Confidential" in a manner consistent with the procedures described in this Stipulation.

13. Prior to the trial in this action, counsel for the parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Information at trial. Ultimately, the appropriate treatment of Confidential Information will be determined by the presiding trial court.

14. This Stipulation shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appeals therefrom. Within ninety (90) days after receiving notice of the final adjudication of this action, including but not limited to final adjudication of any appeals and petitions for extraordinary writs, all persons and entities having received Discovery Materials designated "Confidential" shall either make a good faith effort to return such material and all copies thereof to counsel for the Producing Party or destroy all such Discovery Materials designated as "Confidential" and copies thereof and certify that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, and attorney work product (regardless of whether such material contain or reference Discovery Materials designated as "Confidential" by any party or non-party) provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party. All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

15. If another court or an administrative agency subpoenas or otherwise orders production of Confidential Information which any Party or other person has obtained under the terms of this Stipulation, the Party or other person to whom the subpoena or other process is directed will promptly notify the Producing Party in writing of all of the following: (a) the Confidential Information requested for production in the subpoena or other process; (b) the date by which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena or other process is requested; (d) the identity of the party serving the subpoena or other process; and (e) the case name, jurisdiction and index, docket, complaint,

charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Unless otherwise ordered by such other court or administrative agency, Confidential Information shall not be produced prior to the receipt of written notice by the Producing Party and after a reasonable opportunity to object has been offered. The Producing Party will bear the burden and all costs of opposing the subpoena in connection with the protection of Confidential Information.

16. The attorneys of record are responsible for employing reasonable measures to control and track access to and distribution of Confidential Information, including abstracts and summaries. Each party shall have the responsibility, through counsel, to advise the Producing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation. It shall be the responsibility of the party that lost or compromised the Confidential Information of the Producing Party to take reasonable measures to limit the loss or unauthorized use.

This Stipulation may be executed in counterparts and each counterpart, when executed, shall have the effect of a signed original. Photographic and facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

Dated: September ____, 2008                    KELLY & BERENS, P.A.

                                                */s/ Barbara P. Berens*
                                                Barbara P. Berens, #209788
                                                80 South Eighth Street
                                                3720 IDS Center
                                                Minneapolis, MN 55402
                                                Telephone: 612-349-6171
                                                Facsimile: 612-349-6416

|  |  |
|---|---|
|  | WILLKIE FARR & GALLAGHER LLP<br>Tariq Mundiya, Esq.<br>Mary Eaton, Esq.<br>Todd G. Consenza, Esq.<br>Jeffrey B. Korn, Esq.<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>Telephone: 212-728-8000<br>Facsimile: 212-728-8111<br><br>*Attorneys for Defendants Reserve Management Company, Inc. The Reserve Fund and Bruce R. Bent* |
| Dated: September ___, 2008 | FAEGRE & BENSON LLP<br><br>*[signature]*<br>Will Stute, #0179663<br>Michael M. Krauss, #0342002<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone: 612-766-7000<br>Facsimile: 612-766-1600<br><br>ROPES & GRAY LLP<br>Harvey J. Wolkoff<br>Robert A. Skinner<br>One International Place<br>Boston, MN 02110<br>Telephone: 617-951-7000<br>Facsimile: 617-854-0434<br><br>*Attorneys for Plaintiffs Ameriprise Financial Services, Inc. and Securities America, Inc.* |

- 11 -