**HERBERT, VAN NESS,**
  **CAYCI & GOODELL,**
**A Professional Corporation**
**Steven Goodell, Esq.  (SPG-8421)**
**22 Chambers Street**
**Princeton, New Jersey 08542**
**Telephone:(609) 924-2495**
**Facsimile:(609) 924-8732**

**MAYER, BROWN, ROWE**
  **& MAW LLP**
**Lee N. Abrams, Esq. (LNA-0553)**
**Diane Green-Kelly, Esq. (DGK-2718)**
**71 South Wacker Drive**
**Chicago, Illinois 60606**
**Telephone: (312) 782-0600**
**Facsimile: (312) 701-7711**

*On the Brief:*
**CONSTANTINE CANNON LLP**
**Stacey Anne Mahoney, Esq.**
**Kerin E. Coughlin, Esq.**
**450 Lexington Avenue, 17th Floor**
**New York, New York 10017**
**Telephone:  (212) 350-2700**
**Facsimile:   (212) 350-2701**

**Counsel for Defendants News America Marketing In-Store Services, LLC
and News America Marketing In-Store, LLC**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**FLOORGRAPHICS, INC.,**

  **Plaintiff,**

  **v.**

**NEWS AMERICA MARKETING
IN-STORE SERVICES, INC.,
NEWS AMERICA MARKETING
IN-STORE, INC.**

  **Defendants.**

**Civil Action No.:  04-3500 (AET)**

**Hon. Anne E. Thompson**

**Magistrate Judge John J. Hughes**

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A
## PROTECTIVE ORDER REQUIRING PLAINTIFF TO WITHDRAW
## THE SUBPOENA *DUCES TECUM* ISSUED TO
## <u>THIRD PARTY INSIGNIA SYSTEMS, INC.</u>

89434.2

# **Table of Contents**

INTRODUCTION ................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..............................................2

    I.    This Court's Orders Limit FGI Discovery Regarding
        News America. ..................................................................................2

    II.    FGI's First Two Attempts To Obtain The Documents That
        News America Produced To Insignia ....................................................3

    III.   FGI's Third Attempt To Obtain The Documents That
        News America Produced To Insignia – The Instant Subpoena ...........4

ARGUMENT .....................................................................................................6

    I.    News America Has Standing To Challenge The Subpoena..................6

    II.    This Court Can And Should Order FGI To Withdraw
        The Subpoena. ..................................................................................7

        A.    FGI Has Violated This Court's April 11, 2006 And
             July 19, 2006 Orders By Issuing The Subpoena........................9

        B.    The Subpoena Demands Production Of News America
             Documents  That Are Protected Under Orders Entered In
             Unrelated Cases. ....................................................................11

    III.   This Court Should Order FGI To Pay The Attorneys' Fees And Costs
        Incurred By News America In Challenging the Subpoena. ................13

CONCLUSION.................................................................................................14

## Table of Authorities

### Federal Cases

*Alper v. U.S.*, 190 F.R.D. 281 (D. Mass. 2000) ...................................................... 8

*Cent. States, Se. & Sw. Areas Pension Fund v. Quickie Transp. Co.*,
  174 F.R.D. 50 (E.D. Pa. 1997) ............................................................................ 6

*Comuso v. Nat'll R.R. Passenger Corp.*, 267 F.3d 331, 334 (3d Cir. 2001)....... 13

*DAG Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95 (D.D.C. 2005)............. 8

*Dahl v. City of Huntington Beach*, 84 F.3d 363 (9th Cir. 1996) ........................ 13

*Damiano v. Sony Music Entm't, Inc.*, No. CIV. A. 95-4795 JBS,
  2000 WL 1689081 (D.N.J. Nov. 13, 2000)....................................................... 8

*Dart Indus., Inc. v. Liquid Nitrogen Processing Corp.*,
  50 F.R.D. 286 (D. Del. 1970)........................................................................... 12

*Davis v. Gen. Accident Ins. Co.*, No. CIV. A. 98-4736,
  1999 WL 228944 (E.D. Pa. Apr. 15, 1999) ....................................................... 7

*Exxon Corp. v. U.S. Dep't of Energy*, 594 F. Supp. 84 (D. Del. 1984) .............. 12

*Harper v. Trans Union, LLC*, No. Civ. A 04-3510,
  2005 WL 697490 (E.D. Pa. Mar. 24, 2005)..................................................... 12

*In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991) .................................... 6

*In re Elec. Weld Steel Tubing Antitrust Litig.*,
  512 F. Supp. 81 (N.D. Ill. 1981) ...................................................................... 12

*In re Southeast Banking Corp.*, 204 F.3d 1322 (11th Cir. 2000) ............ 10-11, 13

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
  190 F.R.D. 556 (S.D. Cal. 1999)........................................................................ 6

*Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3d Cir. 1983) ............................ 7

*New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*,
   No. Civ. A. 98-775, 2000 WL 62315 (E.D. Pa. Jan. 13, 2000) ........................ 7

*Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995) .................................... 8

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ........................................... 8

## FEDERAL RULE

Fed. R. Civ. P. 26 ................................................................................. 6, 8, 10, 13

89434.2

# INTRODUCTION

The subpoena *duces tecum* issued by Floorgraphics, Inc. ("FGI") to third party Insignia Systems, Inc. ("Insignia") on March 12, 2007 (the "Subpoena") constitutes FGI's *third* improper attempt to obtain documents produced by defendants News America Marketing In-Store Services, Inc. and News America Marketing In-Store, Inc. (collectively, "News America") in unrelated litigation between News America and Insignia, one of News America's competitors. News America respectfully moves this Court to prohibit FGI from evading and violating Court-imposed limitations on the scope of discovery and prior protective orders. Specifically, News America requests that the Court enter a Protective Order requiring FGI to withdraw the Subpoena and to refrain from serving any further subpoena, in any court, seeking production of any News America documents produced in any other litigation. In support of its motion, News America hereby submits this Memorandum of Law and exhibits hereto. News America has attempted to meet and confer regarding the Subpoena, but has not been successful.[1]

---

[1]    News America also submits, in support of its motion, the Certification of Stacey Anne Mahoney, Esq. reflecting News America's attempt to meet and confer with FGI regarding the Subpoena.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    This Court's Orders Limit FGI Discovery Regarding News America.

