| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>Arthur J. Abramowitz<br>Alan I. Moldoff<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>           amoldoff@shermansilverstein.com<br>           rswitkes@shermansilverstein.com<br><br>*Counsel to Substantial Contribution Claimants* | |
| In Re:<br><br>LTL MANAGEMENT LLC,<br><br>                              Debtor. | Case No. 23-12825 (MBK)<br><br>Chapter 11<br><br>Honorable Michael B. Kaplan, U.S.B.J., Chief<br><br>Hearing Date: May 22, 2023 at 10:00 a.m. |

**LIMITED OBJECTION OF CERTAIN SUBSTANTIAL CONTRIBUTION CLAIMANTS TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO SATISFY ITS OBLIGATION UNDER THIS COURT'S DISMISSAL ORDER ENTERED IN THE DEBTOR'S PRIOR CHAPTER 11 CASE AND RESERVATION OF RIGHTS**

Certain law firms and unofficial committees, individually and/or on behalf of certain tort claimants (the "Substantial Contribution Claimants")[1], that filed a motion[2] (the "Substantial Contribution Motion"), seeking allowance of administrative claims on behalf of their substantial contributions made in the first chapter 11 bankruptcy case of LTL Management, LLC

---

[1] The Substantial Contribution Claimants include the MDL Plaintiffs Steering Committee (including tort claimants in the MDL), Maune, Raichle, Hartley, French & Mudd, LLC (as representative for an unofficial committee of mesothelioma claimants), Levy Konigsberg, LLP (as counsel for and on behalf of certain mesothelioma claimants), Randy Derouen, Katherine Tollefson, William A. Henry, and Julia Lathrop
[2] Case No. 21-30589 (MBK), Docket No. 3949.

(the "Debtor") (Case No. 21-30589) ("LTL I"), respectfully submit this limited objection and reservation of rights with respect to the Debtor's motion (the "Motion") for an Order authorizing it to satisfy its obligations under the Court's dismissal order entered in the Debtor's prior chapter 11 case (Docket No. 319). In connection therewith, the Substantial Contribution Claimants represent as follows:

## PROCEDURAL HISTORY & BACKGROUND

1. The Court is well aware of the procedural posture of the Debtor's bankruptcy cases and the Motion. In short, on April 4, 2023, the Court entered an Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief (the "Dismissal Order"). Case No. 21-30589, Docket No. 3938. The Dismissal Order provides, in relevant part that:

   a. LTL I will not be closed until the completion of certain conditions, including (i) all Substantial Contribution Motions (as defined in the Dismissal Order) have been heard by this Court and determined pursuant to a final Order; and (ii) all amounts requested by professionals have been paid or disallowed. *Id.* at ¶ 2.

   b. Any party seeking payment of a claim for substantial contribution may file and serve a motion no later than 30 days following the Dismissal Date (as defined in the Dismissal Order). *Id.* at ¶ 8.

   c. The Court specifically retained jurisdiction to, *inter alia*, consider the Substantial Contribution Motions (as defined in the Dismissal Order) as well as any objection to a Final Fee Statement, a Reimbursement Request or a Post-Dismissal Statement (all as defined in the Dismissal Order). *Id.* at ¶ 20.

2

3319787.1

2. Approximately two (2) hours after entry of the Dismissal Order, the Debtor filed a second petition for relief under chapter 11 ("LTL II").

3. On April 26, 2023, the Debtor filed the Motion seeking authority to satisfy the Dismissal Order Obligations (as defined in the Motion) which constitute pre-petition obligations. Docket No. 319.

4. On May 3, 2023, in compliance with the Dismissal Order, the Substantial Contribution Claimants filed the Substantial Contribution Motion. Case No. 21-30589, Docket No. 3949. The Substantial Contribution Motion is currently returnable on June 22, 2023, but will be held in abeyance until the Court disposes of the instant Motion.

## LIMITED OBJECTION

5. The Motion does not specifically reference the Substantial Contribution Motions (as defined in the Dismissal Order). As a result, out of an abundance of caution and to clarify the record, the Substantial Contribution Claimants submit this limited objection and reservation of rights.

6. The Dismissal Order provides certain conditions that must be satisfied prior to the closure of LTL I, including that Final Fee Statements (as defined in the Dismissal Order) have been paid by the Debtor, or disallowed by this Court, and that the Substantial Contribution Motions have been heard by this Court and determined pursuant to a final Order. The Substantial Contribution Claimants maintain that these conditions should be read *pari-passu* as the fee requests of retained professionals and the Substantial Contribution Claimants seek allowance of administrative priority claims under the same Code provisions, including, sections 503 and 507 of the Bankruptcy Code. As such, the payment of the fee requests of retained professionals and that of finally determined requests of the Substantial Contribution Claimants should be treated equally.

3

Since the Dismissal Order was entered prior to the filing of LTL II, there is no distinction between the claims sought by the Substantial Contribution Claimants and amounts retained professionals seek to be paid since both arose pre-petition with respect to LTL II and are allowable as administrative priority claims.

7. Accordingly, the Substantial Contribution Claimants respectfully submit that the Substantial Contribution Motion must be considered a Dismissal Order Obligation and request that consistent with the proposed Order submitted with the Motion and the Dismissal Order: (i) the automatic stay is lifted to the extent necessary for the parties to submit pleadings in support of, or in opposition to, the Substantial Contribution Motion; (ii) the Court will conduct a hearing on the Substantial Contribution Motion at its convenience; (iii) any amounts ultimately allowed by this Court on account of a substantial contribution constitute a Dismissal Order Obligation (as defined in the Motion); and (iv) the Debtor is authorized to pay any such allowed Dismissal Order Obligation(s) at the earlier of seven (7) business days of entry of an Order allowing the claims sought in the Substantial Contribution Motion or simultaneously with the Debtor's payment to retained professionals on account of their allowed administrative claims.

**{Remainder of page intentionally left blank}**

## RESERVATION OF RIGHTS

8. The Substantial Contribution Claimants reserve all rights with respect to the Substantial Contribution Motion and instant Motion.

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

Dated: May 15, 2023            By: */s/ Arthur J. Abramowitz*
                                    Arthur J. Abramowitz
                                    Alan I. Moldoff
                                    Ross J. Switkes
                                    308 Harper Drive, Suite 200
                                    Moorestown, NJ 08057
                                    Tel: (856) 662-0700
                                    aabramowitz@shermansilverstein.com
                                    amodolff@shermansilverstein.com
                                    rswitkes@shermansilverstein.com

                                    *Counsel to Substantial Contribution Claimants*