**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**OFFIT KURMAN, P.A.**
Paul J. Winterhalter, Esquire (006961986)
99 Wood Avenue South, Suite 302
Iselin, New Jersey 08830
Telephone:    (267) 338-1370
Facsimile:    (267) 338-1335
E-mail:       pwinterhalter@offitkurman.com

**KTBS LAW LLP**
Michael L. Tuchin, Esq. (*pro hac vice*)
Robert J. Pfister, Esq. (*pro hac vice*)
Samuel M. Kidder, Esq. (*pro hac vice*)
Nir Maoz, Esq. (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Telephone:    (310) 407-4000
Facsimile:     (310) 407-9090
Email:        mtuchin@ktbslaw.com
              rpfister@ktbslaw.com
              skidder@ktbslaw.com
              nmaoz@ktbslaw.com

*Attorneys for Aylstock, Witkin, Kreis & Overholtz, PLLC*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date & Time:**<br>May 22, 2023 at 10:00 a.m. |

**RESPONSE OF AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO SATISFY ITS OBLIGATIONS UNDER DISMISSAL ORDER ENTERED IN PRIOR CHAPTER 11 CASE**

Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), on behalf of thousands of holders of talc personal injury claims, submits this response to the *Debtor's Motion for an Order*

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*Authorizing it to Satisfy its Obligations Under this Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case* [D.I. 319] (the "Motion").

On April 4, 2023, this Court entered the Dismissal Order[2] dismissing the Debtor's first bankruptcy case ("2021 LTL"). *See* Mot. Ex. A. Paragraph 8 of the Dismissal Order provides:

> Substantial Contribution Motions. Any party seeking payment of a claim for substantial contribution may file and serve a motion seeking such relief ("Substantial Contribution Motion") no later than 30 days following the Dismissal Date. The Court will schedule a hearing, at the Court's convenience, to consider the Substantial Contribution Motion. LTL may object to the Substantial Contribution Motion no later than 7 days prior to the hearing date, and the movant may reply no later than 4 days prior to the hearing date.

The Dismissal Order further provides that 2021 LTL will not be closed until, *inter alia*, "all Substantial Contribution Motions … have been heard by this Court and determined pursuant to a final order[.]" Dismissal Order ¶ 2.

Pursuant to the Dismissal Order, on May 4, 2023, AWKO filed a motion for allowance and payment of a substantial contribution claim for certain of its expenses incurred in 2021 LTL. *See* 2021 LTL D.I. 3951. AWKO's motion is currently set for hearing on June 22, 2023, but will be held in abeyance pending disposition of the instant Motion. Other parties filed an omnibus motion for allowance of substantial contribution claims, which is also set for June 22, 2023. *See* 2021 LTL D.I. 3949.[3]

The Debtor's Motion seeks authority to satisfy the "Dismissal Order Obligations," which are defined in the Motion as "all prepetition obligations … that [the Debtor] is required to pay under the [Dismissal Order]." Mot at 1. As the Dismissal Order expressly provides a mechanism

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] To the extent consistent herewith, AWKO joins in and adopts the response to the Motion filed by the other substantial contribution claimants.

for the filing of Substantial Contribution Motions and conditions the closing of 2021 LTL on entry of a final order on the Substantial Contribution Motions, any allowed substantial contribution claims are Dismissal Order Obligations within the scope of the Motion. The Motion, however, does not explicitly reference substantial contribution claims, although it enumerates certain other types of Dismissal Order Obligations. *See* Mot. ¶ 10. Accordingly, out of an abundance of caution, AWKO files this response to clarify that substantial contribution claims allowed pursuant to Paragraph 8 of the Dismissal Order, if any, are Dismissal Order Obligations.

[The remainder of this page is blank.]

WHEREFORE, AWKO respectfully requests that the proposed order granting the Motion be revised to clarify that (i) the automatic stay is lifted to the extent necessary for the parties to submit pleadings in support of or in response to Substantial Contribution Motions, (ii) any substantial contribution claims allowed pursuant to Paragraph 8 of the Dismissal Order are Dismissal Order Obligations, and (iii) the Debtor is authorized to pay such obligations.

DATED:  May 15, 2023 				Respectfully submitted,

**OFFIT KURMAN, P.A.**

/s/ Paul J. Winterhalter
Paul J. Winterhalter, Esquire (006961986)
99 Wood Avenue South, Suite 302
Iselin, New Jersey 08830
Telephone:	(267) 338-1370
Facsimile:	(267) 338-1335
E-mail:	pwinterhalter@offitkurman.com

- and -

**KTBS LAW LLP**
Michael L. Tuchin (*pro hac vice* forthcoming)
Robert J. Pfister  (*pro hac vice* forthcoming)
Samuel M. Kidder (*pro hac vice* forthcoming)
Nir Maoz (*pro hac vice* forthcoming)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Telephone:	(310) 407-4000
Facsimile:	(310) 407-9090
Email:	mtuchin@ktbslaw.com
	rpfister@ktbslaw.com
	skidder@ktbslaw.com
	nmaoz@ktbslaw.com

*Attorneys for Aylstock, Witkin, Kreis & Overholtz, PLLC*