**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>                Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>                Defendants. | Adv. No.: 23-01092 (MBK)<br>**Hearing Date and Time:**<br>May 16, 2023 at 10:00 a.m. |

**DEBTOR'S (I) OMNIBUS RESPONSE TO OBJECTIONS TO DEBTOR'S CONFIDENTIALITY DESIGNATIONS AND (II) OBJECTION TO MOTION TO DE-DESIGNATE EXHIBIT A OF THE TERM SHEET**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), files (I) this omnibus response ("Response") to the objections to the Debtor's confidentiality

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

designations filed by (a) Certain Creditor Mesothelioma Claimants [Adv. Dkt. 95], (b) the Official Committee of Talc Claimants (the "TCC") [Adv. Dkt. 98], and (c) Maune Raichle Hartley French & Mudd, LLC [Adv. Dkt. 99] (collectively, the "Claimant Confidentiality Objections"), and (II) this objection (the "Objection") to the TCC's Motion to De-Designate Exhibit A of the Term Sheet [Dkt. 440] (the "Motion to De-Designate"). The TCC and the objecting parties are collectively referred to as "Talc Claimants." The Debtor also submits the *Declaration of Mark W. Rasmussen in Support of the Debtor's Response to Claimant Confidentiality Objections and Motion to De-Designate* (the "Counsel Declaration"), filed contemporaneously herewith. In support of this Response and Objection, the Debtor respectfully states as follows:

## Preliminary Statement

Through the Claimant Confidentiality Objections and the Motion to De-Designate, the Talc Claimants challenge the Debtor's confidential designation of Exhibit A to the term sheet, which the Debtor has used to negotiate support for a potential plan of reorganization. These challenges should be rejected. Exhibit A meets the standard for confidentiality under the operative protective order, and the Debtor and Johnson & Johnson ("J&J") have always maintained the confidentiality of the document. It contains commercially sensitive information, including qualification provisions and valuation amounts based on the facts and circumstances of the alleged talc claims, that were negotiated over the course of several years, in mediation and through direct settlement discussions. The public disclosure of this information could potentially damage ongoing settlement discussions.

The Talc Claimants provide meritless arguments to support their position. The Debtor and J&J never have waived confidentiality over Exhibit A. To the contrary, Exhibit A has been shared with other parties only under non-disclosure agreements and with the

expectation that it remain confidential. Nor should Exhibit A's confidentiality be removed because it was offered into evidence at the preliminary injunction hearing. No witness testified about Exhibit A at the hearing, it was not shown publicly, and it has not been filed on the docket. When the Debtor submitted Exhibit A to the Court as evidence in support of the preliminary injunction, it marked the document confidential and specifically preserved its confidentiality designation.

Finally, contrary to the Talc Claimants' argument, there is no need for the general public to access Exhibit A. Any interested party and their lawyers can access Exhibit A by agreeing to the operative protective order. In due course, claimants will have the opportunity to vote on a plan of reorganization that will contain qualification provisions and payment criteria, which may vary in some respects from what is contained in Exhibit A. Disclosure of Exhibit A to the general public would only cause confusion.

The Court should overrule the Claimant Confidentiality Objections and deny the Motion to De-Designate.

## Response and Objection

**I.    Exhibit A Is Confidential Under the Operative Protective Order and Should Be Protected From Public Disclosure.**

The standard for confidentiality is defined by the terms of the operative protective order. In re Valsartan, Losartan, & Irbesartan Prod. Liab. Litig., No. MDL 2875, 2022 WL 974208, at *1 (D.N.J. Feb. 10, 2022); Eisai Inc. v. Sanofi-Aventis U.S., LLC, Civil Action No. 08-4168 (MLC) 2012 WL 12917134 (D.N.J. June 11, 2012). On December 21, 2021, this Court entered an agreed protective order that governed the exchange of confidential information in connection with the Debtor's first bankruptcy filing. In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 948] ("Protective Order"). That Protective Order applies to this

adversary proceeding as well because the Debtor and other parties (including the TCC) agreed that its terms govern any documents marked confidential by the producing party. See Counsel Decl., Ex. A. The Protective Order defines "Confidential Information" as, among other things, information that the disclosing party "reasonably believes in good faith contains confidential, proprietary or commercially sensitive information, including, but not limited to . . . (b) confidential, proprietary business information . . . ." Exhibit A meets this standard and should remain protected as confidential.

