# **EXHIBIT A**

| | |
|---|---|
| **From:** | Winograd, Michael S <MWinograd@brownrudnick.com> |
| **Sent:** | Thursday, April 13, 2023 12:45 PM |
| **To:** | Torborg, David S.; Brown, Allison M; Jonas, Jeffrey L. |
| **Cc:** | Jones, James M.; Gordon, Gregory M.; Villari, Timothy M.; Reining, Michael W.; Joe  Satterley |
| **Subject:** | Confidentiality Agreement re Discovery |

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

As noted, we agree with the below and will not provide confidential docs to lawyers representing claimants on our Committee without confirmation that they will also abide by the below (number 1 as to docs).  I Again note as to number 3, I want to be clear that it is our position that none of the depos we are taking now in any way will or should preclude our talking depos of those witnesses again for a different motion, and in that regard, we will endeavor to avoid duplication of any questions in second depos absent cause (e.g., new facts, evidence, circumstances).

1. Documents may be produced with confidential designations, and those documents will be maintained in confidence consistent with the terms of the protective order entered in the first LTL chapter 11 proceeding.  Challenges to confidentiality may be made post-production consistent with the terms of that order, as well.
2. Deposition testimony shall be treated as confidential as elicited and for 24 hours after receipt of the transcript during which time counsel for the party/witness may make more particularized confidentiality designations.  Challenges to the confidentiality of those designations may be made post-designation consistent with the terms of that earlier protective order.
3. All depositions taken in connection with the PI proceeding shall be limited to four (4) hours, cumulatively, on the record for all examiners, save for any examination conducted by counsel for the witness.  Given this limitation, all parties reserve their rights concerning whether and the extent to which witnesses deposed in the PI proceeding may be deposed again in other later proceedings in this chapter 11 case.
4. No party will object to the admission of the evidence (the testimony and exhibits) admitted in the February 2022 PI/motion-to-dismiss proceedings.

**Michael S. Winograd**
**BROWN RUDNICK LLP**
7 Times Square
New York, NY  10036
T: 212.209.4917
M: 917.859.6225
mwinograd@brownrudnick.com

*********************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary [here](here) which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*