**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

# APPLICATION FOR RETENTION OF
# SIGNAL INTERACTIVE MEDIA, LLC, EFFECTIVE AS OF APRIL 16, 2023

1. The applicant, LTL Management LLC (the "Debtor" or "LTL Management"), is the:

  ☐ Trustee:        ☐ Chap. 7        ☐ Chap. 11        ☐ Chap. 13.

  ☒ Debtor:         ☒ Chap. 11        ☐ Chap. 13

  ☐ Official Committee of _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536622259

2.     LTL Management seeks to retain the following professional, Signal Interactive Media, LLC ("Signal"),[2] to serve as:

☐ Attorney for:      ☐ Trustee      ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:      ☐ Trustee      ☐ Debtor-in-possession

☐ Official Committee of _____

☐ Other Professional:

☐ Realtor      ☐ Appraiser      ☐ Special Counsel

☐ Auctioneer      ☒ Other (specify): Plan Noticing Consultant and Expert

3.     The employment of Signal is necessary because:

The Debtor filed the plan (the "Plan") and related disclosure statement on May 15, 2023 and will seek to solicit votes on the plan as soon as practicable. The Debtor requires knowledgeable consultants to provide expert and consulting services relating to the solicitation and confirmation of the Plan. In particular, the Debtor requires the services of Signal to design and implement a notification program for providing fair and adequate notice to the Debtor's numerous claimants, known and unknown, as may be required in connection with the solicitation and confirmation of the Plan, or any subsequent plan proposed by the Debtor. As described in paragraph 4 below, courts frequently approve the retention of a plan noticing consultant and expert in mass tort cases, and specifically, Dr. Wheatman.

4.     Signal has been selected because:

As noted in the certification of Shannon R. Wheatman, Ph.D., attached hereto as Exhibit A, (the "Wheatman Certification") and the resume of Shannon R. Wheatman, Ph.D., attached as Exhibit 1 to the Wheatman Certification, Dr. Wheatman, who is the leading expert and managing director at Signal, is an internationally recognized legal notice and media expert in mass tort, consumer, and products liability class actions and bankruptcies. Dr. Wheatman has assisted in or directed some of the largest and most complex notification programs in the country, including, among others: In re Boy Scouts of Am. and Delaware BSA, LLC, No. 20-10343 (Bankr. D. Del.) (sexual abuse); In re Energy Future Holdings Corp., No. 14-10979 (Bankr. D. Del.) (asbestos); In re Garlock Sealing Techs. LLC, No. 10-31607 (Bankr. W.D.N.C.) (asbestos); In re HONX, Inc.,

---

[2]     Signal is a Delaware limited liability company with two shareholders (James Messina and GAWO, LLC). Employees from The Messina Group ("TMG"), of which James Messina is chief executive officer, will assist with the design and implementation of the media program. Although TMG will not directly receive compensation as part of this engagement, TMG historically has shared in the annual profits of Signal.

NAI-1536622259

No. 22-90035 (Bankr. S.D. Tex.) (asbestos); In re PG&E Corp. & Pac. Gas & Elec. Co., No. 19-30088 (Bankr. N.D. Cal.) (supplemental notice program to fire claimants); In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc., No. 04-12515 (Bankr. W.D. Mich.) (class action within a bankruptcy/defective product); In re The Roman Catholic Church of The Archdiocese of New Orleans, No. 20-10846 (Bankr. E.D. La.) (sexual abuse); In re The Roman Catholic Diocese of Rockville Centre, New York, No. 20-12345 (Bankr. S.D.N.Y.) (sexual abuse); In re Think Finance, LLC, No. 17-33964 (Bankr. N.D. Tex.) (payday loan borrowers); In re W.R. Grace & Co., No. 01-01139 (Bankr. D. Del.) (asbestos); In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179 (E.D. La.) (BP, Halliburton and Transocean settlements); In re Volkswagen "Clean Diesel" Mktg., Sales Practs., and Prods. Liability Litig., MDL No. 2672 (N.D. Cal.) (false advertising).

