# EXHIBIT A

**Certification of Shannon R. Wheatman, Ph.D.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  23-12825 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |

**CERTIFICATION OF SHANNON R. WHEATMAN, PH.D.**
**IN SUPPORT OF APPLICATION FOR RETENTION OF**
**SIGNAL INTERACTIVE MEDIA, LLC, EFFECTIVE AS OF APRIL 16, 2023**

I, Shannon R. Wheatman, Ph.D., being of full age, certify as follows:

1.     Signal Interactive Media, LLC ("Signal") is seeking authorization to be retained
as the plan noticing consultant and expert for the Debtor in the above-captioned
chapter 11 case (the "Chapter 11 Case"), and I make this certification in support of the
*Application for Retention of Signal Interactive Media, LLC, Effective as of April 16, 2023*

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

(the "Application").[2]  Signal will render plan noticing consulting and related services to the Debtor in connection with the solicitation and confirmation of the Plan.

2.      My professional credentials include more than 19 years of experience in developing and implementing legal notices in mass tort, consumer, and product liability class actions and bankruptcies.  I have assisted in or directed the creation and implementation of legal noticing campaigns in the following large bankruptcies, among others: In re Boy Scouts of Am. and Delaware BSA, LLC, No. 20-10343 (Bankr. D. Del.) (sexual abuse); In re Energy Future Holdings Corp., No. 14-10979 (Bankr. D. Del.) (asbestos); In re Garlock Sealing Techs. LLC, No. 10-31607 (Bankr. W.D.N.C.) (asbestos); In re HONX, Inc., No. 22-90035 (Bankr. S.D. Tex.) (asbestos); In re PG&E Corp. & Pac. Gas & Elec. Co., No. 19-30088 (Bankr. N.D. Cal.) (supplemental notice program to fire claimants); In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc., No. 04-12515 (Bankr. W.D. Mich.) (class action within a bankruptcy/defective product); In re The Roman Catholic Church of The Archdiocese of New Orleans, No. 20-10846 (Bankr. E.D. La.) (sexual abuse); In re The Roman Catholic Diocese of Rockville Centre, New York, No. 20-12345 (Bankr. S.D.N.Y.) (sexual abuse); In re Think Finance, LLC, No. 17-33964 (Bankr. N.D. Tex.) (payday loan borrowers); In re W.R. Grace & Co., No. 01-01139 (Bankr. D. Del.) (asbestos); In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179 (E.D. La.) (BP, Halliburton and Transocean settlements); In re Volkswagen "Clean Diesel" Mktg., Sales Practs., and Prods. Liability Litig., MDL No. 2672 (N.D. Cal.) (false advertising).  A copy of my resume is attached hereto as Exhibit 1.

3.      I am the Executive Director of Signal Interactive Media and a Senior Advisor for The Messina Group ("TMG"), which maintains offices at 1155 Connecticut Ave. NW, Suite 400, Washington, DC 20036.  I am duly authorized to make this certification on behalf of Signal.[3]

4.      The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

Signal has indicated its willingness to serve as the Plan noticing consultant and expert for the Debtor and to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of the Engagement Letter, sections 330 and 331 of the Bankruptcy Code, any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order"), the guidelines established by the office of the United States Trustee (the "U.S. Trustee Guidelines") and any applicable orders of this Court.

---

[2]     Capitalized terms used herein but not otherwise defined have the meaning given to them in the Application.

[3]     Signal is a Delaware limited liability company with two shareholders (James Messina and GAWO, LLC). A conflicts check was completed for both Signal and TMG.  TMG employees will assist with the design and implementation of the media program, and although TMG will not directly receive compensation as part of this engagement, TMG historically has shared in the annual profits of Signal.  GAWO, LLC will not be working on this matter.

Signal has agreed to accept as compensation sums as may be allowed by the Court. Signal understands that interim and final fee awards are subject to approval by this Court.

Signal has provided its hourly rates below for work in the Chapter 11 Case, as follows:

| **Billing Category** | **Rate** |
| --- | --- |
| Noticing Expert | $650 |
| Project Manager | $350 |
| Media Planner | $350 |
| Designer | $150 |

Throughout the case, Signal will issue invoices for its hourly services on a monthly basis. Signal's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions and promotions; however, such rates may be adjusted only with the consent of the Debtor.

Signal's hourly billing rates are not intended to cover out-of-pocket expenses and certain elements of other expenses that are typically billed separately. Accordingly, Signal regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, among other things, travel expenses, messengers, courier and express delivery charges, and printing and reproduction charges. Signal has agreed that it will only seek reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the U.S. Trustee Guidelines established by the Office of the United States Trustee, the Interim Compensation Order and any other applicable orders of this Court.

In addition to its hourly fees, Signal expects to incur certain Media Program costs in establishing the noticing program. Because Signal becomes financially liable for advertising spaces as soon as the space is reserved, Signal may invoice for payment of media invoices prior to booking.

No promises have been received by Signal as to compensation in connection with this Chapter 11 Case other than as outlined in this Certification and the Application in accordance with the provisions of the Bankruptcy Code. However, Signal has an agreement with the former employer of Dr. Wheatman, Rust Consulting and Kinsella Media, LLC, to share revenue generated from Dr. Wheatman's work during the 2023 calendar year.

The terms of Signal's employment and compensation as described in this Certification, the Engagement Letter and the Application are consistent with employment and compensation arrangements typically entered into by Signal when providing such services and, to the best of our knowledge, are competitive with those arrangements entered into by other firms when rendering comparable services.

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

-3-

5.      To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the U.S. Trustee, is as follows:

☐       None
☒       Describe connection:  See no. 6 below.

6.      To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, is as follows:

☐       None
☒       Describe Connection:

Through Jones Day, the Debtor has provided Signal a list of potentially interested parties in the Chapter 11 Case (the "Interested Parties").  To the extent that information was available, we undertook a detailed, good faith search to determine and to disclose, as set forth herein, whether we have provided or currently provide consulting services to any significant creditors, insiders or other parties-in-interest identified by such list in any substantively unrelated matters.  The identities of the Interested Parties are set forth on Exhibit 2 hereto.

In preparing this Certification, our staff, under my direction and control, searched our database containing the names and matter descriptions of current and previous engagements handled by our firm.  To the extent the information is available, the search request identified parties to whom Signal has provided or currently provides services that also are Interested Parties, which included significant creditors of the Debtor, significant professional advisors to the Debtor and other potential parties-in-interest in this Chapter 11 Case.

To the best of my knowledge and belief, Signal has provided, or is currently providing, consulting services to certain creditors of the Debtor (or affiliates of creditors of the Debtor), equity security holders or other parties-in-interest in matters unrelated to the Debtor or the Chapter 11 Case, as described on Exhibit 3 to this Certification.

In addition, prior to my employment with Signal, I worked with Hilsoft Notifications, which is owned by Epiq Global, the parent company of Epiq Bankruptcy Solutions, an affiliate of Epiq Corporate Restructuring, LLC, the Debtor's claims and noticing agent in the Chapter 11 Case.

Signal is not, and was not, within two years before the Petition Date, a director, officer or employee of the Debtor.

-4-

7.      To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

☒      do not hold an adverse interest to the estate.

☒      do not represent an adverse interest to the estate.

☒      are disinterested under 11 U.S.C. § 101(14).

☐      do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

☐      Other.  Explain:

8.      If the professional is an auctioneer,
    a.      The following are my qualifications and experience with the liquidation or sale of similar property: N/A
    b.      The proposed method of calculation of my compensation, including rates and formulas, is: N/A
    Pursuant to D.N.J. 2014-2, I ☐ do   or   ☐ do not request a waiver of the requirements of   D. N. J. LBR 2016-1.
    c.      The following is an estimate of all costs and expenses, including labor, security, advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds: N/A
    d.      Have you, or a principal of your firm, been convicted of a criminal offense?
            ☐ No          ☐ Yes (explain below)
    e.      I certify that a surety bond as described in D. N. J. LBR 2014-2(a)(6) is in effect and will remain so through the date of turnover of the auction proceeds.

9.      If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify under penalty of perjury that the above information is true.

Date: May 15, 2023                          _/s/___Shannon R. Wheatman_____
                                            Shannon R. Wheatman, Ph.D.
                                            Signal Interactive Media, LLC
                                            1155 Connecticut Ave. NW,
                                            Suite 400
                                            Washington, DC 20036
                                            202-617-0743

NAI-1536622259

## EXHIBIT 1

**Shannon R. Wheatman, Ph.D. Resume**

# Shannon R. Wheatman, Ph.D.

Executive Director
Signal Interactive Media
1155 Connecticut Ave. NW, Suite 400
Washington, DC 20036
2023 – Present

Dr. Wheatman is an internationally court recognized legal notice and media expert in mass tort, consumer, and product liability class actions and bankruptcies. She spent eighteen years working as an executive at two of the nation's leading professional service firms that offer legal advertising. She has developed and directed some of the largest and most complex national notification programs in the country. Dr. Wheatman began her career in 2000 at the Federal Judicial Center where she was instrumental in the development of model notices to satisfy the plain language amendment to Rule 23. Her plain language expertise was advanced by her education, including her doctoral dissertation on plain language drafting of class action notice and her master's thesis on comprehension of jury instructions. Dr. Wheatman has been involved in over 700 class actions and bankruptcies. Her selected case experience includes:

### *Antitrust*

*Allen v. Dairy Farmers of America, Inc.*, No. 09-CV-00230-CR (D. Vt.).

*Blessing v. Sirius XM Radio, Inc.*, No. 09-CV-10035 HB (S.D.N.Y.).

*Brookshire Bros. v. Chiquita*, No. 05-CV-21962 (S.D. Fla.).

*Cipro Cases I and II*, No. 4154 and No. 4220 (Super. Ct. Cal.).

*In re Automotive Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.).

*In re Domestic Airline Travel Antitrust Litig.*, MDL No. 2656 (N.D. Cal.).

*In re Dynamic Random Memory (DRAM) Antitrust Litig.,* MDL No. 1486 (N.D. Cal.).

*In re Flonase Antitrust Litig.*, No. 08-CV-3301 (E.D. Pa.).

*In re LIBOR-Based Financial Instruments Antitrust Litig.* (Barclays Bank, Citibank, Deutsche Bank and HSBC settlements), MDL No. 2262 (S.D.N.Y.).

