| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                           Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF SIGNAL INTERACTIVE MEDIA, LLC

The relief set forth on the following pages is hereby **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536622259

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Signal Interactive Media, LLC

Upon the Application[2] of LTL Management LLC (the "Debtor" or "LTL Management"), requesting authorization to retain Signal Interactive Media, LLC ("Signal") as a consultant and expert for the Debtor, effective as of April 16, 2023; the Court having considered the Application and the Certification of Shannon R. Wheatman, Ph.D. in Support of Application for Retention of Signal Interactive Media, LLC Effective as of April 16, 2023 (the "Wheatman Certification"), it is hereby **ORDERED**:

1. The Debtor is authorized to retain Signal as set forth in the Application and the documents attached thereto, including, but not limited to, the engagement letter attached to the Application as Exhibit B (the "Engagement Letter").  The effective date of the retention is April 16, 2023.

   The professional's address is:    Signal Interactive Media, LLC
   1155 Connecticut Ave. NW,
   Suite 400
   Washington, DC 20036

2. Any additional services proposed to be provided by Signal and not described in the Application and the Engagement Letter shall require further Court approval.

3. Signal shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court, including any Interim Compensation Order; provided, however, that if Signal seeks to redact its time records to protect any privileges asserted it shall first apply to the Bankruptcy Court for permission to do so under Section 107 of the Bankruptcy Code, with the rights of all parties in interest with respect to any such relief fully preserved.

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

NAI-1536622259

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Signal Interactive Media, LLC

> The Debtor shall be solely responsible for paying all amounts due under this retention, subject to Court approval.  The rights of any party in interest to object to any such fee request, and the right of Signal to respond to any such objection, are fully preserved.

4. For the avoidance of doubt, no fees earned and payable to Signal shall constitute a "success fee," "bonus" or "fee enhancement" under applicable law.

5. Notwithstanding any contrary provision of the Engagement Letter, the Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Letter among the parties to the Engagement Letter during the pendency of the Chapter 11 Case.

6. Signal shall provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

7. Signal shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Signal's fee applications in the chapter 11 case.

8. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

NAI-1536622259