MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson*
*and Certain Mesothelioma Plaintiffs*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LTL MANAGEMENT LLC, | ) |
| | ) Case: 23-12825-MBK |
| Debtor. | ) |

## MRHFM'S JOINDER TO THE TCC'S MOTION TO COMPEL

MRHFM joins the TCC's Motion to Compel (Dkt. 441). Johnson & Johnson—usually content to control the Debtor from behind the counsel table—opposes the TCC's Motion (Dkt. 519), which seeks the undeniably relevant and unquestionably non-privileged communications between J&J and LTL Management in the aftermath of the Third Circuit decision.

Johnson & Johnson ignores the Chapter 11 part of 524(g) and argues that because it wants to litigate in bankruptcy court, and because its fabricated debtor (which it controls) does too, they qualify for a common interest privilege. The Company also says

1

J&J and LTL share a "common enemy." *See* J&J Obj., pg. 6. Their *enemy* is "[t]he minority of claimants"—i.e., cancer plaintiffs the Company poisoned who stand on their Constitutional rights—"that have initiated a barrage of litigation to prevent the vast majority of claimants from deciding for themselves whether to accept the terms of the plan." *Id.*, pgs. 6-7. Johnson & Johnson, worth $450 billion and 20 months into a windfall it doesn't deserve, loves to play the victim.

The Company has zero evidence to support its "vast majority" and "minority" talking points. The Ad Hoc Committee of Supporting Counsel ("AHCSC") members don't generally litigate talc cases in the tort system. Federal and state trial judges require evidence of a disease, exposure, and medical causation, and that's a problem for the AHCSC lawyers and their "talc" cases. This means the numbers of "claimants" being thrown around by LTL mean nothing because these cases aren't being actively litigated.

Now, more J&J lies. One of the following is true, both cannot be.

| LTL to Third Circuit (9/19/22, pg. 65) | J&J Now (Dkt. 519, pg. 2) |
|---|---|
| The funding agreement, this is quite important to our argument, the funding agreement itself bars that or if it occurred if there were any payment to J&J or to shareholders or anything like that, distributions, all of that increases the $61-billion pot; **$61 billion is only a floor, not a ceiling.** | wrong. The prior funding agreement contained commitments by J&J and Johnson & Johnson Consumer Inc., the Debtor's predecessor, to backstop the Debtor's talc liability, and the current funding agreements contain the same commitments. **The value of the prior funding agreement was the amount of the liability (minus the value of the Debtor),[2]** not $60 billion, and that did not change |

If the 2023 Funding Agreement equals whatever the liability is, LTL is *not* in financial distress. If the funding available now is the same as when the Third Circuit ruled

on January 30th, LTL is *not* in financial distress. If the funding available now is less than when the Third Circuit ruled, there was a fraudulent transfer.

This Court doesn't have power to give the Debtor and Johnson & Johnson the only thing they will ever accept (a permanent injunction) and this will never change. Under mandate from the Third Circuit, this Court must close bankruptcy's "safe harbor" to LTL because it has not filed in "good faith." *LTL Mgmt. LLC,* 64 F.4th 88, 93 (3d Cir. 2023). J&J's bankruptcy scam *will* fail, and in the meantime, the only burden is on the sick people.

Respectfully submitted:

**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com

3