**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time**:<br>May 16, 2023 at 10:00 am |

**DEBTOR'S OBJECTION TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS'
MOTION TO COMPEL UNREDACTED DOCUMENTS**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor" or "LTL"),

submits this objection to *The Official Committee of Talc Claimants' Motion to Compel Unredacted*

*Documents* [Dkt. 504] ("Motion"). In support of this Objection, LTL respectfully states as follows:

---

[1] The last four digits of Debtor's taxpayer identification number are 6622. Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**PRELIMINARY STATEMENT**

The Official Committee of Talc Claimants' ("TCC") motion to compel LTL to "produce unredacted copies of documents produced by LTL to date in these proceedings," Mot. at ¶ 2, should be denied.

First, the TCC has failed to meet and confer with the Debtor, prior to filing the Motion, as required by D.N.J. LBR 7037-1 and Federal Rule of Civil Procedure 37. For this reason alone, the TCC's Motion should be denied.

Second, the TCC seeks two categories of unredacted documents: (i) presentations from LTL counsel to the LTL board, and (ii) lists of claimants attached as exhibits to Plan Support Agreements, including such highly personal information as social security numbers, dates of birth, and health information. The presentations to the LTL board are protected by attorney-client privilege and the federal work-product doctrine—neither of which has been waived. The list of claimants is protected by well-established precedent protecting highly sensitive personal information from discovery. Further, the TCC's motion to compel the production of unredacted personal information of the claimants, from the Debtor, is premature and inappropriate in light of the Ad Hoc Committee of Supporting Counsel's pending motion to seal this same information. [Dkt. 471] ("Ad Hoc Committee Motion") (hearing date set for June 1, 2023). For these reasons, the TCC's Motion should be denied.

**ARGUMENT**

**I.  THE MOVANT HAS FAILED TO MEET AND CONFER WITH THE DEBTOR AS REQUIRED BY D.N.J. LBR 7037-1 AND RULE 37**

1. Before filing the Motion, the TCC was required to meet and confer with the Debtor, as per D. NJ LBR 7037-1 and Bankruptcy Rule 7037/Federal Rule of Civil Procedure 37.

2. When a moving party files a motion to compel discovery, D.N.J. LBR 7037-1 requires the moving party to file a certification documenting its attempt to meet and confer with the opposing party:

> (a) Certification. The certification required under Bankruptcy Rule 7037 must identify the date and means by which the movant conferred or attempted to confer with the person or party failing to make disclosure or provide discovery.
>
> (b) Supporting evidence. The certification in support of a motion for an order compelling disclosure or discovery must include as an exhibit a copy of the pertinent portion of the deposition, interrogatory, request for admission, response, or any other document on which the motion is based.
>
> D.N.J. LBR 7037-1.

3. In addition to the requirements of D.N.J. LBR 7037-1, Federal Rule of Civil Procedure 37, made applicable by Bankruptcy Rule 7037, also requires the moving party to provide the Court with a similar certification:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> Fed. R. Civ. P. 37.

4. The TCC's Motion did not provide the certification required by D.N.J. LBR 7037-1 and/or Bankruptcy Rule 7037/Federal Rule of Civil Procedure 37. The TCC could not do so because it did not confer with—or attempt to confer with—the Debtor prior to the filing of the Motion.

5. Indeed, a meet and confer in this situation may have obviated the need for this Motion and hearing. For example, the Motion assumes that pages and slides of the LTL board presentations were redacted on the grounds of relevance. That is not accurate. The redactions

were made to protect attorney-client communications. In a meet and confer, the Debtor would have disclosed that information to the TCC. A meet and confer could have prevented the myriad hours and resources since expended on this Motion.

6. As to the claimants' personal identifiable information, compliance with these rules is particularly important here because the information being sought is highly sensitive and directly concerns the clients of the Ad Hoc Committee of Supporting Counsel. In fact, this same information is the subject of the Ad Hoc Committee of Supporting Counsel's pending motion. *See* Ad Hoc Committee Mot.

7. The TCC's failure to comply with the requirements of D.N.J. LBR 7037-1 and Bankruptcy Rule 7037/Federal Rule of Civil Procedure 37 serves as an independent basis to deny the TCC's Motion.

II. **THE REDACTED INFORMATION IN THE BOARD PRESENTATIONS IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND THE FEDERAL WORK-PRODUCT DOCTRINE**

8. The TCC's assertion that the Debtor has withheld these redacted board presentations on grounds of relevance is mistaken. As the TCC would have understood had it met and conferred with the Debtor, these documents were withheld on the grounds of attorney-client privilege and the federal work-product doctrine.

9. The redactions in the board presentations reflect privileged attorney-client communications because they were made between Debtor and its counsel for the purpose of obtaining or providing legal advice. See Upjohn v. United States, 449 U.S. 383, 390, 101 S.Ct. 1677 (1981) ("Attorney-client privilege exists to protect not only giving of professional advice to those who can act on it but also the giving of information to lawyer to enable him to give sound and informed advice."); see also La. Mun. Police Emps. Ret. Sys. v. Sealed Air Corp., 253 F.R.D. 300, 305 (D.N.J. 2008) ("It is axiomatic that the privilege extends to corporations.") (citing In re

Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 124 (3d Cir. 1986)). As such, the attorney-client privilege applies to these communications and LTL cannot obtain these communications.

10. The redactions in the board presentations also reflect information protected by the federal work-product doctrine. La. Mun. Police Emps., 253 F.R.D. at 306 ("The federal work-product doctrine is set forth in Federal Rule of Civil Procedure 26(b)(3), which provides: Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)").

