| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br><br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re: <br><br> **LTL MANAGEMENT, LLC,** <br><br>                      Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Honorable Michael B. Kaplan |

**APPLICATION FOR RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF TALC CLAIMANTS EFFECTIVE APRIL 15, 2023**

1.     The applicant, Official Committee of Talc Claimants (the "TCC" or "Committee") of LTL Management LLC (the "Debtor"), is the (check all that apply):

    ☐ Trustee:        ☐ Chap. 7        ☐ Chap. 11        ☐ Chap. 13.

    ☐ Debtor:        ☐ Chap. 11        ☐ Chap. 13

    ☒ Official Committee of *Talc Claimants*

2.     The applicant seeks to retain the following professional FTI Consulting, Inc. ("FTI") to serve as (check all that apply):

    ☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

    ☐ Official Committee of _____

    ☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

    ☐ Official Committee of _____

    ☒ Other Professional:

        ☐ Realtor        ☐ Appraiser        ☐ Special Counsel

        ☐ Auctioneer        ☒ Other (specify): Financial Advisor to the Committee

3.     The employment of the professional is necessary because:

The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of its estate and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

4. The professional has been selected because:

FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

5. The professional services to be rendered are as follows:

Subject to further order of the Court, FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of this Chapter 11 case, including but not limited to the following:

a. Reviewing financial related disclosures required by the Court, including but not limited to, the Schedules of Assets and Liabilities, the Statement of Financial Affairs, Rule 2015.3 Reports of Financial Information on Entities in Which a Chapter 11 Estate Holds a Controlling or Substantial Interest, and Monthly Operating Reports;
b. Preparing analyses required to assess the Debtor's funding and other intercompany agreements;
c. Assessing and monitoring of the Debtor's and its non-Debtor subsidiary's short-term cash flow, liquidity, and operating results;
d. Reviewing the Debtor's and its non-Debtor subsidiary's analysis of core business assets, valuation of those assets, and the potential disposition or liquidation of non-core assets;
e. Reviewing the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

f.  Reviewing any tax issues associated with, but not limited to, claims trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

g.  Reviewing other financial information prepared by the Debtor and its non-Debtor subsidiary, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

h.  Attending, assisting, and preparing materials related to due diligence sessions, discovery, depositions, negotiations, mediations, and other relevant meetings, and assisting in discussions with the Debtor, the Committee, any futures claimant's representative appointed in this case (the "FCR"), Johnson & Johnson and/or its subsidiaries, the United States Trustee, other parties in interest, and their respective professionals;

i.  Evaluating, analyzing, and performing a forensic review of avoidance actions, including fraudulent conveyances and preferential transfers;

j.  Evaluating any pre-petition transactions of interest to the Committee;

k.  Assisting in the prosecution of Committee responses/objections to the Debtor's and other parties of interest's motions and pleadings, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

l.  Assistance in the review and/or preparation of information and analysis necessary in connection with any proposed plan and related disclosure statement in this Chapter 11 proceeding;

m.  Assistance in the development and implementation of communications strategies, including digital insights and development, with various stakeholders including assisting and advising the Committee on matters related to satisfying its obligations under section 1103 of the Bankruptcy Code;

n.  Assistance in the review and/or preparation of information in connection with developing estimates of the number and value of present and future personal-injury claims and demands including testimony as necessary, as well as

    developing claims procedures to be used in connection with a claims resolution trust; and

    o. Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

6. The proposed arrangement for compensation is as follows:

The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), orders of this Court and guidelines established by the United States Trustee.

FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in this case, subject to Court approval.

The customary hourly rates, subject to periodic adjustments,[1] charged by FTI professionals anticipated to be assigned to this case are as follows:

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $950 - 1,725 |
| Directors / Senior Directors / Managing Directors | 600 - 1,300 |
| Consultants/Senior Consultants | 375 - 805 |
| Administrative / Paraprofessionals | 150 - 325 |

---

[1] FTI typically reviews and/or adjusts its hourly rates on an annual basis and FTI will provide notice of any change.

On a monthly basis, FTI will provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an explanation of the type of work performed.

FTI understands that interim and final fee awards are subject to approval by this Court.

In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b. the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003), or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's

indemnification obligations under the application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI.

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. See *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

As of the Court's entry of an order dismissing LTL Management LLC's 2021 bankruptcy proceeding ("LTL I") on April 4, 2023 (the "Dismissal Order"), FTI was owed $1,643,706.74 for services rendered and expenses incurred in representing the Committee as its financial advisor in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, FTI anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

7. To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, is as follows:

☐ None

☒ Describe connection: <u>See</u> Cert. of Matthew Diaz attached hereto as <u>Exhibit A.</u>

8. To the best of the applicant's knowledge, the professional (check all that apply):

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☐ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐ Other; explain: _____

See also Cert. of Matthew Diaz attached hereto as **Exhibit A.**

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

The Committee respectfully requests authorization to employ FTI Consulting, Inc. to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Dated: May 17, 2023                     Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

*/s/ Michelle Parfitt*
Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/ Leigh O'Dell*
Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/ Lisa Nathanson*
Lisa Nathanson Busch Esq., as specifically authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083