| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official Talc Claimants Committee* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| In re: | Chapter 11 |
| --- | --- |
| **LTL MANAGEMENT, LLC,** | Case No.:  21-30589(MBK) |
| Debtor. | Honorable Michael B. Kaplan |

**CERTIFICATION OF JEFFREY A. LAMKEN IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR RETENTION OF MOLOLAMKEN LLP AS SPECIAL APPELLATE LITIGATION COUNSEL <u>EFFECTIVE AS OF APRIL 20, 2023</u>**

I, Jeffrey A. Lamken, being of full age, certify as follows:

1.      I am seeking authorization to be retained as Special Appellate Litigation Counsel to the Official Committee of Talc Claimants (the "Committee") for LTL Management LLC (the "Debtor") in the above-captioned case (the "Case").

2.      I am a partner and founder of the law firm MoloLamken LLP ("MoloLamken"), which maintains an office at 600 New Hampshire Avenue, N.W., Washington, D.C. 20037.

3.      My professional credentials include being admitted and in good standing to practice law in the District of Columbia, the State of California, the U.S. Supreme Court, and multiple federal courts of appeals, including the U.S. Court of Appeals for the Third Circuit.  I have over thirty years of experience working on appellate matters involving a wide range of topics, including bankruptcy.  I have argued 27 cases before the U.S. Supreme Court, including two cases in the current Term: *National Pork Producers Council v. Ross*, No. 21-468; and *Amgen Inc. v. Sanofi*, No. 21-757.  I have also handled matters in most of the federal courts of appeals.  I previously served as an Assistant to the Solicitor General in the U.S. Department of Justice.

4.      The issues presented in appellate matters arising from this bankruptcy will be especially complex, novel, and important.  MoloLamken is well prepared to address those issues, having represented the Committee before the U.S. Court of Appeals for the Third Circuit in its successful appeal in LTL's first bankruptcy case.  Moreover, as explained in the Application, MoloLamken has extensive experience and expertise in appellate and bankruptcy matters. *Chambers USA Guide to America's Leading Business Lawyers* recognizes Jeffrey A. Lamken as a "Band 1" appellate practitioner.  Although the Committee has retained other law firms with appellate practices, it requires the services of MoloLamken to handle the intensity and complexity of the appeals here.  MoloLamken is coordinating closely with the Committee's co-counsel to avoid duplication of efforts.

5.      The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:  Pursuant to the terms of the Engagement Letter, attached hereto as Exhibit 1, and subject to the Court's approval of the Application, MoloLamken will be compensated at its standard hourly rates for matters of this nature, which are based on the professional's level of experience.  It is anticipated that the primary attorneys who will represent the Committee are Jeffery A. Lamken, whose hourly rate is $1,750, and Rayiner I. Hashem, whose hourly rate is $975.  It is anticipated that other MoloLamken attorneys or paraprofessionals will provide legal services on behalf of the Committee.  MoloLamken's hourly rates fall within the following ranges:

| Billing Category | Range |
|---|---|
| Other Partners | $950-$2,000 |
| Counsel | $900-$995 |
| Associates | $775-$875 |
| Paralegals / Legal Assistants | $295 |

The hourly rates set forth above are MoloLamken's standard hourly rates for work of this nature. These rates are set at a level designed to compensate MoloLamken for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Mololamken has informed the Committee that its hourly rates are subject to periodic adjustment in accordance with MoloLamken's established billing practice and procedures.  In addition to the hourly rates set forth above, it is MoloLamken's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, but are not limited to, travel, special database searches, electronic data collection and processing, extraordinary copying, printed briefs, outside messenger and deliver service, filing fees, and any third-party costs incurred related to a representation.  MoloLamken will charge for these expenses in a manner and at rates consistent with charges made generally to MoloLamken's other clients and the Local Rules.  MoloLamken will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the Committee, in accordance with the applicable rules and guidelines.

6.      MoloLamken agrees that (i) MoloLamken will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of MoloLamken's fee applications in this case; (ii) that MoloLamken will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"); (iii) MoloLamken will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); (iv) MoloLamken will provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee; and (v) that any and all compensation to be paid to MoloLamken for services rendered on the Committee's behalf shall be fixed by application to the bankruptcy court in accordance with Sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in this case governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

7.      Notwithstanding anything to the contrary in Exhibit 1 to the Original Certification, MoloLamken agrees that the bankruptcy court shall have exclusive jurisdiction over MoloLamken's engagement during the pendency of this Chapter 11 case.  More specifically, the Conflicts and Prospective Waiver and Resolution of Disputes paragraphs in Exhibit 1 to the Original Certification shall have no force or effect during the pendency of the Chapter 11 Case.

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

8.      To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

        ☐   None

        ☒   Describe connection: See Exhibit 2 attached

9.      To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

        ☐   None
        ☒   Describe Connection: See Exhibit 2 attached

10.     To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

        ☒   do not hold an adverse interest to the estate.

        ☒   do not represent an adverse interest to the estate.

        ☒   are disinterested under 11 U.S.C. § 101(14).

        ☒   do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

        ☒   Other.  Explain: See Exhibit 2 attached

11.     If the professional is an auctioneer:  N/A

12.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

4

Date:  May 17, 2023
Washington, D.C.

*/s/ Jeffrey A. Lamken*
Jeffrey A. Lamken