UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
Proposed Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants,

In Re:

LTL Management LLC,

                Debtor.

Case No.: 23-12825
Judge: Michael B. Kaplan
Chapter: 11

# CERTIFICATION OF PROFESSIONAL IN SUPPORT OF APPLICATION FOR RETENTION OF PROFESSIONAL

I, Mark Falk, being of full age, certify as follows:

1. I am seeking authorization for Walsh Pizzi O'Reilly Falanga LLP to be retained as Counsel for Randi S. Ellis, FCR.

2. My professional credentials include:

   I am a former Chief Magistrate Judge for the District of New Jersey, have extensive experience with mass tort cases both as a lawyer and former judge. I presided over numerous Mass Tort MDLs, Class Actions, Product Liability and Personal Injury cases, as well as Intellectual Property, Civil Rights, and the full range of federal cases.

   When I was in private practice, I was involved in Mass Tort Litigation, including asbestos litigation around the country. I believe I gained a thorough knowledge of the science, medicine and law involving asbestos exposure. Additionally, I participated in the settlement of large blocs of asbestos cases in the Federal Courts, as well as other Toxic Tort cases, including silicosis, lead and paint fumes, pharmaceutical product liability, and others. I also participated as a young lawyer in the seminal Johns-Manville asbestos bankruptcy proceedings.

<u>Before becoming a judge, I advocated on behalf of clients in Mass Tort and Product Liability cases on behalf of plaintiffs and defendants in both state and federal courts. I participated in the trial and settlement of tort and personal injury cases on behalf of both plaintiffs and defendants in different jurisdictions.</u>

3. I am of Counsel with the firm of: <u>Walsh Pizzi O'Reilly Falanga LLP, Three Gateway Center, 100 Mulberry Street, 15th Floor, Newark, NJ 07102</u>.

4. The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

    <u>The terms of employment of Walsh Pizzi O'Reilly Falanga LLP ("Walsh"), subject to the approval of the Court, are that certain attorneys and other personnel within Walsh will undertake this representation at their standard hourly rate, plus disbursements.</u>

    <u>Other members or associates of Walsh may also render services, if appropriate, at rates commensurate with the foregoing, as follows:</u>

    <u>Hon. Mark Falk (Ret.): $960.00</u>
    <u>Liza M. Walsh: $905.00</u>
    <u>Stephen V. Falanga: $695.00</u>
    <u>Partners: $420.00 - $850.00</u>
    <u>Associates: $330.00 - $410.00</u>
    <u>Paralegals: $210.00</u>

    <u>These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of senior partner, to reflect their increased experience and expertise.</u>

    ☐  Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

5. To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☒  None

    ☐  Describe connection:

6. To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and

accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☑ Describe connection:

Walsh served as Counsel for FCR in the Debtor's previous bankruptcy case number 21-30589 ("LTL I"). As of the Court's entry of the Dismissal Order on April 4, 2023 in LTL I, Walsh was owed $260,324.90 for services rendered and expenses incurred in representing the FCR as its counsel in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, Walsh anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre- Petition Fee Claim") will be paid in connection with LTL I.

In connection with Walsh's retention in LTL I, Walsh examined the list of case parties that appeared on the list attached as Exhibit A to the Supplemental Certification of Professional in Support of Application for Retention of Professional, dated April 1, 2022 (Dkt. 1944 in LTL I) and disclosed any connections, which are incorporated herein. In addition, Walsh searched all of the names which appear on the list attached hereto as Exhibit A.

Attached hereto as Exhibit B are the results of Walsh's search reflecting connections with the firm. In addition, Walsh discloses the following as was disclosed in LTL I:

Walsh is local counsel to Sanofi-Aventis U.S. LLC in connection with the Insulin Pricing litigations. The cases do not involve Talc and Walsh has never provided any Talc related services to Sanofi-Aventis U.S. LLC.

Walsh is presently defending Zions Bancorporation, N.A. in litigation commenced by LifeScan, a former subsidiary of Johnson & Johnson, alleging the bank knowingly funded the operations of an entity allegedly engaged in fraudulent activity. Zions Bancorporation, N.A. is also adverse to Johnson & Johnson Healthcare Systems Inc.

The late Honorable Joel A. Pisano, U.S.D.J. (Ret.), during his tenure at Walsh, served as court appointed Discovery Special Master in the Johnson & Johnson talc ovarian cancer MDL (the "NJ MDL") pending before the Honorable Freda L. Wolfson, U.S.D.J. from September of 2017 to February of 2021.

> The two Walsh associates that assisted Judge Pisano in the NJ MDL during the majority of his tenure left the firm in 2019 and 2020. Thereafter, Katelyn O'Reilly, a junior partner, and Gerhard Buehning, an associate, assisted Judge Pisano and billed several hours of time on the NJ MDL. Ms. O'Reilly and Mr. Buehning were not involved in any way in LTL I and were walled off and the same will occur if Walsh's retention is approved in this case.
>
> Walsh was adverse to Johnson & Johnson in *Janssen Pharmaceuticals, Inc. et al. v. Teva Pharmaceuticals USA, Inc*., Case No: 2:18-cv-00734, a patent infringement action. The firm served as local counsel for Teva Pharmaceuticals USA, Inc. Patent counsel in that matter was Kirkland and Ellis. The matter is presently on appeal before the Federal Circuit. Walsh has not entered an appearance in the pending appeal.
>
> Walsh currently represents ACE Property and Casualty Insurance Company, AIG Property and Casualty Company, Bristol-Myers Squibb Company, Chubb, Federal Insurance Company, Pfizer, Inc., Sanofi-Aventis U.S. LLC, Travelers Casualty and Surety Company of America, and Wyeth Holdings LLC in matters unrelated to Talc.
>
> The firm's gross income from ACE Property and Casualty Insurance Company relates to 33 separate matters involving employment disputes in which the firm serves as lead counsel to Chubb. In addition, the firm is assigned claims through a third-party administrator (ESIS) to defend companies that have commercial automobile policies issued by ACE.
>
> Attached hereto as Exhibit C is a chart showing the percentage of Walsh's gross income for the 2020 and 2021 fiscal years that came from the clients Walsh currently represents listed above.
>
> Stephen Falanga presently serves as a chapter 7 trustee appointed by the United States Trustee's Office in the bankruptcy case of *In re Vascular Access Centers, L.P*., Chapter 11, No. 19-17117-AMS (Bankr. E.D. Pa.)

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

   ☑   do not hold an adverse interest to the estate.
   ☑   do not represent an adverse interest to the estate.
   ☑   are disinterested under 11 U.S.C. § 101(14).
   ☐   do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).
   ☑   Other. Explain:  See response to question number 6

8. If the professional is an auctioneer,

   a.   The following are my qualifications and experience with the liquidation or sale of

4

similar property: _____

_____

b. The proposed method of calculation of my compensation, including rates and formulas, is: _____

_____

Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D. N. J. LBR 2016-1.

c. The following is an estimate of all costs and expenses, including labor, security, advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds: _____

_____

d. Have you, or a principal of your firm, been convicted of a criminal offense?

☐ No  ☐ Yes (explain below)

_____

_____

e. I certify that a surety bond as described in D. N. J. LBR 2014-2(a)(6) is in effect and will remain so through the date of turnover of the auction proceeds.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: _____

_____

I certify under penalty of perjury that the above information is true.

Date: May 18, 2023                                      *s/Mark Falk*_____
                                                         Signature of Professional