| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | <br><br>**Order Filed on May 22, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>May 22, 2023 at 10:00 a.m. |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: May 22, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

This matter coming before the Court on the *Debtor's Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rules 2016-1, 2016-3 and 2016-4; the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances and (e) the Compensation Procedures set forth below are reasonable and appropriate for this Chapter 11 Case; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth below.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in the Chapter 11 Case (collectively, the "Retained Professionals") may seek

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

interim payment of compensation and reimbursement of expenses in accordance with the

following procedures (collectively, the "Compensation Procedures"):

    (a)    Each Retained Professional seeking monthly compensation shall file a monthly fee statement (a "Monthly Fee Statement") with the Court no later than 30 days after the end of the month for which the fees are sought, and serve such Monthly Fee Statement on the following parties (collectively, the "Notice Parties"):

        (i)    the Debtor, LTL Management LLC, 501 George Street, New Brunswick, New Jersey 08933 (Attn: John K. Kim, Esq., jkim8@its.jnj.com);

        (ii)    the Debtor's counsel, (A) Jones Day, 2727 N. Harwood, Dallas, Texas 75201 (Attn: Dan B. Prieto, Esq., dbprieto@jonesday.com, Amanda Rush, Esq., asrush@jonesday.com and Melina N. Bales, Esq., mbales@jonesday.com); (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110 (Attn: James N. Lawlor, Esq., jlawlor@wmd-law.com);

        (iii)    the U.S. Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder, Esq., jeffrey.m.sponder@usdoj.gov and Lauren Bielskie, Esq., lauren.bielskie@usdoj.gov);

        (iv)    counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (Boelter), jessica.boelter@whitecase.com);

        (v)    counsel to any Committee and Future Claimants' Representative appointed in the Chapter 11 Case;

        (vi)    all parties who have filed an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002; and

        (vii)    any other parties that the Court may designate.

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

    (b)    Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines established by the Office of the U.S. Trustee including the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Guidelines").

    (c)    Time spent traveling without actively working on the Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

    (d)    All timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

    (e)    Any Professional who fails to file a Monthly Fee Statement when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Monthly Fee Statement is submitted. Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

    (f)    All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines and applicable law.

    (g)    Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Retained Professional shall file a Certification of No Objection or Certification of Partial Objection with the Court, and then be entitled to receive payment equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "Maximum Payment") and (ii) the aggregate

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

    amount of fees and expenses not subject to an unresolved objection pursuant to paragraphs 2(h)-(j) (the "Authorized Payment"). On notice to the Debtor, each Retained Professional is authorized to use any remaining amount of its prepetition retainer to satisfy some or all of an Authorized Payment; provided that each professional shall utilize any remaining retainer by the time it files its first Interim Fee Application (as defined below) or as soon thereafter as is practicable.

(h)    If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "Objection") so that it is received on or before the Objection Deadline. An Objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include but are not limited to: (i) the Debtor's failure to timely file monthly operating reports; and (ii) the Debtor's failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(i)    If a Retained Professional resolves an Objection and if the Retained Professional serves on the Notice Parties a statement indicating that the Objection is withdrawn and describing the terms of the resolution, the Debtor may pay as set forth above that portion of the Monthly Fee Statement which is no longer subject to an Objection. If the Debtor receives an Objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above.

(j)    Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "Incremental

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

        Amount") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the affected Retained Professional.

(k)     The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an Objection or not. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any Interim Fee Application (as defined below) or final fee application subsequently filed by a Retained Professional in accordance with the Bankruptcy Code and applicable rules.

(l)     Following the Objection Deadline, each Retained Professional that has not already submitted a LEDES file for a Monthly Statement to the Debtor shall send such LEDES file to the Debtor (or in such other format reasonably requested by the Debtor).

(m)     Each Retained Professional may file and serve an initial Monthly Fee Statement for the period from the Petition Date through and including April 30, 2023 on or before May 31, 2023.

(n)     Commencing with the four-month period ending July 31, 2023, and at four-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. To the extent practicable, all Interim Fee Applications will be noticed

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

      together to be heard on the same hearing date and with the same Objection Deadline.

(o)   Interim Fee Applications shall be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines.  A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines and applicable law.

(p)   The first Interim Fee Application shall be filed on or before September 14, 2023 for the Interim Fee Period from the Petition Date through July 31, 2023.  Any objections to an Interim Fee Application (an "<u>Additional Objection</u>") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received seven (7) days prior to the hearing date scheduled for the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

(q)   Upon allowance by the Court of a Retained Professional's Interim Fee Application, with or without a hearing, Retained Professionals shall provide an invoice reflecting all allowed, requested fees and expenses not previously paid (including any Incremental Amount) to the Debtor and the Debtor's counsel (or in such other format reasonably requested by the Debtor).  For the avoidance of doubt, Retained Professional shall not be required to include in such invoices fee and expense detail or other information already submitted to the Notice Parties in connection with Monthly Fee Statements or otherwise.

(Page 8)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

  (r) The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

  (s) Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

  (t) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

  (u) Any Notice Party may request that a Retained Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3. All Retained Professionals that are law firms shall make a reasonable effort to comply with the Guidelines, in connection with any Monthly Fee Statements, Interim Fee Applications and final fee applications to be filed in this case. All Retained Professionals that are law firms shall provide any and all Monthly Fee Statements, Interim Fee Applications and final fee applications in "LEDES" format to the U.S. Trustee.

4. The Debtor shall include all payments to Retained Professionals on its monthly operating reports, detailed so as to state the amount paid to Retained Professionals. All time periods set forth in this Order shall be determined in accordance with Bankruptcy Rule 9006(a).

(Page 9)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals

5. All fees and expenses paid to the Retained Professionals are subject to disgorgement until final allowance by the Court.

6. Each member of the Committee shall be permitted to submit statements of expenses (excluding expenses of third-party counsel of individual Committee members, the reimbursement of which, if any, is not addressed by this Order) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. The Future Claimants' Representative also shall be permitted to submit statements of expenses and supporting vouchers to his or her counsel, which counsel will submit for reimbursement in accordance with the Compensation Procedures.

7. Notice given in accordance with the Compensation Procedures is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

8. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-12825-MBK |
| LTL Management LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: May 22, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 24, 2023:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | May 22 2023 21:18:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |

TOTAL: 1

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2023            Signature:    /s/Gustava Winters