Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
Denyse F. Clancy, Esq.
dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

**Order Filed on May 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

*Counsel for Movant Anthony Hernandez Valadez*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LTL MANAGEMENT LLC, | : | Case No. 23-12825 (MBK) |
| Debtor. | : | |

### ORDER GRANTING MOVANT ANTHONY HERNANDEZ VALADEZ
### RELIEF FROM THE AUTOMATIC STAY AND PRELIMINARY INJUNCTION

The relief set forth on the following pages is hereby ORDERED.

**DATED: May 25, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

{01674459.DOCX }

Caption: LTL Management, LLC

Case No.: 23-12825 (MBK)

Name: ORDER GRANTING MOVANT ANTHONY HERNANDEZ VALADEZ RELIEF FROM THE AUTOMATIC STAY AND PRELIMINARY INJUNCTION ORDER

---

The instant matter having come before the court on the motion [Dkt. 71] (the "Motion") for relief from the automatic stay by counsel for Anthony Hernandez Valadez (the "Movant"), and for relief from the temporary restraining order, and any anticipated preliminary injunction in the adversary proceeding filed by counsel for the debtor in the above-captioned chapter 11 case (the "Debtor"), at adversary proceeding no. 23-01092 (MBK) (the "Adversary Proceeding"); this Court having entered an ex parte temporary restraining order in the Adversary Proceeding [Adv. Dkt. 20] (the "TRO") restraining all parties from pursuing all claims against the Debtor and the Protected Parties (as defined in the PI Order (defined below)), pending the Court's consideration of the entry of a preliminary injunction; the Debtor having filed an objection to the Motion [Dkt. 208]; Movant having filed a reply in support of the Motion [Dkt. 206]; the Court having heard the statements of counsel with respect to the Motion and the proposed preliminary injunction at hearings held on April 11, 2023 and April 18, 2023; the Court having entered an order in the Adversary Proceeding dissolving the TRO, extending the automatic stay, and granting limited preliminary injunctive relief [Adv. Dkt. 91] (the "PI Order"); the Court having entered an order granting in part and denying in part the Motion and adjourning the hearing to May 3, 2023 to further consider the relief sought in the Motion [Dkt. 298]; Movant having filed a supplemental statement in further support of the Motion [Dkt. 394]; the Court having heard the further statements of counsel with respect to the Motion at hearing held on May 3, 2023 (the "May 3 Hearing"); and for the reasons set forth on the record at the May 3 Hearing;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is granted as set forth herein.

2. Movant be and hereby is granted relief from the automatic stay and the PI Order to conduct a trial in Movant's case, styled Anthony Hernandez Valadez v. Johnson & Johnson, et al., pending in the

{01674459.DOCX }

| | |
|---|---|
| Caption: | LTL Management, LLC |
| Case No.: | 23-12825 (MBK) |
| Name: | ORDER GRANTING MOVANT ANTHONY HERNANDEZ VALADEZ RELIEF FROM THE AUTOMATIC STAY AND PRELIMINARY INJUNCTION ORDER |

Superior Court of California, County of Alameda (the "<u>Valadez Case</u>"), against the Debtor and the Non-Debtors (as defined in the Motion) through to verdict.

    3.    Movant is enjoined from seeking to enforce a verdict against the Debtor or any Non-Debtor (as defined in the Motion) absent further relief from this Court.

    4.    Movant's request for a waiver of the 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is granted and this Order is effective immediately.

    5.    Except as expressly provided herein, all provisions of the PI Order shall remain in effect.

    6.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

{01674459.DOCX }