MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson*
*and Certain Mesothelioma Plaintiffs*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LTL MANAGEMENT LLC, | ) |
| | ) BK Case: 23-12825-MBK |
| Debtor. | ) |

## MRHFM'S[1] OBJECTION TO FCR RANDI S. ELLIS' RETENTION OF WALSH PIZZI O'REILLY FALANGA LLP

MRHFM objects to FCR Randi Ellis retaining the Walsh firm ("Walsh"). *See* Dkt. 552, Retention App.[2] Parties are usually free to hire any counsel they wish. But this situation is ***un***usual, and this retention is subject to the Court's approval. This FCR—who supports a bad faith bankruptcy that caps future plaintiffs' state law remedies and tramples on their jury access—needs legal advice that respects Supreme Court and Third

---

[1] Maune Raichle Hartley French & Mudd, LLC only represents mesothelioma victims, including over seventy-nine with filed cases in state court. This includes Plaintiff Katherine Tollefson.

[2] Over the objections of the TCC, the United States Trustee, Paul Crouch, and MRHFM, Ms. Ellis was appointed Future Talc Claimants' Representative ("FCR") in *LTL2*. *See* Order, 5/18/23, Dkt. 551.

1

Circuit precedent, state law, and the Constitution of the United States.[3] Based on the record before this Court, Ms. Ellis is *not* getting that advice from Walsh. *See* MRHFM Obj. Ellis, Dkts. 320 & 438; *LTL1*, MRHFM Obj. Prelim. Inj., Dkt. 2564. For the sake of all future talc cancer victims, Ms. Ellis needs to find different counsel.

Either Walsh: (1) knew the FCR was strategizing with the half-trillion-dollar tortfeasor about stuffing its future victims into a trust and failed to stop her, or (2) didn't know what Ms. Ellis was doing. Neither are excusable. *See* "Communications between Randi Ellis and Counsel for J&J", Dkt. 436-1 (TCC Response to Ellis Amend. Supp. Decl).[4]

---

[3] *See* U.S. Const. amend VII; *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845-46 (1999) (recognizing the "serious constitutional concerns that come with any attempt to aggregate individual tort claims on a limited fund rationale" as "a mandatory settlement-only class action with legal issues and future claimants compromises their Seventh Amendment rights without their consent"); *In re LTL Mgmt., LLC*, 64 F.4th 84, 93, 109 (3d Cir. 2023)(holding that only good faith debtors in financial distress are permitted into bankruptcy's "safe harbor" and that LTL represented that it "can pay current and future talc claimants in full" and therefore is not in financial distress); *In re Combustion Eng'g,* 391 F.3d 190, 237-38 (3d Cir. 2004)(recognizing future plaintiffs might prefer suing a solvent non-debtor in the tort system as opposed to a trust); *In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009)(holding that a bankruptcy court must have a basis of jurisdiction other than 11 U.S.C. § 105, otherwise "a bankruptcy court would have power to enjoin any action, no matter how unrelated to the underlying bankruptcy it may be, so long as the injunction motion was filed in the adversary proceeding…[t]he existence of a bankruptcy proceeding itself" is not "an all-purpose grant of jurisdiction"); *In re Fed.-Mogul Glob. Inc.*, 684 F.3d 355, 358, 378 (3d Cir. 2012) (recognizing that to "'protect the due process rights of future claimants' section 524(g) imposed 'many statutory prerequisites' that must be satisfied before a channeling injunction may issue…Congress created 524(g) as the best course to harmonize the interests of asbestos claimants and reorganized debtors alike") (citing *Combustion Eng'g,* 391 F.3d at 234, Fn.45 and H.R. Rep. No. 103–835, at 46-48 (1994)). Recent decisions from the Fourth Circuit and Third Circuit reaffirm that non-distressed debtors are not allowed in bankruptcy court. In *In re Kaiser Gypsum*, the Fourth Circuit approvingly cited *In re Quigley Co.*, 676 F.3d 45, 58–59 (2d Cir. 2012), *In re W.R. Grace & Co.*, 13 F.4th 279, 283 (3d Cir. 2021), and legislative history in explaining that § 524(g) is meant to allow a "Chapter 11 debtor with substantial asbestos liabilities" to "emerge from bankruptcy as an economically viable entity." *In re Kaiser Gypsum Co., Inc.*, 60 F.4th 73, 77–78 (4th Cir. 2023).

[4] The FCR had a Zoom meeting with Ms. Lounsberry at 7:18 pm on March 22nd. Dkt. 436-1, pg. 10 of 68. Just over an hour later, Ms. Lounsberry sent Ms. Ellis a draft declaration supporting a second bankruptcy filing. *Id.*, pg. 11 of 68. The next morning, after reviewing the declaration, the only change Ms. Ellis suggested was to indicate that she was still "serving" as the FCR. *Id.*, pg. 15 of 68.

The Third Circuit found LTL Management could pay everyone—including Ms. Ellis' constituency—"in full." *LTL Mgmt.*, 64 F.4th at 109. On January 31st, the Debtor had unconditional access to at least $61 billion, and all of it was available to future plaintiffs. Now? LTL's pathetic Plan is unconfirmable for about a dozen reasons. *See* Dkt. 525. Walsh advised Ms. Ellis to support *this*? That's disqualifying.

Respectfully submitted:

**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com