**EXHIBIT 13**

```
                                                                    1

 1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                      COUNTY OF ALAMEDA

 3                HON. RICHARD SEABOLT, JUDGE

 4

 5   ALISON DAUGHERTY, individually
     and as successor-in-interest
 6   to JAMES DAUGHERTY; MATTHEW
     DAUGHERTY; and TIFFANY
 7   DAUGHERTY,

 8          Plaintiffs,

 9      vs.                                  Case No. RG19013937

10   JOHNSON & JOHNSON, et al.,

11          Defendants.
     _____/
12

13

14

15

16       Reporter's Transcript of Remote Proceedings

17                 Friday, May 19, 2023

18

19

20

21

22

23       Reported By:  Sheila Pham, CSR No. 13293

24

25
```

5

1  cases.  And you know all of this better than I do.
2          Are King & Spalding; that is, the Johnson &
3  Johnson lawyers representing Johnson & Johnson in these
4  cases, on Zoom or in the courtroom?
5          MR. SATTERLEY:  So, Your Honor, I see Mr. Calfo
6  on Zoom.
7          Hey, Alex, how are you doing?
8          MR. CALFO:  Good morning.
9          And good morning, Judge.
10         MR. SATTERLEY:  I see Jay Bhimani is on Zoom.
11 He's with the firm that represents J&J in the Reyes
12 case.  And I see Julia Romano and I see the retailers
13 are represented as well.  So I think everybody is
14 represented.
15         So I've got a plan so that we don't have to
16 spend a lot of time today.  What I would request -- two
17 different things.  The Reyes case, which --
18         Jay, are you with Dechert now, the Dechert law
19 firm?
20         MR. BHIMANI:  That's right.
21         ==MR. SATTERLEY:==  ==So the Reyes case is an==
22 ==individual case I want to talk about, and then all of==
23 ==the other cases, I want to lump together.==  ==And I want to==
24 ==get a reservation number for a motion to consolidate==
25 ==that I'm going to file, and we'll get a briefing==

Case 23-12825-MBK    Doc 614-14    Filed 05/26/23    Entered 05/26/23 23:11:45    Desc
Exhibit 13 to Declaration of Daniel J. Merrett    Page 4 of 7

6

1    schedule so that we can get a plan in place to
2    consolidate some or all of the cases together.
3           So we can just set all the other cases aside
4    other than --
5           THE COURT:  Reyes.
6           MR. SATTERLEY:  -- Reyes.  Eagles has a trial
7    date already, so we can talk about that briefly.
8           So, really, three things on all of these
9    cases --
10          THE COURT:  May I ask -- and I apologize for
11   interrupting, but have you discussed with Johnson &
12   Johnson's counsel the idea of consolidating all the
13   other cases?
14          MR. SATTERLEY:  Not -- no.  I mentioned it to
15   some counsel because there's different counsel in
16   different case.  And Reyes, for example, wouldn't
17   necessarily be consolidated because it still has a
18   preference status.  It's been a preference twice now,
19   and it's still a preference case.
20          So if I could, my ultimate goal today is to
21   simply get a reservation number for a motion to
22   consolidate, and then I can meet and confer with defense
23   counsel regarding a briefing schedule regarding that
24   issue.  And during the briefing schedule, we might be
25   able to come to some agreements.  I doubt it, but we

Case 23-12825-MBK    Doc 614-14    Filed 05/26/23    Entered 05/26/23 23:11:45    Desc
Exhibit 13 to Declaration of Daniel J. Merrett    Page 5 of 7

7

1  might be able to.  So that's all the cases with the
2  exception of the Reyes case.
3          Reyes, I would request it be set for trial.
4  Again, this will be the third time.  And that's the
5  reason why I contested the tentative setting it out
6  until later this fall, is because the Reyes case -- to
7  give Your Honor just a history of that case, in 2020,
8  during COVID, I think it was the very first Zoom trial
9  that -- or close to being the very first Zoom trial,
10 certainly, the first J&J Zoom trial, we started that
11 case with Judge Kaus.  It was assigned to Judge Kaus.
12 And I think it was -- it began in September.  And we
13 handled all motions in limine, ruled on all motions in
14 limine, we had jury selection for several weeks, we
15 picked a jury, and then after opening statement,
16 Mr. Reyes died and a mistrial was granted.
17         Then in 2021, we amended the complaint to
18 wrongful death, we moved for a preference setting
19 because his daughter was under the age of 14.  Judge Lee
20 granted the preference, set it for trial in August of
21 2021 as a preference setting, but because Judge Lee was
22 so busy with trials, she trailed that -- she had this
23 case trailed, even though I don't agree that a
24 preference case can trail like that under the
25 circumstance that occurred.  And it trailed so long that

21

1  can we set a hearing date later?
2          THE CLERK:  A reservation number is a date.
3          MR. SATTERLEY:  Is a date.
4          THE CLERK:  Yes, of hearing.
5          THE COURT:  And, again, with some reservation
6  because, Mr. Satterley, you sometimes tell me that I
7  shouldn't comment before hearing from both sides.  In
8  this instance, from where I sit, consolidation has some
9  advantages because, as everybody knows, we're
10 backlogged, and consolidating cases, and I'm mindful of
11 the fact that -- I gather San Francisco, some years ago,
12 consolidated cases.  The First District Court of Appeal
13 had issues with that, although, as I understand it, and
14 I didn't do a deep dive into this, the concern was that
15 the cases weren't sufficiently similar to consolidate.
16         So with all of that, candidly, I'm kind of in
17 favor of consolidation so long as the cases are
18 sufficiently similar to comply with guidance from the
19 appellate courts and, frankly, my own instincts, that
20 cases that are tried together ought to have similar
21 facts.
22         MR. SATTERLEY:  And that's what we have put
23 forth in the motion.  Your Honor is exactly correct.
24 For years and years, we used to try consolidated
25 asbestos cases all the time back in the '90s and early

22

1    2000s.  And I'm sure J&J will oppose it and argue that
2    they're not substantially similar or similar enough, and
3    that's what we'll hash out over the next several weeks
4    or couple of months, you know.
5                THE COURT:  Sure.
6                MR. SATTERLEY:  So if we could set it for
7    argument later this summer, I mean, I'm not trying to
8    rush anything, and then give us plenty of time to meet
9    and confer, you know.  And there may be two separate
10   consolidations.  Conceptually, there might be
11   consolidating a wrongful death and consolidating living.
12   I mean, there may be two separate --
13               THE COURT:  And that's why I said what I said.
14   I want both sides to meet and confer to try to come to
15   as much agreement as possible.  It doesn't surprise me,
16   frankly, I wouldn't have a job if everybody could
17   resolve all things without guidance from the Court.
18               But I would like the meet and confer to be
19   mindful, both sides to think about how consolidation
20   ought to occur so that, in fact, given that they're
21   probably -- well, there may be disagreement over what is
22   or what isn't substantially similar, that the
23   consolidation motion is guided by getting cases that
24   have at least some similarities together.
25               And I'd suggest that we not do this on Friday.