**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time**:<br>Pursuant to OST |

**DEBTOR'S OMNIBUS MOTION TO COMPEL
IDENTIFIED PLAINTIFF FIRMS TO SUPPLEMENT CERTAIN RESPONSES
TO DEBTOR'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

The Debtor moves the Court, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil

Procedure, Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 7026-

1 and 7037-1 of the Local Rules of the United States Bankruptcy Court of the District of New

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Jersey, for the entry of an order compelling (1) Arnold & Itkin, (2) Ashcraft & Gerel, LLP, (3) Barnes Law Group, (4) Beasley Allen Law Firm, (5) Dean Omar Branham Shirley, LLP, (6) Kazan McClain, Satterley & Greenwood PLC, (7) Levy Konigsberg LLP, (8) The Ruckdeschel Law Firm, and (9) Weitz & Luxenberg, P.C., (collectively, the "Plaintiff Firms") either to provide or to supplement their responses and objections (collectively, the "Plaintiff Firm Responses") to the Debtor's (a) *Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "Subpoenas"), (b) *First Sets of Requests for Production of Documents* (the "Requests for Production"),[2] and/or (c) *First Sets of Interrogatories* (the "Interrogatories"). In support of this Motion, the Debtor incorporates the Declaration of David S. Torborg, filed contemporaneously herewith (the "Counsel Declaration"), and respectfully states as follows:

## Introduction

The Debtor seeks discovery from the Plaintiff Firms that bears on the extent of the Debtor's liability for talc claims, an issue plainly relevant to many of those firms' challenges to the Debtor's contention that it was in financial distress when it filed for chapter 11 relief on April 4, 2023. See Apr. 20, 2023 Hr'g Tr. at 7-8. The Plaintiff Firms have challenged the Debtor's financial distress in motions to dismiss, represent members of the Official Committee of Talc Claimants (the "TCC"), and/or regularly have appeared and presented argument in this bankruptcy case. Despite having affirmatively contested Debtor's position on this central issue, the Plaintiff Firms wrongly refuse to produce discovery responsive to three narrowly tailored requests.

---

[2] The requests within each Request for Production and each Subpoena for documents are identical. References to a specific request shall mean either the request made in the relevant Request for Production or the relevant Subpoena.

*First*, the Debtor asks the Plaintiff Firms to identify or produce documents sufficient to identify the number of filed and unfiled claims for which they serve as counsel. Three firms have provided that information.[3] The rest have objected or provided inadequate responses, primarily pointing to the fact that the Debtor has or can determine the number of ***filed*** claims. But the number of ***unfiled*** claims is independently relevant to the extent of the Debtor's potential talc liability. It is also information exclusively within the control of the Plaintiff Firms. It should be provided promptly.

*Second*, the Debtors have asked the Plaintiff Firms to search for and produce communications with other law firms or claimants relating to the proposed $8.9 billion settlement. That request is directly relevant to the Plaintiff Firms' claim that the Debtor's proposed resolution is inadequate or insufficient. For example, Arnold & Itkin has opined on the "clear inadequacy of the proposed $8.9 billion in trust funding that is currently on the table," noting a risk of "substantial trust underfunding if the funding of a plan trust is limited to $8.9 billion…." *Arnold & Itkin Mtn. to Dismiss*, at ¶ 66 (Dkt. 384-1). The Debtor is entitled to discovery on why the Plaintiff Firms believe the amount is inadequate, as well as discovery into efforts to undermine the proposed plan.

*Third*, the Debtor has asked for any documents in the Plaintiff Firms' possession, custody, or control "concerning whether the Debtor is in financial distress." Request for Production No. 15. Three of the firms provided no response, two said they have "no non-privileged" documents, and four pointed generically to documents produced by the Debtor or J&J, documents cited in various pleadings they have filed, or J&J public filings and

---

[3] Beasley Allen and Ruckdeschel have provided this information. See Exhibits E and K, respectively, attached to the Counsel Declaration. Maune Raichle Hartley French & Mudd, LLC also provided this information, but they are not one of the nine Plaintiff Firms that are the subject of this motion.

-3-

announcements. The Debtor is entitled to the production and identification of any documents in the Plaintiff Firms' possession relevant to the critical issue of financial distress, including any estimates those firms have on the Debtor's liability for talc claims.

