**<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>         Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>         Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>         Defendants. | Adv. No.:  23-01092 (MBK) |

## DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ARNOLD & ITKIN LLP

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this

contested matter[2] by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, LTL

Management LLC, the above-captioned debtor, ("the Debtor"), by its proposed undersigned

counsel, hereby requests that Arnold & Itkin produce the documents specified below by

electronic means to Jones Day, 2727 N. Harwood Street, Dallas, Texas 75201, attention Mark W.

Rasmussen, Esq., mrasmussen@jonesday.com, on a rolling basis to be completed in accordance

with a schedule agreed upon by the parties or ordered by the Court.

## DEFINITIONS

1.      The term "communication" means the transmittal of information (in the form of

facts, ideas, inquiries or otherwise) including but not limited to any oral or written transmittal

and/or receipt of facts, information, thoughts, inquiries, opinions, including, without limitation,

meetings, conversations in person, telephone conversations, records of conversations or messages,

telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports,

memoranda, formal statements and press releases, and newspaper stories. References to

communications with business entities shall be deemed to include all officers, directors,

employees, agents, attorneys, accountants, consultants, independent contractors, or other

representatives of such entities.

2.      The term "all communications" shall mean each and every communication,

whether an original or copy, known to you or which you can locate or discover by reasonably

diligent effort, within your custody, possession or control, or the custody, possession or control of

---

[2]      The contested matter is the *Motion of the Official Committee of Talc Claimants to Dismiss the Second Bankruptcy Petition of LTL Management, LLC*, Dkt. 286, and all other motions to dismiss to this bankruptcy, including Arnold & Itkin on behalf of certain personal injury claimants (Dkt. 384).

your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

3.      The term "computer" means all devices utilizing microchips to facilitate processing, analysis or storage of data, including microcomputers (as known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (as known as personal digital assistants or PDA's), minicomputers and mainframe computers. "computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications and/or shareware.

4.      The terms "concern" or "concerning" shall mean refer to, allude to, related to, connected with, in respect of, about, regarding, discussing, showing, evidencing, describing, in support of, in substitution of, reflecting, and analyzing.

5.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether

comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, presentations (e.g. Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which the TCC has access or of which the TCC is aware and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of the TCC or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in

the possession, custody or control of the TCC, or the former or present directors, offices, counsel, agents, employees, partners, consultants, principals, and /or persons acting on the TCC's behalf.

6.    The term "all documents" means every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, representatives, employees and/or agents.

7.    The term "Arnold & Itkin" means the law firm Arnold & Itkin LLP and all of its lawyers, advisors, and any person authorized to act on its behalf, as well as certain personal injury claimants represented by Arnold & Itkin.

8.    The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

9.    The term "Proposed $8.9 Billion Settlement" shall mean the Debtor's proposal, as set forth in the Term Sheet attached to the Plan Support Agreements, to resolve all current and future Talc Claims for a $8.9 billion net present value, payable over 25 years.

10.    The term "Talc Claims" shall mean current and future talc-related claims or other proceedings involving the Debtor.

11.    The term "Arnold & Itkin Talc Claims" means the Talc Claims (filed or unfiled) for which Arnold & Itkin serves as lead counsel, including without limitation any Talc Claims brought (or intended to be brought in the future) by certain personal injury claimants represented by Arnold & Itkin.

-5-

12.    The term "United States Trustee" shall mean The Office of the United States Trustee and any person authorized to act on its behalf.

13.    The term "You" and "Your" shall mean Arnold & Itkin or any person authorized to act on Arnold & Itkin's behalf.

14.    Plural words include the singular equivalent, and singular words include the plural equivalent.

15.    The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

### **INSTRUCTIONS**

1.    If a claim of privilege, including but not limited to any claim of attorney-client privilege or the work product doctrine, is asserted in any objection to any document request or portion thereof, and documents are withheld on the basis of that assertion of privilege, the objection shall comply with Local Bankruptcy Rule 7026-1 and, in addition, identify:

a.    the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and

b.    (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

2.      A request for a document shall be deemed to include a request for all transmittal sheets, cover letters, transmittal emails, exhibits, enclosures and attachments to the document, in addition to the document itself.

3.      A request for a document shall be deemed to include a request for all drafts, revisions, modifications, versions and supplements thereof, in addition to the original document itself.

4.      The masculine or feminine gender of any word shall be construed to include the masculine, feminine and neuter genders.

5.      The past tense of any verb shall embrace and be applied as the present tense, or as the context requires or as applicable, and vice versa.

6.      Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

7.      These requests are intended to cover all documents (including, without limitation electronically stored information), wherever located, in the TCC's possession, custody or control, including, without limitation, all documents in the personal possession of any agent, attorney, employee, officer, director, affiliate, subsidiary, expert and other representative of the TCC, and any other person or entity from which the TCC may obtain documents.

8.      Documents produced in response to these requests shall be clearly organized and labeled to correspond to the categories in these requests so as to indicate which documents are being produced in response to which numbered request.

## <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1:**   Documents sufficient to show the total number of Arnold & Itkin Talc Claims, filed and unfiled.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Arnold & Itkin has made with respect to any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Arnold & Itkin Talc Claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to amounts Arnold & Itkin believes would be adequate to provide fair compensation for any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications relating to the average per-claim settlement amount that Arnold & Itkin believes would be adequate to provide fair compensation for any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All Documents and Communications relating to Arnold & Itkin has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  All Documents and Communications between Arnold & Itkin, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Arnold & Itkin's contingency fees on Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  All Documents and Communications that Arnold & Itkin expects to use at the hearing on the motions to dismiss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  All Documents and Communications relating to or considered in preparing Arnold & Itkin's response to the Debtor's First Set of Interrogatories.

**RESPONSE:**

Dated:  May 6, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

NAI-1536745097v6

-12-