**<u>EXHIBIT C</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
Debtor

Case No. _____

*(Complete if issued in an adversary proceeding)*

Chapter _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        */s/ Mark W. Rasmussen*
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

  I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ Mark W. Rasmussen
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ANNEX A

## DEFINITIONS

1. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including but not limited to any oral or written transmittal and/or receipt of facts, information, thoughts, inquiries, opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements and press releases, and newspaper stories. References to communications with business entities shall be deemed to include all officers, directors, employees, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

2. The term "all communications" shall mean each and every communication, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

3. The term "computer" means all devices utilizing microchips to facilitate processing, analysis or storage of data, including microcomputers (as known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (as known as personal digital assistants or PDA's), minicomputers and mainframe computers. "computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications and/or shareware.

4. The terms "concern" or "concerning" shall mean refer to, allude to, related to, connected with, in respect of, about, regarding, discussing, showing, evidencing, describing, in support of, in substitution of, reflecting, and analyzing.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires,

surveys, charts, graphs, photographs, phonographs, films, webcasts, presentations (e.g. Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which the TCC has access or of which the TCC is aware and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of the TCC or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of the TCC, or the former or present directors, offices, counsel, agents, employees, partners, consultants, principals, and /or persons acting on the TCC's behalf.

6.     The term "all documents" means every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, representatives, employees and/or agents.

7.     The term "Levy Konigsberg" means the law firm Levy Konigsberg LLP and all of its lawyers, advisors, and any person authorized to act on its behalf, as well as any talc claimant represented by Levy Konigsberg.

8. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

9. The term "Proposed $8.9 Billion Settlement" shall mean the Debtor's proposal, as set forth in the Term Sheet attached to the Plan Support Agreements, to resolve all current and future Talc Claims for a $8.9 billion net present value, payable over 25 years.

10. The term "Talc Claims" shall mean current and future talc-related claims or other proceedings involving the Debtor.

11. The term "Levy Konisberg Talc Claims" means the Talc Claims (filed or unfiled) for which Levy Konigsberg serves as lead counsel, including without limitation any Talc Claims brought (or intended to be brought in the future) by any talc claimant represented by Levy Konigsberg.

12. The term "United States Trustee" shall mean The Office of the United States Trustee and any person authorized to act on its behalf.

13. The term "You" and "Your" shall mean Levy Konigsberg or any person authorized to act on Levy Konigsberg's behalf.

14. Plural words include the singular equivalent, and singular words include the plural equivalent.

15. The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

## INSTRUCTIONS

1. If a claim of privilege, including but not limited to any claim of attorney-client privilege or the work product doctrine, is asserted in any objection to any document request or portion thereof, and documents are withheld on the basis of that assertion of privilege, the objection shall comply with Local Bankruptcy Rule 7026-1 and, in addition, identify:

   a. the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and

   b. (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

2. A request for a document shall be deemed to include a request for all transmittal sheets, cover letters, transmittal emails, exhibits, enclosures and attachments to the document, in addition to the document itself.

3. A request for a document shall be deemed to include a request for all drafts, revisions, modifications, versions and supplements thereof, in addition to the original document itself.

4. The masculine or feminine gender of any word shall be construed to include the masculine, feminine and neuter genders.

5. The past tense of any verb shall embrace and be applied as the present tense, or as the context requires or as applicable, and vice versa.

6. Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

7. These requests are intended to cover all documents (including, without limitation electronically stored information), wherever located, in the TCC's possession, custody or control, including, without limitation, all documents in the personal possession of any agent, attorney, employee, officer, director, affiliate, subsidiary, expert and other representative of the TCC, and any other person or entity from which the TCC may obtain documents.

8. Documents produced in response to these requests shall be clearly organized and labeled to correspond to the categories in these requests so as to indicate which documents are being produced in response to which numbered request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show the total number of Levy Konigsberg Talc Claims, filed and unfiled.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Levy Konigsberg has made with respect to any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Levy Konisberg Talc Claims.

**RESPONSE:**

-6-

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to amounts Levy Konigsberg believes would be adequate to provide fair compensation for any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications relating to the average per-claim settlement amount that Levy Konigsberg believes would be adequate to provide fair compensation for any, all, or any subset of the  Levy Konigsberg Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to Levy Konigsberg has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications between Levy Konigsberg, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Levy Konigsberg's contingency fees on Talc Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All Documents and Communications that Levy Konigsberg expects to use at the hearing on the motions to dismiss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All Documents and Communications relating to or considered in preparing Levy Konigsberg's response to the Debtor's First Set of Interrogatories.

**RESPONSE:**