**<u>EXHIBIT E</u>**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**KLEHR HARRISON HARVEY BRANZBURG,
LLP**
Morton R. Branzburg, Esq.
Carol Slocum, Esq.
mbranzburg@klehr.com
cslocum@klehr.com
1835 Market Street
Suite 1400
Philadelphia, PA 19103

*Counsel for Beasley, Allen, Crow, Methvin, Portis,
& Miles, P.C.*

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Andy D. Birchfield, Jr., Esq.
Ted Meadows, Esq.
P. Leigh O'Dell, Esq.
andy.birchfield@beasleyallen.com
ted.meadows@beasleyallen.com
leigh.odell@beasleyallen.com
234 Commerce St.
Montgomery, AL  36104
Tel: (334) 269-2343

| | |
|---|---|
| In re: | Chapter 11 |
| **LTL MANAGEMENT LLC**,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

## RESPONSES AND OBJECTIONS
## TO THE DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION
## OF DOCUMENTS AND TO THE MAY 10, 2023, SUBPOENA TO PRODUCE
## DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
## PREMISES IN A BANKRUPTCY CASE TO THE BEASLEY ALLEN LAW FIRM

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Beasley, Allen, Crow, Methvin, Portis, & Miles, P.C.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

("Beasley Allen or the Beasley Allen Law Firm") hereby responds and objects (the "Responses and Objections") to Debtor's First Set of Requests for Production of Documents to the Beasley Allen Law Firm (the "Requests for Production"), dated May 6, 2023, and the Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Bankruptcy Case to the Beasley Allen Law Firm, dated May 10, 2023, as follows:

## GENERAL OBJECTIONS

The Beasley Allen Law Firm incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each request for production (each a "Request" and collectively the "Requests") in the Requests for Production (the "General Objections").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      Beasley Allen objects to the Requests as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2.      Beasley Allen objects to the Requests to the extent that they seek to impose obligations on Beasley Allen that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, or other applicable law or rule.

3.      Beasley Allen objects to the Requests to the extent that they purport to require Beasley Allen to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

4.      Beasley Allen objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, mediation privilege, or other applicable privilege or protection.

5.      In responding to the Requests, Beasley Allen does not waive, but preserves, all applicable privileges and protections.  In the event that Beasley Allen discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

6.      Beasley Allen objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

7.      Beasley Allen objects to the Requests to the extent they seek documents or information already in the Debtor's possession, custody, or control.

8.      Beasley Allen objects to the Requests to the extent they seek documents more easily obtained from other parties or third parties.

9.      Beasley Allen objects to the Requests to the extent they seek documents or information not in Beasley Allen's possession, custody, or control.  Beasley Allen does not have possession, custody or control of documents maintained by any official creditor's committee in the Debtor's prior chapter 11 case.  Any such committee legally has been disbanded and ceases to exist, and documents in any such committee's possession are not in the possession, custody or control of Beasley Allen.

10.      Beasley Allen objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

11.     Beasley Allen makes these Responses and Objections to the Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its Responses and Objections as necessary at a later date.

12.     Beasley Allen reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial.

13.     Beasley Allen objects to the production of any documents or information falling within one of the General Objections above or Specific Objections set forth below.  In the event that documents or information falling within the scope of an objection are produced by Beasley Allen, this production is inadvertent and does not constitute a waiver of the objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Beasley Allen objects to the definition of "Beasley Allen" on the grounds that it is overbroad and unduly burdensome and purports to require Beasley Allen to produce documents not within Beasley Allen's possession, custody, or control.

2.     Beasley Allen objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Beasley Allen that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

3.     Beasley Allen objects to Instruction No. 1 on the grounds that producing such a privilege log would be overly burdensome under the circumstances.

4.     Beasley Allen objects to Instruction No. 7 on the grounds that it is overbroad and unduly burdensome and purports to require Beasley Allen to produce documents within the TCC's possession, custody, or control.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

Documents sufficient to show the total number of Beasley Allen Talc Claims, filed or unfiled.

### Response to Request No. 1

Beasley Allen incorporates its General Objections as if set forth fully herein.  Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as the number of filed Beasley Allen Talc Claims is equally, by virtue of its relationship with Johnson & Johnson ("J&J"), available to the Debtor.  Beasley Allen reiterates General Objection No. 4.  The Request seeks documents relating to unfiled claims which are protected by the attorney-client privilege and work product doctrine.

