**EXHIBIT G**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **ASHCRAFT & GEREL, LLP**<br>Michelle A. Parfitt, Esq.<br>James F. Green<br>Patrick K. Lyons<br>1825 K Street NW, Suite 700<br>Washington, DC 20006<br>Main: (202) 783-6400<br>Fax: (703) 933-2491<br>mparfitt@ashcraftlaw.com<br>jgreen@ashcraftlaw.com<br>plyons@ashcraftlaw.com | |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

# RESPONSES AND OBJECTIONS
# TO THE DEBTOR'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE
# (OR ADVERSARY PROCEEDING)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Ashcraft & Gerel, LLP ("A&G") hereby responds and objects (the "Responses and Objections") to Debtor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "Requests for Production"), dated May 10, 2023, as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

## **GENERAL OBJECTIONS**

A&G incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each request for production (each a "Request" and collectively the "Requests") in the Requests for Production (the "General Objections"). Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1. A&G objects to the Requests as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2. A&G objects to the Requests to the extent that they seek to impose obligations on A&G that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, or other applicable law or rule.

3. A&G objects to the Requests to the extent that they purport to require A&G to conduct anything beyond a reasonable and good faith search for documents from reasonably accessible sources where responsive documents can reasonably be expected to be located.

4. A&G objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, mediation privilege, or other applicable privilege or protection.

5. In responding to the Requests, A&G does not waive, but preserves, all applicable privileges and protections. If A&G discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

6. A&G objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

7. A&G objects to the Requests to the extent they seek documents or information already in the Debtor's possession, custody, or control.

8. A&G objects to the Requests to the extent they seek documents more easily obtained from other parties or third parties.

9. A&G objects to the Requests to the extent they seek documents or information not in A&G's possession, custody, or control.

10. A&G objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

11. A&G makes these Responses and Objections to the Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its Responses and Objections as necessary at a later date.

12. A&G reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial.

13. A&G objects to the production of any documents or information falling within one of the General Objections above or Specific Objections set forth below. In the event that documents or information falling within the scope of an objection are produced by A&G, this production is inadvertent and does not constitute a waiver of the objection.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. A&G objects to the definition of "Ashcraft" on the grounds that it is overbroad and

unduly burdensome and purports to require A&G to produce documents not within A&G's possession, custody, or control.

2.    A&G objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on A&G that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

3.    A&G objects to Instruction No. 1 on the grounds that producing such a privilege log would be overly burdensome under the circumstances.

4.    A&G objects to Instruction No. 7 on the grounds that it is overbroad and unduly burdensome and purports to require A&G to produce documents not within A&G's possession, custody, or control.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show the total number of Ashcraft Talc Claims, filed and unfiled.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G also objects to this Request on the ground that the number of filed claims is equally available to the Debtor. A&G further objects in that the phrase "documents sufficient to show" is vague and overbroad. Subject to the foregoing general and specific objections, A&G

states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Ashcraft has made with respect to any, all, or any subset of the Ashcraft Talc Claims.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Ashcraft Talc Claims.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G further objects to this Request as improper to the extent it seeks mediation-

related information protected from disclosure. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to amounts Ashcraft believes would be adequate to provide fair compensation for any, all, or any subset of the Ashcraft Talc Claims.

**RESPONSE:** A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the average per-claim settlement amount that Ashcraft believes would be adequate to provide fair compensation for any, all, or any subset of the Ashcraft Talc Claims.

**RESPONSE:** A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to estimates Ashcraft has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Ashcraft Talc Claims.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to estimates Ashcraft has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications relating to estimates Ashcraft has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to estimates Ashcraft has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is duplicative of Request No. 5, unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. A&G further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to Ashcraft has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of

discovery permitted under Civil Rule 26(b)(1).  A&G objects to this Request on the grounds that "the estimated dollar-value of all or any portion of Talc Claims asserted by government units or third-party payors" is vague and ambiguous. A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  A&G further objects to this Request on the ground that responsive information may more readily be obtained from other parties or third parties.  Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to estimates Ashcraft has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  A&G further objects to this Request on the ground that responsive information may more readily be obtained from other parties or third parties.  Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:** All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, A&G states that it has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications between Ashcraft, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege, work product doctrine, or common-interest privilege.  A&G further objects to this Request on the ground that responsive information may more readily be obtained from other parties or third parties. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Ashcraft's contingency fees on Talc Claims.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of

discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  A&G further objects to this Request on the ground that responsive information may more readily be obtained from other parties or third parties. Specifically, all documents potentially responsive to this request are in the possession of the Debtor or its corporate affiliates.  Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and Communications that Ashcraft expects to use at the hearing on the motions to dismiss.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein.  A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  A&G further objects to this Request on the ground that responsive information

11

may more readily be obtained from other parties or third parties and seeks. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and Communications relating to or considered in preparing Ashcraft's response to the Debtor's First Set of Interrogatories.

**RESPONSE:** A&G incorporates its General Objections as if set forth fully herein. A&G objects to this request in that the Debtor did not serve a "First Set of Interrogatories" on A&G. Assuming the Request calls for documents and communications related to or considered in preparing the Responses to the Debtor's Subpoena to Produce Documents, A&G objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1). A&G also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, A&G states that it has no non-privileged documents in its possession, custody, or control responsive to this Request.

DATED:   May 17, 2023            ASHCRAFT & GEREL, LLP

By: /s/ Michelle A. Parfitt
Michelle A. Parfitt
James F. Green
Patrick K. Lyons
1825 K Street NW, Suite 700
Washington, DC 20006
Main: (202) 783-6400
Fax: (703) 933-2491
mparfitt@ashcraftlaw.com
jgreen@ashcraftlaw.com
plyons@ashcraftlaw.com