# **EXHIBIT H**

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Ste. 201
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Claimants Represented*
*by Barnes Law Group, LLC,*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC, | Case No. 23-12825 (MBK) |
| Debtor. | |

**RESPONSE AND OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING**

To:   Mark Rasmussen, Esq.
      Jones Day
      2727 N. Harwood Street
      Dallas, Texas 75201
      mrasmussen@jonesday.com

The Claimants Represented by Barnes Law Group, LLC (collectively, the "Claimants" Georgia State Court Claimants")*,* hereby objects to the Requests for the Production of Documents (the "RFP") served upon the Claimants by LTL Management, LLC (the "Debtor") on or about May 10, 2023[1] as follows:

**GENERAL OBJECTIONS**

The purpose of these general objections is to avoid restating them in their entirety in response to each request (each, a "Request").  The Claimants reserve the right to assert additional objections

---

[1] For clarification, an updated subpoena was served upon Claimants' counsel on May 13, 2023.

or supplemental responses as future investigations and discovery may reveal.  Thus, the Claimants state the following general objections to the Subpoena:

      A.      The Claimants, by responding to this RFP, do not adopt the content of the proposed "Definitions" set forth in the RFP.

      B.      The Claimants shall respond to the RFP as required by applicable rules, procedures, or orders, and the Claimants objects to any instructions or definitions, which are intended to expand the scope thereof.

      C.      To the extent that the RFP covers information that is privileged under the law, same shall not be provided except as required under applicable rules, procedures, or orders.  For example, the subpoena purports to seek information about claims data, which Debtor has expressly taken the position that such underlying "Documents or Communications" allegedly supporting the PSA is protected and not otherwise discoverable by the LTL Tort Claimant Committee and other parties of interest.  Debtor cannot take the position that such information is subject to its claims of confidentiality, but then seek to discover the same privileged information from the Georgia State Court Claimants.  To the extent that any privileged information is inadvertently provided, such disclosure shall not be construed as a waiver of such privilege.

      D.      Discovery which is harassing or unduly burdensome shall not be produced.  For example, the Claimants objects to any admission request that calls for information to which the Debtor has the same access as does the Claimants.

      E.      The Claimants objects to requests for production of any documents, which are not relevant to the subject matter, involved in the pending action or not reasonably calculated to lead to the discovery of admissible evidence.

4886-7669-4116, v. 1

F. The Claimants object to discovery sought which may cause undue burden or expense.

G. The Claimants object to any discovery requests to the extent that the Debtor seeks information in its possession, custody or control.

H. The Claimants object to any requests to the extent such requests call for legal conclusions.

I. The Claimants, by providing responses to this request, do not waive or intend to waive, but rather intends to preserve and does preserve:

(i) all objections as to competency, relevancy, materiality and admissibility;

(ii) all rights to object on any grounds as to the use of any of the responses herein in any subsequent proceedings, including this litigation or any other action;

(iii) all objections as to vagueness, broadness and ambiguity;

(iv) all rights to object on any ground to any further discovery requests in this action; and

(v) all rights to amend and/or supplement these responses.

### SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to show the total number of Barnes Talc Claims, filed and unfiled.

**OBJECTION**: The Claimant objects on the grounds that the Request is over broad, excessive, and an undue burden. Specifically, the Claimants object on the ground that the names of all known Barnes Talc Claims are publicly available as the list of claimants were attached to the Claimants' counsel notice of appearance. The Claimants further object to the production of documents which are already in the possession of the Debtor. Notwithstanding the objection, see attached list. The Claimants reserve the right to amend or otherwise supplement this response.

3

4886-7669-4116, v. 1

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Barnes has made with respect to any, all, or any subset of the Barnes Talc Claims.

**OBJECTION**: The Claimants object as the Debtor seeks information in its possession, custody or control. Notwithstanding the above, the Claimants do not have any responsive information to this Request but for Mr. Bevis, counsel for the Claimants, had one telephone call with Jim Murdica in approximately August 2021 prior to the Margie Evans trial. Mr. Murdica asked Mr. Bevis if he would be interested in resolving the BLG inventory. Mr. Murdica knows what those discussions were in the single phone call. In addition, the Claimants object on the basis of attorney client and work product privilege in connection with this Request. The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Barnes Talc Claims.

**OBJECTION**: See response to Request 2. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privileges in connection with this Request. Beyond the information contained in response to Request 2, no such information exists. The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications relating to amounts Barnes believes would be adequate to provide fair compensation for any, all, or any subset of the Barnes Talc Claims.

