The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, MD 21043

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-ap-1092-MBK |
| LTL MANAGEMENT LLC, ) | |
| ) | Lead BK Case: 23-12825-MBK |
| Debtor. ) | |

**THE RUCKDESCHEL LAW FIRM, LLC'S OPPOSITION TO
THE DEBTOR'S OMNIBUS MOTION TO COMPEL IDENTIFIED
PLAINTIFF FIRMS TO SUPPLEMENT CERTAIN RESPONSES
TO DEBTOR'S INTERROGATORIES AND REQEUSTS FOR
PRODUCTION OF DOCUMENTS (DOC. 638)**

The Ruckdeschel Law Firm, LLC files the following response in opposition to the "Debtor's Omnibus Motion to Compel Identified Plaintiff Firms to Supplement Certain Responses to Debtor's Interrogatories and Requests for Production of Documents" (Doc. 638) and states as follows:

The Debtor's Motion is baseless and harassing, ignores the Debtor's conduct in this bad-faith bankruptcy and, with respect to The Ruckdeschel Law Firm, LLC, falsely represents the procedural history of this alleged dispute. The Motion should be denied.

1. This proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established.

2. The Ruckdeschel Law Firm, LLC is not a party to or claimant in this proceeding. The Ruckdeschel Law Firm, LLC, is counsel for Paul Crouch, individually and as executor *as prosequendum* of the Estate of Cynthia Lorraine Crouch.

3. Service of discovery upon counsel for a claimant seeking the thought processes and personal opinions of counsel regarding a proceeding is improper absent some showing of how such discovery

1

relates to an issue in the case and would lead to admissible evidence. No such showing has been made here and no authority has been provided to the Court that would support discovery being served upon law firms that are not parties to a proceeding or otherwise interjected their firm into the case in the position of a party – such the AHCSC did when they personally entered into alleged contracts (the PSA agreements) with the Debtor and sought to intervene.

4. The Debtor's sole attempt to provide some justification for this is the false claim in Paragraph 19 of its Motion that "the Plaintiff Firms have put directly at issue their views on the Plan Support Agreements and the proposed $8.9 billion settlement…." This is false. The "views" of The Ruckdeschel Law Firm, LLC have never been "put directly at issue" in this case – or any other. Rather, The Ruckdeschel Law Firm, LLC represents individuals, and those individuals take positions with the Court. There is no support for the proposition that the personal views of The Ruckdeschel Law Firm, LLC regarding this matter are or ever have been "at issue" in this case.

5. Conspicuously, the Debtor asks the Court waive the requirement of a memorandum of law supporting its Motion – and then provides *no law* that would support its harassing discovery requests and Motion. Rather, the Debtor cites two cases that stand only for the proposition that relevant information is discoverable. The Debtor cites *no caselaw or other authority* that any of the information sought in the improper and harassing discovery requests served directly upon law firms that are not parties to or claimants in this matter is relevant or discoverable. That was their burden.

6. Due process requires that the facts and law supporting a Motion be set forth in the Motion so that the opposing party has the ability to respond. That did not happen here.

7. Because the Debtor fails to address the actual objections raised by The Ruckdeschel Law Firm, LLC in its responses and objections to the improper discovery or to provide caselaw or other authority to support its Motion, The Ruckdeschel Law Firm, LLC will not attempt to respond to arguments

2

that were not properly made. Rather, The Ruckdeschel Law Firm, LLC stands on its objections as stated in the responses and as stated here.

8. Equally dispositive, because The Ruckdeschel Law Firm, LLC fully addressed each and every alleged deficiency raised by the Debtor and Jones Day in their May 22, 2023 deficiency letter to The Ruckdeschel Law Firm, LLC, the Debtor's Motion is specious.[1]

9. Regarding The Ruckdeschel Law Firm, LLC, the Debtor's Motion deliberately misrepresents the history of this dispute in a bad-faith attempt to mislead the Court.

10. The Motion sets forth a false chronology of the evolution of this dispute, a chronology that attempts to paint The Ruckdeschel Law Firm as having been recalcitrant or having refused to confer in good faith regarding the subject of this Motion. Deliberately false.

11. The following is the "forgotten history" casually omitted from the Debtor's Motion.

12. On May 15, 2023, The Ruckdeschel Law Firm, LLC provided responses and objections to the discovery requests improperly served upon it by the Debtor. Exhibit K to Debtor's Motion. Those responses and objections laid out in detail the numerous improper, misleading and otherwise objectionable issues related to the discovery requests. The responses and objections further noted expressly that, if and when the debtor served discovery requests upon Mr. Crouch, Mr. Crouch would respond at that time. *Id.* at p. 5, n. 3.

