# EXHIBIT 1

# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: 214-969-4576
klwall@jonesday.com

May 22, 2023

The Ruckdeschel Law Firm
c/o Jonathan Ruckdeschel
8357 Main Street
Ellicott City, MD 21043

Re:     In re LTL Management LLC, Case No. 23-12825 (MBK) – Discovery Deficiency

Dear Counsel:

On behalf of the Debtor, LTL Management, LLC, I am writing in regards to the various deficiencies in Ruckdeschel's *Objections and Responses of the Ruckdeschel Law Firm, LLC to the Discovery Requests Improperly Served Upon It by the Debtor*. Ruckdeschel's responses include numerous objections that cannot support withholding information relevant to the Debtor's discovery requests. We request to meet-and-confer with you no later than Tuesday, May 23, 2023, to determine whether the parties may resolve these concerns absent motions practice.

Ruckdeschel's responses fail to provide discoverable information that is directly relevant to Ruckdeschel's motion to dismiss. The Court's April 27, 2023 order confirms (1) that the Court's determination of good faith compels "extensive fact-finding" and (2) that due process entitles Debtor "with notice of the issue and an opportunity to address it." In re LTL Management, LLC, No. 23-12825 (MBK), 2023 WL 3136666, at *9 (Bankr. D.N.J. April 27, 2023). The Debtor's discovery requests seek information about, among other things, the values of claims, estimates of liability, whether parties communicated about certain amounts, information about demands made, and the like—all relevant to the Debtor's financial distress and the Court's determination of good faith. Much less than offering "extensive fact-finding," the Ruckdeschel declined to provide meaningful responses to nearly all of the interrogatories. The responses are deficient and require supplementation.

I.      **Requests for Production of Documents/Subpoena to Produce Documents**

        A.      *Request Nos. 1-14*

Request Nos. 1-14 ask Ruckdeschel to provide documents and/or communications relating to the number of Ruckdeschel Talc Claims, settlement or statutory demands that Ruckdeschel has made, the amount that Ruckdeschel believes is adequate compensation for any or all Ruckdeschel Talc Claims, estimates of potential liability in different scenarios and to

**JONES DAY**

May 22, 2023
Page 2

different claimants or entities, estimates of the number of future Talc Claims, the Plan Support Agreements, and financing secured by Ruckdeschel's contingency fees on Talc Claims. Your answer, in part, objects on privilege grounds.

 Per D.N.J. LBR 7026-1, "[w]hen a party asserts a claim of privilege in response or objection to a discovery request, the party must identify the nature of the privilege claimed and indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred." Ruckdeschel's responses to Request Nos. 1-14 each fail to (a) assert the basis for each claim of privilege, (b) indicate whether or not responsive documents exist that are being withheld based on the alleged privilege, and (c) indicate whether any responsive oral communications occurred that the substance of which is being withheld based on the alleged privilege.

 Accordingly, the Debtor asks that Ruckdeschel supplement its responses to Requests Nos. 1-14 to provide the basis for its privilege claims, indicate whether any responsive documents or communications exist, or indicate whether any oral communications occurred.

II. **Interrogatories**

 A. *Interrogatory No. 1*

 Interrogatory No. 1 asks Ruckdeschel to "Identify the total number of Ruckdeschel Talc Claims, filed and unfiled." Your answer solely relates to filed claims and fails to address unfiled claims. Accordingly, the Debtor asks that you identify the total number of unfiled Ruckdeschel Talc Claims or state there are none.

 B. *Interrogatory Nos. 2-12*

 Interrogatory Nos. 2-12 call for information relating to settlement or statutory demands, amounts that Ruckdeschel believes is adequate compensation to any or all Ruckdeschel Talc Claims, estimates of potential liability in different scenarios and to different claimants or entities, and estimates of the number of future Talc Claims and trial settings. Ruckdeschel's response to each interrogatory includes a blanket assertion of privilege without any additional information indicating the basis for such claim. Ruckdeschel's responses to these interrogatories also includes a statement that it does not have "any nonprivileged" information on the various subjects.

 Per D.N.J. LBR 7026-1, "[w]hen a party asserts a claim of privilege in response or objection to a discovery request, the party must identify the nature of the privilege claimed and indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred." Ruckdeschel's responses to Interrogatory Nos. 2-12 each fail to (a)

JONES DAY

May 22, 2023
Page 3

assert the basis for each claim of privilege, (b) indicate whether or not responsive documents exist that are being withheld based on the alleged privilege, and (c) indicate whether any responsive oral communications occurred that the substance of which is being withheld based on the alleged privilege.

  Accordingly, the Debtor asks that Ruckdeschel supplement its responses to Interrogatory Nos. 2-12 to provide the basis for its privilege claims, indicate whether any responsive documents exist, or indicate whether any oral communications occurred.

  As noted, we would like to meet-and-confer not later than Tuesday, May 23, 2023, to address the above issues. Please provide dates and times when you are available. We reserve the right to compel Ruckdeschel to supplement their responses to any interrogatory and request for production if Ruckdeschel learns additional information during the discovery process that impacts any response.

Sincerely,

/s/ Katie L. Wall

Katie L. Wall

cc: Gregory M. Gordon
   James M. Jones
   David S. Torborg
   Brad B. Erens
   Dan B. Prieto
   Mark W. Rasmussen