**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **LTL MANAGEMENT LLC,**[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

**LEVY KONIGSBEREG LLP'S OPPOSITION TO THE DEBTOR'S**
**MOTION TO COMPEL AND APPLICATION TO SHORTEN TIME**

Levy Konigsberg LLP joins in the arguments made by all counsel opposing the instant motion, and states as follows:

As reflected in our Response to the Subpoena served on firm, Levy Konigsberg LLP is not a party to the instant action and has not intervened therein. Indeed, with the exception of J&J's PSA partners (who refer to themselves as the Ad Hoc Committee of Counsel) who – according to the public statements of LTL have agreed to bind their clients to an agreement that provides J&J with an illegal and improper channeling injunction; caps J&J's liability for its own independent and non-derivative liability; caps the funds allocated to future cancer victims at 1/3 of what present claimants will get; dilutes the number of "future" ovarian cancer claimants (who are already capped at a 1/3 valuation compared to "existing" ones); and denies voting rights to an untold number of women - lawyers and law firms are not parties in interest in this case and seeking discovery of law firms is improper[2]. The harassing nature of the discovery is further

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] That having been said, it would be proper for discovery to be served upon Jones Day regarding the Debtor's claim that "nobody could have foreseen" that LTL1 might be dismissed for lack of good faith. That claim directly implicates whether Jones Day – the debtor's lawyer – foresaw this as a possibility. Similarly, the advice of Jones Day to the Debtor regarding the collusive cancelation of the 2021 Funding

demonstrated by the fact that it seeks information that is either already known to the Debtor (current claims, prior demands, et. seq.), that is expressly speculative (what clients might do in the future), and/or that seek to invade the work product and thought processes of counsel (what Levy Konigsberg "believes" or estimates), that are irrelevant – because clients, not lawyers, decide what settlement offers are "adequate" – and that are further speculative because there are no settlement offers on the table from the Debtor or Johnson & Johnson, there is no offer capable of acceptance[3]. Similarly, the discovery mischaracterizes the legal standard for evaluating settlement offers for clients to lawyers, which requires individual clients to be able to make individual decisions about offers made to them. Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients. Finally, as to the thought processes of the members of Levy Konigsberg LLP regarding the inadequacy of the Debtor's proposed plan and its lack of financial distress, they are clearly work product protected – and communications thereon with counsel and co-counsel – to the extent they exist - are likewise protected.

The only issue before the Court concerning which discovery is being taken is the Debtor's lack of good faith in filing the instant petition, and none of the information sought in the subpoena is relevant to that inquiry - which relates to the situation of the Debtor at the time of filing of the Petition. While it is certainly true that conduct of the Debtor, its corporate overlord Johnson & Johnson and its collaborating PSA partners (not only before but also) after the moment of filing of the petition can and does shed light on the truth regarding the bad faith of the Debtor, the thought

---

Agreement and related documents and their replacement with the 2023 Funding Agreement and related documents was done with intent to defraud or otherwise violated the Debtor's fiduciary duties to the Estate as a Debtor in Possession. No such circumstances exist with respect to Levy Konigsberg and its clients.

[3] The requests also improperly seek confidential information regarding settlements and settlement negotiations.

2

processes and post filing decisions of Levy Konigsberg LLP and/or its clients are entirely irrelevant to that question.

In short, Interrogatories and Requests for Production of Documents are not appropriately served upon our non-party law firm. As to the Subpoena, as we informed counsel for the debtor, we do not have responsive documents that are not privileged or work product protected.

For foregoing reasons, the Motion should be denied.

Dated:  June 1, 2023

                                                                            Respectfully submitted,

**LEVY KONIGSBERG LLP**

By:   *Moshe Maimon*
Moshe Maimon, Esq.
605 THIRD AVENUE
NEW YORK, NY 10158