UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
Proposed Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants,

In Re:

LTL Management LLC,

      Debtor.

Case No.: 23-12825

Judge: Michael B. Kaplan

Chapter: 11

**SUPPLEMENTAL CERTIFICATION REGARDING UNITED STATES TRUSTEE LARGE CASE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER THE UNITED STATES CODE BY ATTORNEYS IN LARGER CHAPTER 11 CASES**

I, Randi S. Ellis, being of full age, certify as follows:

  1. Pursuant to paragraph D.2 of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases  Trustee Large Case Fee Guidelines,  in connection with my application to retain Walsh Pizzi O'Reilly Falanga LLP ("Walsh") as counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants (the "FCR"), I respond as follows:

  a. The identity and position of the person making the certification:
    Answer: Randi Ellis, Legal Representative for Future Talc Claimants

b. The steps taken by the me to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals include:

    Answer: Walsh served as Counsel for the FCR in the Debtor's previous bankruptcy case number 21-30589 ("LTL I"). Walsh's billing rates and financial terms were disclosed at the time of its initial approval and its fees and expenses were subject to Court approval. Walsh's billing rates and material financial terms have not changed since the LTL I was dismissed.

c. The number of firms interviewed:

    Answer: Walsh served as Counsel for the FCR in the Debtor's previous bankruptcy case number 21-30589 ("LTL I") and I am seeking their retention in this case. I have not interviewed other firms.

d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm:

    Answer: n/a

e. The procedures I have established to supervise the applicant's fees and expenses and to manage costs include:

    Answer: As with LTL I, I review Walsh's fee applications and statements for appropriateness before submission to the Court for approval.

f. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel:

    Answer: Given my role as FCR I do not regularly review and approve fees and expenses. As with LTL I, I review and approve Walsh's fee applications and statements for appropriateness before submission to the Court for approval. In addition, Walsh has prepared a budget and staffing plan for the first 120 days of the case which I have reviewed and approved and which will be updated as necessary as the case progresses.

I certify under penalty of perjury that the above information is true.

Date: 6/2/2023             s/ Randi S. Ellis
                                                                      Randi S. Ellis