| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Gregory S. Kinoian, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> gkinoian@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Michael S. Winograd, Esq. <br> dmolton@brownrudnick.com <br> mwinograd@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> Jeffrey L. Jonas, Esq. <br> Sunni P. Beville, Esq. <br> Eric R. Goodman, Esq. <br> jjonas@brownrudnick.com <br> sbeville@brownrudnick.com <br> egoodman@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP** <br> Jonathan S. Massey, Esq. <br> Rachel S. Morse, Esq. <br> jmassey@masseygail.com <br> rmorse@masseygail.com <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br> *Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Richard G. Haddad, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> David A. Castleman, Esq. <br> mcyganowski@otterbourg.com <br> rhaddad@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> dcastleman@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| In re: <br><br> **LTL MANAGEMENT LLC,**[1] <br><br>                 Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**APPLICATION IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR AUTHORITY TO FILE UNDER SEAL THE REDACTED PORTIONS OF AN EXHIBIT OF THE TCC'S MOTION TO COMPEL DEPOSITION TESTIMONY OF ADAM PULASKI**

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"; "**LTL 2.0**"), respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of an exhibit to the TCC's *Motion to Compel Deposition Testimony of Adam Pulaski* (among other related relief) (the "**Motion to Compel**"), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. This Motion to Seal concerns the redacted portions of the transcript of the April 15, 2023 deposition testimony of Adam Pulaski, which is Exhibit 1 to the application filed in support of the Motion to Compel (the "Deposition Transcript"). Mr. Pulaski is an attorney at Pulaski Kherkher, PLLC ("Pulaski Kherkher") located in Houston Texas. Pulaski Kherkher is a member of the Ad Hoc Committee of Supporting Law Firms (the "AHC"), the fees and expenses of which

---

[2] A redacted version of Exhibit 1 to the Motion to Compel has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of Exhibit 1 to the Motion to Compel is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

LTL Management LLC ("LTL" or the "Debtor") has requested authority to pay in this Action [Dkt. 575-1].

2. The redacted portions of the Deposition Transcript are based on statements made by Mr. Pulaski during his April 15, 2023 deposition (collectively, the "**Pulaski Deposition Statements**"), which statements have been designated by the Debtor as purportedly constituting Confidential Information (collectively, the "**Purported Confidential Information**"), as such term is defined in that certain *Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* entered on May 17, 2023 [Dkt. No. 545] (the "**Protective Order**"). The Committee believes the Debtor's designations of the Pulaski Deposition Statements as constituting Confidential Information under the terms of the Protective Order are improper. However, for purposes of expediency, so as not to delay the filing of the TCC's Motion to Compel, the Committee is, at this time, respecting the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order. However, all of the Committee's rights to challenge the Debtor's designations regarding the Purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Protective Order, are being expressly preserved.

3. For the reasons set forth herein, the Committee respectfully requests that the Motion to Seal be granted.

## JURISDICTION

4. This Court has jurisdiction to consider this Motion to Seal and the TCC's Opposition pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal and the Motion to Dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this

district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

5. The Debtor commenced the Chapter 11 case on April 4, 2023 (the "**Petition Date**"). No trustee has been appointed in the case, and the Debtor continues to operate as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

6. The Committee was appointed on April 14, 2023 [Docket No. 162].

7.

8. The application submitted in support of the TCC's Motion to Compel sets forth relevant background matters which are incorporated herein by reference.

## APPLICABLE LAW

9. Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

10. Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)

(citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

11.     As previously stated, the Pulaski Deposition Statements redacted from the Deposition Transcript are based on statements made by Mr. Pulaski during his April 15, 2023 deposition, which statements have been designated by the Debtor as purportedly constituting Confidential Information as such term is defined under the Protective Order. While the Committee believes the Debtor's confidentiality designations with respect to the Pulaski Deposition Statements are improper, for purposes of expediency, so as not to delay the filing of the TCC's Motion to Compel, the Committee is, at this time, respecting the Debtors' confidentiality designations. Furthermore, the Committee does not wish to be in contempt of the Protective Order. However, all of the Committee's rights to challenge the Debtor's designations regarding the Purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Protective Order, are being expressly preserved.

12.     Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

13.     No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the Purported Confidential Information redacted from the subject Deposition Transcript. The Committee, the Debtor and other parties have filed other motions to seal in this Chapter 11 case, as well as in the related adversary proceeding, Adv. Proc. No. 23-01092 (MBK); however, none of those motions to seal have concerned the Purported Confidential Information that is the subject of this Motion to Seal.

## RESERVATION OF RIGHTS

14. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: June 2, 2023

**GENOVA BURNS LLC**

By: /s/ Daniel M. Stolz
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:   (973) 230-2095
Fax:  (973) 533-1112
Email: DStolz@genovaburns.com
        DClarke@genovaburns.com

*Proposed Local Counsel for the Official Committee of Unsecured Creditors*