MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson*
*and Certain Mesothelioma Plaintiffs*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LTL MANAGEMENT LLC, | ) |
| | ) BK Case: 23-12825-MBK |
| Debtor. | ) |

## MRHFM'S OBJECTION TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO ENTER INTO AN EXPENSE REIMBURSEMENT AGREEMENT WITH AD HOC COMMITTEE OF SUPPORTING COUNSEL

The Ad Hoc Committee of Supporting Counsel ("AHC") and Johnson & Johnson[1] have joined forces to assault America's civil jury system. To both, bankruptcy is a menu choice for billionaires and complicit lawyers if enough ballots are stuffed into enough boxes. But subject matter jurisdiction doesn't work that way. This Court must first address the several motions to dismiss and decline J&J's invitation to disregard binding Third Circuit precedent, before deciding this Motion. *See LTL Mgmt. LLC,* 64 F.4th 88, 93

---

[1] There's no reason to pretend LTL Management acts independently. It obeys Johnson & Johnson.

1

(3d Cir. 2023) (holding LTL Management filed in bad faith). MRHFM joins the TCC's Objection (Dkt. 707 ("TCC Obj.")).

Johnson & Johnson thinks it has the power of the purse in its bad faith bankruptcies. The AHC's members bound themselves to support the Company's Plan (*see* TCC Obj., ¶ 5) so J&J is eager to subsidize their lawyers (Dkt. 575-1). But J&J objected to a second official committee for mesothelioma plaintiffs[2] and to a separate future claimants' representative in *LTL1*.[3] Both were 'too expensive' for the half-trillion-dollar tortfeasor.

J&J only settled ovarian cancer and mesothelioma cases in the tort system. *See LTL1*, MTD Ex. 161. Yet notably, the Company's bankruptcy Plan would pay "Other Talc Claims" made for ***neither*** of these diseases. Dkt. 525-13, pg. 11 of 44. Apparently, Johnson & Johnson prefers to enrich a handful of lawyers that (allegedly) represent thousands of people who ***don't*** have a talc caused cancer, if it means the Company can avoid juries and arm's length negotiations with the plaintiffs J&J actually poisoned to death.

---

[2] "[T]he additional costs [of two committees] and duplication here w[ould] be massive,"*LTL1*, Dkt. 1047-1 at ¶ 3; *see also id.* at ¶ 31 (two committees would result in a "professional retention situation . . . about to become out of control"); *see* Dkt. 1834 at pg. 3 (a second FCR would "unduly burden debtors with the substantially higher costs of multiple futures' representatives and sets of professionals") & ¶ 17 ("It would be a waste of estate resources to appoint two" FCRs).

[3] *LTL1*, Dkt. 1834 at pg. 3 (a second FCR would "unduly burden debtors with the substantially higher costs of multiple futures' representatives and sets of professionals") & ¶ 17 ("It would be a waste of estate resources to appoint two" FCRs).

2

The Third Circuit found LTL Management filed in bad faith, in part, because it could pay all current and future plaintiffs "in full" in the tort system. *LTL Mgmt.*, 64 F.4th at 109. What's changed? Fraud, collusion, J&J repeatedly lying about "claimant" support, and AHC lawyers seeking to be paid for "claims" worth *nothing* in the tort system.[4] All examples of what happens when bad faith debtors are allowed into bankruptcy's "safe harbor." *Id.*, at 109. *See* TCC Obj., ¶¶ 29-31.[5] At best, this Motion is premature and need not be decided now. Regardless of timing, the AHC members can use the money they are all saving by *not* filing "Other Talc Claims" in the tort system to pay for their own bankruptcy lawyers.

Sincerely:

**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY**

---

[4] *See* TCC Obj., ¶ 8 ("Further, the type of talc claims that the AHC of Supporting Counsel purports to represent remains unknown. The vast majority of the talc claimants that the AHC of Supporting Counsel represents may hold talc claims for gynecological cancers that would be non-compensable based on Judge Wolfson's Daubert decision regarding the scientific bases for linking ovarian cancer with talcum powder.").

[5] *See* TCC Obj., ¶¶ 10-11 ("Serious questions remain as to how non-ovarian gynecological claims should be classified, whether the holders of such claims should be entitled to vote, and, if they are entitled to vote, how much weight should be accorded to their votes relative to holders of mesothelioma claims and ovarian cancer claims that are scientifically linked to J&J's toxic products. The claimants represented by the members of the AHC of Supporting Counsel may constitute a 'majority' of gynecological talc claims—i.e., non-ovarian cancer and non-mesothelioma.").

**FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com