**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on June 7, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER AUTHORIZING RETENTION OF ALIXPARTNERS, LLP, AS**
**FINANCIAL ADVISOR FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 7, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date

Upon the Application[2] of LTL Management LLC (the "Debtor" or "LTL Management"), requesting authorization to retain AlixPartners, LLP ("AlixPartners") as financial advisor effective as of the Petition Date, it is hereby **ORDERED**:

1. The Application is GRANTED to the extent set forth below.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain AlixPartners as its financial advisor in the Chapter 11 Case effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application, Engagement Letter and the attachments thereto, except as provided by this Order.

3. AlixPartners shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix A to C.F.R. § 58), and any other applicable procedures and orders of this Court, including any Interim Compensation Order. The rights of all parties in interest with respect to any such fee requests are fully preserved. For billing purposes, AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the Guidelines.

4. The indemnification provisions included in the Engagement Letter and its attachments are approved, subject during the pendency of this Chapter 11 Case to the following:

    a. No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

    b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtor shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's breach of the Engagement Letter, gross negligence, bad faith, fraud, willful misconduct or self-dealing to which the Debtor has not consented; (ii) for a contractual dispute in which the Debtor alleges breach of AlixPartners Party's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date

      Theater Co., 315 F. 3d 217 (3d Cir. 2003); or (iii) settled without the Debtor's consent prior to a judicial determination as to AlixPartners Party's breach of the Engagement Letter, gross negligence, fraud, bad faith, willful misconduct or self-dealing but determined by this Court after notice and a hearing to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in the Court, and the Debtor may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties in interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

5.    During the course of this bankruptcy case, any limitation of liability provisions in the Engagement Letter or in the General Terms and Conditions attached to the Engagement Letter shall have no force or effect.

6.    Notwithstanding anything to the contrary in the Engagement Letter or this Order, the definition of "AlixPartners Parties" is hereby modified to refer solely to AlixPartners.

7.    During the pendency of the Chapter 11 Case, paragraphs 8 of the General Terms and Conditions attached to the Engagement Letter requiring arbitration shall not be applicable. The Court shall have exclusive jurisdiction over AlixPartners' engagement during the pendency of this Chapter 11 Case.

8.    AlixPartners shall provide at least ten (10) days' notice of the next billing rate increase to the Debtor and the Office of the United States Trustee only. For any subsequent rate increases, AlixPartners shall file a supplemental declaration with the Court and provide ten business days' notice to the United States Trustee and any official committee.

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date

9. Section 9 of the General Terms and Conditions attached to the Engagement Letter is revised to reflect that termination will only be allowed upon entry of an Order by the Bankruptcy Court.

10. If the professional requested a waiver as noted below, it is  ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

11. AlixPartners shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in the Chapter 11 Case.

12. To the extent that there is any inconsistency between this Order and the Engagement Letter, the General Terms and Conditions attached to the Engagement Letter, the Application or the Castellano Certification, the provisions of this Order shall govern.

13. In the event that, during the pendency of the Chapter 11 Case, AlixPartners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the Compensation Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327.  All rights are reserved to object to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of AlixPartners' independent legal counsel.

14. To the extent AlixPartners uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; (d) confirm that the Contractors remain disinterested during the time that AlixPartners is involved in providing services to the Debtor; (e) require the Contractors to represent that they will not work for the Debtor or other parties-in-interest in this case during the time AlixPartners is involved in providing services to the Debtor; and (f) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

15. None of the fees payable to AlixPartners shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

16. In the event AlixPartners seeks to use any of its affiliates to perform services for the Debtor, the Debtor shall seek the separate retention of any such affiliates.

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date

17. Any additional services provided by AlixPartners, which were not provided for in the Application, shall require further Court approval. In addition, paragraph 5g of the Application and page 2 of the Engagement Letter that provide "[a]ssist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable," will require further Court approval.

18. Notwithstanding anything to the contrary in the Application or the Castellano Certification, AlixPartners shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of AlixPartners' fee applications in the Chapter 11 Case.

19. Notwithstanding anything to the contrary in the Application or the Castellano Certification, AlixPartners will only bill 50% for non-working travel.

20. This Order shall immediately be effective and enforceable upon its entry.

21. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Court in accordance with the Application.

22. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.