**EXHIBIT "A"**

Royal Furgeson – Connections with Potentially Interested Parties

1. <u>United States District Judge</u>: From 1994 to 2013, I served as a United States District Judge for the Western and Northern Districts of Texas. During my service as a judge, from 2008 to 2013, I served on the Judicial Panel for Multidistrict Litigation (JPML). In both of these capacities, many parties and many lawyers appeared before me. While some of those parties and some of those lawyers may have had connections with Potentially Interested Parties, to the best of my recollection none related to the Debtor, Debtor's Direct Non-Debtor Subsidiary, or to talc litigation, excepted as stated herein.

2. <u>DuPuy Orthopaedics, Inc.</u>: During my five-year service on the JPML, the Panel centralized an MDL action involving DuPuy Orthopaedics, Inc. This MDL action had no connection to this case.

3. <u>Johnson & Johnson, Ethicon, Inc.</u>: During my five-year service on the JPML, the Panel centralized an MDL action involving Johnson & Johnson, Ethicon, Inc. This MDL action had no connection to this case.

4. <u>Johnson & Johnson</u>: During my 19-year service as a United States District Judge or my five-year service on the JPML, I may have had Johnson & Johnson on my docket or the Panel may have centralized an MDL action involving Johnson & Johnson, but I do not have any specific recollection of any such occurrence at this time. I have no knowledge of any possibility of a Johnson & Johnson case during my judiciary service relating to this case.

5. <u>Chubb, Liberty Mutual Insurance Company and Travelers Casualty and Surety Company of America</u>: These insurance companies have been involved in various mediations and arbitrations that I have conducted over the last ten years. None of the mediations or arbitrations had any connection to this case.

6. <u>Jones Day</u>: I have mediated cases over the last ten years where Jones Day represented a party. None of the mediations had any connection to this case.

7. <u>Gibson, Dunn & Crutcher LLP</u>: I have mediated and arbitrated cases over the last ten years where Gibson, Dunn & Crutcher represented a party. None of the mediations or arbitrations had any connection to this case.

8. <u>Hartline Barger</u>: I have mediated cases over the last ten years where Hartline Barger represented a party. None of the mediations had any connection to this case.

9. <u>Aetna Casualty and Surety Company, AIG Property and Casualty Company, Fireman's Fund Insurance Company, Hartford Accident and Indemnity Company and Nationwide</u>: These insurance companies have been involved in various mediations and arbitrations that I have conducted over the last ten years. None of the mediations or arbitrations had any connection to this case.

Royal Furgeson – Connections with Potentially Interested Parties
Continued

10.     <u>Texas</u>: From 2013 to 2018, I was employed by UNT Dallas College of Law, part of a public state university in Texas.

11.     <u>Johnson & Becker PLLC</u>:  I have mediated a case over the last ten years where Johnson & Becker PLLC represented a party. The mediation did not have any connection to this case.

12.     <u>MoloLamken LLP</u>:  From 2011 to 2013, I was President of the Federal Judges Association (FJA), a voluntary association of Article III judges. Our basic mission is to further the independence of the judiciary. One of our issues has been judicial compensation, because judicial independence can be impacted by inadequate compensation. In that connection, the FJA was involved in litigation against the United States to correct the shortfall in pay that arose because of the failure to give all U.S. judges, both Article I and Article III, cost of living increases (COLAs) over an extended period of time. One of our counsel was MoloLamken, who represented us pro bono and with whom I had continuing contact as FJA President. Because of the work of MoloLamken and our other counsel, the litigation was successful, and all U.S. judges got their past COLAs reinstated and their future COLAs approved.

13.     <u>Johnson Law Group; Nachawati Law Group; Napoli Shkolnik PLLC; OnderLaw, LLC; Seeger Weiss LLP; Ashcraft & Gerel, LLP; Motley Rice LLC; Simmons Hanly Conroy LLC; Williams Hart Law Firm; Kazan, McClain, Satterley & Greenwood PLC; Levy Konigsberg LLP; Ashcraft & Gerel, LLP; Karst von Oiste LLP; and Weitz & Luxenberg, P.C.</u>: My wife and law partner, Marcellene Malouf, is the Managing Trustee of the DII Industries, LLC Asbestos Trust. Before she became Managing Trustee, she was Executive Director of the Trust. I asked her to identify any law firms on the list of Potentially Interested Parties who file claims with the Trust, and she confirmed that these law firms either do so or have done so in the past.