**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br>               Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Objection Deadline**: July 5, 2023<br><br>**Hearing**: July 11, 2023 at 10:00 a.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
WAIVING THE REQUIREMENT OF RULE 3003-1(a)(1) OF THE LOCAL RULES
OF THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order waiving the requirement of Rule 3003-1(a)(1) of the Local Rules of the United States

Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules") without prejudice to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535665313

the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim.  In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Local Bankruptcy Rule 1001-1(b).

### Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.  It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162] (the "Talc Committee").

6. On April 18, 2023, the Debtor served the *Notice of Commencement of Chapter 11 Case and Meeting of Creditors* [Dkt. 225] (the "341 Notice"). The 341 Notice provides that (a) the Debtor intends to seek relief from Local Bankruptcy Rule 3003-1(a)(1), including seeking to modify the deadline for filing proofs of claim, (b) no bar date had yet been established for the filing of proofs of claim and (c) if and when a bar date is established, a separate notice of the bar date will be provided.

## Relief Requested

7. By this Motion, the Debtor seeks the entry of an order, pursuant to section 105 of the Bankruptcy Code, waiving the requirement of Local Bankruptcy Rule 3003-1(a)(1) that proofs of claim by creditors (other than governmental units) and equity security holders be filed seventy (70) days after the Petition Date,[2] without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim. Substantially similar relief was previously granted in the Debtor's prior chapter 11 case.[3]

---

[2] The current deadline under Local Bankruptcy Rule 3003-1(a)(1) for creditors (other than governmental units) to file proofs of claim in this case is June 13, 2023. Pursuant to the *Order Establishing Case Management and Administrative Procedures* [Dkt. 554] (the "Case Management Order"), the filing of this Motion automatically extends the time for creditors to comply with the requirements of Local Bankruptcy Rule 3003-1(a)(1). See id. ¶ 25 ("If a motion to extend the time for a party to take any action is filed consistent with this Case Management Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on such motion, without the necessity for the entry of a bridge order.").

[3] *Order Waiving the Requirement of Rule 3003-1(a)(1) of the Local Rules of the United States Bankruptcy Court District of New Jersey*, In re LTL Management LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Jan. 12, 2022), Dtk. 1129.

NAI-1535665313

**Basis for Relief Requested**

8.     Pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Neither the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be filed in chapter 11 cases by creditors other than governmental units. Local Bankruptcy Rule 3003-1(a)(1) provides that creditors and equity security holders must file a proof of claim or interest no "later than 70 days after the date of the order for relief." D.N.J. LBR 3003-1(a)(1).[4] Local Bankruptcy Rule 1001-1(b), however, expressly authorizes the Court to "modify the application of a Local Bankruptcy Rule in a particular case or proceeding." D.N.J. LBR 1001-1(b). Further, pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9.     The Debtor respectfully submits that waiver of the requirement of Local Bankruptcy Rule 3003-1(a)(1) is appropriate in this Chapter 11 Case. The Debtor is considering various issues related to a claims bar date, including (a) what types of claims should be subject to the bar date, (b) the proof of claim form to be used by parties, (c) the form and manner of notice of the bar date and (d) related issues. Absent a waiver of Local Bankruptcy Rule 3003-1(a)(1), many claims, including personal injury claims, would be subject to the deadline set by the Local

---

[4]    Local Bankruptcy Rule 3003-1(a)(1) by its terms does not relate to claims of governmental units, which are the subject of section 3003-1(a)(2). See D.N.J. LBR 3003-1(a)(2) (providing that governmental units subject to Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the order for relief). Local Bankruptcy Rule 3003-1(a)(2) is consistent with section 502(b)(9) of the Bankruptcy Code, which provides that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief . . . ." 11 U.S.C. § 502(b)(9). At this time, the Debtor is not seeking relief from Local Bankruptcy Rule 3003-1(a)(2) or section 502(b)(9) of the Bankruptcy Code.

NAI-1535665313

Bankruptcy Rule, without Court approval of a claim form customized for this Chapter 11 Case, or procedures for submitting claims or for providing notice to parties. The relief requested by this Motion, if granted, will permit the Debtor to seek the establishment of a bar date at a later time and related relief tailored for this Chapter 11 Case.

10. For the foregoing reasons, the Debtor respectfully submits that relief from the requirements of Local Bankruptcy Rule 3003-1(a) is appropriate.

### Waiver of Memorandum of Law

11. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

12. Consistent with the Case Management Order, this Motion has been served on: (a) the U.S. Trustee; (b) proposed counsel to the Talc Committee; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the legal representative for future talc claimants and her counsel; (e) counsel for the Ad Hoc Committee of Supporting Counsel; and (f) the other parties on the Master Service List established by the Case Management Order. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

### No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

NAI-1535665313

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form submitted herewith: (a) waiving the requirement of Local Bankruptcy Rule 3003-1(a)(1) without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

Dated: June 8, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*