| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **SHOOK, HARDY & BACON L.L.P.**<br>Kathleen A. Frazier<br>600 Travis St., Suite 3400<br>Houston, Texas 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>kfrazier@shb.com<br>*(Admitted pro hac vice)*<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**SUPPLEMENTAL DECLARATION OF KATHLEEN A.
FRAZIER IN SUPPORT OF APPLICATION FOR RETENTION OF
SHOOK, HARDY & BACON L.L.P., EFFECTIVE AS OF APRIL 4, 2023**

I, Kathleen A. Frazier, of full age, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner with the law firm of Shook, Hardy & Bacon L.L.P., 600 Travis St., Suite 3400, Houston, Texas 77002 ("Shook"), representing LTL Management LLC, the debtor in the above-referenced matter (the "Debtor"), with respect to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537102998

certain matters described in the Application (as defined below). Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. I make this supplemental declaration in further support of the *Application for Retention of Shook, Hardy & Bacon, L.L.P., Effective as of April 4, 2023* [Dkt. 419] (the "Application").

3. None of the current clients identified on Schedule 2 of the *Certification of Kathleen A. Frazier In Support of Application for Retention of Shook, Hardy & Bacon, L.L.P., Effective as of April 4, 2023*, which is attached as Exhibit B to the Application, represents more than 2% of Shook's gross income in either of the last two years, with the exception of Sanofi-Aventis U.S. LLC, which has constituted between 3 and 4% of Shook's gross income.

4. As proposed special counsel for the Debtor, my colleagues and I at Shook interact as necessary with the Debtor and its other professionals to coordinate work streams. As a result of these communications, Shook and the Debtor both will have a clear understanding of the scope of Shook's services at any particular time. The description of services to be rendered is subject to the direction of the Debtor. Shook is cognizant of the need for the Debtor to avoid duplication of effort by its retained professionals. I believe that the Debtor is cognizant of the same need. Based on my observations, the Debtor avoids requesting that its counsel perform duplicative work.

5. The services Shook intends to provide the Debtor during the course of this case will be limited to matters pertaining to the Debtor's talc-related liabilities and, absent

further application to the Court, will not include services for general bankruptcy matters.

6. Shook anticipates that the following individuals will be routinely involved in providing special counsel services to the Debtor, but additional individuals may become involved during the Chapter 11 Case. The current hourly rates for these individuals has also been provided.

| Name | Location | Title | Standard Billing Rate in Effect as of the Petition Date[2] |
|---|---|---|---|
| Kathleen Frazier | Houston | Partner | $487.90 |
| Scott James | Houston | Partner | $475.60 |
| Brittany Vanek | Houston | Associate | $377.36 |
| Kerry Stufflebean | Kansas City | Paralegal | $164.00 |
| Stephanie Lingor | Houston | Senior Analyst | $188.00 |

7. Shook billed J&J (excluding the Debtor) approximately $1,138,276.00 for actual fees and expenses incurred during the twelve-month period prior to the Petition Date. J&J (excluding the Debtor) paid Shook a total of approximately $1,031,325.00 on account of those actual fees and expenses.

8. The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**: No.

---

[2] These rates represent the discounted hourly rates previously negotiated with the Debtor prior to the Petition Date.

| | |
|---|---|
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | The terms of Shook's retention in the 12 months prior to the filing of this Chapter 11 Case were disclosed over the course of the 2021 Chapter 11 Case. See No. 21-30589, Dkts. 411 and 550 (applications to retain Jones Day as counsel to the Debtor). The material financial terms of Shook's engagement by the Debtor remain substantially the same as in the 2021 Chapter 11 Case. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| **Response**: | The Debtor has not requested that Shook provide a prospective budget and staffing plan. Shook understands that the Debtor does have a budgeting process for matters in the ordinary course, including this Chapter 11 Case. Shook understands that it is Jones Day who submits a budget for the Chapter 11 Case to the Debtor, and such budget would include all the professionals involved in this case. Shook agrees to prepare a budget and staffing plan, which will be submitted in connection with Shook's first interim fee application. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 8, 2023
      Houston, Texas

                                        */s/ Kathleen A. Frazier*
                                        Kathleen A. Frazier