**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **McCARTER & ENGLISH, LLP**<br>Thomas W. Ladd, Esq. (Bar No. 022631986)<br>John C. Garde, Esq. (Bar No. 014171986)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>tladd@mccarter.com<br>jgarde@mccarter.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 23-12825<br><br>Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF**
**THOMAS W. LADD IN SUPPORT OF APPLICATION FOR**
**RETENTION OF MCCARTER & ENGLISH, LLP, EFFECTIVE AS OF APRIL 4, 2023**

I, Thomas W. Ladd, of full age, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner with the law firm of McCarter & English, LLP, Four Gateway

Center, 100 Mulberry Street Newark, New Jersey 07102 ("McCarter" or the "Firm"),

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537092407v2

representing LTL Management LLC (the "Debtor"), the debtor in the above-referenced matter. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2.  I make this supplemental certification in further support of the *Application for Retention of McCarter & English, LLP as Co-Counsel for the Debtor, Effective as of April 4, 2023* [Dkt. 425] (the "Application")[2] and to supplement my certification attached to the Application as Exhibit B [Dkt. 425-2] (the "Original Certification"). This supplemental certification addresses information requests from the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") regarding the Application.

3.  As disclosed in the Application, the Debtor paid McCarter $597,494.29 via wire transfer on April 4, 2023. See Appl. ¶ 6. This Payment was comprised of (a) Pre-Dismissal Amounts totaling $332,494.29 and (b) Post-Dismissal Amounts totaling $265,000.00. See id. An allocation of those amounts as to the Debtor and Johnson & Johnson ("J&J") is below. See Appl. ¶ 6 n.9.

| Amount | Approximate Amount Allocated to Debtor | Approximate Amount Allocated to J&J |
|---|---|---|
| $332,494.29 | $184,370.18 | $148,124.11 |
| $265,000.00 | $145,750.00 | $119,250.00 |

4.  In connection with the Application, McCarter submitted a *Disclosure of Compensation of McCarter & English, LLP* [Dkt. 425-3], which attached an accounting of payments made to McCarter by the Debtor in the one-year period preceding the Petition Date as

---

[2]  Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

2

Schedule 1.  As discussed above in paragraph 3 and in the Application, only the invoices for April 4, 2023 include payment for outstanding actual and estimated fees and expenses owed to McCarter by J&J for services provided in the NJ Mesothelioma Cases during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order.  See Appl. ¶ 6 n.9.

5. The total amounts (a) McCarter billed to J&J since April 1, 2022, (b) paid by J&J to McCarter on those invoices since April 1, 2022 and (c) McCarter billed to J&J since May 1, 2023, in connection with insurance matters and the NJ Mesothelioma Cases, exclusive of the amounts detailed above in paragraph 3, are as follows:

| **Billed Since April 1, 2022** | **Paid Since April 1, 2022** | **Billed Since May 1, 2023** |
|---|---|---|
| $2,331,095.75 | $1,742,430.87 | $276,671.57 |

6. The annual fees paid to McCarter by any party on Schedule 2 (attached to my Original Certification) or its affiliates did not exceed 1% of McCarter's annual gross revenue in fiscal years 2022 or 2021, except for J&J.  The annual fees paid to McCarter by J&J accounted for 1.05% of McCarter's annual gross revenue in fiscal year 2022 and 2.8% in fiscal year 2021.

7. McCarter represents Cyprus Mines Corporation ("CMC") in an environmental matter related to a former CMC facility in Winslow Township, NJ.  The representation primarily involves counseling with respect to the company's compliance with New Jersey site remediation laws and regulations in connection with the remediation of soil and groundwater contamination at this legacy site.  In light of this representation, the debtor/company in In re Cyprus Mines Corporation bankruptcy matter (United States Bankruptcy Court, District of Delaware) requested that the Firm continue this representation and, in August 2021, an OCP certification was

submitted. The Firm also represents Freeport McMoRan and certain of its subsidiaries, including United States Metals Refining Company and Phelps Dodge Industries, in real estate and environmental matters. None of these matters relate to the talc claims or involve insurance coverage issues, nor are they currently active.

