**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF**
**GREGORY M. GORDON IN SUPPORT OF APPLICATION**
**FOR RETENTION OF JONES DAY, EFFECTIVE AS OF APRIL 4, 2023**

I, Gregory M. Gordon, being of full age, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1. I am a partner with the law firm of Jones Day, proposed counsel to LTL Management LLC (the "Debtor") in the above-captioned case, and am duly authorized to make this certification on behalf of Jones Day.

2. My professional credentials include being admitted and in good standing to practice law in the State of Texas, before the United States District Court for the Northern District of Texas and before the United States Court of Appeals for the Third, Fourth, and Eighth Circuits. I am permitted to appear *pro hac vice* in this case. See Dkt. 146.

3. I submit this supplemental certification (the "Supplemental Certification") in further support of the *Application for Retention of Jones Day, Effective as of April 4, 2023* filed by the Debtor [Dkt. 427] (the "Application")[2] and to supplement my certification attached to the Application as Exhibit C [Dkt. 427-3] (the "Original Certification"). Unless otherwise stated in this Supplemental Certification, I have personal knowledge of the facts set forth herein.

4. This Supplemental Certification addresses information requests from the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") regarding the Application.

5. The Debtor is owned, through certain intermediate companies, by Johnson & Johnson ("J&J"). I am generally familiar with the nature of the legal services Jones Day has provided to J&J, as reflected in the Firm's records, and have made appropriate investigation of those records where appropriate for purposes of this supplement. Jones Day does not act as general counsel for our clients. Rather, our work and advice is limited to specific matters on which we are specifically engaged. As to J&J, the Firm's records reflect that Jones

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

-2-

NAI-1537009404

Day has largely represented J&J and its affiliates on intellectual property matters.[3]  To a much lesser extent, Jones Day has also provided legal services in the areas of labor and employment, mergers and acquisitions, tax and, in 2021, restructuring.  In each of the past ten years, Jones Day's work for J&J and its affiliates (excluding the Debtor) has represented less than three-fourths of 1% of the Firm's total annual revenue, and, in 2023, it has been similarly small.  None of this work in 2023 has been related to the Debtor or its Chapter 11 Case.

    6.  As disclosed in the *Supplemental Certification of Gregory M. Gordon in Support of Application for Retention of Jones Day, Effective as of October 14, 2021* [No. 21-30589, Dkt. 1190-1] (the "Prior Certification"), which was submitted in the 2021 Chapter 11 Case, in March 2021, J&J engaged Jones Day to provide legal advice with respect to a potential restructuring.  In the course of that engagement, Jones Day assisted J&J and Johnson & Johnson Consumer Inc. ("Old JJCI") in a corporate restructuring that was completed on October 12, 2021 (the "2021 Corporate Restructuring").[4]  The Debtor did not exist prior to the 2021 Corporate Restructuring.  On October 12, 2021, the Debtor was created as a result of the 2021 Corporate Restructuring and Old JJCI ceased to exist.  At that time, Jones Day terminated its representation of J&J related to restructuring matters, as reflected in an email between J&J and Jones Day dated October 12, 2021, attached to the Prior Certification as Exhibit A, and its representation of Old JJCI was allocated to the Debtor.  As of the Debtor's formation on that day, Jones Day agreed to represent the Debtor in connection with restructuring and other matters,

---

[3]   The Debtor's direct subsidiary, Royalty A&M LLC, owns a portfolio of royalty revenue streams, including royalty revenue streams based on third-party sales of CLOROX®, ECOLAB®, ESSITY®, LACTAID®, MYLANTA® / MYLICON®, ROGAINE®, SPARTAN® and TENA® products.  Jones Day does not represent Royalty A&M LLC or J&J in matters involving these products.

[4]   The 2021 Corporate Restructuring is described in further detail in the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] and in the *Declaration of John K. Kim in Support of First Day Pleadings* submitted in the 2021 Chapter 11 Case [No. 21-30589, Dkt. 5].

NAI-1537009404

as set forth in an engagement letter with the Debtor, attached to the Application as Exhibit A [Dkt. 427-1]. This engagement letter continues to govern Jones Day's engagement by the Debtor.

