**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br>　　　　Debtor. | Chapter 11<br>Case No.: 23-12825 (MBK)<br>Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF PAUL R. DeFILIPPO IN SUPPORT OF APPLICATION FOR RETENTION OF WOLLMUTH MAHER & DEUTSCH LLP AS CO-COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO APRIL 4, 2023**

I, PAUL R. DeFILIPPO, being of full age, certify as follows:

　　　　1.　　　　I am a partner with the law firm of Wollmuth Maher & Deutsch LLP ("WMD") and am duly authorized to make this certification on behalf of WMD.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. I make this supplemental certification in response to informal comments and inquiries received by the U.S. Trustee to the *Application for Retention of Wollmuth Maher & Deutsch LLP as Co-Counsel for the Debtor, Nunc Pro Tunc to April 4, 2023* [Dkt. No. 423] filed by the Debtor (the "Application") and my initial Certification filed in support thereof (the "Initial Certification").[2]

### ADDITIONAL DISCLOSURE

3. Subject to change, the names of the specific individuals at WMD that will be working on this case and their current hourly rates are as follows:

    Paul R. DeFilippo, Esq., Partner - $975

    James N. Lawlor, Esq., Partner - $910

    Lyndon M. Tretter, Esq., Partner - $910

    Joseph F. Pacelli, Esq., Associate - $635

    Nicole C. Rende, Esq., Associate - $635

    Stephanie A. Weaver, Esq., Associate - $440

    Logan R. Leonard, Esq., Associate - $440

    Michele J. Klinger, Paralegal - $235

    Alexander T. Cukier, Paralegal - $235

    Celeyndiana Rodriguez, Paralegal - $235

    Scarlet E. Meltzer, Paralegal - $235

4. As stated in paragraph 6 of the Initial Certification, to the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders,

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

partners, associates, officers and/or employees with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, is as follows:  In the past, WMD has represented ACE Property & Casualty Insurance Company and/or ACE Insurance Group n/k/a Chubb and/or their affiliates and WMD currently represents American International Group, AIU Insurance Company, and Resolute Management Inc., which have been identified as potential parties in interest in this proceeding.  The foregoing matters are completely unrelated to any matters on which the Firm will render services concerning the Debtor or its estate.  The Firm has not been retained to represent any entity other than the Debtor on matters relating to, or in connection with, this chapter 11 case.  Any services that the Firm may continue to provide to entities that may be creditors or parties in interest in this chapter 11 case will not relate to, or have any direct connection with, this chapter 11 case.  For the last two years, the percentage of WMD's revenues from the entities or their affiliates listed on Exhibit A to the Initial Certification, is approximately three percent.

5. I submit the following answers, in bold, in response to the questions listed in paragraph D.1. of the U.S. Trustee Large Case Fee Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? **No.**

b. Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? **No.**

c. If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed

3

    postpetition, explain the difference and the reasons for the difference. **The only prepetition representation of the client was in the prior 2021 Chapter 11 Case, and the only modifications were amounts billed that were negotiated with the Fee Examiner and approved by the Court, as per the 2021 WMD Retention Order.**

d. Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? **The Debtor has not requested that WMD provide a prospective budget and staffing plan. WMD understands that the Debtor does have a budgeting process for matters in the ordinary course, including this Chapter 11 Case. WMD understands that it is Jones Day who submits a budget for the Chapter 11 Case to the Debtor, and such budget would include all the professionals involved in this case. However, per the U.S. Trustee's request, WMD will prepare and submit a separate prospective budget and staffing plan to the Debtor in connection with filing WMD's first interim fee application.**

I certify under penalty of perjury that the above information is true.

Date: June 12, 2023                         */s/ Paul R. DeFilippo*
                                                            Paul R. DeFilippo