|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* |  |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

### JOHN K. KIM OMNIBUS DECLARATION IN SUPPORT OF DEBTOR'S APPLICATIONS TO RETAIN PROFESSIONALS

Pursuant to Section D of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, I, John K. Kim, hereby declare, under penalty of perjury, as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537008519

1. I am the Chief Legal Officer of LTL Management LLC (the "Debtor") and have served in this position since October 12, 2021. I am employed by Johnson & Johnson Services, Inc., a non-debtor affiliate of the Debtor and a subsidiary of the Debtor's ultimate non-debtor parent company, Johnson & Johnson ("J&J").

2. I make this Omnibus Declaration in support of certain of the Debtor's applications (collectively, the "Applications") filed in the above-captioned case (the "Chapter 11 Case") to retain and employ professionals (collectively, the "Professionals").[2] In my role as Chief Legal Officer, I assisted the Debtor with the retention and employment of the Professionals in the Chapter 11 Case. In addition, I am responsible for, among other things, supervising the Professionals for the Debtor and monitoring and controlling their costs.

3. Except as otherwise indicated, all facts and statements set forth in this Omnibus Declaration are based upon: (a) my personal knowledge; (b) information supplied to me by other members of the Debtor's management or professionals; (c) my review of relevant documents; and/or (d) my opinion based upon my experience and knowledge of the Debtor and its Professionals. If called upon to testify, I could and would testify to the facts and opinion set forth herein.

**Blake, Cassels & Graydon LLP**

4. The Debtor selected Blakes to serve as special counsel to represent it (a) as Canadian counsel and (b) in its capacity as foreign representative because Blakes has substantial expertise with the Debtor, the talc-related claims asserted against the Debtor and its

---

[2] The Applications are for the following Professionals: Shook, Hardy & Bacon, L.L.P. ("Shook") [Dkt. 419]; King & Spalding LLP ("K&S") [Dkt. 420]; Blake, Cassels & Graydon LLP ("Blakes") [Dkt. 422]; Wollmuth Maher & Deutsch LLP ("WMD") [Dkt. 423]; McCarter & English, LLP ("McCarter") [Dkt. 425]; Jones Day [Dkt. 427]; Weil, Gotshal & Manges, LLP ("Weil") [Dkt. 428]; and Orrick, Herrington & Sutcliffe LLP ("Orrick") [Dkt. 430].

NAI-1537008519

non-debtor affiliates and the factual and scientific defenses to those claims under Canadian law. See Dkt. 422 ¶¶ 3-4. In addition, Blakes served as special counsel to the Debtor throughout the 2021 Chapter 11 Case. See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 1284].

5.  The Debtor and Blakes have agreed upon a reduced rate fee structure that would apply to this engagement. This reduced rate fee structure is the same structure that has been agreed to with Johnson & Johnson ("J&J"). As set forth in the application, Blakes continues to represent J&J and Johnson & Johnson Inc. ("J&J Canada") in certain talc-related litigation, as it did prior to the petition date. To the extent that Blakes represents the Debtor, J&J and J&J Canada in a matter, the Debtor and Blakes have agreed that it will allocate 1/3 of its fees and expenses incurred in such joint representation to the Debtor, 1/3 to J&J, and 1/3 to J&J Canada. In matters in which Blakes represents less than all of the Debtor, J&J, and J&J Canada, Blakes will allocate a proportional percentage of its fees and expenses to the entity or entities represented.

6.  Additionally, I understand that Blakes' hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having previously reviewed invoices from other large law firms and invoices submitted from Blakes, I can verify that the rates being charged by Blakes in connection with this representation are reasonable and within the range typically charged by similar firms.

**Jones Day**

7.  The Debtor selected Jones Day following a determination that Jones Day has substantial relevant expertise in large, complex chapter 11 cases. See Dkt. 427 ¶¶ 3-4. In

-3-

addition to this experience, Jones Day served as counsel to the Debtor throughout the 2021 Chapter 11 Case, and in that regard is well acquainted with the Debtor's history, business, assets and liabilities, corporate structure and related matters.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D. N.J.) [Dkt. 1855].

8. The Debtor and Jones Day have agreed that Jones Day's standard fees would apply to this engagement.  See Dkt. 427 ¶ 6.  Additionally, I understand that Jones Day's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services.  Having previously reviewed invoices from other large law firms and invoices submitted from Jones Day, I can verify that the rates being charged by Jones Day in connection with this representation are reasonable and within the range typically charged by similar firms.

