**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

---

In re:

LTL MANAGEMENT LLC,[1]

Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**SUPPLEMENTAL CERTIFICATION OF SHANNON R. WHEATMAN, PH.D.
IN SUPPORT OF APPLICATION FOR RETENTION
OF SIGNAL INTERACTIVE MEDIA, LLC, EFFECTIVE AS OF APRIL 16, 2023**

I, Shannon R. Wheatman, Ph.D., of full age, certify as follows:

1. I am the Executive Director of Signal Interactive Media, LLC ("Signal") and a Senior Advisor for The Messina Group. My employment with Signal began on January 1, 2023.

2. I am duly authorized to make this certification on behalf of Signal.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537120573

3. I make this supplemental certification in response to informal comments and inquires received from the U.S. Trustee to the *Application for Retention of Signal Interactive Media, LLC, Effective as of April 16, 2023* [Dkt. 527] filed by the Debtor (the "Application") and my initial Certification in support thereof (the "Initial Certification").[2]

4. In response to the U.S. Trustee's comments and inquiries concerning my previous employment with Rust Consulting and Kinsella Media, LLC ("Kinsella"), I have reviewed the Debtor's list of potentially interested parties attached as Exhibit 2 to the Application to identify parties to whom I provided services before joining Signal. While I do not possess sufficient information to complete a thorough conflicts check on the cases that I worked on over the past 19 years, as that information is in the possession of my previous employers, I do recall working on several past project-based engagements that included the following entities:

- 3M Company
- Allstate Insurance Company
- Bristol-Myers Squibb Company
- Carrier Corporation
- Ford Motor Company
- Honeywell International, Inc.
- Liberty Mutual Insurance Company
- Pfizer, Inc.
- Prudential Reinsurance Company
- Target Corporation
- The Dow Chemical Company
- Walmart, Inc.

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

NAI-1537120573

5. Additionally, I have been the notice and media expert in many mass tort bankruptcy and class action cases involving many different creditors and professionals, some of which may be creditors or may represent creditors and parties in interest in the Chapter 11 Case.

6. The annual fees paid to Signal by any party on Schedule 3 (attached to my Initial Certification) did not exceed more than 2% of Signal's gross income.

7. Signal's services designing and implementing a media program to reach unknown talc claimants are necessary and not duplicative of the services that I understand Epiq Corporate Restructuring, LLC ("Epiq") will provide to the Debtor as the Debtor's solicitation and balloting agent. Signal is not acting as the solicitation and balloting agent, and Epiq is not designing the media program to reach potential claimants. As set forth in the Application, I am a court-recognized notice and media expert, and I have unique and substantial expertise developing complex media programs in mass tort bankruptcies that are designed to reach unknown claimants. Signal is therefore well-positioned to develop the extensive noticing and media program anticipated to be utilized in this complex mass tort case to reach unknown talc claimants in connection with the Debtor's proposed plan of reorganization and can do so efficiently and effectively given its existing experience.

8. Signal's rates are comparable to those charged in the legal notice industry with respect to mass tort bankruptcies and class actions.

9. When I departed my previous employment with Kinsella, I was the only employee of Kinsella that left to join Signal. No other Kinsella employees came with me to Signal.

10. Lastly, neither Signal nor I will share any revenue that is earned as a retained professional in this chapter 11 case with Rust Consulting or Kinsella.

3

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 13, 2023
      Washington, DC

                                      */s/ Shannon R. Wheatman*
                                      Shannon R. Wheatman, Ph.D.

NAI-1537120573