Order Filed on June 14, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

# ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, EFFECTIVE AS OF APRIL 15, 2023

The relief set forth on the following pages is **ORDERED**.

**DATED: June 14, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

Upon consideration of the *Application For Retention of FTI Consulting, Inc. as Financial Advisor For the Official Committee of Talc Claimants Effective April 15, 2023* (the "Application"), pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of FTI Consulting, Inc. ("FTI") as financial advisor to the Official Committee of Talc Claimants (the "TCC" or the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of LTL Management LLC's (the "Debtor"), effective as of April 15, 2023; and the certification and supplemental certification of Matthew Diaz in support of the Application annexed thereto (the "Certification"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED on a final basis as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the TCC is authorized and empowered to employ and retain, and LTL Management LLC (the "Debtor") is authorized to compensate and reimburse, FTI as the TCC's financial advisor and talc consultant in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application effective as of April 15, 2023 as modified herein.

3. FTI shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in this case.

4. At least ten (10) days before implementing any increases in FTI's rates for professionals

in this case, FTI shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code;

5. To the extent the Pre-Petition Balance, as determined by agreement of FTI and the Debtor or by order of the Court in the event an objection is raised, is not paid in full, FTI shall waive any amounts owed in excess of the Allowed Pre-Petition Fee Claim.

6. The effective date of retention is April 15, 2023.

7. The professional's address is: FTI Consulting, Inc.
1166 Avenue of the Americas, 14th Floor
New York, NY 10036

8. FTI shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

9. FTI shall apply for compensation and reimbursement of actual and necessary expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Order and any applicable orders of this Court. FTI's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code. The rights of any party in interest to object to any such request for compensation and reimbursement of actual and necessary expenses, including on the basis that services provided are duplicative or do not benefit the estate, including any strategic communications services that involve media advocacy or public relations outreach, except as may be necessary for TCC to satisfy its obligations under section 1103 of the Bankruptcy Code, and the right of FTI to respond to any such objection, are fully preserved.

10. Compensation and reimbursement of expenses will be paid in such amounts as may be allowed by the Court on proper application(s).

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The following indemnification provisions are approved:

    a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b. the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, crime or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the this Order, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time

under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI. All parties in interest shall retain the right to object to any demand by FTI for indemnification consistent with the above-mentioned provisions and procedures.

13. Notwithstanding anything to the contrary in the Application or the Certification, FTI will only bill 50% for non-working travel.

14. FTI shall focus on advising the TCC with respect to matters that involve expertise in forensic investigations, accounting, taxation, economic consulting and communications, including but not limited to: (i) evaluating, monitoring and assessing the Debtor's (and its affiliate's) current financial performance, intercompany transactions, tax positions and accounting, (ii) assisting its counsel in any forensic analysis and evaluating and developing certain causes of action, (iii) estimating the Debtor's current and contingent liabilities, (iv) providing assistance in the development and implementation of its communications strategies, and (v) assessing any business plans or liquidation analyses.

15. Notwithstanding the terms of the Application or the Certification, the professional services to be rendered by FTI shall include the following:

    a. Reviewing financial related disclosures required by the Court, including but not limited to, the Schedules of Assets and Liabilities, the Statement of Financial Affairs, Rule 2015.3 Reports of Financial Information on Entities in Which a Chapter 11 Estate Holds a Controlling or Substantial Interest, and Monthly Operating Reports;

    b. Preparing analyses required to assess the Debtor's funding and other intercompany agreements;

    c. Assessing and monitoring of the Debtor's and its non-Debtor subsidiary's short-term cash flow, liquidity, and operating results;

    d. Reviewing the Debtor's and its non-Debtor subsidiary's analysis of core business assets, valuation of those assets, and the potential disposition or liquidation of

      non-core assets;

e. Reviewing the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

f. Reviewing any tax issues associated with, but not limited to, claims trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

g. Reviewing other financial information prepared by the Debtor and its non-Debtor subsidiary, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

h. Attending, assisting, and preparing materials related to due diligence sessions, discovery, depositions, negotiations, mediations, and other relevant meetings, and assisting in discussions with the Debtor, the Committee, any futures claimant's representative appointed in this case (the "FCR"), Johnson & Johnson and/or its subsidiaries, the United States Trustee, other parties in interest, and their respective professionals;

i. Evaluating, analyzing, and performing a forensic review of avoidance actions, including fraudulent conveyances and preferential transfers;

j. Evaluating any pre-petition transactions of interest to the Committee;

k. Assisting in the prosecution of Committee responses/objections to the Debtor's and other parties of interest's motions and pleadings, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

l. Assistance in the review and/or preparation of information and analysis necessary in connection with any proposed plan and related disclosure statement in this Chapter 11 proceeding;

m. Assistance in the development and implementation of communications strategies, including digital insights and development, with various stakeholders and including assisting and advising the Committee on matters related to satisfying its obligations under section 1103 of the Bankruptcy Code;

    n. Assistance in the review and/or preparation of information in connection with developing estimates of the number and value of present and future personal-injury claims and demands including testimony as necessary, as well as developing claims procedures to be used in connection with a claims resolution trust; and

    o. Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

Any additional services provided by FTI which were not provided for in the Application shall require further Court approval.

16. In order to avoid duplication of services with those performed by Houlihan Lokey Capital, Inc. ("Houlihan") or other professionals retained by the TCC, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at FTI and Houlihan shall confer to determine work strategy and tasks, in consultation with the TCC's counsel and the TCC members. Second, FTI and Houlihan will coordinate responsibility for completing any applicable task. Third, to the extent any non-proprietary work product related to a task is relevant to the other's work or advice for the TCC, such non-proprietary work product shall be shared with FTI or Houlihan, as applicable, so that both FTI or Houlihan have the benefit of the other's relevant analysis and work product; provided, however, that FTI and Houlihan not be required to share any proprietary work product, such as models and methodologies, and other protected intellectual property.

17. In the event that, during the pendency of the Chapter 11 Case, FTI seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the compensation guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without

regard to whether such attorney has been retained under Bankruptcy Code section 327. All rights are reserved to object to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of FTI's independent legal counsel. Notwithstanding anything to the contrary in the Application or the Certification, FTI shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of FTI's fee applications in the Chapter 11 Case.

18.    To the extent FTI uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, including but not limited to Compass Lexecon LLC ("Compass Lexecon") FTI shall: (a) pass through the cost of such Contractors at the same rate that FTI pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) to the extent not already disclosed in the Certification, require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the parties in interest list in this case, disclose the Contractors' relationships, if any, with parties in interest list and indicate that the Contractors are disinterested; and (d) FTI shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case or in the case of Compass Lexecon, Contractor's time may be included directly in FTI's fee applications' clearly identified.

19.    The TCC and FTI are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

21.    To the extent that there may be any inconsistency between the terms of the Application, the Certification, and the Final Order, the terms of this Order shall govern.