**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**WEIL, GOTSHAL & MANGES LLP**
Diane Sullivan, Esq.
Ronit Berkovich, Esq.
Theodore Tsekerides, Esq.
Matthew P. Goren, Esq.
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Diane.Sullivan@weil.com
Ronit.Berkovich@weil.com
Theodore.Tsekerides@weil.com
Matthew.Goren@weil.com

*PROPOSED SPECIAL COUNSEL FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF RONIT J. BERKOVICH IN**
**SUPPORT OF APPLICATION FOR RETENTION OF WEIL,**
**GOTSHAL & MANGES LLP AS SPECIAL COUNSEL AS OF APRIL 4, 2023**

I, Ronit J. Berkovich, being of full age, certify as follows:

1.      I am a partner with the law firm of Weil, Gotshal & Manges LLP ("Weil"), an international

law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; and Redwood Shores, California; and foreign offices in London, United Kingdom; Frankfurt and Munich, Germany; Paris, France; Brussels, Belgium; and Beijing, Hong Kong, and Shanghai, China.  I am duly authorized to make this certification on behalf of Weil.

2.      I submit this supplement (the "Supplemental Certification") to my prior certification, dated May 4, 2023 (the "Original Certification"), submitted in support of the *Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel to the Debtor as of April 4, 2023*, filed on May 4, 2023 (Docket No. 428) (the "Application").[2]

3.      *Prior J&J Work*.  Weil billed J&J and its affiliates (including the Debtor) approximately $3,091,937.14 for actual fees and expenses incurred during the twelve-month period prior to the Petition Date (the "Prepetition Amounts").  J&J and its affiliates (including the Debtor) paid Weil a total of approximately $2,902,583.05 on account of the Prepetition Amounts, with Weil agreeing to voluntarily write off approximately $46,541.09 from the Prepetition Amounts.  As of May 26, 2023, J&J and its affiliates (excluding the Debtor) owed Weil approximately $142,813.00 on account of the Prepetition Amounts, excluding any unbilled amounts. J&J and its affiliates (including the Debtor) represented 0.2% and 0.7% of the Weil's annual gross revenue in the twelve and twenty-four months preceding the Petition Date, respectively.

4.      *Bates White*.  As disclosed in my prior certification filed in the 2021 Chapter 11 Case, dated December 10, 2021, Weil has engaged Bates White LLC ("Bates White") in the Imerys Case to provide consulting services on behalf of J&J.  See In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 782].  Weil did not retain Bates White in relation to this Chapter 11 Case.  Weil has not in the past represented and does not represent Bates White as a client; thus, Bates White is not included in Weil's Client Database.  As a result, when Weil compared the names of each of the Potential Parties in Interest to client matters in its Client Database for which professional time was recorded during the two years prior to the comparison, as described in the Original Certification (¶ 8), no match to Bates White resulted.  For comparison, to the extent that other proposed professionals in this Chapter 11 Case are current or former clients of Weil and/or

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Application.

an affiliate or subsidiary of current or former clients, (*e.g.*, AlixPartners LLP and Epiq Corporate Restructuring LLC), these are disclosed in the Disclosure Schedule attached to the Original Certification.  *See* Disclosure Schedule, Schedule 2.  The Original Certification also disclosed generally that Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investments bankers, some of which now, or may in the future, represent claimants and other parties in interest in the case.  *See* Original Certification, ¶ 8.

5.      *Conflicts Check Procedures*.   Weil updated its conflict check, utilizing the process described in paragraph 8 of my Original Certification, with respect to all the Potential Parties in Interest and members of the Official Committee of Talc Claimants.  Weil confirms that this conflicts check did not yield any required supplemental disclosures.

6.      *Fee Guideline Certifications*.   The following is provided in response to the request for additional information set forth in Appendix B, Paragraph D.1 of the Fee Guidelines.

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response**: | Yes.  Please see the below explanation. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | Weil represented the Debtor in the 12 months prior to the Petition Date.  Weil had an agreement with Old JJCI, effective May 1, 2021 to April 30, 2022, to discount its fees for that period by 12% for partners and 15% for all other timekeepers off of Weil's 2021 hourly rates.  Weil and J&J subsequently agreed to a different fee structure for J&J and its affiliates (including the Debtor) for the period of May 1, 2022 through December 31, 2022, with the following rate ranges depending on the number of years of practice: $1,175 to $1,420 for |

partners, $1,050 to $1,070 for counsel, and $575 to $1,010 for associates. Weil and J&J have subsequently agreed to a new billing arrangement for the period of January 1, 2023 through December 31, 2023, with the following billable rates depending on the number of years of practice: senior partners (20+ years) $1,550; partners (15-19 years) $1,300; junior partners (<15 years) $1,225; senior counsel (15+ years) $1,175; junior counsel (<15 years) $1,150; associates (7+ years) $1,080, (6 years) $1,040, (5 years) $1,010, (4 years) $970, (3 years) $890, (2 years) $760, (1 year) $605; paralegal $395; litigation support $370. This structure is a discount off Weil's standard hourly 2023 rates (which went into effect on January 1, 2023): partners and counsel $1,375.00 to $2,095.00, associates $750.00 to $1,350.00, and paraprofessionals $295.00 to $530.00.

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:    Weil will provide the Debtor with prospective budget and staffing plans for each interim fee period. The applicable budget and staffing plan will be included in Weil's interim fee applications.

I certify under penalty of perjury that the above information is true to the best of my knowledge.

Date: June 14, 2023

*/s/ Ronit J. Berkovich*
Ronit J. Berkovich
Weil, Gotshal & Manges LLP