| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **BLAKE, CASSELS & GRAYDON LLP**<br>Linc Rogers<br>199 Bay Street, Suite 4000<br>Toronto, Ontario M5L 1A9<br>Telephone: 416-863-2400<br>Fax: 416-863-2653<br>Email: linc.rogers@blakes.com<br><br>*PROPOSED SPECIAL COUNSEL TO DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF LINC ROGERS**
**IN SUPPORT OF APPLICATION FOR RETENTION OF**
**BLAKE, CASSELS & GRAYDON LLP, EFFECTIVE AS OF APRIL 4, 2023**

I, Linc Rogers, being of full age, certify as follows:

    1.    Blake, Cassels & Graydon LLP ("Blakes") is seeking authorization to be retained as Canadian counsel to LTL Management LLC (the "Debtor") in the Chapter 11 Case and

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

I make this certification in support of the *Application for Retention of Blake, Cassels & Graydon LLP, Effective as of April 4, 2023* filed by the Debtor (the "Application").[2]

2.  In connection with that Application, I provided a Certification dated May 4, 2023 (the "Original Certification"). This Supplemental Certification is being provided pursuant to communication with the US Trustee.

3.  The Debtor has advised Blakes that if the U.S. Bankruptcy Court dismisses the preliminary injunction, the Debtor, including in its capacity as foreign representative (in such capacity, the "Foreign Representative") would not seek injunctive relief against non-debtor parties in Canada. Blakes' role as counsel to the foreign representative is limited to seeking (i) recognition of orders in the chapter 11 case and (ii) such ancillary and complimentary relief needed to better give effect to the chapter 11 orders in Canada and coordinate and bring symmetry between the recognition proceedings and the primary chapter 11 proceedings. Blakes will not advise the Debtor or the Foreign Representative on other restructuring efforts in Canada. If Blakes seeks to provide services to the Foreign Representative or the Debtor in the Recognition Proceeding beyond the foregoing, Blakes will advise the U.S. Trustee and, if needed, either submit a supplemental certification or, if appropriate, seek retention under section 327(a).

4.  The Debtor's interest is fully aligned with that of J&J and J&J Canada in the matters for which the Debtor seeks to retain Blakes as special counsel. In particular, the interests of the Debtor, J&J and J&J Canada are aligned in Blakes' joint representation of them including because the claims made in the Canadian talc related litigation lump the three co-defendants together and the claims are virtually identical in all material respects. No cross claims have been or will be made as between those companies in that litigation. Blakes has not given any of them advice on contribution or indemnity obligations as between them, if any exist, in respect of Canadian talc-related claims. Such matters would be entirely outside the scope of the proposed retainer of Blakes as special counsel. Accordingly, no conflict arises in relation to Blakes' role as the Debtor's special counsel.

5.  The total combined gross income received from all J&J related current clients in each of the last two years is less than 2.5% of Blakes' gross income. The total gross income received from any individual client identified in Schedule 2 of my Original Certification, in the last two years, that is not a J&J related entity, does not exceed 0.4% of Blakes' total income.

6.  Blakes defends J&J companies that are insured but Blakes has not provided any advice to J&J insurers directly related to or concerning talc and/or asbestos liability of the J&J companies. Blakes has not advised on insurance coverage or indemnification obligations related to such liability and such matters would be outside the scope of the proposed retainer of Blakes as special counsel.

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

7.     As of the Petition Date, nothing is owing by J&J to Blakes for work performed with respect to the talc litigation on behalf of J&J and J&J Canada.

8.     The following questions and answers are made pursuant to paragraph D.1 of the U.S. Trustee Large Case Fee Guidelines:

**Question (a):** Did Blakes agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement?

**Answer:**     The hourly rates to be charged by Blakes reflect the reduced rate fee structure agreed with J&J for the Canadian talc litigation, which reduced rate fee structure has been extended to and agreed to by the Debtor.

**Question (b):** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer:**     No.

**Question (c):** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer:**     There have been no material changes to the billing rates or financial terms of our engagement. As noted above, the hourly rates to be charged to the Debtor by Blakes reflect a reduced rate fee structure, determined through extensive discussions and in consultation with J&J, which is extended to and agreed to by the Debtor. The hourly rates are not changed in any way as a result of the bankruptcy filing.

The hourly rates are updated periodically, but only following discussions with and upon the agreement of J&J and the Debtor. At the time of preparing the Application, the hourly rates were under their usual review, and have recently been approved. With one exception, the updated hourly rates fall within the ranges of hourly rates included in the Application. The updated hourly rates, with the updated range of hourly rates for Associates, is as follows:

| *Billing Category* | *Canada Rates (CDN$)* | *Canada Rates (USD$)* |
|---|---|---|
| Partners and Of Counsel | $1,070.00 - $580.00 | $876.00 - $475.00 |
| Associates | ~~$678.00 - $335.00~~<br>$732.00 - $321.00 | ~~$555.00 - $275.00~~<br>$599.00 - $263.00 |
| Law Clerks | $378.00 - $360.00 | $310.00 - $295.00 |

All ranges of hourly rates reflect the reduced rate fee structure agreed to with J&J and extended to and agreed to by the Debtor.

**Question (d):** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Answer:** The Debtor has not requested that Blakes provide a prospective budget and staffing plan to date. However, Blakes is agreeable to preparing and submitting a budget and staffing plan and will include such budget and staffing plan in its first interim fee application.

The following is a list of the primary individuals anticipated to be working on this case on a go-forward basis:

| Name | Year Admitted |
| --- | --- |
| Gordon McKee<br>Partner, Litigation & Dispute Resolution (Toronto) | 1988 |
| Robert Torralbo<br>Partner, Litigation & Dispute Resolution (Montreal) | 1985 |
| Linc Rogers<br>Partner, Restructuring & Insolvency (Toronto) | 2000 |
| Robin Reinertson<br>Partner, Litigation & Dispute Resolution (Vancouver) | 2005 |
| Karine Russell<br>Partner, Litigation & Dispute Resolution (Vancouver) | 2009 |
| Simon Seida<br>Partner, Litigation & Dispute Resolution (Montreal) | 2010 |
| Jessica Lam<br>Partner, Litigation & Dispute Resolution (Toronto) | 2014 |
| Caitlin McIntyre<br>Associate, Restructuring & Insolvency (Toronto) | 2017 |
| Konrad Spurek<br>Associate, Litigation & Dispute Resolution (Vancouver) | 2022 |
| Kevin Wu<br>Associate, Restructuring & Insolvency (Toronto) | 2023 |

-5-

| | |
|---|---|
| Nancy Thompson<br>Law Clerk, Restructuring &<br>Insolvency (Toronto) | *N/A* |

I certify under penalty of perjury that the above information is true.

Date:  June 14, 2023         */s/ Linc Rogers*
                             Linc Rogers
                             Blake, Cassels & Graydon LLP
                             199 Bay Street, Suite 4000
                             Toronto, Ontario M5L 1A9
                             Telephone: 416-863-2400
                             Fax:    416-863-2653
                             Email: linc.rogers@blakes.com

-5-