| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>Kris Hansen (admitted *pro hac vice*)<br><br>-and-<br><br>PAUL HASTINGS LLP<br>71 South Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>Matthew M. Murphy (admitted *pro hac vice*)<br>Matthew Micheli (admitted *pro hac vice*)<br><br>COLE SCHOTZ P.C.<br>Court Plaza North<br>25 Main Street, P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>Michael D. Sirota<br>Warren A. Usatine<br>Seth Van Aalten *(admitted pro hac vice)*<br>Justin Alberto (admitted *pro hac vice*)<br><br>PARKINS & RUBIO LLP<br>700 Milam, Suite 1300<br>Houston, Texas 77002<br>(713) 715-1666<br>Lenard M. Parkins (admitted *pro hac vice*)<br>Charles M. Rubio (admitted *pro hac vice*)<br><br>*Counsel to Ad Hoc Committee of Supporting Counsel* | |
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>                        Debtor. | Case No. 23-12825 (MBK)<br><br>Chapter 11<br><br>**Hearing Date and Time:**<br>**July 11, 2023 at 10:00 AM**<br><br>Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**MOTION OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL TO FILE UNDER SEAL AND REDACT CERTAIN INFORMATION IN FIRST SUPPLEMENTAL VERIFIED STATEMENT OF PAUL HASTINGS LLP, COLE SCHOTZ P.C., AND PARKINS & RUBIO LLP PURSUANT TO BANKRUPTCY RULE 2019**

The Ad Hoc Committee of Supporting Counsel (the "**AHC of Supporting Counsel**"), by and through its counsel, Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP, hereby moves (the "**Motion**") for entry of an order, pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court, District of New Jersey (the "**Local Rules**"), substantially in the form attached hereto as Exhibit A, authorizing the AHC of Supporting Counsel to file under seal its *First Supplemental Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* (the "**Supplemental 2019 Statement**")[2] and to file a redacted version of the Supplemental 2019 Statement that will be publicly available.[3] In support of this Motion, the AHC of Supporting Counsel respectfully states as follows:

## INTRODUCTION

1. The AHC of Supporting Counsel requests that this Court enter an order, *inter alia*, (A) authorizing the AHC of Supporting Counsel to file under seal the Supplemental 2019 Statement and file a redacted version that will be publicly available, in accordance with section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1; and (B) granting the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplemental 2019 Statement.

[3] A redacted version of the Supplemental 2019 Statement has been filed immediately prior to the filing of this Motion. An unredacted version of the Supplemental 2019 Statement is being filed immediately after the filing of this Motion in accordance with this Court's procedures for the filing of sealed documents.

AHC of Supporting Counsel such other and further relief as this Court deems necessary and appropriate and consistent with the terms of this Motion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J). The AHC of Supporting Counsel confirms its consent to this Court entering a final order in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are sections 105(a) and 107 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

5. This Motion is made in connection with the AHC of Supporting Counsel's *First Supplemental Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019*.

## BACKGROUND

6. On April 4, 2023, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to products containing talc.

7. In the Debtor's prior chapter 11 case filed on October 14, 2021 (the "**2021 Chapter 11 Case**"), this Court entered the *Order Compelling Compliance with Fed. R. Bankr. P. 2019* (the "**2021 Chapter 11 Case Order**"). *See In re LTL Mgmt. LLC*, No. 21-30589 (MBK) (Bankr. D.N.J. May 25, 2022) [Docket No. 2352]. Under the 2021 Chapter 11 Case Order, groups and committees of personal injury claimants were permitted (1) to file under seal Bankruptcy Rule 2019 statements and (2) to file redacted versions of Bankruptcy Rule 2019 statements that only included each claimant's first name and the first letter of their last name and redacted their last names, addresses, information about the disease for which their claims were asserted or expected to be asserted, and confidential information related to the fee arrangements in the documents that empowered committees to act on their behalf. The 2021 Chapter 11 Case Order is the culmination of heavy motion practice and deliberation by key constituents in the 2021 Chapter 11 Case.

8. Additionally, on May 17, 2023, the Court entered the *Order Governing Confidential Information By and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(B)* [Docket No. 545] (the "**Confidentiality Order**"), which authorized any party that acceded to the terms of the Confidentiality Order to file a motion to seal under Local Rule 9018-1 for purposes of maintaining the confidentiality of certain information, including "information implicating an individual's legitimate expectation of privacy, including medical information and social security numbers." Counsel to the AHC of Supporting Counsel has duly executed the acknowledgement to the Confidentiality Order.

9. Further, on June 6, 2023, the Court entered the *Order Granting in Part and Denying in Part the TCC's Motion to Compel Unredacted Documents* [Docket No. 504] (the "**Redaction Order**"), which required the AHC of Supporting Counsel to provide copies of the claimant lists annexed to the Initial 2019 Statement without redactions of claimant last names, the first initial of

4

claimant first names, dates of birth, and the last four digits of each claimant's social security number, to the extent such information is included therein, to Brown Rudnick, LLP, FTI Consulting, Inc., and Compass Lexecon, LLC solely on a professionals'-eyes only basis for the sole purpose of claimant de-duplication and not for any other purpose.

10. Contemporaneously with the filing of this Motion, the AHC of Supporting Counsel filed under seal in unredacted form the Supplemental 2019 Statement, which includes the full names of the claimants represented by the Additional Members of the AHC of Supporting Counsel (the "**Claimants**"), their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and information about the diseases from which the Claimants suffer, as well as the form of engagement letter that empowers each Additional Member of the AHC of Supporting Counsel to act on behalf of their individual clients.

