**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*



**Order Filed on June 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

LTL MANAGEMENT LLC,[1]

       Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**Hearing Date and Time**:
June 13, 2023 at 10:00 a.m.

## ORDER AUTHORIZING THE DEBTOR TO
## ENTER INTO THE REIMBURSEMENT AGREEMENT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 20, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Debtor to Enter Into the Reimbursement Agreement

This matter coming before the Court on the *Debtor's Motion for an Order Authorizing It to Enter Into an Expense Reimbursement Agreement with Ad Hoc Committee of Supporting Counsel* [Dkt. 575] (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to section 363(b) of the Bankruptcy Code; the Court having reviewed the Motion, the objections filed by the Official Committee of Talc Claimants [Dkt. 707], Maune Raichle Hartley French & Mudd [Dkt. 711] and the United States Trustee for the District of New Jersey [Dkt. 713] (collectively, the "Objections"), the Ad Hoc Committee of Supporting Counsel's response to the Objections [Dkt. 744], the Debtor's reply in support of the Motion [Dkt. 745], and having heard the statements of counsel and considered the evidence presented with respect to the Motion at a hearing on June 13, 2023 before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and no further notice is necessary, (v) entry into the Reimbursement Agreement is a reasonable exercise of the Debtor's business judgment, and (vi) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation, and for the reasons set forth at the Hearing, the Court having overruled the Objections and having determined that the legal and

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Debtor to Enter Into the Reimbursement Agreement

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtor is authorized to enter into and perform its obligations under the Reimbursement Agreement pursuant to section 363 of the Bankruptcy Code.

3. The Debtor is authorized to pay the Fees and Expenses in accordance with the terms and conditions of the Reimbursement Agreement, the Interim Compensation Order, and this Order, and the Debtor shall have no obligation to pay any Fees and Expenses incurred after the termination of the Reimbursement Agreement in accordance with its terms.

4. For Fees and Expenses covered by the Reimbursement Agreement, such Fees and Expenses shall be subject to the same standards applicable to other professionals retained in this Chapter 11 Case, and the Professionals shall comply with the processes and procedures set forth in the Interim Compensation Order.  For the avoidance of doubt, parties in interest, including the U.S. Trustee, shall have the right to object to the Professionals' monthly, interim and final fee applications (including expense reimbursement) under section 330 of the Bankruptcy Code.

5. Nothing in this Order shall be deemed to constitute (a) a grant of third-party beneficiary status or bestow of any additional rights on any third party; (b) a waiver of any rights, claims or defenses of the Debtor; (c) an admission of the validity of any claim against the Debtor; (d) a waiver of the Debtor's rights or those of any party in interest to dispute, contest,

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Debtor to Enter Into the Reimbursement Agreement

setoff, or recoup any claim, or assert any related rights, claims, or defenses; or (e) an allowance of an administrative expense claim.

6. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

7. Notwithstanding the possible application of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction over all matters arising out of or related to the implementation, interpretation or enforcement of this Order.