# EXHIBIT B

## OCP Declaration

NAI-1535870282

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

# DECLARATION OF ORDINARY COURSE PROFESSIONAL

**[Firm Name]**

The undersigned hereby declares, under penalty of perjury, as follows:

1. I am a member, partner or similar representative of the following firm (the "Firm"), which maintains offices at the address and phone number listed below:

Firm: _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Address and Telephone Number: _____

_____

        2.      This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing LTL Management LLC (the "<u>Debtor</u>") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case [Dkt. __] (the "<u>Order</u>").  Following the date that the Debtor's chapter 11 case was commenced (the "<u>Petition Date</u>"), the Debtor has requested that the Firm provide professional services (or continue to provide such services) to the Debtor, and the Firm has agreed to provide such services.  Accordingly, the Firm is submitting this Declaration pursuant to the Order.

        3.      The Firm, through me, and other members, partners, associates or employees of the Firm, has provided, or plans to provide, the following services to the Debtor from and after the Petition Date: _____

_____

_____

        4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties-in-interest in the Debtor's chapter 11 case.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties-in-interest in this chapter 11 case.  The Firm does not perform services for any such person in connection with this chapter 11 case.  In addition, the Firm does not have any relationship with any such person, such

person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

      5.      To the best of my knowledge, information and belief, formed after due inquiry, the Firm does not represent or hold an interest adverse to the Debtor or its estate with respect to the matter(s) on which the Firm is to be retained and employed.

      6.      The Firm believes that it is [not owed any amount] / [owed approximately $_____] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtor.

      7.      [FOR LEGAL SERVICES FIRMS: The Debtor owes the Firm $_____ for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. 101-1532.]

      8.      [FOR NON-LEGAL SERVICE FIRMS ONLY: The Firm agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

      9.      The Firm further states that it has not shared, has not agreed to share nor will agree to share, any compensation received in connection with this chapter 11 case with any party or person, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

      10.      As of the Petition Date, which was the date on which the Debtor commenced this chapter 11 case, the Firm [was/was not] party to an agreement for indemnification with the Debtor. [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

11. If, at any time during its employment by the Debtor, the Firm discovers any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____ , 202[_], at _____ .

By: _____
    [Name]

SWORN AND SUBSCRIBED before
me this ___ day of _____, 202[_].
_____ Notary Public

Dated: _____      By: _____
    [Name]

-4-