**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>July 11, 2023 at 10:00 a.m. |

# DEBTOR'S MOTION FOR AN ORDER (I) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM OTHER THAN WITH RESPECT TO DIRECT TALC PERSONAL INJURY CLAIMS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order establishing: (i) the general bar date (the "General Bar Date") by which all entities, except

as otherwise provided herein, must file proofs of claim; (ii) the date by which proofs of claim

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1532195166

relating to the Debtor's rejection of executory contracts or unexpired leases must be filed (the "Rejection Bar Date"); (iii) the date by which entities must file proofs of claim as a result of any amendment by the Debtor of its schedules of assets and liabilities or statement of financial affairs (the "Amended Schedule Bar Date" and, collectively with the General Bar Date and the Rejection Bar Date, the "Bar Dates"); (iv) approving procedures for filing proofs of claim; and (v) approving the general form and manner of notice of the Bar Dates.  In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105, 501, and 503 of the Bankruptcy Code, Rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules").

### Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

NAI-1532195166

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor has reached agreement on the material terms of a plan of reorganization with tens of thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this Chapter 11 Case to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements.

6. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4], which was filed on the Petition Date.

7. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162] (the "Talc Committee"). On May 18, 2023, the Court entered an order [Dkt. 551] appointing Randi S. Ellis as the legal representative for future claimants (the "Future Claimants' Representative").

8. On April 13, 2023, the Court entered an order [Dkt. 134] extending the time within which the Debtor must file its schedules of assets and liabilities and statement of

-3-

NAI-1532195166

financial affairs (collectively, the "Schedules").  In accordance with that order and pursuant to Bankruptcy Rule 1007, the Debtor filed its Schedules on May 5, 2023 [Dkts. 450, 451].

9. On June 8, 2023, the Debtor filed the *Motion for Entry of an Order Waiving the Requirement of Rule 3003-1(a)(1) of the Local Rules of the United States Bankruptcy Court District of New Jersey* [Dkt. 734] (the "Waiver Motion").  Pursuant to the Waiver Motion, the Debtor seeks an order that waives the requirement of Local Bankruptcy Rule 3003-1(a)(1), that proofs of claims by creditors (other than governmental units) and equity security holders be filed by seventy (70) days after the Petition Date, without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim.

**Request for an Order (A) Establishing the Bar Dates and Related
Claims Procedures and (B) Approving the Form and Manner of Notice Thereof**

10. As of the Petition Date, the Debtor was a defendant in thousands of talc-related lawsuits.  The primary purpose of the Chapter 11 Case is to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements and ultimately consummate a plan of reorganization that would, among other things, establish and fund a trust to resolve and pay current and future talc-related claims arising from products manufactured and/or sold by the former Johnson & Johnson Consumer Inc. ("Old JJCI"), or for which Old JJCI may otherwise have had legal responsibility.

11. As set forth in the Waiver Motion, the Debtor seeks to waive the requirements of Local Bankruptcy Rule 3003-1(a)(1) and to obtain an order from the Court fixing the time for the filing of proofs of claim, including by governmental units.  Consequently, the Debtor requests that, pursuant to Bankruptcy Rule 3003(c)(3), the Court (a) establish the Bar Dates and the related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

-4-

12. The General Bar Date shall apply to all claims of any kind, except as otherwise provided herein and expressly excluding Direct Talc Personal Injury Claims.[2] In addition, any request for payment of an administrative expense of the Chapter 11 Case under section 503(b) of the Bankruptcy Code does not need to be filed by the General Bar Date. The claims subject to the General Bar Date are referred to herein as "General Claims."

**A.  Establishment of the Bar Dates**

13. <u>The General Bar Date</u>. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed."). Additionally, Bankruptcy Rule 2002(a) requires that parties in interest receive at least 21 days' notice of the "time fixed for filing proofs of claims pursuant to Rule 3003(c)." Fed. R. Bankr. P. 2002(a)(7). Creditors with foreign addresses must receive at least 30 days' notice of the time fixed for filing a proof of claim under Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(p)(2).

---

[2] As used herein and as defined in the *Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 525] (the "<u>Plan</u>"), a "<u>Direct Talc Personal Injury Claim</u>" means a Talc Personal Injury Claim other than an Indirect Talc Personal Injury Claim.

