## **EXHIBIT A**

Bar Date Notice

NAI-1532195166

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**
**(OTHER THAN WITH RESPECT TO DIRECT TALC PERSONAL INJURY CLAIMS)**

**GENERAL BAR DATE IS OCTOBER 2, 2023 AT 5:00 P.M., EASTERN TIME**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS**
**AGAINST THE ABOVE-CAPTIONED DEBTOR:**

        On _____, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Dkt. __] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the case of the above-captioned debtor (the "Debtor") filed under chapter 11 of the Bankruptcy Code. As a result of a corporate restructuring completed in 2021,

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1532195166

the Debtor, LTL Management LLC, holds certain assets of the former Johnson & Johnson Consumer Inc. ("Old JJCI") and is solely responsible for the talc-related liabilities of Old JJCI.

By the Bar Date Order, the Court established **October 2, 2023 at 5:00 p.m., prevailing Eastern Time** (the "General Bar Date"), as the general deadline for all entities, including governmental units (as defined below), to file proofs of claim in the Debtor's chapter 11 case for all claims against the Debtor that arose or are deemed to have arisen prior to the date on which the Debtor commenced its chapter 11 case, April 4, 2023 (the "Petition Date"), except as otherwise provided in the Bar Date Order and expressly excluding Direct Talc Personal Injury Claims (as defined below). As described below, the Bar Date Order also establishes different bar dates for certain categories of claims.

For your convenience, enclosed with this Notice is a customized proof of claim form (the "Proof of Claim Form"). The Proof of Claim Form will state, along with your name, whether your General Claim (as defined below) is listed in the Debtor's schedules of assets and liabilities and statement of financial affairs filed in the Debtor's chapter 11 case [Dkts. 450, 451] (collectively, the "Schedules") and, if so, whether your General Claim is listed as: (a) disputed, contingent, or unliquidated; and (b) secured, unsecured, or priority. The dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. In the event of any conflict between the claim information included in the Proof of Claim Form and the information provided in the Schedules, the Schedules shall control. If the Debtor believes that you may hold different classifications of General Claims against the Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature, amount, and classification of your General Claim against the Debtor, as listed in the Schedules.

Contact information for the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq"), is provided below. Epiq will have representatives available to provide you with additional information regarding this chapter 11 case and the filing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

## KEY DEFINITIONS

As used in this Notice, the term "**claim**" shall mean, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this Notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the United States Trustee for the District of New Jersey (the "U.S. Trustee").

As used in this Notice, the term "**governmental unit**" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes: (a) the United States; (b) states; (c) commonwealths; (d) districts; (e) territories; (f) municipalities; (g) foreign states; or (h) departments, agencies, or instrumentalities of the foregoing (but not including the U.S. Trustee while serving in such capacity in accordance with the Bankruptcy Code).

As used in this Notice, the term "**Direct Talc Personal Injury Claim**" means any Talc Personal Injury Claim other than an Indirect Talc Personal Injury Claim. The Debtor reserves the right to seek a bar date for Direct Talc Personal Injury Claims in the future if necessary or appropriate, but *please note that no deadline has been established at this time for the filing of Direct Talc Personal Injury Claims.*

As used in this Notice, the term "**General Claim**" shall mean any Claim other than a Direct Talc Personal Injury Claim.

As used in this Notice, the term "**Indirect Talc Personal Injury Claim**" means (a) a Talc Personal Injury Claim[2] for contribution, reimbursement, subrogation, or indemnity (as those terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), whether contractual or implied by law, and any other derivative Talc Personal Injury Claim, whether in the nature of or sounding in contract, tort, warranty, or other theory of law, including a Talc Personal Injury Claim of Imerys/Cyprus Party for contribution, reimbursement, subrogation, or indemnity under any Imerys/Cyprus Agreement or otherwise, or (b) a Governmental Action Claim. For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include (i) any claim for or otherwise relating to death, injury, or damages caused by talc or a product or material containing talc that is asserted by or on behalf of any injured individual, the estate, legal counsel, relative, assignee, or other representative of any injured individual, or an individual who claims injury or damages as a result of the injury or death of another individual caused by talc or a product or material containing talc regardless of whether such claim is seeking compensatory, special, economic, noneconomic, punitive, exemplary, administrative, or any other costs or damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement, judgment, or verdict or (ii) any claim against any Imerys/Cyprus Party based on, arising out of, or in any way relating to the Imerys/Cyprus Related Rights. By way of illustration and not limitation of claims contemplated by the foregoing clause (i), an Indirect Talc Personal Injury Claim shall not include any claim for loss of consortium, loss of companionship, services and society, or wrongful death.

### WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

The Bar Date Order establishes the following deadlines for filing proofs of claim in the Debtor's chapter 11 case (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding General

---

[2] Capitalized terms used in this paragraph but not otherwise defined have the meanings given to them in the *Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 525] (the "Plan"). A copy of the Plan may be obtained free of charge at Epiq's website for this chapter 11 case at https://dm.epiq11.com/LTL, or for a fee on the Court's website, http://ecf.njb.uscourts.gov.

-3-

                Claims (whether secured, unsecured priority, or unsecured nonpriority) against the Debtor that arose, or are deemed to have arisen, before the Petition Date (April 4, 2023) are required to file a proof of claim so that it is received by Epiq on or before the General Bar Date.

    (b)    <u>The Rejection Bar Date</u>.  Any entity whose General Claim arises out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of reorganization in the Debtor's chapter 11 case, must file a proof of claim so that it is received by Epiq on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the effective date of rejection of such executory contract or unexpired lease.  The later of these dates is referred to in this Notice as the "<u>Rejection Bar Date</u>."

    (c)    <u>The Amended Schedule Bar Date</u>.  Except as otherwise provided in a plan of reorganization confirmed in the Chapter 11 Case, if, subsequent to the mailing of this Notice, the Debtor amends or modifies its Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a General Claim reflected therein, the affected claimant may file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled General Claim so that it is received by Epiq on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected claimant.  The later of these dates is referred to in this Notice as the "<u>Amended Schedule Bar Date</u>."  However, if the amendment to the Schedules (i) improves the amount or treatment of a previously scheduled or filed General Claim and (ii) the affected claimant previously was served with a notice of the Bar Dates, the affected claimant is not permitted to file additional claims or amend a related previously filed proof of claim by the Amended Schedule Bar Date.

Subject to the terms described above for holders of General Claims subject to the Rejection Bar Date and the Amended Schedule Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

    (a)    any entity (i) whose prepetition General Claim against the Debtor is not listed in the Schedules or is listed as "disputed," "contingent," or "unliquidated" and (ii) that

-4-

    desires to participate in the Debtor's chapter 11 case or share in any distribution in the chapter 11 case; and

  (b)  any entity that (i) believes its prepetition General Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its prepetition General Claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

If it is unclear from the Schedules whether your General Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any entity that relies on the information in the Schedules bears responsibility for determining that its General Claim is accurately listed therein.

## PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE

The Bar Date Order further provides that the following entities need not file proofs of claim by the General Bar Date:

  (a)  any entity (including any person or estate) holding or asserting a Direct Talc Personal Injury Claim;

  (b)  any entity (i) whose General Claim against the Debtor is not listed as disputed, contingent, or unliquidated in the Schedules and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules;

  (c)  any entity whose claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

  (d)  any entity holding or asserting a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense of the Debtor's chapter 11 case; and

  (e)  any of the Debtor's non-debtor affiliates (as affiliate is defined in section 101(2) of the Bankruptcy Code) who may have a claim against the Debtor.

*No Requirement to File Certain Administrative
Expense Claims or for Interest Holders to File Proofs of Interest*

Any entity holding an administrative expense claim against the Debtor under section 503(b) of the Bankruptcy Code need not file a proof of claim on or before the General Bar Date.

In addition, any entity holding a direct or indirect ownership interest in the Debtor need not file a proof of interest on or before the General Bar Date.

