# **EXHIBIT C**

Publication Notice

NAI-1532195166

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**
**(OTHER THAN WITH RESPECT TO DIRECT TALC PERSONAL INJURY CLAIMS)**

**GENERAL BAR DATE IS OCTOBER 2, 2023 AT 5:00 P.M., EASTERN TIME**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On _____, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Dkt. __] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the above-captioned chapter 11 case of LTL Management LLC (the "Debtor"). Electronic copies of all documents filed in the Debtor's chapter 11 case, including the Bar Date Order, may be obtained free of charge at https://dm.epiq11.com/LTL, or for a fee on the Court's website, http://ecf.njb.uscourts.gov.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1532195166

By the Bar Date Order, the Court established **October 2, 2023 at 5:00 p.m., prevailing Eastern Time** (the "General Bar Date"), as the general deadline for all entities (as defined below), including governmental units (as defined below), to file proofs of claim in the Debtor's chapter 11 case for all claims against the Debtor that arose or are deemed to have arisen prior to April 4, 2023, except as otherwise provided in the Bar Date Order and expressly excluding Direct Talc Personal Injury Claims (as defined below).  As described therein, the Bar Date Order also establishes different bar dates for certain categories of claims.

Except as provided herein, the General Bar Date applies to all General Claims against the Debtor.  **Please review the Bar Date Order for instructions on how to file a proof of claim in the Debtor's chapter 11 case.**  All proofs of claim must be received by the General Bar Date in order to be accepted as timely.

## KEY DEFINITIONS

As used in this Notice, the term "**General Claim**" shall mean any Claim that arose, or is deemed to have arisen prior to April 4, 2023, other than a Direct Talc Personal Injury Claim.

As used in this Notice, the term "**Direct Talc Personal Injury Claim**" means any Talc Personal Injury Claim other than an Indirect Talc Personal Injury Claim.  The Debtor reserves the right to seek a bar date for Direct Talc Personal Injury Claims in the future if necessary or appropriate, but *please note that no deadline has been established at this time for the filing of Direct Talc Personal Injury Claims.*

As used in this Notice, the terms "**entity**," "**governmental unit**," "**affiliate**" and "**claim**" have the meanings given to them under section 101 of the Bankruptcy Code.

As used in this Notice, the term "**Indirect Talc Personal Injury Claim**" means (a) a Talc Personal Injury Claim[2] for contribution, reimbursement, subrogation, or indemnity (as those terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), whether contractual or implied by law, and any other derivative Talc Personal Injury Claim, whether in the nature of or sounding in contract, tort, warranty, or other theory of law, including a Talc Personal Injury Claim of Imerys/Cyprus Party for contribution, reimbursement, subrogation, or indemnity under any Imerys/Cyprus Agreement or otherwise, or (b) a Governmental Action Claim. For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include (i) any claim for or otherwise relating to death, injury, or damages caused by talc or a product or material containing talc that is asserted by or on behalf of any injured individual, the estate, legal counsel, relative, assignee, or other representative of any injured individual, or an individual who claims injury or damages as a result of the injury or death of another individual caused by talc or a product or material containing talc regardless of whether such claim is seeking compensatory, special, economic, noneconomic, punitive, exemplary, administrative, or any other costs or damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement, judgment, or verdict or (ii) any claim against

---

[2]  Capitalized terms used in this paragraph but not otherwise defined have the meanings given to them in the *Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 525] (the "Plan").  A copy of the Plan may be obtained free of charge at Epiq's website for this chapter 11 case at https://dm.epiq11.com/LTL, or for a fee on the Court's website, http://ecf.njb.uscourts.gov.

NAI-1532195166

any Imerys/Cyprus Party based on, arising out of, or in any way relating to the Imerys/Cyprus Related Rights. By way of illustration and not limitation of claims contemplated by the foregoing clause (i), an Indirect Talc Personal Injury Claim shall not include any claim for loss of consortium, loss of companionship, services and society, or wrongful death.

## WHO MUST FILE A PROOF OF CLAIM

The following entities must file proofs of claim on or before the General Bar Date: (a) any entity (i) whose prepetition General Claim against the Debtor is not listed in the Debtor's schedules of assets and liabilities or statement of financial affairs [Dkts. 450, 451] (collectively, the "Schedules") or is listed as "disputed," "contingent," or "unliquidated" and (ii) that desires to participate in the Debtor's chapter 11 case or share in any distribution in the chapter 11 case; and (b) any entity that (i) believes that its prepetition General Claim is improperly classified in the Schedules or is listed in an incorrect amount and (ii) desires to have its prepetition General Claim allowed in a classification or amount other than that identified in the Schedules. If it is unclear from the Schedules whether your prepetition General Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any entity that relies on the information in the Schedules bears responsibility for determining that its General Claim is accurately listed therein.

## PROOFS OF CLAIM NOT REQUIRED
## TO BE FILED BY THE GENERAL BAR DATE

The Bar Date Order further provides that the following entities need not file proofs of claim by the General Bar Date: (a) any entity (including any person or estate) holding or asserting a Direct Talc Personal Injury Claim; (b) any entity (i) whose General Claim against the Debtor is not listed as disputed, contingent, or unliquidated in the Schedules and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules; (c) any entity whose claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court; (d) any entity holding or asserting a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense of the chapter 11 case; and (e) any of the Debtor's non-debtor affiliates (as affiliate is defined in section 101(2) of the Bankruptcy Code) who may have a claim against the Debtor.

## CONSEQUENCES OF FAILURE TO FILE
## A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE OR THE BAR DATE ORDER WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTOR OR ITS ESTATE OR PROPERTY THAT IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); OR (B) VOTING ON, OR RECEIVING

DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THE DEBTOR'S CHAPTER 11 CASE IN RESPECT OF AN UNSCHEDULED CLAIM.

## ADDITIONAL INFORMATION

For additional information regarding the filing of a proof of claim, you may contact Epiq Corporate Restructuring, LLC ("Epiq"), the Debtor's claims and noticing agent at (888) 431-4056 (toll free). You also may contact Epiq by email at ltlinfo@epiqglobal.com or by writing to Epiq Corporate Restructuring, LLC, Re: LTL Management LLC, P.O. Box 4421, Beaverton, Oregon 97076-4421. The claims register for the Debtor will be available for review during normal business hours in Epiq's offices at 10300 SW Allen Boulevard, Beaverton, Oregon 97005. Alternatively, the claims register can be reviewed online free of charge on Epiq's website at https://dm.epiq11.com/LTL under the "Claims" tab. Copies of the proof of claim form that you should use may be obtained by calling Epiq or visiting Epiq's website at https://dm.epiq11.com/LTL under "Case Actions."

**YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE BAR DATE ORDER AND RELATED MATERIALS ON EPIQ'S WEBSITE. YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

Dated: _____, 2023                              BY ORDER OF THE COURT