**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  23-12825 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |

## ORDER (I) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM OTHER THAN WITH RESPECT TO DIRECT TALC PERSONAL INJURY CLAIMS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

The relief set forth on the following pages is hereby **ORDERED**.

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

This matter coming before the Court on the *Debtor's Motion for an Order*

*(I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim Other Than With*

*Respect to Direct Talc Personal Injury Claims and (II) Approving Form and Manner of Notice*

*Thereof* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant

to sections 105, 501, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c), and

Local Bankruptcy Rule 3003-1; the Court having reviewed the Motion and having heard the

statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing");

the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the Standing Order of Reference, (ii) venue is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b),

(iv) notice of the Motion and the Hearing was sufficient under the circumstances and no further

notice is necessary and (v) the relief requested in the Motion is in the best interests of the Debtor,

its estate and its creditors; and after due deliberation, the Court having determined that the legal

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED**.

2.    As used herein, (a) the term "claim" has the meaning given to it in

section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in

---

2    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

section 101(15) of the Bankruptcy Code, (c) the term "governmental unit" has the meaning given

to it in section 101(27) of the Bankruptcy Code, and (d) the term "affiliate" has the meaning

given to it in section 101(2) of the Bankruptcy Code.

3.      As used herein, the term "Direct Talc Personal Injury Claim" means any

Talc Personal Injury Claim other than an Indirect Talc Personal Injury Claim.  The Debtor has

reserved the right to seek a bar date for Direct Talc Personal Injury Claims in the future if

necessary or appropriate.

4.      As used herein, the term "Indirect Talc Personal Injury Claim" means (a) a

Talc Personal Injury Claim for contribution, reimbursement, subrogation, or indemnity (as those

terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), whether

contractual or implied by law, and any other derivative Talc Personal Injury Claim, whether in

the nature of or sounding in contract, tort, warranty, or other theory of law, including a Talc

Personal Injury Claim of Imerys/Cyprus Party for contribution, reimbursement, subrogation, or

indemnity under any Imerys/Cyprus Agreement or otherwise, or (b) a Governmental Action

Claim. For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include (i)

any claim for or otherwise relating to death, injury, or damages caused by talc or a product or

material containing talc that is asserted by or on behalf of any injured individual, the estate, legal

counsel, relative, assignee, or other representative of any injured individual, or an individual who

claims injury or damages as a result of the injury or death of another individual caused by talc or

a product or material containing talc regardless of whether such claim is seeking compensatory,

NAI-1532195166

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

special, economic, noneconomic, punitive, exemplary, administrative, or any other costs or

damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement,

judgment, or verdict or (ii) any claim against any Imerys/Cyprus Party based on, arising out of,

or in any way relating to the Imerys/Cyprus Related Rights. By way of illustration and not

limitation of claims contemplated by the foregoing clause (i), an Indirect Talc Personal Injury

Claim shall not include any claim for loss of consortium, loss of companionship, services and

society, or wrongful death.  Capitalized terms used in this paragraph but not otherwise defined

have the meanings given to them in the *Chapter 11 Plan of Reorganization of LTL Management

LLC* [Dkt. 525] (the "Plan").  A copy of the Plan may be obtained free of charge at Epiq's

website for this chapter 11 case at https://dm.epiq11.com/LTL, or for a fee on the Court's

website, http://ecf.njb.uscourts.gov.

5.     As used herein, the term "General Claim" means any Claim that arose, or

is deemed to have arisen prior to April 4, 2023, other than a Direct Talc Personal Injury Claim.

6.     Except as otherwise provided in this Order, all entities (including, without

limitation, individuals, partnerships, corporations, trusts, and governmental units) that wish to

assert a claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date,

but *excluding* any Direct Talc Personal Injury Claims, must file a proof of claim in accordance

with the procedures described herein so that such proof of claim is *actually received* by the

Debtor's claims and noticing agent Epiq Corporate Restructuring, LLC ("Epiq") on or before

(Page 5)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

**5:00 p.m., prevailing Eastern Time, on October 2, 2023** (the "General Bar Date").

The General Bar Date shall be identified in the Bar Date Notice and the Publication Notice.

7.      The forms of the Bar Date Notice, the Proof of Claim Form, and

the Publication Notice attached to the Motion as Exhibit A, Exhibit B, and Exhibit C,

respectively, and the manner of providing notice of the bar dates established by this Order

(collectively, the "Bar Dates"), are approved in all respects pursuant to Bankruptcy

Rules 2002(a)(7) and 2002(l).  The form and manner of notice of the Bar Dates approved herein

(a) are reasonable and adequate and (b) fulfill the notice and other due process requirements of

the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

As such, the Debtor is authorized to serve the Bar Date Notice Package and publish the

Publication Notice in the manner described herein.

