# **EXHIBIT 6**

Entered on Docket
October 09, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: October 9, 2019**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Date:  October 7, 2019<br>Time:  10:00 AM<br>Place: Courtroom 17<br>       450 Golden Gate Ave.<br>       16th Floor<br>       San Francisco, CA |

**ORDER GRANTING JOINT MOTION OF THE OFFICIAL COMMITTEE
OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED
NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS
PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**

On October 7, 2019, this court held a hearing on the joint motion (Dkt. No. 3940) of the Official Committee of Tort Claimants ("TCC") and the Ad Hoc Committee of Senior Unsecured Noteholders ("Senior Noteholders") (together, the "Movants") to terminate the exclusivity period accorded to debtors PG&E

Corporation and Pacific Gas and Electric Company (together, "Debtors"). For the reasons set forth below, the court will grant the motion and terminate exclusivity solely as to the TCC and the Senior Noteholders so that they can proceed with their proposed plan. It will deny the oral and written requests by other parties that exclusivity should be terminated globally.

The court has carefully considered the arguments of the Movants, the Debtors, the PG&E Shareholders, and other parties opposing and joining the motion. The Court recognizes that the Debtors have made significant progress in these cases. Their proposed plan reflects successful resolution of major issues, including settlement with a substantial group of public entity creditors and a tentative settlement with one of the major constituencies, the Ad Hoc Group of Subrogation Claim Holders. Further, some of their opponents' arguments that Debtors' plan is not feasible because of uncertain financing conditions have been adequately addressed at this point. In sum, the plan is on track as well as can be expected for now.

That said, the parties most deserving of consideration, speaking through the TCC, have changed their position from the last time the court considered terminating exclusivity, and spoken loudly and clearly that they want their and the Senior Noteholders' proposed plan to be considered. Debtors' contentions that their opponents' proposed plan is flawed and will not be confirmable are no reason to deny the motion. As proposed, Movants' proposed plan is also on track as well as can be expected for now. The coming weeks will permit ample time to explore and resolve issues regarding both plans consistent with

-2-

the more traditional plan vetting processes well-known by bankruptcy professionals.

While the court has expressed concerns about avoiding any type of litigation that deals with corporate control and sophisticated and rarified bankruptcy issues at the expense of paying the wildfire victims, it will not second-guess the informed decision of two well-counselled groups who are willing to take the attendant risks that go with competing plan disputes.  This is doubly important in light of the looming deadline for meeting the Wildfire Fund requirements of AB 1054. The risk that Debtors' plan will not be confirmable for some reason is not worth turning away a viable alternative.  A dual-track plan course going forward may facilitate negotiations for a global resolution and narrow the issues which are in legitimate dispute.  If that result is not achieved and the estimation process is completed on schedule in the district court, the outcome might result in one plan failing because it pays too much to the victims, or the other failing because it does not.  One plan emerging as confirmable is a very acceptable outcome.  And if both plans pass muster, the voters will make their choice or leave the court with the task of picking one of them.

For the foregoing reasons, the court hereby GRANTS the joint motion of the Movants to terminate the exclusivity period of Bankruptcy Code section 1121(d).  By a separate order, the court is denying the Debtors' Second Exclusivity Motion (Dkt. No. 4005).

//

|   |   |
|---|---|
| 1 | Movants are to file their proposed plan no later than |
| 2 | October 17, 2019.  The court will conduct a status conference on |
| 3 | the two completing plans on October 23, 2019, at 10:00 AM. |
| 4 | Prior to that date principal counsel for Debtors, the Senior |
| 5 | Noteholders and the TCC should meet and confer about scheduling |
| 6 | and related matters concerning those two plans. |
| 7 | **END OF ORDER** |

-4-