```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEW JERSEY

IN RE:                              .    Case No. 23-12825(MBK)
                                    .
                                    .    Clarkson S. Fisher U.S.
LTL MANAGEMENT LLC,                 .      Courthouse
                                    .    402 East State Street
                                    .    Trenton, NJ 08608
         Debtor.                    .
. . . . . . . . . . . . . . . . .   .
LTL MANAGEMENT LLC,                 .    Adv. No. 23-01092 (MBK)
                                    .
         Plaintiff,                 .
                                    .
    v.                              .
                                    .
THOSE PARTIES LISTED ON             .
APPENDIX A TO COMPLAINT and         .
JOHN AND JANE DOES 1-1000,          .
                                    .    Tuesday, May 16, 2023
         Defendants.                .    10:01 a.m.
. . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE AND MOTION HEARING

BEFORE THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES ON NEXT PAGE.

Audio Operator:                    Kiya Martin

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | Jones Day<br>By:  GREGORY M. GORDON, ESQ.<br>     DAN B. PRIETO, ESQ.<br>     AMANDA S. RUSH, ESQ.<br>2727 North Harwood Street, Suite 500<br>Dallas, TX 75201<br><br>Skadden Arps Slate Meagher &<br>  Flom, LLP<br>By:  ALLISON M. BROWN, ESQ.<br>One Manhattan West<br>New York, NY 10001 |
| For Ad Hoc Committee of Certain Talc Claimants and Ad Hoc Committee of Creditors: | Genova Burns LLC<br>By:  DANIEL M. STOLZ, ESQ.<br>494 Broad Street<br>Newark, NJ 07102<br><br>Brown Rudnick LLP<br>By:  JEFFREY L. JONAS, ESQ.<br>     DAVID J. MOLTON, ESQ.<br>     MICHAEL WINOGRAD, ESQ.<br>7 Times Square<br>New York, NY 10036<br><br>Brown Rudnick LLP<br>By:  SUNNI BEVILLE, ESQ.<br>One Financial Center<br>Boston, MA 02111<br><br>Otterbourg PC<br>By:  MELANIE CYGANOWSKI, ESQ.<br>230 Park Avenue<br>New York, NY 10169 |
| For the Office of the United States Trustee: | Office of the United States Trustee<br>By:  LINDA RICHENDERFER, ESQ.<br>     JEFF SPONDER, ESQ.<br>     LAURA DAVIS JONES, ESQ.<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 |

```
TELEPHONIC APPEARANCES CONT'D:

For Anthony Hernandez      Kazan McClain Satterley & Greenwood
Valadez:                   By:  JOSEPH SATTERLEY, ESQ.
                           55 Harrison St. Suite 400
                           Oakland, CA 94607

Various Talc Personal      Watts Guerra LLP
Injury Claimants:          By:  MIKAL C. WATTS, ESQ.
                           5726 W. Hausman Road, Suite 119
                           San Antonio, TX 78249


For Various Talc           Maune Raichle Hartley Frency &
Claimants:                    Mudd, LLC
                           By:  CLAYTON L. THOMPSON, ESQ.
                           150 West 30th Street, Suite 201
                           New York, NY 10001

                           Levy Konigsberg, LLP
                           By:  JEROME H. BLOCK, ESQ.
                                MOSHE MAIMON, ESQ.
                           101 Grovers Mill Road, Suite 105
                           Lawrence Township, NJ 08648

                           Simon Greenstone Panatier, PC
                           By:  LEAH CYLIA KAGAN, ESQ.
                           1201 Elm Street, Suite 3400
                           Dallas, TX 75720

For Claimant Alishia       Beasley Allen
Landrum:                   By:  ANDY BIRCHFIELD, ESQ.
                           218 Commerce Street
                           Montgomery, AL 36104


For Arnold & Itkin:        Pachulski Stang Ziehl & Jones LLP
                           By:  LAURA DAVIS JONES, ESQ.
                           919 North Market Street
                           17th Floor
                           Wilmington, DE 19801


