**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of*<br>*Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of*<br>*Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Bret Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the Official Committee of*<br>*Talc Claimants* | **OTTERBOURG P.C**.<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br>*Co-Counsel for Official Committee of Talc*<br>*Claimants* |

| In Re: | Chapter 11 |
| **LTL MANAGEMENT, LLC,**[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

### APPLICATION IN SUPPORT OF THE MOTION TO SEAL THE REDACTED PORTIONS AND EXHIBITS OF THE REPLY IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO DISMISS SECOND BANKRUPTCY PETITION OF LTL MANAGEMENT, LLC

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"; "**LTL 2.0**"), respectfully submits, by and through its counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the *Reply in Support of Motion of the Official Committee of Talc Claimants to Dismiss Second Bankruptcy Petition of LTL Management, LLC* (the "**TCC Reply**"), filed substantially contemporaneously herewith,[2] and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]     A redacted version of the TCC Reply has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the TCC Reply is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov).

## PRELIMINARY STATEMENT

1.      The redacted portions of the TCC Reply include certain information designated by the Debtor as being confidential (collectively, the "**Confidential Information**") in accordance with that certain proposed *Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* [Docket No. 545] (the "**Protective Order**"). So as not to delay the filing of the TCC Reply, the Committee is, at this time, abiding by the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Proposed Protective Order, are hereby being expressly preserved.

2.      For the reasons set forth herein, the Committee respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3.      This Court has jurisdiction to consider this Motion to Seal and the Reply Supporting the Motion to Dismiss pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion to Seal and the Reply Supporting the Motion to Dismiss is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4.      The Debtor commenced the Chapter 11 case on April 4, 2023 (the "**Petition Date**"). No trustee has been appointed in the case, and the Debtor continues to operate as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5.      The Committee was appointed on April 14, 2023 [Docket No. 162].

6.      On April 24, 2023, the Committee filed a motion to dismiss the Debtor's second bankruptcy filing for cause [Docket No. 286] (the "TCC Motion to Dismiss"). Ten additional parties, including the Office of the United States Trustee [Docket No. 379] and Ad Hoc Committee of States [Docket No. 352], have also filed motions to dismiss this Chapter 11 case for cause (collectively, with the TCC Motion to Dismiss, the "Motions to Dismiss").[3]

7.      On May 26, 2023, the Debtor and the Ad Hoc Committee of Supporting Counsel each filed Omnibus Objections to the Motions to Dismiss (respectively, Docket Nos. 614 and 613).

8.      A trial on the Motions to Dismiss has been scheduled for June 27 thru June 30, 2023.

9.      The TCC Reply sets forth relevant preliminary and background matters which are incorporated herein by reference.

## APPLICABLE LAW

10.     Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr.

---

[3]      Additional filings in support of dismissal include Docket Nos. 335, 346, 352, 358, 384, 473, 480, and Adv. Pro. No. 23-01092, Docket Nos. 117, 118.

P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

11.     Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

12.     As previously stated, the Confidential Information redacted from the TCC Reply includes certain information designated by the Debtor as being confidential in accordance with the Protective Order Protective Order. So as not to delay the filing of the TCC Reply, the Committee is, at this time, abiding by the Debtors' confidentiality designations and does not wish to be in contempt of the Protective Order. However, all of the Committee's rights to challenge the Debtor's designations regarding the purported Confidential Information, including, but not necessarily limited to, those rights under the terms of the Protective Order, are hereby being expressly preserved.

13.     Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

14.     No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court with respect to the specific Confidential Information redacted from the TCC Reply. On April 24, 2023, in connection with the TCC Motion to Dismiss, the Committee filed a *Motion to Seal the Redacted Portions of the Motion of the Official Committee of Talc Claimants to Dismiss Second Bankruptcy Petition of LTL Management, LLC* [Docket No. 287]. That motion to seal was granted on May 22, 2023 [Docket No. 564]. While the bases for that motion to seal were substantially the same as this Motion to Seal, the specific confidential information that was the subject of that motion to seal is not the same as the specific Confidential Information redacted from the TCC Reply.

15.     The Committee, the Debtor and other parties have filed other motions to seal in this Chapter 11 case, as well as in the related adversary proceeding, Adv. Proc. No. 23-01092 (MBK); however, none of those motions to seal have concerned the Purported Confidential Information that is the subject of this Motion to Seal.

## RESERVATION OF RIGHTS

16.     The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## <u>CONCLUSION</u>

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: June 22, 2023

**GENOVA BURNS LLC**

By: */s/  Daniel M. Stolz*

Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:    (973) 230-2095
Fax:    (973) 533-1112
Email: DStolz@genovaburns.com
DClarke@genovaburns.com

*Local Counsel for the Official
Committee of Unsecured Creditors*