**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on June 23, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

### ORDER GRANTING IN PART AND
### DENYING IN PART DEBTOR'S MOTIONS TO COMPEL

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 23, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Granting in Part and Denying in Part Debtor's Motions to Compel

This matter having come before the Court upon the Debtor's Motion to Compel the Official Committee of Talc Claimants to supplement certain of its responses to Interrogatories [Dkt. 604] and by way of the Debtor's Omnibus Motion to Compel identified Plaintiff firms to supplement certain responses to Debtor's Interrogatories and Requests for Production [Dkt. 638] (collectively, the "Debtor's Motions to Compel"), and opposition to the Debtor's Motions to Compel having been filed by counsel for the TCC and a number of law firms representing Plaintiffs and the Court having reviewed the pleadings filed and having entertained oral argument on June 2, 2023 and having rendered the rulings set forth in this Order,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. With regard to the Debtor's request for estimates prepared by the TCC as to the dollar value of the aggregate liability or estimates as to the amount that would be required to resolve liabilities in the tort system, the TCC is required to identify by June 23 at 2:00 p.m., Prevailing Eastern Time, whether it has (i) estimates as to the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims and any documents related thereto (Interrogatory No. 2, Request for Production No. 2) and (ii) estimates of the dollar amount required to resolve all or any subset of the Talc Claims in the tort system and any documents related thereto (Interrogatory No. 4, Request for Production No. 4). The TCC is not required to provide a privilege log.

2. With regard to Debtor's Interrogatory No. 10 the TCC shall advise the Debtor's counsel by June 23 at 2:00 p.m., prevailing Eastern Time, whether it is in possession of additional facts which support the breach of fiduciary duty claims that are not included in the information provided to date, referenced in the interrogatory responses, or set forth in the draft

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Granting in Part and Denying in Part Debtor's Motions to Compel

complaint attached to the TCC's standing motion or in the TCC's objection to the Debtor's motion for a preliminary injunction.

        3.      With regard to the Debtor's Motion directed at plaintiff law firms seeking information on the total number of talc claimants represented by such firms, filed and unfiled, and any communications between the plaintiff firms on the one hand and any other law firm relating to the Debtor's proposed settlement and documents in the law firms' possession that bear on the Debtors' financial distress, the Debtor's Motion [Dkt. 638], be and is hereby granted in part as follows. With regard to claims for injury due to the use or exposure to talcum powder that had been sold or marketed or distribution by J&J or any of its affiliates, to the extent such documents are maintained by such firms, the firms are to produce by June 23 at 2:00 p.m., prevailing Eastern Time, a list showing the number of claims for which suit has been filed and claims they are handling for which a determination has been made to bring suit, but suit has not yet been brought. If no such list exists, to the extent a firm was served with interrogatories, the firms are to answer Interrogatory No. 1 by June 23 at 12:00 p.m., prevailing Eastern Time, and state the number of claims they are handling for which suit has been filed and the number of claims for which a determination has been made to bring suit, but suit has not yet been brought.[2] No individual namesor information need be provided. The balance of the Motion [Dkt. 638] be and is hereby denied.

---

[2]     Beasley Allen Law Firm and the Ruckdeschel Law Firm had already provided this information about filed and unfiled claims before the Debtor filed its Motion. Accordingly, the portion of this Order requiring the production of information regarding filed and unfiled claims does not apply to those two firms.