LEVY KONIGSBERG, LLP
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6200
*Counsel for Paul Crouch, Individually and as*
*Executor and as Executor Ad Prosequendum of*
*the Estate of Cynthia Lorraine Crouch*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LTL MANAGEMENT LLC, | ) | Case No.: 23-12825-MBK |
| | ) | |
| Debtor. | ) | Judge: Michael B. Kaplan |

### OBJECTION TO PROFFERED EXPERT TESTIMONY OF
### CHARLES MULLIN, PH.D

Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch, files the following Objection to the Proffered expert testimony of Charles Mullin, Ph.D, pursuant to the evidentiary stipulation entered into by the Debtor on the one hand, and Mr. Crouch and others, on the other hand.  (See, Wednesday, June 21, 2023 email from Joseph F. Pacelli to Hon. Chief Judge Kaplan and attached Stipulation)("the Stipulation").

  1.  Pursuant to the Stipulation, the parties agreed that direct testimony of experts could and would be presented by submission of the experts' reports to the Court.  *See*, Stipulation ¶ 7. The Stipulation further expressly provided that all parties retained the right to raise objections to such submissions and that the parties would have the opportunity to raise such objections prior to the admission of the expert reports into evidence.  *Id.*

> This agreement does not limit the rights of any party to raise evidentiary objections to any declarations or expert reports (or any portions thereof).  The parties agree

that they shall have the opportunity to raise any such objections with the Court prior to declarations or expert reports (or any portions thereof) being received into evidence.

*Id.*

2.    Prior to Mr. Mullin's deposition, Mr. Crouch raised various objections to Mr. Mullin's report with the Court. *See*, Docket 875, Crouch Motion to Preclude. Mr. Crouch further requested that the Court shorten the time for response to his Motion, which the Court has routinely done with other such requests. *See*, Docket 853, Crouch Application to Shorten Time.

3.    Rather than restating in full his previously raised objections to Mr. Mullin's proffered testimony, Mr. Crouch adopts and incorporates the objections set forth in Docket 875 herein.

4.    On Friday, June 23, 2023, Mr. Mullin was deposed. Exhibit 1, June 23, 2023 Deposition of Charles Mullin, Ph.D.[1] In his deposition, Mr. Mullin admitted to many facts that further demonstrate that his proffered testimony is inadmissible, irrelevant, not based upon any reliable methodology, substitutes assumptions for reliance on actual factual evidence, and otherwise fails to meet the standard for admissibility of expert testimony under *Daubert* and its progeny, and the Federal Rules of Evidence.

5.    **Lack of Foundation, Failure to Consider Actual Evidence And Admissions of Exaggeration:**

Dr. Mullin's deposition testimony regarding the likely expected maximum liability of the Debtor for indemnity and defense costs for resolution of "ovarian cancer" cases and mesothelioma cases is the tort system confirmed its inadmissibility.

> Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit

---

[1] Dr. Mullin's deposition was designated confidential *in toto* by counsel for the Debtor during the deposition. Accordingly, Mr. Crouch will provide it confidentially to the Court.

of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

*General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 139 L.Ed. 2d 508, 118 S. Ct. 512 (1997).

Expert testimony that is speculative is not competent proof and contributes nothing to a legally sufficient evidentiary basis.

*Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1057 (8th Cir.)(internal quotations omitted), *cert. denied,* 531 U.S. 979, 148 L. Ed. 2d 436, 121 S. Ct. 428 (2000).

Similarly, reliance on assumptions over actual facts further renders an expert's proffered opinions unhelpful to the Court and inadmissible as discussed in *Lee v. Smith & Wesson Corp.*, 760 F.3d 523 (6th Cir. 2014). In *Lee*, the Court allowed the proffered testimony, but carefully distinguished the factual basis supporting it from cases where the proffered testimony (a) the lacked a necessary evidentiary proffer, or (b) when the expert used assumptions rather than actual data in performing the calculations that supported the proffered opinion. *Id.* at 527-28 (*citing*, *United States v. LeBlanc,* 45 F.App'x 393, 400-01 (6th Cir. 2002)(lacking necessary foundation) *and Mohney v. USA Hockey, Inc.*, 138 F.App'x 804, 809 (6th Cir. 2005)(reliance on assumptions rather than actual data)).

6. Dr. Mullin's estimates of the potential liability of LTL for defense and indemnity costs in the tort system violate all of the conditions above.

  a. Reliance on Assumptions Rather Than Data

[redacted] This information was readily available to Dr. Mullin and could then have been examined in discovery. Rather than obtaining that information and then offering an opinion based upon

3

facts, Dr. Mullin simply makes up three hypothetical scenarios that could have happened and offers opinions about them. This is rank speculation and entirely improper.

Putting aside this fatal foundational flaw, Dr. Mullin's testimony is only useful to LTL, and only conceivably relevant to this case, if it would provide some cover for LTL's wholesale and admitted failure to perform any actual analysis of financial distress prior to filing this proceeding and LTL's continued sworn testimony that it had and continues to have the ability to meet all its debts as they come due.

