development of voting procedures, and imposition of a bar date for voting purposes are likely required before any votes can be solicited, let alone valued.[202] LTL has failed to provide any explanation of how it proposes to navigate this extraordinarily complex process or how it proposes to meet the requirements of Section 1129.

For all these reasons, Section 1112(b)(2) does not provide a basis for avoiding dismissal in this case.

## CONCLUSION

The TCC respectfully requests that this Court enter an order under 11 U.S.C. § 1112(b) dismissing LTL's second bankruptcy petition as not filed in good faith.

Respectfully submitted,

**GENOVA BURNS, LLC**

By: /s/ *Daniel M. Stolz*
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Local Counsel to the Official Committee
of Tort Claimants of LTL Management, LLC*

---

[202] TCC Tr. Ex. 1020, at 145:1–24 (explaining that "[t]here are significant issues that need to be addressed").