UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

Mark Falk, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants*

In re:

LTL Management, LLC,

                    Debtor.

Case No.: 23-12825

Judge:    Michael B. Kaplan

Chapter:  11

### CERTIFICATION OF LISA SKYLAR IN SUPPORT OF APPLICATION FOR RETENTION OF ECONONE RESEARCH, INC. EFFECTIVE AS OF JUNE 23, 2023

I, Lisa Skylar, being of full age, certify as follows:

1.    EconONE Research, Inc. ("Econ One") is seeking authorization to be retained to provide expert consulting services and analysis of talc claim liability in connection with the above-referenced bankruptcy case of LTL Management LLC ("LTL" or "Debtor") for Randi S. Ellis, Legal Representative for Future Talc Claimants ("FCR"). I make this certification in support of the Application for Retention of Econ One, effective as of June 23, 2023 filed by the FCR (the "Application").

2.    I am CEO of Econ One, with its main office at 550 South Hope Street, Suite 800, Los Angeles, CA 9001.  As CEO of Econ One, I have both personal knowledge, and have reviewed project information compiled from our internal database for the factual information contained herein.

3.    Dr. Hal Singer, a Managing Director at Econ One, will be the expert for this engagement.

His expertise is reflected in the attached current curriculum vitae as **Exhibit 1**.

4.    The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

Econ One will provide expert economic consulting services and analysis of talc claim liability in connection with LTL's bankruptcy case on the terms and conditions as more fully set forth in the Retention Letter dated June 23, 2023 (**Exhibit 2**). Econ One understands that the compensation to be paid for the services it provides to the FCR is subject to the approval of the Bankruptcy Court on notice to interested parties in the Bankruptcy Case who have the opportunity to object.  Econ One agrees to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of its Standard Commercial Terms contained in the Retention Letter, and Sections 330 and 331 of the Bankruptcy Code, as well as any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals and any other applicable orders of this Bankruptcy Court.  Econ One fees are the same fees, for the same professionals, it charges to its other clients (provided such clients are billed hourly).

In addition to fees for the services provided, Econ One will also charge for expenses including computer charges, case specific purchases (e.g., data purchases), messengers, printing and reproduction, travel expenses, and other miscellaneous charges.

Econ One also understands and agrees that payment of invoices for services rendered and related costs under its Engagement Letter and the provisions of its Standard Commercial Terms contained therein shall be the sole responsibility of LTL.

Fees are based on Econ One's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals who provide services to the FCR. The current standard hourly rates for the Econ One personnel that will work on this engagement are as follows:

| Professional | Hourly Rate – Range |
| --- | --- |
| Managing Director | $950.00 |
| Senior Consultant/Economists | $660.00-$825.00 |
| Consultant/Economist | $525.00-$660.00 |
| Senior Analyst | $425.00-$525.00 |
| Analyst | $325.00-$425.00 |
| Associate Analyst | $250.00-$325.00 |

☐    Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

5.     To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☐    None.

    ☒    Describe connection: <u>See</u> no. 6 below.

6.     To the best of my knowledge, after reasonable and diligent investigation, the connection of Econ One, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☐    None

    ☒    Describe Connection:

Econ One undertook a detailed, good faith search to identify any Econ One connection to Interested Parties (shown on **Exhibit 3**, the list provided to us by the FCR. Our search was designed to identify any connection Econ One had with any Interested Party. And to then identify any potential conflicts (i.e., is anyone at Econ One working for or against an Interested Party on the list? If yes, is that work related to this matter?). We have identified 131 Econ One matters where one or more Interested Parties were a "party" to the engagement. None of the engagements were related to this matter. **Exhibit 4** provides a description of the search and **Exhibit 5** identifies the results related to the Interested Parties.

7.     To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

    ☒    do not hold an adverse interest to the estate.

    ☒    do not represent an adverse interest to the estate.

    ☒    are disinterested under 11 U.S.C. § 101(14).

    ☒    do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

    ☐    Other. Explain:

8.   If the professional is an auctioneer,

    a. The following are my qualifications and experience with the liquidation or sale of similar property: N/A

    b. The proposed method of calculation of my compensation, including rates and formulas, is: N/A

    Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D. N. J. LBR 2016-1.

    c.  The following is an estimate of all costs and expenses, including labor, security, advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds: N/A

    d.  Have you, or a principal of your firm, been convicted of a criminal offense? N/A

    e.  I certify that a surety bond as described in D.N.J. LBR 2014-2(a)(6) is in effect and will remain so through the date of turnover of the auction proceeds. N/A

9.    If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify under penalty of perjury that the above information is true.


Date: _June 23, 2023_                                                 Lisa Skylar

# EXHIBIT 1

# Curriculum Vitae of Hal J. Singer

**Address**

Econ One Research
Suite 510 805 15th St., N.W.
Washington,   D.C.   20005
Phone: 202.312.3065
hsinger@econone.com

**Education**

Ph.D., The John Hopkins University, 1999; M.A. 1996, Economics

B.S., Tulane University, *magna cum laude*, 1994, Economics. Dean's Honor Scholar (full academic scholarship). Senior Scholar Prize in Economics.

**Current Positions**

ECON ONE, Washington, D.C.: Managing Director 2018-present.

UNIVERSITY OF UTAH, ECONOMICS DEPARTMENT, Salt Lake City, UT: Professor 2022 - present.

THE UTAH PROJECT, Salt Lake City, UT: Director 2022-present.

**Employment History**

GEORGETOWN UNIVERSITY, MCDONOUGH SCHOOL OF BUSINESS, Washington, D.C.: Adjunct Professor 2010, 2014, 2016, 2018, 2019, 2020, 2021, 2022

ECONOMISTS INCORPORATED, Washington, D.C.: Principal 2014-2018.

NAVIGANT ECONOMICS, Washington, D.C.: Managing Director, 2010-2013.

EMPIRIS, L.L.C., Washington, D.C.: Managing Partner and President, 2008-2010.

CRITERION ECONOMICS, L.L.C., Washington, D.C.: President, 2004-2008. Senior Vice President, 1999-2004.

LECG, INC., Washington, D.C.: Senior Economist, 1998-1999.

U.S. SECURITIES AND EXCHANGE COMMISSION, OFFICE OF ECONOMIC ANALYSIS, Washington, D.C.: Staff Economist, 1997-1998.

THE JOHNS HOPKINS UNIVERSITY, ECONOMICS DEPARTMENT, Baltimore: Teaching Assistant, 1996-1998.

**Honors**

Honoree, Outstanding Antitrust Litigation Achievement in Economics, American Antitrust Institute, *In re Lidoderm Antitrust Litigation,* Oct. 9, 2018.

Finalist, Outstanding Antitrust Litigation Achievement in Economics, American Antitrust Institute, *Tennis Channel v. Comcast*, Dec. 4, 2013.

**Authored Books and Book Chapters**

*Do Municipal Broadband Networks Stimulate or Crowd Out Private Investment? An Empirical Analysis of Employment Effects*, in THE IMPACT OF THE INTERNET ON JOBS (Lorenzo Pupillo, ed. Palgrave 2017).

THE NEED FOR SPEED: A NEW FRAMEWORK FOR TELECOMMUNICATIONS POLICY FOR THE 21ST CENTURY, co-authored with Robert Litan (Brookings Press 2013).

*Net Neutrality Is Bad Broadband Regulation*, co-authored with Robert Litan, in THE ECONOMISTS' VOICE 2.0: THE FINANCIAL CRISIS, HEALTH CARE REFORM AND MORE (Aaron Edlin and Joseph Stiglitz, eds., Columbia University Press 2012).

*Valuing Life Settlements as a Real Option*, co-authored with Joseph R. Mason, in LONGEVITY TRADING AND LIFE SETTLEMENTS (Vishaal Bhuyan ed., John Wiley & Sons 2009).

*An Antitrust Analysis of the World Trade Organization's Decision in the U.S.-Mexico Arbitration on Telecommunications Services*, co- authored with J. Gregory Sidak, in HANDBOOK OF TRANS-ATLANTIC ANTITRUST (Philip Marsden, ed. Edward Elgar 2006).

BROADBAND IN EUROPE: HOW BRUSSELS CAN WIRE THE INFORMATION SOCIETY, co-authored with Dan Maldoom, Richard Marsden and J. Gregory Sidak (Kluwer/Springer Press 2005).

*Are Vertically Integrated DSL Providers Squeezing Unaffiliated ISPs (and Should We Care)?*, co-authored with Robert W. Crandall, in ACCESS PRICING:

THEORY, PRACTICE AND EMPIRICAL EVIDENCE (Justus Haucap and Ralf Dewenter eds., Elsevier Press 2005).

**Journal Articles**

*The Abuse of Offsets as Procompetitive Justifications: Restoring the Proper Role of Efficiencies After Ohio v. American Express and NCAA v. Alston*, GEORGIA STATE LAW REVIEW (2022), co-authored with Ted Tatos.

*Antitrust Anachronism: The Interracial Wealth Transfer in Collegiate Athletics Under the Consumer Welfare Standard,* ANTITRUST BULLETIN (2021), co-authored with Ted Tatos.

*Competing Approaches to Antitrust: An Application in the Payment Card Industry,* 27(3) GEORGE MASON LAW REVIEW (2020), co-authored with Kevin Caves.

*Understanding the Economics in the Dispute Between the Writers' Guild of America and the Big Four Talent Agencies,* COMPETITION POLICY INTERNATIONAL ANTITRUST CHRONICLE (2020), co-authored with Ted Tatos.

*Antitrust Out of Focus: The FTC's Myopic Pursuit of 1-800 Contacts' Trademark Settlements,* ANTITRUST SOURCE (2019), co-authored with Geoff Manne and Josh Wright.

*Countervailing Coordination Rights in the News Sector Are Good for the Public (A Response to Professor Yun),* COMPETITION POLICY INTERNATIONAL ANTITRUST CHRONICLE (2019), co-authored with Sanjukta Paul.

*When the Econometrician Shrugged: Identifying and Plugging Gaps in the Consumer Welfare Standard,* 26 GEORGE MASON LAW REVIEW (2019), co-authored with Kevin Caves.

*Applied Econometrics: When Can an Omitted Variable Invalidate a Regression?,* ANTITRUST SOURCE (2017), co-authored with Kevin Caves.

*Paid Prioritization and Zero Rating: Why Antitrust Cannot Reach the Part of Net Neutrality Everyone Is Concerned About,* ANTITRUST SOURCE (2017).

*The Curious Absence of Economic Analysis at the Federal Communications Commission: An Agency in Search of a Mission,* INTERNATIONAL JOURNAL OF COMMUNICATIONS (2017), co-authored with Gerald Faulhaber and Augustus Urschel.

*On the Utility of Surrogates for Rule of Reason Cases,* COMPETITION POLICY INTERNATIONAL ANTITRUST CHRONICLE (2015), co-authored with Kevin Caves.

