| | |
|---|---|
| LEVY KONIGSBERG, LLP<br>605 Third Avenue, 33rd Floor<br>New York, New York 10158<br>(212) 605-6200<br>*Counsel for Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch* | |
| In re:<br><br>**LTL MANAGEMENT LLC,** [1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED SETTLEMENT WITH THIRD-PARTY PAYORS

Paul Crouch, by and through his counsel, hereby moves (the "Motion") *in limine* to exclude evidence of the alleged settlement between LTL and certain private third-party payors (the "Alleged Settlement"). The Alleged Settlement and testimony related thereto should be excluded from evidence[2] in connection with the Court's consideration of the motions to dismiss for the following reasons.

*First*, as a threshold matter, the Alleged Settlement is irrelevant to the motions to dismiss. As set forth in prior pleadings, any alleged support for LTL's plan irrelevant.

*Second*, the Alleged Settlement, which is only two pages long including the signature page (which itself is nearly a page long), is **not** a settlement. The Term Sheet provides that LTL and

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] By way of the Declaration submitted in lieu of the direct testimony of James Murdica, the Debtor seeks to do exactly this.

the AHC of Supporting Counsel and counsel for the Insurers will "use reasonable best efforts" to negotiate the terms of a Plan Support Agreement to memorialize the alleged settlement. There is no settlement – there is no settlement agreement – there is no Plan Support Agreement[3].

*Third*, the Alleged Settlement was not disclosed until after the close of discovery. The existence of the Alleged Settlement was first disclosed by LTL's counsel at a hearing held on June 22nd, and the Term Sheet was not produced until Saturday June 24th—three days prior to the start of the trial. By waiting until the eve of trial to disclose the Alleged Settlement, Mr. Crouch and other parties have been denied the opportunity to conduct discovery. This denial is prejudicial to the extent that the Court considers evidence of the Alleged Settlement as supporting LTL's positions.

*Fourth*, there is no disclosure or indication of who the insurers represented by the attorneys who signed the Term Sheet are, the magnitude, value or nature of their alleged claims, or how LTL's Plan will treat such claims. There is no indication as to how the $750 million will be allocated among the Insurers, what amount will be paid to additional private insurers, what amount will be paid to or reserved for Medicare, Medicaid, and other governmental liens, or what amount will be reserved for future claims. As such, the extensive speculation that would be required of the Court to even consider this Alleged Settlement[4] – heightens its inadmissibility, and the prejudice of allowing it into evidence.

---

[3] No third-party payors are parties to the two-page document. Indeed, it explicitly states that "the third-party private payors are **not** a party to this Agreement." (Emphasis added) Attorneys have simply stated that they will attempt to obtain their clients' consent to a settlement, and – like the infamous AHC PSAs - the clients themselves have not agreed to anything.

[4] The $750 million purports to settle all "Insurer Lien Claims." The term "Insurer" is defined to mean the 53 *private* third-party payors *only*. There are other private payors and there are governmental liens that must be understood to start to understand the possible impact of this possible settlement. $750 million is only the starting point of the amount LTL will have to subtract from the $8.9 billion contemplated under the Plan to pay current talc personal injury claims (excluding Mesothelioma claims and future Ovarian Cancer claims).

*Fifth,* setting aside the issue of irreparably prejudice to Mr. Crouch and others, the time necessary to fully flesh out all the unknown and undisclosed details of LTL's lien settlement – and demonstrate to the Court and for the record how misleading the headline announced by AHC counsel last Thursday - would improperly extend the limited time the Court has scheduled for the hearing on the motions to dismiss.

## CONCLUSION

The Alleged Settlement and testimony related thereto should be excluded from evidence and the Court's consideration of the motions to dismiss this case. Mr. Crouch respectfully requests that this Court grant the Motion.

Respectfully submitted,

**LEVY KONIGSBERG**

By:   */s/ Moshe Maimon, Esq.*

Moshe Maimon, Esq.
Levy Konigsberg LLP
520 Third Avenue – 33rd Floor
New York, NY 10158
(212) 605-6260
mmaimon@levylaw.com

*Counsel to Paul Crouch*