**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting*
*Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**NOTICE OF MOTION OF THE AD HOC COMMITTEE OF
SUPPORTING COUNSEL TO FILE UNDER SEAL AND REDACT
CERTAIN INFORMATION IN RESPONSE OF AD HOC COMMITTEE OF
<u>SUPPORTING COUNSEL TO REPLIES IN SUPPORT OF MOTIONS TO DISMISS</u>**

**PLEASE TAKE NOTICE** that the Ad Hoc Committee of Supporting Counsel (the "<u>AHC</u>

<u>of Supporting Counsel</u>"), by and through its counsel, will move, on an expedited basis, before the

Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the

United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East

State Street, Trenton, New Jersey 08608, pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018

and D.N.J. LBR 9018-1 (the "<u>Motion</u>") for (i) authority to file under seal the redacted portions of

the *Omnibus Response of Ad Hoc Committee of Supporting Counsel to Replies in Support of*

*Motions to Dismiss* (the "<u>Response</u>"), filed substantially contemporaneously herewith, and (ii)

granting the AHC of Supporting Counsel such other and further relief as the Court deems necessary

and appropriate and consistent with the terms of this Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant factual

bases upon which the relief requested should be granted.  A proposed Order granting the relief

requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that, substantially contemporaneously with the

filing of this Motion, the AHC of Supporting Counsel has filed an Application for Order

Shortening Time and Certain Other Relief (the "<u>Application</u>") requesting that the hearing on the

Motion be scheduled for June 27, 2023.

**PLEASE TAKE FURTHER NOTICE** that the order entered with respect to the

Application will, among other things, specify the date and time of the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that all objections, if any, must be made accordance with the Court's order entered with respect to the Application.  If the order entered with respect to the Application directs that written objections be filed, then in accordance with D.N.J. LBR 9013-2(a)(2), written objections shall be filed with the Clerk of the United States Bankruptcy Court, for the District of New Jersey, Courthouse, 402 East State Street, Trenton, New Jersey 08608, and a copy thereof must simultaneously be served upon (a) the Debtor's counsel, (b) counsel to the Official Committee of Talc Claimants, (c) the legal representative for future talc claimants and her counsel, (d) counsel to the Ad Hoc Committee of Supporting Counsel, (e) the Office of the United States Trustee for the District of New Jersey and (f) the other parties on the Master Service List established by the Case Management Order so they are received by the deadline set forth in the Court's order entered with respect to the Application

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the AHC of Supporting Counsel.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: June 26, 2023                    **COLE SCHOTZ P.C.**


                                        */s/ Michael D. Sirota*
                                        Michael D. Sirota (NJ Bar No. 014321986)
                                        Warren A. Usatine (NJ Bar No. 025881995)
                                        Seth Van Aalten (admitted *pro hac vice*)
                                        Justin Alberto (admitted *pro hac vice*)
                                        Court Plaza North, 25 Main Street

Hackensack, NJ 07602-0800
(201) 489-3000
Email:  msirota@coleschotz.com
         wusatine@coleschotz.com
         svanaalten@coleschotz.com
         jalberto@coleschotz.com

– and –

**PAUL HASTINGS LLP**

Kristopher M. Hansen (admitted *pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email:   krishansen@paulhastings.com
          ryanmontefusco@paulhastings.com

Matthew M. Murphy (admitted *pro hac vice*)
Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Email:  mattmurphy@paulhastings.com
         mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Facsimile: (713) 715-1699
Email:   lparkins@parkinsrubio.com
          crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee
of Supporting Counsel*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**MOTION OF THE AD HOC COMMITTEE OF
SUPPORTING COUNSEL TO FILE UNDER SEAL AND REDACT
CERTAIN INFORMATION IN RESPONSE OF AD HOC COMMITTEE OF
<u>SUPPORTING COUNSEL TO REPLIES IN SUPPORT OF MOTIONS TO DISMISS</u>**

