**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date and Time:** Pursuant to OST |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING
THE DEBTOR TO (I) FILE AN UNREDACTED VERSION OF ITS
SUR-REPLY UNDER SEAL AND (II) SUBMIT CERTAIN CONFIDENTIAL
EXHIBITS TO THE SAME UNDER SEAL AND GRANTING RELATED RELIEF**

The above-captioned debtor (the "Debtor") moves the Court for entry of an order authorizing the Debtor to submit an unredacted version of the *Debtor's Sur-Rely in Support of Omnibus Objection to Motions to Dismiss Chapter 11 Case* (the "Sur-Reply") and certain exhibits designated as confidential under the Confidentiality Order (defined below) governing

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

discovery in this case and granting any related relief (the "Motion") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").  In support of this Motion, the Debtor represents as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are found in 11 U.S.C. §§ 105(a) and 107, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

**Background**

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced the above-captioned reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in possession of its property and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.  It is the direct parent of Royalty A&M LLC, a North Carolina limited liability

company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5.  On or after April 24, 2023, various motions to dismiss the Chapter 11 Case (collectively, the "Dismissal Motions") were filed by the following parties (collectively, the "Movants"): (a) the Official Committee of Talc Claimants (the "TCC") [Dkt. 286]; (b) the Ad Hoc Group of Mesothelioma Claimants [Dkt. 335]; (c) Paul Crouch [Dkt. 346]; (d) the Ad Hoc Committee of States Holding Consumer Protection Claims (the "Ad Hoc States") [Dkt. 350]; (e) law firms on behalf of various mesothelioma claimants [Dkt. 352]; (f) Maune Raichle Hartley French & Mudd, LLC ("Maune Raichle") [Dkt. 358]; (g) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") [Dkt. 379]; (h) Arnold & Itkin LLP ("Arnold & Itkin") [Dkt. 384]; (i) certain claimants represented by The Barnes Law Group [Dkt. 473]; and (j) the States of New Mexico and Mississippi [Dkt. 480].

6.  The Debtor filed, in response to the Dismissal Motions, the *Debtor's Omnibus Objection to Motions to Dismiss Chapter 11 Case* [Dkt. 614] (the "Omnibus Objection").

7.  Subsequently, the following Movants filed additional responses to the Omnibus Objection (collectively, the "Responses")–many of which were filed with sealed redactions–: (a) the TCC [Dkt. 857]; (b) the Ad Hoc Group of Mesothelioma Claimants [Dkt. 866]; (c) the Ad Hoc States [Dkt. 863]; (d) Maune Raichle [Dkt. 855]; (e) the U.S. Trustee [Dkt. 862]; (f) Arnold & Itkin [Dkt. 854]; and (g) the States of New Mexico and Mississippi [Dkt. 872].

8.  Contemporaneously herewith, the Debtor filed its Sur-Reply in support of its Omnibus Objection.

9.  In connection with the Dismissal Motions and other matters pending before this

3

Court, the Debtor and Movants engaged in extensive and expedited discovery governed by the *Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* [Dkt. 545] (the "Confidentiality Order").  The parties have designated certain deposition transcripts as confidential under the Confidentiality Order.  The Debtor references certain portions of testimony from depositions designated as confidential, and consistent with the terms of the Confidentiality Order, has redacted such confidential testimony in the Sur-Reply.

### Relief Requested

10. The Debtor seeks entry of an order, substantially in the form of the proposed order submitted herewith, authorizing the Debtor to file an unredacted version of the Sur-Reply and certain confidential exhibits (the "Confidential Exhibits") with the Court under seal, and directing that the unredacted Sur-Reply and Confidential Exhibits remain under seal, confidential, and not made available to anyone except for: (a) the Court; (b) the U.S. Trustee; and (c) pursuant to the terms of the Confidentiality Order, (i) counsel for the TCC, (ii) the legal representative for future talc claimants (the "FCR") and her counsel, (iii) any party that acknowledges and accepts the terms of the Confidentiality Order, and (iv) such other parties as the Court may direct.  The redacted information and the Confidential Exhibits are references to and excerpts from expert reports designated as confidential pursuant to the Confidentiality Order, and the Debtor files this Motion consistent with the terms therein.

### Basis for Relief Requested

11. Although the public has a common law "right of access to judicial proceedings and records,"[2] the Bankruptcy Code requires courts, in appropriate circumstances, to protect the

---

[2] In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).

4

businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from disclosing certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 sets forth the procedure for seeking relief under section 107 of the Bankruptcy Code. Under Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14. The redacted information Sur-Reply and Confidential Exhibits contain references to and excerpts from expert reports designated as "Confidential Information" as defined in the Confidentiality Order. Pursuant to the Confidentiality Order, the parties must protect Confidential Information from public disclosure through a motion to seal. See Confidentiality

5

Order § I [Dkt. 545]. The parties have continued to treat the Confidential Exhibits and the information therein as confidential.

15. Sealing the record with respect to the unredacted Sur-Reply and Confidential Exhibits is the least restrictive alterative at this juncture. Accordingly, the Debtor respectfully submits that the Sur-Reply and Confidential Exhibits falls within the scope of the protections afforded by the Bankruptcy Code and that the relief requested herein should be granted.

### Waiver of Memorandum of Law

16. The Debtor requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3), because the basis which the Debtor relies upon is incorporated herein and the Motion does not raise any novel issues of law.

### No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

### Notice

18. Consistent with the *Order Establishing Case Management and Administrative Procedures* [Dkt. 554] (the "Case Management Order"), notice of this Motion has been provided to (a) the U.S. Trustee, (b) the counsel to the TCC, (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson, (d) the FCR and her counsel, (e) counsel to the Ad Hoc Committee of Supporting Counsel, and (f) the other parties on the Master Service List established by the Case Management Order. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: June 26, 2023            **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (Admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon
Brad B. Erens
Dan B. Prieto
Amanda Rush
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

7