**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan<br><br>**Hearing Date and Time**:<br>June 27, 2023 at 9:00 a.m. |

**DEBTOR'S RESPONSE TO TCC'S OBJECTIONS**
**TO DEBTOR'S DEPOSITION DESIGNATIONS FOR ANDREW BIRCHFIELD**

LTL Management LLC, the above-captioned debtor (the "Debtor"), files this

response to the Official Committee of Talc Claimants' (the "TCC") objections to the Debtor's

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

designations of portions of Andrew Birchfield's May 30, 2023 deposition.  The following chart

provides the Debtor's designation, the TCC's objection, and the Debtor's response.

| Debtor's Designations | TCC Objections | Debtor's Response |
|---|---|---|
| 16:6-11 | | |
| 17:5-17 | | |
| 18:20-19:22<br>22:3-23:13<br>23:15-25 | Hearsay<br>Best evidence<br>Document not admitted | • The document asked about (Deposition Ex. 1) is Exhibit 175 on Debtor's Exhibit List, which the TCC has not objected to.<br>• Deposition Ex. 1 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• The Best Evidence Rule is also inapplicable because the contents is not in dispute. |
| 24:3-17 | | |
| 25:11-16 | | |
| 25:23-26:3<br>26:8-13<br>26:15-27:16<br>28:3-20 | Hearsay<br>Document not admitted<br>Attorney Work Product | • This questioning also covers Deposition Ex. 1, which is Exhibit 175 on Debtor's Exhibit List, and the TCC has not objected to.<br>• Deposition Ex. 1 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• Nothing in this designation is privileged. |
| 32:15-18<br>33:8-25 | Hearsay<br>Document not admitted | • This questioning also covers Deposition Ex. 1, which is Exhibit 175 on Debtor's Exhibit List, and the TCC has not objected to.<br>• Deposition Ex. 1 is a party admission, and, therefore, a hearsay objection is inapplicable. |
| 35:19-24 | Attorney Work Product | • Nothing in this designation is privileged.<br>• This designation only covers attorney's question. |
| 36:13-38:3 | | |
| 38:10-12<br>38:16-23 | Attorney Work Product<br>Attorney Client Privilege | • Nothing in this designation is privileged.<br>• This designation only covers attorney's questions and objections. |
| 47:5-9<br>47:19-25<br>48:12-48:23 | Foundation<br>Hearsay<br>Best Evidence<br>Document not Admitted | • The document asked about (Deposition Ex. 2) is Exhibit 172 on Debtor's Exhibit List, which the TCC has not objected to.<br>• Deposition Ex. 2 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• The Best Evidence Rule is also inapplicable because the contents is not in dispute.<br>• Questioner established Birchfield's personal knowledge sufficient to answer and the foundational objection is unsupported. |

NAI-1537266880

| Debtor's Designations | TCC Objections | Debtor's Response |
|---|---|---|
| 48:23-49:5<br>51:25-52:14 | Foundation<br>Incomplete Hypothetical | • Questioner established Birchfield's personal knowledge sufficient to answer and the foundational objection is unsupported.<br>• Proper foundation was given for questioning. |
| 54:3-55:12<br>55:23-56:14 | Foundation<br>Hearsay<br>Attorney Work Product<br>Assumes facts not in evidence | • Nothing in this designation is privileged.<br>• Deposition Ex. 2 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• Questioner established Birchfield's personal knowledge sufficient to answer, and the foundational objection is unsupported. |
| 60:13-20<br>61:5-11 | Foundation<br>Hearsay<br>Attorney Work Product<br>Assumes facts not in evidence | • Nothing in this designation is privileged.<br>• Deposition Ex. 2 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• Questioner established Birchfield's personal knowledge sufficient to answer, and the foundational objection is unsupported.<br>• |
| 61:22-62:2<br>62:7-12<br>62:15-18<br>62:21-24 | Attorney Client Privilege<br>Attorney Work Product | • Nothing in this designation is privileged.<br>• The examiner asks the witness if he is refusing to answer based on privilege instruction.<br>• The only testimony provided by the witness is that he refuses to answer. |
| 63:3-6<br>63:12-15 | Attorney Client Privilege<br>Attorney Work Product | • Nothing in this designation is privileged.<br>• The examiner asks the witness if he is refusing to answer based on privilege instruction.<br>• The only testimony provided by the witness is that he refuses to answer. |
| 68:18-69:3 | | |
| 71:23-74:2<br>74:4-10 | Speculation<br>Hypothetical | • Proper foundation was given for questioning. |
| 88:4-20 | | |
| 89:14-91:7<br>92:14-94:16<br>94:18-19<br>95:2-5 | Foundation<br>Best Evidence<br>Document not Admitted<br>Attorney Work Product<br>Rule 408 Offer to Compromise | • The document asked about (Deposition Ex. 5) is Exhibit 176 on Debtor's Exhibit List, which the TCC has not objected to.<br>• Deposition Ex. 5 is a party admission, and, therefore, a hearsay objection is inapplicable.<br>• The Best Evidence Rule is inapplicable because the contents is not in dispute.<br>• Questioner established Birchfield's personal knowledge sufficient to answer and the foundational objection is unsupported.<br>• The examiner did not reveal any Rule 408 communication. |

NAI-1537266880

| Debtor's Designations | TCC Objections | Debtor's Response |
|---|---|---|
| 97:11-18 | | |
| 99:6-20 <br> 100:11-101:11 <br> 101:20-102:6 | Attorney Work Product Rule 408 Offer to Compromise Misstates Prior Testimony | • Nothing in this designation is privileged. <br> • The examiner did not reveal any Rule 408 communication. <br> • Prior testimony was not misstated. |

NAI-1537266880

Dated: June 26, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
gmgordon@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

NAI-1537266880