| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 533-1112<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>And-<br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| In re:<br>LTL MANAGEMENT, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

docs-100613041.3

I. **APPLICATION OF THE OFFICIAL TALC CLAIMANTS COMMITTEE FOR RETENTION OF ANDERSON KILL P.C. AS SPECIAL INSURANCE COUNSEL EFFECTIVE, NUNC PRO TUNC, AS OF JUNE 1, 2023**

1. The applicant, the Official Talc Claimants Committee ("OTCC"), is the (check all that apply):

   ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

   ☐ Debtor:    ☐ Chap. 11    ☐ Chap. 13

   ☒ Official Talc Claimants Committee in Chap. 11

2. The applicant seeks to retain the following professional, Anderson Kill P.C., ("Anderson Kill"), to serve as (check all that apply):

   ☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

   ☐ Official Committee of _____

   ☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

   ☐ Official Committee of _____

   ☒ Other Professional:

   ☐ Realtor    ☐ Appraiser    ☒ Special Counsel
   ☐ Auctioneer    ☐ Other (specify):

3. The employment of the professional is necessary because:

Given the nature of the tort claims in this Chapter 11 case, the OTCC submits that insurance issues will be critical and the OTCC needs experienced insurance counsel to assist in fulfilling their responsibilities to the personal injury claimants.

4. The professional has been selected because:

   a. Anderson Kill has been selected by the Committee as special insurance counsel because of the firm's experience and expertise regarding products liability insurance coverage issues, in particular experience and expertise regarding preservation, evaluation, and maximization of coverage in the context of mass-tort bankruptcy proceedings. The potential availability of insurance is an important issue in a mass-tort bankruptcy case and such

docs-100613041.3

insurance should provide a significant source of funding for a trust in these proceedings;

b. The professionals at Anderson Kill have substantial experience in insurance and bankruptcy cases, including bankruptcies involving talc and asbestos-related and other mass-tort insurance issues and have participated in numerous proceedings before various bankruptcy courts. Anderson Kill represents or has represented debtors, official creditors' committees, and future claimants' representatives in bankruptcies filed in Delaware, New York, North Carolina, Pennsylvania, and other jurisdictions; and

c. Anderson Kill currently serves as special insurance counsel to (i) both the tort claimants committee and the future claimants' representative in *In re Cyprus Mines Corporation,* and (ii) the future claimants' representative in *In re Aldrich Pump, et al.*, which are chapter 11 cases. Anderson Kill also serves as special insurance counsel to the Kaiser Gypsum Asbestos PI Trust, WRG Asbestos PI Trust, the Owens Corning/Fibreboard Asbestos PI Trust, the Congoleum Plan Trust, the Fuller-Austin Asbestos Personal Injury Trust, and the Swan Transportation (Tyler Pipe) Asbestos and Silica Personal Injury Trust, all trusts resulting from Chapter 11 cases confirmed under 18 U.S.C. §524(g).

5. The professional services to be rendered are as follows:

    a. analyzing all insurance policies under which the Debtor may have rights and providing strategic advice to the OTCC regarding steps to be taken to preserve and maximize insurance coverage;

    b. attending meetings and negotiations with representatives of the Debtor, their non-bankrupt affiliates, their insurance companies and underwriters, and other parties in interest in this chapter 11 case related to the preservation of insurance coverage and resolution of disputed insurance coverage;

    c. assisting the OTCC with any insurance-related matters arising in connection with the formulation of a plan of reorganization and funding any trust for the payment of personal injury claims established under a plan;

    d. performing such other insurance-related tasks as may be necessary during the course of this chapter 11 case;

    e. Anderson Kill has analyzed separate and distinct insurance coverage in its representation of the Tort Claimants Committee and FCR of Cyprus Mines Corporation in connection with many of the same tort claims.

6. Scope of Representation

    a. Anderson Kill's sole and exclusive focus will be on insurance issues and on recoveries from insurance policies sold to J&J.

