# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS  75201.1515

TELEPHONE: +1.214.220.3939 • JONESDAY.COM

June 29, 2023

Honorable Chief Michael B. Kaplan
U.S. Bankruptcy Court for the District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street, Courtroom #8
Trenton, New Jersey 08608

   Re: <u>LTL Management LLC, Case No. 23-12825 (MBK)</u>

Dear Chief Judge Kaplan:

  We write on behalf of the Debtor LTL Management (the "Debtor") in response to Maune Raichle Hartley French & Mudd, LLC's ("MRHFM") Evidentiary Objections to Declarations Submitted by Debtor LTL Management for Hearing on Motions to Dismiss ("MRHFM's Objections") (Dkt. No. 915).  The Debtor is prepared to address its specific objections to MRHFM's Objections orally during the hearing, in addition to providing this written response.

  **Foundation.**  MRHFM's foundation objections, including lack of personal knowledge and improper lay witness opinion testimony, to the Declarations are improper.  Consistent with the Federal Rules of Evidence, each declarant laid the proper foundation, providing their background, professional experience, and factual knowledge of the matters at issue.  *See* Debtor's Exs. 1, 3, 5-6; *see Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (personal knowledge can be presumed by the declarant's role or position); *Hogan v. Rose*, No. 16-CV-1325, 2020 WL 6118573, *15 (N.D.N.Y. Oct. 16, 2020).  Each witness properly offered lay witness testimony based on their personal knowledge and experience pursuant to Fed. R. Evid. 701.  *Ghee v. Marten Transp., Ltd*., 570 F. App'x 228, 231 (3d Cir. 2014) (lay witness's opinion based on "sufficient experience or specialized knowledge . . . should be admitted because it 'may be fairly considered to be 'rationally based on the perception of the witness' and truly 'helpful' to the jury'") (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1193 (3d Cir. 1995)).

  **Relevance.**  MRHFM's relevance objections to the Declarations are similarly without merit.  Under Fed. R. Evid. 401, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; (b) and the fact is of consequence in determining the action."  Mr. Wuesthoff, Mr. Dickinson, Mr. Kim, Mr. Murdica and Mr. Watts's Declarations are highly relevant to the matters at issue before the Court, and specifically for the Motions to Dismiss hearing.  MRHFM's Objections reference statements from the Declarations related to:  Board considerations, LTL's financial position and financial distress, LTL's liabilities, LTL's business purpose, Old JJCI's defense of talc litigation, LTL's bankruptcy petition, filed and unfiled talc claims, settlements, future claimants, latent injuries, support for

JONES DAY

Honorable Chief Michael B. Kaplan
June 29, 2023
Page 2

the proposed plan, and intake criteria for clients/claims. These topics are directly relevant to the Motions to Dismiss proceedings.

**Hearsay.** The Declarations do not contain inadmissible hearsay. The statements MRHFM objects to either are not hearsay, party omissions, not offered to prove the truth of the matter asserted, or a hearsay exception applies. Fed. R. Evid. 801, 803.

**Best evidence.** MRHFM's best evidence objections to Mr. Wuesthoff and Mr. Murdica's Declarations are improper, and Fed. R. Evid. 1002 is inapplicable in the circumstances. Fed. Rule Evid. 1002 ("[a]n original writing, recording, or photograph is required in order to prove its content") does not apply to statements not offered to prove the contents of a document. MRHFM asserts best evidence objections over statements in Mr. Wuesthoff and Mr. Murdica's Declarations where the content of a document is not at issue or discussed, and, therefore, Fed. Rule Evid. 1002 is not applicable.

The Debtor respectfully requests that the Court overrule MRHFM's Objections to the Declarations of Robert Wuesthoff, Richard Dickinson, John Kim, James Murdica, and Mikal Watts.

Respectfully submitted,

*/s/ Gregory M. Gordon*

Gregory M. Gordon