| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>Laura Davis Jones<br>Colin R. Robinson<br>Peter J. Keane<br>919 N. Market Street, 17th Floor<br>Wilmington, DE  19801<br>Telephone:  (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email: ljones@pszjlaw.com<br>           crobinson@pszjlaw.com<br>           pkeane@pszjlaw.com<br><br>*Counsel to Arnold & Itkin LLP* |

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-12825 (MBK) |

**JOINT STIPULATION REGARDING THE ADMISSION
OF CERTAIN EVIDENCE AT TRIAL**

Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of certain talc personal injury claimants represented by Arnold & Itkin, and the above-captioned debtor and debtor-in-possession (the "Debtor", together with Arnold & Itkin, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, Arnold & Itkin filed the *Motion of Arnold & Itkin, on Behalf of Certain Talc Claimants, to Dismiss Chapter 11 Case* [Docket No. 384] (the "Motion to Dismiss");

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

WHEREAS, Arnold & Itkin filed the *Declaration of Laura Davis Jones in Support of Motion to Dismiss Bankruptcy Case* [Docket No. 384-2] (the "Dismissal Declaration");

WHEREAS, Arnold & Itkin filed the *Reply in Support of Motion of Arnold & Itkin, on Behalf of Certain Talc Claimants, to Dismiss Chapter 11 Case* [Docket No. 854] (the "Reply" together with the Motion to Dismiss, the "Motion");

WHEREAS, Arnold & Itkin filed the *Declaration of Laura Davis Jones in Support of Reply in Support of Motion of Arnold & Itkin, on Behalf of Certain Talc Claimants, to Dismiss Chapter 11 Case* [Docket No. 856] (the "Reply Declaration" together with the Dismissal Declaration, the "Declarations");[2]

WHEREAS, Arnold & Itkin seeks to admit certain exhibits attached to the Declarations into evidence during the trial scheduled to commence on June 27, 2023 (the "Trial");

WHEREAS, the Debtor has asserted certain objections to the admission of certain exhibits attached to the Declarations; and

WHEREAS, the Parties have met and conferred in an effort to make the Trial more efficient and streamlined and to resolve any disputes over the admission of certain exhibits attached to the Declarations, and subject to the Court's approval,

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the Parties that:

1. The Debtor does not object to Exhibit A to the Dismissal Declaration being admitted into evidence.

2. The Debtor does not object to those portions of Exhibit B (the Reporter's Transcript of the April 18, 2023 Hearing) containing witness testimony being admitted into

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Declarations.

evidence. The other portions of Exhibit B may be admitted into evidence for the limited purpose of establishing the positions and contentions parties took in those proceedings, but not for the truth of the matter asserted *provided*, however, that the Parties each reserve the right to argue that any such position or contention is admissible for the truth of the matter asserted because it is a party admission or based on some other ground other than the stipulation itself.

       3.      The Debtor does not object to the Court taking judicial notice of Exhibit C, the Reporter's Transcript of the April 20, 2023 Hearing.

       4.      The Debtor does not object to Exhibit D to the Dismissal Declaration being admitted into evidence.

       5.      Exhibits 1, 2, 3 and 4 of the Reply Declaration may be admitted into evidence for the limited purpose of showing the positions and contentions parties took in those proceedings, but not for the truth of the matter asserted *provided*, however, that the Parties each reserve the right to argue that any such position or contention is admissible for the truth of the matter asserted because it is a party admission or based on some other ground other than the stipulation itself.

       6.      The Debtor does not object to the Court taking judicial notice of the documents attached as Exhibits 5 and 6 to the Reply Declaration.

       7.      The excerpts set forth on Exhibits 7, 8, and 9 shall not come into evidence on the ground that the witnesses testified live during the Trial.

Dated: June 27, 2023

AGREED AS TO FORM AND SUBSTANCE:

| **WOLLMUTH MAHER & DEUTSCH LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
|---|---|
| */s/ Paul R. DeFilippo* | */s/ Colin R. Robinson* |
| Paul R. DeFilippo, Esq. | Laura Davis Jones |
| 500 Fifth Avenue | Colin R. Robinson |
| New York, New York 10110 | Peter J. Keane |
| Telephone: (212) 382-3300 | 919 N. Market Street, 17th Floor |
| Facsimile: (212) 382-0050 | Wilmington, DE 19801 |
| pdefilippo@wmd-law.com | Telephone: (302) 652-4100 |
| *Attorneys for Debtor* | Facsimile: (302) 652-4400 |
| | Email:  ljones@pszjlaw.com |
| |   crobinson@pszjlaw.com |
| |   pkeane@pszjlaw.com |
| | *Counsel to Arnold & Itkin LLP* |