**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

In re:

LTL MANAGEMENT LLC,[1]

          Debtor.

Chapter 11

Case No.:  23-12825 (MBK)

Judge:  Michael B. Kaplan

**Objection Deadline**:  July 26, 2023

**Hearing Date and Time**:
August 2, 2023 at 10:00 a.m.

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), extending the period within which the Debtor may remove actions pursuant to 28 U.S.C.

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

§ 1452 and Bankruptcy Rule 9027 (the "Removal Period") by approximately 180 days, from

July 3, 2023 through and including December 29, 2023.  In support of this Motion, the Debtor

respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court*

*Under Title 11* of the United States District Court for the District of New Jersey, dated

September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference").  This is a core

proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and

operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of

the United States Code (the "Bankruptcy Code").

2.      The statutory predicates for the relief requested herein are section 1452 of

the Bankruptcy Code and Bankruptcy Rules 9006 and 9027.

## Background

3.      On April 4, 2023 (the "Petition Date"), the Debtor commenced this

reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.

4.      The Debtor, a North Carolina limited liability company, is a defendant in

thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing

products.  It is the direct parent of Royalty A&M LLC, a North Carolina limited liability

company, which manages a portfolio of royalty revenue streams, including some based on third

party sales of certain products, and will seek opportunities to acquire or finance additional

royalty revenue streams.

-2-

5.      The Debtor has reached agreement on the material terms of a plan of reorganization with counsel to thousands of talc claimants.  That agreement has been memorialized in a series of plan support agreements.  The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements.  A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim [Dkt. 4], which was filed on the Petition Date and is incorporated herein by reference.

6.      On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of talc claimants (the "TCC") pursuant to section 1102 of the Bankruptcy Code.

7.      On May 8, 2023, the Court entered an order [Dkt. 459, as amended on May 25, 2023, Dkt. 602] appointing Eric Green and Gary Russo to serve as co-mediators to mediate a comprehensive resolution of issues in the Chapter 11 Case, including the terms of a plan of reorganization.

8.      On May 15, 2023, the Debtor filed a proposed plan of reorganization [Dkt. 525] and a related disclosure statement [Dkt. 526] in accordance with its commitment under the plan support agreements.  And, on June 26, 2023, the Debtor filed an amended proposed plan of reorganization [Dkt. 912].

9.      On May 18, 2023, the Court entered an order [Dkt. 551] appointing Randi S. Ellis as the legal representative for future talc claimants (the "FCR").[2]

---

[2]      On May 26, 2023, the TCC appealed entry of this order [Dkt. 608].

10.    From June 27 through June 30, 2023, the Court held a four-day hearing on the motions to dismiss this Chapter 11 Case.[3]

## Relief Requested

11.    By this Motion, the Debtor seeks the entry of an order pursuant to Bankruptcy Rule 9006(b) extending the Removal Period by approximately 180 days, through and including December 29, 2023, to the extent that the time period for filing any notices of removal expires on or before such date.  Substantially similar relief was granted in the Debtor's prior chapter 11 case.[4]

12.    The relief requested is without prejudice to (a) any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any claim or civil action against the Debtor and (b) the Debtor's right to seek from this Court further extensions of the Removal Period.

## Basis for Relief Requested

13.    Section 1452 of title 28 of the United States Code provides for the removal of pending claims in civil actions related to bankruptcy cases.  Section 1452 provides in pertinent part as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

---

[3]    See Dkts. 286, 335, 346, 350, 358, 379, 384, 480 (collectively, the "Motions to Dismiss").

[4]    See In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bank. D.N.J. Jan. 12, 2022) [Dkt. 1128]; In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bank. D.N.J. July 8, 2022) [Dkt. 2671]; In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bank. D.N.J. Dec. 20, 2022) [Dkt. 3519] (collectively, the "2022 Extension Orders").

NAI-1537222295

14.    Bankruptcy Rule 9027 establishes the deadline for filing notices of

removal of claims or causes of action.  Bankruptcy Rule 9027(a)(2) provides in pertinent part as

follows:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed [in the bankruptcy court] only within
> the longest of (A) 90 days after the order for relief in the case under
> the [Bankruptcy] Code, (B) 30 days after entry of an order
> terminating a stay, if the claim or cause of action in a civil action
> has been stayed under § 362 of the [Bankruptcy] Code, or
> (C) 30 days after a trustee qualifies in a chapter 11 reorganization
> case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15.    With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides

that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the claim
> or cause of action sought to be removed or (B) 30 days after receipt
> of the summons if the initial pleading has been filed with the court
> but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16.    Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend

the period within which the Debtor may remove actions provided for by Bankruptcy Rule 9027,

without notice, upon a showing of cause:

> Except as provided in paragraphs (2) and (3) of this subdivision,
> when an act is required or allowed to be done at or within a specified
> period by these rules or by a notice given thereunder or by order of
> court, the court for cause shown may at any time in its discretion (1)
> with or without motion or notice order the period enlarged if the
> request therefor is made before the expiration of the period
> originally prescribed or as extended by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1).

