| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 533-1112<br>*Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Jeffrey L. Jonas, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>dmolton@brownrudnick.com<br>jjonas@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Co-Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan<br>*Hearing Date: July 11, 2023, 10:00 a.m.* |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

**RESERVATION OF RIGHTS
OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO
DEBTOR'S MOTION FOR ORDER AUTHORIZING THE RETENTION
AND COMPENSATION OF PROFESSIONALS UTILIZED BY THE
<u>DEBTOR IN THE ORDINARY COURSE OF BUSINESS</u>**

The Official Committee of Talc Claimants, duly appointed by the Office of the United States Trustee, hereby submits the following reservation of rights to the *Debtor's Motion for Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* [Dkt. No. 839] (the "<u>Motion</u>") and respectfully states as follows:

1. The Debtor filed its second Chapter 11 Petition before this Court on April 4, 2023, 2 hours and 11 minutes after the dismissal of the Debtor's prior Chapter 11 case.

2. On April 14, 2023, the Office of the United States Trustee for the District of New Jersey filed a Notice of Appointment of Official Committee of Talc Claimants (the "<u>TCC</u>").  The Court has subsequently approved the retention by the TCC of counsel and other professionals.

3. On June 20, 2023 [Dkt. No. 839-1], the Debtor filed a Motion before this Court seeking authority to retain, employ and pay certain Ordinary Course Professionals on the terms set forth in the Debtor's Motion.

4. It is unclear to the TCC what services will be performed by the proposed Ordinary Course Professionals.  It is further unclear from the Debtor's Motion whether the Debtor will be exclusively responsible for the payment of fees and costs to the Ordinary Course Professionals, or whether the obligation for payment of such fees and costs will be apportioned among the Debtor and its parent and affiliated parties.

5. It is clear that many of the Ordinary Course Professionals will be simultaneously performing services on behalf of the Debtor, Johnson & Johnson, Holdco, Kenvue, Janssen and other parties.

6. In connection with the recent retention of Skadden Arps, the Debtor has disclosed that Johnson & Johnson will be responsible for 50% of the fees generated by such firm in connection with the trial of the Valadez matter.

7. The TCC has previously and continues to assert that many of the professionals employed by the Debtor hold a disabling conflict, as a result of their simultaneous representation of the Debtor, J&J and other parties.

8. The Court has before it the TCC's Motion to Dismiss, which the Court has committed to decide in the next thirty days. Should the Court dismiss the within Chapter 11 case, the TCC's concerns with regard to the retention of Ordinary Course Professionals will be rendered largely moot.

9. Based upon the foregoing, the TCC respectfully reserves all rights with regard to the proposed retention of the Ordinary Court Professionals, and indeed all professionals employed by the Debtor in the within Chapter 11 case, together with such other and further relief as is just and equitable.

Dated: July 6, 2023                    Respectfully submitted,

**GENOVA BURNS, LLC**

By: _/s/ Daniel M. Stolz_
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    dstolz@genovaburns.com
    dclarke@genovaburns.com
    110 Allen Road, Suite 304
    Basking Ridge, NJ 07920
*Local Counsel to the*
*Official Committee of Talc Claimants*

3