Order Filed on July 6, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(B)**<br><br>Mark Falk, Esq.<br>Liza M. Walsh, Esq.<br>Stephen V. Falanga, Esq.<br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>(973) 757-1100<br>*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants* | |
| In re:<br><br>LTL Management, LLC,<br><br>　　　　　　　　　　　Debtor. | Case No.: 23-12825<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 11 |

### ORDER AUTHORIZING RETENTION OF BEDERSON LLP, EFFECTIVE AS OF JUNE 26, 2023 AS FINANCIAL ADVISOR ON BEHALF OF APPLICANT RANDI S. ELLIS, LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS

The relief set forth on the following page is **ORDERED**.

**DATED: July 6, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

Upon the applicant's request for authorization to retain Bederson LLP ("Bederson") to provide financial advisory and consulting services for *Randi S. Ellis, Legal Representative for Future Talc Claimants ("FCR")*, it is hereby ORDERED:

1. The applicant, Randi S. Ellis, *Legal Representative for Future Talc Claimants*, is authorized to retain the above party in the professional capacity noted.

    The professional's address is:

    Bederson LLP
    Attn: Charles S. Lunden
    100 Passaic Ave Ste 310
    Fairfield, NJ 07004

2. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

3. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

4. The effective date of retention is June 26, 2023.

5. Bederson shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court.

6. Notwithstanding anything to the contrary in the Engagement Letter (as that term is defined in the Application for Retention of Bederson LLP), Bederson's Engagement Letter may not be terminated and Bederson may not suspend its services unless by order of the Court. Any such Order approving termination or suspension of services may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination/suspension is filed with the Court or such earlier date as may be appropriate.

7. Notwithstanding anything to the contrary in the Certification of James H. Ruitenberg, Bederson shall only bill 50% for non-working travel and shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Bederson's fee applications in the Chapter 11 Case.

8. Any additional services provided by Bederson, which were not specifically provided for in

the Application, shall require further Court approval.

9. In the event Bederson seeks to use any of its affiliates to perform services for the FCR, the FCR shall seek and apply for the separate retention of any such affiliates.

10. In the event that, during the pendency of the Chapter 11 Case, Bederson seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Bederson's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the Compensation Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327.  All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Bederson's independent legal counsel.

11. To the extent that there is any inconsistency between this Order and the Engagement Letter, the Application or the Certification of James H. Ruitenberg, the provisions of this Order shall govern.

12. In connection with any increase in Bederson's rates, Bederson shall provide ten (10) business days' notice to the FCR, the Debtor, the U.S. Trustee, and any official committee of creditors appointed in this case, prior to filing a fee statement or fee application reflecting such an increase, which shall set forth the requested rate increase and explain the basis for the requested rate increase.  All parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13. The Court shall have exclusive jurisdiction over Bederson's engagement during the pendency of this Chapter 11 Case.

14. Bederson shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

15. Bederson shall provide any and all monthly fee statements, interim fee applications, and final fee applications in a searchable electronic format (Ledes or Excel) to the U.S. Trustee.

16. The "Limitation of Liability" provision as described in the Engagement Letter is hereby removed.

17. To the extent Bederson uses the services of independent contractors or non-Bederson "additional support personnel" (as described in the third paragraph of the Engagement Letter) (the "Contractors") in the Chapter 11 Case, Bederson shall: (a) pass through the cost of such Contractors to the FCR at the same rate that Bederson pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; (d) confirm that the Contractors remain

disinterested during the time that Bederson is involved in providing services to the FCR; (e) require the Contractors to represent that they will not work for other parties-in-interest in this case during the time Bederson is involved in providing services to the FCR; and (f) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.