# **Exhibit 4**

**Notice of Non-Voting Status**

NAI-1531696967

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                       Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>[_____, 2023] at [__]:[__] [a/p].m. |

# NOTICE OF NON-VOTING STATUS

### TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS IN CLASSES 1, 2, 3, AND 5

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1531696967

> **IMPORTANT NOTICE REGARDING RELEASES**
>
> **HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS IN CLASSES 1, 2, 3, AND 5**
>
> **YOU ARE PRESUMED TO ACCEPT THE PLAN.  YOU ARE CONCLUSIVELY PRESUMED TO GRANT THE "RELEASES BY HOLDERS OF CLAIMS" (SET FORTH BELOW AND IN ARTICLE XI OF THE PLAN).**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**APPROVAL OF DISCLOSURE STATEMENT**

On June 26, 2023, LTL Management LLC (the "Debtor") filed the *Amended Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 912] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2]  On July 11, 2023 the Debtor filed the *Disclosure Statement for Amended Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").

On **[_____, 2023]**, after a hearing to consider whether to, among other things approve the proposed Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and approve procedures for soliciting and tabulating votes to accept or reject the Plan (the "Solicitation Procedures"), the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order approving the Disclosure Statement and the Solicitation Procedures [Dkt. [●]] (the "Solicitation Procedures Order").

**ENTITLEMENT TO VOTE ON PLAN**

You are receiving this notice because, according to the Debtor's books and records, you are the holder of a Claim in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 3 (Unsecured Claims), or Class 5 (Intercompany Claims) (collectively, the "Non-Voting Classes"), or you are a holder of an Administrative Claim or a Priority Tax Claim, which is unclassified under the Plan (the "Unclassified Claims").  Pursuant to the terms of the Plan, holders of Claims in Classes 1, 2, 3, and 5 are Unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are presumed to have accepted the Plan.

Also, in accordance with the terms of the Plan, holders of Claims in the Non-Voting Classes and holders of Unclassified Claims are not entitled to vote on the Plan and are deemed to grant the "Releases by Holders of Claims" set forth herein and in Article XI of the Plan.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

NAI-1531696967

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF PLAN

The hearing to consider whether to confirm the Plan is scheduled **[_____, 2023] at [____] a.m.** (**prevailing Eastern Time**) (the "Confirmation Hearing") in the Bankruptcy Court before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, at the Bankruptcy Court, located at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Courtroom No. 8, Trenton, New Jersey 08608.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court.  If the Confirmation Hearing is continued, the Debtor will post the new date and time of the Confirmation Hearing at https://dm.epiq11.com/ltl.  The Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

Notwithstanding the fact that you are not entitled to vote to accept or reject the Plan, you nevertheless may be a party in interest in this Chapter 11 Case and you, therefore, may be entitled to participate in this Chapter 11 Case, including by filing objections to confirmation of the Plan.  If you would like to object to the Plan, you may do so by filing your objection no later than **[_____, 2023] at 4:00 p.m.** (**prevailing Eastern Time**) (the "Confirmation Objection Deadline").  Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Rules of U.S. Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"); (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan, including the evidentiary support thereof, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Bankruptcy Court, 402 East State Street, Courtroom No. 8, Trenton, New Jersey 08608, together with proof of service, and served so as to be **RECEIVED on or before the Confirmation Objection Deadline** by the following:

(a) counsel to the Debtor, (i) Jones Day, 2727 N. Harwood Street, Dallas, TX 75201 (Attn:  Gregory M. Gordon, Brad B. Erens, Dan B. Prieto, and Amanda Rush) and (ii) Wollmuth Maher & Deutsch LLP, 90 Washington Valley Road, Bedminster, NJ 079211 (Attn:  Paul R. DeFilippo, James N. Lawlor, and Joseph F. Pacelli);

(b)  counsel to the TCC, (i) Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn:  David J. Molton, Michael S. Winograd, Susan Sieger-Grimm, and Kenneth J. Aulet) and One Financial Center, Boston, Massachusetts 02111 (Attn:  Jeffrey L. Jonas, Sunni P. Beville, and Eric R. Goodman) and (ii) Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, New Jersey 07920 (Attn:  Daniel M. Stolz, Donald W. Clarke, and Gregory S. Kinoian);

(c) the FCR (i) Randi S. Ellis, LLC, 5757 Indian Circle, Houston, TX 77027 (Attn: Randi S. Ellis) and (ii) counsel to the FCR, Walsh Pizzi O'Reilly Falanga LLP, Three Gateway Center, 100 Mulberry Street, 15th Floor, Newark, New Jersey 07102 (Attn:  Mark Falk, Stephen V. Falanga, and Liza M. Walsh);

(d) counsel to the Ad Hoc Committee of Supporting Counsel, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kris Hansen) and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 (Attn: Matthew M. Murphy and Matthew Micheli); and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07692-0800 (Attn: Michael D. Sirota); and

(e) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Ste 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder and Lauren Bielskie).

