| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1] <br><br>　　　　　　　　　　　Debtor. | Chapter 11 <br><br>Case No.: 23-12825 (MBK) <br><br>Honorable Michael B. Kaplan |

## ORDER (I) AUTHORIZING AN ESTIMATION OF CURRENT TALC CLAIMS FOR VOTING PURPOSES, (II) APPOINTING KENNETH R. FEINBERG AS EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706, AND (III) ESTABLISHING PROCEDURES AND SCHEDULE FOR ESTIMATION PROCEEDINGS

The relief set forth on the following pages is **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br>*Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

This matter, having come before the Court upon the Motion[2] of the Official Committee of Talc Claimants (the "TCC"), pursuant to sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a) (I) authorizing the estimation of current talc claims for voting purposes, (II) appointing Kenneth R. Feinberg as a court-appointed expert pursuant to Federal Rule of Evidence 706 ("FRE 706") in connection such estimation process, and (III) establishing procedures and schedule for estimation proceedings; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is granted to the extent set forth herein.

2. The Court will hold a hearing under sections 105(a) and 502(c) of the Bankruptcy Code to estimate the value of current talc claims for voting purposes in the manner and for the purposes set forth in the Motion (the "Estimation Hearing").

3. Kenneth R. Feinberg, Esq., whose address is The Law Offices of Kenneth R. Feinberg PC, The Willard Office Building, 1455 Pennsylvania Avenue, N.W., Suite 390,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Washington, D.C.20004-1008, is hereby appointed by the Court as an expert pursuant to Rule 706 (the "Court-Appointed Expert") in accordance with the terms of this Order. The Court-Appointed Expert shall estimate the Debtor's aggregate talc liability for current and future claims and average claims values for certain categories of talc claims for voting purposes, whether arising in the United States or Canada. The following terms and guidelines shall apply to the Court-Appointed Expert in the preparation and submission of his Rule 706 Report:

    a.    The Court-Appointed Expert may, in his discretion, participate in confidential meetings with any interested party. All parties, including the mediators, may have confidential *ex parte* communications with the Court-Appointed Expert. Except as otherwise specifically provided herein, the content of any confidential communications shall not be disclosed to any other party, shall not be subject to discovery in this case or any other proceeding, and shall not be memorialized in a written record or transcript. All parties may submit written submissions to the Court-Appointed Expert for his consideration, which submissions may contain facts or data that the parties believe the Court-Appointed Expert should consider. To the extent appropriate, the parties may designate information, facts, or data in the submissions as "confidential" under the Protective Order. Prior to the issuance of the Rule 706 Report, and upon the request of one or more Participating Parties, the Court-Appointed Expert may, in his discretion, disclose the facts or data underlying written submissions to other parties, subject to the terms of the Protective Order. After the Rule 706 Report is provided to the Participating Parties pursuant to Paragraph 4.f. below, any written submissions provided to the Court-Appointed Expert shall be made available to all Participating Parties and shall be disclosed to the extent relied upon or considered by the Court-Appointed Expert.

    b.    The Court-Appointed Expert may, in his discretion, participate in confidential meetings with any interested party pursuant. The Court-Appointed Expert may, in his discretion, request informal and formal discovery from the interested parties relevant to the Court-Appointed Expert's analysis of the value and values of talc claims.

    c.    Once the Rule 706 Report is provided to the Participating Parties pursuant to Paragraph 4.f. below, the Rule 706 Report may be offered into evidence at any hearing in this Case, including, without limitation, any hearing contemplated in Paragraph 4.j. below, only as provided by the Federal Rules of Evidence. Notwithstanding the Court's appointment of the Court-Appointed Expert or any professional he may retain, the right of any party to object to the admissibility of all or any of the Court-Appointed Expert's opinions, conclusions or findings set forth in the Rule 706 Report at any

    hearing contemplated in Paragraph 4.j. below are preserved in all respects, as are the rights of any party to oppose such objections.

  d. Subject to the applicable rules of discovery, Rule 706(b) and any applicable orders of the Court, subsequent to the unsealing of the Rule 706 Report, all Participating Parties shall retain the right to take any discovery in connection with the Rule 706 Report, including, without limitation, obtaining the facts or data considered by the Court-Appointed Expert in forming the opinions containing in such Rule 706 Report, to cross-examine the Court-Appointed Expert, and otherwise evaluate his conclusions as part of any hearings to consider confirmation of one or more plans under section 1129 of the Bankruptcy Code or in any other contested proceeding relating to or in any way relying on or making use of the Rule 706 Report or any conclusions, findings or statements contained therein.  As contemplated by Rule 706(e), nothing contained herein shall limit any party's right to use and rely upon their own experts.

  e. The Court-Appointed Expert is authorized to retain such professionals as may be appropriate to complete the Rule 706 Report, subject to the provision of a budget to be filed with the Court.  Any professional to be retained by the Court-Appointed Expert must file an affidavit (the "__Affidavit__") that discloses any and all connections to potential parties in interest ("__PPI__") in this case and confirmation that a conflict search of all PPI was performed.  The Court will have no input into the professionals selected by the Court-Appointed Expert; however, the Court will allow all parties seven days after the filing of the Affidavit to file objections for the Court's consideration.

  f. Pursuant to Rule 706(c), the Court-Appointed Expert and his professionals shall receive reasonable compensation as set by the Court and consistent with the declarations filed by the Court-Appointed Expert and Affidavits of his professionals to be filed with the Court.

  g. The Court has not directed and will not direct the Court-Appointed Expert as to the scope of information, evidence, or data he should consider or the professionals he should retain; nor will the Court discuss such matters with the Court-Appointed Expert until the issuance of the Rule 706 Report. Notwithstanding, the Court may have confidential *ex parte* communications with the Court-Appointed Expert on non-substantive matters.

