## **EXHIBIT A**

**PROPOSED ORDER**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br>*Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br><br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

**ORDER (I) ESTABLISHING A DEADLINE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE PROPOSED MODEL CLAIM FORM FOR PERSONAL INJURY TALC CLAIMS AND RELATED PROCEDURS, AND (III) DIRECTING THE DEBTOR TO PROVIDE ADEQUATE NOTICE OF THE DEADLINE FOR FILING PROOFS OF CLAIM TO ALL TALC CLAIMANTS**

This matter, having come before the Court upon the Motion[2] of the Official Committee of Talc Claimants (the "TCC"), pursuant to sections 105(a) and 501 of the Bankruptcy Code and Bankruptcy Rules 3001(a) and 3003(c)(3), (I) establishing a deadline for filing proofs of claim against the Debtor, (II) approving the proposed model proof of claim form for personal injury talc claims and related procedures for filing PI Talc Claims, and (III) directing the Debtor provide adequate notice of the deadline for filing proofs of claim to all Talc Claimants; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having held a hearing on the Motion; the Court having reviewed the proposed PI Talc Claim Form attached to the Motion and determined that it conforms substantially to the appropriate Official Form; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

2

appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. In accordance with Bankruptcy Rule 3003(c)(3), a deadline for filing proofs of claim against the Debtor shall be established in this case. This deadline shall apply to all talc claims, including claims involving personal injury and wrongful death and claims based on subrogation rights and indemnification. Such deadline shall be no earlier than one hundred and fifty (150) days following the approval and commencement of the Debtor's notice program for providing notice of the deadline for filing proofs of claim. The exact deadline for filing proofs of claim against the Debtor shall be established by a separate order of this Court when the Debtor's notice program is approved.

2. The PI Talc Claim Form is hereby approved.

3. To implement the use of the PI Talc Claim Form, the Court hereby approves the following procedures:

    (a) Epiq Corporate Restructuring (the "<u>Claims Agent</u>"), or any other claims agent retained by the Debtor, will modify the website maintained for the Debtor's chapter 11 cases located at https://dm.epiq11.com/case/ltl/dockets so that (a) the PI Talc Claim Form is publicly accessible and (b) the webpage associated with the link entitled "<u>File a Claim</u>" (the "<u>Electronic Filing System</u>") is modified so that potential talc claimants that choose to file a proof of claim form before any deadline to file talc claims against the Debtor is established are directed to, and can, complete the PI Talc Claim Form.

    (b) Any individual talc claimant that has already filed a proof of claim with the Claims Agent against the Debtor utilizing a claim form that substantially conforms to Official Form No. 410 is not required to file another proof of claim, or an amended proof of claim, using the PI Talc Claim Form.

    (c) Any individual talc claimant that chooses to do so may file a proof of claim using Official Form 410 or the PI Talc Claim Form; *provided*, *however*, that

        the Electronic Filing System shall default to the PI Talc Claim Form for any party who identifies himself or herself as holding an individual talc claim involving personal injury or wrongful death.

    (d)    PI Talc Claim Forms shall be maintained by the Claims Agent as confidential documents and shall not be made available to the general public unless the claimant consents in writing; *provided*, *however*, that PI Talc Claim Forms shall be made available to the TCC, the Debtor, the Future Claimants Representative, and their respective professionals who agree to keep the information provided in the PI Talc Claim Forms confidential.

4. Within thirty (30) from the date of this Order, the Debtor shall file a Motion and propose a notice program to provide appropriate notice of the deadline for filings proofs of claim to all known and unknown claimants. Such program shall be tailored to the unique facts and circumstances of the Debtor's case and shall be consistent with the terms of this Order. Parties in interest shall be entitled to an opportunity object to the Debtor's notice program. The Debtor may not seek to shorten notice on its Motion seeking approval of its notice program.

5. Any holder of a claim against the Debtor, include a talc claim, who is required to file a proof of claim against the Debtor but fails to do so on or before the applicable bar date shall not be treated as a creditor with respect to such claim for purposes of voting or distribution. The Debtor may not into any agreements or arrangements that would eliminate this requirement or permit any law firms to file a single proof of claim for all of their clients or a group of clients.

6. The TCC, the Debtors, and Claims Agent are each authorized and directed to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.