MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson
and Certain Mesothelioma Plaintiffs*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| LTL MANAGEMENT LLC, | ) | |
| | ) | Case No: 23-12825-MBK |
| Debtor. | ) | |
| | ) | **Hearing Date: August 2, 2023** |

### MRHFM'S PLAINTIFFS' MOTION TO DISQUALIFY
### RANDI S. ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS

"An FCR must be able to act in accordance with a duty of independence from the debtor and other parties in interest in the bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective advocate for the best interests of the future claimants." *In re Imerys Talc America, Inc.*, 38 F.4th 361, 374 (3d Cir. 2022).

This case must be dismissed. If it is not, while the appeal is pending, MRHFM urges the Court to remove Randi S. Ellis as the FCR. Below is a photograph taken of Ms. Ellis (without her counsel present) on the evening of June 28th, with Mikal Watts (AHC

member), James Onder (AHC member), and James Murdica (Johnson & Johnson's outside negotiation counsel) at Ruth's Chris Steak House in Princeton, New Jersey. All three men represent clients with interests adverse to Ms. Ellis' constituency, and all testified earlier that day in support of J&J's embarrassing bankruptcy scam.

The photograph cannot be considered in a vacuum. The Court appointed Ms. Ellis (Dkt. 551) over the objections of the United States Trustee (Dkt. 321), the TCC (Dkts. 311 & 436), Paul Crouch (Dkt. 318) and MRHFM (Dkts. 320 & 438). That order is on appeal to the District Court. *See* Dkt. 608. Ms. Ellis is aware of the parties' opposition to her appointment; she filed declarations in response (*see* Dkts. 354 & 415) and was in court on May 3rd when these matters were heard.

Appearances matter, especially with all the above in mind. Therefore, this image reveals the appearance of impropriety, at best. At worst, it shows—*again*—Ms. Ellis' inability to satisfy her fiduciary duties to operate independent from J&J and to protect future victims against the Company's obvious assault on their Constitutional rights and state law remedies. Johnson & Johnson wants to deprive thousands of future victims of the ***right to choose for themselves*** what to do when diagnosed with a talc caused cancer, and the Company thinks it can pull it off with the FCR's approval.

Ms. Ellis was in court on June 28th when Mr. Murdica testified as much (Tr. 6/28/23, 130-31):

Q    And that's one of the -- that's the -- a prime advantage
of being here as opposed to in the tort system?

A    It's the only way to completely settle talc in our current
system until Congress amends 1407.

Q    And you would agree that that type of settlement removes
from a person who gets diagnosed three or five years from now
the ability to vote on whether that's what they want and the
ability to choose the tort system over a settlement?

A    No.  I disagree, because one of the things about the
bankruptcy system is it allows for the appointment of a
fiduciary, which is Randi Ellis in this case, to guard the
rights of those claimants.

Q    Does the futures claimant have the right to vote on a
plan?

A    Yes.

Q    Okay.

A    Via the FCR.  That's how it works.

-----------

Q    A person that gets sick three years from now, we don't
know who that is, right?  We have no idea who that's going to
be --

A    I mean --

Q    -- with mesothelioma, correct?

A    Today?  No, we don't.

Q    Yeah.  That's right.  That person's not identifiable to
anybody in this room, is she?

A    That's part of the -- right.

Q    Right?

A    Right.

Q    And that person, if that person gets to -- the benefit to
J&J of this entire bankruptcy is that it can capture that
person's case without that person's consent, correct?

A    I think it's a benefit to the claimant, Mr. Thompson.

3

Despite hearing this, and being aware of the wide-spread objections to her appointment, Ms. Ellis dined out with J&J's chief negotiator and two AHC members at a posh restaurant, just hours after each took the stand:



There were already serious concerns regarding Ms. Ellis' interactions with J&J and Mr. Murdica during the clandestine planning of *LTL2*. This picture of Ms. Ellis—who conspicuously took no position regarding the fraudulent and contrived "cancellation" of the 2021 Funding Agreement—validates MRHFM's plaintiffs' objections and shows their concerns about potential collusion are not unfounded.

Admittedly, there is no case on point involving the disqualification of an FCR to avoid the appearance of impropriety. But never has a $450 billion ***non***-debtor tortfeasor (with its own independent non-derivative liability) forced its stooge to file a second

petition two hours after its first one was dismissed under Third Circuit mandate, and after having secretly garnered the FCR's support *before* doing so. This Court should be guided by general principles aimed at preventing the appearance of impropriety, and the cases involving perceived conflicts of interest between lawyers, clients and judges are instructive.[12]

This Motion is sure to draw the ire of Ms. Ellis' lawyers, who have previously argued MRHFM was being "venomous" or "inflammatory" for challenging the FCR's positions or opposing her fee applications. It's not personal. Ms. Ellis may well be as wonderful as her counsel said she is on May 3rd. But she's breached her duty to future plaintiffs. Dining out with the half-trillionaire tortfeasor's lawyer—as that tortfeasor is

---

[1] In cases involving conflicts of interest: "New Jersey state and federal courts have consistently held that the appearance of impropriety doctrine is not intended to prevent any actual conflicts, but rather to 'bolster the public['s] confidence in the integrity of the legal profession.'" *In re Cendant Corp. Sec. Litig.,* 124 F. Supp. 2d 235, 245 (D.N.J. 2000) (citing *State v. Loyal,* 164 N.J. 418, 753 A.2d 1073 (2000) (citations omitted); *Essex Chemical Corp. v. Hartford Accident and Indemnity Co.,* 993 F.Supp. 241, 253 (D.N.J.1998)). The determination is "highly fact-intensive; it does not occur in a vacuum." *Loyal,* 753 A.2d at 1080 (citing *In re Opinion No. 415,* 81 N.J. 318, 325, 407 A.2d 1197 (1979)).

[2] In cases involving judicial recusals: the relevant inquiry is whether a "reasonable observer" considering the "totality of the circumstances" would believe that the court was acting "based upon bias, prejudice, or any other improper motive." *Butt v. United Bhd. of Carpenters & Joiners of Am.,* 999 F.3d 882, 891 (3d Cir. 2021). "To promote public confidence in the integrity of the judicial process," recusal under Section 455(a) "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Grant v. Slattery,* No. CV 22-00941 (FLW), 2023 WL 1770850, at *1 (D.N.J. Jan. 30, 2023). A party seeking recusal "need not show actual bias on the part of the court, only the possibility of bias." *Selkridge v. United of Omaha Life Ins. Co.,* 360 F.3d 155, 167 (3d Cir. 2004) (quoting *In re Prudential Ins. Co. of America Sales Practices Litigation,* 148 F.3d 283, 343 (3d Cir. 1998)).

attempting to capture future victims and cram down current ones—is too much to stomach.

MRHFM represents fourteen mesothelioma victims diagnosed *after* the FCR filed her legally unsupported "Statement" on July 15, 2022. These plaintiffs—all poisoned by J&J's talc and "future claimants" at the time Ms. Ellis espoused these views—reject Ms. Ellis's positions and stand on their Constitutional rights.

Before the Court is a significant appearance of impropriety and collusion. How can victims of J&J's asbestos-tainted products have faith that the FCR is acting independently of the tortfeasor and not being influenced by fraternizing with its lawyer during a critical moment in the case? They cannot.

Sincerely:

**MAUNE RAICHLE HARTLEY
FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY
FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhfmlaw.com