**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*



**Order Filed on July 12, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date and Time:**<br>July 11, 2023 at 10:00 a.m. |

**ORDER AUTHORIZING THE RETENTION
AND COMPENSATION OF PROFESSIONALS UTILIZED
BY THE DEBTOR IN THE ORDINARY COURSE OF BUSINESS**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 12, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

This matter coming before the Court on the *Debtor's Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rules 2014 and 6004(h); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the OCP Procedures provide all parties with sufficient notice and opportunity to object to all OCP Declarations, Retention Questionnaires and Final Statements (as such terms are defined herein) and (f) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is **GRANTED**.

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1535870282

Case 23-12825-MBK    Doc 839-5    Filed 06/20/23    Entered 06/20/23 15:37:00    Desc
Proposed Order    Page 3 of 10

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

2. The Debtor is authorized to retain, employ and pay the Ordinary Course Professionals in the ordinary course of business, effective as of the applicable Retention Date, on the terms set forth herein.

3. The Debtor is hereby permitted to pay each Ordinary Course Professional, including those identified on the OCP List attached to the Motion as Exhibit A, without prior application to the Court, subject to the following OCP Procedures:

(a) Each Ordinary Course Professional shall provide the Debtor with: (i) a declaration (an "OCP Declaration") substantially in the form attached to the Motion as Exhibit B, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter or matters on which such Ordinary Course Professional is to be employed; and (ii) a completed retention questionnaire (the "Retention Questionnaire"), substantially in the form attached to the Motion as Exhibit C, which, among other things, will detail the type and scope of services to be provided and the compensation to be paid for such services. The OCP Declaration and Retention Questionnaire shall be provided to the Debtor at the following addresses: (i) LTL Management LLC, 501 George Street, New Brunswick, New Jersey 08933 (Attn: John K. Kim, Esq., JKim8@its.jnj.com); (ii) Jones Day, 2727 North Harwood Street, Dallas, Texas 75201 (Attn: Dan B. Prieto, Esq., dbprieto@jonesday.com, Amanda Rush, Esq., asrush@jonesday.com and Melina N. Bales, Esq., mbales@jonesday.com); and (iii) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue New York, New York 10110 (Attn: James N. Lawlor, Esq., jlawlor@wmd-law.com).

(b) Each Ordinary Course Professional shall periodically update its OCP Declaration to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

NAI-1535870282

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

(c) Counsel to the Debtor shall promptly file any OCP Declaration and Retention Questionnaire that they receive with the Court and shall serve such OCP Declaration and Retention Questionnaire on: (i)  the Committee; (ii) counsel to the Future Claimants' Representative; (iii) the U.S. Trustee, One Newark Center, Suite 2100, Newark, New Jersey  07102 (Attn:  Jeffrey M. Sponder, Esq., jeffrey.m.sponder@usdoj.gov; and Lauren Bielskie, Esq., lauren.bielskie@usdoj.gov); and (iv) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (each, a "Notice Party" and, collectively with the Debtor and its counsel, the "Notice Parties").

(d) The Notice Parties shall have 14 days after the filing and service of an OCP Declaration and Retention Questionnaire to object to the retention and employment of the applicable Ordinary Course Professional on the terms, and pursuant to the procedures, described herein (the "Objection Deadline").  Any objecting party shall serve its objection upon the Notice Parties and the applicable Ordinary Course Professional on or before the Objection Deadline. If an objection cannot be resolved within 10 days after the Objection Deadline, then the retention, employment or payment of the Ordinary Course Professional that is the subject of the objection shall be scheduled for hearing by the Debtor at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date or on a date otherwise agreed to by the parties.  The Debtor shall not be authorized to retain, employ or pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(e) If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an Ordinary Course Professional, the Debtor shall be authorized to retain and employ that Ordinary Course Professional in accordance with the OCP Procedures, effective as of the Retention Date.

(f) Once an Ordinary Course Professional is retained in accordance with the OCP Procedures above, the Debtor may pay 100% of the fees and expenses incurred by an Ordinary Course Professional (without formal application to the Court by such Ordinary Course

NAI-1535870282

(Page 5)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

      Professional) upon the submission to, and approval by, the Debtor of a monthly invoice, a copy of which shall be promptly provided to the U.S. Trustee, counsel to the Committee and counsel to the Future Claimants' Representative setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month (without prejudice and subject to (i) the Debtor's right to dispute any such invoices in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (as defined below) in accordance with paragraph (j) hereof; provided, however, that (i) all payments of fees to Ordinary Course Professionals shall be subject to the monthly OCP Limit (the "Monthly OCP Fee Limit") and the aggregate OCP Limit (the "Aggregate OCP Fee Limit" and, together with the Monthly OCP Fee Limit, the "OCP Fee Limits"); (ii) if an Ordinary Course Professional is an expert witness it must disclose in its applicable monthly invoices the separate compensation received in its capacity as an expert witness and (iii) an Ordinary Course Professional shall not hire or compensate any expert witness.  For the avoidance of doubt, each Ordinary Course Professional shall submit monthly invoices described herein (including detail regarding the nature of the services rendered and expenses actually incurred during the month) as soon as practicable following each month for which services have been rendered.

