**WALSH PIZZI O'REILLY FALANGA**

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Mark Falk
Direct Dial: (973) 757-1040
mfalk@walsh.law

July 17, 2023

**VIA ECF**
Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
402 East State Street
Courtroom #8
Trenton, N.J. 08608

    Re:   *In re LTL Management LLC*
            Bankr. Case No.: 23-12825-MBK

Dear Judge Kaplan:

    As the Court is aware, this firm is counsel to Randi S. Ellis, in her capacity as the Legal Representative for Future Talc Claimants ("FCR"), in the above-referenced case. We write in opposition to the Motion of Maune Raichle Hartley French & Mudd, LLC ("MauneRaichle") to Disqualify Ms. Ellis as Legal Representative for Future Talc Claimants, filed on July 12, 2023 [D.I. 1022] (the "Motion").

    The Motion is nothing more than a continuation of Mr. Thompson's campaign to smear, threaten and intimidate the FCR and erode the public's confidence in this Court and the integrity of the bankruptcy process. Mr. Thompson has repeatedly and baselessly harassed the FCR and invoked rhetoric that risks eliciting continued threats directed at this Court and the FCR.[1] His behavior has repeatedly crossed the boundaries of advocacy. He has made clear from his words and actions that he is not interested in participating in this bankruptcy process and has no respect for the FCR or this Court's rulings.

    The FCR's responsibility is to represent the interests of ***future talc claimants***. All of the FCR's actions have been, and will continue to be, directed at achieving the best outcome for future talc claimants, whether through support for a bankruptcy plan or otherwise. Mr. Thomson refuses to accept that the FCR, not his law firm, is charged with the responsibility of determining what is in the best interest of the future talc claimants. That responsibility necessarily includes communicating with all constituents, including the TCC, the ad hoc committee, the mediators, Johnson & Johnson and the Debtor, so that the FCR can make an informed decision on what her ultimate position will be in this

---

[1] *See, e.g.*, https://www.reuters.com/legal/government/judge-reports-threats-harassment-over-jj-talc-bankruptcy-2022-09-14/, last visited July 16, 2023 (reporting on threatening and harassing communications previously directed at the Court as a result of overly aggressive rhetoric).

WALSH PIZZI O'REILLY FALANGA LLP  |  ATTORNEYS AT LAW  |  NEWARK  |  NEW YORK  |  PHILADELPHIA

Honorable Michael B. Kaplan, U.S.B.J.
July 17, 2023
Page 2

bankruptcy case. The FCR cannot perform her responsibilities to the Court and the future claimants without this freedom.

Mr. Thompson's outrageous antics appear intended to create sensational headlines by surreptitiously taking pictures of the FCR meeting with representatives of the Debtor, Johnson & Johnson and the ad hoc committee. Thankfully it appears Mr. Thompson has not engaged in gathering pictures of the FCR's meetings with other parties-in-interest in this case such as members of the TCC, including David Molton, Judge Melanie Cyganowski (ret.), Lisa Busch, Eric Goodman, and others. Of course, unsurprisingly, Mr. Thompson is not interested in these meetings because they do not support the false narrative he continues to espouse in an effort to intimidate the FCR and undermine her historic appointment.

Stripping away Mr. Thompson's harassing, sensational and baseless characterizations, MauneRaichle's Motion seeks to conjure an "appearance of impropriety" and, in turn, utilize this fabrication to disqualify the FCR based on the mere fact that the FCR communicated with parties-in-interest outside of the courtroom. As Mr. Thompson concedes, ***zero*** authority exists to support this frivolous position. The FCR, like all other parties in this case, is free to meet in both formal and informal settings. The FCR is neither a judge nor a sequestered juror. Nor is there any "dual representation" of competing interests by the FCR. It is neither remarkable nor surprising that the FCR would meet and have conversations with representatives of the Debtor and other parties-in-interest, with or without her lawyers present. The FCR is, herself, a lawyer. She is free to communicate in her capacity as FCR with any constituents in this case. There is nothing improper about that. Rather, the FCR is singularly focused on representing the interests of future talc claimants as a class. Very simply, the FCR meeting with parties-in-interest to this case does not create any "conflict" or "appearance of impropriety," nor does it remotely justify the FCR's disqualification, and the Motion is devoid of any authority supporting such an outrageous position.

The Motion is frivolous, malicious, unprofessional and consistent with a prior pattern of conduct by Mr. Thompson in this case where filings are made with the apparent intent of seeking to intimidate and control the decisions of the FCR. Mr. Thompson seeks to justify his abhorrent behavior by paying lip service to the clichéd platitude that his actions are not "personal." Those words may be appropriate in a mobster movie, but they have no place in a court document filed by a licensed attorney. Even having to include that disclaimer in a legal document is a tacit acknowledgment of inappropriate behavior. The FCR will not succumb to or be swayed by Mr. Thompson's tactics.

The Court should deny the Motion *sua sponte* without a hearing. Alternatively, MauneRaichle's Motion should be denied, and the Court should consider whether sanctions are appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and/or the Court's inherent power for filing a frivolous, vexatious and malicious motion based on nothing more than underhanded intimidation and harassment tactics and misrepresentations. *See, e.g., In re Schaefer Salt Recovery, Inc.*, 542 F.3d

Honorable Michael B. Kaplan, U.S.B.J.
July 17, 2023
Page 3

90, 101-05 (3d Cir. 2008) (a bankruptcy court has the authority to award sanctions under Rule 11, 28 U.S.C. § 1927 and/or its inherent power); *see also Hawkins v. Harris*, 141 N.J. 207, 221-22 (1995) (the litigation privilege is not "a license to defame"; "[j]udges and lawyers answer to their oaths and are subject to discipline for misconduct in court") (citations omitted).

      We thank the Court for its consideration of this response and ongoing attention to this matter.

      Respectfully submitted,

      *s/Mark Falk*

      Mark Falk