# EXHIBIT A

## Retention Order

**Order Filed on June 26, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS UNDER BANKRUPTCY CODE SECTION 328(a) EFFECTIVE APRIL 14, 2023

The relief set forth on the following pages is **ORDERED**.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**DATED: June 26, 2023**

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

|  |  |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

Upon consideration of the *Application of the Official Committee of Talc Claimants For Retention of Houlihan Lokey Capital, Inc. as Investment Banker Under Bankruptcy Code Section 328(A) Effective as of April 14, 2023* (the "Application") [Dkt. No. 548], pursuant to section 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as investment banker to the Official Committee of Talc Claimants (the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of LTL Management LLC (the "Debtor"), effective as of April 14, 2023; and the Amended Declaration of Saul E. Burian in Support of the Application (the "Burian Declaration") [Dkt. No. 742]; and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Committee having provided adequate and appropriate notice; and after due deliberation and good and sufficient cause appearing therefor , it is hereby ORDERED:

1.      The Application is GRANTED, as set forth herein.

2.      The applicant is authorized to retain the above party in the professional capacity noted.

The professional's address is:          Houlihan Lokey Capital, Inc.
                                        245 Park Avenue, 20th Floor
                                        New York, NY 10167

3.      The compensation provisions of Houlihan Lokey's Engagement Agreement (the "Agreement"), including with respect to the Monthly Fee, as amended herein, Minimum Fee, Deferred Fee, any Discretionary Fee awarded, and expense reimbursement are hereby

approved pursuant to Section 328(a) of the Bankruptcy Code subject to this paragraph and paragraphs 4, 6 and 23 herein.  Houlihan Lokey shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any compensation guidelines or other orders established by the Court subject to this paragraph and paragraph 6 herein. Notwithstanding paragraph 3 of the Agreement, payments can only be made upon the filing of a monthly fee statement, interim fee application or final fee application and will be subject to final approval of the Court.

4.      Notwithstanding anything to the contrary herein, the Court and U.S. Trustee retain all rights to review and object to Houlihan Lokey's monthly, interim and final fee applications (including expense reimbursement and any request for counsel fees) based on the reasonableness standard in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. Notwithstanding anything contained herein or in the Agreement to the contrary, the Court retains its rights to *sua sponte* review and raise objections to Houlihan Lokey's request for payment of the Deferred Fee (as defined in the Agreement) and, as may be applicable, the Discretionary Fee (as defined in the Agreement).

5.      To avoid the potential duplication of services with those services performed by FTI Consulting, Inc. ("FTI") as the proposed financial consulting firm retained by the Committee, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at Houlihan Lokey and FTI shall confer to determine work strategy and tasks, in consultation with the Committee's counsel, the Committee members, and their designated

representatives. Second, Houlihan Lokey and FTI will coordinate responsibility for completing

any applicable task. Third, to the extent any work product related to a task is relevant to the

other's work or advice for the Committee, such work product shall be shared with Houlihan

Lokey or FTI, as applicable, so that both Houlihan Lokey and FTI have the benefit of the other's

relevant analysis and work product.

6.　　The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local

Bankruptcy Rules, the Trustee Guidelines and any other orders and procedures of this Court,

including D.N.J. LBR 2016-1, are hereby modified such that Houlihan Lokey shall provide

reasonably detailed summary time records in 0.5 hour increments, which records shall indicate

total hours incurred by each professional for each day, the individuals who provided the services

and provide a brief description of the nature of the work performed.

7.　　The indemnification, contribution, reimbursement and exculpation provisions set

forth in the Agreement, are approved on a final basis, subject to the following provisions during

the pendency of this case:

