**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WOMBLE BOND DICKINSON (US) LLP**
Ericka F. Johnson (NJ #032162007)
Lisa Bittle Tancredi (admitted *pro hac vice*)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Email: ericka.johnson@wbd-us.com
Email: lisa.tancredi@wbd-us.com

*Counsel for Ad Hoc Committee of States*

| | |
|---|---|
| In re: | Case No.: 23-12825 (MBK) |
| LTL MANAGEMENT LLC, | Chapter: 11 |
| Debtor.[1] | Hon. Michael B. Kaplan |

**MOTION TO SEAL THE REDACTED PORTIONS OF PROPOSED FINDINGS OF
FACT AND CONCLUSIONS OF LAW AFTER TRIAL ON MOTIONS TO DISMISS
CHAPTER 11 CASE SUBMITTED BY THE AD HOC COMMITTEE OF
STATES HOLDING CONSUMER PROTECTION CLAIMS**

The Ad Hoc Committee of States Holding Consumer Protection Claims (the "Ad Hoc
Committee") moves (the "Motion to Seal") the Court for entry of an Order Authorizing the Ad
Hoc Committee to file under seal the redacted portions of its Proposed Findings of Fact and
Conclusions of Law After Trial on Motions to Dismiss Chapter 11 Case (the "Proposed Findings")
pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy
Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and
Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George
Street, New Brunswick, New Jersey 08933.

Jersey (the "Local Bankruptcy Rules"). In support of this Motion, the Ad Hoc Committee

represents as follows:

## Jurisdiction and Venue

1.      This Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under

Title 11* of the United States District Court for the District of New Jersey, entered on July 23,

1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding

under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The statutory predicates for the relief requested herein are found in 11 U.S.C. §§

105(a) and 107, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

## Relief Requested

3.      The Ad Hoc Committee seeks entry of an order, substantially in the form of the

proposed order attached hereto as Exhibit A, authorizing the Ad Hoc Committee to file under seal

the redacted portions of the Proposed Findings and directing that the redacted Proposed Findings

under seal remain confidential, and not made available to anyone except for: (a) the Court; (b) the

U.S. Trustee; and (c) pursuant to the terms of the Confidentiality Order (defined below), (i) counsel

for the TCC, (ii) the legal representative for future talc claimants (the "FCR") and her counsel,

(iii)  any party that acknowledges and accepts the terms of the Confidentiality Order, and (iv) such

other parties as the Court may direct.  The confidential information is material that has been

designated by various parties as confidential pursuant to the Confidentiality Order, and the Ad Hoc

Committee files this Motion consistent with the terms therein.

### Basis for Relief Requested

4.    Although the public has a common law "right of access to judicial proceedings and records," the public's right of access "is not absolute," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same).   Accordingly, the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018.

5.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). "[T]he court is required to protect a requesting party and has no discretion to deny the application" if the material sought to be protected satisfies one of the categories identified in section 107(b). *Id.* at 27.   Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from disclosing certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

6.    Bankruptcy Rule 9018 sets forth the procedure for seeking relief under section 107 of the Bankruptcy Code. Under Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

7.      Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.      The Proposed Findings contain references to and excerpts from expert reports and depositions designated as "Confidential Information" as defined in the Confidentiality Order. Pursuant to the Confidentiality Order, the parties must protect Confidential Information from public disclosure through a motion to seal. *See* Confidentiality Order § I [Docket No. 545].

9.      Accordingly, the Ad Hoc Committee respectfully submits that the Proposed Findings falls within the scope of the protections afforded by the Bankruptcy Code and that the relief requested herein should be granted.

## Waiver of Memorandum of Law

10.      The Ad Hoc Committee requests that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3), because the basis which the Ad Hoc relies upon is incorporated herein and the Motion does not raise any novel issues of law.

## No Prior Request

11.      No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

## Notice

12.      Consistent with the *Order Establishing Case Management and Administrative Procedures* [Docket No. 554] (the "Case Management Order"), notice of this Motion has been

4

provided to (a) the U.S. Trustee, (b) the counsel to the TCC, (c) counsel to the Debtor (d) counsel

to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson &

Johnson, (e) the FCR and her counsel, (f) counsel to the Ad Hoc Committee of Supporting Counsel,

and (j) the other parties on the Master Service List established by the Case Management Order. In

light of the nature of the relief requested herein, the Ad Hoc Committee submits that no other or

further notice is required.

WHEREFORE, the Ad Hoc Committee respectfully requests that the Court: (a) enter an

order, substantially in the form submitted herewith, granting the relief requested herein; and

(b) grant such other and further relief to the Ad Hoc Committee as the Court may deem just and

proper.

Dated: July 19, 2023

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Ericka F. Johnson (NJ #032162007)
Lisa Bittle Tancredi (admitted *pro hac vice*)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Email: ericka.johnson@wbd-us.com
Email: lisa.tancredi@wbd-us.com

*Counsel for Ad Hoc Committee of States*