

# U.S. Department of Justice

*Office of the United States Trustee*
*District of New Jersey*

| | |
|---|---|
| One Newark Center<br>Suite 2100<br>Newark, New Jersey  07102 | (973) 645-3014    Telephone<br>(973) 645-5993    Facsimile |

July 21, 2023

*Via ECF/Email*

Honorable Michael B. Kaplan, Chief Judge
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ   08608

     Re:    LTL Management; 23-12825/MBK

Dear Judge Kaplan:

This letter concerns the Certified Plan Solicitation Directive (the "Solicitation Directive") addressed in correspondence sent to Your Honor by the Talc Claimants Committee (*see* letter of July 19, 2023, Dkt. 1066) and the Debtor (*see* letter of July 20, 2023, Dkt. 1085).

On July 11, 2023, the Debtor filed a motion seeking, *inter alia*, approval of plan solicitation procedures (the "Motion").  (Dkt. 1011).   The Motion was noticed to be heard on August 22, 2023, with an objection deadline of August 8, 2023.   At the time of the filing, parties-in-interest were focused on the findings of fact and conclusions of law related to the pending motions to dismiss, which were due on July 19, 2023.

On July 19, 2023, the U.S. Trustee learned that many plaintiffs' firms received an email on July 18, 2023 from LTLVote@epiqglobal.com, with the re line: "LTL Management LLC/Solicitation Notice & Attorney Directive."   The email advised that the firms needed to return the attached Solicitation Directive and a list of clients by August 15, 2023 in order "to ensure that the votes of [their] clients are promptly solicited…"   The Solicitation Directive itself asserted that it was being sent "[i]n accordance with the Solicitation Procedures for the Amended Chapter 11 Plan of Reorganization of LTL Management LLL (Dkt. 912)".   At that point and even now there are no approved Solicitation Procedures.

The Debtor justifies its actions by asserting, *inter alia*, that it served the Solicitation Directive "in precisely the manner it described in the Solicitation Motion."  (Dkt. 1085, p. 2).   That is exactly the problem with the Debtor's actions.   Without Court approval, it has begun the solicitation process and justifies its actions because they are described in a motion to which objections are not due for at least 2 more weeks.

There should be no rush with respect to a process that must protect the due process rights of creditors.   All aspects of the solicitation process must be considered and approved by the Court, with the right of all parties-in-interest to be heard.   There is no reason for Debtor's accelerated

timetable. The Court just received the last filings related to the motions to dismiss and has not yet had time to rule. As the Debtor has admitted, the Amended Plan referenced in the Solicitation Directive will be further revised before the solicitation process starts. All parties, not just the non-creditor members of the Ad Hoc Committee of Supporting Counsel, have the right to be heard on every step of the solicitation process. Further, no aspect of the process should begin before the Debtor's plan is complete.

For these reasons, the U.S. Trustee requests that the Court order the Debtor to take appropriate action to withdraw the Solicitation Directives and allow all parties in interest to be heard on every aspect of the solicitation process.

Respectfully submitted,

*/s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Lauren Bielskie
Linda Richenderfer

cc:

Debtor's counsel
TCC counsel
ECF