**brown**rudnick

DAVID J. MOLTON
direct dial: 212.209.4822
fax: 212.938.2822
dmolton@brownrudnick.com

July 21, 2023

Honorable Michael B. Kaplan
United States Bankruptcy Court for the District of New Jersey
402 East State Street Courtroom #8
Trenton, New Jersey 08608

      **RE:  <u>In re LTL Management LLC, Bankr. Case No. 23-12825 (MBK)</u>**

Dear Chief Judge Kaplan:

      The TCC, the United States Trustee, the Ad Hoc Committee of States, and various law firms have moved to dismiss this bankruptcy on the ground that the Debtor's case was filed in bad faith, which the Third Circuit held is the gateway issue for a debtor to be entitled to any bankruptcy relief.  *In re LTL Mgmt. LLC*, 64 F.4th 84, 102 (3d Cir. 2023).  This case should be dismissed.  There should be no bankruptcy, and there should be no plan.

      The TCC objects to the Debtor's unlawful solicitation and attempt to unilaterally set critical deadlines and then have them approved on a *nunc pro tunc* basis.  The TCC and plaintiffs' firms representing the substantial majority of compensable talc claimants in this case oppose the Debtor's plan, which seeks to release J&J of its independent talc liability.  To get around this plain and simple truth, the Debtor seeks to pay off plaintiffs' firms that represent a substantial number of non-compensable gynecological claims that had never before been compensated in the tort system or by resolution with J&J.

      The Debtor is attempting to orchestrate a sham election and disenfranchise the holders of compensable talc claims.  To illustrate this point clearly, under the Debtor's voting procedures, the vote of a holder of a talc claim for cervical cancer—*i.e.*, a claim that, according to the sworn testimony of Mr. Murdica and Mr. Onder, J&J has **<u>never</u>** paid before and would **<u>never</u>** pay outside of bankruptcy—would be weighted the **<u>same</u>**—*i.e.*, $1.00—as the vote of a holder of an ovarian cancer claim and mesothelioma claim, including the vote of Mr. Anthony Valadez who was awarded $18.8 million this past week by a jury in California.  Hr'g Tr. July 28, 2023 (AM Session), 111:4-20 (J. Murdica); Hr'g Tr. July 28, 2023 (PM Session), 93:5-24 (J. Onder).  **Under the Debtor's math, an $18.8 million verdict = $1.00**.

      The Debtor's improper solicitation, whereby the Debtor is asking firms to view its proposed Disclosure Statement, which has not been approved by this Court and contains materially false and misleading information, has nothing to do with avoiding "delay" or resolving "conflicts."



Honorable Michael B. Kaplan
July 21, 2023
Page 2

Under the Debtor's proposed procedures, law firms can use master ballots. But the Debtor does not want all law firms to use master ballots. Under the Debtor's procedures, only law firms that return a "Certified Plan Solicitation Directive to the Solicitation Agent" on or before August 22, 2023, can use a master ballot. *See* Debtor's Motion to Approve Disclosure Statement and Solicitation Procedures [Dkt. No. 1011] (the "Motion") at ¶¶ 45-46.

And the Certified Plan Solicitation Directive requires each firm to submit a client list prior to the deadline set by the Debtor. *Id.* at ¶ 47.[1] The Debtor's asserts in its letter that "the Firms do not have to respond to the Directive request." But law firms that do not respond prior to the Debtor's deadline could be prejudiced if the Court were to grant the Debtor's Motion on August 22, 2023 and approve the deadlines set by the Debtor *nunc pro tunc*.

Indeed, in *Boy Scouts*, law firms were permitted to elect to use the master ballot solicitation method **after** the Court approved the disclosure statement and solicitation procedures. *See Boy Scouts*, Case No., 20-10343-LSS (Bankr. D. Del.), Dkt. No. 6438 at ¶ 28. The debtors in *Boy Scouts* were not trying to pay the "game of gotcha" that the Debtor is trying to play here.

The Debtor's Motion—which will face objection on many grounds—will not be heard by this Court prior to August 22, 2023. The TCC has requested that the hearing on the Debtor's disclosure statement and solicitation procedures be adjourned to September 19th or 26th. If the TCC's bar date motion and motion for estimation are granted, the Debtor's Motion could be adjourned to a date following the bar date for talc claims, at which time the Debtor would likely have a new plan and disclosure statement on file.

The information obtained from a bar date, the filing of proofs of claim, and an estimation proceeding should be disclosed in the Debtor's disclosure statement, which means that the Court should not entertain the Debtor's Motion until well after any deadline for filing proofs of claim has passed. But if the Court were to go forward with the Debtor's Motion on August 22, 2023, and approve the Debtor's procedures, which are designed to allow supporting law firms to vote unvetted and non-compensable talc claims to further J&J's objectives, the law firms that represent real claimants could be prejudiced.

The Debtor should not be allowed to solicit votes on its plan prior to the approval of a disclosure statement. And the Debtor should not be allowed to establish deadlines and have them approved on a *nunc pro tunc* basis. The TCC is available should the Court have any questions or wish to hear from the parties on this issue.

        Very truly yours,

        **BROWN RUDNICK LLP**

        /s/  David J. Molton
        David J. Molton

---

[1] In the Debtor's notice, it states that the deadline is August 15, 2023, but the proposed procedures state that the deadline is August 22, 2023. Regardless, both dates are prior to the hearing scheduled for August 22, 2023.