

**Clayton Thompson**
**Partner**

150 W. 30th Street, Suite 201   New York, NY 10001
Tel: 800.358.5922   Fax: 314.241.4838

July 21, 2023

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re:   LTL Management LLC, Case No. 23-12825 (MBK)

Dear Chief Judge Kaplan:

MRHFM's plaintiffs' oppose the Debtor's "Solicitation Directive" and join the TCC's (Dkts. 1066 & 1090) and UST's (Dkt. 1089) objections thereto. On May 3rd, this Court stated:

> I am going forward with this case, addressing it the way I would any Chapter 11 proceeding, which means I do not intend to engage in beat-the-clock on either side, on the dismissal motions or on the plan process. It's not going to be a race because, at the end of the day, that's not going to be effective. Tr. 5/3/23, pgs. 121-22.

While MRHFM's plaintiffs asked the Court to dismiss this case at the April 11th hearing, the Court conducted a full evidentiary hearing at the end of June and received extensive post-trial briefing, instead. Therefore, the Court should reject the Debtor's attempt to "beat-the-clock"—counting down with each day—towards dismissal (either by this Court or the Third Circuit) by rushing through a vote on a facially unconfirmable plan.

If this case is not dismissed, the Debtor and its lawyers must be removed as debtors-in-possession and replaced with a trustee. LTL's presumptuousness in issuing a solicitation—on the heels of tearing up an unconditional promise of at least $61 billion—is only the latest example of Johnson & Johnson's obvious control over the Debtor, to the detriment of all plaintiffs with compensable claims.[i]

Sincerely:
**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhfmlaw.com

---

[i] The presumption that a debtor should remain in possession of its estate and in control of its affairs holds only if management "can be depended upon to carry out the fiduciary responsibilities of a trustee." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985); *see also In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 169 (Bankr. S.D.N.Y. 1990) ("a debtor-in-possession must act as a 'fiduciary of his creditors' to 'protect and to conserve property in his possession for the benefit of creditors,' and to refrain [] from acting in a manner which could damage the estate" (*quoting In re Sharon Steel Corp.*, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988), *aff'd*, 871 F.2d 1217 (3d Cir. 1990)).