UNITED STATES BANKRUPTCY COURT
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted pro hac vice)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Case No.: 23-12825 (MBK) |
| LTL MANAGEMENT LLC,[1] | Chapter 11 |
| Debtor. | Subchapter V: ☐ Yes ☒ No |
| | Hearing Date: June 13, 2023 |
| | Judge: Michael B. Kaplan |

## ADJOURNMENT REQUEST

1. I, James N. Lawlor,

   ☒ am the attorney for: LTL Management LLC, the Debtor

   ☐ am self-represented,

   And request an adjournment of the following hearing for the reason set forth below.

   Matter: *Motion for Order (I) Authorizing an Estimation of Current Talc Claims for Voting Purposes, (II) Appointing Kenneth R. Feinberg as Expert Pursuant to Federal Rule of Evidence 706, and (III) Establishing Procedures and Schedule for Estimation Proceedings* [Dkt. No. 1020]; and *Motion for Order (I) Establishing a Deadline for Filing Proofs of Claim, (II) Approving the Proposed Model Claim Form for Personal Injury Talc Claims and Related*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537504061

*Procedures, and (III) Directing the Debtor to Provide Adequate Notice of the Deadline for Filing Proofs of Claim to All Talc Claimants* [Dkt. No. 1021] (together, the "TCC Motions").

Current hearing date and time: August 2, 2023 at 10:00 a.m.

New date requested: August 22, 2023 at 10:00 a.m.

Reason for adjournment: The TCC Motions raise issues that significantly overlap with the relief requested in the Debtor's motion seeking approval of solicitation and voting procedures [Dkt. 1011] (the "Solicitation Procedures Motion"), which is scheduled to be heard on August 22, 2023. To be clear, the Soliciation Procedures Motion requests both approval of solicitation and voting procedures as well as approval of the adequacy of the Debtor's proposed disclosure statement. The TCC Motions implicate issues related to both of those requests.

The Court and the parties should address the overlapping and interrelated issues raised in the Soliciations Procedures Motion and TCC Motions together at the August 22, 2023 hearing. Doing so would permit the Court to address all issues related to the proposed solicitation and voting procedures as well as any issues with respect to the adequacy of the proposed disclosure statement, including any such issues raised by the TCC Motions, in a global and efficient manner.

Further, the TCC Motions raise the very issues the Court expressly indicated it wanted to address at a status conference on August 2, 2023 without motion practice.[2] See June 13, 2023 Hr'g Tr. 145 ("What I want to do is that that August 2nd hearing . . . is to have a discussion on [the estimation and talc claims bar date] issues, **not motion practice**. You all can submit letters and -- on your thoughts about whether or not or how to handle the bar date. We'll try a civil discourse. **We'll see if that works without motion practice**, and ideas on whether or not to continue with the estimation process and how to how to begin -- how to conclude that.") (emphasis added).

Finally, adjourning the TCC Motions will avoid requiring the Court to prepare for a hearing on these signficiant substantive issues at the same time that it is preparing its ruling and opinion on the motions to dismiss.

2.     Consent to adjournment:

☐ I have the consent of all parties.  ☒ I do not have the consent of all parties (explain below):

The Debtor sought but did **not** receive the consent of the Official Committee of Talc Claimants (the "TCC") to the Debtor's requested adjournment. The TCC indicated it would conditionally consent to the adjournment of the TCC Motions to August 22, 2023 if the Debtor would agree to adjourn the Solicitation Procedures Motion, including the request to approve voting and soliciatation procedures, to a date on or after September 19, 2023, and also adjourn the Debtor's bar date motion [Dkt. 842] to the August 22, 2023 hearing.

First, it is the Debtor's view that the Debtor's bar date motion, which seeks a general bar date and not a talc personal injury claims bar date, can proceed on August 2, 2023. If approved, the Debtor's bar date motion would not prejudice or moot the TCC's requests for an estimation or a talc personal injury claims bar date or implicate the overlapping solicitation, voting and disclosure statement issues raised by the Soliciation Procedures Motion and the TCC Motions. Accordingly, there is no need to adjourn the Debtor's bar date motion.

Second, it is the Debtor's view that adjourning the entirety of the relief requested by the Soliciation Procedures Motion to a date on or after September 19, 2023 would illogically divorce the TCC Motions, and the solicitation, voting and disclosure statement issues raised therein, from the Solicitation Procedures Motion and unfairly advance them before the Soliciation Procedures

---

[2] On June 13, 2023, the Court indicated that on August 2, 2023 it would hold a status conference regarding the parties' positions with respect to a talc claimants' bar date and claims estimation process. Given the filing of the TCC Motions, it is the Debtor's view that the parties' positions regarding estimation and a talc claiamants' bar date can be addressed in connection with those motions.

NAI-1537504061

Motion. As set forth above, it is the Debtor's view that the TCC Motions and the Soliciation Procedures Motion should be heard together, in their entirety, at the August 22, 2023 hearing.

I certify under penalty of perjury that the foregoing is true.

Date: _____July 21, 2023_____     /s/ James N. Lawlor_____
                                        Signature

**COURT USE ONLY:**

The request for adjournment is:

☒ Granted         New hearing date: August 22, 2023 at 10:00 am     ☐ Peremptory

☐ Granted over objection(s)    New hearing date: _____    ☐ Peremptory

☐ Denied

**IMPORTANT: If your request is granted, you must notify interested parties who are not electronic filers of the new hearing date.**

NAI-1537504061