## **EXHIBIT A**

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**Order Filed on June 14, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF SIGNAL INTERACTIVE MEDIA, LLC

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 14, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537121548

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Signal Interactive Media, LLC

Upon the Application[2] of LTL Management LLC (the "Debtor" or "LTL Management"), requesting authorization to retain Signal Interactive Media, LLC ("Signal") as a consultant and expert for the Debtor, effective as of April 16, 2023; the Court having considered the Application, the Certification of Shannon R. Wheatman, Ph.D. in Support of Application for Retention of Signal Interactive Media, LLC Effective as of April 16, 2023 (the "Wheatman Certification") and the Supplemental Certification of Shannon R. Wheatman, Ph.D in Support of Application for Retention of Signal Interactive Media, LLC, Effective as of April 16, 2023 (the "Wheatman Supplemental Certification"), it is hereby **ORDERED**:

1. The Application is GRANTED as set forth herein.

2. Except as otherwise provided in this Order, the Debtor is authorized to retain Signal as set forth in the Application and the documents attached thereto, including, but not limited to, the engagement letter attached to the Application as Exhibit B (the "Engagement Letter"). The effective date of the retention is April 16, 2023.

| The professional's address is: | Signal Interactive Media, LLC |
| --- | --- |
| | 1300 Connecticut Ave. NW, |
| | Suite 375 |
| | Washington, DC 20036 |

3. Any additional services proposed to be provided by Signal and not described in the Application and the Engagement Letter shall require further Court approval.

4. Signal shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

5. Signal shall file monthly, interim and final fee requests for allowance of compensation

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

NAI-1537121548

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Signal Interactive Media, LLC

and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court, including any Interim Compensation Order; provided, however, that if Signal seeks to redact its time records to protect any privileges asserted it shall first apply to the Bankruptcy Court for permission to do so under Section 107 of the Bankruptcy Code, with the rights of all parties in interest with respect to any such relief fully preserved. The Debtor shall be solely responsible for paying all amounts due under this retention, subject to Court approval. The rights of any party in interest to object to any such fee request, and the right of Signal to respond to any such objection, are fully preserved.

6. Signal shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Signal to provide services in this matter and shall ensure that any such contract attorneys or independent contracts or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules; and

7. At least ten (10) days before implementing any increases in Signal's rates for professionals in this case, Signal shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. For the avoidance of doubt, no fees earned and payable to Signal shall constitute a "success fee," "bonus" or "fee enhancement" under applicable law.

9. Notwithstanding any contrary provision of the Engagement Letter, the Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Letter among the parties to the Engagement Letter during the pendency of the Chapter 11

NAI-1537121548

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Signal Interactive Media, LLC

Case.

10. Signal shall provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

11. Signal shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Signal's fee applications in the Chapter 11 Case.

12. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

NAI-1537121548