# AFFIDAVIT

**STATE OF NEW JERSEY** )
) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX** )

I, Ian Martin, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1   insertion(s) on the following date(s):

JUL-19-2023;

ADVERTISER: LTL MANAGEMENT LLC;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
19   day of   July     2023

_____
Notary Public



Keith Oechsner
NOTARY PUBLIC
State of New Jersey
ID # 50106528
My Commission Expires
June 10, 2024

# BUSINESS NEWS

# Opioid Victims Object to Review of Purdue Settlement

BY ALEXANDER SAEEDY

Victims of opioid addiction are objecting to the U.S. government's request to send **Purdue Pharma**'s pending bankruptcy plan for review before the Supreme Court, which would delay long-awaited disbursements under a $6 billion settlement for addiction victims and state governments.

Purdue and tens of thousands of addiction victims, state governments and municipalities last year reached a global settlement worth $6 billion over the pharmaceutical company's alleged role in fueling the nation's opioid crisis.

The settlement would help end a yearslong legal battle that led to Purdue's bankruptcy and would shield members of the Sackler family, who own the company, from future opioid-related liabilities.

Earlier in July, the federal government filed an appeal to the Supreme Court to review the $6 billion settlement, suggesting that the legal waivers for the Sacklers may not conform with U.S. law. If the court agrees to hear the case, it could take until the end of 2024 for a decision to be made, and even longer for funds to flow from the settlement.

Victims and state governments, who have sued Purdue over damages caused by its prescription opioid OxyContin, are objecting to the delays, saying they are in need of immediate receipt of the settlement funds promised by Purdue and the Sacklers.

"Any further delay presents a clear and immediate harm to personal injury victims and opioid-affected communities," said lawyers representing a group of more than 60,000 individuals who sued Purdue for damages caused by their prescription drugs, in court papers filed late Monday.

A group of state governments that have sued Purdue also argued that the federal government is putting lives in danger while it focuses on whether the U.S. bankruptcy code allows releases for members of the Sackler family, who haven't filed for bankruptcy themselves.

"Against the dire public health consequences of delay, [the federal government] advances objections that go not so much to Purdue's plan…but to abstract principles of bankruptcy law," representatives of the state governments said in their objection. "Those principles, whatever their importance, should not stand in the way of creditor distributions."

If the Supreme Court decides to review the settlement, its nine justices will determine whether immunity for the Sacklers through Purdue's bankruptcy is legally sound. The federal government argued earlier this month that "the Sackler release is not authorized by the bankruptcy code" and "constitutes an abuse of the bankruptcy system."

Approving the settlement would also "leave in place a road map for wealthy corporations and individuals who are not in financial distress to misuse the bankruptcy system to avoid mass liability," representatives of the Justice Department said.

Whether to allow a shield for members of the Sackler family has been a thorny issue in Purdue's bankruptcy. Judge Robert Drain of the U.S. Bankruptcy Court in White Plains, N.Y., approved a deal in 2021 that included legal releases for them. Later that year, however, a district court judge threw out the proposed settlement, saying that legal releases for the Sacklers weren't permitted by the bankruptcy code.

Purdue appealed that decision, and in May the Second Circuit Court of Appeals reversed the district court's ruling, reinstating the releases.

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### BUSINESS OPPORTUNITIES

**ALLIANCE MORTGAGE FUND**
**8%–9% RETURN**
REAL ESTATE SECURED
FIXED INCOME FUND
SEEKING RIA'S &
ACCREDITED INVESTORS
CALL:
**866-700-0600**
ALLIANCE PORTFOLIO
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AlliancePortfolio.com
RE Broker • CA DRE • 02064955 Broker License ID

### CAREERS

**Finance-Associate**
(New York, NY): Prepare & contribute to investment banking deal pitches, including idea generation, & identify, research, & analyze M&A & financing opportunities. Integrate strategic ideas derived from financial analyses, forecasts, business plans, & research into presentations for various stakeholders. Analyze, structure, & execute investment banking transactions on behalf of corporate clients with a focus on Financial Institutions, including Banks, Specialty Finance (consumer & commercial), FinTech, & Insurance companies. Perform & review pro forma transaction impact analyses for potential & live transactions, including M&A & equity & debt financings. Work with business forecasting & financial models & apply knowledge of investment banking & financial transactions (acquisitions). Req's Master's degr plus 2 yrs exp. The salary range is $125,000 - $225,000 annually, based on various factors such as experience, education, skills, internal & external market data, etc. Please forward your resume to Credit Suisse, P.O. Box D133CSNY, 909 Third Avenue, 15th Floor, New York, NY 10022. No phone calls.

