**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date and Time:** To Be Decided on the Papers |

**DEBTOR'S OBJECTION TO MRHFM'S PLAINTIFFS' MOTION TO DISQUALIFY RANDI S. ELLIS AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), files this objection (the "Objection") to the *MRHFM's Plaintiffs' Motion to Disqualify Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 1022] (the "Motion") filed by Maune Raichle Hartley French & Mudd, LLC ("MRHFM"). In support of this Objection, the Debtor submits the following:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1537446966

**PRELIMINARY STATEMENT**

MRHFM has again made unsubstantiated and inflammatory allegations in an effort to disqualify Ms. Randi S. Ellis as the legal representative for future claimants (the "FCR") in this chapter 11 case (the "Chapter 11 Case"). The Motion appears to be nothing more than a litigation tactic aimed to harass and intimidate Ms. Ellis, and is in blatant disregard of this Court's prior admonishment of "reckless, offensive, and frankly demeaning rhetoric" that "finds its way into briefs."[2] It provides no valid basis for reconsidering this Court's order appointing Ms. Ellis as the FCR. The sole basis for the Motion is the fact that Ms. Ellis attended a public meeting with representatives of parties in interest in this Chapter 11 Case. Not only was that meeting not inappropriate, it demonstrates that Ms. Ellis is abiding by her fiduciary obligations and acting in accordance with this Court's prior ruling. The Motion should be denied.

**BACKGROUND**

1. On May 15, 2023, the Debtor filed its *Chapter 11 Plan of Reorganization* [Dkt. 525], as amended on June 26, 2023 [Dkt. 912] (the "Plan"), which is supported by counsel to the substantial majority of talc claimants. The Plan provides for the establishment of a trust funded in the amount of $8.9 billion on a net present value basis to fully satisfy all current and future talc claims.[3]

2. On April 10, 2023, the Debtor filed its *Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 87] (the "FCR Motion"), seeking the appointment of Ms. Ellis as the FCR based on her qualifications, her historical

---

[2] See No. 21-30589, Sept. 14, 2022 Hr'g Tr. 140:21-25. The Court went on to instruct that lawyers should "be aware of the impact and the potential incendiary nature of their words." Id. at 141:13-16.

[3] On July 11, 2023, the Debtor filed its disclosure statement for the amended Plan [Dkt. 1009] and is seeking an order approving the disclosure statement and other relief [Dkt. 1011] at a hearing set for August 22, 2023.

knowledge of the Debtor and issues in this Chapter 11 Case, and the support for her appointment in the Debtor's previous bankruptcy case.

3. On April 26, 2023, MRHFM filed its *Opposition to Debtor's Motion to Appoint Randi S. Ellis As Future Talc Claimants' Representative* [Dkt. 320] (the "Objection").[4] In its Objection, MRHFM asserted that Ms. Ellis was "unfit" to serve as the FCR in this Chapter 11 Case because of, among other things, conversations she had with the Debtor and Johnson & Johnson related to the Debtor's previous and current bankruptcy cases. See Obj. 1, 2.

4. On April 28, 2023, the Debtor filed its *Omnibus Reply in Support of Its Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 355] (the "Reply").

5. On May 3, 2023, the Court heard argument on the FCR Motion, including arguments from Mr. Thompson of MRHFM, in support of the Objection.

6. On May 9, 2023, the Court provided its oral ruling approving Ms. Ellis' appointment as the FCR. In so ruling, the Court held that:

> Put simply, the Court finds nothing in the record presented which establishes that Ms. Ellis is unqualified, nor incapable of satisfying all of her fiduciary obligations to protect and advance the interests of all Future Talc Claimants, however ultimately defined. Quite the contrary, Ms. Ellis's training, considerable experience, and nationwide reputation for her work in the mass tort area has gone unchallenged both in the first LTL case, as well as the present. Indeed, she received nearly universal plaudits and praise for taking on the role of the FTCR in the first case. She was the consensus election after a judicially-crafted selection protocol, which offered ample opportunity for discovery and consideration of alternative candidates.

