

maune • raichle • hartley
french & mudd, llc

**Clayton Thompson**
**Partner**

150 W. 30th Street, Suite 201  New York, NY 10001
Tel: 800.358.5922  Fax: 314.241.4838

August 7, 2023

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

    Re:    <u>LTL Management LLC, Case No. 23-12825 (MBK)</u>

Dear Chief Judge Kaplan:

    MRHFM's plaintiffs submit this letter regarding the dismissal order. MRHFM supports the order proposed by the TCC, except that MRHFM asks the Court to bar any re-filing by LTL Management for three years, not 180 days. If the Court is not disposed to bar re-filing, MRHFM asks the Court to enter in its dismissal order terms that will dissuade Johnson & Johnson from repeatedly abusing the bankruptcy system and mocking its talc victims.

    MRHFM fully supports the continued existence of the TCC until all appeals are exhausted and joins all arguments made in its letter. The TCC is an important bulwark against J&J's army of lawyers, and the TCC represents the best interests of all creditors with valid claims.

    I.    <u>**LTL Management Should Be Barred From Re-Filing For Three Years**</u>

    This Court correctly started and stayed with good faith and dismissed LTL Management's second petition. *See* Mem. Op., 7/28/23 ("Mem. Op."), pgs. 3, 15 (citing *LTL Mgmt., LLC,* 64 F.4th 84, 93 (3d Cir. 2023)), Dkt. 1127. Yet despite being rejected from the "safe harbor" of bankruptcy—*twice*—LTL sees a "major issue" with any dismissal order that "prohibit[s] a refiling anytime within six months." Tr. 8/2/23, 58:2-7. Because Johnson & Johnson is likely already hatching its third bankruptcy scam, this Court should bar LTL from re-filing for three years.

    *A. This Court Found LTL Is Not Financial Distress And Not Entitled To Relief*

    The Court wrote: "[s]imply put, the Debtor does not meet the more exacting gateway requirement implemented by the Circuit…which would allow [it] to take advantage of the

tools available under the Bankruptcy Code to resolve its present and future talc liabilities." Mem. Op., pg. 3. LTL is *not* in financial distress, so it *cannot* obtain a "global resolution" of current and future claims by filing for bankruptcy. *Full stop.*

### B. LTL Won't Be In Financial Distress Within Three Years Absent More Fraud

Based on this Court's findings, LTL *can't* find itself in financial distress in the near term absent fraudulent transfers: the *highest* talc cost estimates the Court found credible were $4.8 billion over the next three years. Mem. Op., pg. 23. "Given LTL's assets…there is no imminent financial distress." *Id.* Even assuming Dr. Charles Mullin's "worst case" scenario for *total* talc liability for all time—$21 billion—LTL "still will not have exhausted the total value of the 2023 Funding Agreement," not to mention LTL's access to other assets and Holdco's forced liquidated value of $22.3 billion, "which, alone, could cover the Debtor's total estimated worst-case scenario…." *Id.*, pg. 24. LTL can satisfy its talc liabilities *forever*—let alone for three years—without facing financial distress.

### C. Johnson & Johnson Will Misrepresent This Court's Opinion To Justify A Re-Filing

Finding sections 1112(b)(1)-(2) could not serve as independent bases to deny dismissal, but hearing the "concerns raised by nearly 58,000 claimants," this Court "urge[d] the parties to build upon the remarkable progress that has been achieved in the past 120 days in reaching a viable global settlement…the parties should—and are strongly encouraged to—continue to pursue a global resolution." Mem. Op., pg. 38. After citing representations made by the AHC about an agreement in principle to resolve talc claims "through a Chapter 11 plan," the Court saw "no reason why this type of settlement cannot be pursued in a context *other than this current bankruptcy case,* such as the pending *Imerys* chapter 11 bankruptcy proceeding in Delaware." *Id.*, pg. 38 (emphasis).

LTL appears ready to contort this Court's definitive dismissal ruling into a justification for a re-filing by misconstruing the Court's language above. J&J's press release on July 28, 2023, says as much:[1]

> vast majority of claimants. As the Bankruptcy Court urged in its decision, we will continue to work with counsel representing about 60,0000 claimants to pursue a resolution of the talc claims. In the event we return to the tort system—where we have prevailed in the overwhelming majority of cases tried—we will vigorously litigate these meritless claims and bring our own actions to address the plaintiffs' bar abuses that engendered this spurious litigation.

There's no "in the event" about it: the tort system isn't optional for J&J and LTL. This Court was *not* inviting a third bankruptcy filing by LTL when it urged the parties to

---

[1] https://www.factsabouttalc.com/_document/johnson-johnson-subsidiary-to-appeal-bankruptcy-court-ruling-that-deprived-talc-claimants-of-an-equitable-and-efficient-resolution?id=00000189-9e50-d3c3-afeb-deffcf4d0000.

continue working on a settlement.[2] This Court already found LTL isn't and won't be in financial distress for the foreseeable future. Therefore, it doesn't matter how many "claimants" support a plan over the next three, six, twelve, or thirty-six months. *No financial distress=no bankruptcy*. The Court should make this plain in the dismissal order by barring re-filing for three years.

