

**U.S. Department of Justice**

*Office of the United States Trustee*
*District of New Jersey*

| | | |
|---|---|---|
| One Newark Center | (973) 645-3014 | Telephone |
| Suite 2100 | (973) 645-5993 | Facsimile |
| Newark, New Jersey   07102 | | |

August 7, 2023

*Via ECF/Email*

Honorable Michael B. Kaplan, Chief Judge
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ   08608

     Re:     LTL Management; 23-12825/MBK

Dear Judge Kaplan:

This letter concerns the proposed dismissal order discussed during our August 2, 2023 status conference.   On behalf of the United States Trustee ("U.S. Trustee") we address the following topics.

<b>Fee Allowance Process</b>

Upon information and belief, the Debtor will request that the Court's dismissal order include the same procedures for allowance of fees and expenses (the "Final Fee Procedures") as were set forth in the Order Dismissing LTL 1 (the "First Dismissal Order").   (*See* Case No. 21-30589 (MBK), Dkt. 3938).   In addition, the Debtor will ask that the Final Fee Procedures supersede the *Order Establishing Procedures for the Allowance of Interim Compensation and Reimbursement of Expenses of Retained Professionals* (Dkt. 562) (the "Compensation Order") previously entered in this case.

The U.S. Trustee objects to the implementation of the Debtor's Final Fee Procedures on several grounds and asks that the Compensation Order not be superseded.   First, the relief sought by the Debtor prevents the U.S. Trustee from fulfilling his statutorily assigned duties and responsibilities.   The U.S. Trustee is charged with administrative oversight of the bankruptcy system and pursuant to 28 U.S.C. § 586(a)(3)(A), the U.S. Trustee is specifically directed to review and comment on applications for compensation and reimbursement.   *See In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 842 (3d Cir. 1994).   Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.   *See In re Columbia Gas Systems, Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest.)   The U.S. Trustee has standing to be heard on fee

applications.   *See* 11 U.S.C. § 307.   The Debtor seeks to supplant the U.S. Trustee by becoming the entity that will review and comment on the fee applications.

Second, the Debtor's Final Fee Procedures result in unequal treatment of estate professionals. As disclosed in the retention applications filed in this case by Debtor's professionals, upon entry of the First Dismissal Order the Debtor immediately paid its professionals for all outstanding fee applications in addition to the professionals' estimate for amounts not yet invoiced.   The Debtor's professionals were also provided with an additional fee estimate to cover any work performed during the 2 hour and eleven minute period between entry of the First Dismal Order and the filing of the second case.[1] This is in stark contrast to the experience of the TCC's professionals, one of whom has not yet been paid.

Third, the fee process typical in chapter 11 cases upon entry of a dismissal order protects the transparency of the system and allows for both the U.S. Trustee and the Court to perform their review functions.   Any dispute that arises can be resolved by the Court expeditiously if necessary.

Accordingly, the U.S. Trustee requests that the fee procedures set forth in the Compensation Order remain in place, and the Court set deadlines for the filing of final fee applications and any objections thereto.

### Substantial Contribution Claims

After last week's conference, the Debtor advised it wants the dismissal order to bar the filing of substantial contribution claims.   The Bankruptcy Code expressly provides for the filing of such claims under Section 503(b)(3)(D).   Whether any claim meets the standards set forth in the Bankruptcy Code or other applicable law must be determined by the Court on a case-by-case basis.   The Debtor, in essence, asks this Court to rule on and deny possible substantial contribution motions before they are filed.   This amounts to a unilateral release of the Debtor. The U.S. Trustee reserves all rights to object to the extent any substantial contribution claim is filed.

### Continued Existence of TCC

A chapter 11 committee of unsecured creditors is created when appointed by the United States Trustee pursuant to 11 U.S.C. § 1102.   Courts have held that when the statutory basis of the case is changed, either through conversion or, as in this case, dismissal, the statute under which the committee was created no longer applies and the committee is automatically dissolved. *Off. Comm. of Unsecured Creditors v. Belgravia Paper Co. (In re Great N. Paper, Inc.), 299 B.R. 1, 5 (D. Me. 2003) (quoting Butler v. Butler (In re Butler), 94 B.R. 433, 436 (Bankr. N.D. Tex. 1989)) and Official Com Of Unsecured Creditors v. Constellation Enterprises LLC (In re Constellation), 587 B.R. 275, 284 (D. Dela. 2018) (citing same).*   Numerous courts agree that upon conversion to chapter 7 or dismissal of the case, the chapter 11 committee of unsecured creditors is terminated. *Id.   (citing Creditors' Committee v. Parks Jaggers Aerospace Co. (In re*

---

[1] *See* Retention Applications of Alix Partners (Dkt. 429); Bates White (Dkt. 421); Jones Day (Dkt. 427); King & Spaulding (Dkt. 420); McCarter English (Dkt. 425); Orrick (Dkt. 430); Shook Hardy (Dkt, 419); Skadden Arps (Dkt. 424); Weil Gotshal (Dkt. 428); and Wollmuth (Dkt. 423).

*Parks Jaggers Aerospace Co.), 129 B.R. 265, 268 (M.D. Fla.1991) ("the committee permanently dissolves when the Chapter 11 proceeding is dismissed or converted to a Chapter 7 action."); In re Freedlander, Inc. The Mortgage People, 103 B.R. 752, 758 (Bankr.E.D.Va.1989) ("conversion to Chapter 7, and the ensuing termination of the Chapter 11 Order For Relief, results in the dissolution of any committee appointed under 11 U.S.C. § 1102..."); In re Kel–Wood Timber Products Co., 88 B.R. 93, 94 (Bankr.E.D.Va.1988) (same)).*

A creditors' committee is an artificial entity created by statute, and it can exist only under the express law by which it was created. Here, there is no statutory authority providing for the continued ability of the TCC to exist intact. Nevertheless, in LTL 1, the Court, through the First Dismissal Order, provided for the TCC's limited and task-specific continued existence should an appeal proceed to the United States Supreme Court. The U.S. Trustee recognizes the Court's prior ruling on this topic.

Respectfully submitted,

*/s/ Lauren Bielskie*
Jeffrey M. Sponder
Lauren Bielskie
Linda Richenderfer

cc:

Debtor's counsel
TCC counsel
ECF