

August 7, 2023

Kristopher M. Hansen
Direct**:** 212-318-6400
Fax**:** 212-752-3310
krishansen@paulhastings.com

**VIA ECF**

Hon. Michael B. Kaplan
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
District of New Jersey
402 East State Street
Trenton, New Jersey 08608
Chambers_of_MBK@njb.uscourts.gov

Re:    **In re LTL Management LLC, No. 23-12825 (MBK)**

Dear Judge Kaplan:

We represent the Ad Hoc Committee of Supporting Counsel (the "AHC") and write, in response to Your Honor's direction, to address two disputed issues concerning the parties' proposed dismissal order. Specifically, we write to address (i) the Official Committee of Talc Claimants' (the "TCC") improper request for a bar on the Debtor's ability to refile for bankruptcy for a period of 180 days from the date of entry of the order dismissing the Debtor's chapter 11 case (the "Dismissal Date") and (ii) the continued existence of the TCC after the Dismissal Date. *See [Proposed] Order (I) Dismissing Debtor's Chapter Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief*, submitted August 1, 2023 (the "TCC Proposed Order").

### I.    The Court Should Not Preemptively Bar Refiling

In contravention of the Court's July 28, 2023 opinion, ECF No. 1127 (the "MTD Op."), which did not dismiss this chapter 11 case with prejudice, the TCC requests entry of an order that would hereafter prohibit the Debtor, under any and all circumstances, from seeking relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). *See* TCC Proposed Order, ¶ 2. The TCC's request should be denied for the reasons that follow.

The Bankruptcy Code presumes with limited exception that, upon dismissal, debtors will not be prohibited from refiling for relief at some point in the future. *See* 11 U.S.C. § 349(a) ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not … prejudice the debtor with regard to the filing of a subsequent petition under this title."). Section 109(g) stands as the lone express exception to this default rule and prohibits refiling for a period of 180 days

Hon. Michael B. Kaplan
August 7, 2023
Page 2

where, unlike here, "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in the proper prosecution of the case."

A further limited exception has also been construed by certain courts to flow from Section 349(a), though such relief has been limited to "extreme situations" not present here. *See In re Hall,* 304 F.3d 743, 746 (7th Cir. 2002). The Second Circuit considered the interplay between these provisions in *In re Casse*, in which it determined that the bankruptcy case there was appropriately dismissed "with prejudice" pursuant to Section 349(a) where the debtor had "impermissibly employ[ed] the Bankruptcy Code in repeated futile bankruptcy reorganization efforts solely to thwart [a single creditor] from exercising its legitimate contractual and state law foreclosure remedies." 198 F.3d 327, 332 (2d Cir. 1999). The decision and outcome in *Casse* is consistent with those from other courts in this circuit barring subsequent refilings where debtors abused the bankruptcy process for the sole purpose of avoiding foreclosure sales. *See, e.g., In re Stone Fox Capital LLC*, 572 B.R. 582, 590 (Bankr. W.D. Pa. 2017) (dismissing debtor's second chapter 11 case with prejudice where debtor filed for "bankruptcy protection for a second time on the eve of a rescheduled sheriff's sale"); *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr. D. Del. 2011) (dismissing chapter 11 case with prejudice where debtor filed petition "on the eve of foreclosure, solely to obtain the benefit of the automatic stay"); *In re Brown*, No. 04-36506 SR, 2005 WL 2589194, at *4 (Bankr. E.D. Pa. Mar. 31, 2005) (dismissing chapter 11 case with prejudice where individual debtor and predecessors had filed three prior bankruptcies to "thwart the tax sale" of the debtor's property).

Here, the Debtor's petition was filed for precisely the opposite reasons. As this Court has already acknowledged, the Debtor "initiated the instant bankruptcy case" not to improperly *avoid* the outstanding claims against it, but rather to effect "a proposal by law firms representing nearly 60,000 talc claimants for a bankruptcy *resolution*" of the Debtor's mounting talc liability. MTD Op. at 8 (emphasis added). And while the Court ultimately concluded that the Debtor was not currently entitled to such relief for failure to demonstrate imminent financial distress, the Court nonetheless acknowledged the propriety of the Debtor's alleged intentions through reference to its own concerns regarding, among other things, "the problems of extensive tort-claim backlog," the "undeniable surge in the number of new [talc] actions," and the "incontrovertible fact that many plaintiffs are denied any recovery in the tort system altogether." *Id.* at 27. Indeed, consistent with the very purpose of the Debtor's filing here, the Court credited the Debtor's assertion that chapter 11 appears to "provide[] the most practicable mechanism to resolve globally the Debtor's talc liability." *Id.* at 29; *id.* at 28 ("There are two insurmountable hurdles to globally resolving talc litigation in the tort system—latency periods for injuries and unknown future claimants.")

