# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • JONESDAY.COM

Direct Number: 2149693759
gmgordon@jonesday.com

August 9, 2023

**VIA ECF**

Honorable Michael B. Kaplan
United States Bankruptcy Court for the District of New Jersey
402 East State Street Courtroom #8
Trenton, New Jersey 08608

    Re:    In re LTL Management LLC, No. 23-12825 (MBK)

Dear Chief Judge Kaplan:

On behalf of LTL Management LLC (the "Debtor"), we provide this short supplement to our August 7, 2023 letter [Dkt. 1174] (the "Debtor Letter") to respond to certain erroneous assertions in the August 7, 2023 letter [Dkt. 1171] (the "TCC Letter") submitted by the Official Committee of Talc Claimants (the "TCC").

**Continued Existence of the TCC**

The TCC argues that the Court has authority under section 105(a) of the Bankruptcy Code to continue the existence of the TCC post-dismissal, over the objection of the Debtor. TCC Letter at 3 (relying on Sable, Makoroff & Gusky, P.C. v. White (In re Lyons Transp. Lines, Inc.), 162 B.R. 460, 461 (Bankr. W.D. Pa. 1994)). But the TCC is wrong because section 105(a) cannot be used to override the express terms of section 103(g) of the Bankruptcy Code.

Section 103(g) of the Bankruptcy Code provides that sections 1102 (formation of unsecured creditors' committees) and 1103 (powers and duties of committees) do not apply except in a chapter 11 case: "Except as provided in section 901 of this title, subchapters I [§§ 1101-1116], II, and III of chapter 11 of this title apply only in a case under such chapter." 11 U.S.C. § 103(g); see also Official Comm. of Unsecured Creditors v. Constellation Enters. LLC (In re Constellation Enters.), 587 B.R. 275, 284 (D. Del. 2018) (concluding that a creditors' committee exists only under statutory framework of Bankruptcy Code because, among other things, ". . . § 103(g) expressly provides that § 1103, and its subsection (c)(5) 'catchall provision,' apply only to a case in chapter 11.").

The Third Circuit has made clear that a court cannot use section 105 to override express provisions of the Bankruptcy Code. In re Ross, 858 F.3d 779, 785 (3d Cir. 2017). As the Third Circuit stated, a court exceeds its general authority pursuant to section 105 if an order "conflict[s] with the 'explicit mandates' and 'express terms'" of the Bankruptcy Code. Id. (quoting Law v. Siegel, 134 S. Ct. 1188, 1196 (2014)). Here, continuation of the TCC's

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Michael B. Kaplan
August 9, 2023
Page 2

existence post-dismissal would do just that—continuation in the absence of a chapter 11 proceeding would conflict with the express terms of section 103(g).  See Constellation, 587 B.R. at 281-82.

The Lyons decision on which the TCC relies provides no support for the TCC's position for two primary reasons.  First, no party objected to the extension of the existence of the committee at the time the bankruptcy court sua sponte raised the issue.[1]  162 B.R. at 464.  Second, the Lyons court did not address section 103(g), or the ability of a court to use section 105(a) to override the specific provisions of section 103(g).

Compounding its error, the TCC, again incorrectly relying on Lyons, asserts that the Court has the authority under section 105(a) to order the Debtor to pay the TCC's fees and expenses post-dismissal.  TCC Letter at 3.  But, effective on dismissal, there will be no estate from which the TCC's professionals can be paid and no estate representative that can be ordered to pay them.  Consistent with section 349 of the Bankruptcy Code, following dismissal, the Debtor will be returned to its pre-bankruptcy condition—the assets of the estate will be revested in LTL Management LLC and there will be no estate over which the Court can continue to exercise jurisdiction.  See 11 U.S.C. § 349(b)(3) (providing that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.").  Lyons is distinguishable for the reasons described above and for the additional reason that it involved a conversion to chapter 7 where, unlike the circumstances here, the debtor's bankruptcy estate continued to exist during the time of the committee's ongoing appointment.[2]

The Debtor acknowledges that the Court may retain limited jurisdiction to resolve, on a post-dismissal basis, pre-dismissal disputes, including pre-dismissal fee disputes.  See Debtor Letter at 4-5.  This is consistent with the findings in Iannini v. Winnecour, 487 B.R. 434, 439 (W.D. Pa. 2012) (court can retain jurisdiction to administer, on a post-dismissal basis, objections related to pre-dismissal fees) and In re Westgate Nursing Homes, Inc., 518 B.R. 250, 256-57 (Bankr. W.D.N.Y. 2014) (same).  But, respectfully, the Court lacks the authority to order a non-debtor entity whose bankruptcy estate no longer exists to pay fees and expenses incurred by a statutorily-created entity that, by its governing statute, has no existence outside of chapter 11.

---

[1] In re SPM Mfg. Corp., 984 F.2d 1305, 1310-18 (1st Cir. 1993), is likewise inapposite because no party there objected to the continued existence of the committee (as noted by the Constellation court).  See Constellation, 587 B.R. at 282-83 ("As the court in Great Northern Paper recognized, the fact that SPM did not address the issue provides no support for the Committee's position: since the court did not rule in SPM on the issue presented here, it is not a precedent favoring either outcome.") (quotes omitted).

[2] The post-confirmation cases cited by the TCC, TCC Letter at 4 n.2, are likewise inapposite given that they "address a committee's role in cases where a plan of reorganization was confirmed—i.e., successful chapter 11 cases, to which chapter 11 provisions continued to apply."  See Constellation, 587 B.R. at 283-84 (holding such cases are "irrelevant to the issue of whether a creditors' committee may continue to exist post-conversion").

JONES DAY

Honorable Michael B. Kaplan
August 9, 2023
Page 3

  Lastly, the TCC attempts to make much of the fact that the Court's prior dismissal order provided for the continuation of the former TCC post-dismissal. But the fact that the Debtor consented to continuation, particularly in circumstances where the provision had no practical effect due to the Debtor's prompt refiling of chapter 11 and notification that it would not further appeal, does not establish that the Court has the authority to order continuation of the TCC or reimbursement of the TCC's fees and expenses absent the Debtor's consent.

  The Debtor respectfully requests that the Court enter the Debtor Proposed Order.

            Respectfully,

            */s/ Gregory M. Gordon*
            Gregory M. Gordon

cc: Counsel of Record (via ECF)