

Robert K. Malone
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4533 Fax: 973-639-6357
rmalone@gibbonslaw.com

August 11, 2023

The Honorable Michael B. Kaplan
Chief U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
  District of New Jersey
402 East State Street
Trenton, New Jersey 08608
chambers_of_mbk@njb.uscourts.gov

      Re:    *In re LTL Management LLC*, Case No. 23-12825 (MBK)

Dear Judge Kaplan:

      As the Court is aware, this firm represents the States of New Mexico and Mississippi in the above-referenced matter. Please accept this letter in lieu of a more formal objection to the "supplemental" letter submitted by Jones Day, counsel to LTL Management LLC ("LTL" or the "Debtor").

      When the parties were last before the Court on August 2, 2023, Your Honor gave very specific directions to all parties regarding the submission of any proposed form of order of dismissal (the "Order"). After counsel for LTL asked to be afforded more time, to which no party voiced an objection, the Court directed that, if a proposed form of Order could not be settled, the parties could submit their own proposed form of Order along with a letter to be no longer that five (5) pages, single spaced, proving authorities—not argument—that support their respective positions as to provisions that should be included in the Order. Additionally, the Court established a deadline of 9:00 p.m. (EDT) on August 7, 2023 for all submissions.

      Notwithstanding the directive of the Court, to which all parties agreed to in open court, the Debtor filed a late submission on August 7, 2023, affording ample time to review the submissions of the other parties and incorporate its "rebuttal," and then two (2) days later, on August 9, 2023, without seeking permission from the Court, filed a "supplemental" letter. The Debtor's counsel had no issue asking for permission to extend the deadline for submissions to the Court, yet it never advised the Court of its desire to file a reply. The Debtor and its counsel flagrantly ignored the established protocol and unilaterally decided that it was somehow their "right" to make a further submission.

      The Court should not condone the Debtor's and its counsel's conduct by considering the supplemental submission made after the deadline established by the Court. Further, putting aside the substance of the arguments set forth in the Debtor's supplemental submission, fundamental

GIBBONS P.C.

August 11, 2023
Page 2

fairness dictates that the supplemental letter should not be made a part of the record in this case. Once the Court enters its Order, it will be appealed, and therefore, the Court should strike the Debtor's supplemental submission from the record in order to bar its inclusion in the record on appeal.

    Respectfully yours,

    */s/ Robert K. Malone*

    Robert K. Malone
    Director

cc: All counsel of record