# **EXHIBIT A**

Retention Order

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(B)<br><br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>(973) 757-1100<br>Proposed Counsel for Randi S. Ellis, Legal<br>Representative for Future Talc Claimants, | Order Filed on June 5, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>LTL Management LLC,<br><br>              Debtor. | Case No.: 23-12825<br>Judge: Michael B. Kaplan<br>Chapter: 11 |

# ORDER AUTHORIZING RETENTION OF

# WALSH PIZZI O'REILLY FALANGA LLP

The relief set forth on the following page is **ORDERED**.

**DATED: June 5, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the applicant's request for authorization to retain WALSH PIZZI O'REILLY FALANGA LLP as Counsel for Randi S. Ellis, FTCR, it is hereby ORDERED:

1. The applicant is authorized to retain the above party in the professional capacity noted.

   The professional's address is:

   Three Gateway Center
   100 Mulberry Street, 15th Floor
   Newark, New Jersey 07102

2. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

3. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

4. The effective date of retention is as of May 9, 2023.

5. WALSH PIZZI O'REILLY FALANGA LLP will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs including attorney fees and costs, arising from the defense of any of WALSH PIZZI O'REILLY FALANGA LLP's fee applications in this case.

6. WALSH PIZZI O'REILLY FALANGA LLP will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

7. WALSH PIZZI O'REILLY FALANGA LLP will use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

8. WALSH PIZZI O'REILLY FALANGA LLP will provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

9. Any and all compensation to be paid to WALSH PIZZI O'REILLY FALANGA LLP for services rendered on the FTCR's behalf shall be fixed by application to this Court in accordance with Sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in this case governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

10. WALSH PIZZI O'REILLY FALANGA LLP shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by WALSH PIZZI O'REILLY FALANGA LLP to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

11. At least ten (10) days before implementing any increases in WALSH PIZZI O'REILLY FALANGA LLP's rates for professionals in this case, WALSH PIZZI O'REILLY FALANGA LLP shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

12. To the extent the Pre-Petition Balance, as determined by agreement of WALSH PIZZI O'REILLY FALANGA LLP and the Debtor or by order of the Court in the event an objection is raised, is not paid in full, WALSH PIZZI O'REILLY FALANGA LLP shall waive any amounts owed in excess of the Allowed Pre-Petition Fee Claim.