## **EXHIBIT B**

Appointment Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on May 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER APPOINTING RANDI S. ELLIS**
**AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

The relief set forth on the following pages is hereby **ORDERED.**

**DATED: May 18, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825 (MBK)
Caption: Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants


       This matter coming before the Court on the *Debtor's Motion for an Order*

*Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Dkt. 87]

(the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor") pursuant to

sections 524(g)(4)(B) and 105(a) of the Bankruptcy Code; the Court having reviewed the

Motion, the objections filed by the Official Committee of Talc Claimants [Dkt. 311], Paul

Crouch [Dkt. 318], Maune Raichle Hartley French & Mudd, LLC [Dkt. 320], and the United

States Trustee [Dkt. 321] (collectively, the "Objections"), the supplemental declaration

[Dkt. 354] and amended supplemental declaration filed by Ms. Ellis [Dkt. 415], the Debtor's

reply in support of the Motion [Dkt. 355] and the responses to Ms. Ellis' amended supplemental

declaration filed by the Official Committee of Talc Claimants [Dkt. 436] and Maune Raichle

Hartley French & Mudd, LLC [Dkt. 438], and having heard the statements of counsel and

considered the evidence presented with respect to the Motion at a hearing before the Court on

May 3, 2023 (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157(b) and 1334 and the Standing Order of Reference, (ii) venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under

the circumstances and (v) the relief requested in the Motion is in the best interests of the Debtor,

its estate and its creditors; and after due deliberation and for the reasons set forth by the Court on

the record during the May 9, 2023 hearing, the Court having overruled the Objections and

---

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825 (MBK)
Caption: Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Pursuant to sections 524(g)(4)(B)(i) and 105(a) of the Bankruptcy Code,

Randi S. Ellis is hereby appointed as the Future Claimants' Representative to represent and

protect the rights of, absent further order of the Court, natural persons or the representatives of

estates of natural persons, including those in Canada or in the United States, that may assert a

demand for payment, present or future, that:  (a) is not a claim during the proceedings prior to the

entry of an order confirming a plan of reorganization (the "Plan"), because such natural person

was diagnosed with disease after such time; and (b) arises out of the same or similar conduct or

events that gave rise to the claims to be addressed by an injunction issued to enjoin entities from

taking legal action for the purpose of directly or indirectly collecting, recovering or receiving

payment or recovery with respect to any claim or demand that, under the Plan, is to be paid in

whole or in part by a trust established pursuant to section 524(g)(2)(B)(i) and/or 105(a) of the

Bankruptcy Code (collectively, the "Future Claimants").  The Future Claimants' Representative

shall represent the interests of, appear and act on behalf of, and be a fiduciary to Future

Claimants to protect the rights and interests of such Future Claimants and shall be entitled to

compensation in connection therewith from the date of the filing of the Motion.  Ms. Ellis will

have no other obligations except those that may be prescribed by orders of the Court and

accepted by Ms. Ellis.

NAI-1536798282

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825 (MBK)
Caption: Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants


3.      The Future Claimants' Representative shall be a party in interest in this

Chapter 11 Case and shall have standing under section 1109(b) of the Bankruptcy Code to be

heard on any issue in this case in the Bankruptcy Court, the District Court or any other court

affecting the rights of Future Claimants.  The Future Claimants' Representative shall have the

powers and duties of a committee set forth in section 1103 of the Bankruptcy Code as are

appropriate for a Future Claimants' Representative.

4.      In her role as the Future Claimants' Representative, Ms. Ellis may employ

attorneys and other professionals consistent with sections 105, 327, and 1103 of the Bankruptcy

Code, subject to prior approval of this Court, and such attorneys and other professionals shall be

subject to the terms of any Interim Compensation Order.

5.      Compensation, including professional fees and reimbursement of actual

and necessary expenses, shall be payable to Ms. Ellis and her professionals from the Debtor's

estate, as appropriate, subject to approval of this Court, and in accordance with the terms,

conditions and procedures set forth in the Interim Compensation Order.  In her role as the Future

Claimants' Representative, Ms. Ellis shall be compensated at the rate of $1,015 per hour, subject

to periodic adjustment (usually on January 1 of each year) in the ordinary course of her business,

plus reimbursement of actual, reasonable and documented out-of-pocket expenses.

6.      The Future Claimants' Representative shall not be liable for any damages,

or have any obligation other than as prescribed by order of the Court; provided, however, that the

Future Claimants' Representative may be liable for damages caused by willful misconduct or

gross negligence.  The Future Claimants' Representative shall not be liable to any person as a

NAI-1536798282

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825 (MBK)
Caption: Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants

result of any action or omission taken or made in good faith.  The Debtor shall indemnify,

defend, and hold harmless Ms. Ellis, her employees and professionals (individually

an "Indemnified Party") from all claims against any of them, and all losses, claims, damages or

liabilities (or actions in respect thereof) to which any of them may become subject, as a result of

or in connection with such party rendering services pursuant to this Order or to the Future

Claimants' Representative, unless and until it is finally judicially determined that such losses,

claims, damages or liabilities were caused by willful misconduct or gross negligence on the part

of such Indemnified Party.  If before the earlier of (i) the entry of an order confirming a plan of

reorganization in this case, and such order having become final and no longer subject to appeal,

and (ii) the entry of an order closing this Chapter 11 Case, an Indemnified Party believes that he,

she or it is entitled to payment of any amount by the Debtor on account of the Debtor's

obligations to indemnify, defend and hold harmless as set forth herein, including, without

limitation, the advancement of defense costs, the Indemnified Party must file an application for

such amounts with the Court, and the Debtor may not pay any such amounts to the Indemnified

Party before the entry of an order by the Court authorizing such payments.  The preceding

sentence is intended to specify the period of time during which the Court has jurisdiction over

the Debtor's obligations to indemnify, defend and hold harmless as set forth herein, and is not a

limitation on the duration of the Debtor's obligation to indemnify any Indemnified Party.  In the

event that a cause of action is asserted against any Indemnified Party arising out of or relating to

the performance of his, her or its duties pursuant to this Order or to the Future Claimants'

Representative, the Indemnified Party shall have the right to choose his, her or its own counsel.

NAI-1536798282

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825 (MBK)
Caption: Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants

For the avoidance of doubt, gross negligence, willful misconduct, bad faith or fraud on the part of one Indemnified Party shall not preclude indemnification for the other Indemnified Parties. Any such indemnification shall be an allowed administrative expense under section 503(b) of the Bankruptcy Code and shall be paid upon application to and approval of this Court.

7.      Ms. Ellis and any Court-approved counsel retained by Ms. Ellis in her role as Future Claimants' Representative shall be deemed members of the "Core Service List" (or equivalent thereof) for purposes of any Case Management Procedures.

8.      Unless otherwise ordered by this Court or as provided for in any confirmed plan of reorganization, Ms. Ellis' appointment as Future Claimants' Representative shall terminate upon the effective date of a plan of reorganization in this Chapter 11 Case or otherwise by written resignation or incapacity to serve.

9.      The Debtor shall pay the Future Claimants' Representative Liability Insurance, the cost of which is expected to be approximately $100,000 per year without further Court approval.

10.     The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11.     The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

NAI-1536798282