## EXHIBIT A

**Retention Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on June 6, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC, [1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF
## KING & SPALDING LLP, EFFECTIVE AS OF APRIL 4, 2023

The relief set forth on the following pages are hereby **ORDERED**.

Upon the application (the "Application")[2] of LTL Management LLC (the "Debtor") for authorization to retain King & Spalding LLP ("K&S") as special counsel to the Debtor, effective as of April 4, 2023, it is hereby **ORDERED**:

**DATED: June 6, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

Debtor: LTL Management LLC

Case No. 23-12825-MBK

Caption:  Order Authorizing Retention of King & Spalding LLP, Effective as of April 4, 2023

1.      The Application is GRANTED to the extent set forth below.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain K&S as its special counsel in the Chapter 11 Case, effective as of the Petition Date, April 4, 2023.

3.      K&S shall file monthly, interim, and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures.  The rights of any party in interest to object to any such fee request, and the right of K&S to respond to any such objection, are fully preserved.

4.      If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

☐  Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐  Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5.      K&S shall bill only 50% for its services for nonworking travel.

6.      K&S shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this Case.

7.      K&S shall not seek reimbursement of any fees or costs, including attorneys' fees and costs, arising from the defense of any of K&S's fee applications in this Case.

8.      K&S shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by K&S to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of King & Spalding LLP, Effective as of April 4, 2023

subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy
Code and Bankruptcy Rules.

9.    At least ten (10) days before implementing any increases in K&S's rates for
professionals in this case, K&S shall file a supplemental affidavit with the Court explaining the
basis for the rate increases in accordance with Section 330 of the Bankruptcy Code. All parties in
interest, including the U.S. Trustee, will retain all rights to object to any rate increase on all
grounds, including the reasonableness standard provided for in Section 330 of the Bankruptcy
Code.

10.    K&S will agree to make a reasonable effort to comply with the U.S. Trustee's
requests for information and additional disclosures as set forth in the Fee Guidelines.

11.    K&S will use the billing and expense categories set forth in the U.S. Trustee
Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

12.    K&S shall provide any and all monthly fee statements, interim fee applications, and
final fee applications in "LEDES" format to the U.S. Trustee.

13.    All parties in interest shall have the right to object to any allocation of fees and
expenses as between the Debtor and any non-Debtor affiliates.