## **EXHIBIT A**

Retention Order

UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

Order Filed on July 13, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

Mark Falk, Esq.
Liza M. Walsh, Esq.
Stephen V. Falanga, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants*

| | |
|---|---|
| In re:<br>LTL Management, LLC,<br>                    Debtor. | Case No.: 23-12825<br>Judge: Michael B. Kaplan<br>Chapter: 11 |

# ORDER AUTHORIZING RETENTION OF ECONONE RESEARCH, INC. EFFECTIVE AS OF JUNE 23, 2023 ON BEHALF OF APPLICANT RANDI S. ELLIS, LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS

The relief set forth on the following page is **ORDERED**.

**DATED: July 13, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the application of Randi S. Ellis, Legal Representative for Future Talc Claimants ("FCR") requesting authorization to retain EconONE Research, Inc. ("Econ One") to provide expert consulting services and analysis of talc claim liability for the FCR, it is hereby ORDERED:

1. The Application is GRANTED as set forth herein.

2. The FCR is authorized to retain EconONE Research, Inc in the professional capacity noted.

   The professional's address is:

   EconONE Research, Inc.
   550 South Hope Street
   Suite 800
   Los Angeles, CA 90071

3. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

4. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

   ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

   ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. The effective date of retention is June 23, 2023.

6. Econ One shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court. The Debtor shall be solely responsible for paying all amounts due under this retention, subject to Court approval.

7. Notwithstanding anything to the contrary in the Engagement Letter (as that term is defined in the Application for Retention of EconONE Research, Inc.), Econ One's Engagement Letter may not be terminated unless by order of the Court.  Any such Order approving termination may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.

8. Econ One shall only bill 50% for non-working travel and shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Econ One's fee applications in the Chapter 11 Case.

9. Any additional services provided by Econ One, which were not specifically provided for in the Application, shall require further Court approval.

10. In the event Econ One seeks to use any of its affiliates to perform services for the FCR, the FCR shall seek and apply for the separate retention of any such affiliates.

11. In the event that, during the pendency of the Chapter 11 Case, Econ One seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Econ One's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the Compensation Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Econ One's independent legal counsel.

12. To the extent that there is any inconsistency between this Order and the Engagement Letter, the Application or the Certification of Lisa Skylar, the provisions of this Order shall govern.

13. In connection with any increase in Econ One's rates, Econ One shall provide ten (10) business days' notice to the FCR, the Debtor, the U.S. Trustee, and any official committee of creditors appointed in this case, prior to filing a fee statement or fee application reflecting such an increase, which shall set forth the requested rate increase and explain the basis for the requested rate increase. All parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

14. The Court shall have exclusive jurisdiction over Econ One's engagement during the pendency of this Chapter 11 Case.

15. Econ One shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

16. Econ One shall provide any and all monthly fee statements, interim fee applications, and final fee applications in a searchable electronic format (Ledes or Excel) to the U.S. Trustee.

17. The Limitation of Liability provision in the Econ One Research, Inc. Standard Commercial Terms attached to the June 22, 2023, Engagement Letter and any other limitations of liability shall be null and void during the pendency of the Chapter 11 Case.

18. Econ One shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Econ One to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

19. Econ One shall use its best efforts to avoid duplication of services provided by any of the FCR's other retained professionals in this case.

20. If valuation of the Debtor is necessary, the FCR will use Bederson LLP or file a subsequent disclosure before seeking to use Econ One for that purpose.