# Exhibit A

## Weil Retention Order

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **Order Filed on June 14, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey**<br><br><br>**WEIL, GOTSHAL & MANGES LLP**<br>Diane Sullivan, Esq.<br>Ronit Berkovich, Esq.<br>Theodore Tsekerides, Esq.<br>Matthew P. Goren, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Diane.Sullivan@weil.com<br>Ronit.Berkovich@weil.com<br>Theodore.Tsekerides@weil.com<br>Matthew.Goren@weil.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**ORDER AUTHORIZING RETENTION OF
WEIL, GOTSHAL & MANGES LLP AS THE DEBTOR'S SPECIAL COUNSEL**

The relief set forth on the following pages is hereby **ORDERED.**

**DATED: June 14, 2023**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Upon the applicant's, LTL Management LLC's (the "Debtor"),[2] request for authorization to retain Weil, Gotshal & Manges LLP ("Weil") as special counsel to the Debtor in the above-captioned case, *nunc pro tunc* to April 4, 2023 [Dkt. 428] (the "Application"); the Court having considered the Application, the Certification of Ronit J. Berkovich in Support of Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel to the Debtor as of April 4, 2023 (the "Certification"), and the supplemental certification (the "Supplemental Certification") in support of the Application, filed on June 14, 2023, it is hereby **ORDERED**:

1. The Debtor is authorized to retain Weil in the professional capacity noticed in the Application. The professional's address is:

    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Weil as its Special Counsel in the Chapter 11 Case, effective as of the Petition Date, April 4, 2023.

3. Weil shall file monthly, interim, and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of any party in interest to object to any such fee request, and the right of Weil to respond to any such objection, are fully preserved.

4. At least ten (10) days before implementing any increases in Weil's rates for professionals in this case, Weil shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. Weil shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Weil to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

2

Bankruptcy Rules.

6. Notwithstanding anything to the contrary in the Application, the Certification, and the Supplemental Certification, all parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

7. Weil shall bill only 50% for its services for non-working travel.

8. Weil shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Weil's fee applications in this case.

9. Weil will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"). The rights of any party in interest to seek information from Weil, including with respect to the Application, fee requests or any other matter or adversary proceeding arising in the case, are fully preserved.

10. Weil shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

11. Weil shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

12. Notwithstanding anything to the contrary in the Application, the Certification, or the Supplemental Certification, following the entry of this Order, Weil is not authorized to provide advice to J&J regarding the Debtor's Chapter 11 Case on issues that are unrelated to the Imerys Case and/or the Cyprus Case.

13. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

14. The effective date of retention and employment is April 4, 2023.

3