**<u>EXHIBIT A</u>**

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on June 14, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  23-12825 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF JONES DAY

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 14, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Jones Day

Upon the applicant's, LTL Management LLC (the "Debtor" or "LTL"),[2] request for authorization to retain Jones Day as counsel to the Debtor, effective as of April 4, 2023, it is hereby **ORDERED**:

1.      The Application is GRANTED to the extent set forth below.

2.      The Debtor is authorized to retain Jones Day in the professional capacity noted in the Application.  The effective date of the retention is April 4, 2023.

        The professional's address is:            JONES DAY

                                                  2727 North Harwood Street

                                                  Dallas, Texas  75201

3.      Jones Day shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of this Court, including any Interim Compensation Order.  The rights of any party in interest to object to any such fee request, and the right of Jones Day to respond to any such objection, are fully preserved.

4.      Jones Day shall:  (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application.  Subject to the foregoing adjustment, Jones Day is authorized to hold any remaining amount of the Retainer

---

[2]      Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

following such reconciliation in a trust account subject to the terms of any Interim Compensation Order entered in the Chapter 11 Case.

5.      Jones Day shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including any Interim Compensation Order entered in the Chapter 11 Case. The rights of any party in interest to object to any proposed application of the Retainer are fully preserved.

6.      Jones Day shall bill only 50% for its services for non-working travel.

7.      Jones Day shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Jones Day's fee applications in this case.

8.      Jones Day will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines. The rights of any party in interest to seek information from Jones Day, including with respect to the Application, fee requests or any other matter or adversary proceeding arising in the case, are fully preserved.

9.      Jones Day shall provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

10.     Within ten (10) days of any increase in Jones Day's rates for professionals in this case, Jones Day shall file a supplemental affidavit with the Court explaining the basis for any rate increase in accordance with section 330 of the Bankruptcy Code.  All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Jones Day

11.     Jones Day shall use its best efforts to avoid duplication of services provided by any of the

        Debtor's other retained professionals in this case.

12.     Jones Day shall not charge a markup with respect to fees billed by contract attorneys or

        independent contractors or subcontractors who are hired by Jones Day to provide services

        in this matter and shall ensure that any such contract attorneys or independent contractors

        or subcontractors are subject to conflict checks and disclosures in accordance with the

        requirements of the Bankruptcy Code and Bankruptcy Rules.

13.     If the professional requested a waiver as noted below, it is  ☐ Granted   ☐ Denied.

        ☐  Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

        ☐  Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a

        chapter 13 case. Payment to the professional may only be made after satisfactory

        completion of services.