# **EXHIBIT A**

## **Order Retaining Epiq**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on June 7, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER PURSUANT TO 11 U.S.C. § 327(a) AUTHORIZING THE
DEBTOR'S RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC,
AS SOLICITATION AND BALLOTING AGENT, NUNC PRO TUNC TO APRIL 4, 2023**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 7, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Debtor's Retention of Epiq Corporate Restructuring, LLC, as Solicitation and Balloting Agent, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to April 4, 2023

Upon the *Debtor's Application for Expanded Retention of Epiq Corporate Restructuring, LLC, Effective as of April 4, 2023* (the "<u>Application</u>")[2] of LTL Management LLC (the "<u>Debtor</u>" or "<u>LTL Management</u>"), requesting authorization, pursuant to section 327(a) of the Bankruptcy Code, to retain Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") as Ballot Agent for the Debtor, effective as of April 4, 2023; the Court having considered the Application and *Certification of Katheryn Tran in Support of Expanded Retention of Epiq Corporate Restructuring, LLC Effective as of April 4, 2023* (the "<u>Certification</u>"), it is hereby **ORDERED**:

1. The Application is GRANTED to the extent set forth below.

2. The Debtor is authorized to retain Epiq as Ballot Agent under section 327(a) of the Bankruptcy Code on the terms and conditions set forth in this Order, the Application and the documents attached thereto, including, but not limited to, the amended engagement letter attached to the Application as <u>Exhibit A</u> (the "<u>Engagement Agreement</u>").  The effective date of the retention is April 4, 2023.

    The professional's address is:    Epiq Corporate Restructuring, LLC
    777 Third Avenue, 12th Floor
    New York, New York 10017

3. Epiq is authorized to provide the Balloting and Solicitation Services, and to take all actions necessary to comply with its duties as Ballot Agent as described in the Application, this Order and as set forth in the Engagement Agreement.

4. With respect to Balloting and Solicitation Services, Epiq shall apply to the Court for allowance of compensation and reimbursement of expenses incurred in its capacity as Ballot Agent in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any orders entered in this case regarding professional compensation and reimbursement of expenses.  Nothing herein shall subject Epiq to any such interim compensation order for its services as claims and noticing agent as provided

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Debtor's Retention of Epiq Corporate Restructuring, LLC, as Solicitation and Balloting Agent, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to April 4, 2023

in the Claim Agent Order, which order shall continue to apply to such claims and noticing services.

5. Epiq shall continue to be authorized to hold a retainer in the amount of $25,000 until the termination of the Engagement Agreement, as security for the Debtor's payment obligations under the Engagement Agreement. Epiq may apply any retainer amount in excess of $25,000 to Epiq's fees and expenses accrued as Ballot Agent pursuant to any interim compensation order entered by this Court. Following the termination of the Engagement Agreement, Epiq shall return to the Debtor any amount of the retainer that remains following application of the retainer to the payment of unpaid invoices.

6. The Debtor shall indemnify Epiq under the terms of the Engagement Agreement, as modified pursuant to this Order.

7. Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are separately approved by the Court.

8. Notwithstanding anything to the contrary in the Application or the Engagement Agreement, the Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either:
(a) juridically determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, self-dealing, fraud or bad faith; (b) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (c) settled without the Debtor's consent prior to a judicial determination as to Epiq's gross negligence, willful misconduct, bad faith, fraud or uncontested self- dealing, but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

9. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Case (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing this Chapter 11 Case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Debtor's Retention of Epiq Corporate Restructuring, LLC, as Solicitation and Balloting Agent, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to April 4, 2023

> before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement.

10. The limitation of liability section in paragraph 8 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

11. If Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk's Office and counsel to the Debtor.

12. Epiq shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

13. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

14. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 3.2 thereof, Epiq shall provide sixty (60) days prior written notice to the Parties of any increases to the unit prices, charges and professional service rates reflected in the Pricing Schedule, subject to the right to object to any such increases by the Parties.

15. Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 11.3 thereof, the Court shall have exclusive jurisdiction over Epiq's engagement as Ballot Agent during the pendency of this Chapter 11 Case and the Arbitration clause shall have no force or effect during the pendency of this Chapter 11 Case.

16. Notwithstanding any contrary provision of the Engagement Agreement, the Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Agreement among the parties to the Engagement Agreement during the pendency of the Chapter 11 Case.

17. The *Order Pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 105(a) for Entry of an Order Authorizing the Appointment of Epiq Corporate Restructuring, LLC as Claims and*

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Pursuant to 11 U.S.C. § 327(a) Authorizing the Debtor's Retention of Epiq Corporate Restructuring, LLC, as Solicitation and Balloting Agent, Nunc Pro Tunc to April 4, 2023

> *Noticing Agent Nunc Pro Tunc to the Petition Date* [Dkt. 131] (the "Claims Agent Order") remains in full force and effect.

18. Notwithstanding anything to the contrary in the Application or the Certification, Epiq shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Epiq's fee applications in this case.

19. Any additional services provided by Epiq on behalf of the Debtor that are not covered by (i) this Order or (ii) the Claims Agent Order shall require further Court approval.

20. In the event Epiq seeks to use any of its affiliates to perform services for the Debtor, the Debtor shall seek the separate retention of any such affiliates.

21. Epiq shall not cease providing services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

22. The Debtor and Epiq are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

23. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.