## **EXHIBIT B**

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on June 7, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER AUTHORIZING RETENTION OF BATES WHITE, LLC**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 7, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Bate White, LLC

  Upon the Application[2] of LTL Management LLC (the "<u>Debtor</u>" or "<u>LTL Management</u>"), requesting authorization to retain Bates White as a talc consultant and expert for the Debtor, effective as of April 4, 2023; the Court having considered the Application and the Certification of Charles H. Mullin, PH. D. in Support of Application for Retention of Bates White, LLC Effective as of April 4, 2023 (the "<u>Mullin Certification</u>"), it is hereby **ORDERED**:

1.   The Application is GRANTED as set forth herein.

2.   Except as otherwise provided in this Order, the Debtor is authorized to retain Bates White as set forth in the Application and the documents attached thereto, including, but not limited to, the engagement letter attached to the Application as Exhibit A (the "<u>Engagement Letter</u>").  The effective date of the retention is April 4, 2023.

  The professional's address is:  Bates White, LLC
    2001 K Street NW
    North Building, Suite 500
    Washington, DC 20006

3.   Any additional services proposed to be provided by Bates White and not described in the Application and the Engagement Letter shall require further Court approval.

4.   Bates White shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

5.   Bates White shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and any other applicable procedures and

---

[2]   Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Bate White, LLC

orders of this Court, including any Interim Compensation Order; *provided*, *however*, that if Bates White seeks to redact its time records to protect any privileges asserted it shall first apply to the Bankruptcy Court for permission to do so under Section 107 of the Bankruptcy Code, with the rights of all parties in interest with respect to any such relief fully preserved. The Debtor shall be solely responsible for paying all amounts due under this retention, subject to Court approval. The rights of any party in interest to object to any such fee request, and the right of Bates White to respond to any such objection, are fully preserved.

6. At least ten (10) days before implementing any increases in Bates White's rates for professionals in this case, Bates White shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Application and the Mullin Certification, all parties in interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliate.

8. For the avoidance of doubt, no fees earned and payable to Bates White shall constitute a "success fee," "bonus" or "fee enhancement" under applicable law.

9. Subject to the terms of any Interim Compensation Order, Bates White is authorized to hold the Retainer as security for payment of postpetition fees and expenses. Bates White shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including any Interim Compensation Order.

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Bate White, LLC

10. Notwithstanding any contrary provision of the Engagement Letter including but not limited to paragraph 15, the Bankruptcy Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Letter among the parties to the Engagement Letter during the pendency of the Chapter 11 Case.

11. The limitation of liability contained in paragraph 16 of the Engagement Letter is deemed to be of no force or effect during the pendency of this Chapter 11 Case with respect to the services to be provided pursuant to this Order.

12. Bates White shall provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

13. Paragraphs 17 and 18 of the Engagement Letter are revised to reflect that termination will only be allowed upon entry of an Order by the Bankruptcy Court.

14. Paragraphs 9 and 10 of the Engagement Letter are revised to reflect that no interest shall accrue on any invoices or payments and that Bates White may not withhold services unless upon entry of an Order by the Bankruptcy Court.

15. Paragraph 19 of the Engagement Letter is revised to reflect that the survival of certain paragraphs of the Engagement Letter is subject to the revisions contained in this Order.

16. Paragraph 14 of the Engagement Letter is revised to reflect that the Bankruptcy Court shall hear and adjudicate any disputes arising between Bates White and Jones Day or the Debtor during the pendency of the Chapter 11 Case.

17. In the event Bates White seeks to use any of its affiliates to perform services for Jones Day or the Debtor, the Debtor shall seek the separate retention of any affiliates upon notice and a hearing, with the rights of all parties in interest preserved in respect of any such request.

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Bate White, LLC

18. To the extent Bates White uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, Bates White shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that Bates White pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits (copies of which shall be promptly provided to the official committee of talc claimants (the "Committee") indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; (d) confirm that the Contractors remain disinterested during the time that Bates White is involved in providing services to the Debtor; (e) require the Contractors to represent that they will not provide services in this Chapter 11 Case to the Debtor or other parties in interest during the time Bates White is involved in providing services to the Debtor; and (f) Bates White shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case. The rights of all parties in interest with respect to the use of any Contractors (including, without limitation, with respect to whether any Contractor is disinterested) and the payment of any Contractor invoices as set forth herein are fully preserved.

19. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.