**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET**

| | |
|---|---|
| Debtor: LTL Management LLC | Applicant: Signal Interactive Media |
| Case No.: 23-12825-MBK | Client: LTL Management LLC |
| Chapter: 11 | Case Filed: April 4, 2023 (the "Petition Date") |

**FIRST AND FINAL APPLICATION OF SIGNAL INTERACTIVE MEDIA AS PLAN NOTICE CONSULTANT FOR DEBTOR AND DEBTOR IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 4, 2023 THROUGH JULY 31, 2023**

**SECTION 1**
**FEE SUMMARY**

☐ Interim Fee Application      or      ☒ Final Fee Application

| | FEES | EXPENSES | TOTAL |
|---|---|---|---|
| Total Previous Fees Requested: | $204,350.00 | $143,991.99 | $348,341.99 |
| Total Fees Allowed to Date: | $161,880.00 | $78,456.88 | $240,336.88 |
| Total Retainer (If Applicable): | $0.00 | $0 | $0.00 |
| Total Holdback (If Applicable): | $40,870.00 | n/a | $40,870.00 |
| Total Received by Applicant: | $161,880.00 | $78,454.88 | $240,336.88 |

| | |
|---|---|
| Fee Total: | $204,350.00 |
| Disbursement Total: | $143,991.99 |
| Total Fee Application: | $348,341.99 |

## SECTION I
## SUMMARY BY TIMEKEEPER

| NAME OF PROFESSIONAL | HOURLY RATE 2023 | HOURS 2023 (APR 4 – JULY 31) | FEES |
|---|---|---|---|
| Adrian Durbin, Media Planner | $350 | 1 | $350 |
| Annie Parker, Media Planner | $350 | 0.4 | $140 |
| Christine Killian, Media Planner | $350 | 21 | $7,350 |
| Danielle Spencer, Media Planner | $350 | 3.4 | $1,190 |
| Gabrielle Quintana Greenfield, Media Planner | $350 | 5.8 | $2,030 |
| Grace Turke-Martinez, Project Manager | $350 | 3.3 | $1,155 |
| Jordan Fox, Media Planner | $350 | 65 | $22,750 |
| Justin Washington, Media Planner | $350 | 42.6 | $14,910 |
| Kate Thomas, Media Planner | $350 | 1.7 | $595 |
| Kristen Davis, Media Planner | $350 | 57.3 | $20,055 |
| Liza Bray, Project Manager | $350 | 3.1 | $1,085 |
| Miles King, Media Planner | $350 | 14 | $4,900 |
| Precious McKinney, Media Planner | $350 | 12.5 | $4,375 |
| Scott Kennedy, Media Planner | $350 | 0.9 | $315 |
| Shannon Wheatman, Notice Expert | $650 | 187.2 | $121,680 |
| Zack Stapf, Project Manager | $350 | 4.2 | $1,470 |
| **TOTAL** | | **423.4** | **$204,350** |

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| Notice Expert | 187.2 | $121,680 |
| Media Planner | 225.6 | $78,960 |
| Project Management | 10.6 | $3,710 |
| Designer | 0 | $0 |
| **TOTAL** | **423.4** | **$204,350** |

# SECTION III
# SUMMARY OF DISBURSEMENTS

| DISBURSEMENT TYPE | AMOUNT |
|---|---|
| Media Survey Data | $142,067.11 |
| Website | $1,662.00 |
| Stock Images | $262.88 |
| **DISBURSEMENTS TOTALS** | **$143,991.99** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

In re:

LTL MANAGEMENT LLC,[1]

                Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**FIRST AND FINAL APPLICATION OF SIGNAL INTERACTIVE MEDIA LLC AS PLAN NOTICE CONSULTANT FOR DEBTOR AND DEBTOR IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 4, 2023 THROUGH JULY 31, 2023**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Signal Interactive Media LLC ("Signal"), as plan notice consultant for Debtor and Debtor in Possession in the above-captioned matter, submits this application (the "Application") pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* (the "Compensation Order") [Dkt. No. 562], *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* (the "Dismissal Order) [Dkt. 3938], 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2016-1, as its first and final application for compensation for services rendered and reimbursement of expenses for the period of April 4, 2023 through July 31, 2023(the "Compensation Period").  By this Application, pursuant to the Compensation Order, Signal seeks, on a final basis, allowance and payment of compensation in the amount of $204,350.00 for services rendered by Signal during the Compensation Period and allowance and reimbursement of its actual and necessary expenses in the amount of $143,991.99 incurred during the Compensation Period.  In support of the Application, Signal respectfully represents as follows:

## BACKGROUND

1. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On May 15, 2023, the Debtor filed the Application for Retention of Signal, Effective as of April 16, 2023 [Dkt. 527], by which the Debtor sought authority to retain and employ Signal as its plan notice consultant in this chapter 11 case.

4.      On June 14, 2023, this Court entered an Order Authorizing Retention of Signal [Dkt. 768], by which the retention of Signal as the Debtor's plan notice consultant was authorized.

### SIGNAL'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

**A. Monthly Fee Statements During the Compensation Period**

5.      In accordance with the procedures prescribed in the Compensation Order, Signal has filed and served monthly fee statements (collectively, the "Monthly Fee Statements") during the Compensation Period.

