# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

## FEE APPLICATION COVER SHEET FOR THE PERIOD
## APRIL 4, 2023 THROUGH AUGUST 11, 2023

Debtor: LTL Management LLC         Applicant: Bates White, LLC

Case No.: 23-12825-MBK              Client: LTL Management LLC

Chapter: 11                          Case Filed: April 4, 2023 (the "Petition Date")

## SECTION 1
## FEE SUMMARY

☐ Interim Fee Application No. ____    or    ☑ Final Fee Application

|  | FEES | EXPENSES | TOTAL |
|---|---|---|---|
| Total Previous Fees Requested: | $3,154,425.75 | $2,314.13 | $3,156,739.88 |
| Total Fees Allowed to Date: | $0.00 | $0.00 | $0.00 |
| Total Retainer (If Applicable): | $0.00[1] | $0.00 | $0.00 |
| Total Holdback (If Applicable): | $630,885.15 | $0.00 | $630,885.15 |
| Total Received by Applicant: | $447,831.40 | $0.00 | $447,831.40 |

Fee Total:                $3,154,425.75
Disbursement Totals:         $2,314.13
Total Fee Application:    $3,156,739.88

---

[1] Bates White received payment of $350,000.00 from LTL prior to this bankruptcy filing. From that payment, Bates White deducted (1) $2,195.00 for professional services provided between April 1, 2023 and April 4, 2023 and (2) the remaining $347,805.00 for a portion of the professional services from May 1, 2023 through July 31, 2023, as described in Bates White's Second Monthly Fee Statement.

**Summary by Timekeeper**

| Name of Professional | Title[2] | Hourly rate | Hours worked | Fees |
|---|---|---|---|---|
| Chandler, Kathleen | Partner | $825 | 29.9 | $24,667.50 |
| Evans, Andrew | Partner | $1,000 | 328.8 | $328,800.00 |
| Gallardo-Garcia, Jorge | Partner | $1,000 | 2.9 | $2,900.00 |
| Lobel, Scott | Partner | $875 | 301.1 | $263,462.50 |
| Mullin, Charles | Partner | $1,375 | 200.8 | $270,256.25 |
| Scher, Benjamin | Partner | $1,000 | 11.4 | $11,400.00 |
| Kennedy, Pauline | Principal | $800 | 8.9 | $7,120.00 |
| Xu, Alicia | Managing Economist | $625 | 1.6 | $1,000.00 |
| Duncan, Taylor | Managing Consultant | $550 | 0.3 | $165.00 |
| Peters, Sarah | Managing Consultant | $675 | 448.3 | $301,320.00 |
| Leander, Ellen | Managing Research Specialist | $480 | 4.7 | $2,256.00 |
| Lin, Dajun | Senior Economist | $550 | 84.6 | $46,530.00 |
| Odio-Zuniga, Mariana | Senior Economist | $550 | 27.4 | $15,070.00 |
| Odio-Zuniga, Mariana | Economist | $525 | 434.9 | $228,322.50 |
| Wang, Jinwen | Senior Economist | $575 | 20.5 | $11,787.50 |
| Malkov, Egor | Economist | $525 | 430.2 | $225,855.00 |
| Coleman, Nathan | Senior Consultant | $480 | 8.7 | $4,176.00 |
| Coleman, Nathan | Consultant II | $465 | 272.6 | $126,759.00 |
| Habiger, Conor | Senior Consultant | $500 | 139.9 | $69,950.00 |
| Sherman, Samuel | Senior Consultant | $480 | 38.4 | $18,432.00 |
| Stewart, Samantha | Senior Consultant | $520 | 507.8 | $263,614.00 |
| Wieman, Christopher | Senior Data Engineer | $625 | 3.5 | $2,187.50 |
| Post, Douglas | Data Engineer II | $500 | 34.9 | $17,450.00 |
| McBride, Hannah | Consultant II | $425 | 35.1 | $14,917.50 |
| McBride, Hannah | Consultant | $410 | 444.2 | $182,122.00 |
| Morey, Austin | Consultant II | $435 | 442.7 | $192,574.50 |
| Osgood, Jessie | Consultant II | $450 | 1.1 | $495.00 |
| Swope, Madison | Consultant II | $435 | 525.4 | $228,549.00 |
| Villani, Joseph | Consultant II | $425 | 62.2 | $26,435.00 |
| Villani, Joseph | Consultant | $410 | 430.5 | $176,505.00 |
| Newcomb, Benjamin | Consultant | $395 | 107.0 | $42,265.00 |
| Dittbrenner, Susan | Senior Project Assistant | $480 | 5.5 | $2,640.00 |
| Arbor, Mary | Project Coordinator | $280 | 2.0 | $560.00 |
| Downey, Marguerite | Project Coordinator | $280 | 1.6 | $448.00 |

---

[2] As described in Dkt. 1006, the standard hourly rates for the timekeepers listed below were adjusted effective August 1, 2023 to reflect their promotions:

- Mariana Odio-Zuniga was promoted from Economist to Senior Economist;
- Nathan Coleman was promoted from Consultant II to Senior Consultant;
- Hannah McBride was promoted from Consultant to Consultant II; and
- Joseph Villani was promoted from Consultant to Consultant II.

