# **EXHIBIT A**

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*



Order Filed on June 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER AUTHORIZING RETENTION OF
ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL
APPELLATE COUNSEL, EFFECTIVE AS OF APRIL 4, 2023**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 16, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate Counsel, Effective as of April 4, 2023

Upon the application (the "Application") of LTL Management LLC (the "Debtor") for authorization to retain Orrick, Herrington & Sutcliffe LLP ("Orrick") as special appellate counsel to the Debtor, effective as of April 4, 2023, it is hereby **ORDERED**:

1. The Application is GRANTED in its entirety as set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Orrick as its special appellate counsel in the Chapter 11 Case to provide the services described in the Application effective as of April 4, 2023.

3. Orrick shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and the Local Bankruptcy Rules 2014-1 and 2016-1, the U.S. Trustee Guidelines (as defined below), any Interim Compensation Order and any other applicable procedures and orders of this Court. The rights of all parties in interest with respect to any such fee requests are fully preserved.

4. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Orrick shall bill only 50% for its services for non-working travel.

6. Orrick shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Orrick's fee applications in this case.

7. Orrick will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate Counsel, Effective as of April 4, 2023

8. Orrick will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

9. Orrick shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

10. Orrick shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

11. Orrick shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Orrick to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

12. At least ten (10) days before implementing any increases in Orrick's rates for professionals in this case, Orrick shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code. The supplemental affidavit would specify the date on which the new rates are to go into effect, "Rate Increase Date." These rates would go into effect immediately and retroactive to the Rate Increase Date (or to a later date as agreed by written agreement between LTL & Orrick) upon (i) LTL approval and (ii) the expiration of the aforementioned 10-day notice period.

13. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J.

14. Notwithstanding anything to the contrary in the Standard Terms of Engagement attached to the Engagement Letter, the third paragraph of section 6 of the Standard Terms of Engagement attached to the Engagement Letter shall have no force and effect during the pendency of the Chapter 11 Case.

15. Notwithstanding anything to the contrary in section 11 of the Standard Terms of Engagement attached to the Engagement Letter, the Bankruptcy Court shall hear and adjudicate any fee disputes arising between Orrick and the Debtor during the pendency of the Chapter 11 Case.