| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 533-1112<br>*Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Bret R. Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Co-Counsel for the Official Committee of Talc*<br>*Claimants* |
| In re:<br>LTL MANAGEMENT, LLC,[1]<br><br>                          Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

# FIRST AND FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES OF BROWN RUDNICK LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR THE PERIOD <u>APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023</u>

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

TO:    THE HONORABLE MICHAEL B. KAPLAN
         UNITED STATES BANKRUPTCY JUDGE

      Brown Rudnick LLP ("Brown Rudnick"), co-counsel to the Official Committee of Talc Claimants (the "Committee" or "TCC"), submits this first and final application for allowance of compensation and reimbursement of expenses (the "Application"), pursuant to §§ 330 and 331 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [D.I. 562] (the "Compensation Procedures Order"), requesting the entry of an order granting final allowance of compensation and reimbursement in the amount of $10,996,598.66 for the period from April 4, 2023 through and including August 11, 2023 (the "Application Period"), comprising compensation of $10,432,306.75 for services rendered to the Committee and reimbursement of $564,291.91 for out-of-pocket expenses incurred by Brown Rudnick in providing such services.[2] In support of the Application, Brown Rudnick respectfully represents as follows:

      1.    On April 4, 2023, pursuant to a directive from the Third Circuit Court of Appeals, this Court entered an order dismissing the first bankruptcy case filed by LTL Management, LLC (the "Debtor").[3]

---

[2] This Application includes fees and expenses incurred from April 4, 2023 through April 14, 2023 (the "Gap Period"), which fees are alternatively sought to be allowed pursuant to the *Motion of the Ad Hoc Committee of Certain Talc Claimants and the Official Committee of Talc Claimants for Allowance of Administrative Claims for Reimbursement of Expenses Incurred for the Period from April 4, 2023 through April 14, 2023 (Prior to the Formation of the Official Committee of Talc Claimants) that Provided a Substantial Contribution in the Debtor's Case or, in the Alternative, Authorizing Retention of the TCC Professionals Effective as of the Petition Date* [D.I. 1241] (the "Motion"). The details for the fees and expenses incurred during the Gap Period are included with the Motion and are incorporated herein by reference.

[3] *See LTL Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint et al. (In re LTL Mgmt., LLC)*, 64 F.4th 84 (3d Cir. 2023) (amended opinion); *see also Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting*

2

2.	Also on April 4, 2023 (the "Petition Date"), the Debtor filed a second voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. During the Application Period, the Debtor continued as debtor-in-possession.

3.	On April 14, 2023, the United States Trustee filed the *Notice of Appointment of Official Committee of Talc Claimants* (the "Committee Appointment") [D.I. 162], appointing an Official Committee of Talc Claimants comprised of eleven (11) members, nine (9) of which were members of the original TCC in LTL 1.0.

4.	Following the dismissal of LTL 1.0 and up to and including the Committee Appointment, Brown Rudnick LLP, Genova Burns LLC, Otterbourg PC, and Massey & Gail LLP continued as counsel to the Ad Hoc Group of nine of the original 11 members of the official committee in LTL 1.0. Shortly after the Committee Appointment, the TCC chose to retain Brown Rudnick and the other listed firms to continue to represent the Committee in upholding its fiduciary duties to all talc creditors in this case.

5.	On June 12, 2023, this Court approved the retention and employment of Brown Rudnick LLP [D.I. 755] and Genova Burns LLC [D.I. 754] and on June 14, 2023, this Court approved the retention and employment of Otterbourg PC [D.I. 776], and Massey & Gail LLP [D.I. 777] as counsel to the Official Committee of Talc Claimants.

