| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>Bret Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

**FINAL APPLICATION OF MASSEY & GAIL LLP,
SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS,
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OF APRL 4, 2023 THROUGH AUGUST 11, 2023**

Massey & Gail LLP (the "Applicant" or "Massey & Gail"), special counsel to the Official Committee of Talc Claimants ("TCC") submits this final application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, the Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals (Docket No. 562) and the Order Dismissing Chapter 11 Petition (Docket No. 1211), for allowance of compensation and reimbursement of expenses for the period of April 4, 2023 through August 11, 2023 (the "Final Statement Period").[2]  By and through this Application, the Applicant seeks allowance of compensation in the amount of $ 2,137,547.00 for services rendered during the Final Statement Period.  Applicant further seeks allowance and reimbursement of its actual and necessary expenses in the amount of $ 8,110.75 for the Final Statement Period.  In support thereof, the Applicant respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] The within final fee application includes time and expenses for the period 4/4/23 through 4/14/23, as a motion is pending before the court to make the effective date of the retention of TCC professionals 4/4/23, or to allow the fees and expenses for such period as a substantial contribution to this bankruptcy case.

2

## BACKGROUND

1. On April 4, 2023, LTL Management LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). (Docket No. 1.)

2. On April 14, 2023, the United States Trustee filed a Notice of Appointment of Official Committee of Talc Claimants. (Docket No. 162.)

3. On April 19, 2023, the TCC filed an Application of the Proposed Official Committee of Talc Claimants for Reauthorization of Pro Hac Vice Orders (Docket No. 233) selecting Massey & Gail to serve as special counsel.

4. On April 27, 2023, the Court approved the TCC's Application of the Proposed Official Committee of Talc Claimants for Reauthorization of Pro Hac Vice Orders (Docket No. 342.)

5. On May 3, 2023, Massey & Gail filed an Application for Retention, effective as of April 14, 2023. (Docket No. 402.)

6. On June 5, 2023, Massey & Gail filed a supplemental certification in support of retention. (Docket No. 698.)

7. On June 14, 2023, the Court approved the employment of Massey & Gail as counsel to the TCC, effective April 14, 2023, the date by which Massey & Gail had begun rendering legal services to the TCC. (Docket No. 777.)

8. On June 30, 2023, Applicant filed its first monthly fee statement (for the period of April 14 to May 31, 2023) seeking the payment of $521,783.98, representing fees in the amount of $647,013.50 (less 20% holdback of $129,402.70) and expenses in the amount of $4,173.18. (Docket No. 967.)

9. On July 13, 2023, Applicant filed its second monthly fee statement (for the period of June 1 to June 30, 2023) seeking the payment of $544,743.39, representing fees in the amount of $677,430.00 (less 20% holdback of $135,486.00) and expenses in the amount of $2,799.39. (Docket No. 1026.)

10. On August 17, 2023, Applicant filed its third monthly fee statement (for the period of July 1 to July 31, 2023) seeking the payment of $451,724.80 representing fees in the amount of $564,656.00 (less 20% holdback of $112,931.20) and expenses in the amount of $ -0-. (Docket No. 1242.)

11. On August 25, 2023, Applicant filed its fourth monthly fee statement (for the period of August 1 to August 11, 2023) seeking the payment of $82,820.22 representing fees in the amount of $102,692.00 (less 20% holdback of $20,538.40) and expenses in the amount of $666.62. (Docket No. 1268.)

