| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>ATTORNEYS FOR DEBTOR | **SHOOK, HARDY, & BACON, L.L.P.**<br>Kathleen A. Frazier, Esq.<br>600 Travis Street, Suite 3400<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>kfrazier@shb.com<br>(Admitted *pro hac vice*)<br><br>SPECIAL COUNSEL FOR DEBTOR |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>      Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date: October 18, 2023** |

## CERTIFICATION OF KATHLEEN A. FRAZIER

**KATHLEEN A. FRAZIER,** certifies pursuant to 28 U.S.C. § 1746, as follows:

---

[1]   The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1.  I am a partner at Shook, Hardy & Bacon L.L.P. ("Shook"), special counsel to LTL Management LLC, the debtor and debtor-in-possession in the above-captioned matter (the "Debtor"). I submit this Certification in connection with Shook's Final Application for an allowance of compensation for professional services rendered for the period from April 5, 2023 through August 11, 2023 (the "Application").

2.  In accordance with section 155 of title 18 of the United States Code, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

3.  In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or any attorney of my firm.

4.  The following is provided in response to the request for additional information set forth in ¶ C.5 of the Revised UST Guidelines.

| | |
|---|---|
| **Question:** | Did Shook agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period? |
| **Answer:** | No |
| **Question:** | If the fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are higher by 10% or more, did Shook discuss the reasons for the variation with the Debtor? |
| **Answer:** | N/A |

8

**Question:** Have any of the professionals included in this Application varied their hourly rate based on the geographic location of these chapter 11 cases?

**Answer:** No.

**Question:** Does the Application include time or fees relating to review, revising, or reducing time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer:** Yes (see below)

**Question:** Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** Yes; given the nature of Shook's retention and the billing practices and guidelines outside of chapter 11, Shook spent time revising time entries to eliminate confidential information while still providing sufficient detail to allow for appropriate review. The estimated time spent during the Final Compensation Period revising time entries was 14 hours and the corresponding fees were approximately $6,830.60.

**Question:** If the Application includes any rate increases since Shook's retention, did the Debtor review and approve of those rate increase in advance? Did the Debtor agree when retaining Shook to accept all future rate increases?

**Answer:** There have been no rate increases since Shook's retention.

5. I have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines and the Compensation Procedures Order[2], and certify to the best of my knowledge and belief that this Application substantially complies with such local rule, order and guidelines.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Date: September 8, 2023        */s/ Kathleen A. Frazier*
                                Kathleen A. Frazier

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.