**EXHIBIT "A"**

docs-100629406.1

**Order Filed on July 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1] | Chapter 11<br><br>Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

# ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF ANDERSON KILL P.C. AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, EFFECTIVE, NUNC PRO TUNC, AS OF JUNE 1, 2023

The relief set forth on the following pages is **ORDERED**.

**DATED: July 18, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

Upon consideration of the *Application of the Official Committee of Talc Claimants for Retention of Anderson Kill P.C. as Special Insurance Counsel Effective as of June 12, 2023*, pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of Anderson Kill P.C. ("Anderson Kill") as special insurance counsel to the Official Committee of Talc Claimants (the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of LTL Management LLC's (the "Debtor"), effective as of June 1, 2023; and the certification of Robert M. Horkovich in support of the Application annexed thereto (the "Horkovich Certification"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Committee having provided adequate and appropriate notice; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth herein.

2. The Committee is authorized, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Anderson Kill as special insurance counsel to the Committee effective, nunc pro tunc, as of June 1, 2023.

3. Anderson Kill shall apply for compensation in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Order, and any applicable orders of this Court. Anderson Kill's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code.

4. At least ten (10) days before implementing any increases in Anderson Kill's rates for professionals in this case, Anderson Kill shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. The Committee and Anderson Kill are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8. Further terms of this Order shall be as follows:

(i) Anderson Kill will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Anderson Kill's fee applications in this case;

(ii) Anderson Kill will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines");

(iii)    Anderson Kill will use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"), and may use additional categories that provide additional detail on work performed;

(iv)    Anderson Kill will provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee; and

(v)    any and all compensation to be paid to Anderson Kill for services rendered on the Committee's behalf shall be fixed by application to this Court in accordance with Sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in this case governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

9.    Anderson Kill shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in this case.

10.    Anderson Kill shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Anderson Kill to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

11.    The scope of Anderson Kill's retention will not include any dispute that may arise with regard to separate and distinct contractual indemnity provisions as part of the "AGREEMENT BETWEEN CYPRUS MINES CORPORATION AND JOHNSON & JOHNSON DATED JANUARY 6, 1989" and the "TALC SUPPLY AGREEMENT BETWEEN WINDSOR MINERALS INC. AND JOHNSON & JOHNSON BABY PRODUCTS

COMPANY, A DIVISION OF JOHNSON & JOHNSON CONSUMER PRODUCTS, INC. DATED JANUARY 6, 1989."

12. To the extent that the Committee, the Cyprus Talc Claimants' Committee, or the Cyprus Future Claimants' Representative determines that a conflict has arisen, then upon notice to Anderson Kill, Anderson Kill no longer shall represent the Committee but shall continue to represent the Cyprus Talc Claimants' Committee and Cyprus Future Claimants' Representative. In such circumstances, the Committee has the right to seek to retain separate special insurance counsel.

13. Anderson Kill shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

14. To the extent the Pre-Petition Balance, as determined by agreement of Anderson Kill and the Debtor or by order of the Court in the event an objection is raised, is not paid by the Debtor, Anderson Kill shall waive any amounts owed in excess of the allowed amount of the Pre-Petition Balance.