**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
ATTORNEYS FOR DEBTOR

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date: October 18, 2023** |

**SUMMARY COVER SHEET AND STATEMENT FOR FIRST AND FINAL FEE APPLICATION OF WOLLMUTH MAHER & DEUTSCH LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR CHAPTER 11 DEBTOR FOR THE PERIOD FROM APRIL 4, 2023 THROUGH AUGUST 11, 2023**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**D.N.J. LBR 2016-1, FEE APPLICATION COVER SHEET**

| | |
|---|---|
| Debtor: LTL Management LLC | Applicant: Wollmuth Maher & Deutsch LLP (Retained by Order Entered June 14, 2023, Authorizing Retention *Nunc Pro Tunc* to April 4, 2023 [Dkt. 770]) |
| Case No.: 23-12825-MBK | Client: LTL Management LLC |
| Chapter: 11 | Case Filed: April 4, 2023 (the "Petition Date") |

**FIRST AND FINAL FEE APPLICATION OF WOLLMUTH MAHER & DEUTSCH LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR CHAPTER 11 DEBTOR FOR THE PERIOD FROM APRIL 4, 2023 THROUGH AUGUST 11, 2023**

### SECTION 1
### FEE SUMMARY

☐ Interim Fee Application     or     ☒ First and Final Fee Application

Summary of Amounts Requested for the Period from April 4, 2023 Through August 11, 2023 (the "Compensation Period").

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED: | $1,547,686.00 | $24,326.62 |
| TOTAL FEES ALLOWED TO DATE: | $0 | $0 |
| TOTAL RETAINER (IF APPLICABLE): | $164,029.00[2] | $0 |
| TOTAL HOLDBACK (IF APPLICABLE): | $309,537.20 | $0 |
| TOTAL RECEIVED BY APPLICANT: | $974,039.00 | $19,453.89 |

| | |
|---|---|
| Fee Total: | $1,547,686.00 |
| Disbursement Total: | $24,326.62 |
| Total Fee Application: | $1,572,012.62 |

---

[2] The Firm has completed its reconciliation of fees and expenses actually incurred for the period prior to the Petition Date and has made a corresponding adjustment to the amount of the retainer held by the Firm. The Firm wrote off $36,448.00 in actual fees incurred for the pre-petition period. After such reconciliation, the amount of the retainer is $164,029.00. The Firm has not yet applied any portion of the Retainer to fees and expenses incurred from and after the Petition Date. The Firm plans to apply the $164,029.00 remaining in the Retainer against the amount owed to the Firm.

| Name of Professional & Title | Year of Admission | Hours | Rate | Fees |
|---|---|---|---|---|
| Paul R. DeFilippo, Partner | Area of Expertise: Litigation & Bankruptcy. Member of the New York Bar (1999), New Jersey Bar (1978). Joined the firm in 2002. | 237.3 | 975 | $224,591.25 |
| James N. Lawlor, Partner | Area of Expertise: Litigation, Bankruptcy. Member of the New York Bar (1993), New Jersey Bar (1992). Joined the firm in 2002. | 482.8 | 910 | $435,025.50 |
| Lyndon M. Tretter, Partner | Area of Expertise: Litigation & Dispute Resolution. Member of the New York Bar (1986). Joined the firm in 2016. | 2.0 | 910 | $1,820.00 |
| Nicole C. Rende, Associate | Member of the New York Bar (2019). | 53.5 | 635 | $33,972.50 |
| Joseph F. Pacelli, Associate | Member of the New York Bar (2020). | 599.3 | 635 | $371,221.00 |
| Logan R. Leonard, Associate | Member of the New York Bar (2022). | 432.9 | 440 | $188,430.00 |
| Stephanie A. Weaver, Associate | Member of the New York Bar (2023). | 536.3 | 440 | $233,992.00 |
| Wesley Gibbs, Associate[3] | Member of the New York Bar (2023). | 6.1 | 355 | $2,165.50 |
| Jordan L. Girasole, Summer Associate | N/A | 4.8 | 305 | $1,464.00 |
| Ryan J. Pugh, Summer Associate | N/A | 4.4 | 305 | $1,342.00 |
| Reagan F. Flynn, Paralegal | N/A | 17.8 | 235 | $3,842.25 |
| Michele Klinger, Paralegal | N/A | 44.9 | 235 | $10,551.50 |
| Scarlet E. Meltzer, Paralegal | N/A | 45.6 | 235 | $10,716.00 |
| Celeyndiana Adames, Paralegal | N/A | 16.1 | 235 | $3,607.25 |
| Alexander Cukier, Paralegal | N/A | 116.5 | 235 | $24,945.25 |
| | **TOTALS:** | **2,600.3** | | **$1,547,686.00** |

---

[3] This timekeeper was a Law Clerk until April 17, 2023.

