# **EXHIBIT C**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br>*ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

## CERTIFICATION OF PAUL R. DeFILIPPO, ESQUIRE

I, Paul R. DeFilippo, of full age, hereby certify as follows:

1.      I am a partner with the law firm of Wollmuth Maher & Deutsch LLP (the "Firm"), 500 Fifth Avenue, New York, New York 10110, co-counsel to LTL Management LLC (the "Debtor") in the above-captioned matter.  I submit this Certification in connection with the Firm's First and Final Fee Application for Allowance of Fees and Reimbursement of Expenses as Counsel for Chapter 11 Debtor for the Period from April 4, 2023 through August 11, 2023 (the "Application").

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

3. In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or any attorney of my firm.

4. The following is provided in response to the request for additional information set forth in ¶ C.5 of the Revised UST Guidelines.

**Question**: Did the Firm agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period?

**Answer**: No.

**Question**: If the fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the Debtor?

**Answer**: N/A

**Question**: Have any of the professionals included in this Application varied their hourly rate based on the geographic location of these chapter 11 cases?

**Answer**: No; the hourly rates used by the Firm in representing the Debtor are consistent with the rates the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

**Question**: Does the Application include time or fees relating to review, revising, or reducing time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer**: Except as previously disclosed in the prior Monthly Fee Statements, this Application does not include any time or fees related to reviewing, revising or preparing invoices.

**Question**: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: Time and fees spent reviewing time records to redact privileged or confidential information are included as a subset of time referenced in response to the question immediately above.

**Question**: If the Application includes any rate increases since the Firms' retention, did the Debtor review and approve of those rate increase in advance? Did the Debtor agree when retaining the Firm to accept all future rate increases?

**Answer**: N/A.

5. I have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines, the Compensation Order[1], and the Dismissal Order and certify to the best of my

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

knowledge and belief that this Application substantially complies with such local rule, order and guidelines.

I certify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, information, and belief.

Dated:  September 8, 2023

                                                    /s/  *Paul R. DeFilippo*
                                                    Paul R. DeFilippo