**EXHIBIT A – Retention Order**



|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | Order Filed on June 15, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br><br><br>**BLAKE, CASSELS & GRAYDON LLP**<br>Linc Rogers<br>199 Bay Street, Suite 4000<br>Toronto, Ontario M5L 1A9<br>Telephone: 416-863-2400<br>Fax: 416-863-2653<br>Email: linc.rogers@blakes.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

### ORDER AUTHORIZING RETENTION OF
### BLAKE, CASSELS & GRAYDON LLP EFFECTIVE AS OF APRIL 4, 2023

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 15, 2023**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Blake, Cassels & Graydon LLP Effective as of April 4, 2023

Upon the applicant's, LTL Management LLC (the "Debtor"), request for authorization to retain Blake, Cassels & Graydon LLP ("Blakes") as counsel to the Debtor, effective as of April 4, 2023, it is hereby **ORDERED**:

1. The Application is granted to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Blakes as its special counsel in the Chapter 11 Case, effective as of the Petition Date.

3. Blakes' role as counsel to the Foreign Representative[2] shall be limited to administering the CCAA Matters and seeking (a) recognition of orders in the Chapter 11 Case (the "Chapter 11 Orders") and (b) such ancillary and complimentary relief needed to give effect to the Chapter 11 Orders in Canada.

4. Blakes shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties in interest with respect to any such fee requests are fully preserved.

5. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

6. Blakes shall bill only 50% for its services for non-working travel.

7. Blakes shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Blakes' fee applications in this case.

8. Blakes will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C.*

---

[2]    Capitalized terms not defined herein shall have the meaning given to them in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing Retention of Blake, Cassels & Graydon LLP Effective as of April 4, 2023

*§ 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

9. Blakes will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

10. Blakes shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

11. Blakes shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

12. At least ten (10) days before implementing any increases in Blakes' rates for professionals in this case, Blakes' shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

13. Blakes shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Blakes to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

14. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

15. To the extent Blakes engages any outside experts, such as accountants, economists, appraisers or investigators, to assist in this engagement, the Debtor shall file separate applications to retain such professionals.

16. Notwithstanding anything to the contrary in the December 22, 2021 Engagement Letter, no interest shall be charged if payment of an invoice is greater than thirty (30) days.

17. Notwithstanding anything to the contrary in the December 22, 2021 Engagement Letter, subject to (i) Blakes' right to withdraw in accordance with applicable rules of professional conduct (including Section 3.7 of the Law Society of Ontario Rules of Professional Conduct and similar Rules in other Provinces of Canada) and (ii) any order of a court of competent jurisdiction in Canada, the December 22, 2021 Engagement Letter may not be terminated prior to the completion of services set forth therein unless (x) by order of the Court or (y) another law firm is substituted for Blakes to represent the Foreign

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Blake, Cassels & Graydon LLP Effective as of April 4, 2023

>Representative and the Debtor prior to termination.  Any such order approving termination may be sought by motion or shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.  If Blakes withdraws or is required to withdraw under the applicable rules of professional conduct in Canada or any order of a court of competent jurisdiction in Canada, Blakes shall provide five business days' notice prior to termination of the Engagement Letter to the U.S. Trustee and any official committee(s) of tort claimants appointed in the Chapter 11 Case.