**EXHIBIT C – Certification of Counsel**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | **BLAKE, CASSELS & GRAYDON LLP**<br>Linc Rogers<br>199 Bay Street, Suite 4000<br>Toronto, Ontario M5L 1A9<br>Telephone: 416-863-2400<br>Fax: 416-863-2653<br>Email: linc.rogers@blakes.com<br><br>*SPECIAL COUNSEL TO DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[5]<br><br>                             Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

## CERTIFICATION OF LINC ROGERS

**LINC ROGERS**, certifies pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a partner of Blake, Cassels & Graydon LLP ("**Blakes**"), special counsel to the Debtor, LTL Management LLC (the "**Debtor**"), both in its capacity as the Foreign Representative in the Canadian Recognition Proceedings and as a co-defendant (directly or as successor to its corporate

---

[5] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

predecessor, referred to as "**Old JJCI**") in the talc-related proceedings commenced in Canada. I submit this Certification in connection with Blakes' Final Fee Application for allowance of fees and reimbursement of expenses incurred as special counsel to the Debtor for the period from April 5, 2023 through August 11, 2023 (the "**Application**").

2. All terms not otherwise defined herein have the meanings as set out in the Application.

3. In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

4. In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or any attorney of my firm.

5. Pursuant to section C5 of the UST Guidelines, Blakes makes the following statements and responses:

**Question (a):** Did Blakes agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer:** As noted in the Application, the hourly rates charged reflect the reduced rate fee structure agreed with the Debtor's parent for the Canadian talc litigation, which reduced rate fee structure has been extended to the Debtor.

**Question (b):** If the fees sought in this Application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer:** N/A

**Question (c):** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer:** No.

**Question (d):** Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices. If so, please quantify by hours and fees.

**Answer:** Yes, the Application includes some limited time spent reviewing time entries to address any privilege concerns.

**Question (e):** Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** Please see above.

**Question (f):** If the Application includes any rate increases since retention, (i) did the Debtor review and approve those rate increases in advance; and (ii) did the Debtor agree when retaining Blakes to accept all future rate increases?

**Answer:** N/A

6. We have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines and the Compensation Order, and I certify to the best of my knowledge and belief that this Application substantially complies with such local rule, order and guidelines.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated:  September 8, 2023

*/s/ Linc Rogers*
Linc Rogers
**Blake, Cassels & Graydon LLP**
199 Bay Street
Suite 4000, Commerce Court West
Toronto, Ontario  M5L 1A9

*Special Counsel to the Debtor*