## **EXHIBIT A**

Retention Order

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **Order Filed on June 20, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey**<br><br><br><br>**SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP**<br>Allison M. Brown, Esq.<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3222<br>Facsimile: (917) 777-3222<br>Email: Allison.Brown@skadden.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 20, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the *Application for Retention of Skadden, Arps, Slate, Meagher & Flom LLP, Effective as of April 4, 2023* (the "<u>Application</u>")[2] of LTL Management LLC (the "<u>Debtor</u>") for authorization to retain Skadden, Arps, Slate, Meagher & Flom LLP ("<u>Skadden</u>") as counsel to the Debtor, effective as of April 4, 2023, it is hereby **ORDERED**:

1. The Application is GRANTED to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Skadden as its special counsel in the Chapter 11 Case, effective as of the Petition Date, April 4, 2023.

3. Notwithstanding the Skadden Engagement Letter attached as Exhibit A to the Application, Skadden shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, (the "<u>Fee Guidelines</u>"), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties in interest with respect to any such fee requests, and the right of Skadden to respond to any such objection, are fully preserved.

4. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Skadden shall bill only 50% for its services for non-working travel.

6. Skadden shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this case.

7. Skadden shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Skadden's fee applications in this case.

8. Skadden shall not charge a markup with respect to fees billed by contract attorneys or independent contractors or subcontractors who are hired by Skadden to provide services in this matter and shall ensure that any such contract attorneys or independent contractors or subcontractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. At least ten (10) days before implementing any increases in Skadden's rates for professionals in this case, Skadden shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

10. Skadden will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

11. Skadden shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

12. All parties in interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

13. The U.S. Trustee reserves all rights to object to any indemnification request J&J may pursue against the Debtor related to Skadden's fees, including the success fee, associated with the Valadez trial.