| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **WOLLMUTH MAHER & DEUTSCH LLP** | **WEIL, GOTSHAL & MANGES LLP** |
| Paul R. DeFilippo, Esq. | Diane Sullivan, Esq. |
| 500 Fifth Avenue | Ronit Berkovich, Esq. |
| New York, New York 10110 | Theodore Tsekerides, Esq. |
| Telephone: (212) 382-3300 | Matthew P. Goren, Esq. |
| Facsimile: (212) 382-0050 | 767 Fifth Avenue |
| pdefilippo@wmd-law.com | New York, NY 10153 |
| | Telephone: (212) 310-8000 |
| **JONES DAY** | Facsimile: (212) 310-8007 |
| Gregory M. Gordon, Esq. | Email: Diane.Sullivan@weil.com |
| Brad B. Erens, Esq. | Ronit.Berkovich@weil.com |
| Dan B. Prieto, Esq. | Theodore.Tsekerides@weil.com |
| Amanda Rush, Esq. | Matthew.Goren@weil.com |
| 2727 N. Harwood Street | |
| Dallas, Texas 75201 | *Special Counsel for Debtor* |
| Telephone: (214) 220-3939 | |
| Facsimile: (214) 969-5100 | |
| gmgordon@jonesday.com | |
| bberens@jonesday.com | |
| dbprieto@jonesday.com | |
| asrush@jonesday.com | |
| (Admitted pro hac vice) | |
| *Attorneys for Debtor* | |
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date: October 18, 2023** |

**SUMMARY SHEET FOR APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS SPECIAL COUNSEL TO THE DEBTOR, FOR FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

### *General Information*

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP ("**Weil**") |
| Authorized to Provide the Following Services: | Special Counsel to LTL Management LLC |
| Petition Date: | April 4, 2023 (the "**Petition Date**") |
| Retention Date: | June 14, 2023 *nunc pro tunc* to April 4, 2023 [Docket No. 780] (the "**Retention Order**") |
| Prior Interim Applications: | None |
| Time Period Covered by This Application: | April 4, 2023 through and including August 11, 2023 (the "**Final Compensation Period**") |

### *Summary of Fees and Expenses Requested for Final Compensation Period*

| | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $198,451.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $644.28 |
| Total Fees and Expenses Requested for the Final Compensation Period: | $199,095.53 |

### *Total Fees and Expenses Allowed Pursuant to Prior Applications*

| | |
|---|---|
| Total Allowed Fees Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |
| Total Allowed Fees and Expenses Paid to Date: | $0 |

### *Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements*

| | |
|---|---|
| Fees Sought for this Compensation Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed: | $0 |
| Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed: | $0 |

Total Fees and Expenses Sought for this Compensation Period
Already Paid Pursuant to Monthly Fee Statements But Not Yet
Allowed:                                                                                            $0

Total Fees and Expenses Sought for this Compensation Period
Not Yet Paid:                                                                                  $199,095.53

### *Summary of Rates and Other Related Information for Final Compensation Period*

Blended Rate in this Application for All Attorneys:                      $955.38


Blended Rate in this Application for All Timekeepers:                  $906.53

Number of Timekeepers Included in this Application:                  11 (9 Attorneys;
                                                                                           2 Paraprofessionals)

Number of Attorneys in this Application Not Included in
Staffing Plan Discussed with Client:                                           0

Difference Between Fees Budgeted and Compensation Sought
for this Period:                                                                           $96,548.75

Number of Attorneys Billing Fewer than 15 Hours to the Case
During the Compensation Period:                                              4

Increase in Rates Since Date of Retention:                                No


**This is an:      \_\_\_\_ interim \_\_X\_\_ final application.**

### SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed and Docket No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date[2 & 3] | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| 08/31/2023 Docket No. 1294 | April 4, 2023 through June 30, 2023 | $168,715.50 | $262.77 | $0 | $0 |
| 09/07/2023 Docket No. 1330 | July 1, 2023 through August 11, 2023 | $29,735.75 | $381.51 | $0 | $0 |
| **Total** | | $198,451.25 | $644.28 | $0 | $0 |

