# **EXHIBIT A**
## **Certification**

| | | |
|---|---|---|
| Case Name: | In re LTL Management LLC | |
| Case No.: | 23-12825 | |
| Applicant's Name: | Otterbourg P.C. | 7615314.1 |
| Date of Application: | September 8, 2023 | |
| Interim or Final: | Final | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>230 Park Avenue<br>New York, NY 10169<br>Tel:     (212) 661-9100<br>Fax:    (212) 682-6104<br>Email: mcyganowski@otterbourg.com<br>            asilverstein@otterbourg.com<br>            jfeeney@otterbourg.com<br><br>*Co-Counsel for the Official Committee of Talc Claimants* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Hon. Michael B. Kaplan |

## CERTIFICATION OF MELANIE L. CYGANOWSKI, ESQ.

Melanie L. Cyganowski, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am a member of the law firm of Otterbourg P.C., ("Otterbourg" or the "Firm"), Co-Counsel to the Official Committee of Talc Claimants in the above-captioned case (the "Case").

2. This Certification is made in support of Otterbourg's application (the "Application")[2] filed contemporaneously herewith for its first and final allowance of compensation

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms not defined herein have the meaning given to them in the Application.

| | | |
|---|---|---|
| Case Name: | In re LTL Management LLC | |
| Case No.: | 23-12825 | 1 |
| Applicant's Name: | Otterbourg P.C. | 7615314.1 |
| Date of Application: | September 8, 2023 | |
| Interim or Final: | Final | |

in the amount of $3,828,953.00 for professional services rendered and reimbursement of expenses incurred in the amount of $32,533.60 from April 4, 2023 through and including August 11, 2023 (the "Application Period").

3. On April 14, 2023, the US Trustee filed its notice that the Official Committee of Talc Claimants (the 'TCC") was appointed for the Case, and on June 14, 2023, the Court entered its order authorizing the TCC's retention and employment of Otterbourg as its co-counsel effective as of April 14, 2023 (the "Retention Order").

4. Prior to the TCC's selection of Otterbourg as co-counsel, Otterbourg was employed as of the Petition Date by the Ad Hoc Committee of Certain Talc Claimants (the "Ad Hoc Committee"), which was composed of nine of the eleven members of the official committee originally appointed in LTL 1.0 (the "Original TCC"), to protect the interests of talc claimants in the absence of an official statutory committee. The two other members from the Original TCC were not invited to participate on the Ad Hoc Committee because they were represented by counsel who had signed nondisclosure agreements with LTL while they were serving on the Original TCC and had signed plan support agreements that purportedly bound them to recommend to their clients that they supported the Debtor's proposed chapter 11 plan in connection with LTL 2.0. The TCC was also comprised of eleven members, nine of which were the members on the Ad Hoc Committee plus two additional claimants.

5. In view of the valuable services provided by Otterbourg since the Petition Date, on August 17, 2023, a joint omnibus motion was filed by the Ad Hoc Committee and the TCC seeking, as alternative relief, an order authorizing the retention of Otterbourg (and co-counsel) effective as of the Petition Date (the "Contribution Motion"). Applicant's time and expenses for the period April 4, 2023 through April 14, 2023 (prior to the formation of the TCC), totaling $285,748.50, is

included in the total amount requested in the Application. The Contribution Motion has been adjourned to September 20, 2023.

6. I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

7. To the best of my knowledge, information and belief the Application complies with the US Trustee Guidelines; (ii) the Compensation Procedures Order; (iii) the Dismissal Order; and (iv) the Retention Order.

8. In accordance with 18 U.S.C. § 155, neither I nor any attorney of my Firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or any other party in interest, or any attorney for such person, for the purpose of fixing the amount of any fees or other compensation to be allowed out of or paid from the assets of the Debtor.

9. In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Otterbourg and any other person for the sharing of compensation to be received in connection with this Case.

10. The TCC was provided with all of the Monthly Fee Statements, including time detail, that comprise the fees and expenses being sought in the Application and have had an opportunity to object to or question any of the fees and expenses being sought.

11. Additionally, the following is provided in response to § C.5 of the US Trustee Guidelines:

    a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

        **Answer**: No.

| Case Name: | In re LTL Management LLC | |
|---|---|---|
| Case No.: | 23-12825 | |
| Applicant's Name: | Otterbourg P.C. | 7615314.1 |
| Date of Application: | September 8, 2023 | |
| Interim or Final: | Final | 3 |

    b.    **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

        **Answer**: On May 30, 2023, Otterbourg's proposed budget and staffing plan (the "Budget and Staffing Plan") for the period April 14, 2023 through July 31, 2023 was transmitted to the TCC. The TCC approved the Budget and Staffing Plan. The fees sought in the Application do not exceed the fees budgeted for the Application Period and are, in fact, considerably less than the amount budgeted.

    c.    **Question**: Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

        **Answer**: No.

    d.    **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

        **Answer**: Yes. Otterbourg spent 9.5 hours ($7,315.00) with respect to the review of time detail, excluding fees in connection with the preparation of a fee application for the Application Period.

    e.    **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

        **Answer**: No.

  f. **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

    **Answer**: N/A

I certify, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: September 8, 2023
   New York, New York    By: ___*/s/ Melanie L. Cyganowski*___
                 Melanie L. Cyganowski, Esq.

| | |
|---|---|
| Case Name: | In re LTL Management LLC |
| Case No.: | 23-12825 |
| Applicant's Name: | Otterbourg P.C. |
| Date of Application: | September 8, 2023 |
| Interim or Final: | Final |

5

7615314.1