UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**PRE-DISMISSAL FINAL FEE APPLICATION COVER SHEET FOR THE PERIOD FROM APRIL 4, 2023 THROUGH AND INCLUDING AUGUST 11, 2023[1]**

| | |
|---|---|
| Debtor: LTL Management LLC | Applicant: FTI Consulting, Inc. ("FTI") |
| Case No: Case No. 23-12825 (MBK) | Client: The Official Committee of Talc Claimants |
| Chapter: 11 | Case Filed: April 4, 2023 |

**SECTION I
FEE SUMMARY**

☐Monthly Application No._  ☐Interim Application No._ ☒Pre-Dismissal Final Fee Application

Summary of the Amounts Requested for the Period from
April 4, 2023 through August 11, 2023 (the "Application Period")

| Prior Applications | Date | Fees | Expense Reimbursement | Total Fees and Expenses Requested | Total Amount Paid To Date | Total Amount Outstanding |
|---|---|---|---|---|---|---|
| Substantial Contribution | April 4, 2023 - April 14, 2023 (Docket No. 1241) | $ 106,920.50 | $ 746.66 | $ 107,667.16 | $ - | $ 107,667.16 |
| First Monthly | April 15, 2023 - April 30, 2023 (Docket No. 837) | 271,674.75 | - | 271,674.75 | 217,339.80 | 54,334.95 |
| Second Monthly | May 1, 2023 - May 31, 2023 (Docket No. 1107) | 1,060,395.00 | 593.21 | 1,060,988.21 | 848,909.21 | 212,079.00 |
| Third Monthly | June 1, 2023 - June 30, 2023 (Docket No. 1224) | 1,420,198.50 | 2,257.16 | 1,422,455.66 | - | 1,422,455.66 |
| Fourth Monthly | July 1, 2023 - August 11, 2023 (Docket No. 1285) | 1,727,712.50 | 48,228.05 | 1,775,940.55 | - | 1,775,940.55 |
| N/A[2] | Various | 19,065.00 | 5,947.88 | 25,012.88 | - | 25,012.88 |
| | **Total** | **$ 4,605,966.25** | **$ 57,772.96** | **$ 4,663,739.21** | **$ 1,066,249.01** | **$ 3,597,490.20** |

---

[1] Pursuant to the Order Dismissing the Debtor's Chapter 11 Petition (Docket No. 1211) entered on August 11, 2023, FTI will be seeking post-dismissal fees for continuing work related to appeals, as well as in connection with preparation of its Fourth Monthly Fee Statement and this Pre-Dismissal Final Fee Application.

[2] This line reflects fees and expenses that were not included on prior monthly fee statements. Supplemental exhibits, including time and expense detail, are annexed hereto as **Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G**.

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| **Restructuring** | | | | |
| Diaz, Matthew | Senior Managing Director | $1,325 | 197.8 | $262,085.00 |
| Tully, Conor | Senior Managing Director | 1,325 | 248.0 | 328,600.00 |
| Berkin, Michael | Managing Director | 1,055 | 273.5 | 288,542.50 |
| O'Brien, Daniel | Managing Director | 1,055 | 38.8 | 40,934.00 |
| Khan, Baber | Senior Director | 925 | 87.0 | 80,475.00 |
| Eisenberg, Jacob | Senior Consultant | 695 | 550.3 | 382,458.50 |
| Hansen, Sean | Senior Consultant | 695 | 11.2 | 7,784.00 |
| Kim, Andrew | Consultant | 475 | 56.4 | 26,790.00 |
| Scheff, William | Consultant | 475 | 602.0 | 285,950.00 |
| Hellmund-Mora, Marili | Manager | 325 | 8.7 | 2,827.50 |
| Hawkins, Bryson | Summer Associate | 215 | 2.7 | 580.50 |
| **RESTRUCTURING SUBTOTAL** | | | **2,076.4** | **$1,707,027.00** |
| **Economics** | | | | |
| Heeb, Randal | Senior Managing Director | $1,450 | 79.6 | $115,420.00 |
| Rousskikh, Valeri | Managing Director | 1,300 | 77.4 | 100,620.00 |
| Kubali, Volkan | Managing Director | 1,210 | 161.8 | 195,778.00 |
| Watson, Ching | Managing Director | 1,210 | 296.0 | 358,160.00 |
| Majkowski, Stephanie | Managing Director | 1,100 | 2.2 | 2,420.00 |
| Maki, Jennifer | Managing Director | 1,045 | 23.5 | 24,557.50 |
| Guo, Sherry | Director | 975 | 268.7 | 261,982.50 |
| **ECONOMICS SUBTOTAL** | | | **909.2** | **$1,058,938.00** |
| **Strategic Communications** | | | | |
| Mehan, Zachary | Managing Director | $875 | 29.8 | $26,075.00 |
| Staples Miller, Citseko | Managing Director | 875 | 84.9 | 74,287.50 |
| Izen, Alex | Senior Director | 650 | 9.7 | 6,345.00 |
| Labkoff, Nicole | Director | 650 | 181.9 | 118,235.00 |
| Negron, Sabrina | Director | 650 | 76.8 | 49,432.50 |
| Rivera, Jacqueline | Director | 650 | 27.9 | 18,135.00 |
| Brauer, Meagan | Director | 600 | 35.0 | 21,965.00 |
| Ash, Alexa | Senior Consultant | 525 | 44.3 | 23,257.50 |

