UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

# ATTORNEY INTERIM AND FINAL FEE APPLICATION COVER SHEET
# FOR THE PERIOD APRIL 18, 2023 THROUGH AUGUST 11, 2023

| | |
|---|---|
| In re LTL Management LLC | Applicant: Cole Schotz P.C. |
| Case No. 23-12825 (MBK) | Client: Ad Hoc Committee of Supporting Counsel |
| Chapter 11 | Case Filed: April 4, 2023 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

REIMBURSEMENT AGREEMENT ORDER ATTACHED

_/s/ Michael D. Sirota_     09/11/2023
MICHAEL D. SIROTA        Date

# SECTION I
# FEE SUMMARY

<u>First Interim and Final Fee Application Covering the Period</u>
<u>April 18, 2023 through August 11, 2023 (the "**Compensation Period**")</u>

| | |
|---|---:|
| FEE TOTALS | $1,188,739.00 |
| DISBURSEMENTS TOTALS | $7,911.86 |
| TOTAL FEE APPLICATION | $1,196,650.86 |

| | FEES | EXPENSES |
|---|---:|---:|
| TOTAL PREVIOUS FEES REQUESTED: | $1,188,739.00 | $7,911.86 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $0.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE): | $237,747.80 | N/A |
| TOTAL RECEIVED BY APPLICANT: | $474,594.40 | $3,680.86 |

|                          |
|:------------------------:|
| **SECTION II**           |
| **CASE HISTORY**         |

(1)     Date case filed: April 4, 2023

(2)     Chapter under which case commenced: Chapter 11

(3)     Date of retention: June 20, 2023, effective as of April 18, 2023.  <u>See</u> **<u>Exhibit A</u>**

        If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed: <u>See</u> narrative portion of fee application.

(5)     Anticipated distribution to creditors:

        (a)     Administration expense: None.

        (b)     Secured creditors: None.

        (c)     Priority creditors: None.

        (d)     General unsecured creditors: None.

(6)     Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim and final compensation application.  This case was dismissed pursuant to the <u>Dismissal Order</u> (defined below).

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> PAUL HASTINGS LLP <br> 200 Park Avenue <br> New York, New York 10166 <br> Kristopher M. Hansen (*admitted pro hac vice*) <br> Ryan P. Montefusco (*admitted pro hac vice*) <br><br> PAUL HASTINGS LLP <br> 71 South Wacker Drive, Suite 4500 <br> Chicago, Illinois 60606 <br> Matthew M. Murphy (*admitted pro hac vice*) <br> Matthew Micheli (*admitted pro hac vice*) <br><br> COLE SCHOTZ P.C. <br> Court Plaza North <br> 25 Main Street <br> P.O. Box 800 <br> Hackensack, New Jersey 07602-0800 <br> Michael D. Sirota <br> Warren A. Usatine <br> Seth Van Aalten (*admitted pro hac vice*) <br> Justin Alberto (*admitted pro hac vice*) <br><br> PARKINS & RUBIO LLP <br> 700 Milam, Suite 1300 <br> Houston, Texas 77002 <br> Lenard M. Parkins (*admitted pro hac vice*) <br> Charles M. Rubio (*admitted pro hac vice*) <br><br> *Counsel to Ad Hoc Committee of Supporting Counsel* | |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>                     Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**FIRST INTERIM AND FINAL FEE APPLICATION OF COLE SCHOTZ P.C.,
AD HAC COMMITTEE OF SUPPORTING COUNSEL, FOR THE
PERIOD APRIL 18, 2023 THROUGH AUGUST 11, 2023**

Cole Schotz P.C. ("Cole Schotz"), as co-counsel to the Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel"), hereby submits this first interim and final application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), and (iii) this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professions* [Docket No. 562] (the "Interim Fee Procedures Order"), for professional services rendered by Cole Schotz for the period commencing April 18, 2023 through and including August 11, 2023 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period. In support of this Application, Cole Schotz respectfully represents as follows:

**BACKGROUND**

1. On Aril 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the Debtor, its businesses, and the facts and circumstances supporting the Debtor's Chapter 11 Case are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

2

2. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of talc claimants pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 162].

