# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

### FIRST INTERIM AND FINAL FEE APPLICATION COVER SHEET
### FOR THE PERIOD FROM APRIL 18, 2023 THROUGH AUGUST 11, 2023

| | | | |
|---|---|---|---|
| Debtor: | LTL Management LLC | Applicant: | Paul Hastings LLP |
| Case No.: | 23-12825 (MBK) | Client: | Ad Hoc Committee of Supporting Counsel |
| Chapter: | 11 | Case Filed: | April 4, 2023 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION OF
COUNSEL UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

Date:  September 11, 2023

*/s/* Matthew M. Murphy
Matthew M. Murphy

| SECTION I |
| :---: |
| FEE SUMMARY |

<u>First Interim and Final Fee Application Covering the Period from
April 18, 2023 through August 11, 2023 (the "Compensation Period")</u>

| | |
| --- | --- |
| FEE TOTALS | $6,275,067.50 |
| DISBURSEMENTS TOTALS | $148,615.29 |
| TOTAL FEE APPLICATION | $6,423,682.79 |

| | FEES | EXPENSES |
| --- | --- | --- |
| TOTAL PREVIOUSLY REQUESTED: | $6,275,067.50 | $148,615.29 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $0.00 | N/A |
| TOTAL HOLDBACK (IF APPLICABLE):[1] | $1,255,013.50 | N/A |
| TOTAL RECEIVED BY APPLICANT:[2] | $4,275,042.00 | $97,501.91 |

---

[1] This amount represents the 20% fee holdback for services provided in the Debtor's chapter 11 case in accordance with the Interim Compensation Order (defined below).

[2] Paul Hastings has received these amounts for services provided from April 18, 2023 through August 11, 2023 in accordance with the Reimbursement Order (defined below) and the Interim Compensation Order (defined below).

---

**SECTION II**
**CASE HISTORY**

---

1.　　Date case filed:  April 4, 2023

2.　　Chapter under which case commenced:  Chapter 11

3.　　Date of retention or authorization:  June 20, 2023, effective as of April 18, 2023.  <u>See</u> <u>Exhibit A</u> annexed to the fee application.

　　　　If limit on number of hours or other limitations to retention, set forth:  Not applicable

4.　　Summarize in brief the benefits to the estate and attach supplements as needed:  <u>See</u> narrative portion of fee application.

5.　　Anticipated distribution to creditors:

　　　　(a) Administrative expense:  None

　　　　(b) Secured creditors:  None

　　　　(c) Priority creditors:  None

　　　　(d) General unsecured creditors:  None

6.　　Final disposition of case and percentage of dividend paid to creditors (if applicable): This is Paul Hastings' first interim and final fee application.  This case was dismissed pursuant to the Dismissal Order (defined below).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**FIRST INTERIM AND FINAL FEE APPLICATION OF PAUL HASTINGS LLP,**
**COUNSEL TO AD HOC COMMITTEE OF SUPPORTING COUNSEL, FOR THE**
**PERIOD FROM APRIL 18, 2023 THROUGH AUGUST 11, 2023**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Pursuant to section 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>"), the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 562] (the "<u>Interim Compensation Order</u>"), the *Order Authorizing the Debtor to Enter into the Reimbursement Agreement* [Docket No. 838] (the "<u>Reimbursement Order</u>"), and the *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with respect to Requests for Compensation; and (III) Granting Related Relief* [Docket No. 1211] (the "<u>Dismissal Order</u>"), Paul Hastings LLP ("<u>Paul Hastings</u>") respectfully submits this *First Interim and Final Fee Application of Paul Hastings LLP, Counsel to Ad Hoc Committee of Supporting Counsel, for the Period from April 18, 2023 through August 11, 2023* (the "<u>Application</u>").  By this Application, Paul Hastings seeks final allowance and payment of the sums of $6,275,067.50 as compensation and $148,615.29 for reimbursement of actual and necessary expenses, for a total of $6,423,682.79, for the period from April 18, 2023 through and including August 11, 2023 (the "<u>Compensation Period</u>") for legal services rendered for and on behalf of the Ad Hoc Committee of Supporting Counsel (the "<u>AHC of Supporting Counsel</u>") in the Debtor's chapter 11 case (the "<u>Chapter 11 Case</u>").  In support of this Application, Paul Hastings respectfully represents as follows:

**<u>Background</u>**

1.      On April 4, 2023 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  A detailed description of the Debtor, its businesses, and the facts and circumstances supporting the Debtor's Chapter 11 Case are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

2.      On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of talc claimants pursuant to section 1102 of the Bankruptcy Code [Docket No. 162].

