**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*



**Order Filed on September 20, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

# ORDER CERTIFYING DIRECT APPEAL TO THE
# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: September 20, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Certifying Direct Appeal to the United States Court of Appeals for the Third Circuit

This matter comes before the Court pursuant to the *Joint Certification to the Court of Appeals by all Appellants and Appellees* [Dkt. 1310] (the "Joint Certification"), filed by LTL Management LLC and the Ad Hoc Committee of Supporting Counsel (together, the "Appellants") and the Appellees[2]; the Court having reviewed the Joint Certification; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, dated September 18, 2012 (Simandle, C.J.); (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (d) notice of the Joint Certification was sufficient under the circumstances and no further notice is necessary; the Court further finds and concludes as follows:

  A. Notices of appeal [Dkt. 1262, 1306] were filed in the above-captioned chapter 11 case by the Appellants from the *Memorandum Opinion* [Dkt. 1127] and the implementing *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. 1121(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. 1211] (together, the "Dismissal Order");

---

[2] The "Appellees" are the Official Committee of Talc Claimants; Paul Crouch; the Ad Hoc Group of Mesothelioma Claimants; mesothelioma claimants represented by Maune Raichle Hartley French & Mudd LLC; the States of New Mexico and Mississippi; claimants represented by Arnold & Itkin LLP; the Ad Hoc Committee of States Holding Consumer Protection Claims; claimants represented by The Barnes Law Group; and the Office of the United States Trustee for the District of New Jersey.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Certifying Direct Appeal to the United States Court of Appeals for the Third Circuit

        B.      all of the Appellants and the Appellees agreed in the Joint Certification that a circumstance specified in 28 U.S.C. § 158(d)(2) exists because the Dismissal Order involves a matter of public importance and an immediate appeal from the Dismissal Order may materially advance the progress of the case or proceeding in which the appeal is taken;

        C.      the Joint Certification was properly filed pursuant to 28 U.S.C. § 158(d)(2)(A);

        D.      the Court agrees with the Appellants and Appellees that the conditions of 28 U.S.C. § 158(d)(2) have been met; more specifically, that the Dismissal Order involves a matter of public importance and an immediate appeal from the Dismissal Order may materially advance the progress of the case or proceeding in which the appeal is taken;

        E.      no papers were filed in opposition to the Joint Certification;

        F.      consistent with Rule 8006(c)(2) of the Federal Rules of Bankruptcy Procedure, the Court submits the following statement expressing its agreement that the Dismissal Order merits certification:  During LTL's first bankruptcy proceeding, the Court certified its order denying motions to dismiss the case because, among other reasons, direct appeal would materially advance the proceeding.  See No. 21-30589, Dkt. 1926 (Bankr. D.N.J. Mar. 31, 2022).  Given the extensive record and briefing produced during trial in that case, the Court found no need for "further development in the District Court" or that additional review by the District Court would add anything of value.  Id. at 71.  It therefore did not "serve any purpose" to engage in an "intermediate appeal."  Id. at 72.  The Court also found that LTL's case and the questions it implicated were publicly important.  Id. at 74-75.  The case drew significant attention, including

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Certifying Direct Appeal to the United States Court of Appeals for the Third Circuit

from journalists and policymakers; there were "billions upon billions of dollars" at stake and "thousands upon tens of thousands of potential claimants"; and the question that the dismissal order raised regarding restructuring in the face of mass-tort litigation went "beyond the litigants" and would impact other restructurings and potential restructurings.  Id.  The Court finds that the Dismissal Order at issue here merits certification for substantially the same reasons; and

      G.     just cause exists for the relief granted herein;

**IT IS THEREFORE HEREBY ORDERED THAT:**

      1.     The Joint Certification is GRANTED.

      2.     Pursuant to 28 U.S.C. § 158(d)(2)(A) and Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Dismissal Order is certified for direct appeal to the United States Court of Appeals for the Third Circuit.