**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

In re:

LTL MANAGEMENT LLC,[1]

        Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**DEBTOR'S LIMITED OBJECTION TO THE MONTHLY FEE
STATEMENT FOR ALLOWANCE OF FEES FOR THE PERIOD
OF AUGUST 12, 2023 THROUGH AUGUST 31, 2023 FILED BY MASSEY & GAIL LLP**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), objects to

the Monthly Fee Statement (the "Statement") filed by Massey & Gail LLP ("M&G") for the

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

period of August 12, 2023 through August 31, 2023 ("Statement Period"), filed September 15, 2023 [Dkt. 1382], and further states as follows:

## LIMITED OBJECTION

1. M&G was not retained as special appellate counsel and is not entitled to compensation for the services it purportedly provided during the Statement Period. To the extent a retained professional provides services rendered outside of the scope of its retention, such services are non-compensable. See In re West End Fin. Advisors, LLC, 2012 WL 2590613, at *14 (Bankr. S.D.N.Y. July 2, 2012); In re Cuisine Magazine, Inc., 61 B.R. 210, 216 (Bankr. S.D.N.Y. 1986). Moreover, "[t]he fact that such unauthorized services may have been beneficial to the estate is immaterial." Cuisine Magazine, 61 B.R. at 216; see also In re Roper & Twardowsky, LLC, 2016 WL 7322787, at *6 (D.N.J. Dec. 14, 2016) (affirming bankruptcy court's denial of applicant's request for compensation for services rendered outside the scope of retention and noting that the applicant provided those services "at its own risk").

2. The Statement identifies $73,351.00 total fees incurred by M&G, and, except for 4.8 hours of time totaling $2,346.00 related to fee applications,[2] the remaining identified fees – 95.5 hours totaling $71,005.00 – are for "Appellate Briefs," a service for which M&G was not expressly retained. Indeed, M&G's retention does not disclose that it was to serve as special appellate counsel. Rather, M&G was proposed by the Official Committee of Talc Claimants (the "Committee") (and authorized by the Court) to serve a "distinct purpose" based on its "mass tort and other complex case experience" (Dkt. 402 ¶ 6(c)), which renders its purported bankruptcy appellate services non-compensable under the Court's *Order (I) Dismissing Debtor's Chapter 11*

---

[2] The Debtor does not object to this portion of the Statement.

*Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. 1211] (the "Dismissal Order").

3. While the Dismissal Order allows for the Committee's continued existence after dismissal, such existence is significantly limited "solely to pursue or defend any Appeals, and its Retained Professionals shall be authorized to continue to perform services on the TCC's behalf and communicate with its constituents concerning the pursuit or defense of any Appeals." Dismissal Order ¶ 8. The Dismissal Order strictly limits the post-dismissal services which Committee professionals may legitimately perform and seek compensation for and does not give professionals retained by the Committee for non-appellate work the opportunity to expand the scope of, or transition their services to, appellate-based work.

4. Moreover, permitting M&G to act as special appellate counsel conflicts with the Committee's retention of MoloLamken LLP ("MoloLamken") as special appellate counsel. M&G's retention application also explicitly acknowledges the "distinct purpose" of each of the Committee's multiple counsel and refers only to MoloLamken as appellate special counsel: "MoloLamken serves as the Committee's special counsel for appeals. MoloLamken is a preeminent appellate firm with substantial experience before the highest courts in the country, as well as before the Third Circuit Court of Appeals in LTL I." Dkt. 402 ¶ 6(e). While M&G's application touts that it has appellate experience in mass torts and complex case litigation, its retention does not include provision of appeal-related services. Thus, the Committee was not authorized to engage M&G to perform post-dismissal services and M&G's unauthorized appellate-based work is outside the scope of its approved services and is therefore non-

compensable; those services were also unnecessary and duplicative of the services provided by MoloLamken and provided no benefit the estate.[3]

5. This is not a case where M&G was required to bring a newly-retained appellate firm up to speed after trial. Rather, MoloLamken was retained as Committee appellate counsel in LTL I and from the outset of the Committee's appointment in this case. Its monthly fee statements prior to dismissal disclose that it was kept informed of the case status through communications with the Committee and other counsel, by reviewing and editing the briefing in support of dismissal of the case and by performing research and other functions – all presumably in anticipation of an appeal. E.g., Dkt. 932-1 (MoloLamken's April Monthly Fee Statement) at 3 (April 24, 2023 time entry of Mr. Lamken stating "Call re: motion to dismiss and appellate strategy (mandamus) with E. Sokoloff, L. Walker, and R. Hashem."); Dkt. 964 (MoloLamken's May Monthly Fee Statement) at 9-10, 17, 23-26 (several time entries related to the motion to dismiss); Dkt. 1135-1 (MoloLamken's June Monthly Fee Statement) at 3 (June 6, 2023 time entry of Mr. Rubin stating "Finalize motion to dismiss reply brief in preparation for filing."); Dkt. 1251-1 (MoloLamken's July-August Monthly Fee Statement) at 3-6, 21-34, 42-43 (noting several time entries related to the Court's opinion and order on the motions to dismiss and appeal thereof). M&G timekeepers incurred fees totaling $52,801.00 related to drafting outlines and legal research related to the appeals. These services fall within the scope of MoloLamken's retention and far outside M&G's. M&G had no authority to bill LTL for post-dismissal services

---

[3] Courts have broad discretion to award or deny attorney fees and bankruptcy courts have an independent duty to review fees requested "to assure that the services rendered were necessary and appropriate and that the fees requested are reasonable." See In re Flemings Cos., Inc., 304 B.R. 85, 89 (Bankr. D. Del. 2003) (citing In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994)). A court cannot allow compensation for "(i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case" pursuant to 11 U.S.C. § 330(a)(4)(A). 11 U.S.C. § 330(a)(4)(A). In re Silicon Alley Grp. Inc., 2017 WL 2780743, at * 2 (D.N.J. June 27, 2017) ("A Court cannot allow compensation for" services that fall under section 330(a)(4)(A)) (emphasis added).

as such work was outside the scope of what M&G was retained to do and almost entirely duplicative of MoloLamken's services.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court to deny M&G's request for fees related to "Appellate Briefs" totaling $71,005.00, as set forth in the Statement, and grant such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
Stephanie A. Weaver, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com
sweaver@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*