**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
ATTORNEYS FOR DEBTOR

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S OBJECTION TO STATEMENT FOR REIMBURSEMENT OF EXPENSES OF MEMBER REPRESENTATIVES OF TALC CLAIMANTS FROM APRIL THROUGH JULY 31, 2023**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), files this

objection to the Statement for Reimbursement of Expenses [Dkt. 1391] (the "Statement") for

counsel and attorneys representing the following Member Representatives of Talc Claimants

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

(collectively, the "Member Representatives"): (i) Richard Golomb, Esq., (ii) Beasley Allen Law Firm, (iii) Motley Rice LLC, (iv) Robinson Calcagnie, Inc., (v) Ashcraft & Gerel LLP, (vi) Levin Papantonio Rafferty, and (vii) Hill Hill Carter.

## OBJECTION

1. A group of attorneys that were not retained on terms that entitle them to recovery of their fees or expenses from the debtor nevertheless seek $90,341.19 in reimbursement for their own costs and expenses incurred in representing individual TCC members. The Debtor opposes the application in its entirety.

2. First, there is no legal basis for the relief sought. The Bankruptcy Code does not authorize the reimbursement of expenses of representatives of committee members. Rather, the Bankruptcy Code provides for expense reimbursement of committee **members**, not their individual counsel. See 11 U.S.C. § 503(b)(3)(F) (authorizing expense reimbursement for official committee members in certain circumstances). It does **not** permit allowance of compensation for services rendered by an attorney for an individual committee member acting for that individual committee member. See 11 U.S.C. § 503(b)(4) (authorizing "reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable under subparagraph (B), (C), (D), or (E) [but not (F)] of paragraph (3) of this subsection").

3. Given the lack of authority under the Bankruptcy Code, it is not surprising that, to the Debtor's knowledge, no court has approved reimbursement of costs incurred by representatives of committee members where a party in interest opposed it. For example, in the Imerys case, the official committee of tort claimants filed an application for reimbursement of expenses incurred by committee member representatives but subsequently withdrew it after the

2

United States Trustee opposed it. See Imerys, No. 19-10289 (LSS), Dkts. 2342 (application), 2462 (United States Trustee objection), and 3721 (notice of withdrawal of application). Further, in LTL I, the Debtor opposed a motion seeking to establish procedures for the reimbursement of expenses incurred by committee member representatives [Case No. 21-30589; Dkt. 3445], which was only resolved by consent order [Case No. 21-30589; Dkt. 3783]. No such consent order has been entered in this Chapter 11 Case.

4. Moreover, the *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests For Compensation And (III) Granting Related Relief* [Dkt. 1211] states: "[t]he Compensation Procedures Order shall remain in full force and effect through and including the Appeal Exhaustion Date, including as to requests for reimbursement of expenses incurred by members of the TCC and their representatives (a "Reimbursement Request") and the submission and payment of monthly fee statements by Retained Professionals." However, neither the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Dkt. 562] nor any other order in this case allows for reimbursement of expenses incurred by committee member representatives.

5. In addition, there is no need to authorize reimbursement of the members' lawyers, which have a discrete and limited role in respect of the Committee. Although individual counsel may **assist** committee members, "committee members cannot abdicate their role in favor of their counsel and their counsel do not sit 'by proxy' or otherwise on creditor committees." See In re Cyprus Mines Corp., No. 21-10398 (LSS) (Bankr. D. Del. May 18, 2021), Dkt. 302 at 9; see also In re Fibrex, Inc., 270 B.R. 714, 718-19 (Bankr. S.D. Ind. 2001) (finding that expenses for time spent by attorney to committee member must be disallowed because "[w]hile the Court does not

3

wish this to be a 'thankless job,' it also does not wish to encourage committee members to delegate their duties at the expense of other creditors"). Furthermore, seven separate law firms (and two consulting or financial advisory firms) retained by the Committee (whose allowed fees and expenses are payable by the Debtor's estate) were more than capable of advising the members of the Committee regarding all issues in this chapter 11 case. In fact, multiple attorneys from these law firms have attended hearings and meetings in this case on behalf of the Committee. Given the lack of statutory or other support for expense reimbursement, there is no reason for the Debtor to bear those costs given the numerous professionals already retained to advise the Committee and its members.

6. Second, the charges essentially duplicate what multiple retained attorneys have already charged to the Debtor's estate and are, therefore, excessive on their face. Moreover, certain of the same types of expense for the same meetings and hearings are being sought by multiple Plaintiff Law Firms and, in some cases, by multiple lawyers from the same firm.[2] The Court should not countenance behavior that leads to excessive reimbursement demands.

7. The Debtor's opposition, however, is not limited solely to the fact that the reimbursement requests are additive of the already substantial amounts incurred by the Committee's professionals. The Debtor objects to being required to reimburse the expenses given the excessive nature of the very items for which reimbursement is sought. The requests, among other things, seek reimbursement for (i) costs for first-class airfare,[3] (ii) costs for lodging at luxury hotels, including at the Ritz Carlton (some with a nightly rate of over $800),[4] (iii) costs

---

[2] For example, on several occasions, multiple lawyers from the same firm all traveled and stayed in the same hotel for LTL II meetings and/or hearings. See Id. at 70, 72, and 74.

[3] See Statement at 49, 102, 230, 231, 244, 298, and 313.

[4] Id. at 27, 70, 72, 74, 102, 146, 151, 164, 233, 239, 262, 406, and 408.

4

for premier car services,[5] (iv) costs for dinners at fine-dining establishments,[6] and (v) travel expenses to attend court hearings in person.[7] Incurrence of those types by attorneys whose fees and expenses are payable by the estate is usually objectionable, and they are even more objectionable when the applicant has no right to be reimbursed in the first place. The Debtor should not be required to reimburse such expenses, and the Court should deny the application in its entirety.

---

[5] Id. at 172, 218, 222, 234, 241, 248, and 250.

[6] Id. at 19, 166, 168, 294, and 327.

[7] Id. at 33, 82, 101, 162, 163, 181, 378, 385, 391, 395, 400, 403, and 407.

## CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court deny the Statement and grant such other and further relief to the Debtor as the Court deems just and proper.

Dated: October 4, 2023                              **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
Stephanie A. Weaver, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*