**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**DEBTOR'S LIMITED OBJECTION TO THE MONTHLY FEE
STATEMENT FOR ALLOWANCE OF FEES FOR THE PERIOD
OF AUGUST 12, 2023 THROUGH AUGUST 31, 2023 FILED BY ANDERSON KILL P.C.**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), objects to

the Monthly Fee Statement (the "Statement") of Anderson Kill P.C. ("AK") for the period of

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

August 12, 2023, through August 31, 2023 ("Statement Period"), filed September 20, 2023 [Dkt. 1394], and further states as follows:

**LIMITED OBJECTION**

1. The Official Committee of Talc Claimants (the "Committee") was continued in effect for a very limited purpose in the Dismissal Order:[2] to represent the interests of talc claimants in the appellate process after entry of the Dismissal Order. See Dismissal Order ¶ 8. AK was retained as special insurance counsel to the Committee. Dkt. 1052 ¶ 2. The scope of AK's retention is very limited, as stated in the Committee's application to employ the firm: "Anderson Kill's **sole and exclusive** focus will be on insurance issues and on recoveries from insurance policies sold to J&J." Dkt. 947 ¶ 6.a. Insurance coverage and recoveries from insurance policies are not issues that are raised in the pending appeals of the Court's Dismissal Order. Accordingly, AK has no role to play with respect to appellate matters. Consequently, AK cannot demonstrate that the services it has provided were either authorized or of any benefit to the estate; thus, AK's request for payment of post-dismissal services should be denied.

2. Section 330 of the Bankruptcy Code governs awards of compensation and reimbursement of expenses for work performed on behalf of the estate. 11 U.S.C. § 330. Awards for compensation are limited to "actual, necessary services." 11 U.S.C. 330(a)(1)(A). Courts may not grant "compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). It is axiomatic that services rendered outside of the scope of a professional's retention are not compensable. See In re West End Fin.

---

[2] "Dismissal Order" means the *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. 1211].

Advisors, LLC, 2012 WL 2590613, at *14 (Bankr. S.D.N.Y. July 2, 2012); In re Cuisine Magazine, Inc., 61 B.R. 210, 216 (Bankr. S.D.N.Y. 1986).  Moreover, "[t]he fact that such unauthorized services may have been beneficial to the estate is immaterial." Cuisine Magazine, 61 B.R. at 216; see also In re Roper & Twardowsky, LLC, 2016 WL 7322787, at *6 (D.N.J. Dec. 14, 2016) (affirming bankruptcy court's denial of applicant's request for compensation for services rendered outside the scope of retention and noting that the applicant provided those services "at its own risk").

3. To determine reasonableness, § 330(a)(3) of the Bankruptcy Code instructs that:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including . . . (c) whether the services were necessary to the administration of, or beneficial at the time at which such services were rendered toward the completion of, a case under this title. . . .

11 U.S.C. § 330(a)(3).

4. Courts have broad discretion to award or deny attorney fees and bankruptcy courts have an independent duty to review fees requested "to assure that the services rendered were necessary and appropriate and that the fees requested are reasonable." See In re Flemings Cos., Inc., 304 B.R. 85, 89 (Bankr. D. Del. 2003) (citing In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994)).  A court cannot allow compensation for "(i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case" pursuant to 11 U.S.C. § 330(a)(4)(A). 11 U.S.C. § 330(a)(4)(A). In re Silicon Alley Grp. Inc., 2017 WL 2780743, at * 2 (D.N.J. June 27, 2017) ("A Court cannot allow compensation for" services that fall under section 330(a)(4)(A)) (emphasis added).  Further, the applicant bears the burden of proving that it is entitled to compensation and that its fees were reasonable and necessary. Flemings Cos., 304 B.R. at 89; In re Raritan Hospitality LLC, 2011 WL 2680906, at *4 (Bankr. D.N.J. July 8, 2011)

-4-

(noting court must determine whether work was reasonably likely to benefit the estate at the time the work is performed).

5. The Statement identifies $23,461.00 total fees incurred by AK, and, except for 13.3 hours of time totaling $4,655.00 related to fee applications,[3] the remaining identified fees – 15.2 hours totaling $18,806.00 – are for "Asset Analysis and Recovery." That type of service is not within the TCC's post-dismissal mandate, and was unauthorized when rendered. Moreover, given that dismissal rendered insurance-related issues irrelevant, such services were wholly unnecessary. Put simply, there are no post-dismissal services for AK to perform as special counsel to the Committee, let alone any that are beneficial or necessary to the administration of the estate.

---

[3] The Debtor does not object to this portion of the Statement.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests this Court to deny AK's request for fees related to "Asset Analysis and Recovery" totaling $18,806.00, as set forth in the Statement, and grant such other and further relief as the Court deems just and proper.

Dated: October 4, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
Stephanie A. Weaver, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com
sweaver@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*