UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:	jeffrey.m.sponder@usdoj.gov
	lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Hearing Date:<br><br>Honorable Michael B. Kaplan, Chief Judge |

**UNITED STATES TRUSTEE'S OBJECTION TO THE STATEMENT FOR REIMBURSEMENT OF EXPENSES OF MEMBER REPRESENTATIVES OF TALC CLAIMANTS FROM APRIL THROUGH JULY, 2023**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), by and through his undersigned attorneys, hereby submits this objection to the Statement for Reimbursement of Expenses of Member Representatives of Talc Claimants From April Through July, 2023 (the "Statement") (Dkt. 1391) and in support of his Objection states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**PRELIMINARY STATEMENT**

1.  Genova Burns LLC ("Genova"), counsel for the Official Committee of Talc Claimants (the "TCC"), filed the Statement seeking reimbursement of expenses on behalf of certain "member representatives" of talc claimants. However, neither Genova nor the "member representatives" have provided any legal basis allowing for the reimbursement of expenses. Instead, Genova simply filed the two-page Statement and attached receipts for each "member representative."

2.  Although no legal argument has been made by Genova or the "member representatives," it appears that they are seeking reimbursement of their fees pursuant to Section 503(b)(3)(F) of the Bankruptcy Code. Section 503(b)(3)(F) allows reimbursement of reasonable costs incurred by actual committee members in connection with performance of their committee duties. It does not allow reimbursement of costs incurred by a member's proxy and personal attorney, which is what is being requested here.[2]

**JURISDICTION**

3.  This Court has jurisdiction to hear and determine this Objection.

4.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. And under 28 U.S.C. § 586(a)(3)(A), the U.S. Trustee is charged with reviewing and commenting on applications for compensation and reimbursement under 11 U.S.C. § 330 and objecting when the U.S. Trustee considers it appropriate. *See In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 842 (3d Cir. 1994). Such

---

[2] The TCC in the LTL 1 case (Case No. 21-30589/MBK; Dkt. 3111) filed an actual motion seeking to establish procedures for the reimbursement of expenses incurred by committee member representatives, which was objected to by the Debtor and the U.S. Trustee (Case No. 21-30589; Dkts. 3254 and 3445). Such motion was resolved by consent order without argument before the Court (Case No. 21-30589; Dkt. 3783).

oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See In re Columbia Gas Systems, Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this Objection. Indeed, the U.S. Trustee is statutorily empowered to review and object to fee and cost requests. 28 U.S.C. § 586(a)(3). *See also, In re Busy Beaver Building Centers, Inc.*, 19 F.3d at 842-43 (Debtors often do not object to their own counsel's fees because the fees often come out of creditor recoveries—not the reorganized debtor's assets—or because the debtor is not inclined to object to the fees of attorneys who made it possible for the debtor to stay in business. Creditors often do not object to fee applications as a perceived professional courtesy or for fear of retaliation); *In re Armstrong World Industries, Inc.*, 366 B.R. 278, 281 n.2 (D. Del. 2007) (same).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

### A. Background

6. On April 4, 2023 ("Petition Date"), LTL Management LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). *See* Dkt. 1. This filing came just two hours and eleven minutes after the Debtor's first bankruptcy case was dismissed ("LTL 1"). *See* Case No. 21-30589.

7. On April 14, 2023, the U.S. Trustee appointed the TCC. *See* Dkt. 162.

8. On August 11, 2023, the Court entered an *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* ("Dismissal Order"). *See* Dkt. 1211.

Pursuant to the Dismissal Order, "[t]he Compensation Procedures Order shall remain in full force and effect through and including the Appeal Exhaustion Date, including as to requests for reimbursement of expenses incurred by members of the TCC and their representatives (a "Reimbursement Request") and the submission and payment of monthly fee statements by Retained Professionals."

9. The referenced Compensations Procedures Order provides: "Each member of the Committee shall be permitted to submit statements of expenses (excluding expenses of third-party counsel of individual Committee members, the reimbursement of which, if any, is not addressed by this Order)[.]" *See* Dkt. 562, ¶ 6.

