UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:       jeffrey.m.sponder@usdoj.gov
                    lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL Management LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Hearing Date: October 18, 2023 @ 10:00 a.m.<br><br>Honorable Michael B. Kaplan, Chief Judge |

**UNITED STATES TRUSTEE'S OMNIBUS LIMITED OBJECTION TO
THE FINAL FEE APPLICATIONS FILED BY BROWN RUDNICK, LLP,
GENOVA BURNS LLC, FTI CONSULTING, INC., MASSEY & GAIL
LLP, MILLER THOMPSON LLP,  MOLOLAMKEN LLP, AND
OTTERBOURG P.C.**

Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"), through his undersigned counsel, files this Omnibus Limited Objection (the "Objection") to the Final Fee Applications filed by Brown Rudnick, LLP, Genova Burns LLC, FTI Consulting, Inc., Massey & Gail LLP, Miller Thompson LLP, MoloLamken LLP and Otterbourg P.C. (the "Final Fee Applications") (Dkts. 1338, 1339, 1341, 1349, 1357, 1360, and 1361) and respectfully states:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**PRELIMINARY STATEMENT**

In the Final Fee Applications, Brown Rudnick, LLP ("Brown Rudnick"), Genova Burns LLC ("Genova Burns"), FTI Consulting, Inc. ("FTI"), Massey & Gail LLP ("Massey"), Miller Thompson LLP ("Miller"), MoloLamken LLP ("MoloLamken") and Otterbourg P.C. ("Otterbourg" and together with Brown Rudnick, Genova Burns, FTI, Massey, Miller and MoloLamken, the "TCC Professional Firms"), seek reimbursement of fees and expenses for the period between April 4, 2023 (the "Petition Date") and August 11, 2023 (the "Dismissal Date"), which includes a ten-day time period (April 4, 2023-April 14, 2023) prior to the appointment of the Official Committee of Talc Claimants (the "TCC").[2]

Each of the TCC Professional Firms negotiated the terms of their retentions with the U.S. Trustee and agreed to the orders entered on the docket. Pursuant to those orders, Otterbourg, Brown Rudnick, Genova Burns, Massey, and Miller each agreed that their retentions were effective as of April 14, 2023. *See* Dkts. 754, 755, 775, 776, and 777. FTI agreed to April 15, 2023 as the effective date for its retention and MoloLamken agreed to April 20, 2023 as the effective date for its retention. *See* Dkts. 774 and 898. None of the TCC Professional Firms' retention applications requested retention as of the Petition Date.

Now, instead of filing supplemental retention applications and/or motions to revise the

---

[2] The TCC Professional Firms through the Ad Hoc Committee of Certain Talc Claimants (the "AHC") filed a motion seeking reimbursement of fees and expenses pursuant to section 503 of the Bankruptcy Code for the period between the Petition Date and the appointment of the TCC (the "Substantial Contribution Motion"). *See* Dkt. 1241. As an alternative argument in the Substantial Contribution Motion, the Professional Firms ask the Court to authorize their retention as professionals for the TCC effective as of the Petition Date. As was set forth in the U.S. Trustee's objection to the Substantial Contribution Motion, which is being filed contemporaneously herewith, there is no basis to approve the retention of the TCC Professional Firms to a date before the TCC even comes into existence.

terms of their retention orders,[3] the TCC Professional Firms seek to expand their retention orders through the Final Fee Applications by requesting reimbursement of their fees and expenses *nunc pro tunc* to the Petition Date. As there is no basis to approve the TCC Professional Firms' fees and expenses prior to the existence of the TCC, the Court should strike any portions of the Final Fee Applications seeking fees prior to the appointment date of the TCC, which was April 14, 2023 and/or the date of retentions, which were April 14, 2023, April 15, 2023, and April 20, 2023.

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. In every bankruptcy case, the U.S. Trustee is authorized by 28 U.S.C. § 586(a)(3)(A) to "revie[w] . . . applications for compensation and reimbursement filed under section 330 of title 11," and to "fil[e] with the court comments to such application, and, if the United States Trustee considers it to be appropriate, objections to such application." 11 U.S.C. § 586(a)(3)(A)(i),(ii). The U.S. Trustee performs this statutory duty in all cases, even when a fee examiner or other fee review entity has been appointed.

---

[3] The U.S. Trustee would object to the TCC Professional Firms' request for *nunc pro tunc* approval at this time as the Third Circuit has established an extremely strict rule governing retroactive relief, which requires a showing of "extraordinary circumstances," which the TCC Professional Firms have not shown. *See e.g. F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 107-09 (3d Cir.), *cert. denied*, 488 U.S. 852 (1988); *In re Arkansas Co.*, 798 F.2d 645, 649 (3d Cir. 1986).

3

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

5. On April 4, 2023 ("Petition Date"), LTL Management LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). *See* Dkt. 1. This filing came just two hours and eleven minutes after the Debtor's first bankruptcy case was dismissed. *See* Case No. 21-30589.

6. On April 14, 2023, the U.S. Trustee appointed the TCC. *See* Dkt. 162. Once formed, the TCC retained the TCC Professional Firms. The TCC Professional Firms filed separate retention applications and separate Orders were entered reflecting April 14, 2023, April 15, 2023, and April 20, 2023, as the effective date of the retentions. *See* Dkts. 754, 755, 774, 775, 776, 777 and 898. There was no request at the retention stage for their retentions to be effective as of the Petition Date.

7. On August 11, 2023, the Court entered an *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* ("Dismissal Order"). *See* Dkt. 1211. Pursuant to the Dismissal Order, final fee applications were required to be filed within thirty (30) days of the Dismissal Date with any objections to be filed no later than twenty-one (21) days following the filing of any fee applications. *See id*.

8. On September 8, 2023, Genova Burns, Brown Rudnick, Massey, and Miller filed their final fee applications. *See* Dkts. 1338, 1339, 1341, and 1349. On September 10, 2023,

4

Otterbourg and FTI filed their final fee applications. *See* Dkts. 1357 and 1360. On September 11, 2023, MoloLamken filed its final fee application. *See* Dkt. 1361. As set forth on the docket, the current objection deadline is October 5, 2023. The TCC Professional Firms seek compensation for services provided prior to the formation of the TCC and prior to the effective dates of their retentions including the following: (i) Brown Rudnick seeks approximately $713,933.00 for services and $5,359.65 for expenses, (ii) Genova Burns seeks approximately $85,635.00 for services and $369.70 for expenses, (iii) Massey seeks approximately $145,755.50 for services and $471.56 for expenses, (iv) Miller seeks approximately $3,510.00, (v) Otterbourg seeks approximately $285,748.50, (vi) FTI seeks approximately $106,920.50 for services and $746.66 for expenses, and (vii) MoloLamken seeks approximately $6,797.50, totaling $1,355,247.57.

## **LEGAL STANDARD**

 **A. Section 330**

9. 11 U.S.C. § 330(a)(1) provides that after notice and a hearing, the court may award to a professional person employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" by such a professional person. *See* 11 U.S.C. § 330(a)(1).

10. In assessing the reasonableness of compensation, Section 330 of the Bankruptcy Code sets forth six (6) factors that are to be considered. *See* 11 U.S.C. § 330. These factors, focusing on the nature, extent, and value of the services provided by the professionals at the time incurred, include:

 (A) the time spent on such services;

 (B) the rates charged for such services;

 (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*See* 11 U.S.C. §§ 330(a)(3).  *See also In re Northwest Airlines Corp.*, 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009).

11. The standards set forth in section 330 of the Bankruptcy Code have been interpreted to provide that, "[t]he court may award 'reasonable compensation for actual, necessary services rendered' by . . . professionals 'based on (i) nature of the services, (ii) extent of the services, (iii) value of the services, (iv) time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases.'" *In re Channel Master Holdings, Inc.*, 309 B.R. at 861 *quoting In re Busy Beaver Building Centers, Inc.*, 19 F.3d at 840.  *See also In re Fleming Companies, Inc.*, 304 B.R. at 89 (same).  A bankruptcy court, however, "'should not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case.'" *In re Fleming Companies, Inc.*, 304 B.R. at 89 *quoting* 11 U.S.C. § 330(a)(4)(A).

    **B.**    **F/S Airlease**

12. The Third Circuit has established an extremely strict rule governing retroactive relief.  *See e.g. F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 107-09 (3d Cir.), *cert. denied*, 488 U.S. 852 (1988); *In re Arkansas Co.*, 798 F.2d 645, 649 (3d Cir. 1986).

13. According to this binding precedent, *nunc pro tunc* relief may only be granted upon a showing of "extraordinary circumstances."  The Third Circuit has held that a circumstance must

be outside of the control of the applicant before it can be deemed "extraordinary." *See e.g.*, *In re Arkansas Co.*, 798 F.2d at 649-50.

14. As the Third Circuit has expressly rejected the "excusable neglect" standard, circumstances created by the applicant's negligence are not sufficient to justify retroactive relief. *Id.* at 650.

15. *Nunc pro tunc* relief is an equitable remedy that is left to the discretion of the court. *See Weil v. Markowitz*, 898 F.2d 198, 200 (D.C. Cir. 1990) (noting that the issue of whether to grant *nunc pro tunc* relief is best left to the discretion of the court). Black's Law Dictionary defines *nunc pro tunc* as relief that has a retroactive legal effect.

## OBJECTION

16. The TCC Professional Firms seek approval of their fees for services rendered prior to the existence of the TCC and prior to the effective dates of their retentions. As set forth above, pursuant to 11 U.S.C. § 330(a)(1), the court may award to "a professional employed under section 327 or 1103" the reasonable compensation for actual, necessary services rendered by such professional person.

17. Here, prior to the formation of the TCC and prior to the effective dates of the TCC Professional Firms' retentions, the TCC Professional Firms were not professionals under Section 327. As the TCC Professional Firms were not professionals under Section 327 at that time, the TCC Professional Firms are unable to receive compensation for services provided for that time period.

18. In addition, to the extent the TCC Professional Firms seek to expand their retentions by seeking retroactive approval, such approval should be denied. The TCC Professional Firms have not filed motions or applications seeking retroactive approval. Even if

the TCC Professional Firms were to seek such retroactive approval, the standards for receiving retroactive compensation for fees and services has not been met. In fact, the TCC Professional Firms have not provided any information concerning how they could meet the standards for retroactive relief.[4] There is no basis for the TCC Professional Firms to be paid for services rendered before their client even came into existence.

19. As the TCC Professional Firms' retentions were effective as of the date the TCC was formed or shortly thereafter, the TCC Professional Firms were not professionals pursuant to Section 327, which is required to receive compensation under Section 330 for the time period prior to the effective dates of their retentions. In addition, the failure to seek retroactive approval of their retentions at the time the retention applications were filed or shortly thereafter requires the Court to deny compensation from the period between the Petition Date and the date the TCC was formed or between the Petition Date and the effective dates of the TCC Professional Firms' retentions.

20. The U.S. Trustee reserves and any all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Limited Objection, file a Motion, or seek any other relief deemed appropriate and necessary and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

---

[4] The TCC Professional Firms are not without a solution. The TCC Professional Firms through the AHC filed a motion for substantial contribution, which is to be heard the same day as the Final Fee Applications.

WHEREFORE, the U.S. Trustee respectfully submits that the Court deny any compensation to the TCC Professional Firms between the Petition Date and either the date the TCC was formed or the effective dates of the TCC Professional Firms' retentions and grant such other and further relief that is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: October 5, 2023

By: /s/ Jeffrey M. Sponder
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov