UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:	jeffrey.m.sponder@usdoj.gov
	lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL Management LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Hearing Date: October 18, 2023 @ 10:00 a.m.<br><br>Honorable Michael B. Kaplan, Chief Judge |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF THE
AD HOC COMMITTEE OF CERTAIN TALC CLAIMANTS AND THE
OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR ALLOWANCE
OF ADMINISTRATIVE CLAIMS FOR REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM APRIL 4, 2023
THROUGH APRIL 14, 2023 (PRIOR TO THE FORMATION OF THE
OFFICIAL COMMITTEE OF TALC CLAIMANTS) THAT PROVIDED A
SUBSTANTIAL CONTRIBUTION IN THE DEBTOR'S CASE OR, IN THE
ALTERNATIVE, AUTHORIZING RETENTION OF THE TCC
PROFESSIONALS EFFECTIVE AS OF THE PETITION DATE**

Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"), through his undersigned counsel, files this objection ("Objection") to the *Motion of the Ad Hoc Committee of Certain Talc Claimants and the Official Committee of Talc Claimants for Allowance of Administrative Claims for Reimbursement of Expenses Incurred for the Period from April 4, 2023 through April 14, 2023 (Prior to the Formation of the Official Committee of Talc Claimants)*

*that Provided a Substantial Contribution in the Debtor's Case or, in the alternative, Authorizing Retention of the TCC Professionals Effective as of the Petition Date* ("Substantial Contribution Motion") (Dkt. 1241) and respectfully states:

## PRELIMINARY STATEMENT

In the Substantial Contribution Motion, the movants, as counsel for the Ad Hoc Committee of Certain Talc Claimants (the "AHC"), seek reimbursement of fees and expenses pursuant to section 503 of the Bankruptcy Code for the period between the Petition Date and the appointment of the Official Committee of Talc Claimants (the "TCC"), a ten-day period.

Section 503 of the Bankruptcy Code governs a non-debtor party's request for compensation for substantial contribution to a bankruptcy case.  Section 503(b)(4) provides for the allowance for the "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under" section 503(b)(3). The Third Circuit interpreted the "substantial contribution" standard in *Lebron v. Mechem Financial, Inc.*, 27 F.3d 937 (3d Cir. 1994).

The movants must prove by a preponderance of the evidence that they made a substantial contribution to the case and have met the requirements of section 503.  *See In re Buckhead America Corp.*, 161 B.R. 11, 15 (Bankr. D. Del. 1993).

In the alternative, the movants ask the Court to authorize their retention as counsel for the TCC effective as of the Petition Date. There is no basis to approve the retention of committee professionals to a date before the committee even comes into existence.

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S.

Document    Page 3 of 8

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. In every bankruptcy case, the U.S. Trustee is authorized by 28 U.S.C. § 586(a)(3)(A) to "revie[w] . . . applications for compensation and reimbursement filed under section 330 of title 11," and to "fil[e] with the court comments to such application, and, if the United States Trustee considers it to be appropriate, objections to such application." 11 U.S.C. § 586(a)(3)(A)(i),(ii). The U.S. Trustee performs this statutory duty in all cases, even when a fee examiner or other fee review entity has been appointed.

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

5. On April 4, 2023 ("Petition Date"), LTL Management LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). *See* Dkt. 1. This filing came just two hours and eleven minutes after the Debtor's first bankruptcy case was dismissed. *See* Case No. 21-30589.

6. Given the timing and the continuity of the cases, nine of the eleven members of the Official Committee from the Debtor's first case formed the AHC in the second case. *See* Substantial Contribution Motion, Dkt. 1241 ("In light of the unprecedented second filing and the need to timely respond to the Debtor's flurry of filings, the nine members of the Original TCC deemed it vital to form an ad hoc committee to protect the broad interests of talc claimants until

3

an official committee was appointed in LTL 2.0.").

7. On April 14, 2023, the U.S. Trustee appointed the TCC. *See* Dkt. 162. The TCC was comprised of nine of the eleven members that were appointed to the committee in the Debtor's first bankruptcy case, which are the same nine members that were part of the AHC in the second case.

8. Once formed, the TCC retained the movants. The professionals retained by the TCC – specifically Brown Rudnick LLP, Otterbourg PC, Genova Burns LLC, Massey & Gail LLP, and FTI Consulting (the "Movants") – filed retention applications and Orders were entered reflecting April 14, 2023, as the effective date of the retention. *See* Dkts. 754, 755, 774, 776, and 777. There was no request at the retention stage for their retention to be effective as of the Petition Date.

9. *On August 11, 2023, the Court entered an Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* ("Dismissal Order"). *See* Dkt. 1211. Pursuant to the Dismissal Order, "Any party, including any ad hoc committee . . . seeking payment of a claim for substantial contribution . . . may file and serve a motion seeking such relief . . . no later than thirty (30) days following the Dismissal Date." *See id.*

10. On August 17, 2023, the Movants filed the Substantial Contribution Motion, which is the subject of this Objection. *See* Dkt. 1241. The Substantial Contribution Motion seeks payment of fees and expenses pursuant to Section 503 incurred by the movants from the Petition Date to the effective date of their retention as professionals for the TCC. *See id.* In the alternative, the movants ask this Court to change the effective date of their retention to the Petition Date, which is prior to the existence of their client, the TCC. *See id.*

4

**LEGAL STANDARD**

11. Bankruptcy Code section 503(b) provides in pertinent part:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> [ . . . ]
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> [ . . . ]
>
> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
>
> [ . . . ]
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

12. Thus, under section 503(b)(3)(D) the actual, necessary expenses of a creditor that makes a substantial contribution in a chapter 11 case is afforded administrative priority. Further, pursuant to section 503(b)(4), the reasonable fees and actual, necessary expenses of the creditor's attorneys and accountants are also given administrative expense priority. Section 503(b)(3)(D) must be narrowly construed so that administrative expenses will be held to a minimum. *See In re Worldwide Direct, Inc.*, 334 B.R. 112, 122 (Bankr. D. Del. 2005) (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997)).

13. As the Third Circuit held in *Lebron,* section 503(b)(3)(D) has two purposes: (1) to

5

encourage creditors to participate meaningfully in the reorganization process; and (2) to minimize fees and administrative expenses and thereby maximize creditor recoveries. *Lebron*, 27 F.3d at 944. A creditor makes a substantial contribution if its efforts provide an "actual and demonstrable benefit to the debtor's estate and the creditors." *Id.* at 943-44 (citation omitted) (quoting *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)); *see In re Worldwide Direct, Inc.*, 334 B.R. at 121.

14. Creditors are presumed to act in their own interest "until they satisfy the court that their efforts have transcended self-protection." *Lebron*, 27 F.3d at 944 (citations omitted). The activities that a section 503(b)(3)(D) applicant has engaged in are "presumed to be incurred for the benefit of the engaging party and are reimbursable if, but only if, the services 'directly and materially contributed' to the reorganization." *Id.* at 943-44 (citation omitted).

15. When determining if a claimant has met its burden, courts consider whether the services provided (a) were only for the benefit of the claimant or were for the benefit of all parties in the case; (b) directly, significantly and demonstrably benefited the estate; and (c) were duplicative of the services provided by professionals for the creditors' committee, the committee itself, debtor and its attorneys, or other fiduciaries and their professionals. *See In re Worldwide Direct, Inc.*, 334 B.R. at 122 (citing *In re Buckhead America Corp.*, 161 B.R. 11, 15 (Bankr. D. Del. 1993)).

16. The Movants must prove by a preponderance of the evidence that they made a substantial contribution to this case. *See In re Buckhead America Corp.*, 161 B.R. at 15.

## **OBJECTION**

17. The substantial contributions claims here are for fees and expenses incurred for services rendered to the AHC in the period between the Petition Date and the appointment of the TCC.

18. The U.S. Trustee recognizes (and the docket evidences) there was significant activity and substantial issues presented from the moment the second case was filed, a mere two hours and eleven minutes after the first case was dismissed as a bad faith filing, through the date the TCC was appointed. The U.S. Trustee therefore recognizes that services performed in that period may have benefited creditors and the estate as whole, but movants must still meet their burden under section 503 to show administrative expense treatment is warranted.

19. However, if this Court does not find relief is warranted under Section 503, there is no basis to essentially vacate previously entered retention orders and allow the movants to be retained effective as the Petition Date, before the TCC was even formed.

20. The movants site to *In re Service Merchandise Company, Inc.*, 256 B.R. 738 (Bankr. M.D. Tenn. 1999) for the proposition that professionals for an ad hoc committee who become professionals for an official committee can be retained effective as of the petition date despite the fact that such retention would pre-date the existence of their client. The decision in *Service Merchandise* did not address this issue. In *Service Merchandise*, committee professionals filed fee applications seeking compensation as of the petition date, before the committee was formed. 256 B.R. at 740. The United States Trustee in that district objected on the basis that professionals could not be compensated for representation of a client that was not yet in existence. *See id*. The Court overruled the U.S. Trustee's objection on the basis that the orders approving the professionals' employment were effective as of the petition date and no objections were made at the time of the retentions. *See id*. at 741. The issue of the appropriateness of the effective date of the retention for a client that did not yet exist was not before the Court. And the absence of an objection to retention of committee professionals to a date prior to existence of the committee in a case from 1999 out of the Middle District of Tennessee – where we don't know if the absence

7

of an objection from the U.S. Trustee was an oversight or what the circumstances were – cannot be the basis to conclude that the Court here should essentially vacate previously entered retention orders to change the effective date of the retention of these professionals. That is not what happened in *Service Merchandise* and should not be permitted to happen here.

WHEREFORE, the U.S. Trustee respectfully submits that the Court deny the Substantial Contribution Motions if the Movants are unable to satisfy the standards under Section 503 and deny the alternative relief.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: October 5, 2023

By: */s/ Jeffrey Sponder*
Jeffrey Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov