MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
Clayton L. Thompson, Esq.
cthompson@mrhfmlaw.com
Suzanne M. Ratcliffe, Esq.
sratcliffe@mrhfmlaw.com
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922

*Counsel for Mesothelioma Plaintiff Katherine Tollefson
and Certain Mesothelioma Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LTL MANAGEMENT LLC, | ) |
| | ) Case No: 23-12825-MBK |
| Debtor. | ) |

**MRHFM'S RESPONSE TO DEBTOR'S OBJECTIONS TO FEE REQUESTS
OF ANDERSON KILL AND MASSEY & GAIL AND TO
<u>REIMBURSEMENT REQUESTS BY TCC MEMBER REPRESENTATIVES</u>**

Johnson & Johnson chose to waste $200 million on bankruptcy professionals rather than compensate true talc cancer victims—those with claims filed in the tort system—over the past two years.[1] That is a lot of money; it takes J&J *almost* an entire week to give that much away to its shareholders. But, having dragged these victims and their lawyers

---

[1] J&J was always the one "litigating this case," not LTL Management. *See* Tr. 6/30/23, 148:24-25 (statements from the Company's head of litigation, Erik Haas). There is no reason to distinguish between the two. Johnson & Johnson paid professionals $150 million in *LTL1* (Dkt. 3954-1, pg. 7) and $50 million in *LTL2* (Dkt. 1250-1. pg. 7).

1

into bankruptcy involuntarily and in bad faith, *twice*, J&J now objects to: (1) $71,005.00 that Massey & Gail charged for appellate work (*see* Debtor Limited Obj., pg. 2, Dkt. 1454); (2) $18,806.00 that Anderson Kill charged for "Asset Analysis and Recovery" (*see* Debtor Limited Obj., pg. 4, Dkt. 1478); and (3) $90,341.19 to reimburse several TCC member representatives for their expenses (*see* Debtor Obj., pgs. 1-2, Dkt. 1477).

The Company's serial Chapter 11 abuse has drawn bipartisan criticism on Capitol Hill. Recently, after Erik Haas, the Company's Worldwide Vice President of Litigation, testified to the Senate Judiciary Committee that most talc victims supported J&J's bankruptcy plan, Senator Josh Hawley (MO) said: "I think it's outrageous, the idea that plaintiffs want to be denied their day in court…that's why [plaintiffs] took you to court, that's why the Third Circuit ruled against you."[2]

Now, having been denied entry to bankruptcy's safe harbor—again—Johnson & Johnson's hypocrisy is on full display, happily paying some bankruptcy professionals but straining for reasons to object to others. J&J's fee position is simple: it pays professionals that support its facially unconfirmable bankruptcy plans and objects to professionals who protect the rights of talc cancer victims.

---

[2] *Evading Accountability: Corporate Manipulation of Chapter 11 Bankruptcy*, U.S. Senate Committee on the Judiciary, 9/19/23, available at https://www.judiciary.senate.gov/committee-activity/hearings/evading-accountability-corporate-manipulation-of-chapter-11-bankruptcy. No transcript is yet available, however *see* Senator Josh Hawley (MO) at 1:46:55.

In *LTL1*, MRHFM objected to the FCR and her professionals being paid for work performed after the Third Circuit decision was published on January 30th. Those fees, amounting to approximately $80,000, were unnecessary after the Circuit's unambiguous rejection of J&J's attempt to resolve its talc liabilities in a bankruptcy. No 524(g) trust meant no future claimants, which meant no need for an FCR. *See LTL1*, MRHFM Obj., pg. 2, Dkt. 3940 (citing *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 840 (3d Cir. 1994)).

Ironically, this attempt to save J&J some money drew a hyperbolic response from the Company. *See LTL1* Dkts. 3943 (LTL Resp.) & 3944 (MRHFM Reply). That's because the FCR supported a bankruptcy resolution. So did the Ad Hoc of Supporting Counsel. Therefore, J&J volunteered to pay the AHC's fees, which total over $8,000,000 and is 44 times *more* than what Massey & Gail, Anderson Kill, and the member representatives request here.[3] It's particularly bizarre that J&J would object to Massey & Gail doing appellate work, given that the Company is still pretending that it wants the Third Circuit to review this Court's dismissal decision in *LTL2*.

The TCC's successful advocacy for all talc cancer victims has not been well received by J&J. That doesn't matter. What *does* matter is that none of these fees or

---

[3] $8 million divided by $180,000. The AHC's professionals: Paul Hastings $6,275,067.50 (Dkt. 1367), Parkins & Rubio $724,905.00 (Dkt. 1365), and Cole Schotz $1,188,739 (Dkt. 1364). *See* LTL Mot., Dkt. 575-1 & MRHFM Obj., Dkt. 711. MRHFM did not seek fee reimbursement for its appellate counsel in *LTL1* or for any of its attorneys' time opposing both bankruptcies.

expenses would have been incurred had J&J *not* launched its second bankruptcy. The Company's objections should be disregarded.

Respectfully submitted:

**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**

_____
Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhfmlaw.com