

1000 Maine Ave. SW  
Suite 450  
Washington, D.C. 20024

Jonathan S. Massey  
jmassey@masseygail.com  
(202) 650-5452

October 27, 2023

Honorable Michael B. Kaplan  
U.S. Bankruptcy Judge  
U.S. Bankruptcy Court for the  
  District of New Jersey  
402 East State Street  
Trenton, New Jersey  08608  
chambers_of_mbk@njb.uscourts.gov

                Re:  *In re LTL Management LLC*, No. 23-12825 (MBK)

Dear Judge Kaplan:

       I am special counsel to the Official Committee of Talc Claimants (the "TCC") in the above-referenced proceeding, and I write regarding the allowance of the fees incurred by my firm, Massey & Gail LLP.  As the Court has been separately informed, the Debtor has accepted many of the offers made by TCC Professionals to reduce their fees for the period April 14, 2023 to August 11 2023, which the TCC believes fully addresses the concerns expressed by the Court at the Hearing held on October 18, 2023.

       However, still at issue are the Debtor's Objections [Dkt. 1496, Dkt. 1454] to Massey & Gail LLP's Final Application for Compensation for the pre-dismissal period prior to August 11, 2023 [Dkt. 1341] and Massey & Gail LLP's Monthly Fee Statement For the Month of August 12, 2023 through August 31, 2023 [Dkt. 1382].

       The Debtor has rejected my offer to discount my firm's fee request for the period between April 14, 2023 and August 31, 2023 by the same 5% proposed by other TCC firms (which was the average reduction agreed to by the Fee Examiner in LTL 1.0).  The Debtor also rejected my offer granting the Debtor a reservation of rights relating to fee requests post August 11, 2023, to allow the Debtor to object to specific Massey & Gail time entries that the Debtor believed were unnecessary or duplicative.

       The Debtor's Objections to Massey & Gail's fees should be overruled.  The Court should (i) enter the attached proposed order on Massey & Gail's fee applications for the period between April 14, 2023 and August 31, 2023 (the proposed order reflects a 5% discount for all fees requested), and (ii) consider Massey & Gail's fee application regarding the April 4-April 14, 2023 period with the fee requests of other TCC Professionals as part of the Substantial Contribution Motion [Dkt. 1241].

       As shown in the TCC's Joint Omnibus Reply regarding fee applications [Dkt. 1514], there is no merit to the Debtor's objection that Massey & Gail's retention excludes appellate litigation.  The appeal in LTL 2.0 should be treated like the appeal in LTL 1.0.  In LTL 1.0, Massey & Gail worked extensively on the appeal, both before and after MoloLamken's retention, helping to formulate appellate strategy, draft and edit the appellate briefs, coordinate with co-appellants,

October 27, 2023
Page | 2

assist in argument preparation, and participate in the post-decision briefing in the Third Circuit (the oppositions to the Debtor's petition for rehearing and its motion to stay the mandate). As explained in the accompanying declaration of Jeffrey Lamken, "[t]he active participation of Massey & Gail was essential to achieving a favorable result for the TCC in the appeal in LTL 1.0," and "Massey & Gail also provided tremendous substantive contributions to the briefing and argument preparation in the LTL 1.0 appeal." Declaration of Jeffrey A. Lamken, ¶¶ 8, 9. Massey & Gail's familiarity with the record and experience with the case in this Court promoted efficiency and cost-effectiveness in the LTL 1.0 appeal, and it will do the same in LTL 2.0. *Id*. at ¶¶ 10, 11. As discussed in my accompanying declaration, Massey & Gail and MoloLamken have coordinated work and avoided duplication by discussing the assignment of specific projects in advance and circulating work product between firms for review and comment. Declaration of Jonathan S. Massey ¶ 2. The firms do not perform redundant work.

The Debtor was well aware of Massey & Gail's extensive role in the LTL 1.0 appeal, which was detailed in my fee applications.[1] For example, my certification in support of the Third Interim Fee Application in LTL 1.0, filed on November 30, 2022, stated that Massey & Gail had provided numerous services relating to the Third Circuit appeal, including "[t]he TCC's opening brief, filed June 30, 2022," "[c]oordination with three other appellants' briefs filed the same day, as well as five supporting amici briefs filed seven days later," "[t]he TCC's reply brief, filed on September 6, 2022," and "[a]ssistance with oral argument preparation." Dkt. 3392-1, ¶ 2 (Case No. 21-30589-MBK). "Jonathan Massey was one of two TCC attorneys at counsel table for the argument." *Id.*

The Debtor voiced no objections at all to Massey & Gail's appellate work in LTL 1.0. Neither did the UST or the Fee Examiner. Notably, the UST has not joined in the Debtor's objection to Massey & Gail's appellate fees in LTL 2.0. Indeed, LTL paid Massey & Gail's fees in full at the conclusion of LTL 1.0. As the Court will recall, the Debtor asked that the Fee Examiner be discharged and indicated that the Debtor itself would review the various fees requested by TCC professionals and would object to those the Debtor deemed improper or excessive. After reviewing Massey & Gail's LTL 1.0 fees, which included extensive appellate work, the Debtor did not request any reduction and paid the fee request without deduction.

Throughout LTL 1.0, the Debtor's own professionals included me on email after email regarding appellate issues. *See* Declaration of Jonathan S. Massey, Exhibits D-M. That pattern has continued in LTL 2.0. *Id.,* Exhibits A-C. In fact, Debtor's counsel sent me such an email involving appellate work as recently as October 16, 2023. *Id.,* Exhibits A-B.

After treating Massey & Gail as one of the TCC's appellate counsel for the past eighteen months, the Debtor now asserts that Massey & Gail's retention application excludes appellate work. That is false. In fact, the application expressly refers to appellate proceedings and my appellate experience:

• In describing Massey & Gail's role and the division of labor among the law firms representing the TCC, the retention application states that "Massey & Gail serves as special

---

[1] *See* Dkt. 3392-2, Ex. G; Dkt. 3571-2, Ex. A; Dkt. 3572-2, Ex. A, Dkt. 3631, Ex. A; Dkt. 3719-2, Ex. A; Dkt. 3894-2, Ex. A (all docket entries from Case No. 21-30589-MBK).

October 27, 2023
Page | 3

counsel, providing unparalleled mass tort and other complex case experience *before trial and appellate courts, including the Supreme Court*." Dkt. 402, ¶ 6(c) (emphasis added). This description of the services to be performed by Massey & Gail in LTL 2.0 is identical to that in LTL 1.0, and on the basis of the pattern and practice in the first bankruptcy, LTL could not have reasonably believed that Massey & Gail's LTL 2.0 retention excluded appellate services.

• In fact, the retention application in LTL 2.0 expressly stated that "Massey & Gail is well-versed in the issues presented by the Debtor's current bankruptcy proceeding, having represented the Official Committee of Talc Claimants in the Debtor's prior Chapter 11 bankruptcy proceeding before this Court, *as well as in the Committee's appeal to the Third Circuit Court of Appeals*." Dkt. 402, ¶ 4 (emphasis added).

• Moreover, the retention language expressly includes proceedings outside bankruptcy court. Dkt. 402, ¶ 6(e) ("Provide such other services to the Committee as may be necessary in this Case *or any related proceedings*.") (emphasis added).

I respectfully request that the Court overrule the Debtor's Objections to Massey & Gail's fee applications and enter the attached proposed order.

                                                                   Respectfully submitted,

                                                                   MASSEY & GAIL LLP

                                                                   Jonathan S. Massey

cc:    All counsel of record