| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Talc Claimants Committee* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Committee of Talc Claimants* |

| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                                         Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |
|---|---|

# DECLARATION OF JEFFREY A. LAMKEN IN SUPPORT OF FINAL APPLICATION FOR COMPENSATION FOR MASSEY & GAIL LLP

I, Jeffrey A. Lamken, being of full age, declare as follows:

     1.    I am submitting this Declaration in support of Massey & Gail LLP's ("Massey & Gail") Final Application for Compensation for fees and expenses for the period April 15, 2023 through August 11, 2023 (Dkt. 1341).

     2.    I am a partner and founder of the law firm MoloLamken LLP ("MoloLamken"), which maintains an office at 600 New Hampshire Avenue, N.W., Washington, D.C. 20037. At MoloLamken, I lead the firm's appellate practice before the U.S. Supreme Court and the federal courts of appeals. Before founding MoloLamken, I headed the Washington D.C. Supreme Court and Appellate Practice at Baker Botts, LLP.

     3.    I was retained to represent the Official Committee of Talc Claimants ("TCC") for purposes of appeal in this matter, as well as in the appeal from the denial of the motion to dismiss in LTL's first bankruptcy.

     4.    Our firm's practice in appeals is to work, whenever possible, closely with the attorneys who represented the client in proceedings below to prepare the appellate briefs, prepare for oral argument, and prepare any post-appeal filings. In my experience, the active participation of co-counsel in drafting materials for appeal ensures that we are able to operate with the best possible understanding of the legal and factual issues in the case. Such collaborations are also more efficient, because the attorneys who participated in the proceedings below are able to help us zero in on the most relevant materials from the record. And, ultimately, such collaboration leads to the best results for the client.

     5.    The benefits of efficient collaboration with co-counsel are especially important for complex cases like this one, which involve large numbers of parties and other stakeholders, vast records, and myriad issues. Here, the TCC alone comprises ten individuals and insurers, who were represented in trial proceedings by four different law firms, and engaged several other professionals. And the issues in this case are closely intertwined with the ongoing talc litigation against J&J and LTL, which involve tens of thousands of active cases in state and federal courts

all over the country. The TCC would be placed at a disadvantage if it was forced to defend the judgment in a case of this magnitude without the participation of co-counsel who participated in the bankruptcy proceedings.

6. Experience with the first appeal shows that the appeal in this case will be a major undertaking. The first appeal involved 18 briefs (between the Debtor, the TCC, and others) totaling nearly 600 pages. The appendix spanned 20 volumes comprising nearly 10,000 pages. The parties raised myriad issues, including financial distress, good faith, whether LTL's petition complied with the structure and purpose of the bankruptcy code, whether LTL was eligible for relief under 11 U.S.C. § 524(g), and other issues. The complexity of the case was underscored by the fact that the Third Circuit heard over two hours of argument, and issued a 58-page opinion.

7. Experience with the first appeal also suggests that this appeal will proceed in a compressed timeframe. the Third Circuit's briefing schedule in LTL 1.0 gave the TCC only about 3 weeks from the date of the scheduling order to prepare its opening brief, and a further 3 weeks after the filing of LTL's response brief to prepare a reply.

8. The active participation of Massey & Gail was essential to achieving a favorable result for the TCC in the appeal in LTL 1.0. Having participated in proceedings in the bankruptcy court, Massey & Gail was intimately familiar with the trial briefs, deposition, and factual record. It would have been extraordinarily difficult for MoloLamken to effectively familiarize itself with the record and the issues on the accelerated timeline ordered by the Third Circuit without the assistance of Massey & Gail.

9. Massey & Gail also provided tremendous substantive contributions to the briefing and argument preparation in the LTL 1.0 appeal. I note that Jonathan S. Massey is an accomplished appellate lawyer, having argued 3 cases and submitted more than 90 briefs in the Supreme Court, and having briefed and argued dozens of cases in the courts of appeals. Massey & Gail drafted significant portions of the TCC's opening and reply briefs in the first instance, and provided several rounds of edits and comments to the drafts prepared by MoloLamken. Massey & Gail was also closely involved in preparing me for oral argument in the Third Circuit, and was actively involved in strategic discussions during the argument itself. Massey & Gail also actively participated in the post-appeal briefing in connection with LTL's efforts to stay the Third Circuit judgment. The knowledge of the case and resources that Masey & Gail brought to each of these tasks was instrumental in achieving a favorable decision for the TCC in LTL 1.0.

10. Massey & Gail's participation in the LTL 1.0 appeal not only ensured the best outcome for the TCC, but ultimately enhanced efficiency. Massey & Gail was able to help us zero in on the most important record materials, and bring us up to speed on the arguments raised below. Moreover, Massey & Gail was able to streamline communications by coordinating with the other attorneys representing the TCC and its various stakeholders.

11. Massey & Gail has played and should continue to play a similarly valuable role in the appeal in this case. Massey & Gail drafted the principal briefing in support of the TCC's motion to dismiss LTL's bankruptcy petition, the subsequent reply, the post-hearing briefs, and the briefing in connection with the request to certify direct appeal. In doing so, it gained a strong

familiarity with the factual record in the bankruptcy. Massey & Gail will therefore be well positioned to assist by providing outlines and preliminary drafts addressing issues with which it has extensive familiarity. Massey & Gail's ability to provide those and other materials based on its extensive knowledge of the record will improve the efficiency of MoloLamken's briefing process on behalf of the TCC, and reduce the costs associated with the appeal. Conversely, insofar as Massey & Gail is not able to participate in the appeal, the TCC will be placed at a disadvantage compared to LTL and J&J, who will be able deploy—as they did in the first appeal—the resources and experience of the attorneys that conducted the bankruptcy-court proceedings on their behalf.

12. LTL's counsel and the co-appellants have long been aware of Massey & Gail's role in the appeal, repeatedly communicating with Jonathan Massey about appellate issues and communicating with the appellate team through Jonathan Massey.

13. Any contention that Massey & Gail's continued participation in the appeal is unnecessary strikes me as ill-founded. LTL's appellate team in the prior appeal included multiple lawyers from multiple firms—such as Jones Day and Hogan Lovells—that dwarf MoloLamken and Massey & Gail combined. I find it difficult to understand how LTL can object to Massey & Gail's participation on appeal given the identity of LTL's counsel. The TCC, moreover, has chosen Massey & Gail to conduct the appeal along with MoloLamken, a choice of counsel that should not be lightly disturbed.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: October 25, 2023
Washington, D.C.

*/s/ Jeffrey A. Lamken*
Jeffrey A. Lamken