**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**AD HOC COMMITTEE OF SUPPORTING**
**COUNSEL'S MOTION TO SUPPLEMENT RECORD ON APPEAL**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

The Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel"), by and through its counsel, Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP, hereby moves (the "Motion") the Court for entry of an order, pursuant Rule 8009(e)(2)(B) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), supplementing the record on appeal to include the Additional Documents (defined herein) in connection with the AHC of Supporting Counsel's appeal from the Bankruptcy Court's *Memorandum Opinion* [Docket No. 1127] (the "Dismissal Opinion") and the related *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Docket No. 1211] (the "Dismissal Order and, together with the Dismissal Opinion, the "Opinion and Order"). In support of this Motion, the AHC of Supporting Counsel respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J). The AHC of Supporting Counsel confirms its consent to this Court entering a final order in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is Rule 8009(e)(2)(B) of the Bankruptcy Rules.

## BACKGROUND

4. On April 4, 2023, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On April 14, 2023, the United States Trustee for the District of New Jersey appointed the Official Committee of Talc Claimants (the "TCC"). *See* Docket No. 162.

6. From April 24, 2023, through May 10, 2023, twelve parties (collectively, the "Appellees") filed motions, or joinders to motions, to dismiss this chapter 11 case (the "Motions to Dismiss"). *See* Docket Nos. 286, 335, 346, 350, 352, 358, 379, 384, 473, 480; Adv. Docket Nos. 117, 118.

7. The Court held a trial on the Motions to Dismiss from June 27, 2023, through June 30, 2023 (the "Trial").

8. On July 28, 2023, the Court entered the Dismissal Opinion.

9. On August 11, 2023, the Court entered the Dismissal Order.

10. On August 24, 2023, the Debtor filed its *Notice of Appeal*. *See* Docket No. 1262.

11. On September 5, 2023, the AHC of Supporting Counsel filed its *Notice of Appeal*. *See* Docket No. 1306.

12. On September 6, 2023, the Debtor, the AHC of Supporting Counsel, and the Appellees filed the *Joint Certification to the Court of Appeals By All Appellants and Appellees*. *See* Docket No. 1310.

13. On September 7, 2023 the Debtor filed its *Statement of Issues on Appeal* and *Designation of Items to be Included in the Record on Appeal as to Dismissal Order* (collectively, the "Debtor Record on Appeal"). *See* Docket Nos. 1328, 1329.[2]

14. On September 18, 2023, the AHC of Supporting Counsel filed its *Statement of Issues On Appeal and Designation of Items to be Included in the Record on Appeal as to Dismissal Order* (the "Joinder"), which joined the Debtor Record on Appeal in all respects. *See* Docket No. 1388.

15. On September 20, 2023, the Court entered the *Order Certifying Direct Appeal to the United States Court of Appeals for the Third Circuit*. *See* Docket No. 1395.

16. On September 21, 2023, the TCC filed its *Statement of Issues on Appeal and Counter-Designation of Record* (the "TCC Record on Appeal"). The TCC Record on Appeal expressly challenges the AHC of Supporting Counsel's standing to appeal the Opinion and Order.[3] *See* TCC Record on Appeal ¶ 18.

17. On October 6, 2023, the Debtor and the AHC of Supporting Counsel filed the *Joint Petition for Authorization of Direct Appeals Under 28 U.S.C. § 158(d)(2)* (the "Petition for Direct Review") with the United States Court of Appeals for the Third Circuit.

18. On October 20, 2023, the United States Court of Appeals for the Third Circuit granted the Petition for Direct Review. *See* Docket No. 1537.

**BASIS FOR RELIEF**

19. Rule 8009(e)(2)(B) provides that "[if] anything material to [any] party is omitted from or misstated in the record by error or accident, the omission or misstatement may be

---

[2] The record on appeal, as listed in the Debtor Record on Appeal, was transmitted to the District Court on September 7, 2023. *See* Docket No. 1333.
[3] Certain of the Appellee's joined the TCC's Record on Appeal. *See, e.g.,* Docket Nos. 1414, 1416, 1417.

4

corrected, and a supplemental record may be certified and transmitted" by the bankruptcy court before or after the record has been forwarded to the appellate court. Fed. R. Bankr. P. 8009(e)(2)(B).

20. At the time the AHC of Supporting Counsel filed the Joinder, the record on appeal included all items germane to the appeal of the Opinion and Order, including hearing transcripts from the Trial, the written direct testimony of various witnesses at the Trial, and other evidence considered by the Court as part of the Opinion and Order.

21. However, the AHC of Supporting Counsel's standing to pursue its appeal of the Opinion and Order was raised only after the AHC of Supporting Counsel joined the Debtor Record on Appeal. As a result, certain material items relevant to the issue of the AHC of Supporting Counsel's standing to appeal the Opinion and Order have been omitted from the record on appeal.

22. The AHC of Supporting Counsel submits that the following items (the "Additional Documents") should be included in the record on appeal to correct any omissions from the record:

| Designation | Docket No. (If Applicable) | Exhibit No. (If Applicable) | Description |
|---|---|---|---|
| *In re LTL Management LLC*, Adv. Pro. No. 23-01092 (MBK) | | | |
| 243. | 104 | N/A | Motion of Ad Hoc Committee of Supporting Counsel to Intervene |
| 244 | 123 | N/A | Objection of the Official Committee of Talc Claimants to Motion of Ad Hoc Committee of Supporting Counsel to Intervene |
| 245 | 138 | N/A | Order Granting Motion of Ad Hoc Committee of Supporting Counsel to Intervene in the Adversary Proceeding |
| 246 | 184 | N/A | Notice of Filing of Certifications of Members of Ad Hoc Committee of Supporting Counsel Pursuant to Order Granting Motion of the Ad Hoc Committee of Supporting Counsel to Intervene in the Adversary Proceeding And Supporting Exhibits |

23. Neither the Debtor nor the TCC objects to the relief sought herein.

## CERTIFICATION REGARDING TRANSCRIPTS

24. The AHC of Supporting Counsel hereby certifies to the Clerk of Court that it is not ordering any transcripts that are not already included in the record on appeal.

## RESERVATION OF RIGHTS

25. Appellant expressly reserves the right to (i) withdraw, supplement, amend or modify this supplemental designation of items to be included in the record and (ii) move to strike any items included by the Appellees in their *Counter-Designation of Items to be Included in the Record on Appeal*. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## WAIVER OF MEMORANDUM OF LAW

27. The AHC of Supporting Counsel respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the AHC of Supporting Counsel relies is set forth herein and this Motion does not raise any novel issues of law.

## NOTICE

28. Notice of this Motion will be given to: (1) counsel to the Debtor; (2) counsel to the Official Committee of Talc Claimants; (3) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (4) the legal representative for future talc claimants and her counsel; (5) the Office of the United States Trustee for the District of New

Jersey; and (6) the other parties on the Master Service List established by the Case Management Order.

**WHEREFORE**, the AHC of Supporting Counsel respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 27, 2023                                     **COLE SCHOTZ P.C.**

*/s/ Michael D. Sirota*
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881995)
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, NJ 07602-0800
Telephone: (201) 489-3000
Email:  msirota@coleschotz.com
              wusatine@coleschotz.com
              svanaalten@coleschotz.com
              jalberto@coleschotz.com

– and –

**PAUL HASTINGS LLP**

Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Email:  krishansen@paulhastings.com
              ryanmontefusco@paulhastings.com

Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000

Email:  mattmurphy@paulhastings.com
mattmicheli@paulhastings.com

– and –

**PARKINS & RUBIO LLP**

Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)
700 Milam, Suite 1300
Houston, TX 77002
Telephone: (713) 715-1660
Email:  lparkins@parkinsrubio.com
crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee*
*of Supporting Counsel*

8