JEFFREY L. JONAS
Phone:  (212) 209-4800
Email:  jjonas@brownrudnick.com

November 6, 2023

Honorable Michael B. Kaplan
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
  District of New Jersey
402 East State Street
Trenton, New Jersey  08608
chambers_of_mbk@njb.uscourts.gov

**Re:  In re LTL Management LLC, No. 23-12825 (MBK)**

Dear Judge Kaplan:

We are co-counsel for the Official Committee of Talc Claimants (the "TCC") in the above-referenced proceeding.  We write in response to the Debtor's submission to this Court [Dkt. 1567] regarding the allowance of the Discretionary Fee approved by the TCC in recognition of the services provided to the TCC by Houlihan Lokey.  We will not repeat the arguments made during oral arguments and in our submissions to the Court, but we do seek to address the Debtor's continued efforts to discredit Houlihan Lokey's efforts in the case and to mischaracterize the Discretionary Fee.

Contrary to the Debtor's repeated assertions, the Discretionary Fee is not a "bonus" cloaked in any protective garb. *See* Dkt. 1567 at p.1.  Rather, the Discretionary Fee is a negotiated contractual term contained in Houlihan Lokey's retention agreement (the "Retention Agreement") [Dkt. 538-2] which provides as follows:

> In addition to the other fees provided for herein, at any time the Committee, based upon the Committee's business judgment, and Houlihan Lokey may, in good faith and subject to approval by the Bankruptcy Court, agree on additional compensation to be paid (the "Discretionary Fee").  The Committee shall file a motion seeking Court approval of the Discretionary Fee, which may be objected to by any party in interest, including, but not limited to, the Court, the U.S. Trustee and Fee Examiner.[1]

---

[1]   There is no argument made by the TCC that the Discretionary Fee is not subject to a credit as provided in the Retention Agreement.  Upon the Court's approval of a Discretionary Fee, Houlihan Lokey will submit a final invoice to the Debtor, as did all other TCC Professionals, accounting for any holdbacks, credits or other reductions in final amounts to be paid by the Debtor.  The $2.0 million Discretionary Fee as approved by the TCC is net of any credits due on such amount, and the $1.8 million Discretionary Fee request, reflecting a voluntary reduction by Houlihan, is also a net amount.



Hon. Michael B. Kaplan
November 6, 2023
Page 2

The Retention Agreement is clear. The TCC may exercise its business judgment to agree to additional compensation for Houlihan Lokey in the form of the Discretionary Fee, which additional compensation is subject to the review of this Court for reasonableness. *See* 11 U.S.C. §328(a); ¶ 3 of *Order Authorizing Houlihan Lokey, Inc. as Investment Banker to the Official Committee of Talc Claimants Under Bankruptcy Code Section 328(a) Effective April 14, 2023* at Dkt. 899. The Debtor's argument that the Discretionary Fee cannot be awarded because the TCC lacks a fiduciary duty to the Debtor and thus cannot properly satisfy the business judgment rule is nonsensical.

The Debtor also attacks the Discretionary Fee as improperly compensating work already performed and paid for in LTL 1.0. This argument misses the point. The reference to the fees awarded in LTL 1.0 in the TCC's submission to the Court was to provide the background for Houlihan's economic concessions in its monthly fee arrangement—i.e., a drop down from $400,000/month to $175,000/month—based on its ability to potentially receive additional compensation as part of the Discretionary Fee.

In addition, the Discretionary Fee was included as a contract term to address exactly this type of scenario. The Retention Agreement contemplates the payment of a Deferred Fee in the event of confirmation of a plan. The Retention Agreement also contemplates the Discretionary Fee, which may be agreed by the TCC "at any time." As this Court is well aware, the TCC engaged in significant litigation to obtain dismissal of the Debtor's second bankruptcy case as filed in bad faith. In compliance with the Retention Agreement, the TCC exercised its business judgment in agreeing to a Discretionary Fee to recognize the work performed by Houlihan Lokey to help achieve that successful outcome.

It can be no surprise that the Debtor begrudges the TCC and argues that the TCC is spending the Debtor's money wantonly and without regard to a sense of reasonableness. But this assertion ignores that the TCC exercised its business judgment as to both the entitlement and the amount of the additional compensation. Under the Retention Agreement, Houlihan was entitled to a maximum of $3 million as a Deferred Fee. Houlihan requested less than that amount as a Discretionary Fee ($2.3 million), and the TCC agreed to less than Houlihan's requested amount ($2 million). Houlihan since accepted a voluntary reduction so the Discretionary Fee request is now $1.8 million, net of any credits.

In our prior responses [Dkt Nos. 1513-2 & 1544] to the Debtor's objection to Houlihan's Discretionary Fee, the point was made and evidenced that, to the extent relevant to this Court's review of Houlihan's Discretionary Fee, the effective hourly rate implied by Houlihan's requested fees (inclusive of the net Discretionary Fee) is below that of other professionals in LTL 2.0 and more than reasonable based on the facts and circumstances. Absent the Discretionary Fee as requested, Houlihan's implied hourly rate is below that of junior professionals at nearly all the key law firms in this case.



Hon. Michael B. Kaplan
November 6, 2023
Page 3

The record of this case, and the Court's own familiarity with the work performed by Houlihan Lokey, more than justifies application of the Court approved Retention Agreement and the payment of the Discretionary Fee, in exactly the circumstance for which it was intended.

Respectfully,

Jeffrey L. Jonas

cc:  All counsel of record