**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

In re:

LTL MANAGEMENT LLC,[1]

        Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**Objection Deadline:** December 14, 2023

**Hearing Date and Time:**
December 21, 2023 at 11:30 a.m.

### MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULES 9023 AND 9024 FOR AMENDMENT OR RECONSIDERATION OF THE ORDER AWARDING A DISCRETIONARY BONUS TO HOULIHAN LOKEY

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), hereby

moves this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (the "Rules"),

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

as made applicable to this case by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 60(b), as made applicable by Bankruptcy Rule 9024, for amendment or reconsideration of the Order dated November 14, 2023 [Dkt. 1579] (the "Fee Order") awarding a discretionary bonus to Houlihan Lokey Capital, Inc. ("Houlihan Lokey" or "Houlihan").  In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

2. This Motion is timely as it is being brought no later than 14 days after entry of the Fee Order pursuant to Bankruptcy Rule 9023.

## PRELIMINARY STATEMENT

3. The Debtor's request is simple:  It seeks to have the Court amend the Fee Order to rectify a clear mathematical error in the calculation of Houlihan's Lokey's final fee award, as permitted by Bankruptcy Rules 9023 and 9024.

4. At the time the Official Committee for Talc Claimants (the "Committee" or "TCC") retained Houlihan, it disclosed a negotiated "Discretionary Fee" of $2 million that was to be awarded by the TCC in its business judgment.  See Dkt 538, n.1.[2]  By the Discretionary Fee's own contractual terms, when awarded, it was to be reduced by credits equaling 50% of the

---

[2] A true and correct copy of the Application of the Official Committee of Talc Claimants for Retention of Houlihan Lokey Capital, Inc. as Investment Banker Under Bankruptcy Code Section 328(A) Effective as of April 14, 2023 [Dkt. 538] (the "Houlihan Retention Application") is annexed as Exhibit A to the accompanying Declaration of Counsel in support of the Motion (the "Counsel's Declaration").

2

allowed monthly fees paid to Houlihan during the case. Id. Overruling the Debtor's objection to the merits of the discretionary bonus, the Court awarded Houlihan $1.75 million of the original $2 million discretionary bonus request, while also awarding total monthly fees in the requested amount of $1,363,709.68, for a total fee award of $3,113,709.68. However, the Order entered failed to reduce the award by 50% of the monthly fees, as required by the terms of Houlihan's engagement, which should have led to a reduction of the award of $681,854.84. Applying the contract calculation as disclosed in the Houlihan Retention Application, Houlihan Lokey was only entitled to a "net" Discretionary Fee of no more than $1,068,145.16, which results in a net award amount of $2,431,854.84, rather than the $3,113,709.68 set forth in the Fee Order.

5. The procedures to calculate the Discretionary Fee were not disclosed by Houlihan Lokey in its fee application, and the Debtor's right to a credit for 50% of monthly fees awarded against any bonus was not raised until the Debtor brought it to the Court's attention by letter dated November 3, 2023 [Dkt. 1567]. For example, at the hearing, Houlihan's principal only referenced "concessions" given by Houlihan when agreeing with the TCC to the $2 million bonus feature, but never explained whether the amount demanded was a net or gross figure. See Oct. 18, 2023 Hr'g Tr. at 15:4-9, the relevant portion of which is annexed as Exhibit B to the Counsel's Declaration. Instead, the principal reiterated Houlihan Lokey's overall demand for $3.3 million in fees and bonuses, without acknowledging the Debtor's right to a credit. Id. at 16:6-9.

6. The Debtor respectfully submits that the Court committed an obvious and correctable error in accepting the Committee's and Houlihan Lokey's summary representations that they had properly applied the contract terms and calculated the Discretionary Fee "net of all credits." As permitted by the Bankruptcy Rules, the Debtor requests that the Fee Order be

3

amended and/or reconsidered to allow a reduced total award of $2,431,854.84, which includes a Discretionary Fee reflecting the proper credit amount.

## RELEVANT BACKGROUND

7.     The Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code on April 4, 2023, in the United States Bankruptcy Court for the District of New Jersey.

8.     The Houlihan Retention Application was filed on May 17, 2023.  Dkt. 538.  The Houlihan Retention Application included the authority for the TCC to award a $2 million Discretionary Fee.  Id. at 8.  The retention letter annexed as part of the application contained the same reference.  See id., Ex. A at 4.  By its express terms, however, an award pursuant to that provision must include a significant credit:  "In the event that a Discretionary Fee is paid, 50% of the Monthly Fees received by Houlihan Lokey and approved by the final order of the Bankruptcy Court ***shall be credited against the Discretionary Fee*** (as defined [in the agreement]) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall such Discretionary Fee be reduced below zero."  Dkt. 538, Ex. A at 4 (emphasis added).

9.     The Court entered the Order granting the Houlihan Retention Application on June 26, 2023.  Dkt. 899.[3]

10.    On September 8, 2023, the Committee filed the Final Fee Application for Houlihan Lokey requesting commission/fees in the amount of $3,363,709.68 and $2,786.36 in expenses.  Dkt. 1347.  Built into Houlihan's total fee calculation was a request for the full $2,000,000.00 Discretionary Fee.

---

[3] Attached to the Counsel's Declaration as Exhibit C.

4

11.     The Debtor filed an Omnibus Objection to the Final Applications for Allowance of Fees and Reimbursement of Expenses for the Period of April 4, 2023 through August 11, 2023 filed by the TCC Professionals.  Dkt. 1496.  In the omnibus filing, the Debtor expressly objected to the allowance of the Discretionary Fee in its entirety.

12.     On October 18, this Court held a hearing on, among other things, the Debtor's Omnibus Objection as it pertained to Houlihan Lokey.  The Court reserved decision.

13.     At the invitation of the Court, the Committee filed a letter on October 27, 2023, proposing a small reduction in the Discretionary Fee of 10% ($200,000).  Dkt. 1544.

14.     The Debtor then filed a letter dated November 3, 2023 in response to the Committee's letter.  [Dkt. 1567] (the "Debtor's Supplemental Letter").  Among other challenges to the Discretionary Fee, the Debtor highlighted the applicant's failure to include the 50% credit for the monthly fee statement amounts.  Dkt. 1567 at 3.

15.     The Committee filed a letter on November 6, 2023 [Dkt. 1568] (the "TCC Response Letter"), stating that Houlihan Lokey accepted a "voluntary reduction" of its discretionary fee, bringing it from $2,000,000 to $1.800,000, "***net of any credits***."  Dkt. 1568 at 2 (emphasis added).  However, this concession would not provide the Debtor with the full credit to which it was entitled by the terms of Houlihan's engagement.

16.     On November 7, 2023, the Court issued a Letter Opinion Resolving Outstanding Fee Applications and Substantial Contribution Motion.  Dkt. 1571.  Thereafter, the Court issued the Fee Order awarding Houlihan Lokey monthly fees in the amount of $1,363,709.68, expenses in the amount of $2,786.36, and a Discretionary Fee of $1,750,000.00.  Dkt. 1579.

**LEGAL ARGUMENT**

17. The Debtor respectfully requests that the Court amend and/or reconsider the Fee Order to correct an obvious computational error pursuant to Rule 59(e), made applicable by Bankruptcy Rule 9023, and Rule 60(b), made applicable by Bankruptcy Rule 9024.

18. In the Third Circuit, a party may seek reconsideration by bringing a motion for the amendment of a judgment under Rule 59(e) or by bringing a motion for relief from judgment or an order under Rule 60(b). Bailey v. Navient Sols., LLC (In re Bailey), Nos. 19-15531-ABA, 19-1159-ABA, 2021 Bankr. LEXIS 2615, at *1 (Bankr. D.N.J. Sep. 22, 2021). Generally, an order may be altered or amended under Rule 59(e) on multiple grounds, including where it is necessary to correct a clear error of law or to prevent manifest injustice. See Fed. R. Civ. P. 59(e); In re Energy Future Holdings Corp., 575 B.R. 616, 620 (Bankr. D. Del. 2017); In re Tribune Co., 464 B.R. 208, 211 (Bankr. D. Del. 2011); In re Scotto-DiClemente, 463 B.R. 308, 310 (Bankr. D.N.J. 2012). When ruling on a motion to reconsider, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." Klee v. Lehigh Valley Hosp., No. Civ. 97-4642, 1998 WL 966011, at *2 (E.D. Pa. Nov. 30, 1998), aff'd, 203 F.3d 817 (3d Cir. 1994).

19. Rule 60(b) allows the Court to amend the Fee Order by granting the authority to vacate a judgment whenever such action is appropriate to accomplish justice. Grumbine v. Stewart (In re Stewart), Nos. 08-10035/JHW, 08-1281, 2013 Bankr. LEXIS 2380, at *21-22 (Bankr. D.N.J. June 11, 2013). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b). "A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by legal principles applied in light of all the relevant circumstances." Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (internal quotations and citations omitted).

20. For the reasons set forth in this Motion, the Debtor submits that it has satisfied Rule 59(e) and Rule 60(b).

21. The Court overlooked a material term of Houlihan's engagement when it awarded the Discretionary Fee without reflecting the credit for 50% of the monthly fees received by Houlihan Lokey. That error amounts to a manifest injustice and/or was the result of incorrect representations that all amounts were properly credited by Houlihan, which error should be remedied by amending the Fee Order pursuant to Rule 59(e) or vacating the Order and entering a corrected one pursuant to Rule 60(b).

22. As stated in the Debtor's Supplemental Letter, Houlihan Lokey's requested amount is at odds with the terms of its own retention agreement and the Houlihan Retention Application. Houlihan Lokey unequivocally agreed that 50% of the monthly fees they receive "shall be credited against the Discretionary Fee" enhancement they receive. Houlihan Retention Application at ¶8, n.1. The TCC also admits that the requirement for a credit applies. See TCC Response Letter at 1 n.1 ("There is no argument made by the TCC that the Discretionary Fee is not subject to a credit as provided in the Retention Agreement."). Rather, the TCC summarily claims the full $1.75 million represents a net amount, which is mathematically erroneous.

7

23. Notwithstanding the Committee's and Houlihan's assertions that the Discretionary Fee calculation was net of credits, the above facts demonstrate that no credit was applied by Houlihan. As a result of this error or omission, Houlihan Lokey sought and obtained nearly $700,000 in compensation to which it is not entitled.

24. A similar issue arose in In re Energy Future Holdings Corp. where the bankruptcy court issued an order approving a termination fee in the amount of $275 million due to a fundamental misunderstanding of the facts regarding the circumstances that would make the termination fee payable. 575 B.R. 616 (Bankr. D. Del. 2017). That court recognized that if it had properly understood that facts at issue, it would not, and could not, have ordered the payment of the termination fee. Id. at 636. The court there granted the Debtor's motion for reconsideration pursuant to Rule 59(e) and explained that even if the order at issue were a final order, reconsideration under Rule 60(b) would also be appropriate. Id. In granting relief, the court held that there was a manifest error of fact, which was the result of its misunderstanding that arose from confusing statements on the record from Debtor's witnesses and counsel, as well as the "conspicuous and unhelpful silence" from the beneficiary of the termination fee. Id. at 620.

25. Failing to make Houlihan Lokey adhere to the terms of its employment and invoke the contractual credit of 50% of its monthly fees against the discretionary bonus works a manifest injustice to the Debtor. Therefore, pursuant to Rule 59(e), the Court should amend the Fee Order and reduce the amount awarded to Houlihan to $2,431,854.84.

26. Alternatively, there are grounds to vacate the original Fee Order as a consequence of the TCC's and Houlihan Lokey's incorrect representations that the fee application had properly credited all amounts. As set forth above, there is no evidence in the record or in

8

Houlihan's final fee application that the contractual credit was applied consistent with the terms of the Houlihan Retention Application and agreement. Thus, it is clear that there was a material error in Houlihan Lokey's calculations that led to the Fee Order being entered in an incorrect amount. The Court has the authority under Rule 60(b) to vacate the Fee Order and enter an Order that reflects the correct amount due and owing the applicant.

## NOTICE

27. Consistent with the *Order Establishing Case Management and Administrative Procedures* [Dkt. 554] (the "Case Management Order"), notice of this Motion has been provided to (a) the U.S. Trustee, (b) counsel to the Committee, (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson, (d) counsel to the AHC of Supporting Counsel; (e) Houlihan Lokey Capital, Inc.; and (f) the other parties on the Master Service List established by the Case Management Order, in accordance with the Case Management Order. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

## NO PRIOR REQUEST

28. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

9

## **CONCLUSION**

For all the foregoing reasons, this Court should (i) grant Debtor's Motion for Reconsideration of this Court's November 14, 2023 Order and (ii) Modify its Order Awarding Fees to Houlihan Lokey.

Dated: November 28, 2023            **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (Admitted *pro hac vice*)
Stephanie A. Weaver, Esq. (Admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com
sweaver@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*