**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| Caption in Compliance with D.N.J. LBR 9004-1(b) | BROWN RUDNICK LLP |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br>*Local Counsel to the Official Committee of Talc Claimants*<br><br>*-and-*<br><br>*Local Counsel for the Ad Hoc Committee of Certain Talc Claimants* | David J. Molton, Esq.<br>Jeffrey L. Jonas, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>jjonas@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Co-Counsel for the Official Committee of Talc Claimants*<br><br>*-and-*<br><br>*Co-Counsel for the Ad Hoc Committee of Certain Talc Claimants* |
| **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br><br>*Co-Counsel for the Official Committee of Talc Claimants*<br><br>*-and-*<br><br>*Co-Counsel for the Ad Hoc Committee of Certain Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Bret R. Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Special Counsel for the Official Committee of Talc Claimants*<br><br>*-and-*<br><br>*Ad Hoc Committee of Certain Talc Claimants* |

| | |
|---|---|
| In re:<br>LTL MANAGEMENT, LLC,[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

### OBJECTION TO DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULES 9023 AND 9024 FOR AMENDMENT OR RECONSIDERATION OF THE ORDER AWARDING A DISCRETIONARY BONUS TO HOULIHAN LOKEY

The Official Committee of Talc Claimants (the "Committee" or the "TCC"), by and through its undersigned counsel, submits its objection (the "Objection") to the *Debtor's Motion Pursuant to Bankruptcy Rules 9023 and 9024 for Amendment or Reconsideration of the Order Awarding a Discretionary Bonus to Houlihan Lokey* [Dkt No. 1597] ("Motion").  In support of the Objection, the TCC respectfully states as follows:

### INTRODUCTION

1.      While the Debtor vehemently objected to the net Discretionary Fee payable to Houlihan, the Court overruled the Debtor's objection.  Unhappy with the prospect of reimbursing Houlihan for its efforts in the case, the Debtor now files a baseless Motion for the Court to reconsider its own Order.  The relief sought by the Debtor is neither based in fact, nor in law.  The Debtor fails to make even a *prima facie* showing that the standards for reconsideration established in the Third Circuit have been satisfied.

2.      The Motion contains no newly identified evidence (there is none) and no demonstration of clear error (or any error, because there was none) on the Court's part. The Motion offers no basis whatsoever for the Court to amend or reconsider its own order, except the Debtor's

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

own resentment for having to pay Houlihan its awarded fees.  While the Debtor's resentment may be genuine, the basis for the relief sought is unfounded.

3.      In an attempt to manipulate the facts, the Debtor misrepresents that the TCC "disclosed a negotiated "Discretionary Fee" of $2 million that was to be awarded by the TCC in its business judgment" in the Houlihan retention application. *See* Motion at ¶ 4.  This is plainly false.  The Houlihan retention application does not specify **any** amount for the Discretionary Fee, as such amount is to be agreed to at a later time.

4.      Contrary to the Debtor's assertion, the TCC and Houlihan agreed to a net Discretionary Fee after the case was dismissed and requested approval of the entitlement to, and amount of, the net Discretionary Fee with the filing of Houlihan's final fee application.

5.      The TCC, and Houlihan, clearly identified the "net" nature of the Discretionary Fee award in their numerous submissions to the Court, which itself is evidenced by the Court's order pursuant to which Houlihan was "awarded a **net** discretionary fee in the amount of $1,750,000." *See Order Awarding Fees to Houlihan Lokey Capital, Inc.* [Dkt No.1579] (the "Fee Order").

6.      The Debtor seeks to re-litigate an issue for which the Court already made its decision.  There are no intervening changes in law, no new evidence to be presented, no errors to correct.  The manifest injustice at this juncture is the Debtor's unwillingness to abide by this Court's order and pay the allowed amounts due and owing to Houlihan by order of this Court.

## BACKGROUND

7.      On April 4, 2023, the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

8.      On May 17, 2023, the TCC filed its *Application to Employ Houlihan Lokey Capital, Inc,. as Investment Banker* [Dkt. No. 538] (the "Application").  In the Application, the

Discretionary Fee is described as "additional compensation" that the TCC and Houlihan may agree on, subject to approval by the Bankruptcy Court. *See* retention agreement at Dkt. No. 538-2.  There is no amount specified for the Discretionary Fee.  *Id.*

9.      On May 22, 2023, this Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Dkt. No. 562] (the "Fee Procedures Order") requiring "prompt" payment of the undisputed portion of Retained Professional fees and expenses.

10.     On June 26, 2023, the Court entered the *Order Granting Application to Employ Houlihan Lokey Capital, Inc., as Investment Banker* [Dkt. No. 899] for the TCC.

11.     On September 8, 2023, Houlihan filed its final fee application [Dkt. No. 1347], which included, for the first time, a request for a "Net Discretionary Fee" of $2,000,000, the amount agreed to between the TCC and Houlihan based on services rendered during the case.

12.     On October 5, 2023, the Debtor filed an objection to the final fee applications filed by the TCC professionals, including as to the entirety of the Discretionary Fee. [Dkt. No. 1496].

13.     On October 13, 2023, the TCC filed a response to the Debtor's objection, including to provide additional support for the $2,000,000 net Discretionary Fee approved by the TCC in the exercise of its business judgment. [Dkt. No. 1514].

14.     On October 18, 2023, the Court held a hearing to consider, among other things, the Debtor's objection to the final fee applications filed by the TCC professionals.  At the conclusion of the hearing, the Court invited the TCC to submit revised fee proposals for the Court's consideration.

15.     On October 27, 2023, the TCC filed a letter with the Court offering, among other things, a $200,000 reduction to the amount of the Net Discretionary Fee sought by Houlihan. [Dkt. No. 1544].

16.     On November 3, 2023, the Debtor submitted a response to the TCC's letter arguing, among other things, that the request for approval of the net Discretionary Fee did not properly include the 50% credit for the monthly fee amounts. [Dkt No. 1567].

17.     On November 6, 2023, the Committee filed a supplemental response noting the $1,800,000 net Discretionary Fee (reflecting the voluntary $200,000 reduction), was "net of any credits." [Dkt. No. 1568].

18.     On November 7, 2023, the Court issued a *Letter Opinion Resolving Outstanding Fee Applications and the Substantial Contribution Motion* [Dkt. No. 1571], pursuant to which the Court awarded Houlihan $1,750,000 on account of the net Discretionary Fee.

19.     On November 9, 2023, the Debtor emailed TCC's counsel to explicitly ask whether the Houlihan Discretionary Fee included the 50% credit against monthly fee statement amounts. *See* email exchange attached as **Exhibit A**.

20.     Saul Burian of Houlihan responded immediately thereafter that the $1,750,000 was net of all credits and that there were "no more credits or reductions." *Id.*

21.     Debtor's counsel did not respond to the TCC nor did the Debtor submit any additional letters to the Court regarding this issue.

22.     On November 14, 2023, the Court entered the Fee Order approving a $1,750,000 *net* Discretionary Fee. [Dkt. No. 1579] (emphasis added).

23.     Two weeks later, on November 28, 2023, Debtor's counsel emailed TCC's counsel noting that the Houlihan invoice reflecting the $1,750,000 net Discretionary Fee did not account

for the 50% credit for monthly fees and that the Debtor would seek a reconsideration of the Houlihan final fee order. *Id*

24.     Notwithstanding the Debtor's prior knowledge that the $1,750,000 was the net Discretionary Fee amount subject to no further reductions, the Debtor filed its Motion on the same day alleging a "clear calculation error" that warranted an amendment or reconsideration of the Court's order.

25.     In abrogation of its obligations under the Fee Procedures Order, the Debtor has not paid Houlihan a single dollar on account of the monthly fees, expenses or undisputed portion of the Discretionary Fee allowed pursuant to the Fee Order.

## LEGAL ARGUMENT

26.     The standards governing a motion for reconsideration are well-settled in the Third Circuit.  A proper motion for reconsideration must rely on one of three grounds: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to prevent manifest injustice or to correct a clear error of law. *Lazaridis v Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *N. River Ins. Co. v CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

27.     In its Motion, the Debtor does not allege any change in controlling law, the admissibility of any new evidence or the need to prevent manifest injustice or to correct a clear error of law.

28.     Perhaps because of this, the Debtor relies on a tortuous reading of the pleadings to concoct an argument that the net Discretionary Fee awarded to Houlihan was somehow improperly calculated.  Yet the Debtor's narrative is belied by the record of this case:

- The Application for Houlihan's retention includes a Discretionary Fee in **an unspecified** amount.  Based on its business judgment, the TCC may agree to award a Discretionary Fee to Houlihan, in an amount agreed to by the TCC and Houlihan. Docket No. 538-2 filed on May 27, 2023.

6

- After achieving dismissal of the chapter 11 case, the TCC and Houlihan agreed to a net Discretionary Fee of $2,000,0000.  Houlihan's final fee application includes a request for the award of a net Discretionary Fee reflecting its agreement with the TCC.  Docket No. 1347 filed on September 8, 2023.

- The Debtor objected to the **entirety** of the Discretionary Fee.  Docket No. 1496 filed on October 5, 2023.

- The TCC noted in its response to the Debtor's fee objection that:

  > Ultimately, the TCC, using its business judgement, approved a **$2.0mm net Discretionary Fee** (and Houlihan Lokey gratefully accepted such amount) in recognition of the extraordinary services provided by Houlihan Lokey.

  Docket No. 1514 filed on October 13, 2023.

- Debtor's counsel specifically raises in its letter to the Court its concern as to whether the net Discretionary Fee was properly calculated:

  > Finally, Houlihan's calculation for its request is at odds with the terms of its own retention. Houlihan's retention states it will credit 50% of the monthly fees received by it against the discretionary fee enhancement. See Houlihan Retention Application at ¶8, n.1 [Dkt. 538]. **The fee request simply demands the full amount of the bonus and omits any credit.** Should the Court consider such an award, Houlihan should be required to resubmit its request in conformity with the terms of its fee agreement.

  Docket No. 1567 filed on November 3, 2023.

- The TCC responded to the Debtor's concern regarding the calculation of the Discretionary Fee:

  > There is **no argument made by the TCC that the Discretionary Fee is not subject to a credit as provided in the Retention Agreement.** Upon the Court's approval of a Discretionary Fee, Houlihan Lokey will submit a final invoice to the Debtor, as did all other TCC Professionals, accounting for any holdbacks, credits or other reductions in final amounts to be paid by the Debtor. **The $2.0 million Discretionary Fee as approved by the TCC is net of any credits due on such amount, and the $1.8 million Discretionary**

**Fee request, reflecting a voluntary reduction by Houlihan, is also a net amount.[2]**

Docket No. 1568 filed on November 6, 2023.

- The Court's letter opinion states that it has **reviewed all of the objections and responses** filed related to this issue stating the below:

> The Court has **reviewed and considered the Debtor's objections and multiple responses filed with respect to the open issues** relative to the contested Final Applications for Allowance of Fees and Reimbursement of Expenses filed by the TCC Professionals.

Docket No. 1571 filed on November 7, 2023.

- On November 9th, Debtor's co-counsel emailed the TCC's counsel inquiring regarding whether the $1.75 million awarded to Houlihan reflected the 50% credit for monthly fee statements. Saul Burian responded to Debtor's co-counsel on the same day as follows:

> The $1.75mm award **is NET of all credits**. We have made that clear from day one — we have made that clear in every filing. The TCC was focused on how much more we are getting, not on a gross calculation. And, in all communications with the court, we focused on the reasonableness of the **net amount**. So, no more credits or reductions. We are entitled to the amount that the court ordered. **$1.75mm net discretionary fee** plus the monthlies and the expenses. Sure, we can send another invoice, it will say the same as my email —- it will have the monthlies, it will have the expenses and it will have a line that says **"Net Discretionary Fee."** It will add up to the amount included in the court ruling and in the form of order that you kindly prepared.

- On November 14th, the Court entered the Fee Order approving compensation for Houlihan Lokey as follows:

> 1. Houlihan Lokey Capital, Inc. be and is hereby awarded monthly fees in the amount of $1,363,709.68, together with expenses in the amount of $2,786.36.

---

[2]    The TCC's letter responses also identified the implied average hourly rate if the total fees **to be paid** to Houlihan were converted to the standard hourly rates used by the professionals retained by the Ad Hoc Committee of Supporting Counsel. Those calculations used the net Discretionary Fee amount (reflecting the voluntary 10% reduction) proposed by Houlihan.

2. **Houlihan Lokey Capital, Inc. be and is hereby awarded a net discretionary fee in the amount of $1,750,000.00.**

3. The Debtor be and **is hereby directed to pay** the foregoing amounts to Houlihan Lokey Capital, Inc.

Docket No. 1579 filed on November 14, 2023.

29.   In short, the Debtor raises as the basis for reconsideration that the net Discretionary Fee was calculated improperly and does not reflect the net credit from the monthly fee statements.  This is the very same argument raised in its fee objection; the very same argument overruled by the Court in its Letter Opinion.  It is the very same issue raised in its email to TCC counsel; the very same issue to which the TCC unequivocally responded "no more credits or reductions" **prior to** the Court's entry of the Fee Order.  Simply put, there was no error.

30.   Moreover, the Debtor has withheld payment of the monthly fees and expenses (none of which were subject to objection) and the undisputed portion of the Discretionary Fee awarded by the Fee Order, notwithstanding its obligations to do so under the Fee Procedures Order.

31.   The Debtor must abide by this Court's rulings.  The request for reconsideration on the stated grounds is an unfortunate waste of the parties', and this Court's, resources and, respectfully, should not be countenanced by this Court.

## **CONCLUSION**

For the reasons set forth herein, the TCC respectfully requests that the Court deny the

Motion and direct the Debtor to immediately pay to Houlihan the fees allowed pursuant to the Fee

Order.

Dated: December 13, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**

By: _/s/  Daniel M. Stolz_
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Local Counsel to the Official Committee of Tort*
*Claimants of LTL Management, LLC*