**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Kristopher M. Hansen (*admitted pro hac vice*)
Ryan P. Montefusco (*admitted pro hac vice*)

PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*admitted pro hac vice*)
Justin Alberto (*admitted pro hac vice*)

PARKINS & RUBIO LLP
700 Milam, Suite 1300
Houston, Texas 77002
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)

*Counsel to Ad Hoc Committee of Supporting Counsel*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

### CERTIFICATION OF NO OBJECTION TO
### MONTHLY FEE STATEMENT OF COLE SCHOTZ P.C.

MICHAEL D. SIROTA, of full age, hereby certifies as follows:

1.  I am an attorney-at-law of the State of New Jersey and a member of the firm of Cole Schotz P.C. ("**Cole Schotz**"), counsel for the Ad Hoc Committee of Supporting Counsel.[2]

2.  I submit this Certification pursuant to the May 22, 2023 *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 562] (the "**Interim Fee Procedures Order**").

3.  The Interim Fee Procedures Order provides that each professional retained in this case pursuant to 11 U.S.C. § 327, and to the extent applicable, §§ 328(a) and 1103, may file monthly fee statements on or before the thirtieth (30th) day of each calendar month seeking compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (each a "**Monthly Fee Statement**").

4.  Pursuant to the Interim Fee Procedures Order, an objection to a Monthly Fee Statement must be filed and served on the Professional applying for fees, as well as on certain other parties designated therein, not later than fourteen (14) days after service of said Monthly Fee Statement (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline, a Professional applying for fees may file and serve a certification of no objection or a certification of partial objection with the Court, whichever is applicable, after which the Debtors are authorized to pay such Professional an amount equal to the lesser of: (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee

---

[2] On June 20, 2023, the Bankruptcy Court entered the *Order Authorizing the Debtor to Enter into an Expense Reimbursement Agreement with Ad Hoc Committee of Supporting Counsel* [Docket No. 838] that provides for the reimbursement of fees from April 18, 2023 through the termination of the Reimbursement Agreement (together, the "<u>Fees and Expenses</u>").

Statement; or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection.

5. On March 6, 2024, Cole Schotz filed its Monthly Fee Statement for the period covering October 1, 2023 through October 31, 2023 [Docket No. 1694] (the "**Seventh Monthly Fee Statement**"). Pursuant to the Interim Fee Procedures Order, objections to the Seventh Monthly Fee Statement were due by **March 20, 2024**.

6. To the best of my knowledge, information and belief, no objections have been filed to the Seventh Monthly Fee Statement.

7. Accordingly, the Debtors should be instructed to pay Cole Schotz eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in the Seventh Monthly Fee Statement.

*/s/ Michael D. Sirota*
MICHAEL D. SIROTA

DATED:    April 3, 2024