| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br><br> *Local Counsel for the* <br> *Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Michael S. Winograd, Esq. <br> Susan Sieger-Grimm, Esq. <br> Kenneth J. Aulet, Esq. <br> dmolton@brownrudnick.com <br> mwinograd@brownrudnick.com <br> ssieger-grimm@brownrudnick.com <br> kaulet@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Jeffrey L. Jonas, Esq. <br> Eric R. Goodman, Esq. <br> jjonas@brownrudnick.com <br> egoodman@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br><br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* |
| **OTTERBOURG P.C.** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 661-9100 <br> Fax: (212) 682-6104 <br><br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* | **MASSEY & GAIL LLP** <br> Jonathan S. Massey, Esq. <br> Rachel S. Morse, Esq. <br> jmassey@masseygail.com <br> rmorse@masseygail.com <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br><br> *Special Counsel for the* <br> *Official Committee of Talc Claimants* |

7927840.1

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Hon. Michael B. Kaplan |

**FIRST INTERIM POST-DISMISSAL APPLICATION OF OTTERBOURG P.C., AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM AUGUST 12, 2023 THROUGH MARCH 31, 2024**

TO:   THE HONORABLE MICHAEL B. KAPLAN
       UNITED STATES BANKRUPTCY JUDGE:

Otterbourg P.C. ("Applicant"), Co-Counsel to the Official Committee of Talc Claimants (the "TCC") in the above-captioned case (the "Case"), hereby submits its first interim post-dismissal application (the "Application") for the allowance of compensation for professional services rendered in the aggregate amount of $110,515.00 and reimbursement of expenses in the aggregate amount of $2,570.82 incurred from August 12, 2023 through and including March 31, 2024 (the "Application Period"). In support of this Application, Applicant submits the Certification of Melanie L. Cyganowski, Esq., annexed hereto as **Exhibit A**, and respectfully states as follows:

<h2 style="text-align:center">GENERAL BACKGROUND</h2>

1. On April 4, 2023, LTL Management LLC (the "Debtor" or "LTL"), n/k/a LLT Management LLC, voluntarily filed its second petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

7927840.1

2. On April 14, 2023, the Office of the United States Trustee filed its *Notice of Appointment of Official Committee of Talc Claimants*. [Dkt. No. 162].

3. On June 14, 2023, the Court entered its *Order Authorizing Retention and Employment of Otterbourg P.C. as Co-Counsel to the Official Committee of Talc Claimants Effective as of April 14, 2023* [Dkt. No. 776] (the "Retention Order"). A copy of the Retention Order is annexed hereto as **Exhibit B**.

4. On August 11, 2023 (the "Dismissal Date"), the Court entered its *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. No. 1211] (the "Dismissal Order").

5. Pursuant to the Dismissal Order, the TCC was permitted to continue in existence after the Dismissal Date solely to pursue or defend any appeals. The Dismissal Order also provides that the TCC's retained professionals, which includes Applicant, are expressly authorized to continue to perform services on the behalf of the TCC and to communicate with its constituents concerning the pursuit or defense of any appeals. *Dismissal Order*, at ¶ 8.

6. In accordance with Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. No. 562] (the "Compensation Procedures Order"), Applicant has filed and served monthly itemized billing statements (the "Monthly Fee Statements") for services rendered and the reimbursement of expenses incurred by Applicant on behalf of the TCC after the Dismissal Date. As relevant to this Application, Applicant filed the following Monthly Fee Statements:

| *Monthly Fee Statements Subject to This Application* | | | | | |
|---|---|---|---|---|---|
| Post-Dismissal Monthly Fee Statement | Amount Requested | | Amount Paid as of Application Date | | Balance |
| | Fees | Expenses | Fees (at 80%) | Expenses (at 100%) | |
| First Statement<br><br>Pd: 8/12/23-8/31/23<br>Dkt. No. 1599<br>Filed: 12/1/23 | $13,946.00 | $1,334.95 | $11,156.80 | $1,334.95 | $2,789.20 |
| Second Statement<br><br>Pd: 9/1/23-9/30/23<br>Dkt. No. 1600<br>Filed: 12/1/23 | $14,209.50 | $426.73 | $11,367.60 | $426.73 | $2,841.90 |
| Third Statement<br><br>Pd: 10/1/23-10/31/23<br>Dkt. No. 1656<br>Filed: 1/26/24 | $16,961.50 | $546.38 | $13,569.20 | $546.38 | $3,392.30 |
| Fourth Statement<br><br>Pd: 11/1/23-11/30/23<br>Dkt. No. 1657<br>Filed: 1/26/24 | $8,087.50 | $107.41 | $6,470.00 | $107.41 | $1,617.50 |
| Fifth Statement<br><br>Pd: 12/1/23-12/31/23<br>Dkt. No. 1658<br>Filed: 1/26/24 | $13,401.00 | $0.00 | $10,720.80 | $0.00 | $2,680.20 |
| Sixth Statement<br><br>Pd: 1/1/24-1/31/24<br>Dkt. No. 1722<br>Filed: 4/11/24 | $23,085.50 | $127.35 | $0.00 | $0.00 | $23,212.85 |

7927840.1

| | | | | | |
|---|---|---|---|---|---|
| Seventh Statement<br><br>Pd: 2/1/24-2/29/24<br>Dkt. No. 1723<br>Filed: 4/11/24 | $11,781.00 | $28.00 | $0.00 | $0.00 | $11,809.00 |
| Eighth Statement<br><br>Pd: 3/1/24-3/31/24<br>Dkt. No. 1724<br>Filed: 4/11/24 | $9,043.00 | $0.00 | $0.00 | $0.00 | $9,043.00 |
| **TOTAL** | **$110,515.00** | **$2,570.82** | **$53,284.40** | **$2,415.47** | **$57,385.95** |

7. For each of the Monthly Fee Statements, a certification of no objection was filed after each applicable objection period expired without the filing of an answer, objection or other responsive pleading to the Monthly Fee Statement filed and served. [Dkt. Nos. 1616, 1617, 1671, 1672, 1673, 1741, 1742, 1743].

8. With the exception of the Monthly Fee Statements submitted in accordance with the Compensation Procedures Order, Applicant has made no prior application to this Court or any other court for the relief requested herein for the Application Period.

## RELIEF REQUESTED

9. By this Application, Applicant seeks the entry of an order approving on an interim basis for the Application Period: (a) compensation totaling $110,515.00 for professional services performed and (b) reimbursement totaling $2,570.82 for expenses incurred in connection with the professional services rendered.

10. Applicant attaches the following in support of this Application:

- **Exhibit C**: Summary of Fee Application.
- **Exhibit D**: Customary and Comparable Compensation Disclosures with Fee Applications.
- **Exhibit E**: Summary of Timekeepers Included in This Fee Application.
- **Exhibit F**: Summary of Compensation Requested by Project Category.
- **Exhibit G**: Computer Generated Time Detail.

5

7927840.1

- **Exhibit H**: Summary of Expenses.
- **Exhibit I**: Computer Generated Expense Detail.

11. During the Application Period, Applicant performed services on behalf of the TCC directly related to the appeal of the Dismissal Order pending before the Third Circuit Court of Appeals (the "Dismissal Appeal"). Among other services, Applicant collaborated with the TCC's other retained professionals and contributed in analyzing and developing strategic arguments and approaches with respect to the Dismissal Appeal. Applicant also engaged in regular communications with the TCC to ensure its members were constantly informed of developments and of the overall appellate strategy. Such services rendered by Applicant, all of which are set forth in Applicant's detailed time records. were consistent with the scope permitted under the Dismissal Order.

## EVALUATING APPLICANT'S SERVICES

12. Applicant submits that its request for the interim allowance of compensation is reasonable and appropriate.

13. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement.

14. In determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a.    the time spent on such services;

    b.    the rates charged for such services;

7927840.1

    c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    e.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    f.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

15.    Courts in the Third Circuit have employed twelve factors to determine the reasonableness of fees. *See Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). These factors include the following:

(i)    the time and labor required;
(ii)    the novelty and difficulty of the questions involved;
(iii)    the skill required to perform the legal services properly;
(iv)    the preclusion of employment by the attorney due to acceptance of the case;
(v)    the customary fee charged;
(vi)    whether the fee is fixed or contingent;
(vii)    time limitations imposed by the client or the circumstances;
(viii)    the amount involved and the results obtained;
(ix)    the experience, reputation and ability of the attorneys;
(x)    the undesirability of the case;
(xi)    the nature and length of the professional relationship with the client; and
(xii)    awards in similar cases.

*In re Lan Assocs, XI, L.P.*, 192 F.3d at 123, n.8.

7927840.1

16. Applicant submits that consideration of the relevant factors set for in *Lan Associates*, establishes that the compensation requested is reasonable in light of the nature, extent and value of such services.

    a. <u>Time and Labor Required</u>.  Without compromising its ability to effectively represent the TCC post-dismissal concerning appellate matters, Applicant made every effort to minimize its fees for services as appropriate and limited the number of people that billed for meetings.

    b. <u>Novelty and Difficulty of Questions</u>.  During the Application Period, complex appellate issues were presented that required Applicant's diligent attention and thoughtful deliberation.

    c. <u>Skill Required to Perform the Legal Services Properly</u>.  Applicant believes that its attorneys have demonstrated the skill necessary to effectively and vigorously represent the TCC and its interests.

    d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of this Bankruptcy Case</u>.  Applicant's employment by the TCC did not preclude its acceptance of new matters unrelated to this Case.

    e. <u>Customary Fee</u>.  Applicant's hourly rates and fees charged are consistent with the market rate for comparable services.  The rates charged are the same as those generally charged to, and paid by, Applicant's other clients.  As disclosed in its application to be retained in this Case, Applicant generally revises, pursuant to its ordinary practice, its hourly rates as of October of each year.

    f. <u>Fee is Fixed or Contingent</u>.  Not applicable.

    g. <u>Time Limitations Imposed</u>.  Not applicable.

    h. <u>Experience, Reputation and Ability of the Attorneys</u>.  Founded in 1909, Applicant is a professional corporation of attorneys, having extensive expertise in, among other areas, the representation of creditors' committees, creditors, debtors, trustees and other fiduciaries in all facets of insolvency-related proceedings.

    i. <u>Undesirability of this Bankruptcy Case</u>.  Not applicable.

    j. <u>Nature and Length of Professional Relationship</u>.  Applicant was selected to serve as the TCC's co-counsel on April 14, 2023, and has continued to serve in that capacity since the entry of the Dismissal Order in accordance

      with the limited purpose for which the TCC continues, as set forth in the Dismissal Order.

    k.    <u>Awards in Similar Cases</u>.  The fees requested by Applicant are commensurate with fees that have been awarded to it in other chapter 11 cases.

17.    In summary, Applicant respectfully submits that the services for which it seeks compensation in this Application were necessary and beneficial for the effective representation of the TCC and were limited solely to appellate matters relating to the Case in accordance with the provisions of the Dismissal Order. Applicant further submits that the services rendered were performed economically, effectively and efficiently. Accordingly, approval of the compensation sought herein is warranted.

18.    Applicant also seeks the allowance of reimbursement, in full, of actual and necessary out-of-pocket expenses incurred during the Application Period. The disbursements for which Applicant seeks reimbursement include, among others:

    a.    <u>Electronic Research</u> – Applicant's practice is to bill clients for electronic research at actual cost.

    b.    <u>Travel Out-of-Town Lodging and Transportation</u> – Applicant's practice is to charge expenses incurred in connection with travel to and from Court for hearings, including railroad, taxi, car service, lodging, meals, car mileage, parking and tolls. The expenses do not include luxury accommodations or deluxe meals.

**APPLICANT'S STATEMENTS REGARDING**
**<u>SECTION C.5 OF THE U.S. TRUSTEE GUIDELINES</u>**

19.    The following is provided to comply with § C.5 of *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>U.S. Trustee Guidelines</u>").

a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

> **Answer**: No.

b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

> **Answer**: N/A

c. **Question**: Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

> **Answer**: No.

d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

> **Answer**: No.

e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

> **Answer**: No.

f. **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

> **Answer**: In the TCC's application to retain and employ Otterbourg [Dkt. No. 401], it was disclosed that Otterbourg's services are charged on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and that the hourly rates are revised by Otterbourg as of October 1st of each year pursuant to its ordinary practice. Notice of Otterbourg's rate increase

effective as of October 1, 2023 was filed on November 17, 2023. [Dkt. No. 1588].

## CONCLUSION

**WHEREFORE**, Applicant respectfully requests that this Court enter an order (a) interim allowance of compensation in the aggregate amount of $110,515.00 for services rendered during the Application Period; (b) interim allowance of actual, necessary expenses incurred in connection with such services in the aggregate amount of $2,570.82; (c) authorizing and directing the Debtor to pay to Applicant all fees and expenses allowed that remain unpaid, including all unpaid amounts heldback in connection with the Monthly Fee Statements; and (d) granting Applicant such other and further relief as may be just or proper.

Dated: May 9, 2024  
      New York, New York

OTTERBOURG P.C.

By: /s/ *Melanie L. Cyganowski*  
    Melanie L. Cyganowski, Esq.  
    Adam C. Silverstein, Esq.  
    Jennifer S. Feeney, Esq.  
    230 Park Avenue  
    New York, NY 10169  
    Tel:   (212) 661-9100  
    Fax:  (212) 682-6104  

    *Co-Counsel for the*  
    *Official Committee of Talc Claimants*

7927840.1