| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Bret Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

**FIRST INTERIM POST-DISMISSAL FEE APPLICATION OF MASSEY & GAIL LLP, SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 12, 2023 THROUGH MAY 31, 2024**

Massey & Gail LLP (the "Applicant" or "Massey & Gail"), special counsel to the Official Committee of Talc Claimants ("TCC") submits this First Interim Post-Dismissal Fee Application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, the Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals [Dkt. 562] and the Order Dismissing Chapter 11 Petition [Dkt.. 1211], for allowance of compensation and reimbursement of expenses for the period of August 12, 2023 through May 31, 2024 (the "First Interim Post-Dismissal Period").  By and through this Application, the Applicant seeks allowance of compensation in the aggregate amount of $1,033,730.80 for services rendered during the First Interim Post-Dismissal Period, and an Order authorizing and directing the Debtor to pay to Applicant all fees and expenses allowed that remain unpaid, including all unpaid amounts held back in connection with the Monthly Fee Statements, which amounts are equal to $216,995.60.  In support thereof, the Applicant respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

## BACKGROUND

1. On April 4, 2023, LTL Management LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). [Dkt. 1.]

2. On April 14, 2023, the United States Trustee filed a Notice of Appointment of Official Committee of Talc Claimants. [Dkt. 162.]

3. On April 19, 2023, the TCC filed an Application of the Proposed Official Committee of Talc Claimants for Reauthorization of Pro Hac Vice Orders [Dkt. 233] selecting Massey & Gail to serve as special counsel.

4. On April 27, 2023, the Court approved the TCC's Application of the Proposed Official Committee of Talc Claimants for Reauthorization of Pro Hac Vice Orders. [Dkt. 342.]

5. On May 3, 2023, Massey & Gail filed an Application for Retention, effective as of April 14, 2023. [Dkt. 402.]

6. On June 5, 2023, Massey & Gail filed a supplemental certification in support of retention. [Dkt. 698.]

7. On June 14, 2023, the Court approved the employment of Massey & Gail as counsel to the TCC, effective April 14, 2023, the date by which Massey & Gail had begun rendering legal services to the TCC. [Dkt. 777.]

8. On August 11, 2023 (the "Dismissal Date"), the Court entered its Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief (the "Dismissal Order"). [Dkt. 1211.]

9.  Pursuant to the Dismissal Order, the TCC was permitted to continue in existence after the Dismissal Date solely to pursue or defend any appeals. The Dismissal Order also provides that the TCC's retained professionals, which includes Applicant, are expressly authorized to continue to perform services on the behalf of the TCC and to communicate with its constituents concerning the pursuit or defense of any appeals. *Id.* at ¶ 8.

10. In accordance with Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals [Dkt. 562] (the "Compensation Procedures Order"), Applicant has filed and served monthly itemized billing statements (the "Monthly Fee Statements") for services rendered and the reimbursement of expenses incurred by Applicant on behalf of the TCC after the Dismissal Date. *See* Ex. B (All Monthly Fee Statements).

11. As relevant to this Application, Applicant filed the following Monthly Fee Statements:[2]

| Monthly Fee Statements Subject to This Application | | | | | |
|---|---|---|---|---|---|
| Post-Dismissal Monthly Fee Statement | Amount Requested | | Amount Paid as of Application Date | | Balance |
| | Fees | Expenses | Fees (at 80%) | Expenses (at 100%) | |
| First Statement<br><br>Pd: 8/12/23-8/31/23<br>Dkt. 1382<br>Filed: 9/15/23 | $73,351.00 | $0.00 | $58,680.80 | $0.00 | $14,670.20 |

---

[2] In the Monthly Fee Statement initially filed for September 2023, Applicant erroneously included 3.3 hours of time spent in connection with Debtor's Objections to Massey & Gail's fee application, totaling $3,114.00 in compensation. Those amounts have been subtracted from the instant Application, and Massey & Gail does not seek compensation for them.

4

| Monthly Fee Statements Subject to This Application | | | | | |
|---|---|---|---|---|---|
| Second Statement<br><br>Pd: 9/1/23-9/30/23<br>Dkt. 1526<br>Filed: 10/19/23 | $138,534.00 | $0.00 | $113,596.80 | $0.00 | $24,937.20 |
| Third Statement<br><br>Pd: 10/1/23-11/30/23<br>Dkt. 1621<br>Filed: 12/21/23 | $204,730 | $0.00 | $163,784.00 | $0.00 | $40,946.00 |
| Fourth Statement<br><br>Pd: 12/1/23-12/30/23<br>Dkt. 1652<br>Filed: 1/22/24 | $163,420.00 | $0.00 | $130,736.00 | $0.00 | $32,684.00 |
| Fifth Statement<br><br>Pd: 1/1/24-1/30/23<br>Dkt. 1669<br>Filed: 2/8/24 | $139,707.50 | $0.00 | $111,766.00 | $0.00 | $27,941.50 |
| Sixth Statement<br><br>Pd: 2/1/24-2/29/29<br>Dkt. 1701<br>Filed: 3/18/24 | $85,744.50 | $0.00 | $68,595.60 | $0.00 | $17,148.90 |
| Seventh Statement<br><br>Pd: 3/1/24-3/31/24<br>Dkt. 1733<br>Filed: 4/17/24 | $136,796.50 | $0.00 | $109,437.50 | $0.00 | $27,359.30 |
| Eighth Statement<br><br>Pd: 4/1/24-4/30/24<br>Dkt: 1762<br>Filed: 5/16/24 | $75,223.50 | $0.00 | $60,178.80 | $0.00 | $15,044.70 |

| **Monthly Fee Statements Subject to This Application** | | | | | |
|---|---|---|---|---|---|
| Ninth Statement<br><br>Pd: 5/1/24-5/31/24<br>Dkt: 1779<br>Filed: 6/18/24 | $81,119.50 | $0.00 | $64,895.20 | $0.00 | $16,223.80 |
| **Total** | **$1,098,626.00** | **$0.00** | **$881,670.40** | **$0.00** | **$216,955.60** |

12. A certification of no objection was filed with respect to each of the Monthly Fee Statements from the statement for October 1, 2023 – November 30, 2023 [Dkt. 1621] onwards, upon expiration of each applicable objection period without the filing of an answer, objection or other responsive pleading to the Monthly Fee Statement filed and served.  *See* Dkt. Nos. 1639, 1668, 1688, 1717, 1747, 1771, 1792.  Limited objections were filed as to the Monthly Fee Statements for August 12 – August 31, 2023 [Dkt. 1382] and the month of September 2023 [Dkt. 1526].  *See* Dkt. Nos. 1454 (Limited Objection to Fee Statement for August 12 – August 31, 2023); 1514 (Response thereto); 1566 (Limited Objection for the month of September 2023).  The issues raised in the objections have been resolved [Dkts. 1571, 1578] and invoices (minus holdback amounts) have been paid by the Debtor.

13. With the exception of the Monthly Fee Statements submitted in accordance with the Compensation Procedures Order, Applicant has made no prior application to this Court or any other court for the relief requested herein for the Application Period.

14. The following exhibits are annexed hereto in support of the within Application and incorporated herein.

15. Annexed hereto as Exhibit "A" is a comparison of the blended rates billed for this matter for First Interim Post-Dismissal Period as compared with the those billed by categories of the Applicant's timekeepers for the preceding year, excluding bankruptcy.  The blended hourly

6

rate (excluding travel time) for all timekeepers who billed time during the First Interim Post-Dismissal Fee Period was $755.33. The blended hourly rate for timekeepers excluding paralegals (and excluding travel time) who billed time during the First Interim Post-Dismissal Period was $776.01.

16. Annexed hereto as Exhibit "B" is a summary of timekeepers included in this fee application.

17. Annexed hereto as Exhibit "C" is a copy of the Order entered on June 14, 2023 authorizing the retention of Massey & Gail as special counsel to the TCC. [Dkt. 777.]

18. Annexed hereto as Exhibit "D" is a copy of the Applicant's detailed time records for the time period August 12, 2023 through May 31, 2024. Those records reflect that the Applicant has expended 1,454.5 hours in connection with performance of services in connection with performance of services for the TCC (beginning on August 12, 2023), resulting in fees in the amount of $1,098,626.00.[3] The Applicant respectfully submits that the hourly rates charged are fair and reasonable in light of the complexity of this case, nature of services provided, and the significant expertise of the professionals who rendered such services.

19. The TCC was provided with all of the monthly statements, including time detail, that comprise the fees and expenses being sought in the Application and have had an opportunity to object to or question any of the fees and expenses being sought. No objections or questions have been raised.

20. Annexed hereto as Exhibit "E" is a Certification of Jonathan S. Massey in support of the within Application and made in accordance with Section 504 of the Bankruptcy Code.

---

[3] These figures reflect the correction noted in footnote 2, supra.

**SUMMARY OF SERVICES RENDERED**

21. The Applicant provided significant and valuable services to the TCC relating to the TCC's defense of this Court's Dismissal Order in the Third Circuit Court of Appeals and in accordance with the Applicant's professional responsibilities. The services rendered were necessary and beneficial for the effective representation of the TCC and were limited to the appellate matters as per the terms of the Dismissal Order.

22. During the period covered by the First Interim Post-Dismissal Fee Application, Applicant assisted with the analysis of appellate issues, formulation of legal strategy on appeal, designation of record and preparation of the Joint Appendix, drafting and editing of the Appellee's brief, and related work in the Third Circuit. Applicant also assisted in ensuring that the TCC and its members were kept fully informed of appellate proceedings and fully engaged in appellate strategy.

23. At all times, Applicant has endeavored to work efficiently and coordinate its efforts with other law firms representing the TCC, including MoloLamken, Brown Rudnick, and Otterbourg. The firms have communicated extensively, divided tasks, and avoided duplication in their work.

24. Applicant's participation in the TCC's appellate team has benefited the TCC. It has also helped ensure that the TCC's defense of this Court's Dismissal Order is efficient and cost-effective, because Applicant is deeply familiar with the issues presented on appeal in the Third Circuit. In this Court, Applicant participated extensively in the motion-to-dismiss trial that culminated in the Dismissal Order. Applicant played a significant role in drafting the TCC's motion to dismiss, the reply brief in support thereof (which this Court described as an "opening statement"), and the findings of fact and conclusions of law submitted at the conclusion of the trial.

Applicant has extensive experience with this bankruptcy because it was retained by the Committee in the first bankruptcy ("*LTL I*") and previously participated in the North Carolina proceedings prior to the venue transfer to this Court. In addition, Jonathan Massey has significant experience in appeals presenting novel and difficult legal questions, and in particular extensive appellate experience in asbestos, mass torts, and other complex cases, dating back to his work in drafting the briefs in *Georgine v. Amchem Prods., Inc.*, 683 F.3d 610 (3d Cir. 1996), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999).

25. Applicant respectfully submits that the amount of compensation requested by the Applicant is fair and reasonable given the complexity of this case, time expensed, nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Applicant further submits that the services rendered were performed economically, effectively and efficiently. Accordingly, approval of the compensation sought herein is warranted.

## APPLICANT'S STATEMENTS REGARDING THE
## U.S. TRUSTEE GUIDELINES

26. Pursuant to paragraph (b)(1)(ii) of the UST Appendix A Guidelines and section C.2.g of the Appendix B Guidelines, Applicant states that no retainer exists in this case with respect to Applicant's fees and expenses.

27. In accordance with paragraph (b)(1)(iii) of the UST Appendix A Guidelines and sections C.2.k and C.2.j the Appendix B Guidelines, Applicant states that in December 2023, it filed a Notice of Annual Rate Increase explaining that, consistent with its Retention Application, it was adjusting its standard billing rates on January 1, 2024 in the ordinary course of business, reflecting changes in the market for legal services, inflation, and additional practice experience.

9

[Dkt. 1630]. As disclosed in the Notice of Annual Rate Increase, Applicant provided the TCC with advance notice of the rate increase, and the Committee consented to the adjustments.

28. Pursuant to paragraph (b)(1)(iii) of the UST Appendix A Guidelines and section C.3 of the Appendix B Guidelines, Applicant states that the requested compensation in the First Interim Post-Dismissal Period is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

29. Pursuant to Fed. R. Bank. P. 2016, Applicant states that a copy of the First Interim Post-Dismissal Period was transmitted to the United States Trustee.

30. The following is provided to comply with § C.5 of Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines").

   a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

      **Answer**: No.

   b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

      **Answer**: N/A

   c. **Question**: Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

      **Answer**: No.

   d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)
      If so, please quantify by hours and fees.

      **Answer**: No.

e.   **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

      **Answer**: No.

f.   **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

      **Answer**: Massey & Gail's retention application [Dkt. No. 402] disclosed that its hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of senior partner, to reflect their increased experience and expertise. Massey & Gail's Notice of Annual Rate Increase [Dkt. 1630] explained that Applicant provided the TCC with advance notice of the rate increase proposed in December 2023, and the Committee consented to the adjustments.

**WHEREFORE**, the Applicant respectfully requests that this Court grant the Application and enter an Order (a) approving interim allowance of compensation in the aggregate amount of $1,098,626.00 for services rendered during the First Interim Post-Dismissal Period; (b) authorizing and directing the Debtor to pay to Applicant all fees and expenses allowed that remain unpaid, including all unpaid amounts held back in connection with the Monthly Fee Statements, which amount is equal to $216,995.60; and (c) granting Applicant such other and further relief as may be just or proper.

Dated: July 15, 2024                    **MASSEY & GAIL LLP**

By: */s/ Jonathan S. Massey*
    Jonathan S. Massey
    Bret R. Vallacher
    Massey & Gail LLP
    1000 Maine Ave. SW, Suite 450
    Washington, DC 20024
    Tel: (202) 652-4511
    jmassey@masseygail.com
    bvallacher@masseygail.com

*Special Counsel for the*
*Official Committee of Talc Claimants*