# **EXHIBIT A**
## **Certification**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br><br> *Local Counsel for the* <br> *Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Michael S. Winograd, Esq. <br> Susan Sieger-Grimm, Esq. <br> Kenneth J. Aulet, Esq. <br> dmolton@brownrudnick.com <br> mwinograd@brownrudnick.com <br> ssieger-grimm@brownrudnick.com <br> kaulet@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Jeffrey L. Jonas, Esq. <br> Eric R. Goodman, Esq. <br> jjonas@brownrudnick.com <br> egoodman@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br><br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* |
| **OTTERBOURG P.C.** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 661-9100 <br> Fax: (212) 682-6104 <br><br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* | **MASSEY & GAIL LLP** <br> Jonathan S. Massey, Esq. <br> Rachel S. Morse, Esq. <br> jmassey@masseygail.com <br> rmorse@masseygail.com <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br><br> *Special Counsel for the* <br> *Official Committee of Talc Claimants* |

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Hon. Michael B. Kaplan |

## CERTIFICATION OF MELANIE L. CYGANOWSKI, ESQ.

Melanie L. Cyganowski, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am a member of the law firm of Otterbourg P.C., ("Otterbourg" or the "Firm"), Co-Counsel to the Official Committee of Talc Claimants in the above-captioned case (the "Case").

2. This Certification is made in support of Otterbourg's post-dismissal application (the "Application")[2] filed contemporaneously herewith for second interim allowance of compensation in the amount of $15,769.50 for the period from April 1, 2024 through July 17, 2024, and final allowance of compensation in the amount of $128,855.32, which consists of compensation for services in the amount of $126,284.50 and reimbursement of expenses in the amount of $2,570.82 for the period from August 12, 2023 through July 17, 2024.

3. On April 4, 2023, LTL Management LLC (the "Debtor"), n/k/a LLT Management LLC, voluntarily filed its second petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. On April 14, 2023, the Office of the United States Trustee filed its notice that the Official Committee of Talc Claimants (the 'TCC") was appointed for the Case, and on June 14,

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]     Capitalized terms not defined herein have the meaning given to them in the Application.

2

8042665.1

2023, the Court entered its order authorizing the TCC's retention and employment of Otterbourg as its co-counsel effective as of April 14, 2023 [Dkt. No. 776] (the "Retention Order").

5. On August 11, 2023 (the "Dismissal Date"), the Court entered its *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. No. 1211] (the "Dismissal Order"), which provided, among other things, that the TCC was permitted to continue in existence after the Dismissal Date solely to pursue or defend any appeals. Under the Dismissal Order, the TCC's retained professionals, which includes Otterbourg, are expressly authorized to continue to perform services on the behalf of the TCC and to communicate with its constituents concerning the pursuit or defense of any appeals. Consistent with the Dismissal Order, Otterbourg performed such services and communicated with the TCC's constituents since August 12, 2023 through July 17, 2024, which is the date Otterbourg officially resigned as co-counsel to the TCC in this Case.

6. I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

7. To the best of my knowledge, information and belief the Application complies with *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"); (ii) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. No. 562]; (iii) the Dismissal Order; and (iv) the Retention Order.

8. In accordance with 18 U.S.C. § 155, neither I nor any attorney of my Firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or

3

any other party in interest, or any attorney for such person, for the purpose of fixing the amount of any fees or other compensation to be allowed out of or paid from the assets of the Debtor.

9. In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Otterbourg and any other person for the sharing of compensation to be received in connection with this Case.

10. Additionally, the following is provided in response to § C.5 of the U.S. Trustee Guidelines:

    a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

       **Answer**: No.

    b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

       **Answer**: N/A.

    c. **Question**: Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

       **Answer**: No.

    d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

       **Answer**: No.

    e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

       **Answer**: No.

f.  **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**:  In the TCC's application to retain and employ Otterbourg [Dkt. No. 401], it was disclosed that Otterbourg's services are charged on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and that the hourly rates are revised by Otterbourg as of October 1st of each year pursuant to its ordinary practice. Notice of Otterbourg's rate increase effective as of October 1, 2023 was filed on November 17, 2023.  [Dkt. No. 1588].

I certify, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: July 23, 2024
      New York, New York                 By: */s/ Melanie L. Cyganowski*
                                                                Melanie L. Cyganowski, Esq.