**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR LLT MANAGEMENT LLC*

In re:

LTL MANAGEMENT LLC,[1]

            Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

## LLT MANAGEMENT LLC'S RESPONSE
## TO NOTICE OF INTENTION TO CLOSE CASE

LLT Management LLC, formerly known as LTL Management LLC and formerly the above-captioned debtor ("LLT"), files this response to the *Notice of Intention to Close Case* [Dkt. 1817] (the "Notice") as requested by the Court's August 8, 2024 text order.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1540873531

**Response**

1.  The Court's text order requests that the parties apprise the Court of what actions remain to be accomplished in this case apart from any appeal of the Third Circuit's recent decision to affirm the dismissal of the chapter 11 case. See generally In re LTL Mgmt. LLC, 2024 WL 3540467 (3d Cir. July 25, 2024). For the reasons discussed below, LLT respectfully submits that there are no further actions that need to be completed in this case and, accordingly, the case should be closed.

***Compliance with the Dismissal Order***

2.  LLT and other parties have complied with and satisfied the requirements of the Court's *Order (I) Dismissing Debtor's Chapter 11 Petition Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to Requests for Compensation; and (III) Granting Related Relief* [Dkt. 1211] (the "Dismissal Order"):

    - LLT has filed monthly operating reports through August 11, 2023 (the "Dismissal Date") [Dkt. 1336]. See Dismissal Order ¶ 2.

    - LLT has paid all fees due and owing pursuant to 28 U.S.C. § 1930 through the Dismissal Date. See id. ¶¶ 2, 12.

    - LLT has paid all amounts owed to the co-mediators appointed in the chapter 11 case. See id. ¶¶ 2, 10.

    - The professionals for LLT, the Official Committee of Talc Claimants (the "TCC"), the Ad Hoc Committee of Supporting Counsel and the legal representative for future talc claimants appointed in the chapter 11 case have each submitted a final fee application for compensation of fees and reimbursement of expenses through the Dismissal Date, which applications the Court granted (with modifications for certain professionals) and LLT has paid all amounts ordered by the Court. See id. ¶¶ 2, 5.

    - The TCC filed a motion for allowance of substantial contribution claims [Dkt. 1241], which motion the Court granted [Dkt. 1580], and LLT has paid the amounts authorized by the Court. See Dismissal Order ¶¶ 2, 7.

2

- LLT has paid all committee member representative reimbursement requests submitted to it. See id. ¶¶ 2, 6.

*Appeals*

3. The only active pending appeal in this case is LLT's appeal of the Court's order granting the final fee application of Houlihan Lokey Capital, Inc. LTL Mgmt. LLC v. The Official Committee of Talc Claimants, No. 24-00082 (MAS) (D.N.J.).[2] In addition, on July 25, 2024, the Third Circuit issued its opinion adjudicating LLT's appeal with respect to this Court's Dismissal Order. LLT is currently considering its options in the wake of that ruling, including the possibility of seeking review in the United States Supreme Court.

4. The pendency of any appeals, however, does not prevent closure of this dismissed chapter 11 case, which is open solely for administrative purposes. None of the appeals requires the further oversight of the Court. Indeed, the Court lacks jurisdiction over the matters on appeal.[3] And, even in a post-confirmation context, courts recognize that a case may be closed despite a pending appeal because the case may be reopened by the bankruptcy court if necessary.[4]

---

[2] As noted in local counsel's letter to the Court [Dkt. 1822], other appeals (relating to the Dismissal Order, the Court's preliminary injunction orders and the Court's order appointing the legal representative for future talc claimants) are pending in the District Court, but those appeals had been stayed and administratively closed by the District Court prior to the Third Circuit's dismissal ruling. Unlike the appeal from the order on Houlihan Lokey's fees, these appeals are not currently active and would not become active unless the Third Circuit's ruling is reversed.

[3] Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[4] See In re Clinton Nurseries, Inc., 2020 WL 1237212, at *3, *5 (Bankr. D. Conn. March 6, 2020) (finding that the possibility that the court's jurisdiction may be invoked in the future if appealed decision is remanded back to the court is insufficient to prevent the closure of the case); In re Valence Tech., Inc., 2014 WL 5320632, at *4 (Bankr. W.D. Tex. Oct. 17, 2014) ("the parties' pending appeals of [orders on fee applications] should not prevent entry of a final decree closing this case").

3

*Professional Fee Procedures*

5.  As local counsel to the TCC notes in his letter to the Court [Dkt. 1822], the Dismissal Order provides for a Court-supervised fee process with respect to the post-dismissal fees and expenses of professionals retained by the TCC in connection with the appeals of the Dismissal Order.[5] See Dismissal Order ¶ 5. LLT respectfully submits, however, that such a process is no longer necessary. Instead, the TCC's professionals should submit their invoices to LLT for processing and payment in the ordinary course.

6.  Discontinuing the Court-supervised fee process contemplated by the Dismissal Order and closing this administrative case would avoid the incurrence of further fees and expenses incurred by the TCC professionals' preparation and filing of compensation requests as required by the Dismissal Order. In addition, with respect to any potential disputes that might arise among the parties, the Court already has provided guidance on post-dismissal fee matters through its rulings on the TCC's retained professionals' final fee applications. Based on that guidance, the parties have since been able to resolve all informal objections to post-dismissal fees and expenses without court intervention and LLT expects the parties will continue to be able to consensually resolve any issues. In the unlikely event a dispute arises that cannot be resolved without Court intervention, all parties' rights would be fully preserved, including the right to reopen the case and seek guidance from the Court.

7.  For the reasons set forth herein, LLT respectfully submits that the Court should close this dismissed chapter 11 case.

---

[5] The Dismissal Order also provides that the "fees and expenses of professionals retained by the Ad Hoc Committee of Supporting Counsel shall remain subject to the expense reimbursement agreement." Dismissal Order ¶ 5. In accordance with that expense reimbursement agreement, the professionals for the Ad Hoc Committee of Supporting Counsel have also been filing monthly fee statements on the docket of the chapter 11 case. See Dkt. 575, Ex. A.

| | |
|---|---|
| Dated: August 15, 2024 | **WOLLMUTH MAHER & DEUTSCH LLP**<br><br>*/s/ Paul R. DeFilippo*<br>Paul R. DeFilippo, Esq.<br>James N. Lawlor, Esq.<br>Joseph F. Pacelli, Esq. (Admitted *pro hac vice*)<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br>jlawlor@wmd-law.com<br>jpacelli@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR LLT MANAGEMENT LLC* |

NAI-1540873531