FGI cannot enforce the Subpoena consistent with this Court's previous

Orders governing discovery in this case.  As the Court is aware, FGI alleges

claims against News America for, *inter alia*, unfair competition and tortious

interference with FGI's existing or prospective business relationships with the

retailers and consumer packaged goods manufacturers ("CPGs") identified in

FGI's Complaint.  These claims, by definition, concern only News America's

relationships with certain retailers and CPGs.  Notwithstanding this narrow

scope, FGI repeatedly has sought extremely broad discovery from News

America.  It has issued eight document requests to News America, which

demand, *inter alia*, the production of all documents that "contain[] or mention[]

FGI" and that concern News America's relationships with *all* retailers and CPGs

(not just those identified in FGI's Complaint).

Because of this overbreadth, during a conference on April 11, 2006 this

Court issued an Order restricting FGI discovery regarding News America's

communications with retailers and CPGs to those specific retailers and CPGs

named in FGI's Complaint.  *See* Ex. A.  In a subsequent teleconference on July

19, 2006, the Court reconfirmed its April 11 ruling and also limited News

America's obligation to produce documents mentioning FGI or its principals to

89434.2

those created between November 1, 2001 and November 1, 2002.  Ex. B at 4.[2]

News America has produced to FGI all relevant documents responsive to FGI's

first seven sets of requests, and is presently responding to FGI's eighth set of

requests.

## II.    FGI's First Two Attempts To Obtain The Documents That News America Produced To Insignia

Insignia, which is a competitor of News America, has been involved in

two litigations with News America (the "Insignia litigations").[3]  Discovery in

both of those cases is governed by protective orders restricting the use of that

discovery for "the purpose[s] of" those cases.  Those protective orders expressly

forbid the use of such discovery "*for any other purpose*."  Ex. C at 1 ¶ 1; Ex. D

at 1 ¶ 1 (emphasis added).

FGI *first* sought the documents that News America produced to Insignia

in its fourth set of requests issued to News America in this case, dated June 12,

2006.  Ex. F.[4]  News America objected to this request and the Court did not

---

[2]    Although the Court did not make any contemporaneous record of the April 11, 2006 conference, Diane Green-Kelly's July 13, 2006 letter to the Court and the transcript of the July 19, 2006 teleconference with the Court memorialize the Court's earlier Orders.

[3]    The cases are styled *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, Nos. 1:00-cv-05843-RCC-KNF and 1:03-cv-08555-RCC-KNF, filed in the Southern District of New York in 2000 and 2003, respectively.

[4]    FGI's third through sixth sets of document requests to News America are attached hereto as Exhibits E through H.

89434.2

require it to produce to FGI the documents that it had previously produced to Insignia.

FGI made a *second* attempt to obtain the documents News America produced to Insignia through a June 16, 2006 third party subpoena to Constantine Cannon LLP ("CC"), News America's outside counsel for the Insignia litigations. The FGI subpoena to CC sought "all documents originating from [News America]" produced, *inter alia*, in the Insignia litigations. Ex. I, No. 1 at 2. CC moved to quash the subpoena on the grounds, *inter alia*, that the instant case is unrelated to the Insignia litigations. This Court quashed the subpoena in its entirety, noting that "[FGI] has already had ample opportunity to conduct discovery on this matter directly with [News America]" and that the materials sought were subject to the protective orders governing the litigations in which the materials had been produced. Ex. J at 1-2 (Dkt. No. 96). *See also* Ex. K at 35-41 (Dkt. No. 103).

### III. FGI's Third Attempt To Obtain The Documents That News America Produced To Insignia – The Instant Subpoena

Less than three weeks before the March 30, 2007 close of discovery in this case, FGI made its *third* attempt to gain access to the documents that News America had previously produced to Insignia in unrelated litigations, by serving the instant Subpoena on Insignia in Minnesota.

89434.2

Like FGI's original document requests to News America – which the Court subsequently limited – the Subpoena demands, without limitation, "all documents related to communications between [News America], on one hand, and retailers or consumer packaged goods manufacturers on the other hand." Ex. L, Req. 2.  The subpoena also requests News America's documents referencing FGI, or its principals Richard and George Rebh, from January 1, 2000 to April 11, 2006.  *Id.* at 4, Reqs. 4-6.  With few exceptions, the Subpoena calls for News America's documents and nothing else.  *Id*., Reqs. 1, 4-6 (exclusively demanding News America documents).[5]  *See* Exs. M, N (Insignia counsel acknowledging to News America that the Subpoena demands News America's documents).[6]

Insignia has represented that it intends to comply with the Subpoena and produce to FGI the documents that News America produced to Insignia in the Insignia litigations.  Exs. M, N.  Pursuant to protective orders governing the Insignia litigations, if News America files an opposition to the Subpoena,

---

[5]    Although the second and third requests in the Subpoena might conceivably seek documents generated by Insignia, they too are calculated to require Insignia to produce News America's documents.

[6]    Indeed, Insignia implicitly recognized that News America would have standing to challenge the instant Subpoena, when its counsel notified News America's counsel that Insignia had received the challenged Subpoena from FGI seeking News America's documents.  *See* Ex. M; *see also* Ex. C at 1 ¶ 1, Ex. D at 1 ¶ 1 (both precluding parties from using produced discovery material for any purpose other than the case in which it was produced).

89434.2

Insignia cannot comply with the Subpoena until that opposition has been

judicially resolved.  Ex. C at 11 ¶ 19, Ex. D at 8 ¶ 18.  On April 6, 2007, News

America moved the District of Minnesota to stay enforcement of the Subpoena,

in order to allow this Court to resolve the substantive discovery issues arising

therefrom.  Ex. O. [7]  As far as News America knows, Insignia has not yet

produced documents in response to the Subpoena.

## ARGUMENT

### I.    News America Has Standing To Challenge The Subpoena.

News America has standing to seek the order requested herein.

"Although Rule 45 only appears to authorize [a motion for a protective order] by

the subpoenaed party, any party to the litigation [has] the right to move for a

protective order where the subpoena was in violation of case management orders

issued under Fed. R. Civ. P. [] 26."  *Integra Lifesciences I, Ltd. v. Merck KGaA*,

190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999).  As a party to this litigation, News

America is entitled to seek a protective order requiring withdrawal of the

Subpoena, because the Subpoena violates this Court's Orders under Rule 26.

---

[7]    The court that issues a subpoena has the authority, in the first instance, to quash or modify it.  However, that court may stay action on a subpoena and remit any issues arising from the challenged subpoena to the court in which the underlying case is pending.  *See, e.g.,* Fed. R. Civ. P. 26(c), Advisory Comm. Note (1970); *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Cent. States, Se. & Sw. Areas Pension Fund v. Quickie Transp. Co.*, 174 F.R.D. 50, 51 (E.D. Pa. 1997).

89434.2

Further, any party claiming a "personal right" in the information sought by a third party subpoena has standing to dispute the enforceability of that subpoena.  *See, e.g., New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. Civ. A. 98-775, 2000 WL 62315, at *4-5 (E.D. Pa. Jan. 13, 2000) (quoting 8 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2035 (2d ed. 1994)) (defendant had standing to object to third party subpoena that requested the production of defendant's information); *Davis v. Gen. Accident Ins. Co.*, No. CIV. A. 98-4736, 1999 WL 228944, at *2-3 (E.D. Pa. Apr. 15, 1999) (defendants had standing to challenge third party subpoena requesting documents previously produced by defendants in another litigation).  News America has a personal right in the material sought by the Subpoena, as Insignia concedes, because the Subpoena demands production of News America's documents.  Therefore, News America has standing to challenge the Subpoena.

## II.    This Court Can And Should Order FGI To Withdraw The Subpoena.

This Court *can* require FGI to withdraw the Subpoena because FGI is using the Subpoena as an improper means of circumventing this Court's Orders. The Federal Rules of Civil Procedure confer broad power on courts to control the manner, scope, and timing of discovery.  *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) ("It is well established that the scope and conduct of discovery are within the sound discretion of the trial court.").

7

89434.2

Rule 26(c) allows a court to "make any order which justice requires . . . ."  As

the Supreme Court has explained, the Rule "confers broad discretion on the trial

court to decide when a protective order is appropriate . . . .  The unique character

of the discovery process requires that the trial court have substantial latitude to

fashion protective orders."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36

(1984).  *See also Damiano v. Sony Music Entm't, Inc.,* No. CIV. A. 95-4795

JBS, 2000 WL 1689081, at *9 (D.N.J. Nov. 13, 2000) (quoting *Seattle Times* in

noting courts' broad discretion in crafting appropriate discovery orders).

Subpoenas issued to third parties under Rule 45 are considered

"discovery" within the meaning of Rule 26(a)(5).  *See, e.g.*, *Rice v. United

States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) ("Rule 45 subpoenas duces

tecum in this case constitute discovery.").  Accordingly, they are subject to all

orders governing discovery in the underlying case.  *See, e.g.*, *DAG Enters., Inc.

v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104, 108 (D.D.C. 2005) (granting

defendant's motion for protective order prohibiting plaintiff's third party

subpoena issued in violation of court-issued discovery schedule); *Alper v. U.S.*,

190 F.R.D. 281, 283-84 (D. Mass. 2000) (requiring that Rule 45 subpoenas be

stayed where discovery is stayed).

This Court *should* require FGI to withdraw the Subpoena.  The Subpoena

blatantly violates this Court's discovery orders of April 11, 2006 and July 19,

2006 by seeking from a third party the same documents that this Court precluded FGI from obtaining directly from News America.  Indeed, the Subpoena should be ordered withdrawn on this basis alone, as it reflects a willful attempt by FGI to circumvent this Court's rulings.  Further, the documents sought by the Subpoena are governed by protective orders entered in the Insignia litigations that prohibit those documents from being used for any purpose outside of those litigations.

## A.    FGI Has Violated This Court's April 11, 2006 And July 19, 2006 Orders By Issuing The Subpoena.

As described above, this Court's Order of April 11, 2006 excluded from discovery any communications between News America and retailers or CPGs that were not named in FGI's Complaint.  Notwithstanding this expressly imposed judicial limitation, the Subpoena demands that Insignia produce "all documents" related to News America's communications with "retailers or consumer packaged goods manufacturers" – whether or not they are named in the Complaint.

Furthermore, this Court's July 19, 2006 Order limited News America's obligation to produce documents referencing FGI (or its principals Richard and George Rebh) to documents created between November 1, 2001 and November 1, 2002.  The Subpoena, again in blatant disregard of this expressly imposed judicial limitation, broadly demands the production of News America

9

documents referencing FGI and/or its principals from *January 1, 2000 to April 11, 2006.*

The Subpoena attempts to evade this Court's Orders by seeking discovery that this Court has precluded by invoking the authority of distant courts that have no knowledge of this case.[8]  Third party subpoenas are considered an improper means of obtaining discovery that otherwise would be forbidden.  *See In re Southeast Banking Corp.*, 204 F.3d 1322, 1330-31, 1334-35 (11th Cir. 2000) (plaintiff's repeated issuance of third party subpoenas in violation of court orders, despite the court's "numerous warnings throughout th[e] litigation[,]" constituted "willful," "abusive, contumacious conduct" that was properly subject to "harsh" sanctions because it "disrupt[ed] the court proceedings [and] deliberate[ly] challenge[d] the authority of the district court").

---

[8]    To the extent that it demands documents within the parameters set by this Court's Orders, the Subpoena is duplicative.  Those documents were sought by FGI in the requests that it issued to News America in this case, and News America has either produced documents responsive to those requests, or objected to them (which objections FGI has litigated to the extent that it desired).  *See* Fed. R. Civ. P. 26(b)(2)(C) (court may prohibit discovery that is "unreasonably cumulative or duplicative," particularly when the requesting party "has had ample opportunity by discovery in the action to obtain the information sought"); Ex. J at 1-2 (noting, in quashing FGI's subpoena to CC, that "[FGI] has already had ample opportunity to conduct discovery on this matter directly with [News America]").  Further, to the extent that the Subpoena demands nonduplicative documents, it is overbroad and seeks material that is irrelevant, because such material was produced by News America in cases unrelated to the instant case.  *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery only of information that is "relevant" or "appears reasonably calculated to lead to the discovery of admissible evidence").

89434.2

As in *Southeast Banking*, FGI's conduct has been abusive and contumacious.  By issuing the Subpoena, FGI is attempting – for the third time – to secure discovery that this Court has expressly prohibited.  FGI's repeated flagrant violations of Court Orders subvert this Court's authority and hinder this Court's management of discovery.  As in *Southeast Banking,* FGI's willfulness should not be countenanced.  Because the Subpoena violates Orders of this Court, the Court should order FGI to withdraw it.

**B.**     **The Subpoena Demands Production of News America Documents  That Are Protected Under Orders Entered in Unrelated Cases.**

The documents sought by the Subpoena were produced by News America to Insignia in unrelated cases with protective orders that govern discovery.  Both protective orders governing the Insignia litigations forbid the use of discovery materials for purposes outside of those litigations.  *See* Ex. C at 1¶ 1; Ex. D at 1¶ 1.  Judicial comity and considerations of the orderly administration of justice require this Court to order FGI to withdraw the Subpoena.  If this Court permits FGI to access documents covered by those protective orders, this Court would, in effect, be overruling those orders.  This would contravene the policy that one court should avoid interfering with another court's jurisdiction.  *See, e.g.*, *Exxon Corp. v. U.S. Dep't of Energy*, 594 F. Supp. 84, 89-91 (D. Del. 1984).

89434.2

In *Harper v. Trans Union, LLC*, the plaintiffs, like FGI, improperly attempted to discover protected material.  There, a confidentiality order had been entered in the District of South Carolina protecting a list of persons who opted out of certain class action suits.  The plaintiff sought discovery in the Eastern District of Pennsylvania of the list of opt-outs that had been protected by the District of South Carolina.  The defendants moved in the Eastern District of Pennsylvania for a protective order, and the Eastern District of Pennsylvania precluded the plaintiff from obtaining the list.  As *Harper* observed, permitting discovery of information protected by another court "overrule[s] the [other court's] decision to issue" its protective order.  No. Civ. A 04-3510, 2005 WL 697490, at *2 (E.D. Pa. Mar. 24, 2005).  *See also In re Elec. Weld Steel Tubing Antitrust Litig.*, 512 F. Supp. 81, 83-84 (N.D. Ill. 1981) (quashing plaintiffs' subpoena *duces tecum* seeking third party documents that were protected in another district court); *Dart Indus., Inc. v. Liquid Nitrogen Processing Corp.,* 50 F.R.D. 286, 291-92 (D. Del. 1970) (prohibiting discovery of materials protected by an order entered in another jurisdiction to avoid "colliding with orders of a co-ordinate Federal Court").  Therefore, this Court should enforce the protective orders governing the Insignia litigations and preclude FGI from obtaining documents pursuant to the Subpoena, when production of those documents would violate those orders.

89434.2

### III.    This Court Should Order FGI To Pay The Attorneys' Fees And Costs Incurred By News America In Challenging the Subpoena.

As already noted, FGI's repeated attempts to secure discovery expressly prohibited by this Court constitute willful, abusive misconduct. *See Southeast Banking*, 204 F.3d at 1330-31, 1332 ("Sanctions . . . for violation of [a discovery] order are [] appropriate if the order stated in specific and clear terms what acts were required or prohibited."). This Court has broad latitude to sanction such willfulness, including by ordering FGI to pay all attorneys' fees and costs that News America incurs in opposing the Subpoena. *See Comuso v. Nat'll R.R. Passenger Corp.*, 267 F.3d 331, 334, 337-38 (3d Cir. 2001).

Attorney's fees are the appropriate sanction for repeated, improper discovery requests such as FGI's, especially where, as here, those requests conflict with the Court's earlier rulings. *Dahl v. City of Huntington Beach*, 84 F.3d 363, at 367 (9th Cir. 1996) (awarding attorneys' fees sanctioning discovery requests that were "duplicative of an earlier request which had been denied"). Accordingly, News America respectfully requests that this Court order  FGI to pay the attorneys' fees and costs that News America incurs in opposing the Subpoena.[9]

---

[9]    News America has attempted to meet and confer with FGI regarding the Subpoena, but to no avail. *See* Certification of Stacey Anne Mahoney, Esq., filed herewith.

89434.2

## CONCLUSION

For the foregoing reasons, News America respectfully requests that the Court issue an Order requiring FGI (1) to withdraw the third party subpoena issued to Insignia on March 12, 2007, (2) to refrain from serving any subpoena, in any court, in violation of discovery Orders in the instant case, and (3) to reimburse all attorneys' fees and costs that News America incurs in opposing the third party subpoena issued to Insignia on March 12, 2007.

89434.2

April 12, 2007                    Respectfully submitted,


                                  _____s/ Steven P. Goodell_____
                                  Steven P. Goodell

                                  **HERBERT, VAN NESS, CAYCI &**
                                  **GOODELL, A Professional Corporation**
                                  **Steven Goodell, Esq.  (SPG-8421)**
                                  **22 Chambers Street**
                                  **Princeton, New Jersey 08542**
                                  **Telephone:  (609) 924-2495**
                                  **Facsimile:  (609) 924-8732**

                                  **MAYER, BROWN, ROWE & MAW LLP**
                                  **Lee N. Abrams, Esq.     (LNA-0553)**
                                  **Diane Green-Kelly, Esq.(DGK-2718)**
                                  **71 South Wacker Drive**
                                  **Chicago, Illinois 60606**
                                  **Telephone:  (312) 782-0600**
                                  **Facsimile:  (312) 701-7711**

                                  *On the Brief*:
                                  **CONSTANTINE CANNON LLP**
                                  **Stacey Anne Mahoney, Esq.**
                                  **Kerin E. Coughlin, Esq.**
                                  **450 Lexington Avenue, 17th Floor**
                                  **New York, New York 10017**
                                  **Telephone:  (212) 350-2700**
                                  **Facsimile:  (212) 350-2701**

                                  *Counsel for Defendants*
                                  *News America Marketing*
                                  *In-Store Services, LLC and*
                                  *and News America Marketing In-Store, LLC*

89434.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

NEWS AMERICA MARKETING                )
IN-STORE, INC., a Delaware corporation, )      00 Civ. 5843
                                      )      (Casey, J.)
            Plaintiff,                )      (Fox, M.J.)
                                      )
      v.                              )
                                      )      **STIPULATED PROTECTIVE ORDER**
INSIGNIA SYSTEMS, INC.,               )
a Minnesota corporation,              )
                                      )
            Defendant.                )
_____)

The parties agree as follows:

1.     All information including, without limitation, documents, writings, video or audio

tapes, computer-generated or recorded information in any form, materials, oral or written testimony,

declarations, affidavits, depositions or statements, whether or not transcribed or recorded, disclosed

or obtained by or from any person, whether or not a party, in response to any discovery method

authorized or permitted by the Federal Rules of Civil Procedure, or produced voluntarily in lieu of

such discovery ("information"), shall be used only for the purpose of this litigation and not for any

other purpose.

2.     Any party or non-party may designate as **"CONFIDENTIAL"** all or any part of any

discovery and other information or materials exchanged by the parties or provided by non-parties or

filed with the Court, including without limitation, information as defined in Paragraph 1, documents,

pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests

for admission, which the designating party in good faith deems to contain sensitive financial, patent,

19221.1

trademark, copyright, trade secret, information concerning marketing, customer, research, or product

development, or any other document or material containing other confidential information, the

disclosure of which is generally protected against by the designating party in the normal course of

business. Such designations shall be made by marking each page of the document or the material

as **"CONFIDENTIAL"** and shall be as specific as the context of the information reasonably permits

so as not to include non-confidential information. All such designated information and other

materials are referred to herein as "Confidential Material." Notwithstanding such designation,

"Confidential Material" does not include information obtained independent of a party to this

litigation as to which no separate obligation of confidentiality applies.

    3.     "Confidential Material" shall be revealed only to Qualified Persons (defined in

paragraph 4 below), their clerical, support and secretarial staffs, paralegals, and assistants, and shall

be used only for preparation and trial of this action.

    4.     "Confidential Material" may be disclosed only to the following Qualified Persons:

       a.     Any party or officer or employee of a party to this litigation, to the extent deemed necessary by counsel for the prosecution, defense or other resolution of this litigation;

       b.     Outside attorneys of record representing the parties in this litigation and persons regularly employed in their offices whose functions in this litigation require access to "Confidential Material";

       c.     Outside experts retained by any party for purposes of aiding in the prosecution, defense or resolution of this litigation, or for the purpose of testifying in this case and to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

       d.     Deposition or trial witnesses, including current or former employees, officers or directors of the designating party or non-party, reasonably believed to have relevant information regarding the "Confidential Material";

2

     e.     Persons reasonably believed to have authored or received the "Confidential Material";

     f.     Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

     g.     The court and court personnel; and

     h.     Court reporters retained to record and transcribe testimony in this action.

5.     No person authorized under paragraph 4(c), 4(f) and 4(h) of this Protective Order to receive access to "Confidential Material" shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the designating party. Further, each recipient of "Confidential Material" shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

6.     Deposition testimony designated as containing "Confidential Material" may be so designated in response to a question, prior to any responsive testimony being given, or thereafter. If during the course of a deposition, testimony being elicited concerns "Confidential Material," all persons, except those entitled to receive such information under paragraph 4 above, will be excluded for the duration of such testimony, regardless of whether the non-designating party objects to the designation. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion. In the event that the designation of information

precludes a deponent's access to information, the party seeking to utilize such Information at the deposition may seek leave of the Court to examine the witness further on the information and related subjects covered by the designation.

7.    A party or non-party may, in good faith, designate information, including but not limited to, documents, deposition testimony, interrogatory responses, responses to requests for admissions and/or other information that concerns or relates to non-public highly sensitive financial information, trade secrets that have not already been disclosed beyond the designating party, business, strategic or marketing plans that relate to conduct that has yet to occur, or other information that a party believes in good faith to be of a highly sensitive nature and all information derived therefrom, as **"CONFIDENTIAL- ATTORNEYS EYES ONLY"**. Such designations shall be made by marking each page of the document or the material as **"CONFIDENTIAL- ATTORNEYS EYES ONLY"** and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated information and other materials are referred to herein as "Attorneys Eyes Only Information." Notwithstanding such designation, "Attorneys Eyes Only Information" does not include information obtained independent of a party to this litigation as to which no separate obligation of confidentiality applies.

8.    Deposition testimony designated as "Attorneys Eyes Only Information" may be so designated in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive that information pursuant to Paragraph 9 below shall be excluded from the deposition until testimony regarding those matters has been concluded, regardless of whether the non-designating party objects to the designation. The objecting party, however, may challenge the designation before the Court,

19221.1                                    4

either during the deposition or after its conclusion. In the event that the designation of information

precludes a deponent's access to information, the party seeking to utilize such information at the

deposition may seek leave of the Court to examine the witness further on the information and related

subjects covered by the designation.  Further, each recipient of "Attorneys Eyes Only Information"

shall not make any copies of or notes concerning such information for any purpose whatsoever,

except in connection with this litigation and solely for the purposes of this litigation.

      9.      Discovery materials and/or information designated as **"CONFIDENTIAL-**

**ATTORNEYS EYES ONLY"** will be held by the receiving party solely for use in connection with

this action and, except with the prior written consent of the person producing the materials and/or

information or upon order of this Court, shall not be disclosed other than to the Court and/or to:

      a.      Outside attorneys of record representing the parties in this litigation and persons regularly employed in their offices whose functions in this litigation require access to "Attorneys Eyes Only Information";

      b.      In-house counsel Jan Constantine, Esq. for plaintiff;

      c.      Outside experts retained by any party for purposes of aiding in the prosecution, defense or resolution of this litigation, or for the purpose of testifying in this case and to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

      d.      Deposition or trial witnesses, including current or former employees, officers or directors of the designating party or non-party, reasonably believed to have relevant information regarding the "Attorneys Eyes Only Information";

      e.      Persons reasonably believed to have authored or received the "Attorneys Eyes Only Information";

      f.      Court reporters retained to record and transcribe testimony in this action;

      g.      Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data

connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

h.       The court and court personnel.

Other than in the context of a deposition as allowed by Paragraph 9(c) and (d), except with the prior written consent of the person producing the materials and/or information, "Attorneys Eyes Only Information" may not be disclosed to any officer, employee or agent of News America Marketing In-Store, Inc. or Insignia Systems, Inc., regardless of whether such officer, employee or agent has been retained as an expert or consultant in the prosecution or defense of this litigation. This clause does not prohibit the disclosure of "Attorneys Eyes Only Information" to outside experts retained by any party for purposes of aiding in the prosecution, defense or resolution of this litigation, or for the purpose of testifying in this case, and as is reasonably necessary, to the outside experts' office associates and clerical personnel as permitted by Paragraph 9(c), nor does it prohibit disclosure to in-house counsel designated in Paragraph 9(b), nor does it prohibit disclosure to independent contractors as permitted by Paragraph 9(g).

No person authorized under paragraph 9(c), 9(f) and 9(g) of this Protective Order to receive access to "Attorneys Eyes Only Information" shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the designating party. Further, each recipient of "Attorneys Eyes Only Information" shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

19221.1                                6

10.    Prior to the taking of any deposition in this litigation, the deposition reporter shall be given a copy of this Protective Order. If, during the course of a deposition, counsel for any person designates any part of the testimony as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEYS EYES ONLY"** the deposition transcript shall be visibly marked on the cover page by the reporter as follows:

**"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"**

OR

**"CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO PROTECTIVE ORDER."**

11.    All deposition testimony shall be presumed "Confidential" for 30 days from the conclusion of the deposition, after which time, if the party or non-party whose witness was deposed has not specifically designated by letter to opposing counsel and the deposition reporter any portions of the deposition testimony as "Confidential" or "Confidential-Attorneys Eyes Only," the entirety of the deposition testimony shall be treated as if it contained no "Confidential Material" or "Attorneys Eyes Only Information." Under the terms of this Protective Order, a copy of the letter specifically designating portions of the deposition testimony as containing "Confidential Material" or "Attorneys Eyes Only Information" shall be attached by the reporter and all counsel to the cover page of the deposition transcript to which it applies.

12.    Unless otherwise ordered by the Court, the same procedures and protections shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings. In the event that any "Confidential Material" or "Attorneys Eyes Only Information" is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through

such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

13.    Unless otherwise agreed to by the parties, any "Confidential Material" or "Attorneys Eyes Only Information" which is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

**"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"**

OR

**"CONFIDENTIAL-ATTORNEYS EYES ONLY-SUBJECT TO PROTECTIVE ORDER."**

The Court, its staff and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. To the extent practicable, "Confidential Material" and "Attorneys Eyes Only Information" shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No "Confidential Material" or "Attorneys Eyes Only Information" shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in Court, except as provided in this paragraph.

14.    Any party receiving any information or material which has been designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEYS EYES ONLY"** may object in writing to such designation to all parties (and to a non-party if that is the designating person), and identify the desired de-designation (or re-designation to another level of confidentiality) by specifying the information or material that the challenging party contends was improperly designated, and indicate the proper level of confidentiality that the challenging party contends should apply to the specified

19221.1                                  8

information or material. The designating party (or any other interested party), shall then have 10 days to reject the desired de-designation (or re-designation) by so informing the challenging party, in writing, on notice to all parties. (The 10 day period in which to make such an application is subject to enlargement or extension by either consent of the challenging party or the Court.) Absent such a timely rejection of the desired de-designation (or re-designation), the information shall be deemed to be de-designated (or re-designated) in accordance with the challenging party's notice of de-designation (or re-designation). If such objection cannot be resolved, in good faith, by agreement, the designating party may file a motion with the Court to determine the propriety of the designation within 20 days of the objection to the designation. The "Confidential Material" or "Attorneys Eyes Only Information" that is the subject of such motion shall be treated in accordance with the designated **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEYS EYES ONLY"** status pending the Court's decision on the motion.

15.    Disclosure by the producing party or non-party of "Confidential Material" or "Attorneys Eyes Only Information" without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed. Upon learning of the disclosure of "Confidential Material" or "Attorneys Eyes Only Information" without proper designation, the party or non-party seeking protection of the information shall, within 10 days, properly designate or re-designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation (or re-designation), that occurred prior to notification of such later designation (or re-designation).

16.    Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Confidential Material" and/or "Attorneys Eyes Only Information", and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of "Confidential Material" and/or "Attorneys Eyes Only Information" are informed of the terms of this Protective Order and their obligations under it.

17.    If "Confidential Material" or "Attorneys Eyes Only Information" is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the designating party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

18.    Inadvertent production of any information that a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  A party or non-party may request the return of any "Inadvertently Produced Privileged Document" by identifying the document inadvertently produced and stating the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of any "Inadvertently Produced Privilege Document" then in the custody of another party or non-party, the possessing party shall within 3 days destroy or return to the requesting party or non-party the "Inadvertently Produced Privileged Document" (and all copies thereof) and shall expunge from any other document or material information solely derived from the "Inadvertently Produced

19221.1                                    10

Privileged Document." The party destroying or returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

19.    If, at any time, any "Confidential Material" or "Attorneys Eyes Only Information" in the possession, custody or control of any person other than the person who originally produced such information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) immediately shall provide written notice to the person who originally produced such information (and to the designating party), which notice shall include the date set for the production of the "Subpoenaed Information," and (b) shall not produce the "Subpoenaed Information" prior to the date set forth in the notice or, in the event of a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the subpoenaed party may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt.

20.    This Protective Order does not require production of (a) work product material or information, or (b) materials or information covered by the attorney/client or other applicable, state or other, privileges. Such material may continue to be withheld from discovery by any party, unless the Court orders otherwise.

21.    Nothing herein shall impose any restrictions on the use or disclosure by a party of its own information as it deems appropriate.

19221.1                               11

22.    Within a reasonable time after final termination of this action, including all appeals, the attorneys for the receiving party shall return "Confidential Material" and "Attorneys Eyes Only Information" to counsel for the person who disclosed the protected information to the recipient, or, upon agreement of the parties, the information shall be destroyed.

23.    Nothing herein shall be construed as an agreement or admission that (a) any discovery material designated **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEYS EYES ONLY"** by an opposing party is, in fact, confidential; or (b) any discovery material is competent, relevant, or material. Further, neither the entry of this order nor the designation of any discovery material as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEYS EYES ONLY"** (or the failure to make such designation) shall constitute evidence with respect to any issue in this proceeding.

24.    Nothing contained in the Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

25.    This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel, and to all non-parties that are subjected to subpoenas in this litigation. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation.

26.    This Protective Order is binding on the parties immediately upon execution.

Dated: _May 8_, 2001.

CONSTANTINE & PARTNERS, P.C.

By: _Stacey Anne Mahoney_
   Lloyd Constantine (LC-8465)
   Stacey Anne Mahoney (SM-5425)
   Brian Michael Cooper (BC-7091)
477 Madison Avenue, 11th Floor
New York, New York 10022
(212) 350-2700

*Attorneys For Plaintiff News America*
*Marketing In-Store Services, Inc.*

Dated: _May 14_, 2001.

LINDQUIST & VENNUM P.L.L.P.

By: _Thomas F. Pursell_
   Thomas F. Pursell (TP-6147)
444 Cedar Street, Suite 1700
St. Paul, Minnesota 55101
Telephone: (651) 312-1300

   Robert J. Hennessey (RH-4682)
4200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211

KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP
   James J. Stricker (JS-5337)
1633 Broadway
New York, New York 10019-6799
(212) 506-1700

*Attorneys for Defendant*
*Insignia Systems, Inc.*

SO ORDERED.

Dated: _6/26/01_

_Richard Crosby_
Judge

19221.1                                    13

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| NEWS AMERICA MARKETING | ) |  |
| IN-STORE, INC., a Delaware corporation, | ) | 00 CV 5843 |
| Plaintiff, | ) | (Casey, J.) |
| v. | ) | (Fox, M.J.) |
| | ) | |
| INSIGNIA SYSTEMS, INC., | ) | |
| a Minnesota corporation, | ) | |
| Defendant. | ) | |

I, _____, agree as follows:

1.    I have read the Stipulated Protective Order entered in the above-captioned case. A copy of the Stipulated Protective Order has been given to me.

2.    I understand and will comply with all of the Stipulated Protective Order's terms.

3.    I promise that any confidential information provided to me under the Stipulated Protective Order will be used by me only in connection with the litigation of the above-captioned case. I further promise that I will not disclose any "Confidential Material" and/or "Attorneys Eyes Only Information" provided to me under the Stipulated Protective Order except as set forth in the Stipulated Protective Order.

4.    I further promise that, at the request of counsel who provided me with the "Confidential Material" and/or "Attorneys Eyes Only Information," I will return all protected information to such counsel.

5.    I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceeding to enforce the terms of this Confidentiality Agreement or the Protective Order, and for no other purpose.

Date:_____          Signature:_____

Print Name:_____

Title:_____

Company Name:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWS AMERICA MARKETING IN-STORE, INC., a Delaware corporation, | ) ) ) ) |
| Plaintiff, | ) ) **Index No. 03CV8555 (RCC)** |
| v. | ) ) |
| INSIGNIA SYSTEMS, INC., a Minnesota corporation, | ) **STIPULATED PROTECTIVE ORDER** ) ) |
| Defendant. | ) ) |

The parties agree as follows:

1.    All information including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, declarations, affidavits, depositions or statements, whether or not transcribed or recorded, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, or produced voluntarily in lieu of such discovery ("information"), shall be used only for the purpose of this litigation and not for any other purpose.

2.    Any party or non-party may designate as **"CONFIDENTIAL"** all or any part of any discovery and other information or materials exchanged by the parties or provided by non-parties or filed with the Court, including without limitation, information as defined in Paragraph 1, documents, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which the designating party in good-faith deems to contain sensitive financial, patent,

37823.1

trademark, copyright, trade secret, information concerning marketing, customers, research, or product development, or any other document or material containing other confidential information, the disclosure of which is generally protected against by the designating party in the normal course of business. Such designations shall be made by marking each page of the document or the material "CONFIDENTIAL" and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated information and other materials are referred to herein as "Confidential Material." Notwithstanding such designation, "Confidential Material" does not include information obtained independent of a party to this litigation as to which no separate obligation of confidentiality applies.

3.      No recipient of "Confidential Material" shall make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

4.      Discovery materials and/or information designated as "CONFIDENTIAL" will be held by the receiving party solely for use in connection with this litigation. "Confidential Material" shall be revealed only to Qualified Persons (defined in paragraph 5 below), their clerical, support and secretarial staffs, paralegals, and assistants, and shall be used only for preparation and trial of this action.

5.      "Confidential Material" may be disclosed only to the following Qualified Persons:

    a.      Outside attorneys representing the parties in this litigation and persons regularly employed in their offices whose functions in this litigation require access to "Confidential Material";

    b.      Outside experts retained by any party for purposes of aiding in the prosecution, defense or resolution of this litigation, or for the purpose of

2

37823.1

testifying in this case and to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

c.  In-house counsel Jan Constantine, Esq. for plaintiff, subject to her signed Certificate;

d.  Deposition witnesses, including current or former employees, officers or directors of the designating party or non-party, reasonably believed to have relevant information regarding the "Confidential Materials";

e.  Persons reasonably believed to have authored or received the "Confidential Material";

f.  Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

g.  The court and court personnel; and

h.  Court reporters retained to record and transcribe testimony in this action.

6.  No person authorized under paragraphs 5(b), 5(f) and 5(h) of this Protective Order to receive access to "Confidential Material" shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the Confidentiality Agreement attached as Exhibit A to this Protective Order. The original of each such written Confidentiality Agreement shall be maintained by counsel for the designating party.

7.  Other than in the context of a deposition as allowed by paragraphs 5(b), 5(d) and (e), "Confidential Material" may not be disclosed to any officer, employee or agent of News America Marketing In-Store, Inc. or Insignia Systems, Inc., regardless of whether such officer, employee or agent has been retained as an expert or consultant in the prosecution or defense of this litigation.

37823.1

8.    Deposition testimony designated as containing "Confidential Material" may be so designated in response to a question, prior to any responsive testimony being given, or thereafter. If, during the course of a deposition, testimony being elicited concerns "Confidential Material," all persons except those entitled to receive such information under paragraph 5 above will be excluded from the deposition for the duration of such testimony, regardless of whether the non-designating party objects to the designation. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion. In the event that the designation of information precludes a deponent's access to information, the party seeking to utilize such information at the deposition may seek leave of the Court to examine the witness further on the information and related subjects covered by the designation.

9.    Prior to the taking of any deposition in this litigation, the deposition reporter shall be given a copy of this Protective Order. If, during the course of a deposition, counsel for any person designates any part of the testimony as "CONFIDENTIAL," the deposition transcript shall be visibly marked on the cover page by the reporter as follows:

### "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

10.    All deposition testimony shall be presumed "CONFIDENTIAL" for 30 days from the conclusion of the deposition, or until fifteen (15) days after receipt by the parties' counsel of the deposition transcript, whichever is later, after which time, if the party or non-party whose witness was deposed has not specifically designated by letter to opposing counsel and the deposition reporter any portions of the deposition testimony as "CONFIDENTIAL," the entirety of the deposition testimony shall be treated as if it contained no "Confidential Material." Under the terms of this Protective Order, a copy of the letter specifically designating portions of the deposition testimony

4

as containing "Confidential Material" shall be attached by the reporter and all counsel to the cover page of the deposition transcript to which it applies.

11.    Unless otherwise ordered by the Court, the same procedures and protection shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings. In the event that any "Confidential Material" is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

12.    Unless otherwise agreed to by the parties, any "Confidential Material" that is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

### "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

The Court, its staff and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. To the extent practicable, "Confidential Material" shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No "Confidential Material" shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in Court, except as provided in this paragraph.

13.    Any party receiving any information or material which has been designated as **"CONFIDENTIAL"** may object in writing to such designation to all parties (and to a non-party if that is the designating person), and identify the desired de-designation by specifying the information or material that the challenging party contends was improperly designated. The designating party

5

(or any other interested party), shall then have 10 days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties. (The 10 day period in which to respond is subject to enlargement or extension by either consent of the challenging party, such consent not to be unreasonably withheld, or the Court.) Absent such a timely rejection of the desired de-designation, the information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation. If such objection cannot be resolved, in good faith, by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation within 10 days of the response or the running of the time to respond to the objection to the designation. The "Confidential Material" that is the subject of such motion shall be treated in accordance with the designated **"CONFIDENTIAL"** status pending the Court's decision on the motion.

14.    Disclosure by the producing party or non-party of "Confidential Material" without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed. Upon learning of the disclosure of "Confidential Material" without proper designation, the party or non-party seeking protection of the information shall, within 10 days, properly designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation, that occurred prior to notification of such later designation.

15.    Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Confidential Material" and shall be responsible for insuring that

6

each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of "Confidential Material" are informed of the terms of this Protective Order and their obligations under it.

16.     If "Confidential Material" is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the designating party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

17.     Inadvertent production of any information that a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A party or non-party may request the return of any "Inadvertently Produced Privileged Document" by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of any "Inadvertently Produced Privileged Document" then in the custody of another party or non-party, the possessing party shall within 3 days destroy or return to the requesting party or non-party the "Inadvertently Produced Privileged Document" (and all copies thereof) and shall expunge from any other document or material information solely derived from the "Inadvertently Produced Privileged Document." The party destroying or returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production. The

7

party that inadvertently produced the privileged document must within 7 days include that document on its privilege log.

18.    If, at any time, any "Confidential Material" in the possession, custody or control of any person other than the person who originally produced such information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed: (a) immediately shall provide written notice to the person who originally produced such information (and to the designating party), which notice shall include the date set for the production of the "Subpoenaed Information;" and (b) shall not produce the "Subpoenaed Information" prior to the date set forth in the notice or, in the event of a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the subpoenaed party may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt.

19.    This Protective Order does not require production of (a) work product material or information or (b) materials or information covered by the attorney/client or other applicable, state or other, privileges. Such material may continue to be withheld from discovery by any party, unless the Court orders otherwise.

20.    Nothing herein shall impose any restrictions on the use or disclosure by a party of its own information as it deems appropriate.

21.    Within a reasonable time after final termination of this action, including all appeals, the attorneys for the receiving party shall return "Confidential Material" to counsel for the person

8

who disclosed the protected information to the recipient, or, upon agreement of the parties, the information shall be destroyed.

22.    Nothing herein shall be construed as an agreement or admission that: (a) any discovery material designated **"CONFIDENTIAL"** by an opposing party is, in fact, confidential; or (b) any discovery material is competent, relevant, or material. Further, neither the entry of this order nor the designation of any discovery material as **"CONFIDENTIAL"** (or the failure to make such designation) shall constitute evidence with respect to any issue in this proceeding.

23.    Nothing contained in the Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

24.    This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel, and to all non-parties that are subject to subpoenas in this litigation. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation.

25.    This Protective Order is binding on the parties immediately upon execution.

Dated: April 8, 2004.

CONSTANTINE & PARTNERS, P.C.

By: _____

Stacey Anne Mahoney (SM-5425)
Alysia A. Solow (AS-6654)
477 Madison Avenue, 11th Floor
New York, New York 10022

9

37823.1

(212) 350-2700

*Attorneys for Plaintiff News America
Marketing In-Store, Inc.*

Dated: April 9 , 2004.

**ORRICK, HERRINGTON & SUTCLIFFE, LLP**

By: _____

Thomas J. Horton (admitted pro hac vice)
Raymond G. Mullady, Jr. (admitted pro hac vice)
3050 K Street NW
Washington DC 20007
(202) 339-8400

James J. Capra, Jr. (JC-8375)
Holly M. Dellenbaugh (HD-5659)
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

*Attorneys for Defendant
Insignia Systems, Inc.*

SO ORDERED:

4/16/04

_____
**U.S.D.J.**

10

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

NEWS AMERICA MARKETING )
IN-STORE, INC., )     **Index No. 03CV8555 (RCC)**
a Delaware corporation, )
                              Plaintiff, )
                                                    )
        v. )        **CONFIDENTIALITY AGREEMENT**
                                                    )
INSIGNIA SYSTEMS, INC., )
a Minnesota corporation, )
                              Defendant. )
_____)

I, _____, agree as follows:

1. I have read the Stipulated Protective Order entered in the above-captioned case. A copy of the Stipulated Protective Order has been given to me.

2. I understand and will comply with all of the Stipulated Protective Order's terms.

3. I promise that any confidential information provided to me under the Stipulated Protective Order will be used by me only in connection with the litigation of the above-captioned case. I further promise that I will not disclose any "Confidential Material" provided to me under the Stipulated Protective Order, except as set forth in the Stipulated Protective Order.

4. I further promise that, at the request of counsel who provided me with the "Confidential Material," I will return all protected information to such counsel.

5. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceeding to enforce the terms of this Confidentiality Agreement of the Protective Order, and for no other purpose.

Date:_____          Signature:_____

Print Name:_____

Title:_____

Company Name:_____

# CERTIFICATE OF JAN F. CONSTANTINE

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective

Order") entered by the Court on April ___, 2004, in the above-captioned case and I understand

both the terms of the Protective Order (a copy of which is attached) and the potential

consequences of violating the Protective Order. I recognize that I am bound by the terms of that

Protective Order and I agree to comply with those terms. I agree not to disclose Information

designated thereunder as "Confidential" to any person not entitled to access to such information

under the express terms of the Protective Order. I also understand that I may be subject to

penalties or sanctions, that I and others to whom I convey Confidential Information may be

restrained or enjoined, and that I may be subject to possible claims for monetary damages if I

violate the terms of the Protective Order. I further agree to use Confidential Information only in

connection with this litigation, and not for any other purpose. I hereby consent to the jurisdiction

of the United States District Court for the Southern District of New York in respect to any

proceedings relative to the enforcement of the Protective Order or any claims arising thereunder,

whether or not this action has been dismissed, transferred, stayed or is appealed. I understand

that the obligation to comply with the terms of the Protective Order survives the termination of

this litigation, including the terms pertaining to the non-disclosure of Confidential Information;

such compliance does not, however, restrict me from participating in future employment

opportunities.

In connection with obtaining access to Confidential Information, I hereby certify as

follows:

(1)    My title is Senior Vice President of News America Marketing In-Store, Inc.

("News America").

(2)    I have been a member in good-standing of the bar of the State of New York since

1974, and am admitted to practice before the Southern and Eastern Districts of New York; my

attorney identification number is JC-9385.

(3)    My professional relationship with News America, plaintiff in this case, and its

personnel is strictly one of legal counsel. I am not a director of News America. I am not

involved in competitive decision-making as discussed in *United States Steel v. United States*, 730

F.2d 1465 (Fed. Cir. 1984), for or on behalf of News America, or any other company that might

gain a competitive advantage from access to Information disclosed to me pursuant to the

Protective Order. I do not provide advice or participate in matters involving similar or

corresponding information about a competitor. This means that I do not, for example, provide

advice concerning or participate in decisions about marketing or advertising strategies, product

research and development, product design or competitive structuring and composition of bids,

offers, or proposals with respect to which the use of Confidential Information could provide a

competitive advantage.

April ___, 2004
New York, New York

Jan F. Constantine, Esq.
News America Marketing In-Store, Inc.
1211 Avenue of the Americas
New York, New York  10036