      Exhibit A is attached to a term sheet that reflects the terms of an agreement that are to be implemented through a proposed plan of reorganization to resolve all current and future claims brought against the Debtor allegedly arising as a result of exposure to talc products. Exhibit A sets forth highly sensitive information related to the criteria for claimants seeking payment for their claims. For example, Exhibit A includes minimum requirements for claimants to qualify for payment. In addition, it reflects detailed valuation provisions, including credit values and discounts, based on the facts and circumstances of the alleged claims. All of this is commercially sensitive information. Joon Assocs., Inc. v. House of Blues Tours & Talent, Inc., Civil Action Nos. 05-CV-6621, 06-1632 2006 WL 2726860, at *1 (E.D. Pa. Sept. 18, 2006) (protecting confidentiality of final version and drafts of summary term sheets as commercially sensitive information).

      Moreover, Exhibit A should remain confidential because it reflects the result of years of confidential settlement discussions with law firms representing claimants asserting talc claims. The TCC agrees. During a deposition in advance of the preliminary injunction hearing, counsel for the TCC asserted that testimony referring to negotiations about information in Exhibit A were confidential settlement communications. See Dep. of James Murdica, Apr.

4

16, 2023, 74:25-75:14, Counsel Decl., Ex. B.  Exhibit A therefore meets the standard set out in the Protective Order for "confidential, proprietary or commercially sensitive information" and should remain protected from public disclosure.  See Sandoz, Inc. v. United Therapeutics Corp., 2021 WL 1625099, at *2 (D.N.J. April 27, 2021) (protecting confidentiality of term sheet negotiated during settlement discussions).

Furthermore, good cause exists to protect Exhibit A because its disclosure would result in a clearly defined and serious injury.  Eisai Inc., 2012 WL 12917134, at *4.  Specifically, the contents of Exhibit A continue to be the subject of ongoing settlement discussions between the Debtor and law firms representing claimants.  Those negotiations may result in modifications to the qualification provisions and payment grids that ultimately appear in the Debtor's proposed plan of reorganization.  Public disclosure of Exhibit A could negatively impact or disrupt those settlement negotiations or cause confusion among the public about the qualification provisions and payment grids.  See Lynk Labs, Inc. v. Juno Lighting LLC, Case No. 15 C 4833, 2016 WL 6135711, at *3 (N.D. Ill. Oct. 21, 2016) (finding that disclosure of agreement would give unfair competitive advantage to party during settlement discussions); Siemens Indus., Inc. v. SIPCO, LLC, 2012 WL 12931980, at *3 (N.D. Ga. Sept. 14, 2012) (finding that settlement communications should be confidential because disclosure "could prove harmful" to party's ability to negotiate future agreements).

## II. Claimants' Arguments in the Confidentiality Objections and Motion to De-Designate Have No Merit.

None of the counter-arguments made in the Claimant Confidentiality Objections or the Motion to De-Designate have merit.

First, Claimants argue that the Debtor has waived confidentiality because it shared the information contained in Exhibit A with lawyers for the claimants.  Mot. to De-Designate, 3.

However, Exhibit A was shared only under a non-disclosure agreement ("NDA") or pursuant to the Protective Order, thereby continuing to protect its confidentiality. The Debtor produced to the Talc Claimants a copy of the form of NDA that the recipients of Exhibit A signed. See Counsel Decl., Ex. C.

The TCC also speculates that Exhibit A *might* have been shared with certain unidentified lawyers without an NDA. Mot.to De-Designate, 3. However, the TCC cites no evidence to support this. The only evidence in the record is that Exhibit A was shared under the protections of a confidentiality agreement. See Dep. of Mikal Watts, Apr. 17, 2023, 43:8-43:13, Counsel Decl., Ex. D ("And so you negotiate only with those whom you have received a non-disclosure agreement. It's just critical. If you don't do it that way you're going to cause yourself a lot of shareholder lawsuits.").

Second, Talc Claimants assert that Exhibit A should not be confidential because it is a judicial record that is subject to the presumption in favor of public accessibility. Talc Claimants are wrong. They make much of the fact that the term sheet (including Exhibit A) was introduced as an exhibit at the preliminary injunction hearing on April 18, 2023. But no witness was asked about Exhibit A at the hearing, it was not shown publicly in the courtroom or on Zoom, and it has never been filed on the public docket. See Jerome R. Kerkman SC v. D'Amico, Case No. 20-cv-1779, 2022 WL 1539899, at *2 (E.D. Wis. May 16, 2022) (rejecting argument that confidential designations should be removed from documents that have not been filed).

The only reference to the contents of Exhibit A during the preliminary injunction hearing occurred when counsel for a claimant alluded to the amount his client might be entitled

6

to under Exhibit A in his closing argument.[2] That reference, which violated the Protective Order, cannot eliminate Exhibit A's confidentiality protections. He did not refer to any of the detailed terms of Exhibit A, such as the specific qualification provisions, overall payment criteria, or discount values. Moreover, the day after the preliminary injunction hearing, when the parties submitted their exhibits in camera to the Court, the Debtor marked the term sheet (including Exhibit A) as confidential and specifically preserved its confidentiality designations. See Debtor's Exhibit List [Adv. Dkt. 66]. When the Court admitted the evidence into the record on April 20, 2023, there was no challenge to the Debtor's confidentiality designations pending.

It was not until five days later that the TCC objected to the Debtor's designations. Not only did that objection fail to comply with the provisions in the Protective Order, it also was inconsistent with how the TCC has treated Exhibit A and other confidential documents in this case. The TCC filed a number of documents, including Exhibit A, under seal as part of its Petition for Writ of Mandamus to the Court of Appeals for the Third Circuit. In re Official Committee of Talc Claimants, Third Cir. No. 23-1826, Dkt. 2. Exhibit A was produced by the Debtor with the expectation of confidentiality and has always been treated as such, unlike the documents at issue in the cases that Talc Claimants cite to support their position.[3]

---

[2] Contrary to the TCC's assertion (Mot. to De-Designate, 5), counsel for J&J did not reveal any of the terms of Exhibit A during closing arguments at the preliminary injunction hearing.

[3] See, e.g., In re Cendent Corp., 260 F.3d 183, 193 (3d Cir. 2001) (no confidentiality over bids that "were essentially submitted in the form of motions to be appointed lead counsel"); Fair Lab'y Pracs. Assocs. v. Riedel, 666 F. App'x 209, 211-12 (3d Cir. 2016) (no reason to believe that the document would be kept confidential given that it was filed and no showing of particularized injury); Littlejohn v. Bic Corp., 851 F.2d 673, 680 (3d Cir. 1988) (admitted the documents into evidence at the end of trial without reservation of confidentiality and referenced the documents in "open court" which "may have constituted a sufficient publication"); In re Avandia Mktg., Sales Practice & Prods. Liab. Litig., 924 F.3d 662 (3d Cir. 2019) (no ruling on whether documents were confidential); In re All Matters Related to N. Am. Refractories Co., 645 B.R. 833 (Bankr. W.D. Pa. 2022) (unredacted exhibits that were not filed on docket are not judicial records).

<u>Third</u>, Claimants argue that the Debtor should not be able to announce publicly the broad support that exists for the term sheet without disclosing the contents of Exhibit A to the general public. But this is specious. The Debtor is trying to negotiate plan support agreements with lawyers representing talc claimants, all of whom can see Exhibit A, provided that they abide by the Protective Order. There is no need for the general public to view the contents of a document that reflects sensitive settlement communications. Public disclosure of Exhibit A would be potentially damaging to ongoing negotiations between the Debtor, J&J, and the lawyers for the talc claimants. In due course, claimants will have the opportunity to vote on a plan of reorganization that will contain the operative qualification provisions and payment criteria, which may vary from the contents of Exhibit A. Disclosure of Exhibit A to the general public could cause confusion.

In sum, the Claimants fail in all their attempts to argue that Exhibit A should not retain its designation as confidential.

## **Conclusion**

For the reasons set forth above, the Debtor respectfully requests that the Court deny the Claimant Confidentiality Objections and Motion to De-Designate and grant the Debtor such other and further relief as the Court may deem proper.

Dated: May 15, 2023　　　　　　　　　　　　**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

9