Accordingly, the Debtor respectfully submits that Signal is well qualified to serve as the Debtor's plan noticing consultant.

5. Signal's services to be rendered are as follows:

The Debtor anticipates that Signal will render Plan noticing consulting and related services to the Debtor in connection with the solicitation and confirmation of the Plan. Signal's services to the Debtor in the chapter 11 case may include, but are not limited to:

(a)  developing a comprehensive media notice plan (the "Notice Plan") for the solicitation and confirmation of the Plan and related matters;

(b)  creating all relevant and necessary media notice materials, including print and online advertisements, as applicable;

(c)  providing expert testimony by an affidavit or oral testimony, as necessary, regarding the Notice Plan;

(d)  performing all other notice consulting services that may be necessary or appropriate in connection with the Notice Plan;

(e)  coordinating with the Debtor's claims, noticing, balloting and solicitation agent[3] to implement the Notice Plan; and

(f)  providing such other notice consulting services as may be requested by the Debtor.

---

[3] On May 4, 2023, the Debtor filed an application seeking to retain Epiq Corporate Restructuring, LLC, who has been retained as the Debtor's claims and noticing agent [Dkt. 131] to also serve as the Debtor's balloting and solicitation agent [Dkt. 426].

6.  The proposed arrangement for compensation is as follows:

The Debtor seeks to retain and employ Signal in accordance with the terms of the engagement letter between Signal and the Debtor, dated as of April 16, 2023 (the "<u>Engagement Letter</u>"), attached hereto as <u>Exhibit B</u>.

Signal has indicated its willingness to serve as the Plan noticing consultant and expert for the Debtor and to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of the Engagement Letter, sections 330 and 331 of the Bankruptcy Code, any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "<u>Interim Compensation Order</u>"), the guidelines established by the office of the United States Trustee (the "<u>U.S. Trustee Guidelines</u>") and any applicable orders of this Court.

Signal has agreed to accept as compensation sums as may be allowed by the Court. Signal understands that interim and final fee awards are subject to approval by this Court.

Signal has provided its hourly rates below for work in the chapter 11 case, as follows:

| **Billing Category** | **Rate** |
|---|---|
| Noticing Expert | $650 |
| Project Manager | $350 |
| Media Planner | $350 |
| Designer | $150 |

Throughout the case, Signal will issue invoices for its hourly services on a monthly basis. Signal's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions and promotions; however, such rates may be adjusted only with the consent of the Debtor.

Signal's hourly billing rates are not intended to cover out-of-pocket expenses and certain elements of other expenses that are typically billed separately.  Accordingly, Signal regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, among other things, travel expenses, messengers, courier and express delivery charges, and printing and reproduction charges.  Signal has agreed that it will only seek reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the U.S. Trustee Guidelines established by the Office of the United States Trustee, the Interim Compensation Order and any other applicable orders of this Court.

In addition to its hourly fees, Signal expects to incur certain media program costs in establishing the noticing program.  Because Signal is financially liable for advertising spaces as soon as the space is reserved, Signal may invoice for payment of media invoices prior to booking.

7.     To the best of LTL Management's knowledge, Signal's connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), or any person employed in the office of the U.S. Trustee, is as follows:

      ☐ None

      ☒ Describe connection: See Wheatman Certification.

8.     To the best of LTL Management's knowledge, Signal:

      ☒ Does not hold an adverse interest to the estate.

      ☒ Does not represent an adverse interest to the estate.

      ☒ Is a disinterested person under 11 U.S.C. § 101(14).

      ☐ Does not represent or hold any interest adverse to the Debtor or the estate with respect to the matter for which Signal will be retained under 11 U.S.C. § 327(e).

      ☐ Other; explain: _____

      See also Wheatman Certification.

9.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

WHEREFORE, LTL Management respectfully requests authorization to employ Signal, effective as of April 16, 2023, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 15, 2023                                       /s/      *John K. Kim*
                                                                                        John K. Kim
                                                                                        Chief Legal Officer