*In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 06-CV-71 (D. De.).

*In re NYC Bus Tour Antitrust Litig.,* No. 13-CV-0711 (S.D. N.Y.).

*In re Online DVD Rental Antitrust Litig.*, MDL No. 2029 (N.D. Cal.).

*In re Parking Heaters Antitrust Litig.*, No. 1:15-mc-00940 (E.D. N.Y.).

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.).

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.).

*Precision Associates, Inc. v. Panalpina World Transport*, No. 08-CV-00042 (E.D. N.Y.).

*Roos v. Honeywell Int'l, Inc.*, No. 04-0436205 (Super. Ct. Cal.).

*Sweetwater Valley Farm, Inc. v. Dean Foods*, No. 07-CV-208 (E.D. Tenn.).

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360 (D. Minn.).

### Bankruptcy

*In re: Aearo Technologies LLC*, No. 22-02890 (Bankr. S.D. Ind.).

*In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.).

*In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del.) (asbestos).

*In re Garlock Sealing Techs. LLC*, No. 10-31607 (Bankr. W.D.N.C.) (asbestos).

*In re HONX, Inc.*, No. 22-90035 (Bankr. S.D. Tex.) (asbestos).

*In re PG&E Corp. & Pacific Gas & Electric Co.*, No. 19-30088 (Bankr. N.D.Cal.) (Supplemental Notice Program to fire claimants).

*In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.*, No. 04-12515 (Bankr. W.D. Mich.) (class action within a bankruptcy/defective product).

*In re The Roman Catholic Church of The Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La.).

*In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345  (Bankr. S.D.N.Y.).

*In re Think Finance, LLC*, No. 17-33964 (Bankr. N.D. Tex.) (payday loan borrowers).

*In re W.R. Grace & Co.*, No. 01-01139 (Bankr. D. Del.) (asbestos).

### Consumer and Personal Injury/Product Liability

*Abbott v. Lennox Industs., Inc.,* No. 16-2011-CA-010656 (4th Jud. Cir. Ct., Dade Cty. Fla) (defective product).

*Anderson v. Trans Union, LLC*, No. 16-CV-00558 (E.D. Va.) and *Clark v. Trans Union, LLC*, No. 15-CV-00391 (E.D. Va.) (consumer finance).

*Beringer v. Certegy Check Servs., Inc.*, No. 07-CV-1434 (M.D. Fla.) (data breach).

*Chaudhri v. Osram Sylvania, Inc.,* No. 11-CV-05504 (D.N.J.) (false advertising).

*Clark v. Experian Info. Sols., Inc.,* No. 3:16-cv-00032 (E.D. Va.) and *Brown v. Experian Info. Sols., Inc.,* No. 3:16-cv-00670 (E.D. Va.) (consumer finance).

*CSS, Inc. v. FiberNet, L.L.C.*, No. 07-C-401 (Cir. Ct. W. Va.) (telecommunications).

*Donovan v. Philip Morris USA, Inc.,* No. 06-CV-12234 (D. Mass.) (tobacco).

*FIA Card Servs., N.A. v. Camastro*, No. 09-C-233 (Cir. Ct. W.Va.) (credit card arbitration).

*George v. Uponor Corp.*, No. 12-CV-249 (D. Minn.) (defective product).

*Glazer v. Whirlpool Corp.*, No. 08-CV-65001 (N.D. Ohio) (defective product).

*Grays Harbor v. Carrier Corp.*, No. 05-CV-21962 (W.D. Wash.) (defective product).

*Hill-Green v. Experian Info. Sols., Inc., No. 3:19-cv-00708 (E.D. Va.) (consumer finance)*

*In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig., No. 11-CV- 02000 (D.S.C.) (defective product).*

*In re Checking Account Overdraft Litig.*, MDL No. 2036 (S.D. Fla.) (JP Morgan, U.S. Bank, BOA settlements; overdraft fees).

*In re Chinese-Manufactured Drywall Prods. Liab. Litig., MDL No. 2047 (E.D. La.).*

*In re Enfamil LIPIL Mktg. & Sales Practs. Litig.*, MDL No. 2222 (S.D. Fla.) (false advertising).

*In re M3Power Razor System Mktg. & Sales Practs. Litig.*, MDL No. 1704 (D. Mass.) (false advertising).

*In re National Football League Players' Concussion Injury Litig.,* MDL No. 2323 (E.D. Pa.)

*In re Netflix Privacy Litig.*, No. 11-CV-00379 (N.D. Cal.) (privacy).

*In re Pharm. Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (pharmaceutical).

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*, MDL No. 2258 (S.D. Cal.) (data breach).

*In re Target Corp. Customer Data Sec. Breach Litig., MDL No. 2522 (D. Minn.) (data breach).*

*In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practs., & Prods. Litig.,* No. 10-ml-2151 (C.D. Cal.) (unintended acceleration).

*In re Volkswagen "Clean Diesel" Mktg., Sales Practs., and Prods. Liability Litig., MDL No. 2672 (N.D. Cal.) (false advertising).*

*In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La) (pharmaceutical).

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Mktg & Sales Practs. Litig.*, MDL No. 2015 (N.D. Cal.) (negative amortization).

*In re Wirsbo Non-F1807 Yellow Brass Fittings*, No. 08-CV-1223 (D. Nev.) (defective product).

*Jabbari v. Wells Fargo*, No. 15-CV-02159 (N.D. Cal.) (unauthorized accounts).

*Keilholtz v. Lennox Hearth Prods.*, No. 08-CV-00836 (N.D. Cal.) (defective product).

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.) (TCPA).

*Lee v. Carter Reed Co., L.L.C.*, No. UNN-L-39690-04 (N.J. Super. Ct.) (false advertising).

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D.N.J.) (false advertising).

*Palace v. DaimlerChrysler*, No. 01-CH-13168 (Cir. Ct. Ill.) (defective product).

*Pauley v. Hertz Global Holdings, Inc.*, No. 13-C-236 (Cir. Ct. W.Va.) (administrative fees).

*Rowe v. UniCare Life & Health Ins. Co.*, No. 09-CV-02286 (N.D. Ill.) (data breach).

*Spillman v. Domino's Pizza*, No. 10-CV-349 (M.D. La.) (robo-call).

*Thomas v. Equifax Info. Servs., LLC, No. 3:18-cv-00684 (E.D. Va.) (consumer finance).*

*Trammell v. Barbara's Bakery, Inc.*, No. 12-CV-02664 (N.D. Cal.) (false advertising).

*United Desert Charities v. Sloan Valve Company*, No. 12-CV-06878 (C.D. Cal.) (defective product).

*Wolph v. Acer America Corp.*, No. 09-CV-01314 (N.D. Cal.) (false advertising).

### *Environmental/Property*

*Allen v. Monsanto Co.*, No. 041465 and *Carter v. Monsanto Co.*, No. 00-C-300 (Cir. Ct. W. Va.) (dioxin release).

*Andrews v. Plains All Am. Pipeline, L.P.*, No. 15-CV-04113 (C.D. Cal.) (Santa Barbara Oil Spill).

*Angel v. U.S. Tire Recovery*, No. 06-C-855 (Cir. Ct. W.Va.) (tire fire).

*Cather v. Seneca-Upshur Petroleum Inc.*, No. 09-CV-00139 (N.D. W.Va.) (oil & gas rights).

*Ed Broome, Inc. v. XTO Energy, Inc.,* No. 09-CV-147 (N.D. W.Va.) (oil & gas rights).

*Good v. West Virginia Am. Water Co.*, No. 14-CV-1374 (S.D.W. Va.) (water contamination).

*In re Katrina Canal Breaches Litig.*, No. 05-CV-4182 (E.D. La.) (Hurricanes Katrina and Rita).

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (BP, Halliburton and Transocean settlements).

*Jones v. Dominion Transmission Inc.*, No. 06-CV-00671 (S.D. W.Va.) (oil & gas rights).

*Thomas v. A. Wilbert & Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish) (vinyl chloride water contamination).

### *Government*

Boarding Homes, Canadian Government.

*Cobell v. Salazar*, No. 96-CV-01285 (D.D.C.), Depts. of Interior and Treasury.

Countrywide Mortgage Settlement, Department of Justice.

*In re Black Farmers Discrimination Litig.,* No. 08-511 (D.D.C.), United States Dept. of Agriculture.

Iovate Settlement, Federal Trade Commission.

*Keepseagle v. Vilsack*, No. 99–3119 (D.D.C.), United States Dept. of Agriculture.

LeanSpa Educational Program, Federal Trade Commission.

National Mortgage Settlement, Attorneys General.

Vaginal Mesh Settlement, Washington Attorney General.

Walgreens Settlement, Federal Trade Commission.

### *Insurance*

*Beasley v. Hartford Ins. Co. of the Midwest*, No. CV-2005-58-1 (Cir. Ct. Ark.) (homeowners insurance).

*Bond v. Am. Family Ins. Co.*, No. 06-CV-01249 (D. Ariz) (property insurance).

*Burgess v. Farmers Ins. Co.*, No. 2001-CV-292 (Dist. Ct. Okla.) (homeowners insurance).

*Cole's Wexford Hotel, Inc. v. UPMC,* No. 10-CV-01609 (W.D. Pa.) (health insurance).

*Campbell v. First Am. Title Ins. Co.*, No. 08-CV-311(D. Me.) (title insurance).

*DesPortes v. ERJ Ins. Co.,* No. SU2004-CV-3564 (Ga. Super. Ct.) (credit premium insurance).

*Fogel v. Farmers Grp., Inc.*, No. BC300142 (Super. Ct. Cal.) (management exchange fees).

*Guidry v. Am. Public Life Ins. Co*., No. 2008-3465 (14th Jud. Dist. Ct.) (cancer insurance).

*Gunderson v. F.A. Richard & Assocs., Inc.*, No. 2004-2417-D. (14th Jud. D. Ct. La.) (PPO).

*Johnson v. Progressive Casualty Ins., Co*., No. CV-2003-513 (Cir. Ct. Ark.) (automobile insurance).

*McFadden v. Progressive Preferred*, No. 09-CV-002886 (Ct. C.P. Ohio) (UM/UIM).

*Orrill v. Louisiana Citizens Fair Plan*, No. 05-11720 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Press v. Louisiana Citizens Fair Plan Prop. Ins. Co*., No. 06-5530 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Purdy v. MGA Ins. Co.*, No. D412-CV-2012-298 (4th Jud. Ct. N. Mex.) (UM/UIM).

*Shaffer v. Continental Casualty Co*., No. 06-CV-2235 (C.D. Cal.) (long term care insurance).

*Sherrill v. Progressive Northwestern Ins. Co*., No. DV-03-220 (18th D. Ct. Mont.) (automotive premiums).

*Soto v. Progressive Mountain Ins. Co*., No. 2002-CV-47 (Dist. Ct. Mont.) (personal injury insurance).

*Webb v. Liberty Mutual Ins. Co*., No. CV-2007-418-3 (Cir. Ct. Ark) (bodily injury claims).

### *Securities*

*In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).

*In re Mutual Funds Inv. Litig.,* MDL No. 1586 (D. Md.) (Allianz Sub-Track).

### *Canada*

*Bechard v. Province of Ontario*, No. CV-10-417343 (Ont. S.C.J.) (personal injury).

*Clarke v. Province of Ontario*, No. CV-10-411911 (Ont. S.C.J.) (personal injury).

*Dolmage v. Province of Ontario*, No. CV-09-376927CP00 (Ont. S.C.J.) (personal injury).

*Donnelly v. United Technologies Corp*., No. 06-CV-320045 CP (Ont. S.C.J.) (defective product).

*Hall v. Gillette Canada Co.*, No. 47521CP (Ont. S.C.J.) (false advertising).

*Wener v. United Technologies Corp*., 2008 QCCS 6605 (Québec) (defective product).

## Articles and Presentations

Shannon Wheatman, Webinar Speaker, *Cutting Through the Clutter: Tips for Increasing Response*, Ontario Bar Association (Dec. 2022).

Shannon Wheatman, *Quantifying Notice Results in Class Actions*, in A Practitioner's Guide to Class Actions, 3rd Ed. 833 - 837 (Marcy Greer ed., 2021).

Shannon Wheatman & Tiffaney Janowicz, *Plain Language Toolkit for Class Action Notice*, in A Practitioner's Guide to Class Actions, 3rd Ed. 839 - 847 (Marcy Greer ed., 2021).

Shannon Wheatman & Elaine Pang, *Reality Check: The State of Media and Its Usage in Class Notice*, in A Practitioner's Guide to Class Actions, 3rd Ed. 849 - 858  (Marcy Greer ed., 2021)

Shannon Wheatman, Speaker, *Researching the Past and Predicting the Future*, Consumers and Class Action Notices: Federal Trade Commission Workshop, Washington, DC (Oct. 2019).

Shannon Wheatman, Speaker, *Looking Ahead – Challenges and Opportunities For Increasing Consumer Recovery Rates*, Consumers and Class Action Notices: Federal Trade Commission Workshop, Washington, DC (Oct. 2019).

Shannon Wheatman, Speaker, *How to Get Your Notice Actually Noticed: Claims Stimulation 3.0*, Women Antitrust Plaintiffs' Attorneys, Napa, CA (June 2018).

Joshua P. Davis, Shannon Wheatman, & Cristen Stephansky, *Writing Better Jury Instructions:  Antitrust As An Example*, 119 W. VA. L. REV. 235 (Fall 2016).

Shannon Wheatman, Webinar Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, American Association for Justice (Sept. 2016).

Shannon Wheatman & Alicia Gehring, *Mixed Media: A Smarter Approach To Class Action Notice*, Law360.com (June 11, 2015).

Shannon Wheatman, Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, Plaintiffs' Forum, Rancho Palos Verdes, CA (Apr. 2015).

Joshua Davis, Shannon Wheatman & Cristen Stephansky, *Writing Better Jury Instructions: Antitrust as an Example*, Paper presented at 15th Annual Loyola Antitrust Colloquium, Chicago, IL (Apr. 2015).

Shannon R. Wheatman, Speaker, *Can Competition Concepts be Made Comprehensible to Juries (and Judges)*, American Antitrust Institute's Business Behavior & Competition Policy in the Courtroom: Current Challenges for Judges, Stanford, CA (Aug. 2014).

Shannon R. Wheatman, Webinar Speaker, *Crafting Class Settlement Notice Programs: Due Process, Reach, Claims Rates, and More*, Strafford Publications (Feb. 2014).

Shannon R. Wheatman, *Cutting Through the Clutter: Eight Tips for Creatively Engaging Class Members and Increasing Response*, CLASS ACTION LITIGATION REPORT, 15 CLASS 88 (Jan. 24, 2014).

Shannon Wheatman & Michelle Ghiselli, *Privacy Policies: How To Communicate Effectively with Consumers*, International Association of Privacy Professionals (2014).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 7th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2013).

Shannon R. Wheatman, Speaker, Class Action Notice, Reach & Administration, CLE International's 9th Annual Class Action Conference, Washington, DC (Oct. 2013).

Shannon R. Wheatman, *Ensuring Procedural Fairness Through Effective Notice,* in NATIONAL CONFERENCE ON CLASS ACTIONS:  RECENT DEVELOPMENTS IN QUÉBEC, IN CANADA AND IN THE UNITED STATES 83-99 (Yvon Blais ed., 2013).

Shannon R. Wheatman, Speaker, *Class Action Developments and Settlements*, 18th Annual Consumer Financial Services Institute, New York, New York (Apr. 2013).

Shannon R. Wheatman, Speaker, *Recent Trends in Class Actions in the United States*, National Conference on Class Actions:  Recent Developments in Québec, in Canada and in the United States, Montreal, Canada (Mar. 2013).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 6th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2012).

Shannon R. Wheatman & Katherine M. Kinsella, *International Class Action Notice*, in WORLD CLASS ACTION: A GUIDE TO GROUP AND REPRESENTATIVE ACTIONS AROUND THE GLOBE 673-686 (Paul Karlsgodt ed., 2012).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES: A HANDBOOK 338–348 (Albert A. Foer & Randy M. Stutz eds., 2012).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notice Requirements:  Challenges for Plaintiffs and Defendants*, Strafford Publications (July 2012).

Shannon R. Wheatman, Webinar Speaker, *How to Craft Plain Language Privacy Notices*, Int'l Assoc. of Privacy Professionals (Oct. 2011).

Shannon R. Wheatman, Speaker, *Improving Take-Up Rates in Class Actions*, The Canadian Institute's  12th Annual National Forum on Class Actions, Ontario, Canada (Sept. 2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, 30 REV. LITIG. 53 (2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, CLASS ACTION LITIGATION REPORT, 12 CLASS 560, (June 24, 2011).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in THE INTERNATIONAL PRIVATE ENFORCEMENT OF COMPETITION LAW 264–274 (Albert A. Foer & Jonathan W. Cuneo eds., 2010).

Shannon R. Wheatman, Speaker, *Majority of Publication Class Action Notices Fail to Satisfy Plain Language Requirements*, Clarity International Conference, Lisbon, Portugal (Oct. 2010).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notification with Electronic Media: Emerging Legal Issues*, Stratford Publications (Sept. 2010).

Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation*

*Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVES SUITS 1 (2007).

Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE L. REV. 1771 (2006).

Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* NOTRE DAME L. REV., 81 (2), 101, 161 (2006).

Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do you really want me to know my rights? The ethics behind due process in class action notice is more than just plain language: A desire to actually inform*. GEO. J. LEGAL ETHICS, 18 (4), 1359-1382 (2005).

Thomas E. Willging & Shannon R. Wheatman, *An Empirical Examination of Attorneys' Choice of Forum in Class Action Litigation*. FEDERAL JUDICIAL CENTER (2005).

Elizabeth C. Wiggins & Shannon R. Wheatman, *So what's a concerned psychologist to do? Translating the research on interrogations, confessions, and entrapment into policy*, in INTERROGATIONS, CONFESSIONS AND ENTRAPMENT 265–280 (G. Daniel Lassiter ed., 2004).

Thomas E. Willging & Shannon R. Wheatman, *Attorneys' Experiences and Perceptions of Class Action Litigation in Federal and State Courts. A Report to the Advisory Committee on Civil Rules Regarding a Case Based Survey*. FEDERAL JUDICIAL CENTER (2003).

Shannon R. Wheatman, *Survey of Bankruptcy Judges on Effectiveness of Case-Weights*. FEDERAL JUDICIAL CENTER (2003).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Judicial Evaluation of Bankruptcy Judges*. FEDERAL JUDICIAL CENTER (2003).

Robert Niemic, Thomas Willging, & Shannon Wheatman, *Effects of Amchem/Ortiz on Filing of Federal Class Actions: Report to the Advisory Committee on Civil Rules*. FEDERAL JUDICIAL CENTER (2002).

Shannon Wheatman, Robert Niemic & Thomas Willging, *Report to the Advisory Committee on Civil Rules: Class Action Notices*. FEDERAL JUDICIAL CENTER (2002).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Implementation of Selected Amendments to Federal Rule of Civil Procedure 26 by United States Bankruptcy Courts*. FEDERAL JUDICIAL CENTER (2001).

Shannon R. Wheatman & David R. Shaffer, *On finding for defendants who plead insanity: The crucial impact of dispositional instructions and opportunity to deliberate*. LAW & HUM. BEH., 25(2), 165, 181 (2001).

Shannon R. Wheatman, *Distance Learning in the Courts*. FEDERAL JUDICIAL CENTER (2000).

David R. Shaffer & Shannon R. Wheatman, *Does personality influence the effectiveness of judicial instructions?* PSYCHOL. PUB. POL'Y & L., 6, 655, 676 (2000).

## Court Testimony

*In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.)

*In re Chinese-Manufactured Drywall Products Liability Litig.*, MDL No. 2047 (E.D. La.).

*In re The Roman Catholic Church of The Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La.).

*In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*In re Volkswagen "Clean Diesel" Mktg., Sales Practs., and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.).

*Kowall v. United States Steel Corp.*, No. 2017-3355 (Wash. County., Pa., Civ. Div.).

*State v. Farmer Group Inc.*, No. D-1-GV-02-002501(D. Ct. Tex., Travis County).

*Scharfstein v. BP West Coast Prods., LLC*, No. 1112-17046 (Cir. Ct. Ore.).

*Spillman v. Domino's Pizza*, No. 10-CV-349 (M.D. La.).

*PRC Holdings LLC v. East Resources, Inc.*, No. 06-C-81 (Cir. Ct. W. Va.).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct., Calcasieu Parish).

*Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark).

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark).

## Depositions

*In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*Hale v. CNX Gas Co., LLC*, No. 10-CV-59 (W.D. Va.).

*Thomas v. A. Wilbert Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish).

## Judicial Comments

*Ferrell v. U-Haul*, No. 11-C-1427 (Cir. Ct. W. Va.)
In overruling objections to the notice program, the Court found that "Dr. Wheatman is one of the foremost experts on class notice and has been qualified as a class notice expert in both the courts of this state (including this Court) and nationwide." - Hon. Joanna I. Tabit (2018)

*Jabbari v. Wells Fargo*, No. 15-CV-02159 (N.D. Cal.)
"In addition to that robust direct mail and email notice program, the Settlement provided an extensive media and advertising component. *See* Wheatman Decl. (ECF 183). That included printing a color publication notice in national news outlets and Spanish-language outlets. Id. ¶¶ 17-19. "Banner ads" were also placed on websites, using targeted ad campaigns. Id. ¶ 23. Supplementing all of these efforts was a media outreach program designed to drive awareness of the Settlement and point Settlement Class Members to the Settlement Website, www.WFSettlement.com, which provided notice, frequently asked questions, and key court documents. Id. ¶¶ 28-33 . . . In short, the parties and their Court-appointed experts used every

reasonable tool to create and implement and [sic] wide-ranging program to provide the best notice practicable to potential Settlement Class Members . . . Because the Court finds that the Notice complied with due process and the requirements of Rule 23, it overrules objections to the Notice." - Hon. Vince Chhabria (2018)

*Good v. West Virginia American Water Co.*, No. 14-CV-1374 (S.D.W. Va.)
"The Notice transmitted to the Settlement Class met the requirements of Fed. R. Civ. P. 23(c), constituted the best notice practicable under the circumstances, and satisfied the Constitutional due process requirements of notice with respect to all Settlement Class Members, . . . The Notice Program was executed by qualified and experienced Notice Administrators . . ." - Hon. John T. Copenhaver, Jr. (2018)

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (Haliburton and Transocean settlements)
"The Class Notices were 'noticeable, clear, concise, substantive, and informative.' Wheatman Decl. ¶ 4(b).14 The notice distribution method satisfied Rule 23(c)(2), as it was the 'best notice that is practicable under the circumstances.' Fed. R. Civ. P. 23(c)(2); *see* Wheatman Decl. ¶ 5. The notice contents satisfied Rule 23(c)(2)(B)(i)–(vii) . . . " - Hon. Carl J. Barbier (2017)

*In re Automotive Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.)
"EPPs, through EPPs' class action notice expert consultant, Kinsella Media, LLC ("Kinsella"), implemented a class-notice program utilizing paid and earned media. See, e.g., Declaration of Shannon R. Wheatman, Ph.D. . . . Notice was published in *Field & Stream*, *ESPN The Magazine*, *People*, *Reader's Digest*, *Southern Living*, *Woman's Day*, *The Wall Street Journal*, *Auto Rental News*, *Automotive Fleet*, *Reuters*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*, and online media efforts through banner advertisements on outlets like Facebook and Yahoo!. The banner advertisements . . . have been seen a total estimated 354,593,140 times. The earned media component of this notice program included a multimedia news release distributed on PR Newswire's US1 National Circuit on November 29, 2016. Id. [T]he release was republished across 171 news websites and received over 11,415 views. Id. A total of 248 journalists engaged with the multimedia news release, and major national outlets that covered the Settlements, include: *Reuters*, *Associated Press*, *Boston Globe*, *Chicago Tribune*, *The Today Show*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*. Other earned media efforts . . . included statewide press releases in the EPP States as well as outreach to 275 national and local reporters for print and television."
- Hon. Marianne O. Battani (2017)

*In re Volkswagen "Clean Diesel" Mktg., Sales Practs., and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.)
"The Notice Program included 811,944 mailings, 453,797 emails, 125 newspaper insertions and targeted online advertising.  The Court is satisfied that the extensive Notice Program was reasonably calculated to notify Class Members of the proposed Settlement.  The Notice 'apprise[d] interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Indeed, the Notice Administrator reports the Notice Program reached more than 90% of potential Class Members." - Hon. Charles R. Breyer (2016)

*In re National Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323 (E.D. Pa.)
"The content of the Long-Form Notice and Summary Notice satisfy the requirements of Rule 23 and due process. Each was written in plain and straightforward language…. The purpose of the one-page Summary Notice is…to alert Class Members to the suit and direct them to more detailed information.  The Summary

Notice does exactly that…. [The Long-Form Notice] repeatedly instructs readers to sources that can answer their questions. Like the Summary Notice, the Long-Form Notice contains a banner at the bottom of each page directing those with "Questions?" to call a toll-free support number or visit the Settlement Website…. The Settlement Class Notice clearly described of the terms of the Settlement and the rights of Class Members to opt out or object. [The] notice program ensured that these materials reached those with an interest in the litigation." – Hon. Anita B. Brody (2015)

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.)
In overruling an objection that direct notice should have been done, the Court found "[T]he notice program, which the Court already approved, reached 80.3% of the potential class members in the United States an average of 2.6 times and "at least 70%" of members of the Settlement Classes living in Japan. See Mot. for Final Approval at 4; Wheatman Decl. ¶¶ 8, 18. The notice also included paid media in 13 other countries. Id.; ¶ 25. There were 700,961 unique visits to the website, toll-free numbers in 15 countries received over 2,693 calls, and 1,015 packages were mailed to potential class members. Id. ¶¶ 6, 9, 10. It was therefore adequate." - Hon. Charles R. Breyer (2015)

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn)
"The parties accomplished notice here through direct notice, paid and earned media, and an informational website . . . [T]he notice program reached 83% of potential class members. The notice here comports with Rule 23(e) . . . Class notice reached more than 80 million people, with direct notice sent to 61 million consumers . . . [The] infinitesimally small amount of opposition weighs in favor of approving the settlement." - Hon. Paul A. Magnuson (2015)

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14360 (D. Minn.)
"The notice to Settlement Class Members consisted of postcard notices to millions of potential class members, as well as advertisements in newspapers and newspaper supplements, in *People* magazine, and on the Internet . . . The Court finds that this notice . . . was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and . . . fully complied with due process principles and Federal Rule of Civil Procedure 23." - Hon. Denise Page Hood (2015)

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D. N.J.)
"Having heard the objections made, the Court is unimpressed with the Objectors argument that there was somehow insufficient notice . . . This notice program has fully informed members of their rights and benefits under the settlement, and all required information has been fully and clearly presented to class members. Accordingly, this widespread and comprehensive campaign provides sufficient notice under the circumstances, satisfying both due process and Rule 23 and the settlement is therefore approved by this Court." - Hon. Joel A. Pisano (2014)

*Spillman v. Dominos Pizza, LLC.*, No. 10-CV-349 (M.D. La.)
"At the fairness hearing notice expert Wheatman gave extensive testimony about the design and drafting of the notice plan and its implementation, the primary goal of which was to satisfy due process under the applicable legal standards . . . Wheatman, who has extensive experience developing plain-language jury instructions, class action notices and rules of procedure, testified that the notice was composed at a ninth grade reading level because many adults read below a high school level." - Hon. Stephen C. Riedlinger (2013)

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.)

"The Court approved Notice Plan to the Settlement Classes . . . was the best notice practicable under the circumstances, including comprehensive nationwide newspaper and magazine publication, website publication, and extensive online advertising. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process." - Hon. Claudia A. Wilken (2012)

*Cather v. Seneca-Upshur Petroleum, Inc.,* No. 09-CV-00139 (N.D. W. Va.)

"The Court finds that Class Members have been accorded the best notice as is practical under the circumstances, and have had the opportunity to receive and/or access information relating to this Settlement by reading the comprehensive written notice mailed to them . . . or by reading the published Notice in the local newspapers . . . The Court further finds that Notice provided to the members of the Settlement Class had been effective and has afforded such class members a reasonable opportunity to be heard at the Final Fairness Hearing and to opt-out of the subject settlement should anyone so desire." - Hon. Irene M. Keeley (2012)

*In re Checking Account Overdraft Fee Litig.*, MDL No. 2036 (S.D. Fla.)  (JP Morgan Settlement)

"The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Chase was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so." - Hon. James Lawrence King (2012)

*Purdy v. MGA Ins. Co.,* No. D412-CV-2012-298 (N.M. 4th Jud. Dist. Ct.)

"Notice of the Settlement Class was constitutionally adequate, both in terms of it substance and the manner in which it was disseminated.  The Notice contained the essential elements necessary to satisfy due process . . . [T]he Notice also contained a clear and concise Claim Form, and a described a clear deadline and procedure for filing of Claims.  Notice was directly mailed to all Class Members whose current whereabouts could be identified by reasonable effort.  Notice reached a large majority of the Class Members.  The Court finds that such notice constitutes the best notice practicable." - Hon. Eugenio Mathis (2012)

*Cobell v. Salazar,* No. 1:96CV01285 (D.D.C.)

"I have never seen, and I handled the largest price-fixing case in the history of the United States, the In re: Vitamins case, notice to the extent sent out in this case, . . . .    I allowed them to provide notice in every possible way, including personally going out and visiting all of the affected tribal areas.  It is just not a letter from Washington. It is a tremendous effort that was undergone, both by the plaintiffs principally and some by the government, to not only give notice but to explain what happened . . . . There is just no question that this was covered in all of the local papers constantly. It was covered in all of the local advertising outlets. It was hard to miss.  As a side note, I go to Montana two or three times a year, and you could not miss…. I have already found that there is extensive and extraordinary notice here. We even had a notice expert retained in how to do it properly." - Hon. Thomas F. Hogan (June 2011)

*Keepseagle v. Vilsack*, No. 99–3119 (D.D.C.)

"I'm not going to review in detail the exhaustive notice plan created and implemented by Plaintiffs' counsel

at this time. For those interested, I invite you to examine the several motions on the docket relating to notice with affidavits from Kinsella Media, who class counsel have hired as Notice Administrators." - Hon. Emmet G. Sullivan (2011)

"In my view, the notice program was excellent and it persuades the Court that the parties worked extremely hard to notify the entire class about the settlement so that as many class members as possible can obtain monetary and other relief under the settlement." - Hon. Emmet G. Sullivan (2011)

*Soto v. Progressive Mountain Ins. Co.*, No. 2002-CV-47 (Dist. Ct. Colo.)
"Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process . . . Finally, the Notice also contained a clear and concise Claim Form, and described a clear deadline and procedure for filing of claims . . . Notice reached a large majority of the Class Members. The Court finds that such notice constitutes the best notice practicable." - Hon. J. Steven Patrick (2010)

*In re Katrina Canal Breaches*, No. 05-CV-4182 (E.D. La.)
"The notice here was crafted by Shannon Wheatman, Ph.D., whose affidavit was received as evidence . . . The entire notice was drafted in plain, comprehensible language . . . The Court finds this notice adequately reached the potential class." - Hon. Stanwood R. DuVal, Jr. (2009)

*Jones v. Dominion Transmission Inc.*, No. 06-CV-00671 (S.D. W. Va.)
"The Parties' notice expert Shannon R. Wheatman, Ph.D. . . . testified that in this case . . . that the mailed notices reached approximately 95.4 percent of the potential class . . . I HOLD that personal jurisdiction exists over the Class Members because notice was reasonable and afforded the Settlement Class an opportunity to be heard and to opt out." - Hon. Joseph R. Goodwin (2009)

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.)
"The facts show that the notice plan . . . as adequate to design and implementation . . . Dr. Shannon R. Wheatman, a notice expert, also testified at the fairness hearing as to the sufficiency of the notice plan. Dr. Wheatman testified that the notice form, content, and dissemination was adequate and reasonable, and was the best notice practicable." - Hon. G. Michael Canaday (2008)

*Webb v. Liberty Mutual Ins. Co.*, (March 3, 2008) No. CV-2007-418-3 (Cir. Ct. Ark)
"Ms. Wheatman's presentation today was very concise and straight to the point . . . that's the way the notices were . . . So, I appreciate that . . . Having admitted and reviewed the Affidavit of Shannon Wheatman and her testimony concerning the success of the notice campaign, including the fact that written notice reached 92.5% of the potential Class members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class members who had an earlier opportunity to request exclusion but failed to do so . . . The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members." - Hon. Kirk D. Johnson (2008)

*Sherrill v. Progressive Northwestern Ins. Co.*, No. DV-03-220 (18th D. Ct. Mont.)
"Dr. Wheatman's affidavit was very informative, and very educational, and very complete and thorough about the process that was undertaken here . . . So I have reviewed all of these documents and the affidavit of Dr. Wheatman and based upon the information that is provided . . . and the significant number of persons

who are contacted here, 90 percent, the Court will issue the order." - Hon. Mike Salvagni (2008)

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark)
"[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter." - Hon. Joe Griffin (2007)

## Education and Experience

### Education

Ph.D., Social Psychology, 2001; The University of Georgia, Athens, GA
Dissertation Title: *The effects of plain language drafting on layperson's comprehension of class action notices*.

M.S., Social Psychology, 1999; The University of Georgia, Athens, GA
Thesis Title: *Effects of verdict choice, dispositional instructions, opportunity to deliberate, and locus of control on juror decisions in an insanity case*.

M.L.S., Legal Studies, 1996; The University of Nebraska-Lincoln, Lincoln, NE

B.A., Psychology, 1993; Millersville University of Pennsylvania, Millersville, PA
Honor's Thesis Title: *The effects of inadmissible evidence and judicial admonishment in individual versus group decisions in a mock jury simulation*.

### Related Experience

Kinsella Media, LLC
Washington, DC
2010-2022

Dr. Wheatman was the Vice President (2010-2012), Senior Vice President (2012-2014), and President (2014-2022) at Kinsella Media, a legal notification firm.

Hilsoft Notifications
Souderton, PA
2004-2009

Dr. Wheatman was the Vice President (2006-2009) and Notice Director (2004-2009) at Hilsoft Notifications, a legal notification firm.

Federal Judicial Center
Washington, DC

2000-2004

Dr. Wheatman was a Research Associate at the Federal Judicial Center.  The Federal Judicial Center is the education and research agency for the Federal Courts.  The Research Division performs empirical and explanatory research on federal judicial processes and court management.  Dr. Wheatman worked with the Civil Rules Advisory Committee on a number of class action studies and with the Bankruptcy Administration Committee on judicial evaluations.

### *Supplementary Background*

Dr. Wheatman has a strong statistical background, having completed nine graduate level courses as well as teaching undergraduate statistics at the University of Georgia.

## EXHIBIT 2

**Interested Parties List**

NAI-1536622259

**LTL Management LLC**
**Potentially Interested Parties**

**Debtor**
LTL Management LLC

**Direct Equity Owner of Debtor**
Johnson & Johnson Holdco (NA) Inc.

**Debtor's Direct Non-Debtor Subsidiary**
Royalty A&M LLC

**Other Non-Debtor Affiliates**
3Dintegrated ApS
ABD Holding Company, Inc.
ABIOMED R&D, Inc.
ABIOMED, Inc.
Acclarent, Inc.
Actelion Ltd
Actelion Pharmaceuticals Ltd
Actelion Pharmaceuticals Trading
    (Shanghai) Co., Ltd.
Actelion Pharmaceuticals US, Inc.
Actelion Treasury Unlimited Company
Albany Street LLC
ALZA Corporation
Alza Land Management, Inc.
AMO (Hangzhou) Co., Ltd.
AMO (Shanghai) Medical Devices
    Trading Co., Ltd.
AMO ASIA LIMITED
AMO Australia Pty Limited
AMO Canada Company
AMO Denmark ApS
AMO Development, LLC
AMO France
AMO Germany GmbH
AMO Groningen B.V.
AMO International Holdings
    Unlimited Company
AMO Ireland
AMO Italy SRL
AMO Japan K.K.
AMO Manufacturing USA, LLC
AMO Netherlands BV
AMO Nominee Holdings, LLC

AMO Norway AS
AMO Puerto Rico Manufacturing, Inc.
AMO Sales and Service, Inc.
AMO Singapore Pte. Ltd.
AMO Spain Holdings, LLC
AMO Switzerland GmbH
AMO United Kingdom, Ltd.
AMO Uppsala AB
Anakuria Therapeutics, Inc.
AorTx, Inc.
Apsis SAS
Aragon Pharmaceuticals, Inc.
Asia Pacific Holdings, LLC
Atrionix, Inc.
AUB Holdings LLC
Auris Health, Inc.
Backsvalan 6 Handelsbolag
Beijing Dabao Cosmetics Co., Ltd.
BeneVir BioPharm, Inc.
Berna Rhein B.V.
BioMedical Enterprises, Inc.
Biosense Webster (Israel) Ltd.
Biosense Webster, Inc.
Breethe, Inc.
C Consumer Products Denmark ApS, n/k/a
    Coloplast Konsumerntvarer A/S
Carlo Erba OTC S.r.l.
Centocor Biologics, LLC
Centocor Research & Development, Inc.
Cerenovus, Inc.
ChromaGenics B.V.
Ci:z. Labo Co., Ltd.
Cilag AG
Cilag GmbH International
Cilag Holding AG
Cilag Holding Treasury Unlimited Company
Cilag-Biotech, S.L.
Coherex Medical, Inc.
ColBar LifeScience Ltd.
Consumer Test Entity
Cordis de Mexico, S.A. de C.V.
Corimmun GmbH
CoTherix Inc.

CRES Holdings, Inc.
CrossRoads Extremity Systems, LLC
CSATS, Inc.
Debs-Vogue Corporation
    (Proprietary) Limited
DePuy Hellas SA
DePuy International Limited
DePuy Ireland Unlimited Company
DePuy Mexico, S.A. de C.V.
DePuy Mitek, LLC
DePuy Orthopaedics, Inc.
DePuy Products, Inc.
DePuy Spine, LLC
DePuy Synthes Institute, LLC
DePuy Synthes Products, Inc.
DePuy Synthes Sales, Inc.
DePuy Synthes, Inc.
Dutch Holding LLC
ECL7, LLC
EES Holdings de Mexico,
    S. de R.L. de C.V.
EES, S.A. de C.V.
EIT Emerging Implant Technologies GmbH
Ethicon Endo-Surgery (Europe) GmbH
Ethicon Endo-Surgery, Inc.
Ethicon Endo-Surgery, LLC
Ethicon LLC
Ethicon Sarl
Ethicon US, LLC
Ethicon Women's Health & Urology Sarl
Ethicon, Inc.
Ethnor (Proprietary) Limited
Ethnor del Istmo S.A.
Ethnor Farmaceutica, S.A.
Finsbury (Development) Limited
Finsbury (Instruments) Limited
Finsbury Medical Limited
Finsbury Orthopaedics International Limited
Finsbury Orthopaedics Limited
FMS Future Medical System SA
GATT Technologies B.V.
GH Biotech Holdings Limited
Global Investment Participation B.V.
GMED Healthcare BV
Guangzhou Bioseal Biotech Co., Ltd.
Hansen Medical Deutschland GmbH

Hansen Medical International, Inc.
Hansen Medical UK Limited
Hansen Medical, Inc.
Healthcare Services (Shanghai) Ltd.
I.D. Acquisition Corp.
Innomedic Gesellschaft für innovative
    Medizintechnik und Informatik mbH
J & J Company West Africa Limited
J&J Argentina S.A.
J&J Pension Trustees Limited
J&J Productos Medicos & Farmaceuticos
    del Peru S.A.
J.C. General Services BV
Janssen Biologics (Ireland) Limited
Janssen Biologics B.V.
Janssen BioPharma, LLC
Janssen Biotech, Inc.
Janssen Cilag Farmaceutica S.A.
Janssen Cilag S.p.A.
Janssen Cilag SPA
Janssen Cilag, C.A.
Janssen Development Finance Unlimited
    Company
Janssen Egypt LLC
Janssen Farmaceutica Portugal Lda
Janssen France Treasury Unlimited
    Company
Janssen Global Services, LLC
Janssen Holding GmbH
Janssen Inc.
Janssen Irish Finance Unlimited Company
Janssen Japan Treasury Unlimited Company
Janssen Korea Ltd.
Janssen Mexico Treasury
    Unlimited Company
Janssen Oncology, Inc.
Janssen Ortho LLC
Janssen Pharmaceutica
    (Proprietary) Limited
Janssen Pharmaceutica NV
Janssen Pharmaceutica S.A.
Janssen Pharmaceutical K.K.
Janssen Pharmaceutical Sciences
    Unlimited Company
Janssen Pharmaceutical Unlimited Company
Janssen Pharmaceuticals, Inc.

Janssen Products, LP
Janssen R&D Ireland Unlimited Company
Janssen Research & Development, LLC
Janssen Sciences Ireland
   Unlimited Company
Janssen Scientific Affairs, LLC
Janssen Supply Group, LLC
Janssen Vaccines & Prevention B.V.
Janssen Vaccines Corp.
Janssen-Cilag
Janssen-Cilag (New Zealand) Limited
Janssen-Cilag A/S
Janssen-Cilag AG
Janssen-Cilag Aktiebolag
Janssen-Cilag AS
Janssen-Cilag B.V.
Janssen-Cilag d.o.o. Beograd
Janssen-Cilag de Mexico S. de R.L. de C.V.
Janssen-Cilag Farmaceutica Lda.
Janssen-Cilag Farmaceutica Ltda.
Janssen-Cilag GmbH
Janssen-Cilag International NV
Janssen-Cilag Kft.
Janssen-Cilag Limited
Janssen-Cilag Manufacturing, LLC
Janssen-Cilag NV
Janssen-Cilag OY
Janssen-Cilag Pharma GmbH
Janssen-Cilag Pharmaceutical S.A.C.I.
Janssen-Cilag Polska, Sp. z o.o.
Janssen-Cilag Pty Ltd
Janssen-Cilag S.A.
Janssen-Cilag s.r.o.
Janssen-Cilag, S.A.
Janssen-Cilag, S.A. de C.V.
Janssen-Pharma, S.L.
J-C Health Care Ltd.
Jevco Holding, Inc.
JJ Surgical Vision Spain, S.L.
JJC Acquisition Company B.V.
JJHC, LLC
JJSV Belgium BV
JJSV Manufacturing Malaysia SDN. BHD.
JJSV Norden AB
JJSV Produtos Oticos Ltda.
JNJ Global Business Services s.r.o.

JNJ Holding EMEA B.V.
JNJ International Investment LLC
JNTL (APAC) HoldCo 2 LLC
JNTL (APAC) HoldCo 3 Pte. Ltd.
JNTL (APAC) HoldCo LLC
JNTL (APAC) HoldCo Pte. Ltd.
JNTL (Japan) HoldCo Inc.
JNTL (Malaysia) Sdn. Bhd.
JNTL (Middle East) HoldCo LLC
JNTL (Puerto Rico) HoldCo GmbH
JNTL (Shanghai) Investment Co., Ltd.
JNTL (Switzerland) HoldCo GmbH
JNTL (Thailand) HoldCo LLC
JNTL (UK) HoldCo Limited
JNTL Consumer Health (Belgium) BV
JNTL Consumer Health (Brazil) Ltda.
JNTL Consumer Health
   (Czech Republic) s.r.o.
JNTL Consumer Health
   (Dominican Republic), S.A.S.
JNTL Consumer Health (Finland) Oy
JNTL Consumer Health (France) SAS
JNTL Consumer Health (Hungary) Kft
JNTL Consumer Health (India)
   Private Limited
JNTL Consumer Health
   (New Zealand) Limited
JNTL Consumer Health (Norway) AS
JNTL Consumer Health (Philippines) Inc.
JNTL Consumer Health (Poland) sp. z o.o.
JNTL Consumer Health (Portugal) Limitada
JNTL Consumer Health (Services) LLC
JNTL Consumer Health (Slovakia), s.r.o.
JNTL Consumer Health (Spain), S.L.
JNTL Consumer Health (Taiwan) Limited
JNTL Consumer Health (Vietnam) Co. Ltd.
JNTL Consumer Health General
   Services BV
JNTL Consumer Health I (Ireland) Limited
JNTL Consumer Health I
   (Switzerland) GmbH
JNTL Consumer Health II
   (Switzerland) GmbH
JNTL Consumer Health LLC
JNTL Consumer Health Mexico,
   S. de R.L. de C.V.

JNTL Consumer Health Middle
    East FZ-LLC
JNTL HoldCo 2 LLC
JNTL HoldCo 3 LLC
JNTL HoldCo 4 LLC
JNTL HoldCo 5 LLC
JNTL HoldCo 6 LLC
JNTL HoldCo 7 LLC
JNTL HoldCo 8 LLC
JNTL HoldCo LLC
JNTL Holdings 2, Inc.
JNTL Holdings 3, Inc.
JNTL Holdings B.V.
JNTL Holdings, Inc.
JNTL Ireland HoldCo 2 B.V.
JNTL Netherlands HoldCo B.V.
JNTL Turkey Tüketici Sağlığı
    Limited Şirketi
Johnson & Johnson
Johnson & Johnson - Societa' Per Azioni
Johnson & Johnson (Angola), Limitada
Johnson & Johnson (Australia) Pty Ltd
Johnson & Johnson (Canada) Inc.
Johnson & Johnson (China) Investment Ltd.
Johnson & Johnson (Ecuador) S.A.
Johnson & Johnson (Egypt) S.A.E.
Johnson & Johnson (Hong Kong) Limited
Johnson & Johnson (Ireland) Limited
Johnson & Johnson (Jamaica) Limited
Johnson & Johnson (Kenya) Limited
Johnson & Johnson (Middle East) Inc.
Johnson & Johnson (Mozambique),
    Limitada
Johnson & Johnson (Namibia)
    (Proprietary) Limited
Johnson & Johnson (New Zealand) Limited
Johnson & Johnson (Philippines), Inc.
Johnson & Johnson (Private) Limited
Johnson & Johnson (Singapore)
    Holdco LLC
Johnson & Johnson (Thailand) Ltd.
Johnson & Johnson (Trinidad) Limited
Johnson & Johnson (Vietnam) Co., Ltd
Johnson & Johnson AB
Johnson & Johnson AG
Johnson & Johnson Bulgaria EOOD

Johnson & Johnson China Ltd.
Johnson & Johnson Consumer
    (Hong Kong) Limited
Johnson & Johnson Consumer
    (Thailand) Limited
Johnson & Johnson Consumer B.V.
Johnson & Johnson Consumer
    Holdings France
Johnson & Johnson Consumer Inc.
Johnson & Johnson Consumer NV
Johnson & Johnson Consumer
    Saudi Arabia Limited
Johnson & Johnson Consumer Services
    EAME Ltd.
Johnson & Johnson d.o.o.
Johnson & Johnson de Argentina S.A.C. e. I.
Johnson & Johnson de Chile S.A.
Johnson & Johnson de Colombia S.A.
Johnson & Johnson de Mexico, S.A. de C.V.
Johnson & Johnson de Uruguay S.A.
Johnson & Johnson de Venezuela, S.A.
Johnson & Johnson del Ecuador, S.A.
Johnson & Johnson Del Paraguay, S.A.
Johnson & Johnson del Peru S.A.
Johnson & Johnson do Brasil Industria E
    Comercio de Produtos Para Saude Ltda.
Johnson & Johnson Dominicana, S.A.S.
Johnson & Johnson Enterprise
    Innovation Inc.
Johnson & Johnson European Treasury
    Unlimited Company
Johnson & Johnson Finance Corporation
Johnson & Johnson Finance Limited
Johnson & Johnson Financial
    Services GmbH
Johnson & Johnson for Export and
    Import LLC
Johnson & Johnson Gateway, LLC
Johnson & Johnson Gesellschaft m.b.H.
Johnson & Johnson GmbH
Johnson & Johnson GT, Sociedad Anónima
Johnson & Johnson Guatemala, S.A.
Johnson & Johnson Health and Wellness
    Solutions, Inc.
Johnson & Johnson Health Care
    Systems Inc.

Johnson & Johnson Hellas Commercial and
    Industrial S.A.
Johnson & Johnson Hellas
    Consumer Products
    Commercial Societe Anonyme
Johnson & Johnson Hemisferica S.A.
Johnson & Johnson Holdco (NA) Inc.
Johnson & Johnson Holding GmbH
Johnson & Johnson Holdings
    (Austria) GmbH
Johnson & Johnson Inc.
Johnson & Johnson Industrial Ltda.
Johnson & Johnson Innovation - JJDC, Inc.
Johnson & Johnson Innovation Limited
Johnson & Johnson Innovation LLC
Johnson & Johnson International
Johnson & Johnson International
    (Singapore) Pte. Ltd.
Johnson & Johnson International Financial
    Services Unlimited Company
Johnson & Johnson Irish Finance
    Company Limited
Johnson & Johnson K.K.
Johnson & Johnson Kft.
Johnson & Johnson Korea Selling &
    Distribution LLC
Johnson & Johnson Korea, Ltd.
Johnson & Johnson Limited
Johnson & Johnson LLC
Johnson & Johnson Luxembourg Finance
    Company Sarl
Johnson & Johnson Management Limited
Johnson & Johnson Medical (China) Ltd.
Johnson & Johnson Medical
    (Proprietary) Ltd
Johnson & Johnson Medical (Shanghai) Ltd.
Johnson & Johnson Medical (Suzhou) Ltd.
Johnson & Johnson Medical B.V.
Johnson & Johnson Medical Devices &
    Diagnostics Group - Latin America,
    L.L.C.
Johnson & Johnson Medical GmbH
Johnson & Johnson Medical Greece
    Single Member S.A.
Johnson & Johnson Medical Korea Ltd.
Johnson & Johnson Medical Limited

Johnson & Johnson Medical Mexico,
    S.A. de C.V.
Johnson & Johnson Medical NV
Johnson & Johnson Medical
    Products GmbH
Johnson & Johnson Medical Pty Ltd
Johnson & Johnson Medical S.A.
Johnson & Johnson Medical S.p.A.
Johnson & Johnson Medical SAS
Johnson & Johnson Medical
    Saudi Arabia Limited
Johnson & Johnson Medical Taiwan Ltd.
Johnson & Johnson Medical, S.C.S.
Johnson & Johnson Medikal Sanayi ve
    Ticaret Limited Sirketi
Johnson & Johnson MedTech
    (Thailand) Ltd.
Johnson & Johnson Medtech
    Colombia S.A.S.
Johnson & Johnson Middle East FZ-LLC
Johnson & Johnson Morocco
    Societe Anonyme
Johnson & Johnson Nordic AB
Johnson & Johnson Pacific Pty Limited
Johnson & Johnson Pakistan
    (Private) Limited
Johnson & Johnson Panama, S.A.
Johnson & Johnson Personal Care
    (Chile) S.A.
Johnson & Johnson Pharmaceutical Ltd.
Johnson & Johnson Poland Sp. z o.o.
Johnson & Johnson Private Limited
Johnson & Johnson Pte. Ltd.
Johnson & Johnson Pty. Limited
Johnson & Johnson Romania S.R.L.
Johnson & Johnson S.E. d.o.o.
Johnson & Johnson S.E., Inc.
Johnson & Johnson Sante Beaute France
Johnson & Johnson SDN. BHD.
Johnson & Johnson Services, Inc.
Johnson & Johnson Surgical Vision India
    Private Limited
Johnson & Johnson Surgical Vision, Inc.
Johnson & Johnson Taiwan Ltd.
Johnson & Johnson UK Treasury
    Company Limited

Johnson & Johnson Ukraine LLC
Johnson & Johnson Urban
    Renewal Associates
Johnson & Johnson Vision Care
    (Australia) Pty Ltd
Johnson & Johnson Vision Care
    (Shanghai) Ltd.
Johnson & Johnson Vision Care Ireland
    Unlimited Company
Johnson & Johnson Vision Care, Inc.
Johnson & Johnson Vision Korea, Ltd.
Johnson & Johnson, Lda
Johnson & Johnson, S.A.
Johnson & Johnson, S.A. de C.V.
Johnson & Johnson, s.r.o.
Johnson & Johnson, s.r.o.
Johnson and Johnson (Proprietary) Limited
Johnson and Johnson Sihhi Malzeme Sanayi
    Ve Ticaret Limited Sirketi
Johnson Y Johnson de Costa Rica, S.A.
JOM Pharmaceutical Services, Inc.
Kenvue Inc.
La Concha Land Investment Corporation
McNeil AB
McNeil Consumer Pharmaceuticals Co.
McNeil Denmark ApS
McNeil Healthcare (Ireland) Limited
McNeil Healthcare (UK) Limited
McNeil Healthcare LLC
McNeil Iberica S.L.U.
McNeil LA LLC
McNEIL MMP, LLC
McNeil Nutritionals, LLC
McNeil Panama, LLC
McNeil Products Limited
McNeil Sweden AB
Medical Device Business Services, Inc.
Medical Devices & Diagnostics
    Global Services, LLC
Medical Devices International LLC
Medos International Sarl
Medos Sarl
MegaDyne Medical Products, Inc.
Menlo Care De Mexico, S.A. de C.V.
Mentor B.V.
Mentor Deutschland GmbH

Mentor Medical Systems B.V.
Mentor Partnership Holding
    Company I, LLC
Mentor Texas GP LLC
Mentor Texas L.P.
Mentor Worldwide LLC
Middlesex Assurance Company Limited
Momenta Ireland Limited
Momenta Pharmaceuticals, Inc.
NeoStrata Company, Inc.
NeoStrata UG (haftungsbeschränkt)
Netherlands Holding Company
Neuravi Limited
NeuWave Medical, Inc.
Novira Therapeutics, LLC
NuVera Medical, Inc.
Obtech Medical Mexico, S.A. de C.V.
OBTECH Medical Sarl
OGX Beauty Limited
OMJ Holding GmbH
OMJ Pharmaceuticals, Inc.
Omrix Biopharmaceuticals Ltd.
Omrix Biopharmaceuticals NV
Omrix Biopharmaceuticals, Inc.
Ortho Biologics LLC
Ortho Biotech Holding LLC
Orthospin Ltd.
Orthotaxy SAS
Patriot Pharmaceuticals, LLC
Peninsula Pharmaceuticals, LLC
Percivia LLC
Pharmadirect Ltd.
Pharmedica Laboratories
    (Proprietary) Limited
preCARDIA, Inc.
Princeton Laboratories, Inc.
Productos de Cuidado Personal y
    de La Salud de Bolivia S.R.L.
Proleader S.A.
Prosidyan, Inc.
PT Integrated Healthcare Indonesia
PT Johnson & Johnson Indonesia
PT Johnson and Johnson Indonesia Two
Pulsar Vascular, Inc.
Regency Urban Renewal Associates
RespiVert Ltd.

Review Manager Test Entity 2
Royalty A&M LLC
Rutan Realty LLC
Scios LLC
Serhum S.A. de C.V.
Shanghai Elsker Mother & Baby Co., Ltd
Shanghai Johnson & Johnson Ltd.
Shanghai Johnson & Johnson
    Pharmaceuticals Ltd.
Sodiac ESV
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability
    Partnership
SterilMed, Inc.
Surgical Process Institute
    Deutschland GmbH
Synthes Costa Rica S.C.R., Limitada
SYNTHES GmbH
Synthes GmbH
Synthes Holding AG
Synthes Holding Limited
SYNTHES Medical Immobilien GmbH
Synthes Medical Surgical Equipment &
    Instruments Trading LLC
Synthes Produktions GmbH
Synthes Proprietary Limited
Synthes S.M.P., S. de R.L. de C.V.
Synthes Tuttlingen GmbH
Synthes USA Products, LLC
Synthes USA, LLC
Synthes, Inc.
TARIS Biomedical LLC
TearScience, Inc.
The Anspach Effort, LLC
The Vision Care Institute, LLC
Tibotec, LLC
Torax Medical, Inc.
UAB "Johnson & Johnson"
Vania Expansion
Verb Surgical Inc.
Vision Care Finance Unlimited Company
Vogue International LLC
WH4110 Development Company, L.L.C.
Xian Janssen Pharmaceutical Ltd.
XO1 Limited
Zarbee's, Inc.

## Managers and Officers of the Debtor
John Kim
Richard Dickinson
Robert Wuesthoff
Russell Deyo

## Major Current Business Affiliations of Debtor's Managers
American Foundation for Opioid
    Alternatives
Migration Policy Institute
Miller Center for Community Protection &
    Reliance, Eagleton Institute of Politics,
    Rutgers University
National Center for State Courts
National Council, McLean Hospital
One Mind

## Depository and Disbursement Banks
Bank of America, N.A.

## Major Sureties
Chubb
Federal Insurance Company
Liberty Mutual Insurance Company
Travelers Casualty and Surety Company
    of America

## Parties to Material Contracts With the Debtor
Johnson & Johnson
Johnson & Johnson Holdco (NA) Inc.
Johnson & Johnson Services, Inc.

## Significant Co-Defendants in Talc-Related Litigation
3M Company
A.O. Smith Corporation
Albertsons Companies, Inc.
Avon Products, Inc.
Barretts Minerals, Inc.
BASF Catalysts LLC
Block Drug Company, Inc.
Borg Warner Morse Tec, Inc.
Brenntag North America
Brenntag Specialties, Inc.

Bristol-Myers Squibb Company
Carrier Corporation
Chanel, Inc.
Charles B. Chrystal Co., Inc.
Chattem, Inc.
Colgate-Palmolive Company
Conopco Inc.
Costco Wholesale Corporation
Coty, Inc.
Crane Co.
CVS Health Corporation
CVS Pharmacy, Inc.
Cyprus Amax Minerals Company
Cyprus Mines Corporation
Dana Companies, LLC
DAP Products, Inc.
Dollar General Corporation
Duane Reade Inc.
Eaton Corporation
Eli Lilly and Company
Elizabeth Arden, Inc.
Estee Lauder Inc.
Family Dollar Stores Inc.
Flowserve US, Inc.
FMC Corporation
Food 4 Less of California, Inc.
Ford Motor Company
Foster Wheeler, LLC
Gardner Denver, Inc.
General Electric Company
Genuine Parts Company
Goodyear Tire & Rubber Co.
Goulds Pumps, LLC
Grinnell LLC
Honeywell International, Inc.
Imerys Talc America, Inc.
Imerys USA, Inc.
IMO Industries Inc.
John Crane, Inc.
K&B Louisiana Corporation
Kaiser Gypsum Company, Inc.
Kmart Corporation
Kolmar Laboratories
Longs Drug Stores California
L'Oreal USA, Inc.
Lucky Stores, Inc.

Macy's, Inc.
Mary Kay Inc.
Maybelline LLC
Metropolitan Life Insurance Company
Noxell Corporation
Personal Care Products Council
Pfizer, Inc.
Pharma Tech Industries, Inc.
Pneumo Abex, LLC
PTI Royston, LLC
Publix Super Markets, Inc.
R.T. Vanderbilt Holding Company, Inc.
Ralphs Grocery Company
Revlon Consumer Products Corporation
Revlon, Inc.
Rite Aid Corporation
Safeway, Inc.
Sanofi-Aventis U.S. LLC
Shulton, Inc.
Specialty Minerals Inc.
Target Corporation
The Dow Chemical Company
The Estee Lauder Companies, Inc.
The Kroger Co.
The Procter & Gamble Company
Thrifty Payless, Inc.
Unilever Home & Personal Care USA
Union Carbide Corporation
Vanderbilt Minerals, LLC
ViacomCBS, Inc.
Walgreen Co.
Walmart, Inc.
Warren Pumps, LLC
Whittaker Clark & Daniels, Inc.
Wyeth Holdings LLC
Yves Saint Laurent America, Inc.

**Debtor's Proposed Professionals and
Claims Agent**
AlixPartners LLP
Bates White LLC
Blake, Cassels & Graydon LLP
Epiq Corporate Restructuring LLC
Hogan Lovells
Jones Day
King & Spalding LLP

McCarter & English, LLP
Orrick, Herrington, & Sutcliffe, LLP
Shook, Hardy & Bacon L.L.P.
Skadden, Arps, Slate, Meager & Flom LLP
Weil Gotshal & Manges LLP
Wollmuth Maher & Deutsch LLP

**Debtor's Proposed Significant Ordinary
Course Professionals, Consultants and
Service Providers**
Adler Pollock & Sheehan PC
Barrasso Usdin Kupperman
Freeman & Sarver, L.L.C.
Blank Rome LLP
Butler Snow LLP
Carlton Fields, P.A.
Chehardy, Sherman, Williams,
    Recile, & Hayes
Damon Key Leong Kupchak Hastert
Davis Hatley Haffeman & Tighe
Dechert LLP
Elliott Law Offices, PA
Faegre Drinker Biddle & Reath LLP
Foliart, Huff, Ottaway & Bottom
Gibson, Dunn & Crutcher LLP
Goldman Ismail Tomaselli Brennan &
    Baum
Hartline Barger
HeplerBroom LLC
Irwin Fritchie Urquhart & Moore LLC
Johnson & Bell Ltd.
Jones, Skelton & Hochuli, P.L.C.
Kaplan, Johnson, Abate & Bird LLP
Kelley Jasons McGowan Spinelli
Hanna & Reber, LLP
Kirkland & Ellis LLP
Kitch Drutchas Wagner
Valitutti & Sherbrook
Lewis Brisbois Bisgaard & Smith, LLP
Manion Gaynor & Manning LLP
Manning Gross + Massenburg
Miles & Stockbridge
Milligan & Herns
Morgan Lewis
Nelson Mullins Riley & Scarborough, LLP
Nutter McClennen & Fish LLP

Patterson Belknap Webb & Tyler LLP
Proskauer Rose LLP
Quattlebaum, Grooms & Tull PLLC
Schnader Harrison Segal & Lewis
Schwabe Williamson & Wyatt
Sills Cummis & Gross P.C.
Stoel Rives LLP
Sullivan Whitehead & Deluca LLP
Swartz Campbell LLC
The Weinhardt Law Firm
Tucker Ellis LLP
Willcox & Savage, P.C.

**Known Professionals for Certain
Non-Debtor Parties in Interest**
Barnes & Thornburg, LLP
Cravath, Swaine & Moore
White & Case LLP

**Proposed Future Claimants'
Representative and Her Proposed
Professional**
Randi S. Ellis
Walsh Pizzi O'Reilly Falanga LLP

**Material Potentially Indemnified Parties**
Bausch Health Companies Inc.
Cyprus Mines Corporation
Cyprus Talc Corp.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
Luzenac America, Inc.
Pharma Tech Industries, Inc.
PTI Royston, LLC
Rio Tinto America, Inc.
RTZ America, Inc.
Valeant Pharmaceuticals International, Inc.
Windsor Minerals Inc.
Costco Wholesale Corporation
Publix Super Markets, Inc.
Rite Aid Corporation
Safeway Inc.
Walmart Inc.

**Parties Who Have Entered Into Plan
Support Agreements**

Andres Pereira Firm
Ferrer, Poirot & Wansbrough
Johnson Law Group
Liakos Law, APC
Linville Law Group
McDonald Worley
Nachawati Law Group
OnderLaw, LLC
Pulaski Kherkher PLLC
Rueb Stoller Daniel, LLP
Seeger Weiss LLP
Slater Slater Schulman LLP
Trammell PC
Watts Guerra LLP
Wisner Baum, LLP

**Law Firms with Significant
Representations of Talc Claimants**

Andres Pereira Firm
Arnold & Itkin LLP
Aylstock, Witkin, Kreis &
    Overholtz, PLLC
Beasley Allen Law Firm
Childers, Schlueter & Smith LLC
Ferrer, Poirot & Wansbrough
Johnson Law Group
Linville Law Group
McDonald Worley
Miller Firm, LLC
Nachawati Law Group
Napoli Shkolnik PLLC
OnderLaw, LLC
Pulaski Kherkher PLLC
Robinson Calcagnie
Rueb Stoller Daniel, LLP
Sanders, Phillips, Grossman, LLC
Seeger Weiss LLP
Slater Slater Schulman LLP
Trammell PC
Wagstaff Law Firm
Watts Guerra LLP
Wisner Baum, LLP

**Key Parties in *Imerys Talc America, Inc.*
and *Cyprus Mines Corp.* Chapter 11 Cases**

Cyprus Amax Minerals Company
Cyprus Mines Corporation
Cyprus Talc Corporation
Imerys S.A.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
    (fka Windsor Minerals Inc.)
James L. Patton
Luzenac America, Inc.
Official Committee of Tort Claimants
    (*In re Imerys Talc America, Inc.*)
Official Committee of Tort Claimants
    (*In re Cyprus Mines Corp.*)
Roger Frankel

**Debtor's Insurers**

A.G. Securitas
ACE Property & Casualty Insurance
    Company
Aetna Casualty and Surety Company
Affiliated FM Ins. Company
AIG Europe S.A.
AIG Property and Casualty Company
AIU Ins. Company
Allianz Global Risks US
    Insurance Company
Allianz Ins. Company
Allstate Insurance Company
American Centennial Ins. Company
American Motorists Ins. Company
American Re-Insurance Company
Arrowood Indemnity Company
ASR Schadeverzekering N.V.
Assurances Generales De France
Assurantiekantoor VanWijk & Co.
Atlanta International Insurance Company,
    n/k/a Wellfleet New York Insurance
    Company
Birmingham Fire Ins. Company of
    Pennsylvania
Central National Ins. Company of Omaha
Century Indemnity Company
Champion Dyeing Allocation Year
Chubb

City Ins. Company
Colonia Versicherungs AG, Koln
Company of N.Y.
Continental Insurance Company
Darag Deutsche Versicherungs-Und
Drake Ins. Company of New York
Employers Ins. Company of Wausau
Employers Ins. of Wausau
Employers Mutual Casualty Company
Eurinco Allgemeine
Everest Reinsurance Company
Fireman's Fund Ins. Company
First State Ins. Company
GAP
Gibraltar Casualty Company
Granite State Ins. Company
Great American
Great Northern Ins. Company
Great Southwest Fire Ins. Company
Groupe Drouot
Harbor Ins. Company
Hartford Accident and Indemnity Company
Home Ins. Company
Ideal Mutual Ins. Company
Industrial Indemnity Company
Ins. Company of North America
Ins. Company of the State of Pennsylvania
Ins. Corporation of Singapore Limited
Integrity Ins. Company
International Ins. Company
International Surplus Lines Ins. Company
Lexington Ins. Company
London Guarantee and Accident
L'Union Atlantique S.A. d'Assurances
Maas Lloyd
Mead Reinsurance Corporation
Middlesex Assurance Company
Midland Ins. Company
Midstates Reinsurance Corp.
Mission Ins. Company
Mission National Ins. Company
Munich Reinsurance America, Inc.
Mutual Fire, Marine, & Inland Ins.
    Company
N.V. De Ark
N.V. Rotterdamse Assurantiekas

N.V. Schadeverzekeringsmaatschappij
National Casualty Company
National Union Fire Ins. Company of
    Pittsburgh, PA
Nationwide
New Hampshire Ins. Company
North River Ins. Company
Northbrook Excess and Surplus
    Ins. Company
Northeastern Fire Ins. Company
    of Pennsylvania
Pacific Employers Ins. Company
ProSight
Prudential Reinsurance Company
Puritan Insurance Company
Republic Indemnity Company of America
Republic Ins. Company
Republic Western Ins. Company
Repwest Insurance Company
Resolute Management Inc.
Rheinland Versicherungen
Rheinland Verzekeringen
Riverstone Insurers
Royal Belge I.R., S.A. d'Assurances
Royal Indemnity Company
Royal Ins. Company
Rückversicherungs-AG
Safety Mutual Casualty Corporation
Safety National Casualty Corporation
Seguros La Republica SA
Sentry Insurance A Mutual Company
Southern American Ins. Company
Starr Indemnity & Liability Company
TIG Insurance Company
Transamerica Premier Insurance Company
Transit Casualty Company
Travelers Casualty and Surety Company
UAP
Union Atlantique d'Assurances S.A.
Union Indemnity Ins. Company
    of New York
Versicherungs AG, Dusseldorf
Westchester Fire Insurance Company
Westport Insurance Corporation
XL Ins. Company

**Potential Parties in Canadian Proceeding**
Cassels Brock & Blackwell LLP
Ernst & Young Inc.

**States/Federal District With Consumer
Protection Investigations/Actions**
Alabama
Alaska
Arkansas
Arizona
Colorado
Connecticut
Delaware
Florida
Georgia
Hawaii
Idaho
Illinois
Iowa
Kansas
Kentucky
Maine
Maryland
Massachusetts
Michigan
Minnesota
Mississippi
Montana
Nebraska
Nevada
New Hampshire
New Jersey
New Mexico
New York
North Carolina
North Dakota
Ohio
Oklahoma
Oregon
Rhode Island
South Dakota
Texas
Utah
Vermont
Virginia
Washington

Washington, D.C.
West Virginia
Wisconsin

**The Office of the United States Trustee –
Region 3 – District of New Jersey**
Adam Shaarawy
Adela Alfaro
Alexandria Nikolinos
Angeliza Ortiz-Ng
Daniel C. Kropiewnicki
David Gerardi
Fran B. Steele
Francyne D. Arendas
James Stives
Jeffrey Sponder
Joseph C. Kern
Kirsten K. Ardelean
Lauren Bielskie
Maggie McGee
Martha Hildebrandt
Michael Artis
Neidy Fuentes
Peter J. D'Auria
Robert J. Schneider, Jr.
Tia Green
Tina L. Oppelt
William J. Ziemer

**Bankruptcy Judges for the District
of New Jersey**
Judge Andrew B. Altenburg, Jr.
Judge Christine M. Gravelle
Judge Jerrold N. Poslusny, Jr.
Judge John K. Sherwood
Judge Kathryn C. Ferguson
Judge Michael B. Kaplan
Judge Rosemary Gambardella
Judge Stacey L. Meisel
Judge Vincent F. Papalia

## <u>EXHIBIT 3</u>

**Schedule of Signal's Prior or Current Affiliations
For Services Provided for or on behalf of Interested Parties**

Albertsons Companies, Inc.
Eli Lilly and Company
3M Company