11. This doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661–62 (3d Cir. 2003) (quoting United States v. Nobles, 422 U.S. 225, 238 & n. 11, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)).

12. The Debtor has not waived its privilege over the redacted communications.

13. The TCC accuses the Debtor of "selective disclosure"; however, this is a baseless allegation. The Debtor has complied with its responsibility to disclose nonprivileged information, while maintaining its privileged communications. See Upjohn, 449 U.S. at 395 (citation omitted) ("[T]he protection of the privilege extends only to communications and not to facts.").

14. The TCC also mischaracterizes the Debtor's production. Paragraph 4 of the Motion attacks a redaction on slide 6 of the March 28 presentation on "SUPPORTED PLAN TERMS." Mot. ¶ 4. The Debtor, in fact, provided another version of that document without redactions just days later, as Bates No. LTLMGMT-00002641, at 46. The same is true for a similar slide in the

April 2, 2023 presentation. Again, a meet and confer would have clarified this matter and obviated the need for this Motion.

15. Moreover, contrary to the TCC's allegations, the Debtor has neither put at issue its privileged attorney-client communications with the board nor its counsels' work product. Mot. ¶ 3-4. The Debtor has not used and will not use any privileged communications in opposing the motions to dismiss or otherwise in pursuing chapter 11 relief. See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994).

### III. THE CLAIMANTS' PERSONAL IDENTIFIABLE INFORMATION IN THE PLAN SUPPORT AGREEMENTS IS PROTECTED

16. The redactions in the lists of claimants attached to the Plan Support Agreements are protected as personal identifiable information.

17. These redactions contain the highly sensitive personal information of claimants, including their full names, addresses, dates of birth, social security numbers, and other health and personal information.

18. The Bankruptcy Code permits bankruptcy courts to limit or prohibit the public's access to sensitive information by sealing documents that would typically be open to the public. See 11 U.S.C. § 107; see also In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (highlighting that the public's right of access to information is not absolute); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) (same).

19. Section 107 of the Bankruptcy Code authorizes the bankruptcy courts to protect the personal information of individuals, and states in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .
>
> . . .

(c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A)

11 U.S.C. § 107.

20. Section 105(a) of the Bankruptcy Code also provides bankruptcy courts with the equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. See 11 U.S.C. § 105(a).

21. Further, the District Court for New Jersey has routinely denied or limited discovery requests for personal identifiable information. Evans v. Metro. Life Ins. Co., No. CV 03-4915(RBK), 2005 WL 8161263, at *3 (D.N.J. Sept. 7, 2005) (denying plaintiff's discovery request for "highly personal and confidential information," including the names, ages, and other personal information of employees); Preston v. Malcolm, No. CIV.A. 09-3714JAP, 2009 WL 4796797, at *8 (D.N.J. Dec. 8, 2009) (requiring a protective order to prevent disclosure of documents referencing social security numbers and other personal information); Ford Motor Co. v. Edgewood Properties, Inc., No. CIV.A. 06-1278 WJM, 2011 WL 601312, at *4 (D.N.J. Feb. 15, 2011) (granting a protective order to prevent disclosure of "highly personal information"); Bd. of Trustees of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc., No. CIV.A. 09-6447 DRD, 2011 WL 2670948, at *6 (D.N.J. June 30, 2011) (granting a protective order to prevent and limit disclosure of personal financial information). See also Serrano v. Underground Utilities Corp., 407 N.J. Super. 253, 273, 970 A.2d 1054, 1066 (App. Div. 2009)

(stating that "several courts have denied defendants' requests to discover the addresses, Social Security numbers, and driver's license numbers of named plaintiffs and putative class members.").

22. Courts have been particularly protective of personal identifiable information in cases where the personal information may be exposed to the media. Welch v. Bd. of Directors of Wildwood Golf Club, 146 F.R.D. 131, 140-41 (W.D. Pa. 1993) (considering the defendant's concerns about plaintiff's previous media exposure, the court granted a protective order to prevent the release of the defendant's health, financial, and other personal information to the public).

23. Indeed, the Ad Hoc Committee of Supporting Counsel has already moved to seal the very same redacted information that the TCC now seeks from the Debtor. See Ad Hoc Committee Mot. With a hearing date set for June 1, 2023, the Ad Hoc Committee Motion is still pending, and it is both premature and inappropriate for the TCC to attempt an end-run around the Ad Hoc Committee of Supporting Counsel's motion and the protections that may be appropriate in connection with its sealing requests by seeking unredacted information from the Debtor.

24. Moreover, the TCC has not established a proper basis for relevance or proportionality with respect to its request for this personal identifiable information, especially considering the risks associated with the potential release of the claimants' personal information, including social security numbers. The TCC claims to have a verification need for this highly sensitive information but has not substantiated that need or demonstrated that it has considered alternatives. For example, each of the members of the Ad Hoc Committee of Supporting Counsel has already executed an acknowledgement to a Verified Statement stating that their client claimants' information is true and correct to the best of their knowledge. *Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* [Dkt. 470], ¶ 52, Ex. Q.

## CONCLUSION

25. The Motion should be denied because the TCC failed to follow the proper procedure to meet and confer with the Debtor prior to the filing of this Motion. Further, the redacted information from the LTL board presentations is protected by the attorney-client privilege and federal work-product doctrine; and the TCC has not established any waiver of this protected information. The Motion to obtain personal identifiable information of the claimants is also premature and should be denied.

Dated:  May 15, 2023    **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*