The Plaintiff Firms offer no legitimate objection to the requests. The Plaintiff Firms have generally reiterated their general objections (including relevance) and asserted protection under the attorney-client privilege and work product doctrine. Some have stated that they have "no non-privileged" documents without stating whether they do, in fact, have responsive communications (a failure to follow Local Bankruptcy Rule 7026-1). Nor do they identify with whom any communications were made, making it impossible for the Debtor to evaluate any claim of attorney-client privilege or common-interest protection. Not every plaintiff firm pursuing Talc Claims shares a common interest when it comes to this bankruptcy.

The Debtor, therefore, respectfully requests that the Court compel the Plaintiff Firms to provide adequate responses and information on the foregoing matters.

**Background**

1.   On May 6, 2023, the Debtor served on six of the Plaintiff Firms Interrogatories, each of which was substantially similar and identical with respect to the Interrogatories at issue in this motion. An example is attached as Exhibit A to the Counsel Declaration.

2.   On May 6, 2023, the Debtor also served on the same six Plaintiff Firms the Requests for Production, which, again, are identical with respect to what is at issue in this motion. An example is attached as Exhibit B to the Counsel Declaration.

3. On May 10, 2023, the Debtor served document subpoenas on nine Plaintiff Firms.[4] The Subpoenas sought the same documents requested in the Requests for Production. An example is attached as Exhibit C to the Counsel Declaration.

4. The Plaintiff Firms served responses to the foregoing discovery at various points in time. See Exhibits D, E, F, G, H, I, J, and K attached to the Counsel Declaration. While some firms replied with responses and objections, some did not reply at all or simply stated that the requests were improper.[5]

5. On May 22, 2023, the Debtor served largely similar letters to the Plaintiff Firms, identifying deficiencies in their responses and requesting supplementation. An example is attached as Exhibit L to the Counsel Declaration.

6. On May 25, 2023, the Debtor served follow-up emails to the Plaintiff Firms proposing a compromise that would narrow the Debtor's requests. An example is attached as Exhibit M to the Counsel Declaration. To date, none of the Plaintiff Firms accepted the compromise.

**Relief Requested**

7. Under Civil Rule 37(a)(3)(B), made applicable to this contested matter by Bankruptcy Rule 9014, and Local Bankruptcy Rule 7037-1, the Debtor requests that the Court

---

[4] The Debtor also served discovery on Maune Raichle Hartley French & Mudd, LLC, but they are not one of the nine Plaintiff Firms that are the subject of this motion.

[5] The following Plaintiff Firms all failed to supply sufficient responses: (1) Arnold & Itkin (see Exhibit F attached to the Counsel Declaration), (2) Ashcraft & Gerel, LLP (see Exhibit G to the Counsel Declaration), (3) Barnes Law Group (see Exhibit H attached to the Counsel Declaration), (4) Beasley Allen Law Firm (see Exhibit E attached to the Counsel Declaration), (5) Dean Omar Branham Shirley, LLP (see Exhibit I attached to the Counsel Declaration), (6) Kazan McClain, Satterley & Greenwood PLC (see Exhibit J attached to the Counsel Declaration), (7) Levy Konigsberg LLP (see Exhibit D attached to the Counsel Declaration), (8) The Ruckdeschel Law Firm (see Exhibit K attached to the Counsel Declaration), and (9) Weitz & Luxenberg, P.C.. Weitz has failed to respond to the Debtor's Subpoena at all. Levy Konigsberg has failed to respond to the Debtor's Interrogatories at all.

enter an order, substantially in the form submitted herewith, compelling the Plaintiff Firms to supplement their responses to Interrogatory No. 1 and Request for Production Nos. 1, 13, and 15.

**Basis for Relief Requested**

**I.     THE COURT SHOULD ORDER THE PLAINTIFF FIRMS TO DISCLOSE THE NUMBER OF UNFILED TALC CLAIMS THAT COULD BE ASSERTED BY CLAIMANTS FOR WHICH THEY SERVE AS COUNSEL.**

8.     Interrogatory No. 1 requests each Plaintiff Firm to "[i]dentify the total number of [Plaintiff Firm] Talc Claims, filed or unfiled." Request for Production No. 1 requests each Plaintiff Firm's "[d]ocuments sufficient to show the total number of [Plaintiff Firm] Talc Claims, filed and unfiled."

9.     Except for Beasley Allen and the Ruckdeschel Law Firm, the Plaintiff Firms have declined to identify or produce documents sufficient to identify the total number of their unfiled Talc Claims. But—as can be seen from the responses of Beasley Allen and Maune Raichle—this should not be difficult to do.

10.    It was not difficult for Beasley Allen Firm, which responded to the Debtor's interrogatory as follows: "Subject to the foregoing general and specific objections, and without waiving any privilege or protection, Beasley Allen states that it has 5,918 filed cases and approximately 5,600 unfiled claims."[6] Maune Raichle Hartley French & Mudd, LLC advised the Debtor as follows: "Without waiving attorney client privilege and work product objections, I believe we currently have four mesothelioma victims whose claims against J&J have not yet been filed."[7]

---

[6]   *Responses and Objections to the Debtor's First Set of Interrogatories to the Beasley Allen Law Firm and the Beasley Allen Law Firm Acting for Beasley Allen Talc Claimants* (attached as Exhibit E to Counsel Declaration).

[7]   May 25, 2023 email from C. Thompson to K. Wall (attached as Exhibit N to Counsel Declaration).

11. Nevertheless, most of the Plaintiff Law Firms have failed to provide this information. Instead, those firms have largely either failed to respond to the Interrogatory or the Request for Production at all,[8] referred the Debtor to all complaints that they have filed against J&J and the Debtor,[9] or provided a list of filed claims only.[10]

12. The extent of the Debtor's talc liability is unquestionably relevant to the issue of financial distress. And information concerning the number of unfiled Talc Claims is directly relevant to the extent of that liability. *See* Jones v. Derosa, 238 F.R.D. 157, 163 (D.N.J. 2006) ("Review of all relevant evidence provides each party with a fair opportunity to present an effective case at trial."); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (Rule 26 discovery encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

13. If the Plaintiff Firms contend that the Debtor was not in financial distress when it filed for bankruptcy, the Court should order them to disclose the number of their unfiled Talc Claims. The information is exclusively within their possession, custody, and control. The TCC

---

[8] Weitz has failed to provide any response to the Debtor's document requests within the Subpoena. Levy Konigsberg has failed to respond to the Debtor's Interrogatories at all (see Exhibit D attached to the Counsel Declaration).

[9] Firms in this category include: (1) Arnold & Itkin (see Exhibit F attached to the Counsel Declaration), (2) Ashcraft & Gerel (see Exhibit G attached to the Counsel Declaration), (3) Dean Omar (see Exhibit I attached to the Counsel Declaration), (4) Kazan McClain (see Exhibit J attached to the Counsel Declaration), and (5) Levy Konigsberg (see Exhibit D attached to the Counsel Declaration). Kazan McClain provided a list of claims it purportedly would file, but did not indicate whether there were others.

[10] Firms in this category include: (1) Barnes Law Group (see Exhibit H attached to the Counsel Declaration). With respect to unfiled claims, the Barnes Law Group took the position that it cannot state how many unfiled claims it has in its inventory until each case is "fully investigated, evaluated and accepted." *Supplemental Response and Objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (attached as Exhibit H to the Counsel Declaration). The Debtor did not ask the Barnes Law Group to definitely state the number of currently unfiled claims that will be filed in the future but, rather, to state the number of its filed and unfiled claims for which it currently serves as counsel. The information is relevant to the Debtor's potential talc liability.

has advised the Debtor that it does not have this information. This Court should direct the Plaintiff Firms that have not already done so to promptly produce their unfiled claim counts.

## II. THE COURT SHOULD ORDER THE PLAINTIFF FIRMS TO PRODUCE NON-PRIVILEGED COMMUNICATIONS RELATING TO THE PROPOSED $8.9 BILLION SETTLEMENT.

14. Request for Production 13 requests each Plaintiff Firm to provide, "[a]ll Documents and Communications between [Plaintiff Firm], on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement."

15. Seven of the Plaintiff Firms failed to respond entirely, asserting privilege either directly or via general objections, and then either (a) argued the merits of a trust settlement generally, or (b) stated that it has no "non-privileged documents."[11] The responses are inadequate.

16. First, Local Bankruptcy Rule 7026-1 requires the Plaintiff Firms to state whether any privileged documents or oral communications exist. Stating that "no non-privileged" documents exist does not suffice.

17. Second, the responses to date—which provide no detail on who was involved in any communications—provide no way for the Debtor to evaluate whether any communications are eligible for attorney-client, common-interest, or other protection. As the dynamics, indeed, frictions, of this case amply demonstrate, there can be no "common interest" that applies across all firms who represent talc claimants regarding the proposed $8.9 billion settlement.

---

[11] To date, only the Barnes Law Group (see Exhibit H attached to the Counsel Declaration) has confirmed that no such documents exist. Beasley Allen has also responded (see Exhibit E attached to the Counsel Declaration).

-8-

18. Third, to the extent that the Plaintiff Firms have or will make statements in Court concerning their clients' support or lack of support of the proposed $8.9 billion settlement, the information is relevant to evaluate the basis for any such assertions. If the Plaintiff Firms have or will make statements concerning the adequacy of the $8.9 billion figure, then the Debtor and the Court are entitled to know what the Plaintiff Firms are saying outside of court and to whom.

19. Because the Plaintiff Firms have put directly at issue their views on the Plan Support Agreements and the proposed $8.9 billion settlement, the Court should compel them to provide a supplemental response to Request for Production No. 13.

### III. THE COURT SHOULD ORDER THE PLAINTIFF FIRMS TO IDENTIFY AND PRODUCE ANY NON-PRIVILEGED DOCUMENTS CONCERNING WHETHER THE DEBTOR IS IN FINANCIAL DISTRESS.

20. Request for Production No. 15 requests the Plaintiff Firms to produce "[a]ll Documents and Communications concerning whether the Debtor is in financial distress." As noted above, three of the Plaintiff Firms provided no response (Weitz & Luxenberg, Barnes Law Group (see Exhibit H attached to the Counsel Declaration), and the Ruckdeschel Law Firm (see Exhibit K attached to the Counsel Declaration)), two said they have "no non-privileged" documents (Ashcraft & Gerel (see Exhibit G attached to the Counsel Declaration) and Beasley Allen (see Exhibit E attached to the Counsel Declaration)), and four pointed generically to documents produced by the Debtor or J&J, documents cited in various pleadings they have filed, or J&J public filings and announcements (Dean Omar (see Exhibit I attached to the Counsel Declaration), Levy Konigsberg (see Exhibit D attached to the Counsel Declaration), Arnold & Itkin (see Exhibit F attached to the Counsel Declaration), and Kazan McClain (see Exhibit J attached to the Counsel Declaration)).

21. There can no dispute that the issue of financial distress is relevant. The Debtor is entitled to production of whatever documents the Plaintiff Firms have or intend to use at the

hearing on the motions to dismiss pertinent to that question. That may include, for example, any estimates the Plaintiff Firms have of the Debtor's liability for any, all, or any subset of talc claims. A complete failure to respond to the request—the tack taken by three firms—is plainly insufficient. A response that the firms have "no non-privileged" documents is not consistent with Bankruptcy Rule 7026-1. And generic references to J&J documents, filings, and press releases suggest that no serious search was undertaken for responsive documents concerning whether **the Debtor** is in financial distress.

22. The Court should compel a proper search and production of documents responsive to Request for Production No. 15.

### Waiver of Memorandum of Law

23. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies is incorporated herein and the Motion does not raise any novel issues of law.

### Certificate of Conference

24. Counsel for the Plaintiff Firms have indicated that they oppose the relief requested in this motion. Pursuant to Local Bankruptcy Rule 7037-1, on May 25, 2025, counsel for the Debtor sent emails to each of the Plaintiff Firms offering a compromise and inviting the firms to engage in a meet and confer. Counsel Decl. ¶ 3. To date, none of the Plaintiff Firms accepted the invitation to compromise or continue to meet and confer. Id.

### Notice

25. Consistent with the *Order Establishing Case Management and Administrative Procedures* [Dkt. 554] (the "Case Management Order"), notice of this Motion has been provided to: (a) the Plaintiff Firms; (b) the U.S. Trustee; (c) proposed counsel to the TCC; (d) the legal

representative for future talc claimants and her proposed counsel; (e) counsel to the AHC of Supporting Counsel; (f) counsel to the Debtor's non-debtor affiliates, Holdco and J&J; and (g) the other parties on the Master Service List established by the Case Management Order. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

## No Prior Request

26.    No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, substantially in the form submitted herewith; and (ii) grant such other and further relief as the Court may deem proper.

Dated: May 30, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*