### Request No. 2

All Documents and Communications relating to any settlement demands, including without any limitation any statutory demands, that Beasley Allen has made with respect to any, all, or any subset of Beasley Allen's Talc Claims.

### Response to Request No. 2

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as any settlement demands made by Beasley Allen are by virtue of its relationship with Johnson & Johnson ("J&J") readily available to the Debtor.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-

related information protected from disclosure. Subject to the foregoing general and specific objections, Beasley Allen states that other than those already in J&J's possession, it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 3**

All Documents and Communications concerning any settlement offers or proposals to resolve any, all, or any subset of the Beasley Allen Talc Claims.

### Response to Request No. 3

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as any settlement offers or proposals made by Beasley Allen are by virtue of its relationship with Johnson & Johnson ("J&J") readily available to the Debtor. Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, Beasley Allen states that other than those already in J&J's possession, it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 4**

All Documents and Communications relating to amounts Beasley Allen believes would be adequate to provide fair compensation for any, all or any subset of Beasley Allen Talc Claims.

### Response to Request No. 4

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist,

are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 5**

All Documents and Communications relating to the average per-claim settlement amount that Beasley Allen believes would be adequate to provide fair compensation for any, all, or any subset of Beasley Allen Talc Claims.

**Response to Request No. 5**

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 6**

All Documents and Communications relating to estimates Beasley Allen has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Beasley Allen Talc Claims.

**Response to Request No. 6**

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further

objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 7**

All Documents and Communications relating to estimates Beasley Allen has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**Response to Request No. 7**

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Beasley Allen reiterates General Objection No. 9.  Beasley Allen does not have possession, custody or control of any documents maintained by any other law firm that serves as plaintiff's counsel for any member of the TCC or by any other plaintiffs' counsel.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 8**

All Documents and Communications relating to estimates Beasley Allen has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**Response to Request No. 8**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen also reiterates General Objection No. 9. Beasley Allen does not have possession, custody or control of any documents maintained by any other law firm that serves as plaintiff's counsel for any member of the TCC or by any other plaintiffs' counsel. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged in its possession, custody or control responsive to this Request.

**Request No. 9**

All Documents and Communications relating to estimates Beasley Allen has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**Response to Request No. 9**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen reiterates General Objection No. 9. Beasley Allen does not have possession, custody or control of any documents maintained by any other law firm that serves as plaintiff's counsel for any member of the TCC or by any other plaintiffs' counsel. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil

Rule 26(b)(1).  Beasley Allen further objects to this Request as improper to the extent it seeks

mediation-related information protected from disclosure.  Subject to the foregoing general and

specific objections, Beasley Allen states that it has no non-privileged documents in its possession,

custody or control responsive to this Request.

## Request No. 10

All Documents and Communications relating to Beasley Allen has developed, shared or

discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

### Response to Request No. 10

Beasley Allen incorporates its General Objections as if set forth fully herein. Beasley Allen

objects to this Request on the grounds that "dollar-value attributable to Talc Claims asserted by

governmental units" is vague and ambiguous. Beasley Allen further objects to this Request on the

grounds that it assumes facts unsupported by the record, namely that Beasley Allen has knowledge

of "dollar-value attributable to Talc Claims asserted by governmental units."  In particular, Beasley

Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are

protected by the attorney-client privilege and work product doctrine. Beasley Allen reiterates

General Objection No. 9.  Beasley Allen does not have possession, custody or control of any

documents maintained by any other law firm that serves as plaintiff's counsel for any member of

the TCC or by any other plaintiffs' counsel.  Beasley Allen further objects to this Request on the

grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil

Rule 26(b)(1).  Beasley Allen further objects to this Request as improper to the extent it seeks

mediation-related information protected from disclosure. Subject to the foregoing general and

specific objections, Beasley Allen states that it has no non-privileged documents in its possession,

custody or control responsive to this Request.

## Request No. 11

All Documents and Communications relating to estimates Beasley Allen has developed, shared or discussed concerning the dollar-value attributable to Talc Claims asserted by third-party payors.

### Response to Request No. 11

Beasley Allen incorporates its General Objections as if set forth fully herein. Beasley Allen objects to this Request on the grounds that "dollar-value attributable to Talc Claims asserted by third-party payors" is vague and ambiguous. Beasley Allen further objects to this Request on the grounds that it assumes facts unsupported by the record, namely that Beasley Allen has knowledge of "dollar-value attributable to Talc Claims asserted by third-party payors." In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen reiterates General Objection No. 9. Beasley Allen does not have possession, custody or control of any documents maintained by any other law firm that serves as counsel for any member of the TCC or by any other law firm. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control

responsive to this Request.

**Request No. 12**

All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**Response to Request No. 12**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Beasley Allen further objects to this Request on the grounds that it seeks documents that, if they exist, are irrelevant to the issues in this case. Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 13**

All Documents and Communications between Beasley Allen, on the one hand, and any law firms or claimant on the other hand, concerning the Proposed Plan Support or the Proposed $8.9 billion Settlement.

**Response to Request No. 13**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The request for "[a]ll Documents and Communications between Beasley Allen, on the one hand, and any law firms or claimant on the other hand, concerning the Proposed Plan Support or the Proposed $8.9 billion Settlement" seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the

foregoing general and specific objections, Beasley Allen will produce the non-privileged document in its possession, custody or control responsive to this Request.

**Request No. 14**

Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Beasley Allen's contingency fees on Talc Claims.

**Response to Request No. 14**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Beasley Allen further objects to this Request on the grounds that it seeks documents that, if they exist, are irrelevant to the issues in this case. Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 15**

All Documents and Communications concerning whether the Debtor is in financial distress.

**Response to Request No. 15**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of

discovery permitted under Civil Rule 26(b)(1).  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 16**

All Documents and Communications that Beasley Allen expects to use at the hearing on the motions to dismiss.

### Response to Request No. 16

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Subject to the foregoing general and specific objections, Beasley Allen states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 17**

All Documents and Communications relating to or considered in preparing Beasley Allen's response to Debtor's First Set of Interrogatories.

### Response to Request No. 17

Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 4.  A request for "[a]ll Documents or Communications considered" by Beasley Allen in responding to interrogatories seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to the foregoing general and specific objections, Beasley Allen will produce non-privileged document(s) in its

possession, custody or control that it relied on responding to the Debtor's First Set of
Interrogatories to the Beasley Allen Law Firm.

**Request No. 18**

All Documents and Communications relating to your assertion that J&J's proposed plan in
bankruptcy would coerce Plaintiffs to accept "deeply discounted values." April 18, 2023 Hr'g Tr.
at 306:12-15; *see also id.* at 310:25-311:1.

**Response to Request No. 18**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular,
Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist,
are protected by the attorney-client privilege and work product doctrine. Beasley Allen further
objects to this Request on the grounds that it is unduly burdensome and beyond the scope of
discovery permitted under Civil Rule 26(b)(1) insofar as the Debtor has in its possession the Term
Sheet attached to the Plan Support Agreement, Exhibit A to the Term Sheet, and the PowerPoint
presentation given by Mr. Birchfield during the First Day hearing on April 11, 2023. Subject to
the foregoing general and specific objections, Beasley Allen will produce non-privileged, non-
LTL created document(s) in its possession, custody or control responsive to this Request.

**Request No. 19**

All Documents and Communications relating to your assertion that "[t]here is a big difference in
the number of claims that would have been, current claims that would have been existed in 2020 and what there
are today." April 18, 2023 Hr'g Tr. at 307:23-25.

**Response to Request No. 19**

Beasley Allen incorporates its General Objections as if set forth fully herein. In particular,
Beasley Allen reiterates General Objection No. 4. The Request seeks documents that, if they exist,

are protected by the attorney-client privilege and work product doctrine.  Beasley Allen further

objects to this Request on the grounds that it is unduly burdensome and beyond the scope of

discovery permitted under Civil Rule 26(b)(1).  Subject to the foregoing general and specific

objections, Beasley Allen states that it has no non-privileged documents in its possession, custody

or control responsive to this Request.

Dated:  May 15, 2023

Respectfully submitted,

**KLEHR HARRISON HARVEY BRANZBURG,
LLP**
Morton R. Branzburg, Esq.
Carol Slocum, Esq.
mbranzburg@klehr.com
cslocum@klehr.com
1835 Market Street
Suite 1400
Philadelphia, PA 19103

*Counsel to Beasley, Allen, Crow, Methvin, Portis &
Miles, P.C.*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**KLEHR HARRISON HARVEY
  BRANZBURG, LLP**
(A Pennsylvania Limited Liability Partnership)
Morton R. Branzburg, Esquire
Carol Ann Slocum, Esquire
mbranzburg@klehr.com
cslocum@klehr.com
10000 Lincoln Drive East, Suite 210
Marlton, NJ  08053

*Counsel for Beasley, Allen, Crow, Methvin, Portis,
& Miles, P.C.*

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Andy D. Birchfield, Jr., Esq.
Ted Meadows, Esq.
P. Leigh O'Dell, Esq.
andy.birchfield@beasleyallen.com
ted.meadows@beasleyallen.com
leigh.odell@beasleyallen.com
234 Commerce St.
Montgomery, AL  36104
Tel: (334) 269-2343

| | |
|---|---|
| In re: | Chapter 11 |
| **LTL MANAGEMENT LLC**,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

## RESPONSES AND OBJECTIONS
## TO THE DEBTOR'S FIRST SET OF INTERROGATORIES TO THE
## BEASLEY ALLEN LAW FIRM AND BEASLEY ALLEN LAW FIRM ACTING FOR
## BEASLEY ALLEN TALC CLAIMANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Civil Rules"), as

made applicable herein by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Beasley, Allen, Crow, Methvin, Portis, & Miles, P.C.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

7457279.1

("Beasley Allen or the Beasley Allen Law Firm") hereby responds and objects (the "Responses and Objections") to Debtor's First Set of Interrogatories to the Beasley Allen Law Firm and the Beasley Allen Law Firm Acting for Beasley Allen Talc Claimants (the "Interrogatories"), dated May 6, 2023, as follows:

## GENERAL OBJECTIONS

The Beasley Allen Law Firm incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific response to each interrogatory (each an "Interrogatory").  Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.  Moreover, the assertion of the same, similar, or additional objections in response to an Interrogatory does not waive any of the General Objections set forth below.

1. Beasley Allen objects to the Interrogatories as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2. Beasley Allen objects to the Interrogatories to the extent that they seek to impose obligations on Beasley Allen that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, or other applicable law or rule.

3. Beasley Allen objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, mediation privilege, or other applicable privilege or protection.

4. Beasley Allen reserves its right to amend or supplement these Responses and Objections as additional information becomes available, or in the event of error, inadvertent mistake, or omission.

5.      By making these responses and objections to the Interrogatories, Beasley Allen does not waive, but hereby expressly reserves, its right to assert any and all objections as to the admissibility of such response into evidence in this action, or in any proceedings, on any and all grounds including but not limited to competency, relevancy, materiality, and privilege.  Beasley Allen makes these Responses and Objections to the Interrogatories without in any way implying that it considers the Interrogatories to be relevant or material to this action.

6.      Beasley Allen objects to the Interrogatories to the extent they seek information already in the Debtor's possession, custody, or control.

7.      Beasley Allen objects to the Interrogatories to the extent they seek information more easily obtained from other parties or third parties.

8.      Beasley Allen makes these Responses and Objections to the Interrogatories based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its Responses and Objections as necessary at a later date.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Beasley Allen objects to the definition of "Beasley Allen" on the grounds that it is overbroad and unduly burdensome and purports to require Beasley Allen to produce information not within Beasley Allen's possession, custody, or control.

2.      Beasley Allen objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on Beasley Allen that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**: Identify the total number of Beasley Allen Talc Claims,

filed and unfiled.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein.

Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome

and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as the number of

filed Beasley Allen Talc Claims is equally, by virtue of its relationship with Johnson & Johnson

("J&J"), available to the Debtor. Beasley Allen reiterates General Objection No. 3.    The

Interrogatory seeks information which is protected by the attorney-client privilege and work

product doctrine.    Subject to the foregoing general and specific objections, and without waiving

any privilege or protection, Beasley Allen states that it has 5,981 filed cases and approximately

5,600 unfiled claims.

**INTERROGATORY NO. 2**: Identify any settlement demands, including without

limitation any statutory demands, that Beasley Allen has made with respect to any individual or

group of Beasley Allen Talc Claims.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein.

In particular, Beasley Allen reiterates General Objection No. 3.    The Interrogatory seeks

information that, if it exists, is protected by the attorney-client privilege and work product doctrine.

Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and

beyond the scope of discovery permitted under Civil Rule 26(b)(1), insofar as any information

regarding settlement demands made by Beasley Allen are by virtue of its relationship with Johnson

& Johnson ("J&J") readily available to the Debtor.    Beasley Allen further objects to this

Interrogatory as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that other than the information already in the Debtor and J&J's possession, it has not developed any nonprivileged settlement demands, including without limitation any statutory demands, with respect to any individual or group of Beasley Allen Talc Claims.

**INTERROGATORY NO. 3**: Identify the amounts Beasley Allen believes would be adequate to provide fair compensation to any, all, or any subset of the Beasley Allen Talc Claims.

**RESPONSE:**  Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3. The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed any nonprivileged settlement amounts that would be adequate to provide fair compensation to any, all or any subset of Beasley Allen Talc Claims.

**INTERROGATORY NO. 4**: Identify the average per-claim settlement amount that Beasley Allen believes would be adequate to provide fair compensation to any, all, or any subset of the Beasley Allen Talc Claims and the basis for such an average.

**RESPONSE:**    Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 3.  The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections,

Beasley Allen states that it has not developed any nonprivileged average per-claim settlement amounts that would be adequate to provide fair compensation to any, all or any subset of Beasley Allen Talc Claims.

**INTERROGATORY NO. 5**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to the Beasley Allen Talc Claims.

**RESPONSE:**  Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3.  The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed, shared or discussed any nonprivileged estimate of the dollar-value of the aggregate liability attributable to the Beasley Allen Talc Claims.

**INTERROGATORY NO. 6**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Beasley Allen Talc Claims.

**RESPONSE:**  Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3.  The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed, shared or discussed any nonprivileged estimate of

the dollar-value of the aggregate liability attributable to all or any subset of the Beasley Allen Talc Claims.

**INTERROGATORY NO. 7**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the dollar amount required to defend all or any subset of Talc Claims in the tort system.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3. The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed, shared or discussed any nonprivileged estimate of the dollar amount required to defend all or any subset of Talc Claims in the tort system.

**INTERROGATORY NO. 8**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the dollar amount required to resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3. The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as information

regarding dollar amounts required to resolve all Talc Claims in the tort system are contained in prior settlement demands, the information by virtue of its relationship with Johnson & Johnson ("J&J"), is readily available to the Debtor.  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed, shared or discussed any other nonprivileged estimate of the dollar amount required to resolve all or any subset of Talc Claims in the tort system.

**INTERROGATORY NO. 9**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:**  Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 3.  The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that it has not developed, shared or discussed any nonprivileged estimate of the number of Talc Claims that will be filed in the future.

**INTERROGATORY NO. 10**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:**   Beasley Allen incorporates its General Objections as if set forth fully herein.  In particular, Beasley Allen reiterates General Objection No. 3.  The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that, if any, it has not developed, shared or discussed any nonprivileged estimate of the dollar-value attributable to Talc Claims asserted by government units.

**INTERROGATORY NO. 11**: Identify any estimates Beasley Allen has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:**  Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3.   The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine.  Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  Beasley Allen further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, Beasley Allen states that, if any, it has not developed, shared or discussed any nonprivileged estimate of the dollar-value attributable to Talc Claims asserted by third-party payors.

**INTERROGATORY NO. 12**: Identify the number of Beasley Allen Talc Claims you expect to be set for trial within the next two years as well as the jurisdictions where you expect trial settings.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3. The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Subject to the foregoing general and specific objections, Beasley Allen states that it does not have non-privileged information regarding the number of its cases expected to be set for trial within the next two years.

**INTERROGATORY NO. 13**: Identify any witness Beasley Allen expects or may call to provide fact or expert testimony at the hearing on the motions to dismiss.

**RESPONSE:** Beasley Allen incorporates its General Objections as if set forth fully herein. In particular, Beasley Allen reiterates General Objection No. 3. The Interrogatory seeks information that is protected by the attorney-client privilege and work product doctrine. Beasley Allen further objects to this Interrogatory on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). Subject to the foregoing general and specific objections, Beasley Allen has not filed an individual motion to dismiss on behalf of its clients. At this point in time, Beasley Allen does not intend to call any witnesses to provide fact or expert testimony other than those witnesses identified by the Tort Claimant Committee or LTL Management LLC.

Dated:  May 19, 2023

**KLEHR HARRISON HARVEY
BRANZBURG, LLP**

/s/ Carol Ann Slocum
Morton R. Branzburg, Esquire
Carol Ann Slocum, Esquire
mbranzburg@klehr.com
cslocum@klehr.com
10000 Lincoln Drive East, Suite 210
Marlton, NJ  08053

*Counsel to Beasley, Allen, Crow, Methvin, Portis &
Miles, P.C.*