**OBJECTION**: See response to Request 2. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request. Additionally, Barnes Law Group represents Claimants who were appointed to and serve on the Imerys and Cyprus Tort Claimant Committees, where such documentation or communications, to the extent they exist, would be protected by attorney client and work product privilege. By way of further response, during the 2021 Margie Evans trial in Richmond County Georgia, counsel for Ms. Evans' Estate suggested the jury should consider a range of $53 million to $78 million as adequate and fair compensation for Margie's death. The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the average per-claim settlement amount that Barnes believes would be adequate to provide fair compensation for any, all, or any subset of the Barnes Talc Claims.

**OBJECTION**: See response to Request 2 and Request 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request. The Claimants reserve the right to amend or otherwise supplement this response.

4886-7669-4116, v. 1

**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications relating to estimates Barnes has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Barnes Talc Claims.

**OBJECTION**: See response to Request 2 and Request 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request.  The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 7:**  All Documents and Communications relating to estimates Barnes has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**OBJECTION**: See response to Request 2 and Response 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request.  The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications relating to estimates Barnes has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**OBJECTION**: See response to Request 2 and Request 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request.  Additionally, to the extent responsive exists, such information is within the custody and control of the Debtor and its non-debtor affiliates.  The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications relating to estimates Barnes has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**OBJECTION**: See response to Request 2 and Request 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request.  Additionally, to the extent responsive exists, such is within the custody and control of the Debtor and its non-debtor affiliates.  The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 10:**  All Documents and Communications relating to [sic] Barnes has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE**: As framed the Request is unintelligible.  No documents or communications responsive to this Request are known to exist.

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to estimates Barnes has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**OBJECTION**: See response to Request 2 and Request 4. Notwithstanding the aforementioned, the Claimants object on the basis of attorney client and work product privilege in connection with this Request and undue burden. The Claimants reserve the right to amend or otherwise supplement this response. Subject to such objections, the Barnes's Claimants have previously provided HIPAA authorizations and releases to the Debtor and non-debtor Defendants in their Georgia state court cases which enabled those defendants to obtain information responsive to this request. Accordingly, such responsive medical and billing information for said Claimants has already been made available to Debtor.

**REQUEST FOR PRODUCTION NO. 12:** All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**OBJECTION**: The Claimants object on the grounds that the Request is over broad, excessive, and an undue burden. The Request is particularly excessive given the open-ended nature of this demand. The Claimants further object to the production of documents which are already in the possession of the Debtor. The Claimants reserve the right to amend or otherwise supplement this response. Subject to said objections, no such documents exist as to the Barnes' Claimants.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications between Barnes, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**OBJECTION**: See response to Request 4. The Claimants object on the grounds that the Request is over broad, excessive, and seeks information protected by attorney client and work product privilege as is demonstrated by Debtor's position of confidentiality with regard to the information purportedly supporting the PSA. The Request is particularly excessive given the open-ended nature of this demand, including communications with clients. The Claimants reserve the right to amend or otherwise supplement this response. Subject to said objections, no such documents between Barnes and other lawyers outside Barnes Law Group presently exists.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Barnes's contingency fees on Talc Claims.

**RESPONSE:** No such documents exist as to the Barnes' Claimants.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications concerning whether the Debtor is in financial distress.

4886-7669-4116, v. 1

**OBJECTION**: See response to Request 4.  The Claimants object on the grounds that the Request is over broad, vague, excessive, and an undue burden.  The Debtor seeks information already in its possession, custody, or control.  The Request is particularly excessive given the open-ended nature of this demand.  The Claimants reserve the right to amend or otherwise supplement this response.

**REQUEST FOR PRODUCTION NO. 16:**  All Documents and Communications that Barnes expects to use at the hearing on the motions to dismiss.

**RESPONSE**: The determination and identity of information that may be used at any hearing on the motions to dismiss has yet to be made.

Dated: May 16, 2023

        **McMANIMON, SCOTLAND
        & BAUMANN, LLC**
        *Attorneys for Claimants Represented
        by Barnes Law Group, LLC*

    By: */s/ Sari B. Placona*
        SARI B. PLACONA

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Ste. 201
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Attorneys for Claimants Represented*
*by Barnes Law Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC, | Case No. 23-12825 (MBK) |
| Debtor. | |

**SUPPLEMENTAL RESPONSE AND OBJECTIONS TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Mark Rasmussen, Esq.
     Jones Day
     2727 N. Harwood Street
     Dallas, Texas 75201
     mrasmussen@jonesday.com

The Claimants Represented by Barnes Law Group, LLC ("Barnes Law") (collectively, the "Claimants"), hereby supplements their objections to the Requests for the Production of Documents served upon the Claimants by LTL Management, LLC (the "Debtor") as follows:

***Request No.1:*** Barnes Law has previously disclosed the number of talc claims it has filed and from time to time routinely responds to, investigates and evaluates on-going talc inquiries to determine whether such claims are supported by the science and meet strict criteria for acceptance. Barnes Law does not warehouse talc claims for the purposes of any tort or bankruptcy resolutions without conducting separate evaluations of each case. Unless and until such inquiries are fully investigated, evaluated and accepted, Barnes Law cannot determine whether it has any "unfiled" claims suitable for litigation in the tort system and its standards for accepting such cases.

*Request Nos. 4 – 11 & 15:*  Barnes Law continues its objections asserted for each Request. To the extent that responsive information exists, each of these requests clearly and specifically seek to discover mental impressions, conclusions, opinions or legal theories of counsel and its work product regarding Barnes Law's view and assessment of the cases it has accepted for litigation in the tort system.  Such information is "core" work product and enjoys "near absolute" protection from disclosure.  E.g., *Kavod Pharms. LLC v. Sigmapharm Labs., LLC (In re Tri Harbor Holdings Corp.),* Nos. 19-13448 (VFP), 19-2053 (VFP), 2022 Bankr. LEXIS 588, at *8-9 (Bankr. D.N.J. Mar. 4, 2022)(discussing "high degree of protection provided to 'core' work product.")  Further such requests do not merely seek facts or data but, instead, specifically seek information counsel "believes" and "has developed" in anticipation of litigation.  Barnes has neither shared nor discussed its work product with others.

Without waiving such objections, Barnes Law states that in the normal course of Barnes Law's review and investigation of any potential or continued litigation, including talc litigation, it would certainly have internal discussions regarding information set forth in Request Nos. 5 – 9 & 11, and the results of such discussions may or may not be memorialized in the writings for the matters being investigated.  For nearly every case Barnes Law reviews, including talc cases, it would have on-going internal discussions on issues such as potential values, aggregate liabilities, likelihood of success, settlement prospects, costs of litigation and potential subrogation interests. Such discussions guide the decision-making processes for pursuit of litigation and direct litigation course and strategy.  As such, responsive information of this nature is not subject to disclosure.

To the extent Request Nos. 4 – 11, 13 & 15 seek discovery concerning Barnes Law's participation in and involvement with the Imerys and Cyprus TCCs regarding documents and communications pertaining to claim valuations, aggregate liabilities, future claims, defense costs, indemnity by third party payors and the like, those discussions are also subject to protection and non-disclosure under common interest, attorney-client and work-product privileges.  Barnes Law relies on the following as a basis for asserting privilege for responsive materials, information and discussions pursuant to Barnes Law's work on the TCC:

> 7 Collier on Bankruptcy ¶ 1103.03[8] at 1103–15("Communications between a committee and its counsel are entitled to the benefit of the attorney client privilege.")

> *In re Baldwin–United Corp.*, 38 B.R. 802, 804–5 (Bankr. S. D. Ohio 1984) ("The purposes underlying the privilege have no less applicability to a creditor's committee than they do to any other entity, at least when disclosure of privileged communications is sought by those who are not represented by the committee, or who stand in an adversarial relationship with it. If the committee cannot engage in 'full and frank communications' with its attorneys without fear of disclosure to such outsiders, then its work may be seriously hampered, to the detriment of those it represents.").

> *In re Subpoenas Duces Tecum*, 978 F.2d 1159, 1161 (9th Cir.1992) ("We are persuaded by the reasoning of Baldwin–United that we should recognize a privilege at least in the limited

4891-5208-6118, v. 1

circumstance of this case. The primary function of a creditors' committee is to advise the creditors of their rights and proper course of conduct in the bankruptcy proceedings. . . .Given its duties and responsibilities, a creditors' committee needs competent and effective representation. Counsel for a creditors' committee is best able to serve his or her client if the attorney can engage in "full and frank communications." )

*In re Refco, Inc.*, 336 B.R. 187, (Bankr. S.D.N.Y. 2006) (The attorney-client privilege "clearly can be enforced against those who are not represented by the committee or who are standing in an adversarial relationship to the unsecured creditors as a group").

Subject to the objections and responses asserted therein, Barnes law has affirmatively stated there is no responsive information in its possession pertaining to Request Nos. 2, 3, 4, 10, 12, 13 & 14.

4891-5208-6118, v. 1