13. On May 22, 2023, the Debtor, through its counsel at Jones Day, served a deficiency letter upon The Ruckdeschel Law Firm, LLC. Exhibit 1 hereto, May 22, 2023 letter from K. Wall to The Ruckdeschel Law Firm, LLC. The Debtor's deficiency letter raised two – and only two – alleged deficiencies in the responses of The Ruckdeschel Law Firm, LLC.

---

[1] To the extent that other parties file oppositions to the Debtor's Omnibus Motion or raise arguments in opposition to the Motion at oral argument on June 2, 2023, The Ruckdeschel Law Firm, LLC joins in those arguments to the extent not inconsistent with the Objections raised by The Ruckdeschel Law Firm, LLC.

3

**The False Claim That The Ruckdeschel Law Firm, LLC Objected For Privilege**

14. First, the debtor spent most of its letter complaining that The Ruckdeschel Law Firm, LLC's responses to Requests for Production 1-14 and Interrogatories 2-12 failed to properly support an alleged invocation of privilege. This objection was *the only alleged deficiency* raised by the Debtor regarding Requests for Production 1-14 and Interrogatories 2-12.

The Debtor, through Jones Day, alleged "Your answer, in part, objects on privilege grounds" (Exhibit 1, p. 2) and later even included a fabricated quotation allegedly from the responses: "Ruckdeschel's responses to these interrogatories also includes a statement that it does not have **'any nonprivileged'** information on the various subjects." *Id.* (bold showing the false and fabricated quotation). The Debtor's letter then contained repeated discussions of how The Ruckdeschel Law Firm LLC allegedly failed to properly support its alleged invocation of privilege.

15. There was only one problem – the claim was entirely false and completely fabricated. At no point in The Ruckdeschel Law Firm, LLC's responses and objections to the Debtor's improper and harassing discovery did The Ruckdeschel Law Firm, LLC invoke any claim of privilege. To the contrary, it is indisputable that the word "privilege" does not appear anywhere in the responses.

16. The Ruckdeschel Law Firm, LLC immediately responded to the Debtor and Jones Day regarding its deliberately false claims in its deficiency letter. Exhibit 2, May 22, 2023 Ruckdeschel Law Firm, LLC Letter to K. Wall at Jones Day. In that response, The Ruckdeschel Law Firm, LLC specifically pointed out to the Debtor and Jones Day that its' letter was "either hopelessly confused or deliberately misleading," and that The Ruckdeschel Law Firm had not invoked privilege and – accordingly – there was nothing to provide a privileged log about.

17. Furthermore, because the deficiency letter contained lengthy false and misleading statements and argument, The Ruckdeschel Law Firm, LLC demanded that Jones Day go back and review the

4

actual responses filed by The Ruckdeschel Law Firm, LLC and unequivocally acknowledge that its May 22, 2023 letter was false.

> In sum, the demand letter is based on demonstrably false characterizations of the objections and responses filed by The Ruckdeschel Law Firm, LLC. As the premise of the letter is facially untrue, I see no reason for us to "meet and confer." Rather, I request that you go back and re-read the responses filed on behalf of The Ruckdeschel Law Firm, LLC and confirm to me, in writing, (1) that the claims in your letter discussed above are not true, and (2) that your client's complaints about these untrue claims are withdrawn. I believe it is incumbent upon you to unequivocally retract your letter and its demands so that the record is clear.

Exhibit 2, p. 1.

18. Neither the Debtor nor Jones Day ever acknowledged that its May 22, 2023 letter was demonstrably false, nor did they retract the false complaints about the false "deficiency".

19. Again, the ONLY deficiency raised in the Debtor's letter regarding the Requests for Production and regarding Interrogatories 2-12 was the fabricated and demonstrably false claim regarding the alleged improper invocation of privilege – which didn't happen.

20. Accordingly, as of May 22, 2023, The Ruckdeschel Law Firm, LLC had fully responded to the only claimed deficiencies regarding all of the Requests for Production and regarding Interrogatories 2-12. Period.

### Number of Unfiled Claims

21. The only other deficiency in The Ruckdeschel Law Firm, LLC's responses and objections raised by the Debtor in its May 22, 2023 letter related to Interrogatory No. 1 – which demanded the number of filed and unfiled claims.

22. Here, while The Ruckdeschel Law Firm, LLC stood on its responses and objections, in an effort to avoid wasting the Court's time fighting about information that doesn't exist, The Ruckdeschel Law Firm, LLC's response to the Debtor and Jones Day on May 22, 2023 advised the Debtor:

> Finally, regarding Interrogatory No. 1, The Ruckdeschel Law Firm, LLC stands on its objections to this Interrogatory as improper and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this Motion to Dismiss. Nevertheless,

5

in the interests of avoiding unnecessary bickering, I advise you that, at present, The Ruckdeschel Law Firm, LLC is unaware of any client who has made a decision to file a lawsuit against the Debtor and has not yet filed a lawsuit against the Debtor.

Exhibit 2, p. 2.

23. The Debtor's Motion acknowledges that this response satisfied any claimed deficiency in The Ruckdeschel Law Firm, LLC's response to Interrogatory No. 1.  Motion, p. 3, n. 3.

24. As it stands, there can be no dispute that, within hours of receiving the Debtor and Jones Day's May 22, 2023 deficiency letter, The Ruckdeschel Law Firm, LLC fully addressed each and every alleged deficiency raised by the Debtor and Jones Day.  The Ruckdeschel Law Firm, LLC pointed out to the Debtor and Jones Day that their main complaint – about privilege – was demonstrably false – and it was.  And The Ruckdeschel Law Firm, LLC provided additional information regarding the only other alleged deficiency, information the Debtor and Jones Day now acknowledge resolved its complaint.

25. One would think that this would be the end of the story.

26. One would think that the Debtor and Jones Day would (a) apologize for its (at best) sloppy and careless failure to actually read The Ruckdeschel Law Firm, LLC's responses and objections before sending a deficiency letter with two pages of argument about an objection that wasn't made, (b) offer some lame excuse as to why they made this mistake, and (c) let the issue lie.  But that is not the way of the Debtor and Jones Day.

27. Rather than acknowledging their "mistake" the Debtor and Jones Day responded to The Ruckdeschel Law Firm, LLC on May 25, 2023 proposing a "compromise" to resolve the discovery dispute.  But The Ruckdeschel Law Firm, LLC had already fully addressed both of the alleged disputes – one was based on a demonstrably false premise – and the other was addressed fully – as the Motion admits.

6

28. The Debtor and Jones Day now raised alleged deficiencies regarding The Ruckdeschel Law Firm, LLC's Responses to the Requests for Production implying that they had raised such deficiency before (which they had not). See Exhibit 1. These alleged deficiencies form the basis of the Motion to Compel.

29. The Debtor admits that its May 25, 2023 communication was a form letter. Motion at ¶ 6, 24. The Debtor's "Certificate of Conference" claims "To date, none of the Plaintiff Firms accepted the invitation to compromise or continue to meet and confer." Motion at ¶ 24.

30. This claim is simply false.

31. The Ruckdeschel Law Firm, LLC received the Debtor's May 22, 2023 deficiency letter and, within hours, fully addressed each and every alleged deficiency. Period. There was nothing left to "compromise" about or to "meet and confer" over. The Debtor raised two alleged deficiencies – one was false and the other was fully addressed.

32. Rather than actually paying attention to the facts, the Debtor simply sent The Ruckdeschel Law Firm, LLC a form letter sent to the other firms and demanded a "compromise." Compromise of what?

33. Now, the Debtor files a Motion to Compel based upon the alleged refusal to "accept[] the invitation to compromise or to continue to meet and confer" when all of the alleged deficiencies had already been indisputably addressed in full.

34. That is bad faith. Rule 9011 requires that a party and counsel have a good faith basis for motions filed with the Court. Filing a Motion to Compel based upon an alleged refusal to "compromise" regarding a discovery dispute when the opposing party has already fully addressed each alleged deficiency in the discovery responses at issue is not good faith.

35. The Ruckdeschel Law Firm, LLC cannot explain to the Court how it is that the Debtor and and its gaggle of lawyers at Jones Day could send a demand letter like the May 22, 2023 letter to The

7

Ruckdeschel Law Firm that had two pages of complaints about a fictional objection. Nor can The Ruckdeschel Law Firm, LLC explain how the Debtor and its gaggle of lawyers at Jones Day can claim to the Court that The Ruckdeschel Law Firm, LLC refused to "compromise" when The Ruckdeschel Law Firm, LLC fully addressed the two (and only two) alleged deficiencies in its responses to the improper and harassing discovery served upon it by the Debtor.

36. The Motion is baseless and, at least with respect to The Ruckdeschel Law Firm, LLC, based upon deliberate, misleading misrepresentation to the Court of what actually happened. The Motion should be DENIED.

WHEREFORE, The Ruckdeschel Law Firm, LLC requests that the Court DENY the Debtor's Omnibus Motion to Compel Identified Plaintiff Firms to Supplement Certain Responses to Debtor's Interrogatories and Requests for Production of Documents (Doc. 638) with respect to The Ruckdeschel Law Firm, LLC.

Respectfully submitted:

Dated: June 2, 2023

/s/ *Jonathan Ruckdeschel*
JONATHAN RUCKDESCHEL
The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, Maryland 21043
Email: ruck@rucklawfirm.com