8. McCarter has not represented Cyprus Amax Mineral Company for the last five years.

9. McCarter's concurrent representation of the Debtor, J&J and Middlesex Assurance Company ("Middlesex") does not create an adverse interest with respect to the insurance coverage work to be provided by McCarter in this case. The interests of J&J, the Debtor and Middlesex with respect to insurance coverage issues arising from the talc claims are aligned. J&J, the Debtor, and Middlesex share the goal of maximizing insurance coverage under non-Middlesex insurance policies. J&J, the Debtor, and Middlesex take the same position as to the manner in which the Middlesex policies apply to talc losses. None of the entities consider there to be a conflict with respect to McCarter's concurrent representation of each entity, which has been ongoing for many years with respect to the talc coverage claim.

10. As proposed co-counsel for the Debtor, my colleagues at McCarter and I interact daily with the Debtor and Jones Day, and, when relevant, with other professionals hired by the Debtor, such that we thereby have a clear understanding of the scope of the Firm's services at any particular time. The description of services to be rendered is subject to the direction of the Debtor. The Firm is cognizant of the need for the Debtor to avoid duplication of effort by its retained professionals. I believe that the Debtor is cognizant of the same need. Based on my observations, the Debtor avoids requesting that its counsel perform duplicative work. In connection with the

NJ Mesothelioma Cases, even though McCarter serves as counsel with other firms representing the Debtor, see Appl. ¶ 5 n.6, is my understanding based on discussions with partners at my firm that the Debtor will discuss the nature of any work with McCarter and the other firms and determine which firm will handle the work to avoid duplication of effort.

11. McCarter anticipates that the following individuals will be routinely involved in insurance matters or the NJ Mesothelioma Cases, but additional individuals may become involved during the Chapter 11 Case. The current hourly rates for these individuals has also been provided.

| Name | Location | Title | Standard Billing Rate in Effect as of the Petition Date |
|---|---|---|---|
| Tom Ladd | Newark | Partner | $880 |
| Steven Weisman | Newark | Partner | $880 |
| John Garde | Newark | Partner | $700 |
| Penny Taylor | Newark | Partner | $700 |
| Amy Vanni | Philadelphia | Partner | $665 |
| Jen Farina | Newark | Partner | $650 |
| Samuel James | Newark | Associate | $505 |
| Ryan Savercool | Newark | Associate | $500 |
| Alexandra DiFusco | Newark | Associate | $440 |
| Georgia Bender | Newark | Associate | $400 |
| Daniel McCann | Newark | Associate | $400 |
| Carla Landry | Washington, DC | Other | $305 |
| Deborah Brown | Newark | Paralegal | $305 |
| Brenda Sherman | Newark | Paralegal | $280 |

NAI-1537092407v2

12. The Firm agrees to undertake reasonable efforts to comply with the U.S. Trustee's reasonable requests for information and additional disclosures, as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>"). Specific to paragraph D.1, we respond to the following:

    a. Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? **No.**

    b. Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? **No.**

    c. If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. **The terms of McCarter's retention in the 12 months prior to the filing of this Chapter 11 Case were disclosed over the course of the 2021 Chapter 11 Case. See No. 21-30589, Dkts. 555 and 2273 (applications to retain McCarter as counsel to the Debtor); Dkts. 2817 and 3796 (notices of 2022 and 2023 rate increase). The material financial terms of McCarter's engagement by the Debtor remain the same as in the 2021 Chapter 11 Case. McCarter's billing rates remain the same as those disclosed in the 2023 notice of increase.**

    d. Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? **The Debtor and McCarter expect to develop prospective budgets and staffing plans for this Chapter 11 Case and to provide such budgets and staffing plans in connection with the filing of McCarter's first interim fee application.**

NAI-1537092407v2

I certify under penalty of perjury that the above information is true.

Date: June 9, 2023

*/s/ Thomas W. Ladd*
Thomas W. Ladd (Bar No. 022631986)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Telephone:  (973) 622-4444
Facsimile:  (973) 624-7070