7. Jones Day has represented and will represent only the Debtor in the Chapter 11 Case. Jones Day has not represented and does not represent J&J, Holdco or any other affiliate of either of them in the Chapter 11 Case or in any other matter adverse to the Debtor. Jones Day has not represented, and does not represent, Holdco in any matter. J&J and Holdco have retained White & Case LLP to represent them in matters relating to the Debtor and the Chapter 11 Case.

8. In Schedule 2 to my Original Certification, I disclosed the identities of Interested Parties that Jones Day has represented in the past two years, or currently represents, in matters unrelated to the Chapter 11 Case, including such Interested Parties' relationship to the Debtor and connection to Jones Day. None of the entities or their affiliates listed in Schedule 2 to my Original Certification has accounted for more than 3.5 percent of Jones Day's gross income in either of the last two years.

9. Jones Day anticipates that the following individuals will be routinely involved in the Chapter 11 Case, but additional individuals may become involved during the Chapter 11 Case. The current hourly rates for these individuals have also been provided.

| Name of Professional/Paraprofessional | Title | Currently Hourly Rate |
|---|---|---|
| Brad B. Erens | Partner | $1500 |
| Genna Ghaul | Partner | $1225 |
| Gregory M. Gordon | Partner | $1800 |
| James M. Jones | Partner | $1600 |
| Troy B. Lewis | Partner | $1350 |
| C. Kevin Marshall | Partner | $1325 |
| Daniel J. Merrett | Partner | $1200 |
| Daniel B. Prieto | Partner | $1250 |
| Mark W. Rasmussen | Partner | $1225 |

NAI-1537009404

| Name of Professional/Paraprofessional | Title | Currently Hourly Rate |
|---|---|---|
| Amanda M. Rush | Partner | $1125 |
| David S. Torborg | Partner | $1300 |
| Katie L. Wall | Partner | $1200 |
| Melina N. Bales | Associate | $750 |
| Caitlin K. Cahow | Associate | $1150 |
| Amanda P. Johnson | Associate | $800 |
| Patrick Lombardi | Associate | $700 |
| Isel M. Perez | Associate | $875 |
| Caleb P. Redmond | Associate | $850 |
| Daniel V. Villalba | Associate | $750 |
| Timothy V. Villari | Associate | $650 |
| Brett J. Wierenga | Associate | $850 |
| Nathan P. Yeary | Associate | $775 |
| Christa L. Smith | Paralegal | $475 |

10. The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response**: No. The hourly rates Jones Day will bill for this engagement are consistent with the rates that Jones Day charges other comparable chapter 11 clients, and the rate structure provided by Jones Day is appropriate and is not significantly different from (a) the rates that Jones Day charges in other non-bankruptcy representations or (b) the rates of other comparably skilled professionals for similar engagements.
>
> **Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response**: No.
>
> **Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

NAI-1537009404

**Response**: The terms of Jones Day's retention in the 12 months prior to the filing of this Chapter 11 Case were disclosed over the course of the 2021 Chapter 11 Case.  See No. 21-30589, Dkts. 404 and 541 (applications to retain Jones Day as counsel to the Debtor); Dkts. 1375 and 3610 (notices of 2022 and 2023 rate increase). The material financial terms of Jones Day's engagement by the Debtor remain the same as in the 2021 Chapter 11 Case.  Jones Day's billing rates remain the same as those disclosed in the 2023 notice of increase.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

**Response**: The Debtor has a budgeting process for matters in the ordinary course, including this Chapter 11 Case.  Jones Day, as lead counsel and consistent with standard practice, prepares, subject to the Debtor's approval, an annual aggregate budget for all amounts to be incurred in the Chapter 11 Case.[5]  The annual budget is updated on a quarterly basis.  For 2023, the Debtor's initial budget for this Chapter 11 Case was based on historical spend in the 2021 Chapter 11 Case during 2022.  The budget is subject to being updated in accordance with the Debtor's procedures.  Notwithstanding this process, Jones Day expects to develop a prospective budget and staffing plan for this Chapter 11 Case and to provide such budget and staffing plan in connection with the filing of Jones Day's first interim fee application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Date: June 9, 2023

*/s/ Gregory M. Gordon*
Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

---

[5]    Jones Day also prepares an independent detailed budget with respect to the Chapter 11 Case that includes estimated amounts to be incurred by proposed timekeepers, as well as aggregate proposed amounts to be incurred by local counsel (in this case Wollmuth Maher & Deutsch LLP) and potential experts.

NAI-1537009404