### King & Spalding LLP

9. The Debtor selected K&S because it has expertise and familiarity with mesothelioma talc-related litigation; the management, defense, and settlement of talc claims; the Debtor's and industry-wide history related to the use and testing of talc; scientific research relating to alleged asbestos contamination in talc; and the talc-related personal injury cases filed against J&J, Old JJCI and the Debtor given its role as national coordinating counsel.  See Dkt. 420 ¶¶ 3-4.  In addition to this expertise, K&S served as special counsel to the Debtor throughout the 2021 Chapter 11 Case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 859].

10. The Debtor and K&S have agreed that the hourly rates for the K&S lawyers anticipated to work for the Debtor as of April 4, 2023, range from $890 to $1,185 for partners, $865 for counsel, $540 to $740 for associates and $290 to $385 for staff attorneys/

paralegals.  See Dkt. 420 ¶ 6.  These rate ranges are lower than and generally reflect a savings to the Debtor as compared to the current standard hourly rates charged by K&S in the United States.  See id.  Further, given K&S's continued representation of J&J, see id. ¶ 4 n.4, to the extent that K&S represents both the Debtor and J&J in a matter, K&S will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J.  In matters in which K&S represents solely the Debtor or J&J, K&S will allocate 100% of the fees and expenses to the entity represented.

11. Additionally, I understand that K&S's hourly rates for bankruptcy representations (a) are comparable to the hourly rates charged for non-bankruptcy representations and (b) below the rates of other comparably skilled professionals in the national marketplace for legal services.  Having previously reviewed invoices from other large law firms and invoices submitted from K&S, I can verify that the rates being charged by K&S in connection with this representation are reasonable and within the range typically charged by similar firms.

### McCarter & English, LLP

12. The Debtor selected McCarter following a determination that McCarter has substantial relevant expertise in insurance and product liability matters and, therefore, its services will provide valuable support to the Debtor in the Chapter 11 Case.  See Dkt. 425 ¶¶ 3-4.  Further, McCarter served as special counsel to the Debtor throughout the 2021 Chapter 11 Case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkts. 861, 2350].

13. The Debtor and McCarter have agreed that McCarter's standard fees would apply to this engagement.  See Dkt. 425 ¶ 6.  In addition, given McCarter's continued representation of J&J, see id. ¶ 4, to the extent that McCarter represents both the Debtor and J&J in a matter, McCarter will allocate 50% of its fees and expenses incurred in such joint

representation to the Debtor and 50% to J&J.  In matters in which McCarter represents solely the Debtor or J&J, McCarter will allocate 100% of the fees and expenses to the entity represented.

14. Additionally, I understand that McCarter's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services.  Having previously reviewed invoices from other large law firms and invoices submitted from McCarter, I can verify that the rates being charged by McCarter in connection with this representation are reasonable and within the range typically charged by similar firms.

### Orrick, Herrington & Sutcliffe LLP

15. The Debtor selected Orrick because through its role as appellate and trial counsel, Orrick has gained extensive knowledge regarding the claims against the Debtor and J&J, the factual and scientific defenses to those claims and, in particular, the appellate issues that have arisen in those matters.  See Dkt. 430 ¶¶ 3-4.  In addition to this expertise, Orrick served as special litigation counsel to the Debtor through the 2021 Chapter 11 Case.  See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 1993].

16. The Debtor and Orrick have agreed that Orrick's standard fees would apply to this engagement.  See Dkt. 430 ¶ 6.  Further, given Orrick's continued representation of J&J in certain talc-related litigation, see id. ¶ 4 n.5, to the extent that Orrick represents both the Debtor and J&J in a matter, Orrick will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J.  In matters in which Orrick represents solely the Debtor or J&J, Orrick will allocate 100% of the fees and expenses to the entity represented.

17. Additionally, I understand that Orrick's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy

representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having previously reviewed invoices from other large law firms and invoices submitted from Orrick, I can verify that the rates being charged by Orrick in connection with this representation are reasonable and within the range typically charged by similar firms.

### **Shook, Hardy & Bacon, L.L.P.,**

18. The Debtor selected Shook because it has served as national coordinating counsel in connection with talc-related litigation for more than a decade, and specifically in connection with litigation involving ovarian cancer claims since 2017. See Dkt. 419 ¶¶ 3-4. In addition to this expertise, Shook served as special counsel to the Debtor throughout the 2021 Chapter 11 case. See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 860].

19. Prior to April 4, 2023, the Debtor and Shook negotiated discounted hourly rates, which are based on the professionals' level of experience. See Dkt. 419 ¶ 6. Further, given Shook's continued representation of J&J in certain matters, see id. ¶ 4 n.4, to the extent that Shook represents both the Debtor and J&J in a matter, Shook will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Shook represents solely the Debtor or J&J, Shook will allocate 100% of the fees and expenses to the entity represented.

20. Additionally, I understand that Shook's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having previously reviewed invoices from other large law firms and invoices submitted from Shook, I can verify that the rates being charged by Shook in

NAI-1537008519

connection with this representation are reasonable and within the range typically charged by similar firms.

### Weil, Gotshal & Manges LLP

21. The Debtor selected Weil for its expertise and familiarity with the chapter 11 cases of In re Imerys Talc America, Inc., Case No. 19-10289 (LSS) (Bankr. D. Del.) (the "Imerys Case") and In re Cyprus Mines Corporation, Case No. 21-10398 (LSS) (Bankr. D. Del.) (the "Cyprus Case"). See Dkt. 428 ¶¶ 3-4. In connection to this expertise, Weil served as special counsel to the Debtor throughout the 2021 Chapter 11 Case. See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 1752].

22. The Debtor and Weil have agreed that Weil will (a) charge for its legal services on an hourly basis in accordance with the following rate ranges depending on the number of years of practice: $1,225.00 to $1,550.00 for partners, $1,150.00 to $1,175.00 for counsel, and $605.00 to $1,080.00 for associates; and (b) seek reimbursement of actual and necessary out-of-pocket expenses. See Dkt. 428 ¶ 6. Weil's hourly rates in connection with this engagement are discounted off Weil's standard hourly 2023 rates: $1,375.00 to $2,095.00 for partners and counsel, $750.00 to $1,350.00 for associates, and $295.00 to $530.00 for paraprofessionals. Id. n.4. In addition, to the extent that Weil represents both the Debtor and J&J in a matter, including in the Imerys Case and Cyprus Case, Weil will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. Id. In matters in which Weil represents solely the Debtor or J&J, Weil will allocate 100% of the fees and expenses to the entity represented. Id.

23. Additionally, I understand that Weil's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national

marketplace for legal services. Having previously reviewed invoices from other large law firms and invoices submitted from Weil, I can verify that the rates being charged by Weil in connection with this representation are reasonable and within the range typically charged by similar firms.

**Wollmuth Maher & Deutsch LLP**

24. The Debtor selected WMD because WMD has considerable experience in the fields of bankruptcy, business reorganizations, debtor-creditor rights, asset liquidation and other areas of law applicable to the Chapter 11 Case. See Dkt. 423 ¶ 4. In addition to this expertise, WMD served as co-counsel to the Debtor throughout the 2021 Chapter 11 Case. See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J.) [Dkt. 851].

25. The Debtor and WMD have agreed that WMD's standard fees would apply to this engagement. See Dkt. 423 ¶ 6. Additionally, I understand that WMD's hourly rates for bankruptcy representations are comparable to (a) the hourly rates charged for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having previously reviewed invoices from other large law firms and invoices submitted from WMD, I can verify that the rates being charged by WMD in connection with this representation are reasonable and within the range typically charged by similar firms.

**Budget and Staffing Plans**

26. The Debtor has a budgeting process for matters in the ordinary course, including this Chapter 11 Case. Jones Day, as lead counsel and consistent with standard practice, prepares, subject to my approval, an annual aggregate budget for all amounts to be

NAI-1537008519

incurred in the Chapter 11 Case.[3]  The annual budget is updated on a quarterly basis.  For 2023, the Debtor's initial budget for this Chapter 11 Case was based on historical spend in the 2021 Chapter 11 Case during 2022.  The budget is subject to being updated in accordance with the Debtor's procedures.

27.   The Debtor and the Professionals expect to develop prospective individualized budgets and staffing plans for this Chapter 11 Case and to provide such budgets and staffing plans in connection with the filing of the Professionals' interim fee applications.

28.   The Debtor further recognizes that it is responsible for monitoring closely the billing practices of the Professionals to ensure the fees and expenses paid by the estate remains consistent with the Debtor's expectations and the exigencies of the Chapter 11 Case.  The Debtor will continue to review the invoices that the Professionals regularly submit and, together with the Professionals, periodically amend the budget and staffing plans as the Chapter 11 Case develops.

## Supervision of Fees and Expenses

29.   The Debtor recognizes the importance of selecting and managing chapter 11 professionals to ensure that they are subject to the same market forces, scrutiny and accountability as professionals in non-bankruptcy engagements.

30.   The Debtor will continue to supervise the Professionals' fees and expenses, including in connection with the budgeting process described above.  The fees and expenses of the Professionals also will be subject to review, comment and objection (if

---

[3]   Jones Day also prepares an independent detailed budget with respect to the Chapter 11 Case that includes estimated amounts to be incurred by proposed timekeepers, as well as aggregate proposed amounts to be incurred by local counsel (in this case WMD) and potential experts.

-10-

warranted), and Court approval pursuant to orders entered in this Chapter 11 Case, including the Interim Compensation Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2023                              /s/ John K. Kim
                                                  John K. Kim

NAI-1537008519