## REQUEST FOR RELIEF

11. By this Motion, the AHC of Supporting Counsel requests entry of an order, a copy of which is attached hereto as Exhibit A, authorizing it to file under seal the unredacted Supplemental 2019 Statement and to file a redacted Supplemental 2019 Statement that protects from public disclosure (1) the full last names of the Claimants (other than the first initial), their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and the diseases from which the Claimants suffer; and (2) any confidential information related to the fee arrangements contained in the form of an engagement letter that will be attached to the Supplemental 2019 Statement which authorizes each member of the AHC of Supporting Counsel to act on behalf of its individual clients.[4]

---

[4] The AHC of Supporting Counsel requested substantially similar relief with respect to its *Verified Statement of Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019*. *See Motion of the Ad Hoc Committee of Supporting Counsel to File Under Seal and Redact Certain Information in Verified Statement of*

5

12. The AHC of Supporting Counsel will provide unredacted copies of the Supplemental 2019 Statement to the United States Trustee in accordance with section 107(c)(3)(A) of the Bankruptcy Code, and the United States Trustee shall treat the Supplemental 2019 Statement in accordance with section 107(c)(3)(B) of the Bankruptcy Code.

13. Further, consistent with the relief granted in the Redaction Order, the AHC of Supporting Counsel will provide copies of the claimant lists annexed to the Supplemental 2019 Statement without redactions of claimant last names, the first initial of claimant first names, dates of birth, and the last four digits of each claimant's social security number, to the extent such information is included therein, to Brown Rudnick, LLP, FTI Consulting, Inc., and Compass Lexecon, LLC solely on a professionals'-eyes only basis for the sole purpose of claimant de-duplication and not for any other purpose.

## BASIS FOR RELIEF

14. The presumption of open access to judicial proceedings and records is codified in section 107 of the Bankruptcy Code. *See* 11 U.S.C. § 107(a). However, in limited circumstances the Bankruptcy Code empowers bankruptcy courts to limit the public's access by sealing documents that would normally be available to the public, or otherwise prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107; *see also In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (emphasizing that the public's right of access is not absolute); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same).

15. Section 107 of the Bankruptcy Code provides, in relevant part, that:

---

*Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* [Docket No. 471] (the "First Sealing Motion").  The relief requested in the First Sealing Motion was approved by this court in its *Order Authorizing Ad Hoc Committee of Supporting Counsel to File Under Seal and Redact Certain Information in Verified Statement of Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* [Docket No. 783].

6

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .
>
> * * * * * * * * * *
>
> (c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107. Furthermore, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

16. The AHC of Supporting Counsel files this Motion to protect the rights and identities of the individual Claimants. The public disclosure of the full last names of the Claimants, their dates of birth, the last four digits of their social security numbers, their dates of death, if applicable, and the diseases from which the Claimants suffer would almost certainly result in the release of sensitive health information, harassment, identity theft exposure, and other issues. Each Claimant has a legitimate expectation of privacy in such information, and therefore such information qualifies as confidential information under the Confidentiality Order. *See* Confidentiality Order ¶ 9 (defining the term "Confidential Information" to include, *inter alia*, medical information and social security numbers). Furthermore, any financial terms in the form of engagement letter are commercial information that is protected by section 107(b) of the Bankruptcy Code, and there is no purpose in publicly filing the fee arrangements.

7

17. The relief sought in this Motion is consistent with the 2021 Chapter 11 Case Order and the Confidentiality Order entered by this Court. Both the 2021 Chapter 11 Case Order and the Confidentiality Order were put into effect after lengthy discussions among key constituents in the 2021 Chapter 11 Case and this case.

18. Based on the foregoing, the AHC of Supporting Counsel respectfully submits that sufficient cause exists for this Court to permit the Supplemental 2019 Statement to be filed under seal and redacted pursuant to section 107 of the Bankruptcy Code.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## WAIVER OF MEMORANDUM OF LAW

20. The AHC of Supporting Counsel respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the AHC of Supporting Counsel relies is set forth herein and this Motion does not raise any novel issues of law.

## NOTICE

21. Notice of this Motion will be given to: (1) counsel to the Debtor; (2) counsel to the Official Committee of Talc Claimants; (3) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (4) the legal representative for future talc claimants and her counsel; (5) the Office of the United States Trustee for the District of New Jersey; and (6) the other parties on the Master Service List established by the Case Management Order.

66055/0001-45569364v4

**WHEREFORE**, the AHC of Supporting Counsel respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: June 16, 2023    **COLE SCHOTZ P.C.**

*/s/ Michael D. Sirota*
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881995)
Seth Van Aalten (admitted *pro hac vice*)
Justin Alberto (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, NJ 07602-0800
(201) 489-3000
Email:  msirota@coleschotz.com
        wusatine@coleschotz.com
        svanaalten@coleschotz.com
        jalberto@coleschotz.com

– and –

**PAUL HASTINGS LLP**

Kris Hansen (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email:  krishansen@paulhastings.com

Matthew M. Murphy (admitted *pro hac vice*)
Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Email:  mattmurphy@paulhastings.com
        mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Email:  lparkins@parkinsrubio.com
  crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee of Supporting Counsel*

66055/0001-45569364v4