As defined in the Plan, "<u>Indirect Talc Personal Injury Claim</u>" means (a) a Talc Personal Injury Claim for contribution, reimbursement, subrogation, or indemnity (as those terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), whether contractual or implied by law, and any other derivative Talc Personal Injury Claim, whether in the nature of or sounding in contract, tort, warranty, or other theory of law, including a Talc Personal Injury Claim of Imerys/Cyprus Party for contribution, reimbursement, subrogation, or indemnity under any Imerys/Cyprus Agreement or otherwise, or (b) a Governmental Action Claim. For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include (i) any claim for or otherwise relating to death, injury, or damages caused by talc or a product or material containing talc that is asserted by or on behalf of any injured individual, the estate, legal counsel, relative, assignee, or other representative of any injured individual, or an individual who claims injury or damages as a result of the injury or death of another individual caused by talc or a product or material containing talc regardless of whether such claim is seeking compensatory, special, economic, noneconomic, punitive, exemplary, administrative, or any other costs or damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement, judgment, or verdict or (ii) any claim against any Imerys/Cyprus Party based on, arising out of, or in any way relating to the Imerys/Cyprus Related Rights. By way of illustration and not limitation of claims contemplated by the foregoing clause (i), an Indirect Talc Personal Injury Claim shall not include any claim for loss of consortium, loss of companionship, services and society, or wrongful death.

Capitalized terms used in this footnote have the meanings given to them in the Plan.

NAI-1532195166

14. Following the date that an order is entered approving this Motion and establishing the Bar Dates (any such order, the "Bar Date Order"), the Debtor will serve a notice of the Bar Dates and a proof of claim form upon all known entities holding potential claims subject to the Bar Dates. The Debtor intends that the date on which it serves the notice of the Bar Dates and the proof of claim form will occur no later than five business days after entry of the Bar Date Order (the "Service Deadline").

15. The Debtor requests that the Court establish the General Bar Date as October 2, 2023 at 5:00 p.m., prevailing Eastern Time. The Debtor submits that this will provide more than 75 days after the projected Service Deadline for creditors to file proofs of claim in the Chapter 11 Case.

16. Unless an entity holding a prepetition General Claim falls within one of the exceptions described below, the General Bar Date is the date by which all entities, including governmental units, holding prepetition General Claims must file proofs of claim with respect to such General Claims.

17. The Rejection Bar Date. The Debtor anticipates that certain entities may assert claims in connection with the Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtor proposes that, for any claim relating to the Debtor's rejection of an executory contract or unexpired lease as approved by the Court pursuant to an order entered prior to confirmation of a plan of reorganization in the Chapter 11 Case, the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date or (b) 30 days after the effective date of rejection of such executory contract or unexpired lease. The Debtor will describe the Rejection Bar Date in any order approving the rejection of any executory contract or unexpired lease.

18. <u>The Amended Schedule Bar Date</u>.  The Debtor retains the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend, modify, or supplement the Schedules; <u>provided</u>, <u>however</u>, that, except as otherwise provided in a plan of reorganization confirmed in the Chapter 11 Case, if the Debtor amends or modifies its Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a General Claim against the Debtor, the affected claimant will have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of the amended scheduled claim.  By contrast, if the amendment to the Schedules improves the amount or treatment of a previously scheduled or filed General Claim, the Debtor proposes that affected claimants that previously were served with a notice of the Bar Dates not be permitted to file additional claims or amend related previously filed proofs of claim by the Amended Schedule Bar Date.  If the Debtor amends or modifies its Schedules with respect to any claim that the Debtor states has been satisfied, such paid creditor shall not be required to file a proof of claim with respect to the satisfied claim.

19. The Debtor requests that the Amended Schedule Bar Date be established as the later of (a) the General Bar Date or (b) 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected claimant.  Such notice will describe the Amended Schedule Bar Date.  Notwithstanding the foregoing, nothing contained herein would preclude the Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

B. **Proofs of Claim That Must Be Filed by the General Bar Date**

20. The Debtor proposes that, except as otherwise provided herein, the following entities,[3] including governmental units, must file proofs of claim with respect to General Claims on or before the General Bar Date:

    (a)    any entity (i) whose prepetition General Claim against the Debtor is not listed in the Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in the Chapter 11 Case or share in any distribution in the Chapter 11 Case; and

    (b)    any entity that (i) believes that its prepetition General Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its prepetition General Claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

C. **Proofs of Claim That Are Not Required to Be Filed by the General Bar Date**

21. The Debtor proposes that the following entities need not file proofs of claim by the General Bar Date:

    (a)    any entity (including any person or estate) holding or asserting a Direct Talc Personal Injury Claim;

    (b)    any entity (i) whose General Claim against the Debtor is not listed as disputed, contingent, or unliquidated in the Schedules and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules;

    (c)    any entity whose claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

    (d)    any entity holding or asserting a claim allowable under sections 503(b)[4] and 507(a)(2) of the Bankruptcy Code as an administrative expense of the Chapter 11 Case; and

---

[3]    As used in this Motion, the term "entity" has the meaning set forth in section 101(15) of the Bankruptcy Code.

[4]    All administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code (or as otherwise provided in a plan

(e) any of the Debtor's non-debtor affiliates (as affiliate is defined in section 101(2) of the Bankruptcy Code) who may have a claim against the Debtor.

D. **No Requirements to File Proofs of Interest**

22. The Debtor proposes that any entity holding a direct or indirect ownership interest in the Debtor need not file a proof of interest on or before the General Bar Date.

E. **Effect of Failure to File Proofs of Claim**

23. The Debtor proposes that pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code[5] and Bankruptcy Rule 3003(c)(2),[6] any entity that is required to file a proof of claim in the Chapter 11 Case pursuant to the Bar Date Order with respect to a particular claim against the Debtor but that fails to do so by the applicable Bar Date will be forever barred, estopped, and enjoined from (a) asserting any such claim against the Debtor or its estate or property that is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated (any such claim, an "Unscheduled Claim")[7]; or (b) voting on, or receiving distributions under, any chapter 11 plan in the Chapter 11 Case in respect of an Unscheduled Claim.

---

of reorganization confirmed in the Chapter 11 Case) and shall not be deemed proper if made by proof of claim.

[5] Section 502(b)(9) of the Bankruptcy Code provides that the Court may disallow a claim if the related proof of claim "is not timely filed . . . ." 11 U.S.C. § 502(b)(9). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ." 11 U.S.C. § 105(a).

[6] Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim . . . within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

[7] For the avoidance of doubt, to the extent that a claim is not listed in the Debtor's Schedules, the value of such claim will be treated as $0.00.

**F.      Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim**

24.     The Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims.  The Debtor proposes to serve on all known entities holding potential prepetition General Claims:  (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit A and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form that is substantially in the form of Official Form No. 410 but has been modified to customize it to this Chapter 11 Case, as reflected in the form attached hereto as Exhibit B and incorporated herein by reference (the "Proof of Claim Form" and, collectively with the Bar Date Notice, the "Bar Date Notice Package").[8]  The Bar Date Notice states, among other things, that proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Epiq"), the Debtor's claims and noticing agent, so that they are received on or before the applicable Bar Date.

25.     As soon as practicable, but in any event no later than five business days after the entry of the Bar Date Order, the Debtor, through Epiq, intends to mail the Bar Date Notice Package by first class United States mail, postage prepaid, to all known potential holders of General Claims (collectively, the "General Claimants").  The General Claimants include: (a) all holders of claims listed on the Schedules, excluding holders of Direct Talc Personal Injury Claims; (b) all counterparties to executory contracts and unexpired leases listed in the Schedules; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the taxing and other regulatory entities for the jurisdictions in which the Debtor owns property; (f) the

---

[8]     The Proof of Claim Form has been modified, and may be further modified in certain limited respects, to (a) accommodate the claims process in the Chapter 11 Case and (b) provide additional information for the benefit of potentially interested parties.  These modifications include (a) identifying the method for claimants to obtain acknowledgement of the claims agent's receipt of their proofs of claim, (b) providing case-specific information to assist parties in interest in obtaining relevant information about the Chapter 11 Case, and (c) including other clarifications or non-substantive formatting changes.

NAI-1532195166

Office of the United States Attorney for the District of New Jersey and the attorneys general for each of the United States and certain territories and commonwealths thereof and the District of Columbia; (g) all entities that have requested notices pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case as of the date of entry of the Bar Date Order; (h) the Debtor's equity holder; (i) all other entities listed on the Debtor's matrix of creditors, except holders of Direct Talc Personal Injury Claims; and (j) counsel to any of the foregoing, if known.  The Debtor also will mail the Bar Date Notice Package to the U.S. Trustee, the members of the Talc Committee, the Future Claimants' Representative, and the respective counsel to the foregoing, as well as counsel to the ad hoc committee of state attorneys general (the "Ad Hoc Committee") and counsel to the Ad Hoc Committee of Supporting Counsel.  The Bar Date Notice Package will not be served on holders of Direct Talc Personal Injury Claims or their counsel.

26. The Proof of Claim Form will state, along with the claimant's name, whether the claimant's General Claim is listed in the Schedules and, if so, whether the General Claim is listed as:  (a) disputed, contingent, or unliquidated; and (b) secured, unsecured, or priority.  The dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form.[9]

27. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original of the Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d),[10] to Epiq at the address

---

[9] In the event of any conflict between the claim information included in the Proof of Claim Form and the information provided in the Schedules, the Schedules shall control.  Any entity that relies on the claim information in the Schedules bears responsibility for determining that its claim is accurately listed therein.

[10] Bankruptcy Rule 3001(c) requires as follows:

> [W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim.  If the

-11-

identified on the Bar Date Notice so as to be received no later than 5:00 p.m., prevailing Eastern Time, on the applicable Bar Date. All such filed proofs of claim must: (a) be written in English; (b) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (prevailing Eastern Time) on the Petition Date; (c) conform substantially with the Proof of Claim Form; (d) set forth with specificity the legal and factual basis for the alleged claim; (e) include supporting documentation (or, if such documentation is voluminous, a summary of such documentation), including a copy of any written document that forms the basis of the General Claim or evidences that an alleged security interest has been perfected, or an explanation as to why such documentation is not available; and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

28. The Debtor proposes that General Claimants be permitted to submit proofs of claim by courier service, hand delivery, or mail. Additionally, proofs of claim may be filed electronically using the interface available on Epiq's website at https://dm.epiq11.com/case/LTL under "Case Actions" and by clicking on "File a Claim." ***Proofs of claim submitted by facsimile or e-mail will not be accepted.*** Proofs of claim will be deemed filed when they are actually received by Epiq. If a General Claimant wishes to receive acknowledgement of Epiq's receipt of a proof of claim, the General Claimant also must submit to Epiq by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope. Claimants who submit proofs of claim through Epiq's website interface will receive an email confirmation of such submissions.

---

writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1). Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d).

29. Establishing October 2, 2023 at 5:00 p.m., prevailing Eastern Time, as the General Bar Date in the Chapter 11 Case will give potential General Claimants an adequate amount of time (approximately 75 days) to review the Schedules and prepare and file proofs of claim, if necessary. Further, notice of the General Bar Date would exceed the minimum 21-day notice period required by Bankruptcy Rule 2002(a)(7) and the minimum 30-day notice period for foreign creditors provided by Bankruptcy Rule 2002(p). The proposed General Bar Date is also the deadline for governmental units to file proofs of claim in this Chapter 11 Case absent any Bar Date Order pursuant to Local Rule 3003(a)(2) and section 502(b) of the Bankruptcy Code.[11] Thus, governmental units are not prejudiced by the establishment of the General Bar Date. In addition, for orders approving the rejection of executory contracts or unexpired leases entered after the date that the Bar Date Order is entered, the Debtor will include a description of the Rejection Bar Date in the text thereof, thus providing at least 30 days' notice of the Rejection Bar Date. Similarly, the Debtor will provide parties with at least 30 days' notice of the Amended Schedules Bar Date.

30. In the event that: (a) one or more Bar Date Notice Packages are returned by the post office, necessitating a mailing to a new address; (b) certain parties acting on behalf of parties in interest decline to forward the Bar Date Notice Packages to such parties in interest and instead return their names and addresses to Epiq for direct mailing; and (c) additional potential holders of General Claims become known to the Debtor, the Debtor requests authority to make

---

[11] See D.N.J. LBR 3003(a)(2) (providing that a governmental unit subject to Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the order for relief); 11 U.S.C. § 502(b)(9)(A) (providing that a proof of claim filed by a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Bankruptcy Rules may provide). One hundred eighty days from the Petition Date is October 1, 2023, which is a Sunday. When a deadline falls on a weekend or legal holiday, the deadline is extended to the next business day. See Bankruptcy Rule 9006(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

NAI-1532195166

supplemental mailings of the Bar Date Notice Package up to and including the date that is 14 days in advance of the applicable Bar Date, with any such supplemental mailings being deemed timely.

### G. Publication of Notice

31. In light of the size of this case, potential General Claims against the Debtor may exist that the Debtor was unable to identify on the Schedules. Such unknown potential General Claims may include, for example, (a) General Claims of vendors or professionals that failed to submit invoices to the Debtor or its predecessor; (b) General Claims of entities, including governmental units, with potential unasserted claims or causes of action against the Debtor; and (c) General Claims that, for various other reasons, are not recorded in the Debtor's books and records. Accordingly, the Debtor believes that it is appropriate to provide notice of the Bar Dates to entities with potential General Claims whose names and addresses are unknown to the Debtor; the Debtor further believes that it is useful to provide supplemental notice to known General Claimants.

32. Therefore, pursuant to Bankruptcy Rules 2002(1)[12] and 9008,[13] the Debtor requests authority to publish notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit C and incorporated herein by reference (the "Publication Notice") once, within ten business days of the entry of the Bar Date Order or as soon as reasonably practicable thereafter, in *The Wall Street Journal* and *USA Today* (collectively, the "Publications"). As set forth in Exhibit C, the Publication Notice will contain (a) a website

---

[12] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

[13] Bankruptcy Rule 9008 provides that, whenever service or notice by publication is authorized under the Bankruptcy Rules, the Court shall "determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications." Fed. R. Bankr. P. 9008(f).

NAI-1532195166

address where potential General Claimants may download the proof of claim form and related instructions and electronically submit a proof of claim, and (b) a toll-free number whereby potential General Claimants can seek additional information with respect to filing General Claims.

33. As a result of all of these procedures and efforts, the General Claimants will have or should have the information necessary to be able to file a proof of claim asserting General Claims in the Chapter 11 Case.

### The Debtor's Reservation of Rights

34. Nothing contained herein or in the Bar Date Order, the Publication Notice, or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtor's rights, including, without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend the Schedules. In addition, nothing contained herein or in the Bar Date Order, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtor or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

### Waiver of Memorandum of Law

35. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

**Notice**

36.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Talc Committee; (c) the Future Claimants' Representative and her counsel; (d) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (e) the attorneys general for each of the United States and certain territories and commonwealths thereof and the District of Columbia; (f) counsel to the Ad Hoc Committee; (g) counsel to the Ad Hoc Committee of Supporting Counsel; and (h) any other party entitled to notice. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

37.    No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 20, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP** |
| | |
| | */s/ Paul R. DeFilippo* |
| | Paul R. DeFilippo, Esq. |
| | James N. Lawlor, Esq. |
| | Joseph F. Pacelli, Esq. (admitted *pro hac vice*) |
| | 500 Fifth Avenue |
| | New York, New York 10110 |
| | Telephone: (212) 382-3300 |
| | Facsimile: (212) 382-0050 |
| | pdefilippo@wmd-law.com |
| | jlawlor@wmd-law.com |
| | jpacelli@wmd-law.com |
| | |
| | **JONES DAY** |
| | Gregory M. Gordon, Esq. |
| | Brad B. Erens, Esq. |
| | Dan B. Prieto, Esq. |
| | Amanda Rush, Esq. |
| | 2727 N. Harwood Street |
| | Dallas, Texas 75201 |
| | Telephone: (214) 220-3939 |
| | Facsimile: (214) 969-5100 |
| | gmgordon@jonesday.com |
| | bberens@jonesday.com |
| | dbprieto@jonesday.com |
| | asrush@jonesday.com |
| | (Admitted *pro hac vice*) |
| | |
| | *ATTORNEYS FOR DEBTOR* |