## CONSEQUENCES OF FAILURE TO FILE
## A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING:  (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTOR OR ITS ESTATE OR PROPERTY THAT IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); OR (B) VOTING ON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THE DEBTOR'S CHAPTER 11 CASE IN RESPECT OF AN UNSCHEDULED CLAIM.

## PROCEDURE FOR FILING PROOFS OF CLAIM

Any entity asserting a General Claim must:  (a) deliver a completed, signed original proof of claim, together with any accompanying or supporting documentation, (i) to LTL Management LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 if delivered by hand delivery or by courier service or (ii) to LTL Management LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, Oregon 97076-4421 if delivered by mail; or (b) file a proof of claim, together with any accompanying or supporting documentation, electronically using the interface available on Epiq's website at **https://dm.epiq11.com/LTL** under "Case Actions" and by clicking on "File a Claim," so as to be **actually received**, in each case, no later than 5:00 p.m., prevailing Eastern Time, on the applicable Bar Date.  **Any proof of claim submitted by facsimile or electronic mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in this paragraph.**

You may use the Official Bankruptcy Form No. 410 to file General Claims.  Alternatively, you may use (and copy as necessary), the proof of claim form included with this Notice (the "Proof of Claim Form"), which form substantially complies with Official Bankruptcy Form No. 410 and has been approved by the Court for use in this case.

All filed proof of claim forms must:  (a) be written in English; (b) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (prevailing Eastern Time) on the Petition Date; (c) conform substantially with the Proof of Claim Form; (d) set forth with specificity the legal and factual basis for the alleged claim; (e) include supporting documentation (or, if such documentation is voluminous, a summary of such documentation); and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  Proofs of claim must include all supporting documentation required by Bankruptcy Rules 3001(c) and 3001(d) and the relevant proof of claim form (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation

is not available, including a copy of any written document that forms the basis of the General Claim or, for secured General Claims, evidences that the alleged security interest has been perfected.

**Proofs of claim will be deemed filed only when actually received by Epiq.** If you wish to receive acknowledgement of Epiq's receipt of your proof of claim, you also must submit to Epiq by the applicable Bar Date and concurrently with your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.  Claimants who submit proofs of claim through Epiq's website interface will receive an email confirmation of such submissions.

## THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor.  To determine if and how you are listed on the Schedules, please refer to the Debtor's Schedules.  Copies of the Schedules may be viewed free of charge on the Epiq website for this chapter 11 case under the tab marked "Schedules of Assets and Liabilities and Statement of Financial Affairs" at https://dm.epiq11.com/case/ltl/documents.  In addition, electronic copies of all documents filed in the Debtor's chapter 11 case, including the Bar Date Order, may be obtained free of charge at Epiq's website for this chapter 11 case, https://dm.epiq11.com/LTL, or for a fee on the Court's website, http://ecf.njb.uscourts.gov.

## RESERVATION OF RIGHTS

The Debtor reserves the right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend, modify, or supplement the Schedules.  Nothing contained in this Notice or the Bar Date Order shall preclude the Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact Epiq at (888) 431-4056 (toll free).  You also may contact Epiq by email at ltlinfo@epiqglobal.com or by writing to Epiq Corporate Restructuring, LLC, Re:  LTL Management LLC, P.O. Box 4421, Beaverton, Oregon 97076-4421.  The claims register for the Debtor will be available for review during normal business hours in Epiq's offices at 10300 SW Allen Boulevard, Beaverton, Oregon 97005.  Alternatively, the claims register can be reviewed online free of charge on Epiq's website at https://dm.epiq11.com/LTL under the "Claims" tab.  Copies of the proof of claim form that you should use may be obtained by calling Epiq or visiting Epiq's website at https://dm.epiq11.com/LTL under "Case Actions."

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE BAR DATE ORDER AND RELATED MATERIALS ON EPIQ'S WEBSITE.  YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

Dated: _____, 2023                                         BY ORDER OF THE COURT

Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

NAI-1532195166