8.      As soon as practicable, but in any event no later than five business days

after the entry of this Bar Date Order, the Debtor, through Epiq, shall provide actual notice of the

Bar Dates by mailing the Bar Date Notice and the Proof of Claim Form (together, the "Bar Date

Notice Package") by first class United States mail, postage prepaid, to all known potential

holders of General Claims, including:  (a) all holders of claims listed on the Schedules, excluding

holders of Direct Talc Personal Injury Claims; (b) all counterparties to executory contracts and

unexpired leases listed in the Schedules; (c) the Internal Revenue Service; (d) the Securities and

Exchange Commission; (e) the taxing and other regulatory entities for the jurisdictions in which

the Debtor owns property; (f) the Office of the United States Attorney for the District of New

(Page 6)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

Jersey and the attorneys general for each of the United States and certain territories and

commonwealths thereof and the District of Columbia; (g) all entities that have requested notices

pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case as of the date of entry of this Bar Date

Order; (h) the Debtor's equity holder; (i) all other entities listed on the Debtor's matrix of

creditors, except holders of Direct Talc Personal Injury Claims; and (j) counsel to any of the

foregoing, if known.  The Debtor also will mail the Bar Date Notice Package to the U.S. Trustee,

the members of the Talc Committee, the Future Claimants' Representative, and the respective

counsel to the foregoing, as well as counsel to the Ad Hoc Committee and counsel to the Ad Hoc

Committee of Supporting Counsel.  The Bar Date Notice Package will not be served on holders

of Direct Talc Personal Injury Claims or their counsel.

       9.     In the event that:  (a) one or more Bar Date Notice Packages are returned

by the post office, necessitating a mailing to a new address; (b) certain parties acting on behalf of

parties in interest decline to forward the Bar Date Notice Packages to such parties in interest and

instead return their names and addresses to Epiq for direct mailing; or (c) additional potential

holders of General Claims become known to the Debtor, the Debtor may make supplemental

mailings of the Bar Date Notice Package up to and including the date that is 14 days in advance

of the applicable Bar Date, with any such supplemental mailings being deemed timely.

       10.    As part of the Bar Date Package, the Debtor, through Epiq, shall mail a

Proof of Claim Form to the parties receiving the Bar Date Notice.  For holders of potential

General Claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

state, along with the claimant's name, whether the Debtor has scheduled the creditor's General

Claim in the Schedules and, if so, whether the claimant's General Claim is listed as:

(a) disputed, contingent, or unliquidated; and (b) secured, unsecured, or priority. If a General

Claim is listed in the Schedules, the dollar amount of the claim (as listed in the Schedules) also

will be identified on the Proof of Claim Form. In the event of any conflict between the claim

information included in the Proof of Claim Form and the information provided in the Schedules,

the Schedules shall control.

11.    Except as otherwise provided herein, the following entities, including

governmental units, must file a proof of claim in the Chapter 11 Case on or before the General

Bar Date:

(a)    any entity (i) whose prepetition General Claim against the Debtor
is not listed in the Debtor's Schedules or is listed as disputed,
contingent, or unliquidated and (ii) that desires to participate in
the Chapter 11 Case or share in any distribution in the Chapter 11
Case; and

(b)    any entity that (i) believes that its prepetition General Claim is
improperly classified in the Schedules or is listed in an incorrect
amount and (ii) desires to have its prepetition General Claim
allowed in a classification or amount different from the
classification or amount identified in the Schedules.

12.    The following entities shall not be required to file proofs of claim in the

Chapter 11 Case on or before the General Bar Date:

(a)    any entity (including any person or estate) holding or asserting a
Direct Talc Personal Injury Claim;

(Page 8)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

    (b)    any entity (i) whose General Claim against the Debtor is not listed as disputed, contingent, or unliquidated in the Schedules and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules;

    (c)    any entity whose claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

    (d)    any entity holding or asserting a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense of the Chapter 11 Case; and

    (e)    any of the Debtor's non-debtor affiliates (as affiliate is defined in section 101(2) of the Bankruptcy Code) who may have a claim against the Debtor.

13.    All administrative claims under section 503(b) of the Bankruptcy Code, must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code (or as otherwise provided in a plan of reorganization confirmed in the Chapter 11 Case) and shall not be deemed proper if made by proof of claim.

14.    Any entity asserting claims arising from or relating to the Debtor's rejection of an executory contract or unexpired lease pursuant to an order of this Court that is entered prior to confirmation of a plan of reorganization in the Chapter 11 Case is required to file a proof of claim, as provided herein, so that it is received by Epiq on or before the later of: (a) the General Bar Date; and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the effective date of rejection of such executory contract or unexpired lease (the "Rejection Bar Date").

15.    The Debtor retains the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount,

(Page 9)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

priority, liability, classification, or otherwise; (b) subsequently designate any claim as disputed,

contingent, or unliquidated; and (c) otherwise amend, modify, or supplement the Schedules.

Except as otherwise provided in a plan of reorganization confirmed in the Chapter 11 Case, if the

Debtor amends or modifies the Schedules to reduce the undisputed, noncontingent, and

liquidated amount or to change the nature or classification of any General Claim against the

Debtor, the affected claimant may file a timely proof of claim or amend any previously filed

proof of claim in respect of the amended scheduled claim on or before the later of (a) the General

Bar Date or (b) 30 days after the date that notice of the applicable amendment to the Schedules is

served on the affected claimant (the "Amended Schedule Bar Date").  By contrast, if (a) the

amendment to the Schedules improves the amount or treatment of a previously scheduled or filed

General Claim and (b) the affected claimant previously was served with a notice of the Bar

Dates, the affected claimant may not file additional claims or amend a related previously filed

proof of claim by the Amended Schedule Bar Date.  If the Debtor amends or modifies its

Schedules with respect to any claim that the Debtor states has been satisfied, such paid creditor

shall not be required to file a proof of claim with respect to the satisfied claim.  Notwithstanding

the foregoing, nothing contained herein precludes the Debtor from objecting to any claim,

whether scheduled or filed, on any grounds.

16.    Entities holding a direct or indirect ownership interest in the Debtor need

not file a proof of interest on or before the General Bar Date.

(Page 10)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

17.     Pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code and

Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in the Chapter 11

Case pursuant to the Bar Date Order with respect to a particular claim against the Debtor but that

fails to do so by the applicable Bar Date will be forever barred, estopped, and enjoined from:

(a) asserting any such claim against the Debtor or its estate or property that is in an amount that

exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as

undisputed, noncontingent, and liquidated (any such claim, an "Unscheduled Claim"[3]); or

(b) voting on, or receiving distributions under, any chapter 11 plan in the Chapter 11 Case in

respect of an Unscheduled Claim.

18.     For any proof of claim to be validly and properly filed, a claimant must

deliver a completed, signed original of the Proof of Claim Form (or an Official Form No. 410),

together with any accompanying documentation required by Bankruptcy Rules 3001(c) and

3001(d), to Epiq at (a) LTL Management LLC Claims Processing Center, c/o Epiq Corporate

Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 if by hand delivery

or courier service or (b) LTL Management LLC Claims Processing Center, c/o Epiq Corporate

Restructuring, LLC, P.O. Box 4421, Beaverton, Oregon 97076-4421 if by mail, so as to be

received no later than 5:00 p.m., prevailing Eastern Time, on the applicable Bar Date.

Alternatively, entities may file proofs of claim and the required accompanying documentation

---

[3]     For the avoidance of doubt, to the extent that a claim is not listed in the Debtor's Schedules, the value of
such claim will be treated as $0.00.

(Page 11)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

electronically using the interface available on Epiq's website at https://dm.epiq11.com/LTL

under "Case Actions" and by clicking on "File a Claim" by 5:00 p.m., prevailing Eastern Time,

on the applicable Bar Date. ***Proofs of claim submitted by facsimile or e-mail shall not be***

***accepted.***  Proofs of claim shall be deemed filed when actually received by Epiq.

19.    All filed proofs of claim must:  (a) be written in English; (b) be

denominated in lawful currency of the United States, based upon the exchange rate in effect as of

7:00 a.m. (prevailing Eastern Time) on the Petition Date; (c) conform substantially with

the Proof of Claim Form; (d) set forth with specificity the legal and factual bases for the alleged

claim; (e) include supporting documentation (or, if such documentation is voluminous, a

summary of such documentation), including a copy of any written document that forms the basis

of the General Claim or evidences that an alleged security interest has been perfected, or an

explanation as to why such documentation is not available; and (f) be signed by the claimant or,

if the claimant is not an individual, by an authorized agent of the claimant.

20.    If a creditor wishes to receive acknowledgement of Epiq's receipt of a

proof of claim, the creditor also must submit to Epiq by the applicable Bar Date and concurrently

with its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed,

stamped return envelope.  Claimants who submit proofs of claim through Epiq's website

interface will receive an email confirmation of such submission.

21.    Pursuant to Bankruptcy Rule 2002(l), the Debtor shall cause notice of

the Bar Dates in substantially the form of the Publication Notice to be published once within

(Page 12)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim
Other Than With Respect to Direct Talc Personal Injury Claims and (II) Approving Form and
Manner of Notice Thereof

ten business days of the entry of the Bar Date Order, or as soon as practicable thereafter, in each

of the Publications.  Publication of such notice in the Publications in accordance herewith is

hereby approved and shall be deemed good, adequate, and sufficient publication notice of the

Bar Dates.

22.    The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

23.    The Debtor and Epiq are authorized and empowered to take such steps and

perform such actions as may be necessary to implement and effectuate the terms of this Order.

24.    The entry of this Order is without prejudice to the right of the Debtor to

seek a further order of this Court fixing a date by which holders of claims or interests not subject

to the Bar Dates established herein (including holders of Direct Talc Personal Injury Claims)

must file proofs of claim or interest.

25.    The Court shall retain jurisdiction over all matters arising out of or related

to the implementation, interpretation, or enforcement of this Order.