For Paul Crouch,           Ruckdeschel Law Firm, LLC
individually and on        By:  JONATHAN RUCKDESCHEL, ESQ.
behalf of Estate of        8357 Main Street
Cynthia Lorraine Crouch:   Ellicott City, MD 21043
```

**WWW.JJCOURT.COM**

1 should stick with the views you seems to express, at least as
2 we understood them on May 3rd.  We would ask that you would
3 deny this request, that you would permit us to move forward
4 with a plan process.  And, again, we can address the timing of
5 that and will I guess later this morning address the timing of
6 that.  But we believe that would be in the best interest of all
7 the claimants.

8       The parties have counsel.  They can certainly handle
9 this in parallel.  We can do both the dismissal track and the
10 plan track.  And we just think, Your Honor, it would be in
11 appropriate to allow this group of firms to get their way and
12 deny the majority of firms their entitlement to move forward
13 with a plan that they believe fairly resolves and appropriately
14 resolves the claims in this case.

15       Thank you, Your Honor.
16       THE COURT:  Thank you, Mr. Gordon.
17       Mr. Hansen, on behalf of the Ad Hoc Committee?
18       Speaker.  I think you're muted.  You're still muted.
19       MR. HANSEN:  Can you hear me now, Your Honor?
20       THE COURT:  Now we can.
21       MR. HANSEN:  I was working off the wrong speaker.
22       Your Honor, Kris Hansen with Paul Hastings on behalf
23 of the Ad Hoc Committee of Supporting Counsel.
24       Your Honor, I'd just start by saying that this is
25 truly within the Court's discretion which I think everyone here

1 agrees with.  And the decision from a discretion perspective
2 should not be to slant the proceedings in any one way or the
3 other to advantage any party in the case.  I think it should be
4 to give everyone in the case a fair shot at everything that's
5 being put in front of the Court.

6 What I would say as the newcomer here is that I've
7 been surprised, I'm sure no one else is, by the proliferation
8 of pleadings that happened in connection with this case and by
9 the vitriol that gets traded between the parties.  None of it
10 seems particularly productive from our perspective.  And what
11 we would love to see is global consensus.

12 Regarding the plan that was put on file last night,
13 we have issues with it but that's normal.  People have to work
14 through documents to get to a conclusion.  That's how these
15 cases go.  You know that, Your Honor.  You've been on the bench
16 a very long time.

17 You have two really capable mediators that you
18 appointed.  Our request would be that you send us all to
19 mediation as soon as possible to see if we can find a global
20 resolution to this case and we can stop the burn associated
21 with endless motion practice which seems to have no end in
22 sight.

23 If you're not prepared to do that, Your Honor, I
24 think our view is advance the case on all fronts and let the
25 parties see if they can find a way to come to a conclusion

1  themselves.  Again, as the outsider here, I would say that it
2  really seems apparent to me that the parties need the help of
3  the mediators that you've appointed.  And if you were going to
4  really make that mediation meaningful, the real question for
5  the Court is whether you suspend everything while we advance
6  ourselves to mediation or whether we go to mediation while we
7  continue to prep the motions to dismiss and keep the disclosure
8  statement time on and deal with all the objections that are
9  filed to that.

10           I don't really have an opinion on that, Your Honor,
11 although I do know that having participated in a lot of
12 mediations, when everyone's focus is on the mediation, they
13 tend to get to a deal.  The other thing I'd say, Your Honor,
14 too, is that Mr. Molton was clear in saying now, now that the
15 mandamus has been denied and the attempt to take this case away
16 from you on an unprecedented and expedited basis is over, Mr.
17 Molton's view if we have plenty of time.  There's nothing here
18 to rush about.

19           So if we have plenty of time, there's no reason to
20 sequence things in the way that the TCC wants.  And I come back
21 to it again, Your Honor, and just say that from our
22 perspective, if you're not inclined to send us all to
23 mediation, then move the case forward so that no one's
24 prejudiced by process.  And if you are inclined to send us to
25 mediation, which is what the Ad Hoc Committee of Supporting