This means that Dr. Mullin's opinions need to generate numbers that are as high as possible. Unfortunately for the Debtor, J&J proffered Dr. Mullin as an expert in the *Imerys* bankruptcy ███████████████████████████████████████████████████

███████████████ Exhibit 2 – Mullin Report from *Imerys*, September 13, 2021.[2]



---

[2] Dr. Mullin's report in *Imerys* was produced in this case under a confidential designation, notwithstanding the fact that it was produced in redacted form. Because of this, Mr. Crouch will provide the Court with a copy of the report, as produced in this case, confidentially, as required by the Court's rulings regarding confidentiality.

4

███████████████████████████████████████

███████████████████████ Exhibit 2 at ¶ 18.[3]

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████ Exhibit 1, ████████████████████████

████████████████████████████████████████

██████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[3] As discussed further below, put simply, notwithstanding his opinion proffered in this case, that – in the abstract – the bankruptcy system can be more efficient and equitable (as he defines these terms) than the existing civil justice system in state and Article III courts, Dr. Mullin's opinion in *Imerys* was that if you examine the proposed plan, the plan was inequitable and rife with improper "moral hazards."



b. Admissions of Exaggeration





7.  **Dr. Mullin's Opinions Regarding The Relative Merits Of The Tort System vs. The Bankruptcy System Similarly Are Based Upon Speculation Rather Than The Facts Of This Case.**

Mr. Crouch continues to assert his baseline objection to Dr. Mullin's proffered testimony regarding the relative merits of the tort system vs. the bankruptcy courts expressed in his Motion. This topic is beyond the jurisdiction of the Supreme Court, the Third Circuit and this court. Assuming, *arguendo*, that the federal courts generally, and this court specifically, were empowered to make fundamental changes to the structure and operation of the civil justice system established by the Constitution and many statutes, Dr. Mullin's opinions in this regard would still be inadmissible and irrelevant in this case – because they fail to consider the actual plan and what is actually being attempted in this case.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████ But this case is not about whether, in the abstract, there could be perceived advantages of civil justice system that employed the tools of the bankruptcy code over the current civil justice system.

Again, the *Imerys*, case demonstrates this point. ████████████████████

██████████████████████████████████████████████████

████████████████████████████████  ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

       ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████

Sound familiar? This precise scenario is repeating itself in this case. The collusive and not at all arms-length negotiations between J&J and the collaborating counsel who signed PSAs with J&J and who purport to represent tens of thousands of claimants who (a) had not filed cases in the tort system, (b) that likely would never have filed cases in the tort system, and (c) certainly would not have been paid in the tort system based on this historical evidence produced in this case that prior to LTL1 being filed, J&J and JJCI essentially only settled mesothelioma and epithelial ovarian cancer cases are exactly what J&J complained so stridently about throughout *Imerys*. Now, to try and secure the votes needed for cramming down dissenters in this case, J&J's the proposed plan would pay Mr. Onder's 9,000 uterine cancer cases and countless other non-ovarian gynecological cancers – claims that would have received nothing in the tort system ████████

████████████████████████████████████████

By carefully limiting Mr. Mullin's opinions in this case to only offer opinions *in the abstract* about the alleged advantages of mass tort resolution in the bankruptcy system compared to over resolving them in state courts and Article III federal civil justice system, Mr. Mullin's opinions in this regard are further irrelevant.

This case is not playing out in the abstract. The Debtor has proposed a plan, filed a disclosure statement and obtained a hearing date for the disclosure statement. Any evaluation of the "relative merits" of the bankruptcy courts vs. the state courts and Article III federal courts in resolving *this case* must be tied not to abstract hypotheticals, but to the actual facts of this case that are before the Court.

8. Mr. Crouch objects to the proffered opinions of Mr. Mullin and objects to the admission of his report in this case. These opinions are unsupported by fact, contrary to law and admittedly exaggerated without any attempt to quantify the amount of the exaggeration. They are, as such, unreliable and unhelpful to the determination of any fact at issue.

WHEREFORE, Mr. Crouch objects to the admission of Mr. Mullin's report in lieu of live testimony and objects to any attempt by the Debtor to proffer any testimony of Mr. Mullin.

Respectfully submitted:

Dated: June 26, 2023

*/s/ Moshe Maimon*
Moshe Maimon (I.D. 042691986)
LEVY KONIGSBERG, LLP
605 Third Avenue, 33rd FL
New York, NY 10158
Tel: (212) 605-6200
Fax: (212) 605-6290
Email:
mmaimon@levylaw.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch

and

JONATHAN RUCKDESCHEL
The Ruckdeschel Law Firm, LLC
å8357 Main Street
Ellicott City, Maryland 21043
Email:
ruck@rucklawfirm.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch
*Admitted Pro Hac Vice