*Analyzing High-Tech Employee: The Dos and Don'ts of Proving (and Disproving) Classwide Antitrust Impact in Wage Suppression Cases,"* ANTITRUST SOURCE (2015), co-authored with Kevin Caves.

*Econometric Tests for Analyzing Common Impact,* 26 RESEARCH IN LAW AND ECONOMICS (2014), co-authored with Kevin Caves.

*Life After Comcast: The Economist's Obligation to Decompose Damages Across Theories of Harm,* ANTITRUST (Spring 2014), co-authored with Kevin Caves.

*Is the U.S. Government's Internet Policy Broken?*, 5 POLICY AND INTERNET (2013), co-authored with Robert Hahn.

*Avoiding Rent-Seeking in Secondary Market Spectrum Transactions*, 65 FEDERAL COMMUNICATIONS LAW JOURNAL (2013), co-authored with Jeffrey Eisenach.

*Vertical Integration in Multichannel Television Markets: A Study of Regional Sports Networks*, 12(1) REVIEW OF NETWORK ECONOMICS (2013), co-authored with Kevin Caves and Chris Holt.

*Assessing Bundled and Share-Based Loyalty Rebates: Application to the Pharmaceutical Industry*, 8(4) JOURNAL OF COMPETITION LAW AND ECONOMICS (2012), co-authored with Kevin Caves.

*Lessons from Kahneman's Thinking Fast and Slow: Does Behavioral Economics Have a Role in Antitrust Analysis?*, ANTITRUST SOURCE (2012), co-authored with Andrew Card.

*Assessing Competition in U.S. Wireless Markets: Review of the FCC's Competition Reports*, 64 FEDERAL COMMUNICATIONS LAW JOURNAL (2012), co-authored with Gerald Faulhaber and Robert Hahn.

*An Empirical Analysis of Aftermarket Transactions by Hospitals*, 28 JOURNAL OF CONTEMPORARY HEALTH LAW AND POLICY (2011), co-authored with Robert Litan and Anna Birkenbach.

*Economic Evidence of Common Impact for Class Certification in Antitrust Cases: A Two-Step Analysis*, ANTITRUST (Summer 2011).

*Addressing the Next Wave of Internet Regulation: Toward a Workable Principle for Nondiscrimination*, 4 REGULATION & GOVERNANCE (2010), co-authored with Robert Hahn and Robert Litan.

*Class Certification in Antitrust Cases: An Economic Framework*, 17 GEORGE MASON LAW REVIEW (2010), co-authored with Robert Kulick.

*The Economic Impact of Eliminating Preemption of State Consumer Protection Laws*, 12 UNIVERSITY OF PENNSYLVANIA JOURNAL OF BUSINESS LAW 781 (2010), co-authored with Joseph R. Mason and Robert B. Kulick.

*Net Neutrality Is Bad Broadband Regulation*, THE ECONOMISTS' VOICE, Sept. 2010, co-authored with Robert Litan.

*Why the iPhone Won't Last Forever and What the Government Should Do to Promote its Successor*, 8 JOURNAL ON TELECOMMUNICATIONS AND HIGH TECHNOLOGY LAW 313 (2010), co-authored with Robert W. Hahn.

*What Does an Economist Have to Say About the Calculation of Reasonable Royalties?*, 14 INTELLECTUAL PROPERTY LAW BULLETIN 7 (2010), co-authored with Kyle Smith.

*Is Greater Price Transparency Needed in the Medical Device Industry?*, HEALTH AFFAIRS (2008), co-authored with Robert W. Hahn and Keith Klovers.

*Evaluating Market Power with Two-Sided Demand and Preemptive Offers to Dissipate Monopoly Rent*, 4 JOURNAL OF COMPETITION LAW & ECONOMICS (2008), co-authored with J. Gregory Sidak.

*Assessing Bias in Patent Infringement Cases: A Review of International Trade Commission Decisions*, 21 HARVARD JOURNAL OF LAW AND TECHNOLOGY (2008), co-authored with Robert W. Hahn.

*The Effect of Incumbent Bidding in Set-Aside Auctions: An Analysis of Prices in the Closed and Open Segments of FCC Auction 35*, 32 TELECOMMUNICATIONS POLICY JOURNAL (2008), co-authored with Peter Cramton and Allan Ingraham.

*A Real-Option Approach to Valuing Life Settlement Transactions*, 23 JOURNAL OF FINANCIAL TRANSFORMATION (2008), co-authored with Joseph R. Mason.

*The Economics of Wireless Net Neutrality*, 3 JOURNAL OF COMPETITION LAW AND ECONOMICS 399 (2007), co-authored with Robert W. Hahn and Robert E Litan.

*Vertical Foreclosure in Video Programming Markets: Implication for Cable Operators*, 3 REVIEW OF NETWORK ECONOMICS 348 (2007), co-authored with J. Gregory Sidak.

*The Unintended Consequences of Net Neutrality*, 5 JOURNAL ON TELECOMMUNICATIONS AND HIGH TECH LAW 533 (2007), co-authored with Robert E. Litan.

*Does Video Delivered Over a Telephone Network Require a Cable Franchise?*, 59 FEDERAL COMMUNICATIONS LAW JOURNAL 251 (2007), co-authored with Robert W. Crandall and J. Gregory Sidak.

*The Competitive Effects of a Cable Television Operator's Refusal to Carry DSL Advertising*, 2 JOURNAL OF COMPETITION LAW AND ECONOMICS 301 (2006).

*Uberregulation without Economics: The World Trade Organization's Decision in the U.S.-Mexico Arbitration on Telecommunications Services*, 57 FEDERAL COMMUNICATIONS LAW JOURNAL 1 (2004), co-authored with J. Gregory Sidak.

*The Secondary Market for Life Insurance Policies: Uncovering Life Insurance's "Hidden" Value*, 6 MARQUETTE ELDER'S ADVISOR 95 (2004), co-authored with Neil A. Doherty and Brian A. O'Dea.

*Do Unbundling Policies Discourage CLEC Facilities-Based Investment?*, 4 TOPICS IN ECONOMIC ANALYSIS AND POLICY (2004), co-authored with Robert W. Crandall and Allan T. Ingraham.

*Foreign Investment Restrictions as Industrial Policy*, 3 CANADIAN JOURNAL OF LAW AND TECHNOLOGY 19 (2004), co- authored with Robert W. Crandall.

*Regulating the Secondary Market for Life Insurance Policies*, 21 JOURNAL OF INSURANCE REGULATION 63 (2003), co- authored with Neil A. Doherty.

*Interim Pricing of Local Loop Unbundling in Ireland: Epilogue*, 4 JOURNAL OF NETWORK INDUSTRIES 119 (2003), co-authored with J. Gregory Sidak.

*The Benefits of a Secondary Market for Life Insurance*, 38 REAL PROPERTY, PROBATE AND TRUST JOURNAL 449 (2003), co- authored with Neil A. Doherty.

*The Empirical Case Against Asymmetric Regulation of Broadband Internet Access*, 17 BERKELEY TECHNOLOGY LAW JOURNAL 954 (2002), co-authored with Robert W. Crandall and J. Gregory Sidak.

*How Can Regulators Set Nonarbitrary Interim Rates? The Case of Local Loop Unbundling in Ireland*, 3 JOURNAL OF NETWORK INDUSTRIES 273 (2002), co-authored with J. Gregory Sidak.

*Vertical Foreclosure in Broadband Access*, 49 JOURNAL OF INDUSTRIAL ECONOMICS (2001) 299, co-authored with Daniel L. Rubinfeld.

*Open Access to Broadband Networks: A Case Study of the AOL/Time Warner Merger*, 16 BERKELEY TECHNOLOGY LAW JOURNAL 640 (2001), co-authored with Daniel L. Rubinfeld.

*Cable Modems and DSL: Broadband Internet Access for Residential Customers*, 91 AMERICAN ECONOMICS ASSOCIATION PAPERS AND PROCEEDINGS 302 (2001), co-authored with Jerry A. Hausman and J. Gregory Sidak.

*Residential Demand for Broadband Telecommunications and Consumer Access to Unaffiliated Internet Content Providers*, 18 YALE JOURNAL ON REGULATION 1 (2001), co-authored with Jerry A. Hausman and J. Gregory Sidak.

*Determining the Source of Inter-License Synergies in Two-Way Paging Networks*, 18 JOURNAL OF REGULATORY ECONOMICS 59 (2000).

*A General Framework for Competitive Analysis in the Wireless Industry*, 50 HASTINGS LAW REVIEW 1639 (2000), co- authored with J. Gregory Sidak and David Teece.

*Capital Raising in Offshore Markets*, 23 JOURNAL OF BUSINESS AND FINANCE 1181 (1999), co-authored with Ian Gray and Reena Aggarwal.

## Expert Testimony Since 2013

Federal Trade Commission v. Meta Platforms Inc., et al, Case No. 5:22-cv-04325-EJD (N.D. Cal.)

In Re: Boston University COVID-19 Refund Litigation, Master File No. 1:20-cv-10827-RGS (D. Mass.)

In Re: University of Southern California Tuition and Fees COVID-19 Refund Litigation, Case No. 2:20-cv-4066-DMG (C.D. Cal.)

Miazza v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll., NO. 2021 CW 0750, (La. Ct.)

In Re: Broiler Chicken Growing Antitrust Litigation (No. II), Case No. 6:20-MD-02977-RJS-CMR (E.D. Ok.)

Fusion Elite All Stars et al v. Varsity Brands, LLC et al, Case No. 2:20-CV-03390 (SHL-tmp) (W.D. Tenn.)

In Re: Pork Antitrust Litigation, Case No. 0:18-cv-01776 (JRT-HB) (D. Minn.)

(Im)Balance of Power: How Market Concentration Affects Worker Compensation and Consumer Prices (U.S. House Committee on Economic Disparity and Fairness in Growth)

In re Google Play Consumer Antitrust Litigation, Case No. 3:20-cv-05761-JD (N.D. Cal)

Reviving Competition, Part 1: Proposals to Address Gatekeeper Power and Lower Barriers to Entry Online (U.S. House of Representatives Subcommittee on Antitrust)

Breaking the News – Journalism, Competition, and the Effects of Market Power on a Free Press (U.S. Senate Subcommittee on Competition Policy)

In Re: London Silver Fixing, Ltd. Antitrust Litigation, Case No. 1:14-md-02573-VEC (S.D. N.Y.)

In Re: JUUL Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation, Case No. 19-md-02913-WHO (N.D. Ca.)

Paul Weidman et. al v. Ford Motor Company, Case No. 18-cv-12719 (E.D. Mich.)

Leinani Deslandes et al v. McDonald's USA, LLC, Case No. 17-cv-04857 (N.D. IL)

In Re: Macbook Keyboard Litigation, Case No.: 5:18-cv-02813-EJD (N.D. Ca.)

Estate of Beverly Berland v. Lavastone Capital LLC, Case No. 1:18-cv-02002-CFC (D. Del.)

Donald Conrad et al. v. Jimmy John's Franchise LLC, et al., No. 3:18-cv-00133-NJR (S.D. Ill.)

Zydus Pharmaceuticals Inc. and Cadila Healthcare Limited v. Takeda Pharmaceutical Company Limited et al., No. 18-01994 (FLW)(TJB) (D. N.J.)

In Re GSE Bonds Antitrust Litigation, No. 1:19-cv-01704-JSR (S.D. N.Y.)

beIN Sports, LLC v. Comcast Cable Communications, LLC, File No. CSR-8972-P (FCC)

Chelsea Jensen, et al. v. Samsung Electronics et al., Court File No. T-809-18 (Federal Court in Canada)

Estate of Phyllis Malkin v. Wells Fargo Bank, N.A., No. 17-cv-23136 (S.D. Fl.)

In Re Capacitors Antitrust Litigation, Master File No. 3:14-cv-03264-JD (N.D. Ca.)

In re Foreign Exchange Benchmark Rates Antitrust Litigation, Case No. 1:13-cv-07789-LGS (S.D. N.Y.)

Massachusetts Technology Park Corporation v. Axia Netmedia Corporation, KCST USA, Inc., No. 01-17-0004-3049 (American Arbitration Association)

Cung Le et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, Case No.: 2:15-cv-01045-RFB-(PAL) (D. Nev.)

The Ohio State University v. New Par D/B/A Verizon Wireless, Case No. 2:15-cv-2866 (S.D. Oh.)

Authenticom, Inc. v. CDK Global, LLL; and The Reynolds And Reynolds Company, Case No. 17-cv-318 (W.D. Wis.)

Manmohan Dhillon et al. v. Anheuser-Busch, LLC et al. Case No. 14CECG03039 MBS (Cal. Fresno)

In re Lidoderm Antitrust Litigation, MDL Dkt. No. 14-md-02521-WHO (N.D. Cal.)

Maxon Hyundai Mazda et al. v. Carfax Inc., Case No. CV 2680 (AJN) (RLE) (S.D. N.Y.)

Philip R. Loy and Sharon Loy v. Womble Carlyle Sandridge & Rice, et al., Case No. 2014-cv-254012 (Ga. Super.)

In re MyFord Touch Consumer Litigation, Case No. 13-cv-3072-EMC (N.D. Cal.)

Sun Life Assurance Company of Canada v. U.S. Bank National Association, Case No. NO. 2:14-cv-04703-SJF-GRB (E.D. N.Y.)

Sun Life Assurance Company of Canada v. U.S. Bank National Association and Larry Bryan, Case No. 14-CIV-62610-BLOOM/VALLE (S.D. Fla.)

In the Matter of Flat Wireless, LLC, for and on behalf of its Operating Subsidiaries, v. Cellco Partnership d/b/a Verizon Wireless, and its Operating Subsidiaries, File No. EB-15-MD-005 (Federal Communications Commission)

Omni Healthcare et al. v. Health First Inc. et al, Case No. 6:13-CV-01509-RBD-DAB (M.D. Fla.)

Schuylkill Health System et al. v. Cardinal Health 200, LLC & Owens & Minor Distribution, Inc., Case No. 12-cv-07065-JS (E.D. Pa.)

Meda Pharmaceuticals Inc. v. Apotex, Inc and Apotex Corp., Case No. 01-14-0001-6315 (Am. Arbitration Ass'n)

Mark S. Wallach, et al v. Eaton Corporation, et al, Case No. 10-260-SLR (D. Del.)

STB Ex Parte No. 722 Railroad Revenue Adequacy (Surface Transportation Board)

In the Matter of 2014 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996, MB Docket No. 14-50 (Federal Communications Commission)

Lindsay Kamakahi and Justine Levy, et al v. American Society for Reproductive Medicine and Society for Assisted Reproductive Technology, Case No.: 3:11-CV-1781 JCS (N.D. Cal.)

Salud Services, Inc. et al v. Caterpillar, Inc., Case No.: 1:12-cv-23927 (S.D. Fla.)

Gnanh Nora Krouch v. Wal-Mart Stores, Inc., Case No. CV-12-2217 (N.D. Cal.)

In the Matter of Petition for Rulemaking to Eliminate the Sports Blackout Rule, MB Docket No. 12-3 (Federal Communications Commission)

In the Matter of Review of Wholesale Services and Associated Policies, File No. 8663-C12-201313601 (Canadian Radio-Television and Telecommunications Commission)

Crafting a Successful Incentive Auction: Stakeholders' Perspectives (U.S. Senate, Committee on Commerce, Science, and Transportation)

Altergy Systems v. Enersys Delaware, Inc., Case No. 74-198-Y-001772-12 JMLE (American Arbitration Association)

In re New York City Bus Tour Antitrust Litigation, Master Case File No. 13-CV-07I1 (S.D. N.Y.)

SOCAN Tariff 22.A (Online Music Services, 2011-2013), CSI Online Music Services (2011-2013), SODRAC Tariff 6 - Online Music Services, Music Videos (2010-2013) (Copyright Board Canada)

Imperial Premium Finance, LLC, v. Sun Life Assurance Company of Canada (S.D. Fla.)

The Satellite Television Law: Repeal, Reauthorize, or Revise? (U.S. House of Representatives, Committee on Energy and Commerce)

Marchbanks Truck Service, et al. v. Comdata Network Inc., et al., Civil Action No. 07-1078-JKG (E.D. Pa.)

Patricia Reiter v. Mutual Credit Corporation, et al., Case No. 8:09-cv-0081 AG (RNBx) (C.D. Cal.)

In re Photochromic Lens Antitrust Litigation, MDL Docket No. 2173 (M.D. Fla.)

In the Matter of the Arbitration Between Washington Nationals Baseball Club v. TCR Sports Broadcasting Holdings, L.L.P. (Major League Baseball Revenue Sharing Definitions Committee)

Miguel V. Pro and Davis Landscape et al. v. Hertz Equipment Rental Corporation, No. 2:06-CV-3830 (DMC) (D.N.J.)

Game Show Network, LLC v. Cablevision Systems Corp., File No. CSR-8529-P (Federal Communications Commission)

Apotex, Inc., v. Cephalon, Inc., Barr Laboratories, Inc., Mylan Laboratories, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Ranbaxy Laboratories, Ltd., and Ranbaxy Pharmaceuticals, Inc., Case No. 2:06-cv-02768-MSG (E.D. Pa.)

In Re Airline Baggage Fee Antitrust Litigation, Civil Action No. 1:09-Md-2089-Tcb (N.D. Ga.)

## Memberships

American Economics Association

American Bar Association Section of Antitrust Law

## Reviewer

Journal of Risk and Insurance

Journal of Competition Law and Economics

Journal of Risk Management and Insurance Review

Journal of Regulatory Economics

Managerial and Decision Economics

Telecommunications Policy

# EXHIBIT 2

econ **ONE**

June 22, 2023

<u>VIA EMAIL</u>

Mark Falk Esq.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102

Re: <u>In re LTL Bankruptcy</u>

Dear Mr. Falk:

This letter confirms the agreement between Walsh Pizzi O'Reilly Falanga LLP ("Walsh") on behalf of Randi S. Ellis, the Legal Representative for Future Talc Claimants ("FCR") and EconONE Research, Inc. ("Econ One") to provide expert consulting services and analysis of talc claim liability in connection with the above-referenced bankruptcy case of LTL Management LLC ("LTL" or "Debtor").  In connection with this engagement, we understand Walsh is retaining us directly on behalf of your client the FCR appointed by the Bankruptcy Court on May 18, 2023.  This Agreement is subject to the entry of an order by the Bankruptcy Court (the "Retention Order") approving all the terms and conditions of this Agreement pursuant to an application for the retention of Econ One to be promptly submitted by Walsh on  behalf of its client the FCR.

**<u>Section 1. Services.</u>**        Econ One will provide economic research and consulting services including and analysis of talc claim liability in connection with the above-referenced bankruptcy case of LTL Management LLC ("LTL" or "Debtor") ("Services"). In particular, the Services will include:

  a. Developing an analytics plan to quantify the nature and extent of personal injury liabilities related to alleged mesothelioma and ovarian cancer claims arising from alleged exposure to Johnson & Johnson, the Debtor and its predecessor's talc products including estimating the number and value of present and future talc personal injury claims;

  b. developing claims procedures to be used in the development of financial models of payments and assets of a claims resolution trust;

Mark Falk Esq.
June 22, 2023
Page 2 of 5

c. analyzing and responding to issues relating to draft trust distribution procedures; analyzing and responding to issues relating to providing notice to personal injury claimants and reviewing such notice procedures;

d. analyzing and advising on financial matters, such as valuation of the Debtor, if specifically requested by Walsh on behalf of the FCR;

e. providing expert testimony and reports related to the foregoing and assisting Walsh on behalf of the FCR in preparing and evaluating reports and testimony by other experts and consultants; and

f. providing such other consulting services as may be requested by Walsh on behalf of the FCR

Econ One understands that the FCR is interested in obtaining independent expert opinion on matters at issue in the bankruptcy case. Econ One may find it necessary to review and interpret economic data, assumptions, and estimates contained in documents and information furnished by Walsh or its client(s). Econ One will furnish such reports, exhibits, charts, data sets, or other analyses of such economic data, assumptions, and estimates as requested by Walsh or as Econ One shall determine to be necessary from time to time.

The work undertaken by Econ One in connection with the above-captioned action is being done for and under the direction of Walsh on behalf of the FCR and, accordingly, is part of Walsh's work product and within the scope of attorney-client privilege. All documents and data sets provided to or prepared by Econ One are the property of the FCR and will not be destroyed without authorization from Walsh on behalf of the FCR. Econ One shall not disclose any confidential or privileged information to any third party.

Walsh on behalf of the FCR acknowledges that Econ One's opinions are independent and objective. It is understood that prior to the submission of any statement describing the nature of any opinions of Econ One in this matter to a third party, Econ One will be provided with the opportunity to review such statement for accuracy. Econ One understands that it will be working at Walsh's direction regarding the scope of the work and the manner in which the Services are prepared and presented. Econ One's work will be objective and impartial and Econ One will conduct independent analysis in connection with any services Walsh may request on behalf of its client the FCR or that Walsh and Econ One may deem necessary or appropriate. Econ One's fees are in no way contingent on the outcome of this matter.

Mark Falk Esq.
June 22, 2023
Page 3 of 5

**Section 2. Fee Billing**.        Econ One will be compensated for its Services, plus reasonable actual out-of-pocket expenses such as travel, hotel, meals, copying and mailing costs. Econ One's hourly billing rates are set forth on <u>Attachment A</u>. Hourly rates may change in the future from time to time and are typically adjusted annually. Econ One will provide Walsh with a monthly written invoice for the Services and out-of-pocket expenses which Econ One agrees to submit to the Bankruptcy Court for approval on notice to parties in interest.

Econ One understands that this Agreement and the compensation to be paid hereunder is subject to the approval of the Bankruptcy Court on notice to interested parties in the Bankruptcy Case who have the opportunity to object. Econ One shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses and agrees to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of this Agreement and Sections 330 and 331 of the Bankruptcy Code, any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals and any other applicable orders of this Bankruptcy Court. Econ One understands that no compensation may be paid to Econ One and no expenses may be reimbursed to Econ One, unless and until approved by the Bankruptcy Court pursuant to the United States Bankruptcy Code (the "Code"), the Federal Rules of Bankruptcy Procedures (the "Rules"), the Local Rules of the Bankruptcy Court (the "Local Rules") and all applicable orders of, and procedures adopted by the Bankruptcy Court (collectively, the "Orders"). **Econ One understands that payment of its fees and reimbursement of expenses incurred shall be made by the Debtor in accordance with the Code, Rules, Local Rules and Orders, and further that neither Walsh nor the FCR are responsible for payment of Econ One's invoices or for any payment of any other kind to Econ One**. Econ One also understands that, in entering into this engagement, the FCR is acting in her capacity as the Legal Representative for Future Talc Claimants appointed by the Bankruptcy Court and not in her individual capacity.

**Section 3. Confidentiality**.        Econ One understands that it is the intention of Walsh and the FCR and the position of Walsh and the FCR that the Services performed under this Agreement will be covered by the attorney client and/or work product privilege and other applicable privileges. Accordingly, Econ One agrees that all communications and other documents prepared or received by Econ One pursuant to this Agreement will be maintained by Econ One as confidential material in accordance with the terms hereof, and will not be disclosed to third parties without the consent of Walsh and the FTCR.  Econ One also agrees to abide by the terms of any Confidentiality Orders that may be entered into in connection with the Bankruptcy Case regarding the exchange of information among parties.

Mark Falk Esq.
June 22, 2023
Page 4 of 5

As a condition of this retention, Econ One is not agreeing that other firm experts will be precluded from working on other engagements against the client or its attorneys. Nor, subject to reasonable and appropriate protections against confidential information obtained in this engagement being used elsewhere, is Econ One agreeing herein that other Econ One experts will be precluded from working for other parties on the same side of the parties in the matter covered by this engagement.

A copy of Econ One's standard commercial terms, with which Walsh hereby agrees, is attached and incorporated herein by reference. To the extent any provision of this engagement Agreement or the attached standard commercial terms is inconsistent with any provision of the Code, Rules, Local Rules or Orders, the provisions of the Code, Rules, Local Rules and Orders shall govern.

This Agreement may not be terminated unless by order of the Bankruptcy Court. Any such Order approving termination may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Bankruptcy Court or such earlier date as may be appropriate. This Agreement may be executed in one or more counterparts, each of which may be signed and transmitted via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document.

Sincerely,

Lisa Skylar
CEO

AGREED AND ACCEPTED

By:_____    Dated: June 23, 2023
EconONE Research, Inc.

By:_____    Dated: June 26, 2023
Walsh Pizzi O'Reilly Falanga LLP

Mark Falk Esq.
June 22, 2023
Page 5 of 5

## ECON ONE RESEARCH, INC.

## STANDARD COMMERCIAL TERMS

- Econ One's fees are independent of the analysis rendered or the outcome of this litigation or the consulting assignment at issue.

- Econ One reserves the right to seek termination of this engagement through submission to the Bankruptcy Court.

- In the event Econ One is requested, pursuant to subpoena or other legal process, to produce any documents relating to engagements for Counsel in judicial or administrative proceedings to which Econ One is not a party, Econ One shall be entitled to seek reimbursement at standard billing rates for its professional time and expenses, including reasonable attorney's fees, incurred in responding to such requests.

- Econ One may request that a retainer be paid on execution of this Agreement.  The retainer will be applied against outstanding fees, costs, and expenses incurred by Econ One that remain upon completion of services.  Any balance remaining after all fees, costs, and expenses have been paid shall be returned.  Econ One may request an additional retainer during the course of the engagement.

- Neither party shall be responsible or liable to the other party or any other person or entity for any consequential, incidental, special, indirect, exemplary, or punitive damages of any kind or nature, including, without limitation, any lost revenues, lost profits, or loss of goodwill, even if such party has been informed of the possibility of such damages.  Econ One shall not be responsible or liable to Counsel, its client(s), or any other person or entity for any compensatory damages of any kind or nature under, arising from, or related to this Agreement or the performance of services hereunder, unless, and to the extent, directly caused by the sole gross negligence or willful misconduct of Econ One, and maximum cumulative aggregate liability of Econ One to Counsel, its client(s), and any and all other persons or entities for all such damages of every kind or nature and howsoever arising under, arising from, or related to this Agreement or the performance of services hereunder, shall be limited to the fees actually received by Econ One for the performance of services hereunder in all instances. Each party hereby unconditionally and irrevocably waives all claims, rights, and remedies for damages of every kind or nature subject to the foregoing exoneration provisions.

# EXHIBIT 3

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Direct Equity Owner of Debtor** | Johnson & Johnson Holdco (NA) Inc. |
| **Debtor's Direct Non-Debtor Subsidiary** | Royalty A&M LLC |
| **Other Non-Debtor Affiliates** | 3Dintegrated ApS |
| | ABD Holding Company, Inc. |
| | ABIOMED R&D, Inc. |
| | ABIOMED, Inc. |
| | Acclarent, Inc. |
| | Actelion Ltd |
| | Actelion Pharmaceuticals Ltd. |
| | Actelion Pharmaceuticals Trading (Shanghai) Co., Ltd. |
| | Actelion Pharmaceuticals US, Inc. |
| | Actelion Treasury Unlimited Company |
| | Albany Street LLC |
| | ALZA Corporation |
| | Alza Land Management, Inc. |
| | AMO (Hangzhou) Co., Ltd. |
| | AMO (Shanghai) Medical Devices Trading Co., Ltd. |
| | AMO ASIA LIMITED |
| | AMO Australia Pty Limited |
| | AMO Canada Company |
| | AMO Denmark ApS |
| | AMO Development, LLC |
| | AMO France |
| | AMO Germany GmbH |
| | AMO Groningen B.V. |
| | AMO International Holdings Unlimited Company |
| | AMO Ireland |
| | AMO Italy SRL |
| | AMO Japan K.K. |
| | AMO Manufacturing USA, LLC |
| | AMO Netherlands BV |
| | AMO Nominee Holdings, LLC |
| | AMO Norway AS |
| | AMO Puerto Rico Manufacturing, Inc. |
| | AMO Sales and Service, Inc. |
| | AMO Singapore Pte. Ltd. |
| | AMO Spain Holdings, LLC |
| | AMO Switzerland GmbH |
| | AMO United Kingdom, Ltd. |
| | AMO Uppsala AB |
| | Anakuria Therapeutics, Inc. |
| | AorTx, Inc. |
| | Apsis SAS |
| | Aragon Pharmaceuticals, Inc. |
| | Asia Pacific Holdings, LLC |
| | Atrionix, Inc. |
| | AUB Holdings LLC |
| | Auris Health, Inc. |
| | Backsvalan 6 Handelsbolag |
| | Beijing Dabao Cosmetics Co., Ltd. |
| | BeneVir BioPharm, Inc. |
| | Berna Rhein B.V. |
| | BioMedical Enterprises, Inc. |
| | Biosense Webster (Israel) Ltd. |
| | Biosense Webster, Inc. |
| | Breethe, Inc. |
| | C Consumer Products Denmark ApS |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Other Non-Debtor Affiliates | Carlo Erba OTC S.r.l. |
| | Centocor Biologics, LLC |
| | Centocor Research & Development, Inc. |
| | Cerenovus, Inc. |
| | ChromaGenics B.V. |
| | Ci:z. Labo Co., Ltd. |
| | Cilag AG |
| | Cilag GmbH International |
| | Cilag Holding AG |
| | Cilag Holding Treasury Unlimited Company |
| | Cilag-Biotech, S.L. |
| | Coherex Medical, Inc. |
| | ColBar LifeScience Ltd. |
| | Consumer Test Entity |
| | Cordis de Mexico, S.A. de C.V. |
| | Corimmun GmbH |
| | CoTherix Inc. |
| | CRES Holdings, Inc. |
| | CrossRoads Extremity Systems, LLC |
| | CSATS, Inc. |
| | Debs-Vogue Corporation (Proprietary) Limited |
| | DePuy Hellas SA |
| | DePuy International Limited |
| | DePuy Ireland Unlimited Company |
| | DePuy Mexico, S.A. de C.V. |
| | DePuy Mitek, LLC |
| | DePuy Orthopaedics, Inc. |
| | DePuy Products, Inc. |
| | DePuy Spine, LLC |
| | DePuy Synthes Institute, LLC |
| | DePuy Synthes Products, Inc. |
| | DePuy Synthes Sales, Inc. |
| | DePuy Synthes, Inc. |
| | Dutch Holding LLC |
| | ECL7, LLC |
| | EES Holdings de Mexico, S. de R.L. de C.V. |
| | EES, S.A. de C.V. |
| | EIT Emerging Implant Technologies GmbH |
| | Ethicon Endo-Surgery (Europe) GmbH |
| | Ethicon Endo-Surgery, Inc. |
| | Ethicon Endo-Surgery, LLC |
| | Ethicon LLC |
| | Ethicon Sarl Ethicon US, LLC |
| | Ethicon Women''s Health & Urology Sarl |
| | Ethicon, Inc. |
| | Ethnor (Proprietary) Limited |
| | Ethnor del Istmo S.A. |
| | Ethnor Farmaceutica, S.A. |
| | Finsbury (Development) Limited |
| | Finsbury (Instruments) Limited |
| | Finsbury Medical Limited |
| | Finsbury Orthopaedics International Limited |
| | Finsbury Orthopaedics Limited |
| | FMS Future Medical System SA |
| | GATT Technologies B.V. |
| | GH Biotech Holdings Limited |
| | Global Investment Participation B.V. |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Other Non-Debtor Affiliates** | GMED Healthcare BV |
| | Guangzhou Bioseal Biotech Co., Ltd. |
| | Hansen Medical Deutschland GmbH |
| | Hansen Medical International, Inc. |
| | Hansen Medical UK Limited |
| | Hansen Medical, Inc. |
| | Healthcare Services (Shanghai) Ltd. |
| | I.D. Acquisition Corp. |
| | Innomedic Gesellschaft für innovative Medizintechnik und Informatik mbH |
| | J & J Company West Africa Limited |
| | J&J Argentina S.A. |
| | J&J Pension Trustees Limited |
| | J&J Productos Medicos & Farmaceuticos del Peru S.A. |
| | J.C. General Services BV |
| | Janssen Biologics (Ireland) Limited |
| | Janssen Biologics B.V. |
| | Janssen BioPharma, LLC |
| | Janssen Biotech, Inc. |
| | Janssen Cilag Farmaceutica S.A. |
| | Janssen Cilag S.p.A. |
| | Janssen Cilag SPA |
| | Janssen Cilag, C.A. |
| | Janssen Development Finance Unlimited Company |
| | Janssen Egypt LLC |
| | Janssen Farmaceutica Portugal Lda |
| | Janssen France Treasury Unlimited Company |
| | Janssen Global Services, LLC |
| | Janssen Holding GmbH |
| | Janssen Inc. |
| | Janssen Irish Finance Unlimited Company |
| | Janssen Japan Treasury Unlimited Company |
| | Janssen Korea Ltd. |
| | Janssen Mexico Treasury Unlimited Company |
| | Janssen Oncology, Inc. |
| | Janssen Ortho LLC |
| | Janssen Pharmaceutica (Proprietary) Limited |
| | Janssen Pharmaceutica NV |
| | Janssen Pharmaceutica S.A. |
| | Janssen Pharmaceutical K.K. |
| | Janssen Pharmaceutical Sciences Unlimited Company |
| | Janssen Pharmaceutical Unlimited Company |
| | Janssen Pharmaceuticals, Inc. |
| | Janssen Products, LP |
| | Janssen R&D Ireland Unlimited Company |
| | Janssen Research & Development, LLC |
| | Janssen Sciences Ireland Unlimited Company |
| | Janssen Scientific Affairs, LLC |
| | Janssen Supply Group, LLC |
| | Janssen Vaccines & Prevention B.V. |
| | Janssen Vaccines Corp. |
| | Janssen-Cilag |
| | Janssen-Cilag (New Zealand) Limited |
| | Janssen-Cilag A/S |
| | Janssen-Cilag AG |
| | Janssen-Cilag Aktiebolag |
| | Janssen-Cilag AS |
| | Janssen-Cilag B.V. |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Other Non-Debtor Affiliates | Janssen-Cilag d.o.o. Beograd |
| | Janssen-Cilag de Mexico S. de R.L. de C.V. |
| | Janssen-Cilag Farmaceutica Lda. |
| | Janssen-Cilag Farmaceutica Ltda. |
| | Janssen-Cilag GmbH |
| | Janssen-Cilag International NV |
| | Janssen-Cilag Kft. |
| | Janssen-Cilag Limited |
| | Janssen-Cilag Manufacturing, LLC |
| | Janssen-Cilag NV |
| | Janssen-Cilag OY |
| | Janssen-Cilag Pharma GmbH |
| | Janssen-Cilag Pharmaceutical S.A.C.I. |
| | Janssen-Cilag Polska, Sp. z o.o. |
| | Janssen-Cilag Pty Ltd |
| | Janssen-Cilag S.A. |
| | Janssen-Cilag s.r.o. |
| | Janssen-Cilag, S.A. |
| | Janssen-Cilag, S.A. de C.V. |
| | Janssen-Pharma, S.L. |
| | J-C Health Care Ltd. |
| | Jevco Holding, Inc. |
| | JJ Surgical Vision Spain, S.L. |
| | JJC Acquisition Company B.V. |
| | JJHC, LLC |
| | JJSV Belgium BV |
| | JJSV Manufacturing Malaysia SDN. BHD. |
| | JJSV Norden AB |
| | JJSV Produtos Oticos Ltda. |
| | JNJ Global Business Services s.r.o. |
| | JNJ Holding EMEA B.V. |
| | JNJ International Investment LLC |
| | JNTL (APAC) HoldCo 2 LLC |
| | JNTL (APAC) HoldCo 3 Pte. Ltd. |
| | JNTL (APAC) HoldCo LLC |
| | JNTL (APAC) HoldCo Pte. Ltd. |
| | JNTL (Japan) HoldCo Inc. |
| | JNTL (Malaysia) Sdn. Bhd. |
| | JNTL (Middle East) HoldCo LLC |
| | JNTL (Puerto Rico) HoldCo GmbH |
| | JNTL (Shanghai) Investment Co., Ltd. |
| | JNTL (Switzerland) HoldCo GmbH |
| | JNTL (Thailand) HoldCo LLC |
| | JNTL (UK) HoldCo Limited |
| | JNTL Consumer Health (Belgium) BV |
| | JNTL Consumer Health (Brazil) Ltda. |
| | JNTL Consumer Health (Czech Republic) s.r.o. |
| | JNTL Consumer Health (Dominican Republic), S.A.S. |
| | JNTL Consumer Health (Finland) Oy |
| | JNTL Consumer Health (France) SAS |
| | JNTL Consumer Health (Hungary) Kft |
| | JNTL Consumer Health (India) Private Limited |
| | JNTL Consumer Health (New Zealand) Limited |
| | JNTL Consumer Health (Norway) AS |
| | JNTL Consumer Health (Philippines) Inc. |
| | JNTL Consumer Health (Poland) sp. z o.o. |
| | JNTL Consumer Health (Portugal) Limitada |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Other Non-Debtor Affiliates** | JNTL Consumer Health (Services) LLC |
| | JNTL Consumer Health (Slovakia), s.r.o. |
| | JNTL Consumer Health (Spain), S.L. |
| | JNTL Consumer Health (Taiwan) Limited |
| | JNTL Consumer Health (Vietnam) Co. Ltd. |
| | JNTL Consumer Health General Services BV |
| | JNTL Consumer Health I (Ireland) Limited |
| | JNTL Consumer Health I (Switzerland) GmbH |
| | JNTL Consumer Health II (Switzerland) GmbH |
| | JNTL Consumer Health LLC |
| | JNTL Consumer Health Mexico, S. de R.L. de C.V. |
| | JNTL Consumer Health Middle East FZ-LLC |
| | JNTL HoldCo 2 LLC |
| | JNTL HoldCo 3 LLC |
| | JNTL HoldCo 4 LLC |
| | JNTL HoldCo 5 LLC |
| | JNTL HoldCo 6 LLC |
| | JNTL HoldCo 7 LLC |
| | JNTL HoldCo 8 LLC |
| | JNTL HoldCo LLC |
| | JNTL Holdings 2, Inc. |
| | JNTL Holdings 3, Inc. |
| | JNTL Holdings B.V. |
| | JNTL Holdings, Inc. |
| | JNTL Ireland HoldCo 2 B.V. |
| | JNTL Netherlands HoldCo B.V. |
| | JNTL Turkey Tüketici Sağlığı Limited Şirketi |
| | Johnson & Johnson |
| | Johnson & Johnson - Societa'' Per Azioni |
| | Johnson & Johnson (Angola), Limitada |
| | Johnson & Johnson (Australia) Pty Ltd |
| | Johnson & Johnson (Canada) Inc. |
| | Johnson & Johnson (China) Investment Ltd. |
| | Johnson & Johnson (Ecuador) S.A. |
| | Johnson & Johnson (Egypt) S.A.E. |
| | Johnson & Johnson (Hong Kong) Limited |
| | Johnson & Johnson (Ireland) Limited |
| | Johnson & Johnson (Jamaica) Limited |
| | Johnson & Johnson (Kenya) Limited |
| | Johnson & Johnson (Middle East) Inc. |
| | Johnson & Johnson (Mozambique), Limitada |
| | Johnson & Johnson (Namibia) (Proprietary) Limited |
| | Johnson & Johnson (New Zealand) Limited |
| | Johnson & Johnson (Philippines), Inc. |
| | Johnson & Johnson (Private) Limited |
| | Johnson & Johnson (Singapore) Holdco LLC |
| | Johnson & Johnson (Thailand) Ltd. |
| | Johnson & Johnson (Trinidad) Limited |
| | Johnson & Johnson (Vietnam) Co., Ltd |
| | Johnson & Johnson AB |
| | Johnson & Johnson AG |
| | Johnson & Johnson Bulgaria EOOD |
| | Johnson & Johnson China Ltd. |
| | Johnson & Johnson Consumer (Hong Kong) Limited |
| | Johnson & Johnson Consumer (Thailand) Limited |
| | Johnson & Johnson Consumer B.V. |
| | Johnson & Johnson Consumer Holdings France |

| Exhibit 3 | |
| --- | --- |
| | Interested Party |
| Other Non-Debtor Affiliates | Johnson & Johnson Consumer Inc. |
| | Johnson & Johnson Consumer NV |
| | Johnson & Johnson Consumer Saudi Arabia Limited |
| | Johnson & Johnson Consumer Services EAME Ltd. |
| | Johnson & Johnson d.o.o. |
| | Johnson & Johnson de Argentina S.A.C. e. I. |
| | Johnson & Johnson de Chile S.A. |
| | Johnson & Johnson de Colombia S.A. |
| | Johnson & Johnson de Mexico, S.A. de C.V. |
| | Johnson & Johnson de Uruguay S.A. |
| | Johnson & Johnson de Venezuela, S.A. |
| | Johnson & Johnson del Ecuador, S.A. |
| | Johnson & Johnson Del Paraguay, S.A. |
| | Johnson & Johnson del Peru S.A. |
| | Johnson & Johnson do Brasil Industria E Comercio de Produtos Para Saude Ltda. |
| | Johnson & Johnson Dominicana, S.A.S. |
| | Johnson & Johnson Enterprise Innovation Inc. |
| | Johnson & Johnson European Treasury Unlimited Company |
| | Johnson & Johnson Finance Corporation |
| | Johnson & Johnson Finance Limited |
| | Johnson & Johnson Financial Services GmbH |
| | Johnson & Johnson for Export and Import LLC |
| | Johnson & Johnson Gateway, LLC |
| | Johnson & Johnson Gesellschaft m.b.H. |
| | Johnson & Johnson GmbH |
| | Johnson & Johnson GT, Sociedad Anónima |
| | Johnson & Johnson Guatemala, S.A. |
| | Johnson & Johnson Health and Wellness Solutions, Inc. |
| | Johnson & Johnson Health Care Systems Inc. |
| | Johnson & Johnson Hellas Commercial and Industrial S.A. |
| | Johnson & Johnson Hellas Consumer Products Commercial Societe Anonyme |
| | Johnson & Johnson Hemisferica S.A. |
| | Johnson & Johnson Holdco (NA) Inc. |
| | Johnson & Johnson Holding GmbH |
| | Johnson & Johnson Holdings (Austria) GmbH |
| | Johnson & Johnson Inc. |
| | Johnson & Johnson Industrial Ltda. |
| | Johnson & Johnson Innovation - JJDC, Inc. |
| | Johnson & Johnson Innovation Limited |
| | Johnson & Johnson Innovation LLC |
| | Johnson & Johnson International |
| | Johnson & Johnson International (Singapore) Pte. Ltd. |
| | Johnson & Johnson International Financial Services Unlimited Company |
| | Johnson & Johnson Irish Finance Company Limited |
| | Johnson & Johnson K.K. |
| | Johnson & Johnson Kft. |
| | Johnson & Johnson Korea Selling & Distribution LLC |
| | Johnson & Johnson Korea, Ltd. |
| | Johnson & Johnson Limited |
| | Johnson & Johnson LLC |
| | Johnson & Johnson Luxembourg Finance Company Sarl |
| | Johnson & Johnson Management Limited Johnson & Johnson Medical (China) Ltd. |
| | Johnson & Johnson Medical (Proprietary) Ltd |
| | Johnson & Johnson Medical (Shanghai) Ltd. |
| | Johnson & Johnson Medical (Suzhou) Ltd. |
| | Johnson & Johnson Medical B.V. |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Other Non-Debtor Affiliates | Johnson & Johnson Medical Devices & Diagnostics Group - Latin America, L.L.C. |
| | Johnson & Johnson Medical GmbH |
| | Johnson & Johnson Medical Greece Single Member S.A. |
| | Johnson & Johnson Medical Korea Ltd. |
| | Johnson & Johnson Medical Limited |
| | Johnson & Johnson Medical Mexico, S.A. de C.V. |
| | Johnson & Johnson Medical NV |
| | Johnson & Johnson Medical Products GmbH |
| | Johnson & Johnson Medical Pty Ltd |
| | Johnson & Johnson Medical S.A. |
| | Johnson & Johnson Medical S.p.A. |
| | Johnson & Johnson Medical SAS |
| | Johnson & Johnson Medical Saudi Arabia Limited |
| | Johnson & Johnson Medical Taiwan Ltd. |
| | Johnson & Johnson Medical, S.C.S. |
| | Johnson & Johnson Medikal Sanayi ve Ticaret Limited Sirketi |
| | Johnson & Johnson MedTech (Thailand) Ltd. |
| | Johnson & Johnson Medtech Colombia S.A.S. |
| | Johnson & Johnson Middle East FZ-LLC |
| | Johnson & Johnson Morocco Societe Anonyme |
| | Johnson & Johnson Nordic AB |
| | Johnson & Johnson Pacific Pty Limited |
| | Johnson & Johnson Pakistan (Private) Limited |
| | Johnson & Johnson Panama, S.A. |
| | Johnson & Johnson Personal Care (Chile) S.A. |
| | Johnson & Johnson Pharmaceutical Ltd. |
| | Johnson & Johnson Poland Sp. z o.o. |
| | Johnson & Johnson Private Limited |
| | Johnson & Johnson Pte. Ltd. |
| | Johnson & Johnson Pty. Limited |
| | Johnson & Johnson Romania S.R.L. |
| | Johnson & Johnson S.E. d.o.o. |
| | Johnson & Johnson S.E., Inc. |
| | Johnson & Johnson Sante Beaute France |
| | Johnson & Johnson SDN. BHD. |
| | Johnson & Johnson Services, Inc. |
| | Johnson & Johnson Surgical Vision India Private Limited |
| | Johnson & Johnson Surgical Vision, Inc. |
| | Johnson & Johnson Taiwan Ltd. |
| | Johnson & Johnson UK Treasury Company Limited |
| | Johnson & Johnson Ukraine LLC |
| | Johnson & Johnson Urban Renewal Associates |
| | Johnson & Johnson Vision Care (Australia) Pty Ltd |
| | Johnson & Johnson Vision Care (Shanghai) Ltd. |
| | Johnson & Johnson Vision Care Ireland Unlimited Company |
| | Johnson & Johnson Vision Care, Inc. |
| | Johnson & Johnson Vision Korea, Ltd. |
| | Johnson & Johnson, Lda |
| | Johnson & Johnson, S.A. |
| | Johnson & Johnson, S.A. de C.V. |
| | Johnson & Johnson, s.r.o. |
| | Johnson and Johnson (Proprietary) Limited |
| | Johnson and Johnson Sihhi Malzeme Sanayi Ve Ticaret Limited Sirketi |
| | Johnson Y Johnson de Costa Rica, S.A. |
| | JOM Pharmaceutical Services, Inc. |
| | Kenvue Inc. |
| | La Concha Land Investment Corporation |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Other Non-Debtor Affiliates | McNeil AB |
| | McNeil Consumer Pharmaceuticals Co. |
| | McNeil Denmark ApS |
| | McNeil Healthcare (Ireland) Limited |
| | McNeil Healthcare (UK) Limited |
| | McNeil Healthcare LLC |
| | McNeil Iberica S.L.U. |
| | McNeil LA LLC |
| | McNEIL MMP, LLC |
| | McNeil Nutritionals, LLC |
| | McNeil Panama, LLC |
| | McNeil Products Limited |
| | McNeil Sweden AB |
| | Medical Device Business Services, Inc. |
| | Medical Devices & Diagnostics Global Services, LLC |
| | Medical Devices International LLC |
| | Medos International Sarl |
| | Medos Sarl |
| | MegaDyne Medical Products, Inc. |
| | Menlo Care De Mexico, S.A. de C.V. |
| | Mentor B.V. |
| | Mentor Deutschland GmbH |
| | Mentor Medical Systems B.V. |
| | Mentor Partnership Holding Company I, LLC |
| | Mentor Texas GP LLC |
| | Mentor Texas L.P. |
| | Mentor Worldwide LLC |
| | Middlesex Assurance Company Limited |
| | Momenta Ireland Limited |
| | Momenta Pharmaceuticals, Inc. |
| | NeoStrata Company, Inc. |
| | NeoStrata UG (haftungsbeschränkt) |
| | Netherlands Holding Company |
| | Neuravi Limited |
| | NeuWave Medical, Inc. |
| | Novira Therapeutics, LLC |
| | NuVera Medical, Inc. |
| | Obtech Medical Mexico, S.A. de C.V. |
| | OBTECH Medical Sarl |
| | OGX Beauty Limited |
| | OMJ Holding GmbH |
| | OMJ Pharmaceuticals, Inc. |
| | Omrix Biopharmaceuticals Ltd. |
| | Omrix Biopharmaceuticals NV |
| | Omrix Biopharmaceuticals, Inc. |
| | Ortho Biologics LLC |
| | Ortho Biotech Holding LLC |
| | Orthospin Ltd. |
| | Orthotaxy SAS |
| | Patriot Pharmaceuticals, LLC |
| | Peninsula Pharmaceuticals, LLC |
| | Percivia LLC |
| | Pharmadirect Ltd. |
| | Pharmedica Laboratories (Proprietary) Limited |
| | preCARDIA, Inc. |
| | Princeton Laboratories, Inc. |
| | Productos de Cuidado Personal y de La Salud de Bolivia S.R.L. |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Other Non-Debtor Affiliates | Proleader S.A. |
| | Prosidyan, Inc. |
| | PT Integrated Healthcare Indonesia |
| | PT Johnson & Johnson Indonesia |
| | PT Johnson and Johnson Indonesia Two Pulsar Vascular, Inc. |
| | Regency Urban Renewal Associates |
| | RespiVert Ltd. |
| | Review Manager Test Entity 2 |
| | Royalty A&M LLC |
| | Rutan Realty LLC |
| | Scios LLC |
| | Serhum S.A. de C.V. |
| | Shanghai Elsker Mother & Baby Co., Ltd |
| | Shanghai Johnson & Johnson Ltd. |
| | Shanghai Johnson & Johnson Pharmaceuticals Ltd. |
| | Sodiac ESV |
| | Spectrum Vision Limited Liability Company |
| | Spectrum Vision Limited Liability Partnership |
| | SterilMed, Inc. |
| | Surgical Process Institute Deutschland GmbH |
| | Synthes Costa Rica S.C.R., Limitada |
| | SYNTHES GmbH |
| | Synthes GmbH |
| | Synthes Holding AG |
| | Synthes Holding Limited |
| | SYNTHES Medical Immobilien GmbH |
| | Synthes Medical Surgical Equipment & Instruments Trading LLC |
| | Synthes Produktions GmbH |
| | Synthes Proprietary Limited |
| | Synthes S.M.P., S. de R.L. de C.V. |
| | Synthes Tuttlingen GmbH |
| | Synthes USA Products, LLC |
| | Synthes USA, LLC |
| | Synthes, Inc. |
| | TARIS Biomedical LLC |
| | TearScience, Inc. |
| | The Anspach Effort, LLC |
| | The Vision Care Institute, LLC |
| | Tibotec, LLC |
| | Torax Medical, Inc. |
| | UAB "Johnson & Johnson" |
| | Vania Expansion |
| | Verb Surgical Inc. |
| | Vision Care Finance Unlimited Company |
| | Vogue International LLC |
| | WH4110 Development Company, L.L.C. |
| | Xian Janssen Pharmaceutical Ltd. |
| | XO1 Limited Zarbee''s, Inc. |
| Managers and Officers of the Debtor | John Kim |
| | Richard Dickinson |
| | Robert Wuesthoff |
| | Russell Deyo |
| Major Current Business Affiliations of Debtor's Managers | American Foundation for Opioid Alternatives |
| | Migration Policy Institute |
| | Miller Center for Community Protection & Reliance, Eagleton Institute of Politics, Rutgers University |
| | National Center for State Courts |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Major Current Business Affiliations of Debtor's Managers** | National Council, McLean Hospital |
| | One Mind |
| **Depository and Disbursement Banks** | Bank of America, N.A. |
| **Major Sureties** | Chubb |
| | Federal Insurance Company |
| | Liberty Mutual Insurance Company |
| | Travelers Casualty and Surety Company of America |
| **Parties to Material Contracts With the Debtor** | Johnson & Johnson |
| | Johnson & Johnson Holdco (NA) Inc. |
| | Johnson & Johnson Services, Inc. |
| **Significant Co-Defendants in Talc-Related Litigation** | 3M Company |
| | A.O. Smith Corporation |
| | Albertsons Companies, Inc. |
| | Avon Products, Inc. |
| | Barretts Minerals, Inc. |
| | BASF Catalysts LLC |
| | Block Drug Company, Inc. |
| | Borg Warner Morse Tec, Inc. |
| | Brenntag North America |
| | Brenntag Specialties, Inc. |
| | Bristol-Myers Squibb Company |
| | Carrier Corporation |
| | Chanel, Inc. |
| | Charles B. Chrystal Co., Inc. |
| | Chattem, Inc. |
| | Colgate-Palmolive Company |
| | Conopco Inc. |
| | Costco Wholesale Corporation |
| | Coty, Inc. |
| | Crane Co. |
| | CVS Health Corporation |
| | CVS Pharmacy, Inc. |
| | Cyprus Amax Minerals Company |
| | Cyprus Mines Corporation |
| | Dana Companies, LLC |
| | DAP Products, Inc. |
| | Dollar General Corporation |
| | Duane Reade Inc. |
| | Eaton Corporation |
| | Eli Lilly and Company |
| | Elizabeth Arden, Inc. |
| | Estee Lauder Inc. |
| | Family Dollar Stores Inc. |
| | Flowserve US, Inc. |
| | FMC Corporation |
| | Food 4 Less of California, Inc. |
| | Ford Motor Company |
| | Foster Wheeler, LLC |
| | Gardner Denver, Inc. |
| | General Electric Company |
| | Genuine Parts Company |
| | Goodyear Tire & Rubber Co. |
| | Goulds Pumps, LLC |
| | Grinnell LLC |
| | Honeywell International, Inc. |
| | Imerys Talc America, Inc. |
| | Imerys USA, Inc. |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| **Significant Co-Defendants in Talc-Related Litigation** | IMO Industries Inc. |
| | John Crane, Inc. |
| | K&B Louisiana Corporation |
| | Kaiser Gypsum Company, Inc. |
| | Kmart Corporation |
| | Kolmar Laboratories |
| | Longs Drug Stores California |
| | L''Oreal USA, Inc. |
| | Lucky Stores, Inc. |
| | Macy''s, Inc. |
| | Mary Kay Inc. |
| | Maybelline LLC |
| | Metropolitan Life Insurance Company |
| | Noxell Corporation |
| | Personal Care Products Council |
| | Pfizer, Inc. |
| | Pharma Tech Industries, Inc. |
| | Pneumo Abex, LLC |
| | PTI Royston, LLC |
| | Publix Super Markets, Inc. |
| | R.T. Vanderbilt Holding Company, Inc. |
| | Ralphs Grocery Company |
| | Revlon Consumer Products Corporation |
| | Revlon, Inc. |
| | Rite Aid Corporation |
| | Safeway, Inc. |
| | Sanofi-Aventis U.S. LLC |
| | Shulton, Inc. |
| | Specialty Minerals Inc. |
| | Target Corporation |
| | The Dow Chemical Company |
| | The Estee Lauder Companies, Inc. |
| | The Kroger Co. |
| | The Procter & Gamble Company |
| | Thrifty Payless, Inc. |
| | Unilever Home & Personal Care USA |
| | Union Carbide Corporation |
| | Vanderbilt Minerals, LLC |
| | ViacomCBS, Inc. |
| | Walgreen Co. |
| | Walmart, Inc. |
| | Warren Pumps, LLC |
| | Whittaker Clark & Daniels, Inc. |
| | Wyeth Holdings LLC |
| | Yves Saint Laurent America, Inc. |
| **Debtor's Proposed Professionals and Claims Agent** | AlixPartners LLP |
| | Bates White LLC |
| | Blake, Cassels & Graydon LLP |
| | Epiq Corporate Restructuring LLC |
| | Hogan Lovells |
| | Jones Day |
| | King & Spalding LLP |
| | McCarter & English, LLP |
| | Orrick, Herrington, & Sutcliffe, LLP |
| | Shook, Hardy & Bacon L.L.P. |
| | Skadden, Arps, Slate, Meager & Flom LLP |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Debtor's Proposed Professionals and Claims Agent** | Weil Gotshal & Manges LLP |
| | Wollmuth Maher & Deutsch LLP |
| **Debtor's Proposed Significant Ordinary Course Professionals, Consultants and Service Providers** | Adler Pollock & Sheehan PC |
| | Barrasso Usdin Kupperman Freeman & Sarver, L.L.C. |
| | Blank Rome LLP |
| | Butler Snow LLP |
| | Carlton Fields, P.A. |
| | Chehardy, Sherman, Williams, Recile, & Hayes |
| | Damon Key Leong Kupchak Hastert |
| | Davis Hatley Haffeman & Tighe |
| | Dechert LLP |
| | Elliott Law Offices, PA |
| | Faegre Drinker Biddle & Reath LLP |
| | Foliart, Huff, Ottaway & Bottom |
| | Gibson, Dunn & Crutcher LLP |
| | Hartline Barger |
| | HeplerBroom LLC |
| | Irwin Fritchie Urquhart & Moore LLC |
| | Johnson & Bell Ltd. |
| | Jones, Skelton & Hochuli, P.L.C. |
| | Kaplan, Johnson, Abate & Bird LLP |
| | Kelley Jasons McGowan Spinelli Hanna & Reber, LLP |
| | Kirkland & Ellis LLP |
| | Kitch Drutchas Wagner Valitutti & Sherbrook |
| | Lewis Brisbois Bisgaard & Smith, LLP |
| | Manion Gaynor & Manning LLP |
| | Manning Gross + Massenburg |
| | Miles & Stockbridge |
| | Milligan & Herns |
| | Morgan Lewis |
| | Nelson Mullins Riley & Scarborough, LLP |
| | Nutter McClennen & Fish LLP |
| | Patterson Belknap Webb & Tyler LLP |
| | Proskauer Rose LLP |
| | Quattlebaum, Grooms & Tull PLLC |
| | Schnader Harrison Segal & Lewis |
| | Schwabe Williamson & Wyatt |
| | Sills Cummis & Gross P.C. |
| | Stoel Rives LLP |
| | Sullivan Whitehead & Deluca LLP |
| | Swartz Campbell LLC |
| | The Weinhardt Law Firm |
| | Tucker Ellis LLP |
| | Willcox & Savage, P.C. |
| **Known Professionals for Certain Non-Debtor Parties in Interest** | Barnes & Thornburg, LLP |
| | Cravath, Swaine & Moore |
| | White & Case LLP |
| **Proposed Future Claimants' Representative and Her Proposed** | Randi S. Ellis |
| | Walsh Pizzi O'Reilly Falanga LLP |
| **Material Potentially Indemnified Parties** | Bausch Health Companies Inc. |
| | Cyprus Mines Corporation |
| | Cyprus Talc Corp. |
| | Imerys Talc America, Inc. |
| | Imerys Talc Vermont, Inc. |
| | Luzenac America, Inc. |
| | Pharma Tech Industries, Inc. |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **Material Potentially Indemnified Parties** | PTI Royston, LLC |
| | Rio Tinto America, Inc. |
| | RTZ America, Inc. |
| | Valeant Pharmaceuticals International, Inc. |
| | Windsor Minerals Inc. |
| | Costco Wholesale Corporation |
| | Publix Super Markets, Inc. |
| | Rite Aid Corporation |
| | Safeway Inc. |
| | Walmart Inc. |
| **Parties Who Have Entered Into Plan Support Agreements** | Andres Pereira Firm |
| | Ferrer, Poirot & Wansbrough |
| | Johnson Law Group |
| | Liakos Law, APC |
| | Linville Law Group |
| | McDonald Worley Nachawati Law Group |
| | OnderLaw, LLC |
| | Pulaski Kherkher PLLC |
| | Rueb Stoller Daniel, LLP |
| | Seeger Weiss LLP |
| | Slater Slater Schulman LLP |
| | Trammell PC |
| | Watts Guerra LLP |
| | Wisner Baum, LLP |
| **Law Firms with Significant Representations of Talc Claimants** | Andres Pereira Firm |
| | Arnold & Itkin LLP |
| | Aylstock, Witkin, Kreis & Overholtz, PLLC |
| | Beasley Allen Law Firm |
| | Childers, Schlueter & Smith LLC |
| | Ferrer, Poirot & Wansbrough |
| | Johnson Law Group |
| | Linville Law Group |
| | McDonald Worley Miller Firm, LLC |
| | Nachawati Law Group |
| | Napoli Shkolnik PLLC |
| | OnderLaw, LLC |
| | Pulaski Kherkher PLLC |
| | Robinson Calcagnie |
| | Rueb Stoller Daniel, LLP |
| | Sanders, Phillips, Grossman, LLC |
| | Seeger Weiss LLP |
| | Slater Slater Schulman LLP |
| | Trammell PC |
| | Wagstaff Law Firm |
| | Watts Guerra LLP |
| | Wisner Baum, LLP |
| **Key Parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* Chapter 11 Cases** | Cyprus Amax Minerals Company |
| | Cyprus Mines Corporation |
| | Cyprus Talc Corporation |
| | Imerys S.A. |
| | Imerys Talc America, Inc. |
| | Imerys Talc Vermont, Inc. (fka Windsor Minerals Inc.) |
| | James L. Patton |
| | Luzenac America, Inc. |
| | Official Committee of Tort Claimants (*In re Imerys Talc America, Inc.*) |
| | Official Committee of Tort Claimants (*In re Cyprus Mines Corp.*) |
| | Roger Frankel |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| Debtor's Insurers | A.G. Securitas |
| | ACE Property & Casualty Insurance Company |
| | Aetna Casualty and Surety Company |
| | Affiliated FM Ins. Company |
| | AIG Europe S.A. |
| | AIG Property and Casualty Company |
| | AIU Ins. Company |
| | Allianz Global Risks US Insurance Company |
| | Allianz Ins. Company |
| | Allstate Insurance Company |
| | American Centennial Ins. Company |
| | American Motorists Ins. Company |
| | American Re-Insurance Company |
| | Arrowood Indemnity Company |
| | ASR Schadeverzekering N.V. |
| | Assurances Generales De France |
| | Assurantiekantoor VanWijk & Co. |
| | Atlanta International Insurance Company |
| | Birmingham Fire Ins. Company of Pennsylvania |
| | Central National Ins. Company of Omaha |
| | Century Indemnity Company |
| | Champion Dyeing Allocation Year |
| | Chubb |
| | City Ins. Company |
| | Colonia Versicherungs AG, Koln |
| | Company of N.Y. |
| | Continental Insurance Company |
| | Darag Deutsche Versicherungs-Und |
| | Drake Ins. Company of New York |
| | Employers Ins. Company of Wausau |
| | Employers Ins. of Wausau |
| | Employers Mutual Casualty Company |
| | Eurinco Allgemeine |
| | Everest Reinsurance Company |
| | Fireman''s Fund Ins. Company |
| | First State Ins. Company |
| | GAP |
| | Gibraltar Casualty Company |
| | Granite State Ins. Company |
| | Great American |
| | Great Northern Ins. Company |
| | Great Southwest Fire Ins. Company |
| | Groupe Drouot |
| | Harbor Ins. Company |
| | Hartford Accident and Indemnity Company |
| | Home Ins. Company |
| | Ideal Mutual Ins. Company |
| | Industrial Indemnity Company |
| | Ins. Company of North America |
| | Ins. Company of the State of Pennsylvania |
| | Ins. Corporation of Singapore Limited |
| | Integrity Ins. Company |
| | International Ins. Company |
| | International Surplus Lines Ins. Company |
| | Lexington Ins. Company |
| | London Guarantee and Accident |
| | L''Union Atlantique S.A. d''Assurances |

| Exhibit 3 | |
|---|---|
| | Interested Party |
| **Debtor's Insurers** | Maas Lloyd |
| | Mead Reinsurance Corporation |
| | Middlesex Assurance Company |
| | Midland Ins. Company |
| | Midstates Reinsurance Corp. |
| | Mission Ins. Company |
| | Mission National Ins. Company |
| | Munich Reinsurance America, Inc. |
| | Mutual Fire, Marine, & Inland Ins. Company |
| | N.V. De Ark |
| | N.V. Rotterdamse Assurantiekas |
| | N.V. Schadeverzekeringsmaatschappij |
| | National Casualty Company |
| | National Union Fire Ins. Company of Pittsburgh, PA |
| | Nationwide |
| | New Hampshire Ins. Company |
| | North River Ins. Company |
| | Northbrook Excess and Surplus Ins. Company |
| | Northeastern Fire Ins. Company of Pennsylvania |
| | Pacific Employers Ins. Company |
| | ProSight |
| | Prudential Reinsurance Company |
| | Puritan Insurance Company |
| | Republic Indemnity Company of America |
| | Republic Ins. Company |
| | Republic Western Ins. Company |
| | Repwest Insurance Company |
| | Resolute Management Inc. |
| | Rheinland Versicherungen |
| | Rheinland Verzekeringen |
| | Riverstone Insurers |
| | Royal Belge I.R., S.A. d''Assurances |
| | Royal Indemnity Company |
| | Royal Ins. Company |
| | Rückversicherungs-AG |
| | Safety Mutual Casualty Corporation |
| | Safety National Casualty Corporation |
| | Seguros La Republica SA |
| | Sentry Insurance A Mutual Company |
| | Southern American Ins. Company |
| | Starr Indemnity & Liability Company |
| | TIG Insurance Company |
| | Transamerica Premier Insurance Company |
| | Transit Casualty Company |
| | Travelers Casualty and Surety Company |
| | UAP |
| | Union Atlantique d''Assurances S.A. |
| | Union Indemnity Ins. Company of New York |
| | Versicherungs AG, Dusseldorf |
| | Westchester Fire Insurance Company |
| | Westport Insurance Corporation |
| | XL Ins. Company |
| **Potential Parties in Canadian Proceeding** | Cassels Brock & Blackwell LLP |
| | Ernst & Young Inc. |
| **States/Federal District With Consumer Protection Investigations/Actions** | State of Alabama |
| | State of Alaska |
| | State of Arkansas |

| Exhibit 3 | |
|---|---|
| | **Interested Party** |
| **States/Federal District With Consumer Protection Investigations/Actions** | State of Arizona |
| | State of Colorado |
| | State of Connecticut |
| | State of Delaware |
| | State of Florida |
| | State of Georgia |
| | State of Hawaii |
| | State of Idaho |
| | State of Illinois |
| | State of Iowa |
| | State of Kansas |
| | Commonwealth of Kentucky |
| | State of Maine |
| | State of Maryland |
| | Commonwealth of Massachusetts |
| | State of Michigan |
| | State of Minnesota |
| | State of Mississippi |
| | State of Montana |
| | State of Nebraska |
| | State of Nevada |
| | State of New Hampshire |
| | State of New Jersey |
| | State of New Mexico |
| | State of New York |
| | State of North Carolina |
| | State of North Dakota |
| | State of Ohio |
| | State of Oklahoma |
| | State of Oregon |
| | State of Rhode Island |
| | State of South Dakota |
| | State of Texas |
| | State of Utah |
| | State of Vermont |
| | Commonwealth of Virginia |
| | State of Washington |
| | District of Columbia (Washington, D.C.) |
| | State of West Virginia |
| | State of Wisconsin |

# EXHIBIT 4

Exhibit 4

1. Econ One is a privately owned Subchapter S Corporation incorporated in the State of California. We have one subsidiary based in India.  Both firms provide economic consulting services—primarily providing expert services for litigation across practice areas ranging from antitrust, intellectual property, wage + hour, commercial damages to personal injury/wrongful death matters.
This business requires a rigorous conflict check process and systems that contain project specific information (matter name, counsel, opposing counsel, underlying client, practice area, etc).

2. I implemented the following process to identify any relationships between the Interested Parties in this matter (as shown on Exhibit 3) and Econ One's ongoing work.  To accomplish that task, I directed staff to create a data base containing each entity name shown in Exhibit 3 paired with potential projects names where we matched the entity name to language extracted from  all of the project data contained in our internal system. The output displayed all resulting matches between E1 projects and Interested Parties based on that excerpted language from underlying documents for each unique project name as a first step.   I then had our Managing Directors and Senior Project managers review both the total entity list (including entities with and without a match) and do the following:

   - Confirm that the match was correct for their project and if yes, to add information related to the relationship with the entity (Client, Counsel, Adverse Party, etc.) directly into the database

   - Review all entity names without matching excerpts and, if we had any relationship, add information related to the relationship with the entity (Client, Counsel, Adverse Party, etc.) directly into the database.

3. Once the MD/Sr. Managers completed the process described, my staff and I reviewed the results.

4.  Exhibit 5 provides the results of that process.
   - Econ One was retained in 131 matters involving one or more Interested Parties.
   - Econ One and an Interested Party were both involved in the same side in 70 matters and in the opposite side in 61 matters..
   - None of the 131 matters where Econ One and Interested Parties were involved were related to this matter

5. In addition, to the best of my knowledge, information and belief, neither I nor any other Managing Director has any connection with or holds any interest adverse to the Debtor, its estate, creditors, shareholders, or any other party in interest herein or their respective attorneys in this matter.  As set forth in Exhibit 5, Econ One has certain relationships with Interested Parties in this matter, but such relationships are unrelated to either the Debtor or the Case.

6. Further, as part of its diverse practice, Econ One experts appear in numerous matters and proceedings that involve different professionals, including attorneys, accountants, and other experts, who may represent claimants and parties-in-interest in the Debtor's Case. In addition, Econ One has in the past, may currently and will likely in the future be working with or against other professionals involved in this Case in matters unrelated to the Debtor and the Case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in matters upon which Econ One is to be employed, and none are in connection with the Case.

7. To the best of my knowledge, Econ One has not been engaged to assist any entity or person other than the FCR on matters relating to, or in connection with, the matter. If this Court approves the proposed employment of Econ One by the FCR, then Econ One will not accept any engagement or perform any services in the matter for any entity or person other than the FCR. Econ One may, however, continue to provide professional services to, entities or persons that may be creditors of the Debtor in the Case; provided, however, that such services do not and will not relate to, or have any direct connection with, the matter.

8. I am not related or connected to and, to the best of my knowledge, no other Managing Director o Director of ECON ONE is related or connected to any United States Bankruptcy Judge or District Judge for the District of New Jersey, or the United States Trustee for the District of New Jersey or to any employee in the offices thereof.

9. No promises have been received by Econ One, nor any employee thereof, as to payment or compensation in connection with this matter other than in accordance with the provisions of the Bankruptcy Code.  Neither Econ One or

any of its employees has entered into an agreement or understanding to share
compensation with any other entity as described in Bankruptcy Rule 2016.

# EXHIBIT 5

| Exhibit 5 | | | |
|---|---|---|---|
| | **Interested Party** | **Opposite side** | **Same side** |
| **Other Non-Debtor Affiliates** | Biosense Webster, Inc. | 1 | |
| | Janssen Biotech, Inc. | 1 | |
| | Janssen Oncology, Inc. | 1 | |
| | Janssen Pharmaceuticals, Inc. | 1 | |
| **Major Sureties** | Chubb | 1 | |
| **Parties to Material Contracts With the Debtor** | Johnson & Johnson | 1 | |
| **Significant Co-Defendants in Talc-Related Litigation** | A.O. Smith Corporation | 1 | |
| | Albertsons Companies, Inc. | | 1 |
| | BASF Catalysts LLC | | 1 |
| | Costco Wholesale Corporation | | 2 |
| | CVS Health Corporation | 1 | 1 |
| | CVS Pharmacy, Inc. | 3 | 1 |
| | Duane Reade Inc. | | 1 |
| | Ford Motor Company | | 1 |
| | Pfizer, Inc. | 3 | |
| | Rite Aid Corporation | | 2 |
| | Safeway, Inc. | | 1 |
| | Target Corporation | | 1 |
| | The Dow Chemical Company | 1 | |
| | The Kroger Co. | | 1 |
| | Thrifty Payless, Inc. | | 1 |
| | Union Carbide Corporation | 1 | |
| | Walgreen Co. | 1 | 1 |
| | Walmart, Inc. | 5 | 4 |
| | Wyeth Holdings LLC | 1 | |
| **Debtor's Proposed Professionals and Claims Agent** | Bates White LLC | 1 | |
| | Blake, Cassels & Graydon LLP | 1 | |
| | Jones Day | 2 | |
| | King & Spalding LLP | 1 | |
| | Orrick, Herrington, & Sutcliffe, LLP | 2 | |
| | Shook, Hardy & Bacon L.L.P. | 1 | |
| | Skadden, Arps, Slate, Meager & Flom LLP | 1 | |
| **Debtor's Proposed Significant Ordinary Course Professionals, Consultants and Service Providers** | Butler Snow LLP | 3 | |
| | Carlton Fields, P.A. | | 2 |
| | Chehardy, Sherman, Williams, Recile, & Hayes | | 2 |
| | Faegre Drinker Biddle & Reath LLP | 2 | |
| | Gibson, Dunn & Crutcher LLP | 3 | 3 |
| | Kirkland & Ellis LLP | 3 | |
| | Lewis Brisbois Bisgaard & Smith, LLP | 3 | 2 |
| | Morgan Lewis | 2 | |
| | Stoel Rives LLP | 2 | |
| **Known Professionals for Certain  Non-Debtor Parties in Interest** | Cravath, Swaine & Moore | 1 | |
| | White & Case LLP | 1 | |
| **Material Potentially Indemnified Parties** | Bausch Health Companies Inc. | 1 | |
| | Rio Tinto America, Inc. | | 1 |
| | Valeant Pharmaceuticals International, Inc. | 2 | |
| | Publix Super Markets, Inc. | | 1 |
| **Debtor's Insurers** | Prudential Reinsurance Company | 1 | |

| Exhibit 5 | | | |
|---|---|---|---|
| | **Interested Party** | **Opposite side** | **Same side** |
| **States/Federal District With Consumer Protection Investigations/Actions** | State of Alaska | | 2 |
| | State of Arkansas | | 1 |
| | State of Arizona | | 1 |
| | State of Colorado | | 2 |
| | State of Connecticut | | 1 |
| | State of Delaware | | 1 |
| | State of Florida | | 1 |
| | State of Georgia | | 1 |
| | State of Hawaii | 1 | |
| | State of Iowa | 1 | 1 |
| | State of Kansas | | 1 |
| | Commonwealth of Kentucky | | 1 |
| | State of Maine | | 1 |
| | State of Maryland | 1 | 1 |
| | Commonwealth of Massachusetts | | 1 |
| | State of Michigan | | 1 |
| | State of Minnesota | | 1 |
| | State of Mississippi | | 1 |
| | State of Montana | 1 | 1 |
| | State of Nebraska | | 1 |
| | State of Nevada | | 1 |
| | State of New Hampshire | | 1 |
| | State of New Jersey | | 1 |
| | State of New Mexico | 1 | 2 |
| | State of New York | | 1 |
| | State of North Carolina | | 1 |
| | State of North Dakota | | 1 |
| | State of Ohio | | 1 |
| | State of Oregon | | 1 |
| | State of South Dakota | | 1 |
| | State of Utah | | 1 |
| | State of Vermont | | 2 |
| | Commonwealth of Virginia | | 1 |
| | State of Washington | | 1 |
| | District of Columbia (Washington, D.C.) | | 1 |
| | State of West Virginia | | 1 |
| | State of Wisconsin | | 1 |