The Ad Hoc Committee of Supporting Counsel (the "**AHC of Supporting Counsel**"), by

and through its counsel, Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP, hereby

moves (the "**Motion**") for entry of an order, pursuant to sections 105(a) and 107 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules

of the United States Bankruptcy Court, District of New Jersey (the "**Local Rules**"), substantially

in the form attached hereto as <u>Exhibit A</u>, authorizing the AHC of Supporting Counsel to file under

seal its *Omnibus Response of Ad Hoc Committee of Supporting Counsel to Replies in Support of

Motions to Dismiss* (the "**Response**")[2] and to file a redacted version of the Response that will be

publicly available.[3]  In support of this Motion, the AHC of Supporting Counsel respectfully states

as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The redacted portions of the Response include information contained in (i) the

Birnbaum Report, (ii) excerpts of the transcript of the deposition of Mikal C. Watts taken on June

12, 2023, in connection with this matter, (iii) the Bell Report, (iv) the Mullin Report, and (v) the

Rave Report (collectively, the "<u>Confidential Documents</u>").  Each of the Confidential Documents

have been designated as confidential under the Confidentiality Order (defined below) by one or

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Response.

[3] A redacted version of the Response has been filed immediately prior to the filing of this Motion.  An unredacted version of the Response is being filed immediately after the filing of this Motion in accordance with this Court's procedures for the filing of sealed documents.

more of the Debtor, the Official Committee of Talc Claimants (the "TCC"), and the AHC of

Supporting Counsel.  The AHC of Supporting Counsel submits this Motion to comply with the

terms of the Confidentiality Order and maintain the confidentiality of each of the Confidential

Documents.[4]

2.      For the reasons set forth herein, the AHC of Supporting Counsel requests that the

Motion be granted.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334,

and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States

District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J).  The AHC

of Supporting Counsel confirms its consent to this Court entering a final order in connection with

this Motion to the extent that it is later determined that this Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

4.      Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding under 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested herein are sections 105(a) and 107

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

6.      This Motion is made in connection with the AHC of Supporting Counsel's *Omnibus*

*Response of Ad Hoc Committee of Supporting Counsel to Replies in Support of Motions to Dismiss*.

---

[4] The AHC of Supporting Counsel will meet and confer with the Debtor and the TCC to determine whether and to
what extent the Confidential Documents remain designated as confidential.

## **BACKGROUND**

7.      On April 4, 2023, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to products containing talc.

8.      The TCC was appointed on April 14, 2024 [Docket No. 162].

9.      From April 24, 2023, through May 10, 2023, eleven parties filed motions to dismiss the above-reference case for cause (collectively, the "Motions to Dismiss").  *See* Docket Nos. 286, 335, 346, 352, 358, 379, 384, 473, 480; Adv. Docket Nos. 117, 118.

10.     On May 17, 2023, the Court entered the *Order Governing Confidential Information By and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(B)* [Docket No. 545] (the "**Confidentiality Order**"), which authorized any party that acceded to the terms of the Confidentiality Order to file a motion to seal under Local Rule 9018-1 for purposes of maintaining the confidentiality of certain information, including trade secrets and confidential, proprietary business information.  Counsel to the AHC of Supporting Counsel has duly executed the acknowledgement to the Confidentiality Order.

11.     On May 26, 2023, the AHC of Supporting Counsel and the Debtor each filed omnibus objections to the Motions to Dismiss.  *See* Docket Nos. 613 and 614.

12.     On June 22, 2023, certain parties submitted replies in support of the Motions to Dismiss.  *See* Docket Nos. 854, 855, 857, 862, 863, 866, 872.

13.     A trial on the Motions to Dismiss has been scheduled for June 27 through June 30, 2023.

14.     The Response sets forth relevant preliminary and background matters which are incorporated herein by reference.

### BASIS FOR RELIEF

15.     The presumption of open access to judicial proceedings and records is codified in section 107 of the Bankruptcy Code.  *See* 11 U.S.C. § 107(a). However, in limited circumstances the Bankruptcy Code empowers bankruptcy courts to limit the public's access by sealing documents that would normally be available to the public, or otherwise prohibit the dissemination of sensitive information.  *See* 11 U.S.C. § 107; *see also In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (emphasizing that the public's right of access is not absolute); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same).

16.     Section 107 of the Bankruptcy Code provides, in relevant part, that:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . .
>
> * * * * * * * * * *
>
> (c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> > (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107.  Furthermore, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).

17.    The AHC of Supporting Counsel files this Motion to protect information contained in the Confidential Documents.  Each of the Confidential Documents contains either trade secrets or confidential, proprietary business information, "information which would result in an unfair advantage to competitors by providing them information as to the commercial operations" of various parties in this case, and which applicable law and the Confidentiality Order contemplate keeping secret.  *See In re Altegrity, Inc.*, 2015 Bankr. LEXIS 4479, *17 (Bankr. D. Del. Jul 16, 2015) (cleaned up); Confidentiality Order ¶ 9 (defining the term "Confidential Information" to include, *inter alia*, trade secrets and confidential, proprietary business information).

18.    Based on the foregoing, the AHC of Supporting Counsel respectfully submits that sufficient cause exists for this Court to permit the Response to be filed under seal and redacted pursuant to section 107 of the Bankruptcy Code.

## NO PRIOR REQUEST

19.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## WAIVER OF MEMORANDUM OF LAW

20.    The AHC of Supporting Counsel respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the AHC of Supporting Counsel relies is set forth herein and this Motion does not raise any novel issues of law.

## NOTICE

21.    Notice of this Motion will be given to: (1) counsel to the Debtor; (2) counsel to the Official Committee of Talc Claimants; (3) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (4) the legal representative for future talc

claimants and her counsel; (5) the Office of the United States Trustee for the District of New

Jersey; and (6) the other parties on the Master Service List established by the Case Management

Order.

                **WHEREFORE**, the AHC of Supporting Counsel respectfully requests that this

Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>,

granting the relief requested in the Motion and such other and further relief as may be just and

proper.

Dated: June 26, 2023                     **COLE SCHOTZ P.C.**

                                   */s/ Michael D. Sirota*
                                   Michael D. Sirota (NJ Bar No. 014321986)
                                   Warren A. Usatine (NJ Bar No. 025881995)
                                   Seth Van Aalten (admitted *pro hac vice*)
                                   Justin Alberto (admitted *pro hac vice*)
                                   Court Plaza North, 25 Main Street
                                   Hackensack, NJ 07602-0800
                                   (201) 489-3000
                                   Email:  msirota@coleschotz.com
                                           wusatine@coleschotz.com
                                           svanaalten@coleschotz.com
                                           jalberto@coleschotz.com

                                   – and –

                                   **PAUL HASTINGS LLP**

                                   Kristopher M. Hansen (admitted *pro hac vice*)
                                   Ryan P. Montefusco (*admitted pro hac vice*)
                                   200 Park Avenue
                                   New York, NY 10166
                                   Telephone: (212) 318-6000
                                   Email:  krishansen@paulhastings.com
                                           ryanmontefusco@paulhastings.com

                                   Matthew M. Murphy (admitted *pro hac vice*)
                                   Matthew Micheli (admitted *pro hac vice*)
                                   71 South Wacker Drive, Suite 4500
                                   Chicago, IL 60606

`

Telephone: (312) 499-6000
Email:  mattmurphy@paulhastings.com
          mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Email:  lparkins@parkinsrubio.com
          crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee of
Supporting Counsel*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting*
*Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[6] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

---

[6]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

## <u>ORDER CONCERNING REQUEST TO SEAL DOCUMENTS</u>

The relief set forth on the following page is **ORDERED**.

On request of the Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel"), by and through its counsel, to seal the following document: the redacted portions of the *Omnibus Response of Ad Hoc Committee of Supporting Counsel to Replies in Support of Motions to Dismiss*, filed on June 26, 2023, and the court having considered the request and any objection there to, it is

☐   ORDERED that the request is denied and the underlying document(s) shall be deleted from the court's electronic filing system.

☐   ORDERED that the request is granted and the document(s) shall be sealed until the expiration of the judiciary records retention period at which time the document will be permanently deleted.