3

docs-100613041.3

b. There are separate and distinct contractual indemnity provisions as part of the "AGREEMENT BETWEEN CYPRUS MINES CORPORATION AND JOHNSON & JOHNSON DATED JANUARY 6, 1989" and the "TALC SUPPLY AGREEMENT BETWEEN WINDSOR MINERALS INC. AND JOHNSON & JOHNSON BABY PRODUCTS COMPANY, A DIVISION OF JOHNSON & JOHNSON CONSUMER PRODUCTS, INC. DATED JANUARY 6, 1989." Those are not insurance policies. The scope of Anderson Kill's retention will not include any dispute that has arisen or may arise with respect to any entity's respective rights under those contractual indemnity provisions.

c. No conflict exists. However, to the extent that the Committee, the Cyprus Tort Claimants' Committee or the Cyprus Future Claimants' Representative determines that a conflict has arisen with respect to Anderson Kill's retention, then upon notice to Anderson Kill, Anderson Kill no longer shall represent the Committee with respect to these issues, but shall continue to represent the Cyprus Tort Claimants' Committee and Future Claimants' Representative. In such circumstances, the Committee has the right to seek to retain separate special insurance counsel.

d. Anderson Kill served as Special Insurance Counsel for the Official Committee of Talc Claimants (the "Original Committee") in the Debtor's previous bankruptcy case number 21-30589 ("LTL I"). As of the Court's entry of the Dismissal Order on April 4, 2023, Anderson Kill was owed $283,108.90 for services rendered and expenses incurred in representing the Committee as its local counsel in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, Anderson Kill anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

e. For the reasons stated herein, based on the conflicts search conducted to date and described here, to the best of my knowledge Anderson Kill is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code, and does not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity holders of the Debtor.

f. If Anderson Kill discovers any information that is contrary to or pertinent to the statements made herein, Anderson Kill promptly will disclose such information to the Court by filing and serving a supplemental affidavit on the Committee, the U.S. Trustee, counsel to the Debtor, and all parties who have filed a notice of appearance in this Case.

4

7. The proposed arrangement for compensation is as follows:

    a. Anderson Kill will charge the Committee for its legal services on an hourly basis. It is anticipated that the primary attorneys who will represent the Committee are Robert M. Horkovich, whose hourly rate is $1,245, Mark Garbowski, whose hourly rate is $950, Carrie DiCanio, whose hourly rate is $770, and Christina Yousef whose hourly rate is $625.

    b. It is anticipated that other Anderson Kill attorneys or paraprofessionals will provide legal services on behalf of the Committee. Anderson Kill's first year associates' hourly rate is $380. Anderson Kill's policy analysts and paralegal rates range from $190 to $460.

    c. The hourly rates set forth above are Anderson Kill's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Anderson Kill for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Anderson Kill has informed the OTCC that its hourly rates are subject to periodic adjustment in accordance with Anderson Kill's established billing practice and procedures.

    d. In addition to the hourly rates set forth above, it is Anderson Kill's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, but are not limited to, court call charges, conference call charges, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), filing fees, Westlaw or Lexis charges, and any third-party costs incurred related to a representation. Anderson Kill will charge for these expenses in a manner and at rates consistent with charges made generally to Anderson Kill's other clients and the Local Rules.

    e. Anderson Kill will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the Committee, in accordance with the applicable rules and guidelines.

8. To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☒ Describe connection: See **Exhibit 2** attached to the Certification of Professional in Support of Application for Retention of Professional, Anderson Kill P.C.

9. To the best of the applicant's knowledge, the professional (check all that apply):

☒ does not hold an adverse interest to the estate.

docs-100613041.3

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐ Other; explain:

10. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:

N/A

The applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

[*Space intentionally left blank.*]

Dated: June 29, 2023

Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

docs-100613041.3

/s/ Michelle Parfitt
Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

/s/ Leigh O'Dell
Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

/s/ Lisa Nathanson Busch
Lisa Nathanson Busch Esq., as specifically authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

docs-100613041.3