NAI-1537222295

17.     It is well-settled that this Court is authorized by Bankruptcy Rule 9006 to extend the Removal Period provided under Bankruptcy Rule 9027.  See, e.g., Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that "it is clear that the court may grant such an extension" of the time limit for removal under the Bankruptcy Rules), effectively overruled in part on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that the removal period may be extended under Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

18.     Under Bankruptcy Rule 9027(a)(2)(A), the Debtor may have as little as 90 days from the Petition Date (i.e., through and including July 3, 2023) to make certain removal decisions, but may obtain an extension of this period for cause under Bankruptcy Rule 9006.  In entering each of the 2022 Extension Orders, this Court previously found that "cause" existed to extend the Debtor's removal period in the prior chapter 11 case.  The Debtor submits that "cause" exists to extend the Removal Period within the meaning of Bankruptcy Rule 9006 in this case as well.  The Debtor has not yet determined whether to remove any of the thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products (the "Talc Actions") pending against the Debtor as of the Petition Date.

19.     Given (a) the sheer number of Talc Actions and (b) the current status of the Chapter 11 Case and the critical matters that have been and will be addressed in this case, including the filing of the Debtor's proposed plan of reorganization and amended plan, as well as

NAI-1537222295

the hearing on the Motions to Dismiss, the Debtor requires additional time to evaluate whether the removal of any actions under 28 U.S.C. § 1452 is appropriate and desirable.

20.     The Debtor's goal in this case is to obtain confirmation of a plan that contains the terms agreed to in the plan support agreements, which plan will permanently resolve the Debtor's liability for current and future talc claims in an equitable manner.  The Debtor filed an amended proposed plan on June 26, 2023 to further this goal and discussions continue with the Ad Hoc Committee of Supporting Counsel and other parties in interest.  In addition, the Debtor is participating in mediation pursuant to the Court's order.

21.     In light of the substantial ongoing matters involving key issues in this case, it continues to be premature for the Debtor to identify any specific lawsuits that should be removed under 28 U.S.C. § 1452.  Accordingly, absent an extension of the Removal Period, the Debtor risks waiving its valuable right to remove lawsuits under 28 U.S.C. § 1452, where the circumstances warrant it, before it has determined if removal is appropriate.[5]  The requested relief will protect this right on behalf of the Debtor and the Debtor's estate.

22.     This Court and Courts within this District have routinely granted relief similar to that requested herein in other chapter 11 cases.  See, e.g., 2022 Extension Orders (granting three extensions of the deadline to remove actions by approximately 180-days each); In re BlockFi Inc., No. 22-19361 (MBK) (Bankr. D.N.J. Mar. 13, 2023) (granting additional 90-day extension of deadline to remove actions without prejudice to debtors' right to seek additional

---

[5]     As quoted above, for a chapter 11 debtor in possession, the actual deadline under Bankruptcy Rule 9027(a) with respect to a prepetition action is the **longer** of (a) 90 days after the Petition Date or (b) 30 days after entry of an order terminating the automatic stay as to an action.  Because the Talc Actions currently are stayed by section 362 of the Bankruptcy Code, the Debtor believes that it would have until 30 days after the entry of any order terminating the automatic stay as to a particular Talc Action to remove such action under 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2), which deadline could extend well beyond the initial 90-day period in this case.  Nevertheless, the Debtor seeks the extension herein out of an abundance of caution to ensure that the removal period does not lapse.

NAI-1537222295

extensions); <u>In re Tri Harbor Holdings Corp.</u>, No. 19-13448 (VFP) (Bankr. D.N.J. Sept. 1, 2021)

(same); <u>In re Frank Theatres Bayonne/South Cove, LLC</u>, No. 18-34808 (SLM) (Bankr. D.N.J.

July 23, 2019) (granting additional 90-day extension of deadline to remove actions without

prejudice to debtors' right to seek additional extensions); <u>In re Mountain Creek Resort, Inc.</u>,

No. 17-19899 (SLM) (Bankr. D.N.J. Dec. 13, 2017) (granting additional 120-day extension

without prejudice to debtors' right to seek additional extensions); <u>In re Cinram Group, Inc.</u>,

No. 17-15258 (VFP) (Bankr. D.N.J. June 15, 2017) (same).  The approximately 180-day

extension requested herein is consistent with the extensions granted by this Court and courts

within this District.

23.    For the foregoing reasons, the Debtor has demonstrated cause for the relief

requested herein.

## **Waiver of Memorandum of Law**

24.    The Debtor respectfully requests that the Court waive the requirement to

file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis

upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel

issues of law.

## **Notice**

25.    Consistent with the *Order Establishing Case Management and

Administrative Procedures* [Dkt. 554] (the "<u>Case Management Order</u>") notice of this Motion has

been provided to: (a) the U.S. Trustee; (b) counsel to the TCC; (c) counsel to the Debtor's

non-debtor affiliates, Johnson & Johnson Holdco (NA) and Johnson & Johnson; (d) the FCR and

her counsel; (e) counsel to the Ad Hoc Committee of Supporting Counsel; and (f) the other

parties on the Master Service List established by the Case Management Order.  In light of the

NAI-1537222295

nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

**<u>No Prior Request</u>**

26.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form submitted herewith; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: July 3, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

NAI-1537222295