OBJECTIONS NOT TIMELY FILED AND SERVED IN SUCH MANNER MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.

**SUMMARY OF PLAN TREATMENT OF CLAIMS AND EQUITY INTERESTS**

The Plan proposes to modify the rights of certain claimants and equity holders of the Debtor. The classification of Claims and Equity Interests under the Plan is described generally below. For purposes of all Plan confirmation matters, including voting on, Confirmation of, and Distributions under, the Plan, all Claims (other than Administrative Claims and Priority Tax Claims, which are not classified) against and Equity Interests of the Debtor shall be classified and treated in the manner set forth below

| **Class** | **Designation** | **Treatment** | **Entitlement to Vote** | **Estimated Recovery** |
|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 2 | Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 3 | Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 4 | Talc Personal Injury Claims | Impaired | Entitled to Vote | 100% |
| 5 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | Reinstated |
| 6 | Equity Interests of the Debtor | Impaired | Entitled to Vote | Reinstated Subject to Talc PI Pledge |

NAI-1531696967

### RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN PLAN

Pursuant to Article XI of the Plan, the Debtor seeks approval of the release, exculpation, and injunction provisions attached as Exhibit A to this Notice.  **If you are the holder of a Claim that is Unimpaired or Unclassified, you will be presumed to accept the Plan and grant the Releases by Holders of Claims set forth in Article XI of the Plan attached as Exhibit A to this Notice.**

### COPIES OF PLAN AND DISCLOSURE STATEMENT

If you would like to review the Plan and Disclosure Statement or obtain a Solicitation Package or have questions regarding the procedures and requirements for objecting to the Plan, you may contact the Debtor's Solicitation Agent, Epiq Corporate Restructuring LLC, by: (a) calling the Debtor's Solicitation Agent at (888) 431-4056 (Toll-Free) or +1 (503) 822-6762 (International); (b) visiting https://dm.epiq11.com/ltl; (c) emailing your request to LTLVote@epiqglobal.com; or (d) writing to LTL Management LLC, c/o Epiq Ballot Processing Center, P.O. Box 4422, Beaverton, OR 97076-4422.  The Disclosure Statement, the Plan, and the Solicitation Procedures Order are on file with the Clerk of the Bankruptcy Court, 402 East State Street, Trenton, NJ 08608, and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours or viewed on the Bankruptcy Court's website by following the directions for accessing the ECF system at https://www.njb.uscourts.gov.

NAI-1531696967

|  |  |
|---|---|
| Dated:[_____] | **WOLLMUTH MAHER & DEUTSCH LLP** |

_____
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

-5-

# **Exhibit A**

## **Release, Exculpation, and Injunction Provisions in Plan**

## ARTICLE I: DEFINITIONS AND RULES OF INTERPRETATION

"**Released Parties**" means each of: (a) the Debtor, (b) the Reorganized Debtor, (c) the LTL Corporate Parties; and (d) to the fullest extent permitted by applicable law, with respect to each of the foregoing Persons in clauses (a)-(c), each such Person's Representatives.

"**Releasing Claim Holder**" means, collectively: (a) all holders of Claims that vote to accept the Plan; (b) all holders of Claims that are presumed to accept the Plan and fail to timely object to the releases provided for in the Plan; (c) all holders of Claims entitled to vote on the Plan and who vote against the Plan and do not opt out of the releases provided for in the Plan; and (d) all holders of Claims entitled to vote for or against the Plan who do not vote for or against the Plan and do not opt out of the releases provided for in the Plan.

## ARTICLE XI: RELEASES, INJUNCTION, AND EXCULPATION

**11.3.1     Releases by the Debtor and Its Estate.  As of the Effective Date, for good and valuable consideration (including services provided before and during the Chapter 11 Case to facilitate the implementation of the Talc Personal Injury Trust), the adequacy of which is hereby confirmed, the Reorganized Debtor, the LTL Corporate Parties, and the respective Representatives of the Debtor, the Reorganized Debtor, and the LTL Corporate Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, by the Debtor and the Estate from any and all claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, causes of action, liens, remedies, losses, contributions, indemnities, costs, liabilities, fees (including attorneys' fees) and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtor or the Estate (including any Recovery Actions), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that the Debtor or the Estate would have been legally entitled to assert in its own right, or on behalf of the holder of any Claim or Interest or other Person, based on, arising out of, or in any way relating to, in whole or in part, the Debtor (as it existed prior to or after the Petition Date), the 2021 Corporate Restructuring, the 2021 Chapter 11 Case, the Prepetition Funding Agreement Modifications, the Estate, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions (including the exercise of any common law or contractual rights of setoff or recoupment at any time on or prior to the Effective Date) between the Debtor, on the one hand, and the Reorganized Debtor, any LTL Corporate Party, or any Representative of the Debtor, the Reorganized Debtor, or any LTL Corporate Party, on the other hand, the restructuring of any Claim or Interest before or during the Chapter 11 Case, the Disclosure Statement, the Plan, and related agreements, instruments, and other documents, and the negotiation, formulation, preparation, or implementation of, the solicitation of votes with respect to, the Plan, or any other related act or omission.  Notwithstanding the**

foregoing, claims or causes of action against the Reorganized Debtor, any LTL Corporate Party, or any Representative of the Debtor, the Reorganized Debtor, or any LTL Corporate Party arising out of or relating to any act or omission of such Person prior to the Effective Date that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted a criminal act, actual fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this Section 11.3.1. For the avoidance of doubt, nothing contained in this Section 11.3.1 shall release or otherwise affect the obligations of any Person to be performed from and after the Effective Date under the Funding Agreement, the Support Agreement, the Cash Contributions Parent Guarantee, or any other Plan Document to which it is a party. The Reorganized Debtor, and any other entity that continues the Debtor's business after the Effective Date, shall be bound, to the same extent the Debtor and the Estate are bound, by the releases set forth in this Section 11.3.1.

11.3.2    Releases by Holders of Claims. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the service of the Released Parties before and during the Chapter 11 Case to facilitate the implementation of the Talc Personal Injury Trust, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, by the Releasing Claim Holders from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, causes of action, liens, remedies, losses, contributions, indemnities, costs, liabilities, fees (including attorneys' fees), and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtor or the Estate (including any Recovery Actions), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the holder of any Claim or Interest or other Person, based on, arising out of, or in any way relating to, in whole or in part, the Debtor (as it existed prior to or after the Petition Date), the 2021 Corporate Restructuring, the 2021 Chapter 11 Case, the Prepetition Funding Agreement Modifications, the Estate, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions (including the exercise of any common law or contractual rights of setoff or recoupment at any time on or prior to the Effective Date) between the Debtor, on the one hand, and any other Released Party, on the other hand, the restructuring of any Claim or Interest before or during the Chapter 11 Case, the Disclosure Statement, the Plan, and related agreements, instruments, and other documents, and the negotiation, formulation, preparation, or implementation thereof, the solicitation of votes with respect to the Plan, or any other related act or

NAI-1531696967

omission.  Notwithstanding the foregoing, claims or causes of action against a Released Party arising out of or relating to any act or omission of such Released Party prior to the Effective Date that is determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted a criminal act, actual fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this <u>Section 11.3.2</u>.  For the avoidance of doubt, nothing contained in this <u>Section 11.3.2</u> shall release or otherwise affect the obligations of any Person to be performed from and after the Effective Date under the Funding Agreement, the Support Agreement, or the Cash Contributions Parent Guarantee or any other Plan Document to which it is a party.

       11.3.3       <u>Injunction Related to Releases</u>.  The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively, or otherwise, of any claims, commitments, obligations, suits, judgments, damages, demands, debts, causes of action, and liabilities released pursuant to this <u>Section 11.3</u>.

       11.4.1       <u>Channeling Injunction.</u>

       (a)       To preserve and promote the settlements contemplated by and provided for in the Plan and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court and the District Court under sections 524(g) and 105(a) of the Bankruptcy Code, notwithstanding anything to the contrary contained in the Plan, (i) the sole recourse of any holder of a Talc Personal Injury Claim against a Protected Party (on account of such Talc Personal Injury Claim) shall be to and against the Talc Personal Injury Trust pursuant to the Talc Personal Injury Trust Documents and (ii) such holder shall have no right whatsoever at any time to assert its Talc Personal Injury Claim against any Protected Party or any property or interest in property of any Protected Party.  On and after the Effective Date, all holders of Talc Personal Injury Claims shall be permanently and forever stayed, restrained, barred, and enjoined from taking any action for the purpose of, directly or indirectly or derivatively, collecting, recovering, or receiving payment, satisfaction, or recovery of, on, or with respect to any Talc Personal Injury Claim against a Protected Party other than from the Talc Personal Injury Trust pursuant to the Talc Personal Injury Trust Documents, including:

       (i)       commencing, conducting, or continuing in any manner, directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interests in property of any Protected Party;

       (ii)       enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, by any manner or means, whether directly or indirectly, any judgment,

award, decree, or order against any Protected Party or any property or interests in property of any Protected Party;

(iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against any Protected Party or any property or interests in property of any Protected Party;

(iv) asserting, implementing, or effectuating any setoff, recoupment, right of contribution, reimbursement, subrogation, or indemnification, or similar right of any kind, in any manner, directly or indirectly, against any obligation due to any Protected Party or against any property or interests in property of any Protected Party; and

(v) taking any act in any manner, and in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan, the Plan Documents, or the Talc Personal Injury Trust Documents or with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Talc Personal Injury Trust, except in conformity and compliance with the Talc Personal Injury Trust Documents.

(b) Notwithstanding anything to the contrary in <u>Section 11.4.1(a)</u>, this Channeling Injunction shall not impair:

(i) the rights of holders of Talc Personal Injury Claims to assert such Talc Personal Injury Claims solely against the Talc Personal Injury Trust in accordance with the Talc Personal Injury Trust Documents;

(ii) the rights of holders of Talc Personal Injury Claims to assert such claims against anyone other than a Protected Party;

(iii) the rights of all Persons to assert any Claim, debt, obligation, cause of action, or liability for payment of Talc Personal Injury Trust Expenses solely against the Talc Personal Injury Trust; or

(iv) the Talc Personal Injury Trust from enforcing its rights explicitly provided to it under the Plan and the Talc Personal Injury Trust Documents, including the Imerys/Cyrus Related Rights.

(c) There shall be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) Nothing in the Plan or the Talc Personal Injury Trust Agreement shall be construed in any way to limit the scope, enforceability, or

-4-

effectiveness of the Channeling Injunction issued in connection with the Plan or the Talc Personal Injury Trust's assumption of all liability with respect to Talc Personal Injury Claims.

(e)  The Debtor's compliance with the formal requirements of Bankruptcy Rule 3016(c) shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

(f)  Any Protected Party may enforce the Channeling Injunction as a defense to any Claim brought against such Protected Party that is enjoined under the Plan as to such Protected Party and may seek to enforce such injunction in a court of competent jurisdiction.

(g)  If a non-Settling Talc Insurance Company asserts that it has Contribution Claims against a Settling Talc Insurance Company, (i) such Contribution Claims may be asserted as a defense or counterclaim against the Talc Personal Injury Trust in any Talc Insurance Action involving such non-Settling Talc Insurance Company, and the Talc Personal Injury Trust (acting through the Reorganized Debtor, as its agent and subrogee having the exclusive right to pursue and resolve any Talc Insurance Action, pursuant to the Cooperation Agreement) may assert the legal or equitable rights (if any) of the Settling Talc Insurance Company, and (ii) to the extent such Contribution Claims are determined to be valid, the liability (if any) of such non-Settling Talc Insurance Company to the Talc Personal Injury Trust shall be reduced by the amount of such Contribution Claims.

**11.5.1** <u>Exculpation of Certain Parties</u>.  **None of the Exculpated Parties shall have or incur any liability to any Person for any act or omission taken or to be taken, whether before, on, or after the Petition Date through and including the Effective Date in connection with, arising out of, or in any way relating to: (a) the 2021 Corporate Restructuring, the 2021 Chapter 11 Case, the Prepetition Funding Agreement Modifications, or the Chapter 11 Case; (b) the negotiation, formulation, and preparation of the Plan and the other Plan Documents, and any of the terms and/or settlements and compromises reflected in the Plan and the other Plan Documents, and the releases and Injunctions contained in the Plan; (c) the pursuit of Confirmation of the Plan; (d) the administration, consummation, and implementation of the Plan or the property to be distributed under the Plan or the Trust Distribution Procedures; or (e) the management or operation of the Debtor (except for any liability that results primarily from such Person's criminal acts, actual fraud, willful misconduct, or gross negligence as determined by a Final Order).  In all respects, each and all of such Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Case, the Plan, the Plan Documents, and the administration of each of them.**