4. The following deadlines and procedures shall govern the estimation proceeding:

  **a.** **Within 7 days after entry of this Order, any party in interest that wishes to submit evidence in connection with the estimation hearing shall file a Notice of Estimation Participating Party, in the form attached to the Motion as Exhibit C.  The TCC, the FCR, the Debtor, J&J, and each party that timely files the Notice of**

      **Estimation Participating Party shall be a Participating Party.  Any party in interest other than the TCC, the FCR, the Debtor, and J&J that fails to timely file a Notice of Estimation Participating Party within such time period shall be barred from submitting evidence in connection with the estimation hearing, provided, however, that nothing in this Order shall limit or restrict the rights of any party in interest to defend or respond to discovery requests, including, without limitation, defending or objecting to the taking of depositions and responding to subpoenas, all of which are expressly reserved.**

b.      **Any party that timely files a Notice of Estimation Participating Party shall be deemed to have assented to and shall be bound by the *Order Governing Confidential Information by and between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(B)* (Dkt. No. 545) (the "<u>Protective Order</u>").  Each party in interest that files a Notice of Estimation Participating Party shall include a statement indicating that such party has reviewed the Protective Order and agrees to comply with it in all respects.**

c.      **Within 10 days after entry of this Order, the Debtor and J&J shall produce to the other Participating Parties (i) information in their possession sufficient to show all amounts paid to settle or otherwise satisfy talc claims and (ii) all information produced to the Court-Appointed Expert.  The Debtor and J&J shall promptly supplement this production to the extent that they obtain, receive, or provide any new information responsive to Paragraphs 4(c)(i) and 4(c)(ii) above.**

d.      **Within 90 days after the entry of this Order, all fact discovery, including all fact depositions, shall be completed.  No party may serve fact discovery on the Court-Appointed Expert.**

e.      **Within 120 days after the entry of this Order, each Participating Party may serve on all other Participating Parties its expert reports, along with all documents considered or relied upon by the experts authoring those reports.**

f.      **Within 130 days after the entry of this Order, the Court-Appointed Expert shall serve on all other Participating Parties his expert report, along with all documents considered or relied upon by the expert(s) authoring that report.  This report shall offer an opinion as to (i) the aggregate volume and value of all current and future talc claims asserted against the Debtor and J&J that will be satisfied by any trust formed pursuant to LTL's proposed plan and (ii) an average claim value to be used to weigh claims for voting**

        **purposes to the following categories of talc claims: Mesothelioma Claims, Ovarian Claims, Gynecological Cancer Claims, Governmental Talc Claims, Canadian Claims, Third Party Payor Talc Claims, and Talc Supplier Claims. The Court-Appointed Expert's opinion and/or estimates shall have no binding or preclusive effect and shall not be used for any purpose other than to weigh the values assigned to votes on LTL's plan.**

g.     **Within 140 days after the entry of this Order, each Participating Party may serve on all other Participating Parties its rebuttal expert reports, along with all documents considered or relied upon by the experts authoring those reports (to the extent not previously produced).**

h.     **Within 160 days after the entry of this Order, all expert discovery, including all expert depositions, shall be completed.**

i.     **Within 180 days after the entry of this Order, each Participating Party shall file its proposed estimation order, trial brief, motions in limine (if any), and motions to preclude expert testimony (if any). No dispositive motions shall be permitted. As part of its trial brief, each Participating Party shall propose an average claim value to be used to weigh claims for voting purposes to the following categories of talc claims: Mesothelioma Claims, Ovarian Claims, Gynecological Cancer Claims, Governmental Talc Claims, Canadian Claims, Third Party Payor Talc Claims, and Talc Supplier Claims. This claim value shall have no binding or preclusive effect and shall not be used for any purpose other than to weigh the value assigned to votes on LTL's plan.**

j.     **The estimation hearing will commence on a date to be set by the Court.**

k.     **No party may solicit votes on any plan of reorganization until the Court issues its ruling on the weight to be accorded to the categories of talc claims for voting purposes.**

5.     The deadlines set forth above may be modified by an order of the Court upon a showing of good cause or, except as to the date on which the Estimation Hearing will commence, by agreement of the Participating Parties.

6.     Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including, without limitation, under

sections 1123, 1125 and 1129, or the Bankruptcy Rules, including, without limitation, Rules 9014 and 9019, or any other applicable law, including, without limitation, any state public disclosure laws.  All rights of parties in interest in connection with seeking approval of, or objecting to, a plan of reorganization or a settlement under the Bankruptcy Code or Bankruptcy Rules are preserved.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.