(g)      To the extent that the fees sought by any Ordinary Course Professional for a month exceed the Monthly OCP Fee Limit, then such Ordinary Course Professional shall file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees exceeded the Monthly OCP Fee Limit in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the District of New Jersey (the "Local Bankruptcy Rules"), all orders of this Court, and the U.S. Trustee Fee Guidelines (defined below); provided that the Debtor may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly OCP Fee Limit for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the

NAI-1535870282

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

          Court. Each Ordinary Course Professional that is a law firm shall agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines").

(h)    If an Ordinary Course Professional seeks payment of fees in excess of the Aggregate OCP Fee Limit, such Ordinary Course Professional shall (i) be required to (a) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code; and (b) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Fee Guidelines and any and all applicable orders of the Court. The rights of all parties in interest with respect to any such applications are fully preserved.

(i)    At three-month intervals during the pendency of the Chapter 11 Case (each such interval, a "Quarter"), except for the partial Quarter ending on June 30, 2023, the Debtor shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, a statement certifying the Debtor's compliance with the OCP Procedures defined herein and including the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts of fees and expenses incurred by such Ordinary Course Professional and paid by the Debtor during the reported Quarter; (iii) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the reported Quarter; and (iv) a reasonably detailed description of the services rendered by each Ordinary Course Professional during the Quarter. The statement related to the partial Quarter ending on June 30, 2023 shall be filed no later than 30 days after entry of an order governing the relief requested herein.

(j)    On the date that is established in the Chapter 11 Case for professionals to file final fee applications and pursuant to D.N.J.

NAI-1535870282

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

> LBR 2016-4, the Debtor shall file a statement (the "Final Statement") for each of the Ordinary Course Professionals. The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of such Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid postpetition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during such period. The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "Ordinary Course Professional Fee Objection").

(k)   The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Case by having each such Ordinary Course Professional comply with the OCP Procedures.

(l)   Notwithstanding any of the foregoing, the Notice Parties shall have the right to object to the Debtor's retention of any Ordinary Course Professional nunc pro tunc to the applicable Retention Date.

4.   The Monthly OCP Fee Limit is $25,000 and the Aggregate OCP Fee Limit is $187,500 during the pendency of the Chapter 11 Case, each subject to increase by agreement of the Notice Parties or order of the Court.

5.   The entry of this Order is without prejudice to the Debtor's right to request modification of the OCP Fee Limits or other relief.

6.   No Ordinary Course Professional shall be paid any amounts for invoiced fees or expenses until its OCP Declaration and Retention Questionnaire has been properly filed and served and the Objection Deadline has passed without the filing of an objection, or if an

NAI-1535870282

(Page 8)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

objection is timely filed and served, after the parties resolve such objection or the Court enters an order overruling such objection.

7. Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtor as a condition of its retention and compensation as an Ordinary Course Professional.

8. Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee or the Committee from seeking a determination from the Court requiring an Ordinary Course Professional to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code.

9. The Debtor's rights and the right of any party-in-interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or prejudiced in any manner by the terms of this Order.

10. Each attorney Ordinary Course Professional who exceeds the OCP Fee Limits shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines.

11. Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any other appropriate party in interest's right to dispute any claim; or (c) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

12. This Order shall not apply to any professional retained by the Debtor pursuant to any separate order of this Court.

NAI-1535870282

(Page 9)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

13. Notwithstanding any of the foregoing, the Debtor shall separately retain any Ordinary Course Professional that becomes materially involved in the administration of this case, on application to and order of the Court, pursuant to section 327 of the Bankruptcy Code. The rights of all parties in interest with respect to any such application are fully preserved.

14. Trial experts not materially involved in the administration of the Chapter 11 Case: (a) are not included within the definition of Ordinary Course Professionals used herein and in the Motion; and (b) are not subject to the OCP Fee Limits, the OCP Procedures or any other restrictions on Ordinary Course Professionals described herein.

15. As this Order is only procedural in nature, the U.S. Trustee reserves its rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified on the OCP list attached to the Motion as Exhibit A.

16. Pursuant to Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry.

17. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Case 23-12825-MBK    Doc 839-5    Filed 06/20/23    Entered 06/20/23 15:37:00    Desc
Proposed Order    Page 10 of 10

(Page 10)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business

19. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

NAI-1535870282

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-12825-MBK |
| LTL Management LLC | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Jul 12, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 14, 2023:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | Jul 12 2023 20:55:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 14, 2023            Signature:    /s/Gustava Winters