> a.　　subject to the provisions of subparagraphs (b) and (c) below and approval
> of the Court, the Debtor is authorized to indemnify, and shall indemnify,
> Houlihan Lokey for any claims arising from, related to, or in connection
> with the services to be provided by Houlihan Lokey as specified in the
> Application, but not for any claim arising from, related to, or in
> connection with Houlihan Lokey's post-petition performance of any other
> services (other than those in connection with the engagement), unless such
> other post-petition services and indemnification therefore are approved by
> this Court; and any other HL Party may seek a further Order; and
>
> b.　　the Debtor shall have no obligation to indemnify Houlihan Lokey, or
> provide contribution or reimbursement to Houlihan Lokey, for any claim
> or expense that is either (i) judicially determined (the determination
> having become final) to have arisen from Houlihan Lokey's fraud, bad
> faith, gross negligence, self-dealing or willful misconduct , (ii) for a
> contractual dispute in which the Debtor alleges the breach of Houlihan
> Lokey's contractual obligations if the Court determines that
> indemnification, contribution or reimbursement would not be permissible

pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtor's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey is not entitled to receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey or any HL Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such HL Party must file an application therefor in this Court, and the Debtor may not pay any such amounts to such HL Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by HL Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's obligation to indemnify the HL Parties.

d.    The provisions of subparagraphs (a) – (c) shall be without prejudice to the right of any HL Party to seek approval from the Court to require indemnification, contribution or reimbursement from the Debtor in accordance with, and subject to the same terms and conditions as apply to Houlihan Lokey pursuant to the Agreement and this Order.  For purposes of this Interim Order, HL Parties shall refer to Houlihan Lokey and its affiliates.

8.    All parties in interest shall retain the right to object to any demand by the HL Parties for indemnification, contribution or reimbursement.

9.    Notwithstanding any provisions in the Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtor pursuant to the Agreement.

10.    Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Agreement, or any ancillary documents thereto shall not apply as to any losses,

claims, damages, or liabilities for which the HL Parties would not be entitled to indemnification under the provisions of this Order.

11.     No fees shall be nonrefundable or earned upon receipt in consideration of Houlihan Lokey's acceptance of the engagement, except by Order of the Court.

12.     Houlihan Lokey is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Agreement and as provided by this Order.

13.     None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

14.     In the event Houlihan Lokey seeks to use any of its affiliates to perform services for the Committee and intends to seek compensation for such services, the Committee shall seek the separate retention of any such affiliates.

15.     Notwithstanding anything in the Application or the Agreement to the contrary, Houlihan Lokey shall, to the extent that Houlihan Lokey uses the services of non-employee independent contractors or subcontractors (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors at the same rate that Houlihan Lokey pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Houlihan Lokey; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

16.     All rights to object to any request for reimbursement of expenses are reserved, including but not limited to any request for the reimbursement of legal fees of outside counsel.

17.     To the extent that there may be any inconsistency between the terms of the

Application, the Certifications, the Agreement, and this Order, the terms of this Order shall

govern.

18.      Notwithstanding anything to the contrary in the Agreement, the Agreement may

not be terminated unless by order of the Court. Any such Order approving termination may be

sought by motion on shortened notice and may be deemed retroactive to the date such motion or

notice of termination is filed with the Court or such earlier date as may be appropriate.

19.      Houlihan Lokey shall not seek reimbursement of any fees or costs, including

attorney fees and costs, arising from the defense of any of Houlihan Lokey's fee applications in

this case.

20.      To the extent the Pre-Petition Balance, as determined by agreement of Houlihan

Lokey and the Debtor or by order of the Court in the event an objection is raised, is not paid by

the Debtor, Houlihan Lokey shall waive any amounts owed in excess of the Allowed Pre-Petition

Fee Claim.

21.      The Committee and Houlihan Lokey are authorized and empowered to take all

actions necessary to implement the relief granted in this Order.

22.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

23.      Section 3 (Fees and Expenses), subsection (i) (Monthly Fees) of the Agreement

shall be modified as follows:

> Houlihan Lokey shall be paid in advance a nonrefundable monthly cash
> fee (each being a "Monthly Fee") of: (i) $400,000 on each of the Effective
> Date and  the first and second monthly anniversary of the Effective Date;
> and (ii) $175,000.00 on each monthly anniversary of the Effective Date
> thereafter. The first payment shall be made upon the approval of this
> Agreement by the Bankruptcy Court and shall be in respect of the period
> as from the Effective Date through the month in which payment is made.
> Thereafter, payment of the Monthly Fee shall be made on every monthly

anniversary of the Effective Date during the term of this Agreement. Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein.

24.    The effective date of retention is April 14, 2023.