**Principal Consultant**
The Capital Markets Company seeks Principal Consultant in Jersey City, NJ, to be responsible for overall dsgn of appl incl architecting, dsgn'g & dvlpng cost-efficient, scalable cloud environments. Req'mnts: Bachelor's or foreign equiv in CS, Comp Eng'g, IT or rel. field & 5 yrs of progressively responsible exp in job offered or rel. occupation: utilizing digital ops, consulting exp, & app/solution architecting in cloud tech incl Salesforce & AWS for insurance & fin'l srvcs projects; dsgn'g Salesforce integrations w/different systs utilizing Web Srvcs incl REST API or SOAP & middleware incl MuleSoft, Tibco, & Rapidi; utilizing dvlpmnt tech & programming languages incl Apex, Aura, DotNet, & Java Script & Databases incl SQL Server, Oracle, & MySQL; utilizing Project Mgmt exp using Waterfall model, Agile Methodology tools incl JIRA, Zendesk, JAMA tools; & utilizing DevOps tools incl Auto Rabit & Flosum w/help of source controls incl Bitbucket, Bamboo. Telecommuting &/or work from home may be permissible pursuant to company policies. When not telecommuting, must report to work site. Salesforce Platform App Builder cert req'd. Salesforce Platform Dvlpr cert req'd, Salesforce Admin cert req'd. Offered salary is between $158,000-$199,850/yr. 40 hrs/wk. Pls email resume to kelsey.shepard@capco.com & indicate job code VS062623LA.



**SHOW ROOM**
ADVERTISE TODAY

(800) 366-3975
sales.showroom
@wsj.com

For more information visit:
wsj.com/classifieds

© 2023 Dow Jones & Company, Inc.
All Rights Reserved.

### BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
In re:                               Chapter 11
LTL MANAGEMENT LLC,[1]   Case No.: 23-12825 (MBK)
    Debtor.                          Judge: Michael B. Kaplan
                                     Objection Deadline: August 8, 2023
                                     Hearing Date and Time: August 22, 2023 at 10:00 a.m.

**NOTICE OF (I) DEADLINE FOR OBJECTING TO SOLICITATION PROCEDURES MOTION, (II) HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT FOR AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND (III) RELATED MATTERS**

PLEASE TAKE NOTICE THAT on June 26, 2023, LTL Management LLC (the "Debtor") filed the Amended Chapter 11 Plan of Reorganization of LTL Management LLC [Dkt. 912] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2] On July 11, 2023, the Debtor filed:

• the Disclosure Statement for Amended Chapter 11 Plan of Reorganization of LTL Management LLC [Dkt. 1009] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"); and
• the Debtor's Motion for Entry of Order (A) Approving Form and Manner of Notice of Hearing on Disclosure Statement; (B) Approving Disclosure Statement; (C) Establishing Solicitation and Tabulation Procedures; (D) Scheduling a Hearing on Confirmation of Amended Chapter 11 Plan and Approving Form and Manner of Notice Thereof; and (E) Granting Related Relief [Dkt. 1011] (the "Solicitation Procedures Motion").

**PLEASE TAKE FURTHER NOTICE THAT:**
1. The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has scheduled a hearing for **August 22, 2023 at 10:00 a.m. (prevailing Eastern Time)** (the "Disclosure Statement Hearing") to consider whether to approve the Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and whether to approve certain procedures for soliciting and tabulating votes to accept or reject the Plan (the "Solicitation Procedures") attached to the Solicitation Procedures Motion as Exhibit 1.
2. Pursuant to the Solicitation Procedures, only holders of Class 4 Claims (Talc Personal Injury Claims) and holders of Class 6 Interests (Equity Interests of the Debtor) are entitled to receive a ballot for casting a vote on the Plan (a "Ballot"). Holders of Claims in all other Classes under the Plan are deemed to accept the Plan, because they are Unimpaired by the Plan.
3. At the Disclosure Statement Hearing, the Bankruptcy Court will consider all of the relief requested in the Solicitation Procedures Motion, including whether to allow Talc Personal Injury Claims solely for voting purposes in the amount of $1.00 in the aggregate per claimant pursuant to Bankruptcy Rule 3018(a).
4. The Disclosure Statement Hearing will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, at the Bankruptcy Court, located at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Courtroom No. 8, Trenton, New Jersey 08608.
5. The Plan provides a mechanism by which Talc Personal Injury Claims against the Debtor will be channeled to a trust established pursuant to sections 524(g) and 105(a) of the Bankruptcy Code. Upon approval of the Disclosure Statement, the Debtor intends to solicit holders of Talc Personal Injury Claims and Equity Interests of the Debtor for support of the Plan. You should read the Plan and Disclosure Statement carefully for details about how the Plan, if approved, will affect your rights. For the specific terms and conditions of all the releases and injunctions provided for in the Plan, and the precise scope of the Claims and demands to be channeled, please refer to the specific terms of the Plan, which can be obtained as described below.
6. If you would like to object to approval of the Disclosure Statement or any of the other relief sought by the Debtor in the Solicitation Procedures Motion, including approval of the Solicitation Procedures and the allowance of Talc Personal Injury Claims solely for voting purposes in the amount of $1.00 in the aggregate per claimant you may do so by filing your objection no later than **August 8, 2023** (the "Objection Deadline"). Objections, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of U.S. Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"); (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response; and (e) be filed with the Bankruptcy Court 402 East State Street, Trenton, New Jersey 08608 and together with proof of service, and be served so as to be **RECEIVED on or before the Objection Deadline** by:
(a) counsel to the Debtor, (i) Jones Day, 2727 N. Harwood Street, Dallas, TX 75201 (Attn: Gregory M. Gordon, Brad B. Erens, Dan B. Prieto, and Amanda Rush) and (ii) Wollmuth Maher & Deutsch LLP, 90 Washington Valley Road, Bedminster, NJ 079211 (Attn: Paul R. DeFilippo, James N. Lawlor, and Joseph F. Pacelli);
(b) counsel to the TCC, (i) Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn: David J. Molton, Michael S. Winograd, Susan Sieger-Grimm, and Kenneth J. Aulet) and One Financial Center, Boston, Massachusetts 02111 (Attn: Jeffrey L. Jonas, Sunni P. Beville, and Eric R. Goodman) and (ii) Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, New Jersey 07920 (Attn: Daniel M. Stolz, Donald W. Clarke, and Gregory S. Kinoian);
(c) the FCR (i) Randi S. Ellis, LLC, 5757 Indian Circle, Houston, TX 77027 (Attn: Randi S. Ellis) and (ii) counsel to the FCR, Walsh Pizzi O'Reilly Falanga LLP, Three Gateway Center, 100 Mulberry Street, 15th Floor, Newark, New Jersey 07102 (Attn: Mark Falk, Stephen V. Falanga, and Liza M. Walsh);
(d) counsel to the AHC of Supporting Counsel, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kris Hansen) and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 (Attn: Matthew M. Murphy and Matthew Micheli); and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07692-0800 (Attn: Michael D. Sirota); and
(e) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Ste 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder and Lauren Bielskie).
OBJECTIONS NOT TIMELY FILED AND SERVED IN SUCH MANNER MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.
**COPIES OF SOLICITATION PROCEDURES MOTION, DISCLOSURE STATEMENT, AND PLAN**
7. Copies of the Solicitation Procedures Motion (including the Solicitation Procedures and the other exhibits to the proposed order approving the Solicitation Procedures Motion), Disclosure Statement, and Plan are available for review free-of-charge on the website maintained by the Debtor's claims, noticing, balloting and solicitation agent, Epiq Corporate Restructuring, LLC (the "Solicitation Agent"), at https://dm.epiq11.com/case/ltl. Copies of the foregoing are also available upon request by contacting the Solicitation Agent at LTLVote@epiqglobal.com or at (888) 431-4056 (Toll-Free) or + 1 (503) 822-6762 (International). The Disclosure Statement, the Plan, and the Solicitation Procedures Motion are on file with the Clerk of the Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08608, and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours or on the website of the Bankruptcy Court's website by following the directions for accessing the ECF system at https://www.njb.uscourts.gov.
8. The Debtor and any other party in interest may file a response in support of approval of the Disclosure Statement or any of the other relief sought by the Debtor in connection with the Solicitation Procedures Motion on or before **August 18, 2023**.
9. Following approval of the Disclosure Statement by the Bankruptcy Court, holders of Talc Personal Injury Claims and Equity Interests against the Debtor will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.
10. THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE COURT.
Dated: July 11, 2023, **WOLLMUTH MAHER & DEUTSCH LLP**, /s/ Paul R. DeFilippo, Paul R. DeFilippo, Esq., James N. Lawlor, Esq., Joseph F. Pacelli, Esq. (admitted pro hac vice), 500 Fifth Avenue, New York, New York 10110, Telephone: (212) 382-3300, Facsimile: (212) 382-0050, pdefilippo@wmd-law.com, jlawlor@wmd-law.com, jpacelli@wmd-law.com; **JONES DAY**, Gregory M. Gordon, Esq., Brad B. Erens, Esq., Dan B. Prieto, Esq., Amanda Rush, Esq., 2727 N. Harwood Street, Dallas, Texas 75201, Telephone: (214) 220-3939, Facsimile: (214) 969-5100, gmgordon@jonesday.com, bberens@jonesday.com, dbprieto@jonesday.com, asrush@jonesday.com (Admitted pro hac vice), ATTORNEYS FOR DEBTOR

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.
[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Plan.



**THE WALL STREET JOURNAL.**
**THE MARKETPLACE**
ADVERTISE TODAY
**(800) 366-3975**
For more information visit:
**wsj.com/classifieds**

© 2023 Dow Jones & Company, Inc. All Rights Reserved.          DOW JONES

### CLASS ACTION

**LEGAL NOTICE**

**ATTENTION: Current or former insurance agents who contracted with NEW YORK LIFE INSURANCE under a full-time insurance agent contract prior to November 11, 2011 and worked for New York Life in New York State at any time since December 21, 2001 may be entitled to a settlement payment.**

If you contracted with New York Life under a full-time insurance agent contract prior to November 11, 2011 and worked as a TAS Agent or Established Agent for New York Life Insurance in New York State at any time since December 21, 2001, your rights may be affected by a proposed class action settlement in *Gold, et al., vs. New York Life Insurance Co., et al.*, Supreme Court of the State of New York, County of New York, Index No. 653923/2012. If you are a class member in the lawsuit, you are entitled to a settlement payment in exchange for releasing certain claims against New York Life, or you may exclude yourself from or object to the settlement. **If you satisfy the above criteria and you have not received a detailed Class Settlement Notice in the mail, you should provide your mailing information to the Settlement Administrator; please call 1-888-416-2035.** Class members may access the Class Settlement Notice at www.nylifeagentnysettlement.com.

### NOTICE OF SALE

**UCC PUBLIC SALE NOTICE**
Please take notice that Newmark & Company Real Estate, Inc. and/or one of its affiliates ("Newmark"), on behalf of ACM CRE SELLER 2, LLC, a Delaware limited liability company, as successor to ACM CRE Fund 1-L, LP ("Secured Creditor"), offers for sale at a Uniform Commercial Code sale (the "Public Auction") to be held on September 13, 2023 at 2:00 p.m. ET at the offices of Ellis George Cipollone O'Brien Annaguey LLP, located at 152 W. 57th Street, 28th Floor, New York, New York 10019, and via Zoom at https://j.17W24UCC (URL is case sensitive), 100% of the issued and outstanding limited liability company interests (the "Interests") of GRIFFON MONKEY, LLC (the "Mortgage Borrower") delivered by DS 17 WEST 24th STREET HOLDINGS, LLC, a Delaware limited liability company ("Pledgor") to and for the benefit of Secured Creditor, along with such other property of Pledgor related to the Interests (collectively, the "Collateral") more fully described in Section 2 of the Pledge and Security Agreement (the "Pledge Agreement") available for review at https://rimarketplace.com/listing/38890/ upon execution of a confidentiality and non-disclosure agreement.
Mortgage Borrower owns, leases, and/or controls a commercial property located at 17 West 24th Street, New York, New York, 10010 (the "Property").
Secured Creditor made certain loans (the "Loans") pursuant to an Acquisition Loan Agreement dated as of October 4, 2019 by and between Mortgage Borrower and Secured Creditor, as amended by, inter alia, that certain First Amendment to Acquisition Loan, Omnibus Amendment to Loan Documents and Satisfaction of Project Loan dated as of October 4, 2022 by and between Mortgage Borrower and Secured Creditor, that certain Second Amendment to Acquisition Loan Agreement (Conversion to 50FR) dated as of March 28, 2023 by and between Mortgage Borrower and Secured Creditor (collectively, all of the foregoing constitutes the "Loan Agreement") which were secured by, inter alia, the Pledge Agreement, by which Pledgor pledged the Collateral to Secured Creditor, and granted to Secured Creditor a first priority security interest in and to the Collateral.  Secured Creditor is offering the Collateral for sale in connection with the foreclosure of the pledge of such Collateral.  The Property owned by Pledgor is and will remain subject to certain mortgages and other more senior obligations and liabilities of Mortgage Borrower recorded against the Property, which are available for review at https://rimarketplace.com/listing/38890/ upon execution of a confidentiality and non-disclosure agreement.  The sale of the Collateral will be subject to all applicable third party consents and regulatory approvals, if any.
The Collateral is being offered by Secured Creditor as a single lot, "as-is, where-is", with no express or implied warranties, representations, statements or conditions of any kind made by Secured Creditor or any person acting for or on behalf of Secured Creditor, without any recourse whatsoever to Secured Creditor or any other person acting for or on behalf of Secured Creditor, and each bidder must make its own inquiry regarding the Collateral. The winning bidder shall be responsible for the payment of all transfer taxes, stamp duties and similar taxes incurred in connection with the purchase of the Collateral.
Secured Creditor reserves the right to credit bid, reject all bids it deems to have been made by a bidder that is unable to satisfy the requirements imposed by Secured Creditor upon prospective bidders in connection with the sale or to whom in Secured Creditor's sole judgment a sale may not lawfully be made, terminate or adjourn the sale to another time, and to sell the Collateral at a subsequent public or private sale and to impose any other commercially reasonable conditions upon the sale of the Collateral as Secured Creditor may deem proper.  Secured Creditor reserves the right to determine, in its sole discretion, the qualifications of any bidder, including a prospective bidder's ability to close the transaction on the terms and conditions referenced herein and to modify the terms of sale (the "Terms of Sale").  All bids (other than credit bids of Secured Creditor) must be for cash, and the successful bidder must be prepared to deliver immediately available good funds within forty-eight (48) hours after the sale and otherwise comply with the bidding requirements contained in the Terms of Sale. Further information concerning the Collateral, the requirements for obtaining information, the requirements for bidding on the Collateral, and the Terms of Sale can be obtained by contacting Newmark using the contact information below.  Please be advised that additional and/or updated information concerning the Collateral, the requirements for obtaining information and bidding on the Collateral, and the Terms of Sale will be posted to https://rimarketplace.com/listing/38890/, and interested bidders should access this site on a regular basis to access and review the most current information.
The Collateral includes the membership interests in Mortgage Borrower that have not been and will not at the time of sale have been registered for sale under any Federal or State securities or blue sky laws, and such may not be sold or otherwise transferred by a purchaser of any Collateral except in accordance with applicable law. As a result, as more fully described in the Terms of Sale, each prospective bidder will be required to be a "Qualified Bidder" (as determined by Secured Party in its sole and absolute discretion) shall be required, among other things, to affirm that such bidder: (i) will acquire the Collateral for investment purposes, solely for its own account and not with a view to distribution or resale; (ii) is an accredited investor within the meaning of the applicable securities laws; (iii) has sufficient knowledge and experience in financial and business matters so as to be capable of evaluating the merits and risks of investment and has sufficient financial means to afford the risk of investment in the Collateral; and (iv) will not resell or otherwise hypothecate the Collateral without either a valid registration under applicable federal or state laws, including without limitation the Securities Act of 1933 as amended, or an available exemption therefrom.
**Contact Information for Newmark:** Attn: Mr. Brock Cannon, 212-372-2066, brock.cannon@nmrk.com

## AFFIDAVIT OF PUBLICATION
### Re:
### UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY
### LTL MANAGEMENT LLC

I Charlotte Young, of the City of Toronto, in the Province of Ontario, AFFIRM THAT:

1. I am employed by The Globe and Mail Inc. and my current job title is Advertising Service Representative

2. The Globe and Mail is a media organization with its head office in Toronto, Ontario. The Globe and Mail publishes and distributes a print edition newspaper from Monday to Saturday which is simultaneously printed in the cities of Montreal, Toronto, Estevan, Calgary, and Vancouver, and is generally distributed and circulated in the Provinces of Quebec, Ontario, Manitoba, Alberta and British Columbia.

3. The advertisement attached to my affidavit as Exhibit "A" is a true and correct copy and was published in the form attached to my affidavit in print editions of The Globe and Mail newspaper published on the following date(s): July 21st, 2023

_____
Charlotte Young

Affirmed before me at the City of Toronto, in the Province of Ontario on July 25th, 2023

_____
Fatima Brito Wilson,
A Commissioner, etc., Province of Ontario
For The Globe and Mail Newspaper
Expires October 5, 2025.

This is exhibit "A" to the
Affidavit of Charlotte Young, affirmed before me
in the City of Toronto, in the Province of Ontario,
on July 25th/2023

*[signature]*

Fatima Brito Wilson,
a Commissioner, etc., Province of Ontario
For The Globe and Mail Newspaper
Expires October 5, 2025.

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT LLC,[1] Debtor. | Case No.: 23-12825 (MBK) |
| | Judge: Michael B. Kaplan |
| | **Objection Deadline:** August 8, 2023 |
| | **Hearing Date and Time:** August 22, 2023 at 10:00 a.m. |

**NOTICE OF (I) DEADLINE FOR OBJECTING TO SOLICITATION PROCEDURES MOTION, (II) HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT FOR AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND (III) RELATED MATTERS**

**PLEASE TAKE NOTICE THAT** on June 26, 2023, LTL Management LLC (the "Debtor") filed the *Amended Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 912] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2] On July 11, 2023, the Debtor filed:

- the *Disclosure Statement for Amended Chapter 11 Plan of Reorganization of LTL Management LLC* [Dkt. 1009] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"); and
- the *Debtor's Motion for Entry of Order (A) Approving Form and Manner of Notice of Hearing on Disclosure Statement; (B) Approving Disclosure Statement; (C) Establishing Solicitation and Tabulation Procedures; (D) Scheduling a Hearing on Confirmation of Amended Chapter 11 Plan and Approving Form and Manner of Notice Thereof; and (E) Granting Related Relief* [Dkt. 1011] (the "Solicitation Procedures Motion").

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has scheduled a hearing for **August 22, 2023 at 10:00 a.m. (prevailing Eastern Time)** (the "Disclosure Statement Hearing") to consider whether to approve the Disclosure Statement as containing "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and whether to approve certain procedures for soliciting and tabulating votes to accept or reject the Plan (the "Solicitation Procedures") attached to the Solicitation Procedures Motion as Exhibit 1.
2. Pursuant to the Solicitation Procedures, only holders of Class 4 Claims (Talc Personal Injury Claims) and holders of Class 6 Interests (Equity Interests of the Debtor) are entitled to receive a ballot for casting a vote on the Plan (a "Ballot"). Holders of Claims in all other Classes under the Plan are deemed to accept the Plan, because they are Unimpaired by the Plan.
3. At the Disclosure Statement Hearing, the Bankruptcy Court will consider all of the relief sought in the Solicitation Procedures Motion, including whether to allow Talc Personal Injury Claims solely for voting purposes in the amount of $1.00 in the aggregate per claimant pursuant to Bankruptcy Rule 3018(a).
4. The Disclosure Statement Hearing will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, at the Bankruptcy Court, located at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Courtroom No. 8, Trenton, New Jersey 08608.
5. The Plan provides a mechanism by which Talc Personal Injury Claims against the Debtor will be channeled to a trust established pursuant to sections 524(g) and 105(a) of the Bankruptcy Code. Upon approval of the Disclosure Statement, the Debtor intends to solicit holders of Talc Personal Injury Claims and Equity Interests of the Debtor for support of the Plan. You should read the Plan and Disclosure Statement carefully for details about how the Plan, if approved, will affect your rights. For the specific terms and conditions of all the releases and injunctions provided for in the Plan, and the precise scope of the Claims and demands to be channeled, please refer to the specific terms of the Plan, which can be obtained as described below.
6. If you would like to object to approval of the Disclosure Statement or any of the other relief sought by the Debtor in the Solicitation Procedures Motion, including approval of the Solicitation Procedures and the allowance of Talc Personal Injury Claims solely for voting purposes in the amount of $1.00 in the aggregate per claimant you may do so by filing your objection no later than **August 8, 2023** (the "Objection Deadline"). Objections, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of U.S. Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules"); (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response; and (e) be filed with the Bankruptcy Court 402 East State Street, Trenton, New Jersey 08608 and together with proof of service, and be served so as to be **RECEIVED on or before the Objection Deadline** by:
   (a) counsel to the Debtor, (i) Jones Day, 2727 N. Harwood Street, Dallas, TX 75201 (Attn: Gregory M. Gordon, Brad B. Erens, Dan B. Prieto, and Amanda Rush) and (ii) Wollmuth Maher & Deutsch LLP, 90 Washington Valley Road, Bedminster, NJ 079211 (Attn: Paul R. DeFilippo, James N. Lawlor, and Joseph F. Pacelli);
   (b) counsel to the TCC, (i) Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn: David J. Molton, Michael S. Winograd, Susan Sieger-Grimm, and Kenneth J. Aulet) and One Financial Center, Boston, Massachusetts 02111 (Attn: Jeffrey L. Jonas, Sunni P. Beville, and Eric R. Goodman) and (ii) Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, New Jersey 07920 (Attn: Daniel M. Stolz, Donald W. Clarke, and Gregory S. Kinoian);
   (c) the FCR (i) Randi S. Ellis, LLC, 5757 Indian Circle, Houston, TX 77027 (Attn: Randi S. Ellis) and (ii) counsel to the FCR, Walsh Pizzi O'Reilly Falanga LLP, Three Gateway Center, 100 Mulberry Street, 15th Floor, Newark, New Jersey 07102 (Attn: Mark Falk, Stephen V. Falanga, and Liza M. Walsh);
   (d) counsel to the AHC of Supporting Counsel, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kris Hansen) and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 (Attn: Matthew M. Murphy and Matthew Micheli); and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07602-0800 (Attn: Michael D. Sirota); and
   (e) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Ste 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder and Lauren Bielskie).

OBJECTIONS NOT TIMELY FILED AND SERVED IN SUCH MANNER MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.

**COPIES OF SOLICITATION PROCEDURES MOTION, DISCLOSURE STATEMENT, AND PLAN**

7. Copies of the Solicitation Procedures Motion (including the Solicitation Procedures and the other exhibits to the proposed order approving the Solicitation Procedures Motion), Disclosure Statement, and Plan are available for review free-of-charge on the website maintained by the Debtor's claims, noticing, balloting and solicitation agent, Epiq Corporate Restructuring, LLC (the "Solicitation Agent"), at https://dm.epiq11.com/case/ltl. Copies of the foregoing are also available upon request by contacting the Solicitation Agent at LTLVote@epiqglobal.com or at (888) 431-4056 (Toll-Free) or +1 (503) 822-6762 (International). The Disclosure Statement, the Plan, and the Solicitation Procedures Motion are on file with the Clerk of the Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08608, and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours or viewed on the Bankruptcy Court's website by following the directions for accessing the ECF system at https://www.njb.uscourts.gov.
8. The Debtor and any other party in interest may file a response in support of approval of the Disclosure Statement or any of the other relief sought by the Debtor in connection with the Solicitation Procedures Motion on or before **August 18, 2023**.
9. Following approval of the Disclosure Statement by the Bankruptcy Court, holders of Talc Personal Injury Claims and Equity Interests against the Debtor will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.
10. THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE COURT.

Dated: July 11, 2023, **WOLLMUTH MAHER & DEUTSCH LLP**, /s/ Paul R. DeFilippo, Paul R. DeFilippo, Esq., James N. Lawlor, Esq., Joseph F. Pacelli, Esq. (admitted *pro hac vice*), 500 Fifth Avenue, New York, New York 10110, Telephone: (212) 382-3300, Facsimile: (212) 382-0050, pdefilippo@wmd-law.com, jlawlor@wmd-law.com, jpacelli@wmd-law.com; **JONES DAY**, Gregory M. Gordon, Esq., Brad B. Erens, Esq., Dan B. Prieto, Esq., Amanda Rush, Esq., 2727 N. Harwood Street, Dallas, Texas 75201, Telephone: (214) 220-3939, Facsimile: (214) 969-5100, gmgordon@jonesday.com, bberens@jonesday.com, dbprieto@jonesday.com, asrush@jonesday.com (Admitted *pro hac vice*), ATTORNEYS FOR DEBTOR

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.
[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Plan.