---

[4] Also on April 26, 2023, the Official Committee of Talc Claimants, Paul Crouch, and the United States Trustee for the District of New Jersey filed objections to the FCR Motion [Dkts. 311, 318, 321, respectively].

-3-

See May 9, 2023 Hr'g Tr. 140:7-19.

7. On May 18, 2023, the Court entered the *Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 551].

## ARGUMENT

**I.    The June 28 Meeting Was Entirely Appropriate.**

8. The Third Circuit ruled that the standard for the appointment of a legal representative for future claimants "requires more than disinterestedness. An FCR must be able to act in accordance with a duty of independence from the debtor and other parties in interest in the bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective advocate for the best interests of the future claimants." In re Imerys Talc Am., Inc., 38 F.4th 361, 374 (3d Cir. 2022). As MRHFM previously acknowledged, "[t]he FCR's primary role is to 'participate in the negotiation of the reorganization plan and object to terms that unfairly disadvantage future claims.'" Obj. 6 (quoting Imerys, 38 F.4th at 367).

9. In overruling the Objection and granting the FCR Motion, the Court applied the Imerys standard and made the following findings: (1) "it would be [a] disservice to Ms. Ellis," future talc claimants, the Debtor's estate, and "possibly our judicial system as a whole" to deny her appointment based on unfounded "litigation strategy-driven accusations"; (2) there was "***nothing in the record***" to support the notion that Ms. Ellis was unqualified or incapable of satisfying her role as the FCR, and the evidence was "[q]uite the contrary"; (3) Ms. Ellis' communications with J&J counsel prior to the filing of this chapter 11 case "without meaningfully more, ***c[ould] hardly be viewed as a disabling conflict***"; (4) Ms. Ellis' fiduciary obligations as the FCR in the Debtor's first bankruptcy case "obligated" her to "consider and investigate all options of recovery"; (5) the "willingness to explore and consider options ***lay at the heart of an FCR's fiduciary obligations and can never serve as the basis for***

-4-

NAI-1537446966

*a disabling conflict or give rise to an appearance of impropriety"*; (6) the standards set forth in Imerys *"require that an FCR be free to take differing views* about the proper pathways for protecting" future claimants; and (7) the appearance of impropriety must "have a reasonable basis and must be more than simply a fanciful possibility." May 9, 2023 Hr'g Tr. 140:1-11; 141:2-12; 143:1-4; 144:7-14; 145:9-11 (emphases added). The Court articulated and applied Third Circuit precedent and found that Ms. Ellis' appointment "raise[d] *no specter of impropriety and wholly satisfie[d]* the standards enunciated by the Circuit in Imerys." Id. at 143:8-15; 145:19-22 (emphasis added).

10. Notwithstanding these clear findings, MRHFM asserts that Ms. Ellis must be disqualified based solely on her attendance at a public meeting with members of the Ad Hoc Committee of Supporting Counsel (the "AHC") and counsel to Johnson & Johnson. But the fact that she met with parties in interest, informally or formally, is entirely appropriate given her role and duties as the FCR. Furthermore, as MRHFM acknowledges, the June 28 meeting occurred *after* Mr. Murdica, Mr. Onder and Mr. Watts each had testified in Court. See Mot. 1-2. And, as an attorney herself, MRHFM's implication that Ms. Ellis cannot meet with any parties in interest without her counsel present is flat wrong. Finally, MRHFM ignores that the FCR also has had meetings with law firms representing members of the Official Committee of Talc Claimants (the "TCC") and the TCC's bankruptcy counsel.[5] There is simply no "potential collusion" or "appearance of impropriety." Mot. 4.

---

[5] See July 17, 2023 Letter from Walsh Pizzi O'Reilly Falanga to the Court (representing that the FCR has met with "other parties-in-interest in this case such as members of the TCC, including David Molton, Judge Melanie Cyganowski (ret.), Lisa Busch, Eric Goodman, and others."), Dkt. 1046, 2.

NAI-1537446966

11. In addition, MRHFM fails to cite any authority to support its baseless argument that the June 28 meeting creates an "appearance of impropriety."[6] This Court previously observed that "the appearance of impropriety must be something more than a mere fanciful possibility, it must have a reasonable basis, and the conclusion must be based upon careful analysis of the record." May 9, 2023, Hr'g Tr. 145:13-18 (citing McCarthy v. John T. Henderson, Inc., 246 N.J. Super. 225, App. Div. (1991)). All that MRHFM offers is a picture of the meeting that occurred at a public restaurant. This indisputably is not a "reasonable basis" for a finding of an "appearance of impropriety." Indeed, meeting with parties in interest is not only appropriate under the Third Circuit's standard in Imerys, but this Court has already determined that it aligns with Ms. Ellis' fiduciary duties to future claimants.

## II. The Court Has Already Ruled That Meeting With Parties In Interest Is Not a Basis For Disqualifying the FCR.

12. The law of the case doctrine "limits relitigation of an issue once it has been decided." In re Cont'l Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).[7] Bankruptcy courts adhere to the doctrine, see, e.g., In re Grasso, 537 B.R. 216, 222 (Bankr. E.D. Pa. 2015), including this Court in the Debtor's first bankruptcy case, see In re LTL Mgmt., LLC, 636 B.R. 610, 618 (Bankr. D.N.J. 2022). The doctrine is not "limited to legal conclusions" and "applies equally to factual findings." In re Jamuna Real Estate, LLC, 392 B.R. 149, 169 (Bankr. E.D. Pa. 2008).

---

[6] The cases MRHFM cites in footnotes 1 and 2 of its Motion relate to conflicts of interest that arise in the context of dual representation or judicial recusals. Mot. 5, nn1-2.

[7] The purpose of the doctrine is "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," Casey v. Planned Parenthood of S.E. Pa., 14 F.3d 848, 856 (3d Cir. 1994), and applies unless "the court is convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." Pepper v. United States, 131 S.Ct. 1229, 1251 (2011).

NAI-1537446966

13. It is law of the case that it is not inappropriate for Ms. Ellis to meet with parties in interest in this case. MRHFM previously asserted in its Objection that conversations with the Debtor, members of the AHC, and counsel for Johnson & Johnson are grounds for disqualification. See Obj. 2.[8] The Court rejected that argument, holding that Ms. Ellis' willingness to meet with others is aligned with and in furtherance of her fiduciary obligations as FCR, not in dereliction of them. See May 9, 2023 Hr'g Tr. 144:7-14. Thus, the fact that Ms. Ellis publicly met with parties in interest cannot be a basis for disqualifying her.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion and grant such other and further relief to the Debtor as the Court may deem proper.

---

[8] MRHFM also argues Ms. Ellis should be disqualified because she is willing to negotiate with all parties in interest and seek a consensual resolution to this Chapter 11 Case. Mot. 2. This is the same argument MRHFM made in the Objection that this Court already rejected. See Obj. 2.

-7-

| | |
|---|---|
| Dated: July 26, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP** |
| | |
| | */s/ Paul R. DeFilippo* |
| | Paul R. DeFilippo, Esq. |
| | James N. Lawlor, Esq. |
| | Joseph F. Pacelli, Esq. (Admitted *pro hac vice*) |
| | 500 Fifth Avenue |
| | New York, New York 10110 |
| | Telephone: (212) 382-3300 |
| | Facsimile: (212) 382-0050 |
| | pdefilippo@wmd-law.com |
| | jlawlor@wmd-law.com |
| | jpacelli@wmd-law.com |
| | |
| | **JONES DAY** |
| | Gregory M. Gordon |
| | Brad B. Erens |
| | Dan B. Prieto |
| | Amanda Rush |
| | 2727 N. Harwood Street |
| | Dallas, Texas 75201 |
| | Telephone: (214) 220-3939 |
| | Facsimile: (214) 969-5100 |
| | gmgordon@jonesday.com |
| | bberens@jonesday.com |
| | dbprieto@jonesday.com |
| | asrush@jonesday.com |
| | (Admitted *pro hac vice*) |
| | |
| | *ATTORNEYS FOR DEBTOR* |

NAI-1537446966