It wouldn't be the first time J&J perverted a ruling made in the victims' favor. Below is one example—from the exhibits to the deposition of J&J's litigation chief, Erik Haas—which shows J&J lying about the Circuit's decision in its press release announcing LTL's second filing (*see* MRHFM's Proposed Findings and Conclusions, pgs. 42-43, Dkt. 1068):



### D. This Court Has Authority To Bar Re-Filing And J&J And LTL Deserve It

This Court has authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 420 (2014) (citing 11 U.S.C. § 105(a)). While these powers are not without limitation (*In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004)) the Third Circuit has recognized that barring a re-filing of a bankruptcy petition is within this Court's authority if properly supported by the record. *See In re Ross*, 858 F.3d 779, 785-87 (3d Cir. 2017) (reversing order

---

[2] While still harboring "apprehensions" about talc claims being litigated in the tort system (*id.*, pg. 27), noting the "reduced evidentiary and causation burdens on claimants" and "far more expeditious pace" available through a bankruptcy trust (*id.*, pgs. 27-28), this Court considered whether the "best interests of the creditors" justified keeping this case. *Id.*, pg. 30 (citing 11 U.S.C. 1112(b)(2)). However, it wrote that "binding precedent—relating to this very Debtor" rendered this exception unavailable because there is "[n]o reasonable justification" that validates the Debtor's lack of distress; a "missing requirement" the Circuit could *not* foresee LTL overcoming. *Id.*, pg. 32 (citing *LTL Mgmt.*, 64 F.4th at 110).

3

imposing a refiling bar of indefinite duration and without reasoning describing the court's rationale). While dismissal is typically without prejudice, barring a re-filing is within this Court's general, statutory authority. *See In re Awadallah*, 2023 WL 4628764, *4 (Bankr. E.D. Pa. 2023) ("Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief" (citing *In re Casse,* 198 F.3d 327, 336 (2d Cir. 1999)).

True, entering an order barring re-filing for three years would be unusual.[3] But so is J&J's embarrassing Texas Two Step. A re-filing bar is merited in these unprecedented circumstances. Johnson & Johnson's Worldwide Vice-President of Litigation said it best: "**I'm litigating this case**." Tr. 6/30/23, 148:24-25. J&J really is calling *all* the shots and—despite being worth half-a-trillion dollars and poisoning people to death with its most iconic product for decades—the Company has avoided accountability in state and federal trial courts for nearly two years by bankrupting its stooge in bad faith, *twice*. J&J won't appeal this Court's dismissal order because it knows the Circuit will likely be displeased with LTL's breach and J&J's fraud after the January 30th decision was published. The appeal talk is a stall tactic. Just like the alleged petition for *certiorari* was last time.

## II.    Alternatively, This Court's Dismissal Order Can Deter Future Abuse

If the Court is disinclined to bar re-filing, the Court could include terms in the dismissal order that would effectively prevent continued bankruptcy abuse.

### A. *The Court Should Limit Injunctive Relief If LTL Re-Files To LTL Only*

Johnson & Johnson's objective is to temporarily, preliminarily, and then permanently enjoin claims against itself, a tortfeasor with independent non-derivative asbestos liability. This is a facially *improper* bankruptcy purpose. Ensuring that an injunction of any duration to J&J is off the table if LTL re-files would remove the primary incentive LTL has to continue trying to "overcome the tort system." *See* MRHFM Proposed Findings and Conclusions, "II. LTL Management Filed For An Improper Purpose," Dkt. 1068.

### B. *The Court Should Note That A Re-Filing Is Prima Facie Evidence Of Bad Faith*

This Court found bad faith in LTL's second petition. Including language in the order that LTL's re-filing a third petition within three years would result in a presumption of bad faith could deter J&J from continuing to avoid compensating victims with valid claims.

---

[3] Bankruptcy courts in the Third Circuit have dismissed Chapter 11 petitions with prejudice when they were "filed in bad faith and for no legitimate bankruptcy purpose." *In re JER/Jameson Mezz Borrower II, LLC,* 461 B.R. 293, 297 (Bankr. D. Del. 2011). The prohibition against serial filers has been even more severe, including periods well beyond six months.  *See In re Casse*, 198 F.3d 327, 336–39 (2d Cir.1999) (discussing several cases).

4

### C. A Re-Filing Should Be Referred To The Department Of Justice

The Court should include in the order that if LTL re-files within three years the case will be referred to the United States Department of Justice for an investigation into bankruptcy fraud. *See* 18 U.S.C. §§ 152, 1341, 1519 & 3571. *See* "LTL Won't Be In Financial Distress Within Three Years Absent More Fraud," *supra*.

### D. The Best Way To Protect Talc Victims Is To Ensure Their Access To The Tort System

As this Court noted, Johnson & Johnson is free to continue negotiating through the *Imerys* case. Other options include setting up an opt-in fund of the type established for 9/11 victims. Or to negotiate in the MDL or with groups of mesothelioma plaintiffs whose cases are to be set for trial in Middlesex County. Nothing—other than greed and arrogance—is stopping Johnson & Johnson from compensating talc victims at arm's length in the tort system.

Johnson & Johnson's duty to its shareholders compels it to resolve *valid* claims rather than repeatedly losing at trial. Over several years litigating talc cases, the Company gave away $66 billion in dividends, was found liable for $3 billion in verdicts (total number now lower) and settled almost 7,000 cases for less than $1 billion. *See* MRHFM's Closing Slide #12 below and Proposed Findings and Conclusions, pgs. 6-7, 13-19, & 31, Dkt. 1068.



If this Court's order deters J&J from further bankruptcy abuse, talc victims with *valid* claims will be compensated. If J&J is serious about equitably resolving cases, nothing stops it from doing so in the civil jury system, just as it was doing before October 2021. In Two Steps, the only burden is on the sick people.

Respectfully submitted:
**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhfmlaw.com