These findings and conclusions are not reflective of "extreme" abuse warranting dismissal with prejudice.[1] Nor do they support the notion that the Debtor should hereafter be *prohibited* -- under

---

[1] *See, e.g., In re Martin–Trigona,* 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983) ("A dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and should only be used in extreme situations."); *see also In re Javarone,* 181 B.R. 151, 156 (Bankr. N.D.N.Y. 1995) (describing dismissal with prejudice as "draconian relief").

Hon. Michael B. Kaplan
August 7, 2023
Page 3

any and all circumstances -- from accessing the bankruptcy system should it be permitted under applicable laws to do so.  Rather, the Court's decision is *consistent* with the AHC's own belief as to the proper purpose of the Debtor's prior filing, as well as with its view that the bankruptcy process provided the Debtor's talc claimants -- both current and future -- with a global path towards fair and equitable resolution that has otherwise proved impossible to achieve in the tort system so far.  MTD Op. at 28 ("Indeed, it has been the near decade of frustration, delay, and widely disparate results in the tort system which prompted certain AHC counsel to seek a consensual resolution with J&J's settlement counsel.")

For these reasons, the TCC's request for a categorical bar on the Debtor's ability to refile should be denied as plainly inconsistent with both the spirit of this Court's ruling, as well as with this Court's own direction that all parties "continue to pursue a global resolution" and "build upon the remarkable progress that has been achieved in the past 120 days in reaching a viable global settlement."  *Id.* at 37-38.

## II.    The TCC Should be Dissolved

The TCC's requested relief in Paragraph 8 of its Proposed Order should also be denied.  There is no statutory support for an official creditors' committee's continued existence following dismissal of a chapter 11 case.  For that reason, courts routinely have found that, once a chapter 11 case is terminated through a dismissal or a conversion to a chapter 7 case, creditors' committees are automatically dissolved. *See In re Constellation Enter. LLC,* 587 B.R. 275, 281-82 (Bankr. D. Del. 2018) (*quoting In re Great Northern Paper, Inc.,* 299 B.R. 1, 5 (D. Me. 2003) ("When the statutory basis of a case is changed, either through dismissal or, as in this case, conversion, 'the statute under which the Committee was created no longer applies and the committee is automatically dissolved.'") (*quoting In re Butler*, 94 B.R. 433, 436 (Bankr. N.D. Tex. 1989)).[2]  So too here. Upon dismissal of this case, the TCC will no longer maintain a statutory basis for its existence, and it therefore should be dissolved.

\*    \*    \*

---

[2] *See In re MS55, Inc., f/k/a/ Mshow.Com, Inc., v. Akamari Tech., Inc.,* Case No. 01-20494-ABC, 2005 WL 5780233 at \*6 (D. Col. Aug. 4, 2005) ("Conversion of a Chapter 11 case to a Chapter 7 case, and ensuing termination of Chapter 11 order for relief, results in dissolution of any committee appointed under 11 U.S.C. § 1102.") (*quoting In re Freedlander, Inc. The Mortgage People,* 103 B.R. 752, 758 (Bankr. E.D. Va. 1989)); *see also In re Parks Jaggers Aerospace Co.,* 129 B.R. 265, 268 (M.D. Fla. 1991) ("[T]he committee permanently dissolves when the Chapter 11 proceeding is dismissed or converted to a Chapter 7 action."); *In re MS55, Inc.,* 2005 WL 5780233 at \*6 ("Conversion of proceedings from Chapter 11 to Chapter 7 has the same effect on a creditors' committee as dismissal of the proceedings.").

Hon. Michael B. Kaplan
August 7, 2023
Page 4

We thank the Court for its attention to this matter, as well as for the Court's time, patience and guidance throughout the course of this case.

Respectfully,

Kristopher M. Hansen

Cc:     All counsel of record