6.      Specifically, on July 6, 2023, Signal filed and served its first monthly fee statement (the "First Monthly Fee Statement") requesting payment of fees in the amount of $187,725.00 and reimbursement of expenses in the amount of $76,806.88 incurred for the period of April 16, 2023 through May 31, 2023 [Dkt. 993]. No objections were filed to the First Monthly Fee Statement and the corresponding Certificate of No Objection was filed on July 25, 2023. See Dkt. 1105.

7.      On July 25, 2023, Signal filed and served its second monthly fee statement (the "Second Monthly Fee Statement") requesting payment of fees in the amount of $14,625.00 and reimbursement of expenses in the amount of $1,650.00 incurred for the period of June 1, 2023 through June 30, 2023 [Dkt. 1104]. No objections were filed to the Second Monthly Fee Statement and the corresponding Certificate of No Objection was filed on August 11, 2023. See Dkt. 1215.

8.      On August 17, 2023, Signal filed and served its third monthly fee statement (the "Third Monthly Fee Statement") requesting payment of fees in the amount of $2,000.00 and reimbursement of expenses in the amount of $65,535.11 incurred for the period of July 1, 2023 through July 31, 2023 [Dkt. 1240]. No objections were filed to the Third Monthly Fee Statement

and the corresponding Certificate of No Objection was filed on September 1, 2023. See Dkt. 1296.

9. As of the date hereof, Signal has received payment for fees in the amount of $161,880.00 and payment for expenses in the amount of $78,456.88. This is summarized in the table below.

| DATE SUBMITTED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | PAID FEES | PAID EXPENSES | AMOUNT OUTSTANDING |
|---|---|---|---|---|---|---|
| 7/6/2023 | 4/16/2023 to 5/31/2023 | $187,725.00 | $76,806.88 | $150,180.00 | $76,806.88 | $37,545.00 |
| 7/25/2023 | 6/1/2023 to 6/30/2023 | $14,625.00 | $1,650.00 | $11,700.00 | $1,650.00 | $2,925.00 |
| 8/17/2023 | 7/1/2023 to 7/31/2023 | $2,000.00 | $65,535.11 | $0 | $0 | $67,535.11 |
| TOTAL | | **$204,350.00** | **$143,991.99** | **$161,880** | **$78,456.88** | **$108,005.11** |

10. In accordance with the Dismissal Order, Signal seeks final approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by Signal on account of the Monthly Fee Statements.

**JURISDICTION, VENUE, AND STATUTORY BASIS**

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2016-1 and 2016-3.

## SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE COMPENSATION PERIOD

13. The compensation requested in this proceeding is reasonable based on the nature and extent of the services rendered, the size and complexity of this chapter 11 case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

14. During the Compensation Period, Signal prepared and submitted an expert declaration in the bankruptcy related to the Debtor's motion seeking (a) approval of form and manner of notice of hearing on disclosure statement. During the Compensation Period, Signal also drafted notices and designed a media program to inform talc claimants about the chapter 11 plan.

15. As described in further detail below, the professional services performed by Signal during the Compensation Period were necessary and appropriate to protect the rights and fulfill the obligations of the Debtor given the nature and complexity of the issues at hand, were in the best interests of the Debtor and other parties in interest and were performed in an expeditious and efficient manner. As such, Signal submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

16. As set forth in the Application cover sheet submitted herewith, Signal rendered a total of 423.4 hours of professional services during the Compensation Period, for which it seeks compensation of $204,350.00, and incurred $143,991.99 in out-of-pocket expenses which were "actual, necessary expenses" in connection with rendering the professional services described herein.

17. Detailed descriptions of all services rendered and expenses incurred during the Compensation Period are included in the Monthly Fee Statements.

18. In addition to the foregoing, Signal incurred out-of-pocket expenses during the Compensation Period in the amount of $143,991.99 which were "actual, necessary expenses" in

connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. A detailed list of the expenses Signal has incurred in the course of its work as plan notice consultants to the Debtor during the Compensation Period included as <u>Exhibit F</u>. Signal has made every effort to minimize the expenses in this matter consistent with the necessary time restraints.

## CERTIFICATION

19. A Certification is attached hereto as <u>Exhibit E</u>.

## COMPLIANCE WITH GUIDELINES

20. Signal believes that this Application substantially complies with the local rules of this Court and the United States Trustee's guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, Signal respectfully requests a waiver or an opportunity to cure.

## CONCLUSION

21. WHEREFORE, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Signal respectfully requests (i) allowance, on a final basis, of compensation for professional services rendered as talc consultants for Debtor and Debtor in Possession during the Compensation Period in the amount of $204,350.00; (ii) reimbursement, on a final basis, of actual and necessary expenses incurred by Signal during the Compensation Period in the amount of $143,991.99; (iii) payment of the outstanding fees and expenses due Signal for the Compensation Period; and (iv) such other and further relief as this Court deems just and proper.

Date:  September 7, 2023

*/s/ Shannon Wheatman*
Shannon Wheatman
SIGNAL INTERACTIVE MEDIA LLC
Plan Notice Consultant for Debtor and
Debtor in Possession