-3-

| Name of Professional | Title[2] | Hourly rate | Hours worked | Fees |
|---|---|---|---|---|
| Slom, Sam | Project Coordinator | $230 | 15.0 | $3,450.00 |
| Jain, Mahima | Data Specialist | $280 | 132.0 | $36,960.00 |
| Krombach, Jennifer Kim | Research Specialist | $280 | 10.8 | $3,024.00 |
| **TOTAL** | | | **5,557.2** | **$3,154,425.75** |

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| Analysis | 2,608.5 | $1,553,454.00 |
| Client Communication | 196.2 | $156,731.00 |
| Data Analysis | 658.9 | $281,339.00 |
| Data Gathering & Processing | 527.5 | $236,274.50 |
| Fee Request Preparation | 86.9 | $53,884.00 |
| Project Management | 149.1 | $117,442.50 |
| Report | 776.6 | $474,077.50 |
| Research | 495.6 | $230,421.00 |
| Testimony | 43.9 | $43,234.00 |
| Travel | 14.0 | $7,568.25 |
| Analysis | 2,608.5 | $1,553,454.00 |
| Client Communication | 196.2 | $156,731.00 |
| **SERVICE TOTALS** | **5,557.2** | **$3,154,425.75** |

## SECTION III
## SUMMARY OF DISBURSEMENTS

| DISBURSEMENT TYPE | AMOUNT |
|---|---|
| Billable Lodging | $900.96 |
| Billable Travel | $1,085.67 |
| Mileage | $327.50 |
| **DISBURSEMENTS TOTALS** | **$2,314.13** |

I certify under penalty of perjury that the above is true.

Date:  September 7, 2023            /s/ Scott M. Lobel
                                    Scott M. Lobel

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[3] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | Hearing Date: October 18, 2023 |

**FINAL FEE APPLICATION OF BATES WHITE, LLC AS TALC CONSULTANTS FOR DEBTOR FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

Bates White, LLC ("Bates White"), as talc consultants for Debtor in the above-captioned matter, submits this final application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and D.N.J. Local Bankruptcy Rule

---

[3]   The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

-4-

2016-3, as its application for compensation for services rendered and reimbursement of expenses for the period of April 4, 2023 through August 11, 2023. By this Application, pursuant to the Compensation Order and Dismissal Order (both defined below), Bates White seeks allowance and payment of compensation in the amount of $3,154,425.75 for services rendered by Bates White and $2,314.13 in expenses. In support of the Application, Bates White respectfully represents as follows:

## BACKGROUND

1. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. On May 4, 2023, the Debtor filed the Application for Retention of Bates White, LLC, Effective as of April 4, 2023 [Dkt. 421], by which the Debtor sought authority to retain and employ Bates White as its talc consultant in this chapter 11 case.

3. On May 22, 2023, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals [Dkt. 562] (the "Compensation Order"). Pursuant to the Compensation Order, professionals, as directed therein, may file with the Court and serve monthly fee statements no later than 30 days after the end of the month for which fees are sought. If there are no objections to a monthly fee statement, then the professionals are entitled to payment in the amount of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee statement. The Compensation Order further provides that professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly

fee statements, including the twenty percent (20%) holdback, pursuant to section 331 of the Bankruptcy Code.

4. On June 7, 2023, this Court entered an Order Authorizing the Retention of Bates White, LLC [Dkt. 723], by which the retention of Bates White as the Debtor's talc consultant was authorized.

5. On August 11, 2023, this Court entered an Order Dismissing Debtor's Chapter 11 Petition [Dkt. 1211] (the "Dismissal Order") that outlined, among other topics, the Procedures for Final Allowance of Fees and Expenses incurred in this case. Pursuant to the Dismissal Order, retained professionals, as directed therein, shall file and serve monthly, interim, and final fee applications for period through and including the Dismissal Date within thirty (30) days of the Dismissal Date.

**BATES WHITE'S APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**A. Final Fee Application**

6. This is Bates White's final application for compensation filed in this matter. Bates White has not previously filed any interim fee applications.

**B. Monthly Fee Statements**

7. In accordance with the procedures prescribed in the Compensation Order, Bates White has previously filed and served monthly fee statements (the "Monthly Fee Statements"). These Monthly Fee Statements were provided to the Debtor, who did not object to the requested amounts. Likewise, these Monthly Fee Statements were provided to the U.S. Trustee at the time they were filed and served.[4]

---

[4] Both the Debtor and the United States Trustee were served the Monthly Fee Statements and will be served this Final Fee Application upon filing. Epiq serves all fee applications and Monthly Fee Statements in

-6-

8. Specifically, on July 11, 2023, Bates White filed and served its first monthly fee statement (the "First Monthly Fee Statement") requesting payment of fees in the amount of $125,033.00 incurred for the period of April 5, 2023 through April 30, 2023 (no expenses were incurred in this period) [Dkt. 1004]. The 20% holdback in connection with the First Monthly Fee Statement is $25,006.60. No objections were filed to the First Monthly Fee Statement and the corresponding Certificate of No Objection was filed on July 26, 2023. See Dkt. 1108.

9. On September 1, 2023, Bates White filed and served its second monthly fee statement (the "Second Monthly Fee Statement") requesting payment of fees in the amount of $2,867,231.75 and expenses in the amount of $2,274.64 incurred for the period of May 1, 2023 through July 31, 2023 [Dkt. 1302]. The 20% holdback in connection with the Second Monthly Fee Statement is $573,446.35. As of the date of this Application, the objection deadline for the Second Monthly Fee Statement has not yet passed. To date, no party has objected to Bates White's Second Monthly Fee Application.

10. On September 7, 2023, Bates White filed and served its third monthly fee statement (the "Third Monthly Fee Statement") requesting payment of fees in the amount of $162,161.00 and expenses in the amount of $39.49 incurred for the period of August 1, 2023 through August 11, 2023 [Dkt. 1313]. The 20% holdback in connection with the Third Monthly Fee Statement is $32,432.20. As of the date of this Application, the objection deadline for the Third Monthly Fee Statement has not yet passed. To date, no party has objected to Bates White's Third Monthly Fee Application.

---

accordance with the requirements of the Compensation Order, which provides for service on the Debtor and the U.S. Trustee, among other parties. Additionally, the Debtor received the Monthly Fee Statements that make up the Application before the Application was filed, and reviews the Monthly Fee Statements.

11. As of the date hereof, Bates White has received payment for fees for the First Monthly Fee Statement in the amount of $100,026.40. As noted in the First Monthly Fee Statement, Bates White received a payment of $350,000.00 from LTL prior to this bankruptcy filing. Bates White incurred $2,195.00 in professional fees for services provided to the Debtor from April 1 through April 4, 2023. Deducting those fees results in a balance of $347,805.00 held by Bates White. That balance was applied to Bates White's professional fees incurred from May 1, 2023 through July 1, 2023 to reduce the amount due. Bates White has yet to receive payment for the fees and expenses in the Second Monthly Fee Statement or the Third Monthly Fee Statement. This is summarized in the table below.

| Date submitted | Period covered | Requested fees | Requested expenses | Payment received | Amount outstanding |
|---|---|---|---|---|---|
| N/A | April 1-4, 2023 | N/A | N/A | N/A | -$347,805.00 |
| 7/11/2023 | April 5-30, 2023 | $125,033.00 | $0.00 | $100,026.40 | $25,006.60 |
| 9/1/2023 | May 1-31, 2023 | $902,270.00 | $0.00 | $0.00 | $902,270.00 |
| 9/1/2023 | June 1-30, 2023 | $1,161,563.75 | $2,274.64 | $0.00 | $1,163,838.39 |
| 9/1/2023 | July 1-31, 2023 | $803,398.00 | $0.00 | $0.00 | $803,398.00 |
| 9/6/2023 | August 1-11, 2023 | $162,161.00 | $39.49 | $0.00 | $162,200.49 |
| **Subtotal** | | $3,154,425.75 | $2,314.13 | $100,026.40 | $2,708,908.48 |
| **Prompt-pay discounts earned** | | | | $6,361.40[5] | $2,702,547.08 |
| **Prompt-pay discounts assumed to be earned** | | | | $151,469.64[6] | $2,551,077.44 |

---

[5] As described in the Second Monthly Fee Statement, the prompt-payment discount includes: (i) $109.75 for prompt payment of pre-petition fees ($2,195.00 × 5% = $109.75), plus (ii) $6,251.65 for prompt payment of the Interim Amount from invoice #29724 ($125,033.00 × 5% = $6,251.65).

[6] LTL has earned the prompt-pay discount on each Bates White invoice to date, so for this final fee application we have applied the prompt-pay discount to professional fees from the remaining open invoices ($151,469.64 = 5% x $3,029,392.75).

12. In accordance with the Dismissal Order, Bates White seeks final approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by Bates White on account of the Monthly Fee Statements.

**JURISDICTION, VENUE, AND STATUTORY BASIS**

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and D.N.J. Local Bankruptcy Rules 2016-1 and 2016-3.

**SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED**

14. The compensation requested in this proceeding is reasonable based on the nature and extent of the services rendered, the size and complexity of this chapter 11 case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

15. During the pendency of this matter, Bates White provided the following services including, but not limited to:

- Preparing Dr. Mullin's initial and rebuttal expert reports in preparation for hearing on the motions to dismiss.
- Preparing for and attending Dr. Mullin's deposition and hearing testimony on the motions to dismiss.
- Developing and implementing framework for analyzing current and future claims.
- Processing and analyzing data related to talc claims.
- Processing and analyzing publicly available disease incidence data.
- Assisting Debtor's counsel on matters related to the plan and proposed trust.

- Preparing the Monthly Fee Statements.

16. As described in further detail below, the professional services performed by Bates White during this matter were necessary and appropriate to protect the rights and fulfill the obligations of the Debtor given the nature and complexity of the issues at hand, were in the best interests of the Debtor and other parties in interest, and were performed in an expeditious and efficient manner. As such, Bates White submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

17. As set forth in the Application cover sheet submitted herewith, Bates White rendered a total of 5,557.2 hours of professional services, for which it seeks compensation of $3,154,425.75 plus $2,314.13 in expenses in connection with rendering the professional services described herein.

18. To apprise this Court of the professional services rendered, Bates White sets forth the following summary. This summary is intended only to highlight certain categories of services in which Bates White devoted substantial time and attention on behalf of the Debtor. Detailed descriptions of all services rendered and expenses incurred are included in the Monthly Fee Statements and are incorporated herein by reference as if fully set forth in their entirety.

- **Analysis**: This subcategory is for recording time spent on tasks performed in relation to the analysis of the Debtor's potential talc liabilities. This subcategory may include work performed in relation with preparation of testimony submitted to the court.

- **Client Communication**: This subcategory is for recording time spent in calls and in meetings with the Debtor's counsel and representatives to discuss the chapter 11 case and Bates White's work in the matter. When Bates White staff meets with the Debtor's counsel or representatives, more than one Bates White staff member may be present; this is because the Debtor's counsel benefits from discussing aspects of the case with Bates White staff with different backgrounds and who have varied experiences with regard to a given topic. The participation of a Bates White staff member is customarily restricted to the time in which such member

contributes to the case either through direct participation on the discussion or through gathering information from the meeting to guide future analytical tasks. Additionally, it is often beneficial to the Debtor's estate for professionals within Bates White to meet with each other to discuss and brainstorm ideas regarding how to approach a particular task or analysis. These meetings can often save professionals in charge of overseeing a particular issue or aspect of the case time and effort (and thus save the client fees) by tapping the past experience of other professionals (typically, more senior).

- **Data Analysis**: This subcategory is for recording time spent analyzing the Debtor's claims data and other publicly available data.

- **Data Gathering & Processing**: This subcategory is for recording time spent in the review, standardization, and processing of the Debtor's claims data and related publicly available data for use in Bates White's analyses.

- **Fee Request Preparation**: This subcategory is for recording time spent preparing the monthly fee statements required for compensation by the Debtor.

- **Project Management**: This subcategory is for recording time spent in the organization of Bates White's work for the Debtor.

- **Report**: This subcategory is for recording time spent drafting expert report(s) to be submitted in the chapter 11 case.

- **Research**: This subcategory is for recording time spent conducting research related to the analyses performed for the Debtor.

- **Testimony**: This subcategory is for recording time spent by Bates White expert(s) preparing for or providing testimony in deposition or hearings.

- **Travel**: This subcategory is for recording time spent by Bates White personnel traveling without actively working on the chapter 11 case. This time is billed at 50% of the professional's normal hourly rate.

## CERTIFICATION

19. A Certification is attached hereto as Exhibit F.

## COMPLIANCE WITH GUIDELINES

20. Bates White believes that this Application substantially complies with the local rules of this Court and the U.S. Trustee's guidelines for fee applications. To the extent there has

-12-

not been material compliance with any particular rule or guideline, Bates White respectfully requests a waiver or an opportunity to cure.

## CONCLUSION

21.    WHEREFORE, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Bates White respectfully requests (i) allowance of compensation for professional services rendered as talc consultants for Debtor in the amount of $3,154,425.75 in professional fees and $2,314.13 in expenses; (ii) payment of the outstanding fees due to Bates White; and (iii) such other and further relief as this Court deems just and proper.

Dated:  September 7, 2023

**BATES WHITE, LLC**
Talc Consultants for Debtor

By:    */s/ Scott M. Lobel*  
      Scott M. Lobel