6.	On August 11, 2023, this Court entered its *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect for Compensation; and (III) Granting Related Relief* [D.I. 1211] (the "Dismissal Order"). The Dismissal Order directed the TCC and other applicable parties to file and serve "interim and final fee applications for the periods through and including the Dismissal Date within thirty (30) days

---

*Related Relief* at Docket No. 3938 in Case No. 21-30589-MBK. "LTL 1.0" refers to the Debtor's first bankruptcy case, captioned *In re LTL Mgmt.*, LLC, Case No. 21-30589 (Bankr. D.N.J.).

3

of the Dismissal Date." *Id*. at ¶ 5. The Committee's professionals will continue to "file and serve any fee applications from the Dismissal Date through and including the Appeal Exhaustion Date" in accordance with the Compensation Procedures Order for fees and expenses incurred after the Dismissal Date. *Id*.

## SUMMARY OF SERVICES PERFORMED BY BROWN RUDNICK DURING THE FIRST INTERMI FEE PERIOD

7.  The services rendered by Brown Rudnick during this Chapter 11 Case can be grouped into the categories set forth below. Brown Rudnick attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

(a)  **Case Administration (Task Code 001): Fees: $53,061.00; Total Hours: 94.8**. These fees include all services rendered by Brown Rudnick relating to general administration of the case and may also include specific matters that are not readily classifiable into other more specific matters. This category includes time expended by Brown Rudnick monitoring the case docket, ensuring compliance with local procedures and practices, and calendaring of pertinent dates and deadlines established during the course of the case.

(b)  **Meetings and Communications with Creditors (Task 005): Fees: $752,585.00; Total Hours: 534.0**. These fees include substantially all services rendered by Brown Rudnick relating to meeting with the Committee and other talc claimants, and/or their representatives, by email and whether in -person or by teleconference or video-conference. This is a mega-bankruptcy case involving complex interwoven aspects sounding in bankruptcy law, state law, and mass-tort, and involving tens of billions of dollars. Due to the complex and large nature of this case it was necessary for Brown Rudnick to meet with and consult with the TCC on a very

4

regular basis. During the Application Period, Brown Rudnick and other TCC professionals conducted at least one standing weekly meeting with representatives of the TCC as well as a preparatory meeting with co-counsel to the TCC. Brown Rudnick also met with members of the TCC on a weekly or bi-weekly basis. Typically, Brown Rudnick met and consulted with representatives for the TCC, or subcommittees of such representatives, on a daily basis, including multiple times a day on various issues. In addition, Brown Rudnick met regularly (at least once weekly) with co-counsel for the TCC to ensure minimal duplication of effort and to maximize coordination of services. Because of the broad and varied issues and topics covered in such meetings and communications, such meetings and communications often required the participation of multiple Brown Rudnick attorneys and staff, including members of the restructuring teams, litigation teams, corporate and tax teams. Often Brown Rudnick attorneys would only attend the portion of the meeting covering their particular area of focus. These fees also include written daily updates to the TCC. Such updates served to provide the Committee with items to be addressed on a daily basis, pertinent deadlines, summaries of new filings and general information relevant to the day-to-day happenings in the case. Additionally, during the Application Period, Brown Rudnick and representatives of the TCC conducted monthly (if not more often) Town Hall events for talc creditors. These Town Hall events were designed to keep talc creditors informed of the status of the bankruptcy case as well as the views of the TCC on key issues raised in the case. Time spent preparing for and hosting these Town Hall events, along with maintaining the TCC's website, is included in this category.

(c) **Meetings and Communications with Co-Counsel (Task 005): Fees: $188,044.50; Total Hours: 137.4**. These fees include the weekly pre-meetings which were attended by the Committee professionals in advance of each Committee meeting. The complex

5

and expedited nature of the motion practice and timeline in this case required detailed focus on the matters of importance in order to discuss and coordinate case strategy and to streamline the weekly Committee meetings. In addition to the weekly Committee meeting and pre-meeting of the professionals, multiple other meetings to address issues and strategies were required on a regular basis and often times various professionals met and conferred multiple times a day.

(d) **Committee Governance and Organizational Matters (Task 007): Fees: $14,953.00; Total Hours: 12.3**. These fees include the preparation of materials for Committee meetings and the analysis and advice regarding Committee governance and organizational issues. Brown Rudnick prepared the Committee's bylaws and worked closely with co-counsel and Committee member representatives to facilitate the implementation of same.

(e) **Employment and Fee Applications (Task 008): Fees: $87,257.50; Total Hours: 91.8**. These fees include all services rendered by Brown Rudnick relating to the preparation of its retention application and those of other TCC counsel along with other professionals sought to be retained by the TCC where necessary. Brown Rudnick complied with the Compensation Procedures Order and prepared and filed four (4) monthly fee statements (the "Monthly Fee Statements") to date which comprise this final Application. Additionally, Brown Rudnick monitored and reviewed the fee submissions of other professionals.

(f) **Employment and Fee Application Objections (Task 009): Fees: $15,579.50; Total Hours: 11.5**. These fees include all services rendered by Brown Rudnick relating to raising objections to the applications by the Debtor to retain various law firms as counsel. During the Application Period, Brown Rudnick formulated and filed a reservation of rights to the Debtor's proposed retention of its professionals. Additionally, these fees include services in connection with the appeal of the order approving the retention of the FCR. Brown Rudnick also

defended the Committee's application to retain Houlihan Lokey as its Investment Banker to include various negotiations in connection with the terms of the retention and the submission of a modified order. Furthermore, Brown Rudnick addressed issues relating to the proposed fees of FTI, the Committee's financial advisor. Brown Rudnick also reviewed the application to retain EconOne.

(g)  **Litigation: Contested Matters and Adversary Proceedings (Task 010): Fees: $1,827,241.00; Total Hours: 1,588.2**.  These fees include all services rendered by Brown Rudnick relating to the TCC's preparation for and participation in the motion to dismiss hearing as reflected in the *Notice and Motion of the Official Committee of Talc Claimants to Dismiss Second Bankruptcy Petition of LTL Management, LLC* [D.I. 286] (the "Motion to Dismiss"). At the Committee's direction, Brown Rudnick analyzed and developed the factual and legal bases for the Motion to Dismiss. Among other things, Brown Rudnick analyzed the purported changed circumstances between the current case and LTL 1.0, including: (i) the Debtor's purported support from a group of lawyers that negotiated the proposed settlement; (ii) the Debtor's and its affiliates' financial maneuvering in the hours, weeks and months prior to filing this case, including the termination and replacement of the Debtor's funding agreement with J&J. Brown Rudnick analyzed applicable corporate law to assess the propriety of the use of Texas Two-Step in this Chapter 11 context, J&J's prepetition litigation outcomes and strategies, J&J's corporate history and financial performance and whether the Debtor's and J&J's actions and admissions demonstrate subjective bad faith. Brown Rudnick analyzed the Debtor's parent's financial circumstances in connection with its funding obligations. In addition, Brown Rudnick analyzed various legal issues, including fraudulent transfer law and abuse of the Bankruptcy Code, reviewed approximately thousands of documents, and took over multiple depositions.

7

Accordingly, most of the work included trial preparation and responding to various motions and disputes. This matter also includes time and services related to other litigations presented during the Application Period, including, but not limited to, TCC preparation and filings related to exclusivity, estimation and bar date – each of which were prepared in order to advance the Committee's objectives and views in the case, should it not be dismissed. Because much of the TCC's case strategy centered around contested matters and litigation, much of the strategy and preparatory work related to those contested matters and litigation is included in this matter description.

(h)     **Non-Working Travel (Task 011): Fees: $146,011.75; Total Hours: 217.3**. These fees include all services rendered by Brown Rudnick relating to non-working travel time to and from meetings and court hearings. Time in this matter is charged at fifty (50%) percent.

(i)     **Plan and Disclosure Statement (Task 014): Fees: $1,234,856.00; Total Hours: 1,061.2**. These fees include all services rendered by Brown Rudnick relating to Debtor's exclusivity period, research related to development of a Chapter 11 Plan, and certain work pertaining to ancillary Plan issues, including estimation and establishment of a bar date. This category also includes time spent analyzing the Debtor's plan proposal, as it was repeatedly amended. This category also includes time spent preparing solicitation and disclosure statement related objections, which were never filed given the status of the case.

(j)     **Mediation / Settlement (Task 015): Fees: $103,041.50; Total Hours: 59.0**. These fees include all services rendered by Brown Rudnick relating to the TCC's participation in Court ordered mediation in front of Professor Eric D. Green and Gary Russo.

(k)     **Court Attendance (Task 016): Fees: $676,908.50; Total Hours: 541.8**. These fees include services rendered by Brown Rudnick relating to preparation for and attendance at

hearings held during the Application Period. Such hearings included: (1) hearings on retention issues; (2) hearings on the Debtor's preliminary injunction; (3) case management hearings, including status conferences or non-Zoom hearings related to pre-trial or discovery issues; (4) omnibus hearings; (5) the Bankruptcy Code section 341 meeting; and (6) the hearing on the TCC's and other movants' motions to dismiss the Bankruptcy Case.

(l) **Injunction Litigation in Adversary proceeding 23-01092 (Task 017): Fees: $805,066.00; Total Hours: 700.5**. These fees include services rendered by Brown Rudnick relating to the Debtors' request to extend an injunction protecting its affiliates and third parties related to talc litigation in the United States and in ancillary Canadian proceedings. During the Application Period, Brown Rudnick assisted the TCC in developing its strategy related to the Debtor's requests for injunctive relief. This category includes time expended in the TCC's effort to appeal this Court's order entering the preliminary injunction. Finally Brown Rudnick participated in hearings regarding the preliminary injunction relief and negotiated consensual extensions of the Court's preliminary injunction order during the pendency of the litigation.

(m) **Dismissal/Trustee/Examiner Matters (Task 018): Fees: $3,822,845.50; Total Hours: 3,438.2**. While some time and expenses related to the Dismissal Motion were placed in the general contested matter category, the majority of the fees and costs related directly to the Dismissal Motion and its prosecution were included in this matter. In addition to the previously stated description of this work, Brown Rudnick also communicated and coordinated with each of the other parties that supported dismissal or filed motions of their own to dismiss this case. Brown Rudnick prepared for and took depositions of expert witnesses as well as fact witnesses and prepared for and led the week-long trial on the Dismissal Motion.

8. Brown Rudnick asserts that the foregoing services were necessary to the administration of the chapter 11 case and were beneficial to its client, the Committee, at the time which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

## SUPPORTING DOCUMENTATION

9. As noted above, Brown Rudnick was retained to serve in the capacity of co-counsel to the Official Committee of Talc Claimants by Order of this Court dated June 12, 2023, which retention was effective April 14, 2023. A copy of such retention Order is annexed hereto as Exhibit "A".

10. This Application represents Brown Rudnick's First and Final Fee Application as co-counsel to the Committee and covers the period April 4, 2023 through August 11, 2023.

11. The Monthly Fee Statements filed by Brown Rudnick in accordance with the Compensation Procedures Order are incorporated herein by reference. The Monthly Fee Statements set forth the services rendered by the members and associates of Brown Rudnick, the hourly rate charged by each member, associate or paralegal, and the actual time expended in the performance of such services. The time sheets included with the Monthly Fee Statements reflect that Brown Rudnick expended 9,097.8 hours in performing services for the Committee, resulting in charges of $10,432,306.75. The blended hourly rate charged herein is $1,146.68 which your applicant believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

12. Also included in the Monthly Fee Statements are detailed breakdowns of all out-of-pocket disbursements incurred by Brown Rudnick in the performance of its duties as co-counsel to

the Committee, which total $564,291.91. In the normal course of Brown Rudnick's practice, expenses are only charged to a client after the expenses are actually incurred by Brown Rudnick. Certain out-of-pocket expenses that Brown Rudnick will incur for activities during the Application Period are not reflected in the attached since invoices for these expenses have not yet been received (e.g., PACER fees).

13.    The following Monthly Fee Statements which comprise the instant Application were filed with the Court and served pursuant to the Compensation Procedures Order:

| Date Filed and Docket No. | Filing Period | Total Fees (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (First) 6/13/2023 Docket No. 765 | April 14, 2023 – April 30, 2023 | $1,596,382.25 | $319,276.45 | $1,277,105.80 | $28,077.34 |
| (Second) 6/22/2023 Docket No. 851 | May 1, 2023 – May 31, 2023 | $3,008,593.00 | $601,718.60 | $2,406,874.40 | $49,266.37 |
| (Third) 7/13/2023 Docket No. 1025 | June 1, 2023 – June 30, 2023 | $3,454,944.50 | $690,988.90 | $2,763,955.60 | $121,677.77 |
| (Fourth) 8/11/2023 Docket No. 1212 | July 1, 2023 – July 31, 2023 | $1,263,560.00 | $252,712.00 | $1,010,848.00 | $337,956.56 |
| (Fifth) 8/30/2023 Docket No. 1287 | August 1, 2023 – August 11, 2023 | $406,199.00 | $81,239.80 | $324,959.20 | $21,954.22 |
| | | $9,729,678.75 | $1,945,935.75 | $7,783,743.00 | $558,932.26 |

14.    Annexed hereto and made part hereof as Exhibit "B" is the Affidavit of Sunni P. Beville, submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

15. The TCC was provided with all of the monthly statements, including time detail, that comprise the fees and expenses being sought in the Application and have had an opportunity to object to or question any of the fees and expenses being sought.

## **RELIEF REQUESTED**

16. By this Application, Brown Rudnick requests this Court approve payment of one hundred (100%) of the fees and expenses incurred by Brown Rudnick during the Application Period.

17. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount of compensation requested by Brown Rudnick in this Application is fair and reasonable given (a) the complexity of the chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

18. Brown Rudnick has reviewed the requirements of Local Rule 2016-3 and the UST Guidelines and believes this Application substantially complies therewith.

## **CONCLUSION**

WHEREFORE, Brown Rudnick respectfully requests (a) final approval and allowance of compensation for professional and paraprofessional services rendered as co-counsel to the Committee during the Application Period in the amount of $10,432,306.75; (b) final approval and allowance of the amount of actual and necessary out-of-pocket expenses incurred in the course of providing services as counsel to the Committee during the Application Period in the amount of $564,291.91; and (c) entry of an order authorizing and directing that the Debtor, as debtor-in-possession, pay to the Applicant the amounts allowed, subject to amounts paid on account of the

Monthly Fee Statements under the Interim Fee Procedures Order, and granting any and all further relief as may be appropriate.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: September 7, 2023 | **BROWN RUDNICK LLP** |
| | By: /s/ *Sunni P. Beville* |
| | Sunni P. Beville (admitted *pro hac vice*) |
| | One Financial Center |
| | Boston, MA 02111 |
| | Telephone: (617) 856-8200 |
| | Facsimile: (617) 856-8201 |
| | Email: sbeville@brownrudnick.com |
| | |
| | -and – |
| | |
| | David J. Molton, Esq. |
| | Jeffrey L. Jonas, Esq. |
| | dmolton@brownrudnick.com |
| | jjonas@brownrudnick.com |
| | Seven Times Square |
| | New York, NY  10036 |
| | Tel: (212) 209-4800 |
| | Fax: (212) 209-4801 |
| | |
| | *Co-Counsel for the Official Committee of Talc Claimants* |