12. As of the date of the filing of this Application, the Applicant has been paid $1,066,507.37 from the Debtor.

13. The Applicant prepared and provided the TCC with a budget and staffing plan for its work during the Final Statement Period. The TCC approved the budget and staffing plan. The fees actually incurred and sought herein are lower than those approved in the Applicant's budget. The staffing actually deployed is similar to the staffing plan. The staffing plan predicted use of 4 partners, 1 counsel, 5 associates, 1 paralegal, and 1 case assistant. The actual staffing consisted of 4 partners, 1 counsel, 6 associates, 1 paralegal, and 2 case assistants. The modest increase in associates and case assistants reflects necessary work done to meet the fast-paced demands of the case. Massey & Gail played a significant role in formulating the legal strategy in response to LTL's second bankruptcy filing, and in drafting numerous filings in this Court, including (i) the

opposition to LTL's request extension of stay relief (which resulted in a limited order enjoining only the commencement or continuation of any trial or appeal against certain protected parties), (ii) the motion to dismiss and reply brief in support thereof (which ultimately resulted in dismissal of the case), and (iii) the findings of fact and conclusions of law following the motion to dismiss hearing.  This work required extensive research and analysis regarding multiple novel legal questions, such as the exception to dismissal contained in Section 1112(b)(2), LTL's argument that the 2021 Funding Agreement was void or voidable due to frustration of purpose, and issues involving the Plan Support Agreements (PSAs) signed by counsel supporting LTL's bankruptcy. Massey & Gail was also tasked with handling appeals to the district court of this Court's orders, prior to the July 28, 2023 dismissal decision.

14. Pursuant to paragraph (b)(1)(ii) of the UST Appendix A Guidelines and section C.2.g of the Appendix B Guidelines, Applicant states that no retainer exists in this case with respect to Applicant's fees and expenses.

15. In accordance with paragraph (b)(1)(iii) of the UST Appendix A Guidelines and sections C.2.k and C.2.j the Appendix B Guidelines, Applicant states that its hourly rates did not change during the time period covered by the Final Fee Application.

16. Pursuant to paragraph (b)(1)(iii) of the UST Appendix A Guidelines and section C.3 of the Appendix B Guidelines, Applicant states that the requested compensation in the Final Fee Application is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

17. Pursuant to Fed. R. Bank. P. 2016, Applicant states that a copy of the Final Fee Application was transmitted to the United States Trustee.

18. The following exhibits are annexed hereto in support of the within Application and incorporated herein.

19. Annexed hereto as Exhibit "A" is a comparison of the blended rates billed for this matter for Final Fee Period as compared with the those billed by categories of the Applicant's timekeepers for the preceding year, excluding bankruptcy. The blended hourly rate (excluding travel time) for all timekeepers who billed time during the Final Fee Period was $793.65. The blended hourly rate for timekeepers excluding paralegals (and excluding travel time) who billed time during the Final Fee Period was $828.06.

20. Annexed hereto as Exhibit "B" is a summary of timekeepers included in this fee application.

21. Annexed hereto as Exhibit "C" is a copy of the Order entered on June 14, 2023 authorizing the retention of Massey & Gail as special counsel to the TCC. (Docket No. 777.)

22. Annexed hereto as Exhibit "D" is a summary of compensation requested by project category (Ex. D-1) and a summary of expense reimbursement requested by category (Ex. D-2).

23. Annexed hereto as Exhibit "E" is a summary cover sheet of this fee application.

24. Annexed hereto as Exhibit "F" is an itemized list of all out-of-pocket disbursements necessarily incurred by the Applicant during the Final Fee Period totaling $8,110.75.

25. Annexed hereto as Exhibit "G" is a copy of the Applicant's detailed time records for the time period April 4, 2023 through April 14, 2023. Those records, coupled with the time records previously submitted with Applicant's monthly fee statements for May 1, 2023 through August 11, 2023, reflect that the Applicant has expended 2,715.9 hours in connection with performance of services in connection with performance of services for the TCC (beginning on April 4, 2023), resulting in fees in the amount of $2,137,547. The Applicant respectfully submits

that the hourly rates charged are fair and reasonable in light of the complexity of this case, nature of services provided, and the significant expertise of the professionals who rendered such services.

26. The TCC was provided with all of the monthly statements, including time detail, that comprise the fees and expenses being sought in the Application and have had an opportunity to object to or question any of the fees and expenses being sought.

27. Annexed hereto as Exhibit "H" is a Certification of Jonathan S. Massey in support of the within Application and made in accordance with Section 504 of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

28. The Applicant provided significant services to the TCC in connection with this Chapter 11 case and in accordance with the Applicant's professional responsibilities. Massey & Gail has focused on the novel and complex legal and procedural issues presented by this case, has responded to requests for counsel and advice from the TCC on a wide range of cutting-edge issues involved in this case, and has worked extensively on the briefing submitted to the Third Circuit and Bankruptcy Court on those questions.

29. During the period covered by the Final Fee Application, Massey & Gail provided services relating to the TCC's motion to dismiss, LTL's motion for stay relief, complex legal issues arising in the LTL's second bankruptcy filing, appeals to the district court of this Court's orders prior to the July 28, 2023 dismissal decision, , and overall legal strategy .

30. At all times, Massey & Gail has endeavored to coordinate work and avoid duplication with other law firms representing the TCC. Massey & Gail's staffing has been lean and efficient, seeking to leverage the work product of the associates and support staff provided by other firms retained by the TCC and to supplement that work product only where needed by the specific projects assigned to Massey & Gail.

31.     Instead of duplicating the efforts of other firms, Massey & Gail has primarily focused on providing high-level legal analysis, strategic counseling and briefing on particularly difficult legal questions, based on the extensive experience of partner Jonathan Massey in asbestos, mass torts, and other complex litigation, dating back to his work in drafting the briefs in *Georgine v. Amchem Prods., Inc.*, 683 F.3d 610 (3d Cir. 1996), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). Massey & Gail has been able to provide tailored and specialized representation that does not simply echo or duplicate the services of other firms. The services rendered by Massey & Gail were necessary to the administration of this Chapter 11 case and the representation of the interests of the members and creditors which compose the TCC. Such services included, but were not limited to:

    a. Advising the TCC on strategy and the novel legal and procedural issues in this case, using Applicant's experience in complex litigation before trial and appellate courts;

    b. Providing helpful continuity and background to the creditors, by virtue of the fact that Massey & Gail was retained by the Committee in the first bankruptcy ("*LTL I*") and previously participated in the North Carolina proceedings on behalf of several firms representing mesothelioma claimants who are now represented on the TCC;

    c. Drafting analyses of, and providing advice on numerous complex and difficult legal questions (many of first impression) implicated in this case both in the Bankruptcy Court and on appeal, including those pertaining to the Motion to Dismiss, the Preliminary Injunction Motion, constitutional questions presented by the Debtor's bankruptcy petition, divisional merger transactions, jurisdictional issues, the availability of relief under Section 524(g) of the Bankruptcy Code, among others;

  d. Drafting and revising pleadings, including important briefing pertaining to the Motion to Dismiss and the Preliminary Injunction Motion;

  e. Communicating extensively with co-counsel and committee members and representatives regarding numerous critical issues by e-mail, telephone, in-person, and video conference;

  f. Reviewing and analyzing key pleadings for purposes of making strategic recommendations in this case;

  g. Participating in Court proceedings where appropriate (often remotely in order to reduce costs) and advising co-counsel and committee representatives on strategic issues in preparation for Court hearings.

32. The Applicant respectfully submits that the amount of compensation requested by the Applicant is fair and reasonable given the complexity of this case, time expensed, nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

**WHEREFORE**, the Applicant respectfully requests that this Court grant the Application and enter an Order granting allowance of compensation in the amount of $2,137,547 together with reimbursement of actual out-of-pocket disbursements in the amount of $8,110.75 for a total of $2,145,657.75.

**MASSEY & GAIL LLP**

By:

*/s/ Jonathan S. Massey*

Jonathan S. Massey
Rachel S. Morse
Massey & Gail LLP
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
Tel: (202) 652-4511
jmassey@masseygail.com
rmorse@masseygail.com

*Special Counsel for the*
*Official Committee of Talc Claimants*

10