## SUMMARY OF SERVICES

| SERVICES RENDERED | | HOURS | FEES |
|---|---|---|---|
| a) | **Asset Analysis and Recovery:** Identification and review of potential assets including causes of action and non-litigation recoveries. | 0 | $0.00 |
| b) | **Asset Disposition:** Sales, leases, abandonment and related transaction work. | 0 | $0.00 |
| c) | **Avoidance Action Litigation:** Preference and fraudulent transfer litigation. | 0 | $0.00 |
| d) | **Business Operations:** Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems. | 0 | $0.00 |
| e) | **Case Administration:** Coordination and compliance activities, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquires. | 526.0 | $300,438.50 |
| f) | **Claims Administration and Objections:** Specific claim inquiries; bar date motions; analyses, objections and allowance of claims. | 20.3 | $10,983.50 |
| g) | **Employee Benefits/Pensions:** Review issues such as severance, retention, 401K coverage and continuance of pension plan. | 0 | $0.00 |
| h) | **Fee/Employment Applications:** Preparations of employment and fee applications for self or others; motions to Establish interim procedures. | 546.9 | $286,456.50 |
| i) | **Fee/Employment Objections:** Review of an objections to the employment and fee applications of others. | 46.0 | $33,220.00 |
| j) | **Financing:** Matters under 361, 363 and 364 including cash collateral and secured clams; loan document analysis. | 0 | $0.00 |
| k) | **Litigation:** Other than Avoidance Action Litigation (there should be a separate category established for each major matter). | 1,100.1 | $719,872.00 |
| l) | **Meeting of Creditors:** Preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings. | 47.7 | $24.648.00 |
| m) | **Plan and Disclosure Statement:** Formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to allowance and objections to allowance of claims. | 203.0 | $132,745.00 |

| SERVICES RENDERED | | HOURS | FEES |
|---|---|---|---|
| n) | **Relief from Stay Proceedings:** | 15.4 | $12,397.50 |
| | Matters relating to termination or continuation of automatic stay under 362. | | |
| o) | **Accounting/Auditing:** | 0 | $0.00 |
| | Activities related to maintaining and auditing books of account, preparation of financial statements and account analysis. | | |
| p) | **Business Analysis:** | 0 | $0.00 |
| | Preparation and review of company business plan; development and review of strategies; preparation and review of cash flow forecasts and feasibility studies. | | |
| q) | **Corporate Finance:** | 0 | $0.00 |
| | Review financial aspects of potential mergers, acquisitions and disposition of company or subsidiaries. | | |
| r) | **Data Analysis:** | 0 | $0.00 |
| | Management information systems review, installation and analysis, construction, maintenance and reporting of significant case financial data, lease rejection, claims, etc. | | |
| s) | **Litigation Consulting:** | 0 | $0.00 |
| | Providing consulting and expert witness services related to various bankruptcy matters such as insolvency, feasibility, avoiding actions; forensic accounting, etc. | | |
| t) | **Reconstruction Accounting:** | 0 | $0.00 |
| | Reconstructing books and records from past transactions and bringing accounting current. | | |
| u) | **Tax Issues:** | 0 | $0.00 |
| | Analysis of tax issues and preparation of state and federal tax returns. | | |
| v) | **Valuation:** | 0 | $0.00 |
| | Appraise or review appraisals of assets. | | |
| w) | **Travel Time** | 94.0 | $26,924.50 |
| | **SERVICE TOTALS** | **2,600.3** | **$1,547,686.00** |

5

## SECTION III SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | | AMOUNT |
|---|---|---|
| a) | **Filing Fees**<br>Payable to Clerk of Court. | $1,317.00 |
| b) | **Computer Assisted Legal Research**<br>Westlaw, Lexis and a description of manner calculated. | 00.00 |
| c) | **Pacer Fees**<br>Payable to the Pacer Service Center for search and/or print. | 00.00 |
| d) | **Fax**<br>Include per page fee charged. | 00.00 |
| e) | **Case Specific Telephone/Conference Call Charges**<br>Including Court Conference and/or Hearings. Exclusive of overhead charges. | 00.00 |
| f) | **In-house Reproduction Services**<br>Exclusive of overhead charges. | $53.58 |
| g) | **Outside Reproduction Services**<br>Including scanning services. | 00.00 |
| h) | **Other Research**<br>Title searches, UCC searches, Asset searches, Accurint. | 00.00 |
| i) | **Court Reporting**<br>Transcripts. | $16,312.25 |
| j) | **Travel**<br>Mileage, tolls, airfare, parking. | $5,814.80 |
| k) | **Courier & Express Carriers**<br>Overnight and personal delivery. | $77.16 |
| l) | **Postage** | $90.61 |
| m) | **Other** | $661.22 |
| **DISBURSEMENTS TOTAL:** | | $24,326.62 |

I certify under penalty of perjury that the above is true.

Date: September 8, 2023          */s/ Paul R. DeFilippo*
                                         Signature

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
ATTORNEYS FOR DEBTOR

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date: October 18, 2023** |

**TO:    HONORABLE MICHAEL B. KAPLAN**
**UNITED STATES BANKRUPTCY JUDGE**

Wollmuth Maher & Deutsch LLP (the "Firm" or "Applicant"), co-counsel for LTL Management, LLC, Chapter 11 Debtor (the "Debtor"), hereby submits its First and Final Fee Application for Allowance of Fees and Reimbursement of Expenses as Counsel for the Debtor for the Period from April 4, 2023 Through August 11, 2023 (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331, the *Order Establishing Procedures for Interim Compensation and*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

7

*Reimbursement of Retained Professionals* (the "Compensation Order") [Dkt. No. 562], *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* (the "Dismissal Order) [Dkt. 1211], and D.N.J. 2016-1.  By this Application, the Firm seeks allowance of compensation in the amount of $1,547,686.00 and reimbursement of actual and necessary expenses in the amount of $24,326.62, for the period of April 4, 2023 through August 11, 2023 (the "Compensation Period").  In support of this application, the Firm respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2).  The statutory predicates for the relief requested herein are Sections 330 and 331 under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time (the "Bankruptcy Code").

2. By Order dated June 14, 2023, the Court authorized the Debtor to retain the Firm as Co-Counsel for the Debtor, effective as of April 4, 2023.  A true and correct copy of the Order authorizing the Firm's retention is annexed hereto as **Exhibit A**.

3. In accordance with Rule 2016-1 of the Local Rules for the District of New Jersey and the United States Trustee Fee Guidelines, annexed to this Application as **Exhibit B** are detailed time records of the Firm's services that were included in Monthly Fee Statements previously filed and served in accordance with the Compensation Order and rendered during the applicable time period, describing the nature of the services rendered to the Debtor each day, the time devoted to such services in increments of one-tenth of an hour, and the identity of all

8

professionals and paraprofessionals performing the services. Also included in **Exhibit B** are detailed descriptions of the Firm's actual expenses, to the extent any were incurred during the relevant time period.

4. The Firm has expended a total of 2,600.3 hours rendering services as the Debtor's counsel during the Compensation Period, having a value of $1,547,686.00. The blended hourly rate for attorneys is $634.51 and the total blended hourly rate is $595.20. The blended rate for the Compensation Period by the various categories of professionals and paraprofessionals is:

- Partner: $915.99
- Associate: $509.66
- Law Clerk: $355.00
- Summer Associate: $305.00
- Paralegal: $235.00

The rates charged by the Firm are reasonable and reflect the Firm's conscientious efforts to have personnel with appropriate experience, and where possible with lower hourly rates, perform services whenever the complexities and exigencies of the matter permitted.

5. During the Compensation Period, the Firm filed the Monthly Fee Statements[1] below, and held back 20% of fees requested for each Monthly Fee Statement period:

- First Monthly Fee Statement for the Period of 04/04/2023 through 04/30/2023 [Dkt. 848] ($74,252.20 held back);

- Second Monthly Fee Statement for the Period of 05/01/2023 through 05/31/2023 [Dkt. 1017] ($86,618.20 held back);

---

[1] Both the Debtor and the United States Trustee were served the five Monthly Fee Statements and will be served this Final Fee Application upon filing. Epiq serves all fee applications and Monthly Fee Statements in accordance with the requirements of the Compensation Order, which provides for service on the Debtor and the U.S. Trustee, among other parties. Additionally, the Debtor received the Monthly Fee Statements that make up the Application before the Application was filed, and reviews those Monthly Fee Statements.

- Third Monthly Fee Statement for the Period of 06/01/2023 through 06/30/2023 [Dkt. 1156] ($82,639.35 held back);

- Fourth Monthly Fee Statement for the Period of 07/01/2023 through 07/31/2023 [Dkt. 1325] ($51,289.90 held back); and

- Fifth Monthly Fee Statement for the Period of 08/01/2023 through 08/11/2023 [Dkt. 1326] ($14,737.55 held back).

6. No objections to the Firm's First, Second or Third Monthly Fee Statements were filed, and the Firm filed certifications of no objection related to those Monthly Fee Statements. Dkt. Nos. 988, 1119, 1249. As of the date of this Application, the objection deadline for the Fourth and Fifth Monthly Fee Statements have not passed. To date, no party has objected to the Fourth or Fifth Monthly Fee Statements.

7. During the Compensation Period, the Firm was required to furnish substantial services to the Debtor, which occupied various professionals within the Firm. To assist the Court in evaluating the nature, extent and reasonableness of the compensation requested, the following is a narrative summary of some of the more significant services rendered:

**SUMMARY DESCRIPTION OF SERVICES DURING THE COMPENSATION PERIOD**

8. The Firm rendered professional services to the Debtor as necessary and appropriate in furtherance of the Debtor's duties and functions in the Chapter 11 Case, including, but not limited to, the following matters detailed below.

**A. Local Counsel Services in the Case**

9. The Firm prepared and filed numerous notices of appearance and applications for admission pro hac vice in the main bankruptcy proceeding, adversary proceeding, and District Court appeals cases.

10. The Firm facilitated the filing of all documents filed on behalf of the Debtor and its professionals (other than certifications of service). Additionally, the Firm assisted in the

10

preparation of numerous documents and counseled the Debtor regarding application of local bankruptcy rules.

11. During the Compensation Period, the Firm met and/or conferred with, among others, the Debtor, the U.S. Trustee, Official Committee of Talc Claimants ("TCC"), the Debtors professionals (including co-counsel, special counsel, financial advisors).

12. The Firm also appeared at all hearings, trials and conferences held by the Court during the Compensation Period and provided support to the Debtor in connection with those appearances.

13. Notwithstanding the Firm's critical role as local counsel, the Firm continually coordinated with Debtor's other professionals in order to minimize any duplication of services.

**B.    Documents Related to Retention**

14. The Firm prepared, reviewed, drafted, and filed multiple declarations and documents related to retention of the Debtor's professionals. The Firm also assisted in the drafting, finalization and filing of Ordinary Course Professional declarations and related invoices. The Firm was involved in facilitating the preparation and filing of all documents related to retention of the Debtor's professionals. As local counsel, all aspects of the retention applications fall to the Firm to facilitate (at a minimum) the filing of responses to, and in many cases, the drafting of such responses in compliance with the local rules. The Firm was directly involved in the retention applications, supplemental applications, OCP declarations, pro hac vice applications and all related pleadings of, at a minimum, the following professionals: (i) the Firm, (ii) Shook, Hardy & Bacon, L.L.P., (iii) King & Spalding LLP, (iv) Bates White, LLC, (v) Blake, Cassels & Graydon LLP, (vi) Skadden, Arps, Slate, Meagher & Flom LLP, (vii) McCarter & English LLP, (viii) Epiq Corporate Restructuring, LLC, (ix) Jones Day, (x) Weil, Gotshal &

11

Manges LLP, (xi) AlixPartners, LLP, (xii) Orrick, Herrington & Sutcliffe LLP, (xiii) Signal Interactive Media, LLC, and (xiv) Sills Cummis & Gross P.C.

15. The Firm also analyzed issues, counseled the Debtor, engaged in meet and confers, and negotiated with the U.S. Trustee and TCC regarding the Debtor's professionals' retention applications, all of which were fully approved by the Court. The Firm was frequently requested to assist the Debtor's proposed professionals in their compliance with the disclosure and filing requirements under the Code, the local bankruptcy rules and the U.S. Trustee's published guidelines.

C. **Fee Applications**

16. As local counsel, the Firm was heavily involved in the Fee Application process for the Firm and all of the Debtor's professionals. This includes facilitation and assistance in the drafting, finalization and filing of monthly fee statements for the Firm and the Debtor's professionals and certifications of no objection regarding those monthly fee statements. As a part of this process, the Firm provides exemplars and assistance with these documents for the Debtor's professionals that have less familiarity with bankruptcy requirements and advises the Debtor's professionals regarding the bankruptcy rules and local procedure. This requires the Firm to review each document for privilege, accuracy, and sufficiency of description, as well as compliance with the U.S. Trustee's Guidelines, and all other local rules and procedure. This is an important and time-consuming process, which is responsible for a significant portion of the time the Firm spends on this case. During the Compensation Period, the Firm filed 35 documents related to fee applications for the Debtor's professionals, including the Firm. For each of these documents, the Firm was not only required to file, but also participate in and assist in the review and drafting process of each.

### D. Discovery

17. The Firm also expended resources throughout the Compensation Period taking part in discovery negotiations. The Firm reviewed numerous discovery demands served on the Debtor by the TCC and facilitated the drafting, finalization, and filing of letters to the Court regarding discovery, including consent orders establishing discovery procedures in contested matters and discovery issues in connection with the motions to dismiss.

18. The Firm also participated in and attended phone conferences with bankruptcy parties and discovery conferences and counseled the Debtor with respect thereto, including the requirements of the local bankruptcy rules.

### E. Litigation

19. The Firm has been active in a number of Debtor's litigation processes, including facilitating the drafting, finalization and filing of several motions, objections and responses, including, but not limited to: adversary complaint and related motion for a temporary restraining order and preliminary injunction; motion and reply regarding future claims representative; motion regarding mediation procedures; motion regarding satisfying obligations from prior case dismissal order; motion regarding service procedures and objection to direct certification in the adversary proceeding; motions to seal; motion regarding disclosure statement deadlines; opposition to lift stay motion; motion regarding procedures for interim compensation; objection to and cross-motion for protective order; objection to motion to de-designate exhibit A of the term sheet and omnibus response to objections to Debtor's confidentiality designations; objection to motion to compel discovery; objection to motion to compel unredacted documents; reply in support of motion regarding disclosure statement deadlines; opposition to cross-motion to suspend the case; motion regarding ACH expense reimbursement agreement; motions to

compel the TCC and identified plaintiffs to supplement certain responses to interrogatories and requests for production; objection to motions to dismiss; objection to motions for an order certifying direct appeal of preliminary injunction order to the Third Circuit; motion for a bridge order regarding the automatic stay; motion to waive 3003-1 rule requirements; motion for an order authorizing retention and compensation of ordinary course professionals; motion to extend and modify the preliminary injunction order; motion to establish bar dates and related procedures; objection to motion to terminate the Debtor's exclusive periods; objections to motion to preclude expert testimony; response to TCC's objections to Debtor's deposition designations; reply in support of motion regarding ACH expense reimbursement agreement; response to Paul Crouch objection to proffered expert testimony; sur-reply in support of omnibus objection to motions to dismiss and motion to seal; objections to TCC's exhibit lists for hearing on the motions to dismiss; response to MRHFM's objection to Debtor's declarations; reply in support of motion to extend and modify the preliminary injunction order; motion to extend removal period; solicitation motion; objection to FCR disqualification motion; and objection to substantial contribution motions.

20.    The Firm also facilitated the drafting, finalization and filing of numerous documents, including, but not limited to: chapter 11 petition; first day motions and first day declaration; statement regarding refiling; amended list of top law firms with significant talc claims; list of creditors who have the 20 largest unsecured claims; notice of commencement and meeting of creditors; deposition designations; chapter 11 plan and disclosure statement, amended exhibit to chapter 11 plan, amended chapter 11 plan, and amended disclosure statement; omnibus reservations of rights and limited objection with respect to the TCC professionals' retention applications; periodic report regarding value, operations, and profitability of related entities;

applications for retention of professionals to the Debtor and supplemental certifications and omnibus declaration in support of retention applications; schedules and statement of financial affairs; supplemental declaration regarding plan support agreements; exhibit lists for hearing on the motions to dismiss; notices of appearance and applications for admission *pro hac vice* for Debtor's professionals in the main and adversary cases; notices of appearance, corporate disclosure statements, certificates of service, and applications for admission *pro hac vice* for Debtor's professionals in the district court appeals cases; designation of record on appeal from district court appeals cases; applications to shorten time; letters to Judge Kaplan regarding discovery, scheduling issues, TCC professional fees, and the dismissal order; proposed findings and fact and conclusions of law regarding the motions to dismiss; ordinary course professional declarations; monthly fee statements, certifications of no objection regarding monthly fee statements and other documents for the Debtor's professionals; adjournment requests; stipulation regarding motion to dismiss hearing evidence; orders related to preliminary injunction extension and dismissal; hearing agendas; and monthly operating reports.

21. The Firm analyzed issues and counseled the Debtor with respect to, among other things, motions to dismiss, temporary restraining order, preliminary injunction, appointment of the FCR, appeals related to the preliminary injunction and appointment of the FCR, motion to lift stay.

22. The Firm actively participated in the trial on the motions to dismiss, preliminary injunction, and related adversary proceedings. The Firm spent a significant amount of time preparing for and participating in these proceedings, and counseling the Debtor with respect thereto, including with respect to the requirements of the local bankruptcy rules.

**F.     Chapter 11 Administration**

23.     During the Compensation Period, the Firm interfaced on a daily basis with the Debtor and/or its other professionals to facilitate the Debtor's administrative processes, including adherence to the local bankruptcy rules and filing procedures.

24.     The Firm reviewed, assisted in drafting and filed hearing agendas before regularly scheduled hearings before the Court.  The Firm also assisted the Debtor and co-counsel in extending the deadline for the Debtor to file its Schedules and Statement of Financial Affairs and coordinated with the Debtor and its professionals, including co-counsel, special counsel and financial advisors regarding the timely preparation and filing of the Debtor's Schedules and Statement of Financial Affairs.

25.     The Firm assisted in the drafting, negotiations with the U.S. Trustee and the TCC, and submissions concerning procedures for interim compensation and/or the use of the Debtor's bank accounts, culminating in the entry of consent orders governing those matters.  Additionally, the Firm coordinated with the Debtor's professionals, including co-counsel, special counsel, financial advisors, and the U.S. Trustee regarding the filing of the Debtor's monthly operating reports.  The Firm also prepared for, attended, and engaged with the U.S. Trustee regarding the initial debtor interview and 341 meeting.

26.     In rendering services to the Debtor during the Chapter 11 Case, the Firm's legal team has been composed primarily of professionals with extensive experience in bankruptcy and in related litigation.  These professionals have coordinated assignments both internally and with other professionals of the Debtor to maximize efficiency and avoid any duplication of effort.

27.     All services were rendered by Applicant at the request of the Debtor and were necessary, reasonable and appropriate under the circumstances and beneficial to the estate at the

16

time the services were rendered. The compensation sought by the Firm in this Application is comparable to or less than customary compensation sought by comparably skilled professionals in cases under the Bankruptcy Code. In addition, the compensation sought is based on Applicant's standard and usual rates for similar services in representations other than under the Bankruptcy Code.

28.     The services provided by Applicant during the Compensation Period were rendered to ensure no unnecessary duplication and are grouped into the billing categories. The attorneys and professionals who rendered services relating to each category are identified in the above attachment and summaries of the hours and fees of each for the Compensation Period and the total compensation by billing category is included herein.

29.     Given the nature and value of the services that Applicant provided to the Debtor as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code given the complexity of the case; the time expended by attorneys and professionals; the nature and extent of the services rendered; the value of such services; and the costs of comparable services other than in a case under the Bankruptcy Code.

30.     The Firm has received no payment and no promises for payment from any source for services rendered in connection with this case other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Applicant and any other person (other than members of Applicant) for the sharing of compensation to be received for the services rendered in the case.

## CERTIFICATION OF COUNSEL

31.     A Certification of Counsel is attached hereto as **Exhibit C**.

**COMPLIANCE WITH GUIDELINES**

32. The Firm believes that this Application substantially complies with the local rules of this Court and the United States Trustee's guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, the Firm respectfully requests a waiver or an opportunity to cure.

**CONCLUSION**

**WHEREFORE**, the Firm respectfully requests entry of an Order (a) approving and allowing, on a final basis, (i) compensation for the Applicant for its duly authorized, necessary and valuable services to the Debtor during the Compensation Period in the aggregate amount of $1,547,686.00 and (ii) reimbursement of actual and necessary expenses incurred during the Compensation Period of $24,326.62; (b) directing the Debtor to pay the outstanding amounts in accordance with the priorities of the Bankruptcy Code; and (c) granting such other and further relief as the Court deems just and proper.

Dated: September 8, 2023
New York, New York

Respectfully submitted,

**WOLLMUTH MAHER & DEUTSCH LLP**

/s/ *Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
Stephanie A. Weaver, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com
sweaver@wmd-law.com