Summary of Any Objections to Monthly Fee Statements: None

**Compensation Sought in this Application Not Yet Paid:  $198,451.25**

**Expenses Sought in this Application Not Yet Paid:  $644.28**

---

[2]    As of the date of this Final Fee Application, the 14-day review period for Weil's First Monthly Fee Statement has yet to expire. In the event no timely objections or responses are received, the Debtor, in accordance with the Interim Compensation Order, is authorized to pay Weil $135,235.17 representing 80% of the fees and 100% of the expenses incurred during the applicable monthly fee period.

[3]    As of the date of this Final Fee Application, the 14-day review period for Weil's Second Monthly Fee Statement has yet to expire. In the event no timely objections or responses are received, the Debtor, in accordance with the Interim Compensation Order, is authorized to pay Weil $24,170.11 representing 80% of the fees and 100% of the expenses incurred during the applicable monthly fee period.

## COMPENSATION BY PROFESSIONAL
## APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023

The attorneys and paraprofessionals who rendered professional services in this chapter 11 case during the Final Compensation Period are:

| NAME OF PROFESSIONAL & TITLE | DEPARTMENT[†] | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| *Partners and Counsel* | | | | | |
| Cailteux, Konrad L. | LIT | 1985 | $1,550.00 | 1.10 | $1,705.00 |
| Sullivan, Diane P. | LIT | 1987 | $1,550.00 | 22.20 | $34,410.00 |
| Tsekerides, Theodore E. | LIT | 1994 | $1,550.00 | 6.00 | $9,300.00 |
| Berkovich, Ronit J. | RES | 2002 | $1,550.00 | 21.60 | $33,480.00 |
| Goren, Matthew P. | RES | 2007 | $1,300.00 | 35.90 | $46,670.00 |
| *Associates* | | | | | |
| Friedman, Julie | RES | 2003 | $775.00 | 8.30 | $6,432.50 |
| George, Jason | RES | 2019 | $970.00 | 89.00 | $86,330.00 |
| Rose, Alexandra Katherine | LIT | 2020 | $970.00 | 6.50 | $6,305.00 |
| Dobbs, Ashlynn | RES | 2023 | $605.00 | 121.40 | $73,447.00 |
| *Paraprofessionals* | | | | | |
| Lee, Kathleen Anne | RES | N/A | $395.00 | 10.10 | $3,989.50 |
| Fabsik, Paul | RES | N/A | $395.00 | 19.70 | $7,781.50 |
| | | | **TOTALS:** | **341.80[4]** | **$309,850.50[5]** |
| | | **TOTAL FEES REQUESTED (LTL portion):** | | | **$198,451.25** |

---

[†]   RES – Restructuring; LIT – Litigation
[4]   Represents the total number of hours for the work performed (i) solely for LTL and (ii) jointly for LTL and J&J.
[5]   Represents the total amount of compensation for the work performed (i) solely for LTL and (ii) jointly for LTL and J&J, including the amounts billed to J&J.

The total fees for the Final Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,446.60 | 86.80 | $125,565.00 |
| Associates | $766.05 | 225.20 | $172,514.50 |
| Paraprofessionals | $395.00 | 29.80 | $11,771.00 |
| **Blended Attorney Rate** | **$955.38** | | |
| **Blended Rate for All Timekeepers** | **$906.53** | | |
| **Total Fees Incurred:** | | **341.80[6]** | **$309,850.50[7]** |

---

[6] Represents the total number of hours for the work performed (i) solely for LTL and (ii) jointly for LTL and J&J.

[7] Represents the total amount of compensation for the work performed (i) solely for LTL and (ii) jointly for LTL and J&J, including the amounts billed to J&J.

**COMPENSATION BY PROJECT CATEGORY**
**APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023**

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT | LTL % | LTL PORTION |
|---|---|---|---|---|---|
| L120 | Strategy | 142.30 | $163,060.00 | 50% | $81,530.00 |
| L320 | Document Collection & Production | 22.70 | $12,688.50 | 50% | $6,344.25 |
| L450 | Court Conferences & Hearings | 59.70 | $46,856.00 | 50% | $23,428.00 |
| L601 | Automatic Stay | 0.20 | $194.00 | 50% | $97.00 |
| L602 | Weil Retention/Fee Application Preparation | 116.30 | $86,122.00 | 100% | $86,122.00 |
| L604 | Imerys/Cyprus info for LTL | 0.60 | $930.00 | 100% | $930.00 |
| **Total Fees Requested:** | | **341.80** | **$309,850.50** | | **$198,451.25** |

**EXPENSE SUMMARY**
**APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023**

| DISBURSEMENTS | AMOUNTS | LTL % | LTL PORTION |
|---|---|---|---|
| Court Reporting | $420.50 | 50% | $210.25 |
| Duplicating | $18.06 | 50% | $9.03 |
| Online News Monitoring | $850.00 | 50% | $425.00 |
| **Total Disbursements Requested:** | **$1,288.56** | | **$644.28** |

I certify under penalty of perjury that the above is true.


Dated: September 8, 2023                    */s/ Ronit J. Berkovich*
                                           Ronit J. Berkovich

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admitted pro hac vice) <br><br> *Attorneys for Debtor* | **WEIL, GOTSHAL & MANGES LLP** <br> Diane Sullivan, Esq. <br> Ronit Berkovich, Esq. <br> Theodore Tsekerides, Esq. <br> Matthew P. Goren, Esq. <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Email: Diane.Sullivan@weil.com <br>       Ronit.Berkovich@weil.com <br>       Theodore.Tsekerides@weil.com <br>       Matthew.Goren@weil.com <br><br> *Special Counsel for Debtor* |
| In re <br><br> LTL MANAGEMENT LLC,[1] <br><br>             Debtor. | Chapter 11 <br><br> Case No.: 23-12825 <br><br> Judge:  Michael B. Kaplan |

**APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS SPECIAL COUNSEL TO THE DEBTOR, FOR FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023</u>**

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Weil, Gotshal & Manges LLP ("**Weil**"), hereby files its application (the "**Final Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-3 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised UST Guidelines**"), for final allowance of compensation for professional services performed by Weil as special counsel for LTL Management LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for the period commencing April 4, 2023 through and including August 11, 2023 (the "**Final Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Final Compensation Period as set forth in the proposed form of order attached hereto as **Exhibit E** (the "**Proposed Order**"), and respectfully represents as follows[2]:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Final Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rules 2016-1 and 2016- 3.

---

[2]     This Final Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals Retained* [Docket No. 562] (the "**Interim Compensation Order**"), the Local Rules, and the Revised UST Guidelines.

**Background**

2.          On April 4, 2023 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

3.          On May 4, 2023, the Debtor filed its application to retain and employ Weil as special counsel [Docket No. 428], (the "**Retention Application**").[3]

4.          On June 14, 2023, the Debtor filed the *Supplemental Certification of Ronit J. Berkovich in Support of Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel as of April 4, 2023* [Docket No. 779] (the "**Supplemental Certification**").

5.          The Retention Application was approved by order dated June 14, 2023 [Docket No. 780] (the "**Retention Order**").

6.          On August 31, 2023, Weil filed its *First Monthly Fee Statement* [Docket No. 1294] (the "**First Monthly Fee Statement**"), which sought interim payment of Weil's fees and expenses for the period of April 4, 2023 through and including June 30, 2023.

7.          On September 7, 2023, Weil filed its *Second Monthly Fee Statement* [Docket No. 1330 (the "**Second Monthly Fee Statement**" and together, with the First Monthly Fee Statement, the "**First and Second Monthly Fee Statements**"), which sought interim payment of Weil's fees and expenses for the period of July 1, 2023 through and including August 11, 2023.

8.          On the date hereof, Weil filed this Final Application, which seeks final approval of the amounts sought pursuant to Weil's First and Second Monthly Fee Statements.

9.          During the Final Compensation Period, Weil advised the Debtor primarily in connection with the chapter 11 cases of *In re Imerys Talc America, Inc.*, Case No. 19-1029

---

[3]      Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Retention Application.

(LSS) (Bankr. D. Del.) (the "**Imerys Bankruptcy Case**") and *In re Cyprus Mines Corp.*, Case No.

21-10398 (LSS) (Bankr. D. Del.) (the "**Cyprus Bankruptcy Case**," and together with the Imerys

Bankruptcy Case, the "**Imerys/Cyprus Bankruptcy Cases**").  Weil's work focused on, among

other things: (i) reviewing relevant pleadings filed in the Imerys/Cyprus Bankruptcy Cases and the

Debtor's case to assess any potential impact on the Debtor and to provide relevant information to

the Debtor with respect to the Imerys/Cyprus Bankruptcy Cases; (ii) analyzing and advising the

Debtor on various potential strategies to pursue in the Imerys/Cyprus Bankruptcy Cases to protect

the Debtor's interests; (iii) reviewing and revising various drafts of the Debtor's proposed chapter

11 plan with respect to issues pertaining to the Imerys/Cyprus Bankruptcy Cases; (iv) monitoring

hearings in the Imerys/Cyprus Bankruptcy Cases and the Debtor's bankruptcy case; and

(v) preparing and filing Weil's Retention Application; and (vi) reviewing, analyzing, preparing,

and filing Weil's First and Second Monthly Fee Statements in accordance with applicable fee

guidelines and the Court's orders.

10.     Weil submits that the services for which it seeks compensation and the

expenditures for which it seeks reimbursement in this Final Application were necessary to protect

the Debtor's interests and rights in relation to the Imerys/Cyprus Bankruptcy Cases.  Weil

respectfully requests that the Court grant the Final Application and allow final compensation for

professional services performed and reimbursement for expenses incurred.

## The Debtor's Retention of Weil

11.     Weil has served as the Debtor's special counsel since the Petition Date.

Through the Retention Order, the Court approved the Retention Application to retain and employ

Weil as special counsel.  The Retention Order authorizes the Debtor to compensate and reimburse

Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation

Order, and the Revised UST Guidelines.  The Retention Order also authorizes the Debtor to

compensate Weil for services rendered and to reimburse Weil for its reasonable and necessary expenses incurred at Weil's hourly rates discounted as discussed in Weil's Retention Application and disbursement policies, subject to application to this Court.

12.      As set forth in the Retention Application, to the extent that Weil represented both the Debtor and J&J in a matter, including the Imerys/Cyprus Bankruptcy Cases, Weil has allocated 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Weil has represented solely the Debtor or J&J, Weil has allocated 100% of the fees and expenses to the entity represented.  Retention Application ¶ 6.

13.      During the Final Compensation Period, Weil utilized task codes to depict clearly how different work streams are allocated between the Debtor and J&J.  The table titled "Compensation by Project Category" in the summary sheet of this Final Application (the "**Summary Sheet**") states the portion of the fees attributed to the Debtor for each task code. With the exception of three task codes, all remaining task codes are allocated 50/50 between the Debtor and J&J, as the work benefits both of them given their joint interest in the Imerys/Cyprus Bankruptcy Cases and there being no precise method to allocate these fees and expenses to either entity as described in Weil's Retention Application and the Supplemental Certification.  Weil's Retention Application ¶ 6; Supplemental Certification ¶ 11.  Two task codes - "Imerys/Cyprus info for LTL" and "Weil Retention/Fee Application Preparation" - are charged 100% to the Debtor, as this work is necessitated solely by the Debtor's chapter 11 filing, while there is a separate task code that is allocated 100% to J&J ("**J&J Only**"), which is not reflected in the Final Application.

14.      Detailed descriptions of all services rendered and expenses incurred during the Final Compensation Period are included in the First and Second Monthly Fee Statements.

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

15.     Weil seeks allowance, on a final basis, of compensation for professional services performed during the Final Compensation Period in the amount of $198,451.25 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $644.28. During the Final Compensation Period, Weil attorneys and paraprofessionals expended a total of 341.80 hours in connection with the necessary services performed.

16.     There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this chapter 11 case.  During the Final Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application.

17.     The fees charged by Weil in this case are billed in accordance with Weil's billing rates and procedures in effect during the Final Compensation Period. The rates Weil charges for the services rendered by its professionals and paraprofessionals in this chapter 11 case are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

18.     Annexed hereto as **Exhibit A** is the Certification of Ronit J. Berkovich regarding Weil's compliance with the Revised UST Guidelines.

19.     The Summary Sheet contains a schedule of all Weil attorneys and paraprofessionals who have performed services for the Debtor during the Final Compensation Period, the capacities in which each individual is employed by Weil, the department in which each

6

individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith.

20.     The Summary Sheet also contains a summary of Weil's time records billed during the Final Compensation Period using project categories hereinafter described.  Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of this chapter 11 case.  Copies of these computerized records have been filed on the docket with Weil's Monthly Fee Statements, and furnished to the Debtor, the U.S. Trustee, the Fee Examiner, and the Court in the format specified by the Revised UST Guidelines.

21.     The Summary Sheet contains a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category.  An itemized schedule of all such expenses has been filed on the docket with Weil's monthly fee statements, and furnished to the Debtor, the U.S. Trustee, the Fee Examiner, and the Court in the format specified by the Revised UST Guidelines.

22.     Annexed hereto as **Exhibit B** is a summary and comparison of the aggregate blended hourly rates billed by Weil's timekeepers in the New York office to non-bankruptcy matters during the preceding twelve month period ending August 31, 2023 and the blended hourly rates billed to the Debtor during the Final Compensation Period.

23.     Weil discussed its rates, fees, and staffing with the Debtor at the outset of this case.  Further, Weil prepared a budget and a staffing plan for the Final Compensation Period. A summary of Weil's budget and a discussion of its staffing plan are attached as **Exhibits C-D**.

Attorneys and paraprofessionals assigned to this matter were necessary to assist with the matters described herein.

24.    **Exhibit C** compares the budgeted fees (the "**Budgeted Fees**") and the actual fees and expenses incurred and being sought in the Final Application (the "**Actual Fees**").

25.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Compensation Period, but were not processed prior to the preparation of this Final Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

**Summary of Services Performed by
Weil During the Final Compensation Period**

26.    The following is a summary of the significant professional services rendered by Weil during the Final Compensation Period, organized in accordance with Weil's internal task codes.  The total hours for each task code represent the total number of hours for the work performed solely for LTL and jointly for LTL and J&J (as applicable):

    a.  Strategy (Task Code L120)
       Fees:  $163,060.00; Total Hours:  142.30

- Monitored dockets of the Imerys/Cyprus Bankruptcy Cases and the Debtor's bankruptcy case, reviewed relevant pleadings filed and orders issued therein to assess any potential impact on the Debtor and its strategy relating to the Imerys/Cyprus Bankruptcy Cases and to protect the Debtor's interests in the Imerys/Cyprus Bankruptcy Cases, and prepared updates to the Debtor regarding same;

- Reviewed, analyzed, and commented on provisions of the Debtor's chapter 11 plan relevant to Imerys/Cyprus Bankruptcy Cases and strategies; and

- Participated in internal team conferences and conferences with clients to discuss and analyze strategies and various workstreams in Imerys/Cyprus Bankruptcy Cases.

    b.  <u>Document Collection & Production (Task Code L320)</u>
       Fees:  $12,688.50; Total Hours:  22.70

- Prepared daily docket summaries of filings in the Imerys/Cyprus Bankruptcy Cases and Debtor's bankruptcy case.

    c.  <u>Court Conferences & Hearings (Task Code L450)</u>
       Fees:  $46,856.00; Total Hours:  59.70

- Monitored and attended hearings in the Imerys/Cyprus Bankruptcy Cases and the Debtor's bankruptcy case to determine the impact on the clients in the Imerys/Cyprus Bankruptcy Cases.

    d.  <u>Weil Retention/Fee Application Preparation (Task Code L602)</u>
       Fees:  $86,122.00; Total Hours:  116.30

- Prepared and filed Debtor's application to retain Weil as special counsel;

- Corresponded with the Office of the United States Trustee to address questions and issues raised by the UST with respect to Weil's Retention Application, and drafted and filed a revised retention order in response to the UST's comments;

- Prepared and filed a supplemental certification in support of Weil's retention application; and

- Prepared and filed Monthly Fee Statements.

27.     The foregoing professional services were necessary and appropriate to the Debtor's chapter 11 case and were in the best interests of the Debtor.  Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in the services for which Weil has been retained this chapter 11 case.  All of Weil's professional services were performed skillfully and efficiently.  As such, Weil submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

28.     The professional services performed by Weil on behalf of the Debtor during the Final Compensation Period required an aggregate expenditure of approximately

342 hours by Weil's partners, counsel, associates, and paraprofessionals.  Of the aggregate time expended, approximately 87 recorded hours were expended by partners and counsel of Weil, approximately 225 recorded hours were expended by associates, and approximately 30 recorded hours were expended by paraprofessionals of Weil.  Of the nine (9) Weil attorneys who billed time, four (4) billed fewer than 15 hours to this matter.  Of the two (2) Weil paraprofessionals who billed time, one (1) billed fewer than 15 hours to this matter.

29.     During the Final Compensation Period, Weil billed the Debtor for time expended by attorneys based on hourly rates ranging from $605.00 to $1,550.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Final Application of approximately $955.38 (based on 312 recorded hours for attorneys at Weil's agreed billing rates in effect at the time of the performance of services).

**Actual and Necessary Disbursements of Weil**

30.     Weil has disbursed $644.28 as expenses incurred in providing professional services during the Final Compensation Period.  These expenses were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code.  Such expenses include, but are not limited to, transcript fees, legal research, and photocopy charges.  Weil has made every effort to minimize the expenses in this matter by utilizing the most cost efficient methods of communication consistent with the necessary time restraints.

31.     With respect to photocopying expenses, in compliance with the Revised UST Guidelines, Weil charges all of its clients $0.10 per black-and-white page and $0.50 per color page.  With respect to legal research, Weil does not charge more than the actual cost.  Each of these categories of expenses does not exceed the maximum rate set by the Revised UST

10

Guidelines. These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients that do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

32.     Weil has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were those that were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor.

33.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Compensation Period, but were not processed prior to the preparation of this Final Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

## **Compliance with Guidelines**

34.     Weil believes that this Final Application substantially complies with the Local Rules and the Revised UST Guidelines. To the extent there has not been material compliance with any particular rules or guidelines, Weil respectfully requests a waiver or an opportunity to cure.

## **Notice**

35.     Notice of this Final Application will be provided in accordance with the procedures set forth in the Interim Compensation Order. Weil respectfully submits that no further notice is required.

36.      No previous request for the relief sought herein has been made by Weil or

the Debtor to this Court or any other court.

[*Remainder of page intentionally left blank*]

### Conclusion

WHEREFORE, Weil respectfully requests that the Court (i) award final allowance of Weil's compensation for professional services rendered during the Final Compensation Period in the amount of $199,095.53, consisting of $198,451.25 in fees and $644.28 in actual and necessary expenses, in all instances as incurred during the Final Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Final Compensation Period, which were not processed at the time of this Final Application, (ii) direct payment of the difference between the amounts allowed and any amounts previously paid pursuant to the Interim Compensation Order, and (iii) grant such other and further relief as is just and proper.

Dated:  September 8, 2023
       New York, New York

/s/  Ronit J. Berkovich
WEIL, GOTSHAL & MANGES LLP

Diane Sullivan
Ronit Berkovich
Theodore Tsekerides
Matthew P. Goren
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Diane.Sullivan@weil.com
      Ronit.Berkovich@weil.com
      Theodore.Tsekerides@weil.com
      Matthew.Goren@weil.com

*Special Counsel for Debtor*