| | | | | |
|---|---|---|---|---|
| Weltman, Allison | Senior Consultant | 525 | 65.8 | 34,200.00 |
| Gregoire, Merzulie | Consultant | 400 | 97.1 | 38,840.00 |
| Hardey, Samantha | Consultant | 400 | 73.6 | 29,385.00 |
| Hawk, James | Consultant | 400 | 1.0 | 400.00 |
| Boublik, Sofia | Consultant | 375 | 4.4 | 1,650.00 |
| **STRATEGIC COMMUNICATIONS SUBTOTAL** | | | **732.2** | **$442,207.50** |
| **_Compass Lexecon_** | | | | |
| Austin Smith, Yvette | Senior Managing Director | $1,250 | 81.8 | $102,250.00 |
| Polonsky, Jonathan | Senior Vice President | 965 | 1.5 | 1,447.50 |
| Rinaudo, Alexander | Senior Vice President | 965 | 584.6 | 564,139.00 |
| Liang, Vera | Senior Vice President | 905 | 159.5 | 144,347.50 |
| Affelt, Amy | Director | 685 | 3.5 | 2,397.50 |
| Pauwels, David | Senior Analyst | 685 | 8.8 | 6,028.00 |
| Waye Azuero, Brandon | Senior Analyst | 585 | 535.6 | 313,326.00 |
| Orozco, Erin | Analyst | 610 | 18.5 | 11,285.00 |
| Tai, Nikki | Analyst | 510 | 402.2 | 205,122.00 |
| Zhao, Yijing | Analyst | 475 | 132.0 | 62,700.00 |
| **COMPASS LEXECON SUBTOTAL** | | | **1,928.0** | **$1,413,042.50** |
| Less: 50% discount for non-working travel time | | | (8.9) | (5,896.25) |
| Less: Voluntary Reduction | | | (16.1) | (9,352.50) |
| **GRAND TOTAL** | | | **5,620.8** | **$4,605,966.25** |

# SECTION II
# SUMMARY OF SERVICES

| Task Code | Task Description | Total Hours | Total Fees |
|---|---|---|---|
| 1 | **Current Operating Results & Events** | **91.1** | **$64,745.50** |
| | During the Application Period, FTI reviewed and analyzed the Debtor's Monthly Operating Reports, recent docket filings and news updates. This work was necessary to better understand the Debtor's current financial situation. | | |
| 3 | **Financing Matters (DIP, Exit, Other)** | **11.1** | **10,640.50** |
| | Time in this Task Code includes analysis and review of the Debtor's 2023 Funding Agreement with Johnson & Johnson. | | |
| 11 | **Prepare for and Attendance at Court Hearings** | **66.9** | **70,145.00** |
| | During the Application Period, FTI and Compass Lexecon attended the Motion to Dismiss trial, two hearings on the preliminary injunction, one hearing on the Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants and the Motion of Relief from Stay of Anthony Valadez, one hearing on the Disclosure Statement scheduling, and a hearing on dismissal. | | |
| 12 | **Analysis of SOFAs & SOALs** | **90.0** | **63,409.00** |
| | FTI conducted a detailed review of the Debtor's filed statements of financial affairs ("SOFAs") and schedules of assets and liabilities ("SOALs"). Time in this Task Code includes preparing materials for the Committee to report on the above analyses. | | |
| 13 | **Analysis of Other Miscellaneous Motions** | **78.3** | **59,808.50** |
| | Time in this Task Code captures time spent reviewing and analyzing draft pleadings prepared by Committee Counsel, including but not limited to, the bar date motion, estimation motion, and writ of mandamus. FTI also reviewed various motions, including but not limited to, the Debtor's motion for appointment of the Future Claimants Representative, and objections to the same. | | |
| 14 | **Analysis of Claims/Liabilities Subject to Compromise** | **275.2** | **218,092.00** |
| | FTI and Compass Lexecon reviewed and evaluated claims data provided by the Debtor and the Ad Hoc Committee of Supporting Counsel to assess the magnitude of the claims pool. FTI and Compass Lexecon evaluated various key assumptions and analyzed historical claims data to gain an understanding of the creditor pool, and the impact that different plan constructs would have on claimants, including development of a claims calculator at the request of the Committee. | | |
| 16 | **POR & DS - Analysis, Negotiation and Formulation** | **206.1** | **188,249.00** |
| | During the Application Period, FTI and Compass Lexecon reviewed and analyzed multiple documents related to the Debtor's Chapter 11 Plan and Disclosure Statement, including but not limited to, various versions of the Disclosure Statement, the proposed Plan, the Trust Distribution Procedures, and other supplements to the proposed Plan. Additionally, FTI and Compass Lexecon prepared several detailed analyses, which were presented to Committee Counsel to help the Committee understand the proposed Plan and its impact on talc claimants. | | |
| 18 | **Potential Avoidance Actions & Litigation Matters** | **430.6** | **410,128.50** |
| | During the Application Period, FTI and Compass Lexecon reviewed and analyzed numerous pleadings in connection with the motions to dismiss the bankruptcy case. FTI and Compass Lexecon also reviewed the Debtor's expert reports and document production supplied in connection with the same. Additionally, time in this task code included attendance at depositions taken for both the preliminary injunction and the motions to dismiss. | | |
| 19 | **Case Management** | **28.9** | **25,427.50** |
| | Work in this Task Code included review and development of case strategy, overall work plan development, and management of critical tasks and key case issues in connection with FTI's role as financial advisor and talc estimator to the Committee. | | |
| 21 | **General Meetings with Committee & Committee Counsel** | **97.8** | **117,186.50** |
| | Work in this Task Code included participation in periodic calls with Committee Members and Committee Professionals regarding case strategy and status, the Motions to Dismiss the case and other pending motions, understanding of claims, and various other case issues. Additionally, preparation and review of correspondence with the Committee and Committee Counsel is captured in this Task Code. | | |

| 22 | **Meetings with Other Parties** | 4.2 | 3,471.00 |
|---|---|---|---|
| | Work in this category includes telephonic participation in the 341 Creditors Meeting. | | |
| 23 | **Firm Retention** | 58.8 | 41,338.00 |
| | Time in this category includes preparation of FTI's retention application, corresponding declarations, and correspondence with Committee counsel regarding the same. | | |
| 24 | **Preparation of Fee Application** | 125.7 | 71,580.50 |
| | During the Application Period, FTI prepared the schedules for its First Monthly Fee Statement, Second Monthly Fee Statement, and Third Monthly Fee Statement. | | |
| 25 | **Travel Time** | 8.9 | 11,792.50 |
| | Time in this category reflects time spent by FTI traveling in connection with the Motion to Dismiss trial, one of the hearings on the preliminary injunction, and the hearing on dismissal. | | |
| 26 | **Communications** | 742.4 | 474,163.50 |
| | In accordance with Section 1102(b)(3) of the Bankruptcy Code, FTI provided services to facilitate communications between the Committee and the creditor constituency. During the Application Period, FTI was engaged in numerous workstreams to execute the Committee's communications strategy, including but not limited to, managing the Committee's website, hosting Town Hall Meetings, responding to inquiries from claimants, and preparing weekly media monitoring updates to be shared with the Committee. | | |
| 27 | **Mesothelioma Claims Estimation** | 1,592.3 | 1,558,461.50 |
| | Time in this category relates to the estimation of mesothelioma cancer claims. FTI prepared numerous analyses to form an understanding of the potential range and magnitude of current and future mesothelioma claims against the Debtor. Many of these analyses were performed in connection with drafting an expert report to be filed in rebuttal to the Debtor's Disclosure Statement. | | |
| 29 | **Ovarian Claims Estimation** | 1,599.5 | 1,116,303.00 |
| | Time in this category relates to the estimation of ovarian cancer claims. Compass Lexecon prepared numerous analyses to form an understanding of the potential range and magnitude of current and future ovarian claims against the Debtor. Many of these analyses were performed in connection with drafting an expert report to be filed in rebuttal to the Debtor's Disclosure Statement. | | |
| 30 | **AHC Litigation Support (4/4/23 - 4/14/23)** | 101.9 | 94,742.00 |
| | Time in this Task Code relates to work performed for the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. A motion is pending before the Court to make the effective date of retention of all TCC Professionals April 4, 2023, or to allow the fees and expenses for such period as a substantial contribution to this bankruptcy case. | | |
| 31 | **Communications (4/4/23 - 4/14/23)** | 20.0 | 12,178.50 |
| | Time in this Task Code relates to communications services provided to the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. A motion is pending before the Court to make the effective date of retention of all TCC Professionals April 4, 2023, or to allow the fees and expenses for such period as a substantial contribution to this bankruptcy case. | | |
| 32 | **Other Tasks - Substantial Contribution Not Sought (4/4/23 - 4/14/23)** | 16.1 | 9,352.50 |
| | Work in this Task Code comprises the voluntary reduction taken by FTI for services provided to the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. Time in this category represents work that FTI believes may be construed as tangential to substantial contribution. | | |
| | **SUBTOTAL** | **5,645.8** | **$4,621,215.00** |
| | Less: 50% discount for non-working travel time | (8.9) | (5,896.25) |
| | Less: Voluntary Reduction | (16.1) | (9,352.50) |
| | **GRAND TOTAL** | **5,620.8** | **$4,605,966.25** |

## SECTION III
## SUMMARY OF DISBURSEMENTS

| Expense Type | Amount |
|---|---:|
| Purchased Services | $33,975.10 |
| Research Access | 23,053.44 |
| Transportation | 702.06 |
| Working Meals | 42.36 |
| **Total** | **$57,772.96** |

---

### SECTION IV
### CASE HISTORY

---

(1)   Date case filed:                              April 4, 2023

(2)   Chapter under which case commenced:           Chapter 11

(3)   Date of Retention:                            April 15, 2023[3]

(4)   Summarize in brief the benefits to the estate and attach supplements as needed:

    (a)   FTI assisted Counsel with financial review and analyses, attending court hearings, monitoring and analyzing strategic considerations in relation to the preliminary injunction motion, estimation process, motion to dismiss, and reviewed the Debtor's restructuring transaction.

    (b)   FTI assisted the Committee in understanding and estimating the Debtor's talc liability in connection to the case.

    (c)   FTI evaluated the Debtor's current operating results to assist the Committee in understanding the financial position of the Debtor.

    (d)   FTI participated in regular calls with Counsel and Committee member representatives to discuss status of the case and other topics.

    (e)   FTI provided communications updates to the Committee consisting of media monitoring, a communications website, coordinating the production of Town Hall meetings designed to comply with the Committee's duties to commutate with its constituency pursuant to section 1103 of the Bankruptcy Code, and constituent inquiry management.

    (f)   To the extent not addressed by the foregoing descriptions, FTI performed other services on behalf of the Committee that were necessary and appropriate in this chapter 11 case.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  September 8, 2023                          */s/ Matthew Diaz*
                                                      Matthew Diaz

---

[3] See the Order Authorizing Final Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants Effective April 15, 2023 (Dkt. No. 774) entered on June 14, 2023.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |

| In Re: | Chapter 11 |
|---|---|
| **LTL MANAGEMENT, LLC[1],** | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

### PRE-DISMISSAL FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES TO FTI CONSULTING, INC. <u>FOR THE PERIOD OF APRIL 4, 2023 THROUGH AUGUST 11, 2023</u>

TO:    THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY JUDGE

The Application of FTI Consulting, Inc. ("FTI"), Financial Advisor to the Official Committee of Talc Claimants ("TCC"), respectfully states to the Court as follows:

I.      On April 4, 2023, the Debtor filed a Voluntary Chapter 11 Petition in the United States Bankruptcy Court for the District of New Jersey (Docket No. 1).

II.     On April 14, 2023, a Notice of Appointment of the Official Committee of Talc Claimants was entered (Docket No. 162). FTI was retained to serve in the capacity of Financial Advisor to the Official Committee of Talc Claimants by Order of this Court dated June 14, 2023 (Docket No. 774), which retention was effective April 15, 2023. A copy of such retention Order is annexed hereto as **<u>Exhibit A</u>**.

III.    On August 17, 2023, TCC Professionals filed the Motion for Allowance of Administrative Claims for Reimbursement of Expenses Incurred for the Period from April 4, 2023 through April 14, 2023 (Prior to the Formation of the Official Committee of Talc Claimants) that Provided a Substantial Contribution in the Debtor's Case or, in the Alternative, Authorizing Retention of the TCC Professional Effective as of the Petition Date (Docket No. 1241). The Motion is pending before the Court seeking retroactive formation of the TCC and *nunc pro*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*tunc* retention of all TCC Professionals as of the Petition Date, or payment fees and expenses for such period as a substantial contribution to this bankruptcy case for the period prior to the formation of the TCC, April 4, 2023 through April 14, 2023. As such, we included fees incurred during the period from April 4, 2023 through April 14, 2023 in this Pre-Dismissal Final Fee Application.

IV.     Within the Application represents FTI's Pre-Dismissal Final Application for Compensation as Financial Advisor to the TCC and covers the period April 4, 2023 through August 11, 2023 (the "Dismissal Date"). The August 11, 2023 Dismissal Order (Docket No. 1211) provides for the continued existence of the TCC to pursue or defend any appeals and for all retained professionals in the bankruptcy case to file fee applications for periods from the Dismissal Date through and including the date on which any appeal(s) is exhausted or resolved.  Pursuant to that Order, post-dismissal fees will be sought for services related to appeals, as well as in connection with preparation of the Fourth Monthly Fee Statement and this Pre-Dismissal Final Fee Application.[2]

V.      FTI's computerized time sheets, previously filed with the Monthly Fee Statements and Substantial Contribution Motion covering the Application Period, detail the services rendered by FTI and Compass Lexecon LLC ("Compass Lexecon") professionals, the hourly rate charged by each professional, and the actual time expended in the performance of such services.[3] Said time sheets reflect that FTI expended 5,620.8 hours in performing services for the TCC, resulting in charges of $4,605,966.25.

---

[2] An additional post-dismissal final fee application will be filed seeking such fees and expenses.
[3] Supplemental computerized time sheets for fees that were not billed on the prior monthly fee statements are attached hereto as **Exhibit C**, **Exhibit D**, and **Exhibit E**.

VI.     FTI's expense reports, previously filed with the Monthly Fee Statements covering the
Application Period, detail the expenses incurred by FTI and Compass Lexecon in the
performance of their duties to the TCC, which total $57,772.96.[4]

VII.    Monthly Fee Statements were prepared and served pursuant to the Administrative Fee Order
Establishing Procedures for Allowance of Interim Compensation and Reimbursement of
Expenses of Professionals (Docket No. 562) entered on May 22, 2023.

| Date | Fees | Expenses |
|---|---|---|
| April 15 - April 30, 2023 (Docket No. 837) | $271,674.75 | $0.00 |
| May 1, 2023 - May 31, 2023 (Docket No. 1107) | 1,060,395.00 | 593.21 |
| June 1, 2023 - June 30, 2023 (Docket No. 1224) | 1,420,198.50 | 2,257.16 |
| July 1, 2023 - August 11, 2023 (Docket No. 1285) | 1,727,712.50 | 48,228.05 |

VIII.   Annexed hereto and made part hereof as **Exhibit B** is the Affidavit of Matthew Diaz, submitted
in accordance with the provisions of Section 504 of the Bankruptcy Code.

IX.     During the Application Period, FTI and Compass Lexecon continued to perform a variety of
services for the creditors of the within Chapter 11 bankruptcy estate:

    a.  *Code 1 – Current Operating Results & Events (91.1 hours)*

During the Application Period, FTI reviewed and analyzed the Debtor's Monthly Operating
Reports, recent docket filings and news updates. This work was necessary to better understand the Debtor's
current financial situation.

    b.  *Code 3 – Financing Matters (DIP, Exit, Other) (11.1 hours)*

Time in this Task Code includes analysis and review of the Debtor's 2023 Funding Agreement with
Johnson & Johnson.

---

[4] Supplemental expense reports that were not billed on the prior monthly fee statements are attached hereto as
**Exhibit F** and **Exhibit G**.

c. *Code 11 – Prepare for and Attendance at Court Hearings (66.9 hours)*

During the Application Period, FTI and Compass Lexecon attended the Motion to Dismiss trial, two hearings on the preliminary injunction, one hearing on the Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants and the Motion of Relief from Stay of Anthony Valadez, one hearing on the Disclosure Statement scheduling, and a hearing on dismissal.

d. *Code 12 – Analysis of SOFAs and SOALs (90.0 hours)*

FTI conducted a detailed review of the Debtor's filed statements of financial affairs ("SOFAs") and schedules of assets and liabilities ("SOALs"). Time in this Task Code includes preparing materials for the Committee to report on the above analyses.

e. *Code 13 – Analysis of Other Miscellaneous Motions (78.3 hours)*

Time in this Task Code captures time spent reviewing and analyzing draft pleadings prepared by Committee Counsel, including but not limited to, the bar date motion, estimation motion, and writ of mandamus. FTI also reviewed various motions, including but not limited to, the Debtor's motion for appointment of the Future Claimants Representative, and objections to the same.

f. *Code 14 – Analysis of Claims/Liabilities Subject to Compromise (275.2 hours)*

FTI and Compass Lexecon reviewed and evaluated claims data provided by the Debtor and the Ad Hoc Committee of Supporting Counsel to assess the magnitude of the claims pool. FTI and Compass Lexecon evaluated various key assumptions and analyzed historical claims data to gain an understanding of the creditor pool, and the impact that different plan constructs would have on claimants, including development of a claims calculator at the request of the Committee.

g. *Code 16 – POR & DS - Analysis, Negotiation and Formulation (206.1 hours)*

During the Application Period, FTI and Compass Lexecon reviewed and analyzed multiple documents related to the Debtor's Chapter 11 Plan and Disclosure Statement, including but not limited to, various versions of the Disclosure Statement, the proposed Plan, the Trust Distribution Procedures, and other supplements to the proposed Plan. Additionally, FTI and Compass Lexecon prepared several detailed

4

analyses, which were presented to Committee Counsel to help the Committee understand the proposed Plan and its impact on talc claimants.

### h. *Code 18 – Potential Avoidance Actions & Litigation Matters (430.6 hours)*

During the Application Period, FTI and Compass Lexecon reviewed and analyzed numerous pleadings in connection with the motions to dismiss the bankruptcy case. FTI and Compass Lexecon also reviewed the Debtor's expert reports and document production supplied in connection with the same. Additionally, time in this task code included attendance at depositions taken for both the preliminary injunction and the motions to dismiss.

### i. *Code 19 – Case Management (28.9 hours)*

Work in this Task Code included review and development of case strategy, overall work plan development, and management of critical tasks and key case issues in connection with FTI's role as financial advisor to the Committee.

### j. *Code 21 – General Meetings with Committee & Committee Counsel (97.8 hours)*

Work in this Task Code included participation in periodic calls with Committee Members and Committee Professionals regarding case strategy and status, the Motions to Dismiss the case and other pending motions, understanding of claims, and various other case issues. Additionally, preparation and review of correspondence with the Committee and Committee Counsel is captured in this Task Code.

### k. *Code 22 – Meetings with Other Parties (4.2 hours)*

Work in this category includes telephonic participation in the 341 Creditors Meeting.

### l. *Code 23 – Firm Retention (58.8 hours)*

Time in this category includes preparation of FTI's retention application, corresponding declarations, and correspondence with Committee counsel regarding the same.

### m. *Code 24 – Preparation of Fee Application (125.7 hours)*

During the Application Period, FTI prepared the schedules for its First Monthly Fee Statement, Second Monthly Fee Statement, and Third Monthly Fee Statement.

n. *Code 25 – Travel Time (8.9 hours)*

Time in this category reflects time spent by FTI traveling in connection with the Motion to Dismiss trial, one of the hearings on the preliminary injunction, and the hearing on dismissal.

o. *Code 26 – Communications (742.4 hours)*

In accordance with Section 1102(b)(3) of the Bankruptcy Code, FTI provided services to facilitate communications between the Committee and the creditor constituency. During the Application Period, FTI was engaged in numerous workstreams to execute the Committee's communications strategy, including but not limited to, managing the Committee's website, hosting Town Hall Meetings, responding to inquiries from claimants, and preparing weekly media monitoring updates to be shared with the Committee.

p. *Code 27 – Mesothelioma Claims Estimation (1,592.3 hours)*

Time in this category relates to the estimation of mesothelioma cancer claims. FTI prepared numerous analyses to form an understanding of the potential range and magnitude of current and future mesothelioma claims against the Debtor. Many of these analyses were performed in connection with drafting an expert report to be filed in rebuttal to the Debtor's Disclosure Statement.

q. *Code 29 – Ovarian Claims Estimation (1,599.5 hours)*

Time in this category relates to the estimation of ovarian cancer claims. Compass Lexecon prepared numerous analyses to form an understanding of the potential range and magnitude of current and future ovarian claims against the Debtor. Many of these analyses were performed in connection with drafting an expert report to be filed in rebuttal to the Debtor's Disclosure Statement.

r. *Code 30 – AHC Litigation Support (4/4/23 - 4/14/23) (101.9 hours)*

Time in this Task Code relates to work performed for the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. A motion is pending before the Court to make the effective date of retention of all TCC Professionals April 4, 2023, or to allow the fees and expenses for such period as a substantial contribution to this bankruptcy case.

s.   ***Code 31 – Communications (4/4/23 - 4/14/23) (20.0 hours)***

Time in this Task Code relates to communications services provided to the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. A motion is pending before the Court to make the effective date of retention of all TCC Professionals April 4, 2023, or to allow the fees and expenses for such period as a substantial contribution to this bankruptcy case.

t.   ***Code 32 – Other Tasks - Substantial Contribution Not Sought (4/4/23 - 4/14/23) (16.1 hours)***

Work in this Task Code comprises the voluntary reduction taken by FTI for services provided to the Ad Hoc Committee of Mesothelioma Claimants during the period from April 4, 2023 through April 14, 2023, prior to the formation of the Official Committee of Talc Claimants. Time in this category represents work that FTI believes may be construed as tangential to substantial contribution.


WHEREFORE, FTI respectfully requests entry of the annexed Order, granting a pre-dismissal final allowance of compensation in the amount of $4,605,966.25, together with reimbursement of expenses in the amount of $57,772.96, for a total requested payment of $4,663,739.21.

Date: September 8, 2023                              **FTI CONSULTING, INC.**


                                                     By:      */s/ Matthew Diaz*
                                                              Matthew Diaz

**EXHIBIT A**

**FINAL RETENTION ORDER**

Order Filed on June 14, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

## ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, <u>EFFECTIVE AS OF APRIL 15, 2023</u>

The relief set forth on the following pages is **ORDERED**.

**DATED: June 14, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee*<br>*of Talc Claimants* |

Upon consideration of the *Application For Retention of FTI Consulting, Inc. as Financial Advisor For the Official Committee of Talc Claimants Effective April 15, 2023* (the "Application"), pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of FTI Consulting, Inc. ("FTI") as financial advisor to the Official Committee of Talc Claimants (the "TCC" or the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of LTL Management LLC's (the "Debtor"), effective as of April 15, 2023; and the certification and supplemental certification of Matthew Diaz in support of the Application annexed thereto (the "Certification"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED on a final basis as set forth herein.

2.      Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the TCC is authorized and empowered to employ and retain, and LTL Management LLC (the "Debtor") is authorized to compensate and reimburse, FTI as the TCC's financial advisor and talc consultant in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application effective as of April 15, 2023 as modified herein.

3.      FTI shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in this case.

4.      At least ten (10) days before implementing any increases in FTI's rates for professionals

in this case, FTI shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code;

5.      To the extent the Pre-Petition Balance, as determined by agreement of FTI and the Debtor or by order of the Court in the event an objection is raised, is not paid in full, FTI shall waive any amounts owed in excess of the Allowed Pre-Petition Fee Claim.

6.      The effective date of retention is April 15, 2023.

7.      The professional's address is: FTI Consulting, Inc.

                1166 Avenue of the Americas, 14th Floor
                New York, NY 10036

8.      FTI shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

9.      FTI shall apply for compensation and reimbursement of actual and necessary expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Order and any applicable orders of this Court. FTI's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code. The rights of any party in interest to object to any such request for compensation and reimbursement of actual and necessary expenses, including on the basis that services provided are duplicative or do not benefit the estate, including any strategic communications services that involve media advocacy or public relations outreach, except as may be necessary for TCC to satisfy its obligations under section 1103 of the Bankruptcy Code, and the right of FTI to respond to any such objection, are fully preserved.

10.     Compensation and reimbursement of expenses will be paid in such amounts as may be allowed by the Court on proper application(s).

11.     The terms and conditions of this Order shall be immediately effective and enforceable
upon its entry.

12.     The following indemnification provisions are approved:

> a.  subject to the provisions of subparagraphs (b) and (c) below and approval of
> the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI
> for any claims arising from, related to, or in connection with FTI's
> engagement under this application, but not for any claim arising from,
> related to, or in connection with FTI's post-petition performance of any other
> services other than those in connection with the engagement, unless such
> post-petition services and indemnification therefore are approved by this
> Court; and
>
> b.  the Debtor shall have no obligation to indemnify FTI for any claim or
> expense that is either (i) judicially determined (the determination having
> become final) to have arisen primarily from FTI's gross negligence, willful
> misconduct, crime or fraud unless the Court determines that indemnification
> would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d
> 217 (3d Cir. 2003), or (ii) settled prior to a judicial determination as to FTI's
> gross negligence, willful misconduct or fraud, but determined by this Court,
> after notice and a hearing, to be a claim or expense for which FTI is not
> entitled to receive indemnity under the terms of this Order; and
>
> c.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan
> in this case (that order having become a final order no longer subject to
> appeal), and (ii) the entry of an order closing this chapter 11 case, FTI
> believes that it is entitled to the payment of any amounts by the Debtor on
> account of the Debtor's indemnification obligations under the this Order,
> including, without limitation, the advancement of defense costs, FTI must
> file an application in this Court, and the Debtor may not pay any such
> amounts to FTI before the entry of an order by this Court approving the
> payment. This subparagraph (c) is intended only to specify the period of time

under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI. All parties in interest shall retain the right to object to any demand by FTI for indemnification consistent with the above-mentioned provisions and procedures.

13.     Notwithstanding anything to the contrary in the Application or the Certification, FTI will only bill 50% for non-working travel.

14.     FTI shall focus on advising the TCC with respect to matters that involve expertise in forensic investigations, accounting, taxation, economic consulting and communications, including but not limited to: (i) evaluating, monitoring and assessing the Debtor's (and its affiliate's) current financial performance, intercompany transactions, tax positions and accounting, (ii) assisting its counsel in any forensic analysis and evaluating and developing certain causes of action, (iii) estimating the Debtor's current and contingent liabilities, (iv) providing assistance in the development and implementation of its communications strategies, and (v) assessing any business plans or liquidation analyses.

15.     Notwithstanding the terms of the Application or the Certification, the professional services to be rendered by FTI shall include the following:

a.   Reviewing financial related disclosures required by the Court, including but not limited to, the Schedules of Assets and Liabilities, the Statement of Financial Affairs, Rule 2015.3 Reports of Financial Information on Entities in Which a Chapter 11 Estate Holds a Controlling or Substantial Interest, and Monthly Operating Reports;

b.   Preparing analyses required to assess the Debtor's funding and other intercompany agreements;

c.   Assessing and monitoring of the Debtor's and its non-Debtor subsidiary's short-term cash flow, liquidity, and operating results;

d.   Reviewing the Debtor's and its non-Debtor subsidiary's analysis of core business assets, valuation of those assets, and the potential disposition or liquidation of

non-core assets;

e.   Reviewing the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

f.   Reviewing any tax issues associated with, but not limited to, claims trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

g.   Reviewing other financial information prepared by the Debtor and its non-Debtor subsidiary, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

h.   Attending, assisting, and preparing materials related to due diligence sessions, discovery, depositions, negotiations, mediations, and other relevant meetings, and assisting in discussions with the Debtor, the Committee, any futures claimant's representative appointed in this case (the "FCR"), Johnson & Johnson and/or its subsidiaries, the United States Trustee, other parties in interest, and their respective professionals;

i.   Evaluating, analyzing, and performing a forensic review of avoidance actions, including fraudulent conveyances and preferential transfers;

j.   Evaluating any pre-petition transactions of interest to the Committee;

k.   Assisting in the prosecution of Committee responses/objections to the Debtor's and other parties of interest's motions and pleadings, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

l.   Assistance in the review and/or preparation of information and analysis necessary in connection with any proposed plan and related disclosure statement in this Chapter 11 proceeding;

m.   Assistance in the development and implementation of communications strategies, including digital insights and development, with various stakeholders and including assisting and advising the Committee on matters related to satisfying its obligations under section 1103 of the Bankruptcy Code;

n. Assistance in the review and/or preparation of information in connection with developing estimates of the number and value of present and future personal-injury claims and demands including testimony as necessary, as well as developing claims procedures to be used in connection with a claims resolution trust; and

o. Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

Any additional services provided by FTI which were not provided for in the Application shall require further Court approval.

16.     In order to avoid duplication of services with those performed by Houlihan Lokey Capital, Inc. ("Houlihan") or other professionals retained by the TCC, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at FTI and Houlihan shall confer to determine work strategy and tasks, in consultation with the TCC's counsel and the TCC members. Second, FTI and Houlihan will coordinate responsibility for completing any applicable task. Third, to the extent any non-proprietary work product related to a task is relevant to the other's work or advice for the TCC, such non-proprietary work product shall be shared with FTI or Houlihan, as applicable, so that both FTI or Houlihan have the benefit of the other's relevant analysis and work product; provided, however, that FTI and Houlihan not be required to share any proprietary work product, such as models and methodologies, and other protected intellectual property.

17.     In the event that, during the pendency of the Chapter 11 Case, FTI seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the compensation guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without

regard to whether such attorney has been retained under Bankruptcy Code section 327. All rights are reserved to object to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of FTI's independent legal counsel. Notwithstanding anything to the contrary in the Application or the Certification, FTI shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of FTI's fee applications in the Chapter 11 Case.

18.     To the extent FTI uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, including but not limited to Compass Lexecon LLC ("Compass Lexecon") FTI shall: (a) pass through the cost of such Contractors at the same rate that FTI pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) to the extent not already disclosed in the Certification, require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the parties in interest list in this case, disclose the Contractors' relationships, if any, with parties in interest list and indicate that the Contractors are disinterested; and (d) FTI shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case or in the case of Compass Lexecon, Contractor's time may be included directly in FTI's fee applications' clearly identified.

19.     The TCC and FTI are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

21.     To the extent that there may be any inconsistency between the terms of the Application, the Certification, and the Final Order, the terms of this Order shall govern.

**EXHIBIT B**

**AFFIDAVIT OF MATTHEW DIAZ**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **GENOVA BURNS LLC** | **BROWN RUDNICK LLP** |
| Daniel M. Stolz, Esq. | David J. Molton, Esq. |
| Donald W. Clarke, Esq. | Robert J. Stark, Esq. |
| Matthew I.W. Baker, Esq. | Michael Winograd, Esq. |
| dstolz@genovaburns.com | Eric R. Goodman, Esq. |
| dclarke@genovaburns.com | dmolton@brownrudnick.com |
| mbaker@genovaburns.com | rstark@brownrudnick.com |
| 110 Allen Road, Suite 304 | mwinograd@brownrudnick.com |
| Basking Ridge, NJ  07920 | egoodman@brownrudnick.com |
| Tel: (973) 467-2700 | Seven Times Square |
| Fax: (973) 467-8126 | New York, NY  10036 |
| *Proposed Local Counsel to the Official* | Tel: (212) 209-4800 |
| *Committee of Talc Claimants* | Fax: (212) 209-4801 |
| | |
| | and |
| | |
| | Jeffrey L. Jonas, Esq. |
| | Sunni P. Beville, Esq. |
| | jjonas@brownrudnick.com |
| | sbeville@brownrudnick.com |
| | One Financial Center |
| | Boston, MA  02111 |
| | Tel: (617) 856-8200 |
| | Fax: (617) 856-8201 |
| | *Proposed Co-Counsel for the Official* |
| | *Committee of Talc Claimants* |
| **MASSEY & GAIL LLP** | **OTTERBOURG PC** |
| Jonathan S. Massey, Esq. | Melanie L. Cyganowski, Esq. |
| Rachel S. Morse, Esq. | Richard G. Haddad, Esq. |
| jmassey@masseygail.com | Adam C. Silverstein, Esq. |
| rmorse@masseygail.com | Jennifer S. Feeney, Esq. |
| 100 Main Ave. SW, Suite 450 | David A. Castleman, Esq. |
| Washington, DC  20024 | mcyganowski@otterbourg.com |
| Tel: (202) 652-4511 | rhaddad@otterbourg.com |
| Fax: (312) 379-0467 | asilverstein@otterbourg.com |
| *Proposed Special Counsel for the Official* | jfeeney@otterbourg.com |
| *Committee of Talc Claimants* | dcastleman@otterbourg.com |
| | 230 Park Avenue |
| | New York, NY  10169 |
| | Tel: (212) 905-3628 |
| | Fax: (212) 682-6104 |
| | *Proposed Co-Counsel for the Official* |
| | *Committee of Talc Claimants* |

<table>
<tr><td>

In Re:

**LTL MANAGEMENT, LLC[1],**

Debtor.

</td><td>

Chapter 11

Case No.:  23-12825 (MBK)

Honorable Michael B. Kaplan

</td></tr>
</table>

## CERTIFICATION OF MATTHEW DIAZ

I, Matthew Diaz, of full age, certifies as follows:

I.     I am a Senior Managing Director of FTI Consulting, Inc. ("FTI"), which serves as Financial Advisor to the Official Committee of Talc Claimants ("TCC") in the chapter 11 case of the Debtor.

II.     I respectfully submit this certification in support of the Pre-Dismissal Final Fee Application for compensation and reimbursement of expenses of FTI.

III.     In accordance with 18 U.SC. § 155 and the Rules of this Court, neither I nor any member of the FTI engagement team serving the Committee has entered into any agreement, either written or oral, express or implied, with the TCC or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of fees or other compensation to be allowed out of, or paid from the assets of the Debtor or its estate.

IV.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, FTI, or any member of the FTI engagement team serving the Committee, for a division of such compensation as this firm may receive from the Court herein. No division of fees, as prohibited by Section 504 of the Bankruptcy Code, will be made by me or any member of the FTI engagement team serving the Committee.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

V.      I have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines and

Compensation Procedures Order, and certify to the best of my knowledge and belief that this

Application substantially complies with such local rule, order and guidelines.


I hereby certify that the forgoing statements made by me are true. I am aware that if any of the foregoing

statements made by me are willfully false, I am subject to punishment.


Date: September 8, 2023                         **FTI CONSULTING, INC.**

                                                By:      _/s/ Matthew Diaz_
                                                         Matthew Diaz

**EXHIBIT C**

**SUMMARY OF HOURS BY PROFESSIONAL**

**EXHIBIT C**
**LTL MANAGEMENT LLC - CASE NO. 23-12825**
**SUMMARY OF HOURS BY PROFESSIONAL**
**NOT PREVIOUSLY SOUGHT**

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Heeb, Randal | Senior Managing Director | $1,450 | 1.8 | $2,610.00 |
| Austin Smith, Yvette[1] | Senior Managing Director | 1,250 | (7.1) | (8,875.00) |
| Maki, Jennifer | Managing Director | 1,045 | 23.5 | 24,557.50 |
| Izen, Alex | Senior Director | 750 | 0.4 | 300.00 |
| Weltman, Allison | Consultant | 525 | 0.9 | 472.50 |
| **GRAND TOTAL** | | | **19.5** | **$19,065.00** |

[1] Additional hours and fees in excess of Ms. Austin Smith's actual worked amounts were inadvertently billed on FTI's Fourth Monthly Fee Statement, and as such are being reversed.

**EXHIBIT D**

**SUMMARY OF HOURS BY TASK**

**EXHIBIT D**
**LTL MANAGEMENT LLC - CASE NO. 23-12825**
**SUMMARY OF HOURS BY TASK**
**NOT PREVIOUSLY SOUGHT**

| Task Code | Task Description | Total Hours | Total Fees |
|---|---|---|---|
| 18 | Potential Avoidance Actions & Litigation Matters | 7.1 | $7,419.50 |
| 26 | Communications | 1.3 | 772.50 |
| 27 | Mesothelioma Claims Estimation | 18.2 | 19,748.00 |
| 29 | Ovarian Claims Estimation[1] | (7.1) | (8,875.00) |
| | **GRAND TOTAL** | **19.5** | **$19,065.00** |

[1] Certain hours were inadvertently billed to Task Code 29 – Ovarian Claims Estimation on FTI's Fourth Monthly Fee Statement, and as such are being reversed.

**EXHIBIT E**

**DETAIL OF TIME ENTRIES**

**EXHIBIT E**
**LTL MANAGEMENT LLC - CASE NO. 23-12825**
**DETAIL OF TIME ENTRIES**
**NOT PREVIOUSLY SOUGHT**

| Task Category | Date | Professional | Hours | Activity |
|---|---|---|---|---|
| 18 | 7/3/2023 | Maki, Jennifer | 3.4 | Review transcripts re: Motion to Dismiss Trial. |
| 18 | 7/5/2023 | Maki, Jennifer | 3.7 | Prepare critique re: expert report of C. Mullin. |
| **18 Total** | | | **7.1** | |
| 26 | 7/19/2023 | Izen, Alex | 0.4 | Prepare media update for TCC Counsel re: Valadez ruling. |
| 26 | 8/8/2023 | Weltman, Allison | 0.9 | Monitor media for relevant news. |
| **26 Total** | | | **1.3** | |
| 27 | 5/12/2023 | Heeb, Randal | 0.9 | Prepare updates to workplan re: estimation of meso liability. |
| 27 | 6/2/2023 | Heeb, Randal | 0.9 | Review updates to model re: estimation of meso liability. |
| 27 | 7/10/2023 | Maki, Jennifer | 2.6 | Prepare updates to future claims model re: estimation of meso liability. |
| 27 | 7/13/2023 | Maki, Jennifer | 2.2 | Review summary of updates to future claims model re: estimation of meso liability. |
| 27 | 7/14/2023 | Maki, Jennifer | 1.8 | Continue to prepare updates to future claims model re: estimation of meso liability. |
| 27 | 7/25/2023 | Maki, Jennifer | 3.9 | Analyze future claims model results re: estimation of meso liability. |
| 27 | 7/26/2023 | Maki, Jennifer | 2.3 | Prepare exhibits for expert report re: estimation of meso liability. |
| 27 | 7/27/2023 | Maki, Jennifer | 3.6 | Review updates to draft expert report re: estimation of meso liability. |
| **27 Total** | | | **18.2** | |
| 29 | 7/27/2023 | Austin Smith, Yvette | (7.1) | Time reversal. |
| **29 Total** | | | **(7.1)** | |
| **Grand Total** | | | **19.5** | |

**EXHIBIT F**

**SUMMARY OF EXPENSES**

**EXHIBIT F**

**LTL MANAGEMENT LLC - CASE NO. 23-12825**

**SUMMARY OF EXPENSES**

**NOT PREVIOUSLY SOUGHT**

| Expense Type | Amount |
|---|---|
| Purchased Services | $1,020.00 |
| Research Access | 4,927.88 |
| **Total** | **$5,947.88** |

**EXHIBIT G**

**EXPENSE DETAIL**

**EXHIBIT G**
**LTL MANAGEMENT LLC - CASE NO. 23-12825**
**EXPENSE DETAIL**
**NOT PREVIOUSLY SOUGHT**

| Date | Professional | Expense Type | Expense Detail | Amount |
|---|---|---|---|---|
| 07/31/23 | Hawk, James | Purchased Services | Website hosting re: Town Hall Meeting. | $1,020.00 |
| | | **Purchased Services Total** | | **$1,020.00** |
| 07/17/23 | Guo, Sherry | Research Access | Electronic subscriptions re: litigation research. | 4,927.88 |
| | | **Research Access Total** | | **$4,927.88** |
| | | **Grand Total** | | **$5,947.88** |

**EXHIBIT H**

**FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| In Re: | Case No.: | _____ |
| | Hearing Date: | _____ |
| | Judge: | _____ |
| | Chapter: | _____ |

## ORDER GRANTING ALLOWANCES

The relief set forth on the following page is hereby **ORDERED**.

..... ...

The Court having found that the person(s) named below filed application(s) for allowances; and notice and opportunity for hearing were given to creditors and other parties in interest as required; and for good cause shown; it is

ORDERED that compensation and expenses are allowed on a final basis as follows:

<u>APPLICANTS</u>                     <u>COMMISSION/FEES</u>                     <u>EXPENSES</u>