3. On June 20, 2023, the Bankruptcy Court entered the *Order Authorizing the Debtor to Enter into an Expense Reimbursement Agreement with Ad Hoc Committee of Supporting Counsel* (the "Reimbursement Agreement Order") [Docket No. 838] that provides for the reimbursement of fees from April 18, 2023 through the termination of the Reimbursement Agreement (together, the "Fees and Expenses").

4. On July 28, 2023, the Court issued the *Memorandum Opinion* [Docket No. 1127], which granted various motions to dismiss this Chapter 11 Case. See Docket Nos. 286, 335, 346, 350, 352, 358, 379, 384, 473, 480; Adv. Docket Nos. 117, 118.

5. On August 11, 2023, the Court entered the *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief* (the "Dismissal Order") [Docket No. 1211].

6. Pursuant to the Dismissal Order, all Retained Professionals, the FCR, and the AHC of Supporting Counsel must file and serve all Final Fee Applications (as defined therein) no later than 30 days after entry of the Dismissal Order.

**INFORMATION REQUIRED BY THE GUIDELINES**

  **A.**  **The Scope of the Application**

7. Consistent with the Guidelines, Cole Schotz discloses the following concerning the scope of the Application:

| Name of Applicant | Cole Schotz P.C. |
|---|---|
| Name of Client | Ad Hoc Committee of Supporting Counsel |

3

| | |
|---|---|
| Petition Date | April 4, 2023 |
| Retention Date | Order signed June 20, 2023 [Docket No. 838] (the "Reimbursement Agreement Order"), effective April 18, 2023. |
| Date of Order Approving Employment | June 20, 2023; a true copy of the Order is attached as **Exhibit A**. |
| Time Period Covered by Application | April 18, 2023 – August 11, 2023 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application and final under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On May 22, 2023, this Court entered the Interim Fee Procedures Order. Pursuant to the Interim Fee Procedures Order, Retained Professionals, as defined therein, can file monthly fee statements with the Court. If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement. The Interim Fee Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $1,188,739.00 |
| Total Expenses Sought this Period | $7,911.86 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $745.85 |
| Blended rate in this application for all timekeepers | $711.95 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $474,594.40 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $3,680.86 |

4

| | |
|---|---|
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [ ] Yes    [X] No |
| | n/a |

### B. Summary of Time Keepers and Rate Increases

8. With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **Exhibit B** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application; and (vii) the number of rate increases since the inception of the case. No rate increases were implemented during the Compensation Period.

### C. Customary and Comparable Compensation

9. Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2023 calendar year as compared to the Compensation Period. As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $711.95.

### D. Statements from the Applicant

10. Consistent with the Guidelines, Cole Schotz answers the following questions:

| Question | Answer |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |

5

| | |
|---|---|
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No. |
| Does the fee application includes any rate increases? | No. |

## SUMMARY OF PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED

11. Cole Schotz seeks allowance of compensation for professional services rendered to the AHC of Supporting Counsel during the Compensation Period in the amount of $1,888,739.00. In addition, Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $7,911.86. During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 1,669.70 hours for which compensation is requested. The fees charged by Cole Schotz in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

12. The following summary highlights the major areas in which Cole Schotz rendered services during the Compensation Period. As required by the Guidelines, the summary is organized by project category. A summary chart setting forth the number of hours spent and the amount of compensation requested for each projected category is attached as **Exhibit D-1** and a summary chart setting forth the amount of expenses requested by Cole Schotz in this Application is attached as **Exhibit D-2**. Detailed descriptions of services rendered are contained in Cole Schotz's monthly fee statements for the Compensation Period.

   **A.** **Case Administration**

13. This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of this Chapter 11 Case, including

6

significant time expended by Cole Schotz at the outset of this case strategizing and coordinating with the AHC of Supporting Counsel and its advisors regarding this Chapter 11 Case and the customs, rules, and procedures of New Jersey Practice. Cole Schotz has been responsible for interfacing with the U.S. Trustee as well as the Court. The category also includes time attending various hearings, preparing and filing *pro hac* vice motions and notices of appearance, and engaging with the Debtor and other parties in interest regarding various administrative motions and applications in this Chapter 11 Case.

### B.    Fee Employment

14.    This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Debtor's bankruptcy proceedings. Among other things, Cole Schotz conducted a thorough conflicts check analysis. Additionally, Cole Schotz provided counsel regarding the Bankruptcy Rules, the Guidelines, the Interim Fee Procedures Order, and the Debtors' *Motion for an Order Authorizing it to Enter Into an Expense Reimbursement Agreement with Ad Hoc Committee of Supporting Counsel* (the "Reimbursement Motion") [Docket No. 575] to the AHC of Supporting Counsel's other counsel and advisors, including Paul Hastings LLP and Parkins Rubio LLP (collectively, the "Professionals").

### C.    Fee Objections

15.    This category includes time expended by Cole Schotz advising the AHC of Supporting Counsel and its other Professionals regarding objections to the Reimbursement Motion and related matters.

### D.    Litigation

16.    This category includes time expended by Cole Schotz with respect to various litigation matters other than avoidance action litigation. Cole Schotz expended extensive time strategizing and providing recommendations to the AHC of Supporting Counsel and the other

7

Professionals regarding various proposed and pending litigation, including regarding injunctive relief sought in the adversary proceeding, the motion to intervene in the adversary proceeding, preparing and filing the respective Rule 2019 Statements, discovery, the motions to dismiss and related proceedings, and post-dismissal matters.

### E.     Disclosure Statement

17.     This category includes time expended by Cole Schotz drafting and negotiating with the Debtor and other parties in interest regarding the Debtor's *Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* (as further modified, revised, supplemented and amended including all attachments and exhibits thereto, the "Disclosure Statement") [Docket No. 240] and consulting with the AHC of Supporting Counsel and its other Professionals with respect to same.

### F.     Plan of Reorganization

18.     This category includes time expended by Cole Schotz with respect to negotiating with the Debtor and other parties in interest regarding the Debtor's proposed *Chapter 11 Plan of Reorganization* [Docket No. 525] (as further modified, revised, supplemented and amended including all attachments and exhibits thereto, the "Plan") and consulting with the AHC of Supporting Counsel and its other Professionals with respect to same.

### G.     Claims Administration and Objections

19.     This category includes time expended by Cole Schotz with respect to the Committee's *Motion for Entry of an Order (I) Authorizing an Estimation of Current Talc Claims for Voting Purposes, (II) Appointing Kenneth R. Feinberg as Expert Pursuant to Federal Rule of Evidence 706, and (III) Establishing Procedures and Schedule for Estimation Proceedings* [Docket No. 1020], the Committee's *Motion for Entry of an Order (I) Establishing a Deadline*

8

*for Filing Proofs of Claim, (II) Approving the Proposed Model Claim Form for Personal Injury Talc Claims and Related Procedures, and (III) Directing the Debtor to Provide Adequate Notice* [Docket No. 1021], and related matters.

### H. Fee Application Preparation

20. This category includes time expended by Cole Schotz preparing and filing its own monthly fee statements, advising the other Professionals with respect to their monthly fee statements and filing same, and coordinating the service of the foregoing and the filing of certifications of no objection with regard to same.

### RELIEF REQUESTED AND BASIS THEREFOR

21. The professional services performed by Cole Schotz on the AHC of Supporting Counsel's behalf during the Compensation Period required an aggregate expenditure of 1,669.70 recorded hours by Cole Schotz's partners, associates and paraprofessionals. Of the aggregate time expended, 1,162.00 recorded hours were expended by members of Cole Schotz, 362.30 recorded hours were expended by associates, and 145.40 recorded hours were expended by paraprofessionals.

22. During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $355.00 to $1,200.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $711.95, which represents a blended rate of $356.56 and $745.85 for paraprofessionals and attorneys, respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

23. Cole Schotz has incurred $7,911.86 in direct out-of-pocket expenses in providing professional services during the Compensation Period. These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

9

24. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).[2]

25. Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity. In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services"). The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate. Engel, 190 B.R. at 209. Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89). This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. See id. (citing, inter alia, Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

26. Once the court determines that a service was necessary, it also assesses the reasonable value of the service. 11 U.S.C. § 303(a)(3). Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

---

[2] Pursuant to the Reimbursement Agreement Order, the AHC of Supporting Counsel's Fees and Expenses are subject to the same standards of review as all other Retained Professionals. See Reimbursement Agreement Order ¶ 4.

10

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

27. In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 123 (3d Cir. 1999). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 123 n.8.

11

28. In addition, Section 331 of the Bankruptcy Code provides that professionals employed under Section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. See 11 U.S.C. § 331.

29. In the instant case, Cole Schotz devoted a substantial amount of time and effort to addressing the numerous issues involved in this Chapter 11 Case. Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the AHC of Supporting Counsel, were performed economically, effectively, and efficiently. Because Cole Schotz's services benefitted the bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

30. Further, Cole Schotz submits that consideration of the relevant factors enumerated in Lan Assocs., 192 F.3d at 123 n.8, establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the AHC of Supporting Counsel:

(a) *The Time and Labor Required*. The professional services rendered by Cole Schotz on behalf of the AHC of Supporting Counsel have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues presented in these cases with skill and dispatch. Cole Schotz respectfully represents that the services rendered by it were performed efficiently, effectively, and economically.

(b) *The Novelty and Difficulty of Questions*. Although the issues in this case were not particularly novel, many legal challenges have arisen in the course of this case, including challenges related to the various motions to dismiss. Cole Schotz's effective assistance resulted in substantial revisions to the Disclosure Statement and Plan prior to entry of the Dismissal Order.

(c) *The Skill Required to Perform the Legal Services Properly*. Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization and its knowledge of New Jersey practice and procedure contributed to the efficient and effective representation of the AHC of Supporting Counsel in this Chapter 11 Case.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Cole Schotz's representation of the AHC of Supporting Counsel did not preclude its acceptance of new clients. However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to this Chapter 11 Case.

(e) *The Customary Fee*. The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind. Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the AHC of Supporting Counsel. Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*. Not applicable.

(g) *Time Limitations Imposed by Client or other Circumstances*. Not applicable.

(h) *The Amount Involved and Results Obtained*. Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i) *The Experience, Reputation and Ability of the Attorneys*. Cole Schotz is a professional association with approximately 170 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j) *The Undesirability of the Case*. Not applicable.

(k) *Nature and Length of Professional Relationship*. Not applicable.

(l) *Awards In Similar Cases*. As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases.

31. In addition, consistent with Section 331 of the Bankruptcy Code, this is Cole Schotz's first interim and final fee application. This application is made more than 120 days from the Petition Date. See 11 U.S.C. § 331.

WHEREFORE, Cole Schotz respectfully requests a first interim and final fee allowance as bankruptcy counsel for the Committee in the amount of $1,188,739.00 for fees for services rendered, together with reimbursement of expenses in the amount of $7,911.86, for a total first interim and final fee award of $1,196,650.86.

Respectfully submitted,

Dated: September 11, 2023

**COLE SCHOTZ P.C.**

/s/ Michael D. Sirota
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881995)
Seth Van Aalten (admitted *pro hac vice*)
Justin Alberto (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, NJ 07602-0800
(201) 489-3000
Email:  msirota@coleschotz.com
         wusatine@coleschotz.com
         svanaalten@coleschotz.com
         jalberto@coleschotz.com

– and –

**PAUL HASTINGS LLP**

Kristopher M. Hansen (admitted *pro hac vice*)
Ryan P. Montefusco (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email:  krishansen@paulhastings.com
         ryanmontefusco@paulhastings.com

Matthew M. Murphy (admitted *pro hac vice*)
Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Email:  mattmurphy@paulhastings.com
         mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (admitted *pro hac vice*)
Charles M. Rubio (admitted *pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Facsimile: (713) 715-1699
Email:   lparkins@parkinsrubio.com
              crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee*
*of Supporting Counsel*