3.      On June 20, 2023, the Court entered the Reimbursement Order, pursuant to which the Debtor entered into a post-petition expense reimbursement agreement (the "Reimbursement Agreement") to pay certain fees and expenses of the AHC of Supporting Counsel. The Reimbursement Agreement provides that the Debtor will pay the reasonable and documented fees and out-of-pocket expenses of professionals retained by the AHC of Supporting Counsel, including, among others, Paul Hastings, for the period from April 18, 2023 through the termination of the Reimbursement Agreement. The Reimbursement Agreement further provides that Paul Hastings will file monthly fee statements and interim and final fee applications in accordance with the Interim Compensation Order.

4.      On July 28, 2023, the Court issued the *Memorandum Opinion* [Docket No. 1127], which granted various motions to dismiss the Chapter 11 Case.  See Docket Nos. 286, 335, 346, 350, 352, 358, 379, 384, 473, 480; Adv. Docket Nos. 117, 118.

5.      On August 11, 2023, the Court entered the Dismissal Order, which, among other things, dismissed the Chapter 11 Case and directed counsel to submit final fee applications within thirty days of entry of the Dismissal Order.  Accordingly, Paul Hastings submits this Application for services rendered and expenses incurred for and on behalf of the AHC of Supporting Counsel in the Chapter 11 Case.

### Jurisdiction, Venue, Basis for Relief, and U.S. Trustee Guidelines

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is

3

proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are section 330 of the Bankruptcy Code.  Paul Hastings consents to this Court's authority to enter final orders on this matter.

7.     To the best of Paul Hastings' knowledge, this Application substantially complies with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Reimbursement Order, the Dismissal Order, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the extent necessary, Paul Hastings requests a waiver of any requirements not met by this Application.[2]  In accordance with the foregoing, annexed to this Application are the following Exhibits:

·      Exhibit A contains the Reimbursement Order.

·      Exhibit B contains a summary of timekeepers included in this Application.

·      Exhibit C contains disclosures regarding "customary and comparable compensation" for the Compensation Period.

·      Exhibit D contains a summary of the compensation requested by project category.

·      Exhibit E contains a summary of Paul Hastings' disbursements by category.

**INFORMATION REQUIRED FOR APPLICATION**

8.     Paul Hastings discloses the following concerning the scope of the Application:

| Name of Applicant | Paul Hastings LLP |
|---|---|
| Name of Client | Ad Hoc Committee of Supporting Counsel |
| Petition Date | April 4, 2023 |

---

[2]     The AHC of Supporting Counsel and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to applications for compensation in the Chapter 11 Case.

| Retention Date | Reimbursement Order signed June 20, 2023 [Docket No. 838], effective April 18, 2023 |
|---|---|
| Date of Order Approving Employment | June 20, 2023 |
| Time Period Covered by Application | April 18, 2023 through August 11, 2023 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | First interim and final fee application |
| Date and Terms of Administrative Fee Order | On May 22, 2023, this Court entered the Interim Compensation Order. Pursuant to the Interim Compensation Order, Retained Professionals, as defined therein, can file monthly fee statements with the Court. If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement. The Interim Compensation Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Paul Hastings seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $6,275,067.50 |
| Total Expenses Sought this Period | $148,615.29 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this Application for all attorneys | $1,432 |
| Blended rate in this Application for all timekeepers | $1,364 |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | $4,275,042.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | $97,501.91 |
| Number of professionals billing fewer than 15 hours to the case during this period | 4 |

| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [] Yes          [X] No |
| | Not applicable |

## Summary of Services Rendered

9.       During the Compensation Period, Paul Hastings assisted and advised the AHC of Supporting Counsel regarding legal matters relating to the prosecution of this Chapter 11 Case. In connection with such services, Paul Hastings prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in Paul Hastings' monthly fee statements.[3] Paul Hastings seeks allowance of compensation during the Compensation Period in the amount of $6,275,067.50. During the Compensation Period, Paul Hastings attorneys and paraprofessionals expended a total of 4,600.20 hours for which compensation is requested. The fees charged by Paul Hastings in this proceeding are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

10.       The following summary highlights the major areas in which Paul Hastings rendered services during the Compensation Period.   As required by the U.S. Trustee Guidelines, the summary is organized by project category:

### Case Administration (Task Code B110)
Fees:   $495,841.50          Total Hours:   358.10

11.       During the Compensation Period, Paul Hastings expended time on activities relating to case strategy and the day-to-day management and prosecution of the Chapter 11 Case,

---

[3]       The description of services here is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Compensation Period.

including monitoring critical dates and maintaining a case calendar, task lists, and work-in-progress reports and conducting twice weekly telephone conferences with the Paul Hastings team regarding case matters, case strategy, and upcoming hearings and filings.

**Pleadings Review (Task Code B113)**
Fees:  $168,212.50          Total Hours:  140.80

12.     During the Compensation Period, Paul Hastings monitored the docket of the Chapter 11 Case and reviewed various pleadings and motions filed by parties to inform the strategy and path of the AHC of Supporting Counsel in the Chapter 11 Case.

**Meetings of and Communications with Creditors (Task Code B150)**
Fees:  $238,422.50          Total Hours:  147.40

13.     During the Compensation Period, Paul Hastings expended time on communications with the AHC of Supporting Counsel through teleconferences, Zoom meetings, and email correspondence regarding case strategy and the myriad contested motions and pleadings filed in the Chapter 11 Case, including, among others, the Motions to Dismiss, the Debtor's proposed *Chapter 11 Plan of Reorganization* [Docket No. 525] (as further modified, revised, supplemented and amended including all attachments and exhibits thereto, the "Plan") and the Debtor's proposed *Disclosure Statement* [Docket No. 526] (as further modified, revised, supplemented and amended including all attachments and exhibits thereto, the "Disclosure Statement").

**Court Hearings (Task Code B155)**
Fees:  $686,648.00          Total Hours:  463.70

14.     During the Compensation Period, Paul Hastings prepared for and represented the AHC of Supporting Counsel at various bankruptcy court hearings in connection with this Chapter 11 Case, including, among others, hearings on: (a) the *Motion of the Ad Hoc Committee of Supporting Counsel to Intervene* [Adv. Pro. Docket No. 104] (the "Intervention Motion"), (b) the

7

*Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II)*

*Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* [Docket

No. 240], (c) the *Ad Hoc Committee of Supporting Counsel's Motion to File Under Seal and*

*Redact Certain Information in Verified Statement of Paul Hastings LLP, Cole Schotz P.C., and*

*Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* [Docket No. 471], (d) the *Motion for an*

*Order Authorizing the Debtor to Enter Into an Expense Reimbursement Agreement with Ad Hoc*

*Committee of Supporting Counsel* (the "Reimbursement Motion") [Docket No. 575], (e) the

*Official Committee of Talc Claimants' Cross-Motion for Entry of an Order (I) Temporarily*

*Suspending the Debtor's Chapter 11 Case Pursuant to 11 U.S.C. §§ 105 and 305, and (II) Granting*

*Related Relief* [Docket No. 414] (the "Suspension Motion"), (f) the *Official Committee of Talc*

*Claimants' Motion to Terminate the Debtor's Exclusive Period Pursuant to 11 U.S.C. § 1121(d)(1)*

[Docket No. 702], (g) hearings related to the extension and modification of the preliminary

injunction order [Adv. Pro. Docket No. 91], and (h) the four-day contested evidentiary hearing on

the Motions to Dismiss.

### Fee/Employment Applications (Paul Hastings) (Task Code B160)
Fees:   $257,851.50        Total Hours:   235.10

15.    During the Compensation Period, Paul Hastings expended time on the retention and

compensation of Paul Hastings in the Chapter 11 Case. In addition to preparing four monthly fee

statements, Paul Hastings negotiated the Reimbursement Agreement with the Debtor and

prosecuted the Reimbursement Motion, including analyzing, researching, and drafting the

*Response of the Ad Hoc Committee of Supporting Counsel to Objections to the Debtor's Motion*

*for an Order Authorizing It to Enter into the Expense Reimbursement Agreement* [Docket No.

744].

### Other Contested Matters (Task Code B190)

8

Fees:   $236,114.50          Total Hours:   181.50

16.     During the Compensation Period, Paul Hastings advised the AHC of Supporting Counsel regarding contested matters in the Chapter 11 Case and expended time researching, drafting, contesting and prosecuting various motions and pleadings related to certain contested matters in the Chapter 11 Case, including (a) various motions to seal pleadings; (b) the *Objection to Motions for Certification of Direct Appeal* [Adv. Pro. Docket No. 124]; (c) the Response of Ad Hoc Committee of Supporting Counsel to the Official Committee of Talc Claimant's Writ of Mandamus filed in the Third Circuit; and (d) the *Objection of the Ad Hoc Committee of Supporting Counsel to TCC's Cross-Motion for Order Temporarily Suspending Debtor's Chapter 11 Case and Related Relief* [Docket No. 497].

### General Litigation (Task Code B191)
Fees:   $2,685,447.00        Total Hours:   1,998.00

17.     During the Compensation Period, Paul Hastings provided advice and recommendations to the AHC of Supporting Counsel with respect to, and analyzed, researched, drafted and prosecuted motions and objections related to multiple litigation matters in the Chapter 11 Case.

18.     Chiefly, Paul Hastings devoted substantial effort to prepare for the four-day evidentiary hearing on the Motions to Dismiss, including: (a) preparing for and defending depositions of various members of the AHC of Supporting Counsel; (b) analyzing and drafting responses to discovery matters; (c) reviewing and analyzing documents produced in discovery; (d) participating in approximately 15 depositions; (e) researching and drafting the *Omnibus Objection of the Ad Hoc Committee of Supporting Counsel to Motions to Dismiss* [Docket No. 613] and the *Omnibus Response of Ad Hoc Committee of Supporting Counsel to Replies in Support of Motions to Dismiss* [Docket No. 900]; (f) coordinating trial strategy with the Debtor; (g) participating in

multiple meet and confer sessions with counsel to all parties to the Motions to Dismiss litigation; (h) analyzing and negotiating the pre-trial stipulation governing the manner in which the trial would be conducted; (i) drafting declarations for members of the AHC of Supporting Counsel; (j) reviewing, analyzing and summarizing all deposition transcripts and designating those transcripts in lieu of live testimony at trial; (k) preparing witnesses for trial; (l) participating in the four-day contested evidentiary trial on the Motions to Dismiss; and (m) analyzing the trial record and drafting the joint post-trial brief with the Debtor.

19.      In addition to the significant effort and time expended in opposing the Motions to Dismiss, Paul Hastings also dedicated material time to other litigation related matters, including (a) drafting motions and objections related to the preliminary injunction order [Adv. Pro. Docket No. 91] sought in the adversary proceeding, such as the Intervention Motion and the *Ad Hoc Committee of Supporting Counsel's Statement in Support of Debtor's Motion (I) to Extend and Modify the Preliminary Injunction Order and (II) for Confirmation that Successor Liability Actions are Subject to the Automatic Stay* [Adv. Pro. Docket No. 175] and (b) researching and analyzing issues related to the appeals of the *Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Docket No. 551] and the *Order Extending the Preliminary Injunction* [Adv. Pro. Docket No. 203].

### Non-Working Travel (Task Code B195)
Fees:  $33,082.50          Total Hours:  43.90

20.      During the Compensation Period, Paul Hastings expended time traveling to and from Trenton, New Jersey to represent the AHC of Supporting Counsel in numerous hearings in the Chapter 11 Case, including the four-day hearing on the Motions to Dismiss.

**Business Operations (Task Code B210)**
Fees:   $9,592.50              Total Hours:   5.70

21.        During the Compensation Period, Paul Hastings expended time drafting and

revising materials related to the governance of the AHC of Supporting Counsel and discussing and

advising the AHC of Supporting Counsel with respect to the same.

**Claims Administration and Objections (Task Code B310)**
Fees:   $174,498.50          Total Hours:   127.50

22.        During the Compensation Period, Paul Hastings expended time researching and

analyzing issues related to the estimation of talc-related claims in bankruptcy and establishment

of a bar date for filing proofs of claim related to the Plan, the *Debtor's Motion for Entry of an*

*Order (A) Approving Form and Manner of Notice of Hearing on Disclosure Statement; (B)*

*Approving Disclosure Statement; (C) Establishing Solicitation and Tabulation Procedures; (D)*

*Scheduling a Hearing on Confirmation of Amended Chapter 11 Plan and Approving Form and*

*Manner of Notice Thereof; and (E) Granting Related Relief* [Docket No. 1011] ("Solicitation

Procedures"), and the *Motion of the Official Committee of Talc Claimants for Entry of an Order*

*(I) Establishing a Deadline for Filing Proofs of Claim, (II) Approving the Proposed Model Claim*

*Form for Personal Injury Talc Claims and Related Procedures, and (III) Directing the Debtor to*

*Provide Adequate Notice of the Deadline for Filing Proofs of Claim to All Talc Claimants* [Docket

No. 1021].

**Plan and Disclosure Statement (Task Code B320)**
Fees:   $1,279,009.00       Total Hours:   890.90

23.        During the Compensation Period, Paul Hastings expended significant time drafting

and negotiating the Plan, the Disclosure Statement and the Trust Distribution Procedures ("TDP")

with the Debtor and its professionals.  This process included numerous calls and meetings with the

Debtor, its professionals, the AHC of Supporting Counsel and its individual members and Professionals. Paul Hastings conducted continuous meetings throughout the Compensation Period with the members of the AHC of Supporting Counsel to address material Plan, Disclosure Statement, and TDP issues and participated in a mediation session with the Court appointed mediators and the members of the AHC of Supporting Counsel. Paul Hastings negotiated and drafted revisions to the Solicitation Procedures proposed and filed by the Debtor. In connection with prosecution of the Plan, Disclosure Statement and Solicitation Procedures, Paul Hastings also analyzed and researched multiple complex issues related to confirmation of the Plan, including, without limitation, channeling injunctions, the TDP, the solicitation and voting process in a mass tort bankruptcy cases and issues related to the chapter 11 cases of *Imerys Talc America, Inc.*, No. 19-10289 (Bankr. D. Del. 2019) ("Imerys") and *Cyprus Mines Corporation*, No. 21-10398 (Bankr. D. Del. 2021) ("Cyprus") and the various claims for, among other things, indemnification obligations, between the Debtor, Imerys and Cyprus.

24.     The professional services described above and in the fee statements (a) were necessary and appropriate to the administration of the Chapter 11 Case, (b) were in the best interests of the AHC of Supporting Counsel, the Debtor, the estate, its creditors, and its stakeholders, and (c) were provided without unnecessary duplication of effort or expense.

## **Valuation of Services**

25.     Paul Hastings has been involved in a meaningful way in the Chapter 11 Case in fulfilling its duties to the AHC of Supporting Counsel.  Paul Hastings submits that in view of its integral role in the Chapter 11 Case, its request for compensation and reimbursement of expenses is reasonable and warranted.

26.     Section 330(a)(1) of the Bankruptcy Code provides that a court may award certain professionals employed in a bankruptcy case "reasonable compensation for actual, necessary

12

services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(1) contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (noting first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  A majority of courts note that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate. *Engel*, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances.  *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions.  *See id.* (citing *In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996)).

27.    Pursuant to section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including —

(1)    the time spent on such services;

(2)    the rates charged for such services;

(3)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(4)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6)     whether the compensation is reasonable based on the customary compensation

charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.     Consistent with section 330(a)(3), courts also employ the twelve factors set forth in

*Staiano v. Cain (In re Lan Assocs. XI, L.P.*), 192 F.3d 109, 123 (3d Cir. 1999) (citing *Johnson v.*

*Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), which include: (1) the time and

labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the

legal service properly, (4) the preclusion of other employment by the attorney due to acceptance

of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations

imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)

the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11)

the nature and length of the professional relationship with the client, and (12) awards in similar

cases. *Staiano*, 192 F.3d at 123 n.8.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code

and applicable case law, the amount requested herein by Paul Hastings is fair and reasonable, as

set forth below and otherwise in this Application.

a.     **Time and Labor Required**

Paul Hastings billed a total of $6,275,067.50 in fees and 4,600.20 hours for professional
and paraprofessional services during the Compensation Period.  As evidenced by this
Application, Paul Hastings professionals and paraprofessionals worked diligently and
efficiently without unnecessary duplication of efforts throughout the Compensation Period.
Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services
to the AHC of Supporting Counsel by utilizing talented junior attorneys and
paraprofessionals to handle the more routine aspects of the assignments.  The services were
performed in an effective and efficient manner commensurate with the complexity,
exigency, and importance of the issues involved.

In addition, Paul Hastings' representation of the AHC of Supporting Counsel has required
balancing the need for quality services with the need to act quickly and represent the AHC
of Supporting Counsel in an effective, efficient, and timely manner.  Paul Hastings submits

14

that the hours spent were reasonable given the size and complexity of the Chapter 11 Case and the significant, and often urgent, legal issues raised.

b.      **Novelty and Difficulty of the Questions**

Paul Hastings tasked knowledgeable attorneys to research, analyze, and advise the AHC of Supporting Counsel on difficult and complex issues during the Compensation Period, including issues related to bankruptcy and litigation matters.  Most notably, Paul Hastings, together with the AHC of Supporting Counsel and their other advisors, Cole Schotz P.C. and Parkins & Rubio LLP, analyzed many legal challenges that arose in the course of negotiating the Plan and Disclosure Statement with the Debtor and prosecuting the Motions to Dismiss the Chapter 11 Case, including multiple appeals of orders entered in the Chapter 11 Case.

c.      **Skill Requisite to Perform the Legal Services Properly**

Paul Hastings believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, its ability to draw from highly experienced professionals in other areas of Paul Hastings' practice, and its creative approach to the issues presented has contributed to the effective administration of the Chapter 11 Case and benefited the Debtor, its estate and creditors.  Due to the nature and complexity of the legal issues presented by the Chapter 11 Case, Paul Hastings was required to exhibit a high degree of legal skill in areas related to, among others, bankruptcy and litigation.  Additionally, Paul Hastings' strong working relationship with the legal advisors to other parties in interest enabled Paul Hastings to work with such advisors towards a swift, consensual resolution of some of the salient issues in the Chapter 11 Case.

d.      **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**

Due to the size of Paul Hastings' restructuring and litigation practices, Paul Hastings' representation of the AHC of Supporting Counsel did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Case imposed significant burdens on Paul Hastings' professionals and paraprofessionals working concurrently on other matters.

e.      **Customary Fee**

The fees charged by Paul Hastings in the Chapter 11 Case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Case are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as was the case here.

15

f.  **Whether the Fee Is Fixed or Contingent**

Pursuant to the Bankruptcy Code and the Interim Compensation Order, all fees sought by professionals employed by the AHC of Supporting Counsel are contingent pending final approval by the Court.  The contingency of full and actual compensation to Paul Hastings increased the risk Paul Hastings was assuming by representing the AHC of Supporting Counsel in the Chapter 11 Case.

g.  **Time Limitations Imposed by the Client or Other Circumstances**

This factor is not applicable to the Chapter 11 Case.

h.  **Amount Involved and Results Obtained**

Paul Hastings professionals and paraprofessionals worked diligently to maximize value for the Debtor's estate.  During the Compensation Period, and as described in the summary of services herein, Paul Hastings was instrumental in, among other things, the filing of the Debtor's Plan and Disclosure Statement and opposing the Motions to Dismiss the Chapter 11 Case.

i.  **Experience, Reputation, and Ability of Attorneys**

Paul Hastings is consistently recognized as a top tier law firm in the field of creditors' rights, business reorganizations, and reorganizations under chapter 11.  Paul Hastings professionals have actively represented debtors, creditors, and committees in a number of the nation's largest chapter 11 cases.  Paul Hastings' extensive experience enabled it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of chapter 11 restructuring, Paul Hastings called upon the expertise of its attorneys in other practice areas as required during the Compensation Period.

j.  **"Undesirability" of the Cases**

This factor is not applicable to the Chapter 11 Case.

k.  **Nature and Length of Professional Relationship**

This factor is not applicable to the Chapter 11 Case.

l.  **Awards in Similar Cases**

The fees sought herein are commensurate with fees Paul Hastings has been awarded in other chapter 11 cases.

30.  In addition, consistent with Section 331 of the Bankruptcy Code, this is Paul Hastings' first interim and final fee application.  This application is made more than 120 days from the Petition Date.  See 11 U.S.C. § 331.

16

31.     Paul Hastings submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtor, its estate, and creditors and were rendered to protect, preserve, and maximize the value of the estate for all parties in interest.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Paul Hastings respectfully submits that the amount requested here is fair and reasonable given (a) the complexity of the Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**Actual and Necessary Disbursements**

32.     Paul Hastings requests final allowance and payment of actual and necessary expenses incurred during the Compensation Period in the aggregate amount of $148,615.29.  It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  Paul Hastings charged at actual cost for its ancillary services and expenses such as photocopying, scanning, messenger and courier services, court reporter services, filing fees, litigation support service, document processing, facsimile, postage, printing, travel related expenses, parking and similar expenses, whether internal or paid to third parties.

33.     Paul Hastings charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies.  Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

**Statements in Response to U.S. Trustee Guidelines**

34.     Paul Hastings provides the following responses to the request for information set forth in the U.S. Trustee Guidelines for the Compensation Period:

17

<u>Question</u>:        Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Compensation Period?

<u>Response</u>:        No.

<u>Question</u>:        If the fees sought in this Application as compared to the fees budgeted for the Compensation Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

<u>Response</u>:        Not applicable.

<u>Question</u>:        Have any of the professionals included in this Application varied their hourly rate based on the geographic location of the bankruptcy case?

<u>Response</u>:        No.

<u>Question</u>:        Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

<u>Response</u>:        The Application includes approximately 102.10 hours and associated fees of approximately $92,387.00 related to reviewing or revising time records or preparing, reviewing, or revising invoices for, among other things, privileged or confidential information. These tasks are performed concurrently by the same individuals and, thus, are not divisible on a task-by-task basis.

<u>Question</u>:        Does this Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

<u>Response</u>:        Yes, as set forth above.

<u>Question</u>:        If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

<u>Response</u>:        Not applicable.

## **Reservation**

35.    To the extent that time or disbursements for services rendered relate to the Compensation Period but were not processed before the preparation of, or included in, this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the

Compensation Period, Paul Hastings reserves the right to request compensation for such services

and reimbursement of such expenses in a supplemental or future application.  Also, Paul Hastings

does not waive, and expressly reserves, its right to respond to any objections regarding the

Application and the amounts sought for Paul Hastings' services in the Chapter 11 Case.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Paul Hastings respectfully requests entry of an order (i) granting final allowance and a final administrative claim for compensation for professional services rendered for and on behalf of the AHC of Supporting Counsel during the Compensation Period and reimbursement of expenses incurred in connection therewith in the amount of $6,275,067.50 and $148,615.29, respectively, (ii) authorizing and directing the Debtor's prompt payment of the remaining balance of the allowed fees and expenses,  (iii) allowing that such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek further compensation for the full value of services performed and expenses incurred, and (iv) providing such other and further relief as is just and proper.

Respectfully submitted,

Dated: September 11, 2023                    **PAUL HASTINGS LLP**

*/s/* Matthew M. Murphy
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Email:  mattmurphy@paulhastings.com
        mattmicheli@paulhastings.com

Kristopher M. Hansen (*admitted pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email:  krishansen@paulhastings.com

*Counsel to AHC of Supporting Counsel*