### B. The Statement

10. On September 19, 2023, Genova filed the Statement seeking reimbursement of $90,341.19 for fees and expenses incurred by the law firms that represent certain of the members on the TCC. *See* Dkt. 1391. More specifically, (i) Richard Golomb, Esq. - $5,805.03, (ii) Beasley Allen Law Firm - $20,191.01, (iii) Motley Rice LLC - $3,400.63, (iv) Robinson Calcagnie, Inc. - $40,618.64, (v) Ashcraft & Gerel LLP - $3,885.19, (vi) Levin Papantonio Rafferty - $9,466.88, and (vii) Hill Hill Carter - $6,973.81. *See id.*

11. For the reasons set forth below, the Court should deny the request to reimburse the "member representatives."

### **ARGUMENT**

12. The authority for payment of committee member expenses is found in section 503(b)(3)(F) of the Bankruptcy Code, which provides a committee member may be reimbursed for expenses "incurred in the performance of the duties of such committee." *See* 11 U.S.C. §

503(b)(3(F). There is no authority in the Bankruptcy Code for payment of expenses incurred by personal counsel or a representative of a committee member.

13. Section 503(b)(4) of the Bankruptcy Code allows as an administrative expense reimbursement of actual and necessary expenses incurred by an attorney representing parties identified in sections 503(b)(3)(A) – (E). Notably, subsection (F), which refers to committee members, is not included in section 503(b)(4). Accordingly, professional fee expenses of individual committee members—as opposed to those of retained committee professionals—are not allowed as administrative expenses pursuant to sections 503(b)(3)(F) and 503 (b)(4). *See In re Lehman Brothers Holdings, Inc.,* 508 B.R. 283, 290 (S.D.N.Y. 2014) ("the structure of §503(b)(3) and (4) glaringly exclude professional fee expenses for official committee members."). The "[s]tatutory history confirms this omission was intentional." *Id.*

14. Before 2005, committee members could recover personal attorney fees incurred in connection with their committee duties. Section 503(b)(4) had permitted "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection." 11 U.S.C. § 503(b)(4) (2000) (amended 2005). As committee members' expenses were allowed by section 503(b)(3)(F), their attorney fees for committee-related work were recoverable under the pre-BAPCPA text of Section 503(b)(4). *See First Merchants Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394, 403 (3d Cir. 1999) ("Although we acknowledge that the plain language of § 503(b)(4) presents serious tension with the scheme for retention of professionals by the committee as a whole created by § 1103, it is insufficient reason to justify failure to follow the unambiguous directive contained in the language of § 503. Accordingly, we leave any redrafting of the statute in Congress' hands.").

15. The 2005 amendment of Section 503(b)(4) added specific references to subparagraphs (A), (B), (C), (D) and (E) of section 503(b)(3). The added references make clear that committee members are not entitled to reimbursement as an administrative expense for fees or expenses of their personal professionals. 4 COLLIER ON BANKRUPTCY ¶ 503.LH[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed). *See also In re Adelphia Commc'ns Corp.*, 441 B.R. 6, 12 (Bankr. S.D.N.Y. 2010) ("Sections 503(b)(3)(D) and 503(b)(4) provide express authority for the payment of a nonfiduciary creditor or equity security holder's fees.") (emphasis added). *See also* Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256, H.R. Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. (2005) at 142, *reprinted in* 2005 U.S.C.C.A.N. 88, 201 ("Section 1208 of the Act amends section 503(b)(4) of the Bankruptcy Code to limit the types of compensable professional services rendered by an attorney or accountant that can qualify as administrative expenses in a bankruptcy case. Expenses for attorneys or accountants incurred by individual members of creditors' or equity security holders' committees are not recoverable . . . ."). Thus, post-BAPCPA, official committee members may not recover any attorney fees or attorney expenses. Identifying counsel as "member representatives" is simply an attempt at an end-run around the statutory provisions.

16. In addition, neither the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Dkt. 562] nor any other order in this case allows for reimbursement of expenses incurred by committee member representatives.

# **CONCLUSION**

17. The U.S. Trustee respectfully requests that this Court deny the request to reimburse